Elizabeth A. Fegan, Esq.
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

*Initial Conference Counsel and Counsel for Plaintiffs in Cohen, et al. v. Kia America, Inc., et al.,* No. 8:22-cv-01664 (C.D. Cal.)

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Case No.: 8:22-ML-3052 JVS(KESx)<br><br>**APPLICATION OF ELIZABETH A. FEGAN FOR APPOINTMENT AS CO-LEAD COUNSEL**<br><br>Date: February 7, 2023<br>Time: 9:00 a.m.<br>Place: 411 W. Fourth Street<br>        Santa Ana, CA 92701<br>        Court Room 10C |

Pursuant to ¶ 2.2 of the Court's Case Management Order No. 1: Initial Conference ("Order") dated December 22, 2022, Elizabeth A. Fegan, Esq.[1] respectfully applies to be appointed Co-Lead Counsel in MDL No. 3052, in accordance with the proposed case management structure to be set forth in § I of the Joint Preliminary Report to be filed on January 30, 2023 by Steve Berman, Peter J. Brennan, Elizabeth A. Fegan, and Kenneth B. McClain ("Initial Conference Counsel"). Ms. Fegan further respectfully requests to be appointed to or to participate in, as Co-Lead Counsel, the Plaintiffs' Fact Discovery and/or Expert Discovery Subcommittees.

## INTRODUCTION

Ms. Fegan has diligently and thoughtfully contemplated the needs of this litigation and the optimal leadership structure. As will be detailed in the forthcoming Joint Preliminary Report, Initial Conference Counsel for Plaintiffs recommend that the Court appoint three members to the Lead Counsel Committee, four members to the Executive Committee, and five members (comprised of two members of the Lead Counsel Committee and three additional members) to each of the Fact and Expert Discovery Subcommittees. As detailed herein, Ms. Fegan meets and exceeds the four main criteria identified by this Court for appointment to serve as Co-Lead Counsel (and Subcommittee Counsel) on behalf of millions of Hyundai and Kia owners and lessees.

First, Ms. Fegan has spent decades advocating for consumers in class actions and has built a reputation as a smart, tenacious, and skillful litigator. As a result, Ms. Fegan has successfully led some of the most complex and historic class actions in recent time,

---

[1] Ms. Fegan represents the plaintiffs in *Cohen, et al. v. Kia America, Inc., et al.*, No. 8:22-cv-01664 (C.D. Cal.).

as well as recently successfully settled an automotive defect class action against Hyundai and Kia, in which Ms. Fegan is Co-Lead Counsel, involving a safety defect that could result in catastrophic fires even while the vehicles were turned off and parked.

As important as her skill and experience, Ms. Fegan's ability to work effectively, cooperatively, and with great civility has been recognized by many courts when appointing her to leadership positions in complex class actions. For example, when *sua sponte* appointing Ms. Fegan as Co-Lead Counsel in *In re TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948, No. 20 C 4699 (N.D. Ill.), the Hon. John Z. Lee remarked that "Ms. Fegan demonstrated to me during her work in the *NCAA Student-Athlete Concussion MDL* that she is very astute, hard-working and, perhaps most important of all in this circumstance, fair and level-headed."[2]

Finally, Ms. Fegan is prepared to commit the time and resources necessary to ensure that the millions of individuals affected by this litigation obtain the highest caliber of representation.

## ARGUMENT

In the Order, the Court identified four "main criteria" for appointment: "(1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute." Order, ¶ 2.2. The Court also noted that it will "strive for diversity in the appointments,

---

[2] Transcript of Proceedings, at 12:22-25 (Sept. 24, 2020) (copy available upon request).

including race, age, sex, and geographical location." *Id*.[3]

### A. Ms. Fegan possesses the knowledge and experience necessary to successfully prosecute this complex litigation.

Ms. Fegan has nearly 30 years of experience representing plaintiffs in complex and class action litigation and has successfully prosecuted similar cases. After 15 years as Managing Partner of Hagens Berman's Chicago office, Ms. Fegan founded her class action firm, Fegan Scott LLC ("Fegan Scott"), in May 2019 to help victims of consumer fraud.

Over the course of her career, Ms. Fegan has overseen the prosecution of complex cases involving a multitude of plaintiff attorneys and defendants, developed fraud-based claims involving consumer products, conducted voluminous discovery involving technical issues and foreign languages, including Korean, worked with damages and valuation experts in a variety of matters, and mediated complex class action settlements.

