# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| STEFANIE MARVIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIA AMERICA, INC., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:21-cv-01146-PP<br><br>Hon. Pamela Pepper |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HYUNDAI KIA AMERICA TECHNICAL CENTER, INC.'S MOTION TO DISMISS

Michael T. Brody
Peter J. Brennan
Vaughn E. Olson
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Fax: (312) 527-0484
MBrody@jenner.com
PBrennan@jenner.com
VOlson@jenner.com

*Attorneys for Defendant*
*Hyundai Kia America Technical Center, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

BACKGROUND ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

I.     Plaintiffs' Unjust Enrichment Claim Fails Because Plaintiffs Did Not Confer a Benefit on HATCI and Because Plaintiffs Received Something of Value. ................................................................................................................ 1

II.    Plaintiffs' Misrepresentation-Based Fraud Claims Fail Because Plaintiffs Do Not Sufficiently Allege an Actionable Representation Made by HATCI. ................................................................................................................... 2

III.   Plaintiffs' Wis. Stat. § 895.047 Claim Fails Because It Relies on an Inapplicable Statute. .......................................................................................... 3

IV.   Plaintiffs' Post-Sale Failure to Warn Claim Also Fails to State a Claim. ................... 4

CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Brame v. Gen. Motors LLC*,
  535 F. Supp. 3d 832 (E.D. Wis. 2021) .................................................................. 2

*Bushmaker v. A. W. Chesterton Co.*,
  2013 WL 11079371 (W.D. Wis. Mar. 1, 2013) ..................................................... 4

*Emirat AG v. High Point Printing LLC*,
  248 F. Supp. 3d 911 (E.D. Wis. 2017) .................................................................. 2

*Kozlowski v. John E. Smith's Sons Co.*,
  275 N.W.2d 915 (Wis. 1979) ................................................................................ 4

*T&M Farms v. CNH Indus. Am., LLC*,
  488 F. Supp. 3d 756 (E.D. Wis. 2020) .................................................................. 2

**Statutes**

Federal Rule of Civil Procedure 9(b) ........................................................................ 3

Federal Rule of Civil Procedure 12(b)(6) ................................................................. 3

Wisconsin Statute § 100.18 ....................................................................................... 2

Wisconsin Statute § 895.047 ..................................................................................... 3

Wisconsin Statute § 895.446 ..................................................................................... 2

Wisconsin Statute § 943.20(1)(d) ............................................................................. 2

Defendant Hyundai Kia America Technical Center, Inc. ("HATCI") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the claims of Plaintiffs Stefanie Marvin, Katherine Wargin, Chaid Przybelski, Chad Just, Amy Flasch, and Lydia Davis's (collectively, "Plaintiffs") Amended Complaint ("Complaint" or "Compl.") against HATCI. HATCI moves separately to make the additional point, applicable only to HATCI, that as neither a manufacturer, distributor, nor dealer, it should not have been made a defendant in this matter. HATCI below briefly addresses this additional point as it pertains to Counts V, VI, VII, X, and XI, counts that are directed at HATCI. In addition to the arguments contained in this Memorandum of Law, HATCI joins Defendants Kia America, Inc. ("Kia") and Hyundai Motor America's ("Hyundai") concurrently filed Motion to Dismiss Plaintiffs' Complaint (the "Kia-Hyundai Motion"), and incorporates by reference herein the arguments and background set forth in support of that Motion.

## BACKGROUND

Plaintiffs allege HATCI is the "design, engineering, and development center for all Kia and Hyundai vehicles sold in the North American market." *Id.* ¶ 47. Plaintiffs further assert that all three Defendants are "responsible for the manufacture, design, distribution, service, and repair" of Kia and Hyundai vehicles "sold to . . . American consumers." *Id.* ¶¶ 50–51.

According to Plaintiffs, HATCI also acts as an "authorized representative" for Kia and Hyundai's South Korean parent corporations. *Id.* ¶¶ 48–49. "[I]n this capacity, HATCI regularly interacts with NHTSA to ensure compliance with the administration's regulatory mandates." *Id.* ¶ 49. Plaintiffs do not allege that HATCI directly interacted with them or with any other consumers.

## ARGUMENT

I.  **Plaintiffs' Unjust Enrichment Claim Fails Because Plaintiffs Did Not Confer a Benefit on HATCI and Because Plaintiffs Received Something of Value.**

In Count V, Plaintiffs assert an unjust enrichment claim against HATCI. Plaintiffs allege, "[o]n information and belief," that HATCI "obtained a benefit on behalf of Plaintiffs[']

1

purchase/lease of Kia and Hyundai vehicles" because HATCI designed the vehicles. *Id.* ¶ 594. Plaintiffs acknowledge that this alleged benefit was conferred on HATCI only "indirectly." *Id.*

Unjust enrichment "involves getting something for nothing, not providing a product for a price." *T&M Farms v. CNH Indus. Am., LLC*, 488 F. Supp. 3d 756, 769 (E.D. Wis. 2020) (citation and quotation omitted). To state an unjust enrichment claim under Wisconsin law, a plaintiff must show: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of the benefit under circumstances that would make it inequitable to retain the benefit without payment. *See, e.g.*, *Brame v. Gen. Motors LLC*, 535 F. Supp. 3d 832, 842 (E.D. Wis. 2021).

