1  ROBERT C. SCHUBERT (No. 62684)
   (rschubert@sjk.law)
2  DUSTIN L. SCHUBERT (No. 254876)
   (dschubert@sjk.law)
3  AMBER L. SCHUBERT (No. 278696)
   (aschubert@sjk.law)
4  **SCHUBERT JONCKHEER & KOLBE LLP**
   2001 Union St Ste 200
5  San Francisco, California 94123
   Telephone: (415) 788-4220
6  Facsimile: (415) 788-0161

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | No.: 8:22-ML-3052 JVS (KESx) |

**APPLICATION OF AMBER L. SCHUBERT OF SCHUBERT JONCKHEER & KOLBE LLP FOR APPOINTMENT TO PLAINTIFFS' LEADERSHIP COMMITTEE OR, IN THE ALTERNATIVE, TO THE SUBCOMMITTEE FOR FACT DISCOVERY**

Pursuant to Order No. 1, Amber L. Schubert of the law firm of Schubert Jonckheer & Kolbe LLP respectfully submits this application for appointment to the Leadership Committee, or in the alternative, the Fact Discovery Subcommittee.

The Schubert Firm represents 15 consumer plaintiffs in two separate actions. In the first, 5 plaintiffs asserted 13 claims on behalf of 5 state classes, including Illinois, Maine, Louisiana, Colorado, and South Dakota. *Sampson v. Kia America, Inc. et al.*, No. 8:22-cv-01815 (C.D. Cal. Oct. 5, 2022). In the second, 10 plaintiffs asserted 21 claims on behalf of 7 state classes, including California, Illinois, Louisiana, Maryland, Indiana, Ohio, and New York. *Placencia v. Kia America, Inc. et al*, No. 8:23-cv-00139 (C.D. Cal. Jan. 23, 2023). These claims include clients both with and without insurance and whose cars were and were not stolen. In total, the Schubert Firm has brought 34 claims on behalf of 10 state classes.

The Court stated that the main criteria for appointment are (1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute.

**A. The Court Should Appoint Ms. Schubert to the Leadership Committee**

As explained below, because Ms. Schubert satisfies each of the Court's criteria, she should be appointed to the Leadership Committee, or in the alternative, the Fact Discovery Subcommittee based on her and her firm's extensive experience.

**1. Ms. Schubert Has Knowledge and Experience in Prosecuting Complex Litigation, Including Class Actions.**

The Schubert Firm has represented plaintiffs in class actions for over forty years, specializing in complex litigation, including federal multidistrict litigation. Ms. Schubert, in particular, has practiced law for eleven years and, during that time, has focused on class actions, with an emphasis in consumer protection cases for false and misleading advertising and defective products. She received her undergraduate degree from U.C. Berkeley in 2003 and her law degree *cum laude* from the University of San Francisco in 2011. Ms. Schubert served as Editor-in-Chief of the USF Law Review and authored a published comment. *See Replacement Justice on the U.S. Supreme Court*, 46 U.S.F. L. Rev. 215 (2011).

In practice, Ms. Schubert has personally served as lead counsel in numerous complex class actions, including *Nalick v. Seagate Tech.*, No. CGC-15-547787 (Super. Ct. S.F.); *Fisher v. U.S.*, No. 1:15-cv-01575 (Fed. Cl.); and *Knowles v. ARRIS Int'l PLC*, No. 5:17-cv-01834-LHK (N.D. Cal.). In Seagate, Ms. Schubert served as Class Counsel in a case involving defective consumer hard disk drives. She successfully briefed and argued an appeal reversing summary adjudication, and she is currently litigating a second appeal concerning class certification.

