**MIGLIACCIO & RATHOD LLP**
JASON S. RATHOD
jrathod@classlawdc.com
412 H St NE
Washington DC 20002
Telephone: (202) 509-5951

*Attorney for Plaintiff Efua Beneman*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: ALL CASES | CASE NO.: 8:22-ML-3052 JVS (KESx)<br><br>LEADERSHIP APPLICATION<br><br>Date: February 7, 2023<br><br>Time: 9:00 AM<br><br>Place: 411 W. Fourth Street, Santa Ana, CA 92701, Court Room 10C |

On behalf of Plaintiff Efua Beneman[1], I write to the Court to seek appointment to the Leadership Committee ("LC") based on extensive experience in complex civil litigation of this kind, a record of working cooperatively with others, and a demonstrated willingness and ability to commit to a time-consuming and resource-intensive process.[2]

## EXTENSIVE EXPERIENCE IN AND KNOWLEDGE OF COMPLEX CIVIL LITIGATION

I have extensive experience prosecuting complex civil cases that I could bring to the LC here, including my experience in other product liability MDLs, class actions, and trials. Fluency in the intricacies of civil litigation and class actions is also evidenced by my legal scholarship about private enforcement.

*First*, I have meaningful and relevant MDL experience. Last year, I was among a group of 12 attorneys appointed to the Plaintiff Steering Committee ("PSC") in *In re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation*, MDL No. 3014 (W.D. Pa.). The litigation concerns millions of defective devices subject to an FDA recall, which contain a foam that may degrade into particles and release dangerous volatile organic compounds and then be ingested or inhaled by users.[3] The

---

[1] *See Beneman v. Kia, et al.*, No. 8:23-cv-00103 (D. Md.). The MDL Panel entered a Conditional Transfer Order on January 18, 2023, which is set to become final and effective on January 26, 2023. *See In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3052 (Dkt. No. 119).

[2] Undersigned counsel expresses gratitude to the Court for its selection process and criteria. Multidistrict litigation can at times feel reminiscent of the sentiment that the late federal judge Abner Mikva (when he was just a young man) experienced when he walked into a local ward in Chicago in 1948 to volunteer for a political campaign. The ward boss took the cigar out of his mouth and asked, "Who sent you?" "Nobody sent me," Judge Mikva responded. "We don't want nobody that nobody sent," the ward boss replied. Private ordering of plaintiffs' counsel can amount to rule by "we don't want nobody that nobody sent." *See In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 643 n.4 (E.D. La. 2010). The opportunity to present individual qualifications with an interview to determine who will best serve the clients and putative class is much appreciated.

[3] For more relevant background on the case, *see* Christina Jewett, "Frustrations Grow Over Company's Response to CPAP Recalls," N.Y. Times (Nov. 17, 2022), available at:

MDL has three tracks: economic loss, medical monitoring, and personal injury. Together with an attorney at Hagens Berman, I am the PSC co-chair of the Science and Experts Committee. I am also the PSC Chair of the Class Action and Experts Subcommittee. In these roles, I have vetted experts and worked with them to lay the groundwork for class certification and trial. Last September, Judge Conti also held a "Science Day" in which Plaintiffs presented experts in court to assist the Court in gaining familiarity with key technical and scientific concepts that may drive the litigation. I played an integral role in selecting, preparing, and presenting the experts. The skills and experience I have harnessed in the CPAP MDL role would prove invaluable in this case, particularly considering the Court's contemplated leadership structure in which an LC member will chair an expert discovery subcommittee.[4]

*Second*, I have a wealth of experience in other complex civil litigation, including class action litigation. Early in my legal career, I drafted the appellee briefing in *Young v.*

---

https://www.nytimes.com/2022/11/15/health/cpap-philips-breathing-device-recall.html (last accessed Jan. 22, 2023).

