Kevin D. Stanley
kds@hfmlegal.com
HUMPHREY FARRINGTON & McCLAIN, P.C.
221 W. Lexington Ave., Suite 400
Independence, MO 64050
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
*Counsel for Plaintiffs Bendorf, Bendorf, Jones, Moon, Fruhling, Mason, Burke, Brady, Price, Bodie, Lui, Hall, Pue, Kozmic, Loburgio, Loburgio, Flannagan, Mitchell, Simmons, Denney, Cole, Day, Plaza, Yeghianian, and Zanmiller*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Case No.: 8:22-ML-3052 JVS(KESx)<br><br>APPLICATION OF KEVIN D. STANLEY FOR POSITION ON PLAINTIFFS' FACT DISCOVERY SUBCOMMITTEE<br><br>Date:   February 7, 2023<br>Time:   9:00 a.m.<br>Place:  411 W. Fourth Street,<br>          Santa Ana, CA 92701<br>          Court Room 10C |

Pursuant to Paragraph 2.1 of this Court's December 22, 2022, ORDER NO. 1: INITIAL CONFERENCE, I respectfully submit my application to the Court for consideration for membership on the Plaintiffs' Fact Discovery Subcommittee.

## I.    Introduction

Following graduation from law school in 1998, I had the privilege to serve as a law clerk to the late Honorable D. Brook Bartlett, Chief Judge of the United States District Court for the Western District of Missouri. The time I spent working for an experienced trial court judge provided an unparalleled opportunity to begin my legal career.

Since leaving my clerkship, I have had an active trial law practice representing plaintiffs in complex products liability, personal injury, and consumer protection act claims. I am currently a shareholder with the law firm of Humphrey, Farrington & McClain, P.C. in Independence, Missouri. I have been with this firm since 2011 and have been a shareholder since 2014. With Humphrey, Farrington & McClain I have litigated cases across the United States involving a wide variety of claims including products liability, toxic tort, and consumer class actions.

Before joining Humphrey, Farrington & McClain, I was a solo practitioner for almost seven years. As a solo practitioner I often partnered with other law firms to successfully bring to trial cases involving automotive defects, products liability, manufacturing negligence and medical malpractice.

Prior to starting my firm in 2004, I spent four years as an associate at Langdon, Emison, Kuhlman & Evans, P.C., in Lexington, Missouri. In this position I gained valuable trial experience against the largest automobile manufacturers in the world. During this four-year period, I was trial counsel in three cases that went to verdict against Toyota Motor Company, General Motors Corporation, and Ford Motor Company.

I have attached to this Application a copy my biography section on the Humphrey, Farrington & McClain, P.C. website.

## II. Discussion

In its December 22, 2022, Order, the Court identified four criteria for consideration in selecting attorneys to serve on the leadership team of this multidistrict litigation (MDL) proceeding: (1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute.

To begin, I am counsel of record in all thirteen cases filed by our firm. Therefore, I am eligible to be considered for a position on one, or more, of the subcommittees established by the Court in order to pursue claims against Kia and Hyundai in these cases.

### A. Knowledge And Experience In Prosecuting Complex Litigation Matters, Including Class Actions

For more than 20 years, I have continually represented individuals in complex litigation matters. From the very beginning of my career in private practice, I began prosecuting products liability claims, predominately against automobile manufacturers in cases involving vehicle defects.

By starting as an associate at a law firm focused on automotive defect cases, I became intimately familiar with discovery specific to these types of product liability claims. During my career, I have had primary responsibility for preparing and responding to discovery in numerous cases involving a variety of automotive defects including restraint systems (seatbelts and airbags), seat failures, vehicle stability/rollover, tire defects, roof crush, sudden acceleration, electrical systems, vehicle interiors, and fuel system crashworthiness.

