Gretchen Freeman Cappio (*pro hac vice*)
gcappio@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384

*Counsel for Plaintiff City of Seattle*

(additional counsel listed below)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: KIA Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation* )<br><br>ALL CASES | 8:22-ml-3052-JVS-KES<br><br>**CITY OF SEATTLE'S RESPONSE TO JOINT PRELIMINARY REPORT**<br><br>Date: February 7, 2023<br>Time: 9:00 a.m.<br>Courtroom: 10C |

On January 30, 2023, a Joint Preliminary Report ("JPR") was filed by the Initial Conference Counsel. Dkt. 40. Seattle has reviewed the JPR and responds as follows.

The JPR correctly notes that Seattle is the only governmental entity so far to have filed a complaint related to the Hyundai and Kia defects addressed in this MDL. JPR at 3.

1

1   The JPR is inaccurate as to the date of Seattle's complaint, though. The Complaint

2   was filed on January 23, 2023, not January 24, as stated in the JPR. JPR at 3.

3   Initial Conference Counsel assert that they are opposed to this Court appointing a

4   representative for local governments to leadership in this MDL, though the JPR states

5   that if additional governmental entity complaints are filed, appointment of a

6   representative for local governmental plaintiffs to the Executive Committee may be

7   appropriate. *Id.* Given the nationwide impact of these defects on cities and counties, and

8   based on conversations Seattle officials have had with other communities, Seattle fully

9   expects additional governmental entity complaints to be filed.

10  Governmental entities' unique perspectives on, and harms from, the surge of Kia

11  and Hyundai thefts, warrant appointment of a representative for local governmental

12  plaintiffs. As Seattle's counsel noted in her leadership application of the same date, Dkt.

13  35, governmental entities have been uniquely harmed by the conduct at the heart of this

14  MDL – Hyundai and Kia's refusal to employ basic ignition immobilizer technology –

15  which gives rise to public nuisance claims. As detailed in its complaint, Seattle's public

16  safety concerns, like that of other cities nationwide[1] include: a spiking crime wave

17  including a 363% and 503% increase in thefts of Hyundais and Kias, respectively;

18  impacts on neighborhood safety and City property; impacts on City law enforcement

19

20

21

[1] https://www.wzzm13.com/article/news/crime/gprd-chief-on-teens-stealing-kias-hyundais/69-a89e316b-2fdb-4dd5-8dac-adbce6b71c31; https://www.10tv.com/article/news/crime-tracker/parents-of-teenagers-steal-kias-hyundais-meet-with-central-ohio-authorities/530-f40c3531-cb83-4f6a-99a0-705f6e945beb; https://abc6onyourside.com/news/local/central-ohio-columbus-car-theft-thieves-teenagers-teens-kia-boys-gang-hyundai-vehicles-stealing-trend-juveniles-jail-justice-system-family-mothers-speak-call-out-on-kids-spike-crime-trouble-children.

resources to address youth offenders; and generally increased costs for the City related to the increased thefts and associated issues.

The nature of this problem is such that the harms go far beyond the consumer losses at issue in private plaintiffs' claims, and it is municipal governments like Seattle who are forced to respond to the downstream consequences of Kia and Hyundai's conduct. As this problem continues to spread, some major insurance carriers have announced they will no longer insure these vehicles, which may have still more far-reaching consequences on public safety and welfare through a sharp increase in the number of uninsured motorists.[2]

The JPR indicates that one or more parties might oppose transfer of Seattle's case into the MDL. But if one or more oppositions are filed and the Panel decides that governmental entity cases like Seattle's belong in the MDL, Seattle firmly believes that these entities' distinct voices should be heard in the leadership to ensure that the public nuisance claims are fully prosecuted and that any remedies address the full scope of harms experienced by governmental entities. Courts in the JUUL and Opioids MDLs have recognized both the importance and distinctness of governmental entity cases, and for these reasons, have appointed counsel for the governmental entities as co-leads. *See* Order Appointing Plaintiffs' Leadership and Steering Committee Members; *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.,* (N.D. Cal.), ECF 341; Case Management Order One, *In re National Prescription Opiate Litigation*, No. 1:17-md-

---

[2] https://www.usatoday.com/story/money/cars/2023/02/01/progressive-state-farm-drop-hyundai-kia-insurance/11153762002/

02804-DAP (N.D. Ohio), ECF 232. If the Court is disinclined to create a co-lead

position for the governmental entities, we would urge, at minimum, that a governmental

entity track in this important MDL should be established as soon as the transfer issue is

resolved by the Panel, and leadership of that track should then be appointed promptly.

DATED this 2nd day of February, 2023.

KELLER ROHRBACK L.L.P.


By */s/ Gretchen Freeman Cappio*
    Gretchen Freeman Cappio (*pro hac vice*)
    Dean Kawamoto
    Derek W. Loeser
    Ryan McDevitt
    Alison Gaffney
    Felicia J. Craick
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101-3052
    Telephone: (206) 623-1900
    Fax (206) 623-3384
    gcappio@kellerrohrback.com
    dkawamoto@kellerrohrback.com
    dloeser@kellerrohrback.com
    rmcdevitt@kellerrohrback.com
    agaffney@kellerrohrback.com
    fcraick@kellerrohrback.com

    *Counsel for Plaintiff City of Seattle*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 2, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, including counsel for Defendants.


*/s/ Gretchen Freeman Cappio*
Gretchen Freeman Cappio

4862-3746-6702, v. 1