Gretchen Freeman Cappio
gcappio@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384

*Chair of the Governmental Entities Committee*
(additional counsel listed below)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: KIA Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation* )<br><br>GOVERNMENTAL ENTITY CASES ) | 8:22-ml-3052-JVS-KES<br><br>**RESPONSE TO JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: March 13, 2023<br>Time: 8:00 a.m.<br>Place: 411 W. Fourth Street,<br>　　　Santa Ana, CA 92701<br>　　　Courtroom: 10C |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

TABLE OF CONTENTS

I.      GENERAL MATTERS ..................................................................1

        A.      Overview of Governmental Entity Case Filings ........................................1

        B.      Briefing on the Governmental Entities' Conditional Transfers Before the
                JPML .................................................................................3

II.     RELEVANT SCHEDULING ORDER DISTINCTIONS ...................................4

        A.      Consolidated Complaint...................................................................5

        B.      Direct Filing of Actions into the MDL...................................................6

        C.      Timekeeping ...............................................................................6

III.    MOTION PRACTICE FOR THE GOVERNMENTAL ENTITIES...................6

IV.     DISCOVERY FOR GOVERNMENTAL ENTITIES .....................................7

        A.      Scope of Discovery that May Be Needed...............................................7

        B.      Protective Order...........................................................................8

        C.      Orders for the Preservation of Documents .............................................8

        D.      Document Depository ....................................................................8

        E.      Changes to the Limitations on Discovery Imposed by the Federal Rules ....
                .............................................................................................9

V.      SETTLEMENT .........................................................................9

VI.     CONCLUSION ...........................................................................9

i

Pursuant to the Court's Order No. 2: Adoption of Organization Plan and Appointment of Counsel ("Order" or "CMO 2") dated February 9, 2023, undersigned counsel, the Chair of the Governmental Entities Committee, respectfully submits the following response to the Joint Case Management Statement ("CMS")[1] on behalf of the Governmental Entities Committee (the "GE Committee").

## I. GENERAL MATTERS

### A. Overview of Governmental Entity Case Filings

At the February 7, 2023 Initial Conference, the Chair of the GE Committee noted that "it takes time for governmental entities to file suit" and that the Court could expect to soon see more complaints from governmental entities ("GEs") "trickle in."[2] As of the filing of the instant pleading, in addition to Seattle's complaint, the GE Committee is aware of three related cases brought on behalf of GEs against Defendants filed by the cities of Columbus, Ohio; Cleveland, Ohio; and Cincinnati, Ohio.[3] All three complaints raise public nuisance causes of action related to the rampant vehicle theft in their respective cities as a result of Defendants' conduct.[4]

---

[1] As noted in the Case Management Statement, ECF No. 60 at 13, n.7, the GE Committee Chair separately conferred with counsel for Defendants and the Consumer Class Action Leadership Committee regarding the GE Committee's intention to file a response to the Joint Case Management Statement and for Ms. Cappio to appear at the March 13 conference on behalf of the GE Committee.
[2] Tr. at 63:20–23 (Feb. 7, 2023).
[3] Of the GE complaints on file thus far, undersigned counsel has been retained by the Cities of Seattle, Washington; Cincinnati, Ohio; and Cleveland, Ohio.
[4] *See City of Columbus v. Kia America, Inc. et al.*, No. 2:23-cv-654, ECF No. 3 (S.D. Ohio Feb. 16, 2023); *City of Cleveland v. Hyundai Motor America et al.*, No. 2:23-cv-01713, ECF No. 1 (C.D. Cal.

1    The Joint Panel on Multidistrict Litigation ("JPML") conditionally transferred

2    both Seattle's and Columbus's cases to this Court. Defendants subsequently filed notices

3    of opposition to the transfer of both cases. The City of Seattle will vigorously oppose

4    Defendants' motion to vacate the conditional transfer order and will file its response by

5    March 13, 2023. The Chair of the GE Committee has also been informed that Counsel

6    for the City of Columbus will likewise oppose any motion to vacate the conditional

7    transfer order in their case.

