# **EXHIBIT A**

| | |
|---|---|
| 1 | Steve W. Berman, Esq. |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 1301 Second Avenue, Suite 2000 |
| 3 | Seattle, WA 98101 |
| 4 | |
| 5 | *Consumer Class Action Leadership Counsel and Counsel for Plaintiffs* |
| 6 | *(Additional counsel on signature page of Joint Case Management Statement)* |
| 7 | |
| 8 | Peter J. Brennan, Esq. |
| 9 | JENNER & BLOCK LLP |
| | 353 North Clark Street |
| 10 | Chicago, IL 60654-3456 |
| 11 | *Counsel for Defendants* |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ML-3052-JVS(KESx) |
| | The Honorable James V. Selna |
| | **[PROPOSED] ORDER IMPLEMENTING JOINT CASE MANAGEMENT STATEMENT** |
| This document relates to: ALL CASES | Date: March 13, 2023 |
| | Time: 8:00 a.m. |
| | Place: 411 W. Fourth Street, Santa Ana, CA 92701 Court Room 10C |

[Proposed] Case Management Order

Before the Court is the Joint Case Management Statement filed pursuant to Order No. 2: Adoption of Organization Plan and Appointment of Counsel (the "Order"). Pursuant to the Order, "the Leadership Committee and Kia/Hyundai [were to] file a proposed order implementing the report." Order 3. Having considered the Joint Case Management Statement, the parties' arguments and alternative proposals in the case of disputes, and the other records and files in this case, and good cause appearing:

The Court hereby **APPROVES** the proposed schedule and **ORDERS** as follows:

A. <u>Pretrial Consolidation and Coordination</u>

1. Any related or "tag-along" actions that have become a part of this proceeding by virtue of being instituted in, removed to, reassigned to, and/or transferred to this Court (including, without limitation, cases transferred pursuant to the Local Rules, 28 U.S.C. § 1404(a), or 28 U.S.C. § 1407) will automatically be consolidated or coordinated with this proceeding without the necessity of future motions or orders.

2. This Order is without prejudice to the right of any party to argue for or against consolidation or coordination for purposes of trial, and shall not make any entity a party to any action in which the entity has not been named, served, and/or added in accordance with the Federal Rules of Civil Procedure (the "Rules"). The terms of this Order, previous orders, and subsequent orders, unless specified otherwise, shall apply automatically to all consolidated or coordinated cases, including cases that later become a part of this proceeding. Should parties in any subsequently filed or transferred action wish to object to the terms of this Order, they must do so within twenty (20) days of the receipt of this Order from the Leadership Committee.

1

[Proposed] Case Management Order

B. <u>Consolidated Amended Consumer Class Action Complaint</u>

    1.    Plaintiffs shall file their Consolidated Amended Consumer Class Action Complaint (the "Consolidated Complaint") on or before April 10, 2023. The Consolidated Complaint shall synthesize the facts, class definitions, and causes of action alleged in the actions constituting this MDL.

| **PLAINTIFFS' POSITION** | **DEFENDANTS' POSITION** |
|---|---|
| The Consolidated Complaint shall represent the best judgment of Plaintiffs' counsel as to the claims that should be included in the actions constituting this MDL and the manner in which those claims should be pled. It is premature for the Court to enter any Order regarding the required scope of allegations or claims to be included. | The Consolidated Complaint shall represent the best judgment of Plaintiffs' counsel as to the claims that should be included in the actions constituting this MDL and the manner in which those claims shall be pled, and it shall make clear the causes of action (and corresponding allegations) pursued in the actions constituting this MDL.  Should the Consolidated Complaint decline to pursue any, such causes of action (and corresponding allegations) shall be considered abandoned.<br><br>The Consolidated Complaint shall be structured in such a way that, should this Court enter final judgment in any of the actions, the affected Plaintiff(s) and corresponding action(s) shall be readily identifiable. |

