# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Case No.: 8:22-ML-3052 JVS(KESx)<br><br>**ORDER NO. 3: PRESERVATION ORDER** |

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order applies only to the actions currently consolidated as part of this MDL, Case No. 8:22-ML-3052 JVS(KESx).

2. This Order shall supersede the prior Order(s) of the Court regarding preservation, including Order No. 1: Initial Conference, entered on December 22, 2022.

3. This Order and all provisions and obligations therein apply equally to Plaintiffs (as defined below) and Defendants (as defined below) (collectively the "Parties") unless expressly stated otherwise.

4. "Plaintiff(s)" shall mean each Plaintiff in any case consolidated as part of this MDL that has not been dismissed from the MDL.

5. "Defendants" shall mean Hyundai Motor America, Kia America, Inc., and Hyundai America Technical Center, Inc.[1]

6. "Subject Vehicle(s)" means a Class Vehicle owned or leased by a Plaintiff.

7. "Class Vehicle" means Hyundai and Kia branded vehicles from the 2011 model year through the 2022 model year that do not contain an engine immobilizer.

8. "Subject Incident" means the theft or attempted theft of a Class Vehicle owned or leased by a Plaintiff.

9. "Class Incidents" means the thefts or attempted thefts of Class Vehicles.

10. This Order addresses the preservation of documents, tangible things, and electronically stored information ("ESI"), as defined by Federal Rule of Civil Procedure 34(a)(1)(A) (hereinafter "Documents"). This Order does not expand the preservation requirements under the Federal Rules of Civil Procedure. This Order does not address various protocols with respect to ESI, including the search for and production of ESI.

11. The Parties shall preserve all Documents that are discoverable within the meaning set forth in Federal Rule of Civil Procedure 26(b)(1).

---

[1] The parties advised the Court at the March 13, 2023 status conference that they anticipate adding foreign parents and releated entities once they appear.

12. As used in this Order, "preservation," "preserve," and "preserving" mean taking reasonable care to prevent the partial or full destruction, alteration, deletion, erasure, otherwise making inaccessible, damage, shredding, incineration, or wiping of Documents that are discoverable within the meaning set forth in Federal Rule of Civil Procedure 26(b)(1) that are in a Party's possession, custody, or control at the time this Order is entered.

13. Documents that are discoverable within the meaning set forth in Federal Rule of Civil Procedure 26(b)(1) concern the design, testing, development, manufacturing, marketing, and sale of the Class Vehicles, including but not limited to the documents described in Attachment 1. This Order does not limit or determine the relevance, discoverability or admission into evidence of any Documents.

14. The Parties shall make reasonable efforts to identify any and all individuals whom they reasonably expect to possess or have custody or control of relevant Documents, and to notify such individuals of their duties and obligations to preserve the Documents.

15. If any disputes arise under the provisions of this Order, the Parties are directed to meet and confer prior to applying to the Court for relief from this Order.

## ORDER

Good cause appearing, the Court hereby approves this Preservation Order.

**IT IS SO ORDERED.**

Dated: March 13, 2023

_____
The Honorable James V. Selna
United States District Judge

# ATTACHMENT 1

The Documents to be retained pursuant to the terms and conditions of this Order include the following items. This list is non-exhaustive, and is meant as a guide to assist in the Parties' retention obligations. The general categories are for organizational purposes and are not intended to limit in any way the Parties' retention obligations.

**Subject Vehicles and Subject Incidents**

1. Documents relating to any Subject Incidents, including police reports, insurance claim documents, video or audio recording of theft or attempted theft or after theft or attempted theft, photographs of the Subject Vehicle before and after theft or attempted theft, and photographs of property damaged or lost as a result of theft or attempted theft of the Subject Vehicle.

2. Documents reflecting the purchase, lease, receipt, repair, maintenance, modification, or sale of any Subject Vehicle.

3. Documents reflecting lease payments and financing of the Subject Vehicles.

4. Documents reflecting Plaintiffs' efforts to sell the Subject Vehicles, including advertising and trade-in efforts, offers made or accepted, and trade-in values obtained or quoted.

5. Documents reflecting any costs of Subject Vehicle repairs, stolen or damaged personal property as a result of a Subject Incident, or expenses for alternative transportation as a result of a Subject Incident.

**Communications and Other Writings**

6. Documents reflecting any Party's communications (including letters, submissions, presentations, testing, video, written materials, summaries, and other materials) to and from any state or federal government or regulatory agency, including NHTSA, regarding the Class Incidents and/or the Class Vehicles' anti-theft systems.

7. Owner's manuals for the Class Vehicles.

8. Technical bulletins, parts lists, and shop manuals applicable to the Class Vehicles to the extent they relate to the Class Incidents and/or the Class Vehicles' anti-theft systems.

9. Documents reflecting Defendants' response(s) when they learned of increased Class Incidents.

10. Documents reflecting Defendants' decision as to whether and when to mail notice to owners, purchasers, and lessees of Class Vehicles advising of increased Class Incidents, and/or the availability of any software update.

11. Documents relating to any governmental investigation or inquiry concerning increased Class Incidents.

**Design and Testing of the Class Vehicles**

12. Documents regarding the development of the Class Vehicles, including alternative and competitive product designs and programs, that relate to anti-theft systems including engine immobilizer technology and vehicle alarm systems.

13. Documents regarding design, testing, and analysis of the Class Vehicles' anti-theft systems.

14. Documents reflecting the design, implementation, and manufacture of the Class Vehicles' anti-theft systems.

15. Documents regarding the steering column, ignition cylinder, and/or antenna coil in the Class Vehicles to the extent that they are relevant to the Class Incidents.

16. Failure Modes and Effects Analyses (FMEA) or other similar analyses of the Class Vehicles' anti-theft systems.

17. Copies of all claims of anti-theft system failure or inadequacy that have been made involving Class Vehicles.

18. Documents regarding the feasibility of updating, repairing, fixing, or adding anti-theft systems to Class Vehicles. This includes the potential cost or effectiveness of possible remedies, including but not limited to any software updates.

**Marketing, Advertising, and Warranties**

19. Documents reflecting customer surveys done by or at the direction of Defendants regarding the Class Vehicles to the extent they are relevant to the Class Incidents and/or the Class Vehicles' anti-theft systems.

20. Documents reflecting the Defendants' marketing and promotional efforts regarding the Class Vehicles to the extent they are relevant to the Class Incidents and/or the Class Vehicles' anti-theft systems.

21. Defendants' communications with dealers regarding the Class Vehicles' anti-theft systems, including the engine immobilizer and vehicle alarm system.

22. Documents concerning the Class Vehicles or Subject Vehicles that were reviewed by any Plaintiff prior to the filing of that Plaintiff's lawsuit.