1

2

3

4              UNITED STATES DISTRICT COURT

5             CENTRAL DISTRICT OF CALIFORNIA

6                    SOUTHERN DIVISION

7                        - - -

8      THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

9

       IN RE:  KIA HYUNDAI         ) CERTIFIED TRANSCRIPT
10     VEHICLE THEFT MARKETING,    )
       SALES PRACTICES, AND        )
11     PRODUCTS LIABILITY          )    SAML-22-03052-JVS
       LITIGATION                  )
12     --------------------------)

13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                Santa Ana, California

17                  March 13, 2023

18

19                  SHARON A. SEFFENS, RPR
                    United States Courthouse
20                  411 West 4th Street, Suite 1-1053
                    Santa Ana, CA  92701
21                  (612) 804-8655

22

23

24

25

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiffs:

 3   STEVE W. BERMAN
     HAGENS BERMAN SOBOL SHAPIRO, LLP
 4   1301 Second Avenue, Suite 2000
     Seattle, WA 98101
 5   (206) 623-7292

 6   ELIZABETH A. FEGAN
     FEGAN SCOTT, LLC
 7   150 South Wacker Drive, 24th Floor
     Chicago, IL 60606
 8   (312) 741-1019

 9   KENNETH B. MCCLAIN
     HUMPHREY, FARRINGTON & MCCLAIN, PC
10   221 West Lexington, Suite 400
     Independence, MO 64051
11   (816) 836-5050

12   For Plaintiffs CITY OF SEATTLE; CITY OF CLEVELAND.
               CITY OF CINCINNATI
13
     GRETCHEN FREEMAN CAPPIO
14   RYAN MCDEVITT
     KELLER ROHRBACK, LLP
15   1201 Third Avenue, Suite 3200
     Seattle, WA 98101
16   (206) 623-1900

17   For the Defendants:

18   PETER J. BRENNAN
     JENNER & BLOCK, LLP
19   353 North Clark Street
     Chicago, IL 60654-3456
20   (312) 222-9350

21   MADELINE P. SKITZKI
     JENNER & BLOCK, LLP
22   515 South Flower Street, Suite 3300
     Los Angeles, Ca 90071-2246
23   (213) 239-2284

24

25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

|      |    |                                                                  |
|------|----|------------------------------------------------------------------|
|      | 1  | SANTA ANA, CALIFORNIA; MONDAY, MARCH 13, 2023; 8:01 A.M.         |
| 08:01 | 2  | THE CLERK:  Item No. 1, SAML-22-03052-JVS, In Re              |
| 08:01 | 3  | Kia Hyundai Vehicle Theft Litigation.                            |
| 08:01 | 4  | Counsel, if you could please state your                          |
| 08:01 | 5  | appearances.                                                     |
| 08:01 | 6  | MR. BERMAN:  Good morning, Your Honor.  Steve                   |
| 08:01 | 7  | Berman for the plaintiffs.                                        |
| 08:01 | 8  | THE COURT:  Good morning.                                        |
| 08:01 | 9  | MR. TELLIS:  Good morning, Your Honor.  Roland                  |
| 08:01 | 10 | Tellis, with Baron & Budd, also on behalf of the plaintiffs.    |
| 08:01 | 11 | THE COURT:  Good morning.                                        |
| 08:01 | 12 | MR. MCCLAIN:  Kenneth McClain on behalf of the                  |
| 08:01 | 13 | plaintiffs.                                                      |
| 08:01 | 14 | MS. FEGAN:  Good morning, Your Honor, Elizabeth                 |
| 08:01 | 15 | Fegan for plaintiffs.                                             |
| 08:01 | 16 | THE COURT:  Good morning.                                        |
| 08:01 | 17 | MS. CAPPIO:  Good morning, Your Honor.  Gretchen                |
| 08:01 | 18 | Freeman Cappio of Keller Rohrback for the governmental          |
| 08:01 | 19 | entities, the City of Seattle, the City of Cleveland, and       |
| 08:01 | 20 | the City of Cincinnati.                                          |
| 08:02 | 21 | THE COURT:  Good morning.                                        |
| 08:02 | 22 | MR. MCDEVITT:  Ryan McDevitt, Keller Rohrback, for             |
| 08:02 | 23 | the governmental entities of the City of Seattle, the City      |
| 08:02 | 24 | of Cleveland, and the City of Cincinnati.                        |
| 08:02 | 25 | THE COURT:  Good morning.                                        |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

