Exhibit A

1  Steve W. Berman, Esq.
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Second Avenue, Suite 2000
3  Seattle, WA 98101

4  *Consumer Class Action Leadership Counsel and Counsel for Plaintiffs*
5  *(Additional counsel on signature page)*

6
7  Peter J. Brennan, Esq.
   JENNER & BLOCK LLP
8  353 North Clark Street
   Chicago, IL 60654-3456
9

10 *Counsel for Defendants*

11

12            **UNITED STATES DISTRICT COURT**

13       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 8:22-ML-3052 JVS(KESx) **[PROPOSED] ORDER NO. 6: ESTABLISHING THE PROTOCOL FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI") AND PRIVILEGE LOGS** |
| This document relates to: ALL CASES | |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.    PURPOSE ..................................................................................................... 1

II.   COOPERATION ........................................................................................... 1

III.  DEFINITIONS .............................................................................................. 1

IV.   SEARCH ....................................................................................................... 2

    A.    Search Methodology................................................................................ 2

V.    PRIORITIZATION AND DISCLOSURES OF CUSTODIAL AND NON-
CUSTODIAL SOURCES ............................................................................ 2

VI.   PRODUCTION ............................................................................................. 3

    A.    Each Production Will Have Four Main Components ................................ 3

    B.    Production of Hard-Copy Documents...................................................... 3

    C.    Production of Documents ......................................................................... 4

    D.    Production of Databases and Other Structured Data ............................... 8

    E.    Production of Audio and Video Recordings ............................................ 8

    F.    Production of Transcripts ........................................................................ 8

    G.    Processing of Third-Party Documents .................................................... 8

    H.    Miscellaneous Provisions ........................................................................ 9

VII.  ASSERTIONS OF PRIVILEGE ................................................................. 11

    A.    Production of Privileged Documents. ..................................................... 11

    B.    Privilege Logs......................................................................................... 11

    C.    Logging of Document Families............................................................... 12

VIII. MODIFICATION ........................................................................................ 12

    A.    Modification by Agreement .................................................................... 12

    B.    Modification by Court Order................................................................... 13

i

Pursuant to the agreement reached between Plaintiffs and Defendants herein, this Court adopts and orders the following Protocol relating to the Production of Documents and Electronically Stored Information in these Proceedings. "Plaintiff(s)" shall mean each Plaintiff in any case consolidated as part of or related to this MDL that has not been dismissed from the MDL. "Defendants" shall mean Hyundai Motor America, Kia America, Inc., and Hyundai America Technical Center, Inc. Plaintiffs and Defendants are collectively referred to as the "Parties." The failure of this Protocol to address any issue is without prejudice to any position that a Party may take on that issue.

## I.   PURPOSE

This Stipulated Protocol for Producing Documents and ESI (the "ESI Protocol") will govern the Production of Documents by the Parties in the above-captioned litigation and will serve as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, and any other applicable orders and rules.

The ESI Protocol can govern productions made by any third party that is subpoenaed in this Action. Accordingly, the ESI Protocol shall be attached to any subpoena issued in this Action.

## II.   COOPERATION

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with Federal Rules of Civil Procedure and this Court's  Local Rules.  Should any party subsequently determine in good faith that it cannot proceed as required by this Order or that the Order requires modification, the Parties will meet and confer to resolve any dispute before seeking Court intervention.

## III.   DEFINITIONS

1.     "Action" means this MDL, *In Re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation*, No. 8:22-ml-03052-JVS-KES.

2.     "Documents" means documents, tangible things, and electronically stored information, as defined by Federal Rule of Civil Procedure 34(a)(1)(A).

1

3.     "Hard-Copy Documents" means Documents that existed in physical paper format prior to production.

4.     "Issuing Party" means any Party that issues a non-party subpoena.

5.     "Producing Party" means the Party producing the Documents.

6.     "Requesting Party" means the Party requesting the Documents.

## IV.   SEARCH

### A.   Search Methodology

The Parties agree to meet and confer and use their reasonable best efforts to reach agreement regarding search methodology to be applied, including, but not limited to, search terms and date restrictions and Technology Assisted Review ("TAR").  Should either side desire to leverage TAR Continuous Active Learning to limit review and production, the Parties agree to meet and confer at the outset of discovery, before any search methodology is implemented or any key words are discussed, to determine whether Technology Assisted Review or Continuous Active Learning is appropriate in this Action, and if so, possible methods of employing Technology Assisted Review or Continuous Active Learning to assist in the identification and production of Documents that are subject to production and the filtering out of Documents that are not subject to discovery.

Documents which a Producing Party reasonably believes to be responsive to discovery requests and not subject to objections and for which text-based search technologies are ineffective must be reviewed without culling by search terms, predictive coding, or other technologies that rely primarily on text.

## V.   PRIORITIZATION AND DISCLOSURES OF CUSTODIAL AND NON-CUSTODIAL SOURCES

When a Party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the Parties may meet and confer to discuss whether certain categories of information can be prioritized over other categories.

2

Each Party will meet and confer within 45 days of the later of entry of this ESI Protocol or being served with a request for Documents regarding the appropriate number of custodians and a date by which the Parties will exchange such a list of custodians.

The custodian information disclosure shall include job title or position, the entity that employed the custodian, and the dates in which the custodian held each title.

## VI.  PRODUCTION

### A.    Each Production Will Have Four Main Components

1.   A directory titled "images" containing images of every page of every Document in the production, Bates-numbered sequentially, with each image having searchable text (to the extent it contains text).

2.   A directory titled "natives" containing Native Files for a subset of the Documents, as described below, each file named with the Bates number of the first page of the Document, and with the same extension as the original Native File type of the Document.

3.   A directory titled "text" containing OCR or Extracted Text files, one file per Document, each file named with the Bates number of the first page of the Document it represents with no additional text beyond this, followed by ".txt" suffix.

4.   A directory titled "data" containing image and metadata Load Files that contain the Bates ranges and Metadata for each Document.

### B.    Production of Hard-Copy Documents

Documents maintained in a Party's ordinary course of business as Hard-Copy Documents should be scanned in a manner so as to retain the original organization of the Hard-Copy Documents.  Hard-Copy Documents should be scanned as PDF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat).  Hard-Copy Documents should be physically unitized. Hard-Copy Documents shall be run through optical character recognition ("OCR") software, and the full text shall be

provided on a document-level in an appropriately formatted text file (.txt) that is named to match the first bates number of the document.

If the Producing Party reasonably believes that production of Hard-Copy Documents is unduly burdensome, the Producing Party shall seek to meet and confer in good faith with the Requesting Party regarding content, volume, and related issues before any production of Hard-Copy Documents.

Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the document is obscured by the affixed notes, the document and notes shall be scanned first as the document was stored in the ordinary course of business, and then separately.

### C.    Production of Documents

The Parties agree to produce in the formats described below. If any Party contends that Documents warrant a different format, the Parties will meet and confer to determine a mutually acceptable production for such Documents.

    **1.**    **Image Format**. Multi-page searchable TIFFs shall be provided for each document, with each TIFF named after the beginning production number of that document. Bates numbers, confidentiality designations (in accordance with the protective order governing the case), and redactions (to the extent they are necessary) shall be burned into the. Image files shall be provided in an "Images" folder.

    **2.**    **Extracted Text Files**. For native files containing embedded text, the full text of native files shall be extracted directly from the native file (not OCR) and shall be delivered in an appropriately formatted text file (.txt) that is named to match the first bates number of the document. Text files shall be provided in a "Text" folder. To the extent that a document is redacted, the document shall undergo OCR after the text has been redacted to remove redacted text.

3. **Unique IDs**. Each document shall have a unique filename, which corresponds to the first Bates number of the document. The filename shall not contain any blank spaces and shall be consistently zero-padded (*e.g.*, ABC-0000001), taking into consideration the estimated number of pages to be produced. If a Bates number or set of Bates numbers is skipped in a production, the Producing Party will so note in a cover letter or production log accompanying the production. Bates numbers will be unique across the entire production and prefixes will be consistent across all Documents a Party produces in the litigation.

4. **Parent-Child Relationship**. The relationship between attachments, enclosures, embedded files, and/or exhibits to any parent document shall be preserved.   Absent a claim of privilege, the child-document shall be consecutively produced immediately after the parent-document. Each document shall be produced with the production number for the first and last page of that document in the "Begin Bates" and "End Bates" fields of the data load file and with the "BeginFamily" and "EndFamily" fields listing the production number for the first and last page in the document family.   A document and all other Documents in its attachment range, e-mails with attachments, and files with extracted embedded OLE Documents all constitute family groups.

5. **Native Format**.

   a) All Documents produced in native format shall include the relative file path of the native files in the document production in the "NativePath" metadata field. All native files produced in lieu of images shall be produced in the manner set forth below in subsection (g).

   b) Spreadsheets (.XLS, .XLSM, or similar file formats) shall be produced in native format, with the exception that any spreadsheet that requires redaction

may be produced as a TIFF image provided that the unredacted information is viewable.

c) Presentation files (.PPT or similar file formats) shall be provided in native format, with the exception that any presentation file that require redaction may be produced as a TIFF image provided that the unredacted information is viewable. The corresponding load file shall include native file link information for each native file that is produced.

e) Documents containing tracked changes, comments, or hidden text or content must be processed to show readily available tracked changes, comments, or hidden text or content, or alternatively such content must be viewable in native file.

f) Where native files are produced in lieu of images, each native file will be assigned a unique Bates number. The Producing Party will produce a placeholder (a single-page slip sheet indicating that the native item was produced) along with the file itself in native format. The placeholder will be branded with the production number in the lower right-hand corner and the phrase "PRODUCED IN NATIVE FORMAT" branded in the center of the page. The Producing Party will also brand any confidentiality or similar endorsements in the lower left-hand corner of the placeholder.

g) <u>Request for Native Files.</u> Other than as specifically set forth above, a Producing Party need not produce Documents in native format. If good cause exists for the Requesting Party to request production of certain Documents in native format, the Requesting Party may request production in native format by providing (1) a list of the Bates numbers of Documents it requests to be produced in native format or the category of Documents it requests to be produced in native format; and (2) an explanation of the need for reviewing such Documents in native format. The Parties shall meet and confer about such requests. For any request that is denied, the Producing

6

Party shall provide an explanation for the reason or reasons for denying such request.  The Producing Party shall produce an overlay to ensure that the "NativePath" entry in the data load file indicates the relative file path to each Native File in such production, and all extracted text and applicable metadata fields.

6. **Password Protected Files.** The Producing Party shall **produce** passwords for any password-protected files or remove passwords and encryption form files prior to production.

7. **Embedded Documents.** Embedded Documents (*e.g.*, a spreadsheet embedded within a word processing document) will be extracted, produced as independent document records, and related back to the respective top level parent document (*e.g.*, standalone file, email message, etc.) via the "BeginFamily" and "EndFamily" fields referenced in Appendix 1. Related Documents will be produced within a continuous Bates range.

8. **Data Load Files.** Documents shall be provided with an Opticon image .OPT load file and Concordance metadata .DAT load file using standard Concordance delimiters:

> a) Field Separator: ASCII character 20 ("¶");
>
> b) Quote: ASCII character 254 ("þ"); and
>
> c) New Line: ASCII character 174 ("®").

Concordance-compatible image and data load files shall be provided in a "Data" folder.

9. **Metadata.** Appendix 1 sets forth the minimum metadata fields that must be produced to the extent that metadata exists for a particular document. To the extent that metadata does not exist, is not reasonably accessible or available, or would be unduly burdensome to collect, nothing in this ESI Protocol shall require any Party to extract, capture, collect, or produce such data.

10.    **Deduplication.** Exact duplicate Documents may be deduplicated (based on MD5 or SHA1 hash values) at the family-group level provided that the Producing Party identifies the additional custodians in the "All Custodians" field, and the file paths of all duplicates provided in the "All Paths" field. Attachments shall not be eliminated as duplicates for purposes of production, unless all Documents within a family, such as the parent e-mail and all attachments, are also exact duplicates.

**D.    Production of Databases and Other Structured Data**

If a database or other source of structured data contains responsive information, the Producing Party shall alert the Requesting Party to its existence, and the Parties shall meet and confer to determine how such data can be produced in a mutually agreeable format for producing the database or other structured data.

**E.    Production of Audio and Video Recordings**

If audio and/or video recordings are responsive and not subject to objections, the Producing Party shall alert the Requesting Party to their existence, and the Parties shall meet and confer to determine a mutually agreeable format for producing the audio and/or video recording.

**F.    Production of Transcripts**

If deposition or other transcripts are responsive and not subject to objections, the Producing Party shall alert the Requesting Party to their existence, and the Parties shall meet and confer to determine a mutually agreeable format for producing the transcripts.

**G.    Processing of Third-Party Documents**

1.    A Party that issues a non-party subpoena shall include a copy of this ESI Protocol as an attachment to the subpoena and request that the non-party produce Documents in accordance with the specifications set forth herein.

2.    The Issuing Party may request that the non-party simultaneously produce Documents to the Issuing Party and all other Parties. If the non-party produces Documents only to the Issuing Party, to the extent practical given

8

the data volume, productions by a non-party shall be produced by the Issuing Party to all other Parties within seven days.

### H. Miscellaneous Provisions

The following specifications govern the production of all Documents regardless of source, unless otherwise noted in the ESI Protocol:

1. **Custodian or Originating Source.** The custodian or originating source shall be identified in the Custodian field of the database load files. If there is more than one custodian all sources shall likewise be identified in the "All Custodians" field. Documents found in the possession of a natural person (or on a natural person's hardware or storage media) shall be produced in such fashion as to identify the natural person. Documents found in the possession of a department, group, entity, or other common facility (*e.g.*, office, file room, archive, network storage, file share, back up, hard drive, etc.) shall be produced in such a fashion as to identify the department, group, entity, or facility. A Producing Party shall use a uniform description of a particular custodian across productions.

2. **Foreign Language.** Foreign language text files and metadata shall be delivered with the correct encoding to enable the preservation of the Documents' original language.

3. **Dates.** All Documents shall be processed to show the data and time in Coordinated Universal Time ("UTC"). Dates and times must be concatenated into a single field, with a format of MM/DD/YYYY HH:MM:SS and must be consistent within any one field. Date delimiters, such as slashes and colons, must be consistent across all fields.

4. **Production Media.** The preferred means of producing Documents is via secure FTP or secure file share. However, Documents may also be provided via CD, DVD, flash drive, or hard drive if (a) the size of the production exceeds the size limitations applicable to the Producing Party's secure FTP

9

or file share or (b) if the interest of preserving the confidentiality of the information produced outweighs the speed and efficiency of producing Documents via secure FTP or secure file share. To the extent possible, physical media shall be write-protected before it is produced.

5.   **Naming Convention for Production Media.** Whether produced via secure FTP, file share, or physical media, the files produced shall be combined into a compressed file such as .zip, .rar, etc. If the production is made using physical media, the media shall be labeled to include (a) text referencing that it was produced in *In Re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation*, *No. 8:22-ml-03052-JVS-KES*; (b) the Bates number range of the materials contained on the media; (c) the filename(s) of the compressed file(s); and (d) the date of production.

6.   **Replacement Productions.** Any replacement production will be transmitted with a cover letter or email to identify the production as a replacement and cross-reference the "Begin Bates" and "End Bates" of the Documents being replaced. The name of the document production shall indicate that it is a replacement production.  If the replacement production is being transmitted by physical media, the media shall include the phrase "Replacement Production."

7.   **Encrypted Data.** To the extent data is encrypted before it is produced, the Producing Party shall contemporaneously transmit the credentials necessary to decrypt the data.

8.   **Non-Waiver**. Nothing in this ESI Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of Documents.

ESI AND PRIVILEGE LOG PROTOCOL                                                   NO. 8:22-ML-3052 JVS(KESx)

**9.** **Protective Order**. All productions are subject to the Protective Order and any subsequent amendments or addenda entered by the Court in this Action.

## VII. ASSERTIONS OF PRIVILEGE

### A.    Production of Privileged Documents.

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, does not operate as and is not a waiver of privilege or protection from discovery in this case or in any other federal or state matter or proceeding.

### B.    Privilege Logs

Privilege logs shall be provided in Excel format within 60 days of the date of production for all documents withheld on privilege grounds, and contain the following information:

1. a sequential number associated with each Privilege Log record:

2. if applicable, the date the document was created, the date it was last modified, and the date it was sent;

3. if applicable, the Bates numbers of documents redacted, and a reference number for each row containing the information of documents withheld in their entirety;

4. to the extent reasonably available, the identity of all persons who sent, authored, signed, or otherwise prepared the Documents, their email addresses (if the withheld document is an email), and identification of which of them are attorneys;

5. to the extent reasonably available, the identity of all persons designated as addressees or copyees along with other information about them necessary for the requesting Party to assess the privilege (*e.g.*, title, department, job function, etc.) and identification of which of them are attorneys;

6. the title or subject of a document to the extent the title does not reveal privileged or work-product protected information;

11

7.  a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity;

8.  the type or nature of the privilege asserted (*i.e.*, attorney-client privilege; work-product doctrine).

## C.  Logging of Document Families

Documents shall be logged individually and shall not be logged on the family level. For document families in which fewer than all the Documents are withheld or redacted as privileged or protected, the privilege log entry for the withheld document(s) shall identify the Bates number of the produced family member.

Attorney-client privileged communications exclusively between a Party and its outside counsel regarding the subject matter of this Action and created after the filing of this Action or any lawsuits consolidated in or related to this Action need not be placed on a privilege log.  Work product created by counsel after commencement of this Action or any lawsuits consolidated in or related to this Action need not be placed on a privilege log.

In the interest of the Parties' time, and to minimize litigation costs, the Parties will negotiate in good faith (i) the exclusion of categories of Documents from the privilege log that while technically responsive and privileged, are relatively incidental to the issue in the litigation, (ii) the logging of certain Documents on metadata privilege logs, and (iii) categories of Documents that a Producing Party may log categorically rather than document-by-document, the reasons therefore, and proposed log format and categories proposed.

# VIII.  MODIFICATION

## A.  Modification by Agreement

Any practice or procedure set forth herein may be varied by agreement between the Parties, which will be confirmed in writing, where such variance is deemed

appropriate to facilitate the timely and economical exchange of Documents. Before seeking Court intervention, the Parties shall meet and confer in good faith regarding any modification.

### B.    Modification by Court Order

Nothing in this Protocol waives the right of any Party to petition the Court for an Order modifying the terms upon good cause shown, provided, however, that counsel for such Party must first meet and confer with the counsel for the opposing Party and the Parties shall use reasonable best efforts to negotiate an exception from or modification to this Protocol prior to seeking relief from the Court.


Dated: April 5, 2023                     Respectfully Submitted.


By: */s/ Steve W. Berman*
    Steve W. Berman, Esq.
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Second Avenue, Suite 2000
    Seattle, WA 98101


By: */s/ Elizabeth A. Fegan*
    Elizabeth A. Fegan, Esq.
    FEGAN SCOTT LLC
    150 S. Wacker Dr., 24th Floor
    Chicago, IL 60606


By: */s/ Kenneth B. McClain*
    Kenneth B. McClain, Esq.
    HUMPHREY FARRINGTON & McCLAIN
    221 W. Lexington Ave., Suite 400
    Independence, MO 64050

By: /s/ Roland Tellis
    Roland Tellis, Esq.
    BARON & BUDD, P.C.
    15910 Ventura Blvd., Suite 1600
    Encino, CA 91436

    *Consumer Class Action Leadership Counsel and
    Counsel for Plaintiffs*


By: /s/ Gretchen Freeman Cappio
    Gretchen Freeman Cappio
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, WA  98101

    *Plaintiffs' Governmental Entities
    Committee Chair*


By: /s/ Peter J. Brennan
    Peter J. Brennan, Esq.
    JENNER & BLOCK LLP
    353 North Clark Street
    Chicago, IL 60654-3456

    *Counsel for Defendants*

## **[PROPOSED] ORDER**

Good cause appearing, the Court hereby approves this Order No. 6: Establishing the Protocol for the Production of Documents and Electronically Stored Information ("ESI") and Privilege Logs.


**IT IS SO ORDERED.**


Dated: _____, 2023

_____
The Honorable James V. Selna
United States District Judge

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Peter J. Brennan, hereby attest that Steve W. Berman, Elizabeth A. Fegan, Kenneth B. McClain, Roland Tellis, and Gretchen Freeman Cappio, on whose behalf this filing is also submitted, have concurred in the content of this [Proposed] Order No. 6: Establishing the Protocol for the Production of Documents and Electronically Stored Information ("ESI") and Privilege Logs and have authorized its filing.

Dated: April 5, 2023.          Respectfully Submitted.


                              By: */s/ Peter J. Brennan*
                                  Peter J. Brennan, Esq.
                                  JENNER & BLOCK LLP
                                  353 North Clark Street
                                  Chicago, IL 60654-3456

                                  *Counsel for Defendants*

# Appendix 1
## ESI Metadata and Coding Fields

**A.** For scanned Hard-Copy Documents, the Producing Party will provide the Metadata fields below.

| FIELD NAME | FIELD DESCRIPTION |
| --- | --- |
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |
| Pages | Total number of pages in the Document. |
| TextPath | Link to text file for the document. |
| Placeholder | Identifies a Document has a placeholder image. |
| File Extension | The extension of the file. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians of the document. |
| Confidentiality | Confidentiality designation. |
| Redacted | (Y/N) field that identifies whether the document is redacted. |
| Production Volume | Production volume number (*e.g.*, VOL001, VOL002, etc.). |
| Producing Party | Name of Party producing the Document. |

**B.** For Documents that were originally stored in electronic format, all fields below should be provided, to the extent reasonably feasible. Unless otherwise agreed by the Parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
| --- | --- |
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BegAttach | Beginning Bates number of the attached documents |
| EndAttach | Ending Bates number of the attached documents |
| BeginFamily | Begin Bates number of the first page of parent Document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |

| **FIELD NAME** | **FIELD DESCRIPTION** |
|---|---|
| AttachCount | Number of document attachments. |
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the Producing Party agreed to produce and where a duplicate of the Document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a Document or other creator identified for the Document. |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the Document. |
| Date Received | Date and time received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Date and time sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Date and time created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Date and time that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a Document. |
| Message Id | Unique Message Id. |
| In Reply To | Message ID of email that instant email is in reply to. |
| Subject | Subject line extracted from an email, e-document, or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| File Size | The size of the file in bytes. |
| MD5 Hash | The MD5 hash value of a Document. |
| SHA1 Hash | The SHA1 hash value of a Document. |
| Application | Name of the application used to open the file. |
| NativePath | The relative path to the native file for this Document. |
| TextPath | The relative path to the text file for this Document. |
| Redacted | Whether a Document has redactions (Y/N). |
| Placeholder | Whether a Document has a placeholder image (Y/N). |
| Confidentiality | Level of Confidentiality assigned. |
| Track Changes | Document has track changes (Y/N). |
| Hidden Content | Identifies documents with hidden content (i.e., hidden rows, columns, sheets, or slides). |
| Speaker Notes | Document has speaker notes (Y/N). |
| Has Comments | Indicates there are comments in the document. |
| Production Volume | Production volume number (e.g., V001, V002, etc.). |
| Producing Party | Name of Party producing the Document. |

19