**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 8:22-ML-3052 JVS(KESx)<br><br>**ORDER NO. 6:<br>FOREIGN DISCOVERY (AND STIPULATION RE SAME)** |
| This document relates to:<br><br>ALL CASES | |

**JOINT STIPULATION RE FOREIGN DISCOVERY**

Counsel for Plaintiffs and Counsel for Defendants Hyundai Motor America ("HMA"), Kia America, Inc. ("KA"), and Hyundai America Technical Center, Inc. ("HATCI") (collectively, "Defendants") (together with Plaintiffs, the "Parties") hereby stipulate and agree to the following terms regarding service of Plaintiffs' forthcoming Consolidated Class Action Complaint and any consolidated complaint filed in the above-referenced action on behalf of the governmental entities on Hyundai Motor Company ("HMC") and Kia Corporation ("KC") and potential discovery from HMC and KC:

1. HMC and KC dispute that they have either been made proper defendants or have been properly served in any action that is part of this Multi District Litigation, but in lieu of litigating those issues, counsel for HMA and KA agree to accept service on behalf of HMC and KC of the Consolidated Class Action Complaint and any consolidated complaint filed in the above-referenced action on behalf of the governmental entities, and HMC and KC agree to waive the formalities of service under the Hague Service Convention in the above-captioned litigation expressly conditioned upon the terms stated below. Service on behalf of HMC and KC is accepted in the above-referenced action as of the date of the filing of any consolidated complaint(s).

2. The Parties agree that, in the interests of judicial economy and orderly management of the action, a schedule should be established with respect to any discovery propounded by Plaintiffs.

3. KC and HMC shall have an additional sixty (60) days to that permitted under the Federal Rules of Civil Procedure (*i.e.*, a total of ninety (90) days) to serve Plaintiffs with objections and/or responses to all written discovery requests propounded by Plaintiffs in this action.

4. Domestic entities KA, HMA, and HATCI shall have an additional thirty (30) days to that permitted under the Federal Rules of Civil Procedure (*i.e.*, a total of sixty (60) days) to serve Plaintiffs with objections and/or responses to all discovery requests propounded by Plaintiffs in this action.

5. Plaintiffs will provide at least ninety (90) days written notice for any deposition of HMC or KC personnel and at least forty five (45) days written notice for any deposition of KA, HMA, or HATCI personnel. Plaintiffs will coordinate a date that is convenient for all attorneys, Defendants, and witnesses, giving due consideration to any restrictions and limitations imposed in response to the COVID-19 pandemic.

6. Any deposition of HMC or KC personnel located in the Republic of Korea for this action will proceed in Seoul, Republic of Korea, or by videoconference during normal business hours in the Republic of Korea with the witness and their counsel permitted to appear in the Republic of Korea, giving due consideration to any restrictions and limitations imposed in response to the COVID-19 pandemic. Plaintiffs may proceed to conduct the deposition by videoconference at their discretion. The court reporter may be located within the United States and the oath may be administered remotely via video link.

7. If any notarization is required for any discovery response, a formal notarization is not required. In lieu, the discovery response can be signed in compliance with 28 U.S.C. § 1746.

8. This agreement is limited to the above-captioned litigation.

9. Defendants do not waive the right to assert objections to discovery propounded on them, and expressly reserve the right to oppose, or seek relief in connection with, any discovery requests served on them.

WHEREFORE, the Parties respectfully request that the Court enter this Stipulation as an Order of the Court.

**IT IS SO STIPULATED AND AGREED.**

| | | |
|---|---|---|
| 1 | Dated: April 5, 2023 | Respectfully Submitted. |

By: /s/ Steve W. Berman
Steve W. Berman, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

By: /s/ Elizabeth A. Fegan
Elizabeth A. Fegan, Esq.
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

By: /s/ Kenneth B. McClain
Kenneth B. McClain, Esq.
HUMPHREY FARRINGTON & McCLAIN
221 W. Lexington Ave., Suite 400
Independence, MO 64050

By: /s/ Roland Tellis
Roland Tellis, Esq.
BARON & BUDD, P.C.
15910 Ventura Blvd., Suite 1600
Encino, CA 91436

*Consumer Class Action Leadership Counsel and Counsel for Plaintiffs*

By: /s/ Gretchen Freeman Cappio
Gretchen Freeman Cappio
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101

*Plaintiffs' Governmental Entities Committee Chair*

By: */s/ Peter J. Brennan*
Peter J. Brennan, Esq.
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456

*Counsel for Defendants*

**ORDER**

Good cause appearing, the Court hereby approves this Joint Stipulation re Foreign Discovery.

**IT IS SO ORDERED.**

Dated: April 10, 2023

_____
The Honorable James V. Selna
United States District Judge

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Peter J. Brennan, hereby attest that Steve W. Berman, Elizabeth A. Fegan, Kenneth B. McClain, Roland Tellis, and Gretchen Freeman Cappio, on whose behalf this filing is also submitted, have concurred in the content of this Joint Stipulation re Foreign Discovery and have authorized its filing.

Dated: April 5, 2023.                    Respectfully Submitted.

By: */s/ Peter J. Brennan*
Peter J. Brennan, Esq.
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456

*Counsel for Defendants*