# Exhibit 2

Jonathan A. Michaels, Esq. – State Bar No. 180455
(jmichaels@defectattorney.com)
Keith L. Allen, Esq. – Bar No. 187976
(kallen@defectattorney.com)
Amed A. Prado, Esq. – Bar No. 337748
(aprado@defectattorney.com)
**MLG ATTORNEYS AT LAW, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908

Attorneys for Plaintiffs,
Brittney Sanders, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY SANDERS, JANELLE POPKEN; BONNY NASIMI; JENNIFER ANDERSON; BAYRON ORTIZ; CEKIA WILSON; TERRA SNOVER; KRISHNAPRASAD CHANDRASEKHARAN; ASHLEY DELGADO; SAPPHIRE JAECKEL; JOLENE SCHRADER; JONAS DOMKUS; PARISA AGHAEI; FE HUGO; DANNAY MCDANIELS; ENRIQUE REYES; JOSHUA VEGA; WILLIAM RICHARD MARTINEZ; JOSE MEDINA; JENNIFER PORTER; GILBERTO VELASCO; KALAYSIA EVANS; RACHEL MARQUEZ; KATHERINE BURBA; JANINA GATHER; MEGAN RANGER; TERESA HERNANDEZ; ADRIA ANTOINE; KIMBERLY RODRIGUEZ; RAYMOND EARL BAKER JR.; JOSEPH MEDINA; MONICA ALFARO; DANIEL | Case No. 8:23-cv-00486-JVS-KESx<br><br>Assigned to: Hon. James V. Selna<br><br>**NOTICE OF MOTION AND MOTION TO REMAND TO SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ORANGE AND REQUEST FOR AWARD OF ATTORNEYS FEES IN THE AMOUNT OF $19,005; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed Concurrently with Declaration of Keith L. Allen; and [Proposed] Order*]<br><br>Date: May 15 2023<br>Time: 1:30 P.M.<br>Courtroom: 10C |

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLACENTI; LINDSEY MATTHEWS; VICTORIA TSANG; JORGE LIRA; JORGE GONZALES; THOMAS JARAMILLO; ERICA SANDERS; LISSETTE SALAZAR; JASON ROSENTHAL; HILDA MACIEL-RUIZ; FRANCISCO SANCHEZ; JASMINE GERGIS; GREGORY SADOWSKI; PATTI CHORN; CIARA CUEVAS-FELIX; KIWON KIM; MILDRED REESE; GLINNIS STURDIVANT; BRANDON KHANH LUU; HOA KAING; AZJENNAE FRAZIER; FINA PAYTON; ANGELICA MARIN; MARIA OCHOA; CRISTIAN RODRIGUEZ; MYTIANA MITCHELL; VALERIE BARNES; BLANCA IBARRA; DORELYN CARREON; DAMON WHITE; CLAUDIA BARRAGAN; JOEL SALAS; JOSEPH RIVERA; LINDA SOBEL; COURTNEY HALL; CESAR GARCIA; JUAN NATHANIEL; CAROLINA FRANCO; ALBERT RIVERA; ALEXIS HINDSON-MORAZA; BRIAN VINEYARD; APRIL JASMIN MARTINEZ; JACKELINNE MOLINA; ARVIN PATEL; ERICA GALVAN; ROBERT ROBERTSON; BLANCA RUIZ; EARL SMITH; AALIYAH BERRY; ASIA MORRIS; ORLANDO GARCIA; KEVIN BOULT; GAYRETTA MCCLENDON; MICHAEL CAMPAGNA; MILLER KEITH MALONE; OLIVIA CHAVIRA; ALEXA RAMIREZ; ANGELA CARTER; JAMES CLARK FRANZMAN; MURPHY GUIDICE; MARCOS BARAJAS; JOANNE SHACK; CHERYL WESTBROOK; LISA PAYNE; CHRISTINA BELL; GABRIEL MONTOYA; KAREN DRANEY;

Complaint filed:   February 6, 2023
Removal date:     March 22, 2023

---

PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $19,005.00

EDWARD WHITE; MARCOS RIVERA;
BRYCE HOWELL; SEAN GARCIA;
SHENESIA GLADNEY; JOHANNA
MELCHOR; SHARON GRAF; HOPE
CAIN; SILVIA ESTRADA;
ALEXANDER ANDERSON;
ALEXANDRA LOPEZ; ROSA MORENO
AGUILAR; AMIEE KIM; GILMORE
AUGUSTUS; ANTOINETTE CURRY;
SERENA GUTIERREZ; ERIC SVIATEK.

                    Plaintiffs,

          vs.

KIA AMERICA, INC., a California
corporation; and HYUNDAI MOTOR
AMERICA, a California corporation, and
DOES 1 to 25, inclusive,

                    Defendants.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE**

**TAKE NOTICE THAT** Plaintiffs, Brittney Sanders, et. al., hereby move this Court for

an Order Remanding the matter to the Superior Court of the State of California, County

of Orange, as well as for an order awarding reasonable attorney's fees in the amount of

$19,005 pursuant to § 28 U.S.C.§ 1447(c).  The Motion for Remand is made on the

following grounds:

          Plaintiff seeks remand of the matter pursuant to 28 U.S.C § 1447(c), which

provides for remand by the Court if at any time before final judgement it appears that the

district court lacks subject matter jurisdiction. Here, the case must be remanded given

that the Federal Court lacks diversity jurisdiction, the matter does not meet the required amount in controversy and no federal question exists.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and the Declaration of Keith L. Allen, Esq., filed concurrently herewith, all the pleadings and records on file in this action, and upon such other written and oral evidence and arguments as may be submitted before and/or at the hearing on this Motion.

MLG ATTORNEYS AT LAW, APLC

Dated: April 14, 2023          By: _____
                                   Jonathan A. Michaels, Esq.
                                   Keith L. Allen, Esq.
                                   Amed. A. Prado, Esq.
                                   Attorneys for Plaintiffs,
                                   Brittney Sanders, et al.

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................... 1

II.  STATEMENT OF FACTS .................................................................... 2

III.  LEGAL ARGUMENT ........................................................................... 4

    A. Plaintiff's Motion to Remand is Timely, Proper, and Within the Authority of this Court to Grant ..................................................................... 4

    B. Complete Diversity Does Not Exist Between the Parties ................... 5

        1) It is Undisputed that all Parties are Domiciled in California ......... 5

    C. Minimal Diversity Cannot be Established by Bootstrapping in the MDL Plaintiffs .............................................................................................. 5

        1) Plaintiffs are Masters of the Complaint ........................................ 6

        2) Defendants cannot establish minimal diversity by consolidation with the MDL cases ........................................................................................ 9

    D. Defendants cannot establish that the amount in controversy is at least $5,000,000. ........................................................................................... 11

        1) Defendants cannot use the MDL Claims to Bootstrap this Case into CAFA Jurisdiction ................................................................................... 11

        2) Defendant Cannot Establish that Any One Plaintiff Has Suffered More Than $75,000 in Damages ............................................................ 12

    E. An Award of Fees and Costs Is Proper Because Removal Was Unwarranted .. 14

i

IV.   CONCLUSION.................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676 (2006) .........................12, 13, 14

*Brown v. MHN Gov't Servs.,* No. C12-5513 BHS 2012 WL 3834963 (W.D. WA Sept. 4, 2012) ...................................................................................................................................10, 11

*Caterpillar Inc. v. Lewis,* 519 U.S. 61 (1996) .......................................................................5

*Duenas v. Dole Food Company, Inc.,* No. CV 09-215-CAS(VBKx) (C.D. CA March 9, 2009) ....................................................................................................................................6, 7

*Freeman v. Blue Ridge Paper Prods., Inc.,* 551 F.3d 405 (6th Cir. 2008)............2, 7, 8, 11

*Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) ..............................10

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .........................................................5, 12

*Grancare, LLC v. Thrower by & Through Mills*, 889 F.3d 543 (9th Cir. 2018) .................5

*Hampton v. Monsanto Co.,*No. 4:11-CV-1662, 2011 WL 5307835 (E.D. Mo. Nov. 3, 2011) ...................................................................................................................................9, 10

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ..........................................13

*Johnson v. Advance Am.*, 549 F.3d 932 (4th Cir. 2008) ......................................................8

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)...............................4

*Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005). ..................................................14

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). .................................6

*Simon v. Marriott International, Inc.,* No. 19-1792, 2019 WL 4573415 (D. Md. Sept. 20, 2019)....................................................................................................................................2

iii

*Smith v. Smith*, 45 Cal.2d 235 (1995) ...................................................................5

*St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283 (1938) ...............................13

*Stern v. Superior Court*, 105 Cal.App.4th 223 (2003) ........................................13

*Tanoh v. Dow Chemical Co*., 561 F.3d 945 (9th Cir.2009) ..........................................10, 11

**Statutes**

28 U.S.C. § 1332 ..........................................................................1, 12, 13, 14

28 U.S.C. § 1441 ..............................................................................................1

28 U.S.C. § 1446 ............................................................................................13

28 U.S.C.A. § 1447. .......................................................................................4

29 U.S.C. 201 ................................................................................................10

PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $19,005.00

# I.    INTRODUCTION

This is a mass tort action brought by 113 Plaintiffs (hereinafter collectively referred to as "Plaintiffs") against Defendants Kia America, Inc., and Hyundai Motor America, both California corporations (hereinafter referred to collectively as "Defendants") for **1) California Consumer Legal Remedies Act (hereinafter "CLRA"); 2) Strict Liability – Design Defect; 3) Negligence; 4) Negligence – Failure to Recall, and 5) Breach of Implied Warranty of Merchantability**.  The sole issue for purposes of this Motion is whether Defendants have met their burden under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(d)(2)

Defendants admit in their Notice of Removal that there is no diversity between Plaintiffs and Defendants named in the underlying complaint (i.e., *Sanders v. Kia America, Inc.,* Case No. 30-2023-01306793-CU-PL-CXC (hereinafter "*Sanders*"). However, Defendants ask the Court to find diversity of parties by the inclusion of plaintiffs in another lawsuit.  *See, McQuarrie v. Kia America, Inc.,* Case No. 8:22-cv-01721 (C.D. Cal. Filed Sept. 21, 2022) (hereinafter "*McQuarrie*"), as well as a host of other class action lawsuits filed in other jurisdictions (now subsumed into the MDL actions *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation*, Case No. 8:22-ML-3052), with the Plaintiffs in *Sanders*.  This form of bootstrapping is not provided for under 28 U.S.C. § 1441 or 28 U.S.C. § 1332.

Additionally, Defendants claim, without any basis, that the amount in controversy is at least $5,000,000. Once again, Defendants are attempting to bootstrap the potential damages in the MDL cases unto the claims asserted on behalf of the Plaintiffs herein. However, Defendants are required to affirmatively establish that the damages in this underlying case are sufficient to support the removal of this case in the first instance.

To support their argument, Defendants have relied heavily upon an **unpublished opinion** from the District Court in Maryland, *Simon v. Marriott International, Inc.,* No. 19-1792, 2019 WL 4573415 (D. Md. Sept. 20, 2019) and another published opinion that is specifically limited to the facts of that case, *Freeman v. Blue Ridge Paper Prods., Inc.,* 551 F.3d 405 (6th Cir. 2008), neither of which are directly on point with the facts here.

Accordingly, Plaintiffs request that the Court grant this Motion and remand this matter to the Superior Court of the State of California, County of Orange, and grant Plaintiff's request for an award of attorney fees and costs in the amount of $19,005 incurred as a result of Defendant's unwarranted and improper removal.

## II.    STATEMENT OF FACTS

Defendants are large manufacturers and distributors of consumer automobiles which distribute millions of vehicles throughout the United States. Both Defendants manufactured vehicles without engine immobilizers, and without informing Plaintiffs herein. This defect permitted the subject vehicles to be easily started without keys and

stolen. When this defect was discovered and exposed on the social media network, TikTok, a wave of vehicle thefts ensued, causing Plaintiffs herein to suffer the loss of their vehicles, incur out of pocket expense for deductibles, rental cars, and travel/commuting. The Plaintiffs have also suffered due to the increase in insurance premiums, both as a result of the higher risk of theft caused by the defect and the actual theft of their vehicles.

Plaintiffs are 113 residents of the State of California who purchased vehicles from Defendant Kia between 2011-2021 and from Defendant Hyundai between 2015-2021, and whosr vehicles were stolen, as a direct result of the defect. Plaintiffs filed suit against Defendants on February 6, 2023, in the Superior Court of California, County of Orange, as a **mass tort** action, naming each Plaintiff individually in the complaint, as each Plaintiff has individual and distinct damages from the other Plaintiffs so named and said damages will be established according to proof, at the time of trial.

The damages sought in this underlying complaint are distinct and separate from the class action damages sought in the class action cases consolidated under the MDL.

### III.    LEGAL ARGUMENT

#### A. Plaintiff's Motion to Remand is Timely, Proper, and Within the Authority of this Court to Grant

Federal courts are courts of limited jurisdiction.  Consequently, district courts are presumed to lack jurisdiction unless the United States Constitution or a statutory provision expressly provides otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)  A party seeking to prove a federal court has jurisdiction over a matter bears the burden of establishing it.  *See Rojas v. Sea World Parks & Entm't, Inc.*, 538 F.Supp.3d 1008, 1012 (S.D. Cal. 2021).  "Generally, federal subject matter jurisdiction exists due to … complete diversity between the parties.

"If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C.A. § 1447(c).  Where doubts exist regarding the appropriateness of removal to federal court, courts are cautioned to **resolve any doubts in favor of remand**.  Indeed, the Ninth Circuit Court of Appeals held that the stringent standards governing removal aligns with "the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction **if there is any doubt as to the right of removal in the first instance.'**"

4

*Grancare, LLC v. Thrower by & Through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (*citing Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (Emphasis added.))

## B. Complete Diversity Does Not Exist Between the Parties

### 1)    It is Undisputed that all Parties are Domiciled in California

An individual's domicile is generally defined as the "location with which for legal purposes, a person is considered to have the most settled and permanent connection, the place where he intends to remain and to which, whenever he is absent, he has the intention of returning. *Smith v. Smith*, 45 Cal.2d 235, 239 (1995). In this matter, all Plaintiffs named in the complaint are domiciled in, and citizens of the state of California.

Both Kia and Hyundai admit that they are California Corporations. (Def. Notice of Removal, p. 5, lines 6-9.)

"Federal Courts have jurisdiction **only where there is complete diversity**: the Plaintiff's citizenship must be diverse from that of each named defendant." 28 U.S.C. §1332(c)(1). *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 n.3 (1996). Here, there is no diversity between Plaintiffs and Defendants.

## C. Minimal Diversity Cannot be Established by Bootstrapping in the MDL Plaintiffs.

Defendants retain the obligation and burden of proof for establishing diversity jurisdiction in instances where removal is in question. When challenged on allegations

5

of jurisdictional facts, the parties must support their allegations by competent proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

1)   Plaintiffs are Masters of the Complaint

Defendants have argued in their Notice of Removal that the parties are minimally diverse and therefore the Court may exercise jurisdiction over this case on removal. To do so, Defendants attempt to use an unreported decision from the Southern District of Maryland, and claim it is "instructive."  Notably, Defendants sought out a far flung, **unreported** case from Maryland to support their position, when there are more **"instructive"** cases arising from the Central District of California, as well as a case from the Ninth Circuit Court of Appeals.

*Duenas v. Dole Food Company, Inc.,* No. CV 09-215-CAS(VBKx) (C.D. CA March 9, 2009) is actually **more instructive**, as it was decided here in the Ninth Circuit. In that case, a group of 2,485 banana plantation workers from Costa Rica, Honduras, Panama and Guatemala filed suit in Los Angeles County Superior Court against Defendants Dole Food Company, Inc., et. al.  The cases were filed such that each case had less than 100 plaintiffs each, all alleging the same claims of strict products liability, among other claims.  Defendants removed the case to the District Court pursuant to the Class Action Fairness Act of 2005, arguing that all the actions should be consolidated and considered one action for purposes of CAFA.  Plaintiff filed a motion to Remand the case to Los Angeles Superior Court pursuant to 28 U.S.C. § 1447(c).

6

In ruling on the Motion, the Court in *Duenas* held that Defendants failed to establish a basis for federal subject matter jurisdiction because "[t]he removal statute is to be '**strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand**.'" The Court further declared that, "[n]othing in CAFA suggests that Plaintiffs, as masters of their complaint, may not 'file multiple actions, each with fewer than 100 plaintiffs, to work within the confines of CAFA to keep their state-law claims in state court.'" *Duenas* at *4. Further, the Court went on to hold that "Congress expressly rejected the use of [defendant's] strategy by excluding actions in which claims have been 'joined upon the motion of a defendant' from the definition of mass action.'" *Id*.

Defendants, here, would have the Court bootstrap in the Plaintiffs from the class action cases already in the MDL, which has plaintiffs from across the country, to establish the "minimal diversity" they need for this case to establish jurisdiction for the Federal Courts. Clearly, this was not what Congress intended.

Defendants' reliance on *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405 (6th Cir. 2008), is misplaced. The Court in *Freeman* explicitly stated that its "holding is limited to the situation where there is no colorable basis for dividing up the sought-for retrospective relief into separate periods, other than to frustrate the CAFA." *Id.* at 409. In *Freeman*, three hundred landowners sued a papermill for nuisance for water pollution. *Id.* The identical plaintiffs sued the papermill in six different lawsuits, for sequential

six-month periods, with each suit claiming a maximum of $4.9 million in damages, to keep the claims under the $5 million aggregate which would have supported removal, thus intentionally frustrating CAFA. *Id.* It was under this **specific fact pattern** that the court found it appropriate to consolidate the six suits. *Id.* Additionally, *Freeman* was a true class action case, whereas **that is not the fact pattern of the case at bar** because the case at bar is a mass tort action, not a class action. Each Plaintiff has separate and distinct damages which must be proven at trial. As such, *Freeman* is inapposite and many federal circuits have refused to apply or follow *Freeman* because the opinion is specifically limited to the particular facts of that individual case. *See Id.*

In *Johnson v. Advance Am.*, 549 F.3d 932 (4th Cir. 2008), the plaintiffs filed a class action complaint in state court, on behalf of all other "citizens of South Carolina," alleging that Advance America violated South Carolina law for unconscionable loans and breach of the covenant of good faith and fair dealing in contracts. *Id.* at 936. Advance America, alleging minimal diversity, removed to Federal Court. On Plaintiff's motion for remand, the Court found that Advance America failed to establish minimal diversity because all members of the plaintiff's class were citizens of South Carolina. The Court looked to the specific language of the Complaint and found that "the plaintiffs in this case have taken care to restrict the scope of their allegations so as to avoid federal jurisdiction under CAFA. Yet the plaintiffs, as masters of their complaint, can choose to circumscribe their class definition in this way."

2)    <u>Defendants cannot establish minimal diversity by consolidation with the MDL cases.</u>

Defendants have asked the Court to look past the plain language of CAFA and to consolidate this state law only claim with the already removed interstate class action cases under the MDL, for the purpose of establishing "minimal diversity." The problem with Defendants' approach is that it flies in the face of the plain language of the statute.

*Hampton v. Monsanto Co.,* is **instructive** on this issue. No. 4:11-CV-1662, 2011 WL 5307835 (E.D. Mo. Nov. 3, 2011). In *Hampton*, three California residents filed claims for strict liability and negligence under California law in St. Louis, MO. Defendants removed the case to federal court and Plaintiffs filed a motion to remand. This case was one of eleven cases filed by individuals in Los Angeles County, CA, St. Louis County, MO, and St. Louis City, MO. Defendant claimed in *Hampton* that each action was part of a mass action under CAFA and was removable because "there is no colorable basis for plaintiffs' decision to file separate … cases other than a desire to remain below the 100 plaintiff threshold." *Id.* at 1. The District Court held that Defendants' reliance on *Freeman* was misplaced, as *Freeman* did not address the "mass action" provisions of CAFA at issue in *Hampton*. *Id.* at *3.

Specifically, the Court held that Defendants' contention were irrelevant as: "Congress appears to have contemplated that some cases which could have been brought as a mass action would, because of the way in which the plaintiffs chose to structure

9

their claims, remain outside of CAFA's grant of jurisdiction." *Id.* quoting *Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010).  "This is not necessarily anomalous; after all, the general rule in a diversity case is that 'plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum.'" *Id.* (citing *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).  *See also Tanoh v. Dow Chemical Co.*, 561 F.3d 945 (**9th Cir.2009**) (emphasis added).  The District Court in *Hampton* would not permit Defendants to bootstrap in the plaintiffs from the other cases to create diversity or the minimum number of plaintiffs required to establish federal jurisdiction under CAFA and remanded the case back to the state court.

An additional **instructive** case, which arises out of the Ninth  Circuit, Western District of Washington, Tacoma, *Brown v. MHN Gov't Servs.,* No. C12-5513 BHS 2012 WL 3834963 (W.D. WA Sept. 4, 2012)*,* involved a similar situation as the case at bar. Plaintiffs in *Brown* filed a complaint alleging state law wage claims on behalf of themselves and a proposed class, but limited the value of all damages to less than $5,000,000.  *Id.* at *1.  The same Plaintiffs and twelve other named plaintiffs filed another complaint in Federal Court alleging Fair Labor Standards Act Violations, 29 U.S.C. 201, et. seq. and California Labor Code §226.8.   Defendants in *Brown* then removed that case to Federal Court and Plaintiffs filed a motion to remand.  Defendants filed a motion to consolidate the actions.  On the remand motion, the Court made short work of the remand and the consolidation motions and resolved both in favor of the

Plaintiffs in *Brown*, noting that "[t]he federal statute that provides this Court with jurisdiction and Supreme Court precedent entitle Plaintiffs to try their case in state court. The only authorities that Defendants cite to the contrary involve (1) claim splitting by the separation of groups of potential class members (*Tanoh v. Dow Chemical Co.*, 561 F.3d 945 (9th Cir.2009)) and (2) an out-of-circuit split opinion regarding claim splitting by separating successive time periods (*Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir.2008)). Neither of these opinions controls the situation where Plaintiffs desire to have their state claims tried in state court." *Id.* at 1.

Both *Marriott* and *Brown* are non-reported cases and cannot be cited. However, Defendant herein could not find a Ninth Circuit case which supported their position, so they chose one from the Maryland District Court, rather than acknowledging that *Brown*, a Ninth Circuit case, clearly contradicts *Marriott* and **was issued by the District in which this case resides**.

### D. Defendants cannot establish that the amount in controversy is at least $5,000,000.

#### 1) Defendants cannot use the MDL Claims to Bootstrap this Case into CAFA Jurisdiction

In the case at bar, Defendants improperly rely on their attempt to bootstrap in the claims of "tens of thousands of putative class members" from the MDL cases to establish that, at the time of removal, the underlying claim exceeded the $5,000,000 requirement.

11

This is an intentionally circular argument and does not satisfy CAFA or the cases that interpret it.

In *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676 (2006), the Ninth Circuit Court held that, "[i]n cases removed from state court, the removing defendant has "always" borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." (Quoting *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992). "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."

    2) <u>Defendant Cannot Establish that Any One Plaintiff Has Suffered More Than $75,000 in Damages</u>

Defendants' arguments regarding the $5,000,000 aggregate amount also completely ignores the requirements imposed on Defendants under 28 U.S.C. § 1332(d)(11)(B)(i), that at least one Plaintiff must have an amount in controversy of at least $75,000 in order to establish CAFA jurisdiction. In a motion for removal, Defendant cannot make unsupported assumptions or assertions in the motion for removal in support of either the $5,000,000 or the $75,000 amount in controversy. Here, Defendants have not, and cannot, establish the amount as to any **one** named Plaintiff who has suffered in damages, let alone all of them.

In *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) the Court clearly stated "[a] defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal ... 28 U.S.C. § 1446(a).'" "In determining the amount in controversy, courts first look to the complaint … [g]enerally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (footnote omitted). Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."

Here, Defendants have offered no evidence at all, only an attempt to bootstrap the Plaintiffs claims here with the MDL Plaintiffs' claims, which is not permissible. In *Abrego Abrego v. The Dow Chemical Co.* 443 F.3d 676, (9th Cir. 2006), the Court pointed out that, in addition to the $5,000,000 aggregate, Defendants also have the burden to establish that *at least one* of the Plaintiffs had a claim worth at least $75,000 under U.S.C. § 1332(d)(11)(B)(i). Id. at 689. In its ruling, the *Abrego Abrego* court held that a Defendant has the obligation show that at *least one* Plaintiff satisfies the jurisdictional amount requirement and that unless that burden has been met, the case cannot remain in federal court. Id. At 688-89. (Citing *Stern v. Superior Court*, 105 Cal.App.4th 223, 233 (2003)).

This reasoning in *Abrego Abrego* is properly applied here. Defendants have proffered absolutely no evidence, other than their improper attempt to bootstrap in the "tens of thousands" of Plaintiffs from the MDL to this case, to support their claims of establishing that Plaintiffs meet the "amount in controversy" of § 1332(d)(11)(B)(i). **In fact, they never even addressed it.**

### E. An Award of Fees and Costs Is Proper Because Removal Was Unwarranted

Upon granting a motion for remand, a court has the authority to order may order the removing party to pay fees incurred as a result of removal, including "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005).

Here, Plaintiffs have clearly established Defendant improperly removed this action to Federal Court. As a result of this unnecessary action taken by Defendant, Plaintiff has incurred $19,005 in attorneys fees for the filing of this motion. (Decl. Keith L. Allen ¶ 9). Accordingly, Plaintiffs should be awarded their attorney fees and costs of $19,005 for having to bring this Motion pursuant to 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs requests that the Court grant Plaintiffs motion and remand this matter to the Superior Court of the State of California, County of

Orange and grant Plaintiffs' request for an award of attorney fees and costs of $19,005 incurred as a result of Defendants' improper removal.

**MLG ATTORNEYS AT LAW, APLC**

Dated: April 14, 2023                    By: _____

Jonathan A. Michaels, Esq.
Keith L. Allen, Esq.
Amed A. Prado, Esq.
Attorneys for Plaintiffs,
Brittney Sanders, et al.

15