Jonathan A. Michaels, Esq. – State Bar No. 180455
(jmichaels@defectattorney.com)
Keith L. Allen, Esq. – Bar No. 187976
(kallen@defectattorney.com)
Amed A. Prado, Esq. – Bar No. 337748
(aprado@defectattorney.com)
**MLG ATTORNEYS AT LAW, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908

Attorneys for Plaintiffs,
Brittney Sanders, et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to<br>*Sanders v. Kia America, Inc., et. al.*,<br>Case no. 8:23-cv-00486 | Case No. 8:22:-ML-3052- JVS (KESx)<br><br>Assigned to: Hon. James V. Selna<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS, KIA/HYUNDAI'S REQUEST FOR BREIFING SCHEDULE** |

Plaintiffs, by and through their undersigned counsel, respectfully object to Defendants, Kia America, Inc., and Hyundai Motor America (hereinafter collectively "Defendants") request for a briefing schedule on Plaintiffs' Motion to Remand, and respectfully request the Court deny said request.

1

Defendants, by way of this request, for which they cite no statute or case law which provides support even for the request to be made, let alone granted, are simply seeking additional time to response to the motion to remand.  Essentially, they don't want to abide by the very rules, Federal Rules of Civil Procedure and Local Rules of Court for the 9th Circuit, that they used to remove this case from its proper and original jurisdiction in State Court.  Defendants are improperly appealing to the Court to give them more time to prepare their opposition to the Motion to Remand than Local Rule 7-9 provides.

Defendants want to delay the **hearing** date for Plaintiffs' Motion to Remand to the next status conference so as to "serve the interests of judicial economy, conserve the resources of the parties, and reduce the burden on the Court and its staff."  Since their concern is for the Court's economy on the hearing date, Plaintiffs would agree to move the hearing date to June 8, **if Defendants will agree to be required to file their opposition to the Motion to Remand by the original date set forth by Local Rule 7-9.**  However, as stated above, it is apparent from the fact that Defendants have also requested additional time to prepare and file their opposition from April 24, 2023 to May 18, 2023, that Defendants are intentionally attempting to obscure this request by burying it behind their disingenuous claim that the "Request for Briefing Schedule" is only for the Court's convenience and economy.

The Court must also consider the fact that the Motion to Remand specifically questions this Court's subject matter jurisdiction over the underlying *Sanders* case in the first instance.  "A suit may be removed from state court to federal court **only** if the federal court would have had subject matter jurisdiction over the case had the case bene filed in federal court in the first instance. (Emphasis added.) 28 U.S.C. § 1441(a); see *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court

actions that originally could have been filed in federal court may be removed to federal court by the defendant.")

As such, the Court should hear the Motion to Remand at the earliest possible time, so as to minimize further prejudice to the Plaintiffs. Plaintiffs have been prejudiced and delayed by the improper removal of the *Sanders* case from State Court, where it was filed, and where Plaintiffs chose to file it (Plaintiffs being the masters of their complaint), have incurred significant attorney fees in the preparation of the Motion to Remand, and will incur additional delays in getting resolution of their state law based claims against Defendants. Plaintiffs are mid to lower income individuals who purchased vehicles which they thought would provide them with reliable and secure transportation, and which failed to live up to that representation by Defendants by Defendants financially based decisions to not include engine immobilizers as part of the security system. They have had their cars stolen and damaged and suffered financial damages due to Defendants actions. Defendants, on the other hand, are multi-**billion** dollar international companies. They have teams of lawyers representing them. They can afford the overtime for their associates to draft the opposition to the Motion to Remand and file it timely within the period proscribed by Local Rule 7-9. Defendants chose to move the case to Federal Court. They should be held to abide by the Rules for the forum they chose. Plaintiffs never sought to be in Federal Court.

Plaintiffs respectfully request the Court to deny the request to delay the hearing from May 15, 2023 to June 8, 2023. In the alternative, if the Court intends to delay the hearing to the next MDL status conference on June 8, 2023, then Plaintiffs respectfully request that the Court order Defendants to file and serve their opposition to the Motion to Remand by no later than April 24, 2023, per Local Rule 7-9

3
**PLAINTIFFS' OPPOSIITON TO DEFENDANTS, KIA/HYUNDAI'S REQUEST FOR BREIFING SCHEDULE**

and that Plaintiffs' Reply Brief to be required by May 1, 2023. This will permit the Court to have sufficient time to review the Motion to Remand, Defendants' Opposition and Plaintiffs Reply. This will satisfy Defendants overwhelming concern for Judicial Economy and convenience of the Court and its staff, without treating Defendants herein any differently than any other party in any other case before the Court.

MLG ATTORNEYS AT LAW, APLC

Dated: April 18, 2023        By: _____
Jonathan A. Michaels, Esq.
Keith L. Allen, Esq.
Amed. A. Prado, Esq.
Attorneys for Plaintiffs,
Brittney Sanders, et al.

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

I hereby certify under penalty of perjury that on this 18TH Day of April, 2023, a copy of the foregoing:

1) **PLAINTIFFS' OPPOSIITON TO DEFENDANTS, KIA/HYUNDAI'S REQUEST FOR BREIFING SCHEDULE**
2) **DECLARATION OF KEITH L. ALLEN**

was filed electronically.

✓ This filing was served electronically to all parties by operation of the Court's electronic filing system.

*/s/ Sonya Vasquez*