Jonathan A. Michaels, Esq. – State Bar No. 180455
(jmichaels@defectattorney.com)
Keith L. Allen, Esq. – Bar No. 187976
(kallen@defectattorney.com)
Amed A. Prado, Esq. – Bar No. 337748
(aprado@defectattorney.com)
**MLG ATTORNEYS AT LAW, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908

Attorneys for Plaintiffs,
Brittney Sanders, et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to<br>*Sanders v. Kia America, Inc., et. al.*,<br>Case no. 8:23-cv-00486 | Case No. 8:22:-ML-3052- JVS (KESx)<br><br>Assigned to: Hon. James V. Selna<br><br>**DECLARATION OF KEITH L. ALLEN** |

### DECLARATION OF KEITH L. ALLEN

I, Keith L. Allen, Esq., do hereby declare and state that:

1. I am a Senior Trial Attorney with MLG Attorneys at Law, APLC, counsel for Plaintiffs in this matter. I am over the age of 18 years and otherwise competent to

1  testify in this action. I know the following facts to be true of my own knowledge, and
2  would, if asked, testify competently as to the truth of the same.

5  2.  I am an attorney licensed to practice law before all courts of the state of
6  California.  I am admitted to practice before the 9th Circuit, Central District of California
7
8  as well as admitted to the U.S. Supreme Court Bar.  I have been practicing for over 25
9  years in the area of civil litigation.

12  3.  I spoke with Defense Counsel Peter J. Bennan, on April 14, 2023, in an
13  effort to meet and confer regarding the Motion to Remand.  Mr. Brennan was insistent on
14
15  his position that the Removal of the *Sanders* case to Federal Court was proper.

17  4.  We discussed the propriety of Defendants' Removal of the case and the
18  basis of Plaintiffs' motion.  Mr. Brennan stated that his reliance on a non-citable case was
19
20  justified because it was "decided by a judge" and if it were decided in the 9th circuit it
21  would control.  I reminded him that non-citable cases do not control anything and that
22
23  using a non-published case was improper.  I also advised him that my belief was that
24  failing to advise this court of the fact that there were 9th circuit cases which ARE citable
25
26  was also improper.  We agreed to disagree.  He requested I email him the cases we would
27  be citing in our motion and I emailed them to him within 10 minutes of completing the
28  call.

2
DECLARATION OF KEITH L. ALLEN

5. Defendants were served with a copy of the Motion to Remand by email on Friday evening by my office, upon filing with the Court. Defendants were aware of the motion being filed, had copies of the motion as of Friday, April 14, 2023, and have sufficient time to prepare and file their opposition to the motion.

6. The basis of the Motion to Remand is that this Court does not have subject matter jurisdiction over this state law based case. Defendants have attempted to improperly bootstrap in the other Plaintiffs in the MDL cases to justify the $5 million dollar amount in controversy, failed to provide any evidence that any Plaintiff has more that $75,000 in damages, and relied on non-published, non-citable cases to support their improper Removal of the case.

7. Ironically, Defendants quote from the Court's orders set forth in the MDL cases and ask that the Court strictly adhere to those orders and rules, in Defendants favor, but that the Court should ignore the Court's own Local Rules, again in Defendants' favor.

8. Defendants also refer to the Court's "Transfer Order, *Sanders v. Kia America, Inc.* … (noting that the *Sanders* action arose from the same or closely related transactions, happenings, or events…"). However, this "conclusion" was based **solely** on Defendant Removal which contained improper and false representations by Defendants and reliance on non-citable cases from distant district courts, when there were opposing

opinions from right here in the 9th Circuit that Defendants intentionally failed to bring to this Court's attention.

9.   The Court is requested to deny Defendants' request for a briefing schedule other than the one set forth for all parties in the Court's own Local Rule 7-9. Alternatively, if the Court feels that Judicial economy would be best served by having the hearing on this matter delayed until June 8, 2023, Plaintiffs would request that the Court require Defendants to file their opposition to the Motion to Remand by April 24, 2023 as required by Local Rule 7-9 for the original hearing date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and could so testify is called as a witness.

Executed on April 18, 2023, at Costa Mesa, California.

_____
Keith L. Allen, Esq.

## CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I hereby certify under penalty of perjury that on this 18TH Day of April, 2023, a copy of the foregoing:

1) **PLAINTIFFS' OPPOSIITON TO DEFENDANTS, KIA/HYUNDAI'S REQUEST FOR BREIFING SCHEDULE**
2) **DECLARATION OF KEITH L. ALLEN**

was filed electronically.

✓ This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/ *Sonya Vasquez*