Nathan Dooley (SBN 224331)
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel.: 213.892.7933; Fax: 213.892.7999

Elliott R. Feldman (*pro hac vice pending*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: 215.665.2071; Fax: 215.701.2282

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES, PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 22-ml-03052-JVS-KES<br><br>The Honorable James V. Selna<br><br>**REPLY IN SUPPORT OF OBJECTION TO CASE MANAGEMENT ORDER (DKT. NO. 70), AND APPLICATION OF ELLIOTT R. FELDMAN AND NATHAN DOOLEY OF COZEN O'CONNOR FOR APPOINTMENT TO (1) CHAIR A SUBROGATION INSURANCE CLASS ACTION COMMITTEE, (2) FOR REPRESENTATION ON THE CONSUMER CLASS ACTION COMMITTEE (3) TO VACATE CASE MANAGEMENT DEADLINES RELATED TO THE SUBROGATION CLASS ACTION AND (4) FOR LEAVE TO FILE A CONSOLIDATED INSURANCE CLASS ACTION COMPLAINT (DKT. NO 85)** |
| This document relates to:<br><br>*State Automobile Mutual Insurance Company, et al. v. Hyundai Motor America, et al.*<br><br>Case No.: 8:23-cv-00443-JWH (KESx) | |

In their Response (Dkt. No. 92), the consumer class action plaintiffs ("Consumer Plaintiffs") agree with the Insurance Plaintiffs' Request for the Court to create a Subrogation Insurance Class Action Committee ("Insurance Committee") chaired by Cozen O'Connor, through attorneys Elliott R. Feldman and Nathan Dooley. This will enable the Insurance Plaintiffs to coordinate activities with the Consumer Plaintiffs and the committee established for the governmental entities, which will enhance the efficient management of this MDL. However, the Consumer Plaintiffs object to the Insurance Plaintiffs' request for attorneys Feldman and Dooley to be appointed to the Leadership Committee. Interestingly, the basis for this objection is that the insurance subrogation claims are separate and distinct from the consumer claims. (*See* Dkt. No. 92 at 1:24-25.)

The Consumer Plaintiffs' argument appears to underscore the predicate for the Insurance Plaintiffs' request for representation on the Leadership Committee: without adequate representation on the Leadership Committee, the Insurance Plaintiffs' subrogation claims may not be properly managed, both for purposes of motion practice and discovery proceedings. The claims brought solely by Consumer Plaintiffs have overlapping liability issues with respect to the Insurance Plaintiffs' subrogation claims, but there are some different causation issues and separate damages issues. Without appropriate representation on the Leadership Committee, the Insurance Plaintiffs' subrogation claims may be impaired by an inability to effectively and proactively litigate the subrogation claims.

In addition, while the Insurance Plaintiffs have not been made aware of the dollar amount being sought in damages by the Consumer Plaintiffs, it seems self-evident that the Consumer Plaintiffs' claims are much smaller than the damages quantified to date by the Insurance Plaintiffs. The Insurance Plaintiffs who were named as plaintiffs, or who will be named as plaintiffs in an amended subrogation insurance class action complaint, are currently estimated to exceed four hundred million dollars. This figure will likely increase as additional insurers join the

currently pending action. Because additional carriers continue to join this action as named plaintiffs, it is appropriate for the deadlines governing a consolidated insurance subrogation complaint to trail the deadlines set for the Consolidated Consumer Plaintiffs' Complaint. Since the Insurance Plaintiffs own and control the lion's share of claims being advanced against Defendants in this action, it is logical and appropriate for the leadership of the Subrogation Committee to have representation on the Leadership Committee.

Respectfully submitted,

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY, ET AL.

By: /s/ Nathan Dooley
    Nathan Dooley
    *Attorneys for Plaintiffs*