# EXHIBIT 1

Nathan Dooley (SBN 224331)
COZEN O'CONNOR
601 S. Figueroa Street
Suite 3700
Los Angeles, CA 90017
Tel.: 213.892.7933; Fax: 213.892.7999

Elliott R. Feldman (*pro hac vice pending*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: 215.665.2071; Fax: 215.701.2282

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES, PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This document relates to:

*State Automobile Mutual Insurance Company, et al. v. Hyundai Motor America, et al.*
Case No.: 8:23-cv-00443-JWH (KESx)

Case No.: _22-ml-03052-JVS-KES

The Honorable James V. Selna

**SUBROGATION PLAINTIFFS' MOTION TO STRIKE OR DISMISS PORTIONS OF THE CONSOLIDATED AMENDED CONSUMER CLASS ACTION COMPLAINT THAT SUBVERT SUBROGATION PLAINTIFFS' EXCLUSIVE RIGHT TO INDEPENDENTLY PROSECUTE THEIR CLAIMS**

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Plaintiffs in *State Automobile Mutual Insurance Company, et al. v. Hyundai Motor America, et al*. Case No.: 8:23-cv-00443-JWH ("Subrogation Plaintiffs") will and hereby do move the above-entitled Court pursuant to Federal Rules of Civil Procedure 7(b)(1), 12(b)(1) and 12(f) to dismiss, and strike Plaintiffs' Paragraphs 1532, 1533, and 1534 Consolidated Amended Consumer Class Action Complaint ("Consumer Complaint") for lack of standing, violations of due process, and for the fatally flawed allegations of adequacy, typicality, superiority, and predominance that cannot possibly by saved by amendment.

The Court should strike or dismiss paragraphs 1532, 1533, and 1534 from the Consumer Complaint for the following reasons. First, Plaintiffs named in the Consumer Complaint ("Consumer Plaintiffs") do not have standing to assert subrogation damages incurred by Subrogation Plaintiffs, nor do any of the named Consumer Plaintiffs allege such damages although subrogation damages are alleged as part of the class damages. Second, the Consumer Complaint violates due process because Consumer Plaintiffs are attempting to claim damages owned by unrepresented Subrogation Plaintiffs. Third, the Consumer Complaint fails for lack of adequacy as the named Consumer Plaintiffs have no knowledge of  Subrogation Plaintiffs' damages, yet seek to represent those same damages. Fourth, the allegations contained in 1532 and 1534 establish untenable conflicts between the unrepresented class of Subrogation Plaintiffs, and the represented class of Consumer Plaintiffs who are attempting to arrogate to themselves damages incurred by  Subrogation Plaintiffs, recover first, and relegate Subrogation Plaintiffs to an inferior class. Fifth, the attempt by Consumer Plaintiffs to represent damages incurred by Subrogation Plaintiffs fails for lack of typicality, and this allegation cannot be saved by amendment. Sixth, counsel representing Consumer Plaintiffs ("Consumer Counsel") have filed numerous lawsuits against Subrogation Plaintiffs, making Consumer Counsel particularly ill-suited to represent the interests of Subrogation

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

1

Plaintiffs due to actual ongoing conflicts. Seventh, Consumer Plaintiffs' attempt to claim Subrogation Plaintiffs' damages on behalf of their class fails as a matter of law for lack of typicality. Eighth, Consumer Plaintiffs' allegations regarding superiority and predominance also fail as a matter of law. The superiority allegations in paragraph 1534, for example, appear to be based on the affirmative defense of claim-splitting, which Consumer Plaintiffs have no standing to raise – yet another flaw that cannot be saved by amendment.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which first occurred by zoom call on or about April 19, 2023, and then discussed in correspondence.

Respectfully submitted,

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY, ET AL.

By: /s/ Nathan Dooley
      Nathan Dooley
      *Attorneys for Plaintiffs*

1

## **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.      Introduction ...................................................................................... 8

II.     Procedural History ........................................................................ 10

III.    Brief Overview of Adverse Relationships ..................................... 11

IV.     The Consumer Counsel Complaint ................................................ 12

V.      Argument ....................................................................................... 13

      A.      Legal Standard ..................................................................... 13

      B.      Consumer Plaintiffs Cannot Represent Subrogation Plaintiffs ........... 15

      C.      Consumer Class Action Attorneys Cannot Adequately or Fairly Represent Subrogation Plaintiffs ......................................... 17

      D.      The Attempt to Include  Subrogation Plaintiffs' Claims Frustrates the Ability to Plead Typicality ................................. 20

      E.      The Claims Regarding Predominance and Superiority Also Fail......... 21

      F.      Consumer Plaintiffs Cannot Assert Claim Splitting ............................ 21

      G.      Consumer Plaintiffs Do Not Have Standing to Prosecute Subrogation Plaintiffs' Claims ............................................... 23

VI.     Conclusion ..................................................................................... 25

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

1

### <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

*Allstate Ins. Co. v. Mel Rapton, Inc.*,
   77 Cal.App.4th 901 (Cal. Ct. App. 2000)........................................................22

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ...........................................................16, 17, 18, 21

*Basin Constr. Corp. v. Dep't of Water & Power*,
   199 Cal. App. 3d 819 (1988) .........................................................24

*Califano v. Yamasaki*,
   442 U.S. 682 [1979] .........................................................15

*In re Cardinal Health, Inc. ERISA Litigation*,
   225 F.R.D. 552 (S.D. Ohio 2005).........................................................19

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
   598 F.3d 1115 (9th Cir. 2010) .........................................................21, 22, 24

*Collins v. Gamestop Corp.*,
   No. C10–1210, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010) ...........................14

*D.C. by and through Garter v. County of San Diego*,
   2017 WL 5177028, *12 (S.D. Cal. 2017), order amended, 2018 WL
   692252 (S.D. Cal. 2018), aff'd, 783 Fed.App'x. 766 (9th Cir. 2019),
   cert. denied, 141 S. Ct. 255 (2020).........................................................17

*Davidson v. O'Reilly Auto Enterprises, LLC*,
   968 F.3d 955 (9th Cir. 2020) .........................................................14

*Del Campo v. Mealing*,
   No. C 01–21151, 2011 WL 6176223 (N.D. Cal. Dec. 7, 2011).........................18

*Deutschmann v. Sears, Roebuck & Co.*,
   132 Cal.App.3d 912 (Cal. Ct. App. 1982).........................................................21, 22, 24

*Donlan v. United Services Automobile Association ; USAA Casualty
   Ins. Co., et al.*,
   2:21-cv-989 (D. Wash. Jul. 23, 2021) .........................................................11

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

*Edwards v. Zenimax Media Inc.*,
No. 12-CV-00411, 2012 WL 4378219 (D. Colo. Sept. 25, 2012) .................... 15

*Ferraro v. S. Cal. Gas Co.*,
102 Cal. App. 3d 33 (1980), *overruled on other grounds in
Goodman v. Lozano*, 47 Cal. 4th 1327 (2010) ............................................ 21, 22

*Frank v. Gaos*,
139 S.Ct. 1041 (2019) ....................................................................................... 23

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) .......................................................................................... 15

*Hansberry v. Lee*,
311 U.S. 32 (1940) ............................................................................................ 15

*Hodge v. Kirkpatrick Development, Inc.*,
130 Cal.App.4th 540 ...................................................................................*passim*

*Jin v. Shanghai Original, Inc.*,
990 F.3d 251 (2d Cir. 2021) ............................................................................. 18

*Kay v. Wells Fargo & Co.*
N.A., 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) .............................. 14

*In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*,
No. MDL 09-2008, 2012 U.S. Dist. LEXIS 163852, at *5-6 (C.D.
Cal. Oct. 24, 2012)............................................................................................ 14

*Manning v. Boston Med. Ctr. Corp.*
725 F.3d 34(1st Cir. 2013) ............................................................................... 14

*Mirfasihi v. Fleet Mortgage Co.*,
356 F.2d 781 (7th Cir. 2004) ............................................................................ 17

*Muelhausen v. Allstate Fire and Casualty*
(D.C. Ariz. Oct. 12, 2022) ............................................................................... 11

*Operating Engineers Local 324 Health Care Plan v. G & W Const.
Co.*,
783 F.3d 1045 (6th Cir. 2015) .......................................................................... 14

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ..................................................................................... 17, 18

Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017

*Pac. Gas & Elec. Co*,
    144 Cal.App.4th at 23 ............................................................................ 21, 22, 24

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    827 F.3d 223 (2d Cir. 2016) ....................................................................... 15, 16

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 [1985] ........................................................................................ 16

*Sanders v. Apple, Inc.*,
    672 F.Supp.2d 978 (N.D. Cal. 2009) ............................................................... 15

*Sandoval v. Ali*,
    34 F.Supp.3d 1031 (N.D. Cal. 2014) ............................................................... 14

*Sandoval v. M1 Auto Collisions Centers*,
    309 F.R.D. 549 (N.D. Cal. 2015) .................................................................... 18

*Scognamillo v. Credit Suisse First Boston LLC*,
    No. C03-2061, 2005 WL 8162733 (N.D. Cal. Feb. 1, 2005) ........................... 13

*State Auto. Mut. Ins. Co. et al. v. Hyundai Motor Am. et al.*,
    No. 8:23-cv-00443 (C.D. Cal. Mar. 10, 2023) ..................................... 1, 8, 11

*Stearns v. Select Comfort Retail Corp.*,
    763 F.Supp.2d 1128 (N.D. Cal. 2010) ............................................................. 15

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ............................................................................... 20, 23

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ........................................................................................ 15

*Walker v. Apple, Inc.*,
    4 Cal.App.5th 1098 (2016) ......................................................................... 18, 19

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d (9th Cir. 2010) .................................................................................. 14

*Williams v. Geico General Ins. Co., et al.*,
    3:19-cv-0523 (W.D. Wash. Sept. 3, 2019) ....................................................... 11

**Statutes**

Cal. Code Civ. Proc. § 387(b) .............................................................................. 23

Magnuson-Moss Warranty Act ................................................................. 20

**Other Authorities**

1 Newberg and Rubenstein on Class Actions § 3:75 (6th ed.) ................................ 18

Federal Rule of Civil Procedure 23 ................................................ *passim*

Rules of Professional Conduct Rule 3–310 .......................................... 19

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

Pursuant to Federal Rules of Civil Procedure 7(b)(1), 12(b)(1) and 12(f), the Plaintiffs in *State Automobile Mutual Insurance Company, et al. v. Hyundai Motor America, et al*. Case No.: 8:23-cv-00443-JWH ("Subrogation Plaintiffs") bring this Motion to Dismiss and Strike portions of the Consolidated Amended Consumer Class Action Complaint (Dkt. No. 84) ("Consumer Complaint") filed in the name of consumers ("Consumer Plaintiffs"). Due to lack of standing pursuant to Rule 12(b)(1), Subrogation Plaintiffs move to dismiss and strike any portion of the Consumer Complaint that claims as damages any losses paid out by Subrogation Plaintiffs. Subrogation Plaintiffs also hereby seek an order striking the paragraphs 1532, 1533, and 1534 from the Consolidated Amended Consumer Class Action Complaint, Dkt. No. 84.

## I.    INTRODUCTION

On April 10, 2023, counsel for Consumer Plaintiffs ("Consumer Class Action Attorneys") filed a complaint styled as a "Consolidated Amended Consumer Class Action Complaint" ("Consumer Complaint"), Dkt. No. 84, that excludes Subrogation Plaintiffs and jeopardizes the viability of the consumer class it purports to represent. The infirmity of the Consumer Complaint appears to stem from an attempt by Consumer Class Action Attorneys' to hijack damages belonging solely to parties they do not represent, and cannot represent – Subrogation Plaintiffs. While it is understandable that the Consumer Class Action Attorneys would like to earn fees from Subrogation Plaintiffs, Consumer Plaintiffs do not allege, and cannot allege they paid any insurance claims arising from the defective product, nor do Subrogation Plaintiffs have any interest in being represented by Consumer Class Action Attorneys who have repeatedly sued them in venues around the country.

The insurance class action, *State Auto. Mut. Ins. Co. et al. v. Hyundai Motor Am. et al.*, No. 8:23-cv-00443 (C.D. Cal. Mar. 10, 2023) ("Subrogation Class Action"), and the consumer class action share common liability issues, but have entirely separate damages. As of the date of this Motion, Subrogation Plaintiffs who

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

are named, or will be listed as named Plaintiffs in an amended Subrogation Class Action Complaint, have incurred damages well in excess of $400 million – a sum that dwarfs the damages alleged by Consumer Plaintiffs.

Subrogation Plaintiffs' damages belong to Subrogation Plaintiffs alone, and stand apart from the damages alleged by Consumer Plaintiffs in the Consumer Complaint. Subrogation Plaintiffs' damages arise from insurance claims that have been paid, or will be paid for vehicle thefts, continue to mount, and can be calculated to the penny for claims that have been paid. The damages pled by the named Consumer Plaintiffs in the Consumer Complaint, on the other hand, are the diminution in value of consumers' vehicles, claims of overpayment for these vehicles, loss of use damages, insurance deductibles, and other uninsured losses. Dkt. No. 84 ¶¶ 36-1206. Thus, the named plaintiffs in the Consumer Action make no claim to Subrogation Plaintiffs' damages, and cannot make any such claim.

This Motion should be granted because Consumer Plaintiffs have no right, or standing to assert claims that belong to Subrogation Plaintiffs. As a result, the allegations related to typicality, adequacy and superiority must also be stricken from the Consumer Complaint. Any attempt by Consumer Plaintiffs to settle claims on behalf of Subrogation Plaintiffs, or claim a fee award based on subrogation damages, moreover, will only lead to a multiplication of motion practice, and collateral litigation.

There are multiple irreconcilable conflicts of interest on the part of the Consumer Class Action Attorneys in self-arrogating inclusion of subrogation claims within their Complaint. None of Subrogation Plaintiffs have retained any of the Consumer Class Action Attorneys to represent them. All of Subrogation Plaintiffs have retained Cozen O'Connor as their exclusive counsel, while they also object to representation by the Consumer Class Action Attorneys. Nonetheless, the Consumer Complaint purports to include claims for damages sustained solely by Subrogation Plaintiffs.

Aside from the conflict presented by the Consumer Class Action Attorneys attempting to *represent* the same Subrogation Plaintiffs they have sued in different actions in venues around the country, they also seek to relegate Subrogation Plaintiffs to a secondary, unrepresented class, thereby creating an additional conflict between Consumer Plaintiffs and Subrogation Plaintiffs. There are additional conflicts between the classes that preclude the ability of Consumer Plaintiffs to represent Subrogation Plaintiffs' claims or damages. To the extent Subrogation Plaintiffs are not made whole by any settlement, for example, Subrogation Plaintiffs can file claims against the Consumer Class, as well as Defendants. This too presents an obvious conflict. This Motion should therefore be granted in order to head off additional motion practice over untenable class allegations that also threaten to disrupt the viability of any settlement or proposed consumer class.

## II.   PROCEDURAL HISTORY

The initial Consumer Class Action Complaint was filed in Wisconsin, *see* Dkt. No. 1 (citing *Marvin v. Kia America,* 8:22-cv-02304-JVS-KESx), and followed by a series of similar consumer class actions that were centralized into this MDL proceeding. The Court issued its Initial Order on December 22, 2022. That Order describes the potential need for "specific representation on the Leadership Committee for commercial interests." Dkt. No 2.

On January 30, 2023, the JPML conditionally transferred the City of Seattle's case from the Western District of Washington to this Court. *See* Dkt. No. 62 at 5. The City of Seattle successfully petitioned this Court for the creation of a separate track and committee for municipality complaints. *See* Dkt. No. 50. The same Order states that "[t]he Court will review the leadership structure from time to time as the docket proceeds, and may make changes or additions as warranted." *Id.*

On March 13 2023, the Court entered an Order implementing the Joint Case Management Statement. Dkt. No. 70. That Order states, "Plaintiffs shall file their Consolidated Amended Consumer Class Action Complaint (the "Consolidated

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

Complaint") on or before April 10, 2023. The Consolidated Complaint shall synthesize the facts, class definitions, and causes of action alleged in the actions constituting this MDL." Dkt. No. 70 at 2.

By Order dated March 21, 2023, the Subrogation Class Action was transferred to this MDL proceeding. *See State Automobile Mutual Insurance Company et al v. Hyundai Motor America et al.,* Dkt. No. 16 (C.D. Cal. Mar. 21, 2023). On April 12, 2023, Subrogation Plaintiffs filed an Application to form an independent Subrogation Committee to purse a separate track for those claims. Dkt. No. 85.

## III. BRIEF OVERVIEW OF ADVERSE RELATIONSHIPS

Consumer Class Action Counsel have filed suit against a long list of named, and unnamed Subrogation Plaintiffs. Mr. Berman or the law firm Hagens Berman Sobol Shapiro, LLP ("Hagens Berman") have filed lawsuits against a very long list of insurance carriers in different venues around the country (and in this district). A list of such actions is attached hereto as Exhibit "A" and includes the following cases: (1) *Williams v. Geico General Ins. Co., et al.,* 3:19-cv-0523 (W.D. Wash. Sept. 3, 2019); (2) *Donlan v. United Services Automobile Association; USAA Casualty Ins. Co., et al.*, 2:21-cv-989 (D. Wash. Jul. 23, 2021); and (3) *Muelhausen v. Allstate Fire and Casualty,* (D.C. Ariz. Oct. 12, 2022). Mr. McClain of Humphrey Farrington & McClain, or his law firm, have filed suit against a number of insurance carriers, including the actions listed in Exhibit "B". Ms. Fegan of Fegan Scott, or her law firm, have filed suit against a number of insurance carriers as well, including the actions listed on the document attached hereto as Exhibit "C". Finally, Mr. Tellis of Baron Budd, or his law firm, have filed suit against a number of insurance carriers, including the actions listed in the document attached hereto as Exhibit "D". Subrogation Plaintiffs object to their interests being represented by counsel who are adverse to them in other matters.

11

## IV.   THE CONSUMER COUNSEL COMPLAINT

The Court's Case Management Order directed the Consumer Class Action Attorneys to file a Consolidated Complaint to "synthesize the facts, class definitions, and causes of action alleged in the actions constituting this MDL." Dkt. No. 70 at 2:2-5. The Consumer Class Action Attorneys failed to do that insofar as it excludes Subrogation Plaintiffs. The Consumer Complaint names plaintiffs in nineteen (19) states with claims against Hyundai and names plaintiffs in twenty-seven (27) states with claims against Kia. The Consumer Complaint does not include any Subrogation Plaintiffs as named plaintiffs, nor does it specifically include all the relevant facts or allegations set forth in Subrogation Plaintiffs' Complaint. The Consumer Complaint also fails to allege losses incurred by Subrogation Plaintiffs in states that are not covered by any of the named Consumer Plaintiffs. Indeed, the named Consumer Plaintiffs fail to allege any subrogation damages at all.

Yet, as a class, Consumer Plaintiffs still lay claim to the amounts Subrogation Plaintiffs paid to their insureds even though those damages are outside the scope of the claims alleged by the named Consumer Plaintiffs. None of the named Consumer Plaintiffs can allege that they paid insurance claims as damages. The named Consumer Plaintiffs seek damages such as diminution in value of their vehicles, deductible payments, and other uninsured losses that are necessarily much smaller than the losses incurred by Subrogation Plaintiffs. *See* Dkt. No. 84 ¶¶ 36–1206. Within the allegations describing the harm to each individual named class member, the Consumer Complaint fails to mention *any* amounts paid out by Subrogation Plaintiffs. *See id.* Yet the Consumer Complaint alleges Consumer Plaintiffs' damages are both typical *and* give rise to a claim to insurance proceeds paid out by Subrogation Plaintiffs. *See id.* ¶ 1534. This apparent attempt to obtain double recovery is primarily accomplished in two paragraphs.

Paragraph 1532 of the Consumer Complaint alleges that Consumer Plaintiffs are "advancing the same claims and legal theories on behalf of themselves and all

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

12

absent Class Members and *assert claims, if they had insurance, for all monies paid by their insurance company* as a result of the theft or damage to a Class Vehicle resulting from the manifestation of the Theft Prone Defect, subject to any applicable right of subrogation." Dkt. No. 84 ¶ 1532 (emphasis added).

The Consumer Complaint then alleges in paragraph 1534 that "allowing insured consumers to proceed on behalf of themselves *and any insurance company who paid a loss* resulting from the Theft Prone Defect is superior to these claims being split and prosecuted by both the injured consumer and their insurance company." Dkt. No. 84 ¶ 1534 (emphasis added). In other words, the Consumer Complaint alleges that Consumer Plaintiffs are entitled to proceed on behalf of, and indeed, *in place of* Subrogation Plaintiffs, recover first, and claim Subrogation Plaintiffs' losses as damages even though Consumer Plaintiffs have no right or standing to claim those damages. Curiously, the stated basis for this allegation is the *affirmative defense* of *claim splitting* – a defense that Consumer Plaintiffs have no standing to raise as an affirmative defense can only belong to Defendants. Notably, Defendants do not raise this defense in their Motion to Dismiss. *See* Dkt. No. 95.

## V.   ARGUMENT

### A.   Legal Standard

A motion to strike pursuant to Federal Rule of Civil Procedure 12(f) allows "a court to strike from the pleadings "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded" and "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Scognamillo v. Credit Suisse First Boston LLC*, No. C03-2061, 2005 WL 8162733, at *2 (N.D. Cal. Feb. 1, 2005). The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See*, *e.g.*, *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d, 970, 973 (9th Cir. 2010); *see also*

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

13

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co*., 783 F.3d 1045, 1050 (6th Cir. 2015) (same); *Kay v. Wells Fargo & Co*. N.A., 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (granting motion to strike class allegations based upon equitable tolling); *Collins v. Gamestop Corp.,* No. C10–1210, 2010 WL 3077671, at *1 (N.D. Cal. Aug. 6, 2010) (granting in part motion to strike class allegations at pleadings stage).

Rule 23(d)(1)(D) further provides the Court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D); *see also Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955, 963 (9th Cir. 2020) (A district court does not abuse its discretion by actively managing the pre-certification process).

"If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Manning v. Boston Med. Ctr. Corp.* 725 F.3d 34, 59(1st Cir. 2013); *see also Sandoval v. Ali*, 34 F.Supp.3d 1031, 1044 (N.D. Cal. 2014) (class allegations inconsistent with plaintiffs' theory of case stricken with leave to amend). In the MDL context, courts generally review motions to strike based on the issue of class certification and whether "the plaintiff can[] satisfy the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure," however, "the granting of such motions is rare before class certification." *See*, *e.g.*, *In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*, No. MDL 09-2008, 2012 U.S. Dist. LEXIS 163852, at *5-6 (C.D. Cal. Oct. 24, 2012). Most often, "courts conclude that preemptive motions to strike class allegations 'are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record.'" *Id.* However, the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within

the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. *E.g., Sanders v. Apple, Inc.*, 672 F.Supp.2d 978, 990–91 (N.D. Cal. 2009).

Where, as here, a class asserts claims that cannot form part of the damages sustained by the class, it is appropriate to grant the motion. *See*, *e.g.*, *Edwards v. Zenimax Media Inc.*, No. 12-CV-00411, 2012 WL 4378219, at *5 (D. Colo. Sept. 25, 2012) (granting motion to strike where overbroad class included persons who purchased product "regardless of whether he or she was ever injured"); *Stearns v. Select Comfort Retail Corp.,* 763 F.Supp.2d 1128, 1151-52 (N.D. Cal. 2010) (granting motion to strike where class definition included persons who "already have received refunds" for allegedly defective product).

### B.   Consumer Plaintiffs Cannot Represent Subrogation Plaintiffs

Class actions are an exception to the rule that only the named parties conduct and are bound by litigation. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348 (2011) ("The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'") (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700–701 [1979]); *see also Hansberry v. Lee*, 311 U.S. 32, 40–41 (1940). In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *Dukes*, 564 U.S. at 349-350. "That principle is secured by Rule 23(a)(4) and the Due Process Clause." *See*, *e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016). Rule 23(a)(4), which requires that "the representative parties ... fairly and adequately protect the interests of the class," "serves to uncover conflicts of interest between named parties and the class they seek to represent," as well as the "competency and conflicts of class counsel." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 626 n. 20 (1997). Here, several conflicts necessitate granting this Motion.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

"[T]he Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig*., 827 F.3d at 231 (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 [1985]). "Class actions and settlements that do not comply with Rule 23(a)(4) and the Due Process Clause cannot be sustained. *Id*. Here, the Consumer Complaint lays claim to, and seeks to adjudicate Subrogation Plaintiffs' damages while excluding  Subrogation Plaintiffs as parties – a brazen violation of due process – as Consumer Plaintiffs plainly do not, and cannot represent the damages owned by  Subrogation Plaintiffs.

By prioritizing Consumer Plaintiffs' claims, moreover, the Consumer Complaint establishes an untenable conflict between  Consumer Plaintiffs, and Subrogation Plaintiffs that have been excluded from the Complaint. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc.*, 521 U.S. at 625–26 ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.").

Here, Consumer Plaintiffs erroneously assert that the *absent* Subrogation Plaintiffs' "rights can be dealt with in the claims processing part of the case." Dkt. No. 84 ¶ 1534. However, "recouping payments directly from the insured's recovery— also would, as a practical matter, impair or impede the insurer's ability to protect its subrogation rights." *See Hodge v. Kirkpatrick Development, Inc.*, 130 Cal.App.4th 540, 550–553 (recouping payments from the insured's recovery "would impair or impede State Farm's ability to protect its interest"). "[A]bsent intervention, the insurer is to a large extent at the mercy of its insured's efforts and success in recovering from the responsible third party." *Id.* at 553. Consequently, the Consumer Complaint establishes a clear conflict between the named Consumer Plaintiffs and the *unrepresented* Subrogation Plaintiffs that violates Rule 23(a)(4) as well as the Due Process clause. There may also be a conflict of interest between representation of the

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

diminution in value claims of Consumer Plaintiffs and the paid indemnity losses of Subrogation Plaintiffs, which requires separate representation for Subrogation Plaintiffs pursuant to their engagement of Cozen O'Connor for this purpose. As a result, the offending allegations should be stricken from the Consumer Complaint.

To satisfy the adequacy requirement, moreover, the class representative must possess a "minimal degree of knowledge regarding the class action." *D.C. by and through Garter v. County of San Diego*, 2017 WL 5177028, *12 (S.D. Cal. 2017), order amended, 2018 WL 692252 (S.D. Cal. 2018), aff'd, 783 Fed.App'x. 766 (9th Cir. 2019), cert. denied, 141 S. Ct. 255 (2020). Here, Consumer Plaintiffs fail to pass this low bar with respect to Subrogation Plaintiffs' damages as they have no knowledge whatsoever of Subrogation Plaintiffs' losses, nor could they. As a result, they cannot answer interrogatories, or sit for depositions that explore questions related to Subrogation Plaintiffs' damages. Because Consumer Plaintiffs are inadequate representative for damages they purport to claim, this Motion must be granted.

## C. Consumer Class Action Attorneys Cannot Adequately or Fairly Represent Subrogation Plaintiffs

The Consumer Complaint establishes conflicts of interest that prevent Consumer Plaintiffs and their counsel from adequately representing Subrogation Plaintiffs. *See*, *e.g.*, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856-57 (1999) (reversing approval of a class action settlement because, among other reasons, class counsel represented groups with conflicting interests). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc.*, 521 U.S. at 625–26; *see also Mirfasihi v. Fleet Mortgage Co.*, 356 F.2d 781, 785 (7th Cir. 2004) ("Because class actions are rife with potential conflicts of interest between class counsel and class members, . . . district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole.").

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

"[I]n a class action context, disqualification is more likely because putative class counsel are subject to a 'heightened standard' that they must meet if they are to be allowed by the Court to represent absent class members." *Walker v. Apple, Inc*., 4 Cal.App.5th 1098, 1107 (2016); *see also Del Campo v. Mealing,* No. C 01–21151, 2011 WL 6176223 (N.D. Cal. Dec. 7, 2011) (holding that class certification is the demarcation point for determining representation for conflict purposes).

Rule 23(g) provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g). Possibly in the quest for additional attorneys' fees, the Consumer Class Action Attorneys have arrogated Subrogation Plaintiffs' damages to themselves, and their clients while relegating Subrogation Plaintiffs to a secondary, unrepresented, and inferior class of Plaintiffs, establishing a clear conflict between themselves, Consumer Plaintiffs, and  Subrogation Plaintiffs. *See Amchem Prod., Inc.*, 521 U.S. at 625–26 ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."). This over-reach for fees renders the class allegations untenable for several reasons, including inadequacy. *See, e.g., Jin v. Shanghai Original, Inc*., 990 F.3d 251, 262 (2d Cir. 2021) (decertifying the class on the ground that class counsel was no longer adequately representing the class); *Ortiz*, 527 U.S. at 856; *Sandoval v. M1 Auto Collisions Centers*, 309 F.R.D. 549, 570 (N.D. Cal. 2015) (stating that "courts have found counsel inadequate due to conflicts where the recovery of one group in one forum inherently conflicts with the recovery of the other") (internal quotation omitted).

"Like a lawyer in any litigation, a class action attorney may not simultaneously represent two clients if those clients' interests are directly adverse or if there is significant risk that the dual representation will materially limit the lawyer's representation of one client." 1 Newberg and Rubenstein on Class Actions § 3:75 (6th ed.); *see also Walker*, 4 Cal. App. 5th at 1106  (citing Rule 3–310 of the Rules of Professional Conduct). Here, the Consumer Class Action Attorneys have filed suit,

and appear to be pursuing claims against many of Subrogation Plaintiffs who are named or seek to be named in an amended complaint. *See*, *e.g.*, Exh. A. This creates an untenable conflict. Subrogation Plaintiffs have retained Cozen O'Connor as their exclusive counsel to prosecute their subrogation claims. Subrogation Plaintiffs have not authorized, and object to the Consumer Class Action Attorneys representing their interests.

The conflicts of interest arise from at least two additional factors. First, the Consumer Complaint appears to claim  Consumer Plaintiffs have priority of recovery pursuant to the made whole doctrine, which, if applied, would place Consumer Plaintiffs and Subrogation Plaintiffs on unequal footing and create a clear conflict of interest in attempting to represent the competing interests of both of these constituencies. *See*, *e.g.*, *In re Cardinal Health, Inc. ERISA Litigation*, 225 F.R.D. 552, 557 (S.D. Ohio 2005) (stating that "[c]ounsel cannot represent different classes of plaintiffs with conflicting claims who are seeking recovery from a common pool of assets."). Second, some of Consumer Plaintiffs allege they have been denied insurance coverage or have experienced increased insurance premiums resulting from the "Theft Prone Defect" of certain Hyundai and Kia vehicles, potentially creating yet another positional and actual conflict of interest.

In paragraph 1533 of the Amended Consumer Complaint, Consumer Plaintiffs assert that "[t]he interests of the Classes will be fairly and adequately protected by Plaintiffs and their counsel. (Dkt. No. 84 ¶ 1533.) Based solely on the conflicts of interest outlined *supra*, this assertion is appears to be false with respect to Subrogation Plaintiffs.  Subrogation Plaintiffs' have a strong interest in independently prosecuting their claims with their own counsel. If Subrogation Plaintiffs' claims continued to be included in Consumer Plaintiffs' recovery, Subrogation Plaintiffs would be robbed of fair and adequate legal representation. Consequently, all portions of the Consumer Complaint that seeks to include Subrogation Plaintiffs' claims

Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017

should stricken and Subrogation Plaintiffs allowed to proceed on a separate track with their own representation through a separate committee.

### D.   The Attempt to Include  Subrogation Plaintiffs' Claims Frustrates the Ability to Plead Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Subrogation Plaintiffs' damages are all based on insurance claims that have been, or will be paid, whereas the Consumer Complaint alleges only damages based on uninsured losses such as diminution in value. *See* Dkt. No. 84 ¶¶ 36–1206. *None* of the named Consumer Plaintiffs in the Consumer Complaint allege damages sustained by Subrogation Plaintiffs, nor can they. The named Consumer Plaintiffs clearly have no cognizable interest in subrogation claims they do not own, yet seek to include as part of the class recovery, thus violating Rule 23(a)(3) by failing to establish typicality.

Nor can Consumer Plaintiffs seek to represent claims for damages they cannot allege, violating Rule 23(a)(4). *See also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (holding that "[e]very class member must have Article III standing in order to recover individual damages"). The differences in the two types of damages alleged by both sets of Plaintiffs means that theories as to causation may diverge. Here, however, Subrogation Plaintiffs' claims and allegations are excluded from the Consumer Complaint.

Consumer Plaintiffs have alleged facts and brought claims that are separate and distinct from the claims asserted by Subrogation Plaintiffs. Notably, the Subrogation Plaintiffs' action includes counts that Consumer Plaintiffs did not include in their Amended Consumer Complaint – claims for negligence, negligent failure to warn, negligent misrepresentation, and breach of implied warranty under the Magnuson-Moss Warranty Act. Accordingly, allegations regarding Subrogation Plaintiffs' claims should be stricken from the Complaint, and pursued solely be Subrogation Plaintiffs on a separate track by a Subrogation Committee.

### E.     The Claims Regarding Predominance and Superiority Also Fail

To successfully maintain a class action, among other things, the court must find that common questions of law and fact predominate over questions affecting only individual members and that a class action is the superior method available for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *see also Amchem Prod., Inc.*, 521 U.S. at 625–26. Paragraph 1534 attempts to establish superiority by alleging that "allowing insured consumers to proceed on behalf of themselves *and any insurance company who paid a loss resulting from the Theft Prone Defect is superior to these claims being split and prosecuted by both the injured consumer and their insurance company*." Dkt. 84 ¶ 1534 (emphasis added). As a preliminary matter, the Consumer Complaint clearly impedes the interests of Subrogation Plaintiffs in violation of Rule 23(b)(1)(B); *see Hodge*, 130 Cal.App.4th at 550–553 (holding that recouping payments from the insured's recovery "would impair or impede State Farm's ability to protect its interest"); *see also Chandler,* 598 F.3d at 1117–18; *Pac. Gas & Elec. Co*, 144 Cal.App.4th at 23; *Deutschmann*, 132 Cal.App.3d at 915–16.

Consumer Class Action Attorneys and their clients, moreover, cannot manage claims that can only be brought by Subrogation Plaintiffs since they know nothing about the basis for, or scope of these claims and have sued Subrogation Plaintiffs in other actions, thus violating Rule 23(b)(3)(A) and (D). The allegations regarding superiority, therefore, must be stricken from the Complaint.

### F.     Consumer Plaintiffs Cannot Assert Claim Splitting

The superiority allegations in paragraph 1534 are infirm for at least 4 additional reasons. First, only *Defendants* have standing to raise the *defense* of claim splitting, which, though inapplicable, is clearly being invoked here to the detriment of Subrogation Plaintiffs. *See, e.g.*, *Ferraro v. S. Cal. Gas Co.*, 102 Cal. App. 3d 33, 43 (1980), *overruled on other grounds in Goodman v. Lozano*, 47 Cal. 4th 1327 (2010) ("The defense that a plaintiff has split a cause of action is an affirmative defense,

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

which must be pleaded by a defendant in abatement."). As the *Ferraro* court has stated, the "[p]rohibition against splitting a cause of action is for the benefit of the defendant and he may waive or renounce it by agreement." *Id.* (citations omitted). Whether defendants invoke or waive this non-meritorious defense (which has no application to the subrogation claims being litigated by Subrogation Plaintiffs) is up to them. *See id.* This allegation, therefore, must be stricken from the Consumer Complaint.

Second, a tortfeasor who is aware of the insurer's subrogation claim cannot invoke the rule against splitting a cause of action to bar a later action by the insurer: "[S]uch a settlement, effected with 'knowledge, actual or constructive' of the insurer's subrogation rights constitutes a 'fraud on the insurer.'" *See Allstate Ins. Co. v. Mel Rapton, Inc*., 77 Cal.App.4th 901, 912 (Cal. Ct. App. 2000) (citations omitted); *see also Hodge,* 130 Cal.App.4th at 553–554 (holding "a settlement between the Hodges and defendants would not bar State Farm's recovery from defendants, unless State Farm consented to the settlement"). Thus, the defense is not even available to Defendants.

Third, Subrogation Plaintiffs are entitled to proceed independently to pursue reimbursement for their subrogation claims. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1117–18 (9th Cir. 2010); *Pac. Gas & Elec. Co*, 144 Cal. App. 4th at 23; *Deutschmann v. Sears, Roebuck & Co*., 132 Cal.App.3d 912, 915–16 (Cal. Ct. App. 1982) ("[A]n insurer who is subrogated to the rights of the insured against the tortfeasor] is not limited to an action in intervention; he may bring a separate independent action to recover directly from the third-party tortfeasor. . . . Thus, he has an independent cause of action against the third party for recovery of the amount he was obligated to pay to the insured . . .."); *see also Hodge*, 130 Cal.App.4th at 550 ("State Farm has stepped into the Hodges' shoes and, to the extent it has made payments under the Policy, has the same rights as the Hodges against the various defendants and tortfeasors in the construction defect lawsuit.").

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

In *Hodge,* for example, the Court allowed the insurance carrier to intervene because it had a "direct pecuniary interest in the Hodges' action against the allegedly responsible third parties." 130 Cal.App.4th at 550. "The insured can sue the responsible party for any loss not fully compensated by insurance, and the insurer can sue the responsible party for the insurer's loss in the amount on the insurance policy." *Id.* at 551. Where, as here, claim splitting *may impede* Subrogation Plaintiffs' rights, intervention must be allowed. As the *Hodge* court observed,

> A subrogated insurer's right to intervene should not depend on a predetermination whether the defense of splitting a cause of action will succeed; it is enough the defense is available in a second lawsuit and may, in the statute's words, "as a practical matter impair or impede the subrogated insurer's ability to protect its rights."

*Id.* (quoting Cal. Code Civ. Proc. § 387(b)).

Fourth, the defense of claim splitting is obviated by intervention. *See Hodge* 130 Cal.App.4th at 550–551. Subrogation Plaintiffs respectfully submit that formal intervention should not be required in the MDL context, as they are able to form a separate Subrogation Committee to pursue their own claims.

## G.     Consumer Plaintiffs Do Not Have Standing to Prosecute Subrogation Plaintiffs' Claims

Because Consumer Plaintiffs have no standing to assert Subrogation Plaintiffs' damages, this Motion should be granted. *See TransUnion L.L.C*, 141 S.Ct. at 2204-05 ("Every class member must have Article III standing in order to recover individual damages"); *Frank v. Gaos*, 139 S.Ct. 1041, 1046 (2019) (holding that even at the settlement stage of a class action, the court must assure that Plaintiffs have Article III standing). Here, of course, Consumer Plaintiffs do not even allege insurance losses as damages. Thus, they do not have standing to claim such amounts as damages. Even if the case is resolved by settlement as pled, any approved settlement (or proposed fee award) should be rejected by the Court as it would include claims that Consumer Plaintiffs have no standing to bring.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

23

Subrogation Plaintiffs brought a separate action asserting claims and damages that are distinct from the claims and damages alleged by Consumer Plaintiffs. "Subrogation is the insurer's right to be put in the position of the insured, in order to recover from third parties who are legally responsible to the insured for a loss paid by the insurer." *Chandler*, 598 F.3d at 1120 (9th Cir. 2010) (cleaned up). Although the Consumer Complaint only includes individual consumers in its proposed class, and alleges only damages sustained by those individual consumers, it also curiously includes losses that were sustained by Subrogation Plaintiffs as part of the class damages.

This attempt to hijack Subrogation Plaintiffs' claims fails as a matter of law. Subrogation Plaintiffs, as subrogating insurers, are entitled to proceed independently to pursue reimbursement for their subrogation claims. *See Chandler*, 598 F.3d at 1117–18; *see also Pac. Gas & Elec. Co. v. Super. Ct.*, 144 Cal.App.4th 19, 23 (Cal. Ct. App. 2006) ("Both the subrogee (insurer) and the subrogor (insured) have a right of action against the tortfeasor." (quoting *Basin Constr. Corp. v. Dep't of Water & Power*, 199 Cal. App. 3d 819, 825 (1988); *Deutschmann*, 132 Cal.App.3d at 916 (holding an insurer "has an independent cause of action against the third party for recovery of the amount he was obligated to pay to the insured as a result of the liability of the third party"); *Hodge*, 130 Cal.App.4th at 548 (same). This right to proceed independently is underpinned by longstanding recognized principles that clients have the right to control their own claims and select counsel of their choice. *See id.*

It is well-settled that Subrogation Plaintiffs' have separate and distinct claims that arise by operation of law and under the applicable contracts of insurance. *See*, *e.g.*, *Deutschmann,* 132 Cal.App.3d at 916. As subrogated insurers, Subrogation Plaintiffs have the exclusive right to exercise their legal rights and seek recovery of the losses that *only* Subrogation Plaintiffs sustained. *Hodge*, 130 Cal.App.4th at 548. As such, the cloaked attempt, buried deep in the heart of thousands of paragraphs in the Amended Consumer Complaint, to undermine this essential and well-established

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

legal right, should not be sanctioned, and indeed, such allegations should be stricken from the Consumer Complaint.

## VI.   CONCLUSION

Based on Consumer Plaintiffs' lack of standing to pursue Subrogation Plaintiffs' claims, their counsel's lack of authorization and clear conflicts of interest in representing Subrogation Plaintiffs, and the stark contrast in the damages asserted by Consumer Plaintiffs and Subrogation Plaintiffs, this Motion should be granted.

Subrogation Plaintiffs respectfully move for this Court to strike from paragraphs 1532, 1533, and 1534 all references to any damages sustained exclusively by Subrogation Plaintiffs. Specifically, Subrogation Plaintiffs move to strike the following italicized provisions from paragraph 1532 of the Amended Consumer Complaint:

"Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class Members and assert claims*, if they had insurance, for all monies paid by their insurance company* as a result of the theft or damage to a Class Vehicle resulting from the manifestation of the Theft Prone Defect, *subject to any applicable right of subrogation*."

Subrogation Plaintiffs further move to strike from paragraph 1534 of the Amended Consumer Complaint the following portions in its entirety:

"Further, allowing insured consumer to proceed on behalf of themselves and any insurance company who paid a loss resulting from the Theft Prone Defect is superior to these claims being split and prosecuted by both the injured consumer and their insurance company. In such an instance subrogation rights can be dealt with in the claims processing part of the case."

Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017

1

2

Respectfully submitted,

3
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY, ET AL.

4
By: /s/ Nathan Dooley

5
Nathan Dooley
*Attorneys for Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Phoenix USDC Arizona - Phoenix 2:22cv1747 10/12/2022 12:00:00 AM | Morgan Muehlhausen; Berenice Gaytan; Russell Wood, individually and on behalf of all others similarly situtated v. Allstate Fire and Casualty Insurance Co., an Illinois corporation<br><br>Judge: Teilborg | Insurance contract class action. Defendant wrongfully applied coverage limits on 'stacked" underinsured motorist policies that prevented plaintiffs and other policyholders from receiving full benefits from the policies. | P: Robert Carey P. Lawyer Firm: Hagens ==Berman== |
| Phoenix USDC Arizona - Phoenix 2:22cv1659 9/30/2022 12:00:00 AM | Jennifer Dale, individually and on behalf of all others similarly situated v. Travelers Property Casualty Insurance Co.<br><br>Judge: Boyle | Insurance contract class action. Defendant wrongfully refused to "stack" plaintiff's underinsured motorist coverage. | P: Robert Carey P. Lawyer Firm: Hagens ==Berman== |
| Central Valley USDC Eastern District of California - Fresno Division 1:21cv1784 12/17/2021 12:00:00 AM | Janice Schmidt v. Standard Insurance Company;Protective Life Insurance Company<br><br>Judge: Thurston | Class action for bad faith and insurance contract. Defendants do not provide statutorily mandated annual notices to life insurance policyholders as required by state law. The policies did not lapse and remained in effect at the time of the insureds' deaths, and defendants then refused to pay the death benefits to the beneficiaries. | P: David Klevatt , PHV;John P. Bjork , PHV;Joseph M. Vanek , PHV;Mitch H Macknin , PHV;Timothy M. Howe , PHV;William M Strom;Abigail D. Pershing;Christopher Robert Pitoun P. Lawyer Firm: Email: dklevatt@insurancelawyer.com;Sperling & Slater P.C.;Sperling & Slater, P.C.;Sperling & Slater, PC;Email: Tim@ChicagoLa==w.Biz==;Hagens ==Berman== Sobol Shapiro LLP D: Alexander B. Feinberg , PHV;Cindy Mekari Rucker;Edward M. Holt , PHV;Jordan Shae Altura;Michael D. Mulvaney , PHV;Katharine Anne Weber , PHV D. Lawyer Firm: Maynard, Cooper & Gale, P.C.;Maynard Cooper & Gale, LLP;Maynard Cooper & Gale PC;Gordon & Rees LLP;Maynard, Cooper, & Gale, PC;Maynard Cooper & |

| | | | |
|---|---|---|---|
| | | | Gale - Birmingham, AL |
| Orange County USDC Central District of California - Santa Ana Division 8:21cv2065 12/16/2021 12:00:00 AM Santa Ana | Cheri Poe v. Northwestern Mutual Life Insurance Company Judge: Garnett | Insurance. Defendant failed to observe a 60-day payment grace period, failed to provide the requisite notices, and terminated the life policies before plaintiff's husband unexpectedly died. | P: Abigail D. Pershing;Adrian J Barrio;Christopher Pitoun;David S. Klevatt;John P. Bjork;Joseph M. Vanek;Joshua Seth Davis;Mitchell H. Macknin;Robert S Gianelli;Timothy M. Howe;Timothy J Morris;William M. Strom P. Lawyer Firm: Hagens ==Berman== Sobol Shapiro LLP;Gianelli and Morris ALC;Klevatt and Associates LLC;Sperling and Slater PC;Sperling and Slater P.C. D: Timothy J. O'Driscoll;Zoe K. Wilhelm D. Lawyer Firm: Faegre Drinker Biddle and Reath LLP |
| Los Angeles Federal USDC Central District of California 5:21cv1640 9/28/2021 12:00:00 AM Riverside | Barbara Linhart v. New York Life Insurance Company;New York Life Insurance and Annuity Corporation;Life Insurance Company of North America;NYLife Insurance Company of Arizona;Does Judge: Holcomb | Contract class action. Defendants failed to provide forms and annual notices to policyholders and therefore, improperly terminated policies and refused to pay out life insurance proceeds that are owed to the beneficiaries of such improperly terminated policies. | P: Abigail D. Pershing;David S. Klevatt;John P. Bjork;Joseph M. Vanek;Mitchell H. Macknin;==Steve== W ==Berman==;Timothy M. Howe;Christopher Pitoun P. Lawyer Firm: Hagens ==Berman== Sobol Shapiro LLP;Klevatt and Associates LLC;Sperling and Slater PC D: Caleb C. Wolanek;John A. Little , Jr.;Michael D. Mulvaney;Cindy Mekari Rucker D. Lawyer Firm: Maynard Cooper and Gale PC;Maynard Cooper and Gale LLP |
| Seattle USDC Western District of Washington 2:21cv989 7/23/2021 12:00:00 AM Seattle | Paul V. Donlan, an individual, and on behalf of themselves and all others similarly situated v. United Services Automobile Association; USAA Casualty Insurance Company; USAA | Class action for insurance contract. Defendants reduce the amount paid for a total loss claim by an arbitrary and unjustified amount. | P: ==Steve Berman== P. Lawyer Firm: Hagens ==Berman== |

| | General Indemnity Company; Garrison Property And Casualty Insurance Company; CCC Intelligent Solutions Inc. | | |
|---|---|---|---|
| Chicago Federal USDC Northern District of Illinois 1:21cv1378 3/12/2021 12:00:00 AM Chicago | Robert Kronenberg; Jonathan Boriotti; Kevin Lukasik obo himself and all others similarly situated v. Allstate Insurance Company; Allstate Fire and Casualty Insurance Company | Motion to compel compliance with a subpoena and request for transfer. | P: Daniel Kurowski P. Lawyer Firm: Hagens Berman |
| Phoenix USDC Arizona - Phoenix 2:21cv404 3/9/2021 12:00:00 AM | Team 44 Restaurants LLC; Dominick's Italian Steakhouse LLC; Ocean 44 Scottsdale LLC; Arcadia Steakhouse LLC dba Steak 44; Steak 48 Chicago LLC; Steak 48 River Oaks LLC v. The American Insurance Co.; Greenwich Insurance Co.  Judge: Bolton | Removal from Maricopa County Superior Court. Insurance contract. | P: Elizabeth Beardsley P. Lawyer Firm: Hagens Berman D: Laura Sixkiller D. Lawyer Firm: DLA Piper |
| San Francisco Fed 9th Circuit Appeals 21-35126 2/16/2021 12:00:00 AM | Leeana Lara, on behalf of themselves and all others similarly situated; Cameron Lundquist v. First National Insurance Company of America, a New Hampshire corp.; Lm General | Insurance contract appeal from the Western District of Washington, Tacoma. | P: Steve Berman D: James Morsch |

| | Insurance Company; Ccc Information Services Inc.  Judge: (Bryan 3:18cv5301) | | |
|---|---|---|---|
| New England Federal USDC Massachusetts 1:21cv10264 2/16/2021 12:00:00 AM Boston | Christian Iovin, indv. and obo all others similarly situated v. Keith Patrick Gill; MML Investors Services LLC; Massachusetts Mutual Life Insurance Co. | Securities class action. After buying shares in nonparty GameStop, defendant Gill worked to increase the value of his own shares by manipulating and driving up prices through a social media campaign. He pretended to be an amateur and "a kind of Robin Hood," encouraging investors to target large hedge funds and create a "short squeeze" for GameStop shares, which drove the market up into a "frenzy." As a result, Gill profited by tens of millions of dollars while plaintiffs were forced to close or cover their positions at a massive loss, and he was able to do so because defendant entities, who license and employ him, failed in their duties to | P: Thomas Sobol P. Lawyer Firm: Hagens Berman |

| | | supervise him. | |
|---|---|---|---|
| Phoenix Maricopa County Superior Court CV2021-002105 2/5/2021 12:00:00 AM | Team 44 Restaurants LLC; Dominick's Italian Steakhouse LLC; Ocean 44 Scottsdale LLC; Aradia Steakhouse LLC dba Steak 44; Steak 48 Chicago LLC; Steak 48 River Oaks LLC v. The American Insurance Co.; Greenwich Insurance Co. | Insurance contract. Defendants failed to pay benefits for business losses that plaintiffs suffered due to the Covid-19 pandemic. | P: Robert Carey P. Lawyer Firm: Hagens Berman |
| San Francisco Fed 9th Circuit Appeals 20-80154 11/5/2020 12:00:00 AM | Leeana Lara, individually and on behalf of all others similarly situated; Cameron Lundquist v. First National Insurance Company of America, a New Hampshire corporation; Lm General Insurance Company; Ccc Information Services Inc. Judge: (Bryan 3:18cv5301) | Insurance contract. Petitioners ask the court to review a class certification denial order in an insurance contract dispute. | P: Steve Berman D: John Silk |
| Central Valley Stanislaus County Superior Court CV-20-2477 6/4/2020 12:00:00 AM | American Traders Inc. dba Ramada Inn Modesto v. Mid-Century Insurance Company; Farmers Insurance Exchange; Fire Insurance Exchange; Truck Insurance Exchange; Does | Contract and bad faith class action. Defendants refuse to cover plaintiff's business losses, which were the result of mandated Covid-19 shutdowns. | P: Elaine Byszewski P. Lawyer Firm: Hagens Berman |

| | Judge: Freeland | | |
|---|---|---|---|
| Los Angeles State<br>Los Angeles Superior Court Central District<br>20STCV19129<br>5/18/2020<br>12:00:00 AM | BULK, LLC<br>v.<br>TRUCK INSURANCE EXCHANGE, ET AL. | Class action for breach of contract. Plaintiffs seek for defendants to honor their insurance contract requiring payment for lost business income due to the COVID-19 pandemic. | P: Elaine Byszewski<br>P. Lawyer Firm: Hagens Berman Sobol Shapiro LLP |
| San Francisco Fed<br>9th Circuit Appeals<br>20-55435<br>4/24/2020<br>12:00:00 AM | Jennifer Bently, as Trustee of the 2001 Bentley Family Trust, and others similarly situated<br>v.<br>United of Omaha Life Insurance Company<br><br>Judge: (Gee 2:15cv7870) | Insurance contract appeal from the Central District of California, Los Angeles. | P: Steve Berman<br>D: Larry Golub |
| Los Angeles Federal<br>USDC Central District of California<br>2:20cv2117<br>3/4/2020<br>12:00:00 AM<br>Los Angeles | Silvina Kroetz;Barbara Linhart<br>v.<br>John Hancock Life Insurance Company;Does;John Hancock Life Insurance Company USA<br><br>Judge: Hatter | Insurance class action. Plaintiff has filed this lawsuit because defendant knowingly and repeatedly violated California law by failing to provide statutorily mandated annual notices to policy holders as required by California law, and therefore, improperly lapsed and refused to pay the benefits of its life insurance policies. | P: Christopher Pitoun;Abigail D. Pershing;David S. Klevatt;John P. Bjork;Joseph M. Vanek;Mitchell H. Macknin;Tatiana Kadetskaya;Timothy M. Howe;William M. Strom<br>P. Lawyer Firm: Hagens Berman Sobol Shapiro LLP;Klevatt and Associates LLC;Sperling and Slater PC;Kadetskaya Law Firm LLC;Sperling and Slater P.C.<br>D: Larry Mark Golub;Vivian I. Orlando;Zina Yu;Bradley Joseph Hamburger;Deborah L. Stein;Timothy Daniel Biche<br>D. Lawyer Firm: Hinshaw and Culbertson LLP;Maynard Cooper and Gale PC;Gordon Rees Scully Mansukhani LLP;Gibson Dunn and Crutcher LLP |
| Los Angeles Federal | Hui Yu<br>v. | Insurance contract. Defendants failed | P: Christopher Pitoun<br>P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| USDC Central District of California 5:19cv1788 9/18/2019 12:00:00 AM Riverside | American General Life Insurance Company; Does<br><br>Judge: Wilson | to inform plaintiff of the pending termination of the life insurance policy due to non-payment of premiums. | |
| Seattle USDC Western District of Washington 3:19cv5823 9/3/2019 12:00:00 AM Tacoma | Raymond Williams, an individual, on behalf of himself and all others similarly situated v. Geico General Insurance Company, a Maryland corporation; CCC Information Services Incorporated, a Delaware corporation<br><br>Judge: Settle | Class action for insurance contract. Defendants intentionally use salvage titles and other tactics to ensure total loss vehicles are undervalued and underpaid. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| Seattle USDC Western District of Washington 2:19cv1403 9/3/2019 12:00:00 AM Seattle | Raymond Williams, an individual, on behalf of himself and all others similarly situated v. Geico General Insurance Company; CCC Information Services Inc. | Class action for insurance contract. Defendants intentionally use salvage titles and other tactics to ensure total loss vehicles are undervalued and underpaid. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| Chicago Federal USDC Northern District of Illinois 1:19cv2636 4/18/2019 12:00:00 AM Chicago | Cameron Lundquist; Leeana Lara obo themselves and all others similarly situated v. First National Insurance Company of America, a New Hampshire corp.; LM General Insurance Company | Motion to compel compliance with a subpoena duces tecum, and request for transfer to USDC Western District of Washington. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| Phoenix | Tiffany Roberts, on | Removal from | P: John DeStefano III |

| | | | |
|---|---|---|---|
| USDC Arizona - Phoenix 2:19cv1232 2/22/2019 12:00:00 AM | behalf of herself and all others similarly situated v. Garrison Property and Casualty Insurance Company, a Texas corporation Judge: Bibles | Maricopa County Superior Court. Insurance contract. | P. Lawyer Firm: Hagens Berman D: Nathan Meyer D. Lawyer Firm: Jaburg & Wilk |
| Phoenix Maricopa County Superior Court CV2019-000234 1/18/2019 12:00:00 AM | Tiffany Roberts, on behalf of herself and all others similarly situated v. Garrison Property and Casualty Insurance Company, a Texas corporation | Insurance contract class action. Defendant's "systematic misapprehension of its own policy language and failure to pay up to the policy limit applicable to such possessions violate its insurance contracts with its insureds and laws relating to the settlement of property and casualty claims." | P: Robert Carey P. Lawyer Firm: Hagens Berman |
| New England Federal 1st Circuit Appeals 18-2064 10/29/2018 12:00:00 AM | Norma Ezell; Leonard Whitley; Erica Biddings v. Lexington Insurance Company; American International Group, Inc.; Aig Assurance Company; Aig Property Casualty Company; Aig Specialty Insurance Company; American General Life Insurance Company; National Union Fire Insurance Company | RICO appeal from the District of Massachusetts. | P: Steve Berman P. Lawyer Firm: Hagens D: James Hallowell D. Lawyer Firm: Gibson Dunn |

| | | | |
|---|---|---|---|
| | of Pittsburgh, Pa; Agc Life Insurance Company; American General Annuity Service Corporation; Aig Claims, Inc., F/k/a Aig Domestic Claims, Inc.; AIG Insurance Co. | | |
| Seattle USDC Western District of Washington 3:18cv5301 4/18/2018 12:00:00 AM Tacoma | Cameron Lundquist, an individual, on behalf of himself and all others similarly situated v. First National Insurance Company Of America, a New Hampshire corp. | Class action for insurance contract. Defendant makes "arbitrary and unjustified condition adjustments" to improperly reduce claim payments. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| Seattle USDC Western District of Washington 2:18cv573 4/18/2018 12:00:00 AM Seattle | Jeff Olberg; Cecilia Ana Palao-Vargas, on behalf of themselves and all others similarly situated v. Allstate Insurance Company, an Illinois corp. | Class action for insurance contract. Defendant makes "arbitrary and unjustified condition adjustments" to improperly reduce claim payments. Defendant also uses gray-market vehicles, which are worth less due to their status, to use as comparisons in settling a claim. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| Seattle USDC Western District of Washington 2:17cv1154 7/31/2017 12:00:00 AM Seattle | John Andrew Floyd v. Geico Insurance Company | Removal from King County Superior Court. Employment. | P: Anthony Shapiro P. Lawyer Firm: Hagens Berman D: Christopher Wall D. Lawyer Firm: Stoel Rives |
| Seattle | John Andrew Floyd | Employment and | P: Martin McLean |

| | | | |
|---|---|---|---|
| King County Superior Court 17-2-17314-2 6/30/2017 12:00:00 AM Seattle | v. GEICO Insurance Company | disability discrimination. Defendant fired plaintiff after he requested medical coverage for leg surgery. | P. Lawyer Firm: Hagens Berman |
| Phoenix USDC Arizona - Phoenix 2:17cv165 1/18/2017 12:00:00 AM | Jeremy Wenokur, on behalf of himself and all others similarly situated v. AXA Equitable Life Insurance Company<br><br>Judge: Bade | Insurance class action. Defendant's policyholders are subject to an "unlawful, excessive, and inequitable cost of insurance increase." The increases imposed range from approximately 27 to 70 percent over prior charges. | P: Robert Carey P. Lawyer Firm: Hagens Berman |
| New England Federal USDC Massachusetts 1:17cv10007 1/3/2017 12:00:00 AM Boston | Norma Ezell; Leonard Whitley; Erica Biddings, on behalf of themselves and all others similarly situated v. Lexington Insurance Co.; American International Group Inc.; AIG Assurance Co.; AIG Property Casualty Co.; AIG Specialty Insurance Company; American General Life Insurance Co.; National Union Fire Insurance Company of Pittsburgh, PA.; AGC Life Insurance Co.; American General Annuity Service Corp.; AIG | RICO. Defendants withheld a small portion of settlement funds allocated to plaintiffs without notification. | P: Kristen Johnson P. Lawyer Firm: Hagens Berman |

| | Domestic Claims Inc.<br><br>Judge: Kelley | | |
|---|---|---|---|
| St. Louis 8th Circuit Appeals 16-8010 6/27/2016 12:00:00 AM | Patsy Chambers, Individually And On Behalf Of All Others Similarly Situated; Robert Gehrking, Individually And On Behalf Of All Others Similarly Situated v. North American Company For Life And Health Insurance<br><br>Judge: John A. Jarvey | U.S. District Court For The Southern District Of Iowa - Des Moines 1)Miscellaneous 2)23(F) 3)Null 0863:4:4:11-Cv-00579-Jaj John A. Jarveydistrict Judge | P: Steve Berman; Elizabeth Anne Fegan; John Barton Goplerud; Daniel John Kurowski; Sean Matt<br>D: Michael A. Dee; Terence N. Hawley; William Hayden Higgins; Michael S. Leib; James Christopher Martin; Brian McCormac; Robert D. Phillips; Henry Pietrkowski |
| Seattle USDC Western District of Washington 3:16cv5147 2/24/2016 12:00:00 AM Tacoma | Amrish Rajagopalan; Marie Johnson-Peredo; Robert Hewson; Donte Cheeks; Deborah Horton; Richard Pierce; Erma Sue Clyatt; Robert Joyce; Amy Joyce; Arthur Fuller; Dawn Meade; Wahab Ekunsumi; Karen Hea; Alex Casiano; December Guzzo; Ben Parker; Cheryl Anderson; Carmen Alfonso; Beth Jungen; Tanya Gwathney; Kevin Deloach; Scott Snoek; Kelly Enders; Thomas Ludwick; Donald Bogan; Bill Kruse; Joyce Drummond; Tamara Cooper; | Class action insurance contract. Defendants refuse to pay claims on bonds issued to debt settlement company Meracord. | P: Thomas Loeser<br>P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| | Debra Miller; George Lawrence; Cynthia Oxendine; Martin Anderson; Angela Ross; Andrea Topps; Debra Finazzo; Sharron Black; Sylvia Hadcock; Audrie Lawrence; Adam Ward; Ishula Mcconnell; Erica Chase; Stephen Younkins; Dan Weddle; Stillman Parker; Tina Roberts-Ashby; Brandon Ashby; Valerie Newsome; Russel Tanner v. Fidelity And Deposit Company Of Maryland; Platte River Insurance Company | | |
| Utah Salt Lake County District Court 160901274 2/22/2016 12:00:00 AM Salt Lake City | Paul Reyher, as representative for the Estate of Pauline Reyher and Dr. Wallace Brucker, individually, and on behalf of themselves and as proposed representative of a class of similarly situated persons v. State Farm Mutual Automobile Insurance Company, an Illinois corporation<br><br>Judge: Scott | Subpoena. | P: Craig Valentine P. Lawyer Firm: Hagens Berman |
| New York Fed | China MediaExpress | Contract. | P: Jason Zweig |

| | | | |
|---|---|---|---|
| USDC Southern District of New York 1:15cv8429 10/26/2015 12:00:00 AM Manhattan | Holdings Inc., a Delaware corporation; Karl P. Barth, as receiver v. Nexus Executive Risks Ltd. fka Torus Executive Risks Ltd, a United Kingdom company.; Torus Insurance (UK) Ltd., a United Kingdom company; AIG Insurance Hong Kong Ltd. fka Chartis Insurance Hong Kong Ltd., a Hong Kong company; American Home Assurance Co.; China Pacific Insurance Co. (HK) Ltd., a Hong Kong company; China Ping An Insurance (Hong Kong) Co. Ltd., a Hong Kong company<br><br>Judge: Unassigned | Defendant insurers failed to fund a defense for a number of shareholder and SEC actions related to plaintiff's significant stock drop in February and March 2011. | P. Lawyer Firm: Hagens ==Berman== |
| Seattle USDC Western District of Washington 2:15cv957 6/15/2015 12:00:00 AM Seattle | Amrish Rajagopalan; Marie Johnson-Peredo; Robert Hewson; Donte Cheeks; Deborah Horton; Richard Pierce; Erma Sue Clyatt; Robert Joyce; Amy Joyce; Arthur Fuller; Dawn Meade; Wahab Ekunsumi; Karen Hea; Alex Casiano v. Fidelity and Deposit | Insurance contract class action. Defendants refused plaintiffs' bond claims regarding debt settlement company Meracord. | P: ==Steve Berman==<br>P. Lawyer Firm: Hagens ==Berman== |

| | | | |
|---|---|---|---|
| | Company of Maryland ; Platte River Insurance Company | | |
| Seattle King County Superior Court 15-2-13118-4 6/1/2015 12:00:00 AM Seattle | Edward L. Mustard; Linda S. Mustard v. Mutual of Enumclaw Insurance Company | Contract and fiduciary duty class action. Defendant sent a false and deceptive proxy statement to policyholder-owners about a vote that would convert defendant from a mutual insurer to a stock company. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| Colorado USDC Colorado 1:15cv639 3/27/2015 12:00:00 AM Denver | Mong-Tuyen Nguyen; Brandi Wallace v. American Family Mutual Insurance Company; USAA General Indemnity Company | Insurance. Defendant American Family "has chosen to evade, rather than honor," its obligations under Colorado law by selling a coverage for accident-related injuries while failing to disclose that it imposes a "one-year time limitation on Med-Pay policies of $10,000 or less, and a three-year time limitation on Med-Pay policies exceeding $10,000." Defendant fails to inform clients of any limitation on coverage when they sign up. | P: Robert Carey P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| Seattle<br>USDC<br>Western<br>District of<br>Washington<br>2:15cv253<br>2/18/2015<br>12:00:00 AM<br>Seattle | Valerie Polak<br>v.<br>Charter Oak Fire<br>Insurance Company | Removal from<br>King County<br>Superior Court.<br>Insurance<br>Contract. | P: Anthony Shapiro<br>P. Lawyer Firm: Hagens Berman<br>D: James Derrig |
| Chicago<br>Federal<br>USDC<br>Northern<br>District of<br>Illinois<br>1:14cv948<br>2/11/2014<br>12:00:00 AM<br>Chicago | Clarice Whitmore;<br>Helga Maria<br>Schulzki, obo<br>themselves and all<br>others similarly<br>situated<br>v.<br>Guggenheim<br>Partners, LLC;<br>Security Benefit Life<br>Insurance Company;<br>Guggenheim Life<br>and Annuity<br>Company; EquiTrust<br>Life Insurance<br>Company | RICO class action<br>arising from<br>Guggenheim<br>Partners' plan to<br>"acquire insurance<br>companies<br>weakened by the<br>recession and use<br>them to sell<br>seemingly safe<br>and secure annuity<br>products<br>(particularly<br>annuities with<br>large, upfront<br>premiums) while<br>funneling cash out<br>to Guggenheim...<br>rather than holding<br>or reserving it to<br>satisfy their long-<br>term obligations to<br>the annuity<br>holders."<br>Defendants sold<br>overpriced<br>annuities--<br>particularly to the<br>elderly--concealed<br>liabilities and the<br>true financial<br>condition of<br>defendant insurers,<br>and inflated assets<br>to report adequate<br>surplus. They<br>profited through | |

| | | "vast amounts of money," misused funds--including using over $1.2 billion to buy the Dodgers--and used "complicated accounting machinations that gave the false appearance of financial strength and stability." As a result, defendant insurers were raided of billions of dollars, and plaintiffs were duped into buying risky annuities worth far less than premiums paid. | |
|---|---|---|---|
| Chicago Federal USDC Northern District of Illinois 1:13cv8250 11/15/2013 12:00:00 AM Chicago | Beach Medical Marketing, Inc., indv. and obo all others similarly situated v. American International Group, Inc; AIU Insurance Company; American Fuji Fire and Marine Insurance Company; American Home Assurance Company; Chartis Property Casualty Company f/k/a AIG Casualty Company f/k/a Birmingham Fire Insurance Company of Pennsylvania; Commerce and Industry Insurance | RICO class action over a long-term scheme to underreport the amount of workers' compensation insurance premiums collected in order to evade or reduce financial obligations and unlawfully profit. As a result, policyholders paid tens of millions of dollars in inflated state insurance surcharges, assessments and fees. | P: Elizabeth Fegan P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| | Company, Inc.; Granite State Insurance Company; Insurance Company of the State of Pennsylvania; National Union Fire Insurance Company of Pittsburgh, PA; New Hampshire Insurance Company; AIG Risk Management Inc.; Maurice R. Greenberg; DOES 1 through 10<br><br>Judge: Kendall | | |
| San Francisco Fed USDC Northern District of California 4:13cv1854 4/23/2013 12:00:00 AM Oakland | Donte Cheeks; Emma Sue Clyatt; Deborah Horton; Richard Pierce on behalf of themselves and all others similarly situated v. Fidelity and Deposit Company Maryland; Platte River Insurance Company as Sureties for Meracord LLC<br><br>Judge: Ryu | RICO. Defendant Meracord engages and relies on front-end debt relief companies to recruit customers in financial distress. Those companies act as intermediaries between distressed and distraught debtors and their creditors, using inflated claims and misrepresentations about their services to sign up customers. Meracord administers escrow accounts into which customers make monthly deposits. Meracord then loots the accounts | P: Steve W. Berman P. Lawyer Firm: Hagens Berman |

| | | by withdrawing excessive fees. | |
|---|---|---|---|
| Phoenix USDC Arizona - Phoenix 2:13cv669 4/3/2013 12:00:00 AM | Leslie's Poolmart Inc., a Delaware corporation v. U.S. Specialty Insurance Company; HCC Insurance Holdings Inc.  Judge: Bolton | Removal of a declaratory judgment action. | P: Robert Carey P. Lawyer Firm: Hagens Berman D: Sal Rivera |
| Phoenix Maricopa County Superior Court CV2013-002135 2/21/2013 12:00:00 AM | Leslie's Poolmart Inc., a Delaware corporation v. HCC Insurance Holdings Inc., a Delaware corporation; U.S. Specialty Insurance Company, a division of HCC Insurance Holdings Inc. | Declaratory judgment complaint stating that the claims alleging plaintiff violated California Civil Code by "obtaining and recording its customers' personal information in conjunction with credit-card transactions" are covered under the insurance policy issued by defendants. Defendants have a duty to indemnify plaintiff. | P: Robert Carey P. Lawyer Firm: Hagens Berman |
| San Francisco Fed USDC Northern District of California 4:11cv5253 10/28/2011 12:00:00 AM Oakland | Boys and Girls Clubs of the East Valley; Jonathan Rizzo; Alex Weinstein; Justin Paczesny; Robert Deloss; Teresa Tobin; Tiffany Havener; Scott Book; Danell Tomasella; Kory Pentland; Chloe | Antitrust class action in which the defendants conspired to fix the price of raw farm milk. | P: Steve Berman P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| | Britzius; Joseph Burwell; Mary Anderson; Julie Ewald; Ian Groves; Cody Barrett; Robert George; Scott Weber; Harmonie Skipper; Jennifer Clites; Corlea Burnett; Amy Her; John Murray, individually and on behalf of all others similarly situated v. National Milk Producers Federation aka Cooperatives Working Together; Dairy Farmers of America Inc.; Land O' Lakes Inc.; Dairylea Cooperative Inc.; Agri-Mark Inc.

Judge: LB | | |
| San Francisco Fed USDC Northern District of California 3:11cv4791 9/27/2011 12:00:00 AM San Francisco | Jeffrey Robb; Nels Thogersen, individually and on behalf of all others similarly situated v. National Milk Producers Federation aka Cooperatives Working Together; Dairy Farmers of America Inc.; Land O' Lakes Inc.; Dairylea Cooperative Inc.; Agrimark Inc. | Antitrust class action in which the defendants conspired to fix the price of milk. | P: Steve Berman P. Lawyer Firm: Hagens Berman |

| | Judge: JCS | | |
|---|---|---|---|
| San Francisco Fed USDC Northern District of California 4:11cv4766 9/26/2011 12:00:00 AM Oakland | Matthew Edwards; Georgia Browne; Torah Montessori School, individually and on behalf of all others similarly situated v. National Milk Producers Federation aka Cooperatives Working Together; Dairy Farmers of America Inc.; Land O'Lakes Inc.; Dairylea Cooperative Inc.; Agrimark Inc.<br><br>Judge: DMR | Antitrust class action in which the defendants conspired to fix the price of milk. | P: Steve Berman<br>P. Lawyer Firm: Hagens Berman |
| Great Plains Regional USDC Southern District of Iowa 4:11cv579 5/25/2011 12:00:00 AM Central | Patsy Chambers Individually And On Behalf Of All Others Similarly Situated v. North American Company For Life And Health Insurance | RICO complaint. | P: Steve W Berman; Timothy Patrick Mahoney; Andrew S Friedman; Daniel J Kurowski; Elizabeth A Fegan<br>P. Lawyer Firm: Hagens Berman Sobol Shapiro Llp; Hagens Berman Sobol Shapiro Llp; Bonnett Fairbourn Friedman & Balint Pc; Hagens Berman Sobol Shapiro Llp-Oak Park<br>D: David Zev Smith; Gary Steven Caplan; Henry Pietrkowski; Robert D Phillips , Jr<br>D. Lawyer Firm: Reed Smith Llp; Reed Smith Llp |
| Chicago Federal USDC Northern District of Illinois 1:11cv3528 5/25/2011 12:00:00 AM | Patsy Chambers, as a class v. North American Co. for Life and Health Insurance | RICO class action over a scheme involving sale of indexed annuities. Among other things, North paid agents hidden commissions that reduced policyholders' investable assets, | P: Timothy Mahoney<br>P. Lawyer Firm: Hagens Berman |

| | | recouped commissions from policyholders, offered "bonuses" while targeting policyholders to fund their own "bonus," and evaded consumer protection statutes. It concealed its acts, defrauded policyholders and was unjustly enriched. | |
|---|---|---|---|
| Seattle USDC Western District of Washington C09-583 4/28/2009 12:00:00 AM | Robert B. Duncan; Julie A. Duncan, on behalf of themselves and all others similarly situated v. First American Title Insurance Company Judge: M | Class action complaint for violation of the Real Estate Settlement Practices Act arising from the defendant engaging in a scheme to charge and collect illegal fees. | P: Steve W. Berman P. Lawyer Firm: Hagens Berman |
| Tucson USDC Arizona - Tucson 4:09-cv-00029-DCB 1/12/2009 12:00:00 AM Tucson | Mary H. Eller; Ronald Krainz; Paul Harrington v. Equitrust Life Insurance Co. Judge: Bury | Class action under the Racketeer Influenced and Corrupt Organizations Act where the defendant designed its indexed annuities to offset any benefit of tax deferral. | P: Robert Carey P. Lawyer Firm: Hagens Berman |
| New York Fed USDC Southern District of New York 08 CV-11183 12/23/2008 | Richard Peshkin v. Tremont Group Holdings Inc.; Tremont Partners Inc.; Rye Investment Management; | Class action brought on behalf of all persons and entities who invested in Rye Funds and had not redeemed their | P: David Nalven P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| 12:00:00 AM | Oppenheimer Acquisition Corp.; OppenheimerFunds Inc.; Massachusetts Mutual Life Insurance Co.; KPMG LLP; Does 1-100<br><br>Judge: Berman | interests in the Funds as of December 11, 2008 due to breach of fiduciary duties, fraud, and gross negligence arising from defendant facilitating the handing over of the investments of the Class to Bernard L. Madoff, which was lost virtually in whole as part of Madoff's massive Ponzi scheme. | |
| Seattle USDC Western District of Washington C08-1147 7/25/2008 12:00:00 AM | Daniel Janikanish; Heather Janikanish; David L. McFerrin; Paige L. Perisich v. First American Title Insurance Company; First American SMS aka SMS Settlement Services<br><br>Judge: JCC | The defendants charged fees to escrow customers that were significantly higher than advertised and charged for services they did not perform. | P: Steve W. Berman<br>P. Lawyer Firm: Hagens Berman |
| Seattle USDC Western District of Washington C08-984 6/26/2008 12:00:00 AM | David Hanka; Katherine Hanka; Linda Walton, on behalf of themselves and all others similarly situated v. Chicago Title Insurance Company<br><br>Judge: R | Class action complaint for violation of the Real Estate Settlement Procedures Act arising from the defendant collecting "illegal, unearned, duplicative and unreasonable fees." | P: Steve Berman<br>P. Lawyer Firm: Hagens Berman |
| Seattle USDC | David McFerrin; Katherine McFerrin, | Class action complaint for | P: Steve Berman<br>P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| Western District of Washington C08-5309 (Tac) 5/14/2008 12:00:00 AM | on behalf of themselves and all others similarly situated v. Old Republic Title Ltd; Old Republic National Title Insurance Company Judge: B | violation of the Real Estate Settlement Practices Act. The plaintiff claims that the defendant has "deceptively and illegally" charged fees for reconveyance, illegally split the fee with a settlement provider service and illegally required the use of its own duplicate reconveyance services. | |
| Seattle USDC Western District of Washington C08-755 5/14/2008 12:00:00 AM | Mark Bushbeck; Raelene Bushbeck, on behalf of themselves and all others similarly situated v. Chicago Title Insurance Company Judge: R | Class action complaint for violation of the Real Estate Settlement Practices Act. The plaintiff claims that the defendant has "deceptively and illegally" charged fees for reconveyance, illegally split the fee with a settlement provider service and illegally required the use of its own duplicate reconveyance services. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| San Francisco Fed USDC Northern District of California | Daniel Jankanish; Heather Jankanish; David McFerrin on behalf of themselves and all others similarly situated | Class action for RESPA violations. Defendant First American Title Insurance Company schemes | P: Reed Kathrein P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| 3:08-cv-02460 5/14/2008 12:00:00 AM San Francisco | v. First American Title Insurance Company; First American SMS aka SMS Settlement Services<br><br>Judge: EMC | to charge and collect illegal and unearned fees and uses the collective value of customers' escrow deposits to earn credits and other benefits that it keeps for itself. | |
| Seattle USDC Western District of Washington C08-412 3/11/2008 12:00:00 AM | Dawn Sorensen, on behalf of herself and all others similarly situated v. Fidelity National Financial Inc.; Fidelity National Title Insurance Company; Ticor Title Insurance Company; Chicago Title Insurance Company; The First American Corporation; First American Title Insurance Company; Pacific Northwest Title Insurance Company Inc.; Landamerica Financial Group Inc.; Commonwealth Land Title Insurance Company; Lawyers Title Insurance Corporation; Transnation Title Insurance Company; Stewart Title Guarantee Company<br><br>Judge: J | Class action complaint for antitrust violations. The defendants have engaged in a "conspiracy" to fix, raise, maintain and stabilize the price of title insurance throughout Washington. The class consists of all persons who purchased title insurance from the defendants for residential or commercial property in Washington during the past four years. | P: Steve Berman P. Lawyer Firm: Hagens Berman |
| San Francisco Fed | Lisa Gentilcore on behalf of herself and | Class action for antitrust violations | P: Reed Kathrein P. Lawyer Firm: Hagens Berman |

| | | | |
|---|---|---|---|
| USDC Northern District of California 3:08-cv-01374 3/11/2008 12:00:00 AM San Francisco | all others similarly situated v. Fidelity National Financial Inc.; Fidelity National Title Insurance Company; Ticor Title Insurance Company; Ticor Title Insurance Company of Florida; Chicago Title Insurance Company; National Title Insurance of New York Inc.; Security Union Title Insurance Company; The First American Corporation; First American Title Insurance Company; United General Title Insurance Company; LandAmerica Financial Group Inc.; Commonwealth Land Title Insurance Company; Lawyers Title Insurance Corporation; Transnation Title Insurance Company; Stewart Title Guaranty Company; Stewart Title Insurance Company<br><br>Judge: MMC | in which the defendants conspired to fix the price of title insurance, the terms and conditions of the sale of title insurance and conspired to allocate and divide the market for title insurance in California. | |
| Seattle USDC Western District of Washington C08-401 | Timothy Lubic, on behalf of himself and all others similarly situated v. Fidelity National | Class action complaint for antitrust violations. The defendants have engaged in a | P: ==Steve Berman==<br>P. Lawyer Firm: Hagens ==Berman== |

| | | | |
|---|---|---|---|
| 3/10/2008 12:00:00 AM | Financial Inc.; Fidelity National Title Insurance Company; Ticor Title Insurance Company; Chicago Title Insurance Company; The First American Corporation; First American Title Insurance Company; Pacific Northwest Title Insurance Company Inc.; Landamerica Financial Group Inc.; Commonwealth Land Title Insurance Company; Lawyers Title Insurance Corporation; Transnation Title Insurance Company; Stewart Title Guarantee Company<br><br>Judge: P | "conspiracy" to fix, raise, maintain and stabilize the price of title insurance throughout Washington. The class consists of all persons who purchased title insurance from the defendants for residential or commercial property in Washington during the past four years. | |
| San Francisco Fed USDC Northern District of California 3:08-cv-01341 3/10/2008 12:00:00 AM San Francisco | Lynn Barton on behalf of herself and all others similarly situated v. Fidelity National Financial Inc.; Fidelity National Title Insurance Company; Ticor Title Insurance Company; Ticor Title Insurance Company of Florida; Chicago Title Insurance Company; National Title Insurance of New | Class action for antitrust violations in which the defendants conspired to fix the price of title insurance, the terms and conditions of the sale of title insurance and conspired to allocate and divide the market for title insurance in California. | P: Reed Kathrein P. Lawyer Firm: Hagens ==Berman== |

| | | | |
|---|---|---|---|
| | York Inc.; Security Union Title Insurance Company; The First American Corporation; First American Title Insurance Company; United General Title Insurance Company; LandAmerica Financial Group Inc.; Commonwealth Land Title Insurance Company; Lawyers Title Insurance Corporation; Transnation Title Insurance Company; Stewart Title Guaranty Company; Stewart Title Insurance Company<br><br>Judge: EDL | | |
| Seattle USDC Western District of Washington C07-1892 11/27/2007 12:00:00 AM | Christopher Sypolt v. The Talon Group, a division of First American Title Insurance Company<br><br>Judge: P | Notice of removal. | P: Sean R Matt P. Lawyer Firm: Hagens Berman D: Cassandra L Kinkead D. Lawyer Firm: Davis Wright |
| Seattle King County Superior Court 07-2-34109-9 10/24/2007 12:00:00 AM | Christopher Sypolt, on behalf of himself and all others similarly situated v. The Talon Group, a division of First American Title Insurance Company<br><br>Judge: GPC | Class action complaint for violation of Washington Consumer Protection Act and breach of fiduciary duty. The defendant has a "pattern and practice" of charging consumers expenses, such as | P: Steve Berman P. Lawyer Firm: Hagens Berman |

| | | "wire/express charges," that Talon did not actually incur. The defendant also charges an excessive price relative to the actual expense of such items and has negligently kept interest on money paid into escrow. | |
|---|---|---|---|
| Colorado Denver County District Court 05CV8719 10/20/2005 12:00:00 AM | Dina Murray v. Progressive Mountain Insurance Company | Contract action for failure to honor a claim following a car collision. | P: Robert Carey P. Lawyer Firm: Hagens Berman |

# EXHIBIT B

| Case Info | Parties | Summary | Lawyers |
|-----------|---------|---------|---------|
| Western Missouri USDC Western District of Missouri 4:23cv169 3/10/2023 12:00:00 AM Kansas City | Richard W Sullivan, on behalf of himself and all others similarly situated v. State Farm Mutual Automobile Insurance Company<br><br>Judge: Fenner | Class action insurance contract. Defendant refuses to pay plaintiffs sales tax when paying out a total loss on a vehicle. | P: Kenneth McClain |
| Western Missouri USDC Western District of Missouri 5:22cv6105 9/29/2022 12:00:00 AM St. Joseph | Loralyn Jenkins; Mike Jenkins v. Nationwide Insurance Company of America<br><br>Judge: Kays | Removal from the Circuit Court for Buchanan County. Insurance contract. | P: Nichelle Oxley P. Lawyer Firm: Humphrey Farrington D: William Richardson D. Lawyer Firm: Shook Hardy |
| Western Missouri Jackson County Circuit Court 2016-CV12452 5/28/2020 12:00:00 AM | Daniel Thomas; Brianne Thomas v. State Farm Fire and Casualty Company State Farm General Insurance Company; Derek Weiner; Bryan O'Bannon; John Collier<br><br>Judge: Phillips | Insurance contract. Plaintiffs' property was damaged by wind and hail while insured by defendants, who have refused to pay for damages as requested. | P: Daniel Thomas P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson County Circuit Court 1916-CV27386 10/7/2019 12:00:00 AM | Arial Kuchmeister v. Progressive Advanced Insurance Company<br><br>Judge: McKenzie | Insurance contract. Plaintiff was injured in a car crash while insured by defendant, who refuses to pay her claim for medical bills. | P: Michael Kilgore P. Lawyer Firm: Humphrey Farrington |
| Kansas Johnson County District Court | Grant Weller v. Rooted KC LLC | Out of state subpoena. | P: Steven Crick P. Lawyer Firm: |

| 18CV01197 3/6/2018 12:00:00 AM | Judge: Mason | | Humphrey Farrington |
|---|---|---|---|
| Western Missouri Jackson County Circuit Court 1816-CV04508 2/16/2018 12:00:00 AM | Grant Weller v. Rooted KC, a Nevada LLC; Brent Draper; Option Real Estate Services Inc.; Tim Ray; Spartan Installation and Repair LLC dba Spartan Foundation Repair Judge: Otto | Unfair business practices. Defendants sold property to plaintiff without disclosing the fact that there were known foundation and flooding issues. | P: Steven Crick P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson County Circuit Court 1216-cv13875 6/5/2012 12:00:00 AM Independence | Jim McKay v. State Farm Mutual Automobile Insurance Company | Application for approval of a wrongful death settlement. | P: Daniel Thomas P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson County Circuit Court 1216-CV11920 5/18/2012 2:00:00 AM Kansas City | Ben Cline; Phyllis Cline v. Arnold-Newbanks Inc.; Certainteed Corporation; Fisher Scientific LLC; Georgia-Pacific Corporation; KCG Inc.; Kewaunee Scientific Corporation; Kelly Moore Paint Company; Labconco Corp.; Metropolitan Life Insurance Company aka Metropolitan Insurance Company; Sears, Roebuck and Co.; Union Carbide Corporation; Welco Manufacturing Company; Westinghouse Electric Corporation; The Young Group Ltd. fka Young Sales Corporation | Asbestos product liability complaint. | P: Steven Crick P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson | Floyd Scheinost v. AK Steel Corporation fka | Product liability complaint for asbestos. | P: Steven Crick P. Lawyer |

| County Circuit Court 1216-CV07307 3/29/2012 2:00:00 AM Kansas City | and/or succcessor in interest to Armco Steel Inc.; Armco Inc.; Allied Manufacturing Company; American Standard Inc. fka Kewanee Boiler; Aqua-Chem Inc. fdba Cleaver-Brooks; Babcock Borsig Power Inc.; EECI Inc. fka Ensearch E&C Inc.; FosterWheeler Corporation; General Electric Company; Georgia-Pacific Corporation; Great Plains Energy Inc.; KCG Inc.; Kansas City Power & Light Company; Kelly Moore Paint Company; Metropolitan Life Insurance Company aka Metropolitan Insurance Company; Oakfabco Inc. fdba Kewanee Boiler; Owens-Illinois Inc.; Sachs Holdings Inc. fka Sachs Electric Company; Union Carbide Corporation; Welco Manufacturing Company; Westinghouse Electric Corporation; Does | | Firm: Humphrey Farrington |
| Western Missouri Jackson County Circuit Court 1216-CV03811 2/14/2012 12:00:00 AM Kansas City | Ralph VanBebber; Patsy VanBebber v. Allied Manufacturing Company; American Standard Inc. fdba Kewanee Boiler; Associated Electric Cooperative Inc.; Aqua-Chem Inc. fdba Cleaver-Brooks; Babcock Borsig Power Inc. fka Riley Stoker Corp.; Ford Motor Company; Foster Wheeler Corp.; General Electric Co.; Georgia-Pacific Corp.; Great Plains Energy Inc.; KCG Inc.; KCP&L Greater Kansas City Operations Co. aka Aquila Inc. fka Utilicorp United Inc. | Complaint for personal injury and negligence. Asbestos. $15,000. | P: Scott Britton-Mehlisch P. Lawyer Firm: Humphrey Farrington |

|  |  |  |  |
|---|---|---|---|
|  | successor through merger with Missouri Public Services Co.; Kelly Moore Paint Company; Metropolitan Life Insurance Co. aks Metropolitan Insurance Company; Oakfabco Inc. fdba Kewanee Boiler; Owens-Illinois Inc.; Union Carbide Co.; Welco Manufacturing Co.; Weststar Energy Inc.; Westinghouse Electric Corp.; Does 1-20 |  |  |
| Western Missouri Jackson County Circuit Court 1216-CV02715 2/2/2012 12:00:00 AM Kansas City | James Poe; Betty Poe v. AII Acquisition Corp.; Allegheny Technologies Inc.; Allied Manufacturing Company; American Standard Inc. fdba Kewanee Boiler; Aqua-Chem Inc. fdba Cleaver-Brooks; Babcock Borsig Power Inc.; Carrier Corporation; Certainteed Corporation; Foster Wheeler Corporation; General Electric Company; Georgia-Pacific Company; Harold Butzer Inc.; KCG Inc.; Kelly Moore Paint Company; Lennox Industries Inc.; Metropolitan Life Insurance Company aka Metropolitan Insurance Company; Oakfabco Inc. fdba Kewanee Boiler; Owens-Illinois Inc.; SPX Corporation successor in interest to Weil-McLain Co. and Williamson Furnace Company; Teledyne Technologies Inc. fdba Holland Furnace Company; Union Carbide Corporation; Welco Manufacturing Company; Westinghouse Electric Corporation; Does | Complaint for negligence and product liability where the plaintiff, who was a sheet-metal worker, was exposed to asbestos and suffers from an asbestos-related disease. | P: Steven Crick P. Lawyer Firm: Humphrey ==Farrington== |
| Western | Kenneth Thompson; Ida | Personal injury complaint for | P: Steven |

| Missouri Jackson County Circuit Court 1116-CV24812 9/14/2011 12:00:00 AM Kansas City | Thompson v. Buffalo Pumps Inc.; CBS Corporation fka Westinghouse Electric Corporation; Dresser-Rand Group Inc. successor in interest to Terry StreamTurbine Company; Flowserve US Inc. successor in interest to Worthington Pumps; Foster-Wheeler Corporation; Frontier North Inc. which as been formerly know with, among others, the following names: General Telephone Company of the Midwest Inc., General Telephone Co. of Indiana Inc., GTE MTO, GTE North Inc., Contel North Inc., GTE North Inc., Verizon North Inc., GTE Employees Good Government Club of Pennsylvania; General Electric Company; GTE Communications Systems Corp. fka Automatic Electric Company and as GTE Automatic Electric Inc. and as GTE Network Systems Inc. and as Verizon Systems Inc.; GTE Midwest Inc. aka Verizon Midwest aka Verizon Midwest Inc.; IMO Industries Inc. as successor in interest DeLaval Steam Turbine Co.; Metropolitan Life Insurance Company; Owens-Illinois Inc.; The Spencer Turbine Co.; Union Carbide Corp.; Warren Pumps LLC; Welco Manufacturing Co. | asbestos. | Crick P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson | Kenneth Thompson; Ida Thompson v. | Personal injury complaint for asbestos. | P: Steven Crick P. Lawyer |

| County Circuit Court 091511E 9/14/2011 12:00:00 AM Kansas City | Buffalo Pumps Inc.; CBS Corporation fka Westinghouse Electric Corporation; Dresser-Rand Group Inc. successor in interest to Terry StreamTurbine Company; Flowserve US Inc. successor in interest to Worthington Pumps; Foster-Wheeler Corporation; Frontier North Inc. which as been formerly know with, among others, the following names: General Telephone Company of the Midwest Inc., General Telephone Co. of Indiana Inc., GTE MTO, GTE North Inc., Contel North Inc., GTE North Inc., Verzion North Inc., GTE Employees Good Government Club of Pennsylvania; General Electric Company; GTE Communications Systems Corp. fka Automatic Electric Company and as GTE Automatic Electric Inc. and as GTE Network Systems Inc. and as Verizon Systems Inc.; GTE Midwest Inc. aka Verizon Midwest aka Verizon Midwest Inc.; IMO Industries Inc. as successor in intrest DeLaval Steam Turbine Co.; Metropolitan Life Insurance Company; Owens-Illinois Inc.; The Spencer Turbine Co.; Union Carbide Corp.; Warren Pumps LLC; Welco Manufactoring Co. | | Firm: Humphrey ==Farrington== |
| Western Missouri Jackson County Circuit Court | Michael Jeffries; Mary Jeffries v. Air Products and Chemicals Inc.; Central States Airgas | Product liability complaint for asbestos. | P: Steven Crick P. Lawyer Firm: Humphrey |

| | | | |
|---|---|---|---|
| 1116-cv08477 4/6/2011 12:00:00 AM Independence | Inc. fka Welder's Products & Service Inc. fka Midwest Airgas Inc., a Delaware corporation; CSC Delaware Holdings Corp. fka CSC Holdings Corp. fka Contractors Supply Co. fka Knopke Brothers Contractors Supply Co.; Georgia-Pacific Corporation; Hohenschild Welders Supply Company; Hobart Brothers Company; KCG Inc.; Kirk Welding Supplies Inc. fka Kirk-Wickland & Co.; Lincoln Electric Company; Metropolitan Life Insurance Company aka Metropolitan Insurance Company; Praxair Inc.; Puritan-Bennett Corp. aka Pureweld Industrial Products; RSR Holding Corp. fka Republic Aluminum Inc., a Delaware corporation; Union Carbid Corporation; Uniroyal Inc.; Welco Manufacturing Company | | Farrington |
| Western Missouri Jackson County Circuit Court 1116-cv07117 3/24/2011 12:00:00 AM Independence | Lloyd Williams; Janet Williams v. Fire Insurance Exchange, a California company dba Farmers Insurance Group; City of Independence Missouri; Miller Paving & Construction LLC; Crowley, Wade Milstead Inc. | Contract action where defendant Farmers failed to cover the plaintiffs' property damage claim. $175,000. | P: Andrew Smith P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson County Circuit Court 1016-CV08371 3/18/2010 12:00:00 AM | Independence School District v. Missouri United School Insurance Counsel aka MUSIC; Westchester Fire Insurance Company; Lexington Insurance Company; Travelers Insurance Company | Complaint for vexatious refusal to pay. The defendants, "selfishly motivated by their own financial interests," insisted that building mold was the cause of the plaintiff's employee's symptoms, even though an environmental test | P: Kenneth McCain P. Lawyer Firm: Humphrey Farrington |

| | | | |
|---|---|---|---|
| Independence | | had shown that it was not. The defendants' assertion was meant to exclude the plaintiff's loss from insurance coverage. $8 million. | |
| Western Missouri Jackson County Circuit Court 0916-CV27566 9/8/2009 12:00:00 AM Independence | Charles Burt; Georgia Burt v. Allie Manufacturing Company; Bondex International Inc.; Georgia-Pacific Corporation; KCG Inc.; Metropolitan Life Insurance Company; Owens-Illinois Inc.; RPM Inc.; Welco Manufacturing Company; Does | Product liability complaint where exposure to the defendants' asbestos-containing products led to serious injuries for the plaintiff. | P: Steven Crick P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson County Circuit Court 0916-CV09211 3/20/2009 12:00:00 AM Kansas City | Jerry Curry; Floye Curry v. American Standard Inc. fkba Kewanee Boiler; Aqua-Chem Inc. fdba Cleaver-Brooks; Babcock Borsig Power Inc. fka Riley Stoker Corporation; Bondex International Inc. Foster Wheeler Corporation; General Electric Company; Georgia-Pacific Corporation; KCG Inc.; Kelly Moore Paint Company; Metropolitan Life Insurance Company; Oakfabco Inc.; Owens-Illinois Inc.; RPM Inc.; The Scott Company; Union Carbode Corporation; Welco Manufacturing Company; Westinghouse Electric Corporation | Product liability and negligence complaint where plaintiff Jerry Curry developed mesothelioma from being exposed to asbestos-containing materials manufactured, designed or sold by the defendants. | P: Steven Crick P. Lawyer Firm: Humphrey Farrington |
| Western Missouri Jackson County Circuit Court 0816-CV28275 9/16/2008 12:00:00 AM | Jeffery Nissen v. Country Mutual Insurance Company | Car collision. | P: Christopher Miller P. Lawyer Firm: Humphrey Farrington |

| Independence | | | |
|---|---|---|---|
| Western Missouri Jackson County Circuit Court 0516-CV21486 8/8/2005 12:00:00 AM Kansas City | Ellen Hunter individually and as personal representative for the estate of David Hunter v. Brauer Supply Company; Jefferson City Winnelson Co.; Metropolitan Life Insurance Company aka Metropolitan Life Insurance Company; TH Agriculture and Nutrition Company LLC fka Thompson Hayward Chemical Company | Complaint for asbestos wrongful death based on strict liability and design defect. The plaintiff, who was a highway construction worker, died after being exposed for decades to hazardous chemicals manufactured by the defendants (except for defendant Metropolitan, which permitted a dangerous situation to exist through negligence). | P: Steven Crick P. Lawyer Firm: Humphrey Farrington |
| Kansas USDC Kansas 2:04-cv-02346 7/27/2004 12:00:00 AM | Olathe Senior Apartments, L.P. v. ACE Fire Underwriters Insurance Company, a Pennsylvania corporation; Crum & Forster Specialty Co., a New Jersey corporation; Royal Indemnity Company, a Delaware corporation; Essex Insurance Company, a Virginia corporation Judge: CM-JPO Kansas City | Insurance contract. | P: William Kasey, P. Lawyer Firm: Humphrey, Farrington |
| Western Missouri Jackson County Circuit Court 04CV219314 7/8/2004 12:00:00 AM Independence | Robert Johnson v. Daimler-Chrysler Corporation as successor in interest to the Chrysler Corporation; Ford Motor Company; General Motors Company; Hobart Brothers Company; Honeywell International Inc.; Lincoln Electric Company; Metropolitan Life Insurance Company aka Metropolitan Insurance Company; Pneumo Abex Corporation; Welco Manufacturing Company; Does | Asbestos. | P: Kenneth McClain P. Lawyer Firm: Humphrey Farrington |

| | Judge: Manners | | |
|---|---|---|---|

# EXHIBIT C

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| St. Louis 8th Circuit Appeals 16-8010 6/27/2016 12:00:00 AM | Patsy Chambers, Individually And On Behalf Of All Others Similarly Situated; Robert Gehrking, Individually And On Behalf Of All Others Similarly Situated v. North American Company For Life And Health Insurance<br><br>Judge: John A. Jarvey | U.S. District Court For The Southern District Of Iowa - Des Moines 1)Miscellaneous 2)23(F) 3)Null 0863:4:4:11-Cv-00579-Jaj John A. Jarveydistrict Judge | P: Steve Berman; ==Elizabeth== Anne Fegan; John Barton Goplerud; Daniel John Kurowski; Sean Matt D: Michael A. Dee; Terence N. Hawley; William Hayden Higgins; Michael S. Leib; James Christopher Martin; Brian McCormac; Robert D. Phillips; Henry Pietrkowski |
| Chicago Federal USDC Northern District of Illinois 1:13cv8250 11/15/2013 12:00:00 AM Chicago | Beach Medical Marketing, Inc., indv. and obo all others similarly situated v. American International Group, Inc; AIU Insurance Company; American Fuji Fire and Marine Insurance Company; American Home Assurance Company; Chartis Property Casualty Company f/k/a AIG Casualty Company f/k/a Birmingham Fire Insurance Company of Pennsylvania; Commerce and Industry Insurance Company, Inc.; Granite State Insurance Company; Insurance Company of the State of | RICO class action over a long-term scheme to underreport the amount of workers' compensation insurance premiums collected in order to evade or reduce financial obligations and unlawfully profit. As a result, policyholders paid tens of millions of dollars in inflated state insurance surcharges, assessments and fees. | P: ==Elizabeth== Fegan P. Lawyer Firm: Hagens Berman |

| | Pennsylvania; National Union Fire Insurance Company of Pittsburgh, PA; New Hampshire Insurance Company; AIG Risk Management Inc.; Maurice R. Greenberg; DOES 1 through 10<br><br>Judge: Kendall | | |
|---|---|---|---|
| Great Plains Regional USDC Southern District of Iowa 4:11cv579 5/25/2011 12:00:00 AM Central | Patsy Chambers Individually And On Behalf Of All Others Similarly Situated v. North American Company For Life And Health Insurance | RICO complaint. | P: Steve W Berman; Timothy Patrick Mahoney; Andrew S Friedman; Daniel J Kurowski; Elizabeth A Fegan P. Lawyer Firm: Hagens Berman Sobol Shapiro Llp; Hagens Berman Sobol Shapiro Llp; Bonnett Fairbourn Friedman & Balint Pc; Hagens Berman Sobol Shapiro Llp-Oak Park D: David Zev Smith; Gary Steven Caplan; Henry Pietrkowski; |

| | | | Robert D Phillips , Jr D. Lawyer Firm: Reed Smith Llp; Reed Smith Llp |
|---|---|---|---|
| Great Plains Regional USDC Southern District of Iowa 4:07-cv-00351 8/10/2007 12:00:00 AM Central | Daniel Duchardt v. Midland National Life Insurance Co.  Judge: Pratt | Other contract suit. | P: ==Elizabeth== Fegan D: Randall Horstmann |

# EXHIBIT D

| Case Info | Parties | Summary | Lawyers |
|---|---|---|---|
| Louisiana East Baton Rouge Parish District Court C-729928 3/16/2023 12:00:00 AM | Ronald A. Trahan v. Montello Inc.; 3M Company; ConocoPhillips Company; Union Carbide Corporation; Anco Insulations Inc.; Eagle Inc.; Taylor Seidenbach Inc.; Cleaver-Brooks Inc.; Sentry Insurance Company; Goulds Pumps (IPG) Inc.; Zurn Industries Inc.; Metropolitan Life Insurance Company Judge: 23 | Asbestos. | P: Emily LaCerte P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C-728106 1/25/2023 12:00:00 AM | Billy Edward Miller v. AT&T Corp.; Aqua-Chem Inc.; 3M Company; Gould's Pumps (IPG) inc.; Taylor-Seidenbach Inc.; Union Carbide Corporation; Nokia of America Corporation; Sentry Insurance Company; The J. Graves Insulation Company Inc. Judge: 22 | Asbestos. | P: David Cannella P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C-725989 11/21/2022 12:00:00 AM | Brenda Kay Higgins; Aaron Marcus McClendon; Amy Miranda Higgins; Marcus Hobson Higgins Jr.; Matthew Emmett Higgins individually and on behalf of the decedent Marcus H. Higgins v. International Paper Company; Pennzoil-Quaker State Company; Anco Insulations Inc.; Taylor-Seidenbach Inc.; The J. Graves Insulation Company Inc.; Riley Power Inc.; Goulds Pumps (IPG) Inc.; 3M Company; Paramount Global; General Electric | Asbestos. | P: Emily LaCerte P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Company; Sentry Insurance Company; Metropolitan Life Insurance Company; Zurn Industries Inc.; Foster Wheeler Energy Corporation; Union Carbide Corporation; Cleaver-Brooks Inc.<br><br>Judge: 23 | | |
| Louisiana East Baton Rouge Parish District Court C-724937 10/24/2022 12:00:00 AM | Gordon Dalrymple v. Montello Inc.; Southern Petroleum Laboratories Inc.; Columbia Gulf Transmission LLC; Gulf South Pipeline Company LLC; Tennessee Gas Pipeline Company; Chevron USA Inc. fka Gulf Oil Corporation; Shell Oil Company; Shell Chemical LP; Marathon Petroleum Company LP; Texaco Inc.; El Paso Energy EST; Epec Oil Company; Ray Brooks; Rawlin Delaughter; Amos Pollard; Charles Lambert; Mosaic Global Holdings Inc.; Liberty Mutual Insurance Company; The Travelers Indemnity Company; Freeport-McMoran Inc.; Freeport-McMoran Energy LLC; Continental Oil Company; Conoco Offshore Pipe Line Company; Phillips 66 Company; Phillips 66 Pipeline LLC; Targa NGL Pipeline; ConocoPhillips Company; Halliburton Energy Services Inc.; National Oilwell Varco LP; Union Carbide Corporation; Anco Insulations Inc.; Asbestos Corporation | Asbestos. | P: Christopher Colley P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Limited; Eagle Inc.; Taylor-Seidenbach Inc.; General Electric Company; Viacom CBS Corporation; Paramount Global; Metropolitan Life Insurance Company<br><br>Judge: 27 | | |
| New Orleans Orleans Parish District Court 22-00768 1/27/2022 12:00:00 AM | Felton Adam Robichaux v. Huntington Ingalls Inc.; Eagle Inc. fka Eagle Asbestos & Packing Co. Inc.; Union Carbide Corporation; Taylor-Seidenbach Inc.; Foster Wheeler Energy Corporation; General Electric Company; Hopeman Brothers Inc.; Liberty Mutual Insurance Company; International Paper Company; Maryland Casualty Company; UniRoyal Inc.; Sentry Insurance Company; Sentry Insurance Company; Employers Insurance Company of Wausau; Viacom CBS Inc.; 3M Company; Metropolitan Life Insurance Company; Bayer CropScience Inc. | Asbestos. | P: David Cannella<br>P. Lawyer Firm: Baron & Budd |
| Harris County Harris County District Court 2021-79793 12/8/2021 12:00:00 AM | Marcus Duane Humphrey, as personal representative of the Estate of Terrance Humphrey, deceased v. Ametek Inc.; Ashland LLC; Champlain Cable Corporation; General Electric Comcpany; Guard-Line Inc.; Hercules LLC; Texas Gasket and Packing Company; Zurn Industries LLC, individually and as successor-in-interest to Erie | Asbestos. Decedent suffered illness and died after he was exposed to asbestos while working for defendants. | P: Taryn Ourso<br>P. Lawyer Firm: Baron Budd |

| | | | |
|---|---|---|---|
| | City Iron Works; Eastman Chemical Company<br><br>Judge: Manor | | |
| Louisiana East Baton Rouge Parish District Court C-713174 11/12/2021 12:00:00 AM | David McKneely v. 3M Company; Crane Company; AT&T Corporation; Western Electric Company Inc.; Goulds Pumps Inc.; Taylor-Seidenbach Inc.; Union Carbide Corporation; Nokia of America Corporation; Sentry Insurance Company; The J. Graves Insulation Company Inc.; Aqua-Chem Inc.<br><br>Judge: 22 | Asbestos. | P: Christopher Colley P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C-711362 9/14/2021 12:00:00 AM | Charles Giodrano v. Entergy Louisiana LLC; Gulf Engineering Company LLC; Entergy New Orleans LLC; Shell Oil Company; Pharmacia LLC; Wyeth Holdings LLC; 3M Company; Sentry Insurance Company; Anco Insulations Inc.; CBS Corporation; General Electric Company; Taylor-Seidenbach Inc.; Union Carbide Corporation; Goulds Pumps (IPG) Inc.; Armstrong Pumps Inc.; Viking Pump Inc.; Gardner Denver Inc.; Air & Liquid Systems Corporation; Warren Pumps LLC; Flowserve Corporation; Crane Company; Fairbanks Morse Pump Corporation; Foster Wheeler Energy Corporation; Lamons Gasket Company; Riley Power Inc.; | Asbestos. | P: Benjamin Rumph P. Lawyer Firm: Baron & Budd |

| | Aurora Pump Company; Zurn Industries LLC<br><br>Judge: 22 | | |
|---|---|---|---|
| New Orleans USDC Eastern District of Louisiana 2:21cv1483 8/5/2021 12:00:00 AM New Orleans | Shaante Clark v. Huntington Ingalls Incorporated; Hopeman Brothers Inc.; Liberty Mutual Insurance Company, as insurer of Wayne Manufacturing; International Paper Company; Union Carbide Corporation; Taylor-Seidenbach Inc.; Asbestos Corporation Ltd.; CSR Ltd.; Insurance Company of North America; St. Paul Fire & Marine Insurance Company; Westchester Fire Insurance Company; Metropolitan Life Insurance Company | Removal from Jefferson Parish. Asbestos. | P: David Cannella P. Lawyer Firm: Baron & Budd D: David Melancon D. Lawyer Firm: Irwin, Fritchie |
| Philadelphia Federal USDC Eastern District of Pennsylvania 2:20cv4476 9/14/2020 12:00:00 AM Philadelphia | FUEL RECHARGE YOURSELF, INC. 2 v. AMCO INSURANCE COMPANY;NATIONWIDE<br><br>Judge: BRODY | Insurance. Defendant insurance company refuses to indemnify plaintiff for profit losses related to the COVID-19 pandemic. | P: JAMES R. RONCA;RYAN D. HURD;GREGORY S. SPIZER;MICHAEL R. MANARA;STANFORD B. PONSON P. Lawyer Firm: ANAPOL WEISS;MORGAN & MORGAN;VSCP LAW;Anapol Weiss;BARON & BUDD, P.C. D: WILLIAM T. SALZER D. Lawyer Firm: SWARTZ CAMPBELL LLC |
| Louisiana East Baton Rouge Parish District Court C-697575 7/1/2020 | Milton Brady v. The McCarty Corporation; Entergy Louisiana LLC; Entergy New Orleans LLC; Shell Oil Company; Pelnor | Asbestos. | P: Jeremiah Boling P. Lawyer Firm: Baron & Budd |

| 12:00:00 AM | LLC; Heck Industries Inc.; Duke Energy Intrastate Pipeline LLC; The Badger Company Inc.; Bechtel Corporation; Foster Wheeler Energy Corporation; Kvaerner US Inc.; Jacobs Constructors Inc.; Aerojet-General Corporation; Resco Holdings LLC; Aecom Energy & Construction Inc.; Bechtel Power Corporation; Turner Industries Group LLC; Parsons Government Services Inc.; Fireman's Fund Insurance Group; Globe Indemnity; Employers Insurance Company of Wausau; The State of Louisiana; Rubicon LLC; BASF Corporation; Exxon Mobil Corporation; The Dow Chemical Company; Hexion Inc.; Texaco Inc.; Sid Richardson Carbon Ltd.; Air Products and Chemicals Inc.; DSM Copolymer Inc.; Bayer Cropscience LP; Syngenta Crop Protection LLC; Mosaic Global Holdings Inc.; Cos-Mar Company; Occidental Chemical Corporation; Marathon Petroleum Company LP; Zeneca Inc.; CF Industries Nitrogen LLC; Legacy Vulcan LLC; Georgia-Pacific Consumer Products LP; Pabst Brewing Company LLC; Morton International LLC; Anco Insulations Inc.; Eagle Inc.; Taylor-Seidenbach Inc.; The McCarty Corporation; Union Carbide Corporation; Foster Wheeler Energy | | |

| | Corporation; Riley Power Inc.; Zurn Industries LLC; Gould Pumps (IPG) Inc.; Gardner Denver Inc.; Crane Company; Warren Pumps LLC; General Electric Company; Flowserve Corporation; Armstrong Pumps Inc.; Viking Pump Inc.; CBS Corporation; Ref Chem<br><br>Judge: 26 | | |
|---|---|---|---|
| Louisiana East Baton Rouge Parish District Court C-688700 10/2/2019 12:00:00 AM | Reuben Borne v. Anco Insulations Inc.; Huntington Ingalls Inc.; Lamorak Insurance Company; The Travelers Indemnity Company; Shell Oil Company; Union Carbide Corporation; Aqua-Chem Inc.; Crane Company; Eagle Inc.; Foster Wheeler Energy Corporation; Goulds Pumps (IPG) Inc.; Hopeman Brothers Inc.; Ingersoll-Rand Company; Liberty Mutual Insurance; The McCarty Corporation; Riley Power Inc.; Taylor-Seidenbach Inc.; Zurn Industries Inc.<br><br>Judge: 24 | Asbestos. | P: David Cannella P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C-687430 9/5/2019 12:00:00 AM | Joseph Messina Jr. v. Union Carbide Corporation; American Mutual Insurance Company; Asbestos Corporation Ltd.; AT&T Corp.; Burmaster Land & Development Company LLC; Centennial Insurance Company; Certain Underwriters at Lloyd's of London; Continental | Asbestos. | P: J. Burton Leblanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Insurance Company; CSR Ltd.; Eagle Inc.; Excess Insurance Company; Guard-Line Inc.; Federal Insurance Company; Insurance Company of North America; Lamorak Insurance Company; Lombard Insurance Company; McCarty Corporation; St. Paul Fire & Marine Insurance Company; Taylor Seidenbach Inc.; The Roman Catholic Church of the Archdiocese of New Orleans; Union Carbide Corporation; United States Fidelity & Guaranty Company; Westchester Fire Insurance Company; Zurich Insurance Company<br><br>Judge: 25 | | |
| Louisiana East Baton Rouge Parish District Court C-680553 3/11/2019 12:00:00 AM | David J. Delatte v. Anco Insulations Inc.; Aqua-Chem Inc.; Aqua-Chem Inc.; Arrowood Indemnity Company; CBS Corporation; Crane Co.; Crown, Cork & Seal Company Inc.; Eagle Inc.; Foster Wheeler Energy Corporation; General Electric Company; Hexion Inc.; Ingersoll-Rand Company; Goulds Pumps Inc.; Gardner Denver Inc.; Liberty Mutual Insurance Company; The Gray Insurance Company; Riley Power Inc.; Taylor-Seidenbach; Union Carbide; Warren Pumps LLC; Zurn Industries Inc.<br><br>Judge: 26 | Asbestos. | P: David Camella P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| Louisiana East Baton Rouge Parish District Court C-675866 11/7/2018 12:00:00 AM | Ettie Lavera "Vera" C. Franks; Sammie Franks Meacham individually and on behalf of the decedent Calvin R. Franks v. Anco Insulations Inc.; Aerojet; Aetna Casualty & Surety Company; Arrowood Indemnity Company; Century Indemnity Company; Eagle Inc.; Exxon Mobil Corporation; Fluor Constructors International Inc.; Fluor Enterprises Inc.; Foster Wheeler Energy Corporation; Hexion Inc.; Industrial Construction Company Inc.; Lamorak Insurance Company; Liberty Mutual Insurance Company; Olin Corporation; Parsons Government Services Inc.; Rubicon LLC; Taylor-Seidenbach Inc.; The Badger Company Inc.; TBCI Corporation; The J. Graves Insulation Company Inc.; The McCarty Corporation; The Travelers Indemnity Company; Turner Industries Group LLC; Union Carbide Corporation<br><br>Judge: D | Asbestos. | P: Jeremiah Boling P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C-675834 11/7/2018 12:00:00 AM | Mike Henry Daniels; Anthony F. Daniels; Donald W. Daniels; Barbara S. Daniels; Patricia L. Daniels; Cassandra D. Daniels individually and on behalf of their deceased father Mike Daniels v. Weyerhaeuser Company; Anco Insulations Inc.; | Asbestos. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | Arrowood Indemnity Company; Crown Beverage Packaging Inc.; Crown Cork & Seal Company Inc.; Eagle Inc.; Foster Wheeler Energy Corporation; International Paper Company; Liberty Mutual Insurance Company; Owens-Illinois Inc.; Rexam Beverage Can Company; Riley Power Inc.; Taylor-Seidenbach Inc.; The J. Graves Insulation Company Inc.; The McCarty Corporation; Skanska USA Civil Southeast Inc.; Union Carbide Corporation; Zurn Industries Inc.<br><br>Judge: 22 | | |
|---|---|---|---|
| Orange County USDC Central District of California - Santa Ana Division 8:17cv1814 7/30/2017 12:00:00 AM Santa Ana | Paul Hancock; Analisa Moskus; Brandon Haag; Nyle Davis; Adriana Avila; Duane Fosdick, individually, and on behalf of other members of the general public similarly siutated v. Wells Fargo & Company, a Delaware corp.; Wells Fargo Bank NA; National General Insurance Company; Gregory Smith (interested party)<br><br>Judge: Guilford | Transferred in from California Northern, 3:17-cv-04324, MDL Panel, 2797. RICO Act class action. | P: Roland Tellis P. Lawyer Firm: Baron and Budd PC D: David Powell D. Lawyer Firm: McGuire Woods LLP-San Francisco |
| San Francisco Fed USDC Northern District of California 3:16md2741 10/4/2016 12:00:00 AM | Elaine Stevick;Christopher Stevick;Christine Sheppard;Kenneth Sheppard;Ricky Gibbs;Lawrence Gary Couey;Emanuel Richard Giglio;Enrique Ruiz;Stephanie Ruiz;Mark Scheffer;Teri Michelle McCall;Ines | Order creating MDL - in re Roundup Products Liability Litigation | P: Curtis Hoke;Michael Joseph Miller;Robert Brent Wisner;Aimee H. Wagstaff;Brian Keith Brake;David Joseph Dickens;Jeffrey Alan Travers;Leland Humphrey Belew;Mark Etheredge Burton , Jr.;Pearl Anna |

| San Francisco | Hernandez;Maria Hernandez;Peter Johansing;John D. Sanders;Frank Tanner;David Means;Charles Bridgeman;Douglas Harris;Lynda K Patterson;Vicky Porath;Larry E. Domina;Frank Pollard;Robert L. Dickey;Royce D. Janzen;Clayton Janise;James M. Work;Michael Tamburello;Jennifer Abila;Marvin L. Carlock;Larry Goodbred;John Cushman;Linda Jeanne Ricci;Tonia Turner;Matteo Anthony Russo;Goldie Perkins;William White;Wendy Burdett;Litton M. Walker, Jr.;Eric Morris;Mary Ford;Tina Trimpe;Gary Mancuso;Aaron Johnson;Yolanda Mendoza;Mark Pecorelli;Barton Penrod;Neil Wilson;Terry Pindell;Sioum Gebeyehou;Karen Wooten;Harley Wooten, III;Timothy Wooten;Michael Dowling;Craig R Butsch;Ron Gebo;James Mitchell;Randall Dean Seidl;Joseph E. Shipley;Margaret Shipley;Sabas Sanchez;Rosa Sanchez;John Holm;Ray Lee;Christopher Northover;Steven Royce Christensen;Paul Galvan;Mark Weddel;Bennierita Smith;Jr. Edward Smith;Larry J. | | Robertson;Robin Lynn Greenwald;Tayjes Matthew Shah;Timothy Andrew Litzenburg;Michael Miller;Brian K. Mackintosh;Curtis George Hoke;Katharine Crane Byrne ,;Christopher Barton Dalbey;Kevin J. Conway;Maja Lukic ,;William Andrew Walsh;Hunter William Lundy;John H. Daniels , III;Aimee Hall Wagstaff;David J. Wool;John Paul Fiske;John H. Gomez;Bruce Don Burtoff;John J Roddy;Pedram Esfandiary;Michael Lin Baum;Kevin J. Madonna;Robert Francis Kennedy , Jr.;Danny Ray Kraft , Jr.;Kristen Brandy Miller;Kristie Marie Hightower ,;Anthony P. Ellis;Yvonne M. Flaherty;David Wool;Edward A. Wallace;John Backes Prior ,;David M. Hundley , II;David A. Domina;Robin L. Greenwald;Vance R. Andrus;J. E. Cullens , Jr.;Bradley A. Stevens;Kathryn Jean Edwards;Kristie M. Hightower;Matthew Edward Lundy;Max E. Guthrie;Nadina Ann Beach;Rudie Ray |

| | | |
|---|---|---|
| | Faschingbauer;Loretta I Pennie;Pablo Aguero;Michael J Allen;Kelly S Baron;John Barton;Mark Barton;Maria Bedolla;Jean E Bevanmarquez;Mark J Blackwelder;Donald E Brenner;Deborah Brooks;Denton L Carender;Frank Chavez;Gina E. Davis;Richard D D'Souza;Randy A Ferber;Gary W. Hall;Patricia Hamilton;John S. Henderson v. Monsanto Company;Ragan and Massey, Inc.;Joint Glyphosate Task Force, LLC;Wilbur-Ellis Company, LLC;Wilbur-Ellis Feed, LLC;Osborn & Barr Communications, Inc.;Osborn & Barr Holdings, Inc.;Lorna Zerba;Bayer AG;Bayer Corporation;Walmart Inc.;Nellie Ban Dan;Monsanto Enviro-Chem Systems Inc;Monsanto Production Supply LLC;Helena Agri-Enterprises LLC;South Carolina Department of Transportation;Judith Ross;Azusa Pacific University;Mike W. Thomas;William Dutton;Bayer US LLC;Steven D. Gould;Vernon Redmon;Poudre Valley Co-Operative Association, Inc.;Donald V. Scott;D&D Venture Group, Inc.;Katherine A | | Soileau , Jr.;Richard M. Paul , III;Christopher M Ellis;Robert J. McLaughlin;Kyle Pozan;Brian Joseph McCormick , Jr.;Colin P. King;Paul M. Simmons;Aimee H Wagstaff;Kathryn M Forgie;Cristen Mendoza;Beth E. Terrell;Kimberly A Dougherty;John Fletcher Romano;Mark Herbert Schlein;Michael J. Miller;Timothy Litzenburg;Hunter W Lundy , PHV;Kristie M Hightower , PHV P. Lawyer Firm: The Miller Firm LLC;Wisner Baum, LLP;Wagstaff Law Firm, PC;108 Railroad Avenue;Milberg Coleman Bryson Phillips Grossman, PLLC;Audet and Partners;Irpino Law Firm;Weitz and Luxenberg, P.C.;108 railroad ave;108 Railroad Ave;841 Bishop St., Suite 2201;The Miller Firm, LLC;Cooney and Conway;Weitz & Luxenberg, P.C.;Cooney & Conway;Weitz and Luxenberg;Lundy, Lundy, Soileau and South, LLP;DYER, DYER, DYER & JONES;Andrus Wagstaff, PC;Baron & Budd, P.C.;Gomez Trial Attorneys;The Miller |

Tostenrude;Gina Wengerd;Orchard Supply Hardware Corporation;Harry's Hardware Inc.;Ohio Security Insurance Company;Browning Farms Inc;Helena Agri-Enterprises LLC;Kimberly McKinnon, D.O.;Northwestern Memorial Healthcare dba Northwestern Medicine;Nicholas Zoretic, D.O.;John Thomas Moore, Jr.;Central Alabama Farmers Cooperative, Inc.;Helena Agri-Enterprises LLC;Home Depot USA, Inc.;Mac Restorian Contracting, Inc.;Menard, Inc.;Ross Hardware, Inc.;University of Illinois–Chicago;Susan Jo Sullivan;Alice Bolles Economy;Robert Kenneth Walker;Sr. Phillip M. Ragazzo;JULIEANN CANZONI;Bennett Burgida;Jacob Burgida;Charles A Cotrone;Elizabeth P Cotrone;Wendel Holliday;Lorraine Magdalena Tumenas;Bayer Aktiengesellschaft;Werner Baumann;Liam Condon;Johannes Dietsch;Wolfgang Nickl

Judge: Chhabria

Firm;Bailey and Glasser LLP;Baum Hedlund Aristei and Goldman PC;Kennedy & Madonna, LLP;Children's Health Defense;Weitz and Luxenberg PC;Lundy Lundy Soileau and South LLP;Dolt, Thompson, Shepherd & Kinney PSC;Lockridge Grindal Nauen PLLP;Wool Trial Law LLC;Wallace Miller;Hart McLaughlin Eldridge LLC;Hundley Law Group, P.C.;Domina Law Group;Andrus Hood Wagstaff;Walters, Papillion, Thomas, Cullens, LLC;Edwards & Associates Law Firm, LLC;10 Golden Dr;Lundy, Lundy Soileau & South, LLP;Lundy & Davis, LLP;Lundy Lundy Soileau & South;Paul LLP;Bolen Robinson & Ellis, LLP;Hart McLaughlin & Eldridge, LLC;Lockridge Grindal Nauen P.L.L.P.;Ross Feller Casey, LLP;Dewsnup King and Olsen;Dewsnup, King & Olsen;Andrus Wagstaff PC;Terrell Marshall Law Group PLLC;Janet Jenner & Suggs, LLC;Romano Law Group;Baum Hedlund Aristei , Goldman, P.C.;Moll Law

| | | | | Group;Andrus Anderson LLP;The Law Group, Ltd. D: Aaron H Levine;Adam S. Buddenbohn;Andrew K. Solow;Ann Elizabeth Blackwell;Bert L. Slonim;Bradford John Robinson;Carol D. Browning;Daniel S. Pariser;David P. Strup;Gregory J. Minana;Heather Ann Pigman ,;James E. Hooper;James Shelson;John Lawrence Ackley;Julie B du Pont;Katharine Lester Mowery;Kathryn Marie Podsiadlo;Kelly E. Farnan;Mark A. Smith;Michael F. O'Connor;Nicole C. Hancock;Pamela Joan Yates;Patrick R. Dowd;Randall S. Crompton;Randall H Stefani;Rebecca Elizabeth Reif;Richard A Clark;Richard Alden Clark;Sandra A. Edwards;T. Jay Seale , III;Wendy D May;William Hoffman;Alan Ye-Hung Wong;Andrea J. Steele;Andrew Charles MacNally;Anthony R. Martinez;Anthony Nolan Upshaw;Barbara R Light;Brian Michael Lands;Brian S Prestes;Brian L. Stekloff;Buffy J Mims;Cali Cope- |
|---|---|---|---|---|

| | | | | Kasten;Carrie Marie Reilly;Christine F. Miller;Christopher Scott McRae;Claire E F Eichmann;Connor Jay Sears;D. Matthew Moscon;Dana LeAnn Strueby;Daniel D Trachtman;David Robbins Swaney;Devin Arnold Moss;Donald McMinn;E. James Shepherd;Eileen Louise Tilghman Moss;Eric G. Lasker;Eric Gordon Lasker;Eskandar Alex Beroukhim;Gary Ira Rubin;George Robert Dougherty;George Carter Lombardi;Glen R Galbraith;Glen Ray Galbraith;Glenn T. Melchinger;Grant W. Hollingsworth;H. Grant Law;Halron W. Turner;Holly Pauling Smith;JOHN MICHAEL FIETKIEWICZ;James M. Hilmert;James Michael Sullivan;Jane J. Bartley;Janet Hickson D. Lawyer Firm: Arnold Porter Kaye Scholer LLP;Husch Blackwell LLP (Chattanooga);Arnold and Porter Kaye Scholer LLP;Thompson Coburn LLP;Sbaiti & Company PLLC;Stites & Harbison PLLC - Louisville;Shumaker, Loop & Kendrick - Toledo;Husch Blackwell LLP;Hollingsworth LLP;Wheeler Trigg |

| | | | O'Donnell LLP;PHELPS DUNBAR LLP - Jackson;Nelson Mullins Riley & Scarborough LLP;Richards, Layton & Finger, PA;Arnold & Porter Kaye Scholer LLP;Ogawa Lau Nakamura & Jew;Stoel Rives LLP;(See above for address);Ahlers and Cooney, P.C.;Ahlers & Cooney, P.C.;Parker Milliken Clark O'Hara and Samuelian PC;Parker Milliken Clark O'Hara and Samuelian;Winston & Strawn/Chicago;Seale & Ross, APLC (Hammond);Hartline Dacus Barger Dreyer LLP;Shook, Hardy & Bacon L.L.P.;Shook Hardy Bacon LLP;Bartlit Beck LLP;Shook, Hardy and Bacon L.L.P.;McDermott Will & Emery LLP;Wilkinson Stekloff LLP;DLA Piper LLP (US);WILKINSON STEKLOFF LLP;Wachtell, Lipton, Rosen and Katz;Husch Blackwell LLP - Phoenix, AZ;Shook Hardy Bacon;STOEL RIVES;Shook Hardy & Bacon L.L.P.;Wooden & McLaughlin LLP - Ind/IN;Shook, Hardy Bacon L.L.P.;Shook, Hardy & Bacon L. L. P.;Shook Hardy Bacon |

| | | | L.L.P.;Winston & Strawn LLP;Seale & Ross (HAM);Dentons US LLP;Turner, Onderdonk, Kimbrough & Howell;Shook, Hardy and Bacon LLP;Arnold & Porter;Shook Hardy and Bacon LLP;Shook, Hardy and Bacon;SHOOK, HARDY LAW FIRM - KANSAS CITY;Bryan Cave Leighton Paisner LLP |
|---|---|---|---|
| Louisiana East Baton Rouge Parish District Court C646228 2/25/2016 12:00:00 AM | Christian F. Thonn Jr. v. American Sugar Refining Inc.; American Employers Insurance Company; American Motorists Insurance Company; Anco Insulations Inc.; Bayer Cropscience Inc.; Asbestos defendants<br><br>Judge: 26 | Asbestos. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron Budd |
| Harris County Harris County District Court 2016-07694 2/5/2016 12:00:00 AM | Ray Hanys individually and as personal representative of the heirs and estate of Rafael Hanys, deceased; Antonia Hanys v. Metropolitan Life Insurance Co., a New York company<br><br>Judge: Miller | Transfer and Asbestos. | P: Chad Cotten P. Lawyer Firm: Baron Budd PC |
| Louisiana East Baton Rouge Parish District Court C633882 9/29/2014 12:00:00 AM Baton Rouge | Albert L. Pfeiffer v. Amos Pollard; Anco Insulations Inc.; Aqua Chem Inc.; Bernard Lyons; Boland Machine and Manufacturing Company Inc.; Boland Marine and Manufacturing Company LLC; CertainTeed | Asbestos. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Corporation; Charles Lambert; Crane Co.; Crown Cork & Seal Company Inc.; Dana Corporation; Dixie Machinery Welding and Metal Works Inc.; Eagle Inc.; El Paso Energy EST Company; Epec Oil Company; Entergy Louisiana LLC; Foster Wheeler Energy Corporation; General Electric Company; Georgia-Pacific LLC; Ingersoll-Rand Company; Jacobs Constructors Inc.; Liberty Mutual Insurance Company; Lou-Con Inc.; OneBeacon Insurance Company; Owens-Illinois Inc.; Rawlin DeLaughter; Ray Brooks; Reilly-Benton Company Inc.; Riley Power Inc.; Arrowood Indemnity Company; Shell Chemical LP; Shell Oil Company; The McCarty Corporation; The Travelers Indemnity Company; The Travelers Insurance Company; Turner Industries Group LLC; Union Carbide Corporation; Zurn Industries LLC<br><br>Judge: 26 | | |
| Louisiana East Baton Rouge Parish District Court C632568 8/7/2014 12:00:00 AM Baton Rouge | Truvy Argrave v. Anco Insulations Inc.; Illinois Central Railroad Company; Owens Illinois Inc.; Reilly Benton Company Inc.; Arrowood Indemnity Company; Travelers Indemnity Company; Taylor Siedenbach Inc.; McCarty Corporation; Union Carbide Corporation; Globe | Asbestos. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | Indemnity; Employers Insurance Company of Wausau; Joe F. Lackie; Marion S. Sullivent; Robert N. Duncan; Thomas Barfield; Stanley J. Warburton; Billy Berg; JL Stevens; Larry Boudreaux; Allen J. Lockwood; Gloria C. Breaux; Zurn Industries LLC<br><br>Judge: 24 | | |
|---|---|---|---|
| New Orleans Orleans Parish District Court 2014-06711 7/10/2014 12:00:00 AM New Orleans | Reginald Jones v. American Employers Insurance Company; Amsted Industries Inc.; Huntington Ingalls Inc. fka Northrop Grumman Shipbuilding Inc. fka Avondale Industries Inc. fka Avondale Shipyards Inc.; OneBeacon America Insurance Company, as successor to Commercial Union Insurance Company; Employers Commercial Union Insurance Company; American Motorists Insurance; Bayer Cropscience Inc., as successor of liability to Rhone Poulenc AG Company fka AmChem Products Inc. fka Benjamin Foster Company; Eagle Inc. fka Eagle Asbestos & Packing Company Inc.; Hopeman Brothers Inc.; The McCarty Corporation, successor to McCarty Branton Inc. and McCarty Insulation Sales Inc.; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; General Electric Company; | Asbestos. | P: Christopher C. Colley P. Lawyer Firm: Baron <mark>& Budd</mark> |

| | | | |
|---|---|---|---|
| | CBS Corporation fka Westinghouse Electric Corporation; Maryland Casualty Company; Union Carbide Corporation<br><br>Judge: G | | |
| Louisiana East Baton Rouge Parish District Court C628889 3/10/2014 12:00:00 AM Baton Rouge | Lillie H. Brady; Jacqueline Carroll; Kimberly Williams individually and obo the decedent Joseph J. Brady v. The McCarty Corporation; American Sugar Refining Inc.; Anco Insulations Inc.; Boise Cascade Corporation; Cabot Corporation; Cargill Inc.; CertainTeed Corporation; OneBeacon Insurance Company; Crane Company; Eagle Inc.; Fort James Corporation; Foster Wheeler Energy Corporation; Georgia Pacific LLC; Owens Illinois Inc.; Pharmacia Corporation; Reilly Benton Company Inc.; Riley Chemical LP; Shell Oil Company; Sygenta Crop Protection; Taylor Siedenbach Inc.; Union Carbide Corporation; CBS Corporation; Wyeth Holdings Corporation; Zurn Industries Inc.; Pharmacia LLC; Darryl Foster; Kathleen Drew<br><br>Judge: 22 | Asbestos suit. | P: J. Buton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C627775 1/22/2014 12:00:00 AM | Irma Faye Jarreau; Michael Joseph Jarreau; Randal Curtis Jarreau; Dusty Monique Tullier individually and obo the decedent Joseph C. Jarreau Jr. v. | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| Baton Rouge | Anco Insulations Inc.; BASF Corporation; Eagle Inc.; El Paso Energy EST Company; Exxon Mobil Corporation; Georgia Pacific LLC; OneBeacon American Insurance Company; Reilly Benton Company Inc.; Riley Power Inc.; Shell Chemical LP; Shell Oil Company; Taylor Siedenbach Inc.; The Dow Chemical Company; McCarty Corporation; Union Carbide Corporation; Amos Pollard; Charles Lambert; Rawlin Delaughter; Ray Brooks; Travelers Indemnity Company; Zurn Industries LLC<br><br>Judge: 24 | | |
| New Orleans Orleans Parish District Court 2013-10777 11/18/2013 12:00:00 AM New Orleans | Frank G Desalvo v. Huntington Ingalls Inc.; American Employers Insurance Co.; American Motorists Insurance Co.; Bayer Cropscience Inc.; Albert Bossier; CBS Corp.;Cheveron Oronite Co. LLC; Eagle Inc.; Entergy Louisiana LLC; Foster Wheeler LLC; J Melton Foster; General Electric Co.; Hopeman Brothers Inc.; Lou-Con Inc.; Bernard Lyons; Onebeacon America Insurance Co.; Reilly-Benton Co. Inc.; Shell Chemical LP; Shell Oil Co.; Taylor-Seidenbach Inc.; The Maccarty Corp.; Union Carbide Corp.; Wyeth Holdings Corp.;<br><br>Judge: J | Asbestos complaint. Plaintiff was exposed to asbestos while working for defendants. | P: J Burton LeBlanc IV P. Lawyer Firm: Baron, Budd |

| | | | |
|---|---|---|---|
| New Orleans Orleans Parish District Court 2013-09542 10/8/2013 12:00:00 AM New Orleans | Glenn M. Coulon v. Huntington Ingalls Inc. fka Northrop Grumman Shipbuilding Inc. afka Avondale Industries Inc. fka Avondale Shipbuilding; Albert Bossier Jr.; J. Melton Garrett; OneBeacon America Insurance Company; American Employers Insurance; American Motorists Insurance; ANCO Insulations; Bayer CropScience; Eagle Inc.; Foster-Wheeler LLC; General Electric Company; Hopeman Brothers; The McCarty Corporation; Reilly-Benton Company; Reilly Power Inc.; Taylor-Seidenbach Inc.; CBS Corporation fka Westinghouse Electric Corporation; Rapid American Corporation; Maryland Casualty Company; Certainteed Corporation; Travelers Indemnity Company; Georgia Pacific LLC; Shell Oil Company; Shell Chemical LP; Entergy New Orleans; Entergy Louisiana; Entergy Gulf States; Chevron Oronite Company; Hess Corporation; Valentine LLC; Georgia Sugar Refining; Exxon Mobil Corporation; Orion Refining Corporation; BP Corporation North America Inc.; Texaco Inc.; Phillips Chemical Holding Company; ConocoPhillips Company; Crane Co.; Goulds Pumps | Asbestos. | P: J. Burton LeBlanc P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Inc.; Warren Pumps LLC; Union Carbide Corporation<br><br>Judge: L | | |
| New Orleans Orleans Parish District Court 2013-02791 3/21/2013 12:00:00 AM New Orleans | Michael J. Vaughn v. Huntington Ingalls Inc. fka Northrop Grumman Shipbuilding Inc. afka Avondale Industries Inc. fka Avondale Shipyards Inc.; Albert Bossier Jr.; J. Melton Garrett; OneBeacon America Insurance Company; Employers Commercial Union Insurance Company; American Employers Insurance Company; American Motorists Insurance Company; Anco Insulations Inc.; Bayer CropScience Inc., as successor to Rhone Poulenc AG Company fka AmChem Products Inc. fka Benjamin Foster Company; Eagle Inc. fka Eagle Asbestos & Packing Company Inc.; Foster-Wheeler LLC fka Foster-Wheeler Corporation; General Electric Company; Hopeman Brothers Inc.; The McCarty Corporation, successor to McCarty Insulation Sales; Reilly Benton Company; Riley Power Inc. fka Babcock Borsig Power Inc. fka DB Riley inc.; fka Riley Stoker Corporation; Taylor Seidenbach Inc.; CBS Corporation fka Westinghouse Electric Corporation; Rapid American Corporation; Maryland Casualty | Asbestos. | P: Christopher C. Colley P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Company; Certainteed Corporation; Travelers Indemnity Company; Georgia Pacific LLC; Murphy Oil Inc. fka Ingram Oil; Lummus Technology Inc.; McDermott Investments LLC; Bechtel Corporation; Sank Inc. fka Buck Kreihs Company; Peter Kiewit Sons Inc.; Shell Oil Company; Shell Chemical LP; Air Products & Chemicals Inc.; Entergy New Orleans; EI Dupont de Nemours and Company; Amax Metals Recovery Inc.; Union Carbide Corporation<br><br>Judge: C | | |
| Louisiana East Baton Rouge Parish District Court C616071 10/8/2012 12:00:00 AM Baton Rouge | Vernice White individually and obo the decedent Jerry White Sr.; Lisa Borne; Tammy Guardino; Donna Tillman; Jamie White; Jerry White Jr. individually and obo the decedent Jerry White Sr.<br>v.<br>Anco Insulations Inc.; Commercial Union Insurance Company; Eagle Inc.; The McCarty Corporation; Union Carbide Corporation; Crane Co.; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Crown Cork & Seal Company Inc.; Georgia Pacific LLC<br><br>Judge: 26 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C614164 | Jesse Jenkins<br>v.<br>Anco Insulations Inc.; Commercial Union Insurance Company; Eagle Inc.; The | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| 7/27/2012 12:00:00 AM Baton Rouge | McCarty Corporation; Union Carbide Corporation; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Crown Cork & Seal Company Inc.; Georgia Pacific LLC<br><br>Judge: 22 | | |
| Louisiana East Baton Rouge Parish District Court C61351 7/5/2012 12:00:00 AM Baton Rouge | George Harris Sr. v. Anco Insulations Inc.; Aqua Chem Inc.; Bituminous Fire & Marine Insurance Company; Certainteed Corporation; Crane Company; Crown Cork & Seal Company Inc.; Dana Companies LLC; Foster Wheeler Energy Corporation; General Electric Company; General Refractories Company; Georgia Pacific LLC; Ingersoll Rand Company; Jacob Constructors Inc.; Reilly Benton Company Inc.; Riley Power Inc.; Taylor Sidenbach Inc.; McCarty Corporation; Travelers Indemnity Company; Turner Industries Group LLC; Turner Industries LLC; Union Carbide Corporation; Zurn Industires LLC<br><br>Judge: D | Asbestos. | P: Lindsey Goldstein P. Lawyer Firm: Baron, Budd |
| Louisiana East Baton Rouge Parish District Court C612936 6/14/2012 12:00:00 AM Baton Rouge | Kathy Ramirez individually and obo decedent Russell Ramirez; Dirk Ramirez; Rhett Ramirez, individually and obo decedent Russell Ramirez v. Anco Insulations Inc; Bituminous Fire & Marine | Asbestos. | P: Lindsey Goldstein P. Lawyer Firm: Baron, Budd |

| | | | |
|---|---|---|---|
| | Insurance Company; Aqua Chem Inc.; CBS Corporation; Certainteed Corporation; Crance Co.; Dana Companies LLC; Eagle Inc.; Foster Wheeler Energy Corporation; General Electric Company; General Refractories Company; Georgia Pacific LLC; Ingersoll Rand Company; Liberty Mutual Insurance Company; Onebeacon American Insurance Company; Reilly Benton Company Inc.; Reilly Benton Company Inc.; Riley Power Inc.; Taylor Siedenbranch Inc.; McCarty Corporation; Travelers Indemnity Company; Union Carbide Corporation; Viacom Inc.; Zurn Industries LLC<br><br>Judge: 23 | | |
| Louisiana East Baton Rouge Parish District Court C612148 5/16/2012 12:00:00 AM Baton Rouge | Lynn Anderson; Bruce Gatlin; Geraldine Gatlin; Mark Gatlin; Mike Gatlin individually and obo the decedent Densmore Gatlin v. Anco Insulations Inc.; Aber Inc.; B & B Engineering and Supply Company of Louisiana Inc.; B & B Engineering and Supply Company Inc.; Bituminous Insurance Company; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty Corporation; Royal Indemnity Company; Travelers Indemnity Company; Travelers | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; Crown Cork & Seal Company Inc.; Georgia Pacific LLC<br><br>Judge: 27 | | |
| Louisiana East Baton Rouge Parish District Court C612092 5/15/2012 12:00:00 AM Baton Rouge | Alvin Heirsch v. Anco Insulations Inc.; B & B Engineering and Supply Company of Louisiana Inc.; B & B Engineering and Supply Company Inc.; Bituminous Insurance Company; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty Corporation; Travelers Indemnity Company; Travelers Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company<br><br>Judge: 23 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Dallas State Dallas County District Court 12-03873-F 4/6/2012 12:00:00 AM | Thomas Johnstone; Mary Johnstone v. A.W. Chesterton Co.; Aera Energy LLC; Amcord Inc.; American Standard Inc.; Atlantic Richfield Co.; Austin Energy Corp.; Cameron Solutions; | Products liability action where the plaintiff was exposed to asbestos in the defendants' equipment and/or products. | P: Denyse Claney, P. Lawyer Firm: Baron Budd |

| | | | |
|---|---|---|---|
| | Certainteed Corp.; Chevron U.S.A. Inc.; Clark Compressor Co.; Clayton Industries; CPS Energy Products Inc.; DAP Products Inc.; Exxon Mobil Corp.; ExxonMobil Biomedical Sciences Inc.; Flowserve US Inc.; Flowserve U.S. Inc.; Georgia-Pacific LLC; Halliburton Energy Services; Hanson Permanente Cement Inc.; Highland Stucco & Lime Products Inc.; ISI Americas Inc.; Ideal Basics Industries Inc.; Kaiser Gypsum Co. Inc.; KCAC Inc.; Kelly-Moore Paint Co. Inc.; Lyondell Chemical Co.; Merlex Stucco Inc.; Metropolitan Life Insurance Co. Inc.; Natco Oilfield Construction Inc.; Oil Field Construction Co. Inc.; National Oilwell Varco Inc.; National Oilwell Inc.; IRI International Co.; National Oilwell Varco Inc.; NRG Energy Inc.; Oakfabco Inc.; Occidental Chemical Corp.; Oil Field Construction Co. Inc.; Oilfield Construction Co.; Owens-Illinois Inc.; Parexlahabra Inc.; PCL Industrial Construction Co. et al | | |
| Louisiana East Baton Rouge Parish District Court C610164 3/13/2012 12:00:00 AM Baton Rouge | Ella Romantino individually and obo the decedent Albert Romantino v. Georgia-Pacific LLC; Anco Insulations Inc.; Commercial Union Insurance Company; The McCarty Corporation; Union Carbide Corporation; National Union Fire | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron <mark>& Budd</mark> |

| | | | |
|---|---|---|---|
| | Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Crown Cork & Seal Company Inc.; Georgia Pacific LLC<br><br>Judge: D | | |
| Louisiana East Baton Rouge Parish District Court C609986 3/7/2012 12:00:00 AM Baton Rouge | Blaine Garcich; Kim Garcich individually and obo the deceased John Garcich v. The McCarty Corporation; Aber Inc.; Anco Insulations Inc.; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; Royal Indemnity Company; Travelers Indemnity Company; Travelers Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; Georgia Pacific LLC<br><br>Judge: 22 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C609564 2/23/2012 12:00:00 AM Baton Rouge | Scott Dyess v. Anco Insulations Inc.; Commercial Union Insurance Company; The McCarty Corporation; Travelers Indemnity Company; Travelers Insurance Company; Union Carbide Corporation; National Union | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; Georgia Pacific LLC<br><br>Judge: 23 | | |
| Louisiana East Baton Rouge Parish District Court C607319 12/2/2011 12:00:00 AM Baton Rouge | Rose Cagle; Johnny Compton; Joy Duplessis individually and obo the deceased Jimmy Compton Sr.<br>v.<br>Anco Insulations Inc.; B & B Engineering and Supply Company of Louisiana Inc.; Bituminous Insurance Company; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty Corporation; Travelers Indemnity Company; Travelers Insurance Company; Westchester Fire Insurance Company; Zurich Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; George Pacific LLC<br><br>Judge: 25 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron <mark>& Budd</mark> |
| Louisiana East Baton Rouge Parish District Court C606193 | Paul Weaver<br>v.<br>Anco Insulations Inc.; Aqua Chem Inc.; CertainTeed Corporation; Commercial | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron <mark>& Budd</mark> |

| 10/20/2011 12:00:00 AM Baton Rouge | Union Insurance Company; Dana Corporation; Eagle Inc.; Foster Wheeler Energy Corporation; General Refractories Company; General Electric Company; Georgia Pacific LLC; Ingersoll Rand Company; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh; Owens Illinois Inc.; Rapid American Corporation; Reilly Benton Company Inc.; Riley Power Inc.; Taylor Siedenbach Inc.; McCarty Corporation; Travelers Indemnity Company; Union Carbide Corporation; Zurn Industries LLC

Judge: 27 | | |
| Louisiana East Baton Rouge Parish District Court C605725 10/3/2011 12:00:00 AM Baton Rouge | Samantha Broussard; Mary Clophus; Ronald Guillory; Timothy Guillory; Geneva Guillory-Coward; Elizabeth Rachel; Lemoiner Papillion; Catherine Papillion individually and obo the decedent Freddie Guillory v. Anco Insulations Inc.; Commercial Union Insurance Company; The McCarty Corporation; Travelers Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; The J. Graves | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron ==& Budd== |

| | | | |
|---|---|---|---|
| | Insulation Company; Crown Cork & Seal Company Inc.; George Pacific LLC<br><br>Judge: 26 | | |
| Louisiana East Baton Rouge Parish District Court C604960 9/7/2011 12:00:00 AM Baton Rouge | Adriane Hargrove as tutrix for Dyteon Simpson, Jarrett Blackmore, and the decedent Leon Hargrove<br>v.<br>Anco Insulations Inc.; Aqua Chem Inc.; CertainTeed Corporation; Commercial Union Insurance Company; Foster Wheeler Energy Corporation; General Electric Company; General Refractories Company; Georgia Pacific LLC; Ingersoll Rand Company; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh; Owens Illinois Inc.; Reilly Benton Company Inc.; Riley Power Inc.; Taylor Siedenbach Inc.; McCarty Corporation; Union Carbide Corporation; Zurn Industries LLC<br><br>Judge: 26 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C602311 6/2/2011 12:00:00 AM Baton Rouge | Louise Cornett; Alton Cornett; Trojuan Cornett; Paul Cornett; Barbara Martin individually and obo the decedent Alton Cornett<br>v.<br>The J. Graves Insulation Company Inc.; Anco Insulations Inc.; Commercial Union Insurance Company; The McCarty Corporation; Union Carbide Corporation; National Union Fire Insurance Company of | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Pittsburgh PA; Lexington Insurance Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; George Pacific LLC<br><br>Judge: 25 | | |
| Louisiana East Baton Rouge Parish District Court C601653 5/11/2011 12:00:00 AM Baton Rouge | David Fontenot; Earlene Fontenot; John Fontenot Jr.; Terry Fontenot; Danielle Lessard; Tammy Makke individually and obo the decedent John Fontenot Sr.; Betty McCarthy; Deanna Perkins; Kevin McCarthy individually and obo the decedent Dennis McCarthy v. Anco Insulations Inc.; Aber Inc.; B & B Engineering and Supply Company of Louisiana Inc.; Bituminous Insurance Company; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty Corporation; Royal Indemnity Company; Travelers Indemnity Company; Travelers Insurance Company; Westchester Fire Insurance Company; Zurich Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; The J. Graves Insulation Company; Georgia Pacific LLC | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | Judge: 22 | | |
|---|---|---|---|
| Louisiana East Baton Rouge Parish District Court C601553 5/11/2011 12:00:00 AM Baton Rouge | David Fontenot; Earlene Fontenot; John Fontenot Jr.; Terry Fontenot; Danielle Lessard; Tammy Makke individually and obo the decedent John Fontenot Sr.; Betty McCarthy; Deanna Perkins; Kevin McCarthy individually and obo the decedent Dennis McCarthy v. Anco Insulations Inc.; Aber Inc.; B & B Engineering and Supply Company of Louisiana Inc.; Bituminous Insurance Company; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty Corporation; Royal Indemnity Company; Travelers Indemnity Company; Travelers Insurance Company; Westchester Fire Insurance Company; Zurich Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; The J. Graves Insulation Company; Georgia Pacific LLC<br><br>Judge: 22 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court | Llevonne Holbrook; James Holbrook Jr.; Patrick Holbrook individually and obo behalf of the decedent | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| C601307 4/28/2011 12:00:00 AM Baton Rouge | James Holbrook Sr. v. Anco Insulations Inc.; CertainTeed Corporation; Commercial Union Insurance Company; Crane Company; Dana Corporation; Eagle Inc.; Foster Wheeler Energy Corporation; General Electric Company; General Refractories Company; Georgia Pacific LLC; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh; Owens Illinois Inc.; Rapid American Corporation; Rapid American Corporation; Reilly Benton Company Inc.; Riley Power Inc.; Taylor Siedenbach Inc.; McCarty Corporation; Zurn Industries LLC  Judge: 24 | | |
| Louisiana East Baton Rouge Parish District Court C600534 3/31/2011 12:00:00 AM Baton Rouge | Herman Simon v. Asbestos Companies; Anco Insulations Inc.; Commercial Union Insurance Company; The McCarty Corporation; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; Georgia Pacific LLC  Judge: 27 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton | Henry Castagnetta v. | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron |

| | | | |
|---|---|---|---|
| Rouge Parish District Court C600471 3/29/2011 12:00:00 AM Baton Rouge | Asbestos Companies; Anco Insulations Inc.; Aqua Chem Inc.; CertainTeed Corporation; Commercial Union Insurance Company; Crane Company; Dana Corporation; Eagle Inc.; Foster Wheeler Energy Corporation; General Refractories Company; George Pacific LLC; Ingersoll Rand Company; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh; Owens Illinois Inc.; Rapid American Corporation; Reilly Benton Company Inc.; Riley Power Inc.; Taylor Siedenbach Inc.; Riley Power Inc.; Taylor Siedenbach Inc.; McCarty Corporation; Union Carbide Corporation; Zurn Industries LLC<br><br>Judge: 26 | | <mark>& Budd</mark> |
| Louisiana East Baton Rouge Parish District Court C600300 3/23/2011 12:00:00 AM Baton Rouge | Albert Sheldon v. Asbestos Companies; Anco Insulations Inc.; Commercial Union Insurance Company; The McCarty Corporation; Union Carbide Corporation; National Union Fire Insurance of Pittsburgh PA; Lexington Insurance Company; Crane Company; Taylor-Seidenbach Inc.; Owens-Illinois Inc.; Georgia Pacific LLC<br><br>Judge: 24 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron <mark>& Budd</mark> |
| Louisiana East Baton Rouge Parish | Robert Riviere v. Anco Insulations Inc.; | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron <mark>& Budd</mark> |

| | | | |
|---|---|---|---|
| District Court C599973 3/10/2011 12:00:00 AM Baton Rouge | Cleaver Brooks Inc.; Commercial Union Insurance Company; Owens Illinois Inc.; Reilly Benton Company Inc.; McCarty Corporation; Union Carbide Corporation; Zurn Industries LLC; Westchester Fire Insurance Company; Zurich American Insurance Company; National Union Fire Insurance Company; Lexington Insurance Company<br><br>Judge: 22 | | |
| Louisiana East Baton Rouge Parish District Court C598881 1/31/2011 12:00:00 AM Baton Rouge | Charlene Lee; Todd Lee; Michele Weber individually and obo the decedent Ronald Lee Sr.<br>v.<br>Anco Insulations Inc.; Commercial Union Insurance Company; The McCarty Corporation; Eagle Inc.; Westchester Fire Insurance Company; Zurich Insurance Company; Taylor-Seidenbach Inc.; Reilly-Benton Company Inc.; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company<br><br>Judge: D | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C596576 11/12/2010 12:00:00 AM Baton Rouge | Welman Babin<br>v.<br>Anco Insulations Inc.; Aber Inc.; B & B Engineering and Supply Company of Louisiana Inc.; B & B Engineering and Supply Company Inc.; Bituminous Insurance Company; | Asbestos suit. (Previously reported with docket information only.) | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty Corporation; Newark Insurance Company; Royal Indemnity Company; Travelers Indemnity Company; Travelers Insurance Company; Westchester Fire Insurance Company; Zurich Insurance Company; Union Carbide Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Crane Company; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.<br><br>Judge: 24 | | |
| Louisiana East Baton Rouge Parish District Court C595369 9/20/2010 12:00:00 AM Baton Rouge | Robert Legendre; Marion Legendre v. Anco Insulations Inc.; Aber Inc.; Commercial Union Insurance Company; Eagle Inc.; Reilly-Benton Company Inc.; The McCarty Corporation; Royal Indemnity Company; Travelers Indemnity Company; Travelers Insurance Company; Westchester Fire Insurance Company; Zurich Insurance Company; Owens-Illinois Inc.; Union Carbide Corporation; Taylor-Seidenbach Inc.; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company | Asbestos suit. (Previously reported with docket information only.) | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

|  | Judge: 22 |  |  |
|---|---|---|---|
| Houston Federal USDC Southern District of Texas 3:10cv606 9/10/2010 12:00:00 AM Galveston | La Porte Independent School District v. Standard Fire Insurance Company | 88:8888 Other Statutory Actions | P: Kelly N Reddell P. Lawyer Firm: Baron Budd Pc D: Greg C Wilkins; Craig Russell Blackman; Heather Fritts D. Lawyer Firm: Orgain Bell & Tucker Llp; Stradley, Ronon, Stevens & Young, Llp |
| Houston Federal USDC Southern District of Texas 4:10-cv-03264 9/10/2010 12:00:00 AM Houston | La Porte Independent School District v. Standard Fire Insurance Company f/k/a Travelers Insurance Co. | Insurance contract dispute over flood damage caused by Hurricane Ike. | P: Kelly Reddell P. Lawyer Firm: Baron Budd (Dallas, TX) |
| Louisiana East Baton Rouge Parish District Court C593807 8/24/2010 12:00:00 AM Baton Rouge | Iola Huffstetler; Rhonda Hodge; Lisa Forbers; Jennifer Robertson individually and obo the decedent Guy Huffstetler v. Anco Insulations Inc.; Aber Company Inc.; Commercial Union Insurance Company; Liberty Mutual Insurance Company; The McCarty Corporation; Eagle Inc.; Newark Insurance Company; Royal Indemnity Company; Travelers Insurance Company; Westchester Fire Insurance Company; Zurich Insurance Company; Owens-Illinois Inc.; Crane Company; Crown Cork & Seal Company Inc.; Reilly-Benton Company Inc.; Union Carbide Corporation; National Union Fire | Asbestos suit. (Previously reported with docket information only.) | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Insurance Company of Pittsburgh PA; Lexington Insurance Company; B & B Engineering and Supply Company of Louisiana Inc.; Bituminous Insurance Company; Liberty Mutual Insurance Company; Travelers Indemnity Company<br><br>Judge: 22 | | |
| Louisiana East Baton Rouge Parish District Court C592340 7/7/2010 12:00:00 AM Baton Rouge | Raymond Farr Sr.<br>v.<br>Union Carbide Corporation; Anco Insulations Inc.; Eagle Inc.; McCarthy Corporation; Commercial Union Insurance Company; Royal Indemnity Company; Travelers Indemnity Company; Liberty Mutual Insurance Company; Bituminous Insurance Company; Travelers Indemnity Company; Riley Power Inc.; Owen Illinois Inc.; General Refractories Company; Zurn Industries LLC; Aqua Chem Inc.Crane Company; Ingersoll Rand Company; Dana Corporation; Certainteed Corporation; General Electric Company; Crown Cork & Seal Company; Reilly Benton Company Inc.; IMO Industries Inc.; Flowserve US Inc.; Warren Pumps Inc.; Boland Machine and Manufacturing Company; Gulf Engineering Company LLC; Mechanical Equipment Company Inc.; CBS Westinghouse of PA Inc.; Shell Oil Company; Shell Chemical LP; Terra | Asbestos suit. (Previously reported with docket information only.) | P: J. Barton LeBlanc IV P. Lawyer Firm: Baron <mark>& Budd</mark> |

| | | | |
|---|---|---|---|
| | Mississippi Nitrogen Inc.; Exxon Mobil Corporation; Texas Company; Olin Corporaiton<br><br>Judge: 26 | | |
| Greater Houston Chambers County District Court cv25636 5/28/2010 12:00:00 AM | Barbers Hill ISD v. Rockhill Insurance Company | Breach of insurance contract suit. | P: Bruce Steckler P. Lawyer Firm: Baron Budd (Dallas) |
| Louisiana East Baton Rouge Parish District Court C588856 3/26/2010 12:00:00 AM Baton Rouge | Ray James v. Anco Insulations Inc.; Aber Inc.; Commercial Union Insurance Company; Eagle Inc.; Reilly-Benton Company Inc.; The McCarty Corporation; Newark Insurance Company; Royal Indemnity Company; Travelers Indemnity Company; Travelers Insurance Company; Westchester Fire Insurance Company; Zurich Insurance Company; Owens-Illinois Inc.; Union Carbide Corporation; Taylor-Seidenbach Inc.; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company<br><br>Judge: 24 | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C588374 3/10/2010 12:00:00 AM | Sherri McCoy; Tammy Morgan; Mark Todd; Teer Todd individually and obo the decedent Franklin Todd v. Anco Insulations Inc.; Commercial Union Insurance | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron Budd |

| Baton Rouge | Company; Liberty Mutual Insurance Company; The McCarty Corporation; Riley Power Inc.; Certainteed Corporation; Newark Insurance Company; Royal Indemnity Company; Travelers Indemnity Company; Westchester Fire Insurance Company; Zurich Insurance Company; Owen-Illinois Inc.; Crane Company; Ingersoll-Rand Company; Zurn Industries LLC; Aqua-Chem Inc.; The J. Graves Insulation Company Inc.; General Electric Company; Crown Cork and Seal Company Inc.; Union Carbide Corporation; General Refractories Company; Dana Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Reilly-Benton Company Inc.; Universal Oil Products Company

Judge: 26 | | |
|---|---|---|---|
| Harris County Harris County District Court 2010-06377 1/29/2010 12:00:00 AM | Fairbanks Business Park Limited v. Hanover Lloyds Insurance Company; Certain Underwriters at Lloyds London; S and S Claims Service Inc. | Insurance contract dispute over commercial property damage caused by Hurricane Ike. | P: Bruce Steckler P. Lawyer Firm: Baron Budd (Dallas, TX) |
| Louisiana East Baton Rouge Parish District Court C586213 1/7/2010 12:00:00 AM | Levander Shavers; Dougals McCastle v. Anco Insulations Inc.; Commercial Union Insurance Company; Liberty Mutual Insurance Company; The | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| Baton Rouge | McCarty Corporation; Riley Power Inc.; Certainteed Corporation; Newark Insurance Company; Royal Indemnity Company; Travelers Indemnity Company; Westchester Fire Insurance Company; Zurich Insurance Company; Owen-Illinois Inc.; Crane Company; Ingersoll-Rand Company; Zurn Industries LLC; Aqua-Chem Inc.; The J, Graves Insulation Company Inc.; Garlock Sealing Technologies LLC; Crown Cork & Seal Company Inc.; Union Carbide Corporation; General Refactories Company; Dana Corporation; National Union Fire Insurance Company of Pittsburgh PA; Lexington Insurance Company; Reilly-Benton Company; Entergy Louisiana LLC; Citgo Petroleum Corporation; Oxy USA Inc.; Bridgestone Americas Tire Operations LLC; CononcoPhilips Company; Continental Oil Company<br><br>Judge: 24 | | |
| Louisiana East Baton Rouge Parish District Court C583563 10/15/2009 12:00:00 AM Baton Rouge | Clay Marquette; Amy Marquette; Rebecca Dumas; Stacy Hilbun; Kacie Parault individually and obo the decedent Al Marquette v. Anco Insulations Inc.; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Corporation; Reilly-Benton Company Inc.; Riley Power Inc.; The Travelers Insurance Company; Union Carbide Company; The Home Insurance Company; Bituminous Insurance Company; Newark Insurance Company; Royal Indemnity Company; Westchester Fire Insurance Company; Zurich Insurance Company; Owens-Illinois Inc.; Crane Company; Ingersoll-Rand Company; General Refractories Company; Zurn Industries LLC; Dana Corporation; Aqua-Chem Inc.; Certainteed Corporation; Gabler Insulations Inc.; Turner Industries LLC; Jacobs Constructors Inc.; Bechtel Power Corporation; Entergy Gulf States Louisiana LLC; E.I Du Pont De Nemours and Company; Exxon Mobil Corporation; The Dow Chemical Company; Texaco Inc.; The Texas Company; Mosaic Fertilizer LLC; Mosaic Phosphates Company; Mosaic Global Operations Inc.<br><br>Judge: 27 | | |
| Louisiana East Baton Rouge Parish District Court C583312 10/8/2009 12:00:00 AM Baton Rouge | Vincent Vacarro v. The McCarty Corporation; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; Reilly-Benton Company Inc.; Riley Power Inc.; The Travelers Insurance Company; Union Carbide | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | Corporation; The Home Insurance Company; Bituminous Insurance Company; Newark Insurance Company; Royal Indemnity Company; Travelers Indemnity Company; Westchester Fire Insurance Company; Zurich Insurance Company; Owens-Illinois Inc.; Crane Company; Ingersoll-Rand Company; General Refactories Company; Zurn Industries LLC; Dana Corporation; Aqua-Chem Inc.; Certainteed Corporation; Gabler Insulations Inc.; Entergy Louisiana LLC; EI Du Pont De Nemours and Company; Wyeth Holdings Corporation; Pharmacia Corporation; The Dow Chemical Company; Shell Oil Company; Shell Chemical LP; Honeywell International Inc.; The Maremont Corporation; Pneuma Abex Corporation; Ford Motor Company; Old CarCo LLC; General Motors Company; Motors Liquidation Company; and all others<br><br>Judge: 27 | | |
|---|---|---|---|
| Louisiana East Baton Rouge Parish District Court C581697 8/21/2009 12:00:00 AM Baton Rouge | Cecile Robin; Alvin Robin; Michael Robin; Madeleine Falgout; Sandra Cavanaugh individually and obo of the decedent Alvin Robin v. American Motorist Insurance Company; Commercial Union Insurance Company; Eagle Inc.; Highland | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron <mark>& Budd</mark> |

| | | | |
|---|---|---|---|
| | Insurance Company; Steven Kennedy; The McCarty Corporation; Northrop Grumman Ship Systems Inc.; Reilly-Benton Company Inc.; Taylor-Seidenbach Inc.; Travelers Insurance Company<br><br>Judge: 26 | | |
| Louisiana East Baton Rouge Parish District Court C581069 8/5/2009 12:00:00 AM Baton Rouge | Richard Callaway v. Anco Insulations Inc.; Commercial Union Insurance Company; Eagle Inc.; Liberty Mutual Insurance Company; The McCarty Corporation; Reilly-Benton Company Inc.; Riley Power Inc.; The Travelers Insurance Company; Air Products & Chemicals Inc; Wyeth Holdings Corporation; Celanese Corporation; Chevron Oronite Company LLC; Cos-Mar Company; El Paso Energy International Company; Entergy Louisiana Inc.; Entergy New Orleans Inc.; Exxon Mobil Corporation; Hexion Specialty Chemicals Inc.; Honeywell International Inc.; Murphy Oil USA Inc.; Occidental Chemical Corporation; Pharmacia Corporation; Savannah Foods Industrial Inc.; Shell Oil Company; Union Carbide Corporation; The Home Insurance Company; Bituminous Insurance Company; Newark Insurance Company; Royal Indemnity Company; Westchester Fire Insurance Company; | Asbestos suit. | P: J. Burton LeBlanc IV P. Lawyer Firm: Baron & Budd |

| | | | |
|---|---|---|---|
| | Travelers Indemnity Company; Zurich Insurance Company; Ray Brooks<br><br>Judge: 22 | | |
| Louisiana East Baton Rouge Parish District Court C569093 7/24/2008 12:00:00 AM Baton Rouge | Abbie Willis<br>v.<br>Anco Insulations Inc.; Bechtel Corporation; Commercial Union Insurance Company; Dorr-Oliver Incorporated; Eagle Inc.; Henley/MWK Holding inc.; Jacobs Constructors Inc.; The McCarty Corporation; Reilly-Benton Company Inc.<br><br>Judge: 24 | Asbestos suit. | P: Cameron Waddell<br>P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C568875 7/16/2008 12:00:00 AM Baton Rouge | Thomas Hood Sr.<br>v.<br>Anco Insulations Inc.; Certainteed Corporation; Commercial Union Insurance Company; Dow Chemical Company; Eagle Inc.; Entergy Louisiana Inc.; Ethyl Corporation; Exxon Mobil Corporation; Henley/MWK Holding Inc.; Hexion Specialty Chemicals Inc.; Honeywell International Inc.; Jacobs Constructors Inc.; Louis' Mechanical Contractors Inc.; The McCarty Corporation; Reilly-Benton Company Inc.; Rubicon Chemicals Inc.; John F. Sanchez Plumbing Company Inc.; Stone & Webster Engineering Corporation; Texaco Inc.; Turner Industries LLC;<br><br>Judge: 26 | Asbestos suit. | P: Cameron Waddell<br>P. Lawyer Firm: Baron & Budd |
| Louisiana | James Hunt; Suzanna Hunt | Car collision. | P: Jody Anderman |

| | | | |
|---|---|---|---|
| East Baton Rouge Parish District Court C568642 7/9/2008 12:00:00 AM Baton Rouge | v. Capital City Press; Travelers Insurance Company; Donald Profit<br><br>Judge: D | | P. Lawyer Firm: Baron & Budd |
| Louisiana East Baton Rouge Parish District Court C567780 6/12/2008 12:00:00 AM Baton Rouge | Floyd Sharp Sr. v. Anco Insulations Inc.; Commercial Union Insurance Company; Exxon Mobil Corporation; Jacobs Contractors Inc.; The McCarty Corporation; Turner Industries LLC<br><br>Judge: D | Asbestos. | P: Cameron Waddell P. Lawyer Firm: Baron & Budd |
| Dallas State Dallas County District Court 07-01906-G 3/2/2007 12:00:00 AM | Lillian Hipp, representative of the heirs and estate of Billy Hill v. Georgia-Pacific Corp.; Metropolitan Life Insurance Co. Inc.; Foster Wheeler Energy Corp.; Kelly-Moore Paint Co. Inc.; Cleaver-Brooks Inc.; Rapid American Corp.; General Refractories Co.; Certainteed Corp.; Owens-Illinois Inc.; Zurn Industries Inc.; Garlock Sealing Technologies LLC; Ametek Inc.; Champlain Cable Corp.; Hercules Inc.; Riley Power Inc.; Union Carbide Corp.; General Electric Co.; T.H. Agriculture & Nutrition LLC; Kaiser Gypsum Co. Inc.; Hanson Permanente Cement Inc.; Murco Wall Products Inc.; Bondex International Inc.; RPM Inc.; ABF Freight Systems Inc.; Jones-Blair Co.; Merchants | Products liability, negligence, conspiracy and wrongful death actions where the plaintiff was exposed to asbestos in the defendants' products and equipment. | P: John Spillane, P. Lawyer Firm: Baron Budd |

| | Fast Motor Lines Inc.; Fedex Freight East Inc.; Crane Co.; Ingersoll-Rand Co. | | |
|---|---|---|---|
| Houston Federal USDC Southern District of Texas C-06-231 6/2/2006 12:00:00 AM Corpus Christi | John Pace v. Granite State Insurance Company; Granite State Insurance Company incorrectly identified as American International Group, Inc. | Removal of breach of contract claim for $432,000. | P: John Pace P. Lawyer Firm: Baron ==Budd== (Dallas) D: Audrey Juranek D. Lawyer Firm: Brown Sims (Houston) |
| Dallas State Dallas County District Court 06-2454-M 3/9/2006 12:00:00 AM | Carmen Trujillo et al v. Georgia-Pacific Corp.; Metropolitan Life Insurance Co.; Foster Wheeler North America Corp.; Kelly-Moore Paint Co. Inc.; Aqua-Chem Inc.; Rapid American Corp.; General Refractories Co.; Certainteed Corp.; Owens-Illinois Inc.; Zurn Industries Inc.; Garlock Sealing Technologies LLC; Ametek Inc.; Champlain Cable Corp.; Hercules Inc.; Riley Power Inc.; Union Carbide Corp.; Dana Corp.; General Electric Co.; Crown Cork & Seal Co. Inc.; 3M Co.; Guard-Line Inc.; Kaiser Gypsum Co. Inc.; Kaiser Cement Corp.; Hanson Permanente Cement Inc.; Crane Co.; Ingersoll-Rand Co.; T.H. Agriculture & Nutrition LLC; Philips Electronics North America Corp.; Murco Wall Products Inc.; Bondex International Inc.; RPM Inc. | Products liability, negligence, misrepresentation, conspiracy, aiding and abetting actions where the plaintiff died after being exposed to asbestos in the defendants' products and equipment. | P: William Tapscott, P. Lawyer Firm: Baron ==Budd== |
| San Antonio Bexar County District Court | Rudolph Santos v. Georgia-Pacific Corp.; | Liability and personal injury action. While | P: William Tapscott Jr. P. Lawyer Firm: Baron ==Budd== |

| | | | |
|---|---|---|---|
| 2005CI17814 11/8/2005 12:00:00 AM | Metropolitan Life Insurance Co.; Foster Wheeler North America Corp.; Kelly-Moore Paint Co. Inc. | employed by defendant, plaintiff was required to be exposed to asbestos and asbestos-containing equipment. As a result, plaintiff has suffered injuries. | |
| Dallas State Dallas County District Court 05-10766-J 10/20/2005 12:00:00 AM | Patrick Fairchild v. Georgia-Pacific Corp.; Metropolitan Life Insurance Co.; Foster Wheeler North America Corp.; Aqua-Chem Inc.; General Refractories Co.; Certainteed Corp.; Owens-Illinois Inc.; Zurn Industries Inc.; Garlock Sealing Technologies LLC; Ametek Inc.; Champlain Cable Corp.; Hercules Inc.; Riley Power Inc.; Union Carbide Corp.; Dana Corp.; General Electric Co.; Crown Cork & Seal Co. Inc.; 3M Co.; Crane Co.; Sepco Corp.; American Standard Inc.; Oakfabco Inc.; Viacom Inc.; Ingersoll-Rand Co. | Products liability and negligence action where the plaintiff was exposed to asbestos in the defendants' products and equipment. | P: William Tapscott, P. Lawyer Firm: Baron Budd |
| San Antonio Bexar County District Court 2005CI16338 10/12/2005 12:00:00 AM | Robert Webb v. Georgia-Pacific Corp.; Metropolitan Life Insurance Co.; Foster Wheeler North America Corp.; Kelly-Moore Paint Co. Inc.; Aqua-Chem Inc.; Rapid American Corp.; General Refractories Co.; Certainteed Corp.; Owens-Illinois Inc.; Zurn Industries Inc.; Garlock Sealing Technologies LLC; Ametek Inc.; Champlain Cable Corp. | Liability action. For many years, plaintiff worked with and was exposed to asbestos-containing products and machinery manufactured and sold by defendants. Defendants did not adequately | P: William Tapscott Jr. P. Lawyer Firm: Baron Budd |

| | | warn plaintiff of the dangers of asbestos, nor did its products have warnings on them. As a result of defendants' carelessness, plaintiff suffers from health-related problems. | |
|---|---|---|---|
| Greater Houston Brazoria County District Court 30525 9/13/2004 12:00:00 AM | Robert Wilmoth v. Metropolitan Life Insurance Company; Foster Wheeler Energy Corporation; et al. | Asbestos damages case. | P: William Tapscott P. Lawyer Firm: Baron Budd (Dallas) |
| Greater Houston Galveston County District Court 04cv1011 9/9/2004 12:00:00 AM | Sidney Collins v. Metropolitan Life Insurance Company; Foster Wheeler Energy Corporation; Georgia Pacific Corporation; Kelly Moore Paint Company Inc.; Aqua Chem Inc.; Rapid American Corporation; General Refractories Corporation; Certainteed Corporation; Owens -Illinois Inc.; Zurn Industries; Garlock Sealing Technologies LLC; Ametek Inc.; Champlain Cable Corporation; Riley Power Inc.; Union Carbide Corporation; Dana Corporation; American Oil Company; Amoco Chemical Company; Gulf Oil Corporation; Chevron USA Inc. | Asbestos damages case in which the defendants operated so that the plaintiff was exposed to asbestos fibers that have caused him an asbestos-related condition. | P: Melissa Hutts P. Lawyer Firm: Baron Budd (Dallas) |
| San Antonio Bexar County District Court | Florentino Davila; Jose Garcia v. | Damages action. Plaintiffs, while working for the | P: Mary Skelnik P. Lawyer Firm: Baron Budd |

| 2003CI07185 5/13/2003 12:00:00 AM | Quigley Co., Inc.; Metropolitan Life Insurance Co.; Foster Wheeler Energy Corp.; Proko Industries, Inc.; Muralo Co., Inc.; Georgia-Pacific Corp.; The Flintkote Co.; Kelly-Moore Paint Co., Inc.; Aqua-Chem, Inc.; Rapid-American Corp.; General Refractories Co.; AstenJohnson, Inc.; Certainteed Corp.; Kellog, Brown & Root, Inc.; Dresser Industries, Inc.; Owens-Illinois, Inc.; Zurn Industries, Inc.; Garlock Sealing Technologies L.L.C.; Ametek, Inc.; Champlain Cable Co.; Babcock Borsig Power, Inc.; Union Carbide Corp.; Mid-Valley, Inc.; Dana Corp. | defendants, were exposed for many years to asbestos and asbestos-containing products or machinery. | |