TIMOTHY E. CARY, SBN 093608
CaryT@StutmanLaw.com
DANIEL HOGAN, ESQ
HoganD@StutmanLaw.com (*seeking pro hac vice admission*)
**LAW OFFICES OF ROBERT A. STUTMAN, P.C.**
1260 Corona Pointe Court, Suite 306
Corona, California 92879
Telephone: (951) 387-4700 / Facsimile: (951) 963-1298

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In re: KIA and HYUNDAI IMMOBILIZER PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | CASE NO. 8:22-ml-03052-JVS-KES<br><br>**RESPONSE TO APPLICATION FOR APPOINTMENT OF COUNSEL OF ELLIOTT R. FELDMAN AND NATHAN DOOLEY TO CHAIR SUBROGATION INSURANCE CLASS ACTION SUBCOMMITTEE, AND APPLICATION TO APPOINT TIMOTHY E. CARY, ESQ. AND DANIEL HOGAN, ESQ. TO A SUBROGATION SUBCOMMITTEE** |

Plaintiffs in Case No. 8:23-cv-00792 (hereinafter, the "Subrogation Plaintiffs"), hereby respond to the Application for Appointment of Counsel filed by Elliott R. Feldman and Nathan Dooley of Cozen O'Connor in the instant MDL. (ECF 85). The Subrogation Plaintiffs are not represented by Cozen O'Connor and do not wish to be included within the class action lawsuit. Instead, Subrogation Plaintiffs request that the Court establish an Insurance Subrogation Track and Subrogation Committee for this MDL so that they can litigate their claims independently without any class-related issues, while coordinating with the other MDL plaintiffs as

necessary for the sake of efficiency and judicial economy.

## BACKGROUND

This MDL includes a number of individual and class action lawsuits alleging that Defendants, Kia America, Inc. ("KA"), Kia Motor Corporation ("KC"), Hyundai Motor Company ("HMC") and Hyundai Motor America ("HMA") knowingly and improperly sold various automobiles (referred to herein as "Vehicles")[1] without any reasonable antitheft feature or design element that would prevent the Vehicles from being easily stolen.[2] The absence of any such feature or design element violated Federal Motor Vehicle Safety Standard No. 114, made the Vehicles highly susceptible to theft, and resulted in multitudes of stolen Vehicles and corresponding damages to consumers, insurers and others.

Plaintiffs in the consumer class actions included within this MDL (i.e., the "Consumer Plaintiffs") seek damages on behalf of individual Vehicle owners and lessees related to the consumers' overpayment for the purchase of the Vehicles; the diminution of value of Vehicles that have not yet been stolen; and consumers' deductibles and other uninsured losses. (*See* ECF 92, at pp. 3-4) Public Nuisance actions filed against Defendants by two governmental entities, the Cities of Seattle and Columbus, have also been transferred to the MDL. (*Id.*) Further, several subrogated insurers filed a putative class action lawsuit seeking to represent all subrogated insurers that paid insurance claims associated with stolen or damaged Vehicles. *See, State Automobile Mutual Ins. Co., et al v. Hyundai Motor America, et al.,* Case No. 8:23-cv-00443 (C.D. Cal. Mar. 10, 2023) (hereinafter, the "Insurance

---

[1] The Vehicles (which are referred to as "Class Vehicles" in the Consolidated Complaint filed by the Consumer Class Plaintiffs) are: "all 2011-2022 Kia vehicles or 2011-2022 Hyundai vehicles which do not contain an engine immobilizer." (*See* ECF 84, at footnote 4; *see also* Case No. 8:23-cv-00792, ECF 1, at ¶ 2).

[2] The design flaws which made the Vehicles highly susceptible to being stolen, including the lack of engine immobilizers, are defined as the "Theft Prone Defect" in the Consolidated Complaint and the Non-Class Insurance Plaintiffs' Complaint. (ECF 84, at ¶¶ 7-8; *see also* Case No. 8:23-cv-00792, ECF 1, at ¶ 4).

Class Action"). Finally, the Subrogation Plaintiffs filed a separate lawsuit against Defendants to recover damages for their subrogation claims related to the Vehicles. (Case No. 8:23-cv-00792, ECF 1) The Insurance Class Action and the lawsuit filed by the Subrogation Plaintiffs have now been transferred to the MDL.

Prior to the filing of the Insurance Class Action, this Court issued "Order No. 2: Adoption of Organization Plan and Appointment of Counsel" to address the leadership structure of the different categories of plaintiffs included within the MDL. (ECF 50). By that Order, the Court organized the various plaintiffs' counsel into four committees: (1) the Consumer Class Action Leadership Committee ("Consumer Leadership Committee"); (2) a Governmental Entities Committee; (3) a Fact Discovery Committee; and (4) an Expert Discovery Committee. The Court further stated that it would review the leadership structure as the docket proceeds and make changes as warranted. (ECF 50).

On April 12, 2023, the Insurance Class Action Plaintiffs filed a motion objecting to the MDL Case Management Order; requesting creation of a "Subrogation Committee" for the MDL along with an appointment of its attorneys to the proposed Subrogation Committee and Consumer Leadership Committee. (ECF 85). The Consumer Leadership Committee filed a response to the motion on April 24, 2023. (ECF 92). In their response, the Consumer Leadership Committee requested, among other things, that the Court establish an Insurance Subrogation Track and a Subrogation Committee. For the reasons that follow, the Subrogation Plaintiffs agree with this proposed course, and further request that Timothy E. Cary, Esq. and Daniel Hogan, Esq. (*pro hac vice* motion pending) be named to any Subrogation Committee that the Court ultimately creates.

## ARGUMENT

**1. The Subrogation Plaintiffs Do Not Wish to Participate in Any Class Action.**

The Subrogation Plaintiffs currently consist of 39 individual insurance

companies which collectively assert numerous subrogation claims arising out of damages they have incurred as a result of stolen and/or damaged Vehicles. These claims are distinct and separate from the claims asserted by the Consumer Plaintiffs, who seek to recover for only uninsured losses (such as improperly inflated purchase prices, diminution in Vehicle value and out-of-pocket deductibles). For this reason, the Subrogation Plaintiffs' damage claims do not overlap with the claims asserted in the consumer class actions. Hence, they do not seek to participate in the consumer class actions as they do not adequately represent their interests.

Moreover, the Subrogation Plaintiffs do not wish to participate in the putative Insurance Class Action, which involves class-specific issues that do not apply to the Subrogation Plaintiffs. As indicated, the Subrogation Plaintiffs include multiple sophisticated insurance companies as well as millions of dollars in related damages. The Subrogation Plaintiffs have longstanding relationships and confidence in their own legal counsel and do not seek to have their claims litigated by putative class plaintiffs or their counsel. To the extent any class is certified which seeks to include subrogation claims, the Subrogation Plaintiffs intend to opt out of that class and will continue pursuit of their own claims led by their selected legal counsel at Stutman Law.

**2. Timothy E. Cary and Daniel Hogan Should be Appointed to a Subrogation Committee.**

Despite their wish to litigate their subrogation claims outside the confines of any class action, the instant lawsuit filed by the Subrogation Plaintiffs involves the same Theft Prone Defect allegations as the other actions transferred to this MDL, and the coordination of discovery and other litigation tasks with the other plaintiffs involved in the MDL will be efficient and economical. Accordingly, the Subrogation Plaintiffs concur with the Consumer Leadership Committee's request that an Insurance Subrogation Track and Subrogation Committee be created to facilitate that

coordination.³ The creation of an Insurance Track and Subrogation Committee would be consistent with the Court's original organization plan which created a separate track and sub-committee to differentiate the interests of governmental entities from the Consumer Plaintiffs, as well as the Court's representation that it would review and modify the leadership structure as additional litigations were transferred to the MDL. (ECF 50).

In addition to requesting that an Insurance Track and Subrogation Committee be created, the Subrogation Plaintiffs also specifically request that their counsel from Stutman Law, Timothy E. Cary and Daniel Hogan⁴, be named to any Subrogation Committee that is created so that they may represent the interests of subrogated insurers that will not involve any class-related issue. Attorneys Cary and Hogan are well qualified for appointment to any such committee based on the Court's criteria as set forth in the Court's December 21, 2022 Initial Conference Order. (ECF 2, p. 3).⁵ Attorneys Cary and Hogan each have decades of experience representing subrogated insurance carriers in complicated mass tort litigations in state and federal courts across the country. Their mass tort experience involves spear-heading product liability / defect cases and wildfire litigations, among other things. They have both litigated mass tort actions in the past on behalf of a large number of insurance carriers, including but not limited to the Subrogation Plaintiffs herein. They understand the

---

³ As pointed out by the Consumer Leadership Committee, other courts have utilized an insurance subrogation track in similar circumstances. *See, In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 945 (N.D. Ill. 2016) (defective product MDL involving consumers and subrogation plaintiffs, where subrogation plaintiffs were not party to the consumer complaint). (ECF 92, at fn. 4).

⁴ Upon receipt of certificates of good standing, Mr. Hogan will be filing a motion for pro hac vice admission.

⁵ In the Initial Conference Order, the Court stated that the criteria for appointing attorneys to leadership roles in this MDL are the respective attorneys': "(1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute." (ECF 2, p. 3).

time and resources necessary to effectively litigate product defect claims in MDLs in federal court and are prepared to do so in this case. A declaration by Attorneys Cary and Hogan regarding their relevant experience and qualifications to serve on a Subrogation Committee in this MDL is attached hereto as **Exhibit 1.**

In addition to the personal qualifications, skills and experience of Attorneys Cary and Hogan, it should be noted that both Attorneys Cary and Hogan have been employed by Stutman Law for decades, and Stutman Law itself is a longstanding, successful insurance subrogation firm. Stutman Law employs 30 attorneys, in addition to experienced and competent support personnel who will provide a wealth of resources available to assist Attorneys Cary and Hogan should their application to serve on a Subrogation Committee be granted.

## CONCLUSION

The Subrogation Plaintiffs wish to pursue their own claims, outside the confines of any class action litigation, and with the guidance of and representation by their own legal counsel. This course is appropriate and may be easily facilitated within this MDL by the creation of an Insurance Subrogation Track and a Subrogation Committee, with Timothy E. Cary and Daniel Hogan appointed to serve on the Subrogation Committee.

DATED: May 15, 2023     Respectfully Submitted,

By: _____
Timothy E. Cary, Esq.
Daniel Hogan, Esq. *(seeking phv admission)*
LAW OFFICES OF ROBERT A. STUTMAN, P.C.
Attorney for Plaintiffs