# EXHIBIT 2

Electronically Filed by Superior Court of California, County of Orange, 03/06/2023 02:23:48 PM.
30-2023-01306793-CU-PL-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Tran, Deputy Clerk.
#:2978

Jonathan A. Michaels, Esq. (CA SBN 180455)
jmichaels@defectattorney.com
Robert B. Smith, Esq. (CA SBN 250328)
bsmith@defectattorney.com
Matthew Van Fleet, Esq. (CA SBN 227338)
mvanfleet@defectattorney.com
**MLG ATTORNEYS AT LAW, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908

Attorneys for Plaintiffs

Assigned for all purposes:
Judge William Claster
Dept. CX104

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

BRITTNEY SANDERS; JANELLE POPKEN; BONNY NASIMI; JENNIFER ANDERSON; BAYRON ORTIZ; CEKIA WILSON; TERRA SNOVER; KRISHNAPRASAD CHANDRASEKHARAN; ASHLEY DELGADO; SAPPHIRE JAECKEL; JOLENE SCHRADER; JONAS DOMKUS; PARISA AGHAEI; FE HUGO; DANNAY MCDANIELS; ENRIQUE REYES; JOSHUA VEGA; WILLIAM RICHARD MARTINEZ; JOSE MEDINA; JENNIFER PORTER; GILBERTO VELASCO; KALAYSIA EVANS; RACHEL MARQUEZ; KATHERINE BURBA; JANINA GATHER; MEGAN RANGER; TERESA HERNANDEZ; ADRIA ANTOINE; KIMBERLY RODRIGUEZ; RAYMOND EARL BAKER JR.; JOSEPH MEDINA; MONICA ALFARO; DANIEL PLACENTI; LINDSEY MATTHEWS; VICTORIA TSANG; JORGE LIRA; JORGE GONZALES; THOMAS JARAMILLO; ERICA SANDERS; LISSETTE SALAZAR; JASON ROSENTHAL; HILDA MACIEL-RUIZ; FRANCISCO SANCHEZ; JASMINE GERGIS; GREGORY SADOWSKI; PATTI CHORN; CIARA CUEVAS-FELIX; KIWON KIM; MILDRED REESE; GLINNIS STURDIVANT; BRANDON KHANH LUU; HOA KAING; AZJENNAE FRAZIER; FINA PAYTON;

Case No. 30-2023-01306793-CU-PL-CXC

**COMPLAINT FOR:**

1.  **CONSUMER LEGAL REMEDIES ACT*;***

2.  **STRICT LIABILITY – DESIGN DEFECT;**

3.  **GROSS NEGLIGENCE;**

4.  **GROSS NEGLIGENCE – FAILURE TO RECALL;**

5.  **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY.**

<u>UNLIMITED CIVIL ACTION</u>

1

ANGELICA MARIN; MARIA OCHOA; CRISTIAN RODRIGUEZ; MYTIANA MITCHELL; VALERIE BARNES; BLANCA IBARRA; DORELYN CARREON; DAMON WHITE; CLAUDIA BARRAGAN; JOEL SALAS; JOSEPH RIVERA; LINDA SOBEL; COURTNEY HALL; CESAR GARCIA; JUAN NATHANIEL; CAROLINA FRANCO; ALBERT RIVERA; ALEXIS HINDSON-MORAZA; BRIAN VINEYARD; APRIL JASMIN MARTINEZ; JACKELINNE MOLINA; ARVIN PATEL; ERICA GALVAN; ROBERT ROBERTSON; BLANCA RUIZ; EARL SMITH; AALIYAH BERRY; ASIA MORRIS; ORLANDO GARCIA; KEVIN BOULT; GAYRETTA MCCLENDON; MICHAEL CAMPAGNA; MILLER KEITH MALONE; OLIVIA CHAVIRA; ALEXA RAMIREZ; ANGELA CARTER; JAMES CLARK FRANZMAN; MURPHY GUIDICE; MARCOS BARAJAS; JOANNE SHACK; CHERYL WESTBROOK; LISA PAYNE; CHRISTINA BELL; GABRIEL MONTOYA; KAREN DRANEY; EDWARD WHITE; MARCOS RIVERA; BRYCE HOWELL; SEAN GARCIA; SHENESIA GLADNEY; JOHANNA MELCHOR; SHARON GRAF; HOPE CAIN; SILVIA ESTRADA; ALEXANDER ANDERSON; ALEXANDRA LOPEZ;  ROSA MORENO AGUILAR; AMIEE KIM; GILMORE AUGUSTUS; ANTOINETTE CURRY; SERENA GUTIERREZ; ERIC SVIATEK.

Plaintiffs,

v.

KIA AMERICA, INC., a California corporation; and HYUNDAI MOTOR AMERICA, a California corporation, and DOES 1 through 100, inclusive,

Defendants.

**-JURY TRIAL DEMANDED-**

CIVIL COMPLAINT – MASS TORT AND JURY DEMAND

## **NATURE OF THE ACTION**

1.      This matter rises out of a blatant breach of public trust and a determination to put corporate profits over public safety.  In an effort to maximize their return, Defendants Kia America, Inc. and Hyundai Motor America actively withheld vital security systems from countless vehicles for years.  This has led to a severe defect that has endangered the public and drastically decreased the value of vehicles.

2.      "Engine immobilizers" are an electronic security device that prevents an engine from being started without the manufacturer's authorized key.  As recently as 2007, Hyundai looked into possibly adding engine immobilizers to their vehicles, noting that the devices substantially reduced vehicle theft outside the United States.  In 2009, Kia did the same.  Each, however, ultimately decided not to include engine immobilizers in newly produced vehicles, blatantly valuing profits over the safety and security of their customers.

3.      Kia vehicles manufactured from 2011 to 2021 and Hyundai vehicles manufactured from 2015 to 2021 equipped with traditional key ignitions were deliberately created without engine immobilizers.  Despite the ease to remedy the issue, Kia and Hyundai continued to sell the defective vehicles without making any effort to address the risk of theft.  Without the engine immobilizers, the cars can be easily hotwired and stolen, however Kia and Hyundai made no effort to warn their customers about the risk to their vehicles.

4.      Consequently, the ignition immobilization defect was exposed, and gained great notoriety in July 2022, through the now infamous "Kia Challenge" on TikTok.  The ease of theft has become part of a massive viral online event via TikTok and YouTube.  As of July 2022, the Kia Challenge began on TikTok and spread to YouTube, daring people to steal Kia and Hyundai vehicles using the defect, and then to post videos of the theft online.  These response videos have catapulted the security risks.  The extreme ease of the theft has exposed the public and first responders to danger from criminal activity, has promulgated an explosion of events that have left many without their vehicle, and has left many more without a sense of security.  With the massive rise in publicity of the defect, it is unlikely that the thefts will stop without active intervention by Kia or Hyundai.  An entire criminal ecosystem has materialized; fueled by TikToks, videos and memes promoting the criminal behavior.

**CIVIL COMPLAINT – MASS TORT AND JURY DEMAND**

5.     If the stolen vehicles are even recovered, the repair costs are substantial.  Repairing the window and steering column for a vehicle stolen using the defect, as well as other damage from the joyride commonly exceeds $10,000.  Moreover, the rise in thefts due to the Kia Challenge has decimated supplies of the parts needed to repair the stolen vehicles and has caused delays in repairs due to the voluminous backorders, as well as increasing the costs of repair in response to the substantial demand.

6.     The Plaintiffs bring this mass tort action against Defendant Hyundai Motor America and Defendant Kia America Inc. for damages and injunctive relief.

## THE PARTIES

7.     At all times mentioned herein, Plaintiff **Brittney Sanders** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Brittney Sanders' owned a 2015 Kia Optima which lacked an engine immobilizer.  On August 20, 2022, Plaintiff Brittney Sanders' 2015 Kia Optima was stolen by thieves exploiting the defect.

8.     At all times mentioned herein, Plaintiff **Janelle Popken** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Janelle Popken owned a 2015 Hyundai Sonata which lacked an engine immobilizer.  On September 10, 2022, Plaintiff Janelle Popken's 2015 Hyundai Sonata was stolen by thieves exploiting the defect.

9.     At all times mentioned herein, Plaintiff **Bonny Nasimi** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Bonny Nasimi owned a 2016 Hyundai Sonata which lacked an engine immobilizer.  On August 25, 2022, Plaintiff Bonny Nasimi's 2016 Hyundai Sonata was stolen by thieves exploiting the defect.

10.     At all times mentioned herein, Plaintiff **Jennifer Anderson** was and is an individual residing in San Bernardino County in the State of California.  Plaintiff Jennifer Anderson owned a 2016 Kia Rio which lacked an engine immobilizer.  Plaintiff Jennifer Anderson's 2016 Kia Rio was stolen by thieves exploiting the defect.

11.     At all times mentioned herein, Plaintiff **Bayron Ortiz** was and is an individual residing in Orange County in the State of California. Plaintiff Bayron Ortiz owned a 2015 Kia Optima which

lacked an engine immobilizer. On October 29, 2022, Plaintiff Bayron Ortiz's 2015 Kia Optima was stolen by thieves exploiting the defect.

12. At all times mentioned herein, Plaintiff **Cekia Wilson** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Cekia Wilson owned a 2019 Kia Optima which lacked an engine immobilizer. On October 15, 2022, Plaintiff Cekia Wilson's 2019 Kia Optima was stolen by thieves exploiting the defect.

13. At all times mentioned herein, Plaintiff **Terra Snover** was and is an individual residing in Alameda County in the State of California. Plaintiff Terra Snover owned a 2018 Hyundai Elantra which lacked an engine immobilizer. On October 29, 2022, Plaintiff Terra Snover's 2018 Hyundai Elantra was stolen by thieves exploiting the defect.

14. At all times mentioned herein, Plaintiff **Krishnaprasad Chandrasekharan** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Krishnaprasad Chandrasekharan owned a 2016 Hyundai Sonata which lacked an engine immobilizer. On August 8, 2022, Plaintiff Krishnaprasad Chandrasekharan's 2016 Hyundai Sonata was stolen by thieves exploiting the defect.

15. At all times mentioned herein, Plaintiff **Ashley Delgado** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Ashley Delgado owned a 2021 Kia Sportage which lacked an engine immobilizer. On September 26, 2021, Plaintiff Ashley Delgado's 2021 Kia Sportage was stolen by thieves exploiting the defect.

16. At all times mentioned herein, Plaintiff **Sapphire Jaeckel** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Sapphire Jaeckel owned a 2017 Hyundai Sonata which lacked an engine immobilizer. On October 23, 2022, Plaintiff Sapphire Jaeckel's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

17. At all times mentioned herein, Plaintiff **Jolene Schrader** was and is an individual residing in San Bernardino County in the State of California. Plaintiff Jolene Schrader owned a 2016 Kia Sportage which lacked an engine immobilizer. On August 15, 2022, Plaintiff Jolene Schrader's 2016 Kia Sportage was stolen by thieves exploiting the defect.

18.     At all times mentioned herein, Plaintiff **Jonas Domkus** was and is an individual residing in Orange County in the State of California.  Plaintiff Jonas Domkus owned a 2019 Kia Soul which lacked an engine immobilizer.  On October 1, 2022, Plaintiff Jonas Domkus' 2019 Kia Soul was stolen by thieves exploiting the defect.

19.     At all times mentioned herein, Plaintiff **Parisa Aghaei** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Parisa Aghaei owned a 2017 Hyundai Tucson which lacked an engine immobilizer.  On September 27, 2022, Plaintiff Parisa Aghaei's 2017 Hyundai Tucson was stolen by thieves exploiting the defect.

20.     At all times mentioned herein, Plaintiff **Fe Hugo** was and is an individual residing in Ventura County in the State of California.  Plaintiff Fe Hugo owned a 2018 Kia Soul which lacked an engine immobilizer.  On May 30, 2022, Plaintiff Fe Hugo's 2018 Kia Soul was stolen by thieves exploiting the defect.

21.     At all times mentioned herein, Plaintiff **Dannay Mcdaniels** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Dannay Mcdaniels owned a 2015 Kia Optima which lacked an engine immobilizer.  On September 29, 2022, Plaintiff Dannay Mcdaniels' 2015 Kia Optima was stolen by thieves exploiting the defect.

22.     At all times mentioned herein, Plaintiff **Enrique Reyes** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Enrique Reyes owned a 2016 Kia Forte which lacked an engine immobilizer.  On October 27, 2022, Plaintiff Enrique Reyes' 2016 Kia Forte was stolen by thieves exploiting the defect.

23.     At all times mentioned herein, Plaintiff **Joshua Vega** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Joshua Vega owned a 2012 Kia Optima LX which lacked an engine immobilizer.  On August 15, 2022, Plaintiff Joshua Vega's 2012 Kia Optima LX was stolen by thieves exploiting the defect.

24.     At all times mentioned herein, Plaintiff **William Richard Martinez** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff William Richard Martinez owned a 2017 Kia Niro which lacked an engine immobilizer.  On April 13, 2022, and June

23, 2022, Plaintiff William Richard Martinez's 2017 Kia Niro was stolen by thieves exploiting the defect.

25. At all times mentioned herein, Plaintiff **Jose Medina** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Jose Medina owned a 2019 Kia Sportage which lacked an engine immobilizer. On August 15, 2022, Plaintiff Jose Medina's 2019 Kia Sportage was stolen by thieves exploiting the defect.

26. At all times mentioned herein, Plaintiff **Jennifer Porter** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Jennifer Porter owned a 2020 Kia Sportage which lacked an engine immobilizer. On September 21, 2022, Plaintiff Jennifer Porter's 2020 Kia Sportage was stolen by thieves exploiting the defect.

27. At all times mentioned herein, Plaintiff **Gilberto Velasco** was and is an individual residing in Riverside County in the State of California. Plaintiff Gilberto Velasco owned a 2015 Kia Optima which lacked an engine immobilizer. On September 8, 2022, Plaintiff Gilberto Velasco's 2015 Kia Optima was stolen by thieves exploiting the defect.

28. At all times mentioned herein, Plaintiff **Kalaysia Evans** was and is an individual residing in Riverside County in the State of California. Plaintiff Kalaysia Evans owned a 2012 Kia Optima which lacked an engine immobilizer. On October 7, 2022, Plaintiff Kalaysia Evans' 2012 Kia Optima was stolen by thieves exploiting the defect.

29. At all times mentioned herein, Plaintiff **Rachel Marquez** was and is an individual residing in Sacramento County in the State of California. Plaintiff Rachel Marquez owned a 2020 Hyundai Elantra which lacked an engine immobilizer. On October 21, 2022, Plaintiff Rachel Marquez's 2020 Hyundai Elantra was stolen by thieves exploiting the defect.

30. At all times mentioned herein, Plaintiff **Katherine Burba** was and is an individual residing in Alameda County in the State of California. Plaintiff Katherine Burba owned a 2013 Kia Rio which lacked an engine immobilizer. On October 15, 2022, Plaintiff Katherine Burba's 2013 Kia Rio was stolen by thieves exploiting the defect.

31. At all times mentioned herein, Plaintiff **Janina Gather** was and is an individual residing in Orange County in the State of California. Plaintiff Janina Gather owned a 2018 Kia Sportage which

lacked an engine immobilizer. On September 21, 2022, Plaintiff Janina Gather's 2018 Kia Sportage was stolen by thieves exploiting the defect.

32.     At all times mentioned herein, Plaintiff **Megan Ranger** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Megan Ranger owned a 2015 Kia Optima which lacked an engine immobilizer. On October 21, 2022, Plaintiff Megan Ranger's 2015 Kia Optima was stolen by thieves exploiting the defect.

33.     At all times mentioned herein, Plaintiff **Teresa Hernandez** was and is an individual residing in Orange County in the State of California. Plaintiff Teresa Hernandez owned a 2017 Hyundai Sonata which lacked an engine immobilizer. On August 15, 2022, Plaintiff Teresa Hernandez's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

34.     At all times mentioned herein, Plaintiff **Adria Antoine** was and is an individual residing in Orange County in the State of California. Plaintiff Adria Antoine owned a 2017 Hyundai Sonata SE which lacked an engine immobilizer. On October 15, 2022, Plaintiff Adria Antoine's 2017 Hyundai Sonata SE was stolen by thieves exploiting the defect.

35.     At all times mentioned herein, Plaintiff **Kimberly Rodriguez** was and is an individual residing in Orange County in the State of California. Plaintiff Kimberly Rodriguez owned a 2015 Kia Optima which lacked an engine immobilizer. On July 27, 2022, Plaintiff Kimberly Rodriguez's 2015 Kia Optima was stolen by thieves exploiting the defect.

36.     At all times mentioned herein, Plaintiff **Raymond Earl Baker Jr.** was and is an individual residing in Orange County in the State of California. Plaintiff Raymond Earl Baker Jr. owned a 2017 Hyundai Sonata which lacked an engine immobilizer. On October 21, 2022, Plaintiff Raymond Earl Baker Jr.'s 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

37.     At all times mentioned herein, Plaintiff Joseph Medina was and is an individual residing in Los Angeles County in the State of California. Plaintiff **Joseph Medina** owned a 2015 Kia Optima which lacked an engine immobilizer. On October 11, 2022, Plaintiff Joseph Medina's 2015 Kia Optima was stolen by thieves exploiting the defect.

38.     At all times mentioned herein, Plaintiff **Monica Alfaro** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Monica Alfaro owned a 2018 Hyundai

Tucson which lacked an engine immobilizer. On July 8, 2022, Plaintiff Monica Alfaro's 2018 Hyundai Tucson was stolen by thieves exploiting the defect.

39.     At all times mentioned herein, Plaintiff **Daniel Placenti** was and is an individual residing in Orange County in the State of California. Plaintiff Daniel Placenti owned a 2018 Hyundai Elantra which lacked an engine immobilizer. On September 30, 2022, Plaintiff Daniel Placenti's 2018 Hyundai Elantra was stolen by thieves exploiting the defect.

40.     At all times mentioned herein, Plaintiff **Lindsey Matthews** was and is an individual residing in Orange County in the State of California. Plaintiff Lindsey Matthews owned a 2013 Kia Optima LX which lacked an engine immobilizer. On July 27, 2022, Plaintiff Lindsey Matthews' 2013 Kia Optima LX was stolen by thieves exploiting the defect.

41.     At all times mentioned herein, Plaintiff **Victoria Tsang** was and is an individual residing in Alameda County in the State of California. Plaintiff Victoria Tsang owned a 2017 Kia Optima which lacked an engine immobilizer. On October 12, 2022, Plaintiff Victoria Tsang's 2017 Kia Optima was stolen by thieves exploiting the defect.

42.     At all times mentioned herein, Plaintiff **Jorge Lira** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Jorge Lira owned a 2017 Hyundai Sonata which lacked an engine immobilizer. On March 30, 2022, and September 5, 2022, Plaintiff Jorge Lira's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

43.     At all times mentioned herein, Plaintiff **Jorge Gonzales** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Jorge Gonzales owned a 2016 Kia Soul which lacked an engine immobilizer. On September 30, 2022, Plaintiff Jorge Gonzales' 2016 Kia Soul was stolen by thieves exploiting the defect.

44.     At all times mentioned herein, Plaintiff **Thomas Jaramillo** was and is an individual residing in Riverside County in the State of California. Plaintiff Thomas Jaramillo owned a 2017 Kia Rio which lacked an engine immobilizer. On October 12, 2022, Plaintiff Thomas Jaramillo's 2017 Kia Rio was stolen by thieves exploiting the defect.

45.     At all times mentioned herein, Plaintiff **Erica Sanders** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Erica Sanders owned a 2013 Kia Optima

**CIVIL COMPLAINT – MASS TORT AND JURY DEMAND**

which lacked an engine immobilizer.  On October 18, 2022, Plaintiff Erica Sanders' 2013 Kia Optima was stolen by thieves exploiting the defect.

46.     At all times mentioned herein, Plaintiff **Lissette Salazar** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Lissette Salazar owned a 2012 Kia Optima LX which lacked an engine immobilizer.  On October 3, 2022, Plaintiff Lissette Salazar's 2012 Kia Optima LX was stolen by thieves exploiting the defect.

47.     At all times mentioned herein, Plaintiff **Jason Rosenthal** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Jason Rosenthal owned a 2017 Kia Sorento which lacked an engine immobilizer.  On September 27, 2022, Plaintiff Jason Rosenthal's 2017 Kia Sorento was stolen by thieves exploiting the defect.

48.     At all times mentioned herein, Plaintiff **Hilda Maciel-Ruiz** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Hilda Maciel-Ruiz owned a 2015 Kia Optima which lacked an engine immobilizer.  On December 16, 2022, Plaintiff Hilda Maciel-Ruiz's 2015 Kia Optima was stolen by thieves exploiting the defect.

49.     At all times mentioned herein, Plaintiff **Francisco Sanchez** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Francisco Sanchez owned a 2019 Kia Optima which lacked an engine immobilizer. On September 11, 2022, Plaintiff Francisco Sanchez's 2019 Kia Optima was stolen by thieves exploiting the defect.

50.     At all times mentioned herein, Plaintiff **Jasmine Gergis** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Jasmine Gergis owned a 2018 Hyundai Elantra SE which lacked an engine immobilizer. On August 17, 2022, Plaintiff Jasmine Gergis' 2018 Hyundai Elantra SE was stolen by thieves exploiting the defect.

51.     At all times mentioned herein, Plaintiff **Gregory Sadowski** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Gregory Sadowski owned a 2015 Kia Optima which lacked an engine immobilizer. On September 4, 2022, Plaintiff Gregory Sadowski's 2015 Kia Optima was stolen by thieves exploiting the defect.

52.     At all times mentioned herein, Plaintiff **Patti Chorn** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Patti Chorn owned a 2015 Kia Sorento which

lacked an engine immobilizer. On August 17, 2022, Plaintiff Patti Chorn's 2015 Kia Sorento was stolen by thieves exploiting the defect.

53.     At all times mentioned herein, Plaintiff **Ciara Cuevas-Felix** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Ciara Cuevas-Felix owned a 2017 Kia Sportage which lacked an engine immobilizer. On September 1, 2022, Plaintiff Ciara Cuevas-Felix's 2017 Kia Sportage was stolen by thieves exploiting the defect.

54.     At all times mentioned herein, Plaintiff **Kiwon Kim** was and is an individual residing in Orange County in the State of California.  Plaintiff Kiwon Kim owned a 2017 Hyundai Sonata which lacked an engine immobilizer. On September 27, 2022, Plaintiff Kiwon Kim's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

55.     At all times mentioned herein, Plaintiff **Mildred Reese** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Mildred Reese owned a 2020 Kia Sportage which lacked an engine immobilizer.  On December 4, 2022, Plaintiff Mildred Reese's 2020 Kia Sportage was stolen by thieves exploiting the defect.

56.     At all times mentioned herein, Plaintiff **Glinnis Sturdivant** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Glinnis Sturdivant owned a 2015 Kia Optima which lacked an engine immobilizer.  On March 12, 2022, and September 11, 2022, Plaintiff Glinnis Sturdivant's 2015 Kia Optima was stolen by thieves exploiting the defect.

57.     At all times mentioned herein, Plaintiff **Brandon Khanh Luu** was and is an individual residing in Orange County in the State of California.  Plaintiff Brandon Khanh Luu owned a 2011 Kia Optima LX which lacked an engine immobilizer.  On September 8, 2022, Plaintiff Brandon Khanh Luu's 2011 Kia Optima was stolen by thieves exploiting the defect.

58.     At all times mentioned herein, Plaintiff **Hoa Kaing** was and is an individual residing in San Bernardino County in the State of California.  Plaintiff Hoa Kaing owned a 2019 Hyundai Tucson which lacked an engine immobilizer.  On October 11, 2022, Plaintiff Hoa Kaing's 2019 Hyundai Tucson was stolen by thieves exploiting the defect.

59.     At all times mentioned herein, Plaintiff **Azjennae Frazier** was and is an individual residing in Riverside County in the State of California.  Plaintiff Azjennae Frazier owned a 2020 Kia

Sportage which lacked an engine immobilizer.  On December 21, 2022, Plaintiff Azjennae Frazier's 2020 Kia Sportage was stolen by thieves exploiting the defect.

60.     At all times mentioned herein, Plaintiff **Fina Payton** was and is an individual residing in Riverside County in the State of California.  Plaintiff Fina Payton owned a 2017 Hyundai Elantra which lacked an engine immobilizer.  On November 29, 2021, Plaintiff Fina Payton's 2017 Hyundai Elantra was stolen by thieves exploiting the defect.

61.     At all times mentioned herein, Plaintiff **Angelica Marin** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Angelica Marin owned a 2015 Kia Optima which lacked an engine immobilizer.  On June 20, 2022, and September 30, 2022, Plaintiff Angelica Marin's 2015 Kia Optima was stolen by thieves exploiting the defect.

62.     At all times mentioned herein, Plaintiff **Maria Ochoa** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Maria Ochoa owned a 2017 Kia Sportage which lacked an engine immobilizer.  On September 2, 2022, Plaintiff Maria Ochoa's 2017 Kia Sportage was stolen by thieves exploiting the defect.

63.     At all times mentioned herein, Plaintiff **Cristian Rodriguez** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Cristian Rodriguez owned a 2017 Kia Sportage which lacked an engine immobilizer.  On September 25, 2022, Plaintiff Cristian Rodriguez's 2017 Kia Sportage was stolen by thieves exploiting the defect.

64.     At all times mentioned herein, Plaintiff **Mytiana Mitchell** was and is an individual residing in San Bernardino County in the State of California.  Plaintiff Mytiana Mitchell owned a 2017 Hyundai Sonata which lacked an engine immobilizer.  On September 28, 2022, Plaintiff Mytiana Mitchell's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

65.     At all times mentioned herein, Plaintiff **Valerie Barnes** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Valerie Barnes owned a 2015 Hyundai Sonata which lacked an engine immobilizer.  On October 9, 2022, Plaintiff Valerie Barnes' 2015 Hyundai Sonata was stolen by thieves exploiting the defect.

66.     At all times mentioned herein, Plaintiff **Blanca Ibarra** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Blanca Ibarra owned a 2020 Kia Sportage

which lacked an engine immobilizer.  On September 17, 2022, Plaintiff Blanca Ibarra's 2020 Kia Sportage was stolen by thieves exploiting the defect.

67.     At all times mentioned herein, Plaintiff **Dorelyn Carreon** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Dorelyn Carreon owned a 2015 Kia Optima which lacked an engine immobilizer.  On August 8, 2022, Plaintiff Dorelyn Carreon's 2015 Kia Optima was stolen by thieves exploiting the defect.

68.     At all times mentioned herein, Plaintiff **Damon White** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Damon White owned a 2016 Hyundai Sonata which lacked an engine immobilizer.  On August 26, 2022, Plaintiff Damon White's 2016 Hyundai Sonata was stolen by thieves exploiting the defect.

69.     At all times mentioned herein, Plaintiff **Claudia Barragan** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Claudia Barragan owned a 2018 Kia Sportage which lacked an engine immobilizer.  On April 5, 2022, Plaintiff Claudia Barragan's 2018 Kia Sportage was stolen by thieves exploiting the defect.

70.     At all times mentioned herein, Plaintiff **Joel Salas** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Joel Salas owned a 2014 Kia Optima which lacked an engine immobilizer.  On March 1, 2022, Plaintiff Joel Salas' 2014 Kia Optima was stolen by thieves exploiting the defect.

71.     At all times mentioned herein, Plaintiff **Joseph Rivera** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Joseph Rivera owned a 2016 Hyundai Sonata which lacked an engine immobilizer.  Plaintiff Joseph Rivera's 2016 Hyundai Sonata was stolen by thieves exploiting the defect.

72.     At all times mentioned herein, Plaintiff **Linda Sobel** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Linda Sobel owned a 2017 Kia Soul which lacked an engine immobilizer.  On October 1, 2022, Plaintiff Linda Sobel's 2017 Kia Soul was stolen by thieves exploiting the defect.

73.     At all times mentioned herein, Plaintiff **Courtney Hall** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Courtney Hall owned a 2017 Hyundai

Sonata which lacked an engine immobilizer. On August 14, 2022, Plaintiff Courtney Hall's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

74. At all times mentioned herein, Plaintiff **Cesar Garcia** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Cesar Garcia owned a 2013 Kia Optima which lacked an engine immobilizer. On August 14, 2022, Plaintiff Cesar Garcia's 2013 Kia Optima was stolen by thieves exploiting the defect.

75. At all times mentioned herein, Plaintiff **Juan Nathaniel** was and is an individual residing in San Francisco County in the State of California. Plaintiff Juan Nathaniel owned a 2017 Kia Optima LX which lacked an engine immobilizer. On October 2, 2022, Plaintiff Juan Nathaniel's 2017 Kia Optima LX was stolen by thieves exploiting the defect.

76. At all times mentioned herein, Plaintiff **Carolina Franco** was and is an individual residing in San Diego County in the State of California. Plaintiff Carolina Franco owned a 2019 Kia Forte which lacked an engine immobilizer. On September 5, 2022, Plaintiff Carolina Franco's 2019 Kia Forte was stolen by thieves exploiting the defect.

77. At all times mentioned herein, Plaintiff **Albert Rivera** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Albert Rivera owned a 2013 Kia Optima which lacked an engine immobilizer. In August of 2022, Plaintiff Albert Rivera's 2013 Kia Optima was stolen by thieves exploiting the defect.

78. At all times mentioned herein, Plaintiff **Alexis Hindson-Moraza** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Alexis Hindson-Moraza owned a 2019 Kia Sorento which lacked an engine immobilizer. On September 13, 2022, Plaintiff Alexis Hindson-Moraza's 2019 Kia Sorento was stolen by thieves exploiting the defect.

79. At all times mentioned herein, Plaintiff **Brian Vineyard** was and is an individual residing in Sacramento County in the State of California. Plaintiff Alexis Brian Vineyard owned a 2016 Kia Sorento which lacked an engine immobilizer. On September 30, 2022, Plaintiff Brian Vineyard's 2016 Kia Sorento was stolen by thieves exploiting the defect.

80. At all times mentioned herein, Plaintiff **April Jasmin Martinez** was and is an individual residing in Los Angeles County in the State of California. Plaintiff April Jasmin Martinez owned a

2015 Kia Optima which lacked an engine immobilizer. On July 20, 2022, Plaintiff April Jasmin Martinez's 2015 Kia Optima was stolen by thieves exploiting the defect.

81. At all times mentioned herein, Plaintiff **Jackelinne Molina** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Jackelinne Molina owned a 2015 Hyundai Sonata which lacked an engine immobilizer. On May 29, 2022, Plaintiff Jackelinne Molina's 2015 Hyundai Sonata was stolen by thieves exploiting the defect.

82. At all times mentioned herein, Plaintiff **Arvin Patel** was and is an individual residing in Orange County in the State of California. Plaintiff Arvin Patel owned a 2014 Kia Soul which lacked an engine immobilizer. On August 29, 2022, Plaintiff Arvin Patel's 2014 Kia Soul was stolen by thieves exploiting the defect.

83. At all times mentioned herein, Plaintiff **Erica Galvan** was and is an individual residing in Riverside County in the State of California. Plaintiff Erica Galvan owned a Kia Sorento which lacked an engine immobilizer. Plaintiff Erica Galvan's Kia Sorento was stolen by thieves exploiting the defect.

84. At all times mentioned herein, Plaintiff **Robert Robertson** was and is an individual residing in Orange County in the State of California. Plaintiff Robert Robertson owned a 2015 Hyundai Sonata which lacked an engine immobilizer. On September 14, 2022, Plaintiff Robert Robertson's 2015 Hyundai Sonata was stolen by thieves exploiting the defect.

85. At all times mentioned herein, Plaintiff **Blanca Ruiz** was and is an individual residing in San Bernardino County in the State of California. Plaintiff Blanca Ruiz owned a 2022 Kia Soul which lacked an engine immobilizer. On September 21, 2022, Plaintiff Blanca Ruiz's 2022 Kia Soul was stolen by thieves exploiting the defect.

86. At all times mentioned herein, Plaintiff **Earl Smith** was and is an individual residing in Orange County in the State of California. Plaintiff Earl Smith owned a 2014 Kia Optima which lacked an engine immobilizer. On September 12, 2022, Plaintiff Earl Smith's 2014 Kia Optima was stolen by thieves exploiting the defect.

87. At all times mentioned herein, Plaintiff **Aaliyah Berry** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Aaliyah Berry owned a 2017 Hyundai

Sonata which lacked an engine immobilizer.  On September 15, 2022, Plaintiff Aaliyah Berry's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

88.    At all times mentioned herein, Plaintiff **Asia Morris** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Asia Morris' owned a 2016 Hyundai Elantra which lacked an engine immobilizer.  On August 15, 2022, Plaintiff Asia Morris' 2016 Hyundai Elantra was attempted to be stolen by thieves exploiting the defect.

89.    At all times mentioned herein, Plaintiff **Orlando Garcia** was and is an individual residing in Riverside County in the State of California.  Plaintiff Orlando Garcia owned a 2017 Hyundai Sonata which lacked an engine immobilizer.  On October 25, 2022, Plaintiff Orlando Garcia's 2017 Hyundai Sonata was stolen by thieves exploiting the defect.

90.    At all times mentioned herein, Plaintiff **Kevin Boult** was and is an individual residing in Sacramento County in the State of California.  Plaintiff Kevin Boult owned a 2016 Kia Soul which lacked an engine immobilizer.  On October 23, 2022, Plaintiff Kevin Boult's 2016 Kia Soul was stolen by thieves exploiting the defect.

91.    At all times mentioned herein, Plaintiff **Gayretta McClendon** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Gayretta McClendon owned a 2015 Kia Optima which lacked an engine immobilizer.  On November 23, 2021, and January 29, 2022, Plaintiff Gayretta McClendon's 2015 Kia Optima was stolen by thieves exploiting the defect.

92.    At all times mentioned herein, Plaintiff **Michael Campagna** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Michael Campagna owned a 2020 Kia Sportage which lacked an engine immobilizer.  On July 31, 2022, Plaintiff Michael Campagna's 2020 Kia Sportage was stolen by thieves exploiting the defect.

93.    At all times mentioned herein, Plaintiff **Miller Keith Malone** was and is an individual residing in Alameda County in the State of California.  Plaintiff Miller Keith Malone owned a 2021 Hyundai Elantra which lacked an engine immobilizer.  On October 6, 2022, Plaintiff Miller Keith Malone's 2021 Hyundai Elantra was stolen by thieves exploiting the defect.

94.    At all times mentioned herein, Plaintiff **Olivia Chavira** was and is an individual residing in Orange County in the State of California.  Plaintiff Olivia Chavira owned a 2013 Kia

Optima which lacked an engine immobilizer. On October 22, 2022, Plaintiff Olivia Chavira's 2013 Kia Optima was stolen by thieves exploiting the defect.

95. At all times mentioned herein, Plaintiff **Alexa Ramirez** was and is an individual residing in Riverside County in the State of California. Plaintiff Alexa Ramirez owned a 2015 Kia Optima which lacked an engine immobilizer. On November 3, 2022, Plaintiff Alexa Ramirez's 2015 Kia Optima was attempted to be stolen by thieves exploiting the defect.

96. At all times mentioned herein, Plaintiff **Angela Carter** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Angela Carter owned a 2017 Kia Optima which lacked an engine immobilizer. On November 13, 2022, Plaintiff Angela Carter's 2017 Kia Optima was stolen by thieves exploiting the defect.

97. At all times mentioned herein, Plaintiff **James Clark Franzman** was and is an individual residing in Los Angeles County in the State of California. Plaintiff James Clark Franzman owned a 2014 Kia Optima which lacked an engine immobilizer. On October 31, 2022, Plaintiff James Clark Franzman's 2014 Kia Optima was stolen by thieves exploiting the defect.

98. At all times mentioned herein, Plaintiff **Murphy Guidice** was and is an individual residing in Santa Clara County in the State of California. Plaintiff Murphy Guidice owned a 2020 Kia Rio which lacked an engine immobilizer. On November 15, 2022, Plaintiff Murphy Guidice's 2020 Kia Rio was stolen by thieves exploiting the defect.

99. At all times mentioned herein, Plaintiff **Marcos Barajas** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Marcos Barajas owned a 2015 Kia Optima which lacked an engine immobilizer. On November 16, 2022, Plaintiff Marcos Barajas' 2015 Kia Optima was stolen by thieves exploiting the defect.

100. At all times mentioned herein, Plaintiff **Joanne Shack** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Joanne Shack owned a 2020 Kia Sportage which lacked an engine immobilizer. On November 16, 2022, Plaintiff Joanne Shack's 2020 Kia Sportage was stolen by thieves exploiting the defect.

101. At all times mentioned herein, Plaintiff **Cheryl Westbrook** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Cheryl Westbrook owned a 2015

Kia Soul which lacked an engine immobilizer. On October 22, 2022, Plaintiff Cheryl Westbrook's 2015 Kia Soul was stolen by thieves exploiting the defect.

102. At all times mentioned herein, Plaintiff **Lisa Payne** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Lisa Payne owned a 2017 Hyundai Elantra GT which lacked an engine immobilizer. On November 11, 2022, Plaintiff Lisa Payne's 2017 Hyundai Elantra GT was stolen by thieves exploiting the defect.

103. At all times mentioned herein, Plaintiff **Christina Bell** was and is an individual residing in Orange County in the State of California. Plaintiff Christina Bell owned a 2015 Kia Optima which lacked an engine immobilizer. On November 14, 2022, Plaintiff Christina Bell's 2015 Kia Optima was stolen by thieves exploiting the defect.

104. At all times mentioned herein, Plaintiff **Gabriel Montoya** was and is an individual residing in San Francisco County in the State of California. Plaintiff Gabriel Montoya owned a 2019 Hyundai Elantra which lacked an engine immobilizer. On November 24, 2022, Plaintiff Gabriel Montoya's 2019 Hyundai Elantra was stolen by thieves exploiting the defect.

105. At all times mentioned herein, Plaintiff **Karen Draney** was and is an individual residing in Alameda County in the State of California. Plaintiff Karen Draney owned a 2015 Kia Forte which lacked an engine immobilizer. On October 13, 2022, Plaintiff Karen Draney's 2015 Kia Forte was stolen by thieves exploiting the defect.

106. At all times mentioned herein, Plaintiff **Edward White** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Edward White owned a 2016 Kia Sportage which lacked an engine immobilizer. On August 21, 2022, Plaintiff Edward White's 2016 Kia Sportage was stolen by thieves exploiting the defect.

107. At all times mentioned herein, Plaintiff **Marcos Rivera** was and is an individual residing in Orange County in the State of California. Plaintiff Marcos Rivera owned a 2015 Hyundai Sonata which lacked an engine immobilizer. On May 1, 2022, Plaintiff Marcos Rivera's 2015 Hyundai Sonata was stolen by thieves exploiting the defect.

108. At all times mentioned herein, Plaintiff **Bryce Howell** was and is an individual residing in Los Angeles County in the State of California. Plaintiff Bryce Howell owned a 2016 Hyundai

Sonata which lacked an engine immobilizer.  On May 1, 2022, Plaintiff Bryce Howell's 2016 Hyundai Sonata was stolen by thieves exploiting the defect.

109.    At all times mentioned herein, Plaintiff **Sean Garcia** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Sean Garcia owned a 2016 Hyundai which lacked an engine immobilizer.  On November 20, 2022, Plaintiff Sean Garcia's 2016 Hyundai Sonata was stolen by thieves exploiting the defect.

110.    At all times mentioned herein, Plaintiff **Shenesia Gladney** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Shenesia Gladney owned a 2020 Kia Optima which lacked an engine immobilizer.  On November 21, 2022, Plaintiff Shenesia Gladney's 2020 Kia Optima was stolen by thieves exploiting the defect.

111.    At all times mentioned herein, Plaintiff **Johanna Melchor** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Johanna Melchor owned a 2015 Kia Optima which lacked an engine immobilizer.  On October 30, 2022, Plaintiff Johanna Melchor's 2015 Kia Optima was stolen by thieves exploiting the defect.

112.    At all times mentioned herein, Plaintiff **Sharon Graf** was and is an individual residing in Riverside County in the State of California.  Plaintiff Sharon Graf owned a 2014 Kia Optima which lacked an engine immobilizer.  On September 25, 2022, Plaintiff Sharon Graf's 2014 Kia Optima was stolen by thieves exploiting the defect.

113.    At all times mentioned herein, Plaintiff **Hope Cain** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Hope Cain owned a 2014 Kia Optima which lacked an engine immobilizer.  On April 18, 2022, Plaintiff Hope Cain's 2014 Kia Optima was stolen by thieves exploiting the defect.

114.    At all times mentioned herein, Plaintiff **Silvia Estrada** was and is an individual residing in San Diego County in the State of California.  Plaintiff Silvia Estrada owned a 2015 Kia Optima which lacked an engine immobilizer.  On September 25, 2022, Plaintiff Silvia Estrada's 2015 Kia Optima was stolen by thieves exploiting the defect.

115.    At all times mentioned herein, **Alexander Anderson** was and is an individual residing in Riverside County in the State of California.  Plaintiff Alexander Anderson owned a 2018 Kia Optima

which lacked an engine immobilizer.  On September 20, 2022, Plaintiff Alexander Anderson's 2018 Kia Optima was stolen by thieves exploiting the defect.

116.    At all times mentioned herein, Plaintiff **Alexandra Lopez** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Alexandra Lopez owned a 2014 Kia Optima LX which lacked an engine immobilizer.  On September 21, 2022, Plaintiff Alexandra Lopez's 2014 Kia Optima LX was stolen by thieves exploiting the defect.

117.    At all times mentioned herein, Plaintiff **Rosa Moreno Aguilar** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Rosa Moreno Aguilar owned a 2014 Kia Optima LX which lacked an engine immobilizer.  On October 21, 2022, Plaintiff Rosa Moreno Aguilar's 2014 Kia Optima LX was stolen by thieves exploiting the defect.

118.    At all times mentioned herein, Plaintiff **Amiee Kim** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Amiee Kim owned a 2016 Hyundai Sonata which lacked an engine immobilizer.  On October 10, 2022, Plaintiff Amiee Kim's 2016 Hyundai Sonata was stolen by thieves exploiting the defect.

119.    At all times mentioned herein, Plaintiff **Gilmore Augustus** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Gilmore Augustus owned a 2015 Kia Optima which lacked an engine immobilizer.  On April 25, 2022, Plaintiff Gilmore Augustus' 2015 Kia Optima was stolen by thieves exploiting the defect.

120.    At all times mentioned herein, Plaintiff **Antoinette Curry** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Antoinette Curry owned a 2017 Kia Forte which lacked an engine immobilizer.  On October 14, 2022, Plaintiff Antoinette Curry's 2014 Kia Optima LX was stolen by thieves exploiting the defect.

121.    At all times mentioned herein, Plaintiff **Serena Gutierrez** was and is an individual residing in Riverside County in the State of California.  Plaintiff Serena Gutrierrez owned a 2015 Kia Optima LX which lacked an engine immobilizer.  On December 9, 2022, Plaintiff Serena Gutierrez's 2015 Kia Optima LX was stolen by thieves exploiting the defect.

122.    At all times mentioned herein, Plaintiff **Eric Sviatek** was and is an individual residing in Los Angeles County in the State of California.  Plaintiff Eric Sviatek owned a 2014 Kia Optima which

lacked an engine immobilizer.  On August 1, 2022, Plaintiff Eric Sviatek's 2014 Kia Optima was stolen by thieves exploiting the defect.

123.    Plaintiffs are informed and believe and therefore allege that Defendant Kia America, Inc. is a California corporation with its principal place of business in Irvine, California.  At all times mentioned herein, Defendant Kia was engaged in the business of designing, manufacturing, and distributing automobiles in the State of California and throughout the United States.

124.    Plaintiffs are informed and believe and therefore allege that Defendant Hyundai Motor America is a California corporation with its principal place of business in Fountain Valley, California.  At all times mentioned herein, Defendant Hyundai was engaged in the business of designing, manufacturing, and distributing automobiles in the State of California, and throughout the United States.

125.    Plaintiffs are unaware of the true names of Does 1 through 100 and therefore sues them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

## JURISDICTION AND VENUE

126.    This Court has personal jurisdiction over Plaintiffs as the Plaintiffs consent to such jurisdiction.

127.    This Court has personal jurisdiction over Defendant Hyundai Motor America because it engages in significant business throughout the State of California, thus providing the Court with jurisdiction.

128.    This Court has personal jurisdiction over Defendant Kia America, Inc. because it engages in significant business throughout the State of California, thus providing this Court with jurisdiction.

129.    Venue is proper under Cal. Civ. Proc. Code § 395(a).

## STATEMENT OF OPERATIVE FACTS

130.    An engine immobilizer is a critical piece of electronic security technology that serves as a crucial tool in minimizing the risk of vehicle theft.  Immobilizers prevent vehicles from being started unless a unique code is transmitted from the vehicle's key.  Pursuant to a 2016 study, immobilizers significantly reduced the overall rate of automobile thefts by approximately 40% during a 10-year

period. Recognizing the immense value added by having engine immobilizers in vehicles as an anti-theft device, numerous countries have adopted legislation requiring immobilizers as standard equipment for new automobiles.

131. In 2007, Hyundai considered adding immobilizers as standard equipment for their vehicles due to the benefit of added theft prevention. After review however, Hyundai chose not to include the immobilizers. In 2009, Kia considered the same idea, and also decided not to include immobilizers. Despite being well aware of the clear benefits provided by the inclusion of an immobilizer in new automobiles, Hyundai and Kia have continued to steadfastly refuse to include immobilizers as standard features in their vehicles or advise their customers of the security risk.

132. Hyundai vehicles manufactured and distributed between 2015-21, as well as Kia vehicles manufactured and distributed between 2011-21 which use traditional key ignition systems, are not equipped with immobilizers (the "Defective Vehicles"). This allows thieves to exploit a critical defect and hotwire and steal the vehicle quickly and easily. By simply peeling back the steering column and inserting a standard USB cable, the security systems can be bypassed, and the car easily started.

133. In July of 2022, the defect, and the ease of exploiting the defect became well known through social media. On the social media site TikTok, individuals known by the moniker "Kia Boyz" uploaded a video explaining how to exploit the defect and steal Hyundai and Kia vehicles. The video also challenged others to break into other Hyundai and Kia cars, exploit the defect, and steal the vehicles. Commonly referred to as the "Kia Challenge," viewers were encouraged to take videos proving that they completed the challenge by stealing the vehicle and upload it to TikTok.

134. The Kia Challenge and the publicity regarding the defect has directly contributed to an enormous surge in vehicle thefts of the Defective Vehicles throughout the United States. In Los Angeles alone during 2022, Hyundai and Kia vehicles accounted for 20% of all vehicles thefts in the City, a sharp increase from only 13% the year prior.

135. The presence of the defect in the Defective Vehicles has resulted in the severe diminution of the value of the vehicles. In the unlikely event that the stolen vehicles are recovered by police, the repair costs are substantial. On average, the cost to repair the steering column and damage

from the theft can exceed $10,000. Additionally, the critical rise in thefts has decimated reserves of supplies needed to perform repairs, causing backorders in repair and increased costs stemming from increased demand.

136. After the Kia Challenge brought public attention to the defect, Kia or Hyundai announced that they would include an immobilizer for all 2022 and later model year vehicles. However, Kia and Hyundai have taken no action to prevent further danger to the Defective Vehicles. In doing so, Hyundai and Kia have clearly recognized the danger presented by the defect but maintained that it is not their responsibility to address the harm that has already happened.

## FIRST CAUSE OF ACTION

## CONSUMER LEGAL REMEDIES ACT

**(Plaintiffs Against Defendants Kia, Hyundai and DOES 1 through 100, Inclusive)**

137. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

138. California's Consumer Legal Remedies Act, *Cal. Civ. Code* § 1750, *et seq.*, bars unfair methods of competition and unfair or deceptive acts or practices undertaken by any person or party to a transaction intended to cause or which causes the sale or lease of goods or services to any consumer.

139. The Defective Vehicles are "goods" as set forth in *Cal. Civ. Code* § 1761(a).

140. Plaintiffs are "persons" within the meaning of *Cal. Civ. Code* § 1761(c), and "consumers" within the meaning of *Cal. Civ. Code* § 1761(d).

141. As alleged herein, Defendants made misleading representations and blatant omissions concerning the benefits, performance, and safety of the Defective Vehicles.

142. In purchasing or leasing the Defective Vehicles, Plaintiffs were deceived by Defendants' failure to disclose their knowledge of the defects.

143. Defendants' conduct as described herein was and is in violation of the Consumer Legal Remedies Act, and violates at least the following enumerated provisions:

a. *Cal. Civ. Code* § 1770(a)(5): Representing that goods have uses and/or benefits that they do not have.

b. *Cal. Civ. Code* § 1770(a)(7):  Representing that goods are of a particular standard, quality, or grade.

c. *Cal. Civ. Code* § 1770(a)(9):  Advertising goods or services with intent not to sell them as advertised.

d. *Cal. Civ. Code* § 1770(a)(16):  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

144.  Defendants intentionally and knowingly misrepresented and omitted material facts regarding the Defective Vehicles with an intent to mislead Plaintiffs.

145.  In purchasing or leasing the Defective Vehicles, Plaintiffs were deceived by Defendants' failure to disclose their knowledge of the defect existing, and the risk posed by it.

146.  Plaintiffs had no way of knowing Defendants' representations were false, misleading, and incomplete or knowing the true nature of the defects.

147.  Defendants engaged in a pattern of deception and public silence in the face of known defects.  Plaintiffs did not, and could not, discover Defendants' deception on their own.

148.  Defendants knew or should have known that their conduct violated the Consumer Legal Remedies Act.  Defendants owed Plaintiffs a duty to disclose the truth about the defects because the defects created a safety hazard and Defendants (i) possessed exclusive knowledge of the defects, (ii) intentionally concealed the foregoing from Plaintiffs, (iii) made incomplete representations in advertisements and on their websites, and (iv) failed to warn the public of the defects.

149.  Defendants owed a duty to disclose that the Defective Vehicles were fundamentally flawed as described herein, because the defects created a safety hazard.

150.  Plaintiffs reasonably relied on Defendants' material misrepresentations and omissions regarding the features of the Defective Vehicles.

151.  Plaintiffs were harmed as a result of Defendants' conduct through diminution of vehicular value, damages to property, stolen items, automobile repair expenses, rental car expenditures, loss of wages, loss of opportunity, extreme inconvenience, mental anguish, and financial instability.

152.  Defendants' conduct proximately caused injuries to Plaintiffs that purchased the Defective Vehicles and suffered harm as alleged herein.

153. Defendants' conduct was a substantial cause in harming Plaintiffs.

154. Defendants' violations of the Consumer Legal Remedies Act have caused ongoing and continuing harm to Plaintiffs.

155. Defendants' unlawful acts and practices complained of herein affect the public interest.

156. Defendants knew of the defects, and that the Defective Vehicles were materially compromised by them.

157. The facts concealed and omitted by Defendants from Plaintiffs are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Defective Vehicles or pay a lower price.

158. Had Plaintiffs known about the defective nature of the Defective Vehicles, they would not have purchased them, or would not have paid the price they paid.

159. Plaintiffs' harms were proximately caused by Defendants' unlawful and deceptive business practices.

160. Defendants' deceptive business practices were a substantial factor in causing Plaintiffs' harm.

161. Pursuant to *Cal. Civ. Code* § 1780(a), Plaintiffs seek an order enjoining Defendants from engaging in the methods, acts, or practices alleged herein, including further concealment of the defects.

162. Under Cal. Civ. Code § 1780(e), Plaintiffs are entitled to costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY – DESIGN DEFECT

**(Plaintiffs Against Defendants Kia, Hyundai and DOES 1 through 100, Inclusive)**

163. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

164. Defendants marketed, advertised, and distributed the Defective Vehicles driven by Plaintiffs.

165. Defendants sold the Defective Vehicles driven by Plaintiffs.

166. The Defective Vehicles driven by Plaintiffs contained a design defect in the following respects:

a. It did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

b. The benefits of the vehicles' design did not outweigh the risks of the design, when considering the gravity of the potential harm resulting from the use of the vehicles, the likelihood that this harm would occur, the feasibility of an alternative safer design at the time of manufacture, the cost of an alternative design, and the disadvantages of an alternative design.

167. Defendants were harmed by the Defective Vehicles.

168. The Defective Vehicles' defects were a substantial factor in causing Defendants' harm.

169. As a direct and proximate cause of the conduct of Defendants, Plaintiffs sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

170. Defendants' conduct was fraudulent, malicious, and oppressive, justifying an award of punitive damages pursuant to Cal. Civ. Code § 3294.

### THIRD CAUSE OF ACTION

### GROSS NEGLIGENCE

**(Plaintiffs Against Defendants Kia, Hyundai and DOES 1 through 100, Inclusive)**

171. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

172. Defendants designed, manufactured, distributed, tested, sold, applied, used and/or supplied the Defective Vehicles.

173. Defendants held themselves out as capable of reasonably and prudently developing, manufacturing, marketing, supplying, testing, distributing, applying, using, supplying, and selling the Defective Vehicles at issue and therefore had the duty to have and exercise the knowledge of an expert on such products.

174. Defendants knew or should have known that the Defective Vehicles contained defects including that, among other things, manufacturing and designing them without engine immobilizers.

175.     Defendants knew or should have known that the Defective Vehicles were easy to steal, well below any industry standard.

176.     As designers, manufacturers, processors, packagers, distributors, marketers, sellers, and suppliers of the Defective Vehicles, Defendants had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of designers, manufacturers, processors, packagers, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation, the duty to test its vehicles; the duty to acquire and maintain the knowledge of an expert; the duty to design, manufacture, process, distribute, market, sell, and/or supply its vehicles free from defects and/or latent defects; the duty to adequately warn of vehicle defects and/or hazards, which duty continued even after the sale of said vehicles; and the duty to market, advertise, sell and supply vehicles with adequate information and warning about the unacceptable risk of theft their design failures create.

177.     In an extreme departure from their duties, Defendants failed to use due care and thereby breached their duties as set forth above and were careless and grossly negligent in the performance of their said duties to Plaintiffs.

178.     Plaintiffs used these Defective Vehicles in a manner ordinarily anticipated by Defendant.

179.     Defendants were grossly negligent as alleged herein.

180.     Plaintiffs were harmed.

181.     Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

182.     Defendants' conduct was fraudulent, malicious, and oppressive, justifying an award of punitive damages pursuant to Cal. Civ. Code § 3294.

## FOURTH CAUSE OF ACTION

### GROSS NEGLIGENCE – FAILURE TO RECALL

### (Plaintiffs Against Defendants Kia, Hyundai and DOES 1 through 100, Inclusive)

183.     Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

184.     Defendants designed, manufactured, marketed, advertised and/or supplied the Defective Vehicles within the ordinary course of their business.

185.    Defendants knew or reasonably should have known that the Defective Vehicles were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.

186.    Defendants became aware of these defects after the Defective Vehicles were distributed.

187.    Defendants failed to recall the Defective Vehicles.

188.    A reasonable distributor under the same or similar circumstances would have recalled the Defective Vehicles.

189.    Plaintiffs were harmed by the Defective Vehicles.

190.    Defendants' failure to recall the Defective Vehicles was an extreme is an extreme departure from this duty to use reasonable care and was a substantial factor in causing Plaintiffs' harm.

191.    As a direct and proximate cause of Defendants' conduct, Plaintiffs have been harmed.

192.    Defendants' conduct was fraudulent, malicious, and oppressive, justifying an award of punitive damages pursuant to Cal. Civ. Code § 3294.

## FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Plaintiffs Against Defendants Kia, Hyundai and DOES 1 through 100)

193.    Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

194.    Defendants marketed, advertised, and distributed the Defective Vehicles driven by Plaintiffs.

195.    At the time the Defective Vehicles were sold, Defendants were in the business of selling consumer vehicles and held themselves out as having special knowledge and skill regarding consumer vehicles.

196.    The Defective Vehicles were not of the same quality as those generally acceptable in the trade, nor were they fit for the ordinary purposes for which consumer vehicles are used.

197.    Plaintiffs were harmed by the Defective Vehicles.

198.    The failure of the Defective Vehicles to have the expected quality was a substantial factor in causing Plaintiffs' harm.

199.     As a direct and proximate cause of Defendants' conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

200.     The failure of the Defective Vehicles to be fit for the ordinary purposes for which consumer vehicles are used was willful, entitling each respective Plaintiff to statutory civil penalties of two times each respective Plaintiffs' actual damages, pursuant to Cal. Civ. Code § 1794(c).

201.     Pursuant to Cal. Civ. Code § 1794(d), Plaintiffs are entitled to all reasonable attorneys' fees incurred in prosecuting this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request relief be ordered as follows:

First Cause of Action

1.      An injunction pursuant to Cal. Civ. Code § 1780(a)(2).

2.      Reasonable attorney's fees pursuant to Cal. Civ. Code § 1780(e).

Second Cause of Action

1.      Compensatory damages.

2.      Punitive damages against Defendants pursuant to Cal. Civ. Code § 3294.

Third Cause of Action

1.      Compensatory damages.

2.      Punitive damages against Defendants pursuant to Cal. Civ. Code § 3294.

Fourth Cause of Action

1.      Compensatory damages.

2.      Punitive damages against Defendants pursuant to Cal. Civ. Code § 3294.

Fifth Cause of Action

1.      Compensatory damages.

CIVIL COMPLAINT – MASS TORT AND JURY DEMAND

1        2.      Civil penalties pursuant to Cal. Civ. Code § 1794(c).

2        3.      Reasonable attorneys' fees pursuant to Cal. Civ. Code § 1794(d).

All Causes of Action

1.      Costs of suit herein incurred;

2.      Interest as provided by law.

3.      For such other and further relief as the Court may deem just and proper.

**MLG, ATTORNEYS AT LAW, APLC**

Dated: February 6, 2023      By:      _____

Jonathan A. Michaels, Esq.,
Robert B. Smith, Esq.,
Matthew Van Fleet, Esq.,
MLG Attorneys at Law, APLC
600 Anton Blvd., Suite 1240
Costa Mesa, CA, 92626
(949) 581-6900
jmichaels@defectattorney.com
bsmith@defectattorney.com
mvanfleet@defectattorney.com
Attorneys for Plaintiffs

# JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

**MLG, ATTORNEYS AT LAW, APLC**

Dated: February 6, 2023        By: _____

Jonathan A. Michaels, Esq.,
Robert B. Smith, Esq.,
Matthew Van Fleet, Esq.,
MLG Attorneys at Law, APLC
600 Anton Blvd., Suite 1240
Costa Mesa, CA, 92626
(949) 581-6900
jmichaels@defectattorney.com
bsmith@defectattorney.com
mvanfleet@defectattorney.com
Attorneys for Plaintiffs