Adam M. Romney (SBN 261974)
Susan M. Benson (SBN 146837) *(Of Counsel)*
Jordan B. Everakes (SBN 251371)
GROTEFELD HOFFMANN LLP
5535 Balboa Blvd., Ste. 219
Encino, California 91316
Telephone: (747) 233-7150
Facsimile: (747) 233-7143

William J. Hoffmann *(pro hac vice to be filed)*
GROTEFELD HOFFMANN LLP
407 South Third Street, Suite 200
Geneva, Illinois 60134
Telephone: (312) 551-0200
Facsimile: (630) 262-5023

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA and HYUNDAI IMMOBILIZER PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No.: 8:22-ml-03052-JVS-KES<br><br>**APPLICATION FOR APPOINTMENT OF GROTEFELD HOFFMANN TO LEADERSHIP COMMITTEES** |

## __INTRODUCTION__

The Plaintiffs in Case No. 8:23-cv-00981 entitled State Farm Mutual Automobile Insurance Company, *et. al*. v. Hyundai Motor America, *et. al*. ("State Farm") filed suit on June 5, 2023 in the United States District Court for the Central District of California.  (*See* Exhibit A; State Farm Complaint).   That action is currently pending transfer and assignment to this Court.

1

State Farm hereby advises this Court that State Farm is not represented by Cozen O'Connor for these subrogation claims, and State Farm does not want its claims litigated as a class member.  At present, State Farm desires to litigate its claims independently and without inclusion in any class.  Furthermore, pursuant to this Court's Case Management Order No. 11, Docket No. 115, State Farm hereby submits this Application to appoint its chosen counsel, Grotefeld Hoffmann LLP, to the following committees:

1) New Executive Committee;

2) Subrogation Committee;

3) Discovery Committee; and

4) Expert Committee.

## BACKGROUND

This MDL includes a number of individual and class action lawsuits alleging that Defendants, Kia America, Inc. ("KA"), Kia Motor Corporation ("KC"), Hyundai Motor Company ("HMC") and Hyundai Motor America ("HMA") knowingly and improperly sold various automobiles (referred to herein as "Vehicles")[1] without any reasonable antitheft feature or design element that would prevent the Vehicles from being easily stolen.[2]  The absence of any such feature or design element violated Federal Motor Vehicle Safety Standard No. 114, made the Vehicles highly susceptible to theft, and

---

[1] The Vehicles (which are referred to as "Class Vehicles" in the Consolidated Complaint filed by the Consumer Class Plaintiffs) are: "all 2011-2022 Kia vehicles or 2011-2022 Hyundai vehicles which do not contain an engine immobilizer."  (*See* ECF 84, at footnote 4; *see also* Case No. 8:23-cv-00792, ECF 1, at ¶ 2).

[2] The design flaws which made the Vehicles highly susceptible to being stolen, including the lack of engine immobilizers, are defined as the "Theft Prone Defect" in the Consolidated Complaint and the Non-Class Insurance Plaintiffs' Complaint. (ECF 84, at ¶¶ 7-8; *see also* Case No. 8:23-cv-00792, ECF 1, at ¶ 4).

2

resulted in multitudes of stolen Vehicles and corresponding damages to consumers, insurers and others.

State Farm, and its various related entities and wholly-owned subsidiaries, are property and casualty insurers that have paid claims under policies issued to their policy holders for thefts of certain Hyundai and Kia vehicles. State Farm's total losses are extensive, and State Farm's Complaint identifies eight separate insurance carriers who have collectively issued in excess of two-hundred million dollars ($200M) in indemnity payments for theft and damage resulting from Defendants' actions and inactions.  This renders State Farm's total losses equivalent to the entire settlement value of the recently settled consumer class action before this MDL (Docket No. 107).

State Farm is aware that Plaintiffs in *State Auto. Mut. Ins. Co. et. al., v. Hyundai Motor America et. al*. 8:23-cv-00443 (the "Proposed Subrogation Class Action"), seek to represent all subrogating insurance carriers that paid insurance claims associated with stolen or damaged Kia and Hyundai vehicles.  State Farm does not wish to have its claims resolved through the Proposed Subrogation Class Action.

Instead, State Farm has retained its own legal counsel, William J. Hoffmann, (*pro hac vice* motion pending), Adam Romney, and Susan Benson of the law firm of Grotefeld Hoffmann. In the event this Court certifies any class which includes subrogation claims, State Farm intends to opt out of that class and pursue its own claims led by its selected legal counsel.

On May 30, 2023, the Court ordered a restructuring of leadership and determined a new set of committees and set a deadline for counsel to apply for positions with each committee. For the reasons that follow, State Farm requests that its legal counsel from Grotefeld Hoffmann be appointed to the following committees: (1) New Executive Committee; (2) Subrogation Committee; (3) Discovery Committee; and (4) Expert Committee for the MDL proceedings.

3

## <u>ARGUMENT</u>

**A.  State Farm's Subrogation Claims Present Unique Issues Which are not Resolvable on a Class-Wide Basis**

State Farm is the largest automobile insurance company in the United States - insuring millions of motor vehicles under various policies of insurance.  State Farm asserts a subrogation claim in excess of two-hundred million dollars ($200M) against the Defendants for claims it paid to thousands of its insureds for stolen and/or damaged Vehicles. State Farm's subrogation claims are distinct and separate from the claims asserted by the Consumer Plaintiffs, who seek to recover for only uninsured losses such as improperly inflated purchase prices, diminution in Vehicle value, and out-of-pocket deductibles.  For this reason, State Farm's damage claims include unique categories of damages that do not overlap with the claims asserted in the consumer class actions. Additionally, the Proposed Subrogation Class Action involves and includes class-specific issues that are inapplicable to State Farm.  Furthermore, as the largest automobile insurance company nationwide, State Farm's claim profile is uniquely wide in both geographic scope and sheer numerosity. Consequently, State Farm will not pursue recovery for its subrogation claims on a class-wide basis in order to adequately protect its own interests.   Instead, State Farm intends to opt out of any certified class and will pursue its own claims led by its legal counsel: William J. Hoffmann, Adam Romney, and Susan Benson of the law firm of Grotefeld Hoffmann.

4

**B. State Farm's Legal Counsel Should Be Appointed to the New Executive, Subrogation, Discovery, and Expert Committees**

State Farm specifically requests that its legal counsel from Grotefeld Hoffmann, William Hoffmann[3], Adam Romney, and Susan Benson, be named to the following committees in order to aid the court and represent the substantial and unique interests of State Farm:

1) New Executive Committee;

2) Subrogation Committee;

3) Discovery Committee; and

4) Expert Committee.

Attorneys Hoffmann, Romney, and Benson, as further delineated below, are exceptionally well qualified for appointment based on the criteria set forth in the Court's December 21, 2022, Initial Conference Order.  (ECF 2, p. 3).  Attorneys Hoffmann, Romney, and Benson have decades of experience representing State Farm and other subrogated insurance carriers in complicated mass tort litigations in state and federal courts across the country.  Their mass tort experience includes spear-heading product liability/defect cases, mass tort wildfire litigation, catastrophic utility infrastructure recoveries, and thousands of individual automobile subrogation claims.

Grotefeld Hoffmann is a leading subrogation firm in the United States and assumes a leadership role in many of the most complex, and highest profile, large-loss litigation nationwide. Consequently, Attorneys Hoffmann, Romney, and Benson plainly satisfy this Court's criteria for appointment to the MDL Committees.

---

[3] Mr. Hoffman's motion for pro hac vice admission is currently pending.

### i.   Knowledge and Experience Relevant to Complex Litigation

Each member of Grotefeld Hoffmann's litigation team in this matter has extensive subject matter knowledge and experience in prosecuting complex litigation claims across a variety of disciplines.  Highlights for each attorney include.

**<u>William Hoffmann</u>:**  William Hoffmann is a founding member of Grotefeld Hoffmann and has been practicing as an attorney for three decades.  Prior to obtaining his law license, Mr. Hoffmann worked as a claims adjuster and subrogation specialist at State Farm, granting him unique experience and insight into all aspects of the subrogation process.  Mr. Hoffmann's litigation experience includes prosecuting thousands of subrogation claims, including several large wildfire losses totaling in excess of five billion dollars ($5 Billion).

Mr. Hoffmann also currently serves as national coordination litigation counsel for three of the largest insurance companies in the United States. In that capacity, Mr. Hoffmann coordinates the litigation and arbitration of all products liability claims against multiple manufacturers of home products nationwide.  Mr. Hoffmann has also successfully brought product liability claims against manufacturers in multiple coordinated and consolidated actions, resolving hundreds of subrogation claims in the context of a single lawsuit.  Mr. Hoffmann has also appeared before the Federal Court Judicial Panel on Multidistrict Litigation as an advisory witness regarding the proposed formation of a specialized MDL for certain classes of product liability claims.

Mr. Hoffmann also served as national counsel, and led the nationwide subrogation group, in complex actions in resolving products liability claims for:

- Fluidmaster Inc. Water Connector Components Products
- Electrolux Dryer Products
- Durapro Toilet Connectors with Plastic Coupling Nuts.

6

Each of these mass products liability actions were prosecuted in association with parallel consumer class action proceedings. Mr. Hoffmann helped negotiate and resolve disputes between litigations while negotiation separate individual class action settlements in coordination with corresponding subrogation settlements against the same sets of defendants.  Consequently, Mr. Hoffmann possesses and depth and breadth of experience plainly applicable to this Court's proposed committees.

**Adam Romney:**  Adam Romney is a partner in Grotefeld Hoffmann's Los Angeles office with fifteen years of experience in prosecuting complex litigation matters; including multi-million dollar wildland fire subrogation claims, products liability claims, and derivative securities litigation matters. Mr. Romney also routinely represents the entire California subrogation industry at oral argument on complex topics related to inverse condemnation claims, state and federal jurisdictional issues, and the scope of governmental immunities.  Mr. Romney frequently drafts amicus briefs on behalf of the subrogation industry through the National Association of Subrogation Professionals, and has taken a leadership role in prosecuting complex wildfire cases throughout the western United States.

Within California, Mr. Romney had a lead role in prosecuting the 2019 Kincade Fire, which destroyed nearly eighty-thousand acres (80,000) of land and resulted in damages exceeding more than one billion dollars.  Mr. Romney also prosecuted subrogation actions arising from the Dixie Fire: the largest single wildfire recorded in California history. Finally, Mr. Romney is also actively and presently prosecuting multiple additional wildfires that have been designated as complex and has taken a lead role before the court and at public hearings relating to the Coastal Fire, the Fairview Fire, and the Creek Fire.

APPLICATION FOR APPOINTMENT TO LEADERSHIP COMMITTEES

Outside of California, Mr. Romney has taken on a lead coordinating role in managing the subrogation industry's interests in complex wildfire cases throughout the Western United States.  In that capacity, Mr. Romney coordinates extensively with other Plaintiff groups, including individual plaintiffs seeking compensation for uninsured losses and public entities seeking reimbursement for firefighting costs.  In just the last few years, Mr. Romney has been extensively involved in the investigation and litigation of the Archie Creek, Holiday Farm, and Santiam Canyon Fires in Oregon; the Babb Road Fire in Washington, the Marshall Fire in Colorado, the McKinley Fire in Alaska, and the Little Valley and Pinehaven Fires in Nevada.

Mr. Romney has also taken a prominent lead role for all Plaintiffs in the February 2021 Texas Freeze losses arising out of the Winter Storm Uri, with estimated damages in the billions.  Winter Storm Uri litigation is among the most complex in United States history, including claims against more than a hundred unique defendants in multiple industries and interconnecting and indivisible theories of fault.   In October of 2022, Mr. Romney presented oral argument before the Texas MDL Court against the Electric Reliability Council of Texas (ERCOT) – the primary entity responsible for managing Texas' electric grid argued, on behalf of all subrogation and individual Plaintiffs.

Mr. Romney has also previously defended complex derivative securities actions with parallel SEC enforcement actions.  These cases involve the coordination of many thousands of plaintiff claims and involve complex and specialized procedural work.  Consequently, Mr. Romney experience is plainly relevant to this Court's proposed committees.

**Susan Benson:**  Susan Benson is the managing attorney of Grotefeld Hoffmann's Los Angeles office and has more than thirty years of experience in subrogation litigation.  Ms. Benson has handled thousands of automobile subrogation claims and specializes in claims related to auto damage and total losses.

Ms. Benson has successfully litigated in every jurisdiction in the State of California and has a well-established reputation for providing high quality representation in a high-volume automobile claims subrogation practice. Ms. Benson regularly authors educational materials on the prosecution of automobile subrogation claims and presents seminars regarding complex Claims and Litigation Management.  Ms. Benson also regularly works with experts on automotive repair, salvage, and design in her regular practice.

Ms. Benson brings a rare perspective on subrogation issues unique to automobile losses that is usually absent from catastrophic loss subrogation claims, and on that basis plainly offers experience relevant to this Court's proposed committees.

### ii.    Willingness and Ability to Serve

Grotefeld Hoffmann routinely and diligently provides full-service litigation services to its clients in connection with cases designated as complex.   Grotefeld Hoffmann's attorneys have an appreciation for the work involved and understand that committee membership represents a substantial commitment of energy, focus, and time. Grotefeld Hoffmann's attorneys, consistent with their demonstrated commitment to client service and as part of their leadership capacity for the entire subrogation industry, are both willing and able to serve on these committees and devote the time and resources required to do so.

### iii.    Ability to Work Cooperatively with Others

Grotefeld Hoffmann's attorneys have repeatedly served as one of the recognized lead counsel in numerous product liability and mass tort wildfire actions with the consent and agreement of co-counsel.  Grotefeld Hoffmann's attorneys regularly serve as Co-liaison counsel for the subrogation industry, along with attorneys at Berger Kahn and Cozen O'Connor, in mass tort actions throughout the United States.

APPLICATION FOR APPOINTMENT TO LEADERSHIP COMMITTEES

Mr. Hoffmann has repeatedly and consistently led the subrogation group of attorneys in products liability cases.  In that role he regularly interfaces with individual class counsel, and actively negotiates the resolution of matters involving parties with differing interests and competing for a limited pool of resources.

Mr. Romney regularly coordinates factual investigations and legal prosecutions with various plaintiff groups in catastrophic losses throughout the western United States. Mr. Romney operates in a leadership role, negotiates joint prosecution agreements with various classes of plaintiffs, and oversees the coordination and development of shared theories of recovery.  Mr. Romney also maintains good working relationships throughout the subrogation industry.

Ms. Benson is well respected in Southern California' subrogation community. She is a former member of the Board of Directors of the National Association of Subrogation Professionals and has served as the co-chair of several committees for that organization.  Ms. Benson is also the managing attorney of Grotefeld Hoffmann's Los Angeles office and has a demonstrated capacity to work cooperatively with others.

### iv.    Access to Sufficient Resources

Grotefeld Hoffmann is a nationwide subrogation law firm with nine offices and dozens of attorneys and corresponding staff sufficient to prosecute a case of this size and complexity.  Grotefeld Hoffmann's previous success in complex subrogation actions has also left it well capitalized and able to fund these cases until their conclusion.  Grotefeld Hoffmann has also developed an extensive network of subject matter expert witnesses and investigators who are available on short notice to assist with these complex matters. Attorneys Hoffmann, Romney, and Benson have full access to the firm's resources and are well positioned to serve without occasioning undue stress or hardship.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CONCLUSION**

State Farm wishes to pursue its own claims, outside of the constraints of the Proposed Subrogation Class Action, and with the guidance of and representation by their own legal counsel.  Further, for the reasons detailed above, State Farm requests that this court appoint William Hoffmann, Adam Romney, and Susan Benson to the New Executive Committee, Subrogation Committee, Discovery Committee, Expert Committee for this Court's MDL proceedings.


Respectfully submitted,


Dated: June 7, 2023                    **GROTEFELD HOFFMANN**

                                       /s/ Adam M. Romney
                                       Adam M. Romney,
                                       Attorneys for Plaintiffs

11