Name and address:
Rick L. Ashton (OH 0077778)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215

**FILED**
CLERK, U.S. DISTRICT COURT

6/08/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LT_____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re: KIA and HYUNDAI IMMOBILIZER PRODUCTS LIABILITY LITIGATION

v.

PLAINTIFF(S)

DEFENDANT(S)

CASE NUMBER:

8-22-ml-03052-JVC-KES

**NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL**

## INSTRUCTIONS

*Appearance of Counsel*:

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel*:

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

**Note:** In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.

## SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it <u>currently</u> appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Rick L. Ashton                                          CA Bar Number: PHV

Firm or agency: Allen Stovall Neuman & Ashton LLP

Address: 10 West Broad Street, Suite 2400, Columbus, Ohio 43215

Telephone Number: 614-221-8500               Fax Number: 614-221-5988

Email: ashton@asnlaw.com

Counsel of record for the following party or parties: City of Columbus, Ohio

**SECTION II - TO ADD AN ATTORNEY TO THE DOCKET**

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket. The date of the attorney's first appearance in this case: _____ .

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above. Other members of this attorney's firm or agency have previously appeared in the case.

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above. No other members of this attorney's firm or agency have previously appeared in the case.

☒ By order of the court dated __December 22, 2022__ in case number __8:22-ml-03052-JVS-KES__ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice*.

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____. The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

☐ USAO   ☐ FPDO   ☐ CJA Appointment   ☐ Pro Bono   ☐ Retained

**SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET**

***Notices of Electronic Filing will be terminated***. *Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket. Date of the order relieving this attorney: _____.

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.
*(Note: if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. Date party was dismissed: _____.

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated. Date the mandate was filed: _____.

**SECTION IV - SIGNATURE**

I request that the Clerk update the docket as indicated above.

Date: __June 8, 2023__    Signature: __/s/ Rick L. Ashton__

Name: __Rick L. Ashton__

FILED
CLERK, U.S. DISTRICT COURT
12/22/22
CENTRAL DISTRICT OF CALIFORNIA
BY: LB  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES (<u>See</u> Exhibit A) | CASE NO: **8:22-ML-3052 JVS(KESx)**<br><br>ORDER NO. 1: INITIAL CONFERENCE<br><br>Date: February 7, 2023<br>Time: 9:00 a.m.<br>Place: 411 W. Fourth Street, Santa Ana, CA 92701 Court Room 10C |

By order of the Judicial Panel on Multidistrict Litigation (J.P.M.L.), the actions listed in Exhibit A were transferred and assigned to this Court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. Additional tag-along actions may be transferred.

Because these cases merit special attention as complex litigation, the Court ORDERS:

December 21, 2022

1

1. *Conference.* Counsel for all parties shall appear for a conference on February 7, 2023 9:00 a.m. in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse at 411 W. Fourth Street, Santa Ana, CA, 92701. The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), 16(f), and 26(f). Counsel are requested to check in with the Courtroom Deputy at least 15 minutes in advance.

2. *Preliminary Thoughts.* The Court provides the following preliminary thoughts in order to assist counsel in focusing on the immediate issues presented by these cases. These thoughts are of course subject to revision upon submission of the views of the parties and counsel which the Court invites.

2.1. *Structure.* The Court contemplates a Leadership Committee with additional subcommittees for fact discovery and expert discovery. Each committee will consist of three lawyers. A member of the Leadership Committee shall chair each subcommittee. The Leadership Committee would have the responsibility for drafting and presenting to the Court an overall scheduling plan for the case which would include a discovery plan. The Court envisions that the scheduling plan would address at least the issues set forth in Exhibit B hereto.

- The Court invites the parties' views on whether there should be specific representation on the Leadership Committee for commercial interests, such as fleet owners.

- The Court invites the parties' views on whether a liaison committee should be appointed to coordinate with state proceedings.

2.2 *Applications for Lead and Other Counsel Appointments.* Applications for these positions must be filed on or before January 23, 2023. The

December 21, 2022        2

Court will only consider attorneys who have filed an action in this litigation. The main criteria for these appointments are (1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute. The Court will strive for diversity in the appointments, including race, age, sex, and geographical location. Applications may not exceed ten pages, excluding any attached data summaries.

Any appointment will be of an individual personal appointment, and will be subject to application for renewal at the end of each year in the case. The Court is unlikely to make appointments by slate.

Depending on the number of applicants, each applicant will have five to ten minutes to address the Court at the initial hearing.

2.3. *Role of Counsel.* The management of this docket holds unique challenges. The Court looks forward to benefitting from the knowledge and experience of seasoned counsel to arrive at solutions which will ensure the orderly preparation of these cases. Counsel, the parties, and the Court will all need to work collaboratively.

2.3. *Immediate Goals.* The goals of the Scheduling Conference are three-fold: adoption of a structure for organizing the docket, appointment of counsel to fill out the structure, and adoption of a working definition of core discovery.

2.4. *Next Step.* With the goals of the initial Scheduling Conference in place, the Court will set a further conference in approximately 30 days to consider the adoption of an overall scheduling plan, including a discovery plan.

3. *Particulars of the Scheduling Conference.*

  3.1. *Representation.* Parties with similar interests may (but are not required to) agree on a single attorney, or a limited number of attorneys, to act on their joint behalf at the conference. A party will not, by designating an attorney to represent his or her interests at the conference, be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, service, or like matters. Telephonic appearances will not be permitted.

  3.2. *Other Counsel.* This Order is being mailed to the persons shown on Exhibit A, which has been prepared from the list of counsel making appearances with the J.P.M.L. Counsel on this list are requested to forward a copy of this Order to other attorneys who should be notified of the conference. An updated service list will be prepared after the conference.

  3.3. *Other Parties.* Persons who are not named as parties in this litigation but may later be joined as parties, and persons who are parties in related litigation pending in other federal and state courts, are invited to attend in person or by counsel.

4. *Preparations for the Scheduling Conference.*

  4.1. *Rules.* Counsel are expected to be familiar with the Manual for Complex Litigation, Fourth. Counsel are also required to review the Local Rules for the Central District of California, including Local Rule 5-4 (electronic filing), and this Court's general procedures, all of which may be found on the Central District of California website at www.cacd.uscourts.gov.

December 21, 2022                                              4

      4. 2. *Initial Conference Counsel.* Before the conference, counsel shall confer and seek consensus to the extent possible concerning the immediate issues and any other matters they wish to bring to the Court at this time. The Court designates:

      Steve W. Berman, Esq.
      HAGENS BERMAN SOBOL SHAPIRO LLP
      1301 Second Avenue, Suite 2000
      Seattle, WA 98101

      Peter J. Brennan, Esq.
      JENNER & BLOCK LLP
      353 North Clark Street
      Chicago, IL 60654-3456

      Elizabeth A. Fegan, Esq.
      FEGAN SCOTT LLC
      150 S. Wacker Dr., 24th Floor
      Chicago, IL 60606

      Kenneth B. McClain, Esq.
      HUMPHREY FARRINGTON & McCLAIN
      221 W. Lexington Ave., Suite 400
      Independence, MO 64050

These temporary designations are not a precursor of future appointments, but

simply a means to initiate the process. The Court expects that all counsel desiring to do so will have a full opportunity to participate in the discussion and the report which the Court requests.

4.3. *Preliminary Report.* Interim Counsel will submit to the Court by Friday, January 30, 2023 a report including the following:

- Proposed structure of counsel.

- Identification of core discovery.

- A brief statement of counsel's understanding of the facts and the critical legal issues. Any potentially dispositive issues should be separately identified. These statements will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.

- A list of all pending motions.

- A list of all known related cases pending in state or federal court and their current status.

- A list of all parents, subsidiaries, and companies affiliated with the corporate parties and of all counsel associated in the litigation to help the Court identify any problems of recusal or disqualification.

Where possible, the Court urges counsel to set forth their views in a single report which notes both consensus views and divergent views where that is the case. Any party may supplement the report with a filing of no more than ten pages.

December 21, 2022                                6

5. *Interim Measures.*

5.1. *Admission of Counsel.*  All attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice*. Association of local counsel is not required.  If not already registered, counsel will need to register for electronic filing (CM/ECF) in the Central District of California.  (More information can be found on the Court's website.)

5.2. *Preservation of Records.*  Until the parties reach agreement on a plan for preservation of records, all parties and their counsel must preserve all evidence that may be relevant to these actions.

5.3. *Stay of Motions Practice.*  Except for motions for emergency relief, no motion shall be filed until and in accordance with the Scheduling Order.

5.4 *Motions.*  No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.

5.5 *Orders of Transferor Courts.*   All orders by transferor courts imposing dates for pleading or discovery are vacated.

5.6. *Chambers Mail Box.*  The Court maintains an electronic mail box for communications with the Courtroom Deputy and for receipt of proposed orders in electronic format (either Word or WordPerfect).

5.7. *Website.*  The Court will shortly establish a web page accessible from the first page of the Court's website (click on "<u>IN RE: KIA HYUNDAI VEHICLE LITIGATION</u>").  The Court will regularly post copies of orders, notices and other

December 21, 2022                                       7

items of interest to the page.

6. *Later Filed Cases.* This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

IT IS SO ORDERED.

Dated: December 22, 2022

_____
James V. Selna
United States District Judge

8

IN RE: KIA HYUNDAI VEHICLE  
THEFT LITIGATION               MDL No. 3052

# EXHIBIT A

<u>Central District of California</u>

YEGHIAIAN, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 8:22-01440  
MCNERNEY, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 8:22-01548

<u>District of Colorado</u>

JONES v. KIA AMERICA, INC., ET AL., C.A. No. 1:22-02123

<u>Middle District of Florida</u>

PUE, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 6:22-01440

<u>Northern District of Illinois</u>

LOBURGIO, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 1:22-04071

<u>Southern District of Iowa</u>

BRADY, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 4:22-00252

<u>District of Kansas</u>

SIMMONS, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 2:22-02288

<u>Eastern District of Kentucky</u>

DAY v. KIA AMERICA, INC., ET AL., C.A. No. 5:22-00202

<u>Western District of Missouri</u>

BENDORF, ET AL. v. KIA AMERICA, ET AL., C.A. No. 4:22-00465  
BISSELL v. HYUNDAI MOTOR AMERICA CORPORATION, ET AL.,  
    C.A. No. 4:22-00548

<u>District of Nebraska</u>

HALL v. KIA AMERICA, INC., ET AL., C.A. No. 4:22-03155

**IN RE: KIA HYUNDAI VEHICLE
THEFT LITIGATION**  MDL No. 3052

     Southern District of New York

MOON v. KIA AMERICA, INC., ET AL., C.A. No. 1:22-07433

     Northern District of Ohio

SLOVAK, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 3:22-01432

     Southern District of Ohio

FRUHLING, ET AL. v. KIA MOTORS AMERICA, INC., ET AL., C.A. No. 1:22-00451

     Southern District of Texas

BODIE, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 4:22-02603

     Eastern District of Wisconsin

MARVIN v. KIA AMERICA, INC., ET AL., C.A. No. 2:21-01146

<u>Exhibit B</u>

<u>Issues for Scheduling Conference Order</u>

**General Matters**, including:

- Overview of the case: the key factual and legal issues, including any unusual substantive, procedural, or evidentiary issues

- Proposals for accomplishing the goals described in Rule 16(a) of the Federal Rules of Civil Procedure

- Positions concerning the applicable topics described in Rule 16(c)

- Adoption of a consolidate complaint. Possible need for a consolidated pleading

- Requirements and expectations concerning compliance with the Federal Rules, the Local Rules for the Central District, and this Court's orders, rules, and procedures

- Jurisdictional issues, including whether any actions should be remanded to state courts

- Possible need for coordination with actions pending in state courts or with other categories of potentially related cases in federal court (<u>e.g.</u>, securities cases).

- The service list

11

**Motion Practice**, including:

- Description and status of pending motions

- Description of presently anticipated motions

- Motion cut-off and briefing schedules

- Procedures for class certification motions

- Compliance with the Local Rules and this Court's orders re motions

**Discovery and Disclosures**, including:

- Dates and procedures for disclosures

- Subjects where discovery may be needed

- Sequencing of discovery

- Discovery cut-off dates(s) and whether discovery should be conducted in phases, or limited, or focused on particular issues

- Existence of trade secrets or other privileged materials, and possible need for a protective order

- Possible need for orders for the preservation of documents

12

- Possible need for a document depository

- Document numbering system

- Changes to the limitations on discovery imposed by the Federal Rules

- Provisions for disclosure or discovery of electronically stored information

- Expert discovery

- Procedures for resolving discovery disputes, including appointment of a special master

- **Settlement**, including:

  - The nature and extent of discovery that must be completed before meaningful settlement discussions

  - Appropriate dispute resolution mechanism

**Timetable**, including:

- Overall timetable for completing the docket

- Interim benchmarks and targets for tasks

13