Craig S. Simon (SBN 78158)
csimon@bergerkahn.com
Stephanie H. Ng (SBN 309389)
sng@bergerkahn.com
BERGER KAHN, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614
Tel: (949) 474-1880
Fax: (949) 313-5029
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In re: KIA and HYUNDAI IMMOBILIZER PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | CASE NO. 2:23-cv-04288 JVS(KESx)<br>8:22-ml-03052 JVS(KESx)<br><br>**APPLICATION FOR APPOINTMENT OF CRAIG S. SIMON OF BERGER KAHN TO (1) NEW EXECUTIVE COMMITTEE; (2) SUBROGATION INSURANCE COMMITTEE; (3) DISCOVERY COMMITTEE; AND (4) EXPERT COMMITTEE** |

## PROCEDURAL ISSUES

The Plaintiffs in *21st Century Centennial Insurance Company, et. al., v. Hyundai Motor America et. al.*, 2:23-cv-04288-GW-RAO ("Farmers Entities") filed suit on June 1, 2023. Plaintiffs timely filed the application for the appointment of Craig S. Simon of Berger Kahn to leadership committees on June 7, 2023.[1] Plaintiffs' suit was subsequently transferred to the MDL in this Court on June 8, 2023. (A copy of the Complaint and Order Re: Transfer is attached as Exhibit "A").[2]

---

[1] Since the *21st Century* Plaintiffs were not part of the MDL and did not have filing privileges, the application was filed before Judge Wu, who struck the filing and transferred the case to the MDL. On the same day as filing with Judge Wu, Cozen O'Connor, as a courtesy, filed the application for Berger Kahn in the MDL. This direct filing is a copy of what was previously filed on June 7, 2023.

[2] Farmers' Entities are property and casualty insurers that have paid claims under policies issues to their policy holders for thefts of certain Hyundai and Kia vehicles. Thirty-six named insurance carriers have been identified in the Complaint. (Exhibit "A"). Farmers' Entities have a large share of the insurance marketplace and do likewise have significant losses.

Out of an abundance of caution, Plaintiffs hereby re-file this application in this Court (which is substantively the same as the previous filing).

Farmers' Entities are not represented by Cozen O'Connor for these subrogation claims. Farmers' Entities desire to litigate their claims without being included in any class action. Farmers' Entities will, of course, cooperate and work together with other subrogation plaintiffs.

In the Court's Order No. 11, Docket No. 115, the Court noted that there is potential resolution of the Consumer Class Actions (Docket No. 107) and outlined a new leadership structure moving forward that included a new set of committees. The Court's deadline for applications set for June 7, 2023.

**Craig S. Simon of Berger Kahn respectfully submits the following application for a position in the following committees: (1) New Executive Committee; (2) Subrogation Committee; (3) Discovery Committee; and (4) Expert Committee for the MDL proceedings.[3]**

**<u>PLAINTIFF SUBROGATION INSURERS HAVE JOINTLY PROSECUTED MOST PREVIOUS ACTIONS WITH BERGER KAHN, GROTEFELD HOFFMANN AND COZEN O'CONNOR AS CO-LIASON COUNSEL</u>**

While the current matter involves subrogation suits against vehicle manufacturers, the Farmers' Entities who hopefully will be transferred to this MDL soon have a long history of organizing subrogation plaintiffs into committees and forming Liaison Counsel to make presentations to the judge presiding over the pending case. For example, Berger Kahn, Grotefeld Hoffmann, and Cozen O'Connor, were informally elected as Co-Liaison Counsel by the other insurers/subrogation counsel to help lead in the In Re Winter Storm Uri litigation

---

[3] **We request that the Court move the selection process and hearing date approximately 30 days from the current hearing date.** Berger Kahn, Grotefeld Hoffman, Cozen O'Connor, and Stutman Law have met and conferred and may be filing a joint proposal regarding the appointment to Committees for the Court's consideration. This requested time will allow the Subrogation counsel to meet and confer with the Defense as well. In addition, Mr. Simon is in a contested arbitration at JAMS in Orange County on June 12, 2023, and unable to attend this hearing in person.

(MDL 2021-41903) pending in Texas in Harris County District Court. Craig Simon, along with attorneys from one or both of these firms have been elected as Co-Liaison Counsel in wildfire cases against various utilities, including:

1.    *Bastrop County Complex Fire Litigation* (2011), Case No. 2012-MCF-01 in  the 21st Judicial District Court of Bastrop County, Texas, attached hereto as **Exhibit B** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

2.    *California North Bay Fire Cases* (2017), JCCP No. 4955, attached hereto as **Exhibit C** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

3.    *Southern California Fire* Cases (2017), JCCP No. 4965, attached hereto as **Exhibit D** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

4.    Getty Fire (2019) – (Lead Case *Indian Harbor Insurance Company v. Los Angeles Department of Water and Power, et al.,* No. 20STCV13851), attached hereto as **Exhibit E** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

5.    *Kincade Fire Cases* (2019), JCCP No. 5157, attached hereto as **Exhibit F** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

6.    Saddle Ridge Fire (2019) – (Lead Case *United Services Automobile Association, et al. v. Southern California Edison Company, et al.*, No. 20STCV39273), attached hereto as **Exhibit G** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

7.    Bobcat Fire (2020) – (Lead Case *Richard Passmore, et al. v. Southern California Edison Company, et al.*, No. 20STCV42356), attached hereto as **Exhibit H** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

8.      *Mountain View Fire* Cases (2020), JCCP No. 5228, attached hereto as **Exhibit I** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

9.      Slater Fire (2020) – (Lead Case *Lyla Hitchcock, et al. v. PacifiCorp, et al.*; No. 34-2020-00290833), attached hereto as **Exhibit J** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

10.     *Zogg Fire* Cases (2020), JCCP No. 5165, attached hereto as **Exhibit K** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

11.     *Dixie Fire* Cases (2021), JCCP No. 5208, attached hereto as **Exhibit L** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

12.     Coastal Fire (2022) – (Lead Case *Dean Demetre, et al. v. Southern California Edison Company, et al.*, No. 30-2022-01260545), attached hereto as **Exhibit M** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel;

13.     *Fairview Fire Cases* (2022), JCCP No. 5266, attached hereto as **Exhibit N** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel.

## COURT'S CRITERIA

In the Court's Order No. 1, Docket No. 2, the Court set forth the following criteria for appointment to MDL committees: (1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute. It is also noted that the Court will strive for diversity in the appointments, including race, age, sex, and geographical location.

I.      **Relevant Experience**

Craig S. Simon has been practicing as an attorney since 1977. He is the Managing Partner at Berger Kahn, ALC. This is a link to his online biography and if one toggles to the "Recent Media Coverage," there are over 100 links to articles mentioning Mr. Simon: http://bergerkahn.com/home/our-people/craig-s-simon.

Mr. Simon is admitted to practice in California, Texas, Central District of California, Southern District of California, Northern District of California, Eastern District of California, and the Ninth Circuit Court of Appeals. He serves as National Subrogation Counsel for Farmers Insurance entities to help oversee subrogation recovery challenges across the country. He has broad experience in handling matters of exceptional complexity, specifically multidistrict litigation and nationwide class actions. He was involved in the Washer Hose Litigation against Sears and Dayco (washer hose failures leading to water losses in over 20,000 homes) and was involved in the subrogation challenges regarding the proposed releases in the class action in the Fluidmaster Inc. Water Connector Components Products Liability Litigation. He has acted as lead trial attorney in numerous cases before federal and state court juries and in arbitrations across the country.

Berger Kahn is a leading subrogation law firm in the country and has led the Subrogation Group in major California wildfire cases, where utility companies, government agencies, and/or private companies cause catastrophic losses. These fires include the following: Grass Valley, Malibu Canyon, Sesnon, Sayre, Crown, Yorba Linda, San Bruno, Bernardo, Powerhouse, Butte, Petaluma, Round, San Jose and Liberty.

In the JCCP North Bay Fire Cases against PG&E, Mr. Simon was assigned by the Court as Co-Lead Counsel. During the PG&E bankruptcy, he represented carriers on the Steering Committee for the Ad Hoc Group of Subrogation and had a key role in the $11 billion global bankruptcy resolution between PG&E and the subrogation carriers, which included setting up procedures for the Subrogation trust

arising from the bankruptcy. Attached hereto as **Exhibit C** is an excerpt of the Case Management Order appointing Craig Simon as liaison counsel in *California North Bay Fire Cases,* Case No. JCCP 4995 (Ca. Super. Ct., San Francisco Co.).

Mr. Simon actively took the lead at the counsel table (both actual and virtual) and on cross-examination of Southern California Edison's employees in the Thomas and Woolsey Fires. He played a key role in settling the 2017 Thomas Fire for $1.6 Billion and the 2018 Woolsey Fire for $2.2 Billion against SCE. As a reflection of that role, Mr. Simon was given the California Attorney of the Year Award by the Los Angeles Daily Journal in March 2021, along with attorneys from Cozen O'Connor and Grotefeld Hoffmann. Attached hereto as **Exhibit D** is an excerpt of the Case Management Order appointing to the liaison committee in *Southern California Fire Cases*, Case No. JCCP4965 (Ca. Super. Ct., Los Angeles Co.).

Mr. Simon actively led litigation in multiple states outside of California, including the following: 101 Ranch Fire, Bastrop Fire Complex, Spicewood, Steiner Ranch, Hidden Pines, and West Explosion in Texas; Taylor Bridge Fire, the Little Valley Fire in Washington State; the Caughlin Fire in Nevada; Germann Road Fire in Wisconsin; Las Conchas Fire in New Mexico; and the Wetmore and Wood Hollow Fires in Utah. Mr. Simon ultimately helped spearhead these cases to final settlement for the Subrogation Group.

In addition to complex wildfire litigation, Mr. Simon is very actively involved in the February 2021 Texas Freeze losses arising out of the Winter Storm URI, with estimated damages that total as one of the highest in this nation's history. Grotefeld Hoffmann attorneys are spearheading that effort. The Subrogation Group in that litigation decided unanimously that Mr. Simon would act as one of the Liaison-Counsel for the Subrogation Group - again along with attorneys from Grotefeld Hoffmann and Cozen O'Connor.

## II.    Ability to Commit to a Time-Consuming Process

Mr. Simon joined Berger Kahn as a law clerk in 1975, became a lawyer in 1977, became a principal of the firm in 1981, and in 1984, he opened the firm's Orange County office. Through almost five decades at Berger Kahn, Mr. Simon has steadfastly led, improved, and evolved his law firm to lead the way in complicated and novel theories of litigation, using modern computer applications and technology. Mr. Simon is committed to investing time in all aspects of litigation, from filing the complaint through discovery and trial. Mr. Simon's reputation as a tenacious and unconventional litigator has been recognized in the legal community. Named to the list of Best Lawyers for 2015-present for his demonstration of excellence in his practice of law, Mr. Simon is also recognized to the list of Southern California Super Lawyers, with frequent recognition to the "Top 50 Orange County," and "Top 100 Southern California" Super Lawyers lists.

### III.   Ability to Work Cooperatively with Others

Berger Kahn has a distinguished history of leadership in complex mass tort lawsuits that include government entities and class actions. For decades, Mr. Simon has worked cooperatively with the other subrogation lawyers and the defense and has an excellent reputation with his peers and the Court. A noted above, Mr. Simon has served as one of the recognized lead counsel in numerous mass tort wildfire actions filed against California utilities, seeking and obtaining recoveries of billions of dollars as a result of subrogation property damage losses. Mr. Simon has served as Liaison Counsel for the Subrogation Group in all of these fires. Mr. Simon has a worked in conjunction with attorneys at Grotefeld Hoffman, Cozen O'Connor, as well as other well-known Subrogation firms in these types of complex litigation. Mr. Simon is well-respected in subrogation circles and known for his leadership and tenacity.

Mr. Simon, in all cases where he is Liaison Counsel, has historically reached out to Defendants and the Court to facilitate the most judicious route to conduct discovery and move towards settlement/trial. If appointed by this Court, Mr. Simon

and Berger Kahn will commit the necessary time to lead the committees and more importantly, follow up and follow through in all of the committee's directives.

## IV.    Access to Sufficient Resources

Berger Kahn has a decades-long relationship with numerous insurance carriers across the country. Mr. Simon is National Counsel for Farmers Insurance entities. Berger Kahn has sufficient resources both in personnel and financial to effectively co-lead the litigation. Mr. Simon has experience in creating discovery committees, overseeing assignments, managing a number of personnel from a number of law firms to deliver a trial ready case. At the same time, Mr. Simon has excellent negotiating skills to see the strengths and weaknesses of a case and achieve a fair settlement for all parties.

Berger Kahn has sufficient resources to tackle any obstacles that face the New Executive Committee, Subrogation Committee, Discovery Committee, and Expert Committee. Mr. Simon has extensive experience and knowledge in structuring and organizing discovery, expert discovery, and also trial in complex litigation.

## CONCLUSION

Farmers' Entities request that the Court allow 30 days for the subrogation firms to organize and make a joint proposal to the Court on leadership structure and organization.

If the Court is inclined to make its Committee assignments on June 12, 2023, Farmers' Entities request that this Court appoint Craig Simon to the (1) New Executive Committee; (2) Subrogation Committee; (3) Discovery Committee; and (4) Expert Committee.

DATED: June 9, 2023                    BERGER KAHN, A Law Corporation

By: _____
    CRAIG S. SIMON
    STEPHANIE H. NG
    Attorneys for Plaintiffs

# Exhibit A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| 21st Century Centennial Insurance Company et al | CASE NUMBER |
|---|---|
| | 2:23-cv-04288 GW(RAOx) |
| v.                                PLAINTIFF(S) | **ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 23-05 (RELATED CASES)** |
| Hyundai Motor America et al                DEFENDANT(S). | |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 23-05.

| June 8, 2023 | James V. Selna |
|---|---|
| Date | United States District Judge |

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

_____

_____

_____

_____

| Date | United States District Judge |
|---|---|

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case  8:22-ml-03052 JVS(KESx)  and the present case:

☑ A.    Arise from the same or closely related transactions, happenings or events; or

☑ B.    Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C.    For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.    Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____Oliver_____ to Magistrate Judge _____Scott_____.

On all documents subsequently filed in this case, please substitute the initials  JVS(KESx)  after the case number in place of the initials of the prior judge, so that the case number will read  2:23-cv-04288 JVS(KESx) . This is very important because the documents are routed to the assigned judges by means of these initials

cc: ☐ *Previous Judge*    ☐ *Statistics Clerk*

CV-34 (05/23)      ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 23-05 (Related Cases)

Craig S. Simon (SBN 78158)
csimon@bergerkahn.com
Stephanie H. Ng (309389)
sng@bergerkahn.com
BERGER KAHN, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614
Tel: (949) 474-1880 • Fax: (949) 313-5029

Attorneys for Plaintiffs

**UNITED STATE DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21ST CENTURY CENTENNIAL INSURANCE COMPANY; 21ST CENTURY INSURANCE COMPANY; 21ST CENTURY PREMIER INSURANCE COMPANY; BRISTOL WEST CASUALTY INSURANCE COMPANY; BRISTOL WEST INSURANCE COMPANY; BRISTOL WEST PREFERRED INSURANCE COMPANY; COAST NATIONAL INSURANCE COMPANY; ECONOMY FIRE AND CASUALTY COMPANY; ECONOMY PREFERRED INSURANCE COMPANY; ECONOMY PREMIER ASSURANCE INSURANCE COMPANY; FARMERS CASUALTY INSURANCE COMPANY; FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY; FARMERS GROUP PROPERTY AND CASUALTY INSURANCE COMPANY; FARMERS INSURANCE COMPANY OF ARIZONA; FARMERS INSURANCE COMPANY OF IDAHO; FARMERS INSURANCE COMPANY OF OREGON; FARMERS INSURANCE COMPANY OF WASHINGTON; FARMERS INSURANCE COMPANY, INC.; FARMERS INSURANCE EXCHANGE; FARMERS INSURANCE OF COLUMBUS, INC.; FARMERS LLOYDS INSURANCE COMPANY OF TEXAS; FARMERS | Case No.: <br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES

1   NEW CENTURY INSURANCE )
2   COMPANY; FARMERS PROPERTY )
    AND CASUALTY INSURANCE )
3   COMPANY; FARMERS SPECIALTY )
    INSURANCE COMPANY; FARMERS )
4   TEXAS COUNTY MUTUAL )
    INSURANCE COMPANY; FIRE )
5   INSURANCE EXCHANGE; )
    FOREMOST COUNTY MUTUAL )
6   INSURANCE COMPANY; )
    FOREMOST INSURANCE )
7   COMPANY GRAND RAPIDS, )
    MICHIGAN; FOREMOST )
8   SIGNATURE INSURANCE )
    COMPANY; ILLINOIS FARMERS )
9   INSURANCE COMPANY; )
    METROPOLITAN GENERAL )
10  INSURANCE COMPANY; MID- )
    CENTURY INSURANCE )
11  COMPANY; MID-CENTURY )
    INSURANCE COMPANY OF )
12  TEXAS; SECURITY NATIONAL )
    INSURANCE COMPANY; TOGGLE )
13  INSURANCE COMPANY; AND )
    TRUCK INSURANCE EXCHANGE, )
                              )
14              Plaintiffs, )
                              )
15         vs. )
                              )
16  HYUNDAI MOTOR AMERICA, )
    HYUNDAI MOTOR COMPANY, KIA )
17  AMERICA, INC., KIA )
    CORPORATION )
                              )
18              Defendants. )
19  _____ )

20

21         NOW COMES Plaintiffs 21st Century Centennial Insurance Company; 21st

22  Century Insurance Company; 21st Century Premier Insurance Company; Bristol

23  West Casualty Insurance Company; Bristol West Insurance Company; Bristol

24  West Preferred Insurance Company; Coast National Insurance Company;

25  Economy Fire and Casualty Company; Economy Preferred Insurance Company;

26  Economy Premier Assurance Insurance Company; Farmers Casualty Insurance

27  Company; Farmers Direct Property and Casualty Insurance Company; Farmers

28  Group Property and Casualty Insurance Company; Farmers Insurance Company of

2

Arizona; Farmers Insurance Company of Idaho; Farmers Insurance Company of Oregon; Farmers Insurance Company of Washington; Farmers Insurance Company, Inc.; Farmers Insurance Exchange; Farmers Insurance of Columbus, Inc.; Farmers Lloyds Insurance Company of Texas; Farmers New Century Insurance Company; Farmers Property and Casualty Insurance Company; Farmers Specialty Insurance Company; Farmers Texas County Mutual Insurance Company; Fire Insurance Exchange; Foremost County Mutual Insurance Company; Foremost Insurance Company Grand Rapids, Michigan; Foremost Signature Insurance Company; Illinois Farmers Insurance Company; Metropolitan General Insurance Company; Mid-Century Insurance Company; Mid-Century Insurance Company of Texas; Security National Insurance Company; Toggle Insurance Company; and Truck Insurance Exchange ("Plaintiffs") by and through their attorneys BERGER KAHN, A Law Corporation, and for their Complaint against all named Defendants, allege that at all relevant times herein on information and belief as follows:

## THE PARTIES

1.      Plaintiff, 21st Century Centennial Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Pennsylvania, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

2.      Plaintiff, 21st Century Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 3 Beaver Valley Road, Wilmington, DE 19803 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

3.      Plaintiff, 21st Century Premier Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of

Pennsylvania, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

4.    Plaintiff, Bristol West Casualty Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 1300 Concord Terrace, Suite 120, Sunrise, FL 33323 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

5.    Plaintiff, Bristol West Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 5990 West Creek Road, Independence, OH 44131 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

6.    Plaintiff, Bristol West Preferred Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business located at 1300 Concord Terrace, Suite 120, Sunrise, FL 33323 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

7.    Plaintiff, Coast National Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

8.    Plaintiff, Economy Fire and Casualty Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 700 Quaker Lane, Warwick, RI 02887 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

COMPLAINT FOR DAMAGES

9.      Plaintiff, Economy Preferred Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

10.     Plaintiff, Economy Premier Assurance Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 700 Quaker Lane, Warwick, RI 02887 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

11.     Plaintiff, Farmers Casualty Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business located at 1300 Woodland Avenue West, Des Moines, IA 50265 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

12.     Plaintiff, Farmers Direct Property and Casualty Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

13.     Plaintiff, Farmers Group Property and Casualty Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business located at 700 Quaker Lane, Warwick, RI 02887 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

14.     Plaintiff, Farmers Insurance Company of Arizona, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Arizona, with a principal place of business located at 24000 North Farmers Way,

5

Phoenix, AZ 85085 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

15.     Plaintiff, Farmers Insurance Company of Idaho, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Idaho, with a principal place of business located at 2500 South S 5th Avenue, Pocatello, ID 83204 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

16.     Plaintiff, Farmers Insurance Company of Oregon, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Oregon, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

17.     Plaintiff, Farmers Insurance Company of Washington, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

18.     Plaintiff, Farmers Insurance Company, Inc., at all pertinent times herein, is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

19.     Plaintiff, Farmers Insurance Exchange, at all pertinent times herein, is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

20.     Plaintiff, Farmers Insurance of Columbus, Inc., at all pertinent times herein, is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

21.     Plaintiff, Farmers Lloyds Insurance Company of Texas, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 5600 Beech Tree Lane, Caledonia, MI 49316 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

22.     Plaintiff, Farmers New Century Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

23.     Plaintiff, Farmers Property and Casualty Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business located at 1440 Yankee Park Place, Suite C, Dayton, OH 45458 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

24.     Plaintiff, Farmers Specialty Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business located at 5600 Beech Tree Lane, Caledonia, MI 49316 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

25.     Plaintiff, Farmers Texas County Mutual Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 6301 Owensmouth

Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

26.     Plaintiff, Fire Insurance Exchange, at all pertinent times herein, is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

27.     Plaintiff, Foremost County Mutual Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 5600 Beech Tree Lane, Caledonia, MI 49316 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

28.     Plaintiff, Foremost Insurance Company Grand Rapids, Michigan, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business located at 5600 Beech Tree Lane, Caledonia, MI 49316 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

29.     Plaintiff, Foremost Signature Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

30.     Plaintiff, Illinois Farmers Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 2245 Sequoia Drive, Aurora, IL 60507 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

COMPLAINT FOR DAMAGES

31.     Plaintiff, Metropolitan General Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business located at 700 Quaker Lane, Warwick, RI 02887 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

32.     Plaintiff, Mid-Century Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

33.     Plaintiff, Mid-Century Insurance Company of Texas, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

34.     Plaintiff, Security National Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Florida, with a principal place of business located at 900 S. Pine Island Road, Ft. Lauderdale, FL 33324 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

35.     Plaintiff, Toggle Insurance Company, at all pertinent times herein, is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

36.     Plaintiff, Truck Insurance Exchange, at all pertinent times herein, is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 6301 Owensmouth Avenue, Woodland Hills,

CA 91367 and which, at all times material hereto was engaged in the business of issuing policies of insurance.

37.    Defendant Hyundai Motor America **("HMA")** is a California corporation with its principal place of business located at 10550 Talbert Avenue, Fountain Valley, CA 92708. HMA engages in business throughout the United States, including in this judicial district.

38.    Defendant Hyundai Motor Company **("HMC")** is a South Korean corporation. HMC is the parent corporation of HMA.

39.    Defendant HMC, through its various related corporate entities and subsidiaries designs, manufactures, assembles, markets, distributes and sells Hyundai automobiles in this judicial district and multiple other locations in the United States.

40.    Defendant HMA is HMC's U.S. sales and marketing division, and it manages and oversees the sales and other operations of HMC across the United States. HMA distributes Hyundai vehicles and sells these vehicles through its network of dealerships. Money received from the purchase or lease of a Hyundai vehicle from a dealership flows from the dealer to HMC and HMA.

41.    Upon information and belief, Defendant HMC and Defendant HMA work cooperatively and communicate with each other on all aspects of the Hyundai products which HMC and HMA distribute and sell within the United States.

42.    Upon information and belief, Defendant HMA and Defendant HMC cooperate and jointly make all decisions regarding the distribution, service, repair, installation, and incorporation of anti-theft and other safety devices and designed components, including any decisions relating to the failure to provide such protections and anti-theft devices in Hyundai vehicles, as they relate to the defect in the Hyundai vehicles addressed in this action.

43.    Upon information and belief, Defendants HMA and HMC cooperated and jointly developed all pertinent marketing materials regarding the differences

between trim packages and warranty booklets sold and distributed with the Hyundai vehicles that are the subject of this action.

44.    Upon information and belief, Hyundai dealers sold certain 2011-2022 Hyundai vehicles equipped with traditional 'insert-and-turn' steel key ignition systems (hereinafter the "Subject Vehicles").

45.    Upon information and belief, the Hyundai dealers that sold the Subject Vehicles to Plaintiffs' insureds are expressly authorized by HMA and HMC to offer express warranties to purchasers of Hyundai vehicles, directly from HMA and HMC.

46.    The Hyundai dealers that sold Subject Vehicles to Plaintiffs' insureds were acting as HMA and HMC's agents with actual and apparent authority in selling the Subject Vehicles to Plaintiffs' insureds.

47.    Defendant Kia America, Inc. ("**KA**") (formerly Kia Motors America, Inc.) is a California corporation with its principal place of business at 111 Peter Canyon Rd., Irvine, CA 92606. KA engages in continuous and substantial business throughout the United States, including in this judicial district.

48.    Defendant Kia Corporation ("**KC**") is a South Korean corporation. KC is the parent corporation of KA.

49.    Defendant KA is an automobile design, manufacturing, distribution, and service corporation doing business within the United States. Furthermore, Defendant KA designs, develops, manufactures, distributes, markets, sells, leases, warrants, services, and repairs passenger vehicles, including certain 2011-2022 Kia vehicles (hereinafter included in the term "Subject Vehicles") equipped with traditional 'insert-and-turn' steel key ignition systems."

50.    Defendant KA is KC's U.S. sales and marketing division, and it manages and oversees sales and other operations of KC across the United States. KA distributes Kia vehicles and sells these vehicles through its network of

11

COMPLAINT FOR DAMAGES

dealerships. Money received from the purchase or lease of a Kia vehicle from a dealership flows from the dealer to KC and KA.

51.     Upon information and belief, Defendant KC and Defendant KA cooperate and jointly make all decisions regarding the distribution, service, repair, installation, and incorporation of anti-theft and other safety devises and designed components, including any decisions relating to the failure to provide such protections and anti-theft devices in Kia vehicles, as they relate to the defect in the Kia vehicles at issue in this action.

52.     Upon information and belief, Defendants KA and KC cooperated and jointly developed all pertinent marketing materials regarding the differences between trim packages and warranty booklets for the Kia vehicles that are the subject of this action.

53.     Upon information and belief, Defendant KC and Defendant KA work cooperatively and communicate with each other on all aspects of the Kia products which KC and KA distribute and sell within the United States.

54.     Upon information and belief, the Kia dealers that sold Subject Vehicles to Plaintiffs' insureds hold themselves out, with KA and KC's express and implied permission, as associated with KA and KC to sell KA and KC's vehicles on KA and KC's behalf.

55.     For instance, the Kia dealers that sold the Subject Vehicles to Plaintiffs' insureds are expressly authorized by KA and KC to offer express warranties to purchasers of Kia vehicles, directly from KA and KC.

56.     The Kia dealers that sold Subject Vehicles to Plaintiffs' insureds were acting as KA and KC's agents with actual and apparent authority in selling the Subject Vehicles to Plaintiffs' insureds.

57.     As of the end of 2021, KC's largest shareholder is HMC, which holds 33.88 percent of KC's stock.

COMPLAINT FOR DAMAGES

58.     HMA and HMC are collectively referred to in this complaint as "**Hyundai**" unless identified separately.

59.     KA and KC are collectively referred to in this complaint as "**Kia**" unless identified separately.

60.     HMA, HMC, KA, and KC are collectively referred to in this complaint as "**Defendants**" unless identified separately.

## JURISDICTION AND VENUE

61.     The Court has general personal jurisdiction over Defendants because they conduct substantial business in California, and they intentionally and purposefully placed the Subject Vehicles into the stream of commerce within California and elsewhere in the United States. Further, HMA and KA are headquartered in California.

62.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds $1 million, exclusive of interest and costs, the Plaintiffs are citizens of different states from each of the named defendants.

63.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the Plaintiffs are domiciled in different states than all Defendants and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

64.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as all defendants do substantial business in this judicial district, including the selling of the vehicles at issue.

## FACTUAL ALLEGATIONS

65.     Between 2011 and 2022, Defendants sold vehicles equipped with traditional 'insert-and-turn' steel key ignition systems, and without immobilizers that, when properly designed and installed, have been proven to deter auto theft. Unlike other manufacturers, the Subject Vehicles manufactured by the Defendants are not equipped with an "immobilizer," or any other comparable anti-theft feature

13

or design element that will prevent the car from being started, driven forward, and steered. This security vulnerability makes the Defendants' vehicles dangerously easy to steal.

66. Effective July 28, 2010, the U.S. Department of Transportation, National Highway Traffic Safety Administration, adopted and enacted Federal Motor Vehicle Safety Standard ("**FMVSS**") 114, which states: "The purpose of this standard is to decrease the likelihood that a vehicle is stolen … This standard applies to passenger cars …," which required vehicle manufactures to incorporate anti-theft security features within vehicles distributed and sold in the U.S.

67. Electronic transmitters and receivers called "immobilizers" are utilized to comply with the United States' regulatory requirements to prevent the theft of vehicles by nearly all vehicle manufacturers within the U.S. and worldwide, as a standard within the industry. Immobilizers, as incorporated and designed by other vehicle manufactures, have been proven to deter auto theft.

68. Immobilizers are security, and specifically anti-theft, devices installed within vehicles and in relation to the engine that contain a receiver. Immobilizers prevent activation and forward self-mobility of vehicles if the receiver does not detect a corresponding, paired transponder, which is located in the vehicle's key. If the receiver within the immobilizer does not detect the transponder within the vehicle's key nearby, the engine will not start, and the vehicle will not achieve forward self-mobility, even if the ignition is turned.

69. The United States does not specifically require the use of immobilizers. Rather, immobilizers are one method, as adopted by many manufacturers as an industry standard, to comply with the requirements of FMVSS 114. The National Highway Traffic Safety Administration (NHTSA) has issued an opinion letter confirming that vehicles with immobilizers satisfy FMVSS 114 because the immobilizer prevents the normal activation of the vehicle's engine and forward self-mobility of the vehicle when the vehicle's key is removed. U.S. Nat'l

14

Highway Traffic Safety Admin., Opinion Letter (Sept. 24, 2004), https://www.nhtsa.gov/interpretations/gf005229-2.

70.     If a vehicle does not contain an immobilizer, it is not relieved of the requirements of Federal Motor Vehicle Safety Standard 114. Although a lack of an immobilizer alone does not violate FMVSS 114, vehicles must incorporate some anti-theft feature or design element that achieves the results required under FMVSS 114.

71.     In the United States, immobilizers have become an industry standard anti-theft protection device and nearly all of Defendants' major competitors include immobilizers as standard anti-theft technology in their vehicles to comply with FMVSS 114.

72.     Kia and Hyundai have refused to include immobilizers as standard anti-theft technology in all of their vehicles. Kia and Hyundai included immobilizers as anti-theft protection in certain of their vehicles; in other vehicles, however, including the Subject Vehicles, Kia and Hyundai did not provide purchasers of their automobiles with the anti-theft protection provided by immobilizers, or by other anti-theft features or design elements, unless the consumers purchased expensive trim packages which included luxury features having nothing to do with vehicle safety requirements; or, if anti-theft features or design elements were provided, they failed to fulfill the functions or achieve the results required by FMVSS 114.

73.     Further, Kia and Hyundai did not include any other features or design elements on the Subject Vehicles that would prevent those vehicles from being easily stolen or otherwise bringing those vehicles into compliance with FMVSS 114.

74.     In short, Kia and Hyundai have violated federal law by continually selling certain vehicles without anti-theft protection sufficient to satisfy federal regulations intended to protect life and property. In order for consumers to obtain

15

these protections in certain Kia and Hyundai vehicles, Kia and Hyundai force the consumer to pay thousands of dollars extra for trim packages which include anti-theft protection. Kia and Hyundai improperly made anti-theft protection in their vehicles dependent upon the purchaser's ability to pay for luxurious trim package features.

75. On information and belief, Defendants have long been aware of the anti-theft benefits attendant to making immobilizers a standard feature on their vehicles based on the immobilizer mandates of other countries in which Kia and Hyundai sell their vehicles. In fact, Kia and Hyundai sell virtually identical vehicles as the Subject Vehicles—*except equipped with immobilizers*—in other countries with immobilizer requirements. Nevertheless, Kia and Hyundai have failed to include as "standard" the same immobilizer technology for all vehicles sold within the U.S. Nor have Kia and Hyundai equipped the Subject Vehicles with any alternative anti-theft feature or design element that would comply with FMVSS 114.

76. Given the ease with which the Subject Vehicles can be stolen, the United States has experienced a marked increase in reported car thefts of the Subject Vehicles.

77. In recent years, this trend has been accelerated by viral TikTok videos and videos on other popular social media platforms revealing the lack of an immobilizer in the Subject Vehicles, and further showing how to steal a Subject Vehicle by doing nothing more than bypassing the key slot and turning the ignition with a common USB cable (or any similarly shaped metal object) to start the engine.[1]

_____

[1] Rob Stumpf, *How Thieves Are Stealing Hyundais and Kias with Just a USB Cable,* DRIVE (Aug. 2, 2022, 3:28 PM), https://www.thedrive.com/news/how-thieves-are-stealing-hyundais-and-kias-with-just-a-usb-cable; see also Joe Barrett, *Police, Car Owners Wrestle with Growing Thefts of Kias, Hyundais,* WALL. ST. J.

78.     The viral videos offer step-by-step instructions on how to steal Subject Vehicles and encourage viewers to steal Subject Vehicles as part of the "Kia Challenge." Videos created in response to the Kia Challenge show persons stealing the Subject Vehicles and causing damage thereto. These incidents have resulted in personal injuries, deaths and significant property damages related to the thefts.

79.     Additionally, when the Subject Vehicles are stolen due to the lack of any anti-theft features or design elements sufficient to comply with FMVSS 114, other property is often stolen and damaged in the process, such as any personal property that may have been within the vehicles at the time of the theft.

80.     By failing to equip the Subject Vehicles with sufficient anti-theft features or design elements to prevent the theft of Subject Vehicles in the manner described herein this pleading, the Defendants have violated federal law as the Subject Vehicles fail to comply with Federal Motor Vehicle Safety Standard ("**FMVSS**") 114, which requires: "Each vehicle must have a starting system which, whenever the key is removed from the starting system prevents: (a) The normal activation of the vehicle's engine or motor; and (b) Either steering, or forward self-mobility, of the vehicle, or both." 49 CFR § 16 571.114.

81.     The Subject Vehicles do not comply with FMVSS 114 because the Vehicles can be started by simply bypassing the key slot/starting system and using a common USB cable (or any other similarly shaped object) to activate the engine and achieve both forward self-mobility and steering. Upon information and belief, at this point, the USB cable can be removed without deactivating the engine.

82.     The Subject Vehicles do not contain starting systems with anti-theft features or design elements that would prevent forward self-mobility and steering when the key is removed from the starting system, as required by FMVSS 114.

83.     If the Subject Vehicles had been manufactured in compliance with FMVSS 114, as required under federal law, they would not have been stolen with

17

such frequency because, without a key, the engine would not start nor would forward self-mobility or steering be achieved.

84.     In marketing materials, Defendants often advertised that higher-end trim packages came with a "push button start" feature rather than a traditional turn-key ignition. However, Defendants did not inform consumers that the Subject Vehicles were being sold without mandatory anti-theft protection required by the federal government to safeguard life and property, whether in the form of an immobilizer or otherwise.

85.     When Defendants did disclose the lack of an immobilizer in lower-end trim packages, the disclosure was often made in a detailed trim packages comparison chart that consumers generally do not receive, read and/or understand. Such disclosures merely listed "immobilizer" without explaining what it does, that it is an anti-theft device intended to satisfy federal safety regulations, or that the lack of an immobilizer greatly increased the risk of vehicle thefts.

86.     Defendants long have known the anti-theft and security benefits offered by immobilizers, as is evidenced by the fact that Defendants have incorporated immobilizers as standard technology in select higher-end models and as a feature in higher-end trim packages on other models. Defendants have simply refused to meet the standard of care established by their competitors, which installed immobilizers as standard technology on all their vehicles.

87.     Kia's knowledge of the efficacy of immobilizers in preventing vehicle theft is further evidenced by the fact that, as early as 2007, Kia sought to add an immobilizer to its Amanti model.[2] In petitioning the federal government for an exemption to certain parts-making requirements of the Theft Prevention

_____

[2] See Petition for Exemption from the Vehicle Theft Prevention Standard; Hyundai-Kia America Technical Center, Inc., 75 Fed. Reg. 1447, 1448 (Jan. 11, 2010).

COMPLAINT FOR DAMAGES

Standard (49 C.F.R. part 51), Kia represented that immobilizers had reduced the rates of vehicle thefts on other vehicle models by between 58 and 80 percent.[3]

88.     Hyundai's knowledge of the efficacy of immobilizers in preventing vehicle theft is also evidenced by the fact that, as early as 2007, Hyundai sought to add an immobilizer to its Azera model.[4] In petitioning the federal government for an exemption to certain parts-making requirements of the Theft Prevention Standard (49 C.F.R. part 51), Hyundai represented that immobilizers had reduced the rates of vehicle thefts on other vehicle models by between 58 and 80 percent.[5]

89.     Upon information and belief, Defendants have also known of the unusually high rate of thefts experienced by Subject Vehicles for many years, through scores of customer complaints relayed directly, through their dealers, and/or through relevant government agencies. Yet, Defendants continued to sell dangerous and defective Vehicles that lack an immobilizer or other anti-theft feature or design element sufficient to satisfy FMVSS 114. Defendants failed to warn consumers of the severe risk of theft that resulted from the lack of compliance with FMVSS 114.

90.     Only when the problem became too large to ignore did Defendants decide to introduce immobilizers as a standard feature in all new vehicles going forward and announced efforts toward a future software patch that supposedly may help reduce the rate of vehicle thefts in at least some Subject Vehicles. But the Subject members remain on the hook for all damages and expenses resulting from Defendants' wrongful actions.

---

[3] *Id.*
[4] See Petition for Exemption from the Vehicle Theft Prevention Standard; Hyundai-Kia America Technical Center, Inc., 72 Fed. Reg. 39661, 39661 (July 19, 2007).
[5] Id. at 39662.

91.     Plaintiffs issue and underwrite policies of automobile and property insurance.

92.     The Subject Vehicles' noncompliance with FMVSS 114 caused Plaintiffs' insureds to suffer property damage, including the loss of use thereof and other related damages. As a result, Plaintiffs' insureds made claims under policies of insurance held with Plaintiffs, which were investigated and paid by Plaintiffs to their insureds per the applicable policy terms.

93.     By virtue of its claim payments for amounts in excess of $1,000,000, Plaintiffs are now legally, equitably, and contractually subrogated to the rights, interests, and claims of its insureds against all responsible third parties, including the Defendants herein, and have also incurred, and will continue to incur, damages in its own right.

## COUNT I
## BREACH OF WARRANTY

94.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

95.     Plaintiffs are informed and believe and thereupon allege that at the time of their insureds' purchases of the Subject Vehicles from the Defendants and each of them, said Defendants expressly and impliedly warranted that the Subject Vehicles would be free of defects; would be safe for their intended use and would be manufactured, designed, assembled and offered to the Insureds as merchantable and fit for the ordinary purposes for which they were sold. However, the Subject Vehicles were not fit for their ordinary purpose of providing reasonably reliable and safe transportation at the time of sale or thereafter because, *inter alia,* the defective Subject Vehicles lacked any anti-theft features or design elements to provide an adequate theft deterrent, or sufficient to satisfy FMVSS 114, resulting in a severe and highly dangerous risk of vehicle theft. Therefore, the Subject Vehicles

were not fit for their particular purpose of providing safe and reliable transportation.

96.     Defendants' warranties were designed and intended for the benefit of the Plaintiffs' insureds as ultimate consumers of the Subject Vehicles.

97.     Plaintiffs' insureds relied on the existence and length of the implied warranties in deciding whether to purchase or lease the Subject Vehicles.

98.     Contrary to the applicable express and implied warranties, the Subject Vehicles at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiffs' insureds with reliable, durable, and safe transportation. Instead, the Subject Vehicles suffer from a defective design(s) and/or manufacturing defect(s) that render them vulnerable to an abnormally high risk of theft.

99.     Defendants' actions, as complained of herein, breached the implied and/or express warranties that the Subject Vehicles were of merchantable quality and fit for such use.

100.    As a direct and proximate result of Defendants' breach of their express and/or implied warranties, Plaintiffs' insureds suffered property damage, including the loss of use thereof, causing them to sustain damages for which the Defendants and each of them are liable.

## COUNT II
### NEGLIGENCE

101.    Plaintiffs and Subject Members incorporate by reference each preceding and succeeding paragraph as if fully set forth at length herein.

102.    Defendants manufactured, distributed and sold the Subject Vehicles.

103.    Defendants violated applicable industry standards and otherwise failed to exercise reasonable care in connection with their manufacture, distribution and sale of the Subject Vehicles.

COMPLAINT FOR DAMAGES

104.   The Defendants' violation of their duties under applicable law included their failure to comply with federal regulatory requirements to equip their vehicles with mandatory anti-theft protection that complies with the requirements of FMVSS 114, as a result whereof Plaintiffs' insureds suffered property damage, including the loss of use thereof, together with other damages for which the Defendants are liable.

**COUNT III**

**NEGLIGENT FAILURE TO WARN**

105.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as if fully set forth at length herein.

106.   Defendants manufactured, distributed, and sold the Subject Vehicles.

107.   The Subject Vehicles sold to Plaintiffs' insureds:

    i.   were not merchantable;

    ii.   were not reasonably suited to the intended use for which they were sold; and

    iii.   were in defective and unreasonably dangerous condition at the time of sale, by reason of the design of the Subject Vehicles.

108.   Defendants owed the Plaintiffs' insureds a duty to warn with respect to dangers and risks associated with the ordinary and foreseeable use of the Subject Vehicles, particularly when such risks arose from latent and hidden defects of design that could not be detected by the Plaintiffs' insureds in the exercise of any reasonable care.

109.   At all relevant times, including at the time of sale, Defendants knew that the Subject Vehicles were defective because the lack of an immobilizer or other anti-theft features or design elements sufficient to comply with FMVSS 114 would create a dangerous risk of vehicle theft, a risk to the safety of consumers and the public, and a risk of property damage and loss.

22

110. Defendants breached their duty owed to the Plaintiffs' insureds by completely failing to provide them with any warnings with respect to the dangers and risks of vehicle thefts and harm to consumers, the public, and property directly resulting from the design of the Subject Vehicles, including the lack of anti-theft features and/or design elements that complied with FMVSS 114.

111. The failure to warn Plaintiffs' insureds of the dangers and risks caused by noncompliance with FMVSS 114 was unreasonable, and Defendants' failure to warn was the result of a lack of due care and ordinary diligence.

112. Defendants' failure to warn Plaintiffs' insureds regarding the defective and unreasonably dangerous condition of the Subject Vehicles proximately caused damage to the Plaintiffs' insureds resulting from vehicle thefts.

113. Defendants are liable for negligent failure to warn in tort for the damages caused by the Subject Vehicles.

114. Defendants owe a duty to consumers not to sell dangerous products that create severe risks of vehicle theft, property damage, and harm to the safety of consumers and the public, and to warn consumers of such risks. This duty arises under applicable law and is independent of any contractual obligation.

115. As a direct and proximate result of Defendants' negligent failure to warn Plaintiffs' insureds suffered property damage, including the loss of use thereof, and other damages for which Defendants, and each of them, are liable.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

116. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

117. Defendants made representations to Plaintiffs' insureds concerning the safety and quality of the Subject Vehicles that were not true, as more fully alleged in the preceding paragraphs.

118.     Defendants had no reasonable grounds for believing these representations were true when they made them, yet they intended that Plaintiffs' insureds rely on the misrepresentations.

119.     Plaintiffs' insureds reasonably relied on Defendants' representations and, as a direct and proximate result thereof, they suffered property damage, including the loss of use thereof, and other damages, for which the Defendants, and each of them, are liable.

## COUNT V

### UNJUST ENRICHMENT

120.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

121.     Plaintiffs' insureds conferred monetary benefits upon the Defendants when the purchased or leased the Subject Vehicles.

122.     The Defendants were aware of and possessed knowledge of said monetary benefits.

123.     The Defendants charged and received from Plaintiffs' insureds the benefit of a higher price for the Subject Vehicles, in light of the failure of the Subject Vehicles to comply with FMVSS 114, the increased risk of vehicle theft, and any of the Defendants' wrongful acts or omissions to act.

124.     The Defendants have continued to be unjustly enriched at the expense of Plaintiffs' insureds, and their retention of this benefit is inequitable.

125.     Plaintiff seeks all available equitable relief, including but not limited to restitution in the amount of the benefit conferred on the Defendants as a result of their wrongful acts or omissions to act.

/ / /

/ / /

/ / /

## COUNT VI

## VIOLATIONS OF THE CALIFORNIA SONG-BEVERLY ACT; CAL. CIV. CODE §§ 1791 *ET SEQ.*

126.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

127.    For the purposes of this Count VI only, the definition of "Subject Vehicles" is restricted to those vehicles which were sold to Plaintiffs' insureds within the State of California.

128.    At all relevant times, The Defendants were manufactures, distributors, warrantors, and sellers of the Subject Vehicles, and they knew or should have known of the specific use for which the Subject Vehicles were purchased.

129.    Defendants provided Plaintiffs' insureds with the implied warranties that the vehicles were merchantable and fit for the ordinary purposes for which the vehicles were sold.

130.    The Subject Vehicles were not merchantable or fit for their ordinary purpose because they contained an inherent defective condition at the time of sale as a result of their failure to contain sufficient or adequate anti-theft or safety devices.

131.    The Defendants' actions or omissions to act, as complained-of herein, breached the implied warranties that the vehicles were merchantable and fit for their ordinary purpose in violation of California Civil Code §§ 1792 and 179.1.

132.    As a direct and proximate result of the Defendants' breach of their implied warranties, Plaintiff suffered property damage, including the loss of use thereof and causing other related damages.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all claims for which a jury trial is authorized.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against all Defendants and each of them as set forth below.

a. For payment to the Plaintiffs for reimbursement for all damages resulting from the replacement or repair of the defective products, in an amount to be proven at trial;

b. For Payment to the Plaintiffs of all damages resulting from property damage caused by the Defendants' defective products, in an amount to be proven at trial;

c. For interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute;

d. For restitution and award of reasonable attorneys' fees and costs, as authorized by law, and

e. For such other and further relief as this Court may deem just, equitable, or proper.

DATED: June 1, 2023                BERGER KAHN, A Law Corporation


By: _Craig S. Simon_____
      CRAIG S. SIMON
      STEPHANIE H. NG
      Attorneys for Plaintiffs

26

COMPLAINT FOR DAMAGES

# Exhibit B

FILE NO. 2012-MCF-01

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| | § | BASTROP COUNTY, TEXAS |
| | § | |
| BASTROP COUNTY COMPLEX | § | 21ST JUDICIAL DISTRICT |
| FIRE LITIGATION | § | |
| | § | (Case File No. 423-1807) |

## CASE MANAGEMENT AND DOCKET
## CONTROL ORDER (AMENDED JUNE 13, 2012)

This complex matter having come before the Court after counsel having met and conferred, and the Court having determined that the process of selecting trial cases should commence and that discovery necessary to prepare the initial cases for trial should be commenced, and recognizing that additional discovery shall be necessary and will be the subject of subsequent Orders, and that this Order does not limit the discovery to take place in connection with the initial trial cases, or limit or address discovery to take place in connection with subsequent trial cases, and for the continued purpose of equitable, economic, and expedient resolution of these cases, and for good cause shown makes the following orders and scheduling deadlines which shall apply to this case unless modified by the Court or the parties' agreement:

1.  **GENERAL PROVISIONS**

    (a)  **Background**

    Numerous lawsuits having been filed against Bluebonnet Electric Cooperative, Inc. regarding the Bastrop County Complex Fire and pursuant to previous order of this Court, such cases will be presided over by Judge Terry Flenniken, Presiding Judge of the 21st Judicial District Court of Bastrop County, Texas.

## 2.   PLAINTIFFS' LIAISON COUNSEL

The Court recognizes that the Plaintiffs in these cases consist of three possible groups or units, each with interests that are common, but also somewhat different, from other Plaintiffs: Individual Plaintiff Actions (including people and businesses), Class Cases (actions seeking class status for individuals), and Insurance Subrogation Actions.  In order to facilitate communication and coordination of the actions, the Court orders that each unit of Plaintiffs—Individual, Class and Subrogation - select and maintain Liaison Counsel.  Each unit may select and maintain one or more of their own Liaison Counsel to be the key communicators with the Defense Counsel and the Court.  If the numbers warrant it, a unit may select additional members to be on a Steering Committee who will help organize the case along with a smaller number of Liaison Counsel.

The Liaison Counsel shall have the duties and responsibilities of a spokesperson and coordinator generally for his or her respective unit and all matters.  The Class Liaison for those seeking class status shall address matters involving class certification.  Plaintiff Liaison Counsel and the group as a whole shall meet and decide whether to further organize the case with Discovery Coordinators (or not).

The Court does not appoint Lead Counsel with the authority to make decisions to bind the cases of others and Liaison Counsel are not lead Counsel and the designation of Liaison Counsel confers no benefits or right to attorneys fees or other rights.  Each attorney in this case is representing their own client(s), and designation as Liaison Counsel confers no rights or responsibilities from a lawyer to people who are not his or her clients. The purpose is purely for there to be a smaller group of people on the plaintiff and defense side who can work together to

move the case along and keep the Court informed of the progress in filings and during Court proceedings.

## 3.  PRE-TRIAL LIABILITY AND DISCOVERY

### (a)  Discovery Phases

Discovery shall be conducted in two phases (liability, class and damages as part of Phase 1, with experts as part of Phase 2) and which shall conform with the dates in the timeline set forth in Exhibit B.  The parties will advise the Court during periodic status conferences of their progress and will seek to amend the timeline as necessary.  The parties acknowledge that further discovery may need to be conducted after the first trial is held.

### (b)  One Discovery Track

In order to provide efficiency, economy, uniformity in pre-trial liability and discovery, all Plaintiffs shall propound and respond to pre-trial discovery as one as to each Defendant on the subjects of liability, cause and origin of each alleged area of origin (AOO) of the fire.  Plaintiffs' discovery responses may be supplemented by each Plaintiff as necessary.  Each Defendant shall propound and respond to pre-trial liability discovery on the subjects of liability and cause and origin within this one track.  Discovery working groups can be established and Liaison Counsel will have authority to grant extensions on discovery responses, work out disputes, and create a master set of responses, but that each attorney maintains the right to add to or vary the master response when his client is adopting or modifying the responses.

### (c)  Document Repository

(1)  The document repository shall be maintained by:

Name:  Sarnoff, a Veritext Company

Address:  402 West Broadway, Suite 900, San Diego, California 92101

# Exhibit C

F I L E

San Francisco County Super

61766260
Mar 06 2018
03:18PM

E-SERVICE

File & ServeXpress

MAR 6 – 2018

CLERK OF THE COURT

BY: _____
                    Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] <br><br> *California North Bay Fire Cases* | Judicial Council Coordination Proceeding No.: 4955 <br><br> **CASE MANAGEMENT ORDER NO. 1** |

I conducted a case management conference (CMC) February 27, 2018.[1]

There are five groups in this litigation: 1) Individual Plaintiffs, which include cases brought on behalf of persons and business entities; 2) Public Entity Plaintiffs; 3) Class Action Plaintiffs (together with the Individual Plaintiffs and the Public Entity Plaintiffs the "Direct Action Plaintiffs"); 4) Subrogation Plaintiffs; and 5) Defendants.

**ORGANIZATION OF PLAINTIFFS' COUNSEL**

    **A.**    **Individual Plaintiffs**

        **1.**    **Lead Counsel for Individual Plaintiffs**

The Court appoints the following lawyers as Individual Plaintiffs' Lead Counsel for those cases:

> Michael A. Kelly
> Walkup, Melodia, Kelly & Schoenberger
> 650 California Street, 26th Floor
> San Francisco, CA 94108
> Tel: (415) 981-7210

---

[1] The Department's User Manual may be found at <http://sfsuperiorcourt.org/divisions/civil/litigation>

- 1 -

C.    **Class Action Plaintiffs**

The Class Action committee will be formed and the Committee Chairs are identified below:

> Elizabeth Cabraser
> Lexi Hazam
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
> Tel: (415) 956-1000
> ecabraser@lchb.com
> lhazam@lchb.com

The Committee shall be responsible for the prosecution and management of the class actions, including discovery, briefing, and argument of issues that are specific to the class cases. The Committee shall maintain a current listing of all filed class action cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Class Action case shall cooperate with the Committee, Lead Counsel for Individual Plaintiffs and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing. The Committee should evaluate consolidated complaints and certification hearings, and report in the next CMC statement its views on the timing of these. While there is no stay of class related discovery, the Committee expects that the liability discovery described below will be used for certification briefing.

D.    **Subrogation Plaintiffs**

The Court appoints the following lawyers as Lead Counsel and Liaison Counsel for the Subrogation Plaintiffs and the Executive Committee for Subrogation Plaintiffs. They have the same duties/responsibilities within/to the Subrogation Plaintiffs group as the lawyers serving as Lead Counsel and Liaison Counsel and the Executive Committee for the Individual Plaintiffs:

**1.**   **Lead Counsel for Subrogation Plaintiffs[3]**

Shawn Caine
The Law Offices of Shawn E. Caine
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (619) 838-1365
scaine@cainelaw.com

Mark Grotefeld
Grotefeld Hoffmann
Shepard Mountain Plaza
6034 West Courtyard Drive, Suite 200
Austin, TX 78730
Tel: (737) 226-5310
mgrotefeld@ghlaw-llp.com

Howard Maycon
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
hmaycon@cozen.com

Maura Walsh Ochoa
Grotefeld Hoffmann
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Tel: (415) 344-9670
mochoa@ghlaw-llp.com

Craig Simon
Berger Kahn, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614
Tel: (949) 748-4444
csimon@bergerkahn.com

Lead Counsel for Subrogation Plaintiffs shall be responsible for discovery, briefing, and argument of issues that are specific to the Subrogation cases. Lead Counsel for the Subrogation Plaintiffs shall maintain a current listing of all filed Subrogation cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Subrogation cases shall cooperate with Lead Counsel for the Subrogation Plaintiffs, Subrogation Plaintiffs' Executive Committee and the Court in the production of information necessary to prepare for

---

[3] The rights and obligations of Lead Counsel for Subrogation Plaintiffs mirror the rights and obligations of Lead Counsel for Individual Plaintiffs.

# Exhibit D

Rec'd Room 109

JUL 1 0 2018

**FILED**
Superior Court of California
County of Los Angeles

JUL 11 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Jeannine Lorenz

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

By Fax

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 3.550)<br><br>SOUTHERN CALIFORNIA FIRE CASES | Case No. JCCP No. 4965<br>[Honorable Daniel Buckley – Room 222]<br><br>[PROPOSED] CASE MANAGEMENT<br>ORDER NO. 1<br><br>Date:    July 5, 2018<br>Time:    1:45 p.m.<br>Dept.:    Stanley Mosk, Room 222 |

The Court conducted a case management conference ("CMC") on July 5, 2018, which included representatives of the four groups who are parties to this proceeding: (1) Individual Plaintiffs, which include cases brought on behalf of persons and business entities, including class cases; (2) Subrogation Plaintiffs; (3) Public Entity Plaintiffs; and (4) Defendants.

I.      **LEADERSHIP STRUCTURE**

        A.      **Individual Plaintiffs**

                1.      **Lead Counsel for Individual Plaintiffs.**

        Individual Plaintiffs, which include cases brought on behalf of persons and business entities, including class cases, have proposed that the Court appoint the following lawyers as Individual Plaintiffs' Lead Counsel for those cases. The Court hereby appoints the following lawyers as Individual Plaintiffs' Lead Counsel for cases involving Individual Plaintiffs:

1583293.15

B.    **Public Entity Plaintiffs**

The Public Entity Plaintiffs have requested that the court designate the following lawyers as their Lead Counsel. The Court hereby appoints the following lawyers as Lead Counsel for these Public Entity Plaintiffs:

Scott Summy
Baron & Budd
3102 Oak Lawn Ave. #110
Dallas, TX 75219
Tel: (214) 521-3605
SSummy@baronbudd.com

John Fiske
Baron & Budd
603 N. Coast Highway G
Solana Beach, CA 92075
Tel.: (858) 225-7200
JFiske@baronbudd.com

Public Entities' Lead Counsel shall be responsible for propounding discovery, responding to discovery, briefing, and argument of issues that are specific to the Public Entity cases. Public Entities' Lead Counsel shall maintain a current listing of all filed Public Entity cases and identify the same for the Executive Plaintiffs Committee, Defendants and the Court. Counsel in any Public Entity cases shall cooperate with the Lead Counsel for Individual Plaintiffs, Public Entities' Lead Counsel and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing.

C.    **Subrogation Plaintiffs**

The Subrogation Plaintiffs have requested, and the Court hereby appoints, the following lawyers as Lead Counsel and Liaison Counsel for the Subrogation Plaintiffs. These lawyers shall serve as the members of the Executive Committee for Subrogation Plaintiffs, and said counsel shall have the same duties/responsibilities within/to the Subrogation Plaintiffs group as the lawyers serving as Lead Counsel and Liaison Counsel and the Executive Committee for the Individual Plaintiffs shall have with respect to the Individual Plaintiffs group:

1583293.15

- 8 -

1.   **Lead Counsel for Subrogation Plaintiffs.**[3]

Shawn Caine
The Law Offices of Shawn E. Caine
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (619) 838-1365
scaine@cainelaw.com

Mark Grotefeld
Grotefeld Hoffmann
Shepard Mountain Plaza
6034 West Courtyard Drive, Suite 200
Austin, TX 78730
Tel: (737) 226-5310
mgrotefeld@ghlaw-llp.com

Howard Maycon
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
hmaycon@cozen.com

Maura Walsh Ochoa
Grotefeld Hoffmann
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Tel: (415) 344-9670
mochoa@ghlaw-llp.com

Waylon Pickett
Grotefeld Hoffmann
0324 SW Abernethy Street
Portland, OR 97239
Tel.: (502) 384-2772
wpickett@ghlaw-llp.com

Craig Simon
Berger Kahn, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614
Tel: (949) 748-4444
csimon@bergerkahn.com

Lead Counsel for Subrogation Plaintiffs shall be responsible for discovery, briefing, and
argument of issues that are specific to the Subrogation cases. Lead Counsel for the Subrogation
Plaintiffs shall maintain a current listing of all filed subrogation cases and identify same for Lead
Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Subrogation cases

---

[3] The rights and obligations of Lead Counsel for Subrogation Plaintiffs mirrors the rights and obligations
of Lead Counsel for Individual Plaintiffs.

1583293.15                                          - 9 -

Exhibit E

**FILED**
Superior Court of California
County of Los Angeles

08/29/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
            B. Guerrero

Electronically Received 08/24/2022 03:53 PM

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

INDIAN HARBOR INSURANCE COMPANY,

               Plaintiffs,

vs.

LOS ANGELES DEPARTMENT OF WATER AND POWER, a Municipal Public Utility and government entity; and DOES 1 through 50, inclusive,

               Defendants.

AND ALL RELATED CASES

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 20STCV13851 (Lead Case)
Related to:   20STCV21439; 20STCV29749; 20STCV41659; 20SMCV01607; 20STCV41242; 20STCV41546; 20STCV41651; 20STCV40320, 20STCV34821; 20STCV40690; 20STCV46149; 20STCV47234; 20STCV47319 and 20STCV47426

Assigned to Judge Kenneth R. Freeman

[~~PROPOSED~~] AMENDED CASE MANAGEMENT ORDER NO. 2

"Individual Plaintiffs").  Each of these Plaintiff groups recognize the need for expeditious communications, and therefore have elected lead counsel for each group.

Liaison Counsel for the Subrogating Plaintiffs shall be: Craig Simon of Berger Kahn, Maura Walsh Ochoa of Grotefeld Hoffmann, Howard Maycon of Cozen O'Connor, and Media Benjamin of Denenberg Tuffley. Liaison Counsel for the Individual Plaintiffs shall be: Jeffery Korinko of Watkins & Letofsky and Brian Leinbach of Engstrom, Lipscomb & Lack.

Liaison Counsel for Subrogating and Individual Plaintiffs shall have the duties and responsibilities of a spokesperson and coordinator generally. The Court does not appoint Liaison Counsel with the authority to make decisions to bind significant issues in the cases of others, Liaison Counsel are not Lead Counsel, and the designation of Liaison Counsel confers no benefits or right to attorney's fees or other rights. Each attorney in this case is representing their own client(s), and the designation as Liaison Counsel confers no rights or responsibilities from a lawyer to people who are not his or her clients. The purpose is purely for there to be a smaller group of people within Subrogating and Individual Plaintiffs, and Defense who can work together to move the case along and keep the Court informed of the progress in filings and during Court proceedings. However, should Defendant LADWP need an extension of time to take an act (for example an extension on a filing or deposition), Defense may rely upon a communication from any of Liaison Counsel for Subrogation or Individual Liaison Counsel to bind the entire group of Subrogating and Individual Plaintiffs. Liaison Counsel for Subrogation and Individuals are instructed to attempt to meet and confer with their own Subrogating and Individual Plaintiffs as time permits but Liaison Counsel for Subrogation and Individuals may bind the Subrogating and Individual Plaintiffs group to extensions when there are time constraints that do not allow a meeting of the entire group.

### G.    Service by Electronic Service Provider Case Anywhere

Defendant LADWP and Plaintiffs have agreed to and are already utilizing Case Anywhere, an electronic case management system or electronic service. Parties first appearing after this order is signed may serve new complaints or cross-complaints on any party presently in the case by uploading all documents via Case Anywhere along with a blank Notice and

Exhibit F

1  Gerald Singleton, Esq.
   gsingleton@ssmsjustice.com
2  SINGLETON SCHREIBER MCKENZIE &
   SCOTT, LLP
3  450 A Street, 5th Floor
   San Diego, California 92101
4  Telephone: (619) 771-3473

5  Brendan Kunkle, Esq.
   bkunkle@abbeylaw.com
   ABBEY, WEITZENBERG, WARREN &
6  EMERY, P.C.
   100 Stony Point Road, Suite 200
7  Santa Rosa, California 95401
   Telephone: (707) 542-5050
8
   *Attorneys for Individual Plaintiffs*
9
   Craig Simon, Esq.
10 csimon@bergerkahn.com
   BERGER KAHN
11 1 Park Plaza, Suite 340
   Irvine, California 92614
12 Telephone: (949) 300-7628

   *Attorneys for Subrogation Plaintiffs*
13

14 [Additional counsel listed on the signature page]

15
                    SUPERIOR COURT OF CALIFORNIA
16
                      COUNTY OF SAN FRANCISCO
17
18 Coordination Proceeding              Judicial Council Coordination Proceeding
   Special Title (Rule 3.550)           No. 5157
19
                                        **JOINT STIPULATION AND [PROPOSED]
20 KINCADE FIRE CASES                   ORDER APPOINTING LIAISON
                                        COUNSEL**
21
                                        Date:     August 16, 2021
22                                      Time:     10:00 a.m.
                                        Dept.:    613
23
                                        **Assigned for All Purposes to:
24                                      Hon. Andrew Y.S. Cheng, Dept. 613**

25

26

27 ///

28 ///

Kevin J. Orsini, Esq.
korsini@cravath.com
Omid H. Nasab, Esq.
onasab@cravath.com
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019
(212) 474-1000

*Attorneys  for  Defendants
PG&E  CORPORATION  and
PACIFIC GAS AND ELECTRIC COMPANY*

F I L E
San Francisco County Superior Court

JUN 1 1 2021

CLERK OF THE COURT
BY: _____
Deputy Clerk

E-SERVICE
66681582
Jun 11 2021
02:21PM
File & ServeXpress

---

                                        1
[PROPOSED] ORDER APPOINTING LIAISON COUNSEL – JCCP 5157

1

2

3

4

5

6

7

8                                **SUPERIOR COURT OF CALIFORNIA**

9                                **COUNTY OF SAN FRANCISCO**

10   | Coordination Proceeding | Judicial Council Coordination Proceeding |
     | Special Title (Rule 3.550) | No. 5157 |

11

12   KINCADE FIRE CASES                          **[PROPOSED] ORDER APPOINTING**
                                                  **LIAISON COUNSEL**

13                                                **Assigned for All Purposes to:**
                                                  **Hon. Andrew Y.S. Cheng, Dept. 613**
14

15

16

17

18

19        After consideration of and pursuant to the Amended Joint Case Management Conference

20   Statement submitted jointly by the Plaintiffs and Defendants PG&E CORPORATION and PACIFIC

21   GAS AND ELECTRIC COMPANY, as well as hearing argument and discussion by counsel at the May

22   17, 2021, Case Management Conference, IT IS HEREBY ORDERED THAT:

23        This order, and all case management and other orders of this Court, shall be binding on parties

24   and their counsel in the Judicial Council Coordinated Proceeding No. 5157, *Kincade Fire Cases*,

25   including all cases currently in this proceeding, and any cases subsequently added to this proceeding.

26   **I.    ORGANIZATION OF PLAINTIFFS' COUNSEL**

27        Throughout this proceeding, "Individual Plaintiffs" shall refer collectively to all Plaintiffs,

28   whether a party to this proceeding now or in the future, except for "Subrogation Plaintiffs", which shall

                                                 4

1    refer collectively to all Plaintiffs, whether a party to this proceeding now or in the future, who allege

2    that they are insurance carriers seeking subrogation for paid damages.

3        **A.**    **Individual Plaintiffs**

4        In order to facilitate communication, coordination, and discovery of the actions, the Court

5    appoints the following individuals as Liaison Counsel for Individual Plaintiffs:

6             Gerald Singleton, Esq.

7             Singleton Schreiber McKenzie & Scott, LLP
                  450 A Street, 5th Floor

8             San Diego, California 92101
                  Telephone: (619) 771-3473

9             Email: gsingleton@ssmsjustice.com

10           Brendan Kunkle, Esq.

11          Abbey, Weitzenberg, Warren & Emery, P.C.
                100 Stony Point Road, Suite 200

12          Santa Rosa, California 95401
                Telephone: (707) 542-5050

13          Facsimile: (707) 542-2589
                Email: bkunkle@abbeylaw.com

14

15          Robert W. Jackson, Esq.
                The Law Offices of Robert W. Jackson, A.P.C.

16          205 West Alvarado Street
                Fallbrook, California 92028

17          Telephone: (760) 723-1295
                Email: Robert@jacksontriallawyers.com

18

19        **B.**    **Subrogation Plaintiffs**

20        In order to facilitate communication, coordination, and discovery of the actions, the Court

21    appoints the following individuals as Liaison Counsel for Subrogation Plaintiffs (collectively with

22    Liaison Counsel for Individual Plaintiffs, "Liaison Counsel"):

23          Craig Simon, Esq.
                Berger Kahn

24          1 Park Plaza, Suite 340
                Irvine, California 92614

25          Telephone: (949) 300-7628
                Email: csimon@bergerkahn.com

26

27          Howard Maycon, Esq.
                Cozen O'Connor P.C.

28          601 S. Figueroa Street, Suite 3700
                Los Angeles, California 90017

[PROPOSED] ORDER APPOINTING LIAISON COUNSEL – JCCP 5157

Exhibit G



FILED
Superior Court of California
County of Los Angeles

APR 27 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Berta Guerrero, Deputy

1
2
3
4
5
6
7
8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| 11  UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation, and DOES 1 through 50, Inclusive,<br><br>Defendants.<br><br>AND ALL RELATED CASES | Case No.   **20STCV39273 (Lead Case)**<br>Related to:   20STCV43186, 20STCV44885, 20STCV45475, 20STCV42208, 21STCV01614, 21STCV00851, 20STCV46641, 21STVC01614, and 20STCV28861<br><br>Assigned to Judge Kenneth R. Freeman<br><br>▆▆▆▆▆ **CASE MANAGEMENT ORDER NO. 1** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

▆▆▆▆▆ CASE MANAGEMENT ORDER NO. 1

1.   *United Services Automobile Association, et al. v Southern California Edison Company, et al.*; Case No. 20STCV39273 (Lead Case);

2.   *Fireman's Fund v. SCE, Case No. 20STCV42208;*

3.   *Travelers Casualty Insurance Company of America v. SCE, Case No. 20STCV45475;*

4.   *State Farm General Insurance Company, et al v. SCE, Case No. 20STCV43186;*

5.   *Citizens Insurance Company of America, et al. v. SCE, Case No. 20STCV44885;*

6.   *Fire Insurance Exchange, et al. v. SCE, Case No. 21STCV00851.*

7.   *CSAA Insurance Exchange v. SCE, Case No. 20STCV46641*

8.   *Property & Casualty Insurance Company of Hartford, et al. v. SCE, Case No. 21STVC01614*

9.   *Allied Waste Industries, LLC, et al. v. SCE Case No  20STCV28861*

The parties are aware of an additional lawsuit filed in the Saddle Ridge Fire Cases with the Court needs to be related to the Saddle Ridge Fire Cases.  The court orders that the following case be deemed related and ordered transferred to Department 14 under Lead Case Number: 20STCV39273:

10.   *Sabbagh v. SCE, et al.,* Case No. 21STCV10324.

**C.    Code Governs Where Silent**

Unless otherwise stated herein, or as to any matter as to which this Order is silent, the California Code of Civil Procedure, the California Rules of Court, other applicable statutes, and the Local Rules of this Court shall be controlling.

**D.    Liaison Counsel for Subrogating and Individual Plaintiff Groups**

Individual Plaintiffs are a group of individuals, whether persons or business entities, seeking damages not paid for by insurance.  Currently the Individual Plaintiffs in the Saddle Ridge Fire Litigation are Allied Waste Industries, LLC and Browning-Ferris Industries of California, both represented by Ronald Specter, and Adnan El Sabbagh and Talah El Sabbagh, represented by Mara E. I. Burnett of the Mandell Law Firm. Individual Plaintiffs have not designated liaison counsel in the Saddle Ridge Fire Cases.

2

CASE MANAGEMENT ORDER NO. 1

1      Subrogating Plaintiffs include the insurance companies seeking subrogation for paid

2   damages (hereinafter "Subrogating Plaintiffs").  The Plaintiff groups recognize the need for

3   expeditious communications, and therefore have elected lead counsel for the combined

4   Subrogation Plaintiff Group. Liaison Counsel for the Subrogating Plaintiffs shall be: Craig

5   Simon of Berger Kahn, Howard Maycon of Cozen O'Connor and Maura Walsh Ochoa of

6   Grotefeld Hoffmann.

7      Liaison Counsel for Subrogating Plaintiffs shall have the duties and responsibilities of a

8   spokesperson and coordinator generally. The Court does not appoint Liaison Counsel with the

9   authority to make decisions to bind significant issues in the cases of others, Liaison Counsel are

10   not Lead Counsel, and the designation of Liaison Counsel confers no benefits or right to

11   attorney's fees or other rights. Each attorney in this case is representing their own client(s), and

12   the designation as Liaison Counsel confers no rights or responsibilities from a lawyer to people

13   who are not his or her clients. The purpose is purely for there to be a smaller group of people

14   within Subrogating and Defense who can work together to move the case along and keep the

15   Court informed of the progress in filings and during Court proceedings. However, should

16   Defendant SCE need an extension of time to take an act (for example an extension on a filing or

17   deposition), Defense may rely upon a communication from any of Liaison Counsel for

18   Subrogation Liaison Counsel to bind the entire group of Subrogating Plaintiffs. Liaison Counsel

19   for Subrogation are instructed to attempt to meet and confer with their own Subrogating Plaintiffs

20   as time permits but Liaison Counsel for Subrogation may bind the Subrogating Plaintiffs' group

21   to extensions when there are time constraints that do not allow a meeting of the entire group.

22   **E.    Service by Electronic Service Provider Case Home Page**

23      Defendant SCE and Plaintiffs have agreed to and are already utilizing Case Home Page

24   (an electronic case management system and hereinafter "CHP") for electronic service. Parties first

25   appearing after this order is signed may serve new complaints or cross-complaints on any party

26   presently in the case by uploading all documents via Case Home Page along with a blank Notice

27   and Acknowledgement of Receipt directed to the party being served. Service will be deemed

28

CASE MANAGEMENT ORDER NO. 1

# Exhibit H

**FILED**
Superior Court of California
County of Los Angeles

**JUN 30 2021**

Sherri R. Carter, Executive Officer/Clerk of Court

By: _____ Deputy
Berta Guerrero

1
2
3
4
5
6
7
8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| 11   RICHARD PASSMORE, an individual; ROBERT WILCOZSON, an individual; | )   **Lead Case No. 20STCV42356 (Lead Case)** |
| 12   MICHAEL McCLATCHIE, an individual; PERRY CHAMBERLAIN, an individual; | )   Related to:  21STCV06291 |
| 13   ELIZABETH CHAMBERLAIN, an individual; and FRANK KENTON, an | )   Assigned to Judge Kenneth R. Freeman |
| 14   individual, | )   [~~PROPOSED~~] **CASE MANAGEMENT** |
| 15                       Plaintiffs, | )   **ORDER NO. 1** |
| 16   vs. | ) |
| 17   SOUTHERN CALIFORNIA EDISON COMPANY; EDISON INTERNATIONAL; | ) |
| 18   and DOES 1 through 50, inclusive, | ) |
| 19                       Defendants. | ) |
| 20   _____ | ) |
| 21   AND ALL RELATED CASES | ) |
|      _____ | ) |

22
23
24
25
26
27
28

[~~PROPOSED~~] CASE MANAGEMENT ORDER NO. 1

**B.** **Related Actions in the Bobcat Fire Litigation**

The following cases filed in the Bobcat Fire Litigation have been deemed related and ordered transferred to Department 14 under Lead Case Number: 20STCV42356:

1. *21ST Century Insurance Company, et al. v. SCE, Case No. 20STCV06291;*

2. *Hartford Fire Insurance Company, et al. v. SCE, et al. Case No. 21STCV14013;*

3. *American Modern Home Insurance Company, et al. v. SCE, et al. Case No. 21STCV14477;* and

4. *Aho, et al. v. SCE Case No. 21STCV14453.*

The parties are aware of additional lawsuits that may be filed in short order in the Bobcat Fire Cases, but none have been filed to date.

Historically in other wildfire lawsuits, public entities have filed their own complaints and the Parties believe one or more public entities will file suit in the Bobcat Fire.

**C.** **Code Governs where Silent**

Unless otherwise stated herein, or as to any matter as to which this Order is silent, the California Code of Civil Procedure, the California Rules of Court, other applicable statutes, and the Local Rules of this Court shall be controlling.

**D.** **Liaison Counsel for Individual and Subrogating Plaintiff Groups**

Individual Plaintiffs are a group of individuals, whether persons or business entities, seeking damages not paid for by insurance.  Currently the Individual Plaintiffs in the Bobcat Fire Litigation are named under Lead Case No. 20STCV42356 and are represented jointly by Robertson & Associates, LLP; Foley Bezek Behle & Curtis, LLP; Law Offices of Joseph Liebman, P.C.; and Spreter & Petiprin.  The *Aho* Plaintiffs, Case No. 21STCV14453, are represented by Singleton Schreiber McKenzie & Scott LLP . Individual Plaintiffs have designated Alexander Robertson, IV of Robertson & Associates, LLP, Gerald Singleton, of Singleton Schreiber McKenzie & Scott, LLP, and Mikal Watts, of Watts Guerra LLP[1], as liaison counsel in the Bobcat Fire Cases.

---

[1] The Watts Guerra firm has not yet filed in the Bobcat Fire but will do so shortly. The Individual Plaintiffs are requesting Mr. Watts be appointed as liaison counsel as soon as procedurally permitted.

2

Subrogation Plaintiffs include the insurance companies seeking subrogation for paid damages (hereinafter "Subrogating Plaintiffs"). Currently the Subrogation Plaintiffs in the Bobcat Fire Litigation are named under Case Nos. 21STCV0629, 21STCV14013, and 21STCV14477. Liaison Counsel for the Subrogating Plaintiffs shall be Craig Simon of Berger Kahn.

Liaison Counsel for Individual Plaintiffs and Subrogating Plaintiffs shall have the duties and responsibilities of a spokesperson and coordinator generally. The Court does not appoint Liaison Counsel with the authority to make decisions to bind significant issues in the cases of others, Liaison Counsel are not Lead Counsel, and the designation of Liaison Counsel confers no benefits or right to attorney's fees or other rights. Each attorney in this case is representing their own client(s), and the designation as Liaison Counsel confers no rights or responsibilities from a lawyer to people who are not his or her clients. The purpose is purely for there to be a smaller group of people within Plaintiffs and Defense who can work together to move the case along and keep the Court informed of the progress in filings and during Court proceedings. However, should the Edison Defendants need an extension of time to take an act (for example an extension on a filing or deposition), Defense may rely upon a communication from Individual Plaintiffs' Liaison Counsel to bind the entire group of Individual Plaintiffs and a communication from Subrogation Plaintiffs' Liaison Counsel to bind the entire group of Subrogation Plaintiffs. Liaison Counsel for Individual Plaintiffs is instructed to attempt to meet and confer with all Individual Plaintiffs as time permits but Liaison Counsel for Individual Plaintiffs may bind the Individual Plaintiffs' group to extensions when there are time constraints that do not allow a meeting of the entire group. Liaison Counsel for Subrogation is instructed to attempt to meet and confer with the Subrogating Plaintiffs as time permits but Liaison Counsel for Subrogation may bind the Subrogating Plaintiffs' group to extensions when there are time constraints that do not allow a meeting of the entire group.

E.    **Service by Electronic Service Provider Case Home Page**

The Edison Defendants and Plaintiffs have agreed to and are already utilizing Case Home Page (an electronic case management system and hereinafter "CHP") for electronic service. Parties first appearing after this order is signed may serve new complaints or cross-complaints on

# Exhibit I



1    Craig S. Simon (SBN 78158)
     csimon@bergerkahn.com
2    BERGER KAHN, A Law Corporation
     1 Park Plaza, Suite 340
3    Irvine, CA 92614
     Tel: (949) 474-1880

4

5    Lilla Shkolnikov (SBN 219484)
     lshkolnikov@ghlaw-llp.com
     GROTEFELD HOFFMANN
6    700 Larkspur Landing Circle, Suite 280
     Larkspur, CA 94939
7    Tel: (415) 395-9573

8    Howard D. Maycon (SBN 183766)
     hmaycon@cozen.com
9    COZEN O'CONNOR
     501 West Broadway, Suite 1610
10    San Diego, CA 92101
     Tel: (619) 234-1700

11

12    Paul T. Landis (SBN 260454)
     plandis@blwmlawfirm.com
     BAUMAN LOEWE WITT & MAXWELL, PLLC
13    8765 E. Bell Road, Suite 210
     Scottsdale, AZ 85260
14    Tel: (480) 502-4664

15    *Proposed Co-Liaison Counsel for Subrogation Plaintiffs*

16    (*ADDITIONAL COUNSEL LISTED ON FOLLOWING PAGE*)

17

Electronically Received 03/09/2023 03:31 PM

**FILED**
Superior Court of California
County of Los Angeles

**03/29/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ P. Herrera _____ Deputy

18          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

19      **COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE**

20

21    COORDINATION PROCEEDINGS
     SPECIAL TITLE (RULE 3.550)
22
     **MOUNTAIN VIEW FIRE CASES**
23
     For filing in:
24
     Daniel A. Tackitt, et al., v. Liberty Utilities
25    (CalPeco Electric) LLC, et al.,

26

27

28

     JCCP NO. 5228

     Los Angeles County Superior Court Case No. CV00098

     Assigned for All Purposes to:
     Hon. Kenneth R. Freeman, Department 14

     ~~[PROPOSED]~~ **CASE MANAGEMENT ORDER NO. 1**

Gerald Singleton (SBN 208783)
gsingleton@singletonschreiber.com
SINGLETON SCHREIBER, LLP
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473

Alexander Robertson, IV (SBN 127042)
arobertson@arobertsonlaw.com
ROBERTSON & ASSOCIATES, LLP
32121 Lindero Canyon Road, Suite 200
Westlake Village, CA 91361
Tel: (818) 851-3850

Joanna Fox (SBN 272593)
joanna@foxlawapc.com
FOX LAW, APC
225 W. Plaza Street, Suite 102
Solana Beach, CA 92075
Tel: (858) 256-7616

*Proposed Co-Liaison Counsel for Individual Plaintiffs*

Jason Julius (SBN 249036)
jjulius@baronbudd.com
BARON & BUDD, P.C.
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251 7424

Ed Diab (SBN 262319)
diab@theddcfirm.com
DIXON DIAB & CHAMBERS LLP
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 354 2662

*Proposed Co-Liaison Counsel for Public Entities*

8.    *Castro, et al. v. Liberty Utilities (CalPeco Electric) LLC*, Los Angeles County, Superior Court Case No. 22STCV35928;

9.    *Christensen v. Liberty Utilities*, Mono County, Superior Court, Case No. 21UCM36;

10.   *Fire Insurance Exchange, et al. v. Liberty Utilities (CalPeco Electric) LLC*, Mono County, Superior Court, Case No. 21UCM59;

11.   *Joseph, et al. v. Liberty Utilities (CalPeco Electric) LLC*, Mono County, Superior Court, Case No. 22UCB13;

12.   *Lone Pine Paiute-Shoshone Tribe v. Liberty Utilities* (CalPeco Electric) LLC, Lost Angeles County, Superior Court, Case No. 22STCV35519;

13.   *Tackitt, et al. v. Liberty Utilities (CalPeco Electric) LLC, et al.*, Mono County, Superior Court, Case No. CV200098;

14.   *Timpone, et al. v. Liberty Utilities (CalPeco Electric) LLC, et al.*, Mono County, Superior Court, Case No. CV210006;

15.   *Travelers Insurance v. Liberty Utilities (CalPeco Electric) LLC*, Mono County, Superior Court, Case No. 21UCM9; and

16.   *Vernon et. al. v. Liberty Utilities Co., et al.*, Los Angeles County, Superior Court, Case No. 22STCV36143.

## C.    Code Governs Where Silent

Unless otherwise stated herein, or as to any matter as to which this Order is silent, the California Code of Civil Procedure, the California Rules of Court, other applicable statutes, and the Local Rules of this Court shall be controlling.

## D.    Liaison Counsel for Each of the Plaintiff Groups

Individual Plaintiffs in the Mountain View Fire Litigation are represented by: (1) Robertson & Associates, LLP; (2) Singleton Schreiber, LLP; (3) Law offices of Joseph Liebman, P.C.; (4) Foley Bezek Behle & Curtis, LLP; (5) Spreter & Petiprin; (6) Frantz Law Group, APLC; (7) Fox Law, APC; (8) Sieglock law, APC; (9) Wood Law Group; and (10) Law Offices of Shawn E. Caine, APC. Individual Plaintiffs have designated Alexander Robertson IV of Robertson &

1   Associates, LLP; Gerald Singleton of Singleton Schreiber, LLP; and Joanna Fox of Fox Law, APC

2   as Individual Plaintiffs' Co-Liaison Counsel in the Mountain View Fire Cases.

3   Subrogation Plaintiffs in the Mountain View Fire Litigation are represented by: (1) Berger

4   Kahn, a Law Corporation; (2) Cozen O'Connor; (3) Grotefeld Hoffman LLP; (4) Schroeder

5   Loscotoff Stevens LLP; (5) Bauman Loewe Witt & Maxwell, PLLC; and (6) Denenberg Tuffley,

6   PLLC. The Subrogation Plaintiff have designated Craig S. Simon of Berger Kahn, A Law

7   Corporation; Howard Maycon of Cozen O'Connor; Lilla Shkolnikov of Grotefeld Hoffmann LLP;

8   and Paul Landis of Bauman Loewe Witt & Maxwell, PLLC as Subrogation Plaintiffs' Liaison

9   Counsel in the Mountain View Fire Cases.

10  Public Entity Plaintiffs are jointly represented by (1) Baron & Budd and (2) Dixon Diab &

11  Chambers LLP and designate Jason Julius with Baron & Budd and Ed Diab with Dixon Diab &

12  Chambers LLP as Public Entity Liaison Counsel in the Mountain View Fire Cases.

13  Liaison Counsel for Individual Plaintiffs, Public Entity Plaintiffs and Subrogating Plaintiffs

14  shall have the duties and responsibilities of a spokesperson and coordinator generally. The Court

15  does not appoint Liaison Counsel with the authority to make decisions to bind significant issues in

16  the cases of others. Liaison Counsel are not Lead Counsel, and the designation of Liaison Counsel

17  confers no benefits or right to attorney's fees or other rights. Each attorney in this case is

18  representing their own client(s), and the designation as Liaison Counsel confers no rights or

19  responsibilities from a lawyer to people who are not his or her clients. The purpose is purely for

20  there to be a smaller group of people within the three Plaintiff Groups and Defense who can work

21  together to move the case along and keep the Court informed of the progress in filings and during

22  Court proceedings. However, should Defendant need an extension of time to take an act (for

23  example an extension on a filing or deposition), Defense may rely upon a communication from

24  Individual Plaintiffs' Liaison Counsel to bind the entire group of Individual Plaintiffs, a

25  communication from Public Entity Plaintiffs' Liaison Counsel to bind the entire group of Public

26  Entity Plaintiffs, and a communication from Subrogation Plaintiffs' Liaison Counsel to bind the

27  entire group of Subrogation Plaintiffs. Liaison Counsel for Individual Plaintiffs is instructed to

28  attempt to meet and confer with all Individual Plaintiffs as time permits but Liaison Counsel for

Exhibit J

FILED/ENDORSED

NOV - 2 2022

By: _____
V. Aleman
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

| | |
|---|---|
| LYLA HITCHCOCK; et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACIFICORP. and DOES 1-200, inclusive,<br><br>    Defendants. | Case No.: 34-2020-00290833-CU-MT-GDS<br>Related Case Nos.: 34-2021-00293621;<br>34-2021-00299634<br><br>**[PROPOSED] CASE MANAGEMENT ORDER NO. 1** |

I.    **GENERAL PROVISIONS**

   A.    **Complex Action**

      Previously the Court issued an Order attached hereto as Exhibit "1". The Court ordered the Slater Fire actions to be consolidated for pre-trial purposes. The related cases are identified in Section B below.

      Pursuant to the stipulation of the parties, the Court makes this Order to reduce the costs of litigation and to facilitate case management, document retrieval, and case organization. The Court finds that entry of this Order is necessary for the just, expeditious, and efficient litigation of this Action and that compliance with the terms herein will not result in unnecessary hardship or significant prejudice to any of the parties in this matter.

   B.    **Related Actions in the Slater Fire Litigation**

      The following cases filed in the Slater Fire Litigation have been deemed related and ordered transferred to Department 28 under Lead Case Number: 34-2020-00290833-CU-MT-GDS:

1      1.    *Hillman, et al. v. PacifiCorp*, Case No. 34-2021-00293621;-

2      2.    *Farmers Insurance Exchange, et al. v. PacifiCorp, et al.*, Case No. 34-2021-

3          00299634;

4      3.    *Franklin, et al. v. PacifiCorp*, Case No. 34-2022-00324678; and

5      4.    *Ormsby, et al. v. PacifiCorp*, Case No. 34-2022-00324570.

6      The parties are aware of additional lawsuits filed with the Court need to be related to the

7 Slater Fire Cases. The court orders that the following cases be deemed related and ordered transferred

8 to Department 28 under Lead Case Number: 34-2020-00290833-CU-MT-GDS:

9      1.    *CSAA Insurance Exchange vs. Pacificorp*, Case No. 34-2022-00324807;

10      2.    *United Services Automobile Association, et al. vs. Pacificorp*, Case No. 34-2022-

11 00325941;

12      3.    *Nixon et al. v. PacifiCorp*, Case No. 34-2022-00326049;

13      4.    *Lemon et al. v. PacifiCorp*, Case No 34-2022-00326300;

14      5.    *Sanchez et al. v. PacifiCorp*, Case No. 34-2022-00326358;

15      6.    *Hodges, et al. v. PacifiCorp*, Case No. 34-2022-00325617; and

16      7.    *Bleeg, et al. v. PacifiCorp*, Case No. 34-2022-00326096.

17      **B.**    **Code Governs Where Silent**

18      Unless otherwise stated herein, or as to any matter as to which this Order is silent, the

19 California Code of Civil Procedure, the California Rules of Court, other applicable statutes, and the

20 standing orders and Local Rules of this Court shall be controlling.

21      **C.**    **Liaison Counsel for Subrogating and Individual Plaintiff Groups**

22      Individual Plaintiffs are a group of individuals, whether persons or business entities, seeking

23 damages not paid for by insurance. Currently the Individual Plaintiffs in the Slater Fire Litigation

24 are represented by Singleton Schreiber, the Fox Law consortium, and Watts Guerra. Individual

25 Plaintiffs have not designated liaison counsel in the Slater Fire Cases.

26      Subrogating Plaintiffs include the insurance companies seeking subrogation for paid damages

27 (hereinafter "Subrogating Plaintiffs"). The Plaintiff groups recognize the need for expeditious

28 communications, and therefore have elected liaison counsel for the combined Subrogation Plaintiff

1  Group. Co-Liaison Counsel for the Subrogating Plaintiffs shall be: Craig Simon of Berger Kahn,
2  Kevin Bush of Cozen O'Connor, and Jordan Everakes of Grotefeld Hoffmann.

3        Liaison Counsel for Subrogating Plaintiffs shall have the duties and responsibilities of a
4  spokesperson and coordinator generally. The Court does not appoint Liaison Counsel with the
5  authority to make decisions to bind significant issues in the cases of others, Liaison Counsel are not
6  Lead Counsel, and the designation of Liaison Counsel confers no benefits or right to attorney's fees
7  or other rights. Each attorney in this case is representing their own client(s), and the designation as
8  Liaison Counsel confers no rights or responsibilities from a lawyer to people who are not his or her
9  clients. The purpose is purely for there to be a smaller group of people within Subrogating and
10 Defense who can work together to move the case along and keep the Court informed of the progress
11 in filings and during Court proceedings. However, should Defendant PACIFICORP need an
12 extension of time to take an act (for example an extension on a filing or deposition), Defense may
13 rely upon a communication from any of Liaison Counsel for Subrogation Liaison Counsel to bind
14 the entire group of Subrogating Plaintiffs. Liaison Counsel for Subrogation are instructed to attempt
15 to meet and confer with their own Subrogating Plaintiffs as time permits but Liaison Counsel for
16 Subrogation may bind the Subrogating Plaintiffs' group to extensions when there are time constraints
17 that do not allow a meeting of the entire group.

18        **D.    Service by Electronic Service Provider Case Anywhere**

19       Defendant Pacificorp and Plaintiffs have agreed to and are already utilizing Case Anywhere
20 (an electronic case management system for electronic service). Parties first appearing after this order
21 is signed may serve new complaints or cross-complaints on any party presently in the case by
22 uploading all documents via Case Anywhere along with a blank Notice and Acknowledgement of
23 Receipt directed to the party being served. Service will be deemed completed when counsel for
24 Defendants uploads a copy of the signed Notice & Acknowledgement of Receipt to Case Anywhere
25 or otherwise executes a signed Notice & Acknowledgment of Receipt and returns the executed copy
26 to the relevant Plaintiffs' counsel pursuant to Cal. Code Civ. Proc. § 415.30(c).

27       Use of an electronic service provider shall only apply to the service of documents and not to
28 their filing. Original documents must still be filed in the traditional manner (i.e., filing the signed

# Exhibit K

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 3.550)<br><br>ZOGG FIRE CASES | Case No. CJC-21-005165<br>JCCP No. 5156<br><br>**[PROPOSED] ORDER SETTING THE DUTIES AND RESPONSIBILITIES OF LIAISON COUNSEL**<br><br>**Assigned for All Purposes to:**<br>**Hon. Andrew Y.S. Cheng, Dept. 613** |

After consideration of and pursuant to the Joint Case Management Conference Statement submitted jointly by the Plaintiffs and Defendants PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY, and further to the Order After July 7, 2021 Joint Case Management Conference appointing Liaison Counsel, IT IS HEREBY ORDERED THAT:

This order, and all case management and other orders of this Court, shall be binding on parties and their counsel in the Judicial Council Coordinated Proceeding No. 5165, *Zogg Fire Cases*, including all cases currently in this proceeding, and any cases subsequently added to this proceeding.

## I.   ORGANIZATION OF PLAINTIFFS' COUNSEL

Throughout this proceeding, "Individual Plaintiffs" shall refer collectively to all Plaintiffs, whether a party to this proceeding now or in the future, except for "Subrogation Plaintiffs", which shall refer collectively to all Plaintiffs, whether a party to this proceeding now or in the future, who allege that they are insurance carriers seeking subrogation for paid damages.

A.    **Individual Plaintiffs**

The Court appointed in the Order After July 7, 2021 Joint Case Management Conference the

following individuals as Liaison Counsel for Individual Plaintiffs:

Gerald Singleton, Esq.
Singleton Schreiber McKenzie & Scott, LLP
450 A Street, 5th Floor
San Diego, California 92101
Telephone: (619) 771-3473
Email: gsingleton@ssmsjustice.com

Brett Parkinson, Esq.
Potter Handy, LLP
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Telephone: (858) 375-7385
Email: brettp@potterhandy.com

B.    **Subrogation Plaintiffs**

The Court appointed in the Order After July 7, 2021 Joint Case Management Conference the

following individuals as Liaison Counsel for Subrogation Plaintiffs (collectively with Liaison Counsel

for Individual Plaintiffs, "Liaison Counsel"):

Craig Simon, Esq.
Berger Kahn
1 Park Plaza, Suite 340
Irvine, California 92614
Telephone: (949) 300-7628
Email: csimon@bergerkahn.com

Howard Maycon, Esq.
Cozen O'Connor P.C.
601 S. Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone: (800) 563-1027
Email: hmaycon@cozen.com

C.    **Duties and Responsibilities of Liaison Counsel**

Liaison Counsel will have the duties and responsibilities generally described in California Rules

of Court, rule 3.501(12)(B), to act as a spokesperson generally for his or her respective group, and to:

- Direct and coordinate the briefing and argument of all motions directed at or

  brought by Plaintiffs generally;

- Direct and coordinate the filing of opposing briefs and argue motions in

  proceedings initiated by other parties against Plaintiffs' interests (except as to

# Exhibit L

FILED

San Francisco County Superior Court

JUL 28 2022

CLERK OF THE COURT

BY: _____
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 3.550)<br><br>DIXIE FIRE CASES | Judicial Council Coordination Proceeding No. 5208<br><br>AMENDED<br>[PROPOSED] CASE MANAGEMENT ORDER NO. 1<br><br>Assigned for All Purposes to:<br>Hon. SUZANNE RAMOS BOLANOS<br>Dept. 303 |

Based upon the stipulation of the parties, the [Proposed] Case Management Order No. 1 is hereby the Order of the Court. The parties have reserved the right to seek a modification of the Order should the Order prove problematic or unworkable in practice due to unforeseen issues, and the Court encourages the Parties to meet and confer should any such modification be contemplated.

**IT IS SO ORDERED.**

Dated: 7/28/22

_____
Hon. SUZANNE RAMOS BOLANOS
Judge of the Superior Court

1

1  Fire. Hereinafter, unless otherwise specified below, any reference to **"Plaintiffs"** collectively refers to

2  and includes all three groups of Plaintiffs.

### 1.   Request for appointment of Liaison Counsel and an Executive Committee

4  Because Plaintiffs are represented by a large number of firms and individual counsel, Plaintiffs

5  request that the Court appoint the Liaison Counsel and Executive Committee set out below.

6  The Individual Plaintiffs request that the Court appoint Gerald Singleton (Singleton Schreiber,

7  LLP), Alicia O'Neill (Watts Guerra, LLP) and J. Patrick McNicholas (McNicholas & McNicholas,

8  LLP) as Liaison Counsel for Individual Plaintiffs in the Dixie Fire Cases.

9  Additionally, Individual Plaintiffs request that the Court appoint an **Executive Committee**

10  composed of Douglas Boxer; Todd Becker; Robert Bryson; Russell Reiner; Brett Parkinson; Joanna

11  Fox; and one attorney each from the following firms/groups: Cotchett/Walkup and Danko Meredith.

12  (Each group will advise which attorney they would like to have appointed.)

13  The Subrogation Plaintiffs request that the Court appoint Craig Simon (Berger Kahn, A Law

14  Corporation), Howard Maycon (Cozen O'Connor, P.C.), Amanda R. Stevens (Schroeder Loscotoff

15  Stevens, LLP), and Jordan Everakes (Grotefeld Hoffmann) as Liaison Counsel for the Subrogation

16  Plaintiffs.

17  The Public Entity Plaintiffs request that the Court appoint John P. Fiske (Baron & Budd, P.C.)

18  and Edward Diab (Dixon Diab & Chambers LLP) as Liaison Counsel for the Public Entity Plaintiffs.

19  Hereinafter, Individual Plaintiffs' Liaison Counsel, the Public Entity Plaintiffs' Liaison

20  Counsel, and the Subrogation Plaintiffs' Liaison Counsel shall be collectively referred to as **"Liaison

21  Counsel."**

### 2.   Duties and Limitations of Liaison Counsel

22  Liaison Counsel for each group shall have the duties and responsibilities of a spokesperson and

23  coordinator generally. Liaison Counsel are not Lead Counsel, and Liaison Counsel do not have the

24  authority to make decisions on significant issues that bind other counsel for Plaintiffs whom they do not

25  represent. The designation of Liaison Counsel confers no benefits, right to attorney fees, or other rights,

26  and Liaison Counsel will not seek "common benefit" attorney fees.

27  Each attorney in this case is representing their own client(s), and the designation as Liaison

28  Counsel confers no rights or responsibilities on Liaison Counsel for Plaintiffs that are not Liaison

3

Exhibit M

Electronically Filed by Superior Court of California, County of Orange, 09/15/2023 03:00:00 PM.
30-2022-01260545-CU-MT-CXC - ROA # 49 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.
#:3404

1

2

3

4

5

6

7

8

9

10

11

12

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| DEAN DEMETRE, individually and as co-trustee of the DEAN AND SHERRI DEMETRE TRUST; et al., | ) CASE NO 30-2022-01260545-CU-MT-CXC |
| Plaintiffs, | ) Assigned for all purposes to: |
| | ) Judge: Hon. Glenda Sanders |
| vs. | ) Dept.: CX-101 |
| SOUTHERN CALIFORNIA EDISON COMPANY, a California Corporation; EDISON INTERNATIONAL, a California Corporation; and DOES 1 through 100, inclusive, | ) **CASE MANAGEMENT ORDER NO. 1** |
| Defendants. | ) |
| AND ALL RELATED CASES TO COASTAL FIRE LITIGATION | ) |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Demetre v. SCE*, Case Number: 30-2022-01260545-CU-MT-CXC:

1. *Jeffrey Sibley, et al. v. SCE, et al.*; Case No: 30-2022-01260091-CU-EI-CJC; Filed on May 18, 2022; and

2. *California FAIR Plan, et al. v. SCE, et al.*; Case No: 30-2022-01266797-CU-MT-CXC; Filed on June 24, 2022.

3. *Darin Gibson, et al. v. SCE, et al.*; Case No: 30-2022-01269259-CU-MT-CXC; Filed on July 7, 2022.

4. *American Family Connect Property and Casualty Ins. Co., et al. v. SCE;* Case No.: 30-2022-01274518-CU-EI-CXC*;* Filed August 8, 2022.

The Parties are aware of additional lawsuits that may be filed in short order in the Coastal Fire Cases, but none have been filed to date.

Historically in other wildfire lawsuits, public entities have filed their own complaints. The Parties are presently unaware if any public entities will file suit in the Coastal Fire.

**C.      Code Governs where Silent**

Unless otherwise stated herein, or as to any matter as to which this Order is silent, the California Code of Civil Procedure, the California Rules of Court, other applicable statutes, and the Local Rules of this Court shall be controlling.

**D.      Liaison Counsel for Individual and Subrogating Plaintiff Groups**

Individual Plaintiffs are a group of individuals, whether persons or business entities, seeking damages not paid for by insurance. Currently the Individual Plaintiffs in the Coastal Fire Litigation are named under Lead Action 30-2022-01260545-CU-MT-CXC and are represented jointly by Bridgford, Gleason & Artinian. Individual Plaintiffs have designated Richard Bridgford of Bridgford, Gleason & Artinian as liaison counsel in the Coastal Fire Cases.

Subrogation Plaintiffs include the insurance companies seeking subrogation for paid damages. Currently the Subrogation Plaintiffs in the Coastal Fire Litigation are named under Case Nos.  30-2022-01266797-CU-MT-CXC and 30-2022-01274518-CU-EI-CXC. Liaison Counsel for the Subrogating Plaintiffs shall be Craig Simon of Berger Kahn and Howard Maycon of Cozen O'Connor.

# Exhibit N

E-Served: Apr 24 2023  2:34PM PDT  Via Case Anywhere

1

ROBERTSON & ASSOCIATES, LLP
Alexander Robertson, IV (SBN 127042)

2

arobertson@arobertsonlaw.com
32121 Lindero Canyon Road, Suite 200

3

Westlake Village, CA 91361
Telephone: (818) 851-3850

4

*Attorneys for Plaintiffs Guillermo Figueroa et al.;*

5

*Maryanne Tirinnanzi, et al.; Steve Shirley et al.;*
*Michael Brown et al.; Jeff Powell et al.; Victor Lee*

6

*Compton, et al.; Karen Cantu, et al. and Proposed*
*Liaison Counsel for Individual Plaintiffs*

7

8

SINGLETON SCHREIBER, LLP
Gerald Singleton (SBN 208783)

BERGER KAHN, A Law Corporation
Craig S. Simon (SBN 78158)

9

gsingleton@singletonschreiber.com
John C. Lemon (SBN 175847)

csimon@bergerkahn.com
Christine Forsline (SBN 333451)

10

jlemon@singletonschreiber.com
591 Camino de la Reina, Suite 1025

cforsline@bergerkahn.com
1 Park Plaza, Suite 340

11

San Diego, CA 92108
Telephone: (619) 771-3473

Irvine, CA 92614
Tel: (949) 474-1880

12

*Attorneys for Plaintiffs Brian Bassett, et al. and*
*Proposed Liaison Counsel for Individual*

*Attorneys for Subrogation Plaintiffs and*
*Proposed Liaison Counsel for Subrogation*

13

*Plaintiffs*

*Plaintiffs*

14

***(ADDITIONAL COUNSEL LISTED ON FOLLOWING PAGE)***

15

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

17

**SPRING STREET COURTHOUSE**

18

Coordination Proceeding Special Title
(Rule 3.550)

JCCP No. 5266     Lead Case No. 22STCV30891

19

**FAIRVIEW FIRE CASES**

Assigned to the Hon. Carolyn B. Kuhl
Spring Street Courthouse, Dept. 12

20

For filing in:

21

GUILLERMO FIGUEROA, et al.,

[~~PROPOSED~~] **CASE MANAGEMENT**
**ORDER NO. 1**

22

Plaintiffs,

23

vs.

24

25

SOUTHERN CALIFORNIA EDISON
COMPANY; and DOES 1 through 50,
inclusive,

26

27

Defendants.

28

---

1

10.   *City of Hemet v. SCE, et al.*, Case No. 23STCV02534; filed on February 6, 2023;

11.   *Erika Aguilera, et al. v. SCE, et al.*, Case No. 23STCV02812; filed on February 8, 2023;

12.   *Fidel Araujo, et al. v. SCE, et al.*, Case No. 23STCV03254; filed on February 14, 2023.

The Parties are aware of additional lawsuits that may be filed in short order in the Fairview Fire Litigation, but none have been filed to date.

**D.   Future Filed Actions for Coordination**

Defendant Southern California Edison shall include a list of any newly filed and served lawsuits related to the Fairview Fire Litigation in each Joint Status Conference Statement before each Status Conference.

The Court upon receiving the Joint Status Conference Statement shall make a determination whether those new cases should be coordinated in JCCP 5266. If the Court determines those new actions should be coordinated, the Court will issue a Minute Order adding the new actions to the coordinated Fairview Fire Litigation, *after hearing any objections* .

**E.   Liaison Counsel for Each of the Plaintiff Groups**

Individual Plaintiffs are a group of individuals, whether persons or business entities, seeking damages not paid for by insurance.  Currently, the Individual Plaintiffs in the Fairview Fire Litigation are represented by (1) Robertson & Associates, LLP; and (2) Singleton Schreiber, LLP. Individual Plaintiffs have designated Alexander Robertson IV of Robertson & Associates, LLP and Gerald Singleton of Singleton Schreiber, LLP as liaison counsel in the Fairview Fire Litigation.

Subrogating Plaintiffs include the insurance companies seeking subrogation for paid damages. Currently, the Subrogation Plaintiffs in the Fairview Fire Litigation are represented by Berger Kahn, a Law Corporation. The Subrogating Plaintiffs have designated Craig S. Simon of Berger Kahn as liaison counsel in the Fairview Fire Litigation.

Public Entity Plaintiffs are various government entities, including but not limited to political subdivisions of the State of California, municipal corporations, or special districts, that suffered damages as a result of the Fairview Fire. Currently, Public Entity Plaintiffs are jointly