Steve W. Berman
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

Kenneth B. McClain
HUMPHREY FARRINGTON &
McCLAIN, P.C.
221 W. Lexington Ave., Suite 400
Independence, MO 64050

Roland Tellis
BARON & BUDD, P.C.
15910 Ventura Blvd., Suite 1600
Encino, CA 91436

*Plaintiffs' Consumer Class Action Leadership Committee*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 8:22-ML-3052 JVS(KESx) **JOINT DECLARATION OF THE CONSUMER CLASS ACTION LEADERSHIP COUNSEL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| *This document relates to:* *CONSUMER CLASS ACTION CASES* | |

We, STEVE W. BERMAN, ELIZABETH A. FEGAN, KENNETH B. MCCLAIN, and ROLAND TELLIS, declare as follows:

1.     We are admitted to appear in this litigation, are counsel of record for the Consumer Class Action Plaintiffs, and were appointed to the Consumer Class Action Leadership Counsel in *In re Kia Hyundai Vehicle Theft Marketing, Sales Practices, And Products Liability Litigation*, No. 8:22-ML-3052 JVS(KESx) (C.D. Cal.). We could and would competently testify to the matters stated in this declaration based on personal knowledge or discussions with counsel in our firms.

2.     We submit this declaration in support of the Consumer Class Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

3.     Attached hereto as **Exhibit 1** is a true and correct copy of the executed Settlement Agreement ("Settlement Agreement"), and respective exhibits, dated July 20, 2023.

      a.   Attached to the Settlement Agreement as **Exhibit A** is a true and correct copy of the proposed Long Form Notice.

      b.   Attached to the Settlement Agreement as **Exhibit B** is a true and correct copy of the proposed Claim Form.

4.     As summarized below, we have undertaken extensive analyses of the claims and defenses in this case, as well as the underlying facts, the benefits conferred by the Settlement, and the risks associated with continued litigation. Based on that comprehensive assessment and our experience litigating complex class actions, we believe the Settlement is fair, reasonable, and adequate for the proposed Class.

## I.     THE SETTLEMENT IS THE RESULT OF SERIOUS, INFORMED, ARM'S-LENGTH NEGOTIATIONS BY EXPERIENCED CLASS COUNSEL.

5.     This multi-district litigation concerns Plaintiffs' allegations that Defendants Hyundai Motor Company ("HMC"), Hyundai Motor America ("HMA"), KIA

Corporation ("KC"), and KIA America, Inc. ("KA") (collectively "Defendants")
produced and sold more than nine million Class Vehicles, which contain a safety defect
that makes them highly prone to theft (the "Theft Prone Defect").

6.     Beginning in July 2022, dozens of class actions were filed by consumers
nationwide against Defendants relating to this alleged Defect.

7.     On July 21, 2022, Humphrey Farrington & McClain filed a class action
complaint relating to the Theft Prone Defect styled: *Bendorf, et al. v. Kia America, Inc.,
et al.*, No. 4:22-cv-00465-RK (W.D. Mo.).

8.     On August 19, 2022, Hagens Berman filed a class action complaint relating
to the Theft Prone Defect styled: *McNerney v. Kia America, Inc.*, No. 8:22-cv-01548
(C.D. Cal.).

9.     On September 9, 2022, Fegan Scott filed a class action complaint relating to
the Theft Prone Defect styled: *Cohen, et al. v. Kia America, Inc., et al.*, No. 8:22-cv-
01664 (C.D. Cal.).

10.    On September 12, 2022, Baron & Budd filed a class action complaint relating
to the Theft Prone Defect styled: *Morrow et al.  v.  Hyundai Motor America, Inc. et al.*,
No. 8:22-cv-01674 (C.D. Cal.).

11.    Before filing these complaints, our firms undertook significant independent
investigations, which included a review of publicly available sources of technical
information, research into the design of the steering wheel columns and ignition
assemblies in the Class Vehicles, online victim reports relating to the Theft Prone Defect,
and discussions with numerous putative class members. Our investigations continued
post-filing, throughout the course of the litigation and continue to this day.

12.    By the end of August 2022, at least fifteen putative class actions relating to
the Theft Prone Defect were filed across the country. On August 31, 2022, the *McNerney*

Plaintiffs moved for consolidation under 28 U.S.C. § 1407. *See* MDL No. 3052 ("JPML Dkt."), Dkt. 1.

13.  While consolidation was pending before the Judicial Panel on Multidistrict Litigation ("JPML"), the nationwide epidemic of stolen Hyundai and Kia vehicles was growing and becoming an ever-increasing danger for Plaintiffs.  Accordingly, in October 2022, the Parties began to hold informal settlement discussions in an effort to provide expeditious relief to consumers. Such discussions began with a meeting on October 18, 2022, at Hagen Berman's offices in Seattle. The meeting concluded without a resolution, but the Parties agreed to exchange information necessary to evaluate a resolution.

14.  Following the initial settlement meeting in October 2022, the Parties engaged the services of the Hon. Margaret M. Morrow (Ret.) who held a formal, full-day mediation session in Los Angeles on November 15, 2022. Although the mediation was productive, the Parties did not reach a resolution. Thereafter, for the balance of November and into early December 2022, the Parties participated in numerous phone calls and Zoom meetings with Judge Morrow and continued to work on a potential resolution. The Parties also exchanged additional information and proposed term sheets. However, despite their best efforts, no resolution was reached.

15.  On December 13, 2022, the JPML issued an order transferring related actions from fourteen District Courts across the United States to the Central District of California for consolidation and pre-trial coordination.

16.  On December 22, 2022, the Court appointed Mr. Berman, Ms. Fegan, and Mr. McClain as Initial Conference Counsel tasked with conferring and obtaining consensus regarding the most pressing issues affecting the case. Dkt. 2 at 2.

17.  Shortly after the Court appointed Initial Conference Counsel, the Parties sought to resume their settlement efforts. Over the coming weeks, the Parties exchanged information relating to the Theft Prone Defect and negotiated terms of a potential

-3-

settlement. Among other things, Defendants provided information concerning their forthcoming Software Upgrade (discussed below) and discussed their ongoing efforts to offer a remedy for the Theft Prone Defect.

18.   After reviewing the qualifications of many well qualified applicants, on February 9, 2023, the Court appointed Mr. Berman, Ms. Fegan, Mr. McClain, and Mr. Tellis to the Plaintiffs' Consumer Class Action Leadership Committee. Dkt. 50 at 3.

19.   Following the formation of the Consumer Class Action Leadership Committee, the Parties continued their exchange of information and negotiations.

20.   Although Plaintiffs were committed to providing comprehensive relief to putative Class members in a timely manner, the Consumer Class Action Leadership Committee employed a dual-track litigation strategy, whereby our efforts to prosecute these claims were unimpeded by our settlement negotiations.

21.   We undertook an exhaustive effort to draft a consolidated complaint and consult with experts, while simultaneously engaging in settlement negotiations. Our investigation concerning the underlying Theft Prone Defect was extensive. It involved a review of publicly available sources of technical information, hundreds of interviews with putative Class members and potential class representatives, technical analyses relating to the design of the steering wheel columns and ignition assemblies in the Class Vehicles, and consultation with automotive experts. These efforts not only resulted in the Consolidated Amended Consumer Class Action Complaint ("CAC") that was filed on April 10, 2023 (Dkt. 84) but also informed our settlement negotiations.

22.   After several rounds of further negotiations, the Parties determined that it would be beneficial to reconvene another mediation before Judge Morrow.

23.   Under the guidance of Judge Morrow, the Parties participated in mediation sessions on April 4 and 5, 2023, where drafts memoranda of understanding were

discussed. The Parties did not leave the mediation sessions with an agreement, but we continued working toward that goal, while actively litigating the case.

24.    The following week, on April 14, 2023, the Parties exchanged initial disclosures, and on April 19, 2023, Plaintiffs served HMA and KA with their First Set of Requests for Production of Documents.

25.    On May 1, 2023, Defendants moved to dismiss the CAC. Dkt. 95. We immediately analyzed the motion and began working on Plaintiffs' opposition. Our analysis of the motion also informed our views as to the strength and weakness of Plaintiffs' claims.

26.    On May 18, 2023, the Parties notified the Court that they reached a settlement in principle resulting in a fully executed Memorandum of Understanding ("MOU"). *See* Dkt. 107.

27.    The general terms of the MOU, which are memorialized in the Settlement Agreement, were publicly disseminated by the Parties in press releases and widely covered in the media.[1]

28.    In our press release, we disclosed that the Settlement would provide: (i) up to $145 million for out-of-pocket losses, which would be subject to individual claim caps; (ii) a no cost software upgrade for certain Class Vehicles that addresses the cars' lack of an immobilizer (the "Software Upgrade"); and (iii) up to $300 payments to Class

---

[1] *See, e.g.,* https://www.nbcnews.com/business/hyundai-kia-car-theft-settlement-details-who-is-eligible-rcna85250 (last visited July 13, 2023); https://www.caranddriver.com/news/a43941743/hyundai-kia-vehicle-theft-settlement/ (last visited July 13, 2023); https://www.npr.org/2023/05/18/1177005881/kia-hyundai-theft-settlement-tiktok (last visited July 13, 2023); https://www.cnn.com/2023/05/18/business/hyundai-kia-theft-settlement/index.html (last visited July 13, 2023).

members whose Class Vehicles are not eligible for the Software Upgrade.[2] To date, the response we received from Class members has been overwhelmingly positive.

29.    In addition to the benefits for Class members, the MOU provided that Plaintiffs are entitled to confirmatory discovery relating to, *inter alia*, the nature and scope of the Software Upgrade, and Defendants will pay all costs and expenses for class notice and claims administration.

30.    Shortly after the Parties executed the MOU, they began drafting and negotiating the Settlement Agreement and we went to work on confirmatory discovery.

31.    On May 18, 2023, Plaintiffs served Defendants with their first set of Requests for Production of Documents (the "Confirmatory RFPs"). The Confirmatory RFPs sought documents relating to, *inter alia*: (1) Defendants' investigation about the theft risk in Class Vehicles; (2) Defendants' interactions with NHTSA concerning the Defect; (3) the development, efficacy, and roll-out of the Software Upgrade remedy (discussed below); (4) insurance coverage for Class Vehicles; and (5) Defendants' efforts to mitigate the risk of theft in Class Vehicles.

32.    Over the subsequent months, we continued hard fought negotiations over the final terms of the Settlement Agreement. As part of their negotiation of the Settlement Agreement, the Parties held several telephonic and videoconference meetings during which they discussed key issues affecting the Class benefits.

## II.    THE VIEWS OF COUNSEL

33.    Before agreeing to the proposed Settlement, we were well informed as to the underlying facts and the strength of Plaintiffs' case, which allowed for meaningful negotiations.

---

[2]    https://www.businesswire.com/news/home/20230517005834/en/Hagens-Berman-Hyundai-Kia-Theft-Class-Action-Lawsuit-Reaches-Settlement-Valued-at-More-Than-200-Million (last visited July 13, 2023).

34.   We devoted significant time to prosecuting these claims and pursuing relief on behalf of all Class members. We conducted substantial pre- and post-filing investigations, which are evinced by the comprehensive CAC. Indeed, after executing the MOU, we continued our investigation into the alleged Defect, including the Software Upgrade.

35.   The Parties have also started confirmatory discovery, which will further allow us to verify the fairness of the benefits provided in the proposed Settlement and obtain testimony from Hyundai and Kia employees with knowledge of the Defect and proposed remedies, including the Software Upgrade, prior to final approval.

36.   In the course of resolving this litigation, Class Counsel had a strong understanding of the strength and weakness of Plaintiffs' case and were well-situated to make an informed decision regarding settlement. Based on our substantial experience litigating class actions, and specifically automotive defect class actions, the information received was sufficient to evaluate the fairness of the proposed Settlement.

37.   Our negotiations with Defendants were adversarial and conducted at arms'-length, resulting in a proposed Settlement that is fair, reasonable, and adequate. After mediating and reaching a settlement in principle, we spent months meeting and conferring with Defendants' representatives by phone, videoconference, and in writing to hammer out the details of the Settlement Agreement. Additionally, we have represented consumers in many significant class actions, including the following actions against Hyundai and Kia in this District, which were deemed fair, reasonable, and adequate: *In re Hyundai and Kia Fuel Economy Litigation*, No. 2:13-md-2424-GW-FFM (C.D. Cal.) (Hagens Berman); *In re Kia Engine Litigation ("Engine I")*, No. 8:17-cv-00838-JLS-JDE (C.D. Cal.) (Hagens Berman); *Zakikhani et al. v. Hyundai Motor Company et al.*, No. 8:20-cv-01584-SB-JDE (C.D. Cal.) (Fegan Scott and Hagens

Berman); and *In re: Hyundai and Kia Engine Litigation II ("Engine II")*, No. 8:18-cv-02223-JLS (C.D. Cal.) (Hagens Berman).

38.   Class Counsel believe that Class members maximized the recovery they could have achieved in settlement of this matter. Based on their years of complex litigation experience, and specifically automotive defect class actions, and their personal involvement in the prosecution of this case from start to finish, Class Counsel believes the Settlement is not only fair, reasonable, adequate, but also is in the best interests of all Class members in light of all known facts and circumstances and should therefore be preliminarily approved by the Court.

39.   Plaintiffs, who all seek to be Class Representatives, have no interests that conflict with the Settlement Class members and will continue to vigorously protect Class interests, as they have throughout this litigation. Plaintiffs understand their duties as class representatives, have agreed to consider the interests of absent Settlement Class members, have actively participated in this litigation, and will continue to do so.

*       *       *

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed July 20, 2023, at Seattle, Washington.

By:  */s/ Steve W. Berman*
Steve W. Berman, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

-8-

Executed July 20, 2023, at Chicago, Illinois.

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan, Esq.
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

Executed July 20, 2023, at Independence, Missouri.

By: */s/ Kenneth B. McClain*
Kenneth B. McClain, Esq.
HUMPHREY FARRINGTON & McCLAIN
221 W. Lexington Ave., Suite 400
Independence, MO 64050

Executed July 20, 2023, at Encino, California.

By: */s/ Roland Tellis*
Roland Tellis, Esq.
BARON & BUDD, P.C.
15910 Ventura Blvd., Suite 1600
Encino, CA 91436

*Consumer Class Action Leadership Counsel and Counsel for Plaintiffs*

-9-