| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | | Case No. 8:22-ML-3052-JVS(KESx) |
| | | The Honorable James V. Selna |
| | | **ORDER RE JOINT STIPULATION RE SERVICE AND DISCOVERY [170]** |
| This document relates to: | | |
| Insurance Subrogation Cases | | |

## JOINT STIPULATION RE SERVICE AND DISCOVERY

The Subrogation Plaintiffs Committee for the Insurance Subrogation Cases and Counsel for Defendants Hyundai Motor America ("HMA"), Kia America, Inc. ("KA"), Hyundai Motor Company ("HMC"), and Kia Corporation ("KC") (collectively, "Defendants") (together with the Insurance Subrogation Plaintiffs, the "Parties") hereby stipulate and agree to the following terms regarding service of the Subrogation Plaintiffs' forthcoming Consolidated Complaint and potential discovery from Defendants:

1. Foreign entities, KC and HMC, dispute that they have been made proper defendants or that they have been properly served in any underlying action. In lieu of litigating those issues, however, counsel for KC and HMC agree to accept, and will upon receipt accept, service on behalf of KC and HMC, as well as on behalf of HMA and KA, of the Subrogation Plaintiffs' forthcoming Consolidated Complaint and hereby agree to waive the formalities of service under Federal Rules of Civil Procedure 4(d) and not to assert their rights under the Hague Service Convention for the purposes of this action only, expressly conditioned upon the terms stated below.

2. The Parties agree that, in the interests of judicial economy and orderly management of the action, a schedule should be established with respect to any discovery propounded by the Insurance Subrogation Plaintiffs.

3. KC and HMC shall have an additional sixty (60) days to that permitted under the Federal Rules of Civil Procedure (*i.e.*, a total of ninety (90) days) to serve the Insurance Subrogation Plaintiffs with objections and/or responses to any and all discovery requests propounded by the Insurance Subrogation Plaintiffs in this action.

4. Domestic entities KA and HMA shall have an additional thirty (30) days to that permitted under the Federal Rules of Civil Procedure (*i.e.*, a total of sixty (60) days) to serve the Insurance Subrogation Plaintiffs with objections and/or responses to any and all discovery requests propounded by the Insurance Subrogation Plaintiffs in this action. The additional time will allow domestic entities, KA and HMA, to properly coordinate their responses with those of the foreign entities, KC and HMC.

5. The Insurance Subrogation Plaintiffs will provide at least ninety (90) days written notice for any deposition of HMC or KC personnel and at least sixty (60) days written notice for any deposition of HMA or KA personnel. The Insurance Subrogation Plaintiffs will coordinate a date that is convenient for all attorneys, Defendants, and witnesses.

6. Any deposition of HMC or KC personnel located in the Republic of Korea for this action will proceed in Seoul, Republic of Korea, or by video-conference during normal business hours in the Republic of Korea with the witness and their counsel permitted to appear in the Republic of Korea, giving due consideration to any restrictions and limitations imposed in response to the COVID-19 pandemic. The Insurance Subrogation Plaintiffs may proceed to conduct the deposition by video-conference at their discretion. The court reporter may be located within the United States and the oath may be administered remotely via video link.

7. Any deposition of HMA or KA personnel will proceed in Orange County or Los Angeles, California, at a place to be determined by HMA or KA, respectively, or by video-conference during normal business hours in California with the witness and their counsel permitted to appear in California. The Insurance Subrogation Plaintiffs may proceed to conduct the deposition by video-conference at their discretion. The court reporter may be located elsewhere in the United States and the oath may be administered remotely via video link.

8. The Parties will enter into a Protective Order regarding Defendants' confidential documents and other information.

9. If any notarization is required for any discovery response, a formal notarization is not required. In lieu, the Parties stipulate that their respective signatures served and/or filed in this matter carry all of the responsibilities and penalties that pertain to the type of notarized signature required for such document.

10. This agreement is limited to the Insurance Subrogation Cases in the above-captioned litigation and should not be construed as an agreement by any Defendant to waive the requirements of Federal Rules of Civil Procedure 4(d) and/or the Hague Service Convention in any other litigation or for any purpose other than accepting service of the Insurance Subrogation Plaintiffs' forthcoming Consolidated Complaint in this action.

11. Defendants do not waive any other defenses, including the right to challenge personal or subject matter jurisdiction and venue. The Insurance Subrogation Plaintiffs agree that they will not argue that waiver or acceptance of service or negotiation of this Joint Stipulation re Service and Discovery supports personal jurisdiction over any Defendant. Defendants do not waive the right to assert objections to discovery propounded on them, and expressly preserve the right to oppose, or seek relief in connection with, any discovery requests served on them.

WHEREFORE, the Insurance Subrogation Plaintiffs and Defendants respectfully request that the Court enter this Stipulation as an Order of the Court.

**IT IS SO STIPULATED AND AGREED.**

| | | |
|---|---|---|
| 1 | Dated: July 28, 2023 | Respectfully Submitted, |
| 2 | | |
| 3 | | /s/ Peter J. Brennan |
| | | Kate T. Spelman |
| 4 | | Alice S. Kim |
| | | Madeline P. Skitzki |
| 5 | | Jenna L. Conwisar |
| | | JENNER & BLOCK LLP |
| 6 | | 515 South Flower Street, Suite 3300 |
| | | Los Angeles, CA 90071-2246 |
| 7 | | Telephone: (213) 239-5100 |
| | | Facsimile: (213) 239-5199 |
| 8 | | KSpelman@jenner.com |
| | | AKim@jenner.com |
| 9 | | MSkitzki@jenner.com |
| | | JConwisar@jenner.com |
| 10 | | Peter J. Brennan (*pro hac vice*) |
| 11 | | Michael T. Brody (*pro hac vice*) |
| | | JENNER & BLOCK LLP |
| 12 | | 353 North Clark Street |
| | | Chicago, IL 60654-3456 |
| 13 | | Telephone: (312) 222-9350 |
| | | Facsimile: (312) 527-0484 |
| 14 | | PBrennan@jenner.com |
| | | MBrody@jenner.com |
| 15 | | |
| 16 | | *Attorneys for Defendants* |

4
JOINT STIPULATION RE SERVICE AND DISCOVERY

| | |
|---|---|
| Dated: July 28, 2023 | Respectfully Submitted,<br><br>/s/ *[signature]*<br>Elliott R. Feldman<br>Nathan Dooley<br>COZEN O'CONNOR<br>601 S. Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>Tel.: 213.892.7933<br>Fax: 213.892.7999<br>Email: efeldman@cozen.com<br>Email: ndooley@cozen.com<br><br>/s/ *William Hoffmann*<br>William Hoffmann<br>Adam M. Romney<br>GROTEFELD HOFFMANN<br>5535 Balboa Blvd., Ste. 219<br>Encino, California 91316<br>Telephone: (747) 233-7150<br>Facsimile: (747) 233-7143<br><br>/s/ *[signature]*<br>Craig S. Simon<br>BERGER KAHN, A LAW CORPORATION<br>1 Park Plaza, Suite 340<br>Irvine, CA 92614<br>Tel: (949) 474-1880<br>csimon@bergerkahn.com<br><br>/s/ *Daniel Hogan*<br>Daniel Hogan<br>STUTMAN LAW<br>500 Office Center Drive, 301<br>Fort Washington, PA 19034<br>Phone: 215-283-1177 ext. 125<br>Cell: 267-210-2706<br>Fax: 215-283-1188<br>HoganD@StutmanLaw.com<br><br>*Subrogation Plaintiffs Committee and Attorneys for Insurance Subrogation Plaintiffs* |

5
JOINT STIPULATION RE SERVICE AND DISCOVERY

5

JOINT STIPULATION RE SERVICE AND DISCOVERY

# ORDER

Good cause appearing, the Court hereby approves this Joint Stipulation re Service and Discovery.

**IT IS SO ORDERED.**

Dated: July 28, 2023

_____
The Honorable James V. Selna
United States District Judge

## ECF ATTESTATION

I, Peter J. Brennan, attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

By  */s/ Peter J. Brennan*
    Peter J. Brennan