**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
Alice S. Kim (SBN 317479)
AKim@jenner.com
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Jenna L. Conwisar (SBN 341521)
JConwisar@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

**JENNER & BLOCK LLP**
Peter J. Brennan (*pro hac vice*)
PBrennan@jenner.com
Michael T. Brody (*pro hac vice*)
MBrody@jenner.com
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Insurance Subrogation Cases | Case No. 8:22-ML-3052-JVS(KESx)<br><br>The Honorable James V. Selna<br><br>**DEFENDANTS' NOTICE OF INTENT TO RAISE ISSUE AT AUGUST 15 HEARING CONCERNING THE SCOPE OF THE INSURANCE SUBROGATION PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

Defendants Hyundai Motor America, Kia America, Inc., Hyundai Motor Company, and Kia Corporation (collectively, "Defendants"), by and through their undersigned counsel, respectfully wish to notify the Court of their intent to raise, with the Court's permission, an issue regarding the Consolidated Amended Complaint filed by the Insurance Subrogation Plaintiffs on July 28, 2023 (ECF No. 176) (the "Consolidated Complaint" or the "ISCAC") at the August 15, 2023 hearing. As explained below, the issue concerns the scope and effect of the Consolidated Complaint.

### The Court's Orders and Instructions[1]

On June 22, 2023, this Court issued Order No. 12: Appointments re Revised Leadership Structure (ECF No. 154). Order No. 12 revised the leadership structure to, among other things, appoint certain counsel to a new Subrogation Plaintiffs Committee "responsible for managing the subrogation track." In particular, the Court appointed Nathan Dooley of Cozen O'Connor, Craig S. Simon of Berger Kahn, Daniel Hogan of the Law Offices of Robert A. Stutman, P.C., and Adam M. Romney of Grotefeld Hoffmann LLP. *See* Order No. 12: Appointments re Revised Leadership Structure, ECF No. 154, at 2–3 (the Court appointing Mr. Dooley, Mr. Simon, Mr. Hogan, and Mr. Romney to the Subrogation Plaintiffs Committee and ordering that this "committee shall be responsible for managing the subrogation track"). The Court also adopted a schedule setting deadlines for a "consolidated complaint [to] be filed by the plaintiffs in the Insurance Subrogation Cases no later than July 28, 2023" and for Defendants' motion to dismiss such consolidated

---

[1] The Court has explicitly held that its orders and instructions apply with equal force to cases later filed, removed, or transferred to the Court as part of the above-referenced litigation. *See* Order No. 1: Initial Conference, ECF No. 2 (Section 6 stating, "This Order shall also apply to related cases later filed in, removed to, or transferred to this Court."); Order No. 4: Implementing Joint Case Management Statement, ECF No. 70 (Section 2 stating that this Court's previous and subsequent orders, including Order No. 4, "shall apply automatically to all consolidated or coordinated cases, including cases that later become a part of this proceeding," "unless specified otherwise").

1  complaint to be filed "no later than September 8, 2023." *Id.* at 4–5.

2  Prior to issuing Order No. 12, at the June 12, 2023 status conference, the Court made clear that the Insurance Subrogation Plaintiffs were to file a single consolidated amended complaint applying to and covering all plaintiffs in all Insurance Subrogation Cases. *See* June 12, 2023 Tr. at 14:14–15, 18 (the Court stating, "It would be my intent to require a consolidated amended pleading to be filed on both tracks[,] . . . [g]overnmental and subrogation."). When counsel thrice requested separate tracks and separate complaints for certain Insurance Subrogation Cases, the Court declined these requests.

For example, Mr. Simon "suggest[ed] to the Court three tracks; that is, one governmental, one subrogation class, and one master subrogation"—meaning "that there be a class track for subro [sic] and an individual track for all of those carriers who are not part of the class"—as "it would be hard to have it in one pleading" because "the class aspect is a little separate than the direct aspect" and "it would be better for the Court to see the class allegations separated from the direct allegations." June 12, 2023 Tr. at 14:22–15:19; *see also id.* at 16:01–09. The Court responded, "At least at the pleading stage, it would seem to me I'm going to be asked to make a number of legal decisions that would apply across the board whether the particular carrier is there in a class membership category or there individually." *Id.* at 15:20–24. The Court further responded, "I don't know why I should split that up." *Id.* at 15: 24–25. Mr. Simon then agreed, "All right. . . . [I]f the Court wants it in one, we'll try to make it look like that." *Id.* at 16:01–09.

For another, William J. Hoffmann of Grotefeld Hoffmann LLP reiterated Mr. Simon's request and expressed his "belie[f] that there's credibility to Mr. Simon's suggestion that we would have two master complaints, one for Cozen and one for the other remaining claims." *Id.* at 17:12–15. Mr. Hoffmann stated, "One of the differences between our complaint and Mr. Simon's complaint are the different causes of action. It's different than what the Cozen complaint was for the class as

currently pled before the Court. So there may be an issue in one complaint . . . ." *Id.* at 17:07–11. The Court responded, "I'm just not going to go down that track." *Id.* at 17:16–17.

For a third, Timothy E. Cary of the Law Offices of Robert A. Stutman, P.C. later also stated, "I just want to indicate that our firm supports the structure that has been proposed by Mr. Simon and Mr. Feldman. We also feel that there should be a separation in the complaints. . . . We actually feel it would [be] more appropriate to have a separate subrogation complaint that applies to all, but we will follow the Court's recommendation for present purposes." *Id.* at 17:24–18:06.

### The Consolidated Complaint

On July 28, 2023, a consolidated amended complaint titled "Master Complaint for All Subrogation Plaintiffs," applying to "ALL SUBROGATION CLAIMS," was filed. ISCAC at p. 1. Despite these initial references to "All" plaintiffs and cases, however, the content of the Consolidated Complaint does not make its scope or intended effect clear. It is not clear that this Consolidated Complaint was filed pursuant to the authority of the Subrogation Plaintiffs Committee. It is not clear that this Consolidated Complaint applies to and covers all of the Insurance Subrogation Cases. And it is not clear that this Consolidated Complaint applies to and covers all of the Insurance Subrogation Plaintiffs.

As an initial matter, the Consolidated Complaint was signed by Elliott R. Feldman of Cozen O'Connor, Mr. Hoffmann, Mr. Cary, and Mr. Simon in their capacity as "Attorneys for Subrogation Plaintiffs" only. ISCAC at p. 804 (formatting omitted). Mr. Feldman and Mr. Hoffmann, who are members of the new Executive Committee, are not members of the Subrogation Plaintiffs Committee. *See* Order No. 12: Appointments re Revised Leadership Structure, ECF No. 154, at 2–3. Mr. Cary is not a member of any committee. *See generally id.* Moreover, the Consolidated Complaint specifically names only four law firms as counsel for the Insurance Subrogation Plaintiffs and noticeably omits other law firms who have

brought Insurance Subrogation Cases relevant to the above-referenced litigation. *See, e.g.*, ISCAC at p. 1, ¶¶ 6–7.

As a general matter, the content of the Consolidated Complaint suggests that—contrary to the Court's express orders and instructions—counsel for the Insurance Subrogation Plaintiffs have created two separate tracks for the Insurance Subrogation Cases. The Consolidated Complaint, on its face, applies only to certain class plaintiffs (only 200 class plaintiffs are named) and any so-called "Adopting Plaintiffs." *Compare* ISCAC ¶¶ 5–7, *with id.* ¶¶ 19–20, *id.* ¶¶ 44–247, & Ex. C. The so-called "Adoption" process these counsel have unilaterally established "permits each adopting Subrogation Plaintiff to identify whether they elect to join the 'Class Plaintiffs' group or the 'Independent Subrogation Plaintiffs' group"; further permits "each Subrogation Plaintiff [to] adopt[] only the allegations assigned to their chosen group of Subrogating Carriers"; and further permits "each Plaintiff to identify whether it adopts or excludes each count asserted herein." *Id.* ¶¶ 19–20. According to the Consolidated Complaint, "each cause of action will be brought only by Adopting Plaintiffs against all Defendants." *Id.* ¶ 20.

Importantly, there is no formal requirement that any plaintiff actually adopt any part of the Consolidated Complaint by submitting Exhibit C. And there is no deadline by which any plaintiff must adopt the Consolidated Complaint by submitting Exhibit C. *See generally* ISCAC & Ex. C. To date, counsel for Defendants are not aware of any submission or filing of Exhibit C by any plaintiff.

This leaves open and unclear what happens to the many Insurance Subrogation Plaintiffs who are not named in the Consolidated Complaint, who may or may not fill out Exhibit C, who may or may not elect to adopt any part—let alone all—of the Consolidated Complaint, and their claims. In light of the Court's repeated instructions that all Insurance Subrogation Plaintiffs fall under a single consolidated amended pleading on the same track, to the extent there is any ambiguity on this issue, Defendants respectfully request that, at the August 15

4
DEFENDANTS' NOTICE OF INTENT TO RAISE ISSUE

hearing, the Court clarify the scope and effect of the Consolidated Complaint.

## Conclusion

With the Court's permission, Defendants will raise the above-outlined issue at the August 15, 2023 hearing.

Dated:  August 10, 2023

JENNER & BLOCK LLP

*/s/ Peter J. Brennan*
Kate T. Spelman
Alice S. Kim
Madeline P. Skitzki
Jenna L. Conwisar
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
KSpelman@jenner.com
AKim@jenner.com
MSkitzki@jenner.com
JConwisar@jenner.com

Peter J. Brennan (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
PBrennan@jenner.com
MBrody@jenner.com

*Attorneys for Defendants*