Steve W. Berman
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

Kenneth B. McClain
HUMPHREY FARRINGTON &
McCLAIN, P.C.
221 W. Lexington Ave., Suite 400
Independence, MO 64050

Roland Tellis
BARON & BUDD, P.C.
15910 Ventura Blvd., Suite 1600
Encino, CA 91436

*Plaintiffs' Consumer Class Action Leadership Committee*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No.: 8:22-ml-03052-JVS-KES<br><br>The Honorable James V. Selna<br><br>**CONSUMER CLASS ACTION PLAINTIFFS' RESPONSE TO GOVERNMENTAL ENTITIES' STATEMENT REGARDING PROPOSED CONSUMER SETTLEMENT AGREEMENT** |

In their statement regarding their impression of the Settlement Agreement requested by the Court, the Governmental Entity Plaintiffs[1] expressly take no position on whether the proposed settlement should be approved. *See* ECF 183 at 1. Moreover, the Governmental Entity Plaintiffs profess to be "pleased" that Defendants are taking steps to address the safety defect in the Class Vehicles by offering a Software Upgrade pursuant to the terms of the Settlement Agreement, and furthermore, they take no position on the sufficiency of the monetary relief provided to Class Members. *Id*.

---

[1] On August 11, 2023, six Attorneys General submitted a letter in supporting the Governmental Entity Plaintiffs' complaints about the pace of the Software Upgrade. *See* ECF 186. On April 20, 2023, a multi-state group of Attorneys General sent a letter to NHTSA similarly raising concerns about the pace of the implementation of the Software Upgrade. *See* **Exhibit A**. The multi-state Attorneys Generals asked NHTSA, as the agency responsible, to "institute a recall of unsafe Hyundai and Kia vehicles manufactured between 2011 and 2022 whose easily-bypassed ignition switches and lack of engine immobilizers make them particularly vulnerable to theft." *Id*.

NHTSA did not implement the requested recall, and on June 5, 2023, responded as follows:

> At this time, NHTSA has not determined that this issue constitutes either a safety defect or noncompliance requiring a recall under the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. Chapter 301. The Federal Motor Vehicle Safety Standard identified in your letter, FMVSS No. 114, does not require an engine immobilizer. *See* 49 C.F.R. § 571.114. Also, the test procedure specified in that standard does not contemplate actions taken by criminal actors to break open or remove part of the steering column and take out the ignition lock to start a vehicle. *See id*. § 571.114, S6. Here, the safety risk arises from unsafe use of a motor vehicle by an unauthorized person after taking significant destructive actions to parts of the vehicle.

> We agree that reckless driving is a serious safety issue, whether by an authorized or unauthorized person. NHTSA will continue to work closely with States and law enforcement officials to address unsafe driving behaviors, consistent with its statutory mission and authorities. NHTSA will also continue to closely monitor this issue, receive regular updates from the companies, spread awareness of further updates to local authorities, and lend its expertise to efforts that strengthen motor vehicle safety. *See* **Exhibit B**.

Nevertheless, the Governmental Entity Plaintiffs spend a substantial portion of their statement attacking the effectiveness "so far" of the Software Update—which is still in its early stages—because they claim it has not abated the alleged nuisance. *Id*. at 2, 5-9. Understandably, the Software Upgrade threatens to undermine the Governmental Entity Plaintiffs' nuisance claims. So, to attack the efficacy of the Software Upgrade, the Governmental Entity Plaintiffs rely on "media reports" stating, *inter alia*, that some Class Vehicles that have received a Software Upgrade are still susceptible to an elevated theft risk.

Consumer Class Action Plaintiffs' ("Consumer Plaintiffs") investigation into Class Members' concerns about the efficacy of the Software Upgrade suggests that some of those concerns resulted from miscommunication between Defendants and consumers regarding the implementation and operation of the Software Upgrade. Indeed, some Class Members who believed they had Class Vehicles stolen after the Software Upgrade had not in fact had the Software Upgrade implemented. Accordingly, to address these concerns, Consumer Plaintiffs negotiated a driver awareness and instructional campaign by Defendants to educate Class Members on the implementation and execution of the Software Upgrade that will undoubtedly increase the efficacy of the remedy.

Moreover, Consumer Plaintiffs conditioned the Settlement Agreement on confirmatory discovery regarding the effectiveness of the Software Upgrade, which is currently ongoing.  While the Governmental Entity Plaintiffs claim that "efficacy of the software update will ultimately be determined by whether rates of Hyundai and Kia thefts normalize," ECF 183 at 8, those rates may not normalize in the short term as attempted break-ins may still occur given the legacy of social media. However, the Notice campaign will help counter the spread of misinformation, including on social media. And,

importantly, the efficacy of the software upgrade is the primary focus of the ongoing confirmatory discovery. As such, and in light of the relative infancy of the Software Upgrade campaign, as well the ongoing confirmatory discovery, the Governmental Entity Plaintiffs' concern about the efficacy of the Software Upgrade is premature.

Dated: August 11, 2023                Respectfully Submitted.

By: *Steve W. Berman*
Steve W. Berman, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

By: *Elizabeth A. Fegan*
Elizabeth A. Fegan, Esq.
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

By: *Kenneth B. McClain*
Kenneth B. McClain, Esq.
HUMPHREY FARRINGTON & McCLAIN
221 W. Lexington Ave., Suite 400
Independence, MO 64050

By: *Roland Tellis*
Roland Tellis, Esq.
BARON & BUDD, P.C.
15910 Ventura Blvd., Suite 1600
Encino, CA 91436

*Plaintiffs' Consumer Class Action Leadership Committee and Counsel for Plaintiffs*