# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.:  8:22-ml-03052-JVS-KES<br><br>**ORDER GRANTING CONSUMER CLASS PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [254]** |
| This document relates to:<br><br>ALL CONSUMER CLASS ACTION CASES | Judge: Hon. James V. Selna<br>Date:   October 30, 2023<br>Time: 1:30 p.m.<br>Courtroom:  10C |

The parties to the above-captioned action pending against Defendants Hyundai Motor Company ("HMC"), Hyundai Motor America ("HMA"), KIA Corporation ("KC"), and KIA America, Inc. ("KA") (collectively "Defendants")[1] have agreed to a proposed class action settlement, the terms and conditions of which are set forth in an executed Amended Settlement Agreement filed on October 26, 2023.[2] The Parties reached the Settlement through arm's-length negotiations under the guidance of mediator the Honorable Margaret M. Morrow (Ret.). Under the Settlement Agreement, and subject to the terms and conditions therein and Court approval, the Action will be dismissed with prejudice, and the proposed Class Representatives and the proposed Settlement Class will release their claims against Releasees in exchange for the consideration set forth in the Settlement Agreement.

This Court, with the Honorable James V. Selna presiding, conducted two hearings regarding Consumer Class Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"). Upon considering the Motion and exhibits thereto, the Amended Settlement Agreement (ECF 247) and related documents and exhibits, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that:

1) This Court has jurisdiction over the subject matter and Parties to these proceedings;
2) The Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be preliminarily certified for settlement purposes only;
3) The persons and entities identified below should be appointed Class Representatives and Class Counsel for settlement purposes only;

---

[1] Plaintiffs and Defendants are collectively referred to as the "Parties."
[2] All capitalized terms shall have the same meaning as in the Amended Settlement Agreement, attached to the Amended Leadership Decl. as Ex. 1.

4) The Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion;

5) The Settlement is fair, reasonable, and adequate and should be preliminarily approved;

6) The Settlement is sufficiently fair, reasonable, and adequate to warrant dissemination of Settlement notice to the Settlement Class;

7) The proposed notice plan and forms of notice satisfy Rule 23 and due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, preliminary class certification for settlement purposes only, the terms of the Settlement, details regarding Class Counsel's motion for an award of attorneys' fees and expenses and request for Class Representative service awards, their rights to opt-out of the Settlement Class or object to the Settlement, and the process for submitting a claim;

8) Good cause exists to schedule and conduct a Final Approval Hearing under Rule 23(e), to assist the Court in determining whether to grant final approval of the Settlement, certify the Settlement Class for settlement purposes only, and issue a Final Approval Order and Judgment, and whether to grant Class Counsel's motion for an award of attorneys' fees and expenses and request for Class Representative service awards; and

9) Whether other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **THE COURT HEREBY GRANTS THE MOTION FOR PRELIMINARY APPROVAL AND MAKES THE FOLLOWING FINDINGS AND ORDERS:**

The Court finds that it has jurisdiction over the Action and the Parties under 28 U.S.C. §§ 1331 and 1332 for purposes of settlement, and venue is proper in this district under 28 U.S.C. § 1391(a). The Court shall retain continuing jurisdiction for the purpose of enforcing the Settlement Agreement after the entry of a Final Order and Judgment.

**Preliminary Class Certification for Settlement Purposes Only, and Appointment of Class Representatives and Class Counsel**

1. In deciding whether to preliminarily certify a settlement class, the Court must consider the same factors it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the Settlement, if approved, would obviate the need for a trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542-44 (9th Cir. 2013).

2. Where, as here, "the parties negotiate a settlement agreement before the class has been certified, settlement approval requires a higher standard of fairness and a more probing inquiry than may be normally required under Rule 23(e)." *Roes 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019); *In re Apple Inc. Device Performance Litig.*, 2022 WL 4492078, at *8 (9th Cir. Sept. 28, 2022).

3. The Court finds the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied. The proposed Settlement appears to be the product of serious, informed negotiations that were conducted in good faith and at arms' length between the Parties' counsel and falls within the range of possible approval as fair, reasonable, and adequate. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009). Therefore, the Court preliminarily approves the Settlement

of this Action as memorialized in the Settlement Agreement, and finds it will be likely to certify the following Class for settlement purposes only:

> All persons or entities who purchased or leased a Class Vehicle[3] in the United States (including Puerto Rico, Virgin Islands, and Guam). Excluded from the Class are Defendants; any affiliate, parent, or subsidiary of Defendants; any entity in which Defendants has a controlling interest; any officer, director, or employee of Defendants; any successor or assign of Defendants; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons. In addition, excluded from the Class are individuals and/or entities who validly and timely opt-out. Also excluded from the Class are subrogated Insurance Entities, Government Entities with claims in MDL No. 8:22-ml-03052, consumers and businesses, including insurers, that have purchased or otherwise obtained title for Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means) and current or former owners of Class Vehicles that previously released their claims in an individual settlement with one or more Defendants with respect to the issues raised in the Action.

4.  Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Rule 23:

   a.  <u>Numerosity</u>: Millions of individuals located across the country are members of the Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Patrick v. Volkswagen Grp. of Am.*, 2021

---

[3] The Class Vehicles include certain model year 2011-2022 Hyundai and Kia vehicles manufactured without an engine immobilizer that were sold in the United States (including Puerto Rico, Virgin Islands, and Guam): 2011-2022 Accent; 2011-2022 Elantra; 2013-2020 Elantra GT; 2013-2014 Elantra Coupe; 2011-2012 Elantra Touring; 2011-2014 Genesis Coupe; 2018-2022 Kona; 2020-2021 Palisade; 2011-2022 Santa Fe; 2013-2018 Santa Fe Sport; 2019 Santa Fe XL; 2011-2019 Sonata; 2011-2022 Tucson; 2012-2017, 2019-2021 Veloster; 2020-2021 Venue; 2011-2012 Veracruz; 2011-2021 Forte; 2021-2022 K5; 2011-2020 Optima; 2011-2021 Rio; 2011-2021 Sedona; 2021-2022 Seltos; 2011-2022 Soul; 2011-2022 Sorento; and 2011-2022 Sportage. ASA, § I.G.

WL 3616105, at *1 (C.D. Cal. Mar. 10, 2021) (finding numerosity satisfied where the class size consisted of 14,847 settlement class vehicles sold in the United States).

b. <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. The common question "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because each Class member's claims stem from common questions, including: (1) whether the Class Vehicles contain a safety defect; (2) whether Defendants had knowledge of the alleged defect at the time of sale; (3) whether Defendants concealed the alleged defect; and (4) whether Defendants' conduct violates the consumer protection statutes alleged, and the implied warranty of merchantability. Each of these questions gives rise to common answers, which would "drive the resolution of the litigation" for the Class. *Id.*

c. <u>Typicality</u>: Consumer Plaintiffs' claims are typical of the Settlement Class for purposes of this Settlement because they concern the same general alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig. ("FCA EcoDiesel")*, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019) (finding typicality satisfied where plaintiffs' claims were based on the same pattern of wrongdoing as those brought on behalf of class members).

d. <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the Class Representatives have interests antagonistic to the Class; and (2) whether Class Counsel have the competence to undertake the litigation at issue. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig*. ("*VW Clean Diesel*"), 2017 WL 672820, at *5 (N.D. Cal. Feb. 16, 2017). Rule 23(a)(4) is

satisfied here because there are no conflicts of interest between Consumer Plaintiffs and the Settlement Class, and Consumer Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly litigate consumer and automotive class actions and other complex litigation similar to the Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, Consumer Plaintiffs and Class Counsel have vigorously and competently represented the Class members' interests in the Action.

   e. <u>Predominance and Superiority</u>: With respect to predominance, Rule 23(b)(3) requires the Court to find "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation… [and] focuses on the relationship between the common and individual issues." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). "There is no definitive test for determining whether common issues predominate, however, in general, predominance is met when there exists generalized evidence which proves or disproves an [issue or] element on a simultaneous, class-wide basis…." *Herrera v. Wells Fargo Bank, N.A.*, 2021 WL 3932257, at *6 (C.D. Cal. June 8, 2021) (citation omitted). The presence of certain issues that are not suitable for class-wide adjudication, such as affirmative defenses peculiar to some individuals, do not defeat predominance. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Class members in a single common judgment. *See VW Clean Diesel*, 2017 WL 672820, at *8.

5.     The Court previously appointed Steve W. Berman of Hagens Berman Sobol Shapiro LLP, Elizabeth A. Fegan of Fegan Scott LLC, Kenneth B. McClain of Humphrey Farrington & McClain, P.C., and Roland Tellis of Baron & Budd, P.C. to the Consumer Class Action Leadership Committee. Dkt. 50 at 3. The Court now hereby appoints Steve W. Berman, Elizabeth A. Fegan, Kenneth B. McClain, and Roland Tellis as Class Counsel for settlement purposes.

6.     Class Counsel further applied for appointment of Consumer Plaintiffs as Class Representatives for settlement purposes. Having considered that application, the Court hereby appoints Consumer Plaintiffs as Class Representatives for settlement purposes.[4]

## Preliminary Approval of the Settlement

7.     Upon preliminary evaluation, there are no indications that the Settlement is the product of fraud or overreaching by, or collusion between, the negotiating parties. *See Officers for Just. v. Civil Serv. Comm'n of City and Cnty of S.F.*, 688 F.2d

---

[4] Consumer Plaintiffs are: Kari Eldridge, Brittany Kingsbury, Miyoshi Morrow, Stefani Poblete Taylor, Adam Lippert, Michael Kay, Mollie McGeehon, Herbert Taylor, Arlecia Brown, Edith Bucio, Matthew Pavonetti, Jason Reyes, Ann Brady, Mark Thompson, Renee Ledet, Ian Michael Scott, Irene Beach, Leilani Cabrera, John Dylan Burton, Eric Bain, Steven Hufford, Talysia Ruff, Tyler McGill, John McGraw, Cameron Morton, Lexii Cummings, Matthew Jacobsen, Dennette Ray, Brian Helm, Adriana Pilant, Luis Enrique Vargas Rodriguez, David Lucas, Leanna Adams, Iona Barnes, Craig Granville, Jisun Kang, Michelle Pollack, Rachel Perry, Claire Roberts, Mary Kathryn Morrison, Patricia Sumpterbynum, Kristina McKnight, Trina Johnson, Marcella Blum, Matthew Butler, Kayla Collyer, David Larsen, Anthony Loburgio, Katelyn McNerney, Eryca Smith, Dave Sessions, Tajia Turner, Laura Roberts, Hubert Matthews, Rita Day, Kasey Weinfurtner, Charles Hession, Molly O'Connor, Rejene Jackson, Tiffany Devonish, Darlene Bennor, Jacquella Russell, Lauren Hernandez, John Pope, Pauline Ragsdale, Kathy Hughes, Rosemary Winner Johnson, Maggie Ketchie, Peggy Ciafullo, Amber Hall, Michael Ryle, James DePorche, Ronald DeSarro, Teresa Harris, Cameron Cunningham, Shatoya McKinney, Gerald Smith, Lauren Kawetschansky, Shana Eberhardt, Michelle Wagner, Adrian Matthews, Carolyn Catlos, Albert Lui, Nadine Quate Francis and Michael Scalise.

615, 625 (9th Cir. 1982). The Settlement appears to be the result of extensive, good-faith, arm's-length negotiations that took place between the parties by counsel who are experienced in similar litigation under the guidance of mediator the Honorable Margaret M. Morrow (Ret.), and which followed meaningful investigation and discovery that was sufficient to enable counsel and the Court to make informed decisions. *See* Manual for Complex Litigation (Third) § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.").

8. The Settlement provides the following benefits to the Settlement Class.

### a. *Common Fund for Out-of-Pocket and Unreimbursed Losses*

As detailed in the Settlement Agreement, a non-reversionary common fund of $80 million to $145 million, established by Defendants to pay Class members who submit an approved claim for certain out-of-pocket losses related to the Theft Prone Defect, including those arising from the Qualifying Theft or Qualifying Theft Attempt of Class Vehicles.

### b. *Anti-Theft Software Upgrade and Steering Wheel Lock Reimbursement for Eligible Class Vehicles*

As detailed in the Settlement Agreement, a free Software Upgrade for Class members with an eligible Class Vehicle, and reimbursement for certain steering wheel lock purchases for Class members with an eligible Class Vehicle that submit an approved claim (paid separate from the common fund).

### c. *Payments for Anti-Theft Devices for Class Vehicles Ineligible for the Software Upgrade*

As detailed in the Settlement Agreement, reimbursement payments for certain steering wheel lock and other antitheft device purchases for Class members with a Class Vehicle ineligible for the Software Upgrade that submit an approved claim (paid separate from the common fund).

9. The Court concludes the Settlement is sufficiently fair, adequate, and reasonable to warrant preliminary approval. There is a sufficient "record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object." Fed. R. Civ. P. 23(e)(1), 2018 advisory committee notes. The Court finds that it will likely be able to approve the proposed Settlement Class under Rule 23(e)(2) because the Settlement Class and its representatives likely meet all relevant requirements of Rule 23(a) and Rule 23(b)(3).

## Claims Administration

10. The Court appoints Angeion Group, LLC to serve as Settlement Administrator in this Action.

11. Claims made by Class members under this Settlement must comply with the terms of the Settlement Agreement, and may be submitted by U.S. mail, email, or through the dedicated Settlement website.

12. The Settlement Administrator shall review, process, manage, and pay claims in accordance with the terms of the Settlement Agreement.

13. To the extent Claim payments are increased or decreased on a *pro rata* basis, such payment adjustments shall be made in accordance with the terms of the Settlement Agreement.

14. Settlement Claim checks that are not cashed within 120 days after issuance will be reissued by the Settlement Administrator. If the reissued check remains uncashed for 120 days, Class members must request the Settlement Administrator reissue the check again within 120 days.

15. The prepaid Mastercards provided under this Settlement shall be redeemable for at least one year, without any fees charged by Defendants, the Settlement Administrator, or the card issuer. Any balance on the prepaid Mastercard can be transferred by the card holder to their bank account at no fee. The prepaid Mastercards shall indicate their "use by" dates on their face. Class Counsel shall

confer with Defendants' counsel concerning additional *pro rata* payments to Class members who activated their prepaid Mastercards, cashed their checks, and/or received digital payments, or *cy pres* in the event that such payments are administratively infeasible.

16. Class members are subject to the claims appeal process provided in the Settlement Agreement. The Settlement Administrator shall manage the claims appeal process in accordance with the terms of the Settlement Agreement.

17. Beginning 30 days after the Notice Date, the Settlement Administrator shall provide Class Counsel and Defendants with a monthly report regarding Claims received, each Claim's status, and any final determinations made. Upon request, the Settlement Administrator shall provide Class Counsel and Defendants with a copy of any final determination notice sent, along with the Claim Form, and all other documentation associated with the Claim.

18. Beginning 120 days after the Notice Date, the Settlement Administrator shall provide monthly reports regarding all written requests for appellate review of any Claims. Upon request, the Settlement Administrator shall provide copies of written appeal requests to Class Counsel and copies of any communications concerning such appellate review by the Settlement Administrator. Class Counsel shall have the right to participate in the appeal process, including the right to participate in any written submission or telephonic hearing, but shall not be obligated to participate.

19. 90 days after the expiration of the claims period, the Settlement Administrator shall provide Class Counsel and Defendants a report of the number and amount of approved claims. If the Claims fall below the $80 million common fund floor (inclusive of Class Counsel's attorneys' fees, costs, and expenses and the $10 million credit to Defendants if the total Claims equal or do not exceed $50 million),

Class Counsel shall confer with Defendants to provide guidance to the Settlement Administrator as to the pro rata increase in payments to be made to Class members.

20. Any disputes that arise from a Settlement claim determination will be resolved by the Settlement Administrator, and Class Counsel have the right to participate in these appeals, review, and comment on all appeals, obtain information and documents necessary to the appeals, and confer with the Settlement Administrator regarding appeal determinations. The cost of appeals will be borne by Defendants.

21. Class Counsel shall be able to spend reasonable time evaluating appeals and can be reimbursed for actual time spent reviewing those appeals, up to a total cap of $600,000, so long as Class Counsel submit documentation to Hyundai and/or Kia that shows the time spent and identifies the appeals reviewed. These costs shall not be paid from the Common Fund. Instead, Defendants shall be responsible for paying these costs separately and in addition to any fees and costs awarded to Class Counsel.

22. Defendants shall be responsible for all costs of Settlement administration. In no event shall Class Counsel, Consumer Plaintiffs' Counsel, or the Class be responsible for any cost associated with Settlement administration.

**Approval of the Class Notice Program and Direction to Effectuate the Notice**

23. The Court has considered the form and content of the Class notice program and finds that the Class notice program and methodology as described in the Settlement Agreement (a) meet the requirements of due process and Federal Rules of Civil Procedure 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice.

24. In addition, the Court finds the Class notice program: (a) apprises Class members of the pendency of the Action, the terms of the Settlement, their rights and deadlines under the Settlement; (b) is written in simple terminology; (c) is readily

understandable by Class members; (d) provides sufficient notice of Class Counsel's request for attorneys' fees and costs and service awards to Class Representatives; and (e) complies with the Federal Judicial Center's illustrative class action notices.

25. The Court further approves, as to form and content, the Long Form Notice and Claim Form, which are attached to Settlement Agreement as Exhibits A and B, respectively. The Court also approves the establishment of an internet website for the Settlement, which shall include documents relating to the Settlement, orders of the Court relating to the Settlement, and such other information as Class Counsel and Defendants mutually agree would be beneficial to Class members.

26. No later than **March 4, 2024**, Defendants shall cause notice to the Settlement Class to be disseminated by U.S. mail (for current Class Vehicle owners and lessees as reflected in DMV databases), email (for Class members whose information Defendants have), and the dedicated Settlement website (with a link to the dedicated Settlement website from both the Hyundai and Kia main U.S. webpages).

27. Defendants shall be responsible for all costs of Class notice. In no event shall Class Counsel, Consumer Plaintiffs' Counsel, or the Settlement Class be responsible for any cost associated with Class notice.

### Final Approval Hearing, Opt-Outs, and Objections

28. The Final Approval Hearing is set for **July 15, 2024, at 1:30 p.m**. The Final Approval Hearing will be held in the courtroom of the Honorable James V. Selna, located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Courtroom 10C, Santa Ana, California 92701, to consider, *inter alia*, the following: (a) whether the Settlement Class should be certified for settlement purposes; (b) whether the Settlement and Settlement Agreement should be finally approved as fair, reasonable and adequate; and (c) whether to grant Class Counsel's

motion for an award of attorneys' fees and expenses and request for Class Representative service awards.

29. Class members who wish to be excluded from the Settlement Class may make a request for exclusion by submitting such request in writing (via U.S. mail or express mail carrier, or through the Settlement website) as set forth in the Settlement Agreement and Long Form Notice.

30. Class members who want to mail their exclusion request must send it to Defense Counsel at the following addresses:

| **Defense Counsel** |
|---|
| Shon Morgan<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 |

31. Class members who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement Agreement, the Settlement, or the Final Approval Order and Judgment. If a Class member files a request for exclusion, they may not assert an objection to the Settlement.

32. Any Class member that does not properly and timely exclude themself from the Settlement Class shall remain a Class member and shall be bound by all the terms and provisions of the Settlement Agreement, the Settlement, and the Final Approval Order and Judgment, whether or not such Class member objected to the Settlement.

33. Class members must submit their exclusion request no later than **May 3, 2024.** Failure to provide each required element identified in the Long Form Notice may result in the rejection of the request for exclusion.

34. Beginning on **April 3, 2024**, Defendants shall report to Class Counsel on a weekly basis the names of all Class members who have submitted a request for exclusion.

35. Any Class member who has not requested exclusion may object, if they wish, to the Settlement and/or attorneys' fees, costs, and service award requests. Objections must be sent by first-class mail to each of the below addresses for Class Counsel and Defense Counsel and postmarked no later than **May 3, 2024**. Objections submitted after this date will not be considered.

| **Class Counsel** |
|---|
| Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Ave.<br>Suite 2000<br>Seattle, WA 98101<br>steve@hbsslaw.com |
| **Defense Counsel** |
| Shon Morgan<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 |

36. For an objection to be considered by the Court, the objection must comply with the terms of the Settlement Agreement and the Long Form Notice.

37. No objection that fails to satisfy these requirements and any other requirements found in the Long Form Notice shall be considered by the Court.

38. Class Counsel or Defense Counsel, at their discretion, may notice such objecting person for and take his, her, or their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and may seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself, herself, or themselves available for a deposition or comply

with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard.

39. The Court may take such action it deems just and appropriate, including taxing the costs of any such discovery to the objector or the objector's counsel, should the Court determine that the objection is frivolous or made for improper purpose.

40. Consumer Plaintiffs shall file their motion for final approval, which shall include their response to validly submitted objections (if any), and Class Counsel's motion for an award of attorneys' fees and expenses and request for Class Representative service awards, no later than **April 18, 2024**. Copies of Consumer Plaintiffs' motion for final approval and Class Counsel's motion for an award of attorneys' fees and expenses and request for Class Representative service awards shall be posted on the Settlement website.

41. If the objecting Class member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class member must so state in the objection. Any Class member who does not state his, her, or their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement Agreement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

42. A Class member may also request to speak at the Final Approval Hearing by sending a letter saying that it is their "Notice of Intention to Appear in *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation,* No. 8:22-ML-3052 JVS(KESx) (C.D. Cal.)." A Class member's Notice of Intention to Appear must include their name, address, telephone number, the model year and VIN for their Class Vehicle(s), and signature, as well as the identities of any

attorneys who will represent them. A Class member's Notice of Intention to Appear must be postmarked no later than **May 10, 2024**, and be sent to each of the above addresses for Class Counsel and Defense Counsel.

43. The deadlines set forth in this Order, including the date and time of the Final Approval Hearing, shall be subject to extension by the Court without further notice to the Class members other than that which may be posted at the Court, and/or the Settlement website. Class members should check the Settlement website regularly for updates and further details regarding the Settlement and extensions of the deadlines thereunder.

44. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties to the Settlement, if appropriate, without further notice to the Settlement Class, except that notice of such modifications shall be posted on the Settlement website.

## **Stay/Bar of Other Proceedings**

45. Pending the Final Approval Hearing and the Court's decision whether to finally approve the Settlement, all proceedings in the Action related to the Consumer Plaintiffs' claims, other than proceedings necessary to carry out or enforce the Settlement Agreement or this Order, are stayed and suspended, until further order by this Court. The Court further enjoins potential Class members from challenging in any action or proceeding any matter covered by this Settlement Agreement, except for proceedings in this Court to determine whether the Settlement Agreement will be given final approval. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement, all Class members who do not timely and validly exclude themselves from the Settlement Class shall be forever enjoined and barred from asserting any of

the matters, claims or causes of action released pursuant to the Settlement Agreement against Releasees, and any such Class member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

### Settlement Deadlines

46. The Court hereby establishes the following schedule which shall govern the settlement proceedings in this Action unless continued or otherwise modified by the Court:

| Event | Date |
|---|---|
| Preliminary Approval Hearing | October 30, 2023 |
| Class Notice Disseminated ("Notice Date") | March 4, 2024 |
| Motion for an Award of Attorneys' Fees, Expenses, and Service Awards Filed | April 18, 2024 |
| Motion for Final Approval Filed | April 18, 2024 |
| Objection and Opt-Out Deadline | May 3, 2024 |
| Supplemental Response to any Objections Filed | June 3, 2024 |
| Settlement Fairness Hearing and Evidentiary Hearing | July 15, 2024, 1:30 p.m. |

### Effect of Failure to Approve the Settlement or Termination

47. Plaintiffs, through Class Counsel, and Defendants may terminate the Settlement Agreement if:

   a) The total number of timely and valid requests for exclusion exceeds 12,000 Class members (exclusive of any opt-out request from any person or business who are not eligible to submit an opt-out request because they are already excluded from the Class, such as insurance companies that come into possession of a Class Vehicle through the salvage process);

    b) The Court rejects, modifies, or denies approval of any portion of the Settlement Agreement or the Settlement that results in a substantial modification to a material term of the Settlement Agreement; or

    c) The Court, or any appellate court(s), does not enter or completely affirm, or alters, narrows, or expands, any portion of the Final Approval Order and Judgment, that results in a substantial modification to a material term of the proposed Settlement or Settlement Agreement.

48. The Parties agree to act in good faith to secure Final Approval of this Settlement Agreement and to attempt to address in good faith concerns regarding the Settlement identified by the Court and any appellate court.

49. If the Settlement Agreement is terminated by the Parties, the Parties shall be restored to their respective positions existing immediately before the execution of the Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that no Party's substantive or procedural rights are prejudiced by the settlement negotiations and proceedings.

50. If the Settlement Agreement is not finally approved by the Court or is terminated for any reason (in whole or in part) the Settlement will be rescinded and will be without further legal effect. The Parties will then litigate the lawsuit as if this Settlement had never occurred, without prejudice to any claims or defenses they may have. Under Fed. R. Evid. 408, the Settlement, the Settlement Agreement, and all related briefing, arguments, transcripts, and documents will be inadmissible in any proceeding to prove or disprove the validity of any claim, defense, or allegation asserted in the Action. The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically and the Action shall proceed as though the Settlement Class had never been certified. The Parties shall have all the rights, defenses, and obligations they would have had absent the Settlement Agreement.

**General Provisions**

51. All written communications to multiple Class members with respect to this Settlement Agreement are to be reviewed and approved by Class Counsel and the Court, and Class Counsel agree to abide by that provision as may be required by the Court.

52. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

53. The terms and provisions of the Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Approval Order and Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and Judgment and do not limit the rights of Class members under the Settlement Agreement.

**IT IS SO ORDERED**.

Date: October 31, 2023

_____
Hon. James V. Selna
United States District Court