Gretchen Freeman Cappio (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

Steven G. Madison (SBN: 101006)
Justin Griffin (SBN: 234675)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Phone: (213) 443-3000
Fax: (213) 443-3100
stevemadison@quinnemanuel.com
justingriffin@quinnemanuel.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>Governmental Entities Actions | Case No. 8:22-ML-3052-JVS(KESx)<br><br>The Honorable James V. Selna<br><br>**JOINT STATEMENT ON SCHEDULING PROPOSALS FOR GOVERNMENTAL ENTITIES' TRACK** |

This joint submission regarding scheduling is hereby submitted on behalf of the Governmental Entities Committee (the "GE Plaintiffs") and counsel for Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") ("Defendants") (together with the Governmental Entity Committee, the "Parties").

On November 13, 2023, the Court ordered the Parties to meet and confer and file a proposed scheduling conference order on or before December 4, 2023. The Parties met and conferred on November 28, 2023, but were unable to agree upon a

single proposal regarding scheduling. The Parties requested an extension of the deadline to submit a proposed scheduling order, (Dkt. 274), which the Court granted, extending the deadline to December 11, 2023, (Dkt. 275).

The Parties met and conferred again on December 5, 2023, but remained unable to agree to a single proposal regarding scheduling. Accordingly, this joint submission regarding scheduling provides the Parties' respective positions on scheduling for the Governmental Entity Track of this MDL. The Parties proposed scheduling orders are attached as **Exhibit A** (GE Plaintiffs) and **Exhibit B** (Defendants).

### *GE Plaintiffs' Position:*

Defendants have caused a public safety crisis that the GE Plaintiffs are working tirelessly to address. Defendants would have them continue that work well into 2025 before the parties even confer about setting a date for Daubert and dispositive motion practice, much less a trial date. And that is without a stay, which Defendants have indicated they will seek shortly as part of a petition for interlocutory appeal, which the GE Plaintiffs will vigorously oppose. The GE Plaintiffs require a more expeditious resolution.

The tried-and-true bellwether system meets that need, is the most efficient use of the Parties' and the Court's resources, and is recommended by the Manual for Complex Litigation, which the Local Rules encourage following in complex cases like this one.[1] Bellwether trials are particularly useful in cases such as this one, where the claims and theories of damages among the GE Plaintiffs are substantially similar—notably, each of the GE Plaintiffs asserts a claim for public nuisance, with minor deviations in the applicable standard. *See* Order on Motion to Dismiss, Dkt.

---

[1] *See* L.R. 26-1(a); Manual for Complex Litigation § 22.315 (4th ed.); *also* Conte, Newberg on Class Actions §§ 11:11, 11:12 (4th ed.); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 8:10-ML-2151-JVS(FMOx), Order No. 8: Re Further Procedures for Simplification and Advancement of These Cases, (C.D. Cal. Sept. 27, 2010).

No. 270 at 13.[2] In keeping with Rule 1, a bellwether approach would enable this Court to expeditiously resolve the key questions of liability and risk for a representative subset of GE Plaintiffs by spring of 2025. Contrary to Defendants' characterization, non-bellwether plaintiffs' cases need not be stayed, but could use an expedited and simplified discovery process—plaintiff fact sheets—that is frequently used in MDLs that use the bellwether device.

Many of the GE Plaintiffs are in the same jurisdictions, and thus apply identical law. Defendants argue that the bellwether device should be reserved for larger MDLs, but recent MDLs of comparable size show otherwise. In the *Society Insurance Company* MDL, out of 56 plaintiffs, 3 were selected as bellwethers. *In re: Soc'y Ins. Co. Covid-19 Bus. Interruption Prot. Ins. Litig.*, No. 20 C 5965, 2021 WL 3290962, at *1 (N.D. Ill. Aug. 1, 2021). In the *Gardasil Products Liability* MDL, an initial pool of 16 bellwethers was selected from the 86 cases then on file. *In re Gardasil Prod. Liab. Litig.*, No. 3:22-MD-03036-RJC, ECF No. 77, at *1 (W.D.N.C. Mar. 10, 2023). While larger MDLs may receive the majority of the scholarly and media coverage, the overwhelming majority of MDLs, like this one, have fewer than 100 pending cases. *See* Zachary D. Clopton, *MDL as Category*, 105 Cornell L. Rev. 1297, 1298 (2021).

In contrast, Defendants propose splitting fact and expert discovery into four separate phases, and conducting each phase, and dispositive motion practice, for every GE Plaintiffs on file now or in the future. GE Plaintiffs are unaware of another case schedule that has adopted a quadfurcation of discovery. Defendants' proposal is as inefficient as it is unworkable and would result in a *de facto* bellwether system.

---

[2] *See* Melissa J. Whitney, Bellwether Trials In MDL Proceedings, 3 (Fed. Jud. Ctr. 2019) (extolling the benefits of using bellwethers to "enhance[e] prospects of settlement or . . . resolv[e] common issues or claims."); Eldon E. Fallon et al., Bellwether Trials in Multidistrict Litigation, 82 Tul. L. Rev. 2323, 2331 n.27, 2337 (2008); Alexandra D. Lahav, Bellwether Trials, 76 Geo. Wash. L. Rev. 576, 577–78 (2008).

Litigating every action in the GE Track would thwart the efficiencies the JPML envisioned by coordinating these actions and waste judicial resources on disputes that will not materially advance this litigation, such as the burden and proportionality of discovery, which will differ by GE Plaintiff.

Compounding these problems, Defendants propose forcing GE Plaintiffs that file later—and more are coming—to somehow meet the deadlines for those already on file. This is not a credible proposal and could not work for a case filed after February 1, 2024, the first deadline in Defendants' schedule. The schedule for those cases would have to be staggered in what would amount to a *de facto* bellwether system. That is true for even the current cohort of GEs, where the differences in burden and proportionality will require different timelines for discovery and result in the prioritization of some cases over others. And for both practical and legal reasons, this Court cannot simultaneously try every GE case at once, or at all (absent a waiver). *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).[3]

Rather than leave to happenstance which cases the Court tries first, it is better to deliberately choose to prioritize those cases that will materially advance the resolution of the MDL, as a bellwether system is intended to do.

---

[3] Defendants' proposal would be even more wasteful than if the cases had never been transferred to the MDL because those cases not included in the first tranche to go to trial would have to undergo another round of discovery, as damages for these cases are accruing almost daily. *See e.g.*, Manual for Complex Litigation (Fourth), § 11.422 ("The discovery cutoff should not be so far in advance of the trial date that the product of discovery becomes stale and the parties' participation outdated.").

### *HMA's and KA's Position*

The GE track consists of state-law public nuisance claims from 24 cities in nine states. These are not class actions, product liability or mass tort cases brought by thousands or millions of consumers as in a typical MDL; indeed, this MDL was established based on the claims of millions of nationwide consumers, asserted in scores of now-resolved consumer class actions. Plainly, no MDL would have incepted based solely on two dozen municipal public nuisance lawsuits arising under several states' laws, which differ in elements and potential remedies across states in multiple material respects.

GE plaintiffs propose treating the GE cases as mass tort consumer actions, and seek to effectively stay almost all the cases while a few "bellwether" cases proceed. Neither necessity, judicial economy nor efficacy militate in favor of using this approach in the GE track. Bellwether approaches contemplate selecting a statistically significant number of cases to appropriately represent the larger group of cases. *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997). Conversely, here each GE's case will turn on unique facts under the law of each GE plaintiff's home state. Each GE will be subject to expert analysis regarding its particular crime rates, policing and prosecution policies, and response to the alleged events underlying each claim, and will need to produce data supporting its claims. There will be little or no overlap in the discovery to be produced by each GE, or in the fact witnesses who will testify about the GE's claims, so no number of test cases will sufficiently represent a larger group as to make bellwether trials efficient or useful as an indicative measure. Further, these cases are brought by government entities that each have substantial legal (city attorney or corporations counsel), IT, public safety and other departments who regularly maintain and routinely compile the information that will be sought in

discovery.[4] Importantly, the conduct of GE plaintiffs themselves will be central to this litigation, as the GEs allege the design and manufacturer of cars years earlier incited a public safety crisis. In some cities, single individuals committed double- and even triple-digit number of thefts—posting videotapes of themselves committing and boasting of their conduct—with impunity. Each GE city that has sued should be required to demonstrate its efforts and costs in seeking to disrupt this illegal conduct—information that defines the extent of the public rights that may be properly asserted in a public nuisance claim.

The GE Plaintiffs' citation to the *Manual for Complex Litigation*, this Court's CMO 8 from *In re Toyota Motor Corp.* and similar mass consumer tort caselaw and commentary, are simply inapposite here. The *Manual for Complex Litigation* does not advocate bellwether trials but instead simply outlines how *if* bellwether trials are to be used, bellwethers should be selected "to produce reliable information about other **mass tort cases**." MANUAL FOR COMPLEX LITIGATION § 22.315 (4th ed., emphasis added). The *Toyota* case, as this Court well recalls, involved the claims of hundreds of thousands of individual plaintiffs brought in dozens of class actions. Because bellwethers tend to be "exponentially more expensive for the litigants and attorneys," in an MDL involving 24 cases, rather than hundreds or thousands, where at least one case in each of nine states would need to be selected as a test case for those test cases to be at all informative, it would not be economically efficient to conduct test cases rather than simply move forward with all cases and claims. ELDON E. FALLON ET. AL., BELLWETHER TRIALS IN MULTIDISTRICT LITIGATION, 82 TUL. L. REV. 2323, 2366

---

[4] With few exceptions, GE plaintiffs are large municipal service organizations, and all GE's routinely maintain, compile and make available data related to the allegations herein, including auto theft statistics, public safety budgeting, and policing and prosecution policies and practices, and they are legally required (subject to limited exceptions) to provide such data to the public upon request, even in the absence of litigation. *See, e.g.* OHIO REV. CODE § 149.43; N.Y. PUB. OFF. LAW §§ 84-90; MO. REV. STAT. § 610.

(2008). MDL Courts regularly eschew bellwethers; *see e.g.*,*In re: Rail Freight Surcharge Antitrust Litigation (No. II)*, MDL No. 2925 (D.D.C.); *In re: Zyprexa Products Liability Litigation*, 1:04md1596 (E.D.N.Y.); *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y); *In re: Ortho Evra Products Liability Litigation*, No. 1:06-40000, MDL No. 1742 (N.D. Ohio).

Rather than staying almost all of the GE cases as Plaintiffs request, the Court should set fact and expert discovery, summary judgment/adjudication, pre-trial and trial dates and deadlines as reflected in the proposed schedule filed contemporaneously by HMA and KA.[5] If the Court is inclined to consider utilizing a bellwether approach, HMA and KA respectfully submit the Court should (1) defer that decision until after discovery is completed; and (2) hold a status conference in the next 30 days, on a date convenient to the Court, to discuss scheduling herein.

---

[5] HMA and KA expect that summary judgment motions would be grouped state-by-state, as the law of nine states govern the claims of the GE plaintiffs.

RESPECTFULLY SUBMITTED this 11TH DAY OF DECEMBER, 2023.

| | |
|---|---|
| */s/ Gretchen Freeman Cappio* | */s/ Steven G. Madison* |
| Gretchen Freeman Cappio (*pro hac vice*) | Steven G. Madison (SBN: 101006) |
| KELLER ROHRBACK L.L.P. | Justin Griffin (SBN: 234675) |
| 1201 Third Avenue, Suite 3200 | QUINN EMANUEL URQUHART |
| Seattle, WA 98101-3052 | & SULLIVAN, LLP |
| Phone: (206) 623-1900 | 865 South Figueroa Street, 10th Floor |
| Fax: (206) 623-3384 | Los Angeles, California 90017-2543 |
| gcappio@kellerrohrback.com | Phone: (213) 443-3000 |
| | Fax: (213) 443-3100 |
| *Chair of the Governmental Entities Committee* | stevemadison@quinnemanuel.com |
| | justingriffin@quinnemanuel.com |
| | *Attorneys for Defendants* |

# ECF ATTESTATION

I, Gretchen Freeman Cappio, attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

By */s/ Gretchen Freeman Cappio*
Gretchen Freeman Cappio

# EXHIBIT A

Gretchen Freeman Cappio (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to*:<br>Governmental Entities Actions | Case No. 8:22-ML-3052-JVS(KESx)<br><br>The Honorable James V. Selna<br><br>**[GE PLAINTIFFS' PROPOSED] SCHEDULING ORDER FOR GOVERNMENTAL ENTITIES ACTIONS** |

On November 13, 2023, the Court ordered the Parties to meet and confer and file a proposed scheduling conference order on or before December 4, 2023. (Dkt. No. 267.) The Governmental Entities Committee (the "GE Plaintiffs") and counsel for Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") (collectively, "Defendants") (together with the GE Plaintiffs, the "Parties") met and conferred on November 28, 2023, but were unable to agree upon a single proposal regarding scheduling. The Parties requested an extension of the deadline to submit a proposed scheduling order, (Dkt. No. 274), which the Court granted, extending the deadline to December 11, 2023, (Dkt. No. 275). The Parties met and conferred again on December 5, 2023, but remained unable to agree to a single proposal regarding

scheduling. The Parties filed a joint submission regarding scheduling with their respective positions on scheduling for the Governmental Entity Track of this MDL.

Having considered the proposals, the Court hereby ORDERS as follows:

**A. Responsive Pleadings to GE Complaints**

Defendants must answer the Consolidated Governmental Entities Complaint (the "CGEC") by January 9, 2024. Defendants must answer complaints filed after the CGEC within 30 days of answering the CGEC or the date the action is filed, whichever is later, and this provides an extra week following the holidays. The foregoing provision for answering GE Plaintiffs' complaints apply to all GE actions except for the City of Chicago's, for which the Court has already entered a schedule to brief Defendants' motion to dismiss. *See* ECF No. 243.

**B. Submission of Protocols for the Selection of Bellwethers**

The Parties must meet and confer regarding their proposals for the selection of bellwethers. The Parties must submit their proposed protocols for selecting bellwethers no later than January 9, 2024.

**C. Parties Proposed Bellwethers**

No later than seven (7) days after the entry of an order regarding the bellwether selection protocol, the Parties must submit their proposed bellwether selections.

**D. 26(f) Conference**

The Defendants and the selected bellwethers must hold a Rule 26(f) conference within fourteen (14) days of the selection of bellwethers.

**E. Initial Disclosures**

The Defendants and the selected bellwethers shall exchange initial disclosures as provided for under Rule 26(a)(1) within thirty (30) days of the selection of bellwethers.

**F. Discovery**

Discovery for Defendants and the selected bellwethers will open fourteen (14)

days after the selection of bellwethers. Within one-hundred and eighty (180) days of the selection of bellwethers, the Defendants and the selected bellwethers must substantially complete their rolling production of documents. Fact discovery will close one-hundred and twenty (120) days after the substantial completion of rolling document production.

### G. Expert Discovery

A Party with the burden of proof on a particular element of claim or defense must serve any opening expert report(s) within sixty (60) days of the close of fact discovery. Any rebuttal expert reports must be served ninety (90) days after the close of fact discovery. Expert discovery will close one-hundred and eighty (180) days after the close of fact discovery.

### H. Dispositive and *Daubert* Motions

The Defendants and the selected bellwethers must file any dispositive motions within sixty (60) days of the close of fact discovery. Oppositions to those dispositive motions and any *Daubert* motions must be filed within ninety (90) days of the close of fact discovery. Replies in support of those dispositive motions and any oppositions to *Daubert* motions must be filed within one-hundred and fifteen (115) days of the close of fact discovery. Any replies in support of *Daubert* motions must be filed within one-hundred and twenty (120) days of the close of fact discovery. The Court shall hear oral argument 30 days thereafter.

### I. Bellwether Trials

The Court, with the Parties' input, will select the first bellwether for trial no later than November 30, 2024. That trial will be set for May 2025, or as soon thereafter as the Court's schedule permits.

//

//

J. Table of Proposed Schedule

| Event | Deadline |
|---|---|
| Answering CGEC[1] | January 9, 2024 |
| Deadline for Submission of Proposed Protocol for Bellwether Selection | January 9, 2024 |
| Bellwether Selection | 7 days after entry of Order re: Bellwether Selection Protocol |
| 26(f) Conference | 14 days after selection of bellwethers |
| Initial Disclosures | 30 days after selection of bellwethers |
| Substantial completion of rolling production of documents | 180 days after selection of bellwethers |
| Fact Discovery Closes | 120 days after substantial completion of document production |
| Deadline for MSJ and Disclosure of Opening Expert Reports | 60 days after fact discovery closes |
| Deadline for MSJ Oppositions, Rebuttal Expert Reports, and Opening Daubert Motions | 90 days after fact discovery closes |
| Deadline for MSJ Replies and Daubert Oppositions | 115 days after fact discovery closes |
| Deadline for Daubert Replies and Close of Expert Discovery for Bellwether Trial Case | 120 days after fact discovery closes |
| Oral Argument on MSJ and Daubert Motions | Per Court's schedule, approximately 30 days after MSJ and Daubert Replies |
| Selection of Bellwether Trials | 180 days before trial |
| 1st Bellwether Trial | May 2025 |

---

[1] Defendants shall answer actions filed after the CGEC within 30 days of answering the CGEC or the date those actions were filed, whichever is later, except for the City of Chicago, for which the Court has already entered a schedule to brief Defendants' motion to dismiss, *See* Dkt. No. 243. This deadline is extended by one week in recognition of the holidays.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
The Honorable James V. Selna
United States District Judge

# EXHIBIT B

Steven G. Madison (SBN: 101006)
Justin C. Griffin (SBN: 234675)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Phone: (213) 443-3000
Fax: (213) 443-3100
stevemadison@quinnemanuel.com
justingriffin@quinnemanuel.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>Governmental Entities Actions | Case No. 8:22-ML-3052-JVS(KESx)<br><br>The Honorable James V. Selna<br><br>**[DEFENDANTS' PROPOSED] SCHEDULING ORDER FOR GOVERNMENTAL ENTITIES' TRACK** |

On November 13, 2023, the Court ordered the Parties to meet and confer and file a proposed scheduling conference order on or before December 4, 2023. (Dkt. No. 267.) The Governmental Entities Committee (the "GE Plaintiffs") and counsel for Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA"), (collectively, "Defendants") (together with the GE Plaintiffs, the "Parties") met and conferred on November 28, 2023, but were unable to agree upon a single proposal regarding scheduling. The Parties requested an extension of the deadline to submit a proposed scheduling order, (Dkt. No. 274), which the Court granted, extending the deadline to December 11, 2023, (Dkt. No. 275). The Parties met and conferred again on December 5, 2023, but remained unable to agree to a single proposal regarding scheduling. The Parties filed a joint submission regarding scheduling with their respective positions on scheduling for the Governmental Entity Track of this MDL.

Having considered the proposals, the Court hereby ORDERS as follows:

**A. Initial Disclosures**

The parties shall exchange initial disclosures as provided for under Rule 26(a)(1) on or before February 15, 2024.

**B. Discovery**

<u>Structural Discovery</u>: The parties shall discuss and agree on the scope of discoverable information, search methodologies, and the lists of search terms, custodians, and date ranges for Electronically Stored Information. Also as part of this process, the parties may pursue discovery concerning the organization of the governmental entities that are at issue on the Plaintiffs' side, as well as of the Defendants, through a disclosure process, focused requests for production, written discovery, and/or Rule 30(b)(6) depositions. The Parties will meet and confer

regarding the categories of discovery to occur during this phase, which shall be set forth in a Case Management Order submitted to the Court by February 30, 2024.

Foundational Discovery:  Second, after the Structural Discovery process, the parties may seek certain Foundational Discovery, which will include information relating to each Plaintiffs' claims, including for example specific vehicle and other crime data, budget and spending information, as well as metrics relating to the Affected Vehicles (i.e., models and model years at issue).  During this phase, the parties may pursue discovery through fact witness and 30(b)(6) depositions.  The Parties will again meet and confer regarding the categories of discovery to occur during this phase, which the Parties will set forth in a Case Management Order submitted to the Court by May 15, 2024.  Should any additional GE plaintiffs file suit and be transferred to this Court, depending on the number of such additional GEs and when they join the litigation, the parties will meet and confer and propose to the Court additional dates and deadlines for such GEs to participate in discovery.

Additional Fact Discovery:  After the completion of Structural and Foundational Discovery, the parties may conduct additional fact discovery within the scope upon which the parties agree.  Fact discovery shall be completed on or before August 15, 2025.

**C. Expert Discovery, Daubert Motions, and Dispositive Motions**

During the Foundational Discovery period, the Parties will meet and confer about remaining deadlines, including expert discovery, Daubert motions, and dispositive motions and submit a proposed schedule by September 1, 2025.

### D. Proposed Timetable Schedule

| Event | Deadline |
|---|---|
| Answering CGEC[1] | February 15, 2024 |
| 26(f) Conference | February 1, 2024 |
| Parties to Exchange Initial Disclosures Pursuant to Rule 26(a) | February 15, 2024 |
| Parties to Submit Case Management Order related to Structural Discovery | February 30, 2024 |
| Parties to Submit Case Management Order related to Foundational Discovery | May 15, 2024 |
| Structural and Foundational Discovery Completion | September 30, 2024 |
| Parties to Submit Case Management Order For Additional Deadlines Relating to Expert Discovery, Daubert Motions, and Dispositive Motions | September 1, 2025 |
| Fact Discovery Completion | August 15, 2025 |

### [PROPOSED] ORDER

Good cause appearing, **IT IS SO ORDERED.**

DATED: _____                    _____
                                                                  The Honorable James V. Selna
                                                                  United States District Judge

---

[1] Defendants shall respond to actions filed after the CGEC within 45 days of the filing of an Answer to the CGEC, or within 45 days after the date those actions were filed, whichever is later, except for the City of Chicago, for which the Court has already entered a schedule to brief Defendants' motion to dismiss, *See* ECF No. 243.