Gretchen Freeman Cappio (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | No. 8:22-ML-03052-JVS-KES |
| | The Honorable James V. Selna |
| *This document relates to:* | **GOVERNMENTAL ENTITIES' OPPOSITION TO DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL AND STAY** |
|     GOVERNMENTAL ENTITIES TRACK | Hearing Date: January 22, 2024 Hearing Time: 1:30 p.m. |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................1

II.     LEGAL STANDARD...........................................................3

III.    ARGUMENT........................................................................4

     A.      Interlocutory Review Is Extraordinary and Disfavored
         Relief, Particularly in MDLs.................................................4

     B.      Defendants Fail to Satisfy the Prerequisites for
         Interlocutory Review. ...........................................................5

         1.      The Existence of a Duty of Care Is a Mixed
              Question of Law and Fact. ...........................................5

         2.      Defendants Have Not Shown a Substantial Ground
              for Difference of Opinion, and the Court's Order
              Was Correctly Decided. ...............................................7

              a.      There Is No Substantial Ground for
                  Difference of Opinion. .....................................7

              b.      The Court's Order Was Correctly Decided. .................9

                  (i)      Defendants' amalgamation of "tort
                        law" ignores the distinct elements of
                        public nuisance and negligence
                        claims. ..............................................9

                  (ii)     Duty does not hinge on a special
                        relationship in any of the jurisdictions
                        with negligence claims......................10

         3.      Immediate Appeal Would Delay the Termination
              of the Litigation. ......................................................16

     C.      Even if this Court Grants Interlocutory Review, the
         Governmental Entities Track Should Proceed...............17

IV.     CONCLUSION ...................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Air Crash Near Nantucket Island*,
  No. 00-MDL-1344, 2004 WL 2269675 (E.D.N.Y. Oct. 8, 2004) .....................17

*In re Automotive Parts Antitrust Litig.*,
  No. 12-md-02311, 2013 WL 4784682 (E.D. Mich. Sept. 06, 2013) ..................4

*Barrer v. Chase Bank, USA, N.A.*,
  No. 06-415-HA, 2011 WL 1979718 (D. Or. May 18, 2011) .............................5

*Brashear v. Liebert Corp.*,
  No. 06AP-252, 2007 WL 184888 (Ohio Ct. App. Jan. 25, 2007) .....................11

*In re Buccina*,
  657 F. App'x 350 (6th Cir. 2016)...........................................................................7

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1981).........................................................................3, 4

*Estate of Ciotto v. Hinkle*,
  145 N.E.3d 1013 (Ohio Ct. App. 2019)...........................................................13

*City of Cincinnati v. Beretta U.S.A. Corp.*,
  768 N.E.2d 1136 (Ohio 2002)..........................................................................14

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010).........................................................................7, 8

*Donohoe v. Washington*,
  142 P.3d 654 (Wash. Ct. App. 2006)...............................................................13

*Eisenhuth v. Moneyhon*,
  119 N.E.2d 440 (Ohio 1954).............................................................................11

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
  511 F. Supp. 2d 742 (S.D. Tex. 2005).........................................................17, 19

GOVERNMENTAL ENTITIES' OPP'N
TO INTERLOCUTORY APPEAL & STAY

*Env't Prot. Info. Ctr. v. Pac. Lumber Co.*,
   No. C 01-2821, 2004 WL 838160 (N.D. Cal. Apr. 19, 2004) ............................8

*In re Examination of Privilege Claims*,
   No. MC15-0015-JCC-JPD, 2016 WL 11713117 (W.D. Wash. Jan.
   25, 2016) ............................................................................................................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   986 F. Supp. 2d 524 (S.D.N.Y. 2014) ............................................................16

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
   MDL No. 07-1873, 2010 WL 1410675 (E.D. La. Mar. 30, 2010) ....................4

*Fukuda v. Cnty. of L.A.*,
   630 F. Supp. 228 (C.D. Cal. 1986) ...................................................................3

*Gritzner v. Michael R.*,
   611 N.W.2d 906 (Wis. 2000) ..........................................................................15

*Hamilton v. Beretta U.S.A. Corp.*,
   750 N.E.2d 1055 (N.Y. 2001) .........................................................................13

*Hightower v. Schwarzenegger*,
   No. 1:04-cv-06028-OWW-SMS (PC), 2009 WL 3756342 (E.D.
   Cal. Nov. 6, 2009) ............................................................................................3

*Hoffman v. Union Elec. Co.*,
   176 S.W.3d 706 (Mo. 2005) ...........................................................................11

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002) ..........................................................................3

*Jankee v. Clark Cnty.*,
   612 N.W.2d 297 (Wis. 2000) ....................................................................14, 15

*Lakoduk v. Cruger*,
   287 P.2d 338 (Wash. 1955) ..........................................................................9, 10

*Little v. Union Tr. Co. of Md.*,
   412 A.2d 1251 (Md. Ct. Spec. App. 1980) .......................................................9

*Lovett v. Omni Hotels Mgmt. Corp.*,
   No. 14-cv-02844-RS, 2016 WL 7732622 (N.D. Cal. Apr. 18, 2016) ................6

iii

GOVERNMENTAL ENTITIES' OPP'N
TO INTERLOCUTORY APPEAL & STAY

*Miesen v. Henderson*,
   No. 1:10-cv-00404-DCN, 2022 WL 392931 (D. Idaho Feb. 9,
   2022) ................................................................................................16

*Moore v. Steve's Outboard Serv.*,
   339 P.3d 169 (Wash. 2014).................................................................10

*In re NASDAQ Mkt. Makers Antitrust Litig.*,
   938 F. Supp. 232 (S.D.N.Y. 1996)......................................................17

*Palsgraf v. Long Island R.R. Co.*,
   248 N.Y. 339 (N.Y. 1928) ..................................................................11

*Parris v. 3M Co.*,
   No. 4:21-CV-40-TWT, 2022 WL 2303947 (N.D. Ga. June 27,
   2022) .............................................................................................6, 8

*Pavlides v. Niles Gun Show, Inc.*,
   637 N.E.2d 404 (Ohio Ct. App. 1994)................................................14

*Peralta v. Henriquez*,
   790 N.E.2d 1170 (N.Y. 2003) ............................................................11

*Peterson v. King Cnty.*,
   278 P.2d 774 (Wash. 1954).................................................................10

*In re Refrigerant Compressors Antitrust Litig.*,
   No. 2:09-md-02042, 2013 WL 4009023 (E.D. Mich. Aug. 5, 2013) ..........16, 19

*Reynoso v. All Power Mfg. Co.*,
   No. SACV 16-1037 JVS (JCGx), 2018 WL 5906645 (C.D. Cal.
   Apr. 30, 2018)..............................................................................10, 17

*Rowe v. Bankers Life & Cas. Co.*,
   No. CV-07-1281-PHX-MHM, 2008 WL 5156077 (D. Ariz. Dec. 9,
   2008) .................................................................................................8

*Scallon v. Scott Henry's Winery Corp.*,
   No. 6:14-cv-1990-MC, 2015 WL 5772107 (D. Or. Sept. 30, 2015) ................18

*Schuster v. Altenberg*,
   424 N.W.2d 159 (Wis. 1988) .............................................................14

iv

GOVERNMENTAL ENTITIES' OPP'N
TO INTERLOCUTORY APPEAL & STAY

*In re Sept. 11 Litig.*,
No. 21 MC 97(AKH), 2003 WL 22251325 (S.D.N.Y. Oct. 1, 2003)............6, 13

*Steering Comm. v. United States*,
6 F.3d 572 (9th Cir. 1993).......................................................................7

*Stephenson v. Universal Metrics, Inc.*,
641 N.W.2d 158 (Wis. 2002) ..................................................11, 15

*United States v. Woodbury*,
263 F.2d 784 (9th Cir. 1959)....................................................................3

*Webb v. Jarvis*,
575 N.E.2d 992 (Ind. 1991) .................................................................11

*Winffel v. Westfield Prop. Mgmt., LLC*,
435 F. Supp. 3d 686 (D. Md. 2020)...............................................13

*In re World Trade Ctr. Disaster Site Litig.*,
469 F. Supp. 2d 134 (S.D.N.Y. 2007) .............................................5

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007)...............................................................18

**Statutes**

28 U.S.C. § 1292(b) ..........................................................*passim*

RCW 7.48.120 ...................................................................10

**Other Authorities**

Melissa J. Whitney, *Bellwether Trials in MDL Proceedings: A Guide
for Transferee Judges* ......................................................17

Restatement (Second) of Torts § 324A ........................................13, 15

## I.   INTRODUCTION

In cities and counties across the country, Hyundais and Kias continue to be stolen at historic rates, driven recklessly, and used to commit crimes, all of which threaten the safety of the public in communities nationwide. Rather than efficiently litigating the claims brought by the GE Plaintiffs'[1] to remedy the public safety crisis Defendants caused, Defendants attempt to manufacture a basis for interlocutory review and further delay by mischaracterizing the Court's reasoning and Order on the GE Plaintiffs' negligence claims and rehashing arguments against their nuisance claims.[2] Defendants' arguments remain meritless and should be rejected, again.[3]

In their motion, Defendants fail to satisfy any of the three prerequisites for interlocutory review. Additionally, they do not argue that this case presents the type of exceptional circumstances that could justify a departure from the standard course of appellate review. Nor do they attempt to meet the high burden for a stay or offer any explanation for why discovery on the claims that are not the subject of their requested review should be delayed in any way. Defendants' motion should be denied in its entirety.

Specifically, Defendants seek review of twelve questions: whether, under the respective laws of five jurisdictions (Indiana, Missouri, New York, Ohio, and Wisconsin), "a tort duty to protect against third-party criminal conduct can be based solely on the

---

[1] "GE Plaintiffs" refers to the seventeen cities in the Consolidated Governmental Entities Complaint ("CGEC"): Indianapolis, Indiana; Baltimore, Maryland; Kansas City and St. Louis, Missouri; Buffalo, New York, Rochester, Tonawanda, and Yonkers, New York; Cincinnati, Cleveland, Columbus, and Parma, Ohio; Seattle, Washington; Green Bay, Madison, and Milwaukee, Wisconsin. Consolidated Governmental Entities Compl. ¶¶ 37–53 (July 28, 2023), ECF No. 175.

[2] Defs.' Notice Mot. & Mot. Immediate Appeal & Stay Under 28 U.S.C. § 1292(b); & Mem. P. & A. Supp. Thereof (Dec. 13, 2023), ECF No. 278.

[3] *See* Min. Order Mot. Dismiss ("Order") at 12–13 (Nov. 17, 2023), ECF No. 270.

foreseeability of harms[;]"[4] and whether, under the respective laws of seven jurisdictions (the above five plus Maryland and Washington), a duty of care is an element of a public nuisance claim.

With respect to negligence, the GE Plaintiffs assert, and this Court recognized, two duties—neither of which are predicated solely on the foreseeability of harms.[5] As such, an answer to Defendants' proposed question would not materially advance the litigation, if at all. But it would be improper to certify these questions in the first place because the existence of a duty is a mixed question of law and fact and there are no grounds for differing opinions because the Court correctly applied the law to the facts here.

With respect to nuisance, Defendants reargue that "duty is fundamental to all GE Plaintiffs' claims for public nuisance."[6] The two cases Defendants muster to support their bold claim do not stand for that proposition. There is no ground for a difference of opinion for the Ninth Circuit to elucidate. Even if there were, Defendants offer no basis for imputing such a requirement to the other jurisdictions at issue in this case. As such, a resolution of the question in just two jurisdictions would not materially advance the litigation.

Defendants' motion does not meet their heavy burden under 28 U.S.C. § 1292(b). The GE Plaintiffs respectfully request the Court deny Defendants' motion so that the parties can expeditiously move this litigation toward resolution and abate the ongoing threat to public safety.

---

[4] ECF No. 278 at 4–5.

[5] *See* Governmental Entities' Opp'n Mot. Dismiss (Oct. 3, 2023), ECF No. 238 at 37–42; ECF No. 270 at 7–9.

[6] ECF No. 278 at 4–5.

GOVERNMENTAL ENTITIES' OPP'N
TO INTERLOCUTORY APPEAL & STAY

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1292(b), in deciding whether to certify an order for appeal, a district court must determine if (1) there is a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Only if all three factors are met may the Court certify an order for appeal. *Id.* "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.' " *Fukuda v. Cnty. of L.A.*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). As courts within the Ninth Circuit have summarized:

> Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare. Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy. Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function. Only exceptional circumstances justify departure from the basic policy of postponing appellate review until after the entry of a final judgment.

*Hightower v. Schwarzenegger*, No. 1:04-cv-06028-OWW-SMS (PC), 2009 WL 3756342, at *2 (E.D. Cal. Nov. 6, 2009) (internal citations and quotations omitted).

## III.   ARGUMENT

**A.   Interlocutory Review Is Extraordinary and Disfavored Relief, Particularly in MDLs.**

As the Ninth Circuit has noted, "the legislative history of 1292(b) indicates that this section was to be used only in *exceptional* situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026 (emphasis added). Defendants do not even claim to satisfy this standard, because they cannot.

This Court's denial of Defendants' motion to dismiss is not an exceptional situation. Defendants are simply unhappy with this Court's ruling, and the instant motion is no different from others that courts routinely deny. If this Court were to certify these questions to the Ninth Circuit, it would not save the parties the expense and burden of litigating this case. However the Ninth Circuit resolves those questions would not be dispositive of the GE Plaintiffs' other claims (e.g., Kansas City's and St. Louis's claims for unjust enrichment) or the claims brought by governmental entities under the laws of other states, such as the claims of Chicago, Louisville, and others that will be filed in the future. For that reason, courts presiding over MDLs like this one regularly deny motions like this one. *See, e.g.*, *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2013 WL 4784682, at *4 (E.D. Mich. Sept. 06, 2013) ("recogniz[ing] that judicial economy interests weigh against an interlocutory appeal in a multi-district litigation," and "affording the appellate court the opportunity to address all of the issues at one time at the conclusion of the litigation will facilitate a speedier resolution"); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2010 WL 1410675, at *1 (E.D. La. Mar. 30, 2010) (denying motions for interlocutory review because "allowing piece-meal

4

appeals of issues applicable to only certain few member cases" would impede the progress of the MDL).

Even in the unlikely scenario where the Ninth Circuit finds in favor of Defendants on all twelve questions, the outcome would be remand, amendment of the GE Plaintiffs' complaints, further motion to dismiss briefing, and discovery and trial of the claims that Defendants do not seek review of. Thus, review would only "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records[.]" *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (citing *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996)). This alone would suffice to deny Defendants' motion.

## B.      Defendants Fail to Satisfy the Prerequisites for Interlocutory Review.

Beyond the practical basis for denying interlocutory review, the Ninth Circuit would not have jurisdiction to consider the questions presented by Defendants, as they satisfy *none* of the three prerequisites for interlocutory appellate jurisdiction under 28 U.S.C. § 1292(b).

### 1.      The Existence of a Duty of Care Is a Mixed Question of Law and Fact.

In the context of section 1292(b),[7] a " 'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." *Barrer v. Chase Bank, USA, N.A.*, No. 06-415-HA, 2011 WL 1979718, at *4 (D. Or. May 18, 2011) (citation omitted). The existence of a duty is a question of law, but

---

[7] Defendants provide a string cite for the proposition that the existence of a negligence duty is a question of law. *See* ECF No. 278 at 4. Those cases merely establish that duty is generally a question for the Court, not the jury, and none address whether a finding that a plaintiff had adequately pled the existence of a duty is a question of pure law for the purposes of 28 U.S.C. § 1292(b).

5

whether a duty exists varies depending on the factual situation presented. *Lovett v. Omni Hotels Mgmt. Corp.*, No. 14-cv-02844-RS, 2016 WL 7732622, at *2 (N.D. Cal. Apr. 18, 2016) (denying motion for interlocutory review). The considerations that affect the duty issue are factually complex, involving "extensive inquiries into public policy, the relative expectations of the parties, and material concerns of equity, fairness, and risk allocation." *In re Sept. 11 Litig.*, No. 21 MC 97(AKH), 2003 WL 22251325, at *3 (S.D.N.Y. Oct. 1, 2003) (citations omitted). For that reason, whether a duty of care exists is not a pure question of law subject to interlocutory appeal under 1292(b). *Id.*

For instance, in *Parris v. 3M Company*, the court recently found that whether a company owed a duty of care to third parties was not a question of pure law under section 1292(b), as:

> [The question was] intertwined with numerous factual issues—for example, whether and when Daikin knew about the harmful effects of PFAS, whether it was foreseeable that PFAS would be improperly disposed of and discharged into surface waters, whether Daikin had a right to abate the improper disposal of PFAS, and whether the harm to the Plaintiff was foreseeable.

No. 4:21-CV-40-TWT, 2022 WL 2303947, at *3 (N.D. Ga. June 27, 2022) (citation omitted). The existence of a duty applicable to the GE Plaintiffs' negligence claims here is bound up in similar questions of fact, including whether and when Defendants knew that failing to equip their vehicles with reasonable anti-theft measures made them dangerously easy to steal and whether it was foreseeable that doing so would harm the GE

Plaintiffs.[8] In sum, the existence of a duty is a mixed question of law and fact that is inappropriate for interlocutory review.

### 2. Defendants Have Not Shown a Substantial Ground for Difference of Opinion, and the Court's Order Was Correctly Decided.

There is no substantial ground for difference of opinion on the issues Defendants raise, which is unsurprising since the Court correctly decided these issues in its Order. As such, the Ninth Circuit's early review of the dozen issues Defendants raise is unwarranted, and Defendants' request should be denied.

#### a. There Is No Substantial Ground for Difference of Opinion.

Regarding section 1292(b)'s "substantial ground for difference of opinion" requirement, the question for the Court is "to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The question under this prong is not whether its application of the law was correct, but whether the Ninth Circuit's immediate resolution of a question of law will clear up uncertainty. *In re Examination of Privilege Claims*, No. MC15-0015-JCC-JPD, 2016 WL 11713117, at *3 (W.D. Wash. Jan. 25, 2016). Thus, a substantial ground for difference of opinion exists only where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, or if the issue is novel and difficult. *Couch*, 611 F.3d at 633; *see also In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016) (requiring either a novel and difficult question, an intra-circuit split, or a circuit split).

---

[8] This case is not at the liability phase of a single mass disaster, like *Steering Committee v. United States*, 6 F.3d 572, 575 (9th Cir. 1993), where the Ninth Circuit accepted review of an arguably mixed question of fact and law.

7

Defendants have failed to establish any unclarity in the law that expedited review by the Ninth Circuit will resolve. Defendants identify no circuit split, the issues presented are not novel ones,[9] and they present questions of state law that a federal court of appeals is no better situated to address than this Court. *See Rowe v. Bankers Life & Cas. Co.*, No. CV-07-1281-PHX-MHM, 2008 WL 5156077, at *3 (D. Ariz. Dec. 9, 2008) (28 U.S.C. § 1292 is particularly inapt when the issue presented is one of state law). Moreover, an immediate appellate ruling on the twelve questions of state law that Defendants seek to certify will not elucidate the law in other jurisdictions that are part of the MDL but not part of the requested appeal.

Instead, Defendants argue that the Court got it wrong in its Order, citing to the same state court authorities they raised in their motion to dismiss.[10] The fact that Defendants disagree with the Court's Order is not a basis for interlocutory review. *See Couch*, 611 F.3d at 633 ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference' " of opinion under 28 U.S.C. § 1292(b).). Section 1292(b) was not intended " 'merely to provide review of difficult rulings in hard cases.' " *Env't Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01-2821, 2004 WL 838160, at *2 (N.D. Cal. Apr. 19, 2004) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

---

[9] To the extent Defendants contend the particular facts of this case are unique, the applicable law is not. And "it is well within this Court's competence to apply old law to new facts." *Parris*, 2022 WL 2303947, at *2 ("[I]t would be untenable to certify questions . . . every time an unfamiliar fact pattern emerges. As the Eleventh Circuit has acknowledged, federal courts are often called upon to anticipate the decisions of state courts and at times to decide unsettled issues of state law.") (citing *Escareno v. Noltina Crucible & Refractory Corp.*, 139 F.3d 1456, 1461 (11th Cir. 1998)).

[10] *See* Defs.' Notice & Mot. Dismiss Consolidated Governmental Entities Compl.; Mem. P. & A. Supp. Thereof at 29, 31 (Sept. 8, 2023), ECF No. 219.

**b.     The Court's Order Was Correctly Decided.**

   **(i)     Defendants' amalgamation of "tort law" ignores the distinct elements of public nuisance and negligence claims.**

Despite Defendants' assertions to the contrary, public nuisance and negligence claims are distinct theories of liability. Defendants argue that "a tort duty is fundamental to all GE Plaintiffs' claims for public-nuisance damages," by citing to a single case from two of the seven jurisdictions at issue.[11] Neither case stands for the proposition Defendants claim, and in any event, Defendants are simply rehashing an argument from their motion to dismiss.[12] Their arguments are no more persuasive now than they were then. In its Order on the Motion to Dismiss, the Court lists the elements of public nuisance claims in the seven jurisdictions at issue, and none requires a duty of care.[13]

For the sweeping proposition that "duty" is an element of public nuisance claims in seven different states—and an element that can be conflated with the duty element of a negligence claim—Defendants cite to two cases: *Little v. Union Tr. Co. of Md.*, 412 A.2d 1251, 1255–56 (Md. Ct. Spec. App. 1980), and *Lakoduk v. Cruger*, 287 P.2d 338, 341 (Wash. 1955).[14] Neither stands for that proposition. *Little* distinguished between the "absolute duty" not to create or maintain a nuisance, leading to liability regardless of the care used when operating the nuisance, and the "relative duty" of negligence, which depends on the care used in the circumstances. Far from adopting the "relative duty" of negligence as an element in nuisance claims, the case stands for the unremarkable proposition that there is always a duty not to maintain or create a nuisance.

---

[11] ECF No. 278 at 5, 6 n.1.
[12] *See* ECF No. 219 at 27–28.
[13] *See* ECF No. 270 at 12–13.
[14] ECF No. 278 at 6 n.1.

*Lakoduk* was a wrongful death action in which the plaintiffs asserted that the defendant city's operation of a traffic signal "constituted a trap or nuisance." 287 P.2d at 339. The court's affirmance of the dismissal of this claim did not establish a "duty element" for a public nuisance claim, contrary to Defendants' arguments. As the Washington Supreme Court has recognized, the Washington legislature "has defined 'nuisance' expansively." *Moore v. Steve's Outboard Serv.*, 339 P.3d 169, 171 (Wash. 2014). Washington's statutory definition of nuisance recognizes that "omitting to perform a duty" is one context in which a defendant may be held liable for the creation of a nuisance. *See* RCW 7.48.120. In Washington, as in other jurisdictions, "negligence is merely one type of conduct which may give rise to a nuisance." *Peterson v. King Cnty.*, 278 P.2d 774, 775 (Wash. 1954) (quoting Prosser, Torts, 553 (1941)). That negligent conduct (and the corresponding element of duty) may give rise to a public nuisance in *some* contexts does not mean that duty is a standalone element of *all* public nuisance claims. Defendants' arguments again overlook the well-established principle that "the alleged existence of a nuisance refers to the interests invaded, and not to any particular kind of conduct which has led to the invasion[,]" and that "[f]acts establishing the existence of a nuisance may be alleged independent of allegations of negligence." *Id.*

Duty is not a standalone element of public nuisance in the GE Plaintiffs' jurisdiction or anywhere else. As such there is no ground—let alone a substantial one—for difference of opinion in allowing the GE Plaintiffs' public nuisance claims to proceed.

### (ii)   Duty does not hinge on a special relationship in any of the jurisdictions with negligence claims.

In each of the five jurisdictions where the GE Plaintiffs bring negligence claims—Indiana, Missouri, New York, Ohio, and Wisconsin—duty is examined based on a number

10

of factors, regardless of the existence of a "special relationship." *See Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991) (balancing "(1) the relationship between the parties, (2) the reasonable foreseeability of harm to the person injured, and (3) public policy concerns"); *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708 (Mo. 2005) (*en banc*) (weighing "the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on defendant"); *Peralta v. Henriquez*, 790 N.E.2d 1170, 1173 (N.Y. 2003) (considering "the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies"); *Eisenhuth v. Moneyhon*, 119 N.E.2d 440, 443 (Ohio 1954) (noting that "due care to avoid injury to others is required" and determining the standard of conduct as to due care based on "judicial decisions on identical or similar facts[] or . . . by a consideration by the trial judge or jury of the facts and circumstances of the particular case"); *Brashear v. Liebert Corp.*, No. 06AP-252, 2007 WL 184888, at *3 (Ohio Ct. App. Jan. 25, 2007) (considering "the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position"); *Stephenson v. Universal Metrics, Inc.*, 641 N.W.2d 158, 163 (Wis. 2002) ("Wisconsin follows the approach of the dissent in the well-known *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339 (N.Y. 1928) decision" such that "every person owes a duty to the world at large to refrain from conduct that could cause foreseeable harm to others, even though the identity of the person harmed has not been established at the time of the conduct.") (citation omitted).

As the case law in each of the above jurisdictions shows, a special relationship is not necessary to recognize a legal duty.

GOVERNMENTAL ENTITIES' OPP'N TO INTERLOCUTORY APPEAL & STAY

***Indiana and Missouri***: Defendants concede that Missouri and Indiana "do not feature bright-line special-relationship requirements" and instead attempt to relitigate their motion to dismiss briefing on legal duty in those jurisdictions.[15] For support, Defendants rely on a decision from the Missouri Court of Appeals that the GE Plaintiffs already distinguished as being "markedly different when the defendants are manufacturers selling millions of cars without anti-theft technology rather than individual car owners inadvertently leaving their keys in their vehicles."[16] Defendants also incorrectly state that the Court failed to balance "(1) the relationship between the parties, (2) the reasonable foreseeability of harm, and (3) public policy concerns."[17] Accordingly, the Court correctly considered relevant factors in finding a duty under both Indiana and Missouri law.

Despite overwhelming authority to the contrary, Defendants maintain that a special relationship is required to establish a duty under the common law of New York, Ohio, and Wisconsin.[18] But Defendants misread the cases on which they rely.

---

[15] ECF No. 278 at 7.

[16] Governmental Entities' Corrected Opp'n Mot. Dismiss at 15–16 (Oct. 3, 2023), ECF No. 240.

[17] ECF No. 278 at 7–8 (citing *Neal v. IAB Fin. Bank*, 68 N.E.3d 1114, 1117 (Ind. Ct. App. 2017); *contra* ECF No. 270 at 8–9 (recognizing both the relationship between the parties and foreseeability of harm given "the public nature of automobiles" and finding "GE Plaintiffs' public policy argument in favor of a duty" as "more availing" than Defendants' warning of a slippery slope of liability).

[18] Defendants also argue that a special relationship is required for Maryland and Washington. ECF No. 278 at 5–6. As the GE Plaintiffs noted in their opposition to the motion to dismiss, Defendants' reliance on authority discussing duty in negligence claims under these two states' laws is irrelevant because those GE Plaintiffs did not bring negligence claims. ECF No. 240 at 37 n.16. Defendants attempt to muddy the waters by claiming duty as a requirement for all public nuisance claims, but their reasoning is flawed. *Supra* at 8–10. Defendants are also wrong that Maryland and Washington impose a special relationship requirement. *See* ECF No. 278 at 5–6 (citing *Ashburn v. Anne Arundel Cnty.*, 510 A.2d 1078, 1083 (Md. 1986)). Maryland follows

---

GOVERNMENTAL ENTITIES' OPP'N TO INTERLOCUTORY APPEAL & STAY

**New York**: In *Hamilton v. Beretta U.S.A. Corporation*, 750 N.E.2d 1055 (N.Y. 2001), the court's rejection of a legal duty was not specifically tied to the lack of a special relationship between the parties. Rather, the court considered a multitude of public policy considerations and distinguished other cases involving the "failure to include a safety feature" because, in *Hamilton*, the "defendants' [firearm] products are concededly not defective—if anything, the problem is that they work too well." *Id.* at 1062–63. Nor did the *Hamilton* court find sufficient evidence "to demonstrate that defendants could have taken reasonable steps that would have prevented [the plaintiffs'] injuries." *Id.* at 1063.[19] *Hamilton* is distinguishable from the instant case and Defendants' disagreement with the Court's reasoning does not warrant an interlocutory appeal.

**Ohio**: Defendants' reliance on an Ohio Court of Appeals case is similarly unavailing.[20] In *Hinkle*, a case involving a child's death resulting from access to an

section 324A of the Restatement (Second) of Torts and imposes no such requirement, "even when the alleged harm was based on the intentional, criminal acts of third parties." *Winffel v. Westfield Prop. Mgmt., LLC*, 435 F. Supp. 3d 686, 691 (D. Md. 2020) (citing *Bias v. IPC Int'l Corp.*, 107 F.3d 865, 1997 WL 100925 (4th Cir. 1997) (unpublished table decision)). To the extent Defendants rely on *Donohoe v. Washington*, 142 P.3d 654, 660 (Wash. Ct. App. 2006) to argue for a special relationship requirement under Washington law, that case is inapposite. Unlike here, *Donohoe* examined the special relationship requirement as an exception to the public duty doctrine, which would have otherwise immunized the State from suit. *See* 142 P.3d at 658–60.

[19] If anything, the *Hamilton* decision itself indicates why interlocutory appeal on the existing record is unwarranted. *See In re Sept. 11 Litig.*, 2003 WL 22251325, at *4 (distinguishing *Hamilton*, where the "Court of Appeals addressed the issue of duty of gun manufacturers to victims of gun violence following full development of the record, including trial[,]" and finding interlocutory appeal inappropriate where "a factual record will facilitate intelligent review and authoritative determination of the issues of duty raised by these cases.").

[20] ECF No. 278 at 6 (citing *Estate of Ciotto v. Hinkle*, 145 N.E.3d 1013, 1020 (Ohio Ct. App. 2019)).

unsecured firearm, the court examined duty based on the distinct common law for premises liability and failure to act. 145 N.E.3d at 1018. But there is a difference between property owners who do not necessarily owe "a duty to protect persons such as business invitees from the negligence or criminal acts of third parties that occur outside the owner's property and beyond the owner's control" and a product manufacturer's own negligence in "manufacturing, marketing, and distributing" a product in such a way "that results in foreseeable injury." *City of Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1144 (Ohio 2002). Where, as here, GE Plaintiffs are considered "foreseeable plaintiffs" in light of the public nature of automobiles and the necessity of GE Plaintiffs' response to vehicle thefts, "the court need not decide whether Defendants owed a duty greater than the basic duty." *Id.* at 1145 (citations omitted); *see also Pavlides v. Niles Gun Show, Inc.*, 637 N.E.2d 404, 410 (Ohio Ct. App. 1994) (reversing decision that gun show had no duty to protect the public because it was foreseeable that unsupervised minors "could be lured into stealing an unsecured firearm" and using it to intentionally shoot others).

***Wisconsin***: Last, Defendants' selective reliance on Wisconsin authority misconstrues the relevant precedent.[21] *Jankee* is an aberration in Wisconsin's case law that the State's Supreme Court has since corrected. In *Jankee*, the court wrote that a "person owes no duty to aid or protect a third party unless the person stands in a special relationship," citing *Schuster v. Altenberg*, 424 N.W.2d 159, 165 n.3. (Wis. 1988). 612 N.W.2d at 322. But *Schuster* says the opposite, writing that "we need not engage in [the] analytical gymnastics" of first noting "a person owes no duty to control the conduct of another . . . and then finding [an] exception to that general rule where the defendant stands in a special relationship." 424 N.W.2d at 165 n.3. That is because Wisconsin does not ask

---

[21] ECF No. 278 at 6 (citing *Jankee v. Clark Cnty.*, 612 N.W.2d 297, 322 (Wis. 2000)).

GOVERNMENTAL ENTITIES' OPP'N
                                            TO INTERLOCUTORY APPEAL & STAY

"whether the defendant owed a 'duty' to the particular victim." *Gritzner v. Michael R.*, 611 N.W.2d 906, 913 (Wis. 2000). As explained above and reiterated after *Jankee* was decided, "[i]n Wisconsin, everyone has a duty to act with reasonable care." *Gritzner*, 611 N.W.2d at 913; *see supra* at 11 (citing *Stephenson*, 251 Wis. 2d at 186–91 ("every person owes a duty to the world at large to refrain from conduct that could cause foreseeable harm to others, even though the identity of the person harmed has not been established at the time of the conduct")). To the extent some courts have denied liability on the basis that an actor had no "duty" to the injured party, as *Jankee* seems to, the Wisconsin Supreme Court has repeatedly made clear that such decisions are essentially ones of public policy and *not* duty or causation. *Gritzner*, 611 N.W.2d at 913 (collecting cases).

Wisconsin's broad recognition of a legal duty is also consistent with the principles of the Restatement (Second) of Torts section 324A, which Wisconsin courts have relied on to conclude a party owed a duty to protect another in the absence of a special relationship. *See Stephenson*, 641 N.W.2d at 163 (overruling objection that no duty existed to protect against criminal conduct in the absence of a special relationship). Put plainly, Wisconsin authority supports this Court's recognition of a duty to "exercise reasonable care in the design and manufacture of Defendants' vehicles" given the foreseeability of harm and Defendants' knowledge and prior conduct.[22]

In sum, Defendants fail to show that there is a substantial ground for difference of opinion on the Court's imposition of a duty on Defendants. Foreseeability, along with a multitude of public policy considerations, support the imposition of a duty under the laws of each of the five states where GE Plaintiffs brought negligence claims.

---

[22] ECF No. 270 at 9.

15

GOVERNMENTAL ENTITIES' OPP'N
TO INTERLOCUTORY APPEAL & STAY

### 3.     Immediate Appeal Would Delay the Termination of the Litigation.

Immediate appeal will only prolong and delay this litigation, even if Defendants were to prevail on appeal. *See, e.g.*, *Miesen v. Henderson*, No. 1:10-cv-00404-DCN, 2022 WL 392931, at *8 (D. Idaho Feb. 9, 2022) (Decision denying § 1292(b) certification, noting: "if an immediate appeal was decided in Miesen's favor, it would not 'avoid protracted and expensive litigation' or end the lawsuit. Rather, it would likely trigger more motions . . . and a series of trial objections."). That is because the subset of questions proposed to be certified will not resolve the other outstanding claims of governmental entities cases on file or those that file in the future. An answer to Defendants' subset of duty questions will not advance the cases of Louisville, Kentucky and Chicago, Illinois, whose jurisdictions are not among the seven for which review is sought.[23] Nor would such an answer dispose entirely of the GE Plaintiffs' claims Defendants seek to appeal, such as the unjust enrichment claims. In complex actions, such as this one, piecemeal interlocutory review of issues not applicable to every member case would create an administrative logjam, prolonging the ultimate termination of the MDL, and not advancing it. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014).

Additionally, immediate review of a subset of cases in an MDL with multiple tracks eviscerates the efficiencies to be gained through coordination, frustrates the purposes of the MDL device, and complicates and delays the ultimate termination of the litigation. *See, e.g.*, *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 4009023, at *5 (E.D. Mich. Aug. 5, 2013) (interlocutory review of one set of cases would either require delaying discovery in *all* the cases or placing one track on a different

---

[23] Chicago's motion to dismiss will not be ripe for appeal until, at the earliest, March 18, 2024. *See* Order Extending Defs.' Time to Respond First Am. Compl. (Dec. 18, 2023), ECF No. 282.

discovery schedule "which would eliminate the efficiency advantages that an MDL provides."); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 776 (S.D. Tex. 2005) (denying interlocutory review that would disrupt the orderly and efficient discovery schedule set in a complex MDL); *In re NASDAQ Mkt. Makers Antitrust Litig.*, 938 F. Supp. 232, 234–35 (S.D.N.Y. 1996) (same); *In re Air Crash Near Nantucket Island*, No. 00-MDL-1344, 2004 WL 2269675, at *2 (E.D.N.Y. Oct. 8, 2004) (denying interlocutory review that would not dispose of all actions in MDL); *see also* Melissa J. Whitney, *Bellwether Trials in MDL Proceedings: A Guide for Transferee Judges* at Multidistrict Litig. Manual Appendix I (2019) (recommending that "interlocutory appeal generally should not be allowed if it will delay or halt other aspects of the MDL proceeding or compromise efficiency").

Interlocutory review of a subset of causes of action asserted by certain plaintiffs in the Governmental Entities track will make coordination between the Governmental Entities and Subrogation litigation less effective, thwarting the purpose of coordinating these proceedings as an MDL. For these reasons, certification is not appropriate. *See Reynoso v. All Power Mfg. Co.*, No. SACV 16-1037 JVS (JCGx), 2018 WL 5906645, at *6 (C.D. Cal. Apr. 30, 2018) (where interlocutory review will cause delay, not expedience, it should not be granted).

**C.     Even if this Court Grants Interlocutory Review, the Governmental Entities Track Should Proceed.**

Defendants seek a stay without explaining why that extraordinary and disfavored relief is appropriate. Stays are not automatic, even if interlocutory review is granted. *See* 28 U.S.C. § 1292(b). In deciding whether to order a stay pending interlocutory appeals, courts traditionally balance four factors: (1) whether the stay applicant has made a strong

GOVERNMENTAL ENTITIES' OPP'N
                                                                        TO INTERLOCUTORY APPEAL & STAY

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Scallon v. Scott Henry's Winery Corp.*, No. 6:14-cv-1990-MC, 2015 WL 5772107, at *1 (D. Or. Sept. 30, 2015) (citation omitted). Defendants fail to make *any* such showing and should not be permitted to do so on reply, thereby depriving Plaintiffs of an opportunity to challenge their arguments. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

None of these four factors weighs in favor of a stay. Defendants are unlikely to succeed on the merits, as explained above. And although Defendants cannot identify any cognizable risk of irreparable harm absent a stay, each day the unsecure vehicle crisis continues unabated, the communities impacted by this public nuisance suffer additional injuries.[24] The issuance of a stay would undermine the efficiencies to be gained by an

---

[24] *See, e.g.*, Andy Banker, *Brazen gunmen seen in Central West End in stolen cars*, Fox 2 Now (Dec. 18, 2023, 9:08 PM), https://fox2now.com/news/missouri/brazen-gunmen-seen-in-central-west-end-in-stolen-cars/ (reporting on heavily armed gunmen in St. Louis who were in possession of a stolen Hyundai and subsequently stole a Kia in broad daylight); TJ Dysart, *Four cars, one bicyclist involved in a crash on Cramer and Linnwood in Milwaukee that resulted in fire*, Milwaukee J. Sentinel (Dec. 8, 2023, 1:37 PM), https://www.jsonline.com/story/news/crime/2023/12/08/four-cars-involved-in-fiery-crash-at-cramer-linnwood-in-milwaukee/71849445007/ (reporting that a Kia stolen in Milwaukee struck a bicyclist, a moving car, and two parked cars, with the latter incident resulting in a fire); *Columbus father lost to teen joyride in stolen Kia*, Fox 28 (Nov. 29, 2023), https://myfox28columbus.com/news/local/driver-struck-teen-15-year-old-franklin-county-driver-stolen-kia-dies-beacon-hill-hilliard-rome-road-columbus-ohio-crash-deadly (reporting that a stolen Kia containing four teenagers crashed into a Honda, killing the 36-year-old driver of the car); George Gandy, *Teen charged, hospitalized after car crash in stolen Kia*, Rochester First (Nov. 15, 2023 4:09 PM), https://www.rochesterfirst.com/crime/teen-charged-hospitalized-after-car-crash-in-stolen-kia/ (reporting that a 15-year-old driving a stolen Kia was hospitalized after hitting a utility pole and another vehicle, requiring assistance from the Rochester Fire Department and the electrical company).

18

MDL, as the Subrogation and Governmental Entities tracks would become too asynchronous to benefit from coordinated discovery. *See In re Refrigerant Compressors*, 2013 WL 4009023, at \*7 (denying interlocutory review and stay when doing so would eliminate efficiencies from coordinated discovery with other cases consolidated in MDL); *accord In re Enron Corp.*, 511 F. Supp. 2d at 776 (where interlocutory review and stay would obstruct the orderly progress of a complex MDL, it should be denied). The same problem also would apply to the cases brought by other GE Plaintiffs within the Governmental Entities track of the MDL. Public interest resoundingly favors the expedient resolution of this public safety crisis, not further delay.

## IV.   CONCLUSION

Defendants fail to meet their burden under 28 U.S.C. § 1292(b), and the Court should deny their motion in its entirety. Defendants have not met any of the requirements for interlocutory review, have not proffered any explanation for why that extraordinary relief should be available here, and have not even referenced—let alone satisfied—the applicable standard for the issuance of a stay. Meanwhile, more tragic and preventable incidents are mounting by the day, harming the Governmental Entities.

Dated this 29TH day of December, 2023.

Respectfully submitted,

By */s/ Gretchen Freeman Cappio*
  Gretchen Freeman Cappio (*pro hac vice*)
  KELLER ROHRBACK L.L.P.
  1201 Third Avenue, Suite 3200
  Seattle, WA 98101-3052
  Phone: (206) 623-1900
  Fax: (206) 623-3384
  gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

GOVERNMENTAL ENTITIES' OPP'N
                                   TO INTERLOCUTORY APPEAL & STAY

1

## CERTIFICATE OF COMPLIANCE

2      The undersigned, Chair of the Governmental Entities Committee, certifies that

3   this brief complies with the word limit of L.R. 11-6.1.

4

5                              */s/ Gretchen Freeman Cappio*
                              GRETCHEN FREEMAN CAPPIO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

GOVERNMENTAL ENTITIES' OPP'N
                                                    TO INTERLOCUTORY APPEAL & STAY

## CERTIFICATE OF SERVICE

I certify that on December 29, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Gretchen Freeman Cappio*
GRETCHEN FREEMAN CAPPIO

NO. 8:22-ML-03052-JVS-KES

GOVERNMENTAL ENTITIES' OPP'N
TO INTERLOCUTORY APPEAL & STAY