1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT LITIGATION<br><br>This Document Relates to:<br><br>*City of Chicago v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company*<br><br>*Louisville / Jefferson County Metro Government v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company*<br><br>*Anne Arundel County, Maryland v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company*<br><br>*City of Fort Wayne, Indiana v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company*<br><br>*Town of Amherst, New York v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company*<br><br>*City of Syracuse, New York v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company* | Case No. 8:22-ML-3052-JVS (KESx)<br><br>The Honorable James V. Selna<br><br>**ORDER APPROVING STIPULATION RE VOLUNTARY DISMISSAL OF HYUNDAI MOTOR COMPANY AND KIA CORPORATION AND DISCOVERY [290]** |

*City of Lorain, Ohio v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company*

Plaintiffs City of Chicago; Louisville / Jefferson County Metro Government; Anne Arundel County, Maryland; City of Fort Wayne, Indiana; Town of Amherst, New York; City of Syracuse, New York; and City of Lorain, Ohio (each a "Plaintiff, and together, "Plaintiffs"), and Defendants Hyundai Motor Company ("HMC"), Kia Corporation ("KC"), Hyundai Motor America ("HMA"), and Kia America, Inc. ("KA") (together, "Defendants") hereby stipulate and agree to the following:

1. WHEREAS, on August 24, 2023, Plaintiff City of Chicago filed suit against HMA, KA, HMC, and KC in the Circuit Court of Cook County, Illinois ("City of Chicago Complaint");

2. WHEREAS, after seeking and being granted leave of court to file an amended complaint, on September 18, 2023, Plaintiff City of Chicago filed a First Amended Complaint against HMA, KA, HMC, and KC in the Circuit Court of Cook County, Illinois ("City of Chicago FAC");

3. WHEREAS, on September 22, 2023, Defendants HMA and KA filed a Notice of Removal in the U.S. District Court for the Northern District of Illinois, and in the Circuit Court of Cook County, Illinois;

4. WHEREAS, on September 25, 2023, Defendants HMA and KA filed a Notice of Potential Tagalong with the Judicial Panel on Multidistrict Litigation ("JPML");

5. WHEREAS, on September 26, 2023, the JPML issued a Conditional Transfer Order ("CTO"), conditionally transferring the Chicago case to this Multi District Litigation ("MDL"); no Notice of Objection to the CTO having been filed, transfer of the Chicago case was effectuated on October 4, 2023;

6. WHEREAS, complaints were filed against HMC, KC, HMA, and KA the U.S. District Court for the Central District of California by Plaintiff Louisville / Jefferson County Metro Government on October 12, 2023; by Plaintiff Anne Arundel County, Maryland on October 24, 2023; by Plaintiff City of Fort Wayne, Indiana on October 24, 2023; by Plaintiff Town of Amherst,

New York on October 31, 2023; by Plaintiff City of Syracuse, New York on November 1, 2023; and by Plaintiff City of Lorain, Ohio on November 6, 2023 (together, "Directly-Filed Complaints");

7. WHEREAS, HMC and KC are Korean corporations who contend that they are not subject to the personal jurisdiction of this Court, the U.S. District Court for the Northern District of Illinois, or the Circuit Court of Cook County, Illinois, and who have not been served with the City of Chicago FAC or the Directly-Filed Complaints, and the parties have agreed that this Stipulation and the Proposed Order lodged herewith, if entered by the Court, may not be construed so as to establish jurisdiction over HMC and KC or as a waiver of any defense, except as expressly provided herein;

8. WHEREAS, Plaintiffs dispute HMC's and KC's contentions regarding personal jurisdiction described in paragraph 7 above; and

9. WHEREAS, the parties wish to avoid adjudicating the issues of personal jurisdiction described in paragraphs 7 and 8 above, and instead move forward with the litigation of the other issues raised in the City of Chicago FAC and the Directly-Filed Complaints,

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HEREIN, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD:

10. Plaintiffs hereby dismiss without prejudice the City of Chicago FAC and Directly-Filed Complaints, and all claims, in their entirety as against HMC and KC, with each party to bear its own costs and fees in connection with Plaintiffs' claims against HMC and KC being dismissed without prejudice;

11. Any statute of limitation, statute of repose, equitable defense related thereto (including, without limitation, laches), statutory or contractual limitations or provisions containing time, notice, or action requirements or periods, and/or any other argument or defense based on delay or passage of time ("Time-Based Defenses") shall be tolled as to the claims that Plaintiffs asserted against HMC and KC in the City of Chicago FAC and Directly-Filed Complaints, for a period of two years from the date of execution of this Stipulation;

12. Counsel for HMC and KC are authorized to and will accept service of a subpoena and notice from Plaintiffs for documents and deposition testimony under Rule 30(b)(6) from each company, subject to all applicable rules, including the Federal Rules of Civil Procedure and the Federal Rules of Evidence, without

requiring Plaintiffs to follow the procedures set forth in the Hague Service Convention for the service of deposition subpoenas on foreign corporations;

13.     Plaintiffs shall provide at least 90 days written notice for the 30(b)(6) depositions of HMC or KC, and at least 60 days written notice for any deposition of HMA or KA personnel;

14.     HMC and KC shall have 60 days from the date of receipt to serve objections and/or responses to such subpoenas and notices propounded by Plaintiffs herein;

15.     The deposition of any HMC or KC designee for such Rule 30(b)(6) deposition who is domiciled in the Republic of Korea, shall be taken in person in Seoul, Republic of Korea, or remotely by video-conference, during normal business hours in the Republic of Korea, and the deposition officer may be located within the United States and administer the oath or affirmation remotely;

16.     The deposition of any current or former HMA or KA employee will proceed in person in Orange County or Los Angeles County, California, at a place to be determined by HMA or KA, or remotely by video-conference during normal business hours in California; the deposition officer may be located elsewhere in the United States and administer the oath or affirmation remotely;

17.     Regarding document production generally and/or in connection with any 30(b)(6) deposition subpoena, HMC and KC agree in good faith to meet and confer with counsel for Plaintiffs and thereafter voluntarily produce certain relevant, non-privileged documents to Plaintiffs;

18.     Defendants HMA and KA shall have an additional 30 days to serve objections and/or responses to any and all written discovery propounded by Plaintiffs herein, in addition to the time provided by the Federal Rules of Civil Procedure for such objections and responses; and

19. This Stipulation is limited to Plaintiffs' cases identified in the above-captioned litigation, and should not be construed as an agreement by any defendant to waive any of the requirements of the Federal Rules of Civil Procedure, including but not limited to Rule 4(d), or the Hague Service Convention in any other litigation.

DATED: January 12, 2024

**ORDER**

Good cause appearing, the Court hereby approves this Joint Stipulation.

**IT IS SO ORDERED.**

Dated: January 18, 2024

Hon. James V. Selna
United States District Judge