UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motion for Certification of Interlocutory Appeal and Stay [278]</u>**

    Defendants Kia America, Inc. ("KA") and Hyundai Motor America ("HMA") (collectively, "Defendants") move to certify for appeal the Court's November 17, 2023, order regarding Defendants' motion to dismiss and stay the case pending appeal. (Mot., Dkt. No. 278.) Governmental Entity Plaintiffs ("GE Plaintiffs") opposed. (Opp'n, Dkt. No. 285.) Defendants replied. (Reply, Dkt. No. 288.)

    For the following reasons, the Court **GRANTS** in part the motion to certify interlocutory appeal with respect to the negligence claims under New York, Ohio, and Wisconsin law, **DENIES** in part with respect to the remaining claims, and **DENIES** the motion to stay.

## I. BACKGROUND

    The parties are familiar with the factual and procedural background of this case, so the Court recites it here only as necessary to resolve the motion.

    This multi-district litigation concerns allegations by three sets of Plaintiffs—Consumer Plaintiffs, Subrogation Plaintiffs, and GE Plaintiffs— that Defendants sold Hyundai and Kia vehicles that unlawfully lacked vital safety components. Specifically, the various allegations relate to design flaws that allow thieves to steal the vehicles in less than ninety seconds, particularly due to the absence of anti-theft devices. On July 28, 2023, the GE Plaintiffs filed their Consolidated Governmental Entities Complaint ("Complaint"). (Compl., Dkt. No. 175.) The Complaint alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

seventeen causes of action: public nuisance and negligence under Wisconsin law (Counts One and Two); common law absolute public nuisance, common law qualified public nuisance, negligence, statutory public nuisance, and civil liability under Ohio law (Counts Three through Seven); public nuisance under Maryland law (Count Eight); statutory public nuisance under Washington law (Count Nine); public nuisance, negligence, and unjust enrichment under Missouri law (Counts Ten through Twelve); violation of Kansas City consumer protection ordinance Article IX (Count Thirteen); public nuisance and negligence under New York law (Counts Fourteen and Fifteen); and public nuisance and negligence under Indiana law (Counts Sixteen and Seventeen). (Id.)

On November 17, 2023, the Court granted in part Defendants' motion to dismiss with respect to the Kansas City Article IX Ordinance claim and denied in part the motion with respect to all other claims. (Order, Dkt. No. 270.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), the party seeking certification must establish that: (1) there is a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Only if all three factors are met may the Court certify an order for appeal. Id.; see also Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" Fukuda v. Cnty. of L.A., 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

## III. DISCUSSION

    *A.    Motion for Interlocutory Appeal*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Defendants seek to appeal the Court's order denying their motion to dismiss with respect to the GE Plaintiffs' tort claims. (Mot at 4.) Defendants argue that there is a controlling question in "[w]hether plaintiffs sufficiently alleged a tort duty to protect against third-party criminal conduct under the laws of Indiana, Maryland, Missouri, New York, Ohio, Washington, and Wisconsin in the absence of a special relationship." (Id.) Defendants argue that the Court's "purely legal" ruling turns on this question, and the answer as to whether there exists a tort duty materially affects the outcome of the litigation because it "controls the viability of negligence claims brought by GE Plaintiffs in five of the seven states addressed in the Motion to Dismiss." (Id. at 4–5.) Defendants point to cases in five states that hold that "a duty to protect against even foreseeable harms inflicted by third parties can arise only if there is a 'special relationship' between the defendant and either the third party or the person injured." (Id. at 5 (citing Ashburn v. Anne Arundel Cnty., 510 A.2d 1078, 1083 (Md. 1986); Hamilton v. Beretta Corp., 750 N.E.2d 1055, 1060 (N.Y. 2001); Estate of Ciotto v. Hinkle, 145 N.E.3d 013, 1020 (Ohio Ct. App. 2019); Donohoe v. State, 142 P.3d 654, 660 (Wash. Ct. App. 2006); Jankee v. Clark Cnty., 235 Wis. 2d 700, 756 (2000)).) Defendants also argue the laws of Missouri and Indiana "permit reasonable disagreement on whether Defendants owed a duty to GE Plaintiffs" although they do not require a special relationship. (Id. at 7.)

Plaintiffs respond that Defendants seek review of twelve questions: "Whether, under the respective laws of five jurisdictions (Indiana, Missouri, New York, Ohio, and Wisconsin), 'a tort duty to protect against third-party criminal conduct can be based solely on the foreseeability of harms[;]' and whether, under the respective laws of seven jurisdictions (the above five plus Maryland and Washington), a duty of care is an element of a public nuisance claim." (Opp'n at 1–2.) Plaintiffs contend that "the existence of a duty is a mixed question of law and fact and there are no grounds for differing opinions because the Court correctly applied the law to the facts here." (Id. at 2.) Plaintiffs assert that the inquiry involves "factually complex" considerations with "extensive inquiries into public policy, the relative expectations of the parties, and material concerns of equity, fairness, and risk allocation." (Id. at 6 (quoting In re Sept. 11 Litig., No. 21 MC 97(AKH), 2003 WL 22251325, at *3 (S.D.N.Y. Oct. 1, 2003) (citations omitted)).) Plaintiffs further argue that the Ninth Circuit is not better situated to address Defendants' question because Defendants "failed to establish any unclarity in the law," "identif[ied] no circuit split," present no novel issues, and present questions of state law. (Id. at 8 (citing Rowe v. Bankers Life & Cas. Co., No. CV-07-1281-PHX-MHM, 2008 WL 5156077, at *3 (D. Ariz. Dec. 9, 2008)).) Moreover, Defendants assert that public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

nuisance claims in the seven jurisdictions at issue here do not require a duty of care. (Id. at 9.)

The question, as posed by Defendants as the "question to be certified for appeal," is not one of pure law. GE Plaintiffs characterize the inquiry as whether Defendants *alleged GE Plaintiffs a duty*, rather than the broader legal question of whether a duty to protect against third-party crimes may be owed on the basis of foreseeability in the absence of a special relationship. But Defendants pose this very question elsewhere in their motion, which raises a controlling question of law: "whether a tort duty to protect against third-party criminal conduct can be based solely on the foreseeability of harms—even in the absence of a special relationship." (Mot at 4.) It is the latter question that the Court considers here.

In the order regarding the motion to dismiss, the Court accepted GE Plaintiffs' argument that under the Restatement (Second) of Torts § 324A foreseeability can give rise to a duty and that the Restatement was the basis of the negligence law of the five states that bring such claims here. (Order at 7.) The Court then evaluated the duty in the context of foreseeability, but also considered policy factors in the analysis. (Id. at 8–9.) Here, Defendants persuasively note that the case law does not make so clear the role of foreseeability in the duty analysis. Each state's courts have produced a varied array of case law around the edges of what gives rise to a duty. The Ninth Circuit could not respond to the question as posed by Defendants in this multi-district litigation with just one answer because the law of each state sets forth a nuance that deserves attention. Defendants do not offer more than conclusory statements that the question of duty is "fundamental" to the seven states' public nuisance claims, though, and they provide no authority to support that duty is an element of those claims. (Mot. at 5.) But the question is controlling in that duty is an essential element to the five states' negligence claims. On appeal, the Ninth Circuit would need to resolve the question with state-specific answers. The parties grapple with competing interpretations of cases from each state, and the Court addresses each in turn.

New York: In Hamilton, the court acknowledged a trial court's ruling in which foreseeability alone did not define tort duty involving criminal acts of third parties, but the court responded that "the existence under New York law of a duty to exercise care in marketing and distributing a product would depend upon a number of moral, logical, and social policy factors." 264 F.3d at 29. What the court did not do was spell out those

Case 8:22-ml-03052-JVS-KES   Document 298   Filed 01/29/24   Page 5 of 8   Page ID #:8450

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
|---|---|---|---|

| Title | In Re: Kia Hyundai Vehicle Theft Litigation |
|---|---|

factors, and GE Plaintiffs' argument does not provide any additional clarity. Without more, there is substantial ground for disagreement on the respective role of foreseeability in the duty analysis.

Ohio: In Estate of Ciotto, the court held that "[i]f foreseeability alone created a duty, then such liability could, potentially, arise without limit," but "foreseeability defin[es] 'the scope and extent of the duty.'" 145 N.E.3d at 1019–20 (quoting Simpson v. Big Bear Stores Co., 73 Ohio St. 3d 130, 134 (1995); Plank v. DePaul Cranes, 2d Dist. Montgomery No. 10486, 1988 WL 110312 (Oct. 21, 1988)). The court refused to elaborate any further on the weight of foreseeability in determining duty, instead stating that "while the determination of duty is a matter of law, there is 'no formula for ascertaining whether a duty exists,'" and duty "may be established by common law, by legislative enactment, or by the particular circumstances of a given case." Id. at 1020 (quoting Wallace v. Ohio DOC, 96 Ohio St. 3d 266, ¶ 23–24 (2002)). The court continued, "[a] special relationship may arise based on the foreseeability of the harm," but this discussion occurred in the context of premises liability, rather than facts analogous to those here. Id. at 1022. GE Plaintiffs cite to City of Cincinnati v. Beretta U.S.A. Corp., 95 Ohio St. 3d 416, 422 (2002), in which "the issue is whether appellees are themselves negligent by manufacturing, marketing, and distributing firearms in a way that creates an illegal firearms market that results in foreseeable injury. Consequently, the 'special relationship' rule is not determinative of the issue presented here." Foreseeability appears to be an important part of the duty analysis, but its relationship to establishing a special relationship and ultimately supporting a duty is left unclear by the Ohio authorities.

Wisconsin: The parties cite two Wisconsin Supreme Court cases to arrive at different conclusions on whether a special relationship is necessary to establish a duty. Defendants cite Jankee for the proposition that "[a] person owes no duty to aid or protect a third party unless the person stands in a special relationship to the foreseeable victim." 235 Wis. 2d at 756. On the other hand, GE Plaintiffs cite to Stephenson v. Universal Metrics, Inc., 251 Wis. 2d 171, 187 (2002) for Wisconsin's adherence to the holding in Palsgraf v. Long Island Railroad Co., 248 N.Y. 339 (1928), that "every person owes a duty to the world at large to refrain from conduct that could cause foreseeable harm to others, even though the identity of the person harmed has not been established at the time of the conduct." The court in Stephenson noted the connection to the Restatement and foreseeability: "As this court has applied it, the framework of [Restatement (Second) of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Torts] § 324A comports with Wisconsin's principles of negligence law." Id. at190.  The court continued, "The basic principle of duty in Wisconsin is that a duty exists when a person fails to exercise reasonable care—when it is foreseeable that a person's act or omission may cause harm to someone." Id. (citing A.E. Inv. Corp. v. Link Builders, Inc., 62 Wis. 2d 479, 483 (1974)).  The Wisconsin Supreme Court made no mention of a requirement that a special relationship exist, casting doubt on whether its holding in Jankee is still good law for our purposes here.

  Missouri: Defendants recognize that Missouri does not "feature bright-line special-relationship requirements," but they still argue that there is room for reasonable disagreement because the duty to protect against third-party harms can arise from a "special relationship[]" or "special circumstances . . . affecting foreseeability." (Mot. at 7 (quoting Dix v. Motor Mkt., Inc., 540 S.W.2d 927, 932 (Mo. Ct. App. 1976)).)  The room for disagreement is promptly closed, though, upon consideration of the next case Defendants cite: "While the special circumstances exception deals with the foreseeability of crimes based on past incidents to create a duty of care, the special relationship exception creates a duty based solely on the positions of the parties." Stafford v. Drury Inns, Inc. 165 S.W.3d 494, 496 (Mo. Ct. App. 2005).  Defendants' argument that "there was no real issue of thefts before the social-media Kia challenge" to give rise to a duty falls flat upon the acknowledgment that there were, in fact, thefts of Kia vehicles before they were broadcast on social media.  (Mot. at 7 n.2.)  The grounds for difference of opinion are not enough to support the certification of appeal where the role of foreseeability and its application to our present case are so clear.

  Indiana: Under Indiana law, Defendants argue that the Court only considered foreseeability in its order, but whether a duty exists is subject to a balancing test: "(1) the relationship between the parties, (2) the reasonable foreseeability of harm, and (3) public policy concerns." (Id. at 7–8 (quoting Neal v. IAB Fin. Bank, 68 N.E.3d 1114, 1117 (Ind. Ct. App. 2017)).)  There are no substantial grounds for difference of opinion here where the test is explicit.  The Court did indeed consider each factor, including the relationship between car manufacturers and law enforcement based on vehicle theft, the foreseeability that vehicles will be stolen in the absence of anti-theft technology, and the public policy implication of a potential slippery slope of unlimited liability.  (Order at 8–9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

    Defendants persuasively argue that the lack of clarity on the role of foreseeability and special relationship is a controlling question of law because duty is an essential element of negligence claims. Missouri and Indiana rather clearly provide for foreseeability in the duty analysis, but there is substantial ground for difference of opinion on the question as it pertains to the New York, Ohio, and Wisconsin negligence claims. Defendants have also not carried their burden of showing that the question has a bearing on the public nuisance claims brought by seven states. But resolving the ambiguity of the duty analysis, despite not applying to all of GE Plaintiffs' claims, would simplify the resolution of the negligence claims brought by New York, Ohio, and Wisconsin ahead of trial—either by dismissal or more focused litigation pretrial and at trial. Were the question not answered and the case proceeded to trial, there remains the possibility of appeal on those particular claims, appellate review, and the claims' return to this Court.

    Accordingly, the Court deems it prudent to certify interlocutory appeal the following question with respect to the negligence claims under New York, Ohio, and Wisconsin law: "whether a tort duty to protect against third-party criminal conduct can be based solely on the foreseeability of harms—even in the absence of a special relationship."

    B.    *Motion to Stay*

    Defendants also seek a stay of the proceedings pending appeal.

    A district court may stay proceedings pursuant to its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The competing interests that a district court must weigh in deciding whether to grant a stay include the following: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. (citing Landis, 299 U.S. at 254–55).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | January 29, 2023 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

    Another proceeding that may have a substantial impact on the case may constitute a compelling reason to grant a stay. A district court therefore may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. at 863–64.

    Beyond their assertion that a stay would "save all parties the expense of litigating GE Plaintiffs' claims without the benefit of appellate input," Defendants do not make a strong enough argument that a stay is warranted pending appeal. The question posed here pertains to three of the sixteen pending claims, and the Court sees no reason that litigation on the remaining thirteen claims should not proceed on schedule. Accordingly, the Court declines to exercise its discretion to stay the proceedings pending appeal.

## IV.  CONCLUSION

    For the foregoing reasons, the Court **GRANTS** in part the motion to certify interlocutory appeal with respect to the negligence claims under New York, Ohio, and Wisconsin law, **DENIES** in part with respect to the remaining claims, and **DENIES** the motion to stay.

    **IT IS SO ORDERED.**