1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ML-3052-JVS(KESx) |
|---|---|
| | The Honorable James V. Selna |
| | **SCHEDULING CONFERENCE ORDER FOR SUBROGATION CASES** |
| This document relates to:<br>ALL SUBROGATION CASES | |

Pursuant to this Court's Order of November 27, 2023, counsel for the Subrogation Plaintiffs[1] and Defendants Kia America, Inc. ("KA"), Hyundai Motor America ("HMA"), Kia Corporation ("KC"), and Hyundai Motor Company (HMC") (collectively, "Defendants")[2] met and conferred on January 8, 2024, and submit the following Proposed Scheduling Conference Order.

### A. Initial Disclosures

1. The Subrogation Plaintiffs and Defendants KA and HMA shall exchange initial disclosures as provided for under Rule 26(a)(1) on or before February 15, 2024.

### B. Pleadings

2. Defendants KA and HMA shall answer the Subrogation Plaintiffs' Amended Consolidated Complaint (the "ACC") on or before February 15, 2024.

3. In light of the Subrogation Plaintiffs' 805-page and 4079-paragraph ACC, the parties have agreed that it is reasonable and judicially efficient for Defendants KA and HMA to generally deny all material allegations in the ACC in lieu of specifically denying and admitting the allegations paragraph-by-paragraph. Defendants KA and HMA may also allege their defenses in their answer.

4. Defendants KC and HMC either shall answer the ACC or move to

---

[1] "Subrogation Plaintiffs" refers to the Subrogation Plaintiffs named in the following subrogation complaints currently part of the above-captioned multidistrict litigation: (1) *State Automobile Mutual Insurance Company v. Hyundai Motor America*, No. 8:23-cv-00443 (C.D. Cal., filed March 10, 2023); (2) *The Standard Fire Insurance Company v. Hyundai Motor America*, No. 8:23-cv-00792 (C.D. Cal., filed May 5, 2023); (3) *21st Century Centennial Insurance Company v. Hyundai Motor America*, No. 2:23-cv-04288 (C.D. Cal., filed June 1, 2023); (4) *State Farm Automobile Insurance Company v. Hyundai Motor America*, No. 8:23-cv-00981 (C.D. Cal., filed June 5, 2023); (5) *Zurich American Insurance Company v. Kia America, Inc.*, No. 8:23-cv-01051 (C.D. Cal., filed June 14, 2023); (6) *American National Property & Casualty Company v. Hyundai Motor America*, No. 8:23-cv-01225 (C.D. Cal., filed July 10, 2023); (7) *Grange Insurance Association v. Hyundai Motor America*, No. 8:23-cv-01354 (C.D. Cal, filed July 27, 2023); and (8) *Westfield Insurance Company v. Hyundai Motor America*, No. 2:23-cv-06212 (C.D. Cal., filed Aug. 1, 2023).

[2] Defendants do not waive any defenses, including the right to challenge personal jurisdiction, through the filing of this Proposed Scheduling Conference Order. The Subrogation Plaintiffs agree that they will not argue that the filing of this Proposed Scheduling Conference Order supports personal jurisdiction over any Defendant.

dismiss the ACC on personal jurisdiction grounds on or before February 23, 2024. The deadline for the Subrogation Plaintiffs to respond to KC and HMC's motion to dismiss is March 22, 2024. The deadline for KC and HMC to reply in support of their motion to dismiss is April 5, 2024. At the Court's election, oral argument may be scheduled thereafter.

      5.     Any subrogation action filed after the ACC and subsequently related to this MDL will be deemed to be automatically incorporated into the ACC and will require no additional response from Defendants. Claim spreadsheets for new Subrogation Plaintiffs will be served within 45 days of the filing of each subrogation action filed after the ACC.

      6.     If counsel for any existing Subrogation Plaintiffs wish to add new Subrogation Plaintiffs to any existing subrogation actions,[3] they shall file (1) a notice of additional Subrogation Plaintiff(s) in the underlying action; and (2) a notice of additional Subrogation Plaintiff(s) in the above-captioned matter.[4] Each notice shall (a) identify the newly-added Subrogation Plaintiff(s), and (b) state: "The Subrogation Plaintiff(s) identified herein are hereby incorporated into the complaint filed in [*underlying action case name, case number, and complaint docket number*] and the Subrogation Plaintiffs' Amended Consolidated Complaint filed in *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, And Products Liability Litigation*, Case No. 8:22-ML-3052-JVS(KESx) (C.D. Cal.), ECF No. 283." In addition, claim spreadsheets for new Subrogation Plaintiffs will be served within 45 days of the date of filing of such notices. Such notices will require no additional response from Defendants.

### C. Class Certification

---

[3] For the avoidance of doubt, any insurers that are not currently and specifically named in an existing subrogation action's underlying complaint are "new Subrogation Plaintiffs" and are not "existing Subrogation Plaintiffs."

[4] For the avoidance of doubt, the above-captioned matter refers to *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, And Products Liability Litigation*, Case No. 8:22-ML-3052-JVS(KESx) (C.D. Cal.).

7. Class Plaintiffs[5] shall move for class certification and provide any expert reports related to class certification on or before June 30, 2025.

8. The deadline for Defendants to respond to the motion for class certification and provide any expert reports related to class certification is August 15, 2025.

9. The deadline for the Subrogation Plaintiffs to reply in support of their motion for class certification and provide any rebuttal expert reports related to class certification is September 15, 2025. After conferring with defendants, the Subrogation Plaintiffs shall propose a hearing date at the same they file the reply.

**D. Discovery**

10. Fact discovery shall be completed on or before February 3, 2025.

11. Subrogation Plaintiffs shall provide expert reports unrelated to class certification on or before April 1, 2025.

12. Defendants shall provide any expert reports unrelated to class certification on or before June 2, 2025.

13. Subrogation Plaintiffs shall provide any rebuttal expert reports unrelated to class certification on or before August 1, 2025.

14. Depositions of the Subrogation Plaintiffs' experts will be completed on or before October 1, 2025.

15. Depositions of Defendants' experts will be completed on or before December 1, 2025.

**E. Dispositive Motions**

16. Dispositive motions shall be filed on or before February 12, 2026. The Parties will file by November 1, 2025 written proposals for how to best and most efficiently proceed with dispositive motions given the number of claims at issue in this matter.

---

[5] "Class Plaintiffs" refers to the group of Subrogation Plaintiffs who seek certification of a class, as referenced in paragraph 6 of the ACC.

17. Briefs in opposition to dispositive motions shall be filed on or before March 26, 2026.

18. Reply briefs in support of dispositive motions shall be filed on or before April 23, 2026.

F. **Trial**

19. Trial(s) will commence after the Court rules on all pending dispositive motions. Before setting the trial date(s), the Court will entertain proposals for how to best and most efficiently proceed with trial(s) on any issues and/or claims that are not resolved by dispositive motions.

G. **Proposed Timetable Schedule**

| Event | Deadline |
|---|---|
| Initial Disclosures (for Subrogation Plaintiffs, KA, and HMA) | February 15, 2024 |
| KA and HMA's Answer to Amended Consolidated Complaint | February 15, 2024 |
| KC and HMC's Motion to Dismiss Amended Consolidated Complaint on Personal Jurisdiction Grounds | February 23, 2024 |
| Opposition to Motion to Dismiss | March 22, 2024 |
| Reply in Support of Motion to Dismiss | April 5, 2024 |
| Fact Discovery Completion | February 3, 2025 |
| Production of Subrogation Plaintiffs' Expert Reports (unrelated to class certification) | April 1, 2025 |
| Production of Defendants' Expert Reports (unrelated to class certification) | June 2, 2025 |
| Motion for Class Certification | June 30, 2025 |
| Production of Subrogation Plaintiffs' Rebuttal Expert Reports (unrelated to class certification) | August 1, 2025 |

| | |
|---|---|
| **Opposition to Motion for Class Certification** | **August 15, 2025** |
| **Reply in Support of Motion for Class Certification** | **September 15, 2025** |
| **Depositions of Plaintiffs' Experts** | **October 1, 2025** |
| **Dispositive Motion Proposals** | **November 1, 2025** |
| **Depositions of Defendants' Experts** | **December 1, 2025** |
| **Dispositive Motions** | **February 12, 2026** |
| **Oppositions to Dispositive Motions** | **March 26, 2026** |
| **Replies in Support of Dispositive Motions** | **April 23, 2026** |
| **Trial** | **Trial(s) will commence after the Court rules on all pending dispositive motions. Before setting the trial date(s), the Court will entertain proposals for how to best and most efficiently proceed with trial(s) on any issues and/or claims that are not resolved by dispositive motions.** |

The Court intends to hold regular in-person status conferences.  The Court sets the first conference for March 4, 2024 at 3:00 p.m.  Two weeks in advance, the Court will issue a tentative agenda.  One week in advance, any party may submit additional topics.  The Court finds it helpful to discuss informally upcoming issues before moving to motions practice or other formal steps.  The Court has found that non-binding directional guidance from the Court is of assistance to all.

**IT IS SO ORDERED.**

Dated: January 31, 2024

_____
The Honorable James V. Selna
United States District Judge