**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
Alice S. Kim (SBN 317479)
AKim@jenner.com
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Jenna L. Conwisar (SBN 341521)
JConwisar@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:   +1 213 239 5100
Facsimile:    +1 213 239 5199

**JENNER & BLOCK LLP**
Peter J. Brennan (*pro hac vice*)
PBrennan@jenner.com
Michael T. Brody (*pro hac vice*)
MBrody@jenner.com
353 North Clark Street
Chicago, IL  60654-3456
Telephone:   +1 312 222 9350
Facsimile:    +1 312 527 0484

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ML-3052-JVS(KESx) <br><br> **HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S ANSWER TO THE SUBROGATION PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT** |
| This document relates to: <br><br> ALL SUBROGATION CASES | |

Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") (together, "Defendants"), by and through their attorneys, hereby answer the Subrogation Plaintiffs' Amended Consolidated Complaint (titled "First Amended Master Complaint for All Subrogation Plaintiffs") (Dkt. 283) and state their defenses thereto as follows:

## GENERAL DENIAL

Pursuant to this Court's Order (Dkt. 300 ¶ 3) and with this Court's consent, Defendants generally deny every material allegation contained in the Subrogation Plaintiffs' Amended Consolidated Complaint, and each purported cause of action contained therein, and further deny that the Subrogation Plaintiffs sustained damage in the sums alleged, or in any sum, or at all, by reason of any act, breach, or omission on the part of Defendants or on the part of any actual or putative agent, servant, representative, employee, predecessor, or successor of Defendants. Defendants further generally deny that class certification is appropriate.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a jury trial on all causes of action, claims, and issues so triable.

## STATEMENT OF DEFENSES

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular defense.

### FIRST DEFENSE (UNCLEAN HANDS BY INSUREDS)

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands, as the Subrogation Plaintiffs' insureds (hereinafter, "Insureds") purchased their vehicles even though they knew, or should have known, that the vehicles did not contain immobilizers.

**SECOND DEFENSE (WAIVER BY INSUREDS)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, as the Insureds purchased their vehicles even though they knew, or should have known, that the vehicles did not contain immobilizers.

**THIRD DEFENSE (UNCLEAN HANDS BY SUBROGATION PLAINTIFFS)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands, as the Subrogation Plaintiffs continued to insure the vehicles despite knowing that the vehicles lacked immobilizers.

**FOURTH DEFENSE (WAIVER BY SUBROGATION PLAINTIFFS)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, as the Subrogation Plaintiffs continued to insure the vehicles despite knowing that the vehicles lacked immobilizers.

**FIFTH DEFENSE (LACHES BY SUBROGATION PLAINTIFFS)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, as the Subrogation Plaintiffs have unreasonably delayed in bringing this action and acquiesced in the issue about which they now complain. The Subrogation Plaintiffs (1) had information regarding the theft rates of the vehicles; and (2) knew, or should have known, that the vehicles they were insuring lacked immobilizers.

**SIXTH DEFENSE (SUPERIOR EQUITIES DOCTRINE)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the superior equities doctrine. The equities of the Subrogation Plaintiffs are inferior to those of Defendants because (1) third-party thieves, and not Defendants, were the primary cause of any Insureds' losses; (2) the Subrogation Plaintiffs received premiums to cover the well-known problem of automobile theft; (3) the Subrogation Plaintiffs had the ability to adjust premiums based on the presence or absence of an immobilizer (or other theft-protection features); and (4) the Subrogation Plaintiffs

had the ability to research theft rates when underwriting their policies, and may have had relevant theft-rate data in their possession at the time of underwriting.

### SEVENTH DEFENSE (LACK OF PRIVITY)

The Subrogation Plaintiffs' warranty claims are barred, in whole or in part, because the Insureds lacked privity with Defendants, as they did not purchase their vehicles directly from Defendants.

### EIGHTH DEFENSE (LACK OF NOTICE)

The Subrogation Plaintiffs' warranty claims are barred, in whole or in part, because the Insureds (or Subrogation Plaintiffs) did not provide notice of the Insureds' claims to Defendants before bringing suit.

### NINTH DEFENSE (EXPIRED WARRANTIES)

The Subrogation Plaintiffs' warranty claims are barred, in whole or in part, because any applicable written warranties had expired as of the applicable time.

### TENTH DEFENSE (SEPARATE LOSSES)

The Subrogation Plaintiffs' claims premised on misrepresentations or omissions are barred because the Subrogation Plaintiffs did not compensate the Insureds for any losses caused by Defendants' alleged misrepresentations or omissions.

### ELEVENTH DEFENSE (PREEMPTION)

The Subrogation Plaintiffs' claims are preempted by Federal Motor Vehicle Safety Standard 114 (49 C.F.R. § 571.114), which gives manufacturers the option to select any anti-theft technology meeting certain criteria, and with which Defendants complied.

### TWELFTH DEFENSE (NO FORESEEABILITY)

The Subrogation Plaintiffs' claims are barred, in whole or in part, because the increased theft rate of the vehicles due to a social media craze was not foreseeable to Defendants.

**THIRTEENTH DEFENSE (ECONOMIC LOSS RULE)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

**FOURTEENTH DEFENSE (STATUTE OF LIMITATIONS)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations for each Insured's claim.

**FIFTEENTH DEFENSE (INTERVENING ACTS/CAUSATION)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, because Defendants are not responsible for the intervening acts of the third-party thieves who stole or attempted to steal the vehicles.

**SIXTEENTH DEFENSE (RELEASE)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, to the extent the Insureds received compensation from Defendants for amounts the Subrogation Plaintiffs paid those Insureds, and the Subrogation Plaintiffs did not object to the payments by Defendants.

**SEVENTEENTH DEFENSE (COMPARATIVE NEGLIGENCE)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, due to the negligent conduct of others, including the Insureds.

**EIGHTEENTH DEFENSE (MADE WHOLE/CLAIM SPLITTING)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, to the extent the Insureds have not been made whole for their losses and/or to the extent the Insureds have pursued claims for loss in a separate action.

**NINETEENTH DEFENSE (VOLUNTARY PAYMENT)**

The Subrogation Plaintiffs' claims are barred, in whole or in part, to the extent they compensated the Insureds for amounts that were not covered by the applicable insurance policy.

**TWENTIETH DEFENSE (RESERVATION OF ADDITIONAL DEFENSES)**

Defendants hereby reserve the right to amend their Answer to raise additional defenses as they become available or apparent to Defendants through discovery in this matter or otherwise.

Dated: February 15, 2024

JENNER & BLOCK LLP

By: */s/ Peter J. Brennan*

Kate T. Spelman
Alice S. Kim
Madeline P. Skitzki
Jenna L. Conwisar
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199
KSpelman@jenner.com
AKim@jenner.com
MSkitzki@jenner.com
JConwisar@jenner.com

Peter J. Brennan (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:  +1 312 222 9350
Facsimile:   +1 312 527 0484s
PBrennan@jenner.com
MBrody@jenner.com

*Attorneys for Defendants*