QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendant Kia America, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>GOVERNMENTAL ENTITIES TRACK | Case No.: 8:22-ML-03052-JVS-KES<br><br>**ANSWER OF KIA AMERICA, INC. TO CONSOLIDATED GOVERNMENTAL ENTITIES COMPLAINT**<br><br>JURY DEMAND<br><br>Judge: Hon. James V. Selna |

Defendant Kia America, Inc. ("Defendant" or "KA") by and through its counsel, respectfully responds to the Consolidated Governmental Entities Complaint ("CGEC") as follows:

## I.    INTRODUCTION[1]

1.     Answering Paragraph 1, Hyundai Motor Corporation ("HMC") and Kia Corporation ("KC") have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.[2]  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC, HMC, or Hyundai Motor America ("HMA," and collectively with HMC "the Hyundai Defendants") and therefore denies them.  Answering further, Defendant responds that "inextricable link," "public safety," "sitting ducks," "simple," "massive," "public safety consequences," "coast to coast," "business decision," "standard anti-theft technology," "initial steps," "communities nationwide," "Defendants," and "crime wave" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it is a car manufacturer.  Answering further, Defendant admits that it has taken steps to discourage vehicle thefts.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Defendant denies GE Plaintiffs' ("Plaintiffs'") characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

---

[1]   This document adopts the headings of the CGEC only for the Court's ease of reference.  Defendant does not agree with or admit any statements alleged in the headings.

[2]   On September 8, 2023, the Parties jointly stipulated to dismiss Hyundai Motor Company ("HMC") and Kia Corporation ("KC") from this action without prejudice. *See* Dkt. 216, Stipulation re: Consolidated Governmental Entities Complaint.

2.      Answering Paragraph 2, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "largely," "most," "recent," and "glaring exception" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

3.      Answering Paragraph 3, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "long after," "ignored," "industry-standard practices," and "in the name of profit" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it designed or manufactured the listed vehicle models, but admits that Defendant distributed model years 2011 through 2022 of the Kia-branded vehicles listed in this Paragraph. Answering further, Defendant denies that all model years between 2011 and 2022 of the Kia-branded vehicles listed lacked engine immobilizers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Hyundai vehicle models, and therefore denies them.  Answering further, Defendant admits that the CGEC purportedly refers to the listed vehicle models as the "Susceptible Vehicles," but denies that characterization.  Answering further, Defendant denies Plaintiffs' characterization of

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

4.    Answering Paragraph 4, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "easy," "Hyundai's and Kia's business decisions," "boost profits," "common anti-theft technology," "rash of thefts," "crime wave," "significant impact," "law enforcement operations," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that there exist online videos demonstrating how to steal certain Hyundai and Kia vehicles, and that, in some instances, those videos appear to have involved the use of a USB cable.  Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

5.    Answering Paragraph 5, Defendant responds that "modern technology" and "most" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

6.    Answering Paragraph 6, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Answering further, Defendant responds that "Hyundai," "Kia," "unique," "most," "beyond them," and "public safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant responds that the allegations are vague as to time and therefore denies them. Answering further, Defendant denies that it is an automobile manufacturer. Answering further, Defendant responds that this Paragraph asserts a legal conclusion regarding Canadian and European laws and/or regulations, and therefore no response is required. To the extent a response is required, Defendant responds that the referenced laws and/or regulations speak for themselves. Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

7.    Answering Paragraph 7, Defendant denies that it is an automobile manufacturer. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Hyundai-branded vehicles, and therefore denies the allegation. Answering further, Defendant denies that for the 2015 model year, 26% of Kia-branded vehicles in the United States were equipped with engine immobilizers. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to vehicles from other manufacturers, and therefore denies the allegation. Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

8.    Answering Paragraph 8, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "Kia," "well-documented

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

benefit," and "higher end" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that all 2023 Kia-branded vehicles distributed in the United States were equipped with engine immobilizers. Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

9.     Answering Paragraph 9, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "Hyundai," "Kia," "public safety," "devastating," "industry-standard," "such technology," "floodgates," "crime sprees," and "public harm" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

10.     Answering Paragraph 10, Defendant responds that "[t]his epidemic," "nationwide," "[t]his trend," "crime wave," "coast to coast," and "pay the price" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to statistics reported by the Milwaukee Police Department, and therefore denies them. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

11.     Answering Paragraph 11, Defendant responds that "injuries," "increased violence," "reckless driving," "grave threat," "public safety" and "law enforcement

and emergency resources," and "deprives" are vague and ambiguous, and denies the allegations on that basis. Answering further, this Paragraph contains a legal conclusion regarding whether vehicle theft is a property crime, to which no response is required. To the extent a response is required, the laws of the Plaintiff cities speak for themselves. Answering further, Defendant admits that reckless driving can sometimes result in injuries and/or death. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them. Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

12.     Answering Paragraph 12, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "skyrocketing rate," "drastically impacted," "dangerous conditions," "Hyundai's," and "Kia's" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them. Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

13.     Answering Paragraph 13, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response

is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "could have been avoided," "industry-wide standards," and "equivalent anti-theft device" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

14.    Answering Paragraph 14, Defendant responds that "increased," "other harms," "public safety," and "growing burden" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## II.    JURISDICTION AND VENUE

### A.  Subject Matter Jurisdiction

15.    Answering Paragraph 15, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "multinational automakers" is vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that HMA and KA are headquartered in the State of California and that HMC and KC are headquartered in Seoul, South Korea. Answering further, this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

### B.  Personal Jurisdiction

16.    Answering Paragraph 16, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC and HMC, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required,  Defendant admits that HMA and KA are incorporated and headquartered in the State of California, and that HMA and KA have conducted business in the State of California and in the Central District of California.  All allegations in this Paragraph not specifically admitted are denied.

17.   Answering Paragraph 17, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant responds that "substantially controls" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**1.  HMC's and KC's Forum-Related Activities**

18.   Answering Paragraph 18, HMC has been dismissed as a defendant from this case, and therefore no response is required as to the allegations directed to HMC. Answering further, this Paragraph contains legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that HMC is a South-Korea based company, but states that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

19.    Answering Paragraph 19, HMC has been dismissed as a defendant from this case, and therefore no response is required.  Answering further, Defendant responds that "recent" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant states that the First Amended Complaint filed on November 21, 2018 in Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co., No. 2:17-cv-3010-JCM-GWF (D. Nev.), ECF No. 34, cited in footnote 5 of the CGEC, speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

20.    Answering Paragraph 20, HMC and KC have been dismissed as defendants from this case, and therefore no response is required.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the KC, and therefore denies them.  Answering further, this Paragraph is vague and ambiguous as to geographic location.  All allegations in this Paragraph not specifically admitted are denied.

21.    Answering Paragraph 21, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that HMA is a subsidiary of HMC and that KA is a subsidiary of KC, but denies that KC sold approximately 500 million vehicles per year in the United States through KA.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

22.    Answering Paragraph 22, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant is without

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant denies that it received over eight million of the Susceptible Vehicles from HMC or KC to sell in the United States.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

23.    Answering Paragraph 23, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the KC, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that engine immobilizers are not required by law to sell vehicles in the United States.  Answering further, Defendant responds that "passively" is vague and ambiguous and denies the allegation on that basis.  Defendant denies Plaintiffs' characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

24.    Answering Paragraph 24, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "instrumental roles," "analysis," and "decision-making processes" are vague and ambiguous, and therefore denies the allegations on that basis.  Answering further, HMA denies that it designs or manufactures vehicles sold in the United States.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

25.   Answering Paragraph 25, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "monitoring" and "reported" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that it is a subsidiary of KC and that HMA is a subsidiary of HMC.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**2.  HMC's and KC's Control Over Their Respective Subsidiaries**

26.   Answering Paragraph 26, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "exercise control" and "formal and informal means" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

27.   Answering Paragraph 27, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant admits that KC has the power to appoint board members to KA and has exercised this power.  Answering further, Defendant responds that it is without knowledge or information sufficient to

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

28.     Answering Paragraph 28, HMC and KC have been dismissed as defendants from this case, as to the allegations directed to HMC and KC, and therefore no response is required as to allegations directed to HMC or KC. Answering further, this Paragraph contains a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and KC, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

29.     Answering Paragraph 29, HMC has been dismissed as a defendant from this case, and therefore no response is required as to the allegations directed to HMC. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to HMC, and therefore denies them. To the extent Plaintiffs' allegations rely on the document cited in footnote 7 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

30.     Answering Paragraph 30, HMC has been dismissed as a defendant from this case, and therefore no response is required as to the allegations directed to HMC. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely on the document cited in footnote 8 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

31.     Answering Paragraph 31, KC has been dismissed as a defendant from the case, and therefore no response is required as to the allegations directed to KC. To the extent a response is required, Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of allegations directed to KC or the Hyundai Defendants, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

32. Answering Paragraph 32, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that "senior South Korean executives" and "regularly" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that KC employees have visited KA's California headquarters. Answering further, Defendant admits that HMA's and KA's headquarters are located in the Central District of California. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

33. Answering Paragraph 33, HMC has been dismissed as a defendant from this case, as to the allegations directed to HMC. To the extent a response is required, Defendant responds that "frequently" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

34. Answering Paragraph 34, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. To the extent a response is required, Defendant admits that SeongKyu (Sean) Yoo is the President and CEO of KA. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations directed to KC and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

35.     Answering Paragraph 35, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant responds that "control the public name and brand" is vague and ambiguous and denies the allegation on that basis.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

**C. Venue**

36.     Answering Paragraph 36, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that HMA and KA are headquartered in the Central District of California. Answering further, Defendant denies that it has research and development offices in the Central District of California.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

### III.   PARTIES

**D. Plaintiffs**

**1. Milwaukee, Wisconsin**

37.     Answering Paragraph 37, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**2. Madison, Wisconsin**

38.     Answering Paragraph 38, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**3. Green Bay, Wisconsin**

39.     Answering Paragraph 39, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**4. Columbus, Ohio**

40.     Answering Paragraph 40, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**5. Cleveland, Ohio**

41.     Answering Paragraph 41, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**6. Cincinnati, Ohio**

42.     Answering Paragraph 42, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**7.  Parma, Ohio**

43.     Answering Paragraph 43, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**8.  Baltimore, Maryland**

44.     Answering Paragraph 44, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**9.  Seattle, Washington**

45.     Answering Paragraph 45, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**10.  St. Louis, Missouri**

46.     Answering Paragraph 46, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**11.  Kansas City, Missouri**

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

47.     Answering Paragraph 47, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**12.  Buffalo, New York**

48.     Answering Paragraph 48, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**13.  Rochester, New York**

49.     Answering Paragraph 49, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**14.  New York, New York**

50.     Answering Paragraph 50, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**15.  Yonkers, New York**

51.     Answering Paragraph 51, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**16.  Tonawanda, New York**

52.     Answering Paragraph 52, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**17.  Indianapolis, Indiana**

53.     Answering Paragraph 53, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**E.  Defendants**

**1.  Hyundai Motor Company**

54.     Answering Paragraph 54, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant admits that HMC is headquartered in Seoul, South Korea.  Answering further, Defendant responds that "multinational automaker" and allegations that the "Hyundai Motor Group" "designs, manufactures, and distributes the Susceptible Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that HMC is the parent corporation of HMA and that both HMA and HMC, and KA and KC, are part of the Hyundai Motor Group, but denies that HMC, KC, KA, and HMA alone comprise the Hyundai Motor Group.  All allegations in this Paragraph not specifically admitted are denied.

**2.  Hyundai Motor America**

-18-

55.     Answering Paragraph 55, Defendant admits that HMA is headquartered in California.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**3.  Kia Corporation**

56.     Answering Paragraph 56, KC has been dismissed as a defendant from the case, and therefore no response is required as to allegations directed to KC.  Answering further, Defendant responds that "multinational automaker" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that KC is headquartered in Seoul, South Korea.  Answering further, Defendant admits that KC is the parent company of KA.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**4.  Kia America, Inc.**

57.     Answering Paragraph 57, Defendant denies that it designs, manufactures, or services new motor vehicles under the Kia brand in the United States.  Answering further, Defendant admits that it distributes Kia-brand vehicles in the United States.  Answering further, Defendant admits that it is incorporated and headquartered at 111 Peters Canyon Road, Irvine, California.  Answering further, Defendant admits that it distributes, markets, warrants, and oversees regulatory compliance and warranty claims through a network of over 700 dealers throughout the United States from its headquarters in California.  Answering further, Defendant denies that it leases vehicles.  Answering further, Defendant admits that it engages in business in California, but states that whether that business is "continuous and substantial" is a legal conclusion to which no response is required.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

## IV.   THE KIA HYUNDAI THEFT WAVE

### A.  Measures to Prevent Vehicle Thefts Have Existed for Over a Century

58.   Answering Paragraph 58, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

59.   Answering Paragraph 59, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs' allegations rely on the document cited in footnote 13 of the CGEC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

60.   Answering Paragraph 60, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

61.   Answering Paragraph 61, Defendant states that the paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

62.   Answering Paragraph 62, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs' allegations rely on the document cited in footnote 15 of the CGEC, the document speaks for itself. Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

63.   Answering Paragraph 63, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

that the National Traffic and Motor Vehicle Safety Act was passed in 1966.
Answering further, Defendant is without knowledge or information sufficient to form
a belief as to the truth or falsity of the remaining allegations in this Paragraph and
therefore denies them.  All allegations in this Paragraph not specifically admitted are
denied.

64.    Answering Paragraph 64, this Paragraph contains legal conclusions to
which no response is required.  To the extent a response is required, Defendant admits
that the National Highway Traffic Safety Administration ("NHTSA") has
promulgated numerous Federal Motor Vehicle Safety Standards ("FMVSS"),
including FMVSS 114.  Answering further, Defendant responds that the text of
FMVSS 114 speaks for itself.  All allegations in this Paragraph not specifically
admitted are denied.

65.    Answering Paragraph 65, this Paragraph contains legal conclusions to
which no response is required.  To the extent a response is required, Defendant is
without knowledge or information sufficient to form a belief as to the truth or falsity
of the allegations in this Paragraph and therefore denies them.  Answering further, to
the extent that Plaintiffs' allegations rely on the document cited in footnote 19 of the
CGEC, the document speaks for itself.  All allegations in this Paragraph not
specifically admitted are denied.

66.    Answering Paragraph 66, this Paragraph contains legal conclusions to
which no response is required.  To the extent a response is required, Defendant is
without knowledge or information sufficient to form a belief as to the truth or falsity
of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs'
allegations rely on the documents cited in footnotes 20, 21, and 22 of the CGEC, the
documents speak for themselves.  All allegations in this Paragraph not specifically
admitted are denied.

67.    Answering Paragraph 67, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to allegations

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that there is an ongoing public nuisance. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "industry-standard," "most effective," "rampant," and "public safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, to the extent Plaintiffs' allegations rely on the document cited in footnote 23 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

68. Answering Paragraph 68, Defendant responds that "increased dramatically," "dramatic," and "most common" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that the figure depicted in this Paragraph, which appears in the document cited in footnote 25 of the CGEC, speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

69. Answering Paragraph 69, Defendant responds that "this growing problem" is vague and ambiguous and denies the allegation on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely on the document cited in footnote 27 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

70. Answering Paragraph 70, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

71. Answering Paragraph 71, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely on the document cited in footnote 28 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

72. Answering Paragraph 72, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the laws and regulations of the European Union, Australia, New Zealand, and Canada speak for themselves. Answering further, Defendant responds that "successful" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

73. Answering Paragraph 73, Defendant responds that "industry standard" is vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely upon the document cited in footnote 30 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

74. Answering Paragraph 74, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely upon the document cited in footnote 31 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

75. Answering Paragraph 75, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

upon the documents cited in footnotes 32 and 33 of the CGEC, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

**B.  Hyundai and Kia Deviated from the Industry Standard by Electing Not to Include Immobilizers in the Susceptible Vehicles**

76.    Answering Paragraph 76, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs' allegations rely upon the documents cited in footnotes 34, 35, and 36 of the CGEC, the documents speak for themselves.  Answering further, Defendant responds that "decreased significantly" and "sometimes targeting" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

77.    Answering Paragraph 77, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to the Hyundai Defendants, and therefore denies them.  Answering further, Defendant denies that 26% of Kia 2015 vehicle models had passive immobilizers as standard equipment.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.  To the extent Plaintiffs' allegations rely upon the document cited in footnote 37 of the CGEC, the document speaks for itself.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant responds that "significantly reduced" and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

78.    Answering Paragraph 78, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

allegations directed to KC and the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "low," "this same time period," "Hyundai," and "Kia" are vague and ambiguous, and denies the allegations on that basis. Defendant further denies that KA installed immobilizers in vehicles for sale in the European and Canadian markets. Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

79.     Answering Paragraph 79, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "benefits of installing immobilizers in the American market," "Hyundai," and "efficacy" are vague and ambiguous, and denies the allegations on that basis. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant responds that the regulation cited by Plaintiffs in footnote 39 of the CGEC, and the Federal Register sections cited by Plaintiffs in footnote 40 of the CGEC, speak for themselves. Answering further, Defendant admits that places where stolen cars are disassembled so that their parts can be sold are sometimes known as "chop shops," and that in some cases, immobilizers can reduce vehicle theft. Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

80.     Answering Paragraph 80, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

allegations directed to KC and the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "unquestionable benefit," "Hyundai," "Kia," "more expensive," "higher end," and "harm" are vague and ambiguous, and denies the allegations on this basis. Defendant admits that an immobilizer was offered on certain model years of the Azera. Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

81.   Answering Paragraph 81, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely upon the document cited in footnote 42 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

82.   Answering Paragraph 82, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "simple," "highly effective," "vast majority," "nearly all," "epidemic," and "plaguing" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that the alleged circumstances experienced by the Plaintiffs were foreseeable and that Defendant's conduct "led to the epidemic plaguing Plaintiffs," and denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

**C. The Lack of Industry Standard Anti-Theft Devices in Most Hyundai and Kia Vehicles Has Led to a Wave of Thefts**

83.   Answering Paragraph 83, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "flout," "increased," "Kia," "Hyundai," "industry standard," "more susceptible," and "other models" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to the "relative" rates at which "other models" were stolen, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

84.    Answering Paragraph 84, Defendant responds that "this progression," "reckless driving," "unsecure," and "explosion" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that in late 2020, videos were posted online depicting thefts of Hyundai- and Kia-branded vehicles, and that in some instances the individuals posting such videos identified themselves as part of the "Kia Boyz."  Defendant further admits that some videos posted online depicted the breaking of a window, removal of the plastic cowl under a steering column, and use of a USB connector.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

85.    Answering Paragraph 85, Defendant responds that "unsecure," "all too predictable," "skyrocketed," "dramatic increase," "unique," "[t]his trend," and "nationwide" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore

denies them.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

### D.  Car Thefts Imperil Public Safety

86.    Answering Paragraph 86, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "public safety," "rash of car thefts," "substantial risk," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it created, facilitated, and/or otherwise contributed to a rash of car thefts, and denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

87.    Answering Paragraph 87, this Paragraph contains a legal conclusion to which no response is required.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs' allegations rely upon the document cited in footnotes 49, 50, and 51 of the CGEC, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

88.    Answering Paragraph 88, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "increase," "substantial decrease," "clear rise," "driven recklessly," "joyriding," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that reckless driving can pose a risk to operators of the vehicle, as well as other drivers or pedestrians, but denies that Defendant's conduct caused a rise in automobile thefts.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

89.    Answering Paragraph 89, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "rash of car thefts" and "public safety" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

90.    Answering Paragraph 90, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that "the comfortable enjoyment of life, health, and safety of others," "reckless," "recent wave," "joyriding," and "recklessly" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that certain online videos depict thefts of Hyundai- or Kia-branded vehicles, and that some of the videos depict incidents appearing to take place during the day, while others appear to take place at night.  Answering further, Defendant is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them, and denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

91.    Answering Paragraph 91, Defendant responds that "this dangerous conduct," "very real dangers," "this phenomenon," "joyriding," and "this phenomenon" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that certain videos posted on social media platforms appear to depict criminals driving through school zones and crowds of bystanders or hitting other cars.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

92.    Answering Paragraph 92, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiffs' allegations rely upon the document cited in footnote 56 of the CGEC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

93.    Answering Paragraph 93, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "substantial risk to public safety" is vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

94.    Answering Paragraph 94, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

responds that "[t]his risk" is vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

95.     Answering Paragraph 95, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "harm," "reckless driving," and "substantial risk" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**E. Car Thefts Drain Public Resources and Frustrate Public Policy**

96.     Answering Paragraph 96, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that there exists a public nuisance.  Answering further, Defendant responds that "significant time and resources" is vague and ambiguous and denies the allegation on that basis.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

97     Answering Paragraph 97, Defendant responds that "opportunity costs" and "significant" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

98.     Answering Paragraph 98, Defendant responds that "skyrocketing" and "nationwide" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that some insurance companies are refusing to

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

write policies for certain Kia models in major cities.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## V.   THE CONTINUING PUBLIC NUISANCE AND DEFENDANTS' LATE, INSUFFICIENT RESPONSE

99.   Answering Paragraph 99, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "rampant thefts" and "rise" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

100.   Answering Paragraph 100, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

101.   Answering Paragraph 101, Defendant responds that HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "prioritize profits over safety," "entirely effective," "used in connection with," and "are not set up" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that it has not initiated a recall of vehicles without engine immobilizers and has provided wheel locks free of charge to municipalities and consumers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

remaining allegations in this Paragraph, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

102.  Answering Paragraph 102, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "more recently" and "Hyundai and Kia" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that it has rolled out a software update for some vehicles without engine immobilizers, and that some vehicles without engine immobilizers are not eligible for the update.  Answering further, to the extent Plaintiffs' allegations rely upon the documents cited in footnotes 72 and 73 of the CGEC, those documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

103.  Answering Paragraph 103, the Consumer Class Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, Dkt. No. 166, dated July 20, 2023 speaks for itself.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

104.  Answering Paragraph 104, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Kia" and "Hyundai" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it created a nuisance.  Answering further, Defendant is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs' allegations rely upon the document cited in footnote 75 of the CGEC, the document speaks for itself.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

105.  Answering Paragraph 105, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "efficacy," "proven in the real world," "numerous reports," "Kia," "Hyundai," and "software logic fails" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that for those vehicles not covered by the software update that it is "offering nothing more than steering wheel locks, or rebates for already purchased wheel locks."  Answering further, Defendant denies that there is an "underlying safety flaw" for the steering wheel locks to correct. Answering further, Defendant also denies that offering consumers steering wheel locks "would impermissibly shift the responsibility for fixing this problem from the company to the individual vehicle owners."  Answering further, Defendant denies that it has received reports of vehicles being stolen after having received the software update in a manner the update was designed to address.  Answering further, to the extent Plaintiffs' allegations rely upon the documents cited in footnotes 77 or 78 of the CGEC, those documents speak for themselves.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

106.   Answering Paragraph 106, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to the Hyundai Defendants, and therefore denies them.   Answering further, Defendant denies that the software update "can significantly inconvenience the drivers" of the Hyundai-branded vehicles at issue.   Answering further, Defendant admits that the software update lengthens the burglar alarm and prevents the Engine Control Unit from allowing the engine to start and run if the key fob is not used to unlock the vehicle.   Answering further, Defendant denies that the update interferes with the usability of Kia-branded vehicles in everyday situations.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

107.   Answering Paragraph 107, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "significant issues," "starting system flaw," "vulnerable," and "public safety" are vague and ambiguous, and denies the allegations on that basis.   Defendant admits that certain Kia-branded vehicles without engine immobilizers are not presently eligible for  the software update, and that certain Attorneys General sent a letter dated April 20, 2023. Answering further, to the extent Plaintiffs rely on the documents cited in footnote 79, 80, and 81 of the CGEC, the documents speak for themselves.   Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

108.   Answering Paragraph 108, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   To the extent Plaintiff relies on the

document cited at Paragraph 108 of the CGEC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

109.   HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  Defendant denies the allegations therein.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "communities nationwide," "harmful downstream consequences," "Hyundai," "Kia," "business decisions," "paying the price," "widespread harms," "public health and safety," and "boost profits" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiffs' alleged injuries, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and denies them on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

110.   Answering Paragraph 110, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Hyundai," "crisis," "source of revenue," "Defendants," "could have," "should have," "industry standard," "chose to make money," and "crime wave" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it could have

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

implemented a mandatory recall.  Answering further, Defendant denies that it sold security kits for $170.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

111.  Answering Paragraph 111, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Hyundai," "Kia," "recent," and "susceptible to theft" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that it has not implemented a recall, but denies the characterization that a recall was mandatory.  All allegations in this Paragraph not specifically admitted are denied.

112.  Answering Paragraph 112, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "electing profits over safety, "industry standard," and "standard safety feature" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## VI.   IMPACTS ON PLAINTIFFS

### A.   Milwaukee, Wisconsin

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

113.   Answering Paragraph 113, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "surge" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

114.   Answering Paragraph 114, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

115.   Answering Paragraph 115, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

116.   Answering Paragraph 116, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

117.   Answering Paragraph 117, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "Kia and Hyundai" "crisis," "epidemic," and "meteoric rise" are vague and ambiguous and denies the allegations on that basis.  Defendants deny Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

118.   Answering Paragraph 118, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

119.   Answering Paragraph 119, Defendant responds that "rampant," "reckless driving," and "epidemic" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that the incident

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

described in this Paragraph occurred "as a result" of any conduct by Defendant. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

120.  Answering Paragraph 120, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

121.  Answering Paragraph 121, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs' allegation rely on the document cited in footnote 98 of the CGEC, the document speaks for itself. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "surge" and "significant property damage" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

122.  Answering Paragraph 122, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

123.  Answering Paragraph 123, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

124.  Answering Paragraph 124, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  To the extent a response is required, Defendant responds that

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

"Defendants," "first surging," "self-help," and "banding together" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant denies that it provided "no assistance" to Milwaukee.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

125. Answering Paragraph 125, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "substantial reduction," "surge," and "record high" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**B.    Madison, Wisconsin**

126. Answering Paragraph 126, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "impacted" and "skyrocketing" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

127. Answering Paragraph 127, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

128. Answering Paragraph 128, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs'

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

characterization of the facts in this Paragraph.    Answering further, Defendant responds that "surge" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

129.    Answering Paragraph 129, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.    Answering further, this Paragraph contains a legal conclusion to which no response is required.    To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.    Answering further, Defendant denies that it has taken no action, or that there is a nuisance.    Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Defendant denies Plaintiffs' characterization of the facts in this Paragraph.    Answering further, Defendant responds that "Defendants," "rampant thefts" is vague and ambiguous and denies the allegations on that basis.    All allegations in this Paragraph not specifically admitted are denied.

130.    Answering Paragraph 130, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.    Answering further, Defendant responds that "the phenomenon," "skyrocketing" and "extreme" are vague and ambiguous and denies the allegations on that basis.    Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

131.    Answering Paragraph 131, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

C.    **Green Bay, Wisconsin**

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

132. Answering Paragraph 132, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "surge" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

133. Answering Paragraph 133, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "increase" and "unique" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

134. Answering Paragraph 134, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "increased," "other crimes" and "driven recklessly" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

135. Answering Paragraph 135, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "surge," "more and more," "extreme driving," and "disastrous consequences" are vague and ambiguous and denies the allegations on that that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

**D.    Columbus, Ohio**

136. Answering Paragraph 136, Defendant responds that "significantly damaged" and "extremely vulnerable" are vague and ambiguous and denies the

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

allegation on that basis.   Defendant denies that Hyundai-branded vehicles are "extremely vulnerable."   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

137.   Answering Paragraph 137, Defendant responds that "crime-wave," "rise," "fueled," and "security flaws" are vague and ambiguous and denies the allegations on that basis.  Defendant admits that Columbus is in the Midwest, and that online trends publicized certain things about Kia and Hyundai vehicles, but denies that those vehicles have "security flaws."  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

138.   Answering Paragraph 138, Defendant denies that Hyundai-branded vehicles have "vulnerabilities."  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

139.   Answering Paragraph 139, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

140.   Answering Paragraph 140, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

141.   Answering Paragraph 141, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

142.   Answering Paragraph 142, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

143.   Answering Paragraph 143, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

144.   Answering Paragraph 144, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

145.   Answering paragraph 145, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "driving recklessly" is vague and ambiguous and denies the allegations on that that basis.

146.   Answering Paragraph 146, Defendant responds that allegations related to the existence of a "secondary market" are legal conclusions to which no response is required.   To the extent a response is required, Defendant responds that "secondary impacts," "raw 'theft only' data," "documented harm," "damages inherent,"

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

"secondary market," and "unsafe . . . vehicles," are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

147.   Answering Paragraph 147, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.    Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

148.   Answering Paragraph 148, Defendant denies that "[n]o one is being deterred" from stealing the vehicles at issue.  Answering further, Defendant responds that "Defendants," "more common," "as compared to," "market" and "second-highest level" are vague and ambiguous and denies the allegations.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

149.   Answering Paragraph 149, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

150.   Answering Paragraph 150, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

151.   Answering Paragraph 151, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that there is a nuisance.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

responds that "crime wave," "follow-up detective work," and "other pressing needs" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

152.   Answering Paragraph 152, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that there is a public nuisance.  Answering further, Defendant responds that "harm" is vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

**E.   Cleveland, Ohio**

153.   Answering Paragraph 153, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "considerable increase" is vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

154.   Answering Paragraph 154, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

155.   Answering Paragraph 155, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

156.   Answering Paragraph 156, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "surge" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

157. Answering Paragraph 157, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "[t]his phenomenon," "extreme," and "harmful incidents" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

158. Answering Paragraph 158, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

159. Answering Paragraph 159, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiffs' allegations rely on the document cited at footnote 159 of the CGEC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

160. Answering Paragraph 160, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

161. Answering Paragraph 161, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

**F.    Cincinnati, Ohio**

162. Answering Paragraph 162, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

163. Answering Paragraph 163, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

this Paragraph and therefore denies them. Answering further, Defendant responds that "this trend" and "historical norm" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

164. Answering Paragraph 164, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "skyrocket" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

165. Answering Paragraph 165, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "increased," "divert resources," "rash of thefts," and "spike" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

166. Answering Paragraph 166, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "substantial rise," "public safety," "reckless driving," and "other dangerous criminal conduct" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

167. Answering Paragraph 167, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

responds that "reckless driving" and "meteoric jump" are vague and ambiguous and denies the allegations on that that basis. All allegations in this Paragraph not specifically admitted are denied.

168. Answering Paragraph 168, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "[t]he phenomenon," "rampant," "extreme" and "injuries" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

169. Answering Paragraph 169, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

170. Answering Paragraph 170, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

171. Answering Paragraph 171, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

172. Answering Paragraph 172, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

173. Answering Paragraph 173, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

**G.     Parma, Ohio**

174. Answering Paragraph 174, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "surge" and "rash of thefts" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

175. Answering Paragraph 175, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "increased," "other crimes," "otherwise endangered the public," and "driven recklessly" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

176. Answering Paragraph 176, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

177. Answering Paragraph 177, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

178. Answering Paragraph 178, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "surge," "diverted," and "tremendous" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

179. Answering Paragraph 179, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

180. Answering Paragraph 180, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "extreme driving" and "disastrous consequences" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

181. Answering Paragraph 181, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

182. Answering Paragraph 182, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

183. Answering Paragraph 183, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

184. Answering Paragraph 184, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

**H.  Baltimore**

185. Answering Paragraph 185, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

186. Answering Paragraph 186, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

1  this Paragraph and therefore denies them.   Defendant denies Plaintiffs'
2  characterization of the facts in this Paragraph.

3      187.   Answering Paragraph 187, Defendant denies that Kia-branded vehicles
4  are "susceptib[le] . . . to theft."   Answering further, Defendant responds that
5  "susceptibility," "financial damages," and "significant increases" are vague and
6  ambiguous and denies the allegations on that basis.   Answering further, Defendant
7  admits that some insurers have increased their rates for motor vehicle insurance and
8  have refused coverage for some vehicles.   Defendant is without knowledge or
9  information sufficient to form a belief as to the truth or falsity of the remaining
10  allegations in this Paragraph, and therefore denies them.   Defendant denies Plaintiffs'
11  characterization of the facts in this Paragraph.   All allegations in this Paragraph not
12  specifically admitted are denied.

13      188.   Answering Paragraph 188, Defendant is without knowledge or
14  information sufficient to form a belief as to the truth or falsity of the allegations in
15  this Paragraph and therefore denies them.   Answering further, Defendant responds
16  that "increase" and "difficulty" are vague and ambiguous and denies the allegations
17  on that basis.   Answering further, Defendant admits that there has been a shortage of
18  replacement parts for some Kia-branded vehicles.   Defendant denies Plaintiffs'
19  characterization of the facts in this Paragraph.

20      189.   Answering Paragraph 189, Defendant responds that "increase," "serious
21  risk to personal health and safety," and "significant portion" are vague and ambiguous
22  and denies the allegations on that basis.   Answering further, Defendant is without
23  knowledge or information sufficient to form a belief as to the truth or falsity of the
24  allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs'
25  characterization of the facts in this Paragraph.

26      190.   Answering Paragraph 190, Defendant is without knowledge or
27  information sufficient to form a belief as to the truth or falsity of the allegations in
28  this Paragraph and therefore denies them.   Defendant denies Plaintiffs'

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

characterization of the facts in this Paragraph.   Answering further, Defendant responds that "significant costs" and "explosion" are vague and ambiguous and denies the allegations on that basis.

191.   Answering Paragraph 191, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

**I.      Seattle, Washington**

192.   Answering Paragraph 192, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "significant" and "surge" are vague and ambiguous and denies the allegations on that basis.

193.   Answering Paragraph 193, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "rapid increase" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

194.   Answering Paragraph 194, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "significant increase" is vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

195.   Answering Paragraph 195, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

196.   Answering Paragraph 196, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "surge" and "particularly hard" are vague and ambiguous and denies the allegations on that basis.

197.   Answering Paragraph 197, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant responds that "joyriding" and "other crimes" are vague and ambiguous and denies the allegations on that basis.

198.   Answering Paragraph 198, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

199.   Answering Paragraph 199, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant responds that "increase in threats to public safety" is vague and ambiguous and denies the allegations on that basis.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

**J.   St. Louis, Missouri**

200.   Answering Paragraph 200, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them.   Defendant denies

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "Defendants" and "serious public health and safety crisis" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

201. Answering Paragraph 201, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

202. Answering Paragraph 202, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

203. Answering Paragraph 203, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

204. Answering Paragraph 204, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

205. Answering Paragraph 205, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

206. Answering Paragraph 206, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

207. Answering Paragraph 207, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

208.   Answering Paragraph 208, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

209.   Answering Paragraph 209, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "joyride" and "significant" are vague and ambiguous and denies the allegations on that basis.

210.   Answering Paragraph 210, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

211.   Answering Paragraph 211, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

212.   Answering Paragraph 212, Defendant denies that Kia-branded vehicles are defective or that their alleged use by car thieves was foreseeable.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "substantial damage" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

213.   Answering Paragraph 213, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  Answering further, Defendant responds that "Defendants," "increased expenditure," and "significant manpower" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

214.  Answering Paragraph 214, Defendant responds that "inundated," "significant costs," and "processing" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that its vehicles are defective.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

215.  Answering Paragraph 215, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant responds that "Defendants," "ordinary expenditures," and "diverts" are vague and ambiguous and denies the allegations on that basis.

216.  Answering Paragraph 216, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, to the extent Plaintiffs' allegations rely on the document cited at footnote 159 of the CGEC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

**K.      Kansas City, Missouri**

217.  Answering Paragraph 217, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that Kansas City has directly or foreseeably sustained damages.  Answering further, Defendant responds that "Defendants," "serious public health and safety crisis," and "economic damages" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

218.     Answering Paragraph 218, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.      Defendant denies Plaintiffs' characterization of the facts in this Paragraph.      Answering further, Defendant responds that "dramatic surge" and "rapid pace" are vague and ambiguous and denies the allegations on that basis.

219.     Answering Paragraph 219,     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.      Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

220.     Answering Paragraph 220, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

221.     Answering Paragraph 221, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

222.     Answering Paragraph 222, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this Paragraph and therefore denies it.

223.     Answering Paragraph 223, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this Paragraph and therefore denies it.

**L.     Buffalo, New York**

224.     Answering Paragraph 224, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "unprecedented increase" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

225. Answering Paragraph 225, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "skyrocketing" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

226. Answering Paragraph 226, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

227. Answering Paragraph 227, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "surge" and "devastating" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

228. Answering Paragraph 228, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "serious injuries" is vague and ambiguous and denies the allegations on that basis.

**M.    Rochester, New York**

229. Answering Paragraph 229, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

230. Answering Paragraph 230, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

231. Answering Paragraph 231, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "rash," "dramatic rise," and "theft incidents" are vague and ambiguous and denies the allegations on that basis.

232. Answering Paragraph 232, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

233. Answering Paragraph 233, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

234. Answering Paragraph 234, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "[t]he phenomenon," "extreme," and "reckless incidents" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

235. Answering Paragraph 235, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, to the extent Plaintiffs' allegations rely on the document cited in footnote 169 of the CGEC, the document

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

speaks for itself.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

236.  Answering Paragraph 236, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, to the extent Plaintiffs' allegations rely on the documents cited at footnotes 171 and 172 of the CGEC, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

237.  Answering Paragraph 237, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, to the extent Plaintiffs' allegations rely on the document cited in footnote 173 of the CGEC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

238.  Answering Paragraph 238, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

**N.    New York, New York**

239.  Answering Paragraph 239, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

240.  Answering Paragraph 240, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

241.  Answering Paragraph 241, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs'

characterization of the facts in this Paragraph.  Answering further, Defendant responds that "grown exponentially," "most," and "significant amounts" are vague and ambiguous and denies the allegations on that basis.

242. Answering Paragraph 242, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, to the extent Plaintiffs' allegations rely on the document cited at footnote 175 of the CGEC, the document speaks for itself.  Answering further, Defendant responds that "recent," "significant harm," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

243. Answering Paragraph 243, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "skyrocket," "increase," and "significant" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

244. Answering Paragraph 244, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "disproportionate rate" and "recent months" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

245. Answering Paragraph 245, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

246.  Answering Paragraph 246, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

247.  Answering Paragraph 247, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant responds that "expending valuable time and resources," "reckless and dangerous drivers," and "facilitate or expedite recovery" are vague and ambiguous and denies the allegations on that that basis.

248.  Answering Paragraph 248, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies there is a public nuisance.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "Defendants," "public outreach," and "beyond normal policing costs" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**O.    Yonkers, New York**

249.  Answering Paragraph 249, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

250.  Answering Paragraph 250, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "surge" is vague and ambiguous and denies the allegations on that basis.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

251.   Answering Paragraph 251, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "rise," "rampant thefts," "tremendous," and "diverted" are vague and ambiguous and denies the allegations on that basis.

252.   Answering Paragraph 252, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "skyrocketed" is vague and ambiguous and denies the allegations on that basis.

**P.   Tonawanda, New York**

253.   Answering Paragraph 253, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "surge" is vague and ambiguous and denies the allegations on that basis.

254.   Answering Paragraph 254, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant responds that "increase" and "unique" are vague and ambiguous and denies the allegations on that basis.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

255.   Answering Paragraph 255, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant responds that "increased," "other crimes," "otherwise endangered the public," and "driven

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

recklessly" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

256. Answering Paragraph 256, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "surge," "extreme driving," and "disastrous consequences" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

257. Answering Paragraph 257, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "surge" is vague and ambiguous and denies the allegations on that basis.

258. Answering Paragraph 258,  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

**Q.     Indianapolis, Indiana**

259. Answering Paragraph 259, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

260. Answering Paragraph 260, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant responds that "meteoric rise" is vague and ambiguous and denies the allegations on that basis.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

261.   Answering Paragraph 261, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "public safety," "recklessly driving," and plague" are vague and ambiguous and denies the allegations on that basis.

262.   Answering Paragraph 262, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

## VII.   CAUSES OF ACTION

**A.   Claims under Wisconsin Law Brought by Milwaukee, Madison, and Green Bay**

**COUNT ONE — PUBLIC NUISANCE**

263.   Answering Paragraph 263, Defendant admits that Plaintiffs purport to incorporate the preceding paragraphs.   All allegations in this Paragraph not specifically admitted are denied.

264.   Answering Paragraph 264, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant admits that Plaintiffs purport to bring a claim under Wis. Stat. Ann. § 823.01 (West 2023) and common law, but deny that there is a public nuisance to be abated or that there are damages to be recovered.   All allegations in this Paragraph not specifically admitted are denied.

265.   Answering Paragraph 265, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

266.    Answering Paragraph 266, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.    Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "dangerously susceptible to theft," "substantially interferes," "significant effect," "public rights," "endangers," and "safety" are vague and ambiguous and further denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

267.  Answering Paragraph 267, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "conduct that interferes" and "peaceful use" are vague and ambiguous and denies the allegation on that basis.

268.    Answering Paragraph 268, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.    Answering further, this Paragraph contains legal conclusions to which no response is required.    Defendant denies Plaintiffs' characterization of the facts in this Paragraph.    Answering further, Defendant responds that "Defendants," "undermined," "diverted," and "scarce law enforcement resources" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

269.    Answering Paragraph 269, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.    Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. Defendant denies Plaintiffs' characterization of the

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

facts in this Paragraph.  Answering further, Defendant responds that "Defendants' conduct," "severe disruption," "public welfare, order, and safety," and "permanent and long-lasting damage" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

270.    Answering Paragraph 270, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants' conduct," "substantially interferes," and "reasonable access" are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

271.    Answering Paragraph 271, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "Defendants' conduct," "affected," "substantial number," and "significant harm" are vague and ambiguous, and denies the allegations on that basis.

272.    Answering Paragraph 272, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants' conduct" is vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

273.    Answering Paragraph 273, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "record rates," and "other violent crimes" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that it marketed and distributed Kia-branded vehicles.  Answering further, Defendant denies that it manufactured Hyundai- or Kia-branded vehicles.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

274.    Answering Paragraph 274, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "hazards and dangers," "public harm," "successfully," "significant deterrent," "effects" and "rate of car theft" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant responds that the allegations are vague as to time.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

275.    Answering Paragraph 275, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

1    Defendant denies the allegations.   Answering further, Defendant responds that
2    "Defendants," "their conduct," "increase," and "detrimental effect on the safety,
3    welfare, peace, comfort, and convenience of the general public" are vague and
4    ambiguous and denies the allegations on that basis.  All allegations in this Paragraph
5    not specifically admitted are denied.

6         276.    Answering Paragraph 276, HMC and KC have been dismissed as
7    defendants from this case, and therefore no response is required as to allegations
8    directed to HMC and KC.   Answering further, this Paragraph contains a legal
9    conclusion to which no response is required.  To the extent a response is required,
10   Defendant denies the allegation.   Answering further, Defendant responds that
11   "Defendants," "their conduct," "interference," "public safety," and "substantially
12   certain" are vague and ambiguous and denies the allegations on that basis.  Defendant
13   denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this
14   Paragraph not specifically admitted are denied.

15        277.    Answering Paragraph 277, HMC and KC have been dismissed as
16   defendants from this case, and therefore no response is required as to allegations
17   directed to HMC and KC.   Answering further, this Paragraph contains a legal
18   conclusion to which no response is required.  To the extent a response is required,
19   Defendant denies the allegations.   Answering further, Defendant responds that
20   "Defendants," "directly facilitated," and "rapid increase," are vague and ambiguous
21   and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization
22   of the facts in this Paragraph.   All allegations in this Paragraph not specifically
23   admitted are denied.

24        278.    Answering Paragraph 278, HMC and KC have been dismissed as
25   defendants from this case, and therefore no response is required as to allegations
26   directed to HMC and KC.   Answering further, this Paragraph contains a legal
27   conclusion to which no response is required.  To the extent a response is required,
28   Defendant denies the allegations.   Answering further, Defendant responds that

"Hyundai," "Kia," "could have avoided all this," "Defendants," "unreasonably," "what conduct,"  "their conduct," and "injuries, harms, and economic losses," are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

279.    Answering Paragraph 279, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "harms," "Defendants," "significant expenditures," "other services," "particular," and "different in kind and degree," are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

280.    Answering Paragraph 280, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "discrete event," "discrete emergency," and "ongoing services and resources beyond what a government would reasonably expect to provide," are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

281.    Answering Paragraph 281, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant admits that Plaintiffs request an order for relief, but denies that there is a public nuisance or that Plaintiffs are

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

1  entitled to the relief requested in this Paragraph.  All allegations in this Paragraph not
2  specifically admitted are denied.

3  **COUNT TWO – NEGLIGENCE**

4  282.   Answering Paragraph 282, Defendant admits that Plaintiffs purport to
5  incorporate the preceding paragraphs.   All allegations in this Paragraph not
6  specifically admitted are denied.

7  283.   Answering Paragraph 283, HMC and KC have been dismissed as
8  defendants from this case, and therefore no response is required as to allegations
9  directed to HMC and KC.   Answering further, this Paragraph contains legal
10 conclusions to which no response is required.  To the extent a response is required,
11 Defendant responds that "Defendants," "take all reasonable steps necessary," and
12 "unreasonably easy to steal" are vague and ambiguous, and denies the allegations on
13 that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.
14 All allegations in this Paragraph not specifically admitted are denied.

15 284.   Answering Paragraph 284, HMC and KC have been dismissed as
16 defendants from this case, and therefore no response is required as to allegations
17 directed to HMC and KC.   Answering further, this Paragraph contains a legal
18 conclusion to which no response is required.  Answering further, Defendant responds
19 that "Defendants" and "unreasonable risk of harm" are vague and ambiguous and
20 denies the allegations on that basis.  All allegations in this Paragraph not specifically
21 admitted are denied.

22 285.   Answering Paragraph 285, HMC and KC have been dismissed as
23 defendants from this case, and therefore no response is required as to allegations
24 directed to HMC and KC.   Answering further, this Paragraph contains a legal
25 conclusion to which no response is required.  To the extent a response is required,
26 Defendant denies the allegation.   Answering further, Defendant responds that
27 "Defendants," "increased risk," "should have known," "exercise of reasonable care,"
28 "hazards and dangers," and "public harm" are vague and ambiguous and denies the

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

286.    Answering Paragraph 286, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "injuries," "dangerous and unreasonable risk of injury," "rise," and "best position" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

287.    Answering Paragraph 287, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "injuries," "associated harms," "nearly all cars," "plague," "epidemic of thefts," and "other markets" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that it knew or had reason to know that the lack of engine immobilizers in certain Hyundai-branded vehicles could cause the Wisconsin Plaintiffs' alleged injuries, denies the lack of engine immobilizer did cause the Wisconsin Plaintiffs any cognizable injury, and denies that Defendant uses immobilizers in other markets.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

regarding other manufacturers' vehicles, and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

288.     Answering Paragraph 288, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "reasonable care," "act as a reasonably prudent person and/or company," and "industry-standard security measures" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it manufactures or produces vehicles. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

289.     Answering Paragraph 289, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, "Defendants," "in control," and "of the vehicles they distributed" are vague and ambiguous, and Defendant denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

290.     Answering Paragraph 290, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "should have known," "injuries," "reasonable care," "recognition" and

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

"effective deterrent" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it manufactures or sells vehicles. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

291. Answering Paragraph 291, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "failing to monitor . . . third-party misconduct," and "enabled such misconduct" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

292. Answering Paragraph 292, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "injuries, harm, and economic losses," and "unreasonably in light of what conduct could be foreseen as a result of their conduct" are vague and ambiguous, and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

293. Answering Paragraph 293, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "acts and omissions," and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis. Defendant denies Plaintiffs'

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

1   characterization of the facts in this Paragraph.  All allegations in this Paragraph not
2   specifically admitted are denied.

3       294.    Answering Paragraph 294, HMC and KC have been dismissed as
4   defendants from this case, and therefore no response is required as to allegations
5   directed to HMC and KC.  Answering further, this Paragraph contains a legal
6   conclusion to which no response is required.  To the extent a response is required,
7   Defendant denies the allegations.  Answering further, Defendant responds that
8   "Defendants" and "injuries, harms, and economic losses," are vague and ambiguous
9   and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization
10  of the facts in this Paragraph.

11      295.    Answering Paragraph 295, HMC and KC have been dismissed as
12  defendants from this case, and therefore no response is required as to allegations
13  directed to HMC and KC.  Answering further, this Paragraph contains a legal
14  conclusion to which no response is required.  To the extent a response is required,
15  Defendant denies the allegations.  Answering further, Defendant responds that
16  "Defendants" and "acts and omissions" are vague and ambiguous, and denies the
17  allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in
18  this Paragraph.

19      296.    Answering Paragraph 296, HMC and KC have been dismissed as
20  defendants from this case, and therefore no response is required as to allegations
21  directed to HMC and KC.  Answering further, this Paragraph contains a legal
22  conclusion to which no response is required.  To the extent a response is required,
23  Defendant denies the allegations.  Answering further, Defendant responds that
24  "Defendants," "reckless disregard," and "probable dangerous consequences" are
25  vague and ambiguous and denies the allegations on that basis.  Defendant denies
26  Plaintiffs' characterization of the facts in this Paragraph.

27      297.    Answering Paragraph 297, HMC and KC have been dismissed as
28  defendants from this case, and therefore no response is required as to allegations

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "reckless disregard," and "adopted" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

298.   Answering Paragraph 298, Defendant responds that "expenditures over and above their ordinary public services" is vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the Wisconsin GE Plaintiffs' alleged injuries, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

299.    Answering Paragraph 299, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant," "substantial factor," and "producing harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

300.    Answering Paragraph 300, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants," "reckless disregard," and "public safety" are vague and

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

301.    Answering Paragraph 301, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

**B.    Claims under Ohio Law Brought by Columbus, Cleveland, Cincinnati, and Parma**

**COUNT THREE — COMMON LAW ABSOLUTE PUBLIC NUISANCE**

302.    Answering Paragraph 302, Defendant admits that Plaintiffs purport to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

303.    Answering Paragraph 303, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "unreasonably," "significantly interfere," "interference," and "peace, comfort, convenience, health, welfare, and safety," are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

304.    Answering Paragraph 304, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

305.   Answering Paragraph 305, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.   Answering further, Defendant responds that "public health" and "public safety" are vague and ambiguous and denies the allegations on that basis.

306.   Answering Paragraph 306, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" and "safety, welfare, peace, comfort, and convenience of the general public" are vague and ambiguous and denies the allegation on that basis.

307.   Answering Paragraph 307, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "unsafe vehicles, "more vulnerable," "equivalent technology," "secondary market," "failed to abate either one and paying compensation for the same," and "future harm" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

308.   Answering Paragraph 308, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants' conduct," "severe disruption," "public order and safety," and "permanent and long-lasting damage" are vague and ambiguous and denies the allegation on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

309.   Answering Paragraph 309, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegation on that basis.

310.   Answering Paragraph 310, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant responds that "Defendants," "their conduct," "standard components," "effectiveness," "corresponding impact," "public safety," "higher end models," "increase," and "detrimental effect on the public welfare, safety, peace, comfort, and convenience" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

311.   Answering Paragraph 311, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Defendant denies the allegations.   Answering further, Defendant responds that "Defendants' conduct," "substantially interferes," "reasonable access," and "unlawful obstructions and impediments" are vague and ambiguous and denies the allegations on that basis.

312.   Answering Paragraph 312, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant denies that it had control over the design or manufacture of vehicles without immobilizers. Answering further, Defendant denies that it had the ability to implement a recall. Answering further, Defendant responds that "Defendants," "control over the . . . distribution of the Susceptible Vehicles to the Ohio Cities," and "maintain control over the conduct" are vague and ambiguous, and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

313.   Answering Paragraph 313, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants' actions" and "harm" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

314.   Answering Paragraph 314, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

denies them.  Answering further, Defendant responds that "Defendants," "special position . . . without Defendants' actions," "widespread," "enormous," and "public safety issues" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it acted intentionally or unreasonably. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

315.    Answering Paragraph 315, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them, and that Defendant denies the allegations directed to HMA.  Answering further, Defendant responds that "Defendants," "their conduct," "interfering," "interference," "public safety," "substantially certain," and "successfully" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

316.    Answering Paragraph 316, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "directly facilitated," and "rapid increase" is vague and ambiguous, and denies the allegations on that basis.

317.    Answering Paragraph 317, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

conclusion to which no response is required.  To the extent a response is required,
Defendant denies the allegations.  Answering further, Defendant responds that
"Defendants," "substantial," "unreasonable," "harm," "significant harms" and
"offsetting benefit" are vague and ambiguous and denies the allegations on that basis.
Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

318.    Answering Paragraph 318, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to allegations
directed to HMC and KC.  Answering further, this Paragraph contains a legal
conclusion to which no response is required.  To the extent a response is required,
Defendant denies the allegations.   Answering further, Defendant responds that
"Defendants' conduct," "economic damages, and "significant expenditures" are
vague and ambiguous and denies the allegations on that basis.  Defendant denies
Plaintiffs' characterization of the facts in this Paragraph.

319.    Answering Paragraph 319, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to allegations
directed to HMC and KC.  To the extent a response is required, Defendant responds
that it is without knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore
denies them.  Answering further, Defendant responds that "Hyundai," "Kia," and
"could have avoided all this" are vague and ambiguous and denies the allegation on
that basis.  Answering further, Defendant denies that it manufactures vehicles.  All
allegations in this Paragraph not specifically admitted are denied.

320.    Answering Paragraph 320, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to allegations
directed to HMC and KC.  To the extent a response is required, Defendant denies the
allegations.  Answering further, Defendant responds that "Defendants' conduct" and
"economic losses" are vague and ambiguous and denies the allegations on that basis.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

321.    Answering Paragraph 321, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to allegations
directed to HMC and KC.   Answering further, this Paragraph contains a legal
conclusion to which no response is required.   To the extent a response is required,
Defendant denies the allegations.   Answering further, Defendant responds that
"Defendants' conduct" is vague and ambiguous and denies the allegations on that
basis.

322.    Answering Paragraph 322, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to allegations
directed to HMC and KC.   Answering further, this Paragraph contains a legal
conclusion to which no response is required.   To the extent a response is required,
Defendant denies the allegations.   Answering further, Defendant responds that
"Defendants," "discrete event," "discrete emergency," and "ongoing services and
resources beyond what a government would reasonably expect to provide," are vague
and ambiguous, and denies the allegations on that basis.   Defendant denies Plaintiffs'
characterization of the facts in this Paragraph.   All allegations in this Paragraph not
specifically admitted are denied.

323.    Answering Paragraph 323, Defendant responds that "expenditures,"
"special programs," and "over and above their ordinary public services" are vague
and ambiguous and denies the allegations on that basis.   Answering further, Defendant
is without knowledge or information sufficient to form a belief as to the truth or falsity
of the allegations in this Paragraph and therefore denies them.   All allegations in this
Paragraph not specifically admitted are denied.

324.   Answering Paragraph 324, this Paragraph contains a legal conclusion to
which no response is required.   To the extent a response is required, Defendant
responds that "harms," "unique harms," and "different in kind and degree" are vague
and ambiguous and denies the allegations on that basis.   Answering further, Defendant
is without knowledge or information sufficient to form a belief as to the truth or falsity

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

of allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

325.    Answering Paragraph 325, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**COUNT FOUR — COMMON LAW QUALIFIED PUBLIC NUISANCE**

326.    Answering Paragraph 326, Defendant admits that Plaintiffs purport to incorporate the preceding paragraphs.   All allegations in this Paragraph not specifically admitted are denied.

327.    Answering Paragraph 327, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "reasonably prudent," "same position," "unreasonably," "significantly interfere," "interference," and "peace, comfort, convenience, health, welfare, and safety" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

328.    Answering Paragraph 328, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis.

329.   Answering Paragraph 329, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "unsafe vehicles, "more vulnerable," "equivalent technology," "secondary market," "failing to abate either one and paying compensation for the same," and "future harms" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

330.   Answering Paragraph 330, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "substantially interferes," "reasonable access," and "unlawful obstructions and impediments" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

331.  Answering Paragraph 331, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

332.   Answering Paragraph 332, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Defendant denies the allegations. Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis.

333. Answering Paragraph 333, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "safe," "reasonable care," and "industry-standard anti-theft measures" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

334. Answering Paragraph 334, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation. Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers," and "public harm" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

335. Answering Paragraph 335, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "should have known," "secondary market," and "unsafe . . . vehicles" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

336.   Answering Paragraph 336, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "bear the burden," "newly-created market," and "unsafe . . . vehicles" are vague and ambiguous and denies the allegation on that basis.   All allegations in this Paragraph not specifically admitted are denied.

337.   Answering Paragraph 337, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "injuries," and "dangerous and unreasonable risk of injury" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

338.   Answering Paragraph 338, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "reasonable care," "act as a reasonably prudent person and/or company," and "industry-standard security measures" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant denies that it manufactures or produced vehicles.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

339.   Answering Paragraph 339, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "substantial," "unreasonable," "significant harms," and "offsetting benefit" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

340.   Answering Paragraph 340, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants' conduct," "significant expenditures," and "other services" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant responds that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations related to their alleged injuries, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

341.   Answering Paragraph 341, Defendant responds that "Hyundai," "Kia," and "could have avoided all this" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

342.   Answering Paragraph 342, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to the Ohio GE Plaintiffs' alleged injuries, and therefore denies the allegations.  Answering further, Defendant responds that "Defendants' conduct"

-89-

and "economic losses" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

343.   Answering Paragraph 343, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis.

344.   Answering Paragraph 344, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "Defendants," "discrete event," "discrete emergency," and "ongoing services and resources beyond what a government would reasonably expect to provide" are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

345.   Answering Paragraph 345, Defendant responds that "expenditures," "special programs," and "over and above their ordinary public services" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

346.   Answering Paragraph 346, Defendant responds that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "harms," "unique harms," and "different in kind and degree" are vague and ambiguous and denies the allegations on that basis.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

347.    Answering Paragraph 347, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**COUNT FIVE — NEGLIGENCE**

348.    Answering Paragraph 348, Defendant admits that Plaintiffs purport to incorporate the preceding paragraphs.   All allegations in this Paragraph not specifically admitted are denied.

349.    Answering Paragraph 349, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "take all reasonable steps necessary," "unsafe vehicles, "vulnerable," "secondary market," and "equivalent technology," are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

350.    Answering Paragraph 350, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" and "unreasonable risk of harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

351.    Answering Paragraph 351, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

352.    Answering Paragraph 352, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "increased risk," "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers," and "public harm" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

353.    Answering Paragraph 353, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "should have known," "more vulnerable," "natural and probable consequence," "formally

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

unsuccessful attempts that would now become successful," "secondary market," and "unsafe . . . vehicles" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

354.   Answering Paragraph 354, Defendant responds that "bear the cost" is vague and ambiguous and denies the allegations on that basis. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

355.   Answering Paragraph 355, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "injuries," "exercise of reasonable care," "dangerous and unreasonable risk of injury," "rise," and "best position" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it knew or had reason to know that omitting engine immobilizers in some vehicle models could cause Plaintiffs' alleged injuries. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff has been injured, and therefore denies the allegations. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

356.   Answering Paragraph 356, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "injuries," "associated harms," "nearly all cars," "plague," "epidemic of thefts," and "other markets" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it knew or had reason to know that the lack of engine immobilizers in certain Hyundai-branded vehicles could cause the Ohio Plaintiffs' alleged injuries, denies the lack of engine immobilizer did cause the Ohio Plaintiffs any cognizable injury, and denies that Defendant uses immobilizers in other markets.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding other manufacturers' vehicles, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

357.    Answering Paragraph 357, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "reasonable care," "act as a reasonably prudent person and/or company," and "industry-standard security measures" are  vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures or produces vehicles.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

358.     Answering Paragraph 358, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.  Answering further, "Defendants," "in control" and "of the vehicles they distributed" are vague and ambiguous, and Defendant denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

359.     Answering Paragraph 359, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "should have known," "injuries," "reasonable care," "recognition" and "effective deterrent" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it manufactures or sells vehicles.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

360.     Answering Paragraph 360, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "failing to monitor . . . third-party misconduct," and "enabled such misconduct" are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

361.     Answering Paragraph 361, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations related to Plaintiffs' alleged injuries, harms, and economic losses, and therefore denies them. Answering further, Defendant responds that "Defendants," "unreasonably," "their conduct," and "injuries, harms, and economic losses," are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

362. Answering Paragraph 362, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "acts and omissions," and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

363. Answering Paragraph 363, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" and "injuries, harms, and economic losses" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Ohio GE Plaintiffs' alleged injuries, and therefore denies them. Answering further, Defendant denies that it acted negligently. Defendant

denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

364. Answering Paragraph 364, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant denies that it has committed wrongful acts or omissions, or that its conduct was the proximate cause of any of Plaintiffs' alleged injuries. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Ohio Plaintiffs' alleged injuries, and therefore denies them. Answering further, Defendant responds that "Defendants" and "acts and omissions" are vague and ambiguous, and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

365. Answering Paragraph 365, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "reckless disregard," and "probable dangerous consequences," are vague and ambiguous and denies the allegations on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

-97-

366.    Answering Paragraph 366, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant responds that "Defendants' conduct," "reckless disregard," "public safety," and "adopted" are vague and ambiguous and denies the allegation on that basis.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

367.    Answering Paragraph 367, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant responds that "Defendants," "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

368.    Answering Paragraph 368, Defendant responds that "Defendants," "expenditures," "over and above their ordinary public services" are vague and ambiguous and denies the allegation on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the Ohio Plaintiffs' alleged injuries, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

369.   Answering Paragraph 369, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant," "substantial factor" and "producing harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

370.   Answering Paragraph 370, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.   Answering further, Defendant responds that "Defendants," "reckless disregard," and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

371.   Answering Paragraph 371, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

372.   Answering Paragraph 372, Defendant admits that Plaintiffs purport to assert this claim under the common law of Ohio.   Answering further, Defendant admits that Plaintiffs purport to not seek damages for physical injury to person, emotional distress, or physical damage to property.   All allegations in this Paragraph not specifically admitted are denied.

**C.**   **Claims Brought under Ohio Law by Columbus**

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

## COUNT SIX — STATUTORY PUBLIC NUISANCE

373.    Answering Paragraph 373, Defendant admits that Plaintiff City of Columbus purports to bring a claim for statutory public nuisance.  All allegations in this Paragraph not specifically admitted are denied.

374.    Answering Paragraph 374, Defendant admits that Plaintiff City of Columbus purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

375.    Answering Paragraph 375, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  To the extent Plaintiffs' allegations rely on the Ohio Revised Code, the Code speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

376.    Answering Paragraph 376, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  To the extent Plaintiffs' allegation relies on the Columbus City Code, the Code speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

377.    Answering Paragraph 377, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant responds that "Kia," "Hyundai," "unprecedented," "surge," "unsafe vehicles," and "related harm," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures vehicles.  All allegations in this Paragraph not specifically admitted are denied.

378.   Answering Paragraph 378, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  To the extent Plaintiffs rely on the Revised Code of Ohio, the Code speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

379.   Answering Paragraph 379, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that "unique to itself and different in kind and degree," "dramatically increased expenditures," and "beyond the expenses otherwise reasonably expected to occur in the ordinary course," are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

380.   Answering Paragraph 380, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Kia" and "Hyundai" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**COUNT SEVEN — CIVIL LIABILITY**

381.    Answering Paragraph 381, Defendant admits that Plaintiff City of Columbus purports to bring a claim for civil liability.

382.    Answering Paragraph 382, Defendant admits that Plaintiff City of Columbus purports to re-allege the preceding allegations.

383.   Answering Paragraph 383, to the extent Plaintiff's allegations rely on the Ohio Revised Code, the Code speaks for itself.

384.   Answering Paragraph 384, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

385.   Answering Paragraph 385, to the extent Plaintiff's allegation relies on the Health, Sanitation and Safety Code, the Code speaks for itself.

386.   Answering Paragraph 386, to the extent Plaintiff's allegation relies on the Health, Sanitation and Safety Code, the Code speaks for itself.  Answering further,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

this Paragraph contains a legal conclusion to which on response is required.  To the extent a response is required, Defendant denies the allegations.

387.    Answering Paragraph 387, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Kia," "Hyundai," and "creating, contributing to, and suffering" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

388.   Answering Paragraph 388, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies there is a public nuisance. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to Plaintiff City of Columbus's alleged injuries, and therefore denies them.  Answering further, Defendant responds that "unique to itself and different in kind and degree," "dramatically increased expenditures," and "beyond the expenses otherwise reasonably expected to occur in the ordinary course" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

**D. Claims under Maryland Law Brought by Baltimore**

**COUNT EIGHTH – PUBLIC NUISANCE**

389.    Answering Paragraph 389, Defendant admits that Plaintiff City of Baltimore purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

390.   Answering Paragraph 390, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

391.    Answering Paragraph 391, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no responsive is required.   To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant responds that "Defendants," "created a condition," "harmful to human health," and "comfortable enjoyment" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

392.    Answering Paragraph 392, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   Answering further, Defendant responds that "Defendants," "unreasonable and substantial interference," and "ongoing and continuing" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the alleged injuries incurred by Plaintiff Baltimore and its residents, and therefore denies the allegations. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

393.    Answering Paragraph 393, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   Answering further, Defendant responds that "Defendants," "affected," "substantial number," "created a condition" and "significant risk" is vague and ambiguous and denies the allegation on that basis. Answering further, Defendant responds that it is without knowledge or information

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

sufficient to form a belief as to the truth or falsity of the allegations relating to the
alleged injuries incurred by Plaintiff Baltimore and its residents, and therefore denies
the allegations.  All allegations in this Paragraph not specifically admitted are denied.

394.    Answering Paragraph 394, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to allegations
directed to HMC and KC.   Answering further, this Paragraph contains a legal
conclusion to which no response is required.  Answering further, Defendant responds
that "adequate anti-theft devices" and "industry standards" are vague and ambiguous
and denies the allegations on that basis.   All allegations in this Paragraph not
specifically admitted are denied.

395.   Answering Paragraph 395, this Paragraph contains a legal conclusion to
which no response is required.   To the extent a response is required, Defendant
responds that "social utility and/or benefit," "Defendants," "deficient vehicles," and
"gravity of the harm" are vague and ambiguous and denies the allegations on that
basis.   Answering further, answering further, Defendant lacks knowledge or
information sufficient to form a belief as to the truth or falsity of the allegations related
to Plaintiff Baltimore's alleged harms and therefore denies them.  All allegations in
this Paragraph not specifically admitted are denied.

396.   Answering Paragraph 396, this Paragraph contains a legal conclusion to
which no response is required.  To the extent a response is required, Defendant denies
the allegation.  Answering further, Defendant responds that "Defendants' conduct" is
vague and ambiguous and denies the allegations on that basis.  All allegations in this
Paragraph not specifically admitted are denied.

397.    Answering Paragraph 397, Defendant responds that "Defendants,"
"deficient vehicles," "harm" and "costs and losses different of a kind and degree" are
vague and ambiguous and denies the allegations on that basis.  Answering further,
Defendant is without knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations in this Paragraph and therefore denies

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

398.    Answering Paragraph 398, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to Plaintiff Baltimore's alleged injuries, and therefore denies them.  Answering further, Defendant responds that "Defendants' conduct," "substantial factor" and "harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

399.    Answering Paragraph 399, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants' conduct" and "reckless" are vague and ambiguous and denies the allegations on that that basis.  All allegations in this Paragraph not specifically admitted are denied.

**E. Claims under Washington Law Brought By Seattle**

**COUNT NINE – STATUTORY PUBLIC NUISANCE**

400.  Answering Paragraph 400, Defendant admits that Plaintiff City of Seattle purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

401.  Answering Paragraph 401, Defendant admits that Plaintiff City of Seattle purports to bring a claim under Wash. Rev. Code Ann § 7.48.010 et seq. (Wash 2023)

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

and common law.  Defendant denies there is a public nuisance.  All allegations in this Paragraph not specifically admitted are denied.

402.   Answering Paragraph 402, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.   To the extent Plaintiff City of Seattle's allegation relies on the Washington Revised Code, the Code speaks for itself.   All allegations in this Paragraph not specifically admitted are denied.

403.   Answering Paragraph 403, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.   To the extent Plaintiff City of Seattle's allegation relies on the Washington Revised Code, the Code speaks for itself.   All allegations in this Paragraph not specifically admitted are denied.

404.   Answering Paragraph 404, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.   To the extent Plaintiff City of Seattle's allegation relies on the Washington Revised Code, the Code speaks for itself.   All allegations in this Paragraph not specifically admitted are denied.

405.   Answering Paragraph 405, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

406.   Answering Paragraph 406, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "acts and omissions," "substantial annoyance, inconvenience, and injury," and "substantially, unreasonably, and injuriously interfered" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

407.   Answering Paragraph 407, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "public safety" is vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

408.   Answering Paragraph 408, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants' conduct," "substantial disruption," "public health, order, and safety," and "permanent and long-lasting damage" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

409.   Answering Paragraph 409, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "harm," "substantial," "unreasonable," and "widespread" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant

denies Plaintiff City of Seattle's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

410.    Answering Paragraph 410, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  All allegations in this Paragraph not specifically admitted are denied.  Answering further, Defendant responds that "Defendants' conduct," "substantially," "interfered," "interfere," "reasonable access," and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

411.    Answering Paragraph 411, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  To the extent Plaintiffs' allegation relies on the Washington Revised Code, the Code speaks for itself.  Answering further, Defendant responds that "Defendants' conduct" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

412.    Answering Paragraph 412, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegation.   Answering further, Defendant responds that "Defendants' conduct," "significant harm," "affected" and "substantial number" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

413.     Answering Paragraph 413, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegation.   Answering further, Defendant responds that "Defendants' conduct," "industry standards," and "tremendous increase" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff City of Seattle's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied..

414.     Answering Paragraph 414, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Seattle has spent significant resources responding to vehicle thefts, and therefore denies the allegation.   Answering further, Defendant responds that "Defendants' conduct," "significant resources," "industry standard," "safety and wellbeing," "interference," "harmed," and "property interests" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

415.     Answering Paragraph 415, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegation.   Answering further, Defendant responds that "Defendants," "their conduct," "interfering," "interference," "public safety," "substantially certain," and "successfully" are vague and ambiguous and denies the

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

allegations on that basis.  Answering further, Defendant denies Plaintiff City of Seattle's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

416.    Answering Paragraph 416, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant denies Plaintiff City of Seattle's characterization of the facts in this Paragraph.  Answering further. Defendant responds that "Defendants," "directly facilitated" and "rapid increase," are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

417.    Answering Paragraph 417, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  Answering further, Defendant denies that it created a public nuisance or substantially contributed to the creation of a public nuisance.  Answering further, Defendant denies Plaintiff City of Seattle's characterization of the facts in this Paragraph.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.    Answering further, Defendant responds that "Defendants," "substantially contributed," "interfering," and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

418.     Answering Paragraph 418, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant denies that its conduct caused harm to Plaintiff Seattle.   Answering further, Defendant responds that "Defendants' conduct," "significant increase," "harm," "policing efforts," "public outreach," "education," and "public safety," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff City of Seattle's alleged injuries, and therefore denies them.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

419.     Answering Paragraph 419, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Defendant denies it created or assisted in the creation of a public nuisance, and denies that Plaintiffs are entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**F. Claims Brought under Missouri Law Brought by St. Louis and Kansas City**
**COUNT 10 – PUBLIC NUISANCE**

420.     Answering Paragraph 420, Defendant admits that Missouri Plaintiffs purport to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

421.     Answering Paragraph 421, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Defendant denies the allegation.  Answering further, Defendant responds that "each Defendant" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

422.    Answering Paragraph 422, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.    Answering  further,  Defendant  responds  that  "each  Defendant," "significant interference," "public health," "public safety," "public peace," and "public comfort" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

423.    Answering Paragraph 423, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed  to  HMC  and  KC.    Answering  further,  this  Paragraph  contains  legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.  Answering further, Defendant responds that "each Defendant's conduct," "crisis," and "significant effect" are vague and ambiguous and denies the allegations on that basis.

424.    Answering Paragraph 424, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed  to  HMC  and  KC.  Answering  further,  this  Paragraph  contains  legal conclusions to which no response is required.  To the extent a response is required, Defendant  denies  the  allegations.    Answering  further,  Defendant  responds  that "Defendants," "interference," "public safety," "public peace," "public welfare" and

1 "significant harm" are vague and ambiguous and denies the allegations on that basis.
2 All allegations in this Paragraph not specifically admitted are denied.

3     425.     Answering Paragraph 425, HMC and KC have been dismissed as
4 defendants from this case, and therefore no response is required as to allegations
5 directed to HMC and KC.  Answering further, this Paragraph contains a legal
6 conclusion to which no response is required.  To the extent a response is required,
7 Defendant denies the allegations.  Answering further, "Defendants," "in control" and
8 "of the vehicles they distributed" are vague and ambiguous, and Defendant denies the
9 allegations on that basis.  All allegations in this Paragraph not specifically admitted
10 are denied.

11     426.     Answering Paragraph 426, HMC and KC have been dismissed as
12 defendants from this case, and therefore no response is required as to allegations
13 directed to HMC and KC.  To the extent a response is required, Defendant responds
14 that it is without knowledge or information sufficient to form a belief as to the truth
15 or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore
16 denies them.  Answering further, this Paragraph contains a legal conclusion to which
17 no response is required.  To the extent a response is required, Defendant denies the
18 allegation.  Answering further, Defendant denies there is a nuisance.  Answering
19 further, responds that "each Defendant," "in control," "could immobilize a vehicle"
20 and "such technology" are vague and ambiguous, and Defendant denies the allegation
21 on that basis.  Answering further, Defendant denies Missouri Plaintiffs'
22 characterization of the facts in this Paragraph.  Answering further, Defendant denies
23 that it has control over Kia vehicles after they have been sold.  All allegations in this
24 Paragraph not specifically admitted are denied.

25     427.     Answering Paragraph 427, HMC and KC have been dismissed as
26 defendants from this case, and therefore no response is required as to allegations
27 directed to HMC and KC.  Answering further, this Paragraph contains legal
28 conclusions to which no response is required.  To the extent a response is required,

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant," "substantially certain," "significant harm," and "substantial factor" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

428.   Answering Paragraph 428, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant's conduct," "unreasonable" and "gravity of the harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

429.   Answering Paragraph 429, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant" and "unreasonable conduct" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

430.   Answering Paragraph 430, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  Answering further, Defendant responds that "each Defendant's conduct" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**COUNT ELEVEN – NEGLIGENCE**

431.    Answering Paragraph 431, Defendant admits that Missouri Plaintiffs purport to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

432.    Answering Paragraph 432, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "Defendants" and "reasonable care" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

433.    Answering Paragraph 433, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

434.   Answering Paragraph 434, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "public safety" is vague and ambiguous and denies the allegations on that basis.

435.    Answering Paragraph 435, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

"Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

436.    Answering Paragraph 436, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "acts and omissions" and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

437.    Answering Paragraph 437, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

**COUNT TWELVE – UNJUST ENRICHMENT**

438.    Answering Paragraph 438, Defendant admits that Missouri Plaintiffs purport to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

439.    Answering Paragraph 439, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant denies Missouri Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant denies the allegations.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant responds that "Defendants" is vague and

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

440.   Answering Paragraph 440, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

441.   Answering Paragraph 441, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegation.   Answering further, Defendant responds that "Defendants' conduct," "increase," "substantial amounts" and "harms" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

442.   Answering Paragraph 442, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies it.  Answering further, Defendant responds that "expenditures," "public safety," and "epidemic" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

443.   Answering Paragraph 443, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, Defendant responds that "expenditures" is vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Missouri Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

444.     Answering Paragraph 444, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "conferred a benefit," "externalities" and "harms" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

445.     Answering Paragraph 445, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, Defendant denies Missouri Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant denies the allegations.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

446.     Answering Paragraph 446, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

447.     Answering Paragraph 447, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegation.   Answering further, Defendant responds that

"Defendants" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

448. Answering Paragraph 448, Defendant denies that Missouri Plaintiffs are entitled to the relief requested in this Paragraph. Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.

**G. Claims Brought under Kansas City Ordinance by Kansas City**

**COUNT THIRTEEN – VIOLATION OF CITY ORDINANCE ARTICLE IX – CONSUMER PROTECTION**

449. Answering Paragraphs 449, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

450. Answering Paragraph 450, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

451. Answering Paragraph 451, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

452. Answering Paragraph 452, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

453. Answering Paragraph 453, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

454. Answering Paragraph 454, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

455.    Answering Paragraph 455, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

456.    Answering Paragraph 456, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

457.    Answering Paragraph 457, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

458.    Answering Paragraph 458, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

459.    Answering Paragraph 459, this Paragraph makes allegations and addresses claims dismissed by the Court on November 17, 2023, and thus no response is required, and Defendant denies the allegations on that ground. *See* Dkt. No. 270.

**H. Claims Under New York Law Brought by Buffalo, Rochester, New York City, Yonkers, and Tonawanda**

**COUNT FOURTEEN – PUBLIC NUISANCE**

460.    Answering Paragraph 460, Defendant admits that New York Plaintiffs purport to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

461.    Answering Paragraph 461, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "dangerously susceptible to theft" and "substantially interferes" are

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

vague and ambiguous and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

462. Answering Paragraph 462, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

463. Answering Paragraph 463, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

464. Answering Paragraph 464, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "undermined," "diverted," and "scarce law enforcement resources" are vague and ambiguous and denies the allegation on that basis.

465. Answering Paragraph 465, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant admits that it marketed and distributed vehicles without engine immobilizers. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the rate at which Kia vehicles are being stolen, and therefore denies the allegation that Kia vehicles are being stolen at "record rates." Answering further, "Defendants" and "record rates" are vague and ambiguous, and Defendant denies the allegation on that basis. Answering further, the allegation that Kia vehicles are used in the commission of

"violent crimes" is vague and ambiguous, and Defendant denies the allegation on that basis. All allegations in this paragraph not specifically admitted are denied.

466. Answering Paragraph 466, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant denies New York Plaintiffs' characterization of the facts in this Paragraph. Answering further, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "increased risk," "hazards and dangers," "successfully," "considerable deterrent effects" and "public harms" are vague and ambiguous and denies the allegation on that basis. All allegations in this paragraph not specifically admitted are denied.

467. Answering Paragraph 467, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "their conduct," "increase," and "detrimental effect on the safety, welfare, peace, comfort, and convenience of the general public" are vague and ambiguous and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

468. Answering Paragraph 468, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant responds that "Defendants," "business practices," "significant increase," "reckless driving," "peaceful use," "undermining law enforcement efforts," "diverting law enforcement resources," and "interfering with commerce, travel, and the quality of daily life," are vague and ambiguous and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

469.     Answering Paragraph 469, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

470.     Answering Paragraph 470, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants' conduct," "significant expenditures for police and other services," "economic losses," "particular," and "different in kind to the harms suffered" are vague and ambiguous and denies the allegation on that basis.   All allegations in this Paragraph not specifically admitted are denied.

471.     Answering Paragraph 471, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   To the extent a response is required, Defendant responds that "Defendants," "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

472.     Answering Paragraph 472, Defendant responds that "expenditures," "over and above their ordinary public services" are vague and ambiguous and denies

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to the New York Plaintiffs' alleged injuries, and therefore denies them.  Answering further, Defendant denies that its actions created a public nuisance.  Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

473.   Answering Paragraph 473, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant denies it created or assisted in the creation of a public nuisance, and denies that New York Plaintiffs are entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants" and "economic losses" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

474.   Answering Paragraph 474, Defendant admits that New York Plaintiffs purport to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

475.   Answering Paragraph 475, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that "Defendants," "take all reasonable steps necessary," and "so easy to steal" are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

476.   Answering Paragraph 476, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" and "unreasonable risk of harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

477.    Answering Paragraph 477, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response required.  To the extent a response is required, Defendant responds that "preexisting" is vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

478.    Answering Paragraph 478, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers" and "public harm" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

479.    Answering Paragraph 479, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

New York Plaintiffs' characterization of the facts in this Paragraph.  Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "injuries," "dangerous and unreasonable risk of injury," "rise," and "best position" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

480.    Answering Paragraph 480, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "injuries," "associated harms," "nearly all cars," "plague," "epidemic of thefts," and "other markets" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that it knew or had reason to know that the lack of engine immobilizers in certain Hyundai-branded vehicles could cause the New York Plaintiffs' alleged injuries, denies the lack of engine immobilizer did cause the New York Plaintiffs any cognizable injury, and denies that Defendant uses immobilizers in other markets.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding other manufacturers' vehicles, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

481.    Answering Paragraph 481, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "reasonable care," "act as a reasonably prudent person and/or company," and "industry-standard security measures" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

482.    Answering Paragraph 482, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, "Defendants," "in control" and "of the vehicles they distributed" are vague and ambiguous, and Defendant denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

483.    Answering Paragraph 483, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "should have known," "injuries," "reasonable care," "recognition" and "effective deterrent" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it manufactures or sells vehicles.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

484.    Answering Paragraph 484, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "failing to monitor . . . third-party misconduct" and "enabled such misconduct" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

485.   Answering Paragraph 485, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations related to Plaintiffs' alleged injuries, harms, and economic losses, and therefore denies them.   Answering  further,  Defendant  responds  that  "Defendants,"  "their conduct," and "injuries, harms, and economic losses," are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

486.   Answering Paragraph 486, Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "acts and omissions" and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

487.   Answering Paragraph 487, HMC and KC have been dismissed as defendants  from  this  case.   Answering  further,  this  Paragraph  contains  legal conclusions to which no response is required.  To the extent a response is required, Defendant  denies  the  allegations.   Answering  further,  Defendant  responds  that

"Defendants," "injuries, harms, and economic losses," is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

488.    Answering Paragraph 488, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" is vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

489.    Answering Paragraph 489, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "reckless disregard," and "probable dangerous consequences" are vague and ambiguous, and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

490.    Answering Paragraph 490, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants' conduct," "reckless disregard," "public safety," and "adopted" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

491.    Answering Paragraph 491, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   To the extent a response is required, Defendant responds that "Defendants," "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

492.   Answering Paragraph 492, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, Defendant denies that it acted negligently or that its negligence caused Plaintiffs' alleged injuries.   Answering further, Defendant responds that "Defendants" and "expenditures over and above their ordinary public services" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

493.   Answering Paragraph 493, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant," "substantial factor," and "producing harm" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

494.   Answering Paragraph 494, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiffs

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

are entitled to the relief requested.  Answering further, Defendant responds that "Defendants" and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

495.    Answering Paragraph 495, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

**I. Claims under Indiana Law Brought by Indianapolis**

**Count SIXTEEN – PUBLIC NUISANCE**

496.    Answering Paragraph 496, Defendant admits that Plaintiff City of Indianapolis purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

497.   Answering Paragraph 497, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

498.   Answering Paragraph 498, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, to the extent the allegation relies on the Annotated Code of Indiana, the Code speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

499.   Answering Paragraph 499, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.  Answering further, to the extent Plaintiff City of Indianapolis's

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

allegation relies on the document cited in footnote 21 of the CGEC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

500.   Answering Paragraph 500, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Defendant responds that "Defendants," "dangerously susceptible to theft" and "substantially interferes" are vague and ambiguous and denies the allegation on that basis.  Defendant also denies Plaintiffs' characterization of the facts in this paragraph.  All allegations in this Paragraph not specifically admitted are denied.

501.   Answering Paragraph 501, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, Defendant denies the allegations. Defendant responds that "Defendants' conduct" and "safety, health, and comfort of the general public" are vague and ambiguous and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

502.   Answering Paragraph 502, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, Defendant denies the allegations. Defendant also denies Plaintiffs' characterization of the facts in this paragraph. Defendant responds that "Defendants' conduct," "undermined," "diverted," and "scarce law enforcement resources" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

503.   Answering Paragraph 503, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant responds that "Defendants,"

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

"record rates," and "other violent crimes" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that it marketed, and distributed Hyundai-branded vehicles.  Answering further, Defendant denies that it manufactured Hyundai- or Kia-branded vehicles.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

504.    Answering Paragraph 504, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant denies the allegations.  Defendant responds that "Defendants," "increased risk," "hazards and dangers," "successfully," "considerable deterrent effects" and "public harm" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

505.    Answering Paragraph 505, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, Defendant denies the allegations.  Defendant responds that "Defendants," "their conduct," "increase," and "detrimental effect on the safety, welfare, peace, comfort, and convenience of the general public" are vague and ambiguous and denies the allegation on that basis.  Defendant denies Plaintiffs' characterization of the facts in this paragraph.  All allegations in this Paragraph not specifically admitted are denied.

506.    Answering Paragraph 506, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

truth or falsity of the allegations in this Paragraph, and therefore denies them. Defendant responds that "Defendants," "significant increase," "reckless driving," "safety, health, and welfare," "peaceful use," "undermining law enforcement efforts," "diverting law enforcement resources" and "interfering with commerce, travel, and the quality of daily life" are vague and ambiguous and denies the allegation on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

507.    Answering Paragraph 507, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant denies the allegations.   Defendant responds that "Defendants" and "substantially interfere" are vague and ambiguous and denies the allegation on that basis.   All allegations in this Paragraph not specifically admitted are denied.

508.    Answering Paragraph 508, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   To the extent a response is required, Defendant denies the allegations.   Defendant denies Plaintiffs' characterization of the facts in this paragraph.   Defendant responds that "Defendants' conduct," "significant expenditures for police, emergency, health, and other services," "economic losses," "particular," and "different in kind to the harms suffered" are vague and ambiguous and denies the allegation on that basis.   All allegations in this Paragraph not specifically admitted are denied.

509.    Answering Paragraph 509, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations

directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

510.   Answering Paragraph 510, Defendant responds that "expenditures over and above its ordinary public services" is vague and ambiguous, and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

511.   Answering Paragraph 511, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that it has created or assisted in the creation of a public nuisance. Defendant denies also that Plaintiff Indianapolis is entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants" and "economic losses" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

512.   Answering Paragraph 512, Defendant admits that Plaintiffs purport to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

513.     Answering Paragraph 513, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant responds that "Defendants," "take all reasonable steps necessary," and "so easy to steal" are vague and ambiguous, and denies the allegation on that basis. Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

514.     Answering Paragraph 514, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Defendant responds that "Defendants" and "unreasonable risk of harm" are vague and ambiguous, and denies the allegation on that basis.   All allegations in this Paragraph not specifically admitted are denied.

515.     Answering Paragraph 515, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.    Answering further, Defendant responds that "increased risk," "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers" and "public harm" are vague and ambiguous and denies the allegations on that basis.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

516.    Answering Paragraph 516, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "injuries," "dangerous and unreasonable risk of injury," "rise," and "best position" are vague and ambiguous and denies the allegation on that basis.   Defendant denies Plaintiffs' characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

517.    Answering Paragraph 517, Defendants HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant responds that "Defendants," "injuries," "associated harms," "nearly all cars," "plague," "epidemic of thefts," and "other markets" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant denies that it knew or had reason to know that the lack of engine immobilizers in certain Hyundai-branded vehicles could cause Plaintiff Indianapolis's alleged injuries, denies the lack of engine immobilizer did cause Plaintiff Indianapolis any cognizable injury, and denies that Defendant uses immobilizers in other markets.   Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding other manufacturers' vehicles, and therefore denies them.   Defendant

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

518. Answering Paragraph 518, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "reasonable care," "act as a reasonably prudent person and/or company," and "industry-standard security measures" are vague and ambiguous and denies the allegation on that basis. Answering further, Defendant denies that it manufactures or produces vehicles. Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

519. Answering Paragraph 519, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, "Defendants," "in control" and "of the vehicles they distributed" are vague and ambiguous, and Defendant denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

520. Answering Paragraph 520, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "should have known," "injuries," "reasonable care," "recognition" and "effective deterrent" are vague and ambiguous and denies the allegations on that basis.

Answering further, Defendant denies that it manufactures or sells vehicles.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

521.    Answering Paragraph 521, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "failing to monitor . . . third-party misconduct," and "enabled such misconduct" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

522.    Answering Paragraph 522, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations related to Plaintiffs' alleged injuries, harms, and economic losses, and therefore denies them.    Answering further, Defendant responds that "Defendants," "unreasonably," "their conduct" and "injuries, harms, and economic losses" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

523.    Answering Paragraph 523, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

Defendants, and therefore denies them.  Answering further, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "acts and omissions," and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

524.    Answering Paragraph 524, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "Defendants" and "injuries, harms, and economic losses" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

525.    Answering Paragraph 525, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph.  Answering further, Defendant responds that "Defendants" and "acts and omissions" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

526.    Answering Paragraph 526, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

"Defendants," "reckless disregard," and "probable dangerous consequences" are vague and ambiguous, and denies the allegation on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

527.   Answering Paragraph 527, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "reckless disregard," "public safety," and "adopted" are vague and ambiguous and denies the allegation on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

528.   Answering Paragraph 528, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.  Defendant responds that "Defendants," "discrete event," "discrete emergency," and "not part of the normal and expected costs of a local governments' existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

529.   Answering Paragraph 529, Defendant responds that "expenditures over and above its ordinary public services" is vague and ambiguous, and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

530.    Answering Paragraph 530, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant," "substantial factor," and "producing harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

531.    Answering Paragraph 531, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants," "reckless disregard," and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

532.    Answering Paragraph 532, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers" are vague and ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.

## VIII.  PRAYER FOR RELIEF

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

533.   Answering Paragraph 533, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

534.   Answering Paragraph 534, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

535.   Answering Paragraph 535, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

536.   Answering Paragraph 536, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

537.   Answering Paragraph 537, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

538.   Answering Paragraph 538, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

539.   Answering Paragraph 539, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

540.   Answering Paragraph 540, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

541.   Answering Paragraph 541, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

542.   Answering Paragraph 542, Defendant denies that Plaintiffs are entitled to the relief requested in this Paragraph.

## IX.   DEMAND FOR JURY TRIAL

543.   Answering Paragraph 543, Defendant admits that Plaintiffs purport to demand a jury trial.  Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all causes of action, claims, and issues so triable.

## STATEMENT OF DEFENSES

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular defense.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

**FIRST DEFENSE (FAILURE TO STATE A CLAIM)**

Plaintiffs' CGEC fails to state a claim for which relief can be granted.

**SECOND DEFENSE (COMPLIANCE)**

At all relevant times, Defendant acted in good faith and in accordance with all applicable statutory and common law obligations.  Moreover, Defendant did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiffs or any duty owed to Plaintiffs.

**THIRD DEFENSE (LACHES)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, as Plaintiffs have unreasonably delayed in bringing this action and acquiesced in the issue about which they now complain.

**FOURTH DEFENSE (RATIFICATION)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, through their acts, conduct, and omissions, ratified the alleged conduct of which they now complain.

**FIFTH DEFENSE (ABROGATION)**

Plaintiffs' claims are abrogated to the extent such claims arise from one or more nuclei of operative fact which could give rise to claims under the Ohio Products Liability Act or Washington Products Liability Act.

**SIXTH AFFIRMATIVE DEFENSE (PREEMPTION)**

To the extent Plaintiffs' claims seek to impose liability for failure to install specific anti-theft devices or to comply with anti-theft regulations, their claims are preempted by the federal motor vehicle safety standards, including but not limited to, 49 CFR § 541 et seq. and 49 CFR § 571.114, with which Defendant complied.

**SEVENTH DEFENSE (NO FORESEEABILITY)**

Plaintiffs' claims are barred, in whole or in part, because the increased theft rate of the vehicles due to a social media craze was not foreseeable to Defendant.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

**EIGHTH DEFENSE (CONTRIBUTORY/COMPARATIVE NEGLIGENCE)**

Plaintiffs' claims are barred, in whole or in part, and/or reduced by contributory or comparative negligence and contributory or comparative fault, for reasons including, but not limited to, Plaintiffs' alleged injuries and/or damages were caused, in whole or in part, by its own failure to effectively enforce the law and prosecute violations thereof, and any recovery by Plaintiffs is barred or, alternatively, should be diminished according to its own fault.

**NINTH DEFENSE (INTERVENING ACTS/CAUSATION)**

Plaintiffs' claims are barred, in whole or in part, because the negligence or fault of third parties contributed to their injuries, including the intervening acts of third-party thieves who stole or attempted to steal the vehicles.

**TENTH DEFENSE (ECONOMIC LOSS RULE)**

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

**ELEVENTH DEFENSE (MUNICIPAL COST RECOVERY RULE)**

Plaintiffs' claims are barred, in whole or in part, under the municipal cost recovery rule.

**TWELFTH DEFENSE (COGNIZABLE DAMAGES)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable damage or injury.

**THIRTEENTH DEFENSE (STANDING)**

Plaintiffs' claims for damages are barred, in whole or in part, because Plaintiffs lack standing to recover damages.

**FOURTEENTH DEFENSE (SPECULATIVE DAMAGES)**

Plaintiffs' claims for damages are speculative, ambiguous, and illusory, and any award of damages against Defendant would be improper.

**FIFTEENTH DEFENSE (MITIGATION)**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged losses or damages.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

**SIXTEENTH DEFENSE (PRIMARY JURISDICTION)**

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

**SEVENTEENTH DEFENSE (UNCLEAN HANDS)**

Plaintiffs come to the Court with unclean hands that preclude any award of equitable relief, including because: (1) Plaintiffs failed to enforce the law to prevent thefts; (2) Plaintiffs brought suit against Defendant rather than any single thief directly responsible for their injuries; and (3) Plaintiffs have attempted to impose private liability in a manner contrary to public policy and the public interest.

**EIGHTEENTH DEFENSE (ABATEMENT)**

Plaintiffs' request for abatement is barred in whole or in part on one or more of the following grounds: (1) Plaintiffs cannot demonstrate that any viable abatement measures exist beyond those voluntarily undertaken by Defendant; and (2) Plaintiffs improperly seek damages disguised as an abatement fund.

**NINETEENTH DEFENSE (STATUTE OF LIMITATIONS AND REPOSE)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and of repose for each claim.

**TWENTIETH DEFENSE (RIPENESS)**

Plaintiffs' claims are not ripe and/or have been mooted.

**TWENTY-FIRST DEFENSE (LIMITATIONS, CAPS, AND SETOFFS)**

Plaintiffs' claims are barred, in whole or in part, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**TWENTY-SECOND DEFENSE (COLLATERAL SOURCE)**

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

1

## TWENTY-THIRD DEFENSE (NO DUTY)

2   Defendant did not owe or breach any statutory or common law duty to

3   Plaintiffs.

4

## TWENTY-FOURTH DEFENSE (AUTHORITY)

5   Plaintiffs' claims are barred to the extent that they lack the statutory authority

6   under respective state laws or their own applicable county or municipal codes or

7   regulations.

8

## TWENTY-FIFTH DEFENSE (SEPARATION OF POWERS)

9   Plaintiffs' claims and damages are barred or limited by the political question

10   and separation of powers doctrines and because their claims implicate issues of

11   statewide importance that are reserved for state regulation.

12

## TWENTY-SIXTH DEFENSE (CAPACITY)

13   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity

14   to bring their claims, including claims indirectly maintained on behalf of their citizens

15   and claims brought as *parens patriae*.

16

## TWENTY-SEVENTH DEFENSE (GOOD FAITH/PUNITIVE DAMAGES)

17   Defendant cannot be held liable for any punitive, exemplary, or other similar

18   damages, because Defendant at all times made good faith efforts to comply with the

19   law.  Defendant denies that punitive and/or exemplary damages against Defendant are

20   warranted, because at no time did Defendant act wrongfully or with malice, bad faith,

21   or reckless indifference toward Plaintiffs.

22

## TWENTY-EIGHTH DEFENSE (CONSTITUTIONAL LIMITS ON DAMAGES)

23

24   Plaintiffs' claims for punitive or exemplary damages or other civil penalties are

25   barred, in whole or in part, by the due process protections afforded by the United

26   States Constitution, the Excessive Fines Clause of the Eighth Amendment of the

United States Constitution, the Full Faith and Credit Clause of the United States

27   Constitution, and applicable provisions of the Constitution of any state whose laws

28

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendants under the constitutions of the United States and any state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc*., 509 U.S. 443 (1993); *BMW of N. Am. v. Gor*e, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## RESERVATION OF DEFENSES

Defendant has not knowingly or intentionally waived any applicable affirmative or other defenses and reserves the right to rely upon such defenses as may

ANSWER OF KIA AMERICA, INC. TO COMPLAINT

1    become available or apparent.  Defendant reserves all affirmative defenses under Rule

2    8(c) of the Federal Rules of Civil Procedure and any other defenses, at law and equity,

3    that may now be or in the future will become available based on discovery or any

4    other factual investigation concerning this action or any related action.

5                               **PRAYER FOR RELIEF**

6          WHEREFORE, Defendant prays for relief from judgment from Plaintiffs as

7    follows:

8          1.   Plaintiffs take nothing by reason of this Complaint;

9          2.   Defendant recovers its costs and attorneys' fees incurred herein; and

10         3.   For such further and other relief as the Court deems proper.

11

12   DATED:  February 15, 2024          QUINN EMANUEL URQUHART &
13                                      SULLIVAN, LLP

14

15                                      By /s/ Steven G. Madison
                                          Steven G. Madison (SBN: 101006)
16                                        stevemadison@quinnemanuel.com
                                          Justin C. Griffin (SBN: 234675)
17                                        justingriffin@quinnemanuel.com
                                          865 South Figueroa Street, 10th Floor
18                                        Los Angeles, California 90017-2543
                                          Telephone:  (213) 443-3000
19                                        Facsimile:   (213) 443-3100

20
                                          *Attorneys for Defendant*
21                                        *Kia America, Inc.*

22

23

24

25

26

27

28