QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*City of Chicago v. Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company* | Case No. 8:22-ML-3052-JVS(KESx)<br><br>The Honorable James V. Selna<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND/OR NOTICE OF INCORPORATION-BY-REFERENCE**<br><br>Hearing Date:  March 18, 2024<br>Hearing Time: 1:30 pm |

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .............................................................................................................. 1

I.    Plaintiff Identifies No "Disputed" Facts or Hearsay Precluding Judicial Notice ................................................................................................................ 1

CONCLUSION ........................................................................................................... 4

**PRELIMINARY STATEMENT**

The Court should reject Plaintiff City of Chicago's ("Plaintiff['s]") barebones opposition, and take judicial notice of Exhibit 1 (the "AG Letter") and Exhibit 2 (the "NHTSA Letter") in connection with Defendant Kia America, Inc.'s ("KA") and Hyundai Motor America's ("HMA") Motion to Dismiss Plaintiff's First Amended Complaint.[1]

Records of a public agency, letters published by the government, and undisputed and publicly available information displayed on government websites are posterchild subjects of judicial notice in the Ninth Circuit. Despite vague assertions that Plaintiff "disputes the facts" contained in the AG Letter and NHTSA Letter, *see* Opp. to RJN at 1, Plaintiff here identifies no specific facts contained within either of those documents which it reasonably disputes—either in its Opposition to the Request for Judicial Notice, or in its FAC. Defendants' Request should therefore be granted.

**ARGUMENT**

**I.    Plaintiff Identifies No "Disputed" Facts or Hearsay Precluding Judicial Notice**

Because the entirety of Plaintiff's arguments reside in the Subrogation and GE Plaintiffs' RJN Oppositions, and are nowhere to be found in *Plaintiff's* Opposition to the RJN presently at issue, the Court is left with only barebones, conclusory statements as to why the Court should deny judicial notice of Exhibits 1 and 2 with respect to *Plaintiff's* case.

Plaintiff does not dispute, as this Court acknowledged in its Order on Defendants' Motion to Dismiss the Subrogation Plaintiffs' Consolidated Complaint, that "[c]ourts frequently take judicial notice of government records and documents, including NHTSA documents." *See* Dkt. No. 269, at 6; *see, e.g.*, *Winzler v. Toyota*

---

[1] Plaintiff does not object to Exhibits 3–8, conceding these exhibits may be properly considered by this Court based on the doctrines of judicial notice and incorporation-by-reference.

-1-    Case No. 8:22-ML-3052-JVS(KESx)
REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

*Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1212–13 (10th Cir. 2012) (taking judicial notice of NHTSA records); *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 689 (C.D. Cal. 2022) (same). The AG Letter and NHTSA Letter contain undisputed and publicly available information displayed on government websites and/or published by the government, and therefore are proper subjects for judicial notice. *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (matters of public record include "undisputed and publicly available information displayed on government websites"); *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (matters of public record include "letters published by the government . . . as well as records and reports of administrative bodies") (cleaned up).

In light of that, Plaintiff is left to assert generally that it "disputes the facts contained" in the AG Letter and the NHTSA Letter. Opp. to RJN at 1. But unlike the Subrogation Plaintiffs—who pointed to particular facts contained in the documents that they disputed, Sub. Pls.' Opp. to RJN, Dkt. 236, at 1 (disputing "whether the Class Vehicles comply with FMVSS No. 114"); Sub. Opp. to Mot. to Dismiss, Dkt. 234, at 35 (alleging that "Defendants' Vehicles do not comply with FMVSS No. 114"), the City does not identify any specific facts contained in the AG Letter or the NHTSA Letter that it actually disputes. If such a general assertion were a basis on which the Court should deny Defendants' request, litigants could overcome requests for judicial notice of a government document with nothing more than a conclusory claim that they "dispute" unspecified facts contained therein. That cannot be the rule.

Regarding Plaintiff's vague reference to the GE Plaintiffs hearsay objections, the NHTSA Letter falls within the public records exception to the hearsay rule. *See Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, 2015 WL 12655556, at *9 (C.D. Cal. Oct. 1, 2015) (overruling hearsay objection and taking judicial notice of public records); see also Fed. R. Evid. 803(8) (hearsay exception for public records),

1  Fed. R. Evid. 902(1) (sealed and signed public documents are self-authenticating).
2  Judicial notice of the NHTSA Letter therefore does not contravene hearsay rules.
3        Plaintiff further asserts that the Court already considered the GE Plaintiffs'
4  similarly vague purported factual disputes and objections to Defendants' Request for
5  Judicial Notice in the GE Track, and "ruled on this issue." Opp. to RJN at 1-2. In
6  fact, this Court ruled only as to the Request for Judicial Notice directed to the Motion
7  to Dismiss the Subrogation Plaintiffs' Complaint, and narrowed its judicial notice
8  there with respect to two of the three documents because, contrary to the conclusions
9  in the NHTSA Letter, the Subrogation Plaintiffs specifically alleged that the vehicles
10 failed to comply with FMVSS 114. *See* Dkt. 269 at 7 (granting judicial notice as to
11 the existence of Exhibits 1 and 2, but not the truth of the matters asserted therein);
12 Sub. Pls.' Opp. to RJN, Dkt. 236, at 1 (disputing whether Class Vehicles comply with
13 FMVSS No. 114); Sub. Pls.' Compl., Dkt. 176, at 29, 79 (Jul. 28, 2023) (same). The
14 GE Plaintiffs included no such allegations in the CGEC, and the Court did not rule on
15 the Request for Judicial Notice in the GE Track. Likewise, the City includes no such
16 allegations in its FAC here, and such allegations therefore cannot be the basis of
17 Chicago's objection.

## CONCLUSION

Accordingly, the Court may take judicial notice of Exhibits 1 and 2, the AG Letter and NHTSA Letter, respectively, in connection with Defendants' Motion to Dismiss Plaintiffs' FAC, in addition to the other documents referenced.

DATED: March 4, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Steven G. Madison*
    Steven G. Madison (SBN: 101006)
    stevemadison@quinnemanuel.com
    Justin C. Griffin (SBN: 234675)
    justingriffin@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*