QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant*
*Kia America, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br><br>*Louisville/Jefferson County Metro Government v. Hyundai Motor America, et al.*,<br>Case No. 8:23-cv-01919-JVS-(KESx) | Case No.: 8:22-ML-03052-JVS-(KESx)<br><br>**ANSWER OF DEFENDANT KIA AMERICA, INC. TO LOUISVILLE / JEFFERSON COUNTY'S COMPLAINT**<br><br>JURY DEMAND<br><br>Judge: Hon. James V. Selna |

Defendant Kia America, Inc. ("KA" or "Defendant") by and through its counsel, hereby submits its Answer to the Complaint filed by Plaintiff Louisville/Jefferson County Metro Government ("Plaintiff" or "Louisville"). Unless expressly and specifically admitted, KA denies each and every allegation made by Louisville in its Complaint. KA answers as follows:

## I.     INTRODUCTION[1,2]

1.     Answering Paragraph 1, Hyundai Motor Corporation ("HMC") and Kia Corporation ("KC") have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC, KC, or Hyundai Motor America ("HMA," and collectively with HMC "the Hyundai Defendants") and therefore denies them. Answering further, Defendant responds that "inextricable link," "public safety," "sitting ducks," "simple," "massive," "public safety consequences," "across the nation," "business decision," "standard anti-theft technology," "initial steps," "communities nationwide," "Defendants," and "crime wave" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it is a car manufacturer. Answering further, Defendant admits that it has taken steps to discourage vehicle thefts. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies

---

[1]   This document adopts the headings of Plaintiff's Complaint only for the Court's ease of reference. Defendant does not agree with or admit any statements alleged in the headings.

[2]   On January 18, 2024, the Court approved the Parties' joint stipulation to dismiss Hyundai Motor Company ("HMC") and Kia Corporation ("KC") from this action without prejudice. See Dkt. 292, Order Approving Stipulation re Voluntary Dismissal of Hyundai Motor Company and Kia Corporation and Discovery.

ANSWER OF KIA AMERICA, INC. TO LOUISVILLE'S COMPLAINT

them.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

2.      Answering Paragraph 2, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "largely," "most," "recent," and "glaring exception" are vague and ambiguous, and denies the allegations on that basis. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

3.      Answering Paragraph 3, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "most," "long after," "ignored," "industry-standard practices," "in the name of profit," and "reasonable anti-theft measure" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designed or manufactured the listed vehicle models, but admits that Defendant distributed model years 2011 through 2022 of the Kia-branded vehicles listed in this Paragraph.  Answering further, Defendant denies that all model years between 2011 and 2022 of the Kia-branded vehicles listed lacked engine immobilizers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Hyundai vehicle models, and therefore denies them.   Answering

further, Defendant admits that the Complaint purportedly refers to the listed vehicle models as the "Susceptible Vehicles," but denies that characterization.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

4.     Answering Paragraph 4, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "easy," "Hyundai's and Kia's business decisions," "boost profits," "common anti-theft technology," "rash of thefts," "crime wave," "significant impact," "law enforcement operations" and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that there exist online videos demonstrating how to steal certain Hyundai and Kia vehicles, and that, in some instances, those videos appear to have involved the use of a USB cable.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

5.     Answering Paragraph 5, Defendant responds that "modern technology" and "most" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in this Paragraph and therefore denies them.     Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

6.     Answering Paragraph 6, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without

ANSWER OF KIA AMERICA, INC. TO LOUISVILLE'S COMPLAINT

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "Kia," "unique," "most," "beyond them" and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that the allegations are vague as to time and therefore denies them.  Answering further, Defendant denies that it is an automobile manufacturer.  Answering further, Defendant responds that this Paragraph asserts a legal conclusion regarding Canadian and European laws and/or regulations, and therefore no response is required.  To the extent a response is required, Defendant responds that the referenced laws and/or regulations speak for themselves.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

7.     Answering Paragraph 7, Defendant denies that it is an automobile manufacturer.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Hyundai-branded vehicles, and therefore denies the allegation.  Answering further, Defendant denies that for the 2015 model year, 26% of Kia-branded vehicles in the United States were equipped with engine immobilizers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to vehicles from other manufacturers, and therefore denies the allegation.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

8.     Answering Paragraph 8, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "Kia," "well-documented benefit" and "higher end" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant admits that all 2023 Kia-branded vehicles distributed in the United States were equipped with engine immobilizers. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

9. Answering Paragraph 9, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "Hyundai," "Kia," "public safety," "devastating," "industry-standard," "such technology," and "floodgates" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

10. Answering Paragraph 10, Defendant responds that "[t]his epidemic," "nationwide," "[t]his trend," "crime wave," "coast to coast," and "pay the price" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to statistics reported by the Milwaukee Police Department, and therefore denies them. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

11.     Answering Paragraph 11, Defendant responds that "injuries," "increased violence," "reckless driving," "grave threat," "public safety," "law enforcement and emergency resources," and "deprives" are vague and ambiguous, and denies the allegations on that basis.  Answering further, this Paragraph contains a legal conclusion regarding whether vehicle theft is a property crime, to which no response is required.  To the extent a response is required, the laws of Louisville, Jefferson County, and other cities and municipalities speak for themselves.  Answering further, Defendant admits that reckless driving can sometimes result in injuries and/or death. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

12.     Answering Paragraph 12, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "skyrocketing rate," "drastically impacted," "dangerous conditions," "Hyundai's," "Kia's," and "reckless driving" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 4 of the Complaint, the document speaks for itself.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

13.     Answering Paragraph 13, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

ANSWER OF KIA AMERICA, INC. TO LOUISVILLE'S COMPLAINT

directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants'" "could have been avoided," "industry-wide standards" and "equivalent anti-theft device" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

14.     Answering Paragraph 14, Defendant responds that "increased," "other harms," "public safety" "growing burden," "many," "associated dangers," and "reckless driving" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## II.     JURISDICTION AND VENUE

### A.     Subject Matter Jurisdiction

15.     Answering Paragraph 15, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "multinational automakers" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that HMA and KA are headquartered in the State of California and that HMC and KC are headquartered in Seoul, South Korea. Answering further, this Paragraph contains legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

### B. Personal Jurisdiction

16.     Answering Paragraph 16, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that HMA and KA are incorporated and headquartered in the State of California, and that HMA and KA have conducted business in the State of California and in the Central District of California.  All allegations in this Paragraph not specifically admitted are denied.

17.     Answering Paragraph 17, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains legal conclusions to which Defendant no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "substantially controls" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

### 1. HMC's and KC's Forum-Related Activities

18.     Answering Paragraph 18, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that HMC is a South Korea-based company, but states that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

19.     Answering Paragraph 19, HMC has been dismissed as a defendant from this case, and therefore no response is required.   Answering further, Defendant responds that "recent" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant states that the First Amended Complaint filed on November 21, 2018 in *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 2:17-cv-3010-JCM-GWF (D. Nev.), ECF No. 34, cited in footnote 5 of the Complaint, speaks for itself.   All allegations in this Paragraph not specifically admitted are denied.

20.     Answering Paragraph 20, HMC and KC have been dismissed as defendants from this case, and therefore no response is required.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC and the Hyundai Defendants, and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

21.     Answering Paragraph 21, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant responds that "this market" is vague and ambiguous, and denies the allegation on that basis.   Answering further, Defendant admits that HMA is a subsidiary of HMC and that KA is a subsidiary of KC, but denies that KC sold approximately 500 million vehicles per year in the United States through KA. Defendant specifically denies that HMC and KC have sold any vehicles in the United States during the relevant time period.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

22.     Answering Paragraph 22, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant denies that it received over eight million of the Susceptible Vehicles from HMC or KC to sell in the United States.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed in this Paragraph, and therefore denies them.     Answering further, Defendant denies Plaintiff's characterization of the facts contained in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

23.     Answering Paragraph 23, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and KC, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that engine immobilizers are not required by law to sell vehicles in the United States.  Answering further, Defendant responds that "passively" is vague and ambiguous and denies the allegation on that basis.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

24.     Answering Paragraph 24, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore

denies them.  Answering further, this Paragraph contains legal conclusions to which no response is required.  Answering further, Defendant responds that "regularly" is vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

25.    Answering Paragraph 25, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "monitoring" and "reported" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that it is a subsidiary of HMC and that KA is a subsidiary of KC.    Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

26.    Answering Paragraph 26, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.    Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC and the Hyundai Defendants, and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

27.    Answering Paragraph 27, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent an answer is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "benefited"

and "tens of thousands" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

## 2.  HMC's and KC's Control Over Their Respective Subsidiaries

28.  Answering Paragraph 28, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "exercise control" and "formal and informal means" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

29.  Answering Paragraph 29, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant admits that KC has the power to appoint board members to KA and has exercised this power.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

30.  Answering Paragraph 30, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains legal conclusions to which no response is

required.   Answering further, Defendant responds that "regularly" is vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

31.   Answering Paragraph 31, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC, and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 7 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

32.   Answering Paragraph 32, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "Hyundai" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC, and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 8 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

33.   Answering Paragraph 33, KC has been dismissed as a defendant from the case, and therefore no response is required as to allegations directed to KC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

34.     Answering Paragraph 34, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that "senior South Korean executives" and "regularly" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that KC employees have visited KA's California headquarters.  Answering further, Defendant admits that HMA's and KA's headquarters are located in the Central District of California.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

35.     Answering Paragraph 35, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

36.     Answering Paragraph 36, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  To the extent a response is required, Defendant responds that "frequently" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

37.     Answering Paragraph 37, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC.  To the extent a response is required, Defendant admits that SeongKyu (Sean) Yoon is the President and CEO of KA.  All allegations in this Paragraph not specifically admitted are denied.

38.   Answering Paragraph 38, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "control the public name and brand" is vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**C.    Venue**

39.   Answering Paragraph 39, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that HMA and KA are headquartered in the Central District of California.  Answering further, Defendant denies that it has research and development offices in the Central District of California.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**III.    PARTIES**

**A.    Plaintiff**

40.   Answering Paragraph 40, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

    **B.**    **Defendant**

        **1.**    **Hyundai Motor America**

41.    Answering Paragraph 41, Defendant admits that HMA is headquartered in California.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

        **2.**    **Hyundai Motor Company**

42.    Answering Paragraph 42, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC and the Hyundai Defendants, and therefore denies them.  Answering further, Defendant admits that HMC is headquartered in Seoul, South Korea.  Answering further, Defendant responds that "multinational automaker" and allegations that the "Hyundai Motor Group" "designs, manufactures, and distributes the Susceptible Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that HMA is a subsidiary of HMC.  All allegations in this Paragraph not specifically admitted are denied.

        **3.**    **Kia America, Inc.**

43.    Answering Paragraph 43, Defendant denies that it designs, manufactures, or directly services new motor vehicles under the Kia brand in the United States.  Answering further, Defendant admits that it distributes Kia-brand vehicles in the United States.  Answering further, Defendant admits that it is incorporated and headquartered at 111 Peters Canyon Road, Irvine, California.

Answering further, Defendant admits that it distributes, markets, warrants, and oversees regulatory compliance and warranty claims through a network of over 700 dealers throughout the United States from its headquarters in California. Answering further, Defendant denies that it leases vehicles. Answering further, Defendant admits that it engages in business in California, but states that whether that business is "continuous and substantial" is a legal conclusion to which no response is required. All allegations in this Paragraph not specifically admitted are denied.

### 4. Kia Corporation

44.    Answering Paragraph 44, KC has been dismissed as a defendant from the case, and therefore no response is required as to allegations directed to KC. Answering further, Defendant responds that "multinational automaker" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that KC is headquartered in Seoul, South Korea. Answering further, Defendant admits that KC is the parent company of KA. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

### IV.  THE KIA HYUNDAI THEFT WAVE

**A.  Measures to Prevent Vehicle Thefts Have Existed for over a Century**

45.    Answering Paragraph 45, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

46.    Answering Paragraph 46, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on

the document cited in footnote 11 of the Complaint, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

47.     Answering Paragraph 47, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

48.     Answering Paragraph 48, Defendant states that the paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

49.     Answering Paragraph 49, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 13 of the Complaint, the document speaks for itself. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

50.     Answering Paragraph 50, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the National Traffic and Motor Vehicle Safety Act was passed in 1966. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

51.     Answering Paragraph 51, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits

that the National Highway Traffic Safety Administration ("NHTSA") has promulgated numerous Federal Motor Vehicle Safety Standards ("FMVSS"), including FMVSS 114.   Answering further, Defendant responds that the text of FMVSS 114 speaks for itself.   All allegations in this Paragraph not specifically admitted are denied.

52.   Answering Paragraph 52, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, to the extent that Plaintiff's allegations rely on the document cited in footnote 17 of the Complaint, the document speaks for itself.   All allegations in this Paragraph not specifically admitted are denied.

53.   Answering Paragraph 53, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   To the extent Plaintiff's allegations rely on the documents cited in footnotes 18, 19, and 20 of the Complaint, the documents speak for themselves.   All allegations in this Paragraph not specifically admitted are denied.

54.   Answering Paragraph 54, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "industry-standard," "most effective," "rampant" and "public safety" are vague and ambiguous, and denies the allegations on that basis.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required,

Defendant denies that there is an ongoing public nuisance.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 21 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

55.   Answering Paragraph 55, Defendant responds that "increased dramatically," "dramatic," and "most common" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

56.   Answering Paragraph 56, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the documents cited in footnotes 24 and 25 of the Complaint, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

57.   Answering Paragraph 57, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

58.   Answering Paragraph 58, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the documents cited in footnote 26 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

59.   Answering Paragraph 59, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the laws and regulations of the European Union, Australia, New Zealand, and Canada speak for themselves.  Answering further, Defendant responds that "successful" is vague and

ANSWER OF KIA AMERICA, INC. TO LOUISVILLE'S COMPLAINT

ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

60.    Answering Paragraph 60, Defendant responds that "industry standard" is vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 28 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

61.    Answering Paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 29 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

62.    Answering Paragraph 62, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the documents cited in footnotes 30 and 31 of the Complaint, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

**B.    Hyundai and Kia Deviated from the Industry Standard by Electing Not to Include Immobilizers in the Susceptible Vehicles**

63.    Answering Paragraph 63, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the documents cited in footnotes 32, 33, and 34 of the Complaint, the documents speak for themselves.  Answering further, Defendant responds that "decreased significantly" and "sometimes targeting" are vague and ambiguous and denies the

allegations on that basis.  All allegations in this Paragraph not specifically admitted
are denied.

64.    Answering Paragraph 64, Defendant is without knowledge or
information sufficient to form a belief as to the truth or falsity of the allegations
directed to the Hyundai Defendants, and therefore denies them.  Answering further,
Defendant is without knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations, and therefore denies them.  To the extent
Plaintiff's allegations rely upon the document cited in footnote 35 of the Complaint,
the document speaks for itself.  Answering further, Defendant denies Plaintiff's
characterization of the facts in this Paragraph.  Answering further, Defendant
responds that "significantly reduced" and "public safety" are vague and ambiguous
and denies the allegations on that basis.  All allegations in this Paragraph not
specifically admitted are denied.

65.    Answering Paragraph 65, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to the allegations
directed to HMC and KC.  Answering further, Defendant responds that it is without
knowledge or information sufficient to form a belief as to the truth or falsity of the
allegations directed to KC or the Hyundai Defendants, and therefore denies them.
Answering further, Defendant responds that "low," "this same time period,"
"Hyundai," and "Kia" are vague and ambiguous, and denies the allegations on that
basis.  Defendant further denies that HMA installed immobilizers in vehicles for sale
in the European and Canadian markets.  Answering further, Defendant denies
Plaintiff's characterization of the facts in this Paragraph.  All allegations in this
Paragraph not specifically admitted are denied.

66.    Answering Paragraph 66, HMC and KC have been dismissed as
defendants from this case, and therefore no response is required as to the allegations
directed to HMC and KC.  Answering further, Defendant responds that it is without
knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "benefits of installing immobilizers in the American market," "Hyundai," and "efficacy" are vague and ambiguous, and denies the allegations on that basis.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that the regulation cited by Plaintiff in footnote 37 of the Complaint, and the Federal Register sections cited by Plaintiff in footnote 38 of the Complaint, speak for themselves.  Answering further, Defendant admits that places where stolen cars are disassembled so that their parts can be sold are sometimes known as "chop shops," and that in some cases, immobilizers can reduce vehicle theft.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

67.    Answering Paragraph 67, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "unquestionable benefit," "Hyundai," "Kia," "more expensive," "higher end," and "harm" are vague and ambiguous, and denies the allegations on this basis.  To the extent Plaintiff's allegations rely upon the document cited in footnote 39 of the Complaint, the document speaks for itself. Answering further, Defendant denies Plaintiff's characterization of the facts of this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

68.    Answering Paragraph 68, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely

upon the document cited in footnote 40 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

69.     Answering Paragraph 69, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "simple," "highly effective," "another reasonable anti-theft measure," "vast majority," "nearly all," "epidemic" and "plaguing" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that the alleged circumstances experienced by the Plaintiff were foreseeable and that Defendant's conduct "led to the epidemic plaguing Plaintiff," and denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

### C.     The Lack of Industry Standard Anti-Theft Devices in Most Hyundai and Kia Vehicles Has Led to a Wave of Thefts

70.     Answering Paragraph 70, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Kia," "Hyundai," "flout," "industry standard," "more susceptible," and "other models" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the "relative" rates at which "other models" were stolen, and denies the allegations on that basis.  Answering further,

Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

71. Answering Paragraph 71, Defendant responds that "this progression," "reckless driving," "unsecure," and "explosion" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that videos were posted online depicting thefts of Hyundai- and Kia-branded vehicles, and that in some instances the individuals posting such videos identified themselves as part of the "Kia Boyz," however, Defendant is without knowledge or information sufficient to form a belief as to when such videos were first posted online, and therefore denies the allegation on that basis. Defendant further admits that some videos posted online depicted the breaking of a window, removal of the plastic cowl under a steering column, and use of a USB connector. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

72. Answering Paragraph 72, Defendant responds that "unsecure," "all too predictable," "skyrocketed," "dramatic increase," "unique," "[t]his trend," and "nationwide" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

**D. Car Thefts Imperil Public Safety**

73. Answering Paragraph 73, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal

conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "public safety," "rash of car thefts," and "substantial risk," are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it created, facilitated, and/or otherwise contributed to a rash of car thefts, and denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

74.    Answering Paragraph 74, this Paragraph contains a legal conclusion to which no response is required.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnotes 48, 49, and 50 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

75.    Answering Paragraph 75, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "increase," "substantial decrease," "clear rise," "driven recklessly," "joyriding" and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that reckless driving can pose a risk to operators of the vehicle, as well as other drivers or pedestrians, but denies that Defendant's conduct caused a rise in automobile thefts, and states that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this Paragraph, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

76.     Answering Paragraph 76, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "rash of car thefts," "substantial risk," and "public safety" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

77.     Answering Paragraph 77, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant responds that "the comfortable enjoyment of life, health, and safety of others," "reckless," "recent wave," "joyriding," and "recklessly" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that certain online videos depict thefts of Hyundai- or Kia-branded vehicles, and that some of the videos depict incidents appearing to take place during the day, while others appear to take place at night. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them, and denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

78.     Answering Paragraph 78, Defendant responds that "this dangerous conduct," "very real dangers," "this phenomenon," and "joyriding," are vague and

ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that certain videos posted on social media platforms appear to depict criminals driving through school zones and crowds of bystanders or hitting other cars. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

79.   Answering Paragraph 79, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 53 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

80.   Answering Paragraph 80, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "substantial risk to public safety" is vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

81.   Answering Paragraph 81, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "[t]his risk" is vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

82.    Answering Paragraph 82, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant responds that "harm," "reckless driving," and "substantial risk" are vague and ambiguous and denies the allegation on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

**E.    Car Thefts Drain Public Resources and Frustrate Public Policy**

83.    Answering Paragraph 83, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies that there exists a public nuisance.   Answering further, Defendant responds that "significant time and resources" is vague and ambiguous, and denies the allegation on that basis.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

84.    Answering Paragraph 84, Defendant responds that "significant police, emergency, and judicial resources," "other restorative justice efforts," "combat," "other crimes," and "community protection" are vague and ambiguous, and denies the allegations on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

85.    Answering Paragraph 85, Defendant responds that "skyrocketing" and "nationwide" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that some insurance companies are refusing to write policies for certain Kia models in certain locales.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity

of the remaining allegations in this Paragraph and therefore denies them.  Defendant
denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this
Paragraph not specifically admitted are denied.

## V.    THE CONTINUING PUBLIC NUISANCE AND DEFENDANTS' LATE, INSUFFICIENT RESPONSE

86.    Answering Paragraph 86, Defendant is without knowledge or
information sufficient to form a belief as to the truth or falsity of the allegations in
this Paragraph and therefore denies them.  Answering further, Defendant responds
that "rampant thefts," "rise," "nationwide," and "years" are vague and ambiguous and
denies the allegations on that basis.  All allegations in this Paragraph not specifically
admitted are denied.

87.    Answering Paragraph 87, Defendant is without knowledge or
information sufficient to form a belief as to the truth or falsity of the allegations in
this Paragraph and therefore denies them.   All allegations in this Paragraph not
specifically admitted are denied.

88.    Answering Paragraph 88, Defendant responds that HMC and KC have
been dismissed as defendants from this case, and therefore no response is required as
to the allegations directed to HMC and KC.  To the extent a response is required,
Defendant responds that it is without knowledge or information sufficient to form a
belief as to the truth or falsity of the allegations directed to KC or the Hyundai
Defendants, and therefore denies them.  Answering further, Defendant responds that
"Defendants," "prioritize profits over safety," "entirely effective," "used in
connection with," and "are not set up" are vague and ambiguous, and denies the
allegations on that basis.  Answering further, Defendant admits that it has not initiated
a recall of vehicles without engine immobilizers and has provided wheel locks free of
charge to municipalities and consumers.  Answering further, Defendant is without
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in this Paragraph, and therefore denies them.  Defendant denies

Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

89. Answering Paragraph 89, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "more recently" and "Hyundai and Kia" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that it has rolled out a software update for some vehicles without engine immobilizers, and that some vehicles without engine immobilizers are not eligible for the update. Answering further, to the extent Plaintiff's allegations rely upon the documents cited in footnotes 70 and 71 of the Complaint, those documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

90. Answering Paragraph 90, the Consumer Class Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, Dkt. No. 166, dated July 20, 2023 speaks for itself. Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

91. Answering Paragraph 91, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Kia" and "Hyundai" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a nuisance. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 73 of the Complaint, the document speaks for itself.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

92.    Answering Paragraph 92, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "efficacy," "proven in the real world," "numerous reports," "Kia," "Hyundai," and "software logic fails" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that for those vehicles not covered by the software update that it is "offering nothing more than steering wheel locks, or rebates for already purchased wheel locks."  Answering further, Defendant denies that there is an "underlying safety flaw" for the steering wheel locks to correct.  Answering further, Defendant also denies that offering consumers steering wheel locks "would impermissibly shift the responsibility for fixing this problem from the company to the individual vehicle owners."  Answering further, Defendant denies that it has received some reports of vehicles being stolen after having received the software update in a manner the update was designed to address.   Answering further, to the extent Plaintiff's allegations rely upon the documents cited in footnotes 75 or 76 of the Complaint, those documents speak for themselves.   Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

93.    Answering Paragraph 93, Defendant responds that "significantly inconvenience," "interfere with the usability," and "many everyday situations" are

vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Hyundai Defendants, and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

94.    Answering Paragraph 94, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "significant issues," "starting system flaw," "vulnerable," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Defendant admits that certain Kia-branded vehicles without engine immobilizers are not presently eligible for the software update, and that certain Attorneys General sent a letter dated April 20, 2023.  Answering further, to the extent Plaintiff relies on the documents cited in footnote 77, 78, and 79 of the Complaint, the documents speak for themselves.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

95.    Answering Paragraph 95, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   To the extent Plaintiff relies on the document cited at Paragraph 95 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

96.    Answering Paragraph 96, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal

conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations therein.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "communities nationwide," "harmful downstream consequences," "Hyundai," "Kia," "business decisions," "reasonable anti-theft measures," "paying the price," "widespread harms," "public health and safety," and "boost profits" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and denies them on that basis. Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

97.    Answering Paragraph 97, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.    Answering further, Defendant responds that "Hyundai," "crisis," "source of revenue," "Defendants," "could have," "should have," "industry standard," "chose to make money," and "crime wave" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it could have implemented a mandatory recall.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

98.     Answering Paragraph 98, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.   Answering further, Defendant responds that "Hyundai," "Kia," "recent," and "susceptible to theft" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant admits that it has not implemented a recall, but denies the characterization that a recall was mandatory.  All allegations in this Paragraph not specifically admitted are denied.

99.     Answering Paragraph 99, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "elected profits over safety," and "industry standard," are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it created a public nuisance.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## VI.   IMPACTS ON PLAINTIFF

100. Answering Paragraph 100, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "skyrocketing" is vague and ambiguous and denies the allegations on that basis.

Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

101.  Answering Paragraph 101, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

102.  Answering Paragraph 102, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "noticeably increased," "unprecedented heights," and "recent" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

103.  Answering Paragraph 103, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "roughly half or more" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

104.  Answering Paragraph 104, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "dramatically increased" is vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

105.  Answering Paragraph 105, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

this Paragraph and therefore denies them.  Answering further, Defendant responds that "very few" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

106.  Answering Paragraph 106, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 83 of the Complaint, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

107.  Answering Paragraph 107, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "high rate," "increased," and "public safety" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

108.  Answering Paragraph 108, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

109.  Answering Paragraph 109, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

110.  Answering Paragraph 110, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "valuable time and resources," "document," and "investigate" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant

denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

## VII.   CAUSES OF ACTION

## COUNT ONE – PUBLIC NUISANCE

111.   Answering Paragraph 111, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

112.   Answering Paragraph 112, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies that there exists a public nuisance and also denies that it created and/or maintained a public nuisance, or that it caused injury to Plaintiff. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

113.   Answering Paragraph 113, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "dangerously susceptible to theft," "substantially interferes," "rights common to the general public," "offensive," "community moral standards," "unlawfully obstructed," and "free use" are vague and ambiguous and denies the allegations on that basis. Defendant denies that there exists a public nuisance and Defendant denies that it created and/or maintained a public nuisance. Answering

further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

114.    Answering Paragraph 114, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "conduct," "interfered," "interfere," "endangered," and "safety, health, and comfort" are vague and ambiguous, and denies the allegations on that basis.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

115.    Answering Paragraph 115, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Defendant denies that there exists a public nuisance and also denies that it created and/or maintained a public nuisance.   Answering further, Defendant responds that "significant" and "annoyance" are vague and ambiguous, and denies the allegations on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

116.    Answering Paragraph 116, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   To the extent a response is required, Defendant denies the allegations.       Answering    further,    Defendant    responds    that    "Defendants," "undermined," "diverted," and "scarce law enforcement resources" are vague and

ambiguous and denies the allegations on that basis.  Defendant denies Plaintiffs' characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

117.   Answering Paragraph 117, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" and "record rates" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it manufactures vehicles.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

118.   Answering Paragraph 118, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "had reason to know," "hazards and dangers," "reasonable anti-theft measure," "increased risk," "public harm," "successfully," and "considerable deterrent effects," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

119.   Answering Paragraph 119, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds

that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "their conduct," "increase," and "detrimental effect on the safety, welfare, peace, comfort, and convenience of the general public" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

120.  Answering Paragraph 120, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "business practices," "significant increase," "reckless driving," "peaceful use," "undermining law enforcement efforts," "diverting law enforcement resources," and "interfering with commerce, travel, and the quality of daily life," are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

121.  Answering Paragraph 121, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" and "substantially interfere" are vague and ambiguous and denies the

allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

122.  Answering Paragraph 122, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Defendant denies that there exists a public nuisance and Defendant denies that it created and/or maintained a public nuisance.  Answering further, Defendant responds that "Defendants' conduct," "economic damages," "significant expenditures," "other services," and "different in kind" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

123.  Answering Paragraph 123, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "misconduct," "discrete event," "discrete emergency," "reasonably expect to occur," "normal and expected costs of a local government's existence," and "wrongful acts" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

124.  Answering Paragraph 124, Defendant responds that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "harms," "unique harms," and "different in kind and degree" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, , and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

125.   Answering Paragraph 125, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "expenditures," "over and above its ordinary public services," and "Defendants' actions" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

126.   Answering Paragraph 126, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## COUNT TWO – NEGLIGENCE

127.   Answering Paragraph 127, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.   All allegations in this Paragraph not specifically admitted are denied.

128.   Answering Paragraph 128, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "take all reasonable steps necessary," and "so easy to steal" are vague and ambiguous, and denies the allegations on that basis.   Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it designs or manufactures vehicles.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

129.   Answering Paragraph 129, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" and "unreasonable risk of harm" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

130.   Answering Paragraph 130, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendants denies the allegations.   Answering further, Defendant responds that "Defendants' duties" is vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

131.   Answering Paragraph 131, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "increased risk," "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers," "another reasonable anti-theft measure," and "public harm" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

132.  Answering Paragraph 132, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "injuries," "exercise of reasonable care," "another reasonable anti-theft measure," "dangerous and unreasonable risk of injury," "rise," and "best position" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff has been injured, and therefore denies the allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

133.  Answering Paragraph 133, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "reasonable care," "act as a reasonably prudent person and/or company," "development," "testing," and "industry-standard security measures" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

134. Answering Paragraph 134, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, "Defendants," "in control," and "testing" are vague and ambiguous, and Defendant denies the allegations on that basis. Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

135. Answering Paragraph 135, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore

denies them.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "injuries," "reasonable care," "recognition" and "effective deterrent" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures vehicles.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

136.  Answering Paragraph 136, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "failing to guard," and "enabled such misconduct" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

137.  Answering Paragraph 137, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations related to Plaintiff's alleged injuries, harm, and economic losses, and therefore denies them.  Answering further, Defendant responds that "Defendants," "unreasonably," "their conduct" and "injuries, harm, and economic losses," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies

Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

138.  Answering Paragraph 138, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "acts and omissions," and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

139.  Answering Paragraph 139, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants" and "injuries, harms, and economic losses," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Plaintiff's alleged injuries, and therefore denies them.  Answering further, Defendant denies that it acted negligently.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

140.  Answering Paragraph 140, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that it has committed wrongful acts or omissions, or that its conduct was the proximate cause of

any of Plaintiff's alleged injuries.    Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Plaintiff's alleged injuries, and therefore denies them. Answering further, Defendant responds that "Defendants," "acts and omissions," and "economic damages" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

141.  Answering Paragraph 141, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.    Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.    Answering further, Defendant responds that "Defendants," "reckless disregard," and "probable dangerous consequences," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.    All allegations in this Paragraph not specifically admitted are denied.

142.  Answering Paragraph 142, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.    Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.    Answering further, Defendant responds that "Defendants' conduct," "reckless disregard," "public safety," "managing agents," and "adopted or approved" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

143.  Answering Paragraph 143, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.    Answering further, this Paragraph contains legal

conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants," "reckless conduct," "reckless disregard," "public safety," and "industry standards" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

144.  Answering Paragraph 144, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

145.  Answering Paragraph 145, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "expenditures," and "over and above its ordinary public services" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

146.  Answering Paragraph 146, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant," "substantial factor" and "producing harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

147.  Answering Paragraph 147, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it manufactures vehicles.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## COUNT THREE – GROSS NEGLIGENCE

148.  Answering Paragraph 148, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

149.  Answering Paragraph 149, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that

"Defendants," "take all reasonable steps necessary," and "so easy to steal" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

150. Answering Paragraph 150, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" and "unreasonable risk of harm" are vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

151. Answering Paragraph 151, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants denies the allegations. Answering further, Defendant responds that "Defendants" is vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

152. Answering Paragraph 152, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the

allegations.   Answering further, Defendant responds that "increased risk," "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers," "another reasonable anti-theft measure," and "public harm" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

153.   Answering Paragraph 153, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.  Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "injuries," "exercise of reasonable care," "other reasonable anti-theft measure," "dangerous and unreasonable risk of injury," "rise," and "best position" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that it knew or had reason to know that omitting engine immobilizers in some vehicle models could cause Plaintiff's alleged injuries.   Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff has been injured, and therefore denies the allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

154.   Answering Paragraph 154, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that

"Defendants," "reasonable care," "act as a reasonably prudent person and/or company," and "industry-standard security measures" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

155. Answering Paragraph 155, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, "Defendants," "in control," and "testing" are vague and ambiguous, and Defendant denies the allegations on that basis. Answering further, Defendant admits that it distributes Kia brand vehicles in the United States but denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

156. Answering Paragraph 156, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "injuries,"

"reasonable care," "recognition" and "effective deterrent" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

157. Answering Paragraph 157, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "failing to guard," and "enabled such misconduct" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

158. Answering Paragraph 158, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations related to Plaintiff's alleged injuries, harm, and economic losses, and therefore denies them. Answering further, Defendant responds that "Defendants," "recklessly," "carelessly," "their conduct" and "injuries, harm, and economic losses," are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

159. Answering Paragraph 159, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "acts and omissions," and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

160.   Answering Paragraph 160, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" and "injuries, harms, and economic losses," are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Plaintiff's alleged injuries, and therefore denies them. Answering further, Defendant denies that it acted negligently.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

161.   Answering Paragraph 161, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant denies that it has committed wrongful acts or omissions, or that its conduct was the proximate cause of any of Plaintiff's alleged injuries.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Plaintiff's alleged injuries, and therefore denies them. Answering further, Defendant responds that "Defendants," "acts and omissions," and

"economic damages" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

162. Answering Paragraph 162, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "reckless disregard," and "probable dangerous consequences," are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

163. Answering Paragraph 163, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "reckless disregard," "managing agent," "public safety," and "adopted" are vague and ambiguous and denies the allegation on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

164. Answering Paragraph 164, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required,

Defendant denies the allegations.  Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants," "reckless conduct," "reckless disregard," "public safety," and "industry standards" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

165.  Answering Paragraph 165, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

166.  Answering Paragraph 166, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "expenditures," and "over and above its ordinary public services" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

167.  Answering Paragraph 167, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "each Defendant," "substantial factor" and "producing harm" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

168.   Answering Paragraph 168, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

## **RESPONSE TO PRAYER FOR RELIEF**

169.   Answering Paragraph 169, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

170.   Answering Paragraph 170, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

171.   Answering Paragraph 171, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

172.   Answering Paragraph 172, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

173.   Answering Paragraph 173, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

ANSWER OF KIA AMERICA, INC. TO LOUISVILLE'S COMPLAINT

174.   Answering Paragraph 174, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

175.   Answering Paragraph 175, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

176.   Answering Paragraph 176, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

177.   Answering Paragraph 177, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

178.   Answering Paragraph 178, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

## RESPONSE TO JURY TRIAL DEMAND

179.   Answering Paragraph 179, Defendant admits that Plaintiff purports to demand a jury trial.  Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all causes of action, claims, and issues so triable.

## STATEMENT OF DEFENSES

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular defense, or that any particular issue or subject matter herein is relevant to Plaintiff's claims.

## FIRST DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiff fails to state a claim for which relief can be granted.

## SECOND DEFENSE (PROXIMATE CAUSE)

No act or omission of Defendant was the legal or proximate cause of any injury alleged by Plaintiff.

## THIRD DEFENSE (COMPLIANCE)

At all relevant times, Defendant acted in good faith and in accordance with all applicable statutory and common law obligations.  Moreover, Defendant did not

ANSWER OF KIA AMERICA, INC. TO LOUISVILLE'S COMPLAINT

directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff or any duty owed to Plaintiff.

## FOURTH DEFENSE (LACHES)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as Plaintiff has unreasonably delayed in bringing this action and acquiesced in the issue about which it now complains.

## FIFTH DEFENSE (RATIFICATION)

Plaintiff's claims are barred, in whole or in part, because Plaintiff, through its acts, conduct, and omissions, ratified the alleged conduct of which it now complains.

## SIXTH DEFENSE (PREEMPTION)

To the extent Plaintiff's claims seek to impose liability for failure to install specific anti-theft devices or to comply with anti-theft regulations, its claims are preempted by the federal motor vehicle safety standards, including but not limited to, 49 CFR § 541 et seq. and 49 CFR § 571.114, with which Defendant complied.

## SEVENTH DEFENSE (NO FORESEEABILITY)

Plaintiff's claims are barred, in whole or in part, because the increased theft rate of the vehicles due to a social media craze was not foreseeable to Defendant.

## EIGHTH DEFENSE (CONTRIBUTORY/COMPARATIVE NEGLIGENCE)

Plaintiff's claims are barred, in whole or in part, and/or reduced by contributory or comparative negligence and contributory or comparative fault, for reasons including, but not limited to, Plaintiff's alleged injuries and/or damages were caused, in whole or in part, by its own failure to effectively enforce the law and prosecute violations thereof, and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

## NINTH DEFENSE (INTERVENING ACTS/CAUSATION)

Plaintiff is barred from recovery because its alleged injuries were directly and proximately caused by the criminal and tortious acts of third parties over whom Defendant had no control or right of control.

**TENTH DEFENSE (MISUSE)**

Plaintiff is not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the subject vehicles.

**ELEVENTH DEFENSE (USE IN DISREGARD OF INSTRUCTIONS)**

Plaintiff's claims are barred to the extent the subject vehicles were used in disregard of the instructions and directions regarding their use, and that such misuse was not foreseeable to Defendant.

**TWELFTH DEFENSE (ALTERATION OF PRODUCT)**

The subject vehicles may have been altered and changed after they left Defendant's possession, custody, and control, and as such, Defendant would not be liable for Plaintiff's alleged injuries.

**THIRTEENTH DEFENSE (NON-DEFECTIVE PRODUCT)**

The subject vehicles were neither defective nor unreasonably dangerous when they left Defendant's possession or control.

**FOURTEENTH DEFENSE (STATE OF THE ART)**

Plaintiff's claims are barred because the subject vehicles were manufactured, designed, tested, and labeled in a manner conforming to the generally recognized or prevailing state of relevant scientific and technological knowledge available at the time the vehicles were designed, manufactured, and placed on the market, and their benefits exceeded any associated risks.

**FIFTEENTH DEFENSE (FIRST AMENDMENT)**

Plaintiff's claims may be barred, in whole or in part, by the First Amendment to the Constitution of the United States. Defendant's representations, advertisements, and communications are entitled to protection under the United States Constitution.

**SIXTEENTH DEFENSE (ECONOMIC LOSS RULE)**

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

**SEVENTEENTH DEFENSE (MUNICIPAL COST RECOVERY RULE)**

Plaintiff's claims are barred, in whole or in part, under the municipal cost recovery rule.

**EIGHTEENTH DEFENSE (COGNIZABLE DAMAGES)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damage or injury.

**NINETEENTH DEFENSE (STANDING)**

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff lacks standing to recover damages.

**TWENTIETH DEFENSE (SPECULATIVE DAMAGES)**

Plaintiff's claims for damages are speculative, ambiguous, and illusory, and any award of damages against Defendant would be improper.

**TWENTY-FIRST DEFENSE (MITIGATION)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged losses or damages.

**TWENTY-SECOND DEFENSE (PRIMARY JURISDICTION)**

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

**TWENTY-THIRD DEFENSE (UNCLEAN HANDS)**

Plaintiff comes to the Court with unclean hands that preclude any award of equitable relief, including because: (1) Plaintiff failed to enforce the law to prevent thefts; (2) Plaintiff brought suit against Defendant rather than any single thief directly responsible for its alleged injuries; and (3) Plaintiff has attempted to impose private liability in a manner contrary to public policy and the public interest.

**TWENTY-FOURTH DEFENSE (ABATEMENT)**

Plaintiff's request for abatement is barred in whole or in part on one or more of the following grounds: (1) Plaintiff cannot demonstrate that any viable abatement

measures exist beyond those voluntarily undertaken by Defendant; and (2) Plaintiff improperly seeks damages disguised as an abatement fund.

## TWENTY-FIFTH DEFENSE (STATUTE OF LIMITATIONS AND REPOSE)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and of repose for each claim.

## TWENTY-SIXTH DEFENSE (RIPENESS)

Plaintiff's claims are not ripe and/or have been mooted.

## TWENTY-SEVENTH DEFENSE (LIMITATIONS, CAPS, AND SETOFFS)

Plaintiff's claims are barred, in whole or in part, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## TWENTY-EIGHTH DEFENSE (COLLATERAL SOURCE)

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

## TWENTY-NINTH DEFENSE (NO DUTY)

Defendant did not owe or breach any statutory or common law duty to Plaintiff.

## THIRTIETH DEFENSE (AUTHORITY)

Plaintiff's claims are barred to the extent that it lacks the statutory authority under respective state laws or its own applicable county or municipal codes or regulations.

## THIRTY-FIRST DEFENSE (SEPARATION OF POWERS)

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

## THIRTY-SECOND DEFENSE (PRUDENTIAL MOOTNESS)

Some or all of Plaintiff's claims are subject to the prudential mootness doctrine.

1              **THIRTY-THIRD DEFENSE (CAPACITY)**

2         Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity

3 to bring its claims, including claims indirectly maintained on behalf of its citizens and

4 claims brought as *parens patriae*.

5       **THIRTY-FOURTH DEFENSE (GOOD FAITH/PUNITIVE DAMAGES)**

6         Defendant cannot be held liable for any punitive, exemplary, or other similar

7 damages, because Defendant at all times made good faith efforts to comply with the

8 law. Defendant denies that punitive and/or exemplary damages against Defendant are

9 warranted, because at no time did Defendant act wrongfully or with malice, bad faith,

10 or reckless indifference toward Plaintiff.

11   **THIRTY-FIFTH DEFENSE (CONSTITUTIONAL LIMITS ON DAMAGES)**

12         Plaintiff's claims for punitive, aggravated, or exemplary damages or other civil

13 penalties are barred, in whole or in part, by the due process protections afforded by

14 the United States Constitution, the Excessive Fines Clause of the Eighth Amendment

15 of the United States Constitution, the Full Faith and Credit Clause of the United States

16 Constitution, and applicable provisions of the Constitution of any state whose laws

17 may apply.  Any law, statute or other authority purporting to permit the recovery of

18 punitive damages or civil penalties in this case is unconstitutional, facially and as

19 applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

20 standards to guide and restrain the jury's discretion in determining whether to award

21 punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness

22 in that it fails to provide adequate advance notice as to what conduct will result in

23 punitive damages or civil penalties; (3) unconstitutionally may permit recovery of

24 punitive damages or civil penalties based on harms to third parties, out-of-state

25 conduct, conduct that complied with applicable law, or conduct that was not directed,

26 or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit

27 recovery of punitive damages or civil penalties in an amount that is not both

28 reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the

amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendants under the constitutions of the United States and any state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## **RESERVATION OF DEFENSES**

Defendant has not knowingly or intentionally waived any applicable affirmative or other defenses and reserves the right to rely upon such defenses as may become available or apparent. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law and equity, that may now be or in the future will become available based on discovery or any other factual investigation concerning this action or any related action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief from judgment from Plaintiff as follows:

1. Plaintiff take nothing by reason of this Complaint;

2. Defendant recovers its costs and attorneys' fees incurred herein; and

3. For such further and other relief as the Court deems proper.

1  DATED:  April 12, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By /s/ Steven G. Madison
   Steven G. Madison (SBN: 101006)
   stevemadison@quinnemanuel.com
   Justin C. Griffin (SBN: 234675)
   justingriffin@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
   Telephone:   (213) 443-3000
   Facsimile:   (213) 443-3100

   *Attorneys for Defendant*
   *Kia America, Inc.*

ANSWER OF KIA AMERICA, INC. TO LOUISVILLE'S COMPLAINT