1  QUINN EMANUEL URQUHART & SULLIVAN LLP
2  Steven G. Madison (SBN: 101006)
   stevemadison@quinnemanuel.com
3  Justin C. Griffin (SBN: 234675)
   justingriffin@quinnemanuel.com
4  865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:    (213) 443-3100
7
8  *Attorneys for Defendant*
   *Hyundai Motor America*
9

10            **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12

13  IN RE: KIA HYUNDAI VEHICLE          Case No.: 8:22-ML-03052-JVS-(KESx)
    THEFT MARKETING, SALES
14  PRACTICES, AND PRODUCTS             **ANSWER OF DEFENDANT**
    LIABILITY LITIGATION               **HYUNDAI MOTOR AMERICA TO**
15                                      **CITY OF SYRACUSE'S**
                                        **COMPLAINT**
16  This document relates to:
                                        JURY DEMAND
17
                                        Judge: Hon. James V. Selna
18  *City of Syracuse, New York*
19  *v. Hyundai Motor Company, et al.*,
    Case No. 8:23-cv-02058-JVS-(KESx)
20
21
22
23
24
25
26
27
28

Defendant Hyundai Motor America ("HMA" or "Defendant") by and through its counsel, hereby submits its Answer to the Complaint filed by Plaintiff City of Syracuse, New York ("Plaintiff" or "Syracuse"). Unless expressly and specifically admitted, HMA denies each and every allegation made by Syracuse in its Complaint. HMA answers as follows:

## I.     INTRODUCTION[1,2]

1.     Answering Paragraph 1, Hyundai Motor Corporation ("HMC") and Kia Corporation ("KC") have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC, KC, or Kia America, Inc. ("KA," and collectively with KC, "the Kia Defendants") and therefore denies them. Answering further, Defendant responds that "inextricable link," "public safety," "sitting ducks," "simple," "massive," "public safety consequences," "across the nation," "business decision," "standard anti-theft technology," "initial steps," "communities nationwide," "Defendants," and "crime wave" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it is a car manufacturer. Answering further, Defendant admits that it has taken steps to discourage vehicle thefts. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them. Defendant denies

---

[1]   This document adopts the headings of Plaintiff's Complaint only for the Court's ease of reference. Defendant does not agree with or admit any statements alleged in the headings.

[2]   On January 18, 2024, the Court approved the Parties' joint stipulation to dismiss Hyundai Motor Company ("HMC") and Kia Corporation ("KC") from this action without prejudice. *See* Dkt. 292, Order Approving Stipulation re Voluntary Dismissal of Hyundai Motor Company and Kia Corporation and Discovery.

Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

2.       Answering Paragraph 2, Defendant responds that "largely," "most," "recent," and "glaring exception" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

3.       Answering Paragraph 3, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "most," "long after," "ignored," "industry-standard practices," and "in the name of profit" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it designed or manufactured the listed vehicle models, but admits that Defendant distributed model years 2011 through 2022 of the Hyundai-branded vehicles listed in this Paragraph.  Answering further, Defendant denies that all model years between 2011 and 2022 of the Hyundai-branded vehicles listed lacked engine immobilizers. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Kia vehicle models, and therefore denies them. Answering further, Defendant admits that the Complaint purportedly refers to the listed vehicle models as the "Susceptible Vehicles," but denies that characterization.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

4.    Answering Paragraph 4, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "easy," "Hyundai's and Kia's business decisions," "boost profits," "common anti-theft technology," "rash of thefts," "crime wave," "significant impact," "law enforcement operations," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that there exist online videos demonstrating how to steal certain Hyundai and Kia vehicles, and that, in some instances, those videos appear to have involved the use of a USB cable.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

5.    Answering Paragraph 5, Defendant responds that "modern technology" and "most" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

6.    Answering Paragraph 6, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "Kia," "unique," "most," "beyond them" and "public safety" are vague and ambiguous, and denies the

allegations on that basis.  Answering further, Defendant responds that the allegations are vague as to time and therefore denies them.  Answering further, Defendant denies that it is an automobile manufacturer.  Answering further, Defendant responds that this Paragraph asserts a legal conclusion regarding Canadian and European laws and/or regulations, and therefore no response is required.  To the extent a response is required, Defendant responds that the referenced laws and/or regulations speak for themselves.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

7.    Answering Paragraph 7, Defendant denies that it is an automobile manufacturer.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Kia-branded vehicles, and therefore denies the allegation.  Answering further, Defendant denies that for the 2015 model year, 26% of Hyundai-branded vehicles in the United States were equipped with engine immobilizers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to vehicles from other manufacturers, and therefore denies the allegation.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

8.    Answering Paragraph 8, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "Kia," "well-documented benefit," and "higher end" are vague and ambiguous, and denies the allegation on that basis.  Answering further, Defendant admits that all 2023 Hyundai-branded vehicles

distributed in the United States were equipped with engine immobilizers.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

9.     Answering Paragraph 9, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "Hyundai," "Kia," "public safety," "devastating," "industry-standard," "other reasonable anti-theft device," "such technology," and "floodgates," are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

10.     Answering Paragraph 10, Defendant responds that "[t]his epidemic," "nationwide," "[t]his trend," "other reasonable anti-theft measures," "crime wave," "coast to coast," and "pay the price" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to statistics reported by the Milwaukee Police Department, and therefore denies them. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

11.     Answering Paragraph 11, Defendant responds that "injuries," "increased violence," "reckless driving," "grave threat," "public safety," "law enforcement and emergency resources," and "deprives" are vague and ambiguous, and denies the

allegations on that basis.   Answering further, this Paragraph contains a legal conclusion regarding whether vehicle theft is a property crime, to which no response is required.  To the extent a response is required, the laws of the City of Syracuse and other cities speak for themselves.  Answering further, Defendant admits that reckless driving can sometimes result in injuries and/or death.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

12.   Answering Paragraph 12, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "skyrocketing rate," "drastically impacted," "dangerous conditions," "Hyundai's," "Kia's," and "reckless driving" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

13.   Answering Paragraph 13, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

Answering further, Defendant responds that "Defendants'," "could have been avoided," "industry-wide standards," and "other reasonable measures" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

14.    Answering Paragraph 14, Defendant responds that "increased," "other harms," "public safety," "growing burden," "many," "associated dangers," and "reckless driving" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## II.    JURISDICTION AND VENUE

### A.    Subject Matter Jurisdiction

15.    Answering Paragraph 15, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "multinational automakers" is vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that HMA and KA are headquartered in the State of California and that HMC and KC are headquartered in Seoul, South Korea. Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

### B.    Personal Jurisdiction

16.    Answering Paragraph 16, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that HMA and KA are incorporated and headquartered in the State of California, and

that HMA and KA have conducted business in the State of California and in the Central District of California. All allegations in this Paragraph not specifically admitted are denied.

17. Answering Paragraph 17, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which Defendant no response is required. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "substantially controls" is vague and ambiguous and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

### 1. HMC's and KC's Forum-Related Activities

18. HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that HMC is a South Korea-based company, but states that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

19. Answering Paragraph 19, HMC has been dismissed as a defendant from this case, and therefore no response is required. Answering further, Defendant responds that "recent" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant states that the First Amended Complaint filed on November 21, 2018 in *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co*., No. 2:17-cv-3010-JCM-GWF (D. Nev.), ECF No. 34, cited in footnote 5 of the Complaint, speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

20.    Answering Paragraph 20, HMC and KC have been dismissed as defendants from this case, and therefore no response is required.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and KC, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

21.    Answering Paragraph 21, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that "this market" is vague and ambiguous, and denies the allegation on that basis.   Answering further, Defendant admits that HMA is a subsidiary of HMC and that KA is a subsidiary of KC.  Defendant specifically denies that HMC and KC have sold any vehicles in the United States during the relevant time period.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

22.    Answering Paragraph 22, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant denies that it received over eight million of the Susceptible Vehicles from HMC or KC to sell in the United States.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed in this Paragraph, and

therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts contained in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

23. Answering Paragraph 23, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and KC, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that engine immobilizers are not required by law to sell vehicles in the United States. Answering further, Defendant responds that "passively" is vague and ambiguous and denies the allegation on that basis. Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

24. Answering Paragraph 24, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. Answering further, Defendant responds that "regularly" is vague and ambiguous and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

25. Answering Paragraph 25, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

them.  Answering further, Defendant responds that "instrumental roles," "analysis," and "decision-making processes" are vague and ambiguous, and therefore denies the allegations on that basis.   Answering further, HMA denies that it designs or manufactures vehicles.  All allegations in this Paragraph not specifically admitted are denied.

26.   Answering Paragraph 26, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "monitoring" and "reported" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that it is a subsidiary of HMC and that KA is a subsidiary of KC.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

## 2. HMC's and KC's Control Over Their Respective Subsidiaries

27.   Answering Paragraph 27, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "exercise control" and "formal and informal means" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

28.   Answering Paragraph 28, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC.  Answering further, Defendant admits that HMC has the power to appoint board members to HMA and has exercised this power.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

29.     Answering Paragraph 29, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC, and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 7 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

30.     Answering Paragraph 30, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 8 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

31.     Answering Paragraph 31, KC has been dismissed as a defendant from the case, and therefore no response is required as to allegations directed to KC.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

32.     Answering Paragraph 32, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC.  To the extent a response is required, Defendant responds that "[s]enior executives in South Korea" and "regularly" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that HMC employees have visited HMA's California headquarters.  Answering further, Defendant admits that HMA's and KA's headquarters are located in the Central District of California.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

33.     Answering Paragraph 33, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.  To the extent a response is required, Defendant responds that "frequently" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that José Muñoz is the current President and Global Chief Operating Officer of HMC, however, Defendant denies that he is the President and CEO of HMA. Answering further, Defendant admits that Brian Latouf is the current President and Global Chief Safety and Quality Officer of Hyundai Motor Group.  All allegations in this Paragraph not specifically admitted are denied.

34.     Answering Paragraph 34, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

35.     Answering Paragraph 35, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that "control the public name and brand" is vague and ambiguous and denies the allegation on that

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

basis.   Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

### C.   Venue

36.   Answering Paragraph 36, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that HMA and KA are headquartered in the Central District of California.  Answering further, Defendant denies that it has research and development offices in the Central District of California.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC and the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

### III.   PARTIES

### A.   Plaintiff

37.   Answering Paragraph 37, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

38.   Answering Paragraph 38, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

## B.    Defendants

### 1.    Hyundai Motor Company

39.    Answering Paragraph 39, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant admits that HMC is headquartered in Seoul, South Korea.  Answering further, Defendant responds that "multinational automaker" and allegations that the "Hyundai Motor Group" "designs, manufactures, and distributes the Susceptible Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that HMA is a subsidiary of HMC.  All allegations in this Paragraph not specifically admitted are denied.

### 2.    Hyundai Motor America

40.    Answering Paragraph 40, Defendant denies that it designs, manufactures, or directly services new motor vehicles under the Hyundai brand in the United States.  Answering further, Defendant admits that it distributes Hyundai-brand vehicles in the United States.  Answering further, Defendant admits that it is incorporated and headquartered in the State of California, and that its principal place of business is located at 10550 Talbert Avenue, Fountain Valley, California. Answering further, Defendant admits that it distributes, markets, warrants, and oversees regulatory compliance and warranty claims through a network of over 800 dealers throughout the United States from its headquarters in California.  Answering further, Defendant denies that it leases vehicles.  Answering further, Defendant admits that it engages in business in California, but states that whether that business is "continuous and substantial" is a legal conclusion to which no response is required. All allegations in this Paragraph not specifically admitted are denied.

### 3.    Kia Corporation

41.    Answering Paragraph 41, KC has been dismissed as a defendant from the case, and therefore no response is required as to allegations directed to KC.

Answering further, Defendant responds that "multinational automaker" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that KC is headquartered in Seoul, South Korea.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations directed to the Kia Defendants, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

### 4.   Kia America, Inc.

42.   Answering Paragraph 42, Defendant admits that KA is incorporated and headquartered in the State of California.  Answering further, Defendant admits that KA engages in business in California, but states that whether that business is "continuous and substantial" is a legal conclusion to which no response is required. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph pertaining to KA, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

## IV.   THE KIA HYUNDAI THEFT WAVE

### A.   Measures to Prevent Vehicle Thefts Have Existed for over a Century

43.   Answering Paragraph 43, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

44.   Answering Paragraph 44, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the document cited in footnote 12 of the Complaint, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

45.     Answering Paragraph 45, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

46.     Answering Paragraph 46, Defendant states that the paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

47.     Answering Paragraph 47, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   To the extent Plaintiff's allegations rely on the document cited in footnote 14 of the Complaint, the document speaks for itself. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

48.     Answering Paragraph 48, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that the National Traffic and Motor Vehicle Safety Act was passed in 1966. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

49.     Answering Paragraph 49, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that the National Highway Traffic Safety Administration ("NHTSA") has promulgated numerous Federal Motor Vehicle Safety Standards ("FMVSS"), including FMVSS 114. Answering further, Defendant responds that the text of

FMVSS 114 speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

50.     Answering Paragraph 50, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, to the extent that Plaintiff's allegations rely on the document cited in footnote 18 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

51.     Answering Paragraph 51, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the documents cited in footnotes 19, 20, and 21 of the Complaint, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

52.     Answering Paragraph 52, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "industry-standard," "most effective," "rampant," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that there is an ongoing public nuisance.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 22 of the

Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

53.    Answering Paragraph 53, Defendant responds that "increased dramatically," "dramatic," and "most common" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

54.    Answering Paragraph 54, Defendant responds that "crisis," "elevated rates," "relative ease," and "trend" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, to the extent Plaintiff's allegations rely on the documents cited in footnotes 25 and 26 of the Complaint, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

55.    Answering Paragraph 55, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on the documents cited in footnotes 27 and 28 of the Complaint, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

56.    Answering Paragraph 56, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

57.    Answering Paragraph 57, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely on

the document cited in footnote 29 of the Complaint, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

58.    Answering Paragraph 58, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the laws and regulations of the European Union, Australia, New Zealand, and Canada speak for themselves.  Answering further, Defendant responds that "successful" is vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

59.    Answering Paragraph 59, Defendant responds that "industry standard" is vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 31 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

60.    Answering Paragraph 60, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 32 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

61.    Answering Paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the documents cited in footnotes 33 and 34 of the Complaint, the documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

### B. Hyundai and Kia Deviated from the Industry Standard by Electing Not to Include Immobilizers in the Susceptible Vehicles

62.     Answering Paragraph 62, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the documents cited in footnotes 35, 36, and 37 of the Complaint, the documents speak for themselves.  Answering further, Defendant responds that "decreased significantly" and "sometimes targeting" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

63.     Answering Paragraph 63, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to the Kia Defendants, and therefore denies them.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 38 of the Complaint, the document speaks for itself.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  Answering further, Defendant responds that "significantly reduced" and "public safety" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

64.     Answering Paragraph 64, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "low," "this same time period," "Hyundai," and "Kia" are vague and ambiguous, and denies the allegations on that

basis.  Defendant further denies that HMA installed immobilizers in vehicles for sale in the European and Canadian markets.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

65.    Answering Paragraph 65, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "benefits of installing immobilizers in the American market," "Hyundai," and "efficacy" are vague and ambiguous, and denies the allegations on that basis.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that the regulation cited by Plaintiff in footnote 40 of the Complaint, and the Federal Register sections cited by Plaintiff in footnote 41 of the Complaint, speak for themselves.  Answering further, Defendant admits that places where stolen cars are disassembled so that their parts can be sold are sometimes known as "chop shops," and that in some cases, immobilizers can reduce vehicle theft.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

66.    Answering Paragraph 66, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "unquestionable benefit," "Hyundai," "Kia," "more expensive," "higher end," and "harm" are vague and ambiguous, and

denies the allegations on this basis.  Defendant admits that an immobilizer was offered on certain model years of the Azera.  To the extent Plaintiff's allegations rely upon the document cited in footnote 42 of the Complaint, the document speaks for itself.  Answering further, Defendant denies Plaintiff's characterization of the facts of this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

67.    Answering Paragraph 67, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 43 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

68.    Answering Paragraph 68, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "simple," "highly effective," "other reasonable anti-theft measure," "vast majority," "nearly all," "epidemic" and "plaguing" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that the alleged circumstances experienced by the Plaintiff were foreseeable and that Defendant's conduct "led to the epidemic plaguing Plaintiff," and denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## C.    The Lack of Industry Standard Anti-Theft Devices in Most Hyundai and Kia Vehicles Has Led to a Wave of Thefts

69.    Answering Paragraph 69, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Kia," "Hyundai," "flout," "industry standard," "reasonable anti-theft measures," "more susceptible," and "other models" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the "relative" rates at which "other models" were stolen, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

70. Answering Paragraph 70, Defendant responds that "this progression," "reckless driving," "unsecure," and "explosion" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that videos were posted online depicting thefts of Hyundai- and Kia-branded vehicles, and that in some instances the individuals posting such videos identified themselves as part of the "Kia Boyz," however, Defendant is without knowledge or information sufficient to form a belief as to when such videos were first posted online, and therefore denies the allegation on that basis. Defendant further admits that some videos posted online depicted the breaking of a window, removal of the plastic cowl under a steering column, and use of a USB connector. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiffs' characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

71. Answering Paragraph 71, Defendant responds that "unsecure," "all too predictable," "skyrocketed," "dramatic increase," "unique," "[t]his trend," and "nationwide" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form

-24-

a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

### D.    Car Thefts Imperil Public Safety

72.    Answering Paragraph 72, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "public safety," "rash of car thefts," and "substantial risk," are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

73.    Answering Paragraph 73, this Paragraph contains a legal conclusion to which no response is required. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely upon the document cited in footnotes 50, 51, and 52 of the Complaint, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

74.    Answering Paragraph 74, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants',"  "increase," "substantial decrease," "reasonable anti-theft measures," "clear rise," "driven recklessly," "joyriding" and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that reckless driving can pose a risk to operators of the vehicle, as well as other drivers or pedestrians, but denies that Defendant's conduct caused a rise in automobile thefts, and states that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

75.  Answering Paragraph 75, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "rash of car thefts," "substantial risk," and "public safety" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them.  Answering further, Defendant denies that it created, facilitated, and/or otherwise contributed to a rash of car thefts, and denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

76.  Answering Paragraph 76, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant

responds that "the comfortable enjoyment of life, health, and safety of others," "reckless," "recent wave," "joyriding," and "recklessly" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that certain online videos depict thefts of Hyundai- or Kia-branded vehicles, and that some of the videos depict incidents appearing to take place during the day, while others appear to take place at night.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them, and denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

77.    Answering Paragraph 77, Defendant responds that "this dangerous conduct," "very real dangers," "this phenomenon," and "joyriding," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that certain videos posted on social media platforms appear to depict criminals driving through school zones and crowds of bystanders or hitting other cars. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

78.    Answering Paragraph 78, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 57 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

79.    Answering Paragraph 79, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "substantial risk to public safety" is vague and ambiguous and denies

the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

80.    Answering Paragraph 80, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that "reckless driving," "substantial risk, and "physical harm," are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

81.    Answering Paragraph 81, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that "[t]his risk" is vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**E.    Car Thefts Drain Public Resources and Frustrate Public Policy**

82.    Answering Paragraph 82, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that there exists a public nuisance.  Answering further, Defendant responds that "significant time and resources" is vague and ambiguous and denies the allegation on that basis.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

83.    Answering Paragraph 83, Defendant responds that "police and emergency resources," "fewer," "combatting," "other crimes," "enhancing", and

"community safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

84.     Answering Paragraph 84, Defendant responds that "skyrocketing" and "nationwide" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that some insurance companies are refusing to write policies for certain Hyundai models in certain locales.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## V.     THE CONTINUING PUBLIC NUISANCE AND DEFENDANTS' LATE, INSUFFICIENT RESPONSE

85.     Answering Paragraph 85, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "rampant thefts," "rise," "impacting," "nationwide," and "years" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

86.     Answering Paragraph 86, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

87.     Answering Paragraph 87, Defendant responds that HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required,

Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants'," "crises," "prioritize profits over safety," "entirely effective," "used in connection with," and "are not set up" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that it has not initiated a recall of vehicles without engine immobilizers and has provided wheel locks free of charge to municipalities and consumers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

88.    Answering Paragraph 88, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "[m]ore recently" and "Hyundai and Kia" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that it has rolled out a software update for some vehicles without engine immobilizers, and that some vehicles without engine immobilizers are not eligible for the update.  Answering further, to the extent Plaintiff's allegations rely upon the documents cited in footnotes 72 and 73 of the Complaint, those documents speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

89.    Answering Paragraph 89, the Consumer Class Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, Dkt. No. 166, dated July 20,

2023 speaks for itself.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

90.   Answering Paragraph 90, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "Kia" and "Hyundai" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it created a nuisance.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  To the extent Plaintiff's allegations rely upon the document cited in footnote 75 of the Complaint, the document speaks for itself.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

91.   Answering Paragraph 91, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "efficacy," "proven in the real world," "numerous reports," "Kia," "Hyundai," and "software logic fails" are vague and ambiguous, and denies the allegation on that basis.  Answering further, Defendant denies that for those vehicles not covered by the software update that it is "offering nothing more than steering wheel locks, or rebates for already purchased wheel locks."  Answering further, Defendant denies that there is an "underlying safety flaw" for the steering wheel locks to correct.  Answering

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

further, Defendant also denies that offering consumers steering wheel locks "would impermissibly shift the responsibility for fixing this problem from the company to the individual vehicle owners." Answering further, Defendant denies that it has received some reports of vehicles being stolen after having received the software update in a manner the update was designed to address. Answering further, to the extent Plaintiff's allegations rely upon the document cited in footnotes 77 or 78 of the Complaint, those documents speak for themselves. Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

92.     Answering Paragraph 92, Defendant responds that "significantly inconvenience," "interfere with the usability," and "many everyday situations" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Kia Defendants, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

93.     Answering Paragraph 93, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants'," "significant issues," "starting system flaw," "vulnerable," and "public safety" are vague and ambiguous, and denies the allegations on that basis. Defendant admits that certain Hyundai-branded vehicles without engine immobilizers are not presently eligible for the software update, and that certain Attorneys General sent a letter dated April 20, 2023. Answering further, to the extent Plaintiff relies on the documents cited in footnotes 79, 80, and 81 of the Complaint, the documents speak for themselves. Answering

further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

94.     Answering Paragraph 94, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   To the extent Plaintiff relies on the document cited at Paragraph 94 of the Complaint, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

95.     Answering Paragraph 95, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations therein.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "communities nationwide," "harmful downstream consequences," "Hyundai," "Kia," "business decisions," "reasonable anti-theft measures," "paying the price," "widespread harms," "public health and safety," and "boost profits" are vague and ambiguous, and denies the allegations on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and denies them on that basis. Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

96.     Answering Paragraph 96, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them.   Answering further, Defendant responds that "Hyundai," "crisis," "source of revenue," "Defendants," "could have," "should have," "industry standard," "chose to make money," and "crime wave" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it could have implemented a mandatory recall.  Answering further, Defendant denies that it sold security kits for $170.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

97.   Answering Paragraph 97, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them.   Answering further, Defendant responds that "Hyundai," "Kia," "recent," and "susceptible to theft" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant admits that it has not implemented a recall, but denies the characterization that a recall was mandatory.  All allegations in this Paragraph not specifically admitted are denied.

98.   Answering Paragraph 98, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them.  Answering further, Defendant responds that "Defendants," "reasonable anti-theft measures," "elected profits over safety," and "industry standard," are vague and ambiguous, and denies the allegations on that

basis.   Answering further, Defendant denies that it created a public nuisance. Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

## VI.   IMPACTS ON PLAINTIFF

99.   Answering Paragraph 99, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant responds that "skyrocketing" and "exploding" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

100.   Answering Paragraph 100, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

101.   Answering Paragraph 101, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

102.   Answering Paragraph 102, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

103.   Answering Paragraph 103, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   Answering further, Defendant responds

that "high rate," "increased threats," and "public safety" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

104.  Answering Paragraph 104, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

105.  Answering Paragraph 105, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "skyrocket" and "safely park" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

106.  Answering Paragraph 106, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "[t]he rise," "critical," "necessarily diverts," "other important duties," "policing streets," "other crimes," and "investigating and prosecuting," are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

107.  Answering Paragraph 107, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, Defendant responds that "path of crime" is vague and ambiguous and denies the allegations on that basis.

-36-

Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the document cited in footnotes 90 and 91 of the Complaint, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

## VII.   CAUSES OF ACTION

### COUNT ONE - COMMON LAW PUBLIC NUISANCE

108.   Answering Paragraph 108, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

109.   Answering Paragraph 109, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "dangerously susceptible to theft," and "substantially interferes" are vague and ambiguous and denies the allegation on that basis. Answering further, Defendant denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

110.   Answering Paragraph 110, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

111.   Answering Paragraph 111, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants'," "conduct," "interfered," "endangered," and "safety, health, and

comfort" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

112. Answering Paragraph 112, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "undermined," "diverted," and "scarce law enforcement resources" are vague and ambiguous and denies the allegation on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

113. Answering Paragraph 113, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" and "record rates" are vague and ambiguous and denies the allegation on that basis. Answering further, Defendant denies that it manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

114. Answering Paragraph 114, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "increased risk," "hazards and dangers," "successfully," "considerable deterrent effects," and "public harms" are vague and ambiguous and denies the

allegation on that basis.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  Answering further, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

115.  Answering Paragraph 115, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "their conduct," "increase," and "detrimental effect on the safety, welfare, peace, comfort, and convenience of the general public" are vague and ambiguous and denies the allegation on that basis.  All allegations in this Paragraph not specifically admitted are denied.

116.  Answering Paragraph 116, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "business practices," "significant increase," "reckless driving," "peaceful use," "undermining law enforcement efforts," "diverting law enforcement resources," and "interfering with commerce, travel, and the quality of daily life," are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

117.  Answering Paragraph 117, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each

Defendant," "substantially interfered," "substantially interfere," and "rights common to all" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

118.   Answering Paragraph 118, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Defendant denies that there exists a public nuisance and Defendant denies that it created and/or maintained a public nuisance.   Answering further, Defendant responds that "Defendants' conduct," "significant expenditures for police and other services," "economic damages," "particular," and "different in kind to the harms suffered" are vague and ambiguous and denies the allegation on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and therefore denies them.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

119.   Answering Paragraph 119, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

120.   Answering Paragraph 120, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "expenditures," "over and above its ordinary public services," and "Defendants'" are vague and ambiguous and denies the allegation on that basis.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

121.   Answering Paragraph 121, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.   Answering further, Defendant responds that "Defendants" and "economic damages" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

## COUNT TWO - NEGLIGENCE

122.   Answering Paragraph 122, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.   All allegations in this Paragraph not specifically admitted are denied.

123.   Answering Paragraph 123, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

"Defendants," "take all reasonable steps necessary," and "so easy to steal" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs or manufactures vehicles.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

124.   Answering Paragraph 124, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants" and "unreasonable risk of harm" are vague and ambiguous and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

125.   Answering Paragraph 125, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers," "reasonable anti-theft measures," and "public harm" are vague and ambiguous and denies the allegations on that basis.   Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

126.   Answering Paragraph 126, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore

denies them.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "reasonable anti-theft measures," "injuries," "dangerous and unreasonable risk of injury," "best position,"  and "rise" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff has been injured, and therefore denies the allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

127.  Answering Paragraph 127, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "had reason to know," "reasonable anti-theft measures," and "injuries" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and the Kia Defendants, and therefore denies them.  Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

128.  Answering Paragraph 128, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.  Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "Defendants," "reasonable care," "act as a reasonably prudent person and/or

company," "research," "development," "testing," and "reasonable anti-theft measures" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

129. Answering Paragraph 129, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, "Defendants," "in control," "research," and "testing" are vague and ambiguous, and Defendant denies the allegations on that basis. Answering further, Defendant denies that it designs or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

130. Answering Paragraph 130, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. To the extent a response is required, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC or the Kia Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "should have known," "injuries," "reasonable care," "recognition," and "effective deterrent" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it manufactures vehicles. Answering further, Defendant denies

Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

131. Answering Paragraph 131, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "failing to monitor and guard," and "enabled such misconduct" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

132. Answering Paragraph 132, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations related to Plaintiff's alleged injuries, harms, and economic losses, and therefore denies them. Answering further, Defendant responds that "Defendants," "unreasonably," "their conduct," and "injuries, harms, and economic damages," are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

133. Answering Paragraph 133, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that

-45-

"Defendants'," "acts and omissions," and "unreasonable risk of harm" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

134. Answering Paragraph 134, HMC and KC have been dismissed as defendants from this case. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" and "injuries, harms, and economic damages," are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Plaintiff's alleged injuries, and therefore denies them. Answering further, Defendant denies that it acted negligently. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

135. Answering Paragraph 135, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant denies that it has committed wrongful acts or omissions, or that its conduct was the proximate cause of any of Plaintiff's alleged injuries. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Plaintiff's alleged injuries, and therefore denies them. Answering further, Defendant responds that "Defendants," "acts and omissions," and "economic damages" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.

136.   Answering Paragraph 136, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants," "reckless disregard," and "probable dangerous consequences" are vague and ambiguous, and denies the allegation on that basis.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

137.   Answering Paragraph 137, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "Defendants' conduct," "reckless disregard," "public safety," "managing agents," and "adopted or approved" are vague and ambiguous and denies the allegatiosn on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

138.   Answering Paragraph 138, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur," are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

139.   Answering Paragraph 139, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant responds that "expenditures," "over and above its ordinary public services," and "Defendants'" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

140.   Answering Paragraph 140, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant responds that "each Defendant," "substantial factor," and "producing harm" are vague and ambiguous and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

141.   Answering Paragraph 141, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC.   Answering further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant responds that "Defendants'," "reckless disregard," and "public safety" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

142.   Answering Paragraph 142, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant denies that it manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

## **RESPONSE TO PRAYER FOR RELIEF**

143. Answering Paragraph 143, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

144. Answering Paragraph 144, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

145. Answering Paragraph 145, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

146. Answering Paragraph 146, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

147. Answering Paragraph 147, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

148. Answering Paragraph 148, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

149. Answering Paragraph 149, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

150. Answering Paragraph 150, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

151. Answering Paragraph 151, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

152.   Answering Paragraph 152, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

## RESPONSE TO JURY TRIAL DEMAND

153.   Answering Paragraph 153, Defendant admits that Plaintiff City of Syracuse purports to demand a jury trial.  Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all causes of action, claims, and issues so triable.

## STATEMENT OF DEFENSES

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular defense, or that any particular issue or subject matter herein is relevant to Plaintiff's claims.

## FIRST DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiff fails to state a claim for which relief can be granted.

## SECOND DEFENSE (PROXIMATE CAUSE)

No act or omission of Defendant was the legal or proximate cause of any injury alleged by Plaintiff.

## THIRD DEFENSE (COMPLIANCE)

At all relevant times, Defendant acted in good faith and in accordance with all applicable statutory and common law obligations.  Moreover, Defendant did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff or any duty owed to Plaintiff.

## FOURTH DEFENSE (LACHES)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as Plaintiff has unreasonably delayed in bringing this action and acquiesced in the issue about which it now complains.

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

**FIFTH DEFENSE (RATIFICATION)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff, through its acts, conduct, and omissions, ratified the alleged conduct of which it now complains.

**SIXTH DEFENSE (PREEMPTION)**

To the extent Plaintiff's claims seek to impose liability for failure to install specific anti-theft devices or to comply with anti-theft regulations, its claims are preempted by the federal motor vehicle safety standards, including but not limited to, 49 CFR § 541 et seq. and 49 CFR § 571.114, with which Defendant complied.

**SEVENTH DEFENSE (NO FORESEEABILITY)**

Plaintiff's claims are barred, in whole or in part, because the increased theft rate of the vehicles due to a social media craze was not foreseeable to Defendant.

**EIGHTH DEFENSE (CONTRIBUTORY/COMPARATIVE NEGLIGENCE)**

Plaintiff's claims are barred, in whole or in part, and/or reduced by contributory or comparative negligence and contributory or comparative fault, for reasons including, but not limited to, Plaintiff's alleged injuries and/or damages were caused, in whole or in part, by its own failure to effectively enforce the law and prosecute violations thereof, and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

**NINTH DEFENSE (INTERVENING ACTS/CAUSATION)**

Plaintiff is barred from recovery because its alleged injuries were directly and proximately caused by the criminal and tortious acts of third parties over whom Defendant had no control or right of control.

**TENTH DEFENSE (MISUSE)**

Plaintiff is not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the subject vehicles.

**ELEVENTH DEFENSE (USE IN DISREGARD OF INSTRUCTIONS)**

Plaintiff's claims are barred to the extent the subject vehicles were used in disregard of the instructions and directions regarding their use, and that such misuse was not foreseeable to Defendant.

**TWELFTH DEFENSE (ALTERATION OF PRODUCT)**

The subject vehicles may have been altered and changed after they left Defendant's possession, custody, and control, and as such, Defendant would not be liable for Plaintiff's alleged injuries.

**THIRTEENTH DEFENSE (NON-DEFECTIVE PRODUCT)**

The subject vehicles were neither defective nor unreasonably dangerous when they left Defendant's possession or control.

**FOURTEENTH DEFENSE (STATE OF THE ART)**

Plaintiff's claims are barred because the subject vehicles were manufactured, designed, tested, and labeled in a manner conforming to the generally recognized or prevailing state of relevant scientific and technological knowledge available at the time the vehicles were designed, manufactured, and placed on the market, and their benefits exceeded any associated risks.

**FIFTEENTH DEFENSE (FIRST AMENDMENT)**

Plaintiff's claims may be barred, in whole or in part, by the First Amendment to the Constitution of the United States.  Defendant's representations, advertisements, and communications are entitled to protection under the United States Constitution.

**SIXTEENTH DEFENSE (ECONOMIC LOSS RULE)**

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

**SEVENTEENTH DEFENSE (MUNICIPAL COST RECOVERY RULE)**

Plaintiff's claims are barred, in whole or in part, under the municipal cost recovery rule.

## EIGHTEENTH DEFENSE (COGNIZABLE DAMAGES)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damage or injury.

## NINETEENTH DEFENSE (STANDING)

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff lacks standing to recover damages.

## TWENTIETH DEFENSE (SPECULATIVE DAMAGES)

Plaintiff's claims for damages are speculative, ambiguous, and illusory, and any award of damages against Defendant would be improper.

## TWENTY-FIRST DEFENSE (MITIGATION)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged losses or damages.

## TWENTY-SECOND DEFENSE (PRIMARY JURISDICTION)

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## TWENTY-THIRD DEFENSE (UNCLEAN HANDS)

Plaintiff comes to the Court with unclean hands that preclude any award of equitable relief, including because: (1) Plaintiff failed to enforce the law to prevent thefts; (2) Plaintiff brought suit against Defendant rather than any single thief directly responsible for its alleged injuries; and (3) Plaintiff has attempted to impose private liability in a manner contrary to public policy and the public interest.

## TWENTY-FOURTH DEFENSE (ABATEMENT)

Plaintiff's request for abatement is barred in whole or in part on one or more of the following grounds: (1) Plaintiff cannot demonstrate that any viable abatement measures exist beyond those voluntarily undertaken by Defendant; and (2) Plaintiff improperly seeks damages disguised as an abatement fund.

**TWENTY-FIFTH DEFENSE (STATUTE OF LIMITATIONS AND REPOSE)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and of repose for each claim.

**TWENTY-SIXTH DEFENSE (RIPENESS)**

Plaintiff's claims are not ripe and/or have been mooted.

**TWENTY-SEVENTH DEFENSE (LIMITATIONS, CAPS, AND SETOFFS)**

Plaintiff's claims are barred, in whole or in part, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**TWENTY-EIGHTH DEFENSE (COLLATERAL SOURCE)**

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

**TWENTY-NINTH DEFENSE (NO DUTY)**

Defendant did not owe or breach any statutory or common law duty to Plaintiff.

**THIRTIETH DEFENSE (AUTHORITY)**

Plaintiff's claims are barred to the extent that it lacks the statutory authority under respective state laws or its own applicable county or municipal codes or regulations.

**THIRTY-FIRST DEFENSE (SEPARATION OF POWERS)**

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

**THIRTY-SECOND DEFENSE (PRUDENTIAL MOOTNESS)**

Some or all of Plaintiff's claims are subject to the prudential mootness doctrine.

**THIRTY-THIRD DEFENSE (CAPACITY)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and claims brought as *parens patriae*.

**THIRTY-FOURTH DEFENSE (GOOD FAITH/PUNITIVE DAMAGES)**

Defendant cannot be held liable for any punitive, exemplary, or other similar damages, because Defendant at all times made good faith efforts to comply with the law. Defendant denies that punitive and/or exemplary damages against Defendant are warranted, because at no time did Defendant act wrongfully or with malice, bad faith, or reckless indifference toward Plaintiff.

**THIRTY-FIFTH DEFENSE (CONSTITUTIONAL LIMITS ON DAMAGES)**

Plaintiff's claims for punitive, aggravated, or exemplary damages or other civil penalties are barred, in whole or in part, by the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of any state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the

amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in postverdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendants under the constitutions of the United States and any state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Prod. Corp. v. Alliance Res., Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## <u>RESERVATION OF DEFENSES</u>

Defendant has not knowingly or intentionally waived any applicable affirmative or other defenses and reserves the right to rely upon such defenses as may become available or apparent.  Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law and equity, that may now be or in the future will become available based on discovery or any other factual investigation concerning this action or any related action.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant prays for relief from judgment from Plaintiff as follows:

1. Plaintiff take nothing by reason of this Complaint;

2. Defendant recovers its costs and attorneys' fees incurred herein; and

3. For such further and other relief as the Court deems proper.

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT

DATED:  April 12, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Steven G. Madison
    Steven G. Madison (SBN: 101006)
    stevemadison@quinnemanuel.com
    Justin C. Griffin (SBN: 234675)
    justingriffin@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100

*Attorneys for Defendant*
*Hyundai Motor America*

ANSWER OF HYUNDAI MOTOR AMERICA TO SYRACUSE'S COMPLAINT