Gretchen Freeman Cappio (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to*:<br><br>Governmental Entities Actions | Case No. 8:22-ML-3052-JVS(KESx)<br><br>The Honorable James V. Selna<br><br>**JOINT STATUS REPORT REGARDING APRIL 18, 2024, STATUS CONFERENCE** |

At a Status Conference held on February 28, 2024, and in the subsequent Minutes thereof, Dkt. 318, the Court set a further status conference for April 18, 2024, and instructed the parties to meet and confer regarding (1) a proposed briefing schedule concerning any bellwether procedure, and (2) fact sheets for the completion of structural and foundational discovery. The Court instructed the parties to make a joint submission on April 15, 2024. Pursuant to the Court's instructions and the Parties' joint proposed Case Management Order, Dkt. 348, this joint submission addresses these matters and one additional item the Court raised at the February 28 hearing: the appointment of a discovery special master.

## 1. BRIEFING SCHEDULE REGARDING BELLWETHER PROCEDURE

The parties propose that the Court set a status conference for August 29, 2024, to consider a bellwether procedure, including whether it is appropriate to use bellwethers in the first instance, and if so, the process for selection.  In advance of that conference, the parties propose a joint submission of respective positions concerning applicability and selection procedure no later than August 22, 2024.  The parties' respective position statements shall each be no more than 2.5 pages in length.

## 2. FACT SHEETS/QUESTIONNAIRES

The parties met and conferred and were unable to reach agreement on the questionnaire directed to the GE Plaintiffs (the PFS) or the questionnaire directed to Defendants (the DFS).  The parties agree to submit this dispute to the court-appointed Special Master at a later date, if permitted to do so by this Court, but include a summary of the issues here.

<u>GE Plaintiffs' Dispute</u>

GE Plaintiffs propose fact sheets that tracks—in many cases verbatim—the topics the parties already agreed are proper subjects of structural and foundational discovery. Dkt. No. 348-1 ("Joint [Proposed] CMO __").

***Plaintiff Fact Sheet*** GE Plaintiffs' proposed PFS includes a thorough collection of the information covered by the agreed-upon topics. Each question was drafted to provide the parties with the information needed to select bellwether(s). GE Plaintiffs drew from the fact sheets entered in other GE public nuisance actions, including the MDLs concerning youth vaping, social media companies, and opioid manufacturers, and, where appropriate, the fact sheets in *Toyota Acceleration*. GE Plaintiffs also endeavored to draft the PFS in terms a layperson could verify.

In contrast, Defendants propose a PFS with tens of questions, most of which are comprised of convoluted, multi-level subparts that would be far beyond what Defendants could ask for under the Federal Rules, even in Phase II. For example,

Defendants seek a broad swath of information about arrests, prosecutions, deferrals, recidivism, and suspect information, including as to juveniles, regarding 24 categories of crimes, including vehicles other than those at issue, spanning over a decade—long before the rash of thefts began. *See* Ex. C (Defs.' PFS) at III.B (Crime Data and Related Information).[1] Defendants also seek information far beyond the agreed-upon topics for Phase I, including data about GE Plaintiffs' population, restitution, abatement, non-prosecutions, communications with social media companies, and vehicle registrations, to name just a few.

**Defendant Fact Sheet** The parties reached agreement on many core questions in the proposed DFS. However, the parties disagree about whether the foreign parents must answer the structural discovery questions and whether certain questions must be limited beyond the topics the parties agreed to in the CMO.

Defendants' Dispute

**The Plaintiff Questionnaire.** Defendants' proposal (Ex. C) complies with the scope of discovery permitted by the CMO in both structure and content.[2] The information Defendants seek is necessary to allow Defendants to (a) meaningfully participate in the bellwether selection process, including determining whether bellwethers are appropriate; (b) evaluate claims and potential defenses; (c) tailor future discovery requests; and (d) to understand crime and related data, which may serve as a benchmark to rule out confounding patterns such as changes in policing and enforcement, as well as determine if any alleged increase in expenditures occurred as a result of Defendants' alleged conduct. GE Plaintiffs rejected Defendants'

---

[1] Defendants sent Exhibit C at 11:51pm of the day the filing was due, which substantially revised the previous version they provided to GE Plaintiffs. As such, GE Plaintiffs reserve all rights to respond after reviewing the new version.

[2] *See, e.g.*, Dkt. 348-1 at 4–5 (setting forth the Parties' agreed upon structural discovery topics); *id.* at 5–6 (setting forth the Parties' agreed upon foundational discovery topics); *id.* (requiring that each party complete and serve upon the opposing party a single questionnaire).

proposal outright and prepared their own, alternative questionnaire with their preferred topics (Ex. B).  But GE Plaintiffs' version narrows the scope of the requests, failing to provide information with sufficient granularity to be useful for determining whether bellwethers are appropriate, or (if so) which municipalities are good candidates.

*__The Defendant Questionnaire.__* Defendants objections to the questionnaire (Ex. A) include but are not limited to the following: (1) Plaintiffs seek to require HMC and KC, non-parties to this litigation, to respond to the questionnaire; (2) Plaintiffs seek the production of documents in the questionnaire, in violation of the parties agreement that document production will take place *after* questionnaires are completed;[3] (3) Plaintiffs seek information about the distribution of vehicles outside of the United States as well as the geographical bounds of the GE Plaintiffs; and (5) the temporal scope of the questionnaire is overly broad and unduly burdensome.

## 3. APPOINTMENT OF A DISCOVERY MASTER

The parties agree that the litigation would be well served by the appointment of an experienced neutral to serve as a discovery master.  However, having met and conferred, the parties have not yet been able to reach agreement on a specific individual.  The parties agree to submit a proposal to the Court by April 17, 2024.

---

[3] *See, e.g.,* Dkt. 348 at 3:3 lines 3–24 ("Phase 1 discovery shall take place via the exchange of fact sheets or questionnaires ('Fact Sheets'), *followed* by 30(b)(6) depositions and *written discovery*") (emphasis added).

1

2  RESPECTFULLY SUBMITTED this 16TH DAY OF APRIL, 2024.

3  /s/ Gretchen Freeman Cappio

4  Gretchen Freeman Cappio (*pro hac vice*)
   KELLER ROHRBACK L.L.P.
5  1201 Third Avenue, Suite 3200
   Seattle, WA 98101-3052
6  Phone: (206) 623-1900
7  Fax: (206) 623-3384
   gcappio@kellerrohrback.com
8

9  *Chair of the Governmental Entities*
10 *Committee*

/s/ Steven G. Madison

Steven G. Madison (SBN: 101006)
Justin Griffin (SBN: 234675)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Phone: (213) 443-3000
Fax: (213) 443-3100
stevemadison@quinnemanuel.com
justingriffin@quinnemanuel.com

*Attorneys for Defendants*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I certify that on April 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Gretchen Freeman Cappio*
GRETCHEN FREEMAN CAPPIO