1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re: KIA HYUNDAI VEHICLE
THEFT MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

This Document Relates to:

Governmental Entities Action

Case No.: 8:22-ML-3052-JVS(KESx)

The Honorable James V. Selna

**CASE MANAGEMENT ORDER**

On January 26, 2024, and February 12, 2024, the Court entered its Initial Scheduling Orders for the Governmental Entities' Track ("Scheduling Orders"). Dkts. 295, 304.  In doing so, the Court ordered the parties to meet and confer and submit a proposed Case Management Order ("CMO") regarding structural and foundational discovery.  On February 27, 2024, the parties submitted a joint proposed CMO reflecting the parties' joint agreements, along with competing proposals for certain disputed matters.  Dkt. 315.  On February 28, 2024, the Court heard argument from the parties and provided direction for an updated proposed CMO.  Accordingly, Counsel for the Governmental Entity ("GE") Plaintiffs and Defendants jointly submit the following updated proposed CMO reflecting the parties' joint agreements, the parties' separate views, and the parties' understanding of the Court's February 28, 2024 guidance.

I.    PLEADING MATTERS IN FOLLOW ON/TAG ALONG CASES

A.    Service and Responsive Pleadings

Defendants waive service of newly filed complaints under Rule 4(d). Defendants shall respond within forty-five (45) days of when counsel for any such complainant sends a copy of the summons, complaint, and any related documents, to Defendants' counsel at MDL3052-QEService@quinnemanuel.com, JustinGriffin@quinnemanuel.com, and SteveMadison@quinnemanuel.com, which shall constitute Receipt of the newly filed complaint by Defendants.

For the seven cases currently on file to which Defendants have not already filed a responsive pleading (*Amherst*, *Anne Arundel County*, *Fort Wayne*, *Louisville*, *Lorain, Newark, and Syracuse*), Defendants shall respond by April 12, 2024.  The lack of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) in response to the complaints filed by GE Plaintiffs not named in the CGEC is not and shall not be considered a waiver by Defendants of any defense.

### B.    Initial Disclosures

When any future Governmental Entity cases are filed directly in the Central District of California, Plaintiffs' initial disclosures shall be due forty-five (45) days from Defendants' Receipt of the complaint (as defined above in paragraph I.A.) or from the date of formal service, whichever is earlier.  For any future Governmental Entity cases transferred to the MDL via the Judicial Panel on Multidistrict Litigation, Plaintiffs' initial disclosures shall be due forty-five (45) days from the day the Conditional Transfer Order is finalized.

## II.    STRUCTURAL AND FOUNDATIONAL DISCOVERY

### A.    Purpose and Overview

Structural and foundational discovery will constitute Phase I of discovery in this action.

Structural discovery is intended to educate the Parties about the identification of the proper parties to this litigation, the identity of relevant third parties, the organizational structure of the parties, the identity of relevant witnesses, and the identity, nature, and location of relevant documents.

Foundational discovery is intended to educate the Parties regarding foundational issues involved in this litigation, including allowing the Parties to obtain certain threshold information to evaluate claims and defenses.

Phase 1 discovery will enable the Parties to develop a more narrowly tailored discovery plan for subsequent phases of this litigation and to be more focused, economical and efficient in subsequent phases of discovery in keeping with Rule 1.  Phase 1 discovery shall take place via the exchange of fact sheets or questionnaires ("Fact Sheets"), followed by 30(b)(6) depositions and written discovery.

As necessary during Phase 1, the Parties will meet and confer regarding the scope of discoverable information, search methodologies, search terms, custodians,

and date ranges for ESI.

**B.    Scope of Permissible Topics**

Absent further express agreement by the parties or leave of the Court, structural and foundational discovery will be limited to the following topics.

1.    Structural Discovery Topics

(a)    *GE Plaintiffs*

GE Plaintiffs may seek structural discovery regarding the corporate structure of Defendants and their corporate parents, subsidiaries, and/or affiliates, including but not limited to foreign entities, as applicable; the breakdown of divisions or departments responsible for (1) decisions, research, design, marketing, distribution, and regulatory compliance of and for the Subject Vehicles[1] and Similar vehicles[2]; (2) the design, specifications, and manufacture of Defendants' anti-theft devices and related components, including but not limited to recalls, updates, and repairs thereof; (3) Defendants' response to insurance, warranty, and legal claims regarding thefts; and (4) Defendants' interactions with federal, state, and local regulatory and government agencies and entities; the persons within each division or department with knowledge of such topics; and where and how relevant records and information are stored as it relates to each such division, department, or corporate entity.

---

[1] "Subject Vehicles" refers to the following vehicles that were designed, manufactured, or distributed without engine immobilizers in model years 2011 through 2022: Hyundai Accent, Elantra, Elantra GT, Elantra Coupe, Elantra Touring, Genesis Coupe, Kona, Palisade, Santa Fe, Santa Fe Sport, Santa Fe XL, Sonata, Tucson, Veloster, Venue, and Veracruz; and the Kia Forte, K5, Optima, Rio, Sedona, Seltos, Sorento, Soul, and Sportage.

[2]   In order to understand the design choices made for Subject Vehicles, "Similar Vehicles" is intended to encompass comparable information such as the same model year vehicle if a different trim is equipped with keyless ignition.

(b)    *Defendants*

Defendants may seek structural discovery regarding:

(a) the organizational structure of each governmental entity to determine which agencies, divisions, departments, units or otherwise:

(1) have engaged in activities relating to the subject vehicles as alleged in GE Plaintiffs' complaints, and any alleged related crimes, including but not limited to (i) compiling or evaluating data relating to the subject vehicles and any alleged related crimes; (ii) creating and/or implementing policies related to the subject vehicles and any alleged related crimes; and (iii) responding to, investigating, and/or referring for prosecution or prosecuting (or in the case of juveniles, filing a petition) the alleged thefts of vehicles including the subject vehicles as alleged in GE Plaintiffs' complaints, and any alleged related crimes;

(2) prepare budgets and/or track spending, including as to police, law enforcement and prosecutorial agencies; and

(3) have been purportedly impacted by alleged thefts of vehicles;

(b) the corresponding leadership, reporting structure, and role of each agency, division, department, or unit;

(c) where and how records and information are stored as it relates to each agency, division, department, or unit; and

(d) the persons within each governmental entity with knowledge of such topics.

2.    Foundational Discovery Topics

(a)    *GE Plaintiffs*

GE Plaintiffs may seek foundational discovery from Defendants regarding: (1) decisions, research, design, marketing, distribution, and regulatory compliance regarding, of, and for the Subject Vehicles and Similar vehicles; (2) the design,

specifications, and manufacture of Defendants' anti-theft devices and related components, including but not limited to recalls, updates, and repairs thereof; (3) Defendants' awareness of and response to insurance, warranty, and legal claims regarding thefts; and (4) Defendants' interactions with federal, state, and local regulatory and government agencies and entities.

(b)  *Defendants*

Defendants may seek foundational discovery regarding: (1) the thefts of subject vehicles as alleged in GE Plaintiffs' complaints and motor vehicle theft generally (including attempted theft), and other crime statistics, from 2011 to the present; (2) law enforcement and prosecution records from 2011 to the present relating to such motor vehicle thefts (and attempted thefts), and related crimes, including but not limited to records regarding arrests of suspected car thieves, prosecutions of suspected car thieves, number of convictions of suspected car thieves, and sentences and probation periods for suspected car thieves; (3) law enforcement and prosecution policies and procedures regarding responses to, investigations of, arrests for, and prosecutions of motor vehicle thefts and related crimes, including juvenile prosecutions; (4) communications between law enforcement organizations and Defendants; and (5) GE Plaintiffs' annual budgets and spending since 2011, including but not limited to the budgets and actual spending for law enforcement and prosecutorial organizations within each Plaintiff's jurisdiction.

**C.  Fact Sheets/Questionnaires**

Each GE Plaintiff shall complete and serve upon Defendants via email a single "Plaintiff Structural and Foundational Discovery Questionnaire."  Each Defendant shall complete and serve upon the Governmental Entities Committee via email a single "Defendant Structural and Foundational Discovery Questionnaire." The parties will meet and confer to reach agreement on the contents of the

questionnaires, deadlines, and deficiency process, and will submit a proposal to the Court no later than April 15, 2024.  Completed questionnaires will be due no later than 60 days from the date of the Court's Order entering and approving the questionnaires.

For GE Plaintiffs whose cases are filed directly in the Central District of California after the date of the Court's Order entering and approving the questionnaires, completed questionnaires will be due no later than 60 days from the date of Defendants' Receipt of the complaint (as defined above in paragraph I.A.) or from the date of formal service, whichever is earlier.  For GE Plaintiffs whose cases are transferred to the MDL via the Judicial Panel on Multidistrict Litigation after the date of the Court's Order entering and approving the questionnaires, completed questionnaires will be due no later than 60 days from the day the Conditional Transfer Order is finalized.

**D.   Written Discovery**

Written structural and foundational discovery, collectively, the parties may proceed as follows:

GE Plaintiffs may together serve on each Defendant one set of coordinated written discovery on behalf of all GE Plaintiffs, including up to 25 requests for the production of documents and 25 interrogatories, via email to counsel of record, no later than 30 days from the receipt of that Defendant's fact sheet.

Defendants may together serve on each GE Plaintiff one set of coordinated written discovery on behalf of all Defendants, including up to 25 requests for production of documents and 25 interrogatories, no later than 30 days from the receipt of each Plaintiff's fact sheet. At this phase, the Court finds that requests for admission would not be productive.  However, any party may apply for permission to serve requests for admission; the application shall attach the precise requests sought.

The paties reserve all rights to object to any such discovery requests on grounds of relevance, timeframe, burden, and proportionality.

### E.    Depositions

GE Plaintiffs, collectively, may seek one full-day (i.e., 7 hours) Fed. R. Civ. P. 30(b)(6) deposition of each Defendant regarding the structural and foundational discovery topics set forth above, following receipt of that Defendant's completed questionnaire.  Defendants, collectively, may seek one full-day (i.e., 7 hours) Fed. R. Civ. P. 30(b)(6) deposition of each GE Plaintiff regarding the structural and foundational discovery topics set forth above, following receipt of that GE Plaintiff's completed questionnaire.

### F.    Foreign Discovery

At Docket Nos. 232 an 292, the Court has provided for foreign discovery as stipulated by the parties.  At this time,  the Court will provide no further discovery.  However, the parties shall meet and confer to discuss whether adjustments should be made in light of the goals and timing of Phase 1.

### G.  Deadlines

Phase 1 discovery shall be completed by October 1, 2024.  The Parties shall use good faith and reasonable efforts to timely complete the discovery outlined.  Within 7 weeks of the actual completion of Phase 1 discovery, the parties will meet and confer and submit to the Court, a proposal regarding Phase 2 discovery to the extent necessary.

## III.    BELLWETHER PROPOSALS

The Court will hear argument regarding Bellwether selection proposals in August 2024.  The Parties will meet and confer to propose a briefing schedule for Bellwether selection and will submit a proposal to the Court no later than April 22, 2024.

**IV.    SPECIAL MASTER**

The Court will consider appointing a dedicated Special Master for discovery disputes in the GE track.  The Parties will meet and confer and submit a proposal to the Court no later than April 15, 2024.

**V.    OTHER MATTERS**

The Parties will meet and confer regarding the use of a short form complaint for future-filed complaints, the filing of a renewed protective order and ESI protocol specific to the GE Plaintiffs track in the MDL, and the effect if any, of any ruling from the Ninth Circuit on the pending interlocutory appeal.

**IT IS SO ORDERED.**

DATED: April 16, 2024

_____
The Honorable James V. Selna