# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 8:22-ml-03052-JVS-KES<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING CONSUMER CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| This document relates to:<br><br>ALL CONSUMER CLASS ACTION CASES | Judge: Hon. James V. Selna<br>Date: July 15, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10C |

i

[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO.: 8:22-ML-03052-JVS-KES

WHEREAS, on October 31, 2023, the Court entered a Preliminary Approval Order that preliminarily approved the Amended Settlement Agreement (the "Amended Settlement Agreement") in this Action and specified the manner in which the notice to the Settlement Class was to be distributed by the Settlement Administrator. The Amended Settlement Agreement, which is incorporated herein by reference, sets forth the terms and conditions for a settlement and dismissal with prejudice of the Action. Terms and phrases in this Final Approval Order, unless otherwise defined herein, shall have the same meaning as ascribed to them in the Amended Settlement Agreement;

WHEREAS, following the dissemination of the notice and the posting of the notice on the settlement websites, the members of the Settlement Class were given an opportunity to: (i) submit timely requests for exclusion from the Settlement Class, or (ii) object to the Amended Settlement Agreement (including Class and Plaintiffs' Counsel's requests for attorneys' fees, costs, and service awards);

WHEREAS, a Final Approval Hearing was held on July 15, 2024, at which time each person filing a timely objection to the Settlement and a notice of their intent to appear were given a full opportunity to state any objections to the Settlement;

NOW, THEREFORE, this matter having been brought before the Court on Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, through their attorneys, the Court having fully considered the terms of the Amended Settlement Agreement and all submissions made in connection with it, finds that the Amended Settlement Agreement and the Settlement should be finally approved as fair, reasonable, and adequate, and the Action dismissed with prejudice

as to all Settlement Class members who have not excluded themselves from the Settlement Class, and without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class, and further finds the Releasors have released their claims against the Releasees in accordance with Fed. R. Civ. P. 54 and other applicable laws.

The Court hereby makes the following findings of fact and conclusions of law:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Parties in this action.

2. The Court enters this Order and Final Judgment more than ninety (90) days after Defendants provided notice of the proposed settlement to the Attorney General of the United States and the attorneys general of the States as required by 28 U.S.C. § 1715(b), complying fully with 28 U.S.C. § 1715(d).

3. This Order and Final Judgment incorporates herein the Amended Settlement Agreement (Dkt. No. 247-1) and the Preliminary Approval Order (Dkt. No. 256).

4. The Court finds that the manner of dissemination and content of the Notice as specified in detail in the Amended Settlement Agreement:

    a. constituted the best notice practicable;

    b. constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing and of their right to seek monetary and other relief;

      c. constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice, and

      d. met all applicable requirements of Due Process and any other applicable law or requirement. Full and fair opportunity has been afforded to the members of the Settlement Class to be heard at and to participate in the Final Approval Hearing.

5. The Court finds the Settlement set forth in the Amended Settlement Agreement is fair, reasonable, and adequate as to each of the Parties and as it applies to the Settlement Class, and in compliance with all requirements of due process and applicable law, as to and in the best interests of each of the Parties and members of the Settlement Class, and directs consummation of all of its terms and provisions, and any timely and valid objections thereto are hereby overruled.

6. With respect to the Settlement Class, the Court reaffirms its prior ruling that certification of the Class for settlement purposes only, and finds and concludes, that: (i) the members of the Settlement Class are so numerous as to make joinder impracticable; (ii) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members of the Settlement Class; (iii) the Class Representatives' claims and the defenses thereto are typical of the claims of the Settlement Class and the defenses thereto; (iv) the Class Representatives and their counsel can protect and have fairly and adequately protected the interests of the members of the Settlement Class in the Action; and (v) a class action is superior to all other available methods for fairly and efficiently resolving the Action and provides substantial benefits to the Settlement Class. The

Court therefore determines that this action satisfies the prerequisites for class certification for settlement purposes pursuant to Fed. R. Civ. P. 23.

7.   The Court further finds that the reaction of the Settlement Class to the Amended Settlement Agreement supports final approval. The number of members of the Settlement Class who have opted out of the Settlement Class and objections submitted are relatively few when compared to the total number of members of the Settlement Class. The terms of this Final Approval Order and the Amended Settlement Agreement do not apply to the Opt-Outs or to any other persons the Parties agree in writing submitted timely and valid requests for exclusion, unless such Opt-Outs or persons elect to claim the benefits set forth in the Amended Settlement Agreement, thereby choosing to rescind their requests for exclusion from the Settlement Class.

8.   The Court finds that the Amended Settlement Agreement and the Settlement provided for therein and any proceeding taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability, a defect, or of any misrepresentation or omission in any statement or written document approved or made by Defendants of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Amended Settlement Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the Settlement.

9.   The Court finds that the Parties and the Settlement Administrator have fully complied with their respective obligations as set forth in the Preliminary Approval Order entered by the Court.

10. Based upon the foregoing findings of fact and conclusions of law, which are based upon and supported by the substantial evidence presented by the Parties hereto and members of the Settlement Class, all of which the Court has considered and is in the record before the Court, **IT IS HEREBY ORDERED** as follows:

11. The preliminary certification of the Settlement Class in the Preliminary Approval Order is hereby confirmed and made final for purposes of the Amended Settlement Agreement as approved by this Final Approval Order. Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for settlement purposes only, a Settlement Class as defined in the Amended Settlement Agreement:

> "Class" or "Settlement Class" refers to all persons or entities who purchased or leased a Class Vehicle in the United States (including Puerto Rico, Virgin Islands, and Guam). Excluded from the Class are Defendants; any affiliate, parent, or subsidiary of Defendants; any entity in which Defendants has a controlling interest; any officer, director, or employee of Defendants; any successor or assign of Defendants; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons. In addition, excluded from the Class are individuals and/or entities who validly and timely opt-out. Also excluded from the Class are subrogated Insurance Entities, Government Entities, and consumers and businesses, including insurers, that have purchased or otherwise obtained title for Class Vehicles previously deemed a total loss (i.e., salvage or junkyard vehicles) (subject to verification through Carfax or other means) and current or former owners of Class Vehicles that previously released their claims in an individual settlement with one or more Defendants with respect to the issues raised in the Action.

12. The Court grants final approval of the proposed Settlement, finding that the terms of the Amended Settlement Agreement are fair, reasonable, and adequate.

Specifically, the Court has considered each of the factors in Rule 23(e)(2) and each of the eight factors set forth in *Staton v. Boeing* Co., 327 F.3d 938, 959 (9th Cir. 2003). The factors the Court has considered include: "(1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Id.*

13.  The Court finds that each factor supports finally approving the Settlement. Specifically, the Court finds that while Plaintiffs are confident in their theory of liability and believe they could mount a formidable case against Defendants, it is unlikely that they could recover in full under each claim alleged against Defendants, and that Defendants would fiercely contest liability throughout. Even if Plaintiffs were able to certify one or more classes, Defendants would likely appeal any class certification rulings and also file motions to decertify any certified classes. The Court finds that the Settlement offers substantial relief to the Settlement Class, and substantially achieves what Plaintiffs hoped to recover through the litigation. Class Counsel conducted substantial confirmatory discovery, which included reviewing documents and interviewing Defendants' expert, and the Court also recognizes that Class Counsel conducted their own independent investigation into the allegations in this Action, reviewing, among other things, technical analyses related to the Software Upgrade. Class Counsel has extensive knowledge in the applicable law and finds that their recommendations support final approval.

14. The Court also finds that the reaction of the Settlement Class supports final approval of the Settlement. The number of objections and requests for exclusion demonstrate that the Settlement Class, which contains approximately nine million Class Vehicles, views the settlement favorably. As to the objections, the Court overrules each and every objection on their merits.

15. The Settlement is also not the product of collusion. The Court finds that the settlement was negotiated at arms'-length by experienced counsel and required the assistance of an experienced mediator, Honorable Margaret M. Morrow (Ret.), to achieve. In addition, the Parties did not discuss Class and Plaintiffs' Counsel's fee and expense request until after the relief to the Class had been agreed upon.

16. The Court finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Ninth Circuit has enumerated above, and that each supports final approval of the Settlement.

17. The Court reaffirms its appointment of Steve W. Berman, Elizabeth A. Fegan, Kenneth McClain, and Roland Tellis as Class Counsel and Consumer Plaintiffs Kari Eldridge, Brittany Kingsbury, Miyoshi Morrow, Stefani Poblete Taylor, Adam Lippert, Michael Kay, Mollie McGeehon, Herbert Taylor, Arlecia Brown, Edith Bucio, Matthew Pavonetti, Jason Reyes, Ann Brady, Mark Thompson, Renee Ledet, Ian Michael Scott, Irene Beach, Leilani Cabrera, John Dylan Burton, Eric Bain, Steven Hufford, Talysia Ruff, Tyler McGill, John McGraw, Cameron Morton, Lexii Cummings, Matthew Jacobsen, Dennette Ray, Brian Helm, Adriana Pilant, Luis Enrique Vargas Rodriguez, David Lucas, Leanna Adams, Iona Barnes, Craig Granville, Jisun Kang, Michelle Pollack, Rachel Perry, Claire Roberts, Mary Kathryn

Morrison, Patricia Sumpterbynum, Kristina McKnight, Trina Johnson, Marcella Blum, Matthew Butler, Kayla Collyer, David Larsen, Anthony Loburgio, Katelyn McNerney, Eryca Smith, Dave Sessions, Tajia Turner, Laura Roberts, Hubert Matthews, Rita Day, Kasey Weinfurtner, Charles Hession, Molly O'Connor, Rejene Jackson, Tiffany Devonish, Darlene Bennor, Jacquella Russell, Lauren Hernandez, John Pope, Pauline Ragsdale, Kathy Hughes, Rosemary Winner Johnson, Maggie Ketchie, Peggy Ciafullo, Amber Hall, Michael Ryle, James DePorche, Ronald DeSarro, Teresa Harris, Cameron Cunningham, Shatoya McKinney, Gerald Smith, Lauren Kawetschansky, Shana Eberhardt, Michelle Wagner, Adrian Matthews, Carolyn Catlos, Albert Lui, Nadine Quate Francis, and Michael Scalise ("Consumer Plaintiffs" or "Class Representatives"), as Class Representatives of the Settlement Class.

18. The Court adjudges that the Class Representatives and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all claims against the Releasees.

19. The Court declares that the Amended Settlement Agreement and this Final Approval Order to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the release and the released claims maintained by or on behalf of the Releasors.

20. The Court dismisses on the merits and with prejudice the complaints in this Action without fees or costs except as provided in the Amended Settlement Agreement.

21. Effective as of the date of this Order, to the fullest extent permitted by

law, the Court orders and enters a permanent injunction barring and enjoining the Settlement Class from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Persons with respect to the Released Claims; and the terms of the release shall not apply to any persons who submitted timely and valid requests for exclusion or opt-out unless such persons elect to claim the benefits set forth in the Amended Settlement Agreement thereby choosing to rescind their requests for exclusion from the Settlement Class.

22. The Court hereby authorizes the Parties, without further approval from the Court, to adopt such amendments, modifications and expansions of the Amended Settlement Agreement and all Exhibits hereto as: (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of the Parties or the Settlement Class.

23. If the Effective Date does not occur for any reason whatsoever, this Final Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

24. Without affecting in any way the finality of the judgment entered under this Final Approval Order, this Court reserves continuing and exclusive jurisdiction over the Parties, including the Settlement Class, and the execution, consummation, administration and enforcement of the terms of the Amended Settlement Agreement.

IT IS SO ORDERED this _____ day of _____, 2024.

_____
Hon. James V. Selna
United States District Judge