# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to:*<br><br>Governmental Entities Track<br>Subrogation Plaintiffs Track | Case No.: 8:22-ML-03052-JVS-(KESx)<br><br>The Honorable James V. Selna<br><br>**ORDER APPOINTING SPECIAL MASTER [419]** |

WHEREAS, pursuant to Rule 53(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Court gave the Parties notice of intent to appoint a Discovery Special Master ("Special Master") and an opportunity to be heard with respect to such an appointment before issuing this Order;

WHEREAS, the Court, having considered the Parties' written filings, *e.g.,* Docket Nos. 396, 399, and 402, appointed the Honorable Gail A. Andler (Ret.), JAMS, 5 Park Plaza, Suite 400, Irvine, CA 92614, as Special Master for all non-

dispositive discovery matters arising in the Governmental Entities and Subrogation Plaintiffs Tracks by order dated May 7, 2024 ("May 7 Order");

WHEREAS, at some point the Court may determine to appoint one or more additional Special Masters herein, in which case this Order shall apply with equal force and effect to the additional Special Master(s); and

WHEREAS, pursuant to the May 7 Order, the Court ordered the Parties to submit a proposed order of appointment within seven (7) days (or by May 14, 2024);

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 53, that the Special Master shall proceed with all reasonable diligence to fulfill her duties and responsibilities, as follows:

## I. DUTIES AND RESPONSIBILITIES

A. The Special Master is empowered and charged with the duties outlined below, subject to and consistent with Fed. R. Civ. P. 53:

1. To make any order, finding, report or recommendation on any and all discovery and preservation of evidence issues and disputes ("Discovery Issues") between the Parties and between the Parties and non-Parties, including but not limited to:

   (a) Managing and supervising Discovery Issues and resolving Discovery Issues;

   (b) Hearing evidence on Discovery Issues and issuing findings and decisions on Discovery Issues;

   (c) Managing Discovery Issues involving electronic information or data;

   (d) Recommending entry by the Court of a suitable protective order to maintain the confidentiality of certain documents, and to hear evidence, manage and resolve issues arising out of the protective order; and

      (e)    Recommending entry by the Court of a suitable ESI (electronically stored information) order and to hear evidence, manage and resolve issues arising out of the ESI order.

    2.    To resolve disputes between the Parties relating to and arising during depositions, including making herself available to be consulted by telephone during the deposition(s).

    B.    The Special Master shall have discretion, after consultation with the Parties and subject to the terms herein, to determine the appropriate procedures for resolution of matters brought to her attention and shall have the authority to implement those procedures including the authority to set the date, time and place for all hearings whether in person or by Zoom/Teams or other electronic means including telephonic conferences, to take evidence, and to receive and consider information designated as confidential pursuant to any protective order entered in this matter, and may review privileged material *in camera*.

    C.    Within sixty (60) days of the issuance of this Order, and every sixty (60) days thereafter, the Special Master shall provide a brief written status report to the Court, with notice to the Parties, in addition to such other informal reporting and communications that the Court and Special Master may from time to time conduct.

    D.    The Special Master may by order impose on a Party any non-contempt sanction provided by Fed. R. Civ. P. 37 or 45, and may recommend a contempt sanction against a Party and sanctions against a non-Party.

    E.    Upon a finding of good cause, the Special Master may by order alter the deadlines and times set out in this Order or extend the time for any party, including the Special Master, to act.

    F.    In addition to the authority specified herein, the Special Master shall have all the authority provided by Fed. R. Civ. P. 53(c). The Special Master's adjudicatory powers are limited, however, to discovery matters. Rulings on substantive legal issues are within the exclusive jurisdiction of the Court.

G. The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

H. There appears to be no ground for disqualifying the Special Master from this matter pursuant to Section 455 of Title 28 of the U.S. Code.

## II. ALLOCATION OF DUTIES AND RESPONSIBILITIES

A. The Special Master is authorized to carry out her duties and responsibilities using one or more law clerks in her discretion and the Parties agree to pay the law clerks' fees pursuant to the procedures set forth in Section VII. The Parties understand that the law clerk(s) will not make substantive decisions but may conduct preliminary research and analysis and administrative work.

B. If the Special Master deems it necessary to consult with an e-discovery expert, **she is** authorized to use a JAMS Neutral with expertise in that area after first providing the Parties with five (5) days' written notice and an opportunity to object. If the Special Master denies an objection, then the objecting party may request formalization of the ruling and also seek judicial review under Section IV. The charges for any JAMS Neutral used for e-discovery shall be billed by the Special Master under the procedures set forth in Section VII.

## III. BRIEFING AND HEARING OF MOTIONS

A. The timing and procedure for resolving issues and disputes relating to Discovery Issues, including briefing of motions, should generally comply with the Federal Rules of Civil Procedure, and the Court's Local Rules and case management orders.

B. Nonetheless, the Special Master may resolve issues and disputes relating to Discovery Issues by informal procedures so long as the aggrieved Party retains a right to seek additional review as provided in this order (*see infra* Section IV) and the rules referenced *supra* in Section III.A of this order. Under such procedures, the relevant Parties may brief the issues orally or by letters (served by email) or e-mail, and the Special Master may issue orders by letters (served by email) or e-mail.

  C. Absent extraordinary circumstances, the Special Master shall resolve all disputes within thirty (30) days of submission of a motion or letter by the Parties.

## IV. JUDICIAL REVIEW OF RULINGS BY THE SPECIAL MASTER

  A. In connection with any order, finding, report or recommendation, the Special Master shall either:

    1. Reduce any formal order, finding, report or recommendation to writing and file it electronically on the case dockets via Electronic Case Filing ("ECF"); or

    2. Issue any formal order, finding, report, or recommendation on the record before a court reporter.

  B. If the Special Master issues an informal order, finding, report or recommendation that is not made part of the record via ECF or the court reporter, and a Party wishes to object to that order, finding, report or recommendation, then the Party shall ask the Special Master to formalize the order, finding, report or recommendation by reducing it to writing, and filing it on the docket via ECF. Such request shall be made within seven (7) calendar days of issuance of the informal order, finding, report or recommendation. The Special Master shall formalize the order, finding, report or recommendation within seven (7) calendar days of the Party's request. After formalization, the other procedures and deadlines outlined in this Section shall apply. If no Party requests formalization within seven (7) calendar days of the Special Master issuing the informal order, finding, report or recommendation then the opportunity to object shall be permanently waived and the informal order, finding, report or recommendation shall be deemed approved, accepted and ordered by the Court, unless the Court expressly provides otherwise.

  C. Pursuant to Fed. R. Civ. P. 53(f)(2), any Party may file an objection to any formal order, finding, report, or recommendation by the Special Master with the Court within fourteen (14) calendar days of ECF date. Failure to meet this deadline

results in permanent waiver of any objection to the Special Master's specific order, finding, report, or recommendation.

D. The Party seeking review shall, at its own expense, provide the Court with a transcript of the proceedings before the Special Master (if a court reporter was present), together with a concise statement of the issues and authorities that does not exceed ten (10) pages.

E. The time for the responding Party to respond to an objection shall be fourteen (14) calendar days from service of the objection. The responsive statement may not exceed 10 pages.

F. There shall be no reply and no hearing unless invited by the Court.

G. Absent an objection within fourteen (14) calendar days, the orders, findings, reports and recommendations of the Special Master shall be approved, accepted and ordered by the Court, unless the Court expressly provides otherwise.

H. Motions for extensions of time to file objections (or to respond to such objections) will be granted upon agreement of the Parties to the particular dispute and otherwise will only be granted upon a showing of good cause. The Special Master may, however, provide in her formal order, finding, report or recommendation that the period for filing objections to that particular document is a period longer or shorter than fourteen (14) calendar days if warranted under the circumstances.

I. As provided in Fed. R. Civ. P. 53(f), the Court shall review all orders, findings, reports or recommendations by the Special Master, including any findings of fact and conclusions of law, under the *de novo* standard.

V. **INITIAL STATUS CONFERENCE**

A. Within fourteen (14) calendar days of the issuance of this Order, the Special Master shall conduct in person or telephonically an initial status conference to confer jointly with the Parties to both the Governmental Entities Track and the Subrogation Plaintiffs Track regarding (1) case status; (2) the questionnaires in the Governmental Entities track including an expedient process for resolving the pending

disputes relating to them; (3) any other upcoming discovery events or discovery issues; (4) applicable procedures including facilitating coordination between the Governmental Entities Track and the Subrogation Plaintiffs Track; and (5) any other topics deemed appropriate by the Special Master.

     B.    No later than five (5) calendar days before the initial status conference, the Parties to the Governmental Entities Track should submit a brief detailing their position, as applicable, on the issues identified *supra* in Section V.A. The Parties to the Subrogation Plaintiffs Track may also make any submission on the above issues as well.

## VI. *EX PARTE* COMMUNICATIONS

     A.    Except until further order of the Court, the Court shall not communicate with the Special Master, and the Special Master shall not communicate with the Court, on substantive matters except in writing with service upon the Parties or in the presence of the Parties. The Court and the Special Master may communicate with each other on procedural matters without restriction.

     B.    The Special Master may not communicate *ex parte* with the Parties, unless the relevant Parties have consented in writing. Otherwise, the Special Master may only communicate *ex parte* with the Parties concerning purely administrative matters, such as availability for hearing dates.

## VII. MAINTENANCE OF RECORDS

     A.    Pursuant to Fed. R. Civ. P. 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to her by the Parties and of any of her written orders, findings, reports or recommendations.

     B.    Pursuant to Fed. R. Civ. P. 53(e), the Special Master shall file any written orders, findings, reports or recommendations with the Court via the Court's ECF system. Such filing shall fulfill the Special Master's duty to serve her orders, findings, reports or recommendations on the Parties.

C. The Special Master shall also preserve billing records of time spent on this litigation, with reasonably detailed descriptions of the activities worked upon.

## VIII. COMPENSATION

A. Pursuant to Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the Parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-saving to the Parties. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and counsel for the Parties.

B. The Parties shall compensate the Special Master pursuant to the terms and conditions specified by JAMS, which is set forth in the JAMS fee schedule attached hereto as Exhibit A, including:

    1. The Special Master will be compensated at $2,000 per hour plus the JAMS 13% case management fees on all professional fees billed; and

    2. The Special Master will charge a one-time non-refundable Filing Fee of $1,000 per interested party. Interested party means (1) the Governmental Entity Plaintiffs (collectively), (2) the Subrogation Plaintiffs (collectively); and (3) each Defendant. Accordingly, the Governmental Entity Plaintiffs will pay $1000 total, the Subrogation Plaintiffs will pay $1000 total, and the Defendants will pay $2000 total, $1000 for each Defendant.

C. The Parties in the Government Entities Track agree to evenly split all professional and administrative fees allocated by the Special Master to matters relating to the Government Entities Track, meaning that the Governmental Entities Plaintiffs will be responsible for half of the total costs of any issue or dispute relating to the Government Entities Track and the Defendants will be responsible for the other half of such costs. The Parties in the Subrogation Track agree to evenly split all

professional and administrative fees allocated by the Special Master to matters relating to Subrogation Plaintiffs Track, meaning that the Subrogation Plaintiffs will be responsible for half of the total costs of any issue or dispute relating to the Subrogation Plaintiffs Track and the Defendants will be responsible for the other half of such costs.  For matters allocated by the Special Master to both tracks, the Parties agree to evenly split such fees, meaning that the Governmental Entity Plaintiffs and the Subrogation Plaintiffs will be responsible for half of the costs associated with matters relating to both tracks and the Defendants will be responsible for the other half of such costs.

   D. The Special Master shall incur only such reasonable fees and expenses as may be reasonably necessary to fulfill her duties under this Order.

   E. If the Special Master uses one or more law clerks for preliminary research or administrative work, then the Special Master shall bill for the law clerk's time at a rate of no more than the customary rate that has been charged for that law clerk's time for other matters.

   F. If the Special Master consults with a JAMS Neutral on e-discovery issues, she shall also bill for the JAMS Neutral's time.  The JAMS Neutral's hourly rate shall not exceed the customary rate that has been charged for that JAMS Neutral time for other matters.

   G. Any court reporter retained by the Special Master or the Parties shall be compensated at rates which are reasonable and customary for the geographic market in which the testimony is taken.  The court reporters shall only incur such fees and expenses as may be reasonably necessary to fulfill their duty of acting as stenographers.

   H. Within twenty (20) days of the end of a month, the Special Master (through JAMS) and any court reporters shall submit to the Court *ex parte* their respective itemized statements of fees and expenses of the immediately preceding month that the Court will inspect carefully for reasonableness.

I. The Special Master (through JAMS) and any court reporters shall attach to each itemized statement a "Summary Statement," which shall not reflect any confidential information and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement."

J. Once approved, the Court shall send the executed Summary Statements to the Parties. The Parties shall submit payments to the Special Master (through JAMS) and any court reporters, respectively, within sixty (60) days of receiving the Summary Statements.

**K. If no challenge to a Court-approved billing is made within thirty (30) days, any such challenge is waived.**

IT IS SO ORDERED

Dated: May 15, 2024

Hon, James V. Selna
United Stated District Judge