**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
Alice S. Kim (SBN 317479)
AKim@jenner.com
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Jenna L. Conwisar (SBN 341521)
JConwisar@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

**JENNER & BLOCK LLP**
Peter J. Brennan (*pro hac vice*)
PBrennan@jenner.com
Michael T. Brody (*pro hac vice*)
MBrody@jenner.com
353 North Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ml-3052-JVS (KESx) |
| | **HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER** |
| | Judge: The Honorable James V. Selna |
| | Ctrm: 10C |
| This document relates to: | Date: June 10, 2024 |
| ALL SUBROGATION CASES | Time: 3:00 p.m. |

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................... 1

UPDATED BACKGROUND .................................................................................. 2

ARGUMENT ........................................................................................................... 3

    I.    The Subrogation Plaintiffs Are Misjoined. ........................................... 3

        A.    The Subrogation Plaintiffs Do Not Satisfy the First Prong of Rule 20. ................................................................. 4

        B.    The Subrogation Plaintiffs Do Not Satisfy the Second Prong of Rule 20. ................................................................ 8

    II.    Joinder Is Fundamentally Unfair and Prejudicial to Defendants. ......... 8

    III.    The Court Should Also Sever the Insureds' Claims. ........................... 12

    IV.    Defendants Did Not Waive Their Right to Seek Severance in the Individual Actions. ........................................................................ 14

    V.    Dismissal of All But the First-Named Plaintiff in Each Individual Action Is Proper. .............................................................. 16

CONCLUSION ..................................................................................................... 16

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Fire & Cas. Ins. Co. v. Electrolux Home Prod., Inc.*,
 No. 16-2080, 2017 WL 4236309 (D. Colo. Sept. 22, 2017) ............................. 12

*Allstate Ins. Co. v. Electrolux Home Prod. Co.*,
 No. 16-4276 (E.D. Penn. Sept. 22, 2016) ......................................................... 12

*Allstate Ins. Co. v. Electrolux Home Prod., Inc.*,
 No. 16-1946, 2016 WL 6995271 (N.D. Ohio Nov. 30, 2016) .......................... 12

*Allstate Ins. Co. v. Electrolux Home Prod., Inc.*,
 No. 16-3666, 2017 WL 2216298 (D.S.C. May 19, 2017) ................................. 12

*Allstate Ins. Co. v. Electrolux Home Prod., Inc.*,
 No. 16-6514 (C.D. Cal. Nov. 3, 2016) .............................................................. 12

*Allstate Ins. Co. v. Electrolux Home Prod., Inc.*,
 No. 16-6804 (S.D.N.Y. Dec. 5, 2016) ............................................................... 12

*Allstate Ins. Co. v. Electrolux Home Prod., Inc.*,
 No. 16-9639 (N.D. Ill. Mar. 31, 2017) .............................................................. 12

*Allstate Ins. Co. v. Electrolux Home Prod., Inc.*,
 No. 17-391, 2017 WL 10718329 (D. Conn. Sept. 18, 2017) ............................ 12

*Allstate Ins. Co. v. Electrolux Home Prod.*,
 No. 18-699, 2018 WL 3707377 (E.D. Pa. Aug. 3, 2018) ........................... 10, 13

*Allstate Ins. Co. v. Hughes*,
 358 F.3d 1089 (9th Cir. 2004) .......................................................................... 13

*Allstate Ins. Co. v. Wal-Mart Stores, Inc.*,
 No. 00-307, 2000 WL 960736 (N.D. Ill. July 11, 2000) ................................... 12

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
 99 F. Supp. 3d 1110 (C.D. Cal. 2015) ................................................................ 3

*United States ex rel. Anthony v. Burke Eng'g Co.*,
 356 F. Supp. 2d 1119 (C.D. Cal. 2005) .............................................................. 6

*Catalfano v. Higgins,*
    55 Del. 470 (1962) ............................................................... 13

*Coleman v. Quaker Oats Co.,*
    232 F.3d 1271 (9th Cir. 2000) ............................................. 10

*Corley v. Google, Inc.,*
    316 F.R.D. 277 (N.D. Cal. 2016) .................................. 4, 5, 9

*Coughlin v. Rogers,*
    130 F.3d 1348 (9th Cir. 1997) ..................................... *passim*

*Dobbas v. Vitas,*
    191 Cal. App. 4th 1442 (2011) ............................................. 5

*Fleites v. MindGeek S.A.R.L,*
    No. 21-492, 2022 WL 1314035 (C.D. Cal. Feb. 10, 2022) ........... 8, 10

*Funtanilla v. Tristan,*
    No. 02-6001, 2010 WL 1267133 (E.D. Cal. Mar. 30, 2010) ........... 14

*Gonzalez v. City of Maywood,*
    No. 07-3469, 2008 WL 11336944 (C.D. Cal. Jan. 29, 2008) ........... 11

*Grijalva v. Kevin Mason, P.A.,*
    No. 18-2010, 2019 WL 13027072 (C.D. Cal. Dec. 30, 2019) ........... 8

*In re Kia Hyundai Vehicle Theft Litig.,*
    648 F. Supp. 3d 1374 (J.P.M.L. 2022) ................................. 15

*League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency,*
    558 F.2d 914 (9th Cir. 1977) ................................................ 3

*Lewis v. Nevada,*
    No. 13-312, 2014 WL 65799 (D. Nev. Jan. 7, 2014) ................. 13

*Markham v. Home Depot USA, Inc.,*
    No. 13-8431, 2014 WL 117102 (C.D. Cal. Jan. 10, 2014) ........... 14

*Marquez v. Gottstein Corp.,*
    No. 20-8984, 2021 WL 4816625 (C.D. Cal. May 17, 2021) ........... 13

*Mattel, Inc v. MGA Ent., Inc.,*
    705 F.3d 1108 (9th Cir. 2013) ............................................... 6

iii

*Rubio v. Monsanto Co.*,
  181 F. Supp. 3d 746 (C.D. Cal. 2016)................................................................. 10

*Russell v. Chesapeake Appalachia, L.L.C.*,
  No. 14-148, 2014 WL 6634892 (M.D. Pa. Nov. 21, 2014) ............................ 14

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) ............................................................................................ 9

*State Auto Ins. Companies v. Whirlpool Corp.*,
  62 F. Supp. 3d 857 (W.D. Wis. 2014)............................................................. 12

*State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc.*,
  No. 11-8946, 2012 WL 1287698 (N.D. Ill. Apr. 16, 2012) ........................... 12

*Texas Farmers Ins. Co. v. Louisiana-Pac. Corp.*,
  321 F.R.D. 561 (E.D. Tex. 2017) ............................................................. 10, 13

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966) ............................................................................................ 3

*Visendi v. Bank of Am., N.A.*,
  733 F.3d 863 (9th Cir. 2013) ........................................................... 4, 7, 16

*Westfield Ins. Co. v. Interline Brands, Inc.*,
  No. 12-6775, 2013 WL 6816173 (D.N.J. Dec. 20, 2013)............................... 12

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
  No. ML-19-2905, 2021 WL 9181832 (C.D. Cal. Aug. 20, 2021) ...................... 7

**Statutes**

31 U.S.C. § 3732(b)............................................................................................. 6

**Rules**

Fed. R. Civ. P. 13................................................................................................ 6

Fed. R. Civ. P. 18.......................................................................................... 3, 13

Fed. R. Civ. P. 20.....................................................................................*passim*

Fed. R. Civ. P. 21.................................................................................. 9, 13, 14

**Other Authorities**

25 Fed. Proc., L. Ed. § 59:169 ................................................................................. 7

7 Charles Alan Wright & Arthur R. Miller, Federal Practice and
    Procedure § 1653 (3d ed.) .................................................................................. 6

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

## **INTRODUCTION**

Severance is proper here because (1) the Subrogation Plaintiffs are misjoined in the Individual Actions; and (2) joinder of the Subrogation Plaintiffs and their claims in the Individual Actions is fundamentally unfair and prejudicial to Defendants.[1]  The Court's order on the motion to strike class allegations—which the Subrogation Plaintiffs' Opposition entirely ignores—supports severance on both grounds.   The Court's holding that the Subrogation Plaintiffs' claims raise individualized issues at both an insurer-by-insurer and insured-by-insured level equates to a finding that the claims do not arise from the same transaction, occurrence, or series of transactions or occurrences and therefore do not satisfy the first element of Rule 20.  Further, the Court has now recognized that the insureds' claims must be decided at an individual level—this cannot be done effectively without severance of both the Subrogation Plaintiffs and their individual insureds' claims, which the Subrogation Plaintiffs concede in their Opposition.

Instead of addressing the outcome-determinative implications of the Court's order granting Defendants' motion to strike, the Subrogation Plaintiffs' Opposition focuses on Defendants' supposed agreement to so-called "provisional joinder," which Subrogation Plaintiffs argue is proper "[a]t this stage of the proceedings." Opp. at 8.  The Subrogation Plaintiffs appear to have coined the term "provisional joinder" to refer to the coordination and/or consolidation of the Individual Actions in the MDL, which is entirely distinct from the joinder at issue in this Motion. Moreover, Defendants made clear they are not seeking to dissolve this MDL. Relatedly, the Subrogation Plaintiffs cite the positions Defendants took before the JPML and the JPML's order establishing the MDL to support their argument, but those are irrelevant here because the Individual Actions had *not yet been filed* when Defendants sought MDL centralization.  To the extent Defendants' position on the

---

[1] As in the Motion, "Individual Actions" refers to the individual lawsuits that are now coordinated in this MDL.

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

joinder of the Subrogation Plaintiffs and their disparate claims in the Individual Actions appears to have evolved over the course of this litigation, such evolution can be traced to case developments—including the Subrogation Plaintiffs' newly-articulated position that their claims encompass vehicles equipped with immobilizers—that have exposed the prejudice to Defendants inherent in such a procedural tactic.

For the reasons set forth in the Motion and this Reply, the Subrogation Plaintiffs and their individual insureds' claims should be severed in the Individual Actions.

## **UPDATED BACKGROUND**

Since the Motion was filed, one case has been added to the subrogation track of this MDL, *AMICA Mutual Insurance Company v. Hyundai Motor America*, No. 1:24-cv-00153 (D.R.I., filed April 18, 2024).[2]  Additional Subrogation Plaintiffs have also been added to two of the Individual Actions.  *See* Dkts. 345, 395, 404. Approximately 419 insurance companies are now purporting to assert subrogation claims in this action.

The Court also granted HMA and KA's motion to strike class allegations on April 22, 2024.  Dkt. 390.  The Court struck the class allegations on the ground that the Subrogation Plaintiffs could not satisfy Rule 23's predominance and superiority requirements.  In finding that predominance could not be satisfied, the Court agreed with Judge Staton's conclusion in *Engine I (Subrogation)* that "core elements of Plaintiffs' subrogation claims require individualized showings not just as to each Class Member-Insurer but as to every insured whose rights are being asserted." *Id.* at 11 (quoting *State Automobile Mutual Insurance Company v. Hyundai Motor America*, No. 8:23-cv-00439 (C.D. Cal.) ("*Engine I (Subrogation)*"), Dkt. 81 at 6).

---

[2] The U.S. Judicial Panel of Multidistrict Litigation (the "JPML") transferred this tag-along case to this District on May 3, 2024, but that transfer has not yet been effectuated.  *See In re Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3052, Dkt. 276 (J.P.M.L. May 3, 2024).

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

The Court also reasoned that the need to litigate affirmative defenses on an individualized basis and the need to apply varying states' laws at two levels defeated predominance. *Id.* at 11–15. With respect to superiority, the Court found that the class members' interest in controlling their own actions, the extent and nature of current litigation, and the difficulties in managing a class action weighed against superiority. *Id.* at 16–19.

## **ARGUMENT**

Joinder of both the Subrogation Plaintiffs and their insureds' claims in the Individual Actions is improper as well as fundamentally unfair and prejudicial to Defendants.

## I. **The Subrogation Plaintiffs Are Misjoined.**

Despite the Subrogation Plaintiffs' attempt to obfuscate the inquiry, they cannot dispute that Rule 20 governs joinder of plaintiffs and requires that (1) the right to relief asserted by each plaintiff "arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences"; and (2) "a question of law or fact common to all parties . . . arise in the action." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing Fed. R. Civ. P. 20(a)). The Subrogation Plaintiffs try to distract the Court by arguing that each Subrogation Plaintiff has properly joined its own claims under Rule 18, but, even if that were true, that has no bearing on the impropriety of the joinder of multiple Subrogation Plaintiffs in the Individual Actions. Opp'n at 13–14. And although the Subrogation Plaintiffs contend that the test is not rigid, the cases they cite make clear that joinder must still be "consistent with fairness to the parties," "promote[] trial convenience," and "promote judicial economy." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 918 (9th Cir. 1977), *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187–88 (C.D. Cal. 2015) (citation omitted). As discussed in the Motion and

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

further below, joinder in the Individual Actions does not comport with Rule 20 and does not promote fairness, convenience, or judicial economy.

### A.   The Subrogation Plaintiffs Do Not Satisfy the First Prong of Rule 20.

The Subrogation Plaintiffs' claims do not arise out of the same transaction or occurrence and therefore do not satisfy the first prong of Rule 20.  Given the "distinct . . . transactions" and absence of "uniform" circumstances among the claims at issue, "factual disparities . . . are too great to support permissive joinder" here.  *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013).  As set forth in the Motion, Rule 20's "single transaction or occurrence requirement is not met where plaintiffs would have to prove their claims or defendants would have to litigate their defenses on an individualized basis." *Corley v. Google, Inc.*, 316 F.R.D. 277, 284 (N.D. Cal. 2016).  This is true even where plaintiffs assert the same type of violation against the same defendant.  *See id.* at 279 (severing plaintiffs who alleged the same violation, *i.e.*, that Google "violated the Wiretap Act by intercepting and scanning Plaintiffs' emails" from their Google Apps for Education Accounts).[3]   The Subrogation Plaintiffs cannot seriously dispute that they will be required to "prove their claims," and Defendants will be entitled to "litigate their defenses," on an "individualized basis."

Indeed, this Court already held as much in granting HMA and KA's motion to strike class allegations (Dkt. 390).   That order was based in part on the Subrogation Plaintiffs' inability to satisfy predominance, and "[c]ourts have recognized that the predominance analysis under Rule 23(b) and the single transaction or occurrence analysis under Rule 20(a) may, in some instances, be two sides of the same coin." *Corley*, 316 F.R.D. at 286.  The Subrogation Plaintiffs

---

[3] The Subrogation Plaintiffs not only fail to distinguish *Corley*, but they also falsely claim that "Defendants rely chiefly on precedent involving insurance coverage actions between insurers and insureds." Opp'n at 19.

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

conveniently ignore that order in arguing that "[u]nder the equitable subrogation elements identified by the Court in *Dobbas v. Vitas*, the only element of proof which is truly 'unique' to the insurer is that it has paid its insured's damages."  Opp'n at 22.  Yet, in that order, this Court considered the elements set forth in *Dobbas v. Vitas*, 191 Cal. App. 4th 1442, 1449–50 (2011), *as modified on denial of reh'g* (Feb. 1, 2011), and held that five of the six elements of the Subrogation Plaintiffs' claims will vary on an insured-by-insured basis (*i.e.*, are "unique" to insurers and insureds), including (1) "whether each insured's vehicle was stolen or damaged due to Defendants' Thief Friendly Design"; (2) whether an insured's "payment was 'for the same loss for which the party to be charged is liable'" (quoting *Dobbas*, 191 Cal. App. 4th at 1449–50); (3) "'whether an insured has received compensation from Defendants for his or her losses' outside the settlement agreement"; (4) whether an insured made payment to an insured for losses "caused by the Thief Friendly Design and not some other intervening cause"; and (5) whether an insurer "'reasonably believed' that they were obligated to pay" for the insured's claim.  Dkt. 390 at 5–10. The Court also concluded that "a weighing of the equities must be done at least on an insurer-by-insurer basis, and will depend on the insurer's knowledge about the alleged theft vulnerability of the vehicles at issue, the premiums the insurer has collected for those vehicles, and likely a host of other issues."  *Id.* at 9.  Thus, the Court already effectively ruled that the Subrogation Plaintiffs will be required to "prove their claims," and Defendants will be entitled to "litigate their defenses," on an "individualized basis" such that the Subrogation Plaintiffs cannot satisfy the first prong of Rule 20.  *Corley*, 316 F.R.D. at 284.

Many of the Subrogation Plaintiffs' arguments also make little sense in light of that order (which they do not address).  The Court already concluded that all of the insureds' claims may "possess meaningful differences" when it agreed with Judge Staton that "core elements of Plaintiffs' subrogation claims require individualized showings not just as to each Class Member-Insurer but as to every

insured whose rights are being asserted."  Opp'n at 24; Dkt. 390 at 11.  This is supported by the claims spreadsheets the Subrogation Plaintiffs submitted as Exhibit C to the Amended Consolidated Complaint (the "ACC") (Dkt. 283) and provided as part of their initial disclosures, which make clear that the circumstances surrounding every insured's claim are different.  The Subrogation Plaintiffs also argue that all of their claims "arise out of a single series of occurrences of vehicle thefts resulting from the same defective manufacture and design," but the Court already held that determining whether a subject theft "result[ed] from" the "defect" cannot be assumed and instead must be proven on an insured-by-insured basis.  Opp'n at 18; Dkt. 390 at 6–7.

The remainder of the Subrogation Plaintiffs' arguments also miss the mark.  The "logical relationship" test does not help the Subrogation Plaintiffs.  As an initial matter, the Subrogation Plaintiffs do not cite any cases indicating that the Ninth Circuit applies the "logical relationship" test or considers only whether claims are "reasonably related" in the context of determining whether a party satisfies the first prong of Rule 20.  *See* Opp'n at 15–16 (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.)).[4]  In any event, in applying the "logical relationship" test in the context of Rule 13, the Ninth Circuit has made clear that "transaction" does not encompass claims that "arise[] out of an entirely different or independent transaction or occurrence," which is the situation here. *Mattel, Inc v. MGA Ent., Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013).

The Ninth Circuit's consideration of the "factual background" and "factual similarity" in evaluating the first prong of Rule 20 actually supports a finding of misjoinder.  *See* Opp'n at 16 (quoting *Coughlin*, 130 F.3d at 1350; *Visendi*, 733 F.3d at 870).  Those cases make clear that one similar allegation across cases, like the

---

[4] *United States ex rel. Anthony v. Burke Eng'g Co.*, 356 F. Supp. 2d 1119 (C.D. Cal. 2005), is inapposite, as it concerns the correct interpretation of "the same transaction or occurrence" under 31 U.S.C. § 3732(b).  Opp'n at 16.

"defect" allegation here, is not enough to create a common transaction or occurrence or series of transactions or occurrences. *See Coughlin*, 130 F.3d at 1350 (finding that "the existence of a common allegation of delay, in and of itself, [did] not suffice to create a common transaction or occurrence" where the duration of delay and reason for the delay varied among plaintiffs); *Visendi*, 733 F.3d at 870 (finding allegation that "Defendants' misconduct was 'regular and systematic,'" was not sufficient to satisfy the first prong of Rule 20). Relatedly, the Subrogation Plaintiffs argue that "[f]ederal courts have also found a logical relationship under FRCP 20 where 'the facts on which one claim rests activate additional legal rights supporting the other claim.'" Opp'n at 16 (quoting 25 Fed. Proc., L. Ed. § 59:169). Yet the Subrogation Plaintiffs do not explain how the facts of any of their claims "activate additional legal rights supporting . . . other claim[s]," particularly given that every claim must be individually proven.

The Subrogation Plaintiffs' reliance on cases involving automotive defects is also unavailing. Opp'n at 16–17. Those cases are distinguishable for a multitude of reasons. Most importantly, none involved subrogation claims, which present individualized inquiries at two levels. *See* Mot. at 7–10. Relatedly, none included tens or hundreds of plaintiffs asserting claims on behalf of hundreds or thousands of individual vehicle owners/lessees. Moreover, the alleged defects in those cases cannot be equated to the "defect" alleged here, as the Subrogation Plaintiffs are not claiming that they have been damaged by the existence of the "defect" itself. Rather, the losses they allege require thefts or attempted thefts by third-party criminals, meaning the factual scenarios surrounding the insureds' claims will necessarily vary.[5]

---

[5] *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, No. ML-19-2905, 2021 WL 9181832, at *8–10 (C.D. Cal. Aug. 20, 2021), did not even concern severance of plaintiffs.

As such, in light of the added layer of subrogation and the need to litigate each claim on an individualized basis, the Subrogation Plaintiffs do not satisfy the first prong of Rule 20.

**B.  The Subrogation Plaintiffs Do Not Satisfy the Second Prong of Rule 20.**

Given the predominance of "highly individualized questions of fact" that "would require the Court to 'give each claim individualized attention,'" the Subrogation Plaintiffs also cannot satisfy the second prong of Rule 20.  *See Fleites v. MindGeek S.A.R.L*, No. 21-492, 2022 WL 1314035, at *6 (C.D. Cal. Feb. 10, 2022); *Grijalva v. Kevin Mason, P.A.*, No. 18-2010, 2019 WL 13027072, at *2 (C.D. Cal. Dec. 30, 2019) (quoting *Coughlin*, 130 F.3d at 1351).  Accordingly, the Subrogation Plaintiffs are misjoined in the Individual Actions and should be severed.

**II.  Joinder Is Fundamentally Unfair and Prejudicial to Defendants.**

Severance is also needed to promote fairness and protect Defendants from prejudice.  The Subrogation Plaintiffs make little attempt to rebut Defendants' argument that joinder of the Subrogation Plaintiffs and their insureds' claims in the Individual Actions is unfair and prejudicial.  Ignoring the Motion, they contend that "Defendants have failed to articulate, much less prove, any 'prejudice' incurred without severance."  Opp'n at 24.  That is untrue.  The rest of their responses are also unpersuasive.

Although the Subrogation Plaintiffs contend that "provisional joinder" is "common practice" and "efficient," the Motion does not concern "provisional joinder."  *See* Opp'n at 12, 22–23. "Provisional joinder," as the Subrogation Plaintiffs use the term, appears to refer to "joinder of [the Subrogation] Plaintiffs and their claims in this MDL."  *Id.* at 27.  Yet Defendants made clear in their Motion that they do not dispute coordination and/or consolidation in the MDL for pre-trial

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

purposes, including the use of a consolidated complaint. *See* Mot. at 17.[6] HMA and KA seek only to sever the Subrogation Plaintiffs and their claims in the Individual Actions into separate cases.

HMA and KA cited multiple cases in which courts rejected plaintiffs' attempts to improperly join plaintiffs in single actions in the MDL context, relying on misjoinder as well as fairness and prejudice concerns. Mot. at 17–19. The Subrogation Plaintiffs' failure to distinguish those cases is telling. Even if the Individual Actions are coordinated and/or consolidated in the MDL, the separation into individual cases is necessary for several reasons, all of which come back to Defendants' due process right to defend against each individual claim at every stage of the case.[7]

Put simply, severance is necessary as an organizational matter to protect this due process right. As Judge Staton found in *Engine I (Subrogation)*, severance removes the need for "mini-trials" across cases. *Engine I (Subrogation)*, Dkt. 92 at 3. "[S]everal courts have found substantial prejudice where a 'defendant's defense would, in effect, require [hundreds of] mini-trial[s].'" *Corley*, 316 F.R.D. at 289 (citation omitted). The Subrogation Plaintiffs actually confirm this need for severance when they contend that "[i]t is not yet known which of the over 300,000 claims will remain in the case and be selected for trial." Opp'n at 24. They do not explain how individual insureds' claims that are part of the same case, which are not formally identified in the complaints, could be individually litigated without severance.

---

[6] Thus, the fact that discovery *from Defendants* will not vary materially as to the individual Subrogation Plaintiffs and their individual insureds' claims does not change the analysis. *See* Opp'n at 26–27.

[7] HMA and KA do not dispute that "rules allowing multiple claims (and claims by or against multiple parties)" may not "abridge defendants' rights" *when properly applied*. Opp'n at 23–24 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010)). But those rules have not been properly applied here. And, in any event, Rule 21 permits a Court to sever plaintiffs and claims even when joinder is technically proper if joinder results in prejudice.

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

Relatedly, severance prevents the Subrogation Plaintiffs from evading scrutiny and adjudication of nonviable claims.  As discussed in the Motion and further clarified at the last status conference, Defendants need the opportunity to eliminate claims from categories that are unsupported by the theories alleged in the ACC, including claims for vehicles with immobilizers.  Apr. 19, 2024 Tr. at 38:6–40:8.  Severing the individual insureds' claims into separate actions such that those separate actions can be formally dismissed will help facilitate this.  The Subrogation Plaintiffs do not disagree.

Severance will also remove the prejudice that will arise if the Subrogation Plaintiffs are permitted to use their stronger (albeit still inadequate) claims to bolster their weaker claims.  Courts frequently sever for that reason, particularly where causation is a major issue in the case, and "by trying the two claims together, one plaintiff, despite a weaker case of causation, could benefit merely through association with the stronger plaintiff's case." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 758 (C.D. Cal. 2016).  Indeed, the court in *Texas Farmers Ins. Co. v. Louisiana-Pac. Corp.*, 321 F.R.D. 561 (E.D. Tex. 2017), severed an insurer's insureds' claims for that reason.

Severance is also necessary for the Court to apply the appropriate choice-of-law inquiry on a claim-by-claim basis.  This Court already held that state law will vary in material ways both as to subrogation law and the underlying insureds' claims. Dkt. 390 at 12–15.  In light of that holding, this Court should follow *Allstate Ins. Co. v. Electrolux Home Prod.* and sever the insureds' claims because "attempting to charge a jury on the substantive laws" of so many states and "requiring the jury to compartmentalize the evidence and substantive law as it pertains to each" claim "is nothing short of an insurmountable task."  No. 18-699, 2018 WL 3707377, at *7 (E.D. Pa. Aug. 3, 2018); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000) (holding that district court could consider the "possibility of factual and legal confusion on the part of the jury" in its severance inquiry); *Fleites*, 2022

10

WL 1314035, at *7 (severing plaintiffs' claims, reasoning, in part, that "[g]iven the choice-of-law issues the Complaint presents, the Court will spend considerable resources analyzing the laws of multiple different states and foreign countries").  The Subrogation Plaintiffs argue that "there is no utility in pre-trial severance" because the ACC already "separat[es] out unique allegations for the law of each state." Opp'n at 26.  Yet the ACC omits all of the information that would be needed to conduct a choice-of-law inquiry as to each insured.  As things stand, the Court has no way of applying the appropriate state allegations to each particular claim.

The Subrogation Plaintiffs do not claim that any of these concerns can be addressed without severance.  Rather, they argue only that such concerns are "premature" because "[t]he Parties have not yet exchanged contentions or performed any discovery, no design documents have been produced, expert discovery has not been disclosed, and there have been no pre-trial rulings." Opp'n at 24.  As an initial matter, that statement is untrue—the parties have now propounded discovery on each other, and HMA and KA have served responses.  In any event, severance is necessary now to prevent the Subrogation Plaintiffs from insulating their claims from attack at all stages before trial.  Defendants have a due process right to defend against the claims on an insurer-by-insurer and insured-by-insured basis—the Subrogation Plaintiffs tacitly concede there is no way for this to be done without severance.[8]

Although the Subrogation Plaintiffs argue that "Defendants failed to cite any authority holding that the acquisition of a subrogation interest prevents joinder," Opp'n at 20–22, they conveniently ignore *Engine I (Subrogation)*, in which Judge Staton severed the various insurer-plaintiffs upon finding that joinder in a single action did "not comport with the principles of fundamental fairness, would undermine trial efficiency, and would prejudice Defendants." *Engine I*

---

[8] As courts have noted, "judicial economy is best served" by ordering severance "sooner, rather than later." Mot. at 5 (quoting *Gonzalez v. City of Maywood*, No. 07-3469, 2008 WL 11336944, at *4 (C.D. Cal. Jan. 29, 2008)).

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

*(Subrogation)*, Dkt. 92 at 3.  HMA and KA have not been able to locate any cases addressing the exact joinder issue here because they have not come across any analogous cases.  The subrogation cases the Subrogation Plaintiffs cite include only claims brought by single plaintiffs or a handful of related insurer-plaintiffs.  Opp'n at 21–22.[9]  Further, as with the automotive cases the Subrogation Plaintiffs cite, none of those subrogation cases raise the kind of causation issues at play here, as none involved an alleged "defect" that did not in itself cause any damages to the insurer-plaintiffs but rather required the intervention of third-party criminals.

Ultimately, this Court should sever at this time because the insureds' claims cannot be individually litigated absent severance.

## III.    <u>The Court Should Also Sever the Insureds' Claims.</u>

The Subrogation Plaintiffs must be severed into separate actions because (1) they are misjoined; and (2) as Judge Staton found in *Engine I (Subrogation)*, joinder of Subrogation Plaintiffs in a single action does "not comport with the principles of fundamental fairness, would undermine trial efficiency, and would prejudice Defendants." *Engine I (Subrogation)*, Dkt. 92 at 3.  As reflected above, the same reasoning supports severance of the individual insureds' claims.

---

[9] *State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc.*, No. 11-8946, 2012 WL 1287698 (N.D. Ill. Apr. 16, 2012) (three related State Farm plaintiffs); *Allstate Fire & Cas. Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-2080, 2017 WL 4236309 (D. Colo. Sept. 22, 2017) (two related Allstate plaintiffs); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 17-391, 2017 WL 10718329 (D. Conn. Sept. 18, 2017) (four related Allstate plaintiffs); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-3666, 2017 WL 2216298 (D.S.C. May 19, 2017) (four related Allstate plaintiffs); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-1946, 2016 WL 6995271 (N.D. Ohio Nov. 30, 2016) (two related Allstate plaintiffs); *State Auto Ins. Companies v. Whirlpool Corp.*, 62 F. Supp. 3d 857 (W.D. Wis. 2014) (three related State Auto plaintiffs); *Westfield Ins. Co. v. Interline Brands, Inc.*, No. 12-6775, 2013 WL 6816173 (D.N.J. Dec. 20, 2013) (one plaintiff); *Allstate Ins. Co. v. Wal-Mart Stores, Inc.*, No. 00-307, 2000 WL 960736 (N.D. Ill. July 11, 2000) (one plaintiff); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-9639, Dkt. 23 (N.D. Ill. Mar. 31, 2017) (three related Allstate plaintiffs); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-6514, Dkt. 25 (C.D. Cal. Nov. 3, 2016) (one plaintiff); *Allstate Ins. Co. v. Electrolux Home Prod. Co.*, No. 16-4276, Dkt. 17 (E.D. Penn. Sept. 22, 2016) (four related Allstate plaintiffs); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-6804, Dkt. 27 (S.D.N.Y. Dec. 5, 2016) (three related Allstate entities).

12

The Subrogation Plaintiffs do not dispute that Rule 21 permits courts to sever as to both parties and claims. *See* Mot. at 14; *Allstate Ins. Co.*, 2018 WL 3707377, at *6 ("A case with multiple claims may be severed under Rule 21 where doing so would advance the goals of the 'convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'") (citation omitted). The fact that claims may be properly joined under Rule 18 does not prohibit severance under Rule 21. Opp'n at 13–14, 19; *see, e.g.*, *Lewis v. Nevada*, No. 13-312, 2014 WL 65799, at *3 n.9 (D. Nev. Jan. 7, 2014) (noting that, although joinder of claims by a single plaintiff is generally governed by Rule 18, such joinder "would appear to be subject to possible severance under Rule 21 where such severance is in the interests of justice and the efficient conduct of the litigation"); *Marquez v. Gottstein Corp.*, No. 20-8984, 2021 WL 4816625, at *2 (C.D. Cal. May 17, 2021) (severing claims after finding them properly joined under Rule 18). For that same reason, the fact that insurers may be the real parties in interest in some states does not prevent severance of the insureds' claims. *See* Opp'n at 8, 13.[10] Indeed, the court in *Texas Farmers Ins. Co.* severed different insureds' claims brought by a single insurer even though it found them properly joined under Rule 18, reasoning that "principles of fairness and equity weigh[ed] in favor of severance." 321 F.R.D. at 563–66. Because Defendants need to be able to litigate the claims on an insured-by-insured basis, the Subrogation Plaintiffs and their insureds' claims should be severed.

---

[10] Although the Subrogation Plaintiffs contend that they are the real parties in interest for their claims, as Defendants noted in their reply in support of their motion to dismiss the Consolidated Complaint, that is not true in every state. *See* Dkt. 250 at 10; *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2004) (noting that insured is the real party in interest and must be named as plaintiff in a subrogation case under Washington law); *Catalfano v. Higgins*, 55 Del. 470, 473 (1962) (insured is real party in interest in subrogation case under Delaware law).

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

**IV.    Defendants Did Not Waive Their Right to Seek Severance in the Individual Actions.**

The Subrogation Plaintiffs argue that Defendants have "waived" any objection to "provisional joinder" through positions they have taken before both the JPML and this Court.  Opp'n at 27.  As discussed above, Defendants do not contest so-called "provisional joinder" (*i.e.*, coordination in the MDL), so this argument can be disregarded on that basis.  Further, a defendant cannot "waive" an objection to joinder of plaintiffs and claims, as a court can invoke Rule 21 "at any time."  Fed. R. Civ. P. 21; *see also Funtanilla v. Tristan*, No. 02-6001, 2010 WL 1267133, at *2 (E.D. Cal. Mar. 30, 2010) (rejecting plaintiff's argument that defendant waived right to challenge misjoinder); *Russell v. Chesapeake Appalachia, L.L.C.*, No. 14-148, 2014 WL 6634892, at *8 n.10 (M.D. Pa. Nov. 21, 2014) (rejecting a plaintiff's waiver argument, reasoning that "the Court enjoys broad discretion to address misjoinder issues under Rules 20 and 21").[11]   Finally, even if "waiver" were possible, the Subrogation Plaintiffs fail to establish such a waiver here for several reasons.

First, the Subrogation Plaintiffs' reliance on Defendants' submission to the JPML and the JPML's subsequent decision creating the MDL is misleading.  Opp'n at 9–10.  Defendants filed the JPML submission at issue (in which they noted that they did not oppose centralization in the MDL) on September 23, 2022, when there were twenty-seven consumer class actions and *zero* subrogation actions pending.  Opp'n at 9; *In re Kia Hyundai Vehicle Theft Litig.*, MDL No. 3052, Dkt. 44 (J.P.M.L. Sept. 23, 2022).  The first Individual Action was not filed until almost six months later.  Thus, Defendants could not possibly have taken any position on the propriety, fairness, or prejudice of joinder of the Subrogation Plaintiffs or their claims in that

---

[11] The only case the Subrogation Plaintiffs cite relates to waiver of an objection to "fraudulent joinder" for purposes of removal, which is not the issue here.  *See Markham v. Home Depot USA, Inc.*, No. 13-8431, 2014 WL 117102, at *2 (C.D. Cal. Jan. 10, 2014).

filing.  The Subrogation Plaintiffs overlook this inconvenient fact when they misleadingly contend that "Defendants argued before the JPML" that "joinder of *these claims* will undoubtedly facilitate judicial economy."  Opp'n at 23 (emphasis added).  Further, the JPML ruled on coordination and/or consolidation in the MDL on December 13, 2022, again before any subrogation case had been filed, so its ruling has no bearing on the joinder issue here.  *In re Kia Hyundai Vehicle Theft Litig.*, 648 F. Supp. 3d 1374 (J.P.M.L. 2022).

Second, the Subrogation Plaintiffs rely on various filings and in-Court statements by Defendants to argue "waiver."  Yet the Subrogation Plaintiffs do not explain how agreement to the concept of a consolidated MDL complaint (June 12, 2023 Tr. at 16:12–15) and to the continued viability of the MDL after this Court struck the class allegations (Apr. 19, 2024 Tr. at 36:7–16) constitutes waiver of an objection to joinder of Subrogation Plaintiffs and their insureds' claims *in the Individual Actions*.  As discussed, Defendants do not object to the coordination and/or consolidation of the Individual Actions in this MDL and in a consolidated complaint for purposes of streamlining this MDL.

Lastly, although Defendants did not previously object to joinder of additional Subrogation Plaintiffs in already-filed actions (Dkt. 108 at 2 n.2; Dkt. 289 ¶ 6), subsequent events have made clear that joinder in the Individual Actions prevents Defendants from exercising their right to litigate each insured's claims on an individual basis.  Specifically, following the Court's order on the motion to dismiss the Consolidated Complaint—in which the Court held that, for pleading purposes, the Subrogation Plaintiffs would not be required to identify each insured and plead the specific facts of the insureds' claims—the Subrogation Plaintiffs have taken the position that they can litigate their claims *en masse* at all subsequent stages of litigation.  Yet the Court recently recognized in striking the class allegations that the

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

Subrogation Plaintiffs will be required to prove each insured's claim on an insured-by-insured basis.  Severance accords with that holding.[12]

For these reasons, Defendants have not waived their right to seek severance of the Subrogation Plaintiffs and claims joined in the Individual Actions.

## V.    Dismissal of All But the First-Named Plaintiff in Each Individual Action Is Proper.

The Subrogation Plaintiffs argue that, even if the Court grants the Motion, it should not dismiss the claims or Subrogation Plaintiffs because dismissal is "improper[]" and "will likely prejudice Plaintiffs."  Opp'n at 27–28.  Yet courts routinely dismiss all but the first-named plaintiff to effectuate severance.  *See, e.g.*, *Coughlin*, 130 F.3d at 1350 (when parties are misjoined, "the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Visendi*, 733 F.3d at 871 ("In appropriate cases, courts can remedy misjoinder by dismissing the claims of all but the first named plaintiff without prejudice to the filing of individual actions.").  Indeed, that is exactly what Judge Staton did in *Engine I (Subrogation)*.  *Engine I (Subrogation)*, Dkt. 92 at 4 (dismissing all plaintiffs except for the first named plaintiff).  As the Subrogation Plaintiffs do not explain why dismissal would be uniquely prejudicial here, the Court should effectuate severance via dismissal.

## CONCLUSION

HMA and KA respectfully request that the Court grant the Motion and (1) dismiss all but the first-named Subrogation Plaintiffs in the Individual Actions; and (2) sever each insured's claim and require that any such claims (to the extent they are refiled) be refiled as separate actions.

---

[12] Nothing brings that into sharper focus than the Subrogation Plaintiffs' attempts to expand their claims beyond those alleged in the Amended Consolidated Complaint, including to encompass vehicles equipped with immobilizers.

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER

1    Dated:  May 24, 2024            JENNER & BLOCK LLP

2

3                       By:   */s/ Peter J. Brennan*

Kate T. Spelman
Alice S. Kim
Madeline P. Skitzki
Jenna L. Conwisar
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199
KSpelman@jenner.com
AKim@jenner.com
MSkitzki@jenner.com
JConwisar@jenner.com

Peter J. Brennan (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:  +1 312 222 9350
Facsimile:   +1 312 527 0484s
PBrennan@jenner.com
MBrody@jenner.com

*Attorneys for Defendants*

HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER