QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*City of Newark v. Hyundai Motor Company, Hyundai Motor America, Kia Corporation, and Kia America, Inc.*, Case No. 8:24-cv-00323 | Case No. 8:22-ML-3052-JVS-(KESx)<br><br>The Honorable James V. Selna<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND/OR NOTICE OF INCORPORATION-BY-REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF CITY OF NEWARK**<br><br>Hearing Date: August 26, 2024<br>Hearing Time: 1:30 p.m. |

Under Federal Rule of Evidence ("FRE") 201 and the incorporation-by-reference doctrine, Defendants Kia America, Inc. ("KA") and Hyundai Motor America ("HMA") (collectively, "Defendants") respectfully request that the Court take judicial notice of or otherwise consider the following in connection with Defendants' Motion to Dismiss Plaintiff Newark's ("Plaintiff") First Amended Complaint ("FAC"). *See* FRE 201(c)(2) (The court "must take judicial notice if a party requests it and the court is supplied with the necessary information"); *see Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) ("If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.") (cleaned up).

1. Letter from Attorneys General to Ann Carlson, Acting Administrator of NHTSA (the "State AGs' Recall Request"), dated April 20, 2023 (a copy of which is publicly available at https://oag.ca.gov/system/files/attachments/press-docs/4-20-23%20NHTSA%20Recall%20to%20Hyundai%20and%20Kia.pdf). A true and correct copy is attached as **Exhibit 1.**

2. Certificate of Authenticity issued by NHTSA, dated July 13, 2023, and the accompanying letter from NHTSA to Attorney General of California Rob Bonta, dated June 5, 2023 (the "NHTSA Response") (copies of which are publicly available at https://kstp.com/wp-content/uploads/2023/06/NHTSA-Response.pdf; https://twitter.com/JimNelsonTV/status/1674172797835149312?s=20), responding to the State AGs' Recall Request. True and correct copies of the Certificate and accompanying NHTSA Response are attached as **Exhibit 2.**

3. S. Zeff, *Is your car where you left it? Kia and Hyundai thefts in Missouri have skyrocketed*, KCUR (Feb. 6, 2023) (publicly available at https://www.kcur.org/news/2023-02-06/is-you-car-where-you-left-it-kia-and-hyundai-thefts-in-missouri-have-skyrocketed), a true and correct copy of which is attached as **Exhibit 3.** Plaintiff cites this article in its FAC. *See* FAC ¶ 62 n.15.

4. C. Byers, *Hyundai and Kia refuse St. Louis mayor's demand to install anti-theft technology*, KSDK (Sept. 22, 2022) (publicly available at https://www.ksdk.com/article/news/crime/hyundai-kia-refuse-st-louis-demand-install-anti-theft-technology/63-165e38a0-6d07-45f9-84cc-54250ada1436), a true and correct copy of which is attached as **Exhibit 4.** Plaintiff cites this article in its FAC. *See* FAC ¶ 73 n.22.

5. NHTSA Laboratory Test Procedure for Federal Motor Vehicle Safety Standard ("FMVSS") 114 (Jul. 28, 2010) (publicly available at https://www.nhtsa.gov/sites/nhtsa.gov/files/documents/tp-114-04_tag.pdf), a true and correct copy of which is attached as **Exhibit 5.**

## ARGUMENT

This Court may consider the above when evaluating Defendants' motion to dismiss as either the subjects of judicial notice and/or documents incorporated-by-reference into the FAC. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee*, 250 F.3d at 688–89.

*First*, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." *Lee*, 250 F.3d at 688–89. Such matters of public record include (a) "undisputed and publicly available information displayed on government websites," *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018); and (b) materials such as "letters published by the government…as well as records and reports of administrative bodies," *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (taking judicial notice of letters created and sent by public school district); *see also Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1212 (10th Cir. 2012) (taking judicial notice of NHTSA records); *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 689 (C.D. Cal. 2022), *opinion clarified sub nom. In re ZF-TRW Airbag Control Units Prod.*, 2022 WL 19425927 (C.D. Cal. Mar. 2, 2022) (taking judicial notice of NHTSA document); *Cork v. CC-Palo Alto, Inc.*, 534 F.Supp. 3d 1156, 1171 (N.D. Cal. 2021)

1  (taking judicial notice of letter issued by government agency "because it was issued by a government department and Plaintiffs do not dispute its authenticity"); *Bitters v. FHA*, 2016 WL 159216, at *16 n.24 (E.D. Cal. Jan. 13, 2016) (taking judicial notice of excerpts of a Federal Highway Administration ("FHWA") Policy Paper on FHWA's website).  Case law is clear that "official letters and correspondence from the government can [] be properly noticed." *Weststar Relocation, Inc. v. Becerra*, 2021 WL 5828016, at *1 (C.D. Cal. Sept. 29, 2021); *see also Grivas v. Metagenics, Inc.*, 2016 WL 11266835, at *2 (C.D. Cal. Mar. 31, 2016) ("The Ninth Circuit has taken judicial notice of…opinion letters issued by regulatory agencies").

*Second*, the Court may consider "material which is properly submitted as part of the complaint," including documents that are not physically attached to the complaint if their authenticity is not contested and the complaint relies on them.  *Lee*, 250 F.3d at 688.  This incorporation-by-reference doctrine "treats [such] documents as though they are part of the complaint itself" and aims to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

**Exhibits 1–2 & 5.**  Exhibits 1–2 and 5 all contain undisputed and publicly available information displayed on government websites and/or published by the government.  *See King*, 885 F.3d at 555; *Smith*, 830 F.3d at 851 n.10; *Cork*, 534 F.Supp. 3d at 1171.  The Court may therefore take judicial notice that Exhibit 1 consists of a communication issued by government officials, and displayed on a government website.  The Court may also take judicial notice that Exhibits 2 and 5 are NHTSA's or FHWA's publications, procedures, and communications, the contents of which reflect records of an administrative agency, as well as NHTSA's or FHWA's official positions.  Indeed, courts have frequently taken judicial notice of NHTSA and FHWA documents.  *Winzler*, 681 F.3d at 1212 (taking judicial notice of NHTSA records); *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp.

3d at 689 (taking judicial notice of NHTSA document); *Bitters*, 2016 WL 159216, at *16 n.24 (taking judicial notice of excerpts of FHWA Policy Paper on FHWA's website).

**Exhibits 3–4.**  The Court may consider Exhibits 3 and 4 as incorporated-by-reference into the FAC, given Plaintiff's reliance on these Exhibits to describe car theft rates, *see* FAC ¶ 62 n.15, and allege Defendants' purported knowledge about the "surging number" of vehicle thefts, *id.* ¶ 73 n.22.  *See Khoja*, 899 F.3d at 1002 (incorporation by-reference doctrine ensures plaintiffs cannot "select only portions of documents that support their claims while omitting portions of those very documents that weaken or doom their claims").

## CONCLUSION

Accordingly, the Court may take judicial notice of and/or consider each of these exhibits in connection with Defendants' Motion to Dismiss the FAC.

DATED:  June 12, 2024        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Steven G. Madison*
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*