Stephen J. Kane (*pro hac vice*)
stephen.kane@cityofchicago.org
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Fax: (312) 744-5185

Jimmy R. Rock (*pro hac vice*)
jrock@edelson.com
EDELSON PC
1255 Union Street NE, 7th Floor
Washington, DC 20002
Tel: (202) 270-4777
Fax: (312) 589-6378

Shantel Chapple Knowlton (*pro hac vice*)
schappleknowlton@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

Jean Larsen (SBN #351989)
jlarsen@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: (415) 373-9435

*Attorneys for Plaintiff City of Chicago*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT LITIGATION<br><br>This Document Relates to:<br><br>*City of Chicago v. Kia America, Inc., and Hyundai Motor America*, Case No. 8:23-cv-02045-JVS (KESx) | Case No. 8:22-ML-3052-JVS(KESx)<br><br>The Honorable James V. Selna<br><br>**CITY OF CHICAGO'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND/OR NOTICE OF INCORPORATION-BY-REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT OF PLAINTIFF CITY OF CHICAGO**<br><br>Hearing Date:   August 5, 2024<br>Hearing Time:   1:30 pm |

## I. INTRODUCTION

Plaintiff City of Chicago ("Chicago") respectfully requests that the Court deny in part Defendants' Request for Judicial Notice and/or Notice of Incorporation-by-Reference In Support of Defendants' Motion to Dismiss Second Amended Complaint of Plaintiff City of Chicago (hereinafter "Request" or "Request for Judicial Notice"). (Dkt. 432.) The Request for Judicial Notice requests judicial notice of thirteen exhibits. Chicago opposes Defendants' Request with respect to Exhibits 1, 2, 10, and 11.

## II. LEGAL STANDARD

"When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment." *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 761 (C.D. Cal. 2015). A court may properly take judicial notice of (1) material included as part of the complaint or (2) matters of public record. *Solyndra Residual Tr. by & through Neilson v. Suntech Power Holdings Co.*, 62 F. Supp. 3d 1027, 1037 n.2 (N.D. Cal. 2014). However, a court may only "judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (overturning a District Court's judicial notice of "*disputed* facts stated in public records").

## III. ARGUMENT

The Request asks the Court to take judicial notice of Exhibit 1, a letter from Attorneys General to Ann Carlson, Acting Administrator of the National Highway Traffic Safety Administration ("NHTSA") (the "AG Letter"), dated April 20, 2023, and Exhibit 2, a Certificate of Authenticity issued by NHTSA, dated July 13, 2023,

as well as the accompanying letter from NHTSA to Attorney General of California Rob Bonta (the "NHTSA Letter"), dated June 5, 2023.[1] (Dkt. 432 at 1.)

Defendants requested judicial notice of these very same documents in the proceedings on Motions to Dismiss both the Subrogation Plaintiffs' Consolidated Complaint and the Government Entities ("GE") Consolidated Complaint. (Dkts. 218, 220.) The Subrogation Plaintiffs and GE Plaintiffs objected to the requests by: (1) disputing the facts contained in the exhibits, the relevance of those facts to this proceeding, and the weight Defendants sought to be given to those exhibits; (2) objecting that the exhibits contain hearsay; and (3) objecting that the exhibits are not referenced in the complaint and therefore are not appropriate for consideration at this stage of the proceeding. (Dkt. 236 at 3–7; Dkt. 237 at 2–4.)

These objections are equally applicable here, as Chicago's Second Amended Complaint ("SAC") did not reference either of these documents and Chicago disputes the facts contained in the exhibits, the relevance of those facts to this proceeding, and the weight Defendants give those exhibits in briefing their Motion to Dismiss. (Dkt. 431 at 2-3, 5.)

This Court has considered these arguments, ruled on this issue, and granted judicial notice only "to the existence of the documents, and not the truth of the matters asserted therein." (Dkt. 269 at 6–7.) Defendants have provided no reason why the Court should take broader notice here, and there is no reason for the Court to reach a different result for the purposes of ruling on Defendants' Motion to Dismiss Chicago's SAC. As a result, and to avoid further wasting judicial resources, Chicago incorporates and adopts the objections set forth in the Subrogation and GE Plaintiffs' Oppositions (Dkt. 236 at 3–7; Dkt. 237 at 2–4), and opposes any broader notice of Exhibits 1 and 2 than was taken by this Court in the previous proceedings.

---

[1] Defendants' Request notes a Certificate of Authenticity related to the NHTSA Letter, but Exhibit 2 does not include one.

Defendants also seek judicial notice of an NHTSA webpage (Ex. 10) and an Insurance Institute for Highway Safety archived webpage (Ex. 11). Similar to the above objections, Chicago takes no issue with judicial notice of the existence of these webpages but does dispute the relevance of the facts contained therein to these proceedings, the weight being given to these exhibits in Defendants' Motion, and the fact that these exhibits were not cited in the Complaint and therefore are not relevant at this stage of the proceedings.

Defendants rely on these exhibits to support their arguments that statements made in the brochure for the 2016 Hyundai Elantra referenced in the SAC were not deceptive. (Dkt. 431 at 16.) However, these webpages have no bearing on the deceptive statements made in the Defendants' advertising material. They are not cited in or otherwise incorporated into the advertisements cited in the Complaint, and judicial notice of the facts contained therein are not relevant nor appropriate at this stage of the proceedings.

Defendants rely on these materials to support arguments that a reasonable consumer would interpret language in their advertisements based on the information contained in these webpages. However, there is no indication that consumers would be aware of the statements in the webpages Defendants noticed, nor an indication that these statements would be relevant to a reasonable consumer. Moreover, Defendants do not explain why a reasonable consumer would rely on the referenced webpages when construing Defendants' representations. Specifically, Defendants cite these webpages as evidence of how consumers would interpret language in a brochure for the 2016 Hyundai Electra stating that it is "filled with the sort of premium features you'd only expect to find on luxury cars" and equipped with "performance, safety and communications technologies so advanced, it's capable of doing things beyond any compact car you've ever owned." (SAC ¶ 40.) Whether a reasonable consumer would interpret those statements as indicating the vehicle

included industry-standard anti-theft technology absent a clear and conspicuous disclosure is a disputed question of fact.

In sum, Defendants' attempt to judicially notice Exhibits 10 and 11 is an attempt to convert their Motion to Dismiss into a Motion for Summary Judgment. Whether a consumer would be on notice of these statements or would construe the representations in the advertisements to be somehow limited by the statements on these completely separate webpage is not reasonable and, at a minimum, highly contested. For that reason, the Request for Judicial Notice of Exhibits 10 and 11 should be denied.

DATED: June 28, 2024

Respectfully submitted,

**City of Chicago**,

/s/ Stephen J. Kane
Stephen J. Kane (*pro hac vice*)
CITY OF CHICAGO DEPARTMENT OF LAW
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Fax: (312) 744-5185

Jimmy R. Rock (*pro hac vice*)
jrock@edelson.com
EDELSON PC
1255 Union Street NE, 7th Floor
Washington, DC 20002
Tel: (202) 270-4777
Fax: (312) 589-6378

/s/ Shantel Chapple Knowlton
Shantel Chapple Knowlton (*pro hac vice*)
schappleknowlton@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654

|   |   |
|---|---|
| 1 | Tel: (312) 589-6370 |
| 2 | Fax: (312) 589-6378 |
| 3 | Jean Larsen (SBN #351989) |
| 4 | jlarsen@edelson.com |
|   | EDELSON PC |
| 5 | 150 California Street, 18th Floor |
| 6 | San Francisco, California 94111 |
|   | Tel: (415) 212-9300 |
| 7 | Fax: (415) 373-9435 |
| 8 | |
|   | *Attorneys for Plaintiff the City of* |
| 9 | *Chicago* |

-6-

OPP. TO DEFS' REQ. FOR JUDICIAL NTC.    CASE NO. 8:22-ML-3052-JVS(KESx)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Shantel Chapple Knowlton*