Gretchen Freeman Cappio (*pro hac vice*)
gcappio@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384

*Counsel for City of Lorain, Ohio*

(additional counsel listed below)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*City of Lorain, Ohio v. Hyundai Motor Company, Hyundai Motor America, Kia Corporation, and Kia America, Inc.*,<br><br>Case No. 8:23-cv-02083 | No. 8:22-ML-03052-JVS-KES<br><br>The Honorable James V. Selna<br><br>PLAINTIFF CITY OF LORAIN, OHIO'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS<br><br>Hearing Date: August 12, 2024<br>Hearing Time: 1:30 PM |

## I.  INTRODUCTION

The City of Lorain, Ohio ("Plaintiff") respectfully requests that the Court deny Defendants' Request for Judicial Notice and/or Notice of Incorporation-by-Reference in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint

("Request"), Dkt. No. 428, as it pertains to Exhibits 2 and 5.[1] Defendants requested judicial notice of these same documents in support of their motions to dismiss the Consolidated Governmental Entities Compliant ("CGEC") and the Subrogation Plaintiffs Consolidated Complaint. *See* Dkt. Nos. 218, 220. Plaintiffs in both tracks objected, *see* Dkt. Nos. 236 at 3–7, and 237 at 2–4, and this Court granted judicial notice in the Subrogation Track only "to the existence of the documents, and not the truth of the matters asserted therein." Dkt. No. 269 at 6–7.[2] There is no reason the Court should take a broader notice here.

Lorain, like the plaintiffs in the CGEC and the Subrogation Track, disputes the alleged facts and conclusions that Defendants draw from statements made in Exhibits 2 and 5 related to the National Highway Traffic and Safety Administration ("NHTSA") and Defendants' purported compliance with Federal Motor Vehicle Safety Standard ("FMVSS") 114. *See* Fed. R. Evid. 201(b) (permitting judicial notice of adjudicative facts only if those facts are "not subject to reasonable dispute"). Additionally, Plaintiff would be prejudiced by judicial notice of the disputed facts because it could not later challenge them before a jury. *See* Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."). For those reasons, Plaintiff respectfully requests the Court deny Defendants' Request as to Exhibits 2 and 5.

## II.  FACTUAL BACKGROUND

Plaintiff filed its FAC on May 3, 2024. In moving to dismiss the FAC, Defendants request judicial notice of six exhibits. Request at 1–2. Plaintiff objects to judicial notice of Exhibits 2 and 5. Exhibit 2 is a letter by a representative of NHTSA to a group of eighteen state attorneys general regarding certain Hyundai and Kia vehicles' compliance

---

[1] Plaintiff does not oppose the Request as it pertains to Exhibits 1, 3–4, and 6.
[2] To Plaintiff's knowledge, the Court did not rule on the issue when it largely denied Defendants' motion to dismiss the CGEC. *See generally* Dkt. No. 270.

with federal motor vehicle standards and the risk such vehicles pose to public safety. Exhibit 5 purports to outline the requirements of FMVSS 114 and the laboratory test procedures utilized to ensure compliance with that standard. Lorain does not quote from, cite to, or otherwise reference either document in the FAC.

### III.   LEGAL STANDARD

In general, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). There are two exceptions to this general rule. First, courts may take judicial notice of matters of public record. *Id.* at 999. Second, under the judicially created incorporation-by-reference doctrine, courts may treat "certain documents as though they are part of the complaint itself." *Id.* at 1002. Such incorporation requires that "the plaintiff refers extensively to the document" or that "the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

But "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. "Succinctly put, judicial notice is taken of facts, not documents." 21B Wright & Miller, Fed. Prac. & Proc. Evid. § 5104 (2d ed.). And, in any case, a court "cannot take judicial notice of disputed facts." *Khoja*, 899 F.3d at 999.

Moreover, the Ninth Circuit discourages the "overuse and improper application" of these exceptions because "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998.

## IV. ARGUMENT

Exhibits 2 and 5 are not appropriate for judicial notice because Plaintiff disputes the purported facts in those documents, the documents contain hearsay, and neither document meets the standard for incorporation because Plaintiff does not reference or otherwise rely on them. Further, Plaintiff would be prejudiced if the Court takes judicial notice of Exhibits 2 and 5.

### A. Plaintiff Disputes the Purported Facts in Exhibits 2 and 5.

The Court may judicially notice the existence of Exhibits 2 and 5, but not for the truth of any matters asserted therein because Lorain disputes those facts.

With respect to the NHTSA letter (Exhibit 2), Defendants rely on it to argue—incorrectly—that the agency has (1) "unequivocally rejected a request by eighteen attorneys general to institute a recall for certain Hyundai and Kia vehicles" and (2) determined that the vehicles comply with federal motor vehicle standards. Dkt. No. 427 at 3 (citing Request Ex. 2 at 2). Defendants do not appear to seek notice merely of the existence of the NHTSA letter but rather of the conclusions they draw from the purported facts contained therein. But the NHTSA letter does not constitute an official hearing or final determination about the safety of certain Hyundai and Kia vehicles. *See* 49 CFR 554.8, 554.9 (requiring NHTSA to inform the public that it has opened a compliance or defect investigation and to publish its report when the investigation closes). NHTSA has not initiated a compliance or defect investigation, let alone published a report on its findings. Even if the letter constituted such an official determination—and it does not—Plaintiff disputes the purported facts in that letter and Defendants' characterization of them.

Moreover, the statements within the NHTSA letter contain multiple levels of hearsay. The main purpose for which Defendants have introduced the NHTSA letter is to prove the truth of some matters they claim to be asserted therein. Dkt No. 427 at 3

(citing the document in support of Defendants' contention about whether the vehicles comply with FMVSS No. 114, whether the vehicles are defective, and whether they present a safety risk); *id.* at 7 (similar). Such out-of-court statements—which Plaintiff disputes—are not admissible for the truth of the matter asserted. *See, e.g.*, *1-800-411-Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1063, n.13 (8th Cir. 2014) ("Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules." (quoting *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009))); *see also Daniel v. Cook County*, 833 F3d 728, 742 (7th Cir. 2016) (commenting that "[t]aking judicial notice of the contents of hearsay statements . . . to prove the truth of the matters is much harder to justify").

With respect to the laboratory test procedures outlined in Exhibit 5, Plaintiff does not dispute the existence of the testing procedures cited in Exhibit 5. But Plaintiff disputes the facts and conclusions Defendants draw from the testing procedures. Specifically, Defendants assert that the procedures "test[] compliance through reference to objective criteria." Dkt. No. 427 at 5 (citing Request Ex. 5 at 4, 16). Plaintiff disputes that the procedures, which include testing to prevent the "normal activation of the vehicle's engine," are objective. Request Ex. 5 at 6. Moreover, Plaintiff disputes that compliance with such procedures would preclude this Court from determining that the Susceptible Vehicles lack reasonable anti-theft technology.

In sum, Exhibits 2 and 5 both contain disputed facts as applied to this case and judicial notice is therefore inappropriate.

**B.     Exhibits 2 and 5 Do Not Form the Basis of Plaintiff's Claims.**

Defendants do not contend and fail to show that Exhibits 2 and 5—neither of which are cited in the FAC—should be incorporated by reference. The FAC makes no allegations concerning the contents of the NHTSA letter (Exhibit 2) or the testing

5

procedures for FMVSS 114 (Exhibit 5), nor does the FAC rely on those documents or their contents. In contrast to situations where a document is integral to a claim, such as a contract a party is suing under,[3] Exhibits 2 and 5 have no bearing on Plaintiff's claims. Lorain brings claims for public nuisance and negligence stemming from Defendants' failure to equip their vehicles with reasonable anti-theft technology. Whether Defendants complied with FMVSS 114 is immaterial to those claims. Accordingly, it would be inappropriate to incorporate these documents by reference.

C. **Judicial Notice of Exhibits 2 and 5 Would Prejudice Plaintiff.**

Finally, if the Court grants judicial notice of the disputed statements contained in Exhibits 2 and 5, Plaintiff would be prevented from challenging the veracity of the statements later in this litigation. *See* Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."). To avoid such prejudice, Plaintiff respectfully requests that, to the extent the Court judicially notices Exhibits 2 and 5, the Court not take notice of the facts asserted within them. *See EVO Brands, LLC v. Al Khalifa Group LLC*, 657 F. Supp. 3d 1312, 1326 (C.D. Cal. 2023) (noting that "documents are not judicially noticeable for the truth of the facts asserted therein at the pleading stage").

## V.  CONCLUSION

Exhibits 2 and 5 are not judicially noticeable because Plaintiff disputes the facts contained within those Exhibits; Exhibit 2 contains multiple levels of hearsay; and neither Exhibit is integral to Plaintiff's claims. Plaintiff would suffer prejudice if statements contained within these Exhibits were judicially noticed. Therefore, Plaintiff respectfully requests that, to the extent the Court grants judicial notice, it do so on the

---

[3] *See, e.g.*, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating by reference a billing services agreement not part of the original record because the agreement was integral in determining when the statute of limitations was triggered).

same terms as before, that is, only "to the existence of the documents, and not the truth of the matters asserted therein." Dkt No. 269 at 6–7.

RESPECTFULLY SUBMITTED this 8th day of JULY, 2024.

CITY OF LORAIN

By /s/ Patrick D. Riley
Patrick D. Riley
Law Director
Department of Law
200 W Erie Avenue, 3rd Floor
Lorain, OH 44052
Telephone: (440) 204-2250
Fax: (440) 204-2257
Patrick_Riley@cityoflorain.org

*Counsel for Plaintiff City of Lorain, Ohio*

KELLER ROHRBACK L.L.P.

By /s/ Gretchen Freeman Cappio
Gretchen Freeman Cappio (*pro hac vice*)
Derek W. Loeser (*pro hac vice*)
Ryan McDevitt (*pro hac vice*)
Alison Gaffney (*pro hac vice*)
Garrett Heilman (*pro hac vice*)
Zachary Gussin (*pro hac vice*)
Kylie Fisher (*pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com
dloeser@kellerrohrback.com
rmcdevitt@kellerrohrback.com
agaffney@kellerrohrback.com
gheilman@kellerrohrback.com
zgussin@kellerrohrback.com
kfisher@kellerrohrback.com

*Counsel for Plaintiff City of Lorain, Ohio*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff City of Lorain, Ohio, certifies that this brief contains 1,679 words, which complies with the word limit of L.R. 11-6.1.

KELLER ROHRBACK L.L.P.

By */s/ Gretchen Freeman Cappio*
Gretchen Freeman Cappio (*pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Counsel for Plaintiff City of Lorain, Ohio*

No. 8:22-ML-03052                    OPPOSITION TO REQUEST FOR JUDICIAL NOTICE