QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ML-3052-JVS-(KESx) |
| | The Honorable James V. Selna |
| | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND/OR NOTICE OF INCORPORATION-BY-REFERENCE** |
| This Document Relates to: | Hearing Date:  August 12, 2024 |
| *City of Lorain, Ohio v. Hyundai Motor Company, Hyundai Motor America, Kia Corporation, and Kia America, Inc.,* Case No. 8:23-cv-02083 | Hearing Time: 1:30 pm |

## **PRELIMINARY STATEMENT**

The Court should reject Plaintiff City of Lorain's meritless Opposition, and take judicial notice of Exhibit 2, a letter published by the National Highway Traffic Safety Administration finding no violation of FMVSS 114 ("NHTSA Response"), and Exhibit 5, a document published by the NHTSA showing testing procedures, in connection with Defendants Kia America, Inc.'s and Hyundai Motor America's Motion to Dismiss Plaintiff's First Amended Complaint.[1]

Plaintiff's objections to judicial notice of Exhibits 2 and 5 fail for multiple reasons. Plaintiff does not dispute that records of a public agency, letters published by the government, and publicly-available information displayed on government websites are posterchild subjects of judicial notice in the Ninth Circuit. Despite vague assertions that Plaintiff "disputes the purported facts" contained in Exhibits 2 and 5, *see* RJN Opp. 4, Plaintiff here identifies no specific facts—either in its Opposition to the Request for Judicial Notice, its Opposition to the Motion to Dismiss the FAC, or in the FAC—which it "reasonably disputes." Plaintiff's hearsay objections, *id.* at 4–5, fail because the statements at issue fall within the exceptions to the hearsay rule. And Plaintiff's contentions that it "disputes" the evidentiary weight given to the exhibits, *id.* at 5, do not justify denying judicial notice. Judicial notice would not prejudice Plaintiff and should be granted.

## **ARGUMENT**

## I. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 2 AND 5

Plaintiff does not dispute, as this Court has previously acknowledged, that "[c]ourts frequently take judicial notice of government records and documents, including NHTSA documents." Dkt. 269 at 6; *see, e.g.*, *In re ZF-TRW Airbag Control*

---

[1] Plaintiff does not object to Exhibits 1, 3–4, and 6, conceding these exhibits may be properly considered by this Court based on the doctrines of judicial notice and incorporation-by-reference. *See* RJN Opp. 2 n.1.

*Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 689 (C.D. Cal. 2022) (taking judicial notice of NHTSA records); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1212–13 (10th Cir. 2012) (same).  Exhibits 2 and 5 contain undisputed and publicly available information displayed on government websites and/or published by the government, and therefore are proper subjects for judicial notice.  *See King v. Cnty. of L.A.*, 885 F.3d 548, 555 (9th Cir. 2018) (matters of public record include "undisputed and publicly available information displayed on government websites"); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) ("courts routinely take judicial notice of letters published by the government … as well as records and reports of administrative bodies") (internal quotation marks omitted).

Plaintiff asserts that it "disputes the purported facts" in the NHTSA Response and the NHTSA testing procedures.  RJN Opp. 4.  But Plaintiff does not identify any specific facts contained in the Exhibits that it actually disputes (either in its Opposition to the Request for Judicial Notice, in its Opposition to the Motion to Dismiss the FAC, or in its FAC).  With respect to the NHTSA Response (Exhibit 2), Plaintiff fails to identify a single purported fact from the document that it disputes, and instead states generally that it "disputes the purported facts in that letter."  RJN Opp. 4.  If such general assertions were a basis to deny Defendants' requests, litigants could overcome requests for judicial notice of a government document with nothing more than a conclusory claim that they "dispute" unspecified facts contained therein.  That cannot be the rule.

With respect to the NHTSA testing procedures (Exhibit 5), Plaintiff acknowledges it "does not dispute the existence of the testing procedures cited," and instead disputes that the testing procedures are "objective."  *Id.* at 5.  But Defendants asked the Court take judicial notice of the testing procedures, not take judicial notice *of the fact that the procedures are objective*.  And that terminology does not appear in the NHTSA testing procedures.  That Plaintiff does not believe that the testing

procedures should be described as "objective" is no basis on which to deny judicial notice.

Plaintiff also argues, without any supporting authority, that the Court should not take judicial notice of Exhibits 2 and 5 because Plaintiff "disputes the … conclusions that Defendants draw from statements made" in them. *Id.* at 2; *see also id.* at 4–5. But Plaintiff confuses a dispute over the strength of Defendants' Motion to Dismiss with a "reasonable dispute" about the *contents of the exhibits*. This Court is well-equipped to evaluate the legal arguments that Defendants have presented in their Motion. That Plaintiff expresses disagreement with the legal arguments in Defendants' Motion to Dismiss—an unsurprising proposition—is no basis on which to decline judicial notice.

Plaintiff makes much of its claim that the NHTSA Response "does not constitute an official hearing or final determination" by NHTSA. *Id.* at 4. But the existence or lack of those events does not change the fact that NHTSA wrote and issued the NHTSA Response setting forth the statements therein. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'"). And again Plaintiff does not cite any case law supporting its position.

Finally, Plaintiff's objection to judicial notice of Exhibits 2 and 5 on the grounds that "Defendants … fail to show that Exhibits 2 and 5 … should be incorporated by reference," RJN Opp. 5, is off base. As Plaintiff notes, "Defendants do not contend" that Exhibits 2 and 5 were incorporated by reference. *Id.*

## II. EXHIBITS 2 AND 5 DO NOT IMPLICATE HEARSAY

Regarding Plaintiff's hearsay objections argument, RJN Opp. 4–5, while the Court did not previously render a decision as to that argument specifically, Exhibits 2 and 5 fall within the public records exception to the hearsay rule. *See Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, 2015 WL 12655556, at *8–9 (C.D. Cal. Oct. 1, 2015) (overruling hearsay objection and taking judicial notice of public

records); *see also* Fed. R. Evid. 803(8) (hearsay exception for public records); Fed. R. Evid. 902(1) (sealed and signed public documents are self-authenticating). Judicial notice of the NHTSA Response and FMVSS therefore does not contravene hearsay rules.

The cases cited by Plaintiffs do nothing to change that outcome. Plaintiff relies on *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016) and *1-800-411-Pain Referral Service, LLC v. Otto*, 744 F.3d 1045 (8th Cir. 2014). RJN Opp. 5. *1-800-411-Pain Referral* merely noted that the district court "should allow the parties to build the factual record themselves as much as possible and are entitled to be heard on the propriety of the court noticing facts," in a case where the district court had previously noticed records *sua sponte*. 744 F.3d at 1063 n.13. Of course, here, the judicial notice is not *sua sponte*, and the parties are being heard. And in *Daniel v. Cook County*, the court *did* take judicial notice of the Department of Justice report at issue there, 833 F.3d at 743; this Court should do the same here.

## III. JUDICIAL NOTICE OF EXHIBITS 2 AND 5 WOULD NOT PREJUDICE PLAINTIFF

Plaintiff argues that judicial notice of Exhibits 2 and 5 would prejudice it because "Plaintiff would be prevented from challenging the veracity of the statements later in this litigation." RJN Opp. 6. Plaintiff cites to no case law finding prejudice on such a basis, and instead quotes Federal Rule of Evidence 201(f) for the proposition that "[i]n a civil case, the court must instruct the jury to accept the noticed fact as conclusive." *Id.* If Plaintiff's argument was correct, judicial notice of facts would always be prejudicial because such facts are always conclusively established under Rule 201(f).

The one case Plaintiff does cite in support of its prejudice argument is *EVO Brands, LLC v. Al Khalifa Group LLC*, 657 F. Supp. 3d 1312 (C.D. Cal. 2023), but that case is inapposite. Plaintiff misleadingly claims that *EVO Brands* "not[es] that 'documents are not judicially noticeable for the truth of the facts asserted therein at

the pleading stage.'" RJN Opp. 6. The full sentence Plaintiff quotes from shows that the court was not referring to *all* documents, but rather two specific documents that were rejected for specific reasons that do not apply here: a February 19, 2021 printout from a website called Puffbar.com and a March 2, 2021 Wall Street Journal article. 657 F. Supp. 3d at 1326. The *EVO Brands* defendants sought judicial notice of these documents to show the date when plaintiffs began using a trademark, but the *EVO Brands* court denied the requests for multiple reasons. *Id.* at 1322–23. First, because the plaintiff's trademark "priority date" was a disputed fact, judicial notice of that fact was inappropriate. *Id.* at 1323. Next, the Puffbar.com website may have inaccurately stated which products were for sale that day. *Id.* Lastly, case law prevented the court from considering the truth of the Wall Street Journal article. *Id.* These contentions are not applicable here; Plaintiff does not assert cognizable disputes over the contents of the exhibits, Plaintiff makes no arguments that the exhibits accurately reflect NHTSA statements, and no case law prohibits the court from noticing the truth of government publications.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## <u>CONCLUSION</u>

Accordingly, the Court may take judicial notice of Exhibits 2 and 5 in connection with Defendants' Motion to Dismiss Plaintiff's FAC, in addition to the other documents requested.

DATED:  July 29, 2024

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By  */s/ Steven G. Madison*
　　Steven G. Madison (SBN: 101006)
　　stevemadison@quinnemanuel.com
　　Justin C. Griffin (SBN: 234675)
　　justingriffin@quinnemanuel.com
　　865 South Figueroa Street, 10th Floor
　　Los Angeles, California 90017-2543
　　Telephone:  (213) 443-3000
　　Facsimile:   (213) 443-3100

　　*Attorneys for Defendants Hyundai Motor
　　America and Kia America, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants certifies that this brief contains 1596 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 29, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By *  /s/ Steven G. Madison*
    Steven G. Madison (SBN: 101006)
    stevemadison@quinnemanuel.com
    Justin C. Griffin (SBN: 234675)
    justingriffin@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100

    *Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*