Gretchen Freeman Cappio (*pro hac vice*)
gcappio@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384

*Counsel for City of Tacoma*

(additional counsel listed below)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Document Relates to:

*City of Tacoma v. Hyundai Motor Company, Hyundai Motor America, Kia Corporation, and Kia America, Inc.*,

No. 8:24-cv-01193 (C.D. Cal.)

No. 8:22-ML-03052-JVS-KES

The Honorable James V. Selna

PLAINTIFF CITY OF TACOMA'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

Hearing Date: September 9, 2024
Hearing Time: 1:30 pm

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

III. LEGAL STANDARD ........ 2

IV. ARGUMENT ........ 3

A. Plaintiff Disputes the Purported Facts in Exhibits 2, 3, and 5. ........ 3

B. Exhibits 2, 3, and 5 Do Not Form the Basis of Plaintiff's Claim. ........ 6

C. Judicial Notice of Exhibits 2, 3, and 5 Would Prejudice Plaintiff ........ 6

V. CONCLUSION ........ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800-411-Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045 (8th Cir. 2014)....................4

*Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780 (8th Cir. 2009)....................5

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010)....................6

*Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016)....................5

*EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312 (C.D. Cal. 2023)....................6

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)....................2, 3

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)....................2

*Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024)....................4

*Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110 (9th Cir. 2003)....................4

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)....................3

**Other Authorities**

49 C.F.R. § 554.8, 554.9....................4

21B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 5104 (2d ed. 1987) ....................3

Fed. R. Evid. 201(b)....................1

Fed. R. Evid. 201(f) ....................1, 6

## I. INTRODUCTION

The City of Tacoma ("Plaintiff" or "Tacoma") respectfully requests that the Court deny Defendants' Request for Judicial Notice and/or Notice of Incorporation-by-Reference in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Request"), Dkt. No. 520, as it pertains to Exhibits 2, 3, and 5, Dkt. Nos. 520-2, 520-3, 520-5. Defendants requested judicial notice of these same documents in support of their motions to dismiss the Consolidated Governmental Entities Complaint ("CGEC"), the Subrogation Plaintiffs Consolidated Complaint, and their motion to dismiss the City of Lorain's ("Lorain") First Amended Complaint. *See* Dkt. Nos. 218, 220, 428. Plaintiffs in CGEC and the Subrogation tracks objected, *see* Dkt. Nos. 236, 237, and this Court granted judicial notice only "to the existence of the documents, and not the truth of the matters asserted therein." Dkt. No. 269 at 6-7.[1] There is no reason the Court should take a broader notice here.

Tacoma, like the plaintiffs in the CGEC and the Subrogation tracks, disputes the alleged facts and conclusions that Defendants draw from statements made in Exhibits 2, 3, and 5 related to the National Highway Traffic and Safety Administration ("NHTSA") and Defendants' purported compliance with Federal Motor Vehicle Safety Standard ("FMVSS") 114. *See* Fed. R. Evid. 201(b) (permitting judicial notice of adjudicative facts only if those facts are "not subject to reasonable dispute"). Additionally, Plaintiff would be prejudiced by judicial notice of the disputed facts because it could not later challenge them before a jury. *See* Fed.

[1] In the Lorain matter, the Court has yet to issue a formal order but issued a tentative order again taking judicial notice only "to the existence of the documents, and not the truth of the matters asserted therein." Dkt. No. 542; Tentative Order Regarding Mot. to Dismiss (*City of Lorain*) [427] at 4, https://www.cacd.uscourts.gov/sites/default/files/documents/JVS/TR/22-3052%20In%20re%20Kia%20Hyundai%20-%20Tentative%20Order%20re%20MTD%20City%20of%20Lorain%20427.pdf.

R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."). For those reasons, Plaintiff respectfully requests the Court deny Defendants' Request as to Exhibits 2, 3, and 5.

## II. FACTUAL BACKGROUND

Plaintiff filed its complaint on June 3, 2024. Complaint, *City of Tacoma v. Hyundai Motor Co.*, No. 8:24-cv-01193 (C.D. Cal. June 3, 2024), Dkt. No. 1. In moving to dismiss the Complaint, Defendants request judicial notice of six exhibits. Dkt. No. 520. Plaintiff objects to judicial notice of Exhibits 2, 3, and 5. Exhibit 2 is a letter by a representative of the NHTSA to the Attorney General of California regarding certain Hyundai and Kia vehicles' compliance with federal standards and the risk such vehicles pose to public safety. Dkt. No. 520-2. Exhibit 3 is an article published by the NHTSA that describes Defendants' intent to roll out a software update and distribute wheel locks. Dkt. No. 520-3. Exhibit 5 purports to outline the requirements of FMVSS 114 and the laboratory test procedures utilized to ensure compliance with that standard. Dkt. No. 520-5. Tacoma does not quote from, cite to, or otherwise reference any of these documents in the Complaint.

## III. LEGAL STANDARD

In general, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). There are two exceptions to this general rule. First, courts may take judicial notice of matters of public record. Second, under the judicially created incorporation-by-reference doctrine, courts may treat "certain documents as though they are part of the complaint itself." *Id.* at 1002. Such incorporation requires that "the plaintiff refers extensively to the document" or

that "the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

But "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. "Succinctly put, judicial notice is taken of facts, not documents." 21B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 5104 (2d ed. 1987). And, in any case, a court "cannot take judicial notice of disputed facts." *Khoja*, 899 F.3d at 999.

Moreover, the Ninth Circuit discourages the "overuse and improper application" of these exceptions because "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998.

## IV. ARGUMENT

Exhibits 2, 3, and 5 are not appropriate for judicial notice because Plaintiff disputes the purported facts in those documents, the documents contain hearsay, and none of the documents meet the standard for incorporation because Plaintiff does not reference or otherwise rely on them. On the contrary, Plaintiff would be prejudiced if the Court takes judicial notice of Exhibits 2, 3, and 5.

### A. Plaintiff Disputes the Purported Facts in Exhibits 2, 3, and 5.

The Court may judicially notice the existence of Exhibits 2, 3, and 5, but not for the truth of any matters asserted therein because Plaintiff disputes those facts.

With respect to the NHTSA letter (Exhibit 2), Defendants rely on it to argue—incorrectly—that the agency has (1) "unequivocally rejected the request" by eighteen attorneys general to institute a recall for certain Hyundai and Kia vehicles and (2) determined that the vehicles comply with federal standards. Dkt. No. 519 at

3, 9 (citing Request Ex. 2, at 2). Defendants do not appear to seek notice merely of the existence of the NHTSA letter but rather of the conclusions the NHTSA purportedly reached therein. But the NHTSA letter does not constitute an official hearing or final determination about the safety of certain Hyundai and Kia vehicles. *See* 49 C.F.R. § 554.8, 554.9 (requiring NHTSA to inform the public that it has opened a compliance or defect investigation and to publish its report when the investigation closes). NHTSA has not initiated a compliance or defect investigation, let alone published a report on its findings. Even if it had, NHTSA decisions denying a motor vehicle defect petition may itself contain disputed facts. *See, e.g.*, *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1137-39 (9th Cir. 2003) (impliedly rejecting the argument that NHTSA studies constitute conclusive authority on vehicle rollover incidents). Moreover, this Court owes no deference to any interpretation or determination by NHTSA after *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).

The NHTSA letter is also irrelevant because Tacoma's Complaint does not allege any violation of FMVSS 114; its legal claim does not hinge on any such violation; nor does the Complaint conflict with the purposes or objectives of FMVSS 114.

Moreover, the statements within the NHTSA letter contain multiple levels of hearsay. The main purpose for which Defendants have introduced the NHTSA letter is to prove the truth of some matters they claim to be asserted therein. Dkt. No. 519 at 3, 9 (citing the document in support of Defendants' contention about whether the vehicles comply with FMVSS No. 114, whether the vehicles are defective, and whether they present a safety risk). Such out-of-court statements—which Plaintiff disputes—are not admissible for the truth of the matter asserted. *See, e.g.*, *1-800-411-Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1063 n.13 (8th Cir. 2014)

("Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules.") (quoting *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009)); *see also Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) (commenting that "[t]aking judicial notice of the contents of hearsay statements . . . to prove the truth of the matters is much harder to justify").

With respect to the NHTSA article (Exhibit 3), it contains a host of speculative hearsay that is not judicially noticeable. Specifically, the article describes Hyundai's and Kia's "intent" to roll out a software update to a certain number of vehicles and work with law enforcement to provide wheel locks for others, which Defendants cite in the fact section of their brief to contend that their efforts have driven rates of theft in Tacoma downward. *See* Exhibit 3. Such representations are not judicially noticeable because the article contains no basis for the representations about the number of vehicles that can—let alone will—receive the software or how many wheel locks have been distributed. *1-800-411-Pain Referral Serv.*, 744 F.3d at 1063 n.13 (urging caution "to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules"). At a minimum, Plaintiff is entitled to discover the adoption rate of the software update, the number of wheel locks distributed and to whom, and the efficacy of such efforts before such purported facts are noticed.

With respect to the laboratory test procedures (Exhibit 5), Plaintiff does not dispute the existence of the testing procedures. But Plaintiff disputes the facts and conclusions Defendants draw from it. Specifically, Defendants assert the procedures "test[] compliance through reference to objective criteria." Dkt. No. 519 at 7 (citing Request Ex. 5). Plaintiff disputes that the procedures, which include testing to

prevent the "normal activation of the vehicle's engine," are objective and noticeable. Request Ex. 5, at ECF p. 6.

In sum, Exhibits 2, 3, and 5 contain disputed facts as applied to this case and judicial notice is therefore inappropriate.

**B. Exhibits 2, 3, and 5 Do Not Form the Basis of Plaintiff's Claim.**

Defendants do not contend and fail to show that Exhibits 2, 3, and 5, none of which are cited in the Complaint, should be incorporated by reference. The Complaint makes no allegations concerning the contents of the NHTSA letter (Exhibit 2), the NHTSA article (Exhibit 3), or the Testing Procedures for FMVSS 114 (Exhibit 5), nor does the Complaint rely on those documents or their contents. In contrast to situations where a document is integral to a claim, such as contract a party is suing under,[2] Exhibits 2, 3, and 5 have no bearing on Plaintiff's claim. Tacoma brings a single claim for public nuisance stemming from Defendants' failure to equip their vehicles with reasonable anti-theft technology. Whether Defendants complied with FMVSS 114 is immaterial to that claim. Accordingly, it would be inappropriate to incorporate these documents by reference.

**C. Judicial Notice of Exhibits 2, 3, and 5 Would Prejudice Plaintiff**

Finally, if the Court grants judicial notice of the disputed statements contained in Exhibits 2, 3, and 5, Plaintiff could be prevented from challenging the veracity of the statements later in this litigation. *See* Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."). To avoid such prejudice, Plaintiff respectfully requests that, to the extent the Court judicially notices Exhibits 2, 3, and 5, the Court not take notice of the facts asserted within

---

[2] *See, e.g.*, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating by reference a billing services agreement not part of the original record because the agreement was integral in determining when the statute of limitations was triggered).

them. *See EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1326 (C.D. Cal. 2023) (noting that "documents are not judicially noticeable for the truth of the facts asserted therein at the pleading stage").

## V. CONCLUSION

Exhibits 2, 3, and 5 are not judicially noticeable because Plaintiff disputes the facts contained within those Exhibits, Exhibits 2 and 3 contain multiple levels of hearsay, and none of the Exhibits are integral to Plaintiff's claim. Plaintiff would suffer prejudice if statements contained within these Exhibits were judicially noticed. Therefore, Plaintiff respectfully requests that, to the extent the Court grants judicial notice, it do so on the same terms as before, that is, only "to the existence of the documents, and not the truth of the matters asserted therein." Dkt. No. 269 at 6-7.

RESPECTFULLY SUBMITTED this 19th day of AUGUST, 2024.


CITY OF TACOMA

By /s/ Jennifer Taylor
Jennifer Taylor (*pro hac vice*)
Deputy City Attorney
Tacoma City Attorney's Office
747 Market Street, Room 1120
Tacoma, WA 98402
Telephone: (254) 591-5637
Fax: (253) 591-5755
jtaylor@cityoftacoma.org

*Counsel for Plaintiff City of Tacoma*

KELLER ROHRBACK L.L.P.

By /s/ Gretchen Freeman Cappio
Gretchen Freeman Cappio (*pro hac vice*)
Derek W. Loeser (*pro hac vice*)
Ryan McDevitt (*pro hac vice*)
Alison Gaffney (*pro hac vice*)
Garrett Heilman (*pro hac vice*)
Zachary Gussin (*pro hac vice*)
Kylie Fisher (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com
dloeser@kellerrohrback.com
rmcdevitt@kellerrohrback.com
agaffney@kellerrohrback.com

gheilman@kellerrohrback.com
zgussin@kellerrohrback.com
kfisher@kellerrohrback.com

*Counsel for Plaintiff City of Tacoma*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff City of Tacoma, certifies that this brief contains 2,004 words, which complies with the word limit of L.R. 11-6.1.

KELLER ROHRBACK L.L.P.

By */s/ Gretchen Freeman Cappio*

Gretchen Freeman Cappio (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Counsel for Plaintiff City of Tacoma*

**CERTIFICATE OF SERVICE**

I certify that on August 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Gretchen Freeman Cappio*
GRETCHEN FREEMAN CAPPIO