Thomas N. McCormick (Bar No. 325537)
tnmccormick@vorys.com
Vorys, Sater, Seymour and Pease LLP
4675 4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
(949) 526-7903

Kara M. Mundy (*admitted pro hac vice*)
kmmundy@vorys.com
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215

Gary E. Mason (*admitted pro hac vice*)
gmason@masonllp.com
Mason LLP
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CONSUMER CLASS ACTION CASES | CASE NO. 8:22-ML-3052-JVS(KESx)<br><br>**OBJECTOR RUTH RUBIN'S RESPONSE TO CONSUMER CLASS PLAINTIFFS' AND DEFENDANTS' SUPPLEMENTAL BRIEFING**<br><br>The Honorable James V. Selna<br>Date: July 15, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10C |

1

OBJECTOR RUTH RUBIN'S RESPONSE TO CONSUMER CLASS PLAINTIFFS' AND DEFENDANTS'
SUPPLEMENTAL BRIEFING
Case No. 8:22-ML-3052-JVS (KESx)

Class member and objector Ruth Rubin ("Rubin") submits this Response to Consumer Class Plaintiffs' and Defendants' supplemental briefing. [Docket Nos. 532 and 538]. As explained in Rubin's prior briefing and herein, this Court should sustain her Objection and deny approval of the Settlement.[1]

## I.    INTRODUCTION

Consumer Class Plaintiffs' (hereinafter, "Plaintiffs") argument is straightforward: they never believed they could prove diminution-in-value damages on a class-wide basis and, yet, they ask this Court to include these claims in a global settlement.[2] (Pls.' Supp. Brief at 1.) More specifically, Plaintiffs argue that because diminution in value is traditionally harder to prove, this Court should simply ignore the issue. (*Id.*) This is incorrect for two reasons. First, diminution of value *is recoverable*, despite Class Plaintiffs' and Defendants' efforts to paint a different picture. Second, even if this Court were to accept the premise that diminution-in-value claims are too individualized for class treatment, then the solution is to carve out those claims from the settlement. Plaintiffs and Defendants' position is that diminution-in-value claims are not suitable for class treatment. Thus, this Court should not force class members to release those claims on a class-wide basis.

## II.    LAW AND ARGUMENT

When a settlement is negotiated before class certification, as is the case here, "the district court must apply an even higher level of scrutiny." *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021) (internal quotation marks and citation omitted.) If Plaintiffs "provide[] nothing but generalities about the relative strengths and weaknesses of the class's claims and . . . potential defenses, they offer no viable

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement and the Objection.

[2] Class Counsel uses the same argument to explain why they are not seeking any compensation in the Settlement for non-theft Class members' increased insurance premiums.

1    way to gauge the reasonableness of the Settlement Agreement." *Robertson v. Trinity*
2    *Packaging Corp.*, 2022 U.S. Dist. LEXIS 1099932 (W.D.N.Y. 2022).

3        As this Court correctly identified in its Tentative Order and the July 15, 2024
4    Hearing, "there is no indication that Plaintiffs ever considered the diminution in value
5    claims for Class members who did not suffer a theft or theft attempt, and such failure
6    to investigate renders the Settlement unfair, unreasonable, and inadequate to half the
7    Class." (Tentative Order at 27.) Indeed, Class members who did not experience a theft
8    or theft attempt "are still releasing their claims under the Settlement" without
9    compensation, rendering half the Class without "any relief aside from the Software
10   Upgrade or reimbursement for other anti-theft devices." (*Id.* at 28-29.) Not only is the
11   diminution in value recoverable, but to find, as Plaintiffs and Defendants argue, that
12   such a claim cannot provide relief on a class-wide basis runs afoul of Rule 23.

13       **A.**    **Diminution of value is recoverable.**

14       Defendants suggest that "[d]iminished value in automotive cases is notoriously
15   difficult to establish on a class basis because of the myriad and dynamic factors that
16   affect resale prices, as well as the inefficient markets in which such sales occur."
17   (Defs.' Supp. Brief at 1.) Plaintiffs similarly argue that they cannot prove any
18   diminished value in the vehicles on a class-wide basis and cite to the declaration of
19   Edward M. Stockton in support. (Pls.' Supp. Brief at 2.)

20       This, however, ignores that many courts have approved class settlements ***that***
21   ***provide a remedy for a diminished value of a vehicle resulting from a defect***. *See,*
22   *e.g.*, *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, MDL
23   No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 148374, at *770 (N.D. Cal. Oct. 25,
24   2016) ("[T]he Settlement allocates the diminution in value caused by the defeat device
25   to Volkswagen[.]"), *aff'd*, 895 F.3d 597 (9th Cir. 2018), 741 F. App'x 367 (9th Cir.
26   2018); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod.*
27   *Liab. Litig.*, No. 8:10ML02151 JVS (FMOX), 2013 U.S. Dist. LEXIS 123298 (C.D.
28

Cal. July 24, 2013) (Selna, J.); *see also In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, CIVIL ACTION MDL-991 SECTION G, 1995 U.S. Dis. LEXIS 3507, at *14-15 (E.D. La. Mar. 15, 1995) (***rejecting*** class settlement because the class would recover none of the relief originally sought in the complaints, including diminution in value). Similarly, courts have found that diminution in value is an issue that may be determined on a class-wide basis at trial in automotive cases.  *See, e.g.*, *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 939, 966 (N.D. Cal. 2018) ("If a jury ultimately concludes that the warranty failed its essential purpose because all Class Members attempted unsuccessful repairs, then damages will be measured by the diminution in value between the vehicles as warranted and the vehicles sold.").

This case is not all that different from *In re Volkswagen*, where Volkswagen had installed a "defeat device" that cheated emissions tests in nearly 500,00 cars.  *In re Volkswagen*, 2016 U.S. Dist. LEXIS 148374, at *720.  The settlement agreement there allowed class members to recover for the vehicles "pre-defeat device disclosure value," established from the National Automobile Dealers Association ("NADA") clean trade-in value for each vehicle. *Id*. at *730.  And critically, despite objections regarding the quantification of the diminished value, the settlement actually provided eligible class members with compensation for such a diminution.  Plaintiffs and Defendants here should not be able to shirk such a requirement merely because there may be disputes regarding how to calculate it, or such a calculation may be more difficult than they would like.

Moreover, in product-defect cases generally, courts routinely approve class settlements on diminished value claims.  *See, e.g.*, *Date v. Sony Elecs., Inc.*, No. 07-15474, 2013 U.S. Dist. LEXIS 108095, at *16-17 (E.D. Mich. July 31, 2013) (approving settlement that compensated class members for their estimated value which was "derived from a measure of the difference in value between a television with 1080p display capabilities and a television with 1080p native input capabilities, i.e. the

diminished value of an upconverted picture"). Indeed, Class Plaintiffs acknowledge that the class members in the *Toyota Unintended Acceleration* settlement recovered for alleged diminution in value. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 8:10ML02151 JVS (FMOX), 2013 U.S. Dist. LEXIS 123298, at *230 (C.D. cal. July 24, 2013) ("Generally, the proposed Settlement consists of . . . cash payments totaling $250 million for diminution of resale value of certain vehicles due to the alleged defects[.]"). Plaintiffs suggest that *In re Toyota* is distinguishable here because the expert economist demonstrated a realized loss in value. (Pls.' Supp. Brief at 3.) But Plaintiffs ignore that ***no discovery has occurred in this case.*** In essence, Plaintiffs are trying to use to their advantage the fact that they did not conduct discovery to then conclude there is no evidence of a realized loss in value.[3] But this is a non sequitur. Just because Plaintiffs did not attempt to determine the realized loss in value does not mean it does not exist.

It remains the obligation of the party supporting the settlement to demonstrate that it is adequate. *See, e.g.*, *Patrick v. Volkswagen Grp. of Am.*, No. 8:19-cv-01908, 2021 U.S. Dist. LEXIS 154820, at *9 (C.D. Cal. Mar. 10, 2021). Accordingly, Plaintiffs must show "that the objection does not demonstrate that the proposed settlement fails one of those requirements." *1988 Tr. for Allen Children v. Banner Life Ins. Co*., 28 F.4th 513, 521 (4th Cir. 2022). Plaintiffs have not done so here.

---

[3] Again, Plaintiffs use the same strategy as it relates to increased insurance premiums—they rely on the lack of discovery as "evidence" that Non-Theft Class members have not suffered from increased insurance premiums, despite a plethora of publicly-available information to the contrary. (Doc. 371 at 2-5.) Indeed, the publicly available information reveals that at least one insurance company raised premiums for the Non-Theft class due to the theft defect in the Kia and Hyundai vehicles. In insurance rate increase request filings, Allstate expressly requested "**to adjust Comprehensive coverage rates for Kia and Hyundai vehicles with increased theft risk due to both real and perceived absences of certain anti-theft technologies.**" (Docket No. 371 at 7 (emphasis added).)

Indeed, the evidence available to the public shows there has clearly been a realized loss in value for Kias and Hyundais.[4]

Thus, diminution in value is recoverable by the Class in this case.

**B.    If diminution in value is not proper here because it is too "individualized," as Plaintiffs and Defendants argue, then they cannot require those class members to release their claims as part of a class settlement.**

Defendants cite to *Eisen v. Porsche Cars of North America, Inc.* for the proposition that "diminution in value damages pose great difficulties in a class action context."  Plaintiffs similarly argued at the Hearing that diminution of value (as well as increased insurance premiums) was too individualized such that Plaintiffs "can't possibly move forward on a classwide basis" as it relates to those claims.  (Hr'g Tr. 20-21.)

If this Court agrees with this proposition, then it cannot approve the settlement as proposed, because the settlement would impermissibly release claims that could not be certified as part of a class-wide settlement.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620-621 (1997) (stating the requirements of Rule 23(a) and (b) must be satisfied, even, "when settlement, rather than trial, is proposed" and noting that the specifications of Rule 23 other than trial-manageability requirement "demand undiluted, even heightened, attention in the settlement context"); *Ramirez v. C, No.* 2:20-cv-11319-JVS-PVC, 2023 U.S. Dist. LEXIS 52936, at *15 (C.D. Cal. Jan. 11, 2023)  (citing *Amchem*); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("Our threshold task is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure

---

[4] *See, e.g., Dealers Still Sell Hyundais and Kias vulnerable to theft, but insurance is hard to get*, May 4, 2003, https://www.npr.org/2023/05/04/1173048646/hyundai-kia-car-theft-tiktok-insurance-dealerships (explaining that when a customer could not obtain insurance coverage for her Kia Forte, she attempted to sell the car back to the dealership at a $7,000 loss).

applicable to all class actions . . . .");[5] *McKenzie v. Fed. Express Corp.*, No. CV 10-02420 GAF (PLAx), 2012 U.S. Dist. LEXIS 196314, at *9 (C.D. Cal. Jan. 23, 2012) ("Before a court may preliminarily approve a proposed class settlement, a proposed settlement class, meeting all four requirements of F.R.C.P. 23(a) and one of the three requirements of Rule 23(b), must be certified").

Accordingly, this Court should either (1) deny the settlement because it fails to compensate class members for diminution in value or (2) deny the settlement because—according to representations made by both Plaintiffs and Defendants—claims for those damages cannot be certified for a class-wide settlement.  In any event, this Court should reject the settlement.[6]  *See In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 158 (S.D.N.Y. 2008) (decertifying settlement class where individual issues as to consumer protection claims predominated, and rejecting the parties' request to ignore the predominance issues "simply because the parties have agreed to a settlement that allegedly obviates the need for an individualized damages inquiry").

## C.    Plaintiffs' own expert noted a decline in resale values for Class Vehicles during 2024

Plaintiffs argue that there is no "reliable, scientific evidence that the vehicles at issues suffered a temporary decline in value during the class period."  (Pls.' Brief at 4.)

---

[5] The Ninth Circuit in *Hanlon* held that an *Amchem* "allocation dilemma" exists, when, as here, potential plaintiffs are divided into "those with present . . . problems and those who may develop [problems] in the future." *Id.* at 1021.  The problem can be resolved by excluding the non-common, individualized claims. *Id.* (finding that differences can be avoided by excluding the uncommon claims).  *See also In re NCAA Student-Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 589 (N.D. IL 2016) (holding that "central to the viability of the proposed settlement" is whether "claims raise a host of individualized issues" that are "not amenable to class-wide treatment under Rule 23(b)(3) or 23(c)(4)," and finding the settlement adequate only where "individual personal injury claims for compensatory relief" were carved out of the settlement).
[6] It is also worth noting that to the extent evidence establishes an insurance premium increase related to the theft defect only for some members of the class and not others, a claim for increased insurance premiums also cannot be pursued on a class-wide basis, and thus such claims cannot be released on a class-wide basis.

1   Yet, as Defendants concede, "plaintiffs expert noted some relative decline in resale
2   values for Class Vehicles during 2024." (Defs.' Supp. Brief at 1.) Mr. Stockton
3   acknowledges that when he expands his "model to incorporate post-settlement pricing
4   information" there is a "lower relative value retention of Class Vehicles." (Stockton
5   Dec. ¶ 19.) He goes on to state that while his model "did not show evidence of lower
6   value retention over 3 years," Class Vehicles "did show evidence of lower value
7   retention in 2024." (*Id.*)

8        Defendants' "evidence" does not prove that Class Vehicles have not suffered
9   diminution in value. Defendants' only "evidence" is the declaration of Sung Hwan
10  Hong. This Court should disregard Mr. Hong's declaration because he is not an expert
11  and the "evidence" submitted with his declaration is inadmissible.

12        First, Mr. Hong is an attorney, not an expert in automotive valuation. (Hong
13  Declaration ¶ 1.) Defendants have not even attempted to set forth how Mr. Hong
14  qualifies as an expert under Rule 702. Instead, he is merely regurgitating information
15  that he found on the internet. Accordingly, this Court should disregard it. *See*, *e.g.*,
16  *Citcon USA, LLC v. RiverPay Inc.*, No. 18-cv-02584-NC, 2019 U.S. Dist. LEXIS
17  106295, at *7 (N.D. Cal. June 25, 2019) (rejecting attorney's declaration because the
18  party failed to show that he qualified under Rule 702); *Smith v. Allstate Ins. Co.*, No.
19  5:04CV2055, 2005 U.S. Dist. LEXIS 13015, at *28 (N.D. Ohio June 30, 2005)
20  (rejecting "[s]tatistical analyses [submitted] by plaintiffs' counsel").

21        Second, the declaration is inadmissible hearsay. Defendants are submitting
22  statistical information from Edmunds.com to prove that Class Vehicles have not
23  suffered diminution in value. In other words, they are using the information from
24  Edmunds.com to prove the truth of the matter asserted. Courts routinely strike
25  information from websites when they are offered to prove the truth of the matter
26  asserted. *See Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV 14-1196
27  SS, 2018 U.S. Dist. LEXIS 49716, at *15–16 (C.D. Cal. Mar. 26, 2018) (striking

28

1  internet printouts from a declaration as inadmissible hearsay); *Conroy v. Hewlett-*
2  *Packard Co.*, No. 3:14-CV-01580-AC, 2016 U.S. Dist. LEXIS 44396, *14 (D. Or. Mar.
3  31, 2016) (striking attachment from a declaration because "the written contents of the
4  website are inadmissible hearsay").

5      Accordingly, neither Plaintiffs nor Defendants have offered any evidence
6  conclusively showing that Class Vehicles *have not* suffered a diminution in value as a
7  result of the defect.

8  **III.    CONCLUSION**

9      For the reasons stated herein, Rubin respectfully requests that this Court deny
10  approval of the Settlement.

11  Dated: August 26, 2024                Respectfully submitted,

12

13  _____

14                                        Thomas N. McCormick
                                          tnmccormick@vorys.com
15                                        Vorys, Sater, Seymour and Pease LLP
                                          4675 MacArthur Court, Suite 700
16                                        Newport Beach, CA 92660
17                                        (949) 526-7903

18
                                          Kara M. Mundy (pro hac vice)
19                                        kmmundy@vorys.com
                                          Vorys, Sater, Seymour and Pease LLP
20                                        52 E. Gay Street
21                                        Columbus, OH 43215
22                                        (614) 464-5669

23                                        Gary E. Mason (pro hac vice)
24                                        gmason@masonllp.com
                                          Mason LLP
25                                        5335 Wisconsin Avenue, N.W., Suite 640
26                                        Washington, D.C. 20015
                                          (202) 292-4490
27                                        *Counsel for Ruth Rubin*

28

OBJECTOR RUTH RUBIN'S RESPONSE TO CONSUMER CLASS PLAINTIFFS' AND DEFENDANTS'
SUPPLEMENTAL BRIEFING
Case No. 8:22-ML-3052-JVS (KESx)

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2024, the above document was served by electronic mail to the following individuals:

Steve W. Berman, Esq.
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington  98101

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

Kenneth B. McClain
HUMPHREY FARRINGTON &
McCLAIN, P.C.
221 W. Lexington Ave., Suite 400
Independence, MO 64050

Roland Tellis
BARON & BUDD, P.C.
15910 Ventura Blvd., Suite 1600
Encino, CA 91436

*Consumer Class Action Leadership*
*Counsel and Counsel for Plaintiffs*

Shon Morgan
Quinn Emanuel Urquhart & Sullivan, LLP
5335 Wisconsin Avenue, NW, Suite 640
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

*Counsel for Defendants*

/s/ Kara M. Mundy
Kara M. Mundy
*Counsel for Ruth Rubin*