QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ML-3052-JVS(KESx) |
| | The Honorable James V. Selna |
| | **DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS TACOMA'S COMPLAINT** |
| This Document Relates to: | Hearing Date: September 9, 2024 |
| *City of Tacoma v. Hyundai Motor Company, Hyundai Motor America, Kia Corporation, and Kia America, Inc.* Case No. 8:24-cv-01193 | Hearing Time: 1:30 pm |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .............................................................................................................. 1

I.    TACOMA'S CLAIMS ARE PREEMPTED ...................................................... 1

    A.    The Court Has Read "Immobilizer" Out Of The Complaint .................. 1

    B.    Tacoma's Remaining "Reasonable Anti-Theft Technology" Allegations Effectively Require The Installation Of Immobilizers And Therefore Are Preempted By FMVSS 114 ..................................... 2

II.    TACOMA'S COMPLAINT FAILS TO SATISFY FEDERAL PLEADING STANDARDS ................................................................................ 3

    A.    If Tacoma's Complaint Is *Not* About Defendants' Failure To Install Immobilizers, Then The Vague "Reasonable Anti-Theft Technology" Allegations That Remain Fail To Provide Adequate Notice Of The At-Issue Conduct And Defect .......................................... 3

CONCLUSION ........................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Farrales v. Ford Motor Co.*,
  2022 WL 1239347 (N.D. Cal. Apr. 27, 2022)......................................................... 4

*Pelayo v. Hyundai Motor America, Inc.*,
  2021 WL 1808628 (C.D. Cal. May 5, 2021).......................................................... 4

*Raynaldo v. American Honda Motor Co.*,
  2022 WL 4358096 (N.D. Cal. Sept. 20, 2022)........................................................ 4

### Statutes

RCW 7.48.010 ................................................................................................................. 3

# PRELIMINARY STATEMENT

Using this Court's guidance to read the word "immobilizer" out of GE Plaintiffs' complaints, it is clear that Tacoma's allegations that Defendants failed to install "reasonable anti-theft technology" are impermissibly vague and fail to provide adequate notice to Defendants of the conduct and defect for which Tacoma seeks to hold Defendants liable. And where Tacoma makes not even the slightest suggestion that Defendants' conduct violates FMVSS 114, Tacoma identifies no existing anti-theft technology, besides immobilizers, that Defendants purportedly failed to install and that is "reasonable" under FMVSS 114. Having failed to plausibly claim that its claims are not premised on a purported defect, Tacoma has likewise fallen short of meeting pleading standards in identifying the alleged defect.

Tacoma's Complaint should be dismissed without leave to amend.

# ARGUMENT

## I. TACOMA'S CLAIMS ARE PREEMPTED

### A. The Court Has Read "Immobilizer" Out Of The Complaint

Tacoma is wrong that its claims do not even raise a question of preemption.[1] Opp. 2. The Court has made clear that the word "immobilizer" must now be read out

---

[1] Tacoma disingenuously accuses Defendants of needlessly consuming the Court's and the Parties' time and resources, Opp. 5–6, when it is in fact Tacoma who impeded Defendants' attempts to avoid duplicative briefing. Tacoma fails to mention that, in advance of Defendants filing the instant Motion, Defendants—believing that the preemption-related arguments they raised in their motion to dismiss Lorain, Ohio's First Amended Complaint ("FAC") would apply equally to a motion to dismiss Tacoma's Complaint, and in order to avoid burdening the Court with duplicative briefing on the same arguments—requested Tacoma agree to extend Defendants' deadline to respond to the Tacoma Complaint until after resolution of the motion to dismiss Lorain's FAC. Tacoma rejected Defendants' proposal, leading Defendants to file the instant Motion.

After the Court's hearing on the motion to dismiss Lorain's FAC, and before the deadline for Tacoma's Opposition, again in the interest of not burdening the Court with rendering duplicative decisions, Defendants proposed to withdraw the instant

of plaintiffs' complaints because FMVSS 114 preempts claims requiring the installation of immobilizers. *See* Chicago SAC Mot. to Dismiss Hr'g Tr. (Aug. 5, 2024), 7:4–8 ("At this point, the law of the case would say just pleading immobilizer is insufficient because it's preempted. So we really look at it as if that word weren't there in terms of assessing the sufficiency of the pleading."). That thus leaves Tacoma with its allegations that Defendants failed to install "reasonable anti-theft technology."

### B. Tacoma's Remaining "Reasonable Anti-Theft Technology" Allegations Effectively Require The Installation Of Immobilizers And Therefore Are Preempted By FMVSS 114

Contrary to Tacoma's argument, Opp. 8–9, its allegation that Defendants failed to install "reasonable anti-theft technology" necessarily seeks to require the installation of immobilizers. Indeed, while Tacoma attempts to define the "Susceptible Vehicles" as vehicles "manufactured and sold without engine immobilizers *or other reasonable anti-theft technology*," Compl. ¶ 3 (emphasis added), its own allegations acknowledge that Defendants' vehicles **are** equipped with reasonable anti-theft technology, *see id.* ¶ 65 (alleging that FMVSS 114 requires "reasonable anti-theft technology," but not alleging that Defendants' vehicles fail to comply with FMVSS 114); they just do not have immobilizers. As such, Tacoma's remaining "reasonable anti-theft technology" allegations effectively require the installation of immobilizers, and such a specific prescription runs afoul of FMVSS 114's flexibility objective and is therefore preempted. *See* Mot. 6–8.

---

Motion if the Parties agreed that the Court's ruling on the motion to dismiss Lorain's FAC, as it pertains to the issues presented in the instant Motion, would apply equally to the Tacoma action. Once again, Tacoma rejected Defendant's proposal. The Parties therefore proceeded with the remainder of the briefing on this Motion.

## II. TACOMA'S COMPLAINT FAILS TO SATISFY FEDERAL PLEADING STANDARDS

### A. If Tacoma's Complaint Is *Not* About Defendants' Failure To Install Immobilizers, Then The Vague "Reasonable Anti-Theft Technology" Allegations That Remain Fail To Provide Adequate Notice Of The At-Issue Conduct And Defect

With "immobilizer" read out of the Complaint, an allegation by Tacoma, for example, now reads as follows:

> At all times relevant to this litigation, Defendants knew or had reason to know of the hazards and dangers of forgoing installation of ~~engine immobilizers or other~~ reasonable anti-theft technology in the Susceptible Vehicles and specifically the increased risk of vehicle theft and public harm. Defendants knew or had reason to know that the installation of ~~engine immobilizers~~ successfully decreased the rate of car theft by as much as 40%. Defendants also knew or had reason to know that the installation of ~~immobilizers or other~~ reasonable anti-theft technology in their own vehicles has considerable deterrent effects on the rate of car theft.

Compl. ¶ 121.

To state a claim for public nuisance, the subject of Tacoma's action must be "whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property." RCW 7.48.010. Tacoma's allegations fail to do so.

If Tacoma's Complaint does not concern engine immobilizers, it is unclear to Defendants what the subject of Tacoma's public nuisance action is, because it merely points to a general failure to install "reasonable anti-theft technology." Even assuming that the vehicles were missing some required technology, Tacoma does not identify *any* other existing anti-theft technology, apart from immobilizers, that Defendants purportedly failed to install and that would allegedly be "reasonable." *See* Mot. 8–10. Indeed, Tacoma's allegations dismiss out of hand the reasonableness of

software updates and steering wheel locks, Compl. ¶¶ 88–89, despite the fact that this Court expressly overruled objections about the adequacy of Defendants' software updates in connection with the Consumer Settlement.  July 15, 2024 Tentative Order at 15–17.  And Tacoma's allegations that Defendants failed to install "reasonable anti-theft technology" are even more puzzling given its sudden about face that its claims are not based upon a product-defect theory.

Tacoma's attempt to distinguish between the "conduct" it must allege to state a public nuisance claim and the specifics of the purported automobile "defect" at issue is futile, as Defendants do not dispute that Tacoma has brought a public nuisance claim.  *See* Opp. 10–11.  What Tacoma misses is that its public nuisance claim is *premised upon* a purported defect.  As such, Tacoma must plead allegations that are sufficient to meet federal pleadings standards—*i.e.*, what is the conduct for which Tacoma seeks to hold Defendants liable?  Tacoma merely points to Defendants' alleged design, manufacture, distribution, and sale of "automobiles that are dangerously susceptible to theft," and then defines in a circular fashion these theft-susceptible vehicles as not having "reasonable anti-theft technology."  *See* Compl. ¶¶ 116, 121.  As case law makes clear, this is insufficient for *any claims* premised upon a product defect—whether they are claims brought under a "product liability" statute, or something else.  *See, e.g.*, *Raynaldo v. American Honda Motor Co.*, 2022 WL 4358096, at *6 (N.D. Cal. Sept. 20, 2022) (dismissing thirty-three claims against Honda, including fraudulent omission and concealment, unjust enrichment, consumer protection, and breach of warranty claims, because the claims were "premised on [an] alleged defect" and "faile[d] to provide adequate notice to Honda of the alleged defect"); *Pelayo v. Hyundai Motor America, Inc.*, 2021 WL 1808628, at *3–5 (C.D. Cal. May 5, 2021) (dismissing broad swaths of claims due to the plaintiffs' failure to put the defendants on notice of the specific defect at issue); *Farrales v. Ford Motor Co.*, 2022 WL 1239347, at *5–6 (N.D. Cal. Apr. 27, 2022) (same).

Tacoma's reliance on *City of Seattle v. Monsanto Co.* only reinforces the insufficiency of Tacoma's pleadings here. 237 F. Supp. 3d 1096 (W.D. Wash. 2017). Indeed, in *Monsanto*, the defendant did "not dispute that it produced toxic chemicals or that those chemicals are present in Seattle water." *Id.* at 1105. Thus, there was no question as to the conduct and defect at issue. Rather, the crux of the public nuisance analysis in *Monsanto* concerned whether the City of Seattle sufficiently alleged that the defendant's conduct proximately caused the alleged injury.

As such, to the extent Tacoma's Complaint is *not* about Defendants' failure to install immobilizers, its vague "reasonable anti-theft technology" allegations that remain fail to provide adequate notice to Defendants of the conduct and defect for which Tacoma seeks to hold Defendants liable.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Tacoma's Complaint in its entirety with prejudice, as further amendment would be futile.

DATED: August 26, 2024   QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Steven G. Madison*
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants certifies that this brief contains 1,414 words, which complies with the word limit of L.R. 11-6.1.

DATED:  August 26, 2024         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Steven G. Madison*
    Steven G. Madison (SBN: 101006)
    stevemadison@quinnemanuel.com
    Justin C. Griffin (SBN: 234675)
    justingriffin@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
    Facsimile:   (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*