UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  8:22-ml-03052-JVS-KES                    Date  September 26, 2024

Title  In Re: Kia Hyundai Vehicle Theft Litigation

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:  **[IN CHAMBERS] Order Regarding Motion to Dismiss *(City of Tacoma)* [519]**

Before the Court is Defendants Hyundai Motor America ("HMA") and Kia America, Inc.'s ("KA") (collectively, "Defendants") Motion to Dismiss. (Mot., Dkt. No. 519.) Plaintiff City of Tacoma, Washington ("Tacoma") opposed. (Opp'n, Dkt. No. 550.) Defendants replied. (Reply, Dkt. No. 563.)

After the tentative order was posted and the Court vacated the September 9, 2024 hearing, Defendants filed a request for a hearing. (Dkt. No. 519.) The Court considered the arguments and finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Thus the request for hearing is **DENIED**.

For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

The parties are familiar with the facts of this multidistrict litigation ("MDL"), so the Court recites them here only as necessary to resolve this Motion. Tacoma makes substantively the same factual allegations in its Complaint as the Governmental Entity ("GE") Plaintiffs did in their Complaint,[1] (see GE Plaintiffs Compl., Dkt. No. 175), and

---

[1] The municipalities that comprise the Governmental Entity Plaintiffs include Milwaukee, Wisconsin; Madison, Wisconsin; Green Bay, Wisconsin; Columbus, Ohio; Cleveland, Ohio; Cincinnati, Ohio; Parma, Ohio; Baltimore, Maryland; Seattle, Washington; St. Louis, Missouri; Kansas City, Missouri; Buffalo, New York; Rochester, New York; New York, New York; Yonkers, New York; Tonawanda, New York; and Indianapolis, Indiana.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS-KES | Date | September 26, 2024 |
|---|---|---|---|

| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |
|---|---|---|---|

the City of Lorain, Ohio ("Lorain") in its First Amended Complaint ("FAC"), (see Notice of Lodging, Lorain FAC, Dkt. No. 406-1).

Tacoma alleges that between 2011 and 2022, Defendants "designed, manufactured, and distributed the following automobile models without engine immobilizers or other reasonable anti-theft technology." (Compl. ¶ 3, Dkt. No. 1, 8:24-cv-01193-JVS-KES (listing vehicle models hereinafter referred to as "Susceptible Vehicles").) ) "As a result," Tacoma alleges that online videos spread the ease of which thieves could steal Defendants' vehicles, resulting in "a dangerous rash of thefts" and a "vehicular crime wave [that] has had a significant impact on law enforcement operations, emergency services, and public safety." (Id. ¶ 4.) Tacoma alleges that "thieves use tools no more advanced than a USB cable" to steal the Susceptible Vehicles. (Id.) Tacoma saw an increase of 580% in reported thefts of Hyundai and Kia vehicles in 2022 over 2021 and "a 1,719% increase in 2023 over 2021." (Id. ¶ 100.) While Kia and Hyundai vehicles accounted for an average of 6% of Tacoma's total vehicle thefts in 2022, that figure rose to 46.6% in 2023. (Id. ¶ 101.)

On December 13, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring related actions from fourteen District Courts to this Court for consolidation and pretrial coordination. (Transfer Order, Dkt. No. 1.) On July 28, 2023, the GE Plaintiffs filed their Complaint alleging seventeen causes of action: public nuisance and negligence under Wisconsin law; common law absolute public nuisance, common law qualified public nuisance, negligence, statutory public nuisance, and civil liability under Ohio law; public nuisance under Maryland law; statutory public nuisance under Washington law; public nuisance, negligence, and unjust enrichment under Missouri law; violation of Kansas City consumer protection ordinance Article IX; public nuisance and negligence under New York law; and public nuisance and negligence under Indiana law. (See GE Plaintiffs Compl.) On November 17, 2023, the Court granted in part Defendants' Motion to Dismiss, (Dkt. No. 222), with respect to the Kansas City Article IX Ordinance claim and denied in part the motion with respect to all other claims. (See GE Plaintiffs Order, Dkt. No. 270.)

Here, Tacoma brings one claim for violation of Washington Public Nuisance Law, RCW 7.48.010 and common law public nuisance. (Compl. ¶ 112–29.)

**II. LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-ml-03052-JVS-KES                               Date  September 26, 2024

Title     In Re: Kia Hyundai Vehicle Theft Litigation

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. Discussion

    A.    *Request for Judicial Notice*

    Defendants filed a Request for Judicial Notice ("RJN") in support of their Motion. (RJN, Dkt. No. 520.) Tacoma opposed with respect to Exhibits 2, 3, and 5. (RJN Opp'n, Dkt. No. 551.) Specifically, Defendants seek judicial notice of the following:

    1.    April 20, 2023 Letter from Attorneys General to Ann Carlson, Acting Administrator of the National Highway Traffic Safety Administration ("NHTSA")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | 8:22-ml-03052-JVS-KES |
| Date | September 26, 2024 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation |

2. July 13, 2023 Certificate of Authenticity issued by NHTSA, and the accompanying June 5, 2023 letter from NHTSA to Attorney General of California Rob Bonta

3. *Hyundai and Kia Launch Service Campaign to Prevent Theft of Millions of Vehicles Targeted by Social Media Challenge*, NHTSA (Feb. 14, 2023)

4. Zac Palmer, *Hyundai Launches Software Update to Fix Some of 4 Million Vehicles at Risk of Theft*, Yahoo! (Feb. 14, 2023)

5. NHTSA Laboratory Test Procedure for Federal Motor Vehicle Safety Standard ("FMVSS") 114 (Jul. 28, 2010)

6. J. Roman & G. Farrell, *Cost-Benefit Analysis for Crime Prevention: Opportunity Costs, Routine Savings and Crime Externalities*, 14 Crime Prevention Stud. 53–92 (Jan. 2002)

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-ml-03052-JVS-KES    Date  September 26, 2024

Title  In Re: Kia Hyundai Vehicle Theft Litigation

The Court **GRANTS** Defendants' request to take judicial notice of all six exhibits. However, Tacoma disputes the facts contained in Exhibits 2, 3 and 5. (RJN Opp'n at 2–6.) Tacoma also opposes judicial notice of the exhibits because they do not form the basis of its claim and their notice would result in prejudice by "preventing [it] from challenging the veracity of the statements later in this litigation." (Id. at 6–7.) Thus, the Court's judicial notice of exhibits 2, 3, and 5 only extends to the existence of the documents, and not the truth of the matters asserted therein. See Lee, 250 F.3d at 689–90; Khoja, 899 F.3d at 999 ("Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

B.   *Motion to Dismiss*

   1.   Preemption

Defendants argue that Tacoma's claim is preempted because it frustrates the flexibility of FMVSS 114 by imposing too narrow of a requirement. (Mot. at 6.) The Court addressed this very argument in its GE Plaintiffs Order, and the conclusion applies with equal force here.

> Defendants mischaracterize the scope of the claims. Throughout the Complaint, GE Plaintiffs use broad language to describe what would have been permissible conduct by Defendants, such as "standard anti-theft technology," "common anti-theft technology," and "industry-standard anti-theft measures." Even when the Complaint discusses engine immobilizers, it often couches the reference as one permissible option available to Defendants: "had [Defendants] followed industry-wide standards and installed immobilizer devices, or an equivalent anti-theft device, in all their vehicles."

> The claims do not impose a narrow engine-immobilizer requirement as alleged by Defendants. The Complaint's references to "anti-theft technology" is consistent with the broad standard for required devices under FMVSS 114. Therefore, the Complaint does not even raise a question of preemption, and the Court need not reach the full preemption analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 26, 2024 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

(GE Plaintiffs Order at 6 (cleaned up).) Tacoma also refers to anti-theft technology broadly, rather than solely immobilizers, in its Complaint. Accordingly, the Court finds that Tacoma's claim is not preempted by federal law.

       2.      Sufficiency of the Pleading

Defendants argue that "[Tacoma's] vague and formulaic references to 'other reasonable anti-theft technology'" are insufficient for product liability claims because "vague references to unidentified measures or defects do not satisfy federal pleading standards." (Mot. at 8 (citations to Complaint omitted).)

Tacoma responds that its claim is "not premised on a design defect" and that the holdings of Defendants' cited cases "are limited to product liability claims and related claims with elements that require defects." (Opp'n at 10.) Tacoma contends that since its sole claim is one for public nuisance, and "there is no requirement to give notice of a defect in a claim for public nuisance," it does not need to identify a particularized defect. (Id. at 11.) Instead, Tacoma argues that its "Complaint does not hinge on sufficiently demonstrating the specifics of an automobile defect but rather by showing that Defendants' conduct substantially contributed to the creation of a public nuisance, which Tacoma has pled at length." (Id.)

Defendants' argument mirrors the argument they made in their Motion to Dismiss the City of Chicago's Second Amended Complaint ("SAC"), (Dkt. No. 431), and their Motion to Dismiss the City of Lorain's FAC, (Dkt. No. 427). The Court's response reflects this similarity.

While Defendants argue that the FAC is too specific in its prescription, Defendants simultaneously make the converse argument that the FAC's prescription is not specific enough to put it on notice for a product liability claim. Notwithstanding the inconsistency, the argument is unavailing. Tacoma does not bring a products liability claim. "Anti-theft technology" is specific enough to sustain the public nuisance claim Tacoma brings here.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 26, 2024 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

**IT IS SO ORDERED.**