UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Class Counsel Fee, Expense Award, and Class Representative Awards [377]**

Plaintiffs' Consumer Class Action Leadership Committee ("Class Counsel") filed their Motion for Class Counsel Fee, Expense Award, and Class Representative Awards. (Mot., Dkt. No. 377.) Class Counsel attached their declaration of support. (Leadership FA Decl., Dkt. No. 378.) Class Counsel also filed a reply. (Reply, Dkt. No. 466.) Defendants' filed a non-opposition. (Non-Opp'n, Dkt. No. 468.) The parties appeared for oral argument on September 30, 2024. This Order reflects the Court's final decision on the instant motion.

For the following reasons, the Court **GRANTS** Plaintiffs $13,403,485.60 in attorney fees, **GRANTS** Plaintiffs $244,526.81 in litigation expenses, and **GRANTS** a $1,000 service awards per Named Plaintiff.

## I. BACKGROUND

The factual and procedural background of this settlement is familiar to the parties and to the Court. An epidemic of Class Vehicle thefts spread throughout the country, spurring nationwide class actions based on the omission of anti-theft devices in Class Vehicles. (Joint Declaration of Class Leadership Counsel ("Leadership Decl."), Dkt. No. 378, ¶ 9.) On July 21, 2022, Humphrey Farrington & McClain filed a class action relating to the Theft Prone Defect. See Bendorf, et al. v. Kia America, Inc. et al., No. 4:22-cv-00465-RK (W.D. Mo.). On August 19, 2022, Hagens Berman filed a class action relating to the same. See McNerney v. Kia America, Inc., No. 8:22-cv-01548 (C.D. Cal.). Fegan Scott filed its class action on September 9, 2022. Cohen, et al. v. Kia

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

America, Inc., et al., No. 8:22-cv-01664 (C.D. Cal.). On September 12, 2022, Baron & Budd filed a class action regarding the same alleged defect. See Morrow et al. v. Hyundai Motor America, Inc. et al., No. 8:22-cv-01674 (C.D. Cal.).

These law firms undertook significant efforts to propel litigation and engage in fact-finding missions. (Leadership Decl. ¶ 4.) By the end of August 2022, at least fifteen putative class actions relating to the Theft Prone Defect were filed across the country. (Id.) On August 31, 2022, a group of plaintiffs moved for consolidation under 28 U.S.C. § 1407 and the Judicial Panel on Multidistrict Litigation issued an order for consolidation and pre-trial coordination. (Id. ¶ 15.) Finally, on February 9, 2023, the Court appointed Mr. Berman, Ms. Fegan, Mr. McClain, and Mr. Tellis as Plaintiffs' Consumer Class Action Leadership Committee. (Dkt. No. 50, at 3.)

This litigation has been complex and the Leadership Committee spent considerable effort and skill drafting a consolidated complaint, analyzing legal issues relating to the defect, and engaging with Class members to investigate the alleged defect. (Leadership Decl. ¶¶ 16–18.) In late 2022, the Parties reinitiated settlement discussions. (Id. ¶ 20.) While mediation was not initially fruitful, negotiations continued over the span of months. (Id. ¶ 26.) Eventually, on May 18, 2023, the Parties notified the Court that they had reached a settlement. (Dkt. No. 107.) After agreeing to settlement, the Parties began drafting the Settlement Agreement, applying to certify the Settlement Class, engaging in confirmatory discovery, and responding to objections from Class members and non-class members alike. (Leadership Decl. ¶¶ 29-33.)

Class Counsel now seeks attorney fees, reasonable litigation expenditure awards, and an incentive class representative service award. (Mot. at 1.)

## II. LEGAL STANDARD

A lawyer who recovers "a common fund for the benefit of persons other than himself or his client" is entitled to reasonable attorney fees from the fund as a whole. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Staton v. Boeing Co., 327 F.3d 938, 967 (9th Cir. 2003). The Supreme Court has explained the rationale underlying the "common fund doctrine" as follows:

[P]ersons who obtain the benefit of a lawsuit without contributing to its cost

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

> are unjustly enriched at the successful litigant's expense. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefitted by the suit.

Van Gemert, 444 U.S. at 478 (citation omitted).

In a common fund case, the court has discretion to use either a percentage or lodestar method to determine attorney fees. In re Hyundai and Kia Fuel Econ. Litig., 923 F.3d 539, 570 (9th Cir. 2019). "The lodestar method yields a fee that is presumptively [reasonable]." Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 552 (2010). The percentage method is a "shortcut to be used 'in lieu of the often more time-consuming task of calculating the lodestar,' but only if 'the benefit to the class is easily quantified,'" such as in a common-fund settlement. In re Hyundai, 923 F.3d at 571 (quoting In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). Accordingly, the "use of the percentage method in common fund cases appears to be dominant." In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007).

The percentage method requires the court simply to determine what percentage of the fund would provide class counsel with a reasonable fee under all the circumstances. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." Id. However, "[t]he benchmark percentage should be adjusted, or replaced with a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002) ("The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases."). A "mechanical or formulaic application" of the percentage method is inappropriate "where it yields an unreasonable result." In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997) [hereinafter Petroleum Prods.]; In re Critical Path, Inc., Sec. Litig., No. C 01-00551 WHA, 2002 U.S. Dist. LEXIS 26399, at *24 (N.D. Cal. June 18, 2002). Regardless of which method the court uses, it must "explain[] its determination by written order or in open court." Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

The Ninth Circuit encourages courts to use the lodestar method as a "cross-check" on the reasonableness of a fee award determined with the percentage method. See Vizcaino, 290 F.3d at 1050; Petroleum Prods., 109 F.3d at 607 ("It is reasonable for the district court to compare the lodestar fee, or sum of lodestar fees, to the 25% benchmark, as one measure of the reasonableness of the attorneys' hours and rates.").

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1007 n.7 (9th Cir. 2002). The court must be cautious, however, not to adjust the lodestar figure based on any of the foregoing factors that are subsumed in the original lodestar calculation. Morales v. City of San Rafael, 96 F.3d 359, 364 & n.9 (9th Cir. 1996). The Ninth Circuit has noted that multipliers range from 1.0-4.0 and a "bare majority" fall within the range of 1.5-3.0. Vizcaino, 290 F.3d at 1051 n.6; Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.").

### III. DISCUSSION

Class Counsel seeks the Court to award (1) $13,403,485.60 in attorney fees from the common fund, (2) actual costs of $244,526.81 for reimbursement of reasonably incurred litigation expenses, and (3) $1,000 to each named Consumer Class Plaintiff as service awards. (Mot. at 1.) Defendants do not oppose any of these requests. (Non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-ml-03052-JVS (KESx)  Date  September 30, 2024

Title  In re Kia Hyundai Vehicle Theft Litigation

Opp'n at 1–2.)  For the following reasons, the Court agrees with Class Counsel's assessment and grants the motion.

### A.   Attorney Fees from the Common Fund

While 25% has generally been found to be a reasonable award for attorney fees, Hanlon, 150 F.3d at 1029, the Court still "must consider whether this percentage should be adjusted based on all the circumstances." In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig., No. 810ML02151JVSFMOX, 2013 WL 12327929, at *13 (C.D. Cal. July 24, 2013).  The Court will consider a number of factors approved by the Ninth Circuit for assessing reasonableness.  See Vizcaino, 290 F.3d at 1048–50.  Thereafter, the Court will cross-check the reasonableness of the award with the lodestar method.  Id. at 1050.

#### 1.   Results Achieved

"Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award." In re Heritage Bond Litig., No. 02-ML-1475-DT, 223 F.R.D. 527 (C.D. Cal. 2004).

In this case, the total value of the common fund is $145 million.  (Leadership Decl. ¶ 31.)  The common fund will reimburse Class members for out-of-pocket and non-reimbursed losses resulting from the thefts and attempted thefts.  (Id.)  Plaintiffs' expert estimates that "most insured class members are likely to receieve near full compensation for their qualifying [theft or attempted theft], even based upon risk-adjusted payment amounts."  (Mot. at 11 (citing Stockton Decl., Dkt. No. 228, ¶ 44).)

Additionally, the Settlement will also provide monetary compensation without aggregate caps to be paid outside of the common fund.  (Leadership Decl. ¶ 31.)  Class members can be reimbursed up to $50 for a steering lock, which could potentially amount to as much as $446 million in additional cash reimbursements.  (ASA, Dkt. No. 378-1, § II.B.1.)   Further, Class members whose vehicles are not eligible for the Software Upgrade are entitled to reimbursements for up to $300 for the cost to install a substitute anti-theft device.  (Leadership Decl. ¶ 31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

 Moreover, the Settlement terms require Defendants to pay the cost of Class notice and settlement administration, and development of and implementation of the software fix, which exceed $130 million. (ASA §§ III.D.5.a, II.E.) The Settlement also includes a free anti-theft Software Update for eligible Class Vehicles, which includes more than 6.9 million Class Vehicles. (Id. § II.A.5.) Finally, the Settlement includes non-monetary relief, such as a nationwide press campaign and awareness campaign on social media regarding the Software Upgrade. (Id. § II.A.6.)

 Given the common fund benefits, the uncapped payments outside of the common fund, and the non-monetary costs, the Settlement result weighs in favor of approving the entire proposed fee aware.

  2. Risk and Complexity of Litigation

 Attorneys are entitled to a large share award when the risk they took of "not recovering at all, particularly [in] a case involving complicated legal issues." In re Omnivision Techs., 559 F. Supp. 2d at 1046–47.

 This litigation was complex and the Settlement agreement is a testament to the diligence and skill of Class Counsel in navigating major risks. As Class Counsel avers, Defendants likely would have contested the existence of a defect and the certification of the class. (Mot. at 13–14.) Moreover, the Consumer Class Plaintiffs' claims were partially based on novel and untested theories of liability, some of which might have been thwarted upon motions for summary judgment, motions to dismiss, or appeals. (Id. at 14.) Additionally, Class Counsel notes that the NHTSA has not yet determined whether the issue constituted a safety defect or noncompliance under the National Traffic and Motor Vehicle Safety Act. (Id.)

 Furthermore, Defendants, represented by highly skilled and specialized attorneys, intended to contest the litigation through dispositive motions and certification challenges. (Id.) By comparison, the Subrogation track of this MDL shows that the motions and class certification would not be fully briefed until September 15, 2025, and April 23, 2026. (Dkt. No. 300.)

 Accordingly, this litigation was difficult, economically risky, and legally complex, such that this factor leans in favor of the full fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

### 3. Skill of Counsel

Another recognized factor courts consider is the "prosecution and management of a complex national class action," which requires unique legal skills and abilities. <u>Knight v. Red Door Salons, Inc.</u>, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

Class Counsel faced an uphill battle in this litigation and but with the skill and effort of experienced lawyers, the Settlement resulted in substantial benefit to Class members. Class Counsel were among some of the most experienced and skilled practitioners in national class actions, and invested considerable time and energy to receiving a favorable outcome for the class. Additionally, the talent and motivation of defense counsel, reflective of their reputable law firms, likewise demonstrates the amount of skill Class counsel needed to contribute to this litigation.

As such, this factor weighs in favor of approving the entire proposed fee award.

### 4. Contingent Nature of the Fee

Another factor to be considered in determining attorney fees is whether their compensation was contingent in nature. See <u>Vizcaino</u>, 290 F.3d at 1048–50.

Here, Class counsel invested over $6.7 million in lodestar services and over $244,000 in expenses. (Leadership Decl., Exs. 2–17.) Additionally, during the duration of this litigation, class counsel turned down other opportunities and time that may otherwise have been spent on other matters. (Mot. at 16.) Given the risk of contingency and the considerable resources expended by class counsel, this factor supports the proposed fee award.

### 5. Awards in Similar Cases

The Ninth Circuit has repeatedly held that 25% of the settlement value is a reasonable attorney fees benchmark. <u>See, e.g.</u>, <u>Hanlon</u>, 150 F.3d at 1029. In this case, Class counsel's requested attorney fees award would equate to approximately 4.9% of the total settlement value, or roughly 9.2% of the common fund. (Mot. at 17.) This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

percentage falls far below the customary 25%. Accordingly, the award in similar cases leans in favor of approving the proposed fee award.

      6.     Reaction of the Class

Courts may also consider the reaction of the class, including objection or the absence of objection, in determining the proper fee award. In re Omnivision Techs., 559 F. Supp. 2d at 1048.

In this case, over 7.1 million notices were mailed to Class members and over 7.4 million links to the settlement website were sent out via email. (Declaration of Steven Platt ("Platt Decl."), Dkt. No. 378, Ex. 18.) The notice informed Class members that Class counsel may seek up to 25% of the common fund fees, as well as out-of-pocket expenses. (Id.) According to Class counsel, there were only a total of 88 objections. (Reply at 4.) In sum, all opt-outs and objections represent less than .025% of the Class. (Id.) However, there were 36 putative objections to the preliminary approval order. (Id. at 5.)

Many of these objections fail to satisfy the procedural rules established by this Court, including submitting vehicle VIN, model, and year, providing an address, listing the case caption, signing the objection, and stating whether they intend to appear at the final approval hearing. To the extent that this Court were to waive the procedural rules, which is within its discretion to do, none of the objections rise to a level where they cast doubt as to the reasonableness of fairness of the attorney fees. As discussed in the Final Approval Settlement, the Settlement is fair, adequate, and reasonable.

Therefore, the few objections weighed against the overwhelming silence of the class tilts this factor in favor of approving the proposed fee award.

      7.     Lodestar Comparison

"Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." Vizcaino, 290 F.3d at 1050–51.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

Here, the lodestar method confirms that the proposed fee award under the percentage method is reasonable. According to the Declaration of Plaintiffs' counsel, attesting to their total hours, hourly rates, experience, and efforts to prosecute, the lodestar is $6,701,742.80.[1] (Mot. at 18 (citing Leadership FA Decl., Exs. 2–17).) This value reflects 9,175.6 hours worked. (Id.) Adding litigation costs of $244,526.81, the resulting total investment was $6,946,269.61.

Dividing the lodestar into the $13,403,485.60 proposed fee award yields a multiplier of 2.0. This is well within the range approved by courts in the Ninth Circuit. See Vizcaino, 290 F.3d at 1051–52 (approving a lodestar multiplier of 3.65). Thus, the lodestar method confirms the reasonableness of the proposed fee award.

Accordingly, the Court **GRANTS** Class Counsel the proposed award fee of $13,403,485.60 from the common fund.

B.   *Reimbursement for Reasonably Incurred Litigation Expenses*

"An attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation costs from that fund." See In re Toyota Motor Corp., 2013 WL 12327929, at *35. "The award 'should be limited to typical out-of-pocket expenses that are charged to a fee paying client and should be reasonable and necessary." Id. (citing In re Immune Response Sec. Litig., 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007). The taxation of costs is within the court's discretion. Id.

Class Counsel requests actual costs of $244,526.81 for reimbursement of reasonably incurred litigation expenses. The Court has reviewed the Leadership FA Declaration and finds that the expenses were reasonable and necessary. The Declaration describes hotels, air travel, meals, Lexis/Westlaw, court fees, filing fees, investigation fees, expert consultant fees, service fees, ground transportation and more. (See Leadership Decl., Exs. 2–17.) These expenses are the typically billed expenses to pay for clients, computer research, and other costs associated with this complex, difficult,

---

[1] The Court's calculations resulted in a lodestar of $6,699,142.80. It appears that the true value for Ex. 4 is $1,129,020.00 rather than $1,131,620.00. Nonetheless, such a de minimis difference does not affect the multiplier to even a hundredth of a decimal point.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

and lengthy litigation. Defendants do not dispute the awarding of these reasonable expenses.

Accordingly, the Court **GRANTS** Class Counsel's reasonable expenses in the sum of $244,526.81.

C.   *Consumer Class Plaintiff Service Awards*

Class Counsel requests that this Court approve an incentive award to named plaintiffs and class representatives. (Mot. at 21.) Rather than seeking a variable award based on the hours of work, Class Counsel suggests a fixed $1,000 payment to each Named Plaintiff. (Id.)

Courts have discretion to issue incentive awards to class representatives. Rodriguez, 563 F.3d at 958–59. "The awards are 'intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.'" Herrera v. Wells Fargo Bank, N.A., No. 818CV00332JVSMRW, 2021 WL 9374975, at *14 (C.D. Cal. Nov. 16, 2021) (Selna, J.).

Defendants do not object to this request and the Court has received no other objections. This Court has previously held that considers the requested service award in light of the effort expended. Id. Given the reasonableness of the award in comparison to the efforts expended in this litigation, and in light of other similar awards, the Court approves the incentive award. See id. (awarding incentive awards to several plaintiffs in sums ranging between $1,500 and $7,500).

Accordingly, the Court **GRANTS** service awards to the Plaintiffs in the amount of $1,000 per Named Plaintiff.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs $13,403,485.60 in attorney fees, **GRANTS** Plaintiffs $244,526.81 in litigation expenses, and **GRANTS** a $1,000 service awards per Named Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | September 30, 2024 |
| Title | In re Kia Hyundai Vehicle Theft Litigation | | |

**IT IS SO ORDERED.**