Note: Changes made by the Court at §7.1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 8:22-ML-03052-JVS-KES |
| | **[PROSOSED] STIPULATED PROTECTIVE ORDER** |
| This document relates to: | |
| ALL GOVERNMENTAL ENTITIES CASES & ALL SUBROGATION CASES | |

IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this Action, as defined in Section 3.1, is likely to involve production of confidential, proprietary, commercially or competitively sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Subrogation Plaintiffs, Governmental Entities Plaintiffs, and Defendants Kia America, Inc. ("KA") and Hyundai Motor America ("HMA") (together, "Defendants")[1] (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereinafter, the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information, documents, or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

The entry of this Order does not preclude any Party from seeking a further order of this Court as appropriate. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

---

[1] Defendants do not waive any defenses through the filing of this Proposed Stipulated Protective Order. The Subrogation Plaintiffs and Governmental Entities Plaintiffs agree that they will not argue that the use of this Proposed Stipulated Protective Order supports personal jurisdiction over any party.

## 2.    <u>GOOD CAUSE STATEMENT</u>

Good cause exists for entry of this Stipulated Protective Order because this Action is likely to involve confidential, proprietary, commercially or competitively sensitive, or private information, for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The Parties anticipate that they may disclose, produce, or exchange information, documents, and tangible things that reflect such information, including, but not limited to, Defendants' trade secrets; research, design, assembly, engineering, manufacturing, testing, service, repair, and monitoring information of relevant vehicles; financial or business records; financial or business information; business strategy; commercially or competitively sensitive business information; confidential policies and procedures; customer records; customer information; certain crime and prosecution data; certain third-party criminal records; and/or personally identifiable information.  Private or otherwise sensitive information of other third parties may also be disclosed. It is important that such information, documents, or tangible things remain protected and not be readily available to the public given the highly sensitive nature of criminal records, as well as the privacy rights of third parties, protection of business competition interests, and the dangers of identity theft.  The unrestricted or unprotected disclosure of such confidential, proprietary, commercially or competitively sensitive, or private information would result in prejudice or harm to the Producing Party (as defined in Section 3.13) and/or third parties by revealing their information, which could result in prejudice or harm such as identity theft, loss of business, and/or violation of federal, state, and/or other laws.

Accordingly, a protective order for such information is justified in this Action.

**3.**    **DEFINITIONS**

**3.1.**    **Action**: *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation*, Case No. 8:22-ML-3052 JVS(KESx) (Subrogation Track; Governmental Entities Track). This includes any and all actions that have been or will be filed in, transferred to, or removed to this Court as part of the above-referenced litigation on the Subrogation track and Governmental Entities track.

**3.2.**    **Challenging Party**: A Party or Non-Party that challenges the designation of information or items under this Order.

**3.3.**    **"CONFIDENTIAL" Material**: Information (regardless of how it is generated, stored or maintained), documents, or tangible things that consist of or contain confidential, proprietary, commercially or competitively sensitive, or private information, including, but not limited to, research, design, assembly, engineering, manufacturing, testing, service, repair, and monitoring information of relevant vehicles; financial or business records; financial or business information; business strategy; commercially or competitively sensitive business information; confidential policies and procedures; customer records; customer information; certain crime and prosecution data; certain third-party criminal records; the names of—and other personally identifiable information regarding—law enforcement officers, victims or witnesses of alleged crimes, uncharged suspects of alleged crimes, or minors; personally identifiable information; and any other similar confidential, proprietary, commercially or competitively sensitive, or private information or competitive intelligence, including, but not limited to, Defendants' trade secrets—as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G). "CONFIDENTIAL" Material also includes information that a Party is required to maintain as confidential under the terms of an agreement, any applicable law, or any other understanding.

### 3.4.  **"HIGHLY CONFIDENTIAL—AEO" (Attorney's Eyes Only)**

**Material**: Information (regardless of how it is generated, stored, or maintained), documents, or tangible things that consist of or contain highly sensitive information, such as highly sensitive commercial or competitive business and/or proprietary information that warrants the highest level of confidentiality the disclosure of which would cause harm to the Producing Party or third parties. Any Producing Party may designate as "HIGHLY CONFIDENTIAL—AEO": (i) trade secrets; (ii) past, current, and future business and marketing plans, except for advertisements or communications that have been disclosed to the public; (iii) research and development activities, including technology and know-how, which have not been disclosed to the public; (iv) commercial agreements with third parties containing commercially or competitively sensitive information, and the negotiations and communications concerning such agreements, provided that the Producing Party has taken reasonable steps to keep the terms of such agreements and related negotiations—as distinct from the existence of the commercial relationship—out of the public domain; (v) non-public communications with United States or foreign patent, trademark, or copyright offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) non-public communications with United States or foreign government agencies; (viii) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income, revenue, and costs (i.e., production, marketing, and overhead); and (ix) any other category of information subsequently agreed to by the Parties in writing as constituting "HIGHLY CONFIDENTIAL—AEO" Material.

### 3.5.  **Counsel**: Outside Counsel and In-House Counsel (as well as their support staff).

**3.6.** **Designating Party**: A Party or Non-Party that designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" information, documents, or tangible things that it produces in disclosures or in responses to discovery.

**3.7.** **Disclosure or Discovery Material**: Any and all information, documents, or tangible things, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are exchanged, produced or generated in disclosures or responses to discovery in this Action.

**3.8.** **Expert and Consultant**: An expert is a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its Counsel to serve as an expert witness, and their staff, to whom it is reasonably necessary to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" Material for purposes of this Action. A consultant is a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its Counsel to serve not as a testifying expert, but merely as a consulting expert, and their staff, to whom it is reasonably necessary to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" Material for purposes of this Action.

**3.9.** **Final Disposition**: Final disposition of this Action shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**3.10.** **In-House Counsel**: Attorneys who are employees of a Party to this Action and their support staff. In-House Counsel does not include any outside counsel.

**3.11.** **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not a Party to this Action.

**3.12.** **Outside Counsel**: Attorneys who are not employees of a Party to this Action but are retained to represent and/or advise a Party to this Action and/or are affiliated with a law firm that has been retained to represent and/or advise a Party to this Action, and their support staff.

**3.13.** **Party**: Any Party to this Action, including any and all of its officers, directors, employees, consultants, retained experts, and In-House Counsel and Outside Counsel (as well as their support staff).

**3.14.** **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**3.15.** **Professional Vendor**: A person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, interpreting, preparing deposition transcripts, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.16.** **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as defined in Section 3.3, or as "HIGHLY CONFIDENTIAL—AEO," as defined in Section 3.4.

**3.17.** **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the

following: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 5. **DURATION**

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of Final Disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or securely destroy all such Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category or Bates number, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material or its contents, or any notes, communications, or other records with information derived from or regarding any of the Protected Material or its contents. Notwithstanding this provision, Counsel and Parties are entitled to retain an archival copy of all pleadings, filings, trial, deposition, and hearing transcripts, , , deposition and trial exhibits, expert reports, and other documents retained to comply with controlling ethical and common law

rules governing the preservation of that party's files, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order. Protected material backed up in an electronically stored format to a disaster recovery system will be certified to have complied with the 60 day period if the Receiving Party has a data destruction policy resulting in the eventual destruction or overwriting of the backed up electronically stored information.

**6.     DESIGNATING PROTECTED MATERIAL**

   **6.1.    Exercise of Restraint and Care in Designating Material for Protection.**

   Each Party or Non-Party that designates information, documents, or items for protection under this Order must take care to limit any such designation to specific material that qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" under the above standards. Where reasonably practicable, the Designating Party must designate for protection only those parts of material, documents, items, testimony, or oral or written communications that qualify so that other portions of the material, documents, items, testimony, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   If, prior to Final Disposition of this Action, it comes to a Designating Party's attention that information, documents, or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   **6.2.    Manner and Timing of Designations.**

   Any Producing Party may designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" under the terms of this Order if the Producing Party in good faith reasonably believes that such material

contains confidential, proprietary, commercially or competitively sensitive, or private information that reasonably justifies protections provided in this Order. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced, as follows:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party will affix at a minimum the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" to each page that contains Protected Material. In addition, at the election of the Producing Party, an electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO," as applicable.  When any file so designated is converted to a hardcopy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 3(a) above.  If a native file containing information that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" is used during a deposition, hearing, trial, or is otherwise disclosed post production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) to the protective legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO," as applicable, if such legend does not already appear in the file name.  Any party using a native file containing information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" in a deposition, hearing, or at trial must indicate the designation on the record so that it is reflected in the transcript of the proceedings.

(b) For original documents that are made available for inspection, the Disclosure or Discovery Material need not be designated for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— AEO" to each page that contains Protected Material.

(c) Specific deposition testimony may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO," either on the record during the deposition or by identifying the page and line(s) of testimony for which the Designating Party seeks protection within thirty (30) days after receipt of the written transcript by the Designating Party. Until that time, and unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" to permit Counsel an opportunity to designate the deposition testimony as Protected Material. If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof upon notice that the confidential designation has been made. In the event that a Party needs to file a deposition transcript with the Court prior to the expiration of the 30-day period set forth above, that entire transcript shall be treated as if it had been designated as Protected Material. The court reporter shall operate in a manner consistent with this Order and shall separately label the confidential portions of the deposition transcript,

including documents and other exhibits containing confidential information. If a Party or Non-Party desires to protect or use confidential information at trial, the issue should be addressed during the pre-trial conference.

(d) For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO." For protected information produced in native format (such as an Excel spreadsheet), the Producing Party shall include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" in the file name.

**6.3.    Inadvertent Failures to Designate**. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and may be remedied by supplemental written notice upon discovery of the disclosure. Upon correction of a designation, the Receiving Party must make reasonable and diligent efforts, including retroactive efforts, to ensure that the material is treated in accordance with the provisions of this Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**7.1.    Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the applicable scheduling order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**7.2.    Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*. by giving written notice to the

Designating Party of each designation being challenged, including the Bates numbers where the challenged designations appear, and describing the basis for each challenge. The written notice must indicate that the challenge to confidentiality is being made pursuant to this Order and must otherwise comply with Local Rule 37-1.

**7.3.    Joint Stipulation**. If the parties are unable to reach a resolution after meeting and conferring, any submission made to the Court (or discovery special master) for relief shall be in accordance with Local Rule 37-2 (and/or any procedures set forth by a discovery special master).

**7.4.**    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court (or discovery special master) rules on the challenge. In the event the Court (or discovery special master) rules (and any efforts to review or appeal that ruling are exhausted) that the challenged material is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO", and/or orders the challenged material to be re-produced with a different level of confidentiality, the Designating Party shall re-produce copies of all such materials so designated with the appropriate label (or without label) at the Designating Party's expense within thirty (30) days or as otherwise ordered by the Court (or discovery special master).

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**8.1.    Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, including Sections 8.2 and 8.3. After Final

Disposition of this Action, a Receiving Party must comply with the provisions of Section 5.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited only to the persons authorized under this Order.

**8.2.** **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Counsel, as well as employees of said Counsel to whom disclosure is reasonably necessary for this Action;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts and Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Counsel retaining them instructs them not to disclose any confidential material to third parties and to immediately return or destroy all originals and copies of any confidential material as appropriate.

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) Present or former employees of the Producing Party in connection with their depositions in this action, provided that no former employees shall be shown documents prepared before the start of their employment with the Producing Party or after the date of their departure;

(j) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(k) Any special master, and their supporting personnel, appointed by the Court and mutually agreed upon by the Parties; and

(l) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8.3.   Disclosure of "HIGHLY CONFIDENTIAL—AEO" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or item designated "HIGHLY CONFIDENTIAL—AEO" only to:

(a)     The Receiving Party's Counsel, as well as employees of said Counsel to whom disclosure is reasonably necessary for this Action;

(b)     The Court and its personnel;

(c)     Court reporters and their staff;

(d)     Experts and Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that if a Receiving Party desires to disclose any "HIGHLY CONFIDENTIAL—AEO" information, document, or item to any Expert or Consultant who is also an employee, officer, director, or agent of a Party, the Receiving Party shall make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL—AEO" information, documents, or items that the Receiving Party seeks to disclose, and (2) identifies the Expert or Consultant by full name, relationship to the Receiving Party, and city and state of his or her primary residence. A Party that makes a request and provides the information specified in this subsection (d) may disclose the designated materials to the identified Expert or Consultant, unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party. All challenges to objections from the Designating Party under this subsection (d) shall proceed under Local Rule 37.1 through Local Rule 37.4 (and/or any procedures set forth by a discovery special master);

(e)     Professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Counsel retaining them instructs them not to disclose any confidential material to third parties and to immediately return or destroy all originals and copies of any confidential material as appropriate;

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    Present or former employees of the Producing Party in connection with their depositions in this action, provided that the present or former employees have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and that no former employees shall be shown documents prepared before the start of their employment with the Producing Party or after the date of their departure;

(i)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(j)    Any special master, and their supporting personnel, appointed by the Court and mutually agreed upon by the Parties; and

(h)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**8.4.    <u>Own Documents</u>**. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

**8.5.    <u>Filing Protected Material</u>**. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Before a Party files Protected Material or makes a filing that discusses or references the content, subject matter, or nature of Protected Material designated as such by another Party, the filing Party shall confer with the Designating Party in accordance with Civil Local Rule 79-5.2.2(b).

## 9. PROTECTED MATERIAL REQUESTED, SUBPOENAED, OR ORDERED PRODUCED IN OTHER LITIGATION OR INVESTIGATIONS

If a Party is served with a document request, a subpoena, or a court order issued in other litigation, an inquiry or investigation by any federal, state, or local government agency, department, or other entity, or other similar process that compels disclosure of any information, documents, or items designated by another Party in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO," the served Party must:

(a) Promptly notify in writing by electronic mail the Designating Party. Such notification shall include a copy of the document request, subpoena, or court order;

(b) Promptly notify in writing the party who caused the document request, subpoena, or court order to issue that some or all of the material covered by the document request, subpoena, or court order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

Upon receipt of this notice, the Designating Party, at its own cost, may seek a protective order, move to quash or limit the document request, subpoena, or court order, otherwise oppose production of the Protected Material, and/or seek to obtain confidential treatment of such Protected Material from the party who caused the document request, subpoena, or court order to issue. The Party served with the document request, subpoena, or court order shall not under any circumstances produce any Protected Material pursuant to the document request, subpoena, or court order prior to the date specified therein for production. Further, should the Designating Party seek relief from the court, the Party served with the document request, subpoena, or court order shall not produce any Protected Material before a

final determination by the court with appropriate jurisdiction over the document request, subpoena, or court order, unless the served Party has obtained the Designating Party's permission in writing. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

The terms of this Order are equally applicable to information, documents, or items produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO." Such material produced by a Non-Party in connection with this Action is protected by the remedies and relief provided by this Order, and such designation creates the same duties and obligations, as if made by one of the undersigned Parties. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking other or additional protections.

In the event that a Party is required, by a discovery request in this Action, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) Promptly notify in writing by electronic mail the requesting Party and the Non-Party that some or all of the material requested is subject to an agreement with the Non-Party. Such notification to the Non-Party shall include a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested;

(b) Make the confidential information requested available for inspection by the Non-Party, if requested; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Non-Party.

(d) The Non-Party may seek a protective order, move to quash or limit the discovery request, otherwise oppose production, and/or seek to obtain confidential treatment from the requesting Party. The Party served with the discovery request shall not under any circumstances produce the Non-Party's confidential information pursuant to the discovery request prior to the date specified therein for production. If the Non-Party seeks a protective order or moves to quash or limit the discovery request, the Party served with the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a final determination by the Court (or discovery special master). Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking relief in this Court of its confidential information.

If the Non-Party fails to seek relief within twenty-one (21) days of receiving the notice and accompanying information, unless otherwise agreed to in writing by the Non-Party and the requesting Party, the served Party may thereafter produce the Non-Party's confidential information responsive to the discovery request.

**11.**    <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:

(a) Notify in writing by electronic mail the Designating Party of the unauthorized disclosures;

(b) Use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and provide a copy of this Order; and

(d) Request that such person or persons sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**12.** **UNINTENTIONAL OR INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain unintentionally or inadvertently produced material is subject to a claim of privilege or other protection (including, but not limited to, confidentiality, non-responsiveness, the attorney-client privilege, and work-product doctrine), the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), the production of a privileged, work-product-protected, or otherwise protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this Action or in any other federal, state, or regulatory proceeding. If possible, the Producing Party must substitute the inadvertently produced document with one that redacts the information subject to the claimed protections. The Parties must confer in a good faith attempt to resolve any disputes subject to this section before seeking court intervention. The Parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

**13.** **MISCELLANEOUS**

**13.1.** **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2.** **Right to Assert Other Objections**. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information, document, or item on any ground not addressed in this

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**13.3.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1  **SUBROGATION TRACK:**

2  Dated:  March 21, 2025                    COZEN O'CONNOR

3                                            _/s/ Elliott R. Feldman_

4                                            Elliott R. Feldman
                                             One Liberty Place
5                                            1650 Market Street, Suite 2800
                                             Philadelphia, Pennsylvania 19103
6                                            Telephone: (215) 665-2071
                                             Facsimile: (215) 701-2282
7                                            EFeldman@cozen.com

8

9  Dated:  March 21, 2025                    GROTEFELD HOFFMANN LLP

10                                           _/s/ William J. Hoffmann_

11                                           William J. Hoffmann
                                             Adam M. Romney
12                                           Susan M. Benson
                                             5535 Balboa Blvd., Ste. 219
13                                           Encino, California 91316
                                             Telephone: (747) 233-7150
14                                           Facsimile: (747) 233-7143
                                             BHoffmann@ghlaw-llp.com
15                                           ARomney@ghlaw-llp.com
                                             SBenson@ghlaw-llp.com
16

17

18  Dated:  March 21, 2025                   BERGER KAHN

19                                           _/s/ Christine Forsline_

20                                           Christine Forsline
                                             1 Park Plaza, Suite 340
21                                           Irvine, California 92614
                                             Telephone: (949) 474-1880
22                                           Facsimile: (949) 313-5029
                                             cforsline@bergerkahn.com
23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 8:22-ML-3052-JVS KES

1    Dated:  March 21, 2025          LAW OFFICES OF ROBERT A.
2                                    STUTMAN, P.C.

3                                    _/s/ Daniel Hogan_
4                                    Daniel Hogan
                                     Thomas Paolini
5                                    1260 Corona Pointe Court, Suite 306
                                     Corona, California 92879
6                                    Telephone: (951) 387-4700
                                     Facsimile: (951) 963-1298
7                                    Hogand@stutmanlaw.com
                                     Paolinit@stutmanlaw.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

24
[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 8:22-ML-3052-JVS KES

Dated:  March 21, 2025

JENNER & BLOCK LLP

_/s/ Peter J. Brennan_

Kate T. Spelman
Madeline P. Skitzki
Jenna L. Conwisar
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
KSpelman@jenner.com
AKim@jenner.com
MSkitzki@jenner.com
JConwisar@jenner.com

Peter J. Brennan (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
PBrennan@jenner.com
MBrody@jenner.com

Edward Susolik
John D. Van Ackeren
Stephen P. Farkas
CALLAHAN & BLAINE
3 Hutton Centre Drive, Ninth Floor,
Santa Ana, CA 92707
Telephone: (714) 862-1081
Facsimile: (714) 241-4445
ES@callahan-law.com
JVanAckeren@callahan-law.com
SFarkas@callahan-law.com

*Attorneys for Defendants HMA and KA*

25

**GOVERNMENT ENTITIES TRACK:**

Dated: March 21, 2025                    KELLER ROHRBACK L.L.P.


                                         */s/ Gretchen Freeman Cappio*
                                         Gretchen Freeman Cappio
                                         1201 Third Avenue, Suite 3400
                                         Seattle, WA 98101-3052
                                         Phone: (206) 623-1900
                                         Fax: (206) 623-3384
                                         gcappio@kellerrohrback.com


                                         *Chair, Governmental Entities Committee*


Dated:  March 21, 2025                   QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                         */s/ Steven G. Madison*
                                         Steven G. Madison
                                         Justin Griffin
                                         865 South Figueroa Street, 10th Floor
                                         Los Angeles, California 90017-2543
                                         Phone: (213) 443-3000
                                         Fax: (213) 443-3100
                                         stevemadison@quinnemanuel.com
                                         justingriffin@quinnemanuel.com

                                         *Attorneys for Defendants*

26

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 8:22-ML-3052-JVS KES

# ~~[PROPOSED]~~ ORDER

Good cause appearing, the Court hereby approves this Stipulated Protective Order in the above-referenced litigation.

**IT IS SO ORDERED.**

Dated: <u>March 25, 2025</u>

The Honorable Karen E. Scott
United States Magistrate Judge

## <u>ECF ATTESTATION</u>

I, Peter J. Brennan, attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

By:    */s/ Peter J. Brennan*

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name],

_____ [position and employer],

of _____

[full address], have read and understand the Stipulated Protective Order that was

issued in this litigation, *In re: Kia Hyundai Vehicle Theft Marketing, Sales*

*Practices, and Products Liability Litigation*, Case No. 8:22-ML-3052 JVS(KESx),

by the United States District Court for the Central District of California, on _____

___, 2024 (ECF No. __). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order. I will not disclose in any manner any information,

document, or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions and restrictions therein.

I acknowledge and agree that if I receive materials originally designated or

reclassified "HIGHLY CONFIDENTIAL—AEO," I can discuss the materials and

their contents only with Counsel for the represented Producing or Receiving Party. I

will not discuss or otherwise share the materials or their contents with any Party,

Non-Party, or any other person or entity, even if I rely upon or refer to such

materials or contents for any purpose in this litigation.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the sole purpose of interpretation and

enforcement of the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this litigation.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Signed this _____ day of

_____, 20____, at _____,

_____ [city and state where sworn and signed].

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 8:22-ML-3052-JVS KES