QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*City of Cincinnati v. Hyundai Motor America and Kia America, Inc.*, Case No. 2:23-CV-01750<br><br>*City of Cleveland v. Hyundai Motor America and Kia America, Inc.*, Case No. 8:23-CV-00419<br><br>*City of Columbus, Ohio v. Kia America, Inc. and Hyundai Motor America*, Case No. 8:23-CV-01001<br><br>*City of Lorain, Ohio v. Hyundai Motor Company et al.*, Case No. 8:23-CV-02083<br><br>*City of Parma v. Hyundai Motor America and Kia America, Inc.*, Case No. 8:23-CV-01374 | Case No. 8:22-ML-3052-JVS-(KESx)<br><br>The Honorable James V. Selna<br><br>**DEFENDANTS HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S NOTICE OF AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN CLAIMS OF GE PLAINTIFFS CINCINNATI, CLEVELAND, COLUMBUS, LORAIN AND PARMA, OHIO; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  May 5, 2025<br>Hearing Time: 1:30 p.m. |

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on May 5, 2025 at 1:30 p.m., or as soon hereafter as counsel may be heard, in the courtroom of the Honorable James V. Selna (Courtroom 10C) of the above-entitled Court, located at 411 West 4th Street, Santa Ana, CA 92710, defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to the Ohio GE Plaintiffs' common law claims for public nuisance and negligence on the ground that the Ohio Product Liability Act abrogates all common law product liability claims for relief, including claims for common law absolute public nuisance, common law qualified public nuisance, and negligence.

HMA and KA's Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, any additional briefing on the Motion (including HMA and KA's reply brief), the files and records of this case and the related cases centralized in this Multidistrict Litigation, and such argument as is presented to the Court at the hearing on this Motion.

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on February 25, 2025.

DATED:  April 7, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Steven G. Madison*
   Steven G. Madison (SBN: 101006)
   stevemadison@quinnemanuel.com
   Justin C. Griffin (SBN: 234675)
   justingriffin@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100

   *Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

Case No. 8:22-ML-3052-JVS-(KESx)
NOTICE OF AND MOTION FOR JUDGMENT ON THE PLEADINGS

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

PRELIMINARY STATEMENT .......................................................................1

BACKGROUND ..........................................................................................2

    A.    The Ohio Supreme Court Confirms That All Common Law Product Liability Claims and Causes of Action Are Abrogated by OPLA ......................................................................................2

    B.    The Ohio General Assembly Repeatedly Amends OPLA to Make Clear That All Common Law Product Liability Causes of Action Are Abrogated ...................................................................3

        1.    The Ohio Supreme Court's *Carrel* and *Beretta* Decisions...........3

        2.    The Ohio General Assembly Amends OPLA in 2005 and 2007 in Response to *Carrel* and *Beretta*......................................5

    C.    This Court Declined to Dismiss the Ohio GE Plaintiffs' Public Nuisance Claims Because OPLA Abrogation Was Before the Ohio Supreme Court .......................................................7

    D.    The Ohio GE Plaintiffs Concede *Natl. Prescription Opiate* Applies to Their Common Law Public Nuisance Claims . . . But Refuse to Dismiss Such Claims.............................................9

LEGAL STANDARD...................................................................................9

ARGUMENT.............................................................................................10

I.    OPLA ABROGATES THE OHIO GE PLAINTIFFS' CAUSES OF ACTION FOR ABSOLUTE AND QUALIFIED PUBLIC NUISANCE.......10

II.    THE OHIO GE PLAINTIFFS' CAUSES OF ACTION FOR NEGLIGENCE ARE ALSO ABROGATED AND SHOULD BE DISMISSED ...............................................................................11

III.    THE ABROGATED CLAIMS OF THE OHIO GE PLAINTIFFS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND ....................13

CONCLUSION ........................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>Cases</u>

4

*Allen Freight Lines, Inc. v. Consol. Rail Corp.*,

5
    595 N.E.2d 855 (Ohio 1992)............................................................................12

6

*Byers v. Consol. Aluminum Corp.*,

7
    652 N.E.2d 643 (Ohio 1995)............................................................................4

8

*Carrel v. Allied Prods. Corp.*,
    677 N.E.2d 795 (Ohio 1997)............................................................. 3, 4, 5, 12

9

*Cincinnati v. Beretta U.S.A. Corp.*,

10
    768 N.E.2d 1136 (Ohio 2002)............................................................. 3, 4, 5, 6

11

*City of Toledo v. Sherwin-Williams Co.*,

12
    2007 WL 4965044 (Ohio Com.Pl. Dec. 12, 2007) ............................................6

13

*Coyne v. Am. Tobacco Co.*,

14
    183 F.3d 488 (6th Cir. 1999)............................................................................15

15

*Dworkin v. Hustler Mag. Inc.*,

16
    867 F.2d 1188 (9th Cir. 1989)............................................................................9

17

*Enos v. U.S. Bank, N.A.*,
    2019 WL 1411221 (N.D. Cal. Mar. 28, 2019), *aff'd*, 831 F. App'x

18
    289 (9th Cir. 2020)............................................................................9

19

*In re National Prescription Opiate Litigation*,

20
    Slip Opinion No. 2024-Ohio-5744............................................................*passim*

21

*LaPuma v. Collinwood Concrete*,

22
    661 N.E.2d 714 (Ohio 1996)............................................................................13

23

*McKinney v. Microsoft Corp.*,

24
    2011 WL 13228197 (S.D. Ohio Sept. 26, 2011)..................................... 14, 15

25

*Sirisup v. It's Thai, L.L.C.*,

26
    2015 WL 6181688 (C.D. Cal. Oct. 21, 2015), *aff'd sub nom. Sirisup*
    *v. It's Thai, LLC*, 716 F. App'x 739 (9th Cir. 2018)............................................10

27

28

## **Statutes**

Former Ohio Rev. Code § 2307.71 (1988) ......................................................3, 4, 5

Ohio Rev. Code § 2307.71 .................................................................................*passim*

Ohio Rev. Code § 2307.72 ........................................................................................3

Ohio Rev. Code § 2307.73 ........................................................................................4

Ohio Rev. Code § 2307.79 .............................................................................3, 4, 13

## **Other Authorities**

2004 Ohio Laws File 144, Am. Sub. S.B. No. 80 ...........................................5, 12

2006 Ohio Laws File 198, Am. Sub. S.B. No. 117 ..........................................6, 7

Fed. R. Civ. P. 12 ....................................................................................................9

## **PRELIMINARY STATEMENT**

Five Governmental Entity ("GE") Plaintiffs in this Multidistrict Litigation are cities in the State of Ohio who assert three common law claims each for relief under Ohio state law, for absolute public nuisance, qualified public nuisance, and negligence, against defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA"). Four of those Ohio GE Plaintiffs—Cincinnati, Cleveland, Lorain, and Parma—assert *only* these three common law claims; the fifth, Columbus, also brings two additional statutory claims.

Judgment on the pleadings should be entered in favor of HMA and KA as to all five Ohio GE Plaintiffs' three common law claims under the Ohio Supreme Court's recent holding that common law claims are abrogated by the Ohio Product Liability Act, Ohio Revised Code § 2307.71 *et seq.* ("OPLA"). *In re National Prescription Opiate Litigation*, Slip Opinion No. 2024-Ohio-5744. As discussed in detail herein, this Court should grant this Motion for the following reasons:

*First*, the Ohio Supreme Court's decision in *Natl. Prescription Opiate* expressly affirms that where, as here, common law public nuisance claims are based on products, such claims are abrogated by OPLA. The Ohio GE Plaintiffs concede that *Natl. Prescription Opiate* mandates dismissal of their common law public nuisance claims (both absolute and qualified), but inexplicably have refused to dismiss these claims.

*Second*, the holding in *Natl. Prescription Opiate* mandates dismissal of GE Plaintiffs' negligence claims because they too are abrogated by OPLA. OPLA was expressly amended in response to an earlier Ohio Supreme Court decision finding negligence claims were *not* abrogated by OPLA. That amendment and the one that followed it make clear that *any* common law claim (including negligence) arising out of alleged product defects that alleges interference with a public right is subsumed and eliminated by OPLA. Ohio GE Plaintiffs may argue that common law claims

seeking compensatory damages for economic losses are *not* abrogated by OPLA, but *Natl. Prescription Opiate* eliminates that distinction.

**Finally**, the common law claims should be dismissed with prejudice because the Ohio GE Plaintiffs have repudiated any claims under OPLA. The Ohio GE Plaintiffs' complaints seek compensatory damages for alleged economic losses incurred responding to an increase in vehicle thefts and other crimes. OPLA allows compensatory damages only if a claimant seeks recovery for specific "harm": death, physical injury to person, emotional distress, or physical damage to property. The Ohio GE Plaintiffs have repeatedly and expressly disclaimed seeking damages here for any such harm.

## BACKGROUND

### A.  The Ohio Supreme Court Confirms That All Common Law Product Liability Claims and Causes of Action Are Abrogated by OPLA

In December 2024, the Ohio Supreme Court issued its long-awaited opinion answering a question certified by the Sixth Circuit and offering guidance "on the proper interpretation of the OPLA in the aftermath of the 2005 and 2007 Amendments." *See In re Natl. Prescription Opiate Litig.*, Slip Opinion No. 2024-Ohio-5744, at 5, 13–14.[1] After analyzing OPLA's legislative history, the statute's plain language, and the broad abrogating effect of Ohio Revised Code § 2307.71(B), the Ohio Supreme Court found the result to be "straightforward: product-liability claims brought at common law . . . have been abrogated." *Id.* at 12; *id.* at 5–12. The Ohio Supreme Court "answer[ed] the certified question in the affirmative: all public-nuisance claims alleging that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a

---

[1]  A copy of *Natl. Prescription Opiate* has been filed herewith as Exhibit "A" for convenience.

right common to the general public have been abrogated by the OPLA." *Id.* at 13–14 (internal quotation marks omitted).

## B. The Ohio General Assembly Repeatedly Amends OPLA to Make Clear That All Common Law Product Liability Causes of Action Are Abrogated

The underpinning of *Natl. Prescription Opiate* lies in the extensive legislative history of OPLA as well as its express terms. In 1988, the Ohio General Assembly enacted legislation (OPLA) governing product liability cases. *Id.* at 5. In its initial iteration, OPLA did not by its plain language expressly abrogate other causes of action, and instead provided only that "[a]ny recovery of compensatory damages based on a product liability claim is subject to sections 2307.71 to 2307.79 of the Revised Code [*i.e.*, OPLA]." Ohio Rev. Code § 2307.72(A). A "product liability claim" was defined as:

a claim that is asserted in a civil action and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:

(1) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;

(2) Any warning or instruction, or lack of warning or instruction, associated with that product;

(3) Any failure of that product to conform to any relevant representation or warranty.

Former Ohio Rev. Code § 2307.71(M) (1988).

### 1. The Ohio Supreme Court's *Carrel* and *Beretta* Decisions

Nearly a decade after OPLA was enacted, the Ohio Supreme Court considered "whether a common-law cause of action, negligent design, survives the enactment of . . . the Ohio Products Liability Act." *Carrel v. Allied Prods. Corp.*, 677 N.E.2d 795, 798 (Ohio 1997). The *Carrel* court found that, "[a]ccording to principles of statutory construction, the General Assembly will not be presumed to have intended to abrogate a common-law rule unless the language used in the statute clearly shows that intent."

*Id.* Applying this principle to OPLA, the Ohio Supreme Court concluded "that all common-law products liability causes of action survive the enactment of . . . the Ohio Products Liability Act, unless *specifically* covered by the Act." *Id.* at 800 (quoting *Byers v. Consol. Aluminum Corp.*, 652 N.E.2d 643, 644 (Ohio 1995)).

Turning to OPLA's language, the *Carrel* court found that as it existed in 1997 OPLA did "not mention or otherwise discuss the common-law action of negligent design" or contain any "explicit statement that this definition was meant to abolish common-law actions sounding in negligence." *Id.* at 799. The *Carrel* court similarly found that Ohio Revised Code § 2307.73, outlining a manufacturer's liability under OPLA, similarly lacked any "explicit statement" that OPLA's remedies were the only ones available against a manufacturer. *Id.* The defendant in *Carrel* argued that the provision that "any recovery for compensatory damages on a products liability claim is subject to [Ohio Revised Code §§] 2307.71 to 2307.79" *was* a sufficiently "explicit statement." *See id.* at 799. The *Carrel* court, however, found that "the phrase 'subject to' [was] not strong enough to completely eliminate unmentioned common-law theories." *Id.* Accordingly, the *Carrel* court held that "the common-law action of negligent design survives the enactment of the Ohio Products Liability Act." *Id.* at 800.

The Ohio Supreme Court subsequently reaffirmed *Carrel*'s holding in *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136 (Ohio 2002). In *Beretta*, the City of Cincinnati brought claims for common law public nuisance and negligence— and claims for statutory product liability pursuant to OPLA—against handgun manufacturers, trade associations, and a handgun distributor on the grounds that they allegedly "manufactured, marketed, and distributed their firearms in ways that ensure[d] the widespread accessibility of the firearms to prohibited users, including children and criminals . . . and [] created a public nuisance." *Id.* at 1140. The *Beretta* court found that Cincinnati *could not* maintain its statutory product liability claims because "to be considered a 'product liability claim' under [Former Ohio Revised

Code §] 2307.71(M), the complaint must allege damages other than economic ones," and Cincinnati only alleged economic damages.  *Id.* at 1146.  Nevertheless, the *Beretta* court cited *Carrel* to hold that Cincinnati *could* maintain common law product liability claims based on an alleged defective design and failure to warn, *id.* at 1146–47, and similarly held that Cincinnati could maintain its causes of action for common law public nuisance and negligence, *id.* at 1141–45.

2.   The Ohio General Assembly Amends OPLA in 2005 and 2007 in Response to *Carrel* and *Beretta*

In response to the *Carrel* and *Beretta* decisions, the Ohio legislature enacted two amendments to OPLA that were intended to supersede *Carrel* and *Beretta* and their progeny, which had found that common law causes of action were not abrogated.

First, in 2005 the General Assembly added a new subsection to OPLA: "Sections 2307.71 to 2307.80 of the Revised Code *are intended to abrogate all common law product liability causes of action*."  2004 Ohio Laws File 144, Am. Sub. S.B. No. 80, Section 1, Ohio Rev. Code § 2307.71(B) (emphasis added).[2]  Further, in the uncodified section of the 2005 Amendment, "[t]he General Assembly declare[d] its intent that the amendment made . . . to section 2307.71 of the Revised Code [was] *intended to supersede the holding* of the Ohio Supreme Court in *Carrel v. Allied Products Corp. . . . that the common law product liability cause of action of negligent design survives* the enactment of the Ohio Product Liability Act . . . *and to abrogate all common law product liability causes of action*."  2004 Ohio Laws File 144, Am. Sub. S.B. No. 80, Section 3(D) (emphases added).

The General Assembly with its 2005 Amendment intended to make clear that "*all* common law product liability causes of action" were abrogated by OPLA.

---

[2]   The General Assembly also changed the numbering and lettering of Ohio Revised Code § 2307.71.  The definition of "product liability claim" had originally been the subject of Ohio Revised Code § 2307.71(M), but is now found in Ohio Revised Code § 2307.71(A)(13).

Nevertheless, despite the plain language of the 2005 Amendment, and the General Assembly's explanation of its intention to abrogate negligent design claims and all other common law product liability causes of action, the City of Toledo, Ohio thereafter brought a high-profile lawsuit against lead-paint manufacturers asserting claims for, *inter alia*, public nuisance. *See generally City of Toledo v. Sherwin-Williams Co.*, 2007 WL 4965044 (Ohio Com.Pl. Dec. 12, 2007).

In 2007, while Toledo's action was pending, the General Assembly amended OPLA a *second* time to *further* dispel any doubt that public nuisance claims like those asserted in *Beretta* and *Sherwin-Williams* were also abrogated (in addition to negligence claims). *See* 2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Sections 1–3. Specifically, in 2007 the General Assembly added language to the definition of "[p]roduct liability claim" to say that it "also includes *any public nuisance claim or cause of action at common law* in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." 2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 1, Ohio Rev. Code § 2307.71(A)(13) (emphasis added). The General Assembly also amended Ohio Revised Code § 2307.71(B) to clarify that OPLA abrogates "*all common law product liability claims or causes of action*." 2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 1, Ohio Rev. Code § 2307.71(B) (emphasis added).

In the uncodified section of the 2007 Amendment, the General Assembly declared that the amendment was "intended to clarify the General Assembly's original intent in enacting the Ohio Product Liability Act, sections 2307.71 to 2307.80 of the Revised Code, as initially expressed in Section 3 of Am. Sub. S.B. 80 of the 125th General Assembly, *to abrogate all common law product liability causes of action including common law public nuisance causes of action, regardless of how the claim is described*, *styled, captioned, characterized, or designated*, including claims against a manufacturer or supplier for a public nuisance allegedly caused by a manufacturer's

or supplier's product."  2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 3 (emphasis added).

In sum, as a result of the 2005 and 2007 Amendments, the General Assembly made clear that OPLA's provisions "are intended to abrogate all common law product liability claims or causes of action," Ohio Revised Code § 2307.71(B), and defined the term "product liability claim" as follows:

> "Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
>
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.
>
> "Product liability claim" also includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public.

Ohio Rev. Code § 2307.71(A)(13).

**C.    This Court Declined to Dismiss the Ohio GE Plaintiffs' Public Nuisance Claims Because OPLA Abrogation Was Before the Ohio Supreme Court**

In September 2022, defendants in *In re National Prescription Opiate Litigation* appealed a $650 million judgment in favor of two Ohio counties (Trumbull and Lake) asserting common law public nuisance claims.  Case No. 22-3750 (6th Cir.), Dkt. 2; 82 F.4th 455, 457 (6th Cir. 2023).

A year later, in September 2023, the Sixth Circuit reviewed the *Natl. Prescription Opiate* defendants' appeal and certified *sua sponte* the following question to the Ohio Supreme Court:

> Whether the Ohio Product Liability Act, Ohio Revised Code § 2307.71 *et seq.*, as amended in 2005 and 2007, abrogates a common law claim of absolute public nuisance resulting from the sale of a product in commerce in which the plaintiffs seek equitable abatement, including both monetary and injunctive remedies?

82 F.4th at 462–63.  The Sixth Circuit expressly stated that their "phrasing of the question [was] not intended to restrict the Ohio Supreme Court's consideration of the issues involved." *Id.* at 463.

That same month, September 2023, HMA and KA filed a motion to dismiss the Consolidated Governmental Entities Complaint ("CGEC").  *See generally* Dkt. 222, Mot. to Dismiss CGEC.  In the motion, HMA and KA argued that Cleveland, Cincinnati, Columbus, and Parma's[3] absolute and qualified public nuisance claims should be dismissed because: (i) "OPLA 'abrogate[s] all common law product liability claims or causes of action,'" *id.* at 40 (quoting Ohio Rev. Code § 2307.71(B)); and (ii) "[s]ince 2007, the 'product liability claims' OPLA abrogates have included 'any public nuisance claim or cause of action at common law in which it is alleged that the design . . . of a product unreasonably interferes with a right common to the general public,'" *id.* (quoting Ohio Rev. Code § 2307.71(A)(13)).  This Court declined to substantively rule on HMA and KA's OPLA arguments because "[t]he Sixth Circuit . . . certified a question to the Ohio Supreme Court that is directly on point." Dkt. 270, Order Re: Mot. to Dismiss CGEC at 14.  This Court concluded that "dismissal as the Ohio Supreme Court weighs this very question would be premature." *Id.*

---

[3]  GE Plaintiff Lorain, Ohio filed their complaint after the CGEC was filed, and its case was brought into the MDL.

### D. The Ohio GE Plaintiffs Concede *Natl. Prescription Opiate* Applies to Their Common Law Public Nuisance Claims . . . But Refuse to Dismiss Such Claims

On February 25, 2025, the Parties met and conferred regarding the impact of OPLA and the *Natl. Prescription Opiate* decision on the Ohio GE Plaintiffs' actions. Dkt. 766, Joint Proposed Agenda Re: March 6, 2025 Status Conference at 10.  No resolution was reached.

On February 27, 2025, the Parties filed a Joint Proposed Agenda which discussed the Parties' respective positions on the viability of the Ohio GE Plaintiffs' causes of action.  *Id.* at 10–12.  The Ohio GE Plaintiffs' position was that "[w]hile the [*Natl. Prescription Opiate*] decision applies to common law public nuisance claims, it does *not* abrogate common law negligence claims or public nuisance claims brought under municipal ordinances."  *Id.* at 10 (emphasis in original).  The Ohio GE Plaintiffs reiterated their position in another Joint Proposed Agenda, which the Parties filed on April 4, 2025.  Dkt. 800, Joint Proposed Agenda Re: April 11, 2025 Status Conference at 9.  Only GE Plaintiff Columbus, Ohio has pled claims under a municipal ordinance. Dkt. 175, CGEC ¶¶ 373–388.  None of the Ohio GE Plaintiffs have dismissed their now-defunct common law public nuisance claims.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

A motion for judgment on the pleadings pursuant to Rule 12(c) is "functionally identical" to a motion to dismiss pursuant to Rule 12(b)(6).  *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  "Consequently, . . . federal courts, in considering motions made under Rule 12(c), apply the same analysis as that applicable to motions made under Rule 12(b)."  *Enos v. U.S. Bank, N.A.*, 2019 WL 1411221, at *1 (N.D. Cal. Mar. 28, 2019), *aff'd*, 831 F. App'x 289 (9th Cir. 2020).

"Judgment on the pleadings is a judgment on the merits." *Sirisup v. It's Thai, L.L.C.*, 2015 WL 6181688, at *3 (C.D. Cal. Oct. 21, 2015), *aff'd sub nom. Sirisup v. It's Thai, LLC*, 716 F. App'x 739 (9th Cir. 2018).

## ARGUMENT

## I.  OPLA ABROGATES THE OHIO GE PLAINTIFFS' CAUSES OF ACTION FOR ABSOLUTE AND QUALIFIED PUBLIC NUISANCE

As held in *Natl. Prescription Opiate*, "all public-nuisance claims alleging 'that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public' have been abrogated by the OPLA." Slip Opinion No. 2024-Ohio-5744, at 13–14 (quoting Ohio Rev. Code § 2307.71(A)(13)). "The kind of relief requested is immaterial," *id.* at 11, and "a public-nuisance claim need not involve allegations of a product defect to satisfy the definition of 'product liability claim,'" *id.* at 12.

The Ohio GE Plaintiffs' public nuisance allegations match—nearly word for word—OPLA's definition of a product-based public nuisance claim under Ohio Revised Code § 2307.71(A)(13). For example, to support their absolute public nuisance claims, the Ohio GE Plaintiffs expressly allege that "Defendants[] created, contributed to, and maintained a public nuisance when they intentionally, consciously, knowingly, and purposefully [] *designed, manufactured, marketed, sold, and distributed unsafe vehicles* that were statistically more vulnerable to theft without an engine immobilizer." Dkt. 175, CGEC ¶ 307 (emphasis added); Dkt. 406-1, Lorain's First Am. Compl. ¶ 115 (same). To support their qualified public nuisance claims, the Ohio GE Plaintiffs similarly allege that "Defendants have created, contributed to, and maintained a public nuisance by [] *designing, manufacturing, and distributing unsafe vehicles* that were statistically more vulnerable to theft." Dkt. 175, CGEC ¶ 329 (emphasis added); Dkt. 406-1, Lorain's First Am. Compl. ¶ 138 (same but also includes "selling").

Given the Ohio Supreme Court's express holding on the abrogating effect of OPLA on common law public nuisance claims, the Ohio GE Plaintiffs' refusal to voluntarily dismiss theirs is inappropriate.[4]  This Court should therefore dismiss the Ohio GE Plaintiffs' causes of action for absolute public nuisance and qualified public nuisance.  Dkt. 175, CGEC ¶¶ 302–347 (counts three and four); Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 110–156 (counts one and two).

## II.    THE OHIO GE PLAINTIFFS' CAUSES OF ACTION FOR NEGLIGENCE ARE ALSO ABROGATED AND SHOULD BE DISMISSED

Although the Ohio GE Plaintiffs concede that *Natl. Prescription Opiate* applies to common law public nuisance claims, they maintain that their common law negligence claims are not abrogated.  Dkt. 766, Joint Proposed Agenda Re: March 6, 2025 Status Conference at 10–11; Dkt. 800, Joint Proposed Agenda Re: April 11, 2025 Status Conference at 9.  The Ohio GE Plaintiffs' position is contrary to the plain language of OPLA and its legislative history.

OPLA by its plain language is "intended to abrogate *all common law product liability claims or causes of action*."  Ohio Rev. Code § 2307.71(B) (emphasis added).  Negligence claims such as those brought by the Ohio GE Plaintiffs, which are allegedly based on the distribution of negligently designed or manufactured vehicles, are common law product liability claims under OPLA's express definition of "product liability claim," as each is a "cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public."  Ohio Rev. Code § 2307.71(A)(13).  For example, the Ohio GE Plaintiffs' negligence claims allege that:

---

[4]   The Ohio GE Plaintiffs' reference to the pending interlocutory appeal in refusing to dismiss the abrogated claims is misplaced.  The Ninth Circuit may or may not resolve the five Ohio cases in the appeal.

Case No. 8:22-ML-3052-JVS-(KESx)
NOTICE OF AND MOTION FOR JUDGMENT ON THE PLEADINGS

(i) "Defendants had a duty to act as a reasonably careful person would act under the circumstances in the design, . . . development, manufacture, . . . and distribution of Defendants' products, including the duty to take all reasonable steps necessary to prevent the [] design, manufacturing, marketing, distribution, and sale of unsafe vehicles that were vulnerable to theft without an engine immobilizer or equivalent technology" Dkt. 175, CGEC ¶ 349;

(ii) "Defendants knew or, in the exercise of reasonable care, should have known of the hazards and dangers of forgoing installation of engine immobilizers in the Susceptible Vehicles and specifically, the increased risk of vehicle theft and public harm," *id.* ¶ 352; and

(iii) "Defendants' acts and omissions imposed an unreasonable risk of harm to others," *id.* ¶ 362.

*See also* Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 158–159, 162, 171, 175 (similar).[5] These claims are abrogated under OPLA's plain language.

As has now been confirmed by the Ohio Supreme Court, the General Assembly amended OPLA specifically to ensure that negligence claims *would* be abrogated. As noted above, in *Natl. Prescription Opiate* the Ohio Supreme Court acknowledged:

The legislative history expressed the General Assembly's intent "to supersede the holding of the Ohio Supreme Court in *Carrel* . . . that the common law product-liability cause of action of negligent design survives the enactment of [the OPLA] . . . *and to abrogate all common law product liability causes of action*."

Slip Opinion No. 2024-Ohio-5744, at 4 (quoting 2004 Ohio Laws File 144, Am. Sub. S.B. No. 80, Section 3(D)) (emphasis added). Further, the Ohio Supreme Court

---

[5] In fact, the Ohio GE Plaintiffs are *required* to allege negligence in order to support their qualified public nuisance claims. *See, e.g.*, Dkt. 175, CGEC ¶ 332 (asserting a qualified public nuisance claim on the grounds that "Defendants *negligently* engaged in conduct or omissions which endanger or injure the health, safety, or comfort of the public" in the Ohio GE Plaintiffs' jurisdictions) (emphasis in original); Dkt. 406-1, Lorain's First Am. Compl. ¶ 141 (same); *see also Allen Freight Lines, Inc. v. Consol. Rail Corp.*, 595 N.E.2d 855, 856 (Ohio 1992) (finding that "[t]he allegations of [qualified] nuisance and negligence . . . merge, as the nuisance claims rely upon a finding of negligence").

emphasized that "'[a]ll common law product liability claims or causes of action' are abrogated by . . . [Ohio Revised Code §] 2307.71(B)." *Id.* at 12.  Given the Ohio Supreme Court's findings and analysis of the relevant legislative history, the Ohio GE Plaintiffs cannot seriously contend that causes of action for negligence are not abrogated by OPLA.

GE Plaintiff Lorain, Ohio previously argued that a cause of action is not "subject to abrogation under OPLA 'unless it alleges damages other than economic ones.'"  Dkt. 497, Lorain's Opp. to Mot. to Dismiss First Am. Complaint at 20 (quoting *LaPuma v. Collinwood Concrete*, 661 N.E.2d 714, 716 (Ohio 1996)). *LaPuma* was decided *before* the 2005 and 2007 Amendments that expanded the definition of "product liability claim" and added OPLA's abrogation provision, Ohio Revised Code § 2307.71(B), and therefore is no longer good law on the abrogating effect of OPLA.  In any event, this Court does not have to make any determination as to the validity of *LaPuma* following the 2005 and 2007 Amendments because the Ohio Supreme Court in *Natl. Prescription Opiate* considered the *LaPuma* decision and nevertheless found that "[t]he kind of relief requested [by a product liability claimant] is immaterial" to the question of whether OPLA abrogates common law actions alleging an interference with a public right.  Slip Opinion No. 2024-Ohio-5744, at 4, 11.  The Ohio GE Plaintiffs' negligence claims allege exactly such an interference, and they are thus abrogated regardless of the nature of relief sought.

This Court should dismiss the Ohio GE Plaintiffs' causes of action for negligence because, like the public nuisance claims, they are abrogated by OPLA. Dkt. 175, CGEC ¶¶ 348–372 (count five); Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 157–181 (count three).

## III.    THE ABROGATED CLAIMS OF THE OHIO GE PLAINTIFFS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Each claimant asserting a cause of action pursuant to OPLA may obtain compensatory damages only if they are entitled to recovery for "harm."  Ohio Rev.

Code § 2307.79.  Under OPLA, "harm" "means death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question.  *Economic loss is not 'harm.'*"  Ohio Rev. Code § 2307.71(A)(7) (emphasis added).  Removing all doubt, OPLA's definition of harm also makes clear that "[h]arm is not 'economic loss.'"  Ohio Rev. Code § 2307.71(A)(2).

All of the Ohio GE Plaintiffs have expressly alleged that they "do not seek damages for death, physical injury to person, emotional distress, or physical damage to property, as defined under the Ohio Product Liability Act."  Dkt. 175, CGEC ¶ 372; *see also id.* ¶¶ 325, 347; Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 134, 156, 181.  Instead, the Ohio GE Plaintiffs aver they have "suffered and will continue to suffer *economic damages*, including significant expenditures for police, emergency, health, prosecutions, corrections, youth rehabilitative services, and other services."  Dkt. 175, CGEC ¶¶ 318, 340 (emphasis added); *see also id.* ¶ 364 ("the Ohio GE Plaintiffs have been injured and suffered *economic damages* and will continue to incur expenses in the future, as described herein, including but not limited to expending, diverting, and increasing resources to retrieve stolen cars, and provide emergency medical services within the Ohio Cities.") (emphasis added); Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 127, 149, 173 (same and similar).  But under the plain language of OPLA, economic damages are not "harm" protected by the statute, and the damages the Ohio GE Plaintiffs seek are therefore not available.

The Ohio GE Plaintiffs' complaints should be dismissed without leave to amend (at least with respect to the common law claims asserted in them).  If this Court decides to allow the Ohio GE Plaintiffs to contradict themselves and assert OPLA claims, the Ohio GE Plaintiffs lack standing to bring claims for any harm allegedly suffered by third parties.  *See, e.g.*, *McKinney v. Microsoft Corp.*, 2011 WL 13228197, at *4 (S.D. Ohio Sept. 26, 2011) (finding that "[t]o state a claim under the OPLA a plaintiff must show by a preponderance of the evidence that . . . the defect was a proximate cause of the *plaintiff's harm*" and dismissing three OPLA claims because

the plaintiff only alleged economic damages and not "harm" as defined by OPLA) (emphasis added); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 491, 495 (6th Cir. 1999) (affirming finding that two elected Ohio public officials lacked standing where the "Plaintiffs' injury [was] not direct or particularized to Plaintiffs, as they [sought] damages not for any personal injuries, but rather for the injury to others").

## CONCLUSION

For the foregoing reasons, this Court should enter judgment on the pleadings against GE Plaintiffs Cincinnati, Cleveland, Columbus, Lorain, and Parma on their three common law claims.


DATED:  April 7, 2025          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Steven G. Madison*
    Steven G. Madison (SBN: 101006)
    stevemadison@quinnemanuel.com
    Justin C. Griffin (SBN: 234675)
    justingriffin@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
    Facsimile:   (213) 443-3100

    *Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Section 5 of Order No. 1, I certify that the parties conferred in a good-faith effort to resolve the matter without court action prior to the filing of this Motion.

DATED:  April 7, 2025                 QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP


                                By  /s/ Steven G. Madison
                                    Steven G. Madison (SBN: 101006)
                                    stevemadison@quinnemanuel.com
                                    Justin C. Griffin (SBN: 234675)
                                    justingriffin@quinnemanuel.com
                                    865 South Figueroa Street, 10th Floor
                                    Los Angeles, California 90017-2543
                                    Telephone:  (213) 443-3000
                                    Facsimile:   (213) 443-3100

                                    *Attorneys for Defendants Hyundai Motor
                                    America and Kia America, Inc.*

1

## __CERTIFICATE OF COMPLIANCE__

2   The undersigned, counsel of record for Defendants certifies that this brief

3   contains 4639 words, which complies with the word limit of L.R. 11-6.1.

4

5   DATED:  April 7, 2025          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
6

7

8                                  By  */s/ Steven G. Madison*
                                    Steven G. Madison (SBN: 101006)
9                                    stevemadison@quinnemanuel.com
                                    Justin C. Griffin (SBN: 234675)
10                                   justingriffin@quinnemanuel.com
                                    865 South Figueroa Street, 10th Floor
11                                   Los Angeles, California 90017-2543
                                    Telephone:  (213) 443-3000
12                                   Facsimile:   (213) 443-3100
13

14                                  *Attorneys for Defendants Hyundai Motor*
                                    *America and Kia America, Inc.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28