1  QUINN EMANUEL URQUHART & SULLIVAN LLP
2  Steven G. Madison (SBN: 101006)
   stevemadison@quinnemanuel.com
3  Justin C. Griffin (SBN: 234675)
4  justingriffin@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:    (213) 443-3100
7
   *Attorneys for Defendants Hyundai Motor*
8  *America and Kia America, Inc.*

9                **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11  In re: KIA HYUNDAI VEHICLE         | Case No. 8:22-ML-3052-JVS-(KESx)
12  THEFT MARKETING, SALES             |
    PRACTICES, AND PRODUCTS            | The Honorable James V. Selna
13  LIABILITY LITIGATION               |
                                       | **DEFENDANTS HYUNDAI MOTOR**
14  This Document Relates to:          | **AMERICA AND KIA AMERICA,**
                                       | **INC.'S SECOND NOTICE OF AND**
15                                     | **MOTION FOR JUDGMENT ON**
    *City of Cincinnati v. Hyundai Motor* | **THE PLEADINGS AS TO GE**
16  *America and Kia America, Inc.*,   | **PLAINTIFFS CINCINNATI,**
    Case No. 2:23-CV-01750             | **CLEVELAND, COLUMBUS,**
17                                     | **LORAIN AND PARMA, OHIO;**
18  *City of Cleveland v. Hyundai Motor* | **MEMORANDUM OF POINTS &**
    *America and Kia America, Inc.*,   | **AUTHORITIES IN SUPPORT**
19  Case No. 8:23-CV-00419             | **THEREOF**
20
21  *City of Columbus, Ohio v. Kia America,* | **[NOTICE OF WITHDRAWAL OF**
    *Inc. and Hyundai Motor America*,  | **HMA/KA'S FIRST MOTION FOR**
22  Case No. 8:23-CV-01001             | **JUDGMENT ON THE PLEADINGS**
                                       | **FILED CONTEMPORANEOUSLY**
23                                     | **HEREWITH]**
    *City of Lorain, Ohio v. Hyundai Motor* |
24  *Company et al.*,                  | Hearing Date:  June 9, 2025
    Case No. 8:23-CV-02083             | Hearing Time: 1:30 p.m.
25
26  *City of Parma v. Hyundai Motor*
    *America and Kia America, Inc.*,
27  Case No. 8:23-CV-01374
28

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that on June 9, 2025 at 1:30 p.m., or as soon hereafter as counsel may be heard, in the courtroom of the Honorable James V. Selna (Courtroom 10C) of the above-entitled Court, located at 411 West 4th Street, Santa Ana, CA 92710, Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to the common law negligence claims of Cincinnati, Cleveland, Columbus, Lorain and Parma, Ohio on the ground that the Ohio Product Liability Act abrogates all common law product liability claims for relief, including negligence claims.

HMA and KA's Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, any additional briefing on the Motion (including HMA and KA's reply brief), the files and records of this case and the related cases centralized in this Multidistrict Litigation, and such argument as is presented to the Court at the hearing on this Motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     This Motion is made following a conference of counsel pursuant to Local Rule

2   7-3, which took place on February 25, 2025.

3

4   DATED:  April 21, 2025          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
5

6

7                                   By  */s/ Steven G. Madison*
                                         Steven G. Madison (SBN: 101006)
8                                        stevemadison@quinnemanuel.com
                                         Justin C. Griffin (SBN: 234675)
9                                        justingriffin@quinnemanuel.com
                                         865 South Figueroa Street, 10th Floor
10                                       Los Angeles, California 90017-2543
                                         Telephone:   (213) 443-3000
11                                       Facsimile:    (213) 443-3100

12

13                                       *Attorneys for Defendants Hyundai Motor*
                                         *America and Kia America, Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................1

BACKGROUND ........................................................................................2

    A.    The Ohio Supreme Court Has Now Confirmed That All Common Law Product Liability Claims Are Abrogated by OPLA ......................2

    B.    The Ohio General Assembly Repeatedly Amended OPLA to Make Clear That All Common Law Product Liability Claims Are Abrogated ................................................................................3

    C.    After HMA/KA Moved for Judgment on the Pleadings, the Ohio GE Plaintiffs Agreed to Dismiss Their Common Law Public Nuisance Claims, But Not Their Negligence Claims ...........................5

LEGAL STANDARD ..................................................................................6

ARGUMENT .............................................................................................6

I.    OPLA ABROGATES THE OHIO GE PLAINTIFFS' COMMON LAW NEGLIGENCE CLAIMS ................................................................6

II.    THE OHIO GE PLAINTIFFS' NEGLIGENCE CLAIMS ARE ABROGATED REGARDLESS OF THE NATURE OF RELIEF REQUESTED ................................................................................8

III.    THE OHIO GE PLAINTIFFS' NEGLIGENCE CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND ...........................................11

CONCLUSION ..........................................................................................14

# TABLE OF AUTHORITIES

**Page**

### Cases

*Allen Freight Lines, Inc. v. Consol. Rail Corp.*,
595 N.E.2d 855 (Ohio 1992)......................................................................10, 11

*City of Cleveland v. Ameriquest Mortg. Sec., Inc.*,
621 F. Supp. 2d 513 (N.D. Ohio 2009), *aff'd sub nom. City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496 (6th Cir. 2010) ........................................................................................................11

*Coyne v. Am. Tobacco Co.*,
183 F.3d 488 (6th Cir. 1999)....................................................................13, 14

*Dworkin v. Hustler Mag. Inc.*,
867 F.2d 1188 (9th Cir. 1989)...........................................................................6

*Enos v. U.S. Bank, N.A.*,
2019 WL 1411221 (N.D. Cal. Mar. 28, 2019), *aff'd*, 831 F. App'x 289 (9th Cir. 2020)........................................................................................6

*LaPuma v. Collinwood Concrete*,
661 N.E.2d 714 (Ohio 1996).........................................................................2, 8

*McKinney v. Microsoft Corp.*,
2011 WL 13228197 (S.D. Ohio Sept. 26, 2011)..............................................13

*In re National Prescription Opiate Litigation*,
Slip Opinion No. 2024-Ohio-5744 ..........................................................*passim*

*Paulson v. City of San Diego*,
294 F.3d 1124 (9th Cir. 2002).........................................................................11

*Rothfuss v. Hamilton Masonic Temple Co.*,
297 N.E.2d 105 (Ohio 1973)...........................................................................10

*Sirisup v. It's Thai, L.L.C.*,
2015 WL 6181688 (C.D. Cal. Oct. 21, 2015), *aff'd sub nom. Sirisup v. It's Thai, LLC*, 716 F. App'x 739 (9th Cir. 2018)..........................................6

## Statutes

Ohio Rev. Code § 2305.10 ............................................................ 12, 13

Ohio Rev. Code § 2307.71 ............................................................ *passim*

Ohio Rev. Code § 2307.79 ............................................................ 12

## Other Authorities

Fed. R. Civ. P. 12 ...................................................................... 6

## PRELIMINARY STATEMENT

Four of the Ohio GE Plaintiffs—Cincinnati, Cleveland, Lorain, and Parma—will have only a single claim for relief, for negligence, once their absolute and qualified public nuisance claims are dismissed (as counsel for the Ohio GE Plaintiffs have conceded they must and will be forthwith).  The fifth Ohio GE Plaintiff, Columbus, brought two statutory claims in addition to negligence and state common law public nuisance (which claim will be dismissed).

The dismissal of the public nuisance claims is required by the Ohio Supreme Court's holding in *In re National Prescription Opiate Litigation*, Slip Opinion No. 2024-Ohio-5744, ruling that common law claims for harm arising from a product are abrogated by the Ohio Product Liability Act, Ohio Revised Code § 2307.71 *et seq.* ("OPLA").  Judgment on the pleadings should now be entered on the Ohio GE Plaintiffs' negligence claims under *Natl. Prescription Opiate* because those claims are abrogated as well.  As discussed in detail herein, this Court should grant this Motion and dismiss, with prejudice, the Ohio GE Plaintiffs' negligence claims for the following reasons:

***First***, OPLA's plain language provides that OPLA is intended to abrogate "*all* common law product liability claims or causes of action."  Confronted with this unambiguous language, the Ohio Supreme Court in *Natl. Prescription Opiate* found the issue of OPLA abrogation to be "straightforward: product-liability claims brought at common law . . . have been abrogated."  Plaintiffs in *Natl. Prescription Opiate* brought only public nuisance and not negligence claims,  yet the Ohio Supreme Court noted that OPLA was amended in direct response to an earlier Ohio Supreme Court decision holding negligence claims were *not* abrogated by OPLA.  The Ohio GE Plaintiffs' claims are based on the allegation that Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") breached a duty of care when they allegedly designed, manufactured, and distributed vehicles that lack engine immobilizers, and are therefore abrogated by OPLA's plain language as were the public nuisance claims.

**Second**, contrary to the Ohio GE Plaintiffs' contention, their negligence claims are abrogated by OPLA regardless of the nature of relief requested. Ohio GE Plaintiffs may cite to *LaPuma v. Collinwood Concrete*, 661 N.E.2d 714 (Ohio 1996) and argue that common law claims seeking compensatory damages for economic losses are *not* abrogated by OPLA, but *LaPuma* is no longer good law and *Natl. Prescription Opiate* concluded that, at least with respect to common law claims alleging an interference with a public right exactly like those asserted here, the type of relief requested is of no moment regarding abrogation.

**Finally**, the Ohio GE Plaintiffs' claims should be dismissed **with prejudice** for at least three reasons. First, any new common law product liability claim would be abrogated under the express holding of *Natl. Prescription Opiate* providing that all such claims are abrogated under OPLA's plain language, so repleading would be futile. Second, any amendment to sue under OPLA would be a sham pleading given that OPLA allows recovery only if a claimant is entitled to recover damages for specific "harm" defined in OPLA, and the Ohio GE Plaintiffs have repeatedly and expressly repudiated damages for any such harm here. Lastly, even if the Ohio GE Plaintiffs now reversed course and sought to assert claims for the type of "harm" covered by OPLA, the last possible date to timely do so was January 2023 under OPLA's statute of repose; the Ohio GE Plaintiffs' earliest complaint was filed in February 2023 so even relating a new claim back to that date would fail to make a new OPLA claim timely.

## BACKGROUND

### A.    The Ohio Supreme Court Has Now Confirmed That All Common Law Product Liability Claims Are Abrogated by OPLA

In December 2024, the Ohio Supreme Court issued its long-awaited opinion answering a question certified by the Sixth Circuit regarding "the proper interpretation of the OPLA in the aftermath of the 2005 and 2007 Amendments." *In re Natl.*

*Prescription Opiate Litig.*, at 5, 13–14.[1]  The defendants in *Natl. Prescription Opiate* (national pharmaceutical chains) appealed a judgment in favor of two Ohio counties (Trumbull and Lake) asserting absolute public nuisance claims; the defendants argued those claims were abrogated by OPLA.  *Id.* at 2–3, 5.  After analyzing OPLA's legislative history, the statute's plain language, and the broad abrogating effect of Ohio Revised Code § 2307.71(B), *id.* at 5–12, the Ohio Supreme Court found the result to be "straightforward: product-liability claims brought at common law . . . have been abrogated," *id.* at 12.  The Ohio Supreme Court therefore "answer[ed] the certified question in the affirmative: all public-nuisance claims alleging that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public have been abrogated by the OPLA." *Id.* at 13–14 (internal quotation marks omitted).

**B.    The Ohio General Assembly Repeatedly Amended OPLA to Make Clear That All Common Law Product Liability Claims Are Abrogated**

In its initial iteration, OPLA did not by its plain language expressly abrogate common law tort claims arising from the same nucleus of facts as a product liability claim.  As a result, the Ohio Supreme Court previously held that common law claims *were not* abrogated by OPLA; most notably, in *Carrel v. Allied Products Corp.* the Court analyzed OPLA's language as it existed in 1997 and held that "the common-law action of negligent design survives the enactment of the Ohio Products Liability Act."  677 N.E.2d 795, 800 (Ohio 1997).  The Ohio General Assembly thereafter enacted two amendments to OPLA intended to supersede *Carrel* and its progeny and make clear that all common law claims related to products *are* abrogated by OPLA.

---

[1]    A copy of *Natl. Prescription Opiate* is attached hereto as Exhibit "A" for convenience.

In the 2005 Amendment, which was passed on December 8, 2004, the General Assembly added a new subsection to OPLA: "Sections 2307.71 to 2307.80 of the Revised Code *are intended to abrogate all common law product liability causes of action*." 2004 Ohio Laws File 144, Am. Sub. S.B. No. 80, Section 1, Ohio Rev. Code § 2307.71(B) (emphasis added).[2]  Further, in the uncodified section of the 2005 Amendment,

> "[t]he General Assembly declare[d] its intent that the amendment made . . . to section 2307.71 of the Revised Code [was] *intended to supersede the holding* of the Ohio Supreme Court in *Carrel v. Allied Products Corp. . . . that the common law product liability cause of action of negligent design survives* the enactment of the Ohio Product Liability Act . . . *and to abrogate all common law product liability causes of action*."

2004 Ohio Laws File 144, Am. Sub. S.B. No. 80, Section 3(D) (emphasis added).  For good measure, Ohio's General Assembly later amended Ohio Revised Code § 2307.71(B) and specified that OPLA abrogates "*all common law product liability claims or causes of action*."  2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 1, Ohio Rev. Code § 2307.71(B) (emphasis added).

Then, in the 2007 Amendment, which was passed on December 14, 2006, the General Assembly added language to the definition of "[p]roduct liability claim" to also include "*any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public*."  2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 1, Ohio Rev. Code § 2307.71(A)(13) (emphasis added).  The General Assembly declared that the 2007 Amendment was

> "intended to clarify the General Assembly's original intent in enacting the Ohio Product Liability Act, sections 2307.71 to 2307.80 of the Revised Code, as

---

[2]  The General Assembly also changed the numbering and lettering of Ohio Revised Code § 2307.71.  The definition of "product liability claim" had originally been the subject of Ohio Revised Code § 2307.71(M), but is now found in Ohio Revised Code § 2307.71(A)(13).

initially expressed in Section 3 of Am. Sub. S.B. 80 of the 125th General Assembly, *to abrogate all common law product liability causes of action including common law public nuisance causes of action, regardless of how the claim is described, styled, captioned, characterized, or designated*, including claims against a manufacturer or supplier for a public nuisance allegedly caused by a manufacturer's or supplier's product."

2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 3 (emphasis added).

In sum, in the 2005 and 2007 Amendments, the General Assembly made clear that OPLA's provisions "are intended to abrogate all common law product liability claims or causes of action," Ohio Revised Code § 2307.71(B), and defined the term "product liability claim" as follows:

"'Product liability claim' means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:

(a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;

(b) Any warning or instruction, or lack of warning or instruction, associated with that product;

(c) Any failure of that product to conform to any relevant representation or warranty.

'Product liability claim' also includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public."

Ohio Rev. Code § 2307.71(A)(13).

### C. After HMA/KA Moved for Judgment on the Pleadings, the Ohio GE Plaintiffs Agreed to Dismiss Their Common Law Public Nuisance Claims, But Not Their Negligence Claims

On April 7, 2025, after meeting and conferring with the Ohio GE Plaintiffs' counsel, HMA and KA filed a Motion for Judgment on the Pleadings seeking dismissal of the Ohio GE Plaintiffs' absolute and qualified public nuisance claims and the negligence claims that were the basis for the Ohio GE Plaintiffs' qualified public

nuisance claims.  *See generally* Dkt. 803, Mot. for J. on the Pleadings.  The Ohio GE Plaintiffs thereafter agreed to voluntarily dismiss their common law public nuisance claims, Ex. B, April 11, 2025 Status Conference Tr. at 11:13–16, and HMA and KA indicated their intention to withdraw their original motion and file a second Motion that addresses only the common law negligence claims asserted by the Ohio GE Plaintiffs, s*ee id.* at 10:24–11:7.  A stipulation and proposed order dismissing the Ohio GE Plaintiffs' common law public nuisance claims should be filed shortly. Meanwhile, as their counsel indicated they would do, HMA and KA are filing contemporaneously herewith a Notice of Withdrawal of their first Motion for Judgment on the Pleadings.

## **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

A motion for judgment on the pleadings pursuant to Rule 12(c) is "functionally identical" to a motion to dismiss pursuant to Rule 12(b)(6).  *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  "Consequently, . . . federal courts, in considering motions made under Rule 12(c), apply the same analysis as that applicable to motions made under Rule 12(b)."  *Enos v. U.S. Bank, N.A.*, 2019 WL 1411221, at *1 (N.D. Cal. Mar. 28, 2019), *aff'd*, 831 F. App'x 289 (9th Cir. 2020).

"Judgment on the pleadings is a judgment on the merits."  *Sirisup v. It's Thai, L.L.C.*, 2015 WL 6181688, at *3 (C.D. Cal. Oct. 21, 2015), *aff'd sub nom. Sirisup v. It's Thai, LLC*, 716 F. App'x 739 (9th Cir. 2018).

## **ARGUMENT**

## I.    **OPLA ABROGATES THE OHIO GE PLAINTIFFS' COMMON LAW NEGLIGENCE CLAIMS**

Although the Ohio GE Plaintiffs conceded that their common law public nuisance claims are abrogated by OPLA and under *Natl. Prescription Opiate*, they maintain that their common law negligence claims are not abrogated.  *See* Ex. B, April

11, 2025 Status Conference Tr. at 11:13–19.  The Ohio GE Plaintiffs' position is contrary to the plain language of OPLA and its legislative history.

OPLA by its plain language is "intended to abrogate *all common law product liability claims or causes of action*."  Ohio Rev. Code § 2307.71(B) (emphasis added).  Indeed, the Ohio Supreme Court in *Natl. Prescription Opiate* emphasized OPLA's broad abrogating effect and confirmed that the General Assembly amended OPLA specifically to ensure that negligence claims *would* be abrogated.  For example, the Ohio Supreme Court acknowledged:

> "The legislative history expressed the General Assembly's intent 'to supersede the holding of the Ohio Supreme Court in *Carrel* . . . that the common law product-liability cause of action of negligent design survives the enactment of [the OPLA] . . . *and to abrogate all common law product liability causes of action*.'"

*In re Natl. Prescription Opiate Litig.*, at 4 (quoting 2004 Ohio Laws File 144, Am. Sub. S.B. No. 80, Section 3(D)) (emphasis added).  Thus, there can be no dispute that product liability claims sounding in negligence are abrogated by OPLA.

The Ohio GE Plaintiffs' common law negligence claims are expressly premised on the allegations that "Defendants had a duty to act as a reasonably careful person would act under the circumstances in the design, . . . development, manufacture, . . . and distribution of Defendants' products, including the duty to take all reasonable steps necessary to prevent the [] design, manufacturing, marketing, distribution, and sale of unsafe vehicles that were vulnerable to theft without an engine immobilizer or equivalent technology," and "Defendants, by action and inaction, breached their duty and failed to exercise reasonable care . . . in that Defendants manufactured and produced vehicles that fell below minimum, industry-standard security measures."  Dkt. 175, CGEC ¶¶ 349, 357; Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 158–59, 166 (similar).  The General Assembly amended OPLA to ensure that claims like these would be abrogated by OPLA.

1   This Court should dismiss the Ohio GE Plaintiffs' negligence claims.  Dkt. 175,

2   CGEC ¶¶ 348–372 (count five); Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 157–181

3   (count three).

4   **II.    THE  OHIO  GE  PLAINTIFFS'  NEGLIGENCE  CLAIMS  ARE**

5   **ABROGATED    REGARDLESS    OF    THE    NATURE    OF**

6   **RELIEF REQUESTED**

7   Despite the plain statutory language providing that OPLA is "intended to

8   abrogate *all common law product liability claims or causes of action*,"  Ohio Rev.

9   Code § 2307.71(B) (emphasis added), GE Plaintiff Lorain, Ohio previously argued

10  that a claim is not "subject to abrogation under OPLA 'unless it alleges damages other

11  than  economic  ones,'"  Dkt. 497,  Lorain's  Opp.  to  Mot.  to  Dismiss  First  Am.

12  Complaint at 20 (quoting *LaPuma v. Collinwood Concrete*, 661 N.E.2d 714, 716

13  (Ohio 1996)).

14  *LaPuma* was decided *before* the 2005 and 2007 Amendments that expanded

15  the definition of "product liability claim" and added OPLA's abrogation provision,

16  Ohio  Revised  Code  § 2307.71(B)—and  before  the  Ohio  Supreme  Court's  *Natl.*

17  *Prescription Opiate* decision which found *LaPuma* to be no obstacle to abrogation—

18  so the *LaPuma* decision is no longer good law on the abrogating effect of OPLA.  If

19  *LaPuma* was good law, the Ohio GE Plaintiffs would not have conceded that their

20  public nuisance claims are abrogated.

21  As noted, the General Assembly amended OPLA expressly intending "*to*

22  *abrogate all common law product liability causes of action . . . regardless of how the*

23  *claim is described*, styled, captioned, characterized, or designated."  2006 Ohio Laws

24  File 198, Am. Sub. S.B. No. 117, Section 3 (emphasis added).  The Ohio Supreme

25  Court in *Natl. Prescription Opiate* reviewed this legislative history and recognized

26  that "[n]othing in this statement of purpose suggests that claims abrogated by [Ohio

27  Revised  Code §] 2307.71  are  limited  to  those  seeking  compensatory  damages  or

28  involving defective products."  *In re Natl. Prescription Opiate Litig.*, at 14.

In any event, this Court does not have to make any determination as to the validity of *LaPuma* following the 2005 and 2007 Amendments because the Ohio Supreme Court in *Natl. Prescription Opiate* considered the *LaPuma* decision and nevertheless expressly found that "[t]he kind of relief requested is immaterial" when a claimant asserts a "cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." *Id.* at 4, 11 (quoting the definition of "product liability claim" under Ohio Rev. Code § 2307.71(A)(13) and finding that "[o]mitted from this definition is a requirement that 'any public nuisance claim or cause of action at common law' seek compensatory damages").

A review of the Ohio GE Plaintiffs' complaints makes clear that the Ohio GE Plaintiffs' negligence claims are claims in which it is alleged that HMA and KA interfered with the public's right to safety by designing, manufacturing, and distributing vehicles that lacked immobilizers.  Indeed, the first paragraph of the CGEC alleges the following:

> "There is an inextricable link between preventing vehicle theft and protecting public safety.  Making sure cars are not sitting ducks that are simple to steal protects both property and the public by keeping dangerous drivers in stolen vehicles off the roads. This case exposes the massive public safety consequences to cities coast to coast when two car manufacturers made the business decision not to include standard anti-theft technology in their vehicles. Despite taking some initial steps to discourage thefts, Defendants have been unable to abate the dangerous crime wave unleashed on communities nationwide—a crime wave that continues to this day."

Dkt. 175, CGEC ¶ 1; Dkt. 406-1, Lorain's First Am. Compl. ¶ 1 (similar).  The Ohio GE Plaintiffs make similar allegations throughout their complaints, including in a section entitled "Car Thefts Imperil Public Safety," and these allegations were then incorporated by reference into the Ohio GE Plaintiffs' negligence claims.  *See, e.g.*,

Dkt. 175, CGEC ¶¶ 67, 77, 86–95, 101, 107, 166, 348; Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 52, 63, 74–83, 89, 95, 105, 157.

Further, the Ohio GE Plaintiffs' negligence claims are directly and expressly based on allegations that HMA and KA created an unreasonable risk of harm to the public. For example, the Ohio GE Plaintiffs allege that:

> (i) Defendants had a duty "to take all reasonable steps necessary to prevent the [] design, manufacturing, . . . , distribution, and sale of unsafe vehicles ";
>
> (ii) "Defendants knew or, in the exercise of reasonable care, should have known of the hazards and dangers of forgoing installation of engine immobilizers in the Susceptible Vehicles and specifically, the increased risk of vehicle theft and public harm";
>
> (iii) "Defendants' acts and omissions imposed an unreasonable risk of harm to others"; and
>
> (iv) "Defendants engaged in conduct, as described above, that constituted reckless disregard of the safety and health of the Ohio Cities' respective residents."

Dkt. 175, CGEC ¶ 349, 352, 362, 365; *see also* Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 158–159, 162, 171, 175 (same and similar).

The close nexus between the Ohio GE Plaintiffs' negligence claims and their abrogated common law public nuisance claims is no accident; under Ohio law, the Ohio GE Plaintiffs were *required* to allege negligence in order to assert their qualified public nuisance claims. "[A] civil action based upon the maintenance of a qualified nuisance is essentially an action in tort for the negligent maintenance of a condition, which, of itself, creates an unreasonable risk of harm, ultimately resulting in injury. The dangerous condition constitutes the nuisance. The action for damages is predicated upon carelessly or negligently allowing such condition to exist." *Allen Freight Lines, Inc. v. Consol. Rail Corp.*, 595 N.E.2d 855, 856 (Ohio 1992) (quoting *Rothfuss v. Hamilton Masonic Temple Co.*, 297 N.E.2d 105, 109 (Ohio 1973)). "The

allegations of nuisance and negligence therefore merge, as the nuisance claims rely upon a finding of negligence." *Id.*; *see also City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 621 F. Supp. 2d 513, 521 (N.D. Ohio 2009), *aff'd sub nom. City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496 (6th Cir. 2010). Allowing the Ohio GE Plaintiffs to maintain negligence claims that were the basis for their abrogated qualified public nuisance claims would contravene the "General Assembly's original intent in enacting the Ohio Product Liability Act . . . *to abrogate all common law product liability causes of action including common law public nuisance causes of action, regardless of how the claim is described*, *styled, captioned, characterized, or designated*." 2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 3 (emphasis added).

Given the Ohio GE Plaintiffs' express allegations and the clear law of Ohio, the Ohio GE Plaintiffs cannot credibly dispute that their negligence claims are "cause[s] of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public," Ohio Rev. Code § 2307.71(A)(13), and are therefore abrogated by OPLA regardless of the nature of relief requested.

## III.    THE OHIO GE PLAINTIFFS' NEGLIGENCE CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

The Ohio GE Plaintiffs' remaining negligence claims should be dismissed with prejudice for at least three reasons.

First, any attempts to assert a common law product liability claim would be futile. "When interpreting state law, [a federal court is] bound to follow the decisions of the state's highest court," *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002), and the Ohio Supreme Court in *Natl. Prescription Opiate* found the issue of OPLA abrogation to be "straightforward: product-liability claims brought at common law . . . have been abrogated," *In re Natl. Prescription Opiate Litig.*, at 12.

Second, the Ohio GE Plaintiffs have expressly repudiated any claims under OPLA such that any amendment to sue under OPLA would be a sham pleading. Each claimant asserting an OPLA claim may obtain compensatory damages only if they are entitled to recovery for "harm." Ohio Rev. Code § 2307.79. Under OPLA, "harm" "means death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question. *Economic loss is not 'harm.'*" Ohio Rev. Code § 2307.71(A)(7) (emphasis added). Removing all doubt, OPLA's definition of harm also makes clear that "[h]arm is not 'economic loss.'" Ohio Rev. Code § 2307.71(A)(2). All of the Ohio GE Plaintiffs have expressly confirmed that they do "not seek damages for death, physical injury to person, emotional distress, or physical damage to property, as defined under the Ohio Product Liability Act." Dkt. 175, CGEC ¶ 372; *see also id.* ¶¶ 325, 347 (similar); Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 134, 156, 181 (same and similar). Instead, the Ohio GE Plaintiffs aver they have "suffered and will continue to suffer *economic damages*, including significant expenditures for police, emergency, health, prosecutions, corrections, youth rehabilitative services, and other services." Dkt. 175, CGEC ¶¶ 318, 340 (emphasis added); *see also id.* ¶ 364 (similar); Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 127, 149, 173 (same and similar). But under the plain language of OPLA, economic damages are not "harm" protected by the statute, and the damages the Ohio GE Plaintiffs seek are therefore not available.

Lastly, even if the Ohio GE Plaintiffs now sought to assert claims under OPLA, HMA and KA could not be found liable for such claims because they are barred by the relevant statute of repose. Ohio Revised Code § 2305.10(C)(1) provides that, except for certain enumerated situations, "no cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser." Under Ohio Revised Code § 2305.10(C)(4), "[i]f the cause of action relative to a product liability claim accrues during the ten-year period described in division (C)(1) of this

section but less than two years prior to the expiration of that period, an action based on the product liability claim may be commenced within two years after the cause of action accrues."  Thus, a claim under OPLA must accrue within 10 years of the product being first distributed to a purchaser, and must be asserted no later than 12 years after that distribution date.

The Ohio GE Plaintiffs' claims are based on the allegations that certain "Susceptible Vehicles" with "model years between 2011 and 2022" were designed and manufactured without engine immobilizers, and then "sold and distributed in Plaintiffs' respective jurisdictions" "[b]etween 2011 and 2022."  Dkt. 175, CGEC ¶¶ 3, 20; Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 3, 20.  Accepting these allegations as true, the deadline for the Ohio GE Plaintiffs to file a complaint was in January 2023 at the latest, but the earliest complaint brought by the Ohio GE Plaintiffs was filed on February 16, 2023.  *City of Columbus, Ohio v. Kia America, Inc. and Hyundai Motor America*, Case No. 2:23-CV-00654 (S.D. Ohio), Dkt. 3.  Thus, even if the Ohio GE Plaintiffs' hypothetical OPLA claims were related back to their original complaints, such claims would still be untimely.

The Ohio GE Plaintiffs' complaints should be dismissed without leave to amend (at least with respect to the remaining common law claims asserted in them).  If this Court decides to allow the Ohio GE Plaintiffs to contradict themselves and assert OPLA claims, the Ohio GE Plaintiffs lack standing to bring claims for any harm allegedly suffered by third parties.  *See, e.g.*, *McKinney v. Microsoft Corp.*, 2011 WL 13228197, at *4 (S.D. Ohio Sept. 26, 2011) (finding that "[t]o state a claim under the OPLA a plaintiff must show by a preponderance of the evidence that . . . the defect was a proximate cause of the *plaintiff's harm*" and dismissing three OPLA claims because the plaintiff only alleged economic damages and not "harm" as defined by OPLA) (emphasis added); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 491, 495 (6th Cir. 1999) (affirming finding that two elected Ohio public officials lacked standing

1  where the "Plaintiffs' injury [was] not direct or particularized to Plaintiffs, as they

2  [sought] damages not for any personal injuries, but rather for the injury to others").

3  <u>**CONCLUSION**</u>

4       For the foregoing reasons, this Court should enter judgment on the pleadings

5  against GE Plaintiffs Cincinnati, Cleveland, Columbus, Lorain, and Parma on their

6  negligence claims.  The complaints of GE Plaintiffs Cincinnati, Cleveland, Lorain,

7  and Parma should be dismissed with prejudice in their entirety.

8

9  DATED:  April 21, 2025            QUINN EMANUEL URQUHART &

10                                   SULLIVAN, LLP

11

12                                   By _/s/ Steven G. Madison_____

13                                        Steven G. Madison (SBN: 101006)
                                          stevemadison@quinnemanuel.com

14                                        Justin C. Griffin (SBN: 234675)
                                          justingriffin@quinnemanuel.com

15                                        865 South Figueroa Street, 10th Floor

16                                        Los Angeles, California 90017-2543
                                          Telephone:  (213) 443-3000

17                                        Facsimile:   (213) 443-3100

18                                        *Attorneys for Defendants Hyundai Motor*

19                                        *America and Kia America, Inc.*

20

21

22

23

24

25

26

27

28

SECOND NOTICE OF AND MOTION FOR JUDGMENT ON THE PLEADINGS

## __CERTIFICATE OF COMPLIANCE__

Pursuant to Section 5 of Order No. 1, I certify that the parties conferred in a good-faith effort to resolve the matter without court action prior to the filing of this Motion.

DATED:  April 21, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By _/s/ Steven G. Madison_
  Steven G. Madison (SBN: 101006)
  stevemadison@quinnemanuel.com
  Justin C. Griffin (SBN: 234675)
  justingriffin@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
  Los Angeles, California 90017-2543
  Telephone:  (213) 443-3000
  Facsimile:   (213) 443-3100

  *Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

1

## **CERTIFICATE OF COMPLIANCE**

2

The undersigned, counsel of record for Defendants certifies that this brief

3

contains 4,408 words, which complies with the word limit of L.R. 11-6.1.

4

5

DATED:  April 21, 2025          QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP

6

7

8

By */s/ Steven G. Madison*
   Steven G. Madison (SBN: 101006)

9

   stevemadison@quinnemanuel.com
   Justin C. Griffin (SBN: 234675)

10

   justingriffin@quinnemanuel.com
   865 South Figueroa Street, 10th Floor

11

   Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000

12

   Facsimile:   (213) 443-3100

13

14

   *Attorneys for Defendants Hyundai Motor*
   *America and Kia America, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28