1  QUINN EMANUEL URQUHART & SULLIVAN LLP
2  Steven G. Madison (SBN: 101006)
   stevemadison@quinnemanuel.com
3  Justin C. Griffin (SBN: 234675)
   justingriffin@quinnemanuel.com
4  865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100
7
   *Attorneys for Defendants Hyundai Motor*
8  *America and Kia America, Inc.*

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11  In re: KIA HYUNDAI VEHICLE        Case No. 8:22-ML-3052-JVS-(KESx)
12  THEFT MARKETING, SALES
    PRACTICES, AND PRODUCTS           The Honorable James V. Selna
13  LIABILITY LITIGATION
                                      **DEFENDANTS HYUNDAI MOTOR**
14  This Document Relates to:         **AMERICA AND KIA AMERICA,**
                                      **INC.'S REPLY MEMORANDUM**
15                                    **OF POINTS & AUTHORITIES IN**
16  *City of Cincinnati v. Hyundai Motor*   **SUPPORT OF SECOND MOTION**
    *America and Kia America, Inc.*,        **FOR JUDGMENT ON THE**
17  Case No. 2:23-CV-01750                  **PLEADINGS AS TO GE**
                                            **PLAINTIFFS CINCINNATI,**
18  *City of Cleveland v. Hyundai Motor*    **CLEVELAND, COLUMBUS,**
19  *America and Kia America, Inc.*,        **LORAIN AND PARMA, OHIO**
    Case No. 8:23-CV-00419
20                                    Hearing Date:  June 9, 2025
21  *City of Columbus, Ohio v. Kia America,*   Hearing Time:  1:30 p.m.
    *Inc. and Hyundai Motor America*,
22  Case No. 8:23-CV-01001
23
    *City of Lorain, Ohio v. Hyundai Motor*
24  *Company et al.*,
    Case No. 8:23-CV-02083
25
26  *City of Parma v. Hyundai Motor*
27  *America and Kia America, Inc.*,
    Case No. 8:23-CV-01374
28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................3

ARGUMENT...............................................................................................................4

I.  THIS COURT MAY PROPERLY DECIDE THAT OPLA
    ABROGATES OHIO GE PLAINTIFFS' NEGLIGENCE CLAIMS ..............4

    A.  This Court Has Jurisdiction Over Ohio GE Plaintiffs'
        Negligence Claims.................................................................................4

    B.  Deciding This Motion Now Will Serve Judicial Economy ...................7

II.  OHIO GE PLAINTIFFS' NEGLIGENCE CLAIMS ARE
     ABROGATED BY OPLA .............................................................................8

    A.  Ohio GE Plaintiffs' Negligence Claims May Be Dismissed
        Under OPLA's First Definition of "Product Liability Claim"
        Even Though Ohio GE Plaintiffs Disclaim Non-Economic
        Damages ...............................................................................................9

    B.  Ohio GE Plaintiffs' Negligence Claims Also Satisfy the Second
        Definition of "Product Liability Claims" ...........................................10

        1.  Ohio GE Plaintiffs' Negligence Claims Allege an
            Unreasonable Interference With a Public Right, As OPLA
            Defines a "Product Liability Claim" .........................................11

        2.  Ohio GE Plaintiffs' Negligence Claims Are Effectively
            Qualified Public Nuisance Claims..............................................14

        3.  Ignoring Ohio GE Plaintiffs' Public-Rights Allegations
            Would Unfairly Prejudice HMA and KA .....................................16

III.  OHIO GE PLAINTIFFS IGNORE CRITICAL ARGUMENTS
      REGARDING THE FUTILITY OF AN AMENDMENT .............................16

CONCLUSION .........................................................................................................17

# TABLE OF AUTHORITIES

**Page**

## CASES

*City of Cleveland v. Ameriquest Mortg. Sec., Inc.*,
   621 F. Supp. 2d 513 (N.D. Ohio 2009), *aff'd sub nom. City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496 (6th Cir. 2010) .........................................................................................13

*Griggs v. Provident Consumer Discount Co.*,
   459 U.S. 56 (1982)...............................................................................4

*Hoffman v. Beer Drivers & Salesmen's Local Un. No. 888*,
   536 F.2d 1268 (9th Cir. 1976)...............................................................2

*In re National Prescription Opiate Litigation*,
   2024 WL 5049302 (Ohio Dec. 10, 2024) ....................................1, 7, 9

*In re Trinh*,
   2022 WL 4397571 (B.A.P. 9th Cir. Sept. 22, 2022)...........................4

*Jenkins v. Cnty. of Riverside*,
   398 F.3d 1093 (9th Cir. 2005)..............................................................15

*Kern Oil & Refining Co. v. Tenneco Oil Co.*,
   840 F.2d 730 (9th Cir. 1988)........................................................2, 3, 5

*Kuhn v. Three Bell Cap.*,
   698 F. Supp. 3d 1119 (N.D. Cal. 2023)...............................................14

*LaPuma v. Collinwood Concrete*,
   661 N.E.2d 714 (Ohio 1996)............................................................6, 7

*Mason v. Cnty. of Orange*,
   251 F.R.D. 562 (C.D. Cal. 2008) ...................................................11, 14

*Mitchell v. Proctor & Gamble*,
   2010 WL 728222 (S.D. Ohio Mar. 1, 2010)........................................8

*Paulus v. Citicorp North America, Inc.,*
   2013 WL 5487053 (S.D. Ohio Sept. 30, 2013)............................12, 13

*Pinson v. Estrada*,
    2020 WL 2308484 (D. Ariz. May 8, 2020) ........................................................2

*Qureshi v. Countrywide Home Loans, Inc.*,
    2010 WL 841669 (N.D. Cal. Mar. 10, 2010).....................................................15

*SolarCity Corp. v. Salt River Project Ag. Improvement and Power Dist.*,
    2016 WL 5109887 (D. Ariz. Sept. 20, 2016)......................................................5

*Sportscare of Am., P.C. v. Multiplan, Inc.*,
    2011 WL 589955 (D.N.J. Feb. 10, 2011) ..........................................................15

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011).........................................................................14

*Stein v. Wood*,
    127 F.3d 1187 (9th Cir. 1997)...........................................................................2

*Stratford v. SmithKline Beecham Corp.*,
    2008 WL 2491965 (S.D. Ohio June 17, 2008) ...................................................8

*Yokois v. Ariz. Dep't of Corrections*,
    2020 WL 8996587 (D. Ariz. May 20, 2020) .......................................................5

## RULES & STATUTES

Ohio Rev. Code § 2305.10(C)...............................................................................15

Ohio Rev. Code § 2307.71(A)(13).............................................................7, 8, 9, 11

Ohio Rev. Code § 2307.71(B)..............................................................................6, 7

Ohio Rev. Code § 2307.72(C)..............................................................................6, 7

## OTHER AUTHORITIES

2006 Ohio Laws File 198 (Am. Sub. S.B. 117, Section 3) ................................9, 12

9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice*, ¶ 203.11
    (2d ed. 1987)..................................................................................................2, 3

## **PRELIMINARY STATEMENT**

Ohio GE Plaintiffs' Opposition brief ignores dispositive authority and repudiates their own allegations in an attempt to avoid abrogation under the Ohio Product Liability Act ("OPLA") and dismissal with prejudice. Despite OPLA's plain language stating it is "intended to abrogate all common law product liability claims or causes of action," and the Ohio Supreme Court's holding in *In re National Prescription Opiate Litigation* that abrogation of common law claims is "straightforward," Ohio GE Plaintiffs implausibly claim their common law negligence claims are not abrogated because they are not "product liability claims" governed by OPLA because: (i) Ohio GE Plaintiffs have disclaimed non-economic losses; and (ii) their negligence claims are not "predicated" on an interference with a public right. These contentions are demonstrably unavailing, as is the desperate assertion that the pending interlocutory appeal on a motion to dismiss somehow impairs this Court's jurisdiction to consider new arguments in a motion for judgment on the pleadings or apply the Ohio Supreme Court's recent explication of Ohio law. The instant Motion should be granted because:

*First*, ruling on this Motion would not risk "inconsistent rulings" because of the interlocutory appeal, as the order addressed by the appeal concerns an entirely different motion that was brought on entirely different grounds and only relates to four of the five Ohio GE Plaintiffs. The motion to dismiss and interlocutory appeal briefs argue that Ohio GE Plaintiffs' *public nuisance* claims are abrogated by OPLA—not their negligence claims. Further, ruling on this Motion now would serve judicial economy because this Court and the Parties need to determine whether Ohio GE Plaintiffs' negligence claims can survive in order to make informed choices about bellwether trials.

*Second*, Ohio GE Plaintiffs' negligence claims plainly meet OPLA's definition of "product liability claims"—and the disclaimer of non-economic losses (*e.g.*, property damage) is of no moment in analyzing abrogation; and

***Third***, the Opposition is silent on the statute of repose so Ohio GE Plaintiffs implicitly concede that any re-pleading of their negligence claims would violate the statute of repose.

The instant Motion should be granted and Ohio GE Plaintiffs' negligence claims should be dismissed with prejudice.

## ARGUMENT

## I. THIS COURT MAY PROPERLY DECIDE THAT OPLA ABROGATES OHIO GE PLAINTIFFS' NEGLIGENCE CLAIMS

Ohio GE Plaintiffs argue this Court should terminate the instant Motion because: (i) Hyundai Motor America's ("HMA") and Kia America, Inc.'s ("KA") appeal to the Ninth Circuit purportedly divested this Court of its jurisdiction over Ohio GE Plaintiffs' negligence claims; and (ii) deciding this Motion now does not serve judicial efficiency and risks "inconsistent rulings" between this Court and the Ninth Circuit. Opp. 4–6. Ohio GE Plaintiffs are wrong in all respects, and the Motion should be granted.

### A. This Court Has Jurisdiction Over Ohio GE Plaintiffs' Negligence Claims

The pendency of the Ninth Circuit appeal does not divest this Court of its jurisdiction to decide this dispute, as Ohio GE Plaintiffs claim. *Id.* "The operative question in determining jurisdiction" in the context of motions before district courts while matters are pending appeal, "is whether 'the district court would be deciding the same issues [as] the appeals court.'" *Pinson v. Estrada*, 2020 WL 2308484, at *1 (D. Ariz. May 8, 2020) (quoting *Stein v. Wood*, 127 F.3d 1187, 1190 (9th Cir. 1997)). Any such "divestiture of district court jurisdiction does not rest on a statute." *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988) (citing *Hoffman v. Beer Drivers & Salesmen's Local Un. No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976)). "Rather, it is a 'judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the

same time.  It should not be employed to defeat its purposes nor to induce needless paper shuffling.'" *Id.* (quoting 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice*, ¶ 203.11, at 3-45 n.1 (2d ed. 1987)).

The appeal before the Ninth Circuit concerns this Court's partial denial of HMA's and KA's motion to dismiss the Consolidated Governmental Entities Complaint ("CGEC") filed by four of the five GE Plaintiffs from Ohio (Cincinnati, Cleveland, Columbus, and Parma) and 13 other GE Plaintiffs.  Dkt. 175, CGEC; Dkt. 222, Mot. to Dismiss CGEC; Dkt. 270, Order Re: Mot. to Dismiss CGEC; Dkt. 298, Order Re: Certification of Interlocutory Appeal.  The motion to dismiss was based on the grounds that GE Plaintiffs' claims fail due to: (i) federal preemption; (ii) lack of proximate causation; and (iii) lack of duty.  Dkt. 222, Mot. to Dismiss CGEC Argument §§ I–III.  With respect to Ohio GE Plaintiffs, the motion also sought: (i) to dismiss Ohio GE Plaintiffs' *public nuisance* claims on multiple grounds, including on the ground that the claims are expressly abrogated under OPLA's 2007 amendment, which Ohio's appellate courts and Supreme Court had not yet opined on; (ii) to dismiss Columbus's civil liability claim for failure to meet its statutory requirements; and (iii) to foreclose Ohio GE Plaintiffs' damages claims pursuant to the economic loss rule and, with respect to Columbus specifically, the statute it relied on to assert its statutory public nuisance claim.  *Id.* at 38, 40, 48–55, 57–59.  HMA and KA *did not* move to dismiss Ohio GE Plaintiffs' negligence claims on the grounds that they were abrogated by OPLA.  HMA and KA appealed this Court's order on the grounds that: (i) there is no duty to protect GE Plaintiffs against third-party crimes in the absence of a special relationship; (ii) GE Plaintiffs' public nuisance claims that rest on negligence allegations fail for lack of a tort duty; and (iii) federal law preempts all of GE Plaintiffs' claims.  Case No. 24-2350 (9th Cir.), Dkt. 15.1, Appellants' Opening Br. §§ I-III.

Given the scope of the motion to dismiss and the appeal before the Ninth Circuit, the circumstances that would support divesting this Court of jurisdiction are

not present here.  The interlocutory appeal pending before the Ninth Circuit, as relevant here, involves an appeal of this Court's denial of HMA's and KA's motion to dismiss four of the five Ohio GE Plaintiffs' negligence claims on the grounds that HMA and KA owe no duty to Ohio GE Plaintiffs and such claims are federally preempted.  The instant Motion does not seek reconsideration of the Court's denial of the motion to dismiss based on federal preemption or lack of duty.  Rather, this Motion is an entirely new one, brought under a different rule of procedure, and on different grounds—that OPLA abrogates the remaining negligence claims under Ohio law. Ohio GE Plaintiffs' Opposition fails to cite a single case in which a court held that it was divested of jurisdiction to decide a *different motion* based on *new grounds* because of a pending interlocutory appeal.  Indeed, this Court has already determined that it has jurisdiction to consider these issues, as it granted HMA and KA leave to file this Motion in the first instance.  *See* Ex. B to Mot., April 11, 2025 Status Conference Tr. at 10:24–11:7.

Ohio GE Plaintiffs rely on *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56 (1982) to support their arguments, Opp. 4–5, but rely on a misstatement of the *Griggs* principle to do so.  As *Griggs* explained and subsequent cases have reiterated, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*."  *Griggs*, 459 U.S. at 58 (emphasis added).  The instant Motion, brought under a different rule and on different grounds, does not involve the same "aspects of the case" at issue before the Ninth Circuit.[1]

---

[1]  For similar reasons, this Court should be assuaged of any concern that ruling on the Motion will risk inconsistent rulings, as two *different* motions are at issue. *See, e.g.*, *In re Trinh*, 2022 WL 4397571, at *3 (B.A.P. 9th Cir. Sept. 22, 2022) ("In *Griggs*, the Supreme Court commented that the practical problem leading to the divestment of jurisdiction doctrine was the danger a trial court and an appellate court would be simultaneously analyzing the *same judgment*.") (citing *Griggs*, 459 U.S. at 59) (emphasis added).  Moreover, even *if* the Ninth Circuit somehow reached the issue of OPLA abrogating Ohio GE Plaintiffs' negligence claims, there would be nothing to prevent either party from filing a motion for reconsideration in light of that ruling.

The cases Ohio GE Plaintiffs cite to the contrary are also easily distinguished. In *SolarCity Corp. v. Salt River Project Ag. Improvement and Power Dist.*, 2016 WL 5109887, at *2 (D. Ariz. Sept. 20, 2016), the court held that it lacked jurisdiction to decide upcoming summary judgment motions that would require ruling on the *same* affirmative defenses at issue in a pending interlocutory appeal. Similarly, in *Yokois v. Ariz. Dep't of Corrections*, 2020 WL 8996587, at *1 (D. Ariz. May 20, 2020), the court found that it lacked jurisdiction to decide the plaintiff's sanctions motion, which sought summary judgment on the grounds that the defendants "submitted certain declarations with their summary judgment motion" that violated Rule 11, because the defendants' summary judgment motion was on appeal and the plaintiff's sanctions motion required the court to consider the same issues before the Ninth Circuit. These cases provide no support for the proposition that this Court may not rule on a motion for judgment on the pleadings while an appeal of a motion to dismiss on a different ground is pending.

GE Plaintiffs argued before the Ninth Circuit that the panel lacked jurisdiction and should decline to address issues outside the scope of this Court's certification order. Case No. 24-2350 (9th Cir.), Dkt. 38.1, Answering Br. of Pls.-Appellees at 36–40. GE Plaintiffs cannot credibly argue to the Ninth Circuit that it lacks jurisdiction over issues outside of this Court's certification order, Dkt. 298, while simultaneously arguing that the certification order divested this Court of jurisdiction over *all* issues—including ones that have not even been raised on appeal, such as the impact of OPLA on Ohio GE Plaintiffs' negligence claims. GE Plaintiffs cannot have their cake and eat it, too.

## B.  Deciding This Motion Now Will Serve Judicial Economy

Ohio GE Plaintiffs' purported concerns about judicial economy are equally unavailing. As the Ninth Circuit has explained, the divestiture of the district court's jurisdiction pending an interlocutory appeal is not statutory and "should not be employed . . . to induce needless paper shuffling." *Kern Oil*, 840 F.2d at 734. This

Court recently indicated that it was approaching a decision on whether to use a bellwether process in this litigation and, if so, which bellwethers should be selected. Ex. B to Mot., April 11, 2025 Status Conference Tr. at 9:14–25.  Knowing whether Ohio GE Plaintiffs' negligence claims will be dismissed is essential to evaluating their potential as bellwether plaintiffs.  The Court has accordingly acknowledged that "the Court will be better informed once we deal with the present Motion" and would therefore "like to see what the effect is of [the Motion] . . . and very promptly thereafter get down to the selection of bellwethers; or alternatively, conclude that bellwethers won't work." *See id.* at 9:14–10:11.  According to the Ninth Circuit's website, most appeals are decided within three months to a year after submission.[2] This estimate does not include *en banc* procedures, which could extend the timeline to a final decision from the Ninth Circuit by months or even longer.[3]  The Parties and the Court need certainty as soon as possible about the pool of potential bellwether plaintiffs, and delaying a decision on this Motion will only result in the "needless paper shuffling" the *Griggs* principle seeks to avoid.

## II.    OHIO GE PLAINTIFFS' NEGLIGENCE CLAIMS ARE ABROGATED BY OPLA

Ohio GE Plaintiffs argue that OPLA only abrogates claims that satisfy its definition of a "product liability claim."  Opp. 7–8.  This argument is contrary to the plain language of Ohio Rev. Code § 2307.71(B), which expressly provides that OPLA is "intended to abrogate *all* common law product liability claims or causes of action." Ohio GE Plaintiffs' invocation of *LaPuma v. Collinwood Concrete*, 661 N.E.2d 714 (Ohio 1996) and Ohio Rev. Code § 2307.72(C), Opp. 8–9, does not establish

---

[2]    *See* United States Court of Appeals for the Ninth Circuit, Frequently Asked Questions, https://www.ca9.uscourts.gov/general/faq/#:~:text=For%20a%20civil%20appeal%2C%20approximately,months%20after%20briefing%20is%20complete (last visited May 23, 2025).

[3]    *See supra* n.2.

otherwise. Both *LaPuma* and Ohio Rev. Code § 2307.72(C) predate Ohio Rev. Code § 2307.71(B), and while the lower court in *In re National Prescription Opiate Litigation* relied on *LaPuma* to find no abrogation under OPLA, the Ohio Supreme Court subsequently *rejected* that ruling. 2024 WL 5049302, at *2, *7 (Ohio Dec. 10, 2024); *see also* Mot. 8–9. In any event, as explained below, Ohio GE Plaintiffs' negligence claims *are "*product liability claims" and therefore abrogated by OPLA.

## A. Ohio GE Plaintiffs' Negligence Claims May Be Dismissed Under OPLA's First Definition of "Product Liability Claim" Even Though Ohio GE Plaintiffs Disclaim Non-Economic Damages

OPLA provides two definitions of the term "product liability claim." *See* Mot. 5. The first definition of "product liability claim" is as follows:

> "Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
>
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.

Ohio Rev. Code § 2307.71(A)(13).

Columbus and Cleveland have both alleged damage to city property, consistent with OPLA's first definition of "product liability claim," so their negligence claims are therefore abrogated. *See, e.g.*, Dkt. 175, CGEC ¶ 140 (garbage truck); *id.* ¶¶ 141–42 (police cruisers); *id.* ¶ 143 (fire truck); *id.* ¶ 144 (elementary school playgrounds); *id.* ¶ 160 (squad car). Further, Cincinnati alludes to a risk of property damage, *see id.* ¶ 166, and both Cincinnati and Parma identify instances where stolen cars crashed into property that may be city-owned and damaged, *id.* ¶ 168 (pole); *id.* ¶ 169 (metal poles and a transformer box); *id.* ¶ 184 (utility pole). If fact discovery reveals that

Cincinnati, Parma, and/or Lorain did suffer property damage, their claims could likewise be dismissed as abrogated under OPLA's first definition of "product liability claim."

Ohio GE Plaintiffs argue that their negligence claims nevertheless do not satisfy OPLA's first definition of "product liability claim" because Ohio GE Plaintiffs have disclaimed compensatory damages for property damage and other non-economic losses. Opp. 8–10. But Ohio GE Plaintiffs' own cited authority rejects their position. *See Mitchell v. Proctor & Gamble*, 2010 WL 728222, *2–5 (S.D. Ohio Mar. 1, 2010). Similar to Ohio GE Plaintiffs here, the plaintiff in *Mitchell* argued that his negligence claim (specifically, negligent failure to warn) should not be abrogated under OPLA because he sought to recover only economic damages. *See id.* at *2. The *Mitchell* court disagreed and held that the plaintiff could not "separate out his claims from the purview of the OPLA simply by claiming only economic losses" because Ohio courts "have found that common law negligence actions may [] be preempted by the OPLA where the actionable conduct that forms the basis of the negligence claim . . . is the same conduct that the OPLA defines as giving rise to a 'products liability claim.'" *See id.* at *4 (quoting *Stratford v. SmithKline Beecham Corp.*, 2008 WL 2491965, at *5 (S.D. Ohio June 17, 2008)) (cleaned up). Ohio GE Plaintiffs' attempts to disclaim property damage to avoid OPLA abrogation—Opp. 10; Dkt. 175, CGEC ¶ 372; Dkt. 406-1, Lorain's First Am. Compl. ¶ 181—are therefore futile.

**B.    Ohio GE Plaintiffs' Negligence Claims Also Satisfy the Second Definition of "Product Liability Claims"**

Ohio GE Plaintiffs' claims also satisfy OPLA's second definition of "product liability claims," and are abrogated for that additional reason.

OPLA's second definition of "product liability claim" "includes any public nuisance claim *or cause of action at common law* in which it is *alleged* that *the design, manufacture, supply, marketing, distribution*, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." Ohio

Rev. Code § 2307.71(A)(13) (emphases added); *see also* Mot. 5. The Ohio Supreme Court reviewed this language and determined that such product liability claims are abrogated by OPLA regardless of the nature of relief requested. *In re Natl. Prescription Opiate Litig.*, 2024 WL 5049302, at *5.[4]

>   1. Ohio GE Plaintiffs' Negligence Claims Allege an Unreasonable Interference With a Public Right, As OPLA Defines a "Product Liability Claim"

Ohio GE Plaintiffs argue that their negligence claims do not fit OPLA's second definition of a "product liability claim" "because they are not predicated on [*i.e.*, they do not "depend on the Court finding"] an invasion of a public right." Opp. 2, 10. But Ohio GE Plaintiffs do not cite to any authority standing for the position that a claim must be "predicated" on an invasion of a public right in order to be abrogated by OPLA, rendering the argument irrelevant. Rather, under the plain language of OPLA, a common law claim is abrogated if it is "alleged" that a product unreasonably interferes with a public right. Ohio Rev. Code § 2307.71(A)(13).

Ohio GE Plaintiffs' operative complaints are filled with allegations that HMA and KA unreasonably interfered with the public's right to safety by designing, manufacturing, and/or distributing vehicles that lacked immobilizers. Mot. 9–10; *see also* Dkt. 175, CGEC ¶¶ 1, 67, 77, 86–95, 101, 107, 166, 349, 352, 362, 365–66; Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 1, 52, 63, 74–83, 89, 95, 105, 158–59, 162, 171,

---

[4] Any purported ambiguities in OPLA's language and the Ohio Supreme Court's *dicta* (*e.g.*, Ohio GE Plaintiffs' argument that the words "public nuisance" modify "cause of action"; *see* Opp. 7–8) should be resolved in favor of HMA and KA in light of the Ohio General Assembly's express legislative declaration that OPLA is intended to "*to abrogate all common law product liability causes of action . . . regardless of how the claim is described, styled, captioned, characterized, or designated*." 2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 3 (emphasis added). Ohio GE Plaintiffs' argument that "the Ohio State Supreme Court made clear in its ruling that resort to the legislative history of [the] Act is improper, as the text of the statute is not ambiguous," Opp. 9–10, is belied by the dispute *sub judice* and the fact that the Ohio Supreme Court has never specifically addressed the meaning of the phrase "any public nuisance claim or cause of action at common law."

174–5.  Indeed, Ohio GE Plaintiffs directly support their negligence claims with such allegations.  Mot. 10; *see also, e.g.*, Dkt. 175, CGEC ¶ 352 ("Defendants knew or, in the exercise of reasonable care, should have known of the hazards and dangers of forgoing installation of engine immobilizers in the Susceptible Vehicles and specifically, the increased risk of vehicle theft and public harm"); *id.* ¶ 362 ("Defendants' acts and omissions imposed an unreasonable risk of harm to others"); *id.* ¶ 365 ("Defendants engaged in conduct . . . that constituted reckless disregard of the safety and health of the Ohio Cities' respective residents"); Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 162, 171, 174.

Ohio GE Plaintiffs ignore almost all of the negligence allegations HMA and KA cited in the Motion, Mot. 10, and only attempt to distinguish one:  the allegation that "Defendants engaged in conduct . . . that constituted reckless disregard of the safety and health of the Ohio Cities' respective residents," Dkt. 175, CGEC ¶ 365; *see also* Dkt. 406-1, Lorain's First Am. Compl. ¶ 174.  Specifically, Ohio GE Plaintiffs claim that the alleged "reckless disregard of the safety and health" of their residents is "akin to an aggravating factor" and was made "in support of their claim for punitive damages."  Opp. 12.[5]  But nowhere in OPLA's language or Ohio caselaw does it say

_____

[5]  In a footnote, Ohio GE Plaintiffs claim that "Defendants' misconduct continues to cause unconscionable harm in Plaintiffs' communities" and that "in Cincinnati, an 18-year-old and, later, an officer both died in connection with an incident involving a stolen Kia."  Opp. 12 n.1.  The article Ohio GE Plaintiffs cite in support of this position—and the news reports that cited article links to—tell a different story.  The car in question was stolen in Kentucky, not Ohio.  And the teenager was not killed as a result of any reckless driving or crash, but was shot by the police while fleeing the vehicle on foot while holding a gun.  Finally, the officer was likewise not killed as a result of any reckless driving or crash, but instead by the teenager's father, who saw the police body camera footage of his son's death then ran over an officer with his car a day after the shooting.  David Ferrara, *et al.*, *Father accused of killing sheriff's deputy after police fatally shot son.  What we know*, Cincinnati Enquirer (last updated May 6, 2025, 6:05 PM), https://www.cincinnati.com/story/news/2025/05/04/father-accused-of-killing-hamilton-co-sheriffs-deputy-what-we-know/83443948007/; Cameron Knight, *et al.*, *A violent chain of events: Man accused of killing deputy day after police shot his son*, Cincinnati Enquirer (last updated May 6, 2025, 6:02 PM), https://www.cincinnati.com/story/news/2025/05/02/man-accused-of-killing-deputy-

that the *reason* for an allegation is relevant to the question of whether a claim is abrogated by OPLA. And even if Ohio GE Plaintiffs' argument as to this *one* allegation were credited—and it should not be—Ohio GE Plaintiffs' negligence claims contain *other* allegations about a purported unreasonable risk of public harm that are *not* based on an alleged "reckless disregard" of safety that might support a request for punitive damages, so the negligence claims would still be abrogated by OPLA's plain language. *See* Dkt. 175, CGEC ¶¶ 352, 362; Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 162, 171; Ohio Rev. Code § 2307.71(A)(13).

Ohio GE Plaintiffs also argue that certain allegations in their complaints are "related to the now-abrogated Ohio common-law public nuisance claims." Opp. 12. Relatedly, Ohio GE Plaintiffs argue that HMA and KA cannot "impute" public-rights allegations made in support of Ohio GE Plaintiffs' public nuisance claims to their remaining negligence claims.[6] Opp. 12. But, as noted in the Motion, it is *Ohio GE Plaintiffs* who incorporated public-rights allegations into their negligence claims (in addition to making such claims directly, as discussed above and in the Motion). Mot. 9–10; *see also* Dkt. 175, CGEC ¶ 348 ("The Ohio GE Plaintiffs incorporate each preceding paragraph as though set forth fully herein."); Dkt. 406-1, Lorain's First Am. Compl. ¶ 157 (same for Lorain). Ohio GE Plaintiffs made their bed and now must lie in it. *See, e.g.*, *Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008) (finding the plaintiff's complaint to be "seriously deficient" where "each claim for relief . . . generally reallege[d] all the preceeding [sic] allegations, regardless of whether those allegations conflict with the claim for relief").

---

a-day-after-cincinnati-police-shot-his-son/83418787007/. These events, while tragic, cannot be reasonably attributed to the actions of HMA and KA.

[6] The only paragraphs Ohio GE Plaintiffs cite in support of this argument—Dkt. 175, CGEC ¶¶ 327, 330, and 331—were not cited in the Motion.

2.    <u>Ohio GE Plaintiffs' Negligence Claims Are Effectively Qualified Public Nuisance Claims</u>

Further, as explained in HMA's and KA's Motion, the close nexus between Ohio GE Plaintiffs' negligence and public nuisance claims is no accident; Ohio GE Plaintiffs were *required* to allege negligence in order to assert their now-abrogated qualified public nuisance claims, as negligence and qualified nuisance claims merge under Ohio law. Mot. 10–11.

Ohio GE Plaintiffs characterize HMA's and KA's argument as a "squares-and-rectangles fallacy" and argue that "all qualified nuisance claims in Ohio may be negligence claims, but it does not follow that all negligence claims are public nuisance claims." Opp. 11. This is a straw man. HMA and KA are not arguing that all negligence claims are qualified public nuisance claims. HMA's and KA's position is that allowing Ohio GE Plaintiffs to maintain their negligence claims, which in this case allege an interference with a public right and were the basis for Ohio GE Plaintiffs' now-abrogated qualified public nuisance claims, would contravene the Ohio General Assembly's intent "*to abrogate all common law product liability causes of action including common law public nuisance causes of action, regardless of how the claim is described, styled, captioned, characterized, or designated.*" Mot. 11 (quoting 2006 Ohio Laws File 198, Am. Sub. S.B. No. 117, Section 3) (emphasis added in Motion).

Ohio GE Plaintiffs further argue that "while qualified public nuisance claims and negligence claims brought in the same complaint based on the same conduct may be merged at the summary judgment stage . . . it would be premature to do so through a Rule 12 Motion." Opp. 11.[7] The single case Ohio GE Plaintiffs rely on—*Paulus v.*

---

[7]    If this Court decides that findings related to the intertwined nature of negligence and qualified public nuisance are premature, HMA and KA reserve their rights to raise this issue again at a later date. And to the extent Ohio GE Plaintiffs imply they can avoid abrogation under OPLA by voluntarily dismissing their qualified public nuisance claims, *see* Opp. 11, the Court should reject such attempts at gamesmanship.

*Citicorp North America, Inc.*, 2013 WL 5487053 (S.D. Ohio Sept. 30, 2013)—is not so clear and, in any event, distinguishable.  In *Paulus*, the defendant asserted that Ohio's merger doctrine "preclude[d] the Pauluses from proceeding with an independent claim for negligence." *Id.* at \*7.  The *Paulus* court acknowledged that the defendant's argument was "a possible interpretation" of Ohio caselaw, but ultimately elected not to dismiss the plaintiffs' public nuisance or negligence claims on this ground for two reasons.  *Id.* at \*7–8.

First, the *Paulus* court concluded "that it would be imprudent to dismiss the Pauluses' qualified nuisance claims for no other reason than that they might eventually merge with their negligence claim" because certain Ohio cases finding merger have done so at the summary-judgment stage and other cases (where the defendants did not raise merger arguments) have allowed nuisance and negligence claims to survive the pleadings stage.  *Id.* at \*7.  However, none of the cases the *Paulus* court cites in support of this conclusion (or *Paulus* itself) involve OPLA abrogation, and at least one court has considered Ohio's merger doctrine in the context of a motion to dismiss.  *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 621 F. Supp. 2d 513, 521, 536 (N.D. Ohio 2009) (discussing the doctrine and dismissing public nuisance claims with prejudice), *aff'd sub nom. City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496 (6th Cir. 2010).  Second, the *Paulus* court concluded that "given the analysis to [that] point, the Pauluses . . . stated a facially plausible claim for which relief could be granted."  2013 WL 5487053, at \*8.  But, again, Ohio GE Plaintiffs here *do not* assert a negligence claim for which relief could be granted because their claims are abrogated by OPLA.

Ohio GE Plaintiffs also argue that it does not matter that they "initially brought public nuisance claims in addition to their negligence claims" because "Ohio courts allow plaintiffs to plead both OPLA and non-OPLA claims in the same action, even if they arise out of the same nexus of facts, as alternative theories of liability." *See* Opp. 11.  This is a red herring.  The issue before this Court is the extent to which

-15-

OPLA abrogates common law claims, not whether common law claims that are not abrogated by OPLA can be separately pleaded alongside an OPLA claim. The cases Ohio GE Plaintiffs cite in support of their "alternative pleading" argument, *id.* at 11–12, are therefore inapposite.

### 3. Ignoring Ohio GE Plaintiffs' Public-Rights Allegations Would Unfairly Prejudice HMA and KA

Reading the writing on the wall, Ohio GE Plaintiffs make an alternative argument and assert, without providing any supporting authority, that even if HMA and KA could impute the public-rights allegations made throughout Ohio GE Plaintiffs' complaints to the negligence claims, "the Court can disregard the factual allegations supporting the now-dismissed public nuisance claims." Opp. 12–13. Such a ruling would unfairly prejudice HMA and KA, who should not be forced to guess which allegations are related to Ohio GE Plaintiffs' defunct nuisance claims and which allegations are related to their negligence claims. *See, e.g.*, *Mason*, 251 F.R.D. at 563 (holding that the plaintiff's complaint was "seriously deficient" and "faile[d] to inform the [defendants] of the nature of the liability theories they face[d]" where "each claim for relief . . . generally reallege[d] all the preceeding [sic] allegations, regardless of whether those allegations conflict with the claim for relief."); *Kuhn v. Three Bell Cap.*, 698 F. Supp. 3d 1119, 1122 (N.D. Cal. 2023) (holding that a "complaint's allegations must give the defendant 'fair notice' and 'enable the . . . party to defend itself effectively'") (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

## III. OHIO GE PLAINTIFFS IGNORE CRITICAL ARGUMENTS REGARDING THE FUTILITY OF AN AMENDMENT

Ohio GE Plaintiffs seek to amend their claims if this Court concludes that OPLA abrogates Ohio GE Plaintiffs' negligence claims. Opp. 13. However, as explained in the Motion, Ohio GE Plaintiffs could not reverse course and assert claims for non-economic damages under OPLA—even if they wanted to—because such

-16-

claims would be barred by the relevant statute of repose, Ohio Rev. Code § 2305.10(C). Mot. 12–13. Under this statute, an OPLA claim must accrue within 10 years of the product being first distributed to a purchaser, and must be asserted no later than 12 years after that distribution date. *Id.* Ohio GE Plaintiffs' claims are based on certain "Susceptible Vehicles" sold and distributed between 2011 and 2022, and Ohio GE Plaintiffs' earliest complaint was filed in February 2023, such that any OPLA claims would be untimely even if they were related back to Ohio GE Plaintiffs' original complaints. *Id.* at 13; *see also* Dkt. 175, CGEC ¶¶ 3, 20; Dkt. 406-1, Lorain's First Am. Compl. ¶¶ 3, 20; *City of Columbus, Ohio v. Kia America, Inc. and Hyundai Motor America*, Case No. 2:23-CV-00654 (S.D. Ohio), Dkts. 1, 3. The Opposition does not respond to this argument, so Ohio GE Plaintiffs implicitly concede that any re-pleading of their negligence claims would violate the statute of repose. Further, Ohio GE Plaintiffs have waived their right to respond. *See, e.g.*, *Sportscare of Am., P.C. v. Multiplan, Inc.*, 2011 WL 589955, at *1–2 (D.N.J. Feb. 10, 2011) (dismissing claims at the pleading stage because the "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (dismissing a claim without leave to amend to the extent it relied on challenged allegations not defended in opposition to a motion to dismiss); *see also Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that the plaintiff abandoned claims not defended in opposition to a motion for summary judgment).

## CONCLUSION

This Court should rule on HMA's and KA's Motion and dismiss Ohio GE Plaintiffs' negligence claims with prejudice. If this Court determines that it lacks jurisdiction while the Ninth Circuit is considering HMA's and KA's interlocutory appeal, this Court should rule on this Motion after the Ninth Circuit makes a decision

1  unless the issues have been mooted on other grounds (*e.g.*, due to preemption or lack

2  of duty).

3

4  DATED:  May 23, 2025                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
5

6

7                                         By  */s/ Steven G. Madison*
                                          Steven G. Madison (SBN: 101006)
8                                         stevemadison@quinnemanuel.com
                                          Justin C. Griffin (SBN: 234675)
9                                         justingriffin@quinnemanuel.com
                                          865 South Figueroa Street, 10th Floor
10                                        Los Angeles, California 90017-2543
                                          Telephone:   (213) 443-3000
11                                        Facsimile:   (213) 443-3100
12

13                                        *Attorneys for Defendants Hyundai Motor*
                                          *America and Kia America, Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF COMPLIANCE**

2          The undersigned, counsel of record for Defendants certifies that this brief

3    contains 5340 words, which complies with the word limit of L.R. 11-6.1.

4

5    DATED:  May 23, 2025                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
6

7

8                                           By */s/ Steven G. Madison*
                                                Steven G. Madison (SBN: 101006)
9                                               stevemadison@quinnemanuel.com
                                                Justin C. Griffin (SBN: 234675)
10                                              justingriffin@quinnemanuel.com
                                                865 South Figueroa Street, 10th Floor
11                                              Los Angeles, California 90017-2543
                                                Telephone:   (213) 443-3000
12                                              Facsimile:   (213) 443-3100
13

14                                              *Attorneys for Defendants Hyundai Motor*
                                                *America and Kia America, Inc.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28