| | |
|---|---|
| KELLER ROHRBACK L.L.P.<br>Gretchen Freeman Cappio (*pro hac vice*)<br>gcappio@kellerrohrback.com<br>1201 Third Avenue, Suite 3400<br>Seattle, WA 98101-3052<br>Phone: (206) 623-1900<br>Fax:    (206) 623-3384<br><br>*Chair of the Governmental Entities Committee* | QUINN EMANUEL URQUHART & SULLIVAN LLP<br>Steven G. Madison (SBN: 101006)<br>stevemadison@quinnemanuel.com<br>Justin C. Griffin (SBN: 234675)<br>justingriffin@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:   (213) 443-3100<br><br>*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.* |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ML-3052-JVS-(KESx)<br><br>The Honorable James V. Selna<br><br>**GOVERNMENTAL ENTITY TRACK JOINT PROPOSED AGENDA FOR JUNE 9, 2025 STATUS CONFERENCE**<br><br>Hearing Date: June 9, 2025<br>Hearing Time: 2:00 p.m.<br>Dept.: 10C |

Case No. 8:22-ML-3052-JVS-(KESx)

In advance of the June 9, 2025, status conference before the Court, Governmental Entity ("GE") Plaintiffs and Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") submit the following proposed joint agenda:

## I. GE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (OHIO ACTIONS)

<u>GE Plaintiffs' Position</u>:

Defendants' second motion for judgment on the pleadings regarding the five Ohio GE Entities—Cincinnati, Cleveland, Columbus, Lorain, and Parma—has been fully briefed. *See* Dkts. 823, 844, 850. Oral argument is scheduled for 1:30 p.m. on June 9, 2025, immediately before the parties' upcoming June 9, 2025, status conference. The parties anticipate presenting their arguments to the Court at that time.

<u>HMA and KA's Position</u>:

On April 7, 2025, HMA and KA filed a motion for judgment on the pleadings as to the Ohio GE Plaintiffs, in light of the Ohio Supreme Court's decision in *In re National Prescription Opiate Litigation*, 2024 WL 5049302 (Ohio, 2024). Dkt. 803. After that motion was filed, the Ohio GE Plaintiffs agreed to dismiss their common law public nuisance claims, and the Parties thereafter filed a stipulation and proposed order reflecting this agreement. Dkt. 841. That stipulation and proposed order is currently pending before the Court.

On April 21, 2025, HMA and KA filed a second motion for judgment on the pleadings, limited to the Ohio GE Plaintiffs' remaining negligence claims. Dkt. 823. The hearing on HMA and KA's second motion for judgment on the pleadings is set for June 9, 2025 at 1:30 p.m. The Court has acknowledged that it will be better informed about whether to utilize bellwethers in this MDL once that motion is resolved. *See* Ex. A, Hr'g Tr. at 9:14–11:7 (Apr. 11, 2025).

## II. USE OF BELLWETHERS

<u>GE Plaintiffs' Position</u>:

The time is right to select Bellwethers. The Court stated its intent at the last

hearing to "address the bellwethers for the governmental entity cases at the same time [it] hear[s] the motion with regard to negligence and other claims that defendants intend to bring." Ex. A (Status Conf. Tr. 15:24–16:1, Apr. 11, 2025). During Phase I, each of the GE Plaintiffs answered 25 interrogatories, produced thousands of pages in response to 25 document requests, and in total produced 74 30(b)(6) witnesses to testify about the thefts in GE Plaintiffs' jurisdictions. *See* Dkts. 650, 745. The parties and the Court have ample information with which to select bellwethers. GE Plaintiffs have proposed the following protocol, consistent with the Court's instructions to do so. Dkt. 801-1:

- Each side may nominate two potential bellwether plaintiffs, where each side's nominees must be from different states, creating a pool of four;
- These nominees must be submitted in camera to the Court within seven days from this order and the parties must exchange their submissions the following business day by noon Pacific Time;
- Within seven days of nominating cases, each side may strike one proposed case;
- Each side selects one case from the remaining pool to be tried as a bellwether;
- The Court will decide which case is tried in January 2026. The remaining case is to be tried in February or March of 2026; and
- The Court may make any adjustments to the parties' submissions *sua sponte*.
- All discovery as to the non-bellwether cases is stayed.

As the Court noted at the March 6, 2025, status conference, the parties have already briefed the appropriateness of bellwethers. Ex. B (Status Conf. Tr. 32:1–5, Mar. 6, 2025); *see* Dkts. 649 and 650. The Court was also clear at that conference and the Minute Order following it that it is seeking a protocol for the selection of bellwethers, even if Defendants continue to object to bellwethers. Ex. B at 54:18–23

("Yes, I want a protocol, either agreed or not, and if you want to -- you can agree to a protocol and still say I don't agree with this process, but if you're going to do this, we believe you ought to do it this way without waiving our rights to a general objection to the use of bellwethers at all."). In advance of the April 11, 2025, status conference, Defendants submitted another brief concerning bellwethers despite the Court's instructions. Dkt. 799. If the Court is inclined to reconsider the appropriateness of bellwethers, GE Plaintiffs respectfully request an opportunity to respond in writing.

HMA and KA's Position:

As set forth in HMA and KA's prior filings at Dkt. Nos. 649 and 799-1, the use of bellwethers would be counterproductive in a case that the Court has recognized has a "small pool to begin with," Ex. A, Hr'g Tr. at 9:18–21 (Apr. 11, 2025), and would only cause significant delays.

The current pool of 28 GE Plaintiffs is reduced since the Parties' previous bellwether briefs in November 2024, *see* Dkt. Nos. 649 and 650, due to voluntary dismissals by Fort Wayne and Durham, and the Court's granting HMA and KA's Motion to Dismiss Newark's Second Amended Complaint. *See* Dkt. Nos. 686, 702, and 759.[1]  And the pool of potential bellwether GE Plaintiffs only becomes smaller after removing from consideration the eleven cases filed outside of this District in light of *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). *See* Ex. C, Hr'g Tr. at 4:25–5:1 (Apr. 18, 2024); Ex. B, Hr'g Tr. at 31:11–19 (Mar. 6, 2025); Ex. A, Hr'g Tr. at 9:18–21 (Apr. 11, 2025).  Of the seventeen remaining cases that were direct-filed in this District, three are Ohio GE Plaintiffs that dismissed their common law public nuisance claims and are subjects of HMA and KA's Second Motion for Judgment on the Pleadings with respect to their common law negligence claims.  *See* Dkt. Nos. 841, 823.  Of the fourteen remaining direct-filed cases, eight

---

[1]  One additional GE Plaintiff has been transferred to the MDL since the parties' first bellwether submissions, Jackson, MS.  *See* Dkt. 815.

are the subject of HMA and KA's interlocutory appeal at the Ninth Circuit, which heard oral argument on April 8, 2025. The Parties await decision on that appeal.

After eliminating from any potential bellwether pool cases subject to (1) *Lexecon*, or (2) pending motions and appeals, only **6** GE Plaintiff cases remain: Anne Arundel, Indianapolis, Louisville, Lexington, Nashville, and Tacoma.

GE Plaintiffs claim above that the Court has already decided to use bellwethers in the GE Track and is merely seeking a bellwether protocol at this juncture. Not so. At the April 11, 2025 status conference, the Court made clear that it was still considering whether bellwethers are appropriate for the GE Track and left open the possibility it may "conclude that bellwethers won't work." Ex. A, Hr'g Tr. at 9:24–25 (Apr. 11, 2025). The Court was clear it intends to "come back to the bellwether issue," *id.* at 11:7, and "renew this further discussion of the bellwethers," *id.* at 36:2–3, after the pending motions are resolved. For the reasons presented here, and in HMA and KA's prior bellwether-related filings, *see* Dkt. Nos. 649, 799-1, HMA and KA urge the Court not to adopt a bellwether protocol in the GE Track.

GE Plaintiffs have the burden of putting forth a basis for the selection of representative bellwether cases and explaining how proceeding with bellwethers would produce efficiencies rather than delay. *See Adams v. Deva Concepts, LLC*, 2023 WL 6518771, at *3 (S.D.N.Y. Oct. 4, 2023). GE Plaintiffs have not met their burden. GE Plaintiffs have presented no basis to find that the six remaining cases (Anne Arundel, Indianapolis, Louisville, Lexington, Nashville, and Tacoma) are representative of the GE Plaintiffs as a whole, nor could they given the GE Plaintiffs' disparate state law and fact-based allegations. Instead, GE Plaintiffs claim that it is *HMA and KA's conduct* that is uniform across the GE Plaintiffs. *See* Dkt. 650. This ignores that bellwethers are utilized based on the representativeness of *plaintiffs*, not *defendants*. GE Plaintiffs' alleged injuries, conduct, and claims, and the defenses that will be relevant to each of the GE Plaintiffs, have not been demonstrated to be uniform, and have only become more disjointed with the dismissal the Ohio GE

Plaintiffs' common law public nuisance claims. *See* Dkt. 841. The remaining GE Plaintiffs contain state law issues of twelve different states with wildly varying levels of alleged injury, as well as complicated causation analyses best suited for individualized consideration.

Nor has the discovery completed to date provided the Parties with the necessary information to make a complete assessment of the usefulness of bellwethers. Despite the conclusion of "Phase I," Defendants remain in the dark about the GE Plaintiffs' claimed incidence of (1) thefts of Subject Vehicles as alleged in their complaints, (2) related crimes stemming from those thefts, and (3) police records for offenders of those thefts. *See* Dkt. 370. GE Plaintiffs refused to provide such information during Phase I. As a result, on April 18, 2025, HMA and KA propounded the specific discovery ordered by the Court at the April 11, 2025 status conference, seeking offender police records from five GE Plaintiffs (Buffalo, Indianapolis, Milwaukee, St. Louis, Tacoma). Ex. A, Hr'g Tr. at 35:23–36:5, 37:1–5, 37:17–18, 38:3–6 (Apr. 11, 2025). But on May 19, 2025, those five GE Plaintiffs responded by objecting to the requests *in full*, refusing to comply with the Court's order claiming (among other objections) that the discovery requests exceeded the scope of Phase I discovery. One GE Plaintiff, St. Louis, also objected to the request, claiming that it is exempt from Phase II discovery participation as it cannot serve as a bellwether in light of *Lexecon*. The Parties met and conferred on May 30, 2025. Given the Court's stated intention to "revisit [this] issue when we visit the new Motions to Dismiss and renew this further discussion of the bellwethers," and the Parties' pending Phase II Case Management Order proposals, HMA and KA view it as paramount to resolve this issue expeditiously and receive the court-ordered productions of police records. *Id.* at 36:1–3. To this end, HMA and KA plan to file an order to show cause why the Court should not find GE Plaintiffs in contempt for not complying with the Court's April 11 order regarding the production of police records for five GE Plaintiffs.

Accordingly, HMA and KA propose proceeding into Phase II discovery for all

GE Plaintiffs, and making any further decision regarding the use of bellwethers in the GE Track only after the pending motions and appeals are resolved. This is the only method to avoid significant delays, as the Court has recognized that with or without a bellwether process, "we need to complete discovery." Ex. A, Hr'g Tr. at 10:3 (Apr. 11, 2025). HMA and KA reiterate their strong objections to GE Plaintiffs' proposal, *see* Dkt. 799-1, which would result in only two cases proceeding into discovery and (depending on the myriad of factors that can affect the outcome of individual cases) two or even fewer cases proceeding to trial.

### III. PHASE II DISCOVERY & CASE MANAGEMENT ORDER

GE Plaintiffs' Position:

The time is also right for the Court to enter a case management order enumerating the discovery that can be propounded, the timelines for doing so, and the schedule through trial. GE Plaintiffs have taken seriously the Court's goal of setting two GE cases for trial in early 2026 and have proposed a schedule for accomplishing that goal. Dkt. 827 at 11-12.

While GE Plaintiffs have been ordered to coordinate on depositions with the Subrogation Plaintiffs, **GE Plaintiffs have not yet been able to propound written discovery free from the strictures set out in the Court's case management order for Phase I, Dkt. 370, and do not know how many depositions the Court will authorize them to take.** At the last status conference, the Court "ask[ed] the folks on each track to meet and confer and come back to me with a new case management order," and "if a point is disputed, [to] give [you] both positions," so the Court could craft an order. Ex. A (Status Conf. Tr. 7:22–8:4, April 11, 2025). Consistent with the Court's instructions, Defendants and GE Plaintiffs have submitted proposals regarding written discovery, depositions, and discovery of Defendants' foreign parent corporations, among other things. *See* Dkt. 827. GE Plaintiffs respectfully request the Court adopt their proposal so that the parties may proceed with full merits discovery in the few months left before discovery ends. *See* Dkt. 827. Additionally, GE Plaintiffs

note that both sides propose mediation occur by **August 1, 2025**. *Id.* at 12-13.

HMA and KA's Position:

Although GE Plaintiffs have been jointly noticing and participating in the depositions of HMA and KA employees to date alongside Subrogation Plaintiffs, HMA and KA's Phase II discovery of GE Plaintiffs has not yet begun. HMA and KA's proposed Phase II Case Management Order ("CMO") is contained within the parties' joint filing, and HMA and KA are eager to get that discovery underway. *See* Dkt. 827.

HMA and KA's proposal contemplates reasonable discovery proportionate to the number of parties on each side, with proposed limitations where appropriate, and in other instances allowing the Parties to proceed in accordance with the Federal Rules of Civil Procedure. HMA and KA's proposal also considers the discovery deadlines and limitations proposed in the Subrogation Track, *see* Dkt. Nos. 821 and 822, as the Court has previously recognized the need to coordinate discovery between the two tracks, so that each HMA and KA employee is deposed only once, *see* Dkt. 643. GE Plaintiffs' proposal, on the other hand, would improperly limit HMA and KA's ability to propound requests for production of documents and requests for admission on GE Plaintiffs (despite there being no such limits under the Federal Rules). While GE Plaintiffs may suggest their proposed limitations apply in a reciprocal fashion, in fact GE Plaintiffs already get the benefit of the 186 of requests for production and 60 interrogatories that the Subrogation Plaintiffs have served on KA and the 179 requests for production and 55 interrogatories they have served on HMA in the Subrogation Track, where there are no such limits. GE Plaintiffs have received approximately 29,211 documents as a result of these requests. Accordingly, the limits GE Plaintiffs propose in practice apply only to and are prejudicial to HMA and KA.

HMA and KA are prepared to move forward with discovery for all current GE Plaintiffs. Unfortunately, GE Plaintiffs refused to consider submitting a Phase II CMO proposal that would apply to all GE Plaintiffs, even though the Court previously

made clear it would decide whether to use bellwethers only after HMA and KA's Second Motion for Judgment on the Pleadings for the Ohio GE Plaintiffs is resolved. *See* Ex. A, Hr'g Tr. at 9:14–10:8 (Apr. 11, 2025). Indeed, HMA and KA agree with the Court that, whether or not bellwethers are used in the GE Track, "we need to complete discovery." *See id.* at 10:3. To delay discovery as to any group of GE Plaintiffs will only cause inefficiencies. HMA and KA anticipate that the GE Plaintiffs, each sophisticated municipal organizations with thorough experience in state and federal court, should be well-equipped to respond to any discovery propounded in a timely and fulsome manner.

Given that Phase II discovery has not started in the GE Track, and in light of the swiftly approaching August 15, 2025 fact discovery deadline, *see* Dkt. Nos. 295 and 643, HMA and KA anticipate that an extension of the discovery cut-off may be necessary. HMA and KA are prepared to meet and confer with GE Plaintiffs regarding a manageable alternative schedule.

Finally, HMA and KA note for the Court the Discovery Special Master's upcoming unavailability. *See* Dkt. 837-1.

## IV. DISCOVERY AND DEPOSITION ISSUES

GE Plaintiffs' Position:

GE Plaintiffs have continued to coordinate discovery efforts with the Subrogation Track and all parties filed a Joint Proposal for Deposition Schedule and Protocol on March 14, 2025. Dkt. 782. Depositions of HMA and KA witnesses began on April 15, 2025. *Id.* But after only four of those scheduled depositions, Defendants unilaterally canceled two depositions that were scheduled in that Joint Proposal and properly noticed for May 13th and 15th, 2025. On May 16, 2025, after Defendants unilaterally canceled the May 13th and 15th depositions, Subrogation and GE Plaintiffs filed with JAMS a motion to compel Defendants' depositions.

Given this deposition impasse, the parties sought the Special Master's guidance. Judge Andler held an informal discovery conference on May 20, 2025, and

offered guidance concerning Defendants' repeated non-appearance at properly noticed depositions. Judge Andler reminded the parties that the Joint Proposal for Deposition Schedule filed in March still governs. Judge Andler reiterated that no side may unilaterally take properly noticed depositions off calendar and said that those that were unilaterally canceled by Defendants must be put back on the calendar; and witnesses must appear at the noticed depositions absent a court order. Judge Andler also urged the parties to coordinate rescheduling of the depositions that were part of the schedule filed in March but did not occur on the dates originally set. Thus, GE Plaintiffs understand that no party may unilaterally cancel depositions that were originally set back in March. In the event the other party states its intent not to appear for the deposition, the noticing party should still attend the properly noticed deposition and take a notice of non-appearance unless a motion for a protective order or other objection has been granted or sustained.

On May 26, 2025, Defendants filed with JAMS a motion for protective order regarding the remaining depositions. That motion has not been fully briefed, much less granted. Nonetheless, Defendants did not appear for the depositions scheduled for May 27th and 29th, Dkt. 782, contrary to Judge Andler's express guidance from the May 20, 2025, discovery conference. GE and Subrogation Plaintiffs attempted to confer with Defendants to reschedule the May 13th and 15th depositions that had been unilaterally canceled by Defendants, but Defendants refused to provide new dates for those witnesses. Thus, GE and Subrogation Plaintiffs noticed the deposition originally set for May 13th for May 28th. Once again, Defendants' witness again failed to appear. GE and Subrogation Plaintiffs took notices of non-appearance for the properly noticed depositions set for May 27th, 28th, and 29th, consistent with Judge Andler's guidance at the May 20, 2025, discovery conference. Judge Andler is scheduled to hear both Plaintiffs' motion to compel Defendants' depositions and Defendants' motion for a protective order on June 16, 2025.

The parties are still working to finalize a deposition protocol. The draft is in

Defendants' hands.

At the April 11, 2025, status conference, Your Honor made clear that Defendants "need to take the laboring oar" if they wish to secure court orders authorizing the production of police reports and confidential or police-investigation privileged information derived therefrom from five cities— Buffalo, Indianapolis, Milwaukee, St. Louis, and Tacoma. Ex. A at 32:17. Defendants represented to the Court that they would "meet and confer to figure out a way to" get at the information needed to facilitate Defendants' burden of seeking the necessary state court orders authorizing the disclosure of otherwise protected police reports and information. Ex. A at 33:3-4. On April 18, 2025, Defendants served a second set of requests for production, asking for "any and all" documents for thousands of incidents. GE Plaintiffs timely objected to the requests as, among other things, improper, overly broad, unduly burdensome, and contrary to Defendants' representations made to this Court at the April 11, 2025, status conference. On May 27, 2025, before discussing anything with GE Plaintiffs and contrary to Defendants' representation that they would turn in the "first instance to Judge Andler," Ex. A at 31:13-14, Defendants threatened to file a motion for an order to show cause why the Court should not find GE Plaintiffs in contempt for not having produced the documents sought by Defendants' April 18, 2025, document request. GE Plaintiffs offered repeatedly to meet and confer, and the parties are now in the midst of the meet and confer process. GE Plaintiffs hope to reach an agreement concerning the information Defendants need to seek the necessary state court orders authorizing the disclosure of otherwise protected police reports.

HMA and KA's Position:

HMA and KA believe the Parties are close to reaching an agreement on a proposed Order Regarding Coordination of Discovery and Deposition Protocol, which addresses (among other things) the length and location of depositions and the limit on the number of depositions for each party.

As the Court is aware, the Parties in the GE and Subrogation Tracks agreed to a Joint Proposal for Deposition Schedule and Protocol that was filed with the Court on March 14, 2025 (the "Joint Proposal"). *See* Dkt. 782. In the Joint Proposal, the Parties agreed to a schedule of ten depositions per side (or a total of 20 depositions) starting April 15, 2025, with two depositions taken per week, and alternating every other week between the Subrogation Plaintiffs' witnesses and HMA and KA's witnesses. The Joint Proposal did not, however, identify any specific witnesses that were to be deposed on any given date, nor did the parties otherwise agree to produce specific witnesses on certain dates. Rather, the Joint Proposal contemplated that the parties would "work cooperatively to promptly slot in the scheduling of all twenty (20) depositions pursuant to the above schedule," as convenient for the witnesses. Because Phase II discovery has not yet begun in the GE Track, the Parties have not begun scheduling depositions of GE Plaintiffs.

To date, HMA and KA have produced four witnesses for deposition, pursuant to the schedule agreed-upon in the Joint Proposal. Subrogation Plaintiffs, however, have produced *zero* witnesses. Therefore, beginning April 21, 2025 counsel for HMA and KA in the Subrogation Track informed Subrogation and GE Plaintiffs, through a series of meet and confers and correspondence, that HMA and KA would not be producing additional witnesses until the Subrogation Plaintiffs had (1) produced four of their underwriting 30(b)(6) representatives for depositions, as the Parties had previously agreed and informed the Court of, and (2) complied with the Discovery Special Master's April 12, 2025 Report and Recommendation ("R&R") (which was adopted in full by the Court on May 29, 2025). *See* Dkt. 855.

Counsel for HMA and KA in the Subrogation Track again confirmed on May 5, 2025, that additional depositions of HMA and KA witnesses could not go forward unless and until Subrogation Plaintiffs complied with the Joint Proposal that had been submitted to the Court. Yet less than an hour later, counsel for the Subrogation and GE Plaintiffs purported to serve joint notices of depositions for two HMA/KA

witnesses on May 13 and May 15, 2025. To be sure, Subrogation and GE Plaintiffs unilaterally selected these witnesses and the dates they would be deposed, without ever confirming the witnesses' availability, contrary to the Parties' agreement that each side would "work cooperatively to promptly slot in" their own witnesses, as HMA/KA had done for the four depositions that had already taken place. The deposition notices were also untimely under the Federal Rules, and violated both the Central District's Civility and Professionalism Guidelines, as well as the agreed-upon schedule submitted to Court.

Between May 5 and May 13, 2025, counsel for HMA/KA in both the Subrogation and GE Tracks repeatedly confirmed to Plaintiffs that the depositions would not be going forward on May 13 and May 15, based on the Subrogation Plaintiffs' refusal to produce four underwriting 30(b)(6) representatives for depositions and to comply with the April 12 R&R. HMA and KA also served written responses and objections to the deposition notices on May 12, 2025, memorializing their position and the Parties' discussions to date.

After unilaterally noticing these two defective depositions, Subrogation and GE Plaintiffs jointly filed with the Special Master a Motion to Compel the remaining HMA and KA depositions on May 16, 2025, which remains pending. The Special Master also held an informal discovery conference during which she advised the parties to meet and confer regarding an agreeable schedule for the remaining depositions of **both** HMA and KA, **and** the Subrogation Plaintiffs' underwriting 30(b)(6) representatives. Counsel for HMA and KA in the Subrogation and GE Tracks met and conferred with Subrogation and GE Plaintiffs on Friday, May 23, 2025, but did not reach an agreement.

Notwithstanding the Parties' ongoing dispute regarding the deposition schedule, later that afternoon (Friday afternoon before Memorial Day weekend), Subrogation and GE Plaintiffs jointly served three untimely notices of deposition for HMA and KA witnesses to begin just four days later (the Tuesday after Memorial

Day). Accordingly, HMA and KA promptly filed a Motion for Protective Order with the Special Master on May 26, 2025 (Memorial Day), in which HMA and KA advised the Special Master and Subrogation and GE Plaintiffs that these depositions would not be proceeding due to Subrogation Plaintiffs' failure to comply with the agreed-upon Joint Proposal, and because the notices were untimely, having been served only three days in advance of the purported deposition date.

Despite Plaintiffs' untimely deposition notices and the pending Motion for Protective Order, Plaintiffs' counsel appeared for those three depositions on the dates unilaterally noticed, unnecessarily incurring time and court reporter costs. Counsel for HMA and KA in the Subrogation Track noted on the record and in writing that Plaintiffs were misconstruing the Special Master's guidance regarding attendance at depositions while HMA and KA's Motion for Protective Order was pending. While GE Plaintiffs above fault HMA and KA because the Motion for Protective Order "has not been fully briefed, much less granted," HMA and KA could not have filed the Motion any more quickly, in light of Plaintiffs' strategic decision to send deposition notices on Friday afternoon of a holiday weekend purporting to schedule for depositions the following Tuesday, Wednesday, and Thursday, when the Special Master would not have been able to hear and resolve HMA and KA's Motion.

Both the Motion to Compel and Motion for Protective Order are scheduled to be heard before the Special Master on June 16, 2025. The parties will nonetheless continue to negotiate the deposition schedule given the Court's May 29 ruling on the Special Master's April 12 Report & Recommendation.

## V. STATUS OF PARENT COMPANY DISCOVERY

<u>GE Plaintiffs' Position</u>:

In compliance with the previously entered stipulations regarding Defendants' parent companies, Hyundai Motor Company ("HMC") and Kia Corporation ("KC"), the Special Master's Report & Recommendation on Defendants' motion for protective order (Dkt. 729-1), and this Court's guidance at the April 11, 2025, status

conference that Phase I discovery has concluded, GE Plaintiffs served amended 30(b)(6) deposition notices and requests for documents on HMC and KC on April 23, 2025. HMC's 30(b)(6) deposition is noted for July 22, 2025; KC's deposition is noted for July 24, 2025. Responses to the document requests contained in the appendices of the subpoenas are due June 23, 2025. GE Plaintiffs also offered to meet and confer with Defendants regarding the subpoenas in advance of the upcoming deadlines and noted deposition dates. On May 30, 2025, counsel for Defendants indicated that HMC and KC are not available on the noticed dates, but indicated that Defendants would propose alternative dates for those depositions in mid-August.

<u>HMA and KA's Position</u>:

On April 23, 2025, GE Plaintiffs served amended notices for deposition testimony and document requests on Hyundai Motor Company ("HMC") and Kia Corporation ("KC") through HMA and KA's counsel. HMC and KC are preparing responses and objections to the subpoenas. The Parties are coordinating on mutually-agreeable deposition dates.

## VI. R&R'S REQUIRING THE COURT'S ATTENTION AND ORDERS

The following matters regarding certain of the Special Master's Reports, Recommendations, and Proposed Orders have been fully briefed and are ripe for the Court's consideration:

- GE Defendants' Objections to Discovery Special Master's Report, Recommendation and [Proposed] Order re GE Defendants' Motion for a Protective Order (filed Jan. 10, 2025, at Dkt. No. 736)
- GE Plaintiffs' Objections to Discovery Special Master's Report and Recommendation and [Proposed] Order re: GE Defendants' Motion to Compel Plaintiff Fact Sheets (filed Jan. 24, 2025, at Dkt. No. 752)
- GE Defendants' Objections to Discovery Special Master's Report and Recommendation and [Proposed] Order Re GE Defendants' Motions to Compel Plaintiffs' Written Discovery and Reopen Rule 30(b)(6)

Depositions (filed Mar. 28, 2025, at Dkt. No. 788)

- GE Defendants' Objections to Discovery Special Master's Report and Recommendation and [Proposed] Order Re GE Plaintiffs' Motion to Compel Discovery (filed Mar. 28, 2025, at Dkt. No. 789)
- GE Defendants' Objections to Discovery Special Master's Report and Recommendation and [Proposed] Order Re Cross Motions Re Adoption of Proposed ESI Protocol (filed April 24, 2025, at Dkt. No. 826)

## VII. STATUS OF THE SAN DIEGO STATE COURT ACTION

GE Plaintiffs' Position:

As the Court is aware, there is an action parallel to this MDL brought against HMA and KA by the People of California in San Diego Superior Court. That action was recently reassigned from the Honorable Robert C. Longstreth to the Honorable Mark T. Cumba. Before the case was reassigned, Judge Longstreth had set various discovery deadlines and **a trial date of April 10, 2026**. All motions and discovery in the San Diego action are to be completed by March 13, 2026, and the deadline for motions for summary judgment is December 19, 2025.

The parties to the San Diego action will proceed into discovery which—unlike discovery in this MDL—is *not* bifurcated and GE Plaintiffs are prepared to adhere to the deadlines set by that court. Thus, as stated above, GE Plaintiffs need the Court to enter a new case management order enumerating the discovery that can be propounded, the timelines for doing so, and the schedule through trial, if they are to be able to coordinate their discovery efforts—to the extent it is practicable to do so—with the San Diego action.

HMA and KA's Position:

On May 9, 2025, the Parties received notice that the parallel action pending in San Diego Superior Court, *People of the State of California v. Hyundai Motor America, et. al.*, No. 37-2023-00011527-CU-NP-CTL, was transferred from the Honorable Robert C. Longstreth to the Honorable Mark T. Cumba. HMA and KA

anticipate that the trial date, currently set for April 2026, will likely be postponed as a result. The Parties have stipulated to coordinated discovery between the San Diego matter and the MDL. The Parties have not yet exchanged discovery in the San Diego matter.

## VIII. TRANSFER OF CITY OF JACKSON, MS TO THE MDL

<u>GE Plaintiffs' Position</u>:

As the Court is aware, the action the city of Jackson, Mississippi filed against HMA, HMC, KC, and KA was transferred to this Court. Jackson and Defendants stipulated to the extension of deadlines governing Defendants' time for answering and Jackson's time for serving its initial disclosures and fact sheet. Dkt. 818.

<u>HMA and KA's Position</u>:

On February 14, 2025, Jackson, Mississippi filed suit against HMC, HMA, KC, and KA in the Chancery Court of the First Judicial District of the County of Hinds, Mississippi. HMA and KA removed Jackson's action to the U.S. District Court for the Southern District of Mississippi and the suit was then transferred to this Court and MDL on or around April 17, 2025. Case No. 8:25-CV-00798, Dkts. 1-1, 6–7, 9, 11. On April 18, 2025, the Parties filed a stipulation extending HMA and KA's deadline to respond to Jackson's complaint and Jackson's time to submit its initial disclosures and completed fact sheet responses. Dkt. 818. Pursuant to the stipulation, on May 19, 2025, HMA and KA filed Answers to Jackson's Complaint. Dkts. 845, 846.

HMC and KC were not served with the complaint. Jackson has agreed to voluntarily dismiss their claims against HMC and KC. *See infra* Section IX, HMA and KA's Position.

## IX. STIPULATED DISMISSAL OF PARENT COMPANIES

<u>GE Plaintiffs' Position</u>:

Since the April 11, 2025, status conference, four additional GE Plaintiffs—Albuquerque, New Mexico; Jackson, Mississippi; Lexington-Fayette Urban County, Kentucky; and Metropolitan Government of Nashville and Davidson County,

Tennessee—have stipulated to a tolling agreement with Defendants' foreign parent companies, Hyundai Motor Company and Kia Corporation. Dkt. 849. All GE Plaintiffs have now filed similar stipulations. Dkts. 223, 292, 426, 515, 848, 849. The parties respectfully request that the Court issue the proposed orders, Dkts. 848-1, 849-1, regarding the parties' tolling agreements with HMC and KA.

<u>HMA and KA's Position:</u>

The Parties previously entered into stipulations dismissing then-existing GE Plaintiffs' claims against HMC and KC, and tolling for two years any statutes of limitation, statute of repose, or other time-based defenses available to HMC and KC. Dkts. 216, 223, 290, 292, 480, 515. On May 23, 2025, the Parties filed another stipulation modifying the tolling period such that each GE Plaintiffs' tolling period now runs until May 15, 2026. Dkt. 848.

On May 23, 2025, the Parties also filed a stipulation in which GE Plaintiffs Albuquerque, New Mexico; Lexington-Fayette Urban County, Kentucky; Metropolitan Government of Nashville and Davidson County, Tennessee; and Jackson, Mississippi agreed to dismiss their claims against HMC and KC on the same terms as those agreed to by the other GE Plaintiffs. Dkt. 849.

Both stipulations and their corresponding proposed orders are pending before the Court.

## X. STATUS OF THE NINTH CIRCUIT INTERLOCUTORY APPEAL

Oral argument for the interlocutory appeal pending before the Ninth Circuit took place on April 8, 2025, and the Parties will notify the Court when an opinion is issued.

## XI. SCHEDULING FOR THE NEXT STATUS CONFERENCE

The Parties are in communication regarding available dates for a status conference in July 2025.

DATED this 2nd day of June 2025

Respectfully submitted,

| KELLER ROHRBACK L.L.P. | QUINN EMANUEL URQUHART & SULLIVAN LLP |
|---|---|
| By */s/ Gretchen Freeman Cappio*<br>Gretchen Freeman Cappio (*pro hac vice*)<br>1201 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>Phone: (206) 623-1900<br>Fax: (206) 623-3384<br>gcappio@kellerrohrback.com<br><br>*Chair of the Governmental Entities Committee* | By */s/ Steven G. Madison*<br>Steven G. Madison (SBN: 101006)<br>stevemadison@quinnemanuel.com<br>Justin C. Griffin (SBN: 234675)<br>justingriffin@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:   (213) 443-3100<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I certify that on this 2nd day of June, 2025. I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Gretchen Freeman Cappio*
GRETCHEN FREEMAN CAPPIO