UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-ml-03052-JVS (KESx)                     Date  June 5, 2025

Title  In Re: Kia Hyundai Vehicle Theft Litigation

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Request Late Exclusion from Class Action Settlement [832]**

Tia Tucker ("Tucker") filed a motion to request late exclusion from class action settlement. (Mot., Dkt. No. 832.) Defendants Hyundai Motor Company ("HMC"), Hundai Motor America ("HMA"), Kia Corporation ("KC"), and KIA America, Inc. ("KA") (collectively, "Defendants") filed an opposition. (Defendants' Opp'n, Dkt. No. 842.) Consumer Class Plaintiffs filed a joinder in opposition. (Consumer Class Plaintiffs' Opp'n, Dkt. No. 843.) There is no reply.

For the following reasons, the Court **DENIES** the motion.

## I. Background

On October 1, 2024, this Court granted final approval of the Consumer Class Settlement. (See Final Settlement Approval, Dkt. No. 629.) In doing so, the Court dismissed the class action with prejudice. (Id.) Every Settlement Class member who did not opt-out by May 3, 2024, became permanently enjoined from bringing, joining, assisting in, or continuing to prosecute Defendants.

Tucker is a Class Member. (Mot. at 1.) Tucker requests to opt-out of the class after the opt-out deadline. (Id.)

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding for, among other reasons, "(1) "mistake,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | June 5, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." If the motion is made under Rule 60(b)(1), the motion must be made within a reasonable time, and no more than one year after the judgment, order, or proceeding. Fed. R. Civ. P. 60(c)(1). The moving party bears the burden of establishing that Rule 60(b) relief is justified. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

In determining whether a class member may seek a late opt-out, courts undertake an equitable analysis, looking to such factors as: (1) the degree of compliance with notice procedures; (2) when notice was actually received; (3) the cause and responsibility for delay; (4) how quickly the belated opt-out request was made; (5) how many class members want to opt out; and (6) whether allowing a belated opt-out would affect the finality of judgment. See In re Volkswagen, 895 F.3d 597, 618 (9th Cir. 2018). These factors are congruent with the factors typically analyzed for excusable neglect as set out in Pioneer. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 394 (1993). The decision to grant relief is within the discretion of the court. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987).

### III. Discussion

A.   *Factors (1) and (2): Degree of Compliance with the Best Practicable Notice Procedures and When Notice was Actually Received*

On October 1, 2024 this Court granted final approval of the Consumer Class Settlement. (See Final Settlement Approval, Dkt. No. 629.) In coming to its decision, the Court reviewed all timely objections and determined that the settlement was fair, reasonable, and adequate. (Id.) Prior to this ruling, the Court approved the Preliminary Approval of the Class Action Settlement, wherein the Court found that the parties had satisfied the requirements of Federal Rule of Civil Procedure 23. (Dkt. No. 256 at 3.)

The first factor—degree of compliance with the best practicable notice procedures—remains neutral. As this Court stated during its final approval of the Class Action Settlement,

> No later than **March 4, 2024**, Defendants shall cause notice to the Settlement Class to be disseminated by U.S. mail (for current Class Vehicle owners and lessees as reflected in DMV databases), email (for Class members whose information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | June 5, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Defendants have), and the dedicated Settlement website (with a link to the dedicated Settlement website from both the Hyundai and Kia main U.S. webpages).

(Final Settlement Approval at 12.)

Defendants are correct that the Court already found that the notice plan fully complied with Rule 23 and due process. (See Dkt. No. 256 at 3.) Additionally, Defendants conducted an extensive media outreach to provide notice. (Dkt. No. 378, Ex. 18 ¶¶ 18–21.) However, the Settlement Administrator also admitted to technical errors causing emails to bounce back during mass emailing, even on a second attempt. (Id. ¶¶ 16–17.) Tucker has noted that she was previously receiving emails from Defendants regarding her vehicles and thus, pursuant to this Court's final settlement approval, email would have been the proper method to provide her with the Class Notice. (See Final Settlement Approval at 12.) Defendants do not contend that they provided email notice but rather focus on the actual notice Tucker received via U.S. mail. (See Defendants' Opp'n at 3.) Thus, the first factor remains neutral.

However, despite the uncertainty surrounding compliance with Tucker's Class Notice, the fact remains that Tucker still received actual mail notice in late March 2024. (See Mot. Ex. C at 3.) Tucker had one month before the opt-out date, and more than two weeks before the notification of the death of a close relative on April 18, 2024. (Id.) Thus, the second factor favors against granting relief from the judgment.

> B. *Factors (3) and (4): Cause of the Delay, and How Quickly the Belated Opt-Out Request was Made Once Notice was Received*

Third, the cause of delay in opting out and who bears the responsibility in the delay, leans in favor of Tucker. Here, Tucker states that the death of a close relative and the accompanying travel requirements coincided with the opt-out deadline. (See Mot., Ex. C at 14–18.)

While some courts have found that a family member's hospitalization, even for a serious condition like COVID-19, was not an adequate explanation to meet an opt-out deadline, this Court finds Tucker's reason for delay presents a more compelling scenario. Contra A.B. v. Regents of Univ. of Cal., 2021 WL 5195639, at *3 (C.D. Cal. Oct. 3, 2021). Here, Tucker's request stems from the death of a close relative, not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | June 5, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

hospitalization. Additionally, unlike the broad and vague assertion of the movant in A.B. that the hospitalization "consumed [her] attention," Tucker has provided a concrete explanation of precisely when she was away and why she was unable to direct her attention to the notice. Thus, the third factor further favors Tucker.

However, the fourth factor regarding how quickly the opt-out request was made, heavily favors not granting relief from the judgement. Tucker contacted the Settlement Administrator via email on June 7, 2024 to request a deadline extension to object and opt-out of the settlement. (Mot., Ex. A at 7.) The Settlement Administrator replied to Tucker on June 11, 2024. (Mot., Ex. A at 7–9.) Tucker submitted her objection request, not opt-out request, on July 5, 2024. (Mot., Ex. B at 10–13.) On April 25, 2025 Tucker filed her motion to opt-out. (Mot. at 1.) No reason was provided for the delayed opt-out request nine months following Tucker's letter to the Settlement Administrator. Furthermore, this is the first affirmative indication that Tucker is interested in opting-out of the settlement, nearly a year after the May 3, 2024 deadline has passed. Thus, the fourth factor strongly favors not granting relief from the judgment.

> C. *Factors (5) and (6): How Many Class Members Want to Opt-Out, and Whether a Belated Opt-Out Would Affect the Settlement*

Fifth, the number of class members who want to opt-out late, strongly favors Tucker. Tucker brings forth an isolated and unique request for exclusion. Courts are willing to grant a late opt-out when the circumstances of the delay are genuinely excusable, even if it adds to the number of exclusions. See Jones v. Tirehub LLC, 2024 WL 2132611, at *4 (E.D. Cal. May 13, 2024) (granting late opt-out and noting "that only a few individuals have sought to opt out"); see also A.B. v. Regents of Univ. of Cal., 2021 WL 5195639, at *3 (denying late opt-out but noting that there were only six individuals seeking to opt-out of a class of roughly 6,600).

The sixth and final factor, impact on the settlement or the finality of judgment, weighs heavily against granting relief to Tucker. Class action settlements, including this one, are often reached after extensive proceedings. All parties, including Tucker, had a clear opportunity to object and be heard before final approval. (Final Settlement Approval at 12–14.) An objection, unlike an opt-out, keeps an individual bound by the settlement. Here, the Court considered all timely objections, and the settlement was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS (KESx) | Date | June 5, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

approved.  (See Final Settlement Approval.)  While the court in Jones granted a late opt-out, the decision was based on a failure of notice delivery.  Jones v. Tirehub LLC, 2024 WL 2132611, at *3.  Here, Tucker submitted a motion to opt-out nearly a year after the opt-out deadline and a few months after the final approval settlement, with no explanation for the extensive delay. Allowing a late opt-out after final approval undermines the settlement's finality and prejudices the Defendants.

On balance, the Court finds that the factors weigh against granting relief from judgment.  While the death of a close relative presents a compelling justification for late opt-out, Tucker's delay in seeking the motion, her actual notice of the ability to opt-out prior to the deadline, and the prejudice to the finality of judgment, ultimately lean against granting the requested relief.  Accordingly, the Court **DENIES** Tuckers motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

  **IT IS SO ORDERED.**

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the June 9, 2025, hearing.