1  QUINN EMANUEL URQUHART & SULLIVAN LLP
2  Steven G. Madison (SBN: 101006)
   stevemadison@quinnemanuel.com
3  Justin C. Griffin (SBN: 234675)
   justingriffin@quinnemanuel.com
4  865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100
7
   *Attorneys for Defendants Hyundai Motor*
8  *America and Kia America, Inc.*

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ML-3052-JVS-(KESx) |
| | The Honorable James V. Selna |
| This Document Relates to: | **DEFENDANTS HYUNDAI MOTOR AMERICA AND KIA AMERICA, INC.'S *EX PARTE* APPLICATION TO SHORTEN TIME ON THEIR MOTION FOR AN ORDER TO SHOW CAUSE RE: CERTAIN GOVERNMENTAL ENTITY PLAINTIFFS' REFUSAL TO FOLLOW COURT ORDER** |
| GOVERNMENTAL ENTITIES TRACK | |
| | Hearing Date:  June 9, 2025 |
| | Hearing Time: 1:30 p.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Kia America, Inc. ("KA") and Hyundai Motor America ("HMA") hereby apply *ex parte* for an order shortening time on their Motion for an Order to Show Cause ("Motion").  By this *ex parte* application, HMA and KA request that the Court hear the Motion at its earliest available date.

HMA and KA provided notice to counsel for the Governmental Entity Plaintiffs ("GE Plaintiffs") including the five GE Plaintiffs whose contemptuous conduct is the subject of the Motion (Buffalo, New York; Indianapolis, Indiana; Milwaukee, Wisconsin; St. Louis, Missouri; Tacoma, Washington (collectively, the "Five Cities")) for an Order to Show Cause of this *ex parte* application by email on June 5, 2025.[1]  GE Plaintiffs oppose this application.  Lead counsel for GE Plaintiffs Buffalo, NY; Indianapolis, IN; Milwaukee, WI; and Tacoma, WA is Gretchen Freeman Cappio, Esq. of Keller Rohrbach LLP, whose business address is 1201 Third Avenue, Suite 3400, Seattle, WA 98101, and whose business telephone number and email address are (206) 623-1900 and gcappio@kellerrohrback.com.  Lead counsel for GE Plaintiff St. Louis, MO is J. Russell Jackson, Esq. of Dowd Bennett LLP, whose business address is 7676 Forsyth Blvd., Suite 1900, Saint Louis, Missouri 63105, and whose business telephone number and email address are (314) 889-7300 and rjackson@dowdbennet.com.

This Application is based on this *Ex Parte* Application; the accompanying Memorandum of Points and Authorities; the concurrently filed Declaration of Steven G. Madison; the Motion for an Order to Show Cause and papers in support thereof filed contemporaneously herewith; the pleadings and papers on file in this action; such matters of which the Court may take judicial notice; and such further evidence or argument as may be considered by the Court at or before the hearing on this Application.

---

[1]  Declaration of Steve Madison.

HMA AND KA EX PARTE APPLICATION TO SHORTEN TIME

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  June 6, 2025                      QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By  */s/ Steven G. Madison*
                                              Steven G. Madison (SBN: 101006)
                                              stevemadison@quinnemanuel.com
                                              Justin C. Griffin (SBN: 234675)
                                              justingriffin@quinnemanuel.com
                                              865 South Figueroa Street, 10th Floor
                                              Los Angeles, California 90017-2543
                                              Telephone:   (213) 443-3000
                                              Facsimile:   (213) 443-3100

                                              *Attorneys for Defendants Hyundai Motor
                                              America and Kia America, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

On April 11, 2025, this Court unequivocally ordered discovery into five Governmental Entity Plaintiffs ("GE Plaintiffs") from five different jurisdictions. Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") promptly complied with this order, serving a single request for production of documents on five GE Plaintiffs – Buffalo, New York; Indianapolis, Indiana; Milwaukee, Wisconsin; St. Louis, Missouri; and Tacoma, Washington (collectively, the "Five Cities"). All Five Cities responded to the requests, stating they have no intention of complying with the order by providing the requested documents. Accordingly, HMA and KA seek relief in a concurrently-filed Motion for an Order to Show Cause ("Motion") as to why the Five Cities should not be held in contempt for failing to comply with the Court's April 11 Order (the "Five City Order").

HMA and KA are presently under significant time constraints, because of the looming fact discovery deadline of August 15, 2025, and the Court's stated intention to consider whether or not to utilize bellwethers in the GE Track. The information sought by HMA and KA's requests to the Five Cities is needed expeditiously, and would greatly prejudice HMA and KA if not received prior to the Court's considering the use of bellwethers, or the beginning of Phase II discovery. The urgency created is in no part due to HMA and KA, who promptly served the discovery requests ordered by the Court, and swiftly sought relief when the Five Cities failed to comply.

HMA and KA thus respectfully seek an order shortening the time to hear their Motion for an Order to Show Cause to the Court's earliest available hearing date.

### Factual Background

HMA and KA's Motion describes the April 11 Order issued by this Court, which the Five Cities refuse to comply with. *See* Ex. D to Madison Decl. ISO Motion, Hr'g Tr. at 35:24–36:1 (Apr. 11, 2025). HMA and KA hoped to receive, as did the Court, the documents prior to the Parties' next status conference, currently scheduled

for June 9, 2025.  *See id.* at 36:5 (urging the Parties to "get some of that information out there"); *see also* Ex. A to Madison Decl. ISO Motion, Email from S. Madison (May 5, 2025).  Indeed, the Court stated its intention to "revisit [this] issue when we visit the new Motions to Dismiss and renew this further discussion of the bellwethers" at the next status conference.  Ex. D to Madison Decl. ISO Motion at 36:1–3.

On June 5, 2025, pursuant to Local Rule 7-19.1, HMA and KA notified the Five Cities it would be filing the present *ex parte* application to shorten the time to hearing its motion for an order to show cause due to the urgent need to resolve this issue and receive the documents the Court ordered be produced.  *See* Madison Decl. at 4.  The Five Cities oppose this application.  *Id.*  Notwithstanding the Five Cities' opposition, there is good cause to hear argument on HMA and KA's motion as soon as possible in light of the Parties' looming discovery deadline, the need to assess whether to utilize bellwethers in the present action, and the need for future discovery of GE Plaintiffs.

<u>Argument</u>

## I. THERE IS GOOD CAUSE TO HEAR THIS APPLICATION ON AN *EX PARTE* BASIS

The Motion is presently noticed to be heard on July 7, but hearing the Motion on an expedited basis is necessary to avoid substantial prejudice to HMA and KA as the police reports are necessary to assess the utility of bellwethers in the present action and shape the next phase of discovery.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (*ex parte* applications to shorten time to hearing are appropriate when moving party's cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures").

### A. GE Plaintiffs' Delays Have Necessitated Immediate Intervention By The Court

Imminent deadlines in the GE Track require the discovery ordered by the Court on April 11 be produced immediately, which requires a shortened hearing time on the

order to show cause to accomplish. Presently, the GE Track faces (1) the Court's reconsideration of the use of bellwethers, which the Court indicated it would renew discussion of during the June 9, 2025 status conference; and (2) the close of discovery, set for August 15, 2025. And while the Court may order the Five Cities to comply with its April 11 Order, HMA and KA will require the police reports of *all GE Plaintiffs* eventually, emphasizing the need for immediate resolution of their motion.

HMA and KA will be severely prejudiced in their assessment for the need and selection of bellwethers in the GE Track without the information ordered be provided by the Court. HMA and KA sought the production of all GE Plaintiffs' police records underscoring the (1) theft of Subject Vehicles as alleged in their complaints; and (2) related crimes stemming from those thefts since *October 2024* as part of Phase 1 fact discovery. The Court has previously recognized the need for complete Phase 1 discovery in order to assess the use of bellwethers in the GE Track. Ex. A to Madison Decl., Hr'g Tr. at 7:12–14 (Nov. 12, 2024); Ex. B to Madison Decl., Hr'g Tr. at 12:23–14:1 (Jan. 23, 2025). At the April 11 status conference, the Court also indicated the need to have the discovery of the Five Cities' police records proceed immediately in order to assess what the data says, any potential burden in producing it, and see where it leads, before returning to the discussion of bellwethers. *See* Ex. D to Madison Decl. ISO Motion, Hr'g Tr. at 38:3–6. The Parties again presented their views on the use of bellwethers prior to the status conference set for June 9, 2025, *see* Dkt. Nos. 856 and 857, but HMA and KA are still without the information needed to make a proper assessment due to GE Plaintiffs' failure to comply with the Court's order. HMA and KA require the data from the police reports to assess whether a representative GE Plaintiff could even be identified out of the larger pool of GE Plaintiffs, a threshold question for assessing the usefulness of bellwethers. *See In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) ("A bellwether trial … has as a core element representativeness."). GE Plaintiffs' Phase 1 30(b)(6) depositions revealed that the police reports underscoring the thefts at issue, and in particular any narrative field

within the reports, would contain information regarding the manner and method of theft, providing essential information to understanding the scope of GE Plaintiffs' alleged injuries, HMA and KA's corresponding defenses, as well as crucial information regarding possible complicated causation analyses. Should any decisions regarding the use of bellwethers be rendered before HMA and KA have the benefit of assessing this information for the Five Cities, they would be severely prejudiced. *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) ("Failure to produce documents as ordered ... is considered sufficient prejudice.") (citation omitted); *see also Adams v. Deva Concepts, LLC*, 2023 WL 6518771, at *3 (S.D.N.Y. Oct. 4, 2023) ("Because the Court cannot choose 'representative plaintiffs for bellwether discovery … in a vacuum,' … plenary discovery must be conducted before, if at all, proceeding to the staggered, bellwether-centric approach …. Proceeding prematurely now would produce only inefficiencies and delay.") (citation omitted); *see also id.* at *7 ("Here, Defendant proffers that it is operating in an information vacuum …. If even the defendant cannot discern the appropriate, representative bellwether categories with the information presently available, it is clear that the Court cannot do so, given its substantially more limited familiarity with the underlying facts at this stage of the case.").

In addition, courts have recognized impending discovery cut-offs as an appropriate reason for granting *ex parte* relief to shorten hearing times. *See LA Terminals, Inc. v. United Nat'l Ins. Co.*, 2021 WL 6618737 (C.D. Cal. Oct. 28, 2021) (granting *ex parte* application to shorten time for hearing on motion to compel discovery when discovery cut-off would not allow non-moving party "to meaningfully comply with any order requiring supplemental production if the Court were to order the same"); *see also Brown v. Prop. & Casualty Ins. Co. of Hatford*, 2021 WL 929619, at *5–6 (E.D. Cal. Mar. 11, 2021) (granting *ex parte* application to shorten time to hearing when regularly notice motion could not be heard before deadline to complete discovery). Discovery is currently set to conclude by August

15, 2025 in the present action.  Dkt. 295.  There will not be time to require the five GE Plaintiffs currently at issue to meaningfully comply with the Court's Order should the hearing date proceed at the standard 28-day minimum, setting the hearing date at July 7, 2025 at the earliest.  It is thus necessary to shorten the time to hearing in order to meet the discovery cut-off.

Alarmingly, one of the Five Cities currently subject to the Court's April 11 order to produce, St. Louis, indicated it would not produce police reports *at any point*, whether now or in during any subsequently-ordered Phase 2 discovery.  *See* Ex. G to Madison Decl. ISO Motion, St. Louis' Responses and Objections to HMA and KA's Second Set of Requests for Production of Documents.  The reason provided was that St. Louis could not be subject to any Phase 2 discovery as it could not serve as a bellwether in light of it having been originally filed outside this District.  *Id.*  HMA and KA would be subjected to severe prejudice should GE Plaintiffs refuse wholesale to comply with ordered discovery outside of a bellwether process tailored to their liking.  The Court's immediate intervention is needed through a shortened hearing process to ensure *all GE Plaintiffs* understand their discovery obligations.

## B.  HMA And KA Are Without Fault In The Delays

HMA and KA had no part in creating the instant exigency.  *See Mission Power Eng'g Co.*, 883 F. Supp. at 492 ("[I]t must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief.").  HMA and KA first sought discovery of GE Plaintiffs' police records for the thefts and related crimes at issue in October 2024.  After a motion to compel the data related to these crimes proved unsuccessful before the Discovery Special Master, *see* Dkt. 780-1, HMA and KA filed objections with the Court, *see* Dkt. 788, which await a ruling.  It was in response to the discussion of these objections at the April 11 status conference that the Court issued the order directing HMA and KA to narrow their requests for police records to five GE Plaintiffs.  *See* Ex. D to Madison Decl. ISO Motion, Hr'g Tr. at 35:23–36:5.  HMA and KA did not delay in propounding the ordered discovery,

serving GE Plaintiffs just one week later on April 18, 2025.  When it appeared GE Plaintiffs might not make the discovery response deadline of May 19, 2025, HMA and KA sent an email seeking to coordinate the production as soon as possible.  *See* Ex. B to Madison Decl. ISO Motion, Email from S. Madison (May 19, 2025).  The Five Cities provided their responses and objections later that night.  HMA and KA met and conferred with the Five Cities regarding their objections and interpretation of the Court's April 11 order as soon as possible on May 30, 2025.  Madison Decl. ISO Motion at 8.  Despite HMA and KA's emphasis on the urgent need to receive the documents ordered, GE Plaintiffs indicated during the May 30 meet and confer that they anticipated additional meet and confers, perhaps in an effort to delay the process until after the Court could decide bellwethers and potentially stay discovery of other GE Plaintiffs.   Realizing the Parties were fundamentally misaligned on their understanding of the Court's clear April 11 Order, HMA and KA did not delay in bringing its Motion for an Order to Show Cause.  Accordingly, in spite of GE Plaintiffs' efforts to delay this litigation by refusing to provide the court-ordered documents, HMA and KA have persistently attempted to accelerate a resolution of this dispute.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## Conclusion

For the foregoing reasons, HMA and KA respectfully request that the Court grant this application to hear and decide its Motion for an Order to Show Cause on an expedited basis.

DATED:  June 6, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Steven G. Madison*
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*