UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | June 10, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendants' Motion for Judgment on the Pleadings [823]**

Before the Court is Defendants Hyundai Motor America ("HMA") and Kia America, Inc.'s ("KA") (collectively, "Defendants") Motion for Judgment on the Pleadings as to the common law negligence claims of Cincinnati, Cleveland, Colombus, Lorain, and Parma, Ohio Governmental Entity Plaintiffs ("Ohio GE Plaintiffs" or "Plaintiffs"). (Mot., Dkt. No. 823.) Ohio GE Plaintiffs oppose the motion. (Opp'n, Dkt. No. 844.) Defendants replied. (Reply, Dkt. No. 850.)

For the following reasons, the Court **GRANTS** the motion.

### I. BACKGROUND

The parties are familiar with the facts of this multidistrict litigation ("MDL"), so the Court recites them here only as necessary to resolve this Motion. (See Governmental Entity ("GE") Plaintiffs Order, Dkt. No. 270.) The Ohio GE Plaintiffs allege that "[f]or most model years between 2011 and 2022," Defendants "designed, manufactured, and distributed [certain] automobile models without engine immobilizers or other reasonable anti-theft technology." (Lorain First Amended Complaint ("FAC"), Dkt. No. 406-1 ¶ 3; Consolidated GE Complaint ("CGEC"), Dkt. No. 175 ¶ 3.)[1] "As a result," the Plaintiffs allege that online videos spread the ease of which thieves could steal Defendants' vehicles, resulting in "a dangerous rash of thefts" and a "vehicular crime wave [that] has had a significant impact on law enforcement operations, emergency services, and public

---

[1] Lorain makes substantively the same factual allegations in its FAC as the GE Plaintiffs did in their Complaint. (Compare FAC, with CGEC.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS-KES | Date | June 10, 2025 |
|---|---|---|---|

| Title | In Re: Kia Hyundai Vehicle Theft Litigation |
|---|---|

safety."  (Id. ¶ 4; CGEC ¶ 4.)

On December 13, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring related actions from fourteen District Courts to this Court for consolidation and pretrial coordination.  (Dkt. No. 1.)  Shortly after the MDL was established, the JPML conditionally transferred related cases filed by the cities of Seattle, Washington, and Columbus, Ohio, alleging public nuisance caused by the Theft Prone Defect.  Additional actions on behalf of the cities of Cincinnati, Ohio, Cleveland, Ohio, Buffalo, New York, and Madison, Wisconsin, among others, were also filed.  (See JPML Dkt. Nos. 142, 154, 159.)

On July 28, 2023, the GE Plaintiffs filed their Consolidated GE Complaint ("CGEC").  (CGEC.)  The Complaint alleged claims by Columbus, Cleveland, Cincinnati, and Parma, Ohio for common law public nuisance, (id. ¶¶ 302-325), common law qualified public nuisance, (id. ¶¶ 326-347), and negligence (id. ¶¶ 348-372).  The Complaint also alleged two additional statutory claims on behalf of Columbus, Ohio.  (Id. ¶¶ 373-388.)  Additionally, the City of Lorain, Ohio filed an amended complaint, which alleged causes of action for common law absolute public nuisance, common law qualified public nuisance, and negligence.  (FAC.)

On November 17, 2023, this Court declined to dismiss the Ohio GE Plaintiffs' public nuisance claims pending the Ohio Supreme Court's decision on whether the Ohio Products Liability Act, Ohio Rev. Code § 2307.71 et seq, as amended in 2005 and 2007 ("OPLA"), abrogated common law public nuisance claims.  (Order, Dkt. No. 270.)  On January 29, 2023, the Court certified interlocutory appeal on that Order with respect to the Ohio GE Plaintiffs' negligence claims.  (Dkt. No. 298.)  The pertinent question on appeal is: "whether a tort duty to protect against third-party criminal conduct can be based solely on the foreseeability of harms—even in the absence of a special relationship" under Ohio law.  (Id. at 7.)  However, the Court declined to stay the proceedings pending appeal.  (Id. at 8.)

The Ohio Supreme Court recently decided the OPLA abrogation issue in In re Nat'l Prescription Opiate Litig., 2024 WL 5049302 (Ohio Dec. 10, 2024).  In light of this decision, on May 14, 2025, the parties stipulated to dismiss with prejudice the Ohio GE Plaintiffs' common law public nuisance claims.  (Joint Stip., Dkt. No. 841.)  Defendants now move for judgment on the pleadings as to the Ohio GE Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS-KES | Date | June 10, 2025 |
|---|---|---|---|

| Title | In Re: Kia Hyundai Vehicle Theft Litigation |
|---|---|

negligence claims, (CGEC ¶¶ 348-372; FAC ¶¶ 157-181), under the same theory of OPLA abrogation. (Mot. at 8.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court should grant a motion for judgment on the pleadings if, "accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir.2009)); see also Wright & Miller, Fed. Prac. and Proc. § 1367 (3d ed. 2024). The same standard as a Rule 12(b)(6) motion governs a Rule 12(c) motion. Chavez, 683 F.3d at 1108; United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

In resolving a 12(b)(6) motion, a court uses a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor must a court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. Discussion

1.  *Pending Ninth Circuit Appeal*

Plaintiffs claim that the pending Ninth Circuit appeal regarding the GE Plaintiffs' negligence claims "deprive[s] this Court of jurisdiction to consider the present motion." (Opp'n at 1.) According to Plaintiffs, while this Court certified a narrow question regarding the existence of a common law duty for interlocutory appeal, "Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | June 10, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

have asked the Ninth Circuit to review the entirety of this Court's Order." (Id.) Specifically, Defendants made arguments in their Ninth Circuit reply brief regarding OPLA's abrogation of the Plaintiffs' public nuisance claims. (Id. at 1, 4.) Defendants also challenged the adequacy of the Ohio common-law negligence claims on separate grounds. (Id. at 4.) Thus, Plaintiffs argue that, because "it is possible that the Court of Appeals will reach the issue and enter an order on the merits," this Court should deny the present motion and avoid the risk of inconsistent rulings. (Id. at 1.)

In response, Defendants argue that there is no risk of inconsistent rulings because "the order addressed by the appeal concerns an entirely different motion that was brought on entirely different grounds and only relates to four of the five Ohio GE Plaintiffs." (Reply, at 3.) Further, Defendants contend that they only raised the issue of OPLA in relation to the GE Plaintiffs' public nuisance claims, and not their negligence claims, on appeal. (Id.) Finally, Defendants argue that this Court's consideration of the motion would serve judicial economy and help the parties make informed choices regarding potential bellwether trails. (Id.)

Because Defendants have only raised the issue of OPLA in relation to the public nuisance claims, and not the negligence claims, on appeal, it is unlikely that the Ninth Circuit will address whether OPLA abrogates the negligence claims. Further, it is unlikely that the Ninth Circuit will reach any issues related to OPLA, as the interlocutory appeal only relates to a narrow question of tort duty. Thus, contrary to Plaintiffs' contention, there is minimal to no risk of conflicting rulings. (See Opp'n at 5-6.) The Court exercises its discretion to decide the present motion.

2.   *Are the Ohio GE Plaintiffs' Negligence Claims Abrogated by OPLA?*

Defendants move for judgment on the pleadings as to the Ohio GE Plaintiffs' negligence claims on the grounds that, in light of Nat'l Prescription Opiate, these claims are abrogated by OPLA. (Mot. at 1.) OPLA specifically abrogates "all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B); see Nat'l Prescription Opiate, 2024 WL 5049302, at *6. OPLA provides two definitions for product liability claims. First, a product liability claim under OPLA:

. . . seeks to recover compensatory damages from a manufacturer or supplier for
   death, physical injury to person, emotional distress, or physical damage to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | June 10, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

property other than the product in question, that allegedly arose from any of the following:

(a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;

(b) Any warning or instruction, or lack of warning or instruction, associated with that product;

(c) Any failure of that product to conform to any relevant representation or warranty.

Ohio Rev. Code § 2307.71(A)(13).

Second, under OPLA, "'[p]roduct liability claim' also includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." Id. In regard to this second definition, the court in Nat'l Prescription Opiate specifically held that:

Because "includes" has been used in its additive sense, public-nuisance claims are a second, independent category of product-liability claims. This means that the confines of the first category of product-liability claims are of no moment when determining the bounds of the second. Instead, the parameters of the second category must be drawn from the second paragraph of [Ohio Rev. Code §] 2307.71(A)(13), not the first.

2024 WL 5049302, at *5. The court in Nat'l Prescription Opiate also pointed to the uncodified section of the 2007 Amendment to OPLA adopted by the General Assembly, which "expresses the General Assembly's intent to abrogate 'all common law product liability causes of action including common law public nuisance causes of action, regardless of how the claim is described . . ." Id. at *7 (citing Am.Sub.S.B. No. 117, Section 3, 151 Ohio Laws, Part II, 2274, 2291). Thus, "[t]he plain language of the OPLA abrogates product-liability claims, including product-related public-nuisance claims seeking equitable relief." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | June 10, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Finally, although the court in Nat'l Prescription Opiate only considered whether OPLA abrogated public nuisance claims, the court also examined the legislative history of the 2005 Amendment to OPLA, which considered OPLA's application to negligent design claims. Id. at *2. Specifically, the court found that "[t]he legislative history expressed the General Assembly's intent 'to supersede the holding of the Ohio Supreme Court in Carrel v. Allied Products Corp.[], 78 Ohio St.3d 284, 677 N.E.2d 795 [(1997)], that the common law product-liability cause of action of negligent design survives the enactment of [the OPLA] . . ., and to abrogate all common law product liability causes of action.'" Id. (citing Am.Sub.S.B. No. 80, Section 3, 150 Ohio Laws, 7915, 8031). Thus, OPLA may abrogate a product-based negligence claim if the claim falls under one of OPLA's two product liability claim definitions.

The Court now considers whether Plaintiffs' negligence claims fall under either of OPLA's two definitions for a product liability claim.

    a.    <u>First Product Liability Claim Definition: Nature of Relief Requested</u>

Plaintiffs argue that their negligence claims are not abrogated under OPLA's first definition of a product liability claim because they do not seek non-economic compensatory damages. (Opp'n at 9.) The Court agrees that, because the court in Nat'l Prescription Opiate specifically differentiated between the first and second definition of product liability claims, the first definition's requirement that a claim must seek non-economic compensatory damages remains in-tact. 2024 WL 5049302, at *5.

The Court is unpersuaded by Defendants' argument to the contrary. Specifically, Defendants claim that LaPuma v. Collinwood Concrete, 1996-Ohio-305, 75 Ohio St. 3d 64 (1996), the case which originally held that claims seeking only economic damages were not abrogated by OPLA, is "no longer good law." (Mot. at 2.) However, the court in Nat'l Prescription Opiate specifically declined to address LaPuma, and noted that "despite expressing a desire to supersede Carrel, the legislative history made no mention of our decision in LaPuma . . ." 2024 WL 5049302, at *2. Further, LaPuma likely remains applicable to claims falling under the first definition of a product liability claim, given Nat'l Prescription Opiate's differentiation between the two product liability claim definitions. See id. at *5. Thus, the Court finds that Plaintiffs' negligence claims do not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-ml-03052-JVS-KES                         Date  June 10, 2025

Title  In Re: Kia Hyundai Vehicle Theft Litigation

fall under the first OPLA definition of a product liability claim because the claims seek economic damages.²

The parties seem to agree that, pursuant to Nat'l Prescription Opiate, claims that fall under OPLA's second definition of a product liability claim are abrogated even if the claims seek economic damages.³ (Mot. at 2; Opp'n at 9.) Thus, the Court now determines whether the negligence claims fall under the second definition for product liability claims.

      b.      Second Product Liability Claim Definition: Violation of a Public Right

To fall under the second OPLA definition for a product liability claim, a cause of action at common law must "allege[] that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." Ohio Rev. Code § 2307.71(A)(13).

According to Defendants, Plaintiffs' negligence claims allege that Defendants "interfered with the public's right to safety by designing, manufacturing, and distributing vehicles that lacked immobilizers." (Mot. at 9.) Specifically, the first paragraphs of the Complaints state: "There is an inextricable link between preventing vehicle theft and protecting public safety. Making sure cars are not sitting ducks that are simple to steal protects both property and the public by keeping dangerous drivers in stolen vehicles off the roads." (Id. (citing CGEC ¶ 1; FAC ¶ 1).) Further, Defendants point to additional allegations in both Complaints alleging an interference with public safety, including a section titled "Car Thefts Imperil Public Safety." (Id. at 9-10 (citing CGEC ¶¶ 67, 77,

---

² Defendants also argue in their Reply that Ohio GE Plaintiffs have attempted "to disclaim property damage to avoid OPLA abrogation." (Reply, at 10.) However, because the Court finds that the negligence claims are abrogated under the second OPLA definition for product liability claims, it need not address this argument.

³ For example, Defendants argue that with respect to claims alleging an interference with a public right, "the type of relief requested is of no moment regarding abrogation." (Mot. at 2.) Similarly, Plaintiffs state that under Nat'l Prescription Opiate, "the purely-economic damages carveout in the first paragraph does not apply to the public nuisance claims that are covered by the second paragraph defining a 'product liability claim.'" (Opp'n at 9.) See Nat'l Prescription Opiate, 2024 WL 5049302, at *5, 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | June 10, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

86; FAC ¶¶ 52, 63, 74).) These allegations were incorporated by reference into the Plaintiffs' negligence claims. (Id. at 9 (citing CGEC ¶ 348; FAC ¶ 157).) Finally, Defendants cite to allegations within Plaintiffs' negligence causes of action which claim that Defendants "created an unreasonable risk of harm to the public." (Id. at 10 (citing CGEC ¶ 349, 352, 362, 365; FAC ¶¶ 158–159, 162, 171, 175 (same and similar)).) Thus, Defendants argue that Plaintiffs' negligence claims are abrogated by OPLA. (Id. at 9-10.)

In response, Plaintiffs argue that the negligence claims do not fall within the second definition of a product liability claim under OPLA because the claims "are not predicated on an invasion of a public right."⁴ (Opp'n at 10.) Plaintiffs point to this Court's prior Order, which discussed Plaintiffs' negligence claims in relation to the harm suffered by local governments. (Id. (citing Dkt. No. 270, at 8-9).) Plaintiffs further point to sections of the Complaints which allege that Defendants owed a duty only to the Ohio GE Plaintiffs to not expose these Plaintiffs to harm. (Id. (citing CGEC ¶¶ 350, 354, 359, 361, 364).) Finally, Plaintiffs argue that "Defendants conflate the 'reckless disregard of the safety and health' GE Plaintiffs allege to support their negligence claims with an invasion of a public right alleged to support a public nuisance claim." (Id. at 12.) Plaintiffs claim that the allegations regarding public safety were pled in support of their claim for punitive damages; thus, the allegations are akin to an "aggravating factor," and do not support the negligence claims on their own. (Id.) Consequently, according to Plaintiffs, "[t]he duty alleged in the negligence claims is to the GE Plaintiffs, not their residents . . ." (Id.)

In their Reply, Defendants argue that "nowhere in OPLA's language or Ohio caselaw does it say that the reason for an allegation is relevant to the question of whether a claim is abrogated by OPLA." (Reply, at 12-13 (emphasis omitted).) Further, Defendants point out that the Complaints contain other allegations regarding public harm that are not related to the request for punitive damages. (Id. at 13 (citing CGEC ¶¶ 352, 362; FAC ¶¶ 162, 171).) Consequently, because Plaintiffs both incorporate their allegations regarding the public nuisance claims by reference into their negligence claims, (CGEC ¶ 348; FAC ¶ 157), and because the Plaintiffs also made such allegations

---

⁴ Defendants argue that the correct standard is not whether the claims are "predicated on" an invasion of a public right, but whether the claims "allege[]" such an invasion. (Reply, at 11.) The Court agrees with Defendants' articulation of the standard. See Ohio Rev. Code § 2307.71(A)(13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-ml-03052-JVS-KES                    Date  June 10, 2025

Title  In Re: Kia Hyundai Vehicle Theft Litigation

directly in their negligence causes of action, Plaintiffs allege invasion of a public right as required under OPLA. (Id.)[5]

The Court agrees with Defendants. First, Plaintiffs' negligence claims contain allegations that the design, manufacturing, and distribution of these vehicles unreasonable interfered with the general public's right to safety. For example, paragraph 352 of the CGEC states: "At all times relevant to this litigation, Defendants knew or, in the exercise of reasonable care, should have known of the hazards and dangers of forgoing installation of engine immobilizers in the Susceptible Vehicles and specifically, the increased risk of vehicle theft and public harm." (CGEC ¶ 352; see also FAC ¶ 162 (similar).) Similarly, the Complaints allege that "Defendants engaged in conduct, as described above, that constituted reckless disregard of the safety and health of the Ohio Cities' respective residents . . .," (id. ¶ 365; FAC ¶ 174 (similar)), and that "Defendants knew of the conduct constituting reckless disregard for public safety and adopted or approved that conduct after it occurred," (id. ¶ 366; FAC ¶ 175). Finally, the negligence causes of action contain allegations that "Defendants' willful, knowing, and reckless conduct, constituting reckless disregard of the Ohio GE Plaintiffs' rights, including the right to public safety, therefore warrants an award of aggravated or punitive damages." (Id. ¶ 370; FAC ¶ 176 (similar).)

Second, the Court is unpersuaded by Plaintiffs' contention that certain paragraphs in the Complaint allege that Defendants owed a duty only to the Ohio GE Plaintiffs. (See Opp'n at 10.) OPLA specifically asks whether the cause of action alleges an unreasonable interference "with a right common to the general public." Ohio Rev. Code § 2307.71(A)(13). Plaintiffs have not convinced the Court that their allegations of harm specific to Plaintiffs, in addition to their allegations of public harm, remove their negligence claims from the purview of OPLA. Finally, Plaintiffs provide no authority to

---

[5] Defendants also argue that there is a "close nexus" between Plaintiffs' negligence claims and common law public nuisance claims; thus, "[a]llowing the Ohio GE Plaintiffs to maintain negligence claims that were the basis for their abrogated qualified public nuisance claims would contravene the [legislature's intent]." (Mot. at 10-11; See also Reply, at 14-15 (discussing this argument in the context of merger).) In response, Plaintiffs state that "Ohio courts allow plaintiffs to plead both OPLA and non-OPLA claims in the same action, even if they arise out of the same nexus of facts, as alternative theories of liability." (Opp'n at 11.) Because the Court finds that the negligence claims are abrogated by OPLA on separate grounds, it need not address this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-ml-03052-JVS-KES                          Date  June 10, 2025

Title  In Re: Kia Hyundai Vehicle Theft Litigation

support their argument that this Court cannot consider the allegations of public harm as related only to punitive damages. In fact, the Court agrees with Defendants that, because the negligence causes of action contain other allegations regarding public harm that are not related to the request for punitive damages, Plaintiffs' argument regarding punitive damages is irrelevant. (See Reply, at 13.) Thus, because Plaintiffs allege an interference with the public's right to safety under their negligence causes of action, these claims fall under the second definition of OPLA. Consequently, OPLA abrogates Plaintiffs' negligence claims.

      c.      <u>Leave to Amend</u>

Defendants urge the Court to decline to grant leave to amend because "any new common law product liability claim would be abrogated under [OPLA]." (Mot. at 3.) Further, Defendants argue that any attempt for Plaintiffs to re-shape their claim under OPLA would be untimely under OPLA's statute of repose. (Id. at 3, 12 (citing Ohio Rev. Code § 2305.10(C)(1)).)

However, the Court notes that Plaintiffs may amend their pleadings to avoid OPLA abrogation by alleging harm specific to the Ohio GE Plaintiffs, and not the general public. Arguably, such allegations may not fall under OPLA's definition of a product liability claim and, thus, would not be subject to OPLA abrogation or the statute of repose. If advanced, the theory should be tested on motions practice.[6] Thus, because further amendment would not be futile, the Court **GRANTS** the motion, with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for judgment on the pleadings, with leave to amend.

Plaintiffs shall have twenty-one (21) days to file amended Complaints.

      **IT IS SO ORDERED.**

---

[6] Query whether harm to a public entity is not public harm?