**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF BUFFALO; CITY OF CINCINNATI; CITY OF CLEVELAND; CITY OF SEATTLE; CITY OF ROCHESTER; CITY OF YONKERS; CITY OF GREEN BAY; TOWN OF TONAWANDA; CITY OF COLUMBUS; CITY OF KANSAS CITY; CITY OF INDIANAPOLIS; CITY OF MADISON; CITY OF MILWAUKEE; CITY OF NEW YORK; CITY OF PARMA; CITY OF ST. LOUIS; CITY OF BALTIMORE,<br><br>　　Plaintiffs - Appellees,<br><br>　v.<br><br>HYUNDAI MOTOR AMERICA, INC.; KIA AMERICA, INC,<br><br>　　Defendants - Appellants. | No. 24-2350<br><br>D.C. No. 8:22-ml-03052-JVS-KES<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted April 8, 2025
Pasadena, California

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: MURGUIA, Chief Judge, and BADE and SUNG, Circuit Judges.
Dissent by Judge BADE.

This case arises out of multidistrict litigation between several municipal entities located in seven states (the Municipalities)[1] and Hyundai Motor America, Inc. and Kia America, Inc. (the Manufacturers). The Municipalities sued the Manufacturers for various state-law claims seeking relief for their alleged injuries arising out of thefts of certain vehicles that the Manufacturers designed, manufactured, and distributed between 2011 and 2022 (the Relevant Vehicles).

The Manufacturers challenge the district court's decision granting in part and denying in part their motion to dismiss the Municipalities' Consolidated Governmental Entities Complaint. The district court certified this interlocutory appeal under 28 U.S.C. § 1292(b) based on a question of law related to the Municipalities' negligence claims under New York, Ohio, and Wisconsin law. We granted the Manufacturers' petition for permission to appeal. We have jurisdiction under 28 U.S.C. § 1292(b).

We affirm in part the district court's decision denying the motion to dismiss

---

[1] The Municipalities include the City of Milwaukee, Wisconsin; the City of Madison, Wisconsin; the City of Green Bay, Wisconsin; the City of Columbus, Ohio; the City of Cleveland, Ohio; the City of Cincinnati, Ohio; the City of Parma, Ohio; the Mayor and City Council of Baltimore, Maryland; the City of Seattle, Washington; the City of St. Louis, Missouri; the City of Kansas City, Missouri; the City of Buffalo, New York; the City of Rochester, New York; the City of New York, New York; the City of Yonkers, New York; the Town of Tonawanda, New York; and the City of Indianapolis, Indiana.

the Municipalities' negligence claims under Wisconsin and Ohio law. The Municipalities' negligence claims under New York law raise a novel issue of state law that we certify to the New York Court of Appeals in a separate order filed concurrently with this memorandum disposition. We decline to exercise our discretion to consider other issues beyond those certified for interlocutory appeal. *See ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 203–04 (1996)) (noting our "broad discretion" under § 1292(b) to "hear[] some of the issues, but not others").

We review de novo a district court's ruling on a motion to dismiss. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017). We construe all allegations of material fact as true and in the light most favorable to the nonmoving party, but we need not accept as true conclusory allegations or unreasonable factual inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). As a federal court "in a diversity action," we must "approximate state law as closely as possible." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)). We are "bound by the pronouncements of [a] state's highest court on applicable state law." *Id.* (quoting *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)).

1. We affirm the district court's denial of the Manufacturers' motion to dismiss the Municipalities' negligence claims under Wisconsin law. In Wisconsin, "every person owes a duty to the world at large to protect others from foreseeable harm." *Jankee v. Clark County*, 612 N.W.2d 297, 311 (Wis. 2000). A defendant therefore owes a plaintiff a duty of care "whenever it was foreseeable to the defendant that his or her act or omission . . . might cause harm to some other person." *Gritzner v. Michael R.*, 611 N.W.2d 906, 912 (Wis. 2000). The Municipalities sufficiently allege that they were the foreseeable victims of the harm allegedly caused by the Manufacturers' failure to install engine immobilizers or equivalent technology in the Relevant Vehicles, and thus they have established, at this stage, that the Manufacturers owed them a duty of ordinary care.

The Manufacturers argue that because they have no "special relationship" with the Municipalities, they have no duty to protect the Municipalities from harm caused by third-party criminals. This argument fails, however, because the absence of a special relationship only relieves a Wisconsin defendant of a "heightened duty of care." *Jankee*, 612 N.W.2d at 322. The Manufacturers still owe to others a duty of ordinary care in their general activities, such as the design, manufacture, and distribution of the Relevant Vehicles. *See Hofflander v. St. Catherine's Hosp., Inc.*, 664 N.W.2d 545, 560–61 (Wis. 2003) (explaining that everyone is held to a standard of ordinary care and that heightened duties of care

are the "exception to the norm"). The Municipalities therefore sufficiently state negligence claims against the Manufacturers under Wisconsin law.

  2. We also affirm the district court's denial of the Manufacturers' motion to dismiss the Municipalities' negligence claims under Ohio law. In an analogous case, the Ohio Supreme Court upheld a negligence claim brought by the City of Cincinnati against gun manufacturers. *See Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1144–45 (Ohio 2002). Cincinnati alleged that the manufacturers were "negligent in failing to exercise reasonable care in designing, manufacturing, marketing, advertising, promoting, distributing, supplying, and selling their firearms without ensuring that the firearms were safe for their intended and foreseeable use by consumers." *Id.* at 1144. The Ohio Supreme Court rejected the argument that the gun manufacturers did not owe Cincinnati a duty of care because the parties had no "special relationship" that created a duty to protect Cincinnati from third-party conduct. *Id.* Rather, the court concluded that the manufacturers were liable if they were "themselves negligent by manufacturing, marketing, and distributing firearms in a way that create[d] an illegal firearms market that result[ed] in foreseeable injury." *Id.* The Ohio Supreme Court also "agree[d] with the rationale" of a district court that denied a motion to dismiss a claim alleging that "a reasonably prudent gun manufacturer should have anticipated an injury to the [p]laintiffs as a probable result of manufacturing, marketing, and distributing a

product with an alleged negligent design." *Id.* at 1145 (quoting *White v. Smith & Wesson*, 97 F. Supp. 2d 816, 829 (N.D. Ohio 2000)).

The Municipalities' claims that the Manufacturers owed them a duty to reasonably design, manufacture, and distribute the Relevant Vehicles fall within the duty recognized in *Beretta*. *See id.* at 1144–45. This duty is distinct from a duty to protect the Municipalities from third-party conduct, and therefore the lack of a special relationship does not bar the duty asserted. We thus conclude that the Municipalities sufficiently state negligence claims under Ohio law.

The mandate will issue in due course with respect to only the issues of Wisconsin and Ohio law addressed in this memorandum disposition.

**AFFIRMED IN PART.**

FILED

JUN 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*City of Buffalo, et al. v. Hyundai Motor America, Inc., et al.*, No. 24-2350

BADE, Circuit Judge, dissenting:

In its order denying the Manufacturers' motion to dismiss, the district court rejected their argument that the Municipalities' state law claims are preempted by federal law. Although the district court did not certify the issue of preemption for interlocutory appeal, I would nonetheless address this issue and conclude that the Municipalities' state law negligence claims are preempted. Therefore, I would reverse the district court's order denying the Manufacturers' motion to dismiss the Municipalities' negligence claims under New York, Ohio, Wisconsin, and Missouri law, vacate the order denying the motion to dismiss the Municipalities' remaining claims, and remand for the district court to determine in the first instance whether any of those remaining claims are also preempted. I respectfully dissent.

I

A

Under 28 U.S.C. § 1292(b), we have jurisdiction "over any question that is included within the order that contains the controlling question of law identified by the district court." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204 (1996) (citation omitted). We frequently exercise discretion to resolve legal issues beyond the scope of a certified question when judicial economy counsels in favor of doing so. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 848–49 (9th

Cir. 2020) (reviewing the district court's subject matter jurisdiction as a "material" issue along with those certified by the district court (emphasis omitted)).

B

The Municipalities allege that the Manufacturers' failure to install engine immobilizers—a common anti-theft device—in certain vehicle models made those vehicles easy for thieves to steal and "led to a clear rise in automobile thefts" that injured the Municipalities. The Municipalities note in the complaint that federal motor vehicle safety standard (FMVSS) 114 specifies minimum theft-prevention requirements for passenger cars, *see* 49 C.F.R. § 571.114, and they allege that equipping a car with an engine immobilizer is the "most effective way to satisfy" FMVSS 114. The Municipalities assert that the Manufacturers knew or should have known about "the hazards and dangers of forgoing installation of engine immobilizers" and that "the omission of an engine immobilizer in the [relevant] [v]ehicles could cause the [Municipalities'] injuries." They therefore claim that the Manufacturers breached their duty to reasonably design, manufacture, and distribute the relevant vehicles.

In their motion to dismiss, the Manufacturers argued that the Municipalities' tort claims are preempted by FMVSS 114, relying on *Geier v. American Honda Motor Co., Inc.*, 529 U.S. 861 (2000), and *Williamson v. Mazda Motor of America, Inc.*, 562 U.S. 323 (2011). These cases establish that when an FMVSS provision

2

has a "significant regulatory objective" of "maintain[ing] manufacturer choice" in how to comply with its requirements, the provision preempts a state tort-imposed duty to use a certain safety device or technology. *Williamson*, 562 U.S. at 330, 336; *see Geier*, 529 U.S. at 873, 875–76.

The text and history of FMVSS 114 show that it has this significant regulatory objective. As alleged, an engine immobilizer satisfies the requirements of FMVSS 114, but the standard does not require manufacturers to use engine immobilizers. *See* 49 C.F.R. § 571.114 S5.1.1. Indeed, since its promulgation, FMVSS 114 has been "framed to permit as many specific devices as possible to meet its requirements" because the original promulgating agency deemed it "unwise to establish a standard in terms so restrictive as to discourage technological innovation in the field of theft inhibition." 33 Fed. Reg. 6471, 6472 (Apr. 27, 1968). The National Highway Traffic Safety Administration has since amended FMVSS 114 with an eye toward "avoid[ing] terminology that [is] unnecessarily design-restrictive." 71 Fed. Reg. 17752, 17753 (Apr. 7, 2006); *see also, e.g.*, 56 Fed. Reg. 12464, 12467 (Mar. 26, 1991) (amending FMVSS 114 to "provid[e] manufacturers with greater design flexibility"). For these reasons, FMVSS 114 preempts state tort-imposed duties requiring specific anti-theft technology.

3

The Municipalities seek to impose such a duty with respect to engine immobilizers. Although they argue that they assert a broader duty to install engine immobilizers "or an equivalent anti-theft device," they vaguely reference "equivalent" technology just four times in the 543-paragraph complaint. Otherwise, the complaint overwhelmingly focuses on the Manufacturers' failure to install engine immobilizers. For example, the complaint defines the relevant vehicles as those "manufactured and sold without engine immobilizers." The complaint also alleges that equipping vehicles with engine immobilizers is the "industry standard" practice, that the Manufacturers deliberately "deviated from the industry standard by electing not to include immobilizers in the [relevant] vehicles," and that they then "refused to implement a recall to install engine immobilizers" to conform with that industry standard.

Even though alternative allegations are permissible, Fed. R. Civ. P. 8(d)(2), the complaint must give the manufacturers "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The only negligence claims plausibly gleaned from the complaint are those asserting that the Manufacturers breached their duty of care by failing to install engine immobilizers in certain cars. Interpreting the Municipalities' passing

4

mentions of "equivalent technology" as alternative claims would not be a fair reading of the complaint.

To be sure, federal preemption is an affirmative defense that the defendant bears the burden to prove, and affirmative defenses are disfavored on a motion to dismiss. *See Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1190, 1194 n.6 (9th Cir. 2018). But an affirmative defense may serve as a basis for dismissal under Rule 12(b)(6) when it "raises no disputed issues of fact" and when "*the complaint* establishes the defense." *Jensen v. Brown*, 131 F.4th 677, 691 (9th Cir. 2025) (first quoting *Lusnak*, 883 F.3d at 1194 n.6; and then quoting *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019)). The Manufacturers' preemption defense satisfies these requirements. *See Pardini v. Unilever U.S., Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023) ("Preemption . . . can be such a defense." (internal citation omitted)). First, the Manufacturers' "arguments are purely legal and do not depend on resolution of any factual disputes over the effect of [state] law." *Lusnak*, 883 F.3d at 1194 n.6. Second, the Municipalities have pled themselves out of court by raising allegations that can only plausibly be read as requiring the Manufacturers to install engine immobilizers. *See Pardini*, 65 F.4th at 1087–91 (concluding that the plaintiffs' complaint established that their claims were preempted and refusing to accept "implausible" characterizations of their allegations).

For these reasons, I would conclude that the Municipalities' negligence claims are preempted by FMVSS 114, and I would not decide whether those claims are viable under state law. *See Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1018 (9th Cir. 1995) (explaining that federal courts should "avoid needlessly determining issues of state law"), *overruled in part on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1227 (9th Cir. 1998) (en banc).

II

Because I conclude that the Municipalities' negligence claims are preempted by federal law, I respectfully dissent.