Ms. Fegan has successfully led nationwide class actions, been recognized by courts throughout the country for her experience and been appointed by federal and state courts to Special Master teams overseeing class actions. *See* Fegan Scott Firm Resume, Ex. A. And in its relatively short existence, Fegan Scott has already achieved significant recoveries on behalf of consumers.

Most recently, on October 20, 2022, Ms. Fegan was appointed by the Hon. Stanley Blumenfeld, Jr. in this District as Class Counsel of the Settlement Class in *Zakikhani, et al. v. Hyundai Motor Company, et al.*, 8:20-cv-01584-SB-JDE, ECF No. 130 (C.D. Cal.), an automotive defect class action involving many of the same vehicles at issue here and

---

[3] The Court stated that it will only consider attorneys who have filed an action in the litigation. Ms. Fegan satisfies this requirement.

against the very same Defendants named in this litigation. *Id*. This case was a proprietary case developed by Fegan Scott and concerns a potentially deadly defect that causes spontaneous engine compartment fires in over three million Hyundai and Kia vehicles, across dozens of models and over a decade of production model years. After two years of hard-fought litigation under Ms. Fegan's leadership, which included extensive discovery relating to the design and manufacturing of an anti-lock brake system module, Fegan Scott was able to achieve a settlement with Hyundai and Kia on behalf of approximately three million class vehicle owners and lessees, which Judge Blumenfeld noted was "comprehensive" when granting preliminary approval. *Id.* at 5.[4]

Since Fegan Scott was founded in 2019, Ms. Fegan has also served as Lead Counsel in other significant consumer class actions, including in *In re TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.). In *TikTok*, on August 22, 2022, Judge Lee granted final approval of a groundbreaking $92 million settlement for consumers who use the app. The settlement is one of the largest privacy class action settlements ever achieved.

Ms. Fegan's success also predates the firm she founded. Ms. Fegan has an exemplary record of litigating difficult and unique class actions for which there is no "playbook," much like the challenges presented in litigation. While at Hagens Berman, Ms. Fegan was part of the Co-Lead Counsel team in *In re NCAA Student-Athlete Concussion Injury Litigation*, No. 1:13-cv-9116 (N.D. Ill.). There, she worked closely with the court, defense counsel, and the lead objector during multi-year proceedings in which the court conducted extensive preliminary approval proceedings. Ultimately, the

---

[4] The fairness hearing is scheduled for April 21, 2023.

historic nationwide class settlement on behalf of four million current and former NCAA student-athletes received final approval in 2019, resulting in the creation of a $70 million, 50-year medical monitoring program to diagnose the short- and long-term effects of concussions and the accumulation of subconcussive hits.

Ms. Fegan was also appointed Class Counsel and Liaison Counsel in *In re Stericycle, Inc., Sterisafe Contract Litig.*, MDL No. 2455, No. 13-cv-5795. In Judge Shadur's order appointing Ms. Fegan's former firm as sole lead counsel, Judge Shadur stated: "Elizabeth Fagan [sic] (the managing partner of Hagens Berman's Chicago office) has outstanding credentials on her own…." Memorandum Order (October 11, 2013), *In re Stericycle*, No. 13-cv-5795 (ECF No. 56). Ms. Fegan's role became critical in implementing the $295 million class settlement, as she worked closely with Judge Shadur upon his retirement from the courthouse, but where he maintained his oversight of the *Stericycle* case. *See* Final Approval Order (May 8, 2018) (ECF No. 382) (appointing Ms. Fegan Class Counsel and granting final approval of class settlement).

Additional non-exhaustive examples of successful class action cases in which Ms. Fegan led the prosecution:

    a. *Senior annuities consumer protection class actions*: In a series of class actions against insurance companies that sold equity-indexed deferred annuities that targeted, but were inappropriate for, senior citizens, Ms. Fegan was appointed to Lead Counsel and Executive Committee positions. These cases led to numerous settlements, *e.g.* American Equity Senior Annuities Fraud MDL (C.D. Cal.) ($129 million settlement) and Midland Senior Annuities Fraud MDL (C.D. Cal.) ($79.5 million settlement).

    b. *Baby Products Antitrust* (E.D. Pa.): As Co-Lead Counsel for a class of consumers overcharged for high-end baby products (*e.g.* strollers, high chairs) as the result of a price-fixing conspiracy between Babies 'R Us and baby product manufacturers, Ms. Fegan achieved a $35 million

        settlement after class certification was granted, summary judgment denied, and on the eve of trial.

   c. *Pre-Filled Propane Tank Marketing and Sales Practices*, MDL No. 2086 (W.D. Mo.): As Co-Lead Counsel for a class of consumers who purchased propane tanks for barbecues, Ms. Fegan prosecuted this antitrust class action against the two dominant manufacturers who engaged in price fixing. The case settled for a $35 million common fund.

   d. *RC2 Corp. Toy Lead Paint Products Liab. Litig.*, No. 07 CV 7184, MDL No. 1893 (N.D. Ill.): As MDL Co-Lead Counsel in a nationwide consumer fraud class action on behalf of purchasers of toys covered with lead paint, Ms. Fegan successfully settled the MDL and a related state case for product refunds and blood lead testing valued at $30 million.

   e. *Nexium Pharmaceutical Antitrust Fraud* (Mass.): After class certification, Ms. Fegan joined the trial team to try antitrust claims on behalf of Massachusetts payors for Nexium. This single-state case settled the night before trial for $20 million.

Ms. Fegan's accomplishments and successes have been widely recognized. She has been named, *inter alia*: an Illinois Super Lawyer (annually 2016-2023); Sports/Gaming/Entertainment Law Trailblazer, The National Law Journal (2022); and Top 50 Women in Law Honoree, Chicago Daily Law Bulletin/Chicago Lawyer (2021, 2023). Ms. Fegan has repeatedly presented and published on a variety of topics including identifying class actions, class discovery, ascertainability, and post-certification strategies.

   **B. Ms. Fegan is willing, able, and eager to commit to the arduous demands of this litigation.**

Through her experience, Ms. Fegan understands the level of dedication required to successfully litigate a complex consumer action affecting millions of people such as this one. While she has significant experience in serving as Lead Counsel in an MDL (discussed above), Ms. Fegan has the time to make the commitment necessary here. In

preparation for the Court's leadership decision, Ms. Fegan, individually, and Fegan Scott, as a whole, have ensured their availability to commit the time, as well as finances, required in this litigation.

Ms. Fegan is prepared to not only commit her own time but that of her firm as well. Other Fegan Scott attorneys who will be involved in this Litigation include Jonathan D. Lindenfeld (New York office) and Megan E. Shannon (Chicago office).[5] Each of these attorneys has experience in class actions and was integral to Fegan Scott's success for the Settlement Class in *Zakikhani, et al. v. Hyundai Motor Company, et al*.

Fegan Scott attorneys and staff have already devoted a considerable amount of time investigating the alleged defect(s) that underlie this litigation. Fegan Scott's investigation produced one of the most thorough complaints in this litigation.[6] Further, Fegan Scott continues to investigate the underlying facts and issues in this matter and has spent time with Initial Conference Counsel to ensure that the forthcoming report to the Court details the factual and legal issues Plaintiffs will face in their prosecution of this matter and defines the scope of Core Discovery on which Plaintiffs will focus.

C. **Throughout her career, Ms. Fegan has demonstrated an unsurpassed ability to work cooperatively with counsel on both sides of the *v*.**

Ms. Fegan has a long history of working with other attorneys in complex class actions to achieve outsized recoveries for consumers. In her frequent appointments as

---

[5] The background and experience of all Fegan Scott attorneys are summarized in Fegan Scott's firm resume, attached as Exhibit A.

[6] Counsel invites the Court to consider the quality of the pleadings filed by applicants when considering leadership appointments. *See, e.g., Easton v. Bailey*, No. CV 12-01716 DMG (FMOx), 2013 U.S. Dist. LEXIS 206751, at *3 (C.D. Cal. Jan. 4, 2013) (noting that the quality of the pleadings is a factor to consider when appointing a lead counsel in consolidated actions).

class counsel and on leadership teams, Ms. Fegan has worked with most of the plaintiffs' counsel in this litigation. In her previous appointments as lead counsel in MDLs, Ms. Fegan has been responsible for the development of committee assignments and case management protocols; coordinated tasks amongst co-lead counsel and the various leadership appointees; overseen the work of committee members; engaged in extensive briefing of substantive issues; and handled the primary arguments on contested motions before the courts. Indeed, Ms. Fegan and Steve Berman recently worked cooperatively in *Zakikhani, et al. v. Hyundai Motor Company, et al.* to bring relief to over three million Hyundai and Kia drivers.

Ms. Fegan also has experience building bridges amongst plaintiffs' counsel. For example, in *TikTok*, there were highly contentious competing applications of leadership structures presented to the court. Judge Lee ultimately split up the various slates and *sua sponte* appointed Ms. Fegan as Co-Lead Counsel, calling her "fair and level-headed" – characteristics necessary to forge the adversarial group of attorneys into a cohesive structure. Ms. Fegan served as a voice of reason amongst the nine-firm leadership structure and played a crucial role in achieving the $92 million historic result for consumers in that case.

In another example, Ms. Fegan was appointed Co-Lead Counsel by the Hon. Wayne Andersen (ret.) in *Wiginton et al. v. CB Richard Ellis, Inc.*, No. 02-c-6832 (N.D. Ill.), a nationwide class action alleging sexual harassment on behalf of a class of 16,000 current and former female employees. At the final approval hearing of a historic settlement that conferred up to $150,000 per class member, Judge Andersen complimented the parties' counsel, stating:

> I got a long chance to work with the three of you… I think you are great lawyers and I actually even think you are better people… I have found working with you on this case one of the more interesting, challenging and, at some level, uplifting things that I have been able to do in the 15 years or so that I have been here… I really appreciate your intelligence and your intensity here and the reasonableness overall with which you approached all of this… I will move forward with a sense of affection for each one of you individually, growing out of this really difficult but important dispute.[7]

Judge Andersen's comments reflect Ms. Fegan's litigation ethic: zealous advocacy with a core commitment to professionalism.

### D. Fegan Scott has access to and is prepared to commit sufficient resources to prosecute this litigation.

Growing at a quick but concerted pace, Fegan Scott has offices in Chicago, New York, Pennsylvania, and Minnesota. *See* Ex. A. As its resume demonstrates, Fegan Scott and its attorneys have a record of successfully leading and funding complex consumer class action cases against some of the largest and well-funded corporations in the world, including Hyundai and Kia. *Id*. Fegan Scott's personnel and financial commitment to this litigation will be no different.

Based on its representation of consumers in similarly sized and complex class actions, Fegan Scott knows the financial responsibilities and staffing obligations that this action places upon Lead Counsel. Ms. Fegan would not seek this appointment if she was not ready and able to make the necessary commitments.

### E. The appointment of Ms. Fegan as Co-Lead Counsel would greatly serve this Court's desire for diversity in leadership appointments.

The Court's desire to appoint counsel with diverse backgrounds is an admirable

---

[7] Transcript of Proceedings of the Final Approval Hearing (January 9, 2008), at 15 (copy available upon request).

goal and one for which Ms. Fegan has been an advocate her entire career. For example, she authored "An Opportunity or Landmine: Promoting Gender Diversity From The Bench" (The Federal Lawyer, May 2016) and participated in The Duke Judicial Law Center's Distinguished Lawyers conference on "Guidelines and Best Practices Addressing Chronic Failure to Diversify Leadership Positions in the Practice of Law." Ms. Fegan's commitment to diversity in the legal profession has led to her becoming one of the preeminent attorneys within the #MeToo movement, demonstrated by Ms. Fegan's recent representation of the First Partner of California in connection with her testimony against Harvey Weinstein in the criminal trial in the Superior Court of California (County of Los Angeles). *See* Ex. A.

Ms. Fegan established the predominantly-female Fegan Scott in part to serve as an example for her colleagues, new attorneys, and the judiciary that legal representation in the class action plaintiffs' bar can be inclusive *and* provide the highest caliber of representation. Appointing Ms. Fegan as Co-Lead Counsel thus serves this Court's goal of ensuring that female attorneys are afforded leadership positions, while simultaneously guaranteeing that the litigation is led by an eminently qualified attorney.

## CONCLUSION

For the reasons stated above, Ms. Fegan respectfully requests appointment as Co-Lead Counsel in this litigation (and in that role, as a member of the Fact Discovery and/or Expert Discovery Subcommittees).

Dated: January 23, 2023              Respectfully Submitted.

By:  */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan, Esq.
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor

Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

*Initial Conference Counsel and Counsel for Plaintiffs in Cohen, et al. v. Kia America, Inc., et al.*, No. 8:22-cv-01664 (C.D. Cal.)

Jonathan D. Lindenfeld, Esq.
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Phone: 332.216.2101
Fax: 312.264.0100
jonathan@feganscott.com

Megan E. Shannon, Esq.
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
megan@feganscott.com

# CERTIFICATE OF COMPLIANCE

I, Elizabeth A. Fegan, Initial Conference Counsel and Counsel for Plaintiffs in *Cohen, et al. v. Kia America, Inc., et al*., No. 8:22-cv-01664 (C.D. Cal.), certify that the foregoing application contains 2,809 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 23, 2023        /s/  *Elizabeth A. Fegan*
                                          Elizabeth A. Fegan