Plaintiffs' unjust enrichment claim against HATCI suffers two fatal flaws. First, Plaintiffs did not confer any benefit on HATCI. Any benefit Plaintiffs conferred by purchasing or leasing their vehicles from independent dealerships or other sellers was conferred on these dealerships or other sellers. *See, e.g.*, *Emirat AG v. High Point Printing LLC*, 248 F. Supp. 3d 911, 936 (E.D. Wis. 2017), *aff'd sub nom. Emirat AG v. WS Packaging Grp., Inc.*, 900 F.3d 969 (7th Cir. 2018) (calling the fact that any benefit "was indirect at most" "an even more fundamental problem [that] causes [the plaintiff's unjust enrichment] claim to fail").

Second, even if Plaintiffs conferred some indirect benefit on HATCI, HATCI was not unjustly enriched because Plaintiffs received something of value in return. *See, e.g.*, *T&M Farms*, 488 F. Supp. 3d at 769. Plaintiffs received their vehicles. *See Brame*, 535 F. Supp. 3d at 843 (stating that "the plaintiffs received something of value in return, namely the vehicles GM manufactured").

## II. Plaintiffs' Misrepresentation-Based Fraud Claims Fail Because Plaintiffs Do Not Sufficiently Allege an Actionable Representation Made by HATCI.

In Counts VI and VII, Plaintiffs assert claims for false advertising under Wis. Stat. § 100.18 and statutory fraud under Wis. Stat. §§ 895.446 and 943.20(1)(d) against HATCI. In addition to the reasons set forth in the Kia-Hyundai Motion, Plaintiffs' claims further fail because they have made no pertinent allegations regarding HATCI.

2

Assuming *arguendo* some representation of fact was made to Plaintiffs, HATCI did not make it. *See, e.g.*, Compl. ¶ 625 (alleging that Kia and Hyundai "touted" their vehicles' safety, reliability, and durability); *id.* ¶ 642 (alleging that "Kia and Hyundai made misrepresentations"); *id.* ¶¶ 652, 655–56 (mentioning Kia and Hyundai's alleged advertising campaign). The Complaint's conclusory allegations that HATCI "indirectly benefited from these sales" and that HATCI, as a "design center," "directly or indirectly assisted in these promotional efforts" do not merit a different conclusion. *Id.* ¶¶ 636, 653.

And even assuming *arguendo* that a nonrepresentation could be actionable, the Complaint similarly fails to establish that HATCI had any duty to disclose anything. For example, while the Complaint alleges (again, in conclusory fashion) that Kia and Hyundai "have a duty to design and sell reasonably safe products" and "an unflagging obligation to inform consumers about safety issues," the Complaint noticeably does not include HATCI in these allegations. *Id.* ¶¶ 608–09. Importantly, the Complaint also alleges that "when a duty to disclose arises, a *seller's* failure to disclose (or to make full disclosure) is actionable." *Id.* ¶ 616 (emphasis added). But HATCI is not a seller. *See, e.g., id.* ¶ 47.

Plaintiffs therefore fail to state, with the required particularity under Federal Rules of Civil Procedure 12(b)(6) and 9(b), a facially plausible misrepresentation-based fraud claim against HATCI.

**III.   Plaintiffs' Wis. Stat. § 895.047 Claim Fails Because It Relies on an Inapplicable Statute.**

In Count X, Plaintiffs attempt to bring a strict products liability-type claim under Wis. Stat. § 895.047, based on the theory that "Defendants could have adopted a host of other reasonable alternative designs to make the Class Vehicles less susceptible to theft" but they did not. *Id.* ¶ 716. Plaintiffs' claim fails because this statute does not cover HATCI. As Plaintiffs explain, *id.* ¶¶ 708–10, this statute holds accountable manufacturers, and under certain circumstances, may reach sellers or distributors, Wis. Stat. § 895.047(1), (2). But under no circumstances does it reach HATCI. Although Plaintiffs elsewhere claim that HATCI is "responsible" for manufacturing and

3

distributing vehicles, *id.* ¶¶ 50–51, Plaintiffs describe HATCI as a "design, engineering, and development center," not as a manufacturer, seller, or distributor of vehicles, *id.* ¶ 47; *see also id.* ¶¶ 734–35.

### IV. Plaintiffs' Post-Sale Failure to Warn Claim Also Fails to State a Claim.

In Count XI, Plaintiffs assert that HATCI was aware of the uptick in vehicle thefts in the Milwaukee area, which started in late 2020 or early 2021, and that HATCI was therefore obligated to warn Plaintiffs. *Id.* ¶¶ 165–66, 755. Plaintiffs allege HATCI violated its post-sale duty by failing to warn them. *See id.* ¶ 754–55. In addition to the arguments set forth in the Kia-Hyundai Motion, Plaintiffs' claim fails because, under Wisconsin law, the post-sale duty to warn typically applies to manufacturers. *See Kozlowski v. John E. Smith's Sons Co.*, 275 N.W.2d 915, 923–24 (Wis. 1979) (discussing manufacturer's possible liability); *see also Bushmaker v. A. W. Chesterton Co.*, 2013 WL 11079371, at *4 (W.D. Wis. Mar. 1, 2013) (collecting cases). As explained above, HATCI is neither a manufacturer nor a distributor.

### CONCLUSION

For the foregoing reasons, including all of the reasons separately set forth in the Kia-Hyundai Motion, HATCI respectfully requests that the Court enter an Order dismissing the Complaint against HATCI in its entirety with prejudice and without leave to amend.

Dated:  December 22, 2021  Respectfully submitted,

*/s/ Michael T. Brody*
Michael T. Brody
Peter J. Brennan
Vaughn E. Olson
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Fax: (312) 527-0484
MBrody@jenner.com
PBrennan@jenner.com
VOlson@jenner.com

*Attorneys for Defendant*
*Hyundai Kia America Technical Center, Inc.*

5