In *Arris*, Ms. Schubert served as Class Counsel in a case involving defective cable modems and briefed and won a motion to certify the class. And in *Fisher*,

she was primary counsel for a putative class of PACER users alleging the Administrative Office of the U.S. Courts overcharged users for accessing court dockets. Ms. Schubert successfully defeated both the Government's motion to dismiss and its motion for summary judgment.[1]

In addition, Ms. Schubert served as co-counsel in *In re MacBook Keyb. Litig.*, No. 5:18-cv-02813 (N.D. Cal.), *Boyajian v. U.S.*, No. 1:15-cv-01574 (Fed. Cl.), and *Poertner v. The Gillette Co.*, No. 12-cv-803 (M.D. Fla.). In *MacBook*, a consumer class action involving defective laptop keyboards, the Schubert Firm is a member of the Executive Committee, where at the direction of Ms. Schubert, the firm played a major role in both fact and expert discovery. The firm's partners and associates authored key briefs and conducted important research, helped manage a large and complex document review, and engaged in settlement talks, including two mediations. The case settled for a $50 million common fund.

In *Boyajian*, Ms. Schubert served as co-counsel on behalf of a certified class of raisins growers who alleged that the Government unconstitutionally set aside a portion of their crop in violation of the Fifth Amendment's Takings Clause. At Ms. Schubert's direction, the Schubert Firm assisted in class certification, prepared

---

[1] Ms. Schubert is also counsel in numerous other false-advertising class actions in this District. *See, e.g.*, *McCracken v. KSF Acquisition Corp.*, No. 5:22-cv-01666 (C.D. Cal. 2022) (alleging SlimFast falsely advertised weight-loss products as clinically proven to lose weight); *Hernandez v. Radio Systems Corp.*, No. 5:22-cv-01861 (C.D. Cal. 2022) (alleging dog shock collars caused serious injury to pets).

class notice, and negotiated a settlement. The case ultimately settled for an $85 million common fund. And in *Poertner*, a consumer class action alleging Duracell falsely advertised its Ultra battery life, Ms. Schubert served as co-counsel in cases spanning two jurisdictions. Based on Ms. Schubert's efforts, the parties reached a settlement valued at nearly $50 million. Ms. Schubert also drafted plaintiffs' successful appellate brief in the U.S. Court of Appeals for the Eleventh Circuit.

Ms. Schubert has also written several briefs in the U.S. Supreme Court, including in *Poertner* and *In re Google AdWords Litigation*, No. 5:08-cv-03369 (N.D. Cal.). In *Poertner,* Ms. Schubert drafted respondents' successful brief in opposition to a petition for certiorari challenging the settlement's approval. And in *Google*, Ms. Schubert served as primary counsel in the Supreme Court, successfully defeating Google's petition for certiorari on classwide damages.

Moreover, the Schubert Firm has specialized in complex litigation for decades and has a strong track record. For example, in *Google*, a class action alleging that Google placed advertisers' ads on low-quality junk websites, the Schubert Firm successfully won an appeal reversing the denial of class certification in the Ninth Circuit—making important new law on damages—a decision that has been cited over 200 times. *Pulaski & Middleman v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015). The Schubert Firm ultimately obtained a $22.5 million settlement.

The Schubert Firm's experience litigating class actions also includes two

recent cases involving automobiles. In *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, No. 3:20-cv-00337 (N.D. Cal.), the Schubert Firm was Class Counsel in a case alleging that RAV4 Hybrid vehicles failed to fill to their advertised fuel capacity. The Schubert Firm represented 39 plaintiffs and 29 state classes. Likewise, in *Tavares v. Toyota Motor Sales*, No. 3:21-cv-04534 (N.D. Cal.), the Schubert Firm was Class Counsel in a case alleging that Highlander Hybrid vehicles suffered from a similar fuel capacity problem. Ms. Schubert was extensively involved in both cases, which resulted in a settlement for the named plaintiffs.

The Schubert Firm has secured many important victories in class actions, including numerous consumer, employment, and shareholder cases. *See*, *e.g.*, *Tucker v. Scrushy*, No. CV-02-5212 (Ala. Cir.) (co-lead counsel in a shareholder derivative action that resulted in $2.9 billion judgment against former HealthSouth CEO); *Pfeiffer v. Toll*, No. 4140 (Del. Ch.) ($16.25 million shareholder derivative settlement)*; Kirschenbaum v. Electronic Arts, Inc.*, No. CIV440876 (Super. Ct. San Mateo) ($15.6 million employment misclassification settlement).

Based on her and her firm's extensive experience litigating class actions, Ms. Schubert is amply qualified to serve on the Leadership Committee.

**2. Ms. Schubert Is Willing and Able to Commit to the Process.**

Ms. Schubert understands the time and resources that complex class actions, including MDLs like this one, require. As explained above, Ms. Schubert and the

Schubert Firm have invested substantial time to class actions and have the bandwidth to take a leadership role in this important case. In fact, across just three recent consumer class actions, *Arris*, *Seagate*, and *Fisher*, Ms. Schubert personally litigated three motions for class certification, opposed three summary judgment motions, took eleven fact and expert depositions, defended and prepared deponents for ten depositions, managed extensive document review processes involving over one million pages, worked with experts to prepare twenty-one expert reports, issued and negotiated fifteen non-party subpoenas, oversaw numerous discovery disputes, engaged in settlement negotiations, and briefed and argued two appeals.

Moreover, the Schubert Firm has already spent extensive time researching and investigating the claims in these cases, fielding inquiries from over 450 potential clients (many of whom had their vehicles stolen because of the defect) and drafting two class-action complaints. The Schubert Firm already represents 15 plaintiffs on behalf of 10 state classes. These extensive investments in identifying strong clients demonstrate that Ms. Schubert and the Schubert Firm are not only willing and able to commit the time but that they already have.

**3. Ms. Schubert Has the Ability to Work Cooperatively with Others.**

Ms. Schubert has an established track record of working cooperatively with her peers in the class-action bar, as well as maintaining productive and civil relationships with opposing counsel. In fact, Ms. Schubert has worked both as co-

counsel and as part of large teams in numerous class actions. For example, in *MacBook*, as a member of a three-firm executive committee, she worked cooperatively with lead counsel and other committee members, taking on important assignments and contributing to both litigation and settlement.

The Fannie Mae and Freddie Mac litigation highlights Ms. Schubert's ability to work with a large group to prosecute complex cases. *See Fisher et al. v. United States*, No. 13-608C (Fed. Cl.). That litigation involved twelve separate cases alleging takings claims against the Government based on its sweep of Fannie's and Freddie's net worth. Ms. Schubert and the Schubert Firm worked with a dozen law firms to coordinate fact discovery across the cases, draft an omnibus opposition to the Government's motion to dismiss, and participate in an all-day hearing where counsel divided the argument by expertise. *See also Boyajian* and *Poertner* (where Ms. Schubert coordinated multiple cases and worked with numerous firms on both litigation and settlement). Ms. Schubert can and will do the same here.

**4. Ms. Schubert Has Access to Sufficient Resources to Prosecute.**

Ms. Schubert and the Schubert Firm have a demonstrated record of successfully pursuing litigation on behalf of consumers, investors, and employees against resourceful and well-financed defendants across many industries. As explained above, the Schubert Firm's record demonstrates that it has the resources necessary to serve on the Leadership Committee. Ms. Schubert is willing and able

to commit the Firm's personnel to litigate this case to a successful resolution.

**5. Ms. Schubert's Appointment Would Promote Diversity.**

Finally, in addition to these factors, the Court indicated that it "will strive for diversity in the appointments, including race, age, sex, and geographical location." Order No. 1. Diversity is an important consideration in leadership appointments. As a recent study of MDL and class-action cases makes clear, "diversity enhances the quality of the decision-making process and results," and MDL judges "should make appointments consistent with the diversity of our society and justice system." James F. Humphreys Complex Litig. Ctr., George Wash. Law Sch., *Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation* (Mar. 15, 2021).

According to an ABA survey, however, 71% of class actions had no women as lead counsel, and in MDLs, men were three times more likely than women to be appointed lead counsel. *Id.* at 3. In fact, the Bureau of National Affairs reported in 2017 that women made up just 16.5% of all plaintiffs' leadership appointments in MDL cases. *Id.* And "[p]eople of color, disabled individuals, and LGBTQ lawyers are equally, if not more, underrepresented in these leadership positions." *Id.* at iii.[2]

As a transgender woman and member of the LGBTQ community, Ms.

---

[2] Although there are fewer studies on diverse and LGBTQ lawyers than women, they "clearly show that diverse and LGBTQ lawyers are more underrepresented than women." *Id.* at 38 n.115.

Schubert's appointment would promote diversity in leadership. Indeed, inviting "more diverse leaders to the MDL and class-action table can enhance the quality of representation and improve the decision-making process, while demonstrating to the parties and the public that discrimination, bias, and exclusion have no place in the federal judicial system." *Id.* at 11.

### B. In the Alternative, the Court Should Appoint Ms. Schubert to the Fact Discovery Subcommittee

As explained above, Ms. Schubert has extensive experience managing fact discovery in complex litigation, including overseeing document review, taking and defending numerous depositions, devising strategies for non-party subpoenas, and negotiating discovery disputes without the need for unnecessary motion practice.

The Schubert Firm is also well-known for managing large and complex document review projects. In particular, associate Gregory T. Stuart has fifteen years' experience managing document review, making the Firm exceptionally well-suited to oversee fact discovery. He has expertise in nearly all discovery platforms, and over the course of numerous large reviews, has managed large teams; worked extensively with discovery vendors; designed layouts and coding protocols; performed complex search, culling, and batching procedures; and conducted high-level deposition, motion, and trial preparation tasks. Mr. Stuart's peers have praised him and the Firm for their intimate knowledge of discovery.

For example, the Schubert Firm co-managed the review of 6.8 million documents in *In Re Altria Group, Inc. Derivative Litigation*, No. 3:20-cv-00772 (E.D. Va.). Working with co-counsel, the Firm was responsible for managing a large team, designing complex filters and searches, and drafting discovery memos. The Schubert Firm has also played a leading role on many other important fact discovery projects, including two complex data-breach cases, *In Re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617 (N.D. Cal.) and *Fero v. Excellus Health Plan, Inc.*, No. 6:15-cv-06569 (W.D.N.Y.), and *MacBook*.

As the Kia Hyundai document review process may be especially large and complex, involving highly technical topics and documents from South Korean parent companies, the Schubert Firm's expertise and its ability to manage the entire process would be invaluable. Accordingly, even if this Court elects not to appoint Ms. Schubert to the Leadership Committee, it should appoint her to the Fact Discovery Subcommittee based on her and her firm's extensive experience.

*       *       *

Ms. Schubert's experience and track record in litigating and resolving complex class actions, her passion for consumer rights, her personal commitment to improving the justice system, and her diverse background support her appointment. Accordingly, Ms. Schubert requests that the Court appoint her to the Leadership Committee, or in the alternative, the Fact Discovery Subcommittee.

| | | |
|---|---|---|
| 1 | Dated: January 23, 2023 | **SCHUBERT JONCKHEER & KOLBE LLP** |
| 2 | | */s/ Amber L. Schubert* |

ROBERT C. SCHUBERT (S.B.N. 62684)
AMBER L. SCHUBERT (S.B.N. 278696)
DUSTIN L. SCHUBERT (S.B.N. 254876)
2001 Union Street, Suite 200
San Francisco, California 94123
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@sjk.law
aschubert@sjk.law
dschubert@sjk.law

*Counsel for Plaintiffs Eugenia Sampson, Michael Sanders, Sherry Kelley, Jazmin Harris, Lilianna Bineau, Clorinda Placencia, Xavier Galan, Kihan Park, Aja Hodges, Kyya Brown, Erica Tullison, Onika Hatchett, John Kekar, Derek Grant, and Regina Payne and the Putative Classes*