[4] I also have relevant experience in other defective product multidistrict litigation. In *In Re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Products Liability Litigation*, my partner sits as co-chair of the medical monitoring committee. I helped draft a multistate complaint and have been intimately involved in crafting and executing the strategy behind the medical monitoring aspects there, including class certification considerations. In *In re Juul Labs, Inc. Marketing, Sales Practices & Products Liability Litigation*, No. 19-md-2913 (N.D. Cal.), I wrote key aspects of the motion to dismiss briefing in precursor litigation, which was then relied on by Judge Orrick in MDL opinions. *See, e.g., In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 632 (N.D. Cal. 2020) (citing *Colgate v. Juul Labs, Inc.*, 402 F. Supp. 3d 728, 760 (N.D. Cal. 2019) (Migliaccio & Rathod LLP was Interim Co-Lead Counsel in *Colgate* and crafted the pleading and briefing regarding JUUL's unfair targeting of minors). More recently, I was heavily involved with class representative discovery in the JUUL MDL. Finally, Migliaccio & Rathod LLP serves on the PSC in *In re Chevrolet Bolt EV Battery Litigation*, No. 20-cv-13256 (E.D. Mich.) and, among other things, wrote important sections of the motion to dismiss briefing. A common thread with my role in these cases is stitching together plaintiffs' stories with the law of various jurisdictions, conveying that the claims are well-suited to move forward on an aggregate basis. Prosecuting this case will likely demand the kind of creative, but rigorous, lawyering for which I have grown accustomed.

*Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012), in which the Sixth Circuit affirmed a class certification order in a number of insurance overcharge lawsuits, issued a foundational opinion on ascertainability in that Circuit, and led to several multimillion-dollar settlements. I have also been the principal brief writer for several motions for class certification, including in *Helmer v. Goodyear Tire & Rubber Co.*, Civil Action No. 12-cv-00685-RBJ-MEH, 2014 U.S. Dist. LEXIS 37501 (D. Colo. Mar. 21, 2014), which is one of the few modern-day strict liability design defect class certification orders.

With my partner, I started our firm Migliaccio & Rathod LLP in 2016 at the age of 33, making me one of the youngest named partners of a major class action firm, especially so for a person of color. Since then, the firm and I have secured several significant orders in class cases and settlements, including in product liability cases,[5] such as a class action settlement against of the Defendants here.[6] The successes also include class certification orders that required navigating novel and intricate issues of classwide liability and damages. *See, e.g., Hill v. Cty. of Montgomery*, No. 9:14-cv-00933 (BKS/DJS), 2018 U.S. Dist. LEXIS 140305 (N.D.N.Y. Aug. 20, 2018) (granting class certification in suit brought by malnourished detainees alleging constitutional violations at a New York jail). I would draw on these experiences in diverse cases to help secure class certification here.

In addition to pretrial class action experience, I am among the few class action attorneys who also has significant product liability trial experience that will aid in helping ready this case for trial. I was co-lead trial counsel in *Adeli v. Silverstar Automotive, Inc.*, No. 5:17-cv-05224 (W.D. Ark.), an individual auto fraud case in which the jury returned a

---

[5] Some of these cases, along with additional biographical information, are available at https://classlawdc.com/team/jason-rathod/ .

[6] *See Brown v. Hyundai Motor America et al.*, No. 2:18-cv-11249 (D.N.J.) (settlement that included reimbursement of 100 percent of out-of-pocket repairs and related expenses, as well as a warranty extension, on behalf of approximately one million Hyundai Elantra owners arising from an engine defect).

plaintiff's verdict on all counts and a punitive damages award of $5.8 million.[7] I was also on the class action trial team in *Helmer* and, in that role, deposed a key statistics expert and successfully had his testimony excluded, even though he had testified in dozens of class action cases without limitation. My trial experience prompted the American Association for Justice to select me as a panelist at a nationwide legal education program, *Trying the Class Action: Practical Tips from the Pros*.

*Third*, beyond the courtroom, I have deep knowledge of civil litigation from researching and writing two published law review articles about private enforcement and aggregate litigation. One of the articles, comparing enforcement regimes in the United States and Europe, has been cited several times, including in a proposed rule by the Consumer Financial Protection Bureau to ban class action waivers in consumer arbitration agreements.[8]

## A NATURAL ABILITY TO WORK COOPERATIVELY WITH OTHERS

I grew up in a small town in rural Nebraska where my father was a United Methodist pastor and my mom a public librarian. From my upbringing, I have carried with me a spirit to always treat others as I would like to be treated. In my leadership role in the CPAP MDL, my co-chair and I have pro-actively fostered a collaborative environment in which we elicit input from others and mobilize the committee's collective wisdom when making important decisions. My firm also routinely co-counsels with other firms in class action and MDL litigation, including many who are in this litigation,[9] and I enjoy working

---

[7] The punitive damages award was reduced by the trial court on remittitur to $500,000, which still represented a rare double-digit ratio of punitive to economic damages of 25:1. The award was affirmed on appeal by the Eighth Circuit.

[8] *See* Bureau of Consumer Financial Protection, 12 CFR Part 1040, Final Rule, available at https://files.consumerfinance.gov/f/documents/201707_cfpb_Arbitration-Agreements-Rule.pdf (n. 611) (citing Jason Rathod and Sandeep Vaheesan, "The Arc and Architecture of Private Enforcement Regimes in the United States and Europe: A View Across the Atlantic," 14 U. of N.H. L. Rev. 306) (2015). The rule was, regrettably, later revoked, pursuant to the Congressional Review Act.

[9] For instance, just today, Migliaccio & Rathod was appointed along with Sauder Schelkopf as Interim Co-Lead Class Counsel, and Gustafson Gluek as liaison counsel, in a

cooperatively toward a just and speedy result for our clients. In addition, while litigation demands zealous advocacy, that should not come at the expense of collegiality with the other side, and I take pride in having strong working relationships with defense counsel.

## A COMMITMENT OF THE TIME AND RESOURCES NECESSARY

I can and will commit the time and resources to prosecute this case. Migliaccio & Rathod LLP has never needed third-party litigation funding for cases and has substantial cash reserves to pay assessments. The firm has only two other active MDL appointments, *CPAP* and *Valsartan*, permitting me to take on a significant role here.

Perhaps most importantly, I take seriously the weighty obligations that come with serving as class counsel. By way of example, in *Vasquez v. Libre by Nexus, Inc.*, No. 17-cv-00755-CW (N.D. Cal.) my firm is co-lead class counsel in a class action settlement on behalf of poor migrants made by a private company to pay excessive monthly fees and wear ankle monitors as a condition of their release from detention.[10] The Defendant has failed to honor several promises in the parties' settlement agreement. Despite having not been paid for several years, my firm and co-counsel continue to actively seek to hold the Defendant accountable including through contempt motions, which have been granted. I would bring this same tenacious advocacy and unrelenting commitment to the putative class if appointed to the LC.

---

putative class action against Honda involving an engine defect pending in federal court. *See Mackie et al. v. American Honda Motor Co., et al.*, 0:22-cv-00736 (D. Minn.) (Dkt. No. 42).

[10] For background on some of the facts giving rise to the lawsuit, *see* The Washington Post, "This Company is Making Millions from America's Broken Immigration System," Michael E. Miller, available at https://www.washingtonpost.com/local/this-company-is-making-millions-from-americas-broken-immigration-system/2017/03/08/43abce9e-f881-11e6-be05-1a3817ac21a5_story.html (March 9, 2017) (last accessed February 23, 2023); The New Yorker, "The Company Offering Detained Migrants Freedom – At a Price," *available at* https://www.newyorker.com/video/watch/the-company-offering-detained-migrants-freedom-at-a-price (March 12, 2019) (last accessed February 23, 2023).

Dated: January 23, 2023          **MIGLIACCIO & RATHOD LLP**

By:    /s/ Jason S. Rathod
Jason S. Rathod
Migliaccio & Rathod LLP

*Counsel for Plaintiff Efua Beneman*

# **CERTIFICATE OF SERVICE**

I, Jason S. Rathod, certify that on January 23, 2023, I caused the foregoing Leadership Application to be filed using the Court's NextGen system, which sends notification of such filing to all counsel of record.