By way of example, with respect to claims against automobile manufacturers, I have or had primary responsibility for all aspects of discovery in the following cases:

- *Thurman v. American Honda Motor Co., Inc.* – The *Thurman* case involves catastrophic injury to the driver of a 2008 Honda Civic due to failure of the driver

seat in a rear-impact collision. In addition to my responsibility for discovery, I had primary responsibility for responding to various motions to dismiss based on personal jurisdiction filed by Honda Motor Co., Ltd., Honda of Canada, and TS Tech Americas, Inc. The court in *Thurman* recently denied motions to dismiss, including the motion filed by the Honda parent company that is headquartered in Japan. See *Thurman v. American Honda Motor Co., Inc.*, 2022 WL 4292331, Case No. 22-CV-04007-WJE (W.D. Mo. Sept. 16, 2022).

- *Cox v. Ford Motor Company* – This case involved claims for personal injury and wrongful death stemming from a single-vehicle rollover collision involving a 16-passenger E-350 Econoline van manufactured by Ford Motor Company. The claims in this case related to vehicle stability and crashworthiness of the roof structure. The *Cox* case was resolved by a confidential settlement.

- *Parks v. Ford Motor Company* – The *Parks* case involved a claim for wrongful death resulting from the failure of a side airbag to deploy in a single-vehicle accident. Kora Parks died as a result of injuries she sustained when her car spun and slid off a wet roadway, hitting a tree on the driver side door. The case was resolved with a confidential settlement after nearly one week of trial.

- *Clevenger v. General Motors Corp.* – *Clevenger* involved claims for wrongful death resulting from a defective electrical system in a Buick LeSabre that caught fire while driving down a roadway. Following the bankruptcy of General Motors, the *Clevenger* case ultimately went to trial against the local dealership that sold the vehicle. Following a verdict in favor of the plaintiffs, was settled on appeal for a confidential amount.

- *Mathes v. Ford Motor Company* –The *Mathes* case involved a post-collision fire that resulted in three deaths following a crash with a tractor-trailer. Following a multi-week trial, a verdict of more than $12 million was returned in favor of the

plaintiffs. The verdict was upheld on appeal. See *Mathes v. Sher Express*, 200 S.W.3d 97 (Mo. Ct. App. 2006).

- *Peters v. General Motors Corp.* – The *Peters* case involved claims of defect in the cruise control system of a car manufactured by General Motors that caused the vehicle to suddenly accelerate in reverse and hit a tree, causing a catastrophic brain injury that left the plaintiff, Mary Peters, in a coma until she ultimately passed away years after the crash. Following a jury verdict in favor of the plaintiff, the *Peters* case was settled for a confidential amount.

This experience overseeing discovery against automobile manufacturers will be invaluable to the Plaintiffs in this case in developing evidence to show not only the defective nature of these vehicles, but also the knowledge of Kia and Hyundai with respect to the defects in these vehicles. Specifically because I have extensive experience with pursuing discovery in cases involving automobile manufacturers, I am seeking appointment to the Plaintiffs' Fact Discovery Subcommittee. It is in this role that I believe that my background and experience can best be utilized by the Plaintiffs' leadership group.

I also have experience with discovery in an MDL class action litigation setting. I was recently involved in the work of our firm in *In Re: Dollar General Corp. Motor Oil Marketing & Sales Practices Litigation*, MDL 16-md-2709. In the *Dollar General* case, I was heavily involved in both fact and expert witness discovery. Specifically, I was tasked with producing many of named plaintiffs for deposition. In addition, I was responsible for taking or defending multiple expert witness depositions prior to class certification and settlement.

Finally, I have had primary responsibility for discovery in numerous other complex products liability cases brought by our firm over the past ten years. Included in this work are cases involving multiple plaintiffs injured by exposure to the butter flavoring chemical diacetyl that was once widely used in the food industry. In each of these cases I

was responsible not only for discovery directed at the defendants, but also responding to discovery directed at our clients. In addition, I was responsible for developing the expert witness testimony necessary to prevail at trial on issues including product defect, state-of-the-art, medical causation, and damages.

### B.  Willingness And Ability To Commit To A Time-Consuming Process

The majority of my career has been spent litigating cases that, because of the complexity of the issues involved, required a significant amount of time for preparation. These cases are no different. By their very nature, these cases will require everyone involved on the Plaintiffs' leadership team and subcommittees to invest significant time to prevail in the initial motion practice, to obtain class certification, to develop the necessary evidence on issues of liability and, finally, to develop the appropriate damage models to demonstrate the harms to the various classes of affected vehicle owners.

I have already invested significant time in researching the laws of the various jurisdictions where our office has brought claims. In addition, I have played a primary role in the work our firm has done to engage experts to consult with on issues of defect theories, Federal Motor Vehicle Safety Standards (FMVSS) and developing damage and economic loss models. If selected to be a member of one, or more, subcommittees established by the Court, I will commit myself to dedicating the time necessary to pursue a successful outcome for all affected Kia and Hyundai vehicle owners.

### C.  Ability To Work Cooperatively

Throughout my career, I have been involved in cases where either I, or my firm, worked as part of a group or team of law firms that collaborate in order to obtain a successful outcome for our collective clients. Often, while I was a solo practitioner, collaboration and co-counsel arrangements with other law firms was necessary in order to pursue claims against more powerful, and better funded, defendants. For example, the *Clevenger* and *Parks* cases described above both involved co-counsel arrangements that

allowed me, as a solo practitioner, to engage in litigation against major automobile manufacturers.

In each instance, when working with other individuals or law firms, my clients benefitted from the expertise and resources that my co-counsel firms brought to the case. If selected to be a member of the Plaintiffs' Fact Discovery Subcommittee, or any other committee assignment given to me by the Court, I will commit to working cooperatively with my co-counsel to advance the interests of our clients to obtain the best outcome possible.

### D. Access To Sufficient Resources

With respect to the fourth criteria identified by the Court, I am fortunate to now be a part of an established law firm with a history of litigating cases against powerful interests. During the more than 10 years that I have been practicing at Humphrey, Farrington & McClain, I have enjoyed not only the financial support necessary to pursue the cases where I am involved, but also the personnel resources necessary to prepare the cases in all aspects from liability to damages.

In addition, because of the diversity of cases in which I, and my firm, have been involved with in the past, our office has established relationships with expert witnesses and consultants in a variety of areas, including automotive engineering, human factors, warnings, and economists. If selected by the Court to serve on one of the Plaintiffs' subcommittees, the leadership group will benefit from the resources that our office will offer in terms of finances, personnel, and relationships with expert witnesses and consultants.

### III. Conclusion

Based upon my background and experience as described above, I respectfully request appointment to one of the Plaintiffs' subcommittees established by the Court. While I am willing and able to serve in any role that the Court believes would benefit the Plaintiffs, given my experience in directing discovery in complex products liability cases,

including cases involving automobile manufacturers, I would ask the Court to appoint me to a position on the Plaintiffs' Fact Discovery Subcommittee.

Dated: January 23, 2023  By: /s/ *Kevin D. Stanley*
Kevin D. Stanley
kds@hfmlegl.com
HUMPHREY FARRINGTON & McCLAIN
221 W. Lexington Ave., Suite 400
Independence, MO 64050
Telephone: (816) 836-5050
Facsimile: (816) 836-8966

Counsel for Plaintiffs Bendorf, Bendorf, Jones, Moon, Fruhling, Mason, Burke, Brady, Price, Bodie, Lui, Hall, Pue, Kozmic, Loburgio, Loburgio, Flannagan, Mitchell, Simmons, Denney, Cole, Day, Plaza, Yeghianian, and Zanmiller

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned counsel of record for Plaintiffs Bendorf, Bendorf, Jones, Moon, Fruhling, Mason, Burke, Brady, Price, Bodie, Lui, Hall, Pue, Kozmic, Loburgio, Loburgio, Flannagan, Mitchell, Simmons, Denney, Cole, Day, Plaza, Yeghianian, and Zanmiller certifies that the above document contains 1,907 words which complies with Local Rule 11-6.1.

>                                    */s/ Kevin D. Stanley*
>                                    Kevin D. Stanley

# CERTIFICATE OF SERVICE

I certify that on January 23, 2023, I filed the above document using the CM/ECF system which served counsel of record via electronic service.

>                                    */s/ Kevin D. Stanley*
>                                    Kevin D. Stanley