8    In addition to the four GE cases filed thus far, undersigned counsel has received

9    client consent to report that the following GEs anticipate filing complaints shortly:

10   Buffalo, New York and Madison, Wisconsin. News reports indicate that at least two

11   other municipalities have contemplated the possibility of filing suit against Hyundai and

12   Kia for failing "to mitigate the public nuisance [they] created" by manufacturing cars

13   that were so susceptible to vehicle theft.[5]

14

15

16

17

18   Mar. 7, 2023); and *City of Cincinnati v. Hyundai Motor America et al.*, No. 2:23-cv-01750, ECF No. 1 (C.D. Cal. Mar. 8, 2023).

19   [5] Christine Byers, *Investigations*, *St. Louis threatens to sue Hyundai and Kia over theft epidemic*, KSDK (August 29, 2022, 5:00 AM), https://www.ksdk.com/article/news/investigations/st-louis-threatens-to-sue-hyundai-kia-over-theft-epidemic/63-ba297b2b-e09d-4087-a3ed-00960f7815b7; *see*

20   *also* Adam Rife, *City of Milwaukee considering lawsuit against Kia and Hyundai tied to the rash of car thefts*, CBS 58 (January 20, 2023, 8:33 PM), https://www.cbs58.com/news/city-of-milwaukee-considering-lawsuit-against-kia-and-hyundai-tied-to-the-rash-of-car-thefts (quoting Alderman

21   Jonathan Brostoff that Defendants have "to take responsibility and step up, and [Milwaukee] need[s] to fight for our role in this because we're getting hurt, we're getting hurt real bad").

1

**B.     Briefing on the Governmental Entities' Conditional Transfers Before the JPML**

2

3         On January 30, 2023, the JPML conditionally transferred the City of Seattle's case

4  from the Western District of Washington to this Court.[6] Defendants oppose the JPML's

transfer of Seattle's case to the instant litigation[7] and recently moved to vacate the

5  conditional transfer order. Given the abundant factual overlap and related efficiencies,

6  the GE cases should be consolidated in this MDL, as Seattle will explain in detail when

7  it files its response by March 13, 2023. Defendants' reply, if any, is due by March 20,

8  which will ensure briefing on Defendants' motion will be complete before the JPML's

9  next hearing, which is scheduled for March 30, 2023.[8] Defendants also filed their notice

10 of opposition to the conditional transfer order of Columbus's case on March 3, 2023, and

11 briefing will be complete by April 17, 2023.[9]

12        Defendants' opposition to the consolidation of Seattle's and Columbus's cases

13 into this MDL is no reason to vacate this Court's schedule.[10] Rather, there are at least

14 three separate and independent reasons to continue the trajectory this Court set for the

15 GE track. First, this Court has already recognized the need for a GE track, both at the

16

17

18 _____

[6] MDL No. 3052, ECF No. 124.

19 [7] On February 2, 2023, four days before Defendants filed their notice of opposition to the conditional
   transfer order, Plaintiff City of Seattle acknowledged the possibility of such an opposition. *See* ECF
   No. 43 at 3 (noting that Seattle's case "may be opposed by one or more parties before the JPML").

20 [8] The CMS states, without citing to the JPML docket, that the opposition to Seattle's conditional
   transfer order will not be heard at the upcoming March 30, 2023 hearing session.

21 [9] MDL No. 3052, ECF No. 140.

[10] ECF No. 60 at 13 (asking "that any orders affirmatively setting any deadlines for the governmental
   entity cases . . . be vacated").

3

February 7 Initial Conference and in the Court's subsequent Order.[11] Second, as the GE Plaintiffs' complaints make clear, there is a crime wave of stolen Hyundais and Kias affecting communities across this country and, thus, an urgent need to resolve this litigation to protect public safety.[12] Given the time sensitivity, Seattle may ask the JPML to rule on an expedited basis to finalize consolidation of the GE cases with the MDL.[13] Third, additional GE complaints have already been filed in the Central District of California, including complaints for the cities of Cleveland and Cincinnati, and more complaints are expected to be filed shortly. Cleveland and Cincinnati have noted their cases as potential tag-along actions with the JPML and expect their cases to be conditionally transferred into the MDL. These GE actions will all need to be coordinated. Given the emergent needs of the cities already on file, as well as the recognition that more GE complaints will be filed in the near future, there is no reason to delay progress of the GE case track.

## II.    RELEVANT SCHEDULING ORDER DISTINCTIONS

Overall, the GE Committee can accept the schedule and general approach advocated by the Class Plaintiffs in the CMS, with the understanding that the GEs will

---

[11] CMO 2, ECF No. 50 at 2 (creating a "Governmental Entities Committee consisting of one member, but subject to expansions if more Governmental cases are added to the docket").

[12] ECF No. 43 at 2 (Response by City of Seattle to Joint Preliminary Report describing the public safety concerns cities are facing nationwide, "including a spiking crime wave [with] a 363% and 503% increase in thefts of Hyundais and Kias, respectively; impacts on neighborhood safety and City property; impacts on City law enforcement resources to address youth offenders; and generally increased costs for the City related to the increased thefts and associated issues").

[13] Seattle may file a motion for expedited consideration of Defendants' motion to vacate, pursuant to Panel Rule 6.3(a). The Panel may act upon such a motion, "at any time, without waiting for a response." Panel Rule 6.3(b).

not be moving for class certification. Some aspects of the GE schedule may therefore be expedited. Below, in anticipation of the JPML's ruling on the consolidation of the GE complaints, the GE Committee provides a short summary with preliminary thoughts on some topics in the CMS.

**A.      Consolidated Complaint**

Provided that another GE complaint was filed before March 26, 2023, the Court ordered the GE Committee to file a Consolidated Governmental Entities Complaint on or before April 10, 2023, along with a stipulation for briefing and hearing any Federal Rule of Civil Procedure ("Rule") 12 challenge or other challenges to the Complaint.[14] Three other GE complaints have already been filed, two of which are in the Central District of California, and further GE complaints are expected before March 26. Accordingly, the GE Committee is prepared and intends to meet the deadline set by the Court in CMO 2 to file a Consolidated Governmental Entities Complaint. The GE Committee stands ready to meet and confer with Defendants regarding a schedule for briefing and hearing any Rule 12 or other challenges to that Complaint.

Additionally, the GE Committee will be prepared to identify by April 12, 2023, the GEs whose claims should be prioritized for briefing as part of any motion to dismiss. After any motions to dismiss are decided, the GE Committee anticipates the selection of bellwethers to assist the parties and the Court to resolve the GE cases expediently and efficiently.

---

[14] CMO 2, ECF No. 50 at 4.

**B.      Direct Filing of Actions into the MDL**

The GE Committee respectfully suggests that the Court enter a Direct Filing Order if and when the JPML consolidates the GE cases with this MDL. Doing so will promote judicial efficiency and eliminate potential delays associated with the transfer to this Court of actions filed in or removed to other federal district courts.

**C.      Timekeeping**

The GE Committee will follow the Court's instructions in CMO 2 regarding the creation and maintenance of records sufficient to make and support a lodestar showing.[15] After the JPML rules on the consolidation of the GE cases, undersigned counsel will submit a proposed Common Benefit Order.

### III.    MOTION PRACTICE FOR THE GOVERNMENTAL ENTITIES

There are no pending motions against the City of Seattle in the Western District of Washington, nor against the City of Columbus in the Southern District of Ohio. However, as discussed above, Defendants filed oppositions to the transfer of Seattle's and Columbus's cases to this Court with the JPML. As noted above, Defendants have filed a Motion to Vacate the Conditional Transfer Order for Seattle and noticed their opposition to the transfer of Columbus's action to this Court.[16]

---

[15] ECF No. 50 at 5 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

[16] MDL No. 3052, ECF Nos. 133, 139.

## IV.   DISCOVERY FOR GOVERNMENTAL ENTITIES

**A.   Scope of Discovery that May Be Needed**

The GE Committee anticipates that much of the offensive discovery that the GE Plaintiffs will seek from Defendants will overlap with the discovery that Class Plaintiffs will pursue.[17] Below, the GE Committee lists a few topics on which it presently anticipates seeking discovery beyond the subjects that the Class Plaintiffs have identified; this list is by no means exhaustive:

- Defendants' communications with GEs;
- Studies and research conducted or accessed by Defendants on the impacts of widespread vehicle thefts to GEs;
- Defendants' communications regarding widespread vehicle thefts experienced in GEs' communities;
- Defendants' communications with their dealer network regarding widespread vehicle thefts experienced in GEs' communities;
- Defendants' communications with insurance companies and other third parties regarding widespread vehicle thefts experienced in GEs' communities;
- Post-market surveillance including customer complaints and adverse events;
- Defendants' decision to install engine immobilizers in all of their vehicles for Canadian and European markets and Defendants' decision and reasoning for not installing engine immobilizers in those same vehicles in the U.S.;
- Defendants' lobbying efforts related to motor vehicle safety standards; and
- Sales and revenue information relating to the Affected Vehicles.

---

[17] Like the Class Plaintiffs, the GE Committee will seek discovery on the topics of evidence discussed in the CMS. *See* ECF No. 60 at 18–21 (discussing categories of discovery related to the design and manufacture of the Affected Vehicles; the timing, nature, and extent of Defendants' knowledge of the alleged defect(s) and increased risk of theft for those Affected Vehicles; and other broad matters related to Defendants' conduct).

**B.     Protective Order**

The CMS states that the parties are "working together to develop and submit a Stipulated Protective Order."[18] The GE Committee looks forward to coordinating with Defendants and Class Plaintiffs going forward and will reserve its position on a protective order until future coordination has occurred.

**C.     Orders for the Preservation of Documents**

The Court entered an Order Granting the Parties Stipulation to Extension of Time to Submit a Proposed Preservation Order.[19] The parties' proposed preservation order is due by March 9, 2023. At this time, the GE Committee has not had access to drafts of any proposed preservation order. The GE Committee remains ready to coordinate with the other parties and will reserve its position on any preservation order until future coordination has occurred.

**D.     Document Depository**

The GE Committee respectfully disagrees with the position of the Defendants and Class Plaintiffs in the CMS regarding the use of a document depository. Given that the Court will be dealing with different types of cases with considerable overlapping fact discovery, a document depository will be an important organizational resource to ensure the efficient and effective management of these cases in keeping with Rule 1.

---

[18] ECF No. 60 at 27.
[19] ECF No. 59.

**E.    Changes to the Limitations on Discovery Imposed by the Federal Rules**

The GE Committee agrees with Class Plaintiffs that this case warrants an increase from the presumptive limits on the number of depositions provided in Rule 30. The GE Committee proposes to meet and confer with Defendants and will liaise with the Class Plaintiffs to determine the appropriate number of depositions, the timing and length of depositions, and the manner in which depositions are to be conducted. The GE Committee proposes that Defendants' depositions be cross-noticed between tracks for the convenience of the parties and deponents.

**F.    Scheduling Considerations**

Similar to the GE Committee's compliance with this Court's CMO 2, the GE Committee stands ready to meet and confer with Defendants regarding scheduling at the appropriate time as ordered by the Court.

## V.    SETTLEMENT

The CMS states that "the parties have agreed to mediate under the auspices of the Honorable Margaret Morrow (ret.)."[20] The GE Committee looks forward to coordinating with Judge Morrow and the other parties regarding mediation and settlement discussions.

## VI.    CONCLUSION

There is an ongoing public safety crisis sweeping the GEs' communities. The public nuisances that resulted from these crises stem from the same or similar conduct

---

[20] ECF No. 60 at 29.

alleged by the Class Plaintiffs. As the City of Seattle will explain to the JPML, these overlapping factual issues are a compelling reason why its case and the other GE actions should be consolidated with this MDL. And because there is an ongoing threat to public safety, and in the interest of Rule 1, Defendants' request to delay the GE case track should be denied. The GE Committee is prepared to meet the existing case schedule and intends to work cooperatively with the other parties to efficiently and expeditiously litigate and hopefully resolve these cases.

DATED this 8th day of March, 2023.

KELLER ROHRBACK L.L.P.

By */s/ Gretchen Freeman Cappio*
    Gretchen Freeman Cappio
    Chair of the Governmental Entities
    Committee

    Dean Kawamoto
    Derek W. Loeser
    Ryan McDevitt
    Alison Gaffney
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101-3052
    Phone: (206) 623-1900
    Fax: (206) 623-3384
    gcappio@kellerrohrback.com
    dloeser@kellerrohrback.com
    dkawamoto@kellerrohrback.com
    rmcdevitt@kellerrohrback.com
    agaffney@kellerrohrback.com

1

## **CERTIFICATE OF SERVICE**

2  I hereby certify that on March 8, 2023, I electronically filed the foregoing

3 document with the Clerk of the Court using the CM/ECF system which will send

4 notification of such filing to all counsel of record, including counsel for Defendants.

5

6          */s/ Gretchen Freeman Cappio*
          Gretchen Freeman Cappio

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21