2

[Proposed] Case Management Order

| | |
|---|---|
| | The Consolidated Complaint shall include allegations sufficient to sustain the claims, including but not limited to information identifying: each Plaintiff's vehicle's make, model, model year, and trim level; the date of purchase or lease; the seller or lessor (i.e., private party, new vehicle dealer, pre-owned vehicle dealer, etc.); the geographical place of purchase or lease; whether the vehicle was obtained new or pre-owned; if leased, the length and outcome of that lease; Plaintiff's state of primary residence at the time of purchase or lease; the written or oral statements reviewed and/or relied upon prior to purchase or lease, if any; and whether the vehicle has been sold, traded in, or otherwise disposed of, including the date of disposition and any sale or trade in price. |

C. <u>Coordination with State Actions and Other Actions</u>

    1.    Because no governmental entity action has been transferred by the United States Judicial Panel on Multidistrict Litigation (the "JPML") pursuant to 28 U.S.C. § 1407 and therefore no such action is currently before this Court, the Court hereby **VACATES** any orders affirmatively setting any deadlines for governmental entity actions, including but not limited to any deadlines set by the

3

[Proposed] Case Management Order

Order for a consolidated government entities complaint and briefing stipulation or for any Rule 12 motion. Any deadlines shall be reset if and when any governmental entity action is transferred to the MDL. If any governmental entity action is transferred, the Leadership Committee and Defendants' Counsel shall meet and confer regarding any needed deadlines.

D. <u>Rule 12 Motion to Dismiss Briefing Schedule</u>

1. In their Rule 12 Motion to Dismiss the Consolidated Complaint, Defendants shall brief the law of six (6) representative states. Plaintiffs shall select three (3) states and Defendants shall select three (3) states. Plaintiffs shall provide Defendants with Plaintiffs' selection of three (3) states on or before April 12, 2023. Defendants shall file their Rule 12 Motion to Dismiss on or before May 17, 2023. Defendants shall have fifty (50) pages for their opening brief.

2. Plaintiffs shall respond to that Motion to Dismiss on or before June 14, 2023. Plaintiffs shall have fifty (50) pages for their responsive brief.

3. Defendants shall reply in support of their Motion to Dismiss on or before July 7, 2023. Defendants shall have twenty-five (25) pages for their reply brief.

4. The Court shall hear oral argument thereafter—if the schedule allows, in conjunction with a monthly status conference.

5. No other motions to dismiss, answers, or other responses shall be required unless and until the Court orders otherwise. Defendants reserve their rights to move to dismiss as to the remaining states and Plaintiffs reserve their rights to seek leave to amend.

6. Within two (2) weeks of the Court's decision on Defendants' Rule 12 Motion to Dismiss on the representative states, the parties shall meet and confer and Plaintiffs shall inform Defendants of Plaintiffs' decision to seek to amend the Consolidated Complaint. In the event that Plaintiffs do not amend their Consolidated Complaint, Defendants will file any additional motions to dismiss

4

[Proposed] Case Management Order

four (4) weeks thereafter. The Court shall set a briefing schedule similar to that set forth above after considering any suggestions from the parties.

E. Motion for Class Certification Briefing Schedule

    1. Plaintiffs shall move for class certification and provide any expert reports related to class certification on or before May 19, 2024, but no earlier than six (6) months after the Court completes ruling on any and all Rule 12 Motions to Dismiss.

    2. Defendants shall respond and provide any expert reports related to class certification on or before July 21, 2024.

    3. Plaintiffs shall reply in support of their Motion for Class Certification and provide any rebuttal expert reports related to class certification on or before August 18, 2024.

    4. The Court shall hear oral argument thereafter.

F. Dispositive Motion Briefing Schedule

    1. Any dispositive motions shall be filed six (6) months after the Court's decision on the Motion for Class Certification to allow for notice and opt outs before any such motions are filed.

    2. Responses to those dispositive motions shall be filed six (6) weeks thereafter.

    3. Replies in support of those dispositive motions shall be filed four (4) weeks thereafter.

    4. The Court shall hear oral argument thereafter.

G. Initial Disclosures

    1.

| PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|
| The parties shall exchange initial disclosures as provided for under Rule 26(a)(1) on or before April 14, 2023. | The Court is in agreement with Defendants that full compliance with Rule 26(a)(1) is not appropriate in light |

5
[Proposed] Case Management Order

| | |
|---|---|
| The exchange will ensure the Parties' mutual access to basic foundational information without delay and with minimal burden. | of the circumstances of these cases. The parties shall exchange limited Initial Disclosures on or before April 14, 2023. Defendants shall exchange categories of individuals and documents or information on or before April 14, 2023, following the filing of the Consolidated Complaint. |

H. <u>Discovery</u>

    1.

| **PLAINTIFFS' POSITION** | **DEFENDANTS' POSITION** |
|---|---|
| Discovery may commence following the exchange of initial disclosures provided in Section G.1, above. | Discovery shall commence following the Court's decision(s) on Defendants' Rule 12 Motion(s) to Dismiss. |

    2.    In the early phases, discovery should be conducted with a focus on class discovery.

    3.    Class discovery shall be completed on or before May 1, 2024.

    4.    Fact discovery shall be completed on or before August 30, 2024.

    5.    As outlined above, Plaintiffs shall provide any expert reports related to class certification on or before May 19, 2024, but no earlier than six (6) months after the Court completes ruling on any and all Rule 12 Motions to Dismiss.

    6.    Defendants shall provide any expert reports related to class certification on or before July 21, 2024.

    7.    Plaintiffs shall provide any rebuttal expert reports related to class certification on or before August 18, 2024.

[Proposed] Case Management Order

8. The Court shall set a schedule for any Rule 26(a)(2) liability expert disclosures and expert reports following its decision on Plaintiffs' Motion for Class Certification.

I. Proposed Timetable Schedule

| Event | Deadline |
|---|---|
| Parties to Exchange Limited Initial Disclosures Pursuant to Rule 26(a) | April 14, 2023 |
| Deadline to File Consolidated Consumer Class Action Complaint | April 10, 2023 |
| Plaintiffs to Provide 3 State Selection | April 12, 2023 |
| Deadline for Defendants to File Motions Described Above to Dismiss Consolidated Consumer Class Action Complaint | May 17, 2023 |
| Plaintiffs' Opposition to any Motion to Dismiss | June 14, 2023 |
| Defendants' Replies in Support of Motion to Dismiss As Described Above | July 7, 2023 |
| Hearing on Motion to Dismiss As Described Above | To Be Decided by Court |
| Substantial Completion of Rolling Production of Documents | February 1, 2024 |
| Plaintiffs to Move for Class Certification and Provide any Expert Reports Related to Class Certification | May 19, 2024 but no earlier than 6 months after the Court completes ruling on all Rule 12(b)(6) motions |
| Defendants to File Any Opposition to Class Certification and Provide any Expert Reports Related to Class Certification | July 21, 2024 |
| Plaintiffs to File Reply in Further Support of Class Certification and any Rebuttal Expert Reports Related to Class Certification | August 18, 2024 |
| Hearing on Motion for Class Certification | To Be Decided by Court |
| Completion of Class Discovery | May 1, 2024 |
| Completion of Fact Discovery | August 30, 2024 |

| Event | Deadline |
|---|---|
| Deadline to File Dispositive Motions | 6 months after Court's decision granting the certification of any proposed class to allow for notice and opt outs or otherwise 3 months after Court's class certification decision but no earlier than 30 days after the completion of Expert Discovery |
| Deadline to File Oppositions to Dispositive Motions | Six Weeks After Filing of Dispositive Motions |
| Deadline to File Replies for Dispositive Motions | Four Week After Filing of Oppositions |
| Hearing on Dispositive Motions | To Be Decided by Court |
| Trials | To Be Decided by Courts to Which Cases are Remanded |

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
The Honorable James V. Selna
United States District Judge

[Proposed] Case Management Order