08:02  1          MR. BRENNAN:  Good morning, Your Honor.  Peter
08:02  2  Brennan from Jenner & Block on behalf of defendants.
08:02  3          MS. SKITZKI:  Madeline Skitzki for defendants.
08:02  4          THE COURT:  Good morning.
08:02  5          Thank you for the joint report which you put in.
08:02  6  I think it's very helpful and gives us a good framework for
08:02  7  our discussion today.
08:02  8          Let's begin with the Consolidated Complaint.  Your
08:02  9  proposal is that each side basically pick three states to
08:02 10  litigate on a 12(b)(6) motion.  That makes a lot of sense to
08:02 11  me.  I mean, a substantial number of cars will be covered by
08:02 12  the states you pick I assume.
08:02 13          MR. BERMAN:  Our intent was to pick states at
08:02 14  least on our side that would have a meaningful impact in
08:03 15  terms of cars covered and the types of claims that you may
08:03 16  have to consider.  So, for example, you know, often in these
08:03 17  cases, you've got the issue of manifestation.  So it would
08:03 18  seem to me that we would tee up a state where we don't think
08:03 19  it's required and a state where it may be required, and
08:03 20  maybe that gives us guidance down the road.  That was our
08:03 21  thinking.
08:03 22          THE COURT:  Okay.
08:03 23          Mr. Brennan.
08:03 24          MR. BRENNAN:  We agree with that, Your Honor.  Of
08:03 25  course, our original idea was that we pick all of the

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

| | | |
|---|---|---|
| 08:03 | 1 | states.  Mr. Berman didn't like that, so we compromised that |
| 08:03 | 2 | three states apiece would seem fairly sensible. |
| 08:03 | 3 | THE COURT:  Yes, and I think we'll get a |
| 08:03 | 4 | sufficient number of answers out of the cases you pick to be |
| 08:03 | 5 | helpful going down the road. |
| 08:03 | 6 | You propose a single brief on this motion. |
| 08:03 | 7 | MR. BRENNAN:  Correct, so we'd put in 50 pages, |
| 08:03 | 8 | and then they'd do 50 for the reply. |
| 08:04 | 9 | THE COURT:  The limit is six to eight, so I think |
| 08:04 | 10 | that would be plenty. |
| 08:04 | 11 | In terms of the schedule you propose, I would hope |
| 08:04 | 12 | we could shrink the briefing schedule down some.  I'm fine |
| 08:04 | 13 | with the Consolidated Complaint being filed on April 10. |
| 08:04 | 14 | Plaintiffs' designation, three states, by April 12, but I |
| 08:04 | 15 | don't want to be out in the middle of summer before we know |
| 08:04 | 16 | which claims are viable at least on the first round of |
| 08:04 | 17 | pleading. |
| 08:04 | 18 | So what I would propose is that defendants' |
| 08:04 | 19 | response would be 5/1.  That's nearly a month from the |
| 08:05 | 20 | filing of the -- well, three or four weeks from the filing |
| 08:05 | 21 | of the Consolidated Complaint.  May 30 for defendants' |
| 08:05 | 22 | opposition and then June 12 for the reply.  Then I would set |
| 08:05 | 23 | a hearing date fairly promptly, but I think we can move a |
| 08:05 | 24 | little more quickly on the pleadings issues. |
| 08:05 | 25 | MR. BRENNAN:  That's fine, Your Honor.  Of course, |

08:05    1   when you say what you propose, that will be what you order,

08:05    2   and that's fine by us.

08:05    3          THE COURT:  Well, I want to make sure it's doable

08:05    4   from your perspective, but I think it is.

08:05    5          MR. BRENNAN:  If it becomes an issue -- obviously

08:05    6   it's a lot of briefing quickly, and of course my colleagues

08:05    7   will be doing a lot of it, but we will try to get that done.

08:06    8   If there's some issue with it, we'll then come back and ask

08:06    9   for some slight adjustment if that's okay with Your Honor.

08:06   10          THE COURT:  That's fair.

08:06   11          MR. BERMAN:  That's fine with us, Your Honor, as

08:06   12   well.

08:06   13          THE COURT:  In terms of initial disclosures, you

08:06   14   proposed April 14 for that.  I think there ought to be

08:06   15   initial disclosures and that they should be somewhat

08:06   16   fulsome.  I say that in view of my thought that we ought to

08:06   17   delay somewhat the start of discovery with some exceptions.

08:06   18   I don't think that the defendants' pared down version of

08:06   19   disclosures is going to be adequate, so I would go back and

08:06   20   make the disclosures you'd make in any case, albeit a very

08:06   21   large case, but it seems to me that the defendants can make

08:07   22   a more fulsome showing than anticipated in your papers.

08:07   23          MR. BRENNAN:  Okay, Your Honor.  That's what we

08:07   24   will do.

08:07   25          THE COURT:  It seems to me that the particulars

08:07   1   that defendants suggest ought to be made by plaintiffs with
08:07   2   respect to individual plaintiffs is probably accurate.  I
08:07   3   don't know that we need all of that detail, but there is
08:07   4   some basic information there that they seek, and I think
08:07   5   they're entitled to it early on.
08:07   6          MR. BERMAN:  Your Honor, Steve Berman.  We were
08:07   7   intending to provide most of that information, but since we
08:07   8   don't know yet exactly what the claims are, there might be a
08:07   9   few things in there that we would not put in, but we
08:07  10   understand that they're entitled to that information.  Most
08:07  11   of it will be in the Complaint.
08:07  12          THE COURT:  Okay.  How many individual plaintiffs
08:07  13   do you anticipate?  Are you going to have one per state?
08:08  14          MR. BERMAN:  We're going at least have one per
08:08  15   state, and then what we're wrestling with people who have
08:08  16   theft insurance, people who didn't, whether we need to have
08:08  17   one of each.
08:08  18          THE COURT:  Well, isn't it a subrogation issue?
08:08  19          MR. BERMAN:  Yes, but there will be losses for
08:08  20   those folks in addition to what's covered by insurance that
08:08  21   they would want to claim.
08:08  22          THE COURT:  Understood.
08:08  23          MR. BERMAN:  The issue is whether the case law --
08:08  24   you know, if we have a plaintiff didn't have insurance and
08:08  25   we're also seeking to have that person represent people who

08:08    1    had insurance, we're likely to get the argument, you know,

08:08    2    there's no Article III standing or typicality issues on Rule

08:08    3    23.  So we've got to make that decision, and we cover all

08:08    4    our bases knowing that at the end of the road that brings

08:09    5    complexity on -- there's that many more depositions, that

08:09    6    much more discovery.  So we're balancing that.  That's why I

08:09    7    can't answer your question precisely.

08:09    8               THE COURT:  Okay.

08:09    9               MR. BRENNAN:  Your Honor, just to go over some of

08:09   10    the detail, I mean, what we're asking for is the brand.  Is

08:09   11    it a Kia or a Hyundai?  That seems basic, the model that

08:09   12    they have, the model year that they have, the trim level,

08:09   13    SX, LX, whatever it is, that kind of thing.

08:09   14               THE COURT:  Right.

08:09   15               MR. BRENNAN:  We want to know place of residence;

08:09   16    place of purchase; new or used; from whom, new car dealer or

08:09   17    used car dealer, individual; when.  Obviously that can

08:09   18    affect the statute of limitations at issue.  When the

08:09   19    vehicle was sold.  That seems reasonable if you've got a car

08:09   20    owner or not.  And then any written or oral statements that

08:10   21    could be reasonably relied upon.  I mean, all of that seems

08:10   22    like pretty basic information, given the misrepresentation

08:10   23    case, and all of those states should be able to get that.

08:10   24               THE COURT:  Okay.

08:10   25               MR. BERMAN:  First of all, you're going to get all

| | |
|---|---|
| 08:10 | 1 |
| 08:10 | 2 |
| 08:10 | 3 |
| 08:10 | 4 |
| 08:10 | 5 |
| 08:10 | 6 |
| 08:10 | 7 |
| 08:10 | 8 |
| 08:10 | 9 |

08:10    1    that information in advance, which we'll have to disclose on

08:10    2    Rule 26.  In general, I think we agree with all of that.

08:10    3    The one area that we haven't quite decided is the

08:10    4    requirement that we put in the Complaint all the oral or

08:10    5    written statements that may be relied upon.  We don't know

08:10    6    if we're going to bring a misrepresentation claim yet.  It

08:10    7    could be just an omission claim.  So I think it's unfair to

08:10    8    be locking us into that one category at this point, but the

08:10    9    rest of it is fine.

08:11    10    THE COURT:  Okay.

08:11    11    MR. BRENNAN:  And if I may say, on the last point,

08:11    12    if they're not relying on any statement, they should simply

08:11    13    say they didn't review and aren't relying on any statements

08:11    14    that were made.  You know, they didn't see them.  They

08:11    15    didn't review them.  They didn't rely upon them.  They can

08:11    16    say that as well.

08:11    17    With respect to which plaintiffs, one of our

08:11    18    points -- and it has to do with the causes of action as

08:11    19    well -- is we don't want to be here litigating, you know,

08:11    20    whatever amount of time -- obviously, we hope to be

08:11    21    successful on the Motion to Dismiss, and then we'll not be

08:11    22    spending as much time with you.  But if that doesn't happen

08:11    23    and we spend a lot of time with you -- we don't want to

08:11    24    spend all that time with you, Your Honor, and then if we get

08:11    25    to it and then it gets sent back to, for example, Wisconsin,

08:11    1    where they have 12 counts in the Complaint, and they've

08:11    2    handled five here, and counsel in Wisconsin goes, okay,

08:11    3    well, that's great.  You got rid of five issues in the MDL,

08:11    4    but now we're going to litigate these other things.  And we

08:11    5    gave the example of there's a face-to-face solicitation

08:11    6    statute that they're trying to move on.

08:11    7            So our view is either the causes of action should

08:12    8    be brought as part of the Complaint or they should be out of

08:12    9    the case, and that includes all the cases.  And they can

08:12   10    liaise with various counsels.  When we're done here, we

08:12   11    mostly want to be done, except for maybe for remand to the

08:12   12    courts, so that would be our request.

08:12   13            THE COURT:  Well, I think the plaintiffs have to

08:12   14    make a choice of what claims they are going to advance for

08:12   15    each state and consolidate the Complaint, and we'll deal

08:12   16    with the consequences if a particular claim is not advanced.

08:12   17            MR. BRENNAN:  Okay.  Thank you, Your Honor.

08:12   18            THE COURT:  I understand the problem.

08:13   19            MR. BRENNAN:  That's all.  I just wanted to make

08:13   20    that point.

08:13   21            THE COURT:  Okay.

08:13   22            MR. BRENNAN:  I appreciate it.

08:13   23            THE COURT:  I see that you've engaged the services

08:13   24    of Judge Morrow.  Do you want a formal order appointing her

08:13   25    as your settlement judge?

08:13  1              MR. BERMAN:  We haven't talked about it, but I

08:13  2    would be in favor of that, Your Honor.

08:13  3              THE COURT:  Okay.  Why don't you meet and confer

08:13  4    and submit one.  At least initially I think the discovery

08:13  5    will go to the magistrate judge.  She has her own informal

08:13  6    set of rules and procedures.  That's Judge Scott.  But it

08:13  7    seems to me at least initially let's see if that's viable.

08:13  8    If it becomes overwhelming, well, we may need to consider

08:13  9    the addition of one or more special masters.  But at least

08:13  10   initially, Judge Scott will be responsible for discovery.

08:14  11             You submitted a Preservation Order.  Any objection

08:14  12   to that form of order?

08:14  13             MR. TELLIS:  No, Your Honor.  Roland Tellis.

08:14  14             We are pleased to have worked out the format that

08:14  15   was submitted to Your Honor on a mutual basis.  The only

08:14  16   thing I would say, Your Honor, for the record is that

08:14  17   Preservation Order as currently written applies to the

08:14  18   domestic defendants.  If the foreign defendants or parents

08:14  19   are added to this litigation, we intend to seek that order

08:14  20   be applicable -- an order requiring the same preservation

08:14  21   obligations on those defendants.

08:14  22             I just want to be on record and let counsel know

08:14  23   that it's our intention and it's our expectation that

08:14  24   regardless of the fact that they're not named in the

08:14  25   Preservation Order, they understand that they're likely

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

08:14   **1**   going to be named in this Complaint.

08:14   **2**           THE COURT:  Aren't there at least in some of the

08:15   **3**   Complaints the foreign parents?

08:15   **4**           MR. TELLIS:  There were some named.  None of them

08:15   **5**   appeared.  I don't know if any were served, and we're making

08:15   **6**   the determination about whether they will be added to the

08:15   **7**   Consolidated Complaint.  Most likely they will.

08:15   **8**           THE COURT:  Okay.

08:15   **9**           MR. BRENNAN:  Your Honor, with respect to the

08:15  **10**   terms, we did work those out.  There was a lot of back and

08:15  **11**   forth, but we did get aligned on the appropriateness, and

08:15  **12**   we'll see what they do with respect to any foreign

08:15  **13**   defendants.  I think at least when I last checked there was

08:15  **14**   no Proof of Service filed with respect to any of them.

08:15  **15**           THE COURT:  Okay.  In terms of the pending

08:15  **16**   motions, I think those ought to be rolled into the 12(b)(6)

08:15  **17**   process.  I'm sure that the arguments advanced in those

08:15  **18**   motions could be advanced in any motion attacking the

08:15  **19**   Consolidated Complaint.

08:15  **20**           MR. BRENNAN:  With respect to the pending Motion

08:15  **21**   to Dismiss in Wisconsin, that's fine, Your Honor.  That

08:16  **22**   makes perfect sense to us, too.

08:16  **23**           THE COURT:  Okay.  Two things the parties didn't

08:16  **24**   address were a protocol for ESI and the privilege log.  I

08:16  **25**   assume you're going to have further discussions on those

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

08:16  1    topics.

08:16  2            MR. BERMAN:  That's correct, Your Honor.

08:16  3            MR. BRENNAN:  That's correct, Your Honor.

08:16  4            THE COURT:  Okay.  What's the present status with

08:16  5    respect to the City of Seattle?  What I understand from the

08:16  6    papers is the panel hasn't formally acted on that transfer

08:16  7    motion.

08:16  8            MS. CAPPIO:  You're right, Your Honor.  Gretchen

08:16  9    Cappio, counsel for the City of Seattle and the other

08:16  10   governmental entities.  Defendants have filed a motion.

08:16  11   They're challenging the conditional transfer order.  They've

08:17  12   filed a motion to vacate it, and we are submitting our brief

08:17  13   today.  Your Honor will probably see that we filed a Notice

08:17  14   of Related Case.  Several additional cases have come in,

08:17  15   and those are making their way through the local rule here,

08:17  16   Local Rule 83.

08:17  17           THE COURT:  They'll be low numbered to me.  I

08:17  18   think I've already signed the orders.

08:17  19           MS. CAPPIO:  Fabulous.

08:17  20           THE COURT:  It may have not have hit the docket,

08:17  21   but I think I've signed the orders.

08:17  22           MS. CAPPIO:  Great.

08:17  23           THE COURT:  So we've got at least -- well, we've

08:17  24   got two for sure presently here, and it will be at least

08:17  25   another half dozen in your memorandum of cities who expect

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

08:17    1    to file shortly.

08:17    2        MS. CAPPIO:  Yes, Your Honor.  They're coming in.

08:17    3    And like we discussed last time, it's just a process for

08:17    4    cities to get on file.  So we're going through those

08:17    5    processes all over the country, and they're coming in.

08:18    6        THE COURT:  Well, I think we ought to delay a

08:18    7    Consolidated Complaint.  I think there ought to be more

08:18    8    cities.  But I think we ought to delay that until we see how

08:18    9    many folks we have and what the geographic distribution is.

08:18   10    So I'm just going to put that issue on hold and suspend the

08:18   11    filing requirement in Order No. 2.

08:18   12        MS. CAPPIO:  Your Honor, if I'm understanding

08:18   13    correctly, you're waiting pending the JPML --

08:18   14        THE COURT:  Well, pending that and seeing whether

08:18   15    these other folks you've mentioned in your filing are going

08:18   16    to come in directly by filing in the Central District or if

08:18   17    they're going to file in their home districts and let

08:18   18    them begin that process.  I don't know what's going to

08:18   19    happen, but I think we ought to wait and see until we've got

08:18   20    more cases, if there are more municipal cases that are going

08:18   21    to come in.

08:18   22        MS. CAPPIO:  Your Honor, I know at least the City

08:18   23    of Buffalo, New York, and Madison, Wisconsin, are both

08:19   24    planning to file here in the Central District, so those will

08:19   25    be two more as well.  And as you can imagine, the City of

08:19  1    Seattle and our other clients are very eager to get going

08:19  2    here.  They feel that there is an emergent public health and

08:19  3    public safety situation, so they're eager to have it

08:19  4    addressed but, of course, whatever schedule Your Honor

08:19  5    wishes.

08:19  6            One thing I would just note -- and we filed

08:19  7    something briefly on Friday evening -- is just to make sure

08:19  8    that any future scheduling or other issues pertaining to the

08:19  9    governmental entities track is handled by the governmental

08:19  10   entities track.

08:19  11           THE COURT:  Well, yes and no.  Obviously, there

08:19  12   has to be coordination.

08:19  13           MS. CAPPIO:  Absolutely.  We will coordinate.

08:19  14           THE COURT:  I mean, the basic fact discovery with

08:19  15   respect to how these cars were developed and so on, that's

08:19  16   not going to differ from plaintiff to plaintiff regardless

08:19  17   of whether it's an individual or a public entity.  So

08:19  18   obviously there needs to be some coordination there.

08:20  19           MS. CAPPIO:  We will absolutely be coordinating in

08:20  20   all ways that make sense, Your Honor.  I just meant there

08:20  21   was some language in the Proposed Scheduling Order, Section

08:20  22   C, and you will see we filed an objection that's surgically

08:20  23   focused on the governmental entities.  I just want to make

08:20  24   sure that our schedule and so on are -- frankly, we're

08:20  25   consulted on since we're not part of what's called the

08:20   1    Leadership Committee in your order.

08:20   2              THE COURT:  Well, should we revisit that issue?

08:20   3    If there are ten or 12 governmental entity cases, at least

08:20   4    as a matter of coordination, it seems to me that there ought

08:20   5    to be a direct link between the governmental entity and the

08:20   6    main committee.

08:20   7              Thoughts?

08:20   8              MS. CAPPIO:  Well, I would welcome a position

08:20   9    there, Your Honor, of course.  But respectfully, these

08:20   10   counsel don't have governmental entity clients.  So we're

08:20   11   happy to meet and confer, but I would posit that if the

08:21   12   Leadership Committee were to include the governmental

08:21   13   entities that I be included in that.

08:21   14             THE COURT:  Well, for the time being, let's see

08:21   15   how far informal liaison can take us.

08:21   16             MS. CAPPIO:  Thank you, Your Honor.  I would just

08:21   17   point out that we were not consulted with when that proposed

08:21   18   order came down, and that to me kind of illustrates the

08:21   19   point of why representation is needed when those decisions

08:21   20   are being made and we're meeting and conferring with the

08:21   21   other side.

08:21   22             THE COURT:  Well, formally or informally, there's

08:21   23   going to be a liaison for these major orders.  I think it

08:21   24   would have been helpful then if the government entities

08:21   25   committee had some say or formal input in that order.  Be it

08:21    1   as it may, if I need to formalize some sort of cooperation,

08:21    2   I will.  But for now, I don't think its essential.

08:22    3          MS. CAPPIO:  Thank you, Your Honor.  We agree

08:22    4   wholeheartedly.

08:22    5          THE COURT:  With respect to the things farther

08:22    6   out, classification, substantive motions, I'm prepared to

08:22    7   adopt the proposed schedule with the understanding that as

08:22    8   we go along I like to harden up dates.  No one really knows

08:22    9   what a date is unless it's there in concrete.  We may have

08:22   10   some ambiguity for awhile, but as we go along, I'll just

08:22   11   firm those up so everybody knows when the hard dates are.

08:22   12          I didn't see any issue about a privilege log.  I

08:22   13   assume that will be a part of your ESI discussions.

08:22   14          MR. BERMAN:  That's correct, Your Honor.

08:22   15          MR. BRENNAN:  That's correct.

08:23   16          THE COURT:  I think that covers the topics I

08:23   17   wanted to cover.

08:23   18          Are there any specifics that anyone would like to

08:23   19   address that we have not touched on?

08:23   20          MR. BRENNAN:  I think the one unaddressed issue --

08:23   21   and maybe it has been a little bit addressed -- in tidying

08:23   22   up the Motion to Dismiss schedule is the state of discovery

08:23   23   until the motion to dismiss.  It sounds like by the schedule

08:23   24   we'll probably be arguing it in June or maybe early July.

08:23   25          THE COURT:  I'm going stay discovery except for

08:23    1    what I would call foundational discovery, basic document

08:23    2    requests with respect to the organizations, entities, and

08:23    3    these various defendant entities.  A 30(b)(6) deposition

08:23    4    would accomplish the same thing.  I think it's helpful early

08:23    5    on to know where you're going to go and who you have to

08:24    6    consider deposing.  So is that concept sufficient here?  I

08:24    7    call it structural discovery rather than merits discovery.

08:24    8            MR. BRENNAN:  That's fine.  Thank you, Your Honor.

08:24    9            THE COURT:  And delaying merits discovery at least

08:24   10    in the first round of pleadings.  At that point, I think we

08:24   11    need to get going.  I suspect, although it remains to be

08:24   12    seen, there will be some viable plaintiffs and some viable

08:24   13    defendants and some viable claims for which we'll need to

08:24   14    get going on discovery.

08:24   15            MR. BRENNAN:  Okay.  Thank you, Your Honor.

08:24   16            THE COURT:  Anything else?

08:24   17            One of the requirements of making the appointments

08:24   18    was for the Leadership Committee to pick a leader.

08:24   19            MR. BERMAN:  I'm kind of embarrassed, so I haven't

08:24   20    filed anything, but I was picked as the chairman.

08:25   21            THE COURT:  Okay.  We'll note that in the minutes

08:25   22    for today, and that will be fine.

08:25   23            MR. BRENNAN:  You'll note the part about him being

08:25   24    embarrassed, Your Honor, or -- that's honesty.

08:25   25            MS. CAPPIO:  Your Honor, Gretchen Cappio.

```
08:25    1              Just one small thing.  It occurs to me that the
08:25    2    governmental entities are very much assisted by having
08:25    3    deadlines by which those are due and that kind of thing.  So
08:25    4    to the extent Your Honor is inclined to put off the
08:25    5    deadline, we did have clients rushing and putting the pedal
08:25    6    to the metal to get their Complaint on file by the deadlines
08:25    7    Your Honor had previously set.  So to the extent there's a
08:25    8    reprieve there, I would just ask Your Honor that we have
08:25    9    another date to shoot for so that people can get it
08:25   10    calendared on their city counsels and so on to vote.
08:25   11              THE COURT:  Once those additional filings have
08:25   12    been made, why don't you consult Mr. Brennan and propose an
08:25   13    initial set of dates going through the pleading stage for
08:26   14    that track.
08:26   15              MS. CAPPIO:  We'll do that, Your Honor.  Thank
08:26   16    you.
08:26   17              THE COURT:  Okay.  Anything else we should take
08:26   18    up?
08:26   19              MR. BRENNAN:  I think setting the next date, Your
08:26   20    Honor.
08:26   21              THE COURT:  Okay.
08:26   22              MR. BRENNAN:  We conferred on this very important
08:26   23    point, Your Honor, and our preference on both sides would be
08:26   24    if we could maybe do this on Fridays instead of Mondays.
08:26   25              THE COURT:  Okay.  That's fine.
```

| | | |
|---|---|---|
| 08:26 | 1 | How about April 14?  I'd like to make sure we have |
| 08:27 | 2 | one session that's for discussion and for all the planning |
| 08:27 | 3 | apart from whatever substantive deadlines we've got.  If we |
| 08:27 | 4 | consolidate those, that's fine, but I think that without a |
| 08:27 | 5 | doubt there will be enough to discuss and get together. |
| 08:27 | 6 | MR. BRENNAN:  April 14 sounds fine to us, Your |
| 08:27 | 7 | Honor. |
| 08:27 | 8 | MR. BERMAN:  Your Honor, I have a family vacation. |
| 08:27 | 9 | Could we do it the following week? |
| 08:27 | 10 | THE COURT:  Sure.  I think that's Easter week, |
| 08:27 | 11 | too, which might be a problem for some people. |
| 08:27 | 12 | MR. BERMAN:  Or we could do it the 7th I suppose. |
| 08:27 | 13 | Well, I can do it the 7th or the 14th.  Does that help? |
| 08:27 | 14 | THE COURT:  Well, Easter is the 9th. |
| 08:27 | 15 | Okay, so what's your preference? |
| 08:28 | 16 | MR. BRENNAN:  How about the 6th or the 5th? |
| 08:28 | 17 | MR. BERMAN:  The 6th works. |
| 08:28 | 18 | MR. BRENNAN:  April 6th, Your Honor.  It's a |
| 08:28 | 19 | Thursday. |
| 08:28 | 20 | THE COURT:  That's fine, 8:00.  Does that work? |
| 08:28 | 21 | MR. BRENNAN:  Yes. |
| 08:28 | 22 | MR. BERMAN:  8:00 is fine. |
| 08:28 | 23 | THE COURT:  It will get you out of here earlier in |
| 08:28 | 24 | the day. |
| 08:28 | 25 | MR. TELLIS:  I'm perfectly okay with it.  That's |

08:28    1    my kids' spring break week, and I'm out of the country, but

08:28    2    I don't think all four of us need to be here as long as Your

08:28    3    Honor is okay with that.

08:28    4              THE COURT:  That's fine.  So April 6 at 8:00 a.m.

08:28    5              MR. BERMAN:  Yes, Your Honor.

08:28    6              THE COURT:  Okay.  Thank you very much.

08:28    7              MR. BRENNAN:  Thank you, Your Honor.

08:28    8              (Whereupon, the proceedings were concluded.)

08:28    9                          *   *   *

08:28   10

08:28   11

08:28   12

08:28   13

08:28   14

08:28   15

08:28   16

08:28   17

08:28   18

08:28   19

08:28   20

08:28   21

08:28   22

08:28   23

08:28   24

08:28   25

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  March 20, 2023

/s/   Sharon A. Seffens  3/20/23
_____
SHARON A. SEFFENS, U.S. COURT REPORTER

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER