UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Re Defendant's Motion for Order to Show Cause [864]**

Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") (collectively, "Defendants") move for an order to show cause ("OSC") why Governmental Entity Plaintiffs City of Buffalo, City of Indianapolis, City of Milwaukee, City of St. Louis, and City of Tacoma (collectively, "GE Plaintiffs")[1] should not be held in civil contempt for their refusal to follow this Court's Order at the April 11, 2025 Status Conference (the "Status Conference"). (Mot., Dkt. No. 864.) GE Plaintiffs opposed the motion. (Opp'n, Dkt. No. 887.) Defendants replied. (Reply, Dkt. No. 894.)

This tentative order was drafted prior to the parties' filing of their position papers for the July 10, 2025 Status Conference. (See Dkt. Nos. 916, 917.)

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

The parties are familiar with the facts of this multi district litigation ("MDL"), so the Court recites them here only as necessary to resolve this Motion. (See Governmental Entity ("GE") Plaintiffs Order, Dkt. No. 270.) The GE Plaintiffs allege that "[f]or all model years between 2011 and 2022," Defendants "designed, manufactured, and

---

[1] For the purposes of this motion, "GE Plaintiffs" refer only to the five cities discussed herein, and not the other Governmental Entity Plaintiffs in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

distributed [certain] automobile models without engine immobilizers." (Consolidated GE Complaint ("CGEC"), Dkt. No. 175 ¶ 3.) "As a result," online videos purportedly spread the ease of which thieves could steal Defendants' vehicles, resulting in "a dangerous rash of thefts" and a "vehicular crime wave [that] has had a significant impact on law enforcement operations, emergency services, and public safety . . ." (Id. ¶ 4.)

This Court previously bifurcated discovery in the GE Track of this MDL. (See Dkt. No. 295.) Phase I was titled "Structural and Foundational Discovery," while Phase II will involve additional fact discovery. (Id.)

1.      *The April 11, 2025 Status Conference*

During the April 11, 2025 Status Conference, Defendants argued that they were entitled to affirmative discovery regarding the offender identities and accompanying police reports of the alleged thefts, to help determine which thefts Defendants are liable for. (April 11, 2025 Hr'g Tr., Dkt. No. 816, 27:13–14, 30:5–9, 30:22–25.) In response, this Court explicitly stated:

> I think you're entitled to that data. To the extent that discovery had been previously cabined by Phase I, there's no longer that limitation. To the extent that your outstanding interrogatory requests contemplate that type of information that goes beyond Phase I, I think you're entitled to . . . request production and come back to me.

(Id. at 31:1–9.) Defendants further stated that, to the extent they had motion practice on the requested production, they would "turn in the first instance to Judge Andler on that." (Id. at 31:10–14.)

The parties then discussed two specific issues related to this discovery: (1) confidentiality in relation to juvenile records, and (2) the burden of producing such records for all twenty-seven GE Plaintiffs.

      a.      Confidentiality of Juvenile Records

Defendants raised the issue of the confidentiality of juvenile records. (Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

31:15–19.)  Specifically in relation to minors, this Court held that Defendants bore the burden of applying "to the state court in question to comply with the procedures for lifting the confidentiality with respect to minors or imposing a concomitant Protective Order." (Id. at 32:3–6.)

In response, GE Plaintiffs argued that they had already "talk[ed] Judge Andler's ears off" about how to get juvenile data during Phase I and offered to provide declarations on burden.  (Id. at 34:1–9.)  GE Plaintiffs further asked the Court to "cabin those issues for now," since the parties were discussing Judge Andler's Report and Recommendation ("R&R") related to Phase I.  (Id. at 34:13–15.)  The Court, however, clearly stated that this issue "has implications beyond that if that type of information was denied because we're in Phase I." (Id. at 34:16–18.)  Further, the Court held:

> I've just said Phase I is done.  Everything is open.  So I think that the pending requests for production, whatever, written discovery, needs to be read in light of that factor and responded to in light of that factor.

(Id. at 34:19–22.)

Finally, Defendants stated: "[t]here's a bit of a chicken and egg problem [in regard to juvenile records] because we don't have the names to know who to ask for, so – but we'll meet and confer and figure out a way to do this." (Id. at 33:1–4.)

   b. <u>Burden of Gathering Records for Twenty-Seven Plaintiffs</u>

In light of the burden expressed by GE Plaintiffs in providing such data for all twenty-seven Plaintiffs, (id. at 35:1–3), the Court held:

> For the time being, I'm going to direct the defendants to narrow the focus of the request to five cases, and just so we're not just standing there, go forward with the five cases.  I'll revisit that issue when we visit the new Motions to Dismiss and renew this further discussion of the bellwethers.  I agree it may well not make sense to go to that detail on folks whose cases I'm going to stay, but let's get some of that information out there.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

(Id. at 35:23–36:5.)  In response, GE Plaintiffs stated: "that makes a lot of sense to do five plaintiffs . . ."  (Id. at 36:6–7.)

The Court then re-iterated itself:

>THE COURT: [Defendants are] going to get the information, but I don't think it makes sense to do it across the board.  You know, pick five from different jurisdictions since the issue you point to, juvenile privacy, ought to be the same throughout a given state.
>
>MR. MADISON:  So what we're talking about, Your Honor, is producing the police reports.  That has to be something that the Cities knew they were going to have to do at some point.
>
>THE COURT:  Right.
>
>MR. MADISON: . . . We just want copies of the police reports so that we can then follow up and get the information about the offenders, and then we'll do the work of analyzing.
>
>THE COURT:  Let's do that right now for five [from any state].  No more than one from any given jurisdiction.

(Id. at 37:1–20.)

Finally, the Court clarified its intent: "At least you'll have some of the data out there, and see where you think it leads, see how much of a burden it is to produce it.  At least we're going to go forward with five."  (Id. at 38:3–6.)

2.     *Defendants Efforts to Obtain Police Records After the Status Conference*

After the Status Conference, on April 18, 2025, Defendants served a single Request for Production on the five GE Plaintiffs, seeking "[a]ny and all Documents in [Plaintiffs'] possession, including but not limited to police reports and records, arrest reports and records, crime reports and records, investigative reports and records and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

interview reports and records, relating in any way to any of the incidents [involving the Subject Vehicles] highlighted in the . . ." three spreadsheets which GE Plaintiffs had previously produced in the action. (Madison Decl., Dkt. No. 864-1, ¶ 4, Ex. C.)[2] Defendants attached the three spreadsheets to the Request, and highlighted the incidents for which they sought records. (Id., Ex. E.)

Defendants have yet to receive the requested information from GE Plaintiffs. (Id. ¶ 8.) Defendants also re-iterated its Request, and the expectation that the GE Plaintiffs would comply with the Request, in a May 5, 2025 email. (Id. ¶ 6, Ex. A.) Defendants sent another email to GE Plaintiffs on May 19, 2025, inquiring about the production. (Id., Ex. B.) The email stated: "please let us know how you will be producing the documents that are to be produced today so we can make appropriate arrangements to process and review the documents. If any further information is needed, please advise." (Id.) On May 19. 2025, GE Plaintiffs responded with their Responses and Objections to the Request, but did not produce any police reports. (Id., Ex. F.)[3]

The parties met and conferred on May 30, 2025. (Id. ¶ 8; Gussin Decl., Dkt. No. 887-1, ¶ 22.) During the meet and confer, GE Plaintiffs stated that their "understanding of the Court's direction was that Defendants were authorized to serve additional discovery requests for the names and information necessary to contest the External Restraints in state courts." (Gessin Decl. ¶ 23.) GE Plaintiffs offered to provide redacted police reports for "approximately five incidents from each of the five cities" as a compromise. (Id. ¶ 24, Ex. 17.) GE Plaintiffs also re-iterated this proposal in a letter sent to Defendants on June 12, 2025. (Id., Ex. 17.)

According to GE Plaintiffs, Defendants advised that they would take this

---

[2] Although Madison's Declaration only attaches the document Request directed to Plaintiff Tacoma, Washington, (Madison Decl., Ex. C), Defendants claim that they sent the same Request to each of the five GE Plaintiffs. (Mot. at 1.)

[3] As with the Request, Defendants only produced Plaintiff Tacoma, Washington's Responses and Objections to the Request for Production. (See Madison Decl., Ex. F.) However, according to Defendants, "Tacoma's Responses and Objections are virtually identical to those of the other Keller-represented GE Plaintiffs." (Mot. at 9 n.3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

compromise offer to their client and agreed "to not file a motion for a show cause order until the parties had met and conferred at least one more time."[4] (Id. ¶ 25.) However, six days later, without meeting and conferring, Defendants filed the instant motion. (Id. ¶ 26.)

## II. LEGAL STANDARD

District courts have inherent and statutory authority to enforce compliance with orders through civil contempt. Spallone v. United States, 493 U.S. 265, 276 (1990); 18 U.S.C. § 401. Civil contempt is a "severe remedy," so "principles of 'basic fairness requir[e] that those enjoined receive explicit notice' of 'what conduct is outlawed' before being held in civil contempt." Taggart v. Lorenzen, 587 U.S. 554, 561 (2019) (alteration in original) (citation omitted).

To hold a party in civil contempt, the Court must find, based on clear and convincing evidence, that (1) the party violated a court order, (2) beyond substantial compliance, and (3) not based on a good faith and reasonable interpretation of the order. See id. at 561–62. Violation of a court order is shown by the party's "failure to take all reasonable steps within the party's power to comply." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). If the moving party meets its burden, the burden "then shifts to the contemnors to demonstrate why they were unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City & Cnty. of S.F., 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

To meet the clear and convincing standard, the moving party must "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." Colorado v. New Mexico, 467 U.S. 310, 316 (1984) (internal quotation marks and citation omitted). Civil contempt "should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct." Taggart, 587 U.S. at 561 (alteration in original) (citation omitted).

---

[4] Defendants dispute this contention and claim that "HMA and KA never agreed to meet and confer again and repeatedly notified the Five Cities regarding this Motion: during the meet and confer, in the Parties' June 2, 2025 joint agenda, and via email on June 5, 2025." (Reply, at 19.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Once a court finds a party in contempt, it has discretion to impose sanctions. Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986). Sanctions "may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." Id. at 1380 (citing United States v. United Mine Workers, 330 U.S. 258, 303–04 (1947)). Coercive sanctions are payable to the court, and should be designed to bring about the desired result and to reflect the character and magnitude of harm if that result is not achieved. Id. Compensatory sanctions are payable to the wronged party, and must be based on the actual losses as a result of the contemptuous conduct. Id.

### III. Discussion

Defendants move for an OSC why GE Plaintiffs should not be held in contempt for their alleged refusal to follow this Court's April 11, 2025 Order, which required them to produce certain police reports and offender-related information regarding the Subject Vehicles. (Mot. at ii.)

As an initial matter, the Court clarifies the unambiguous intent of its April 11, 2025 Order. GE Plaintiffs claim that this Court's Order only directed Defendants to seek state court authorizations to disclose protected police records, and did not hold that Defendants were entitled to all such documents. (Opp'n at 1.) Further, GE Plaintiffs argue that, during the April 11, 2025 Status Conference, Defendants represented they would "meet and confer about what information they actually needed in order to seek those state court authorizations." (Id.) The Court finds no basis for this interpretation. First, the Court definitively stated that Defendants were entitled to the "names of the offender of each theft," and that five cities were to produce "the police reports" from these thefts. (April 11, 2025 Hr'g Tr., 30:5–8, 31:1–3, 37:6–10.) The Court's Order that five cities produce police reports was unambiguous:

> MR. MADISON: So what we're talking about, Your Honor, is producing the police reports. That has to be something that the Cities knew they were going to have to do at some point.
>
> THE COURT: Right.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

> MR. MADISON: . . . We just want copies of the police reports so that we can then follow up and get the information about the offenders, and then we'll do the work of analyzing.
>
> THE COURT: Let's do that right now for five [from any state]. No more than one from any given jurisdiction.

(Id. at 37:1–20.)

Second, while the Court's Order clearly related to both juvenile and adult records, (see id. at 30:5–8 (discussing the need for the name of the offenders of *each* theft, not just juvenile thefts)), the Court's direction to seek state court authorizations related only to the disclosure of juvenile records, (see id. at 31:15–17 ("we think it's a technicality that the Cities are relying on for juveniles in particular"), 32:3–6 ("it seems to me you need to apply to the state court in question to comply with the procedures for lifting the confidentiality with respect to minors . . .")). Thus, the Court's Order separately: (1) directed five GE Plaintiffs to disclose adult and juvenile police records related to Kia and Hyundai vehicle thefts and, (2) directed Defendants to "apply to the state court in question to comply with the procedures for lifting the confidentiality with respect to minors . . ." (Id. at 32:3–6.) Defendants' need to apply to state courts for juvenile records clearly did not limit GE Plaintiffs' obligation to disclose police records for adult offenders.[5] Further, to the extent that Defendants ran into difficulty with the second step regarding state court authorizations, Defendants represented that they would "meet and confer and figure out a way to do this." (Id. at 33:1–4.) However, a plain reading of the transcript clearly establishes that this meet and confer offer related only to the seeking of state court authorizations, and not the request for adult police records. (See id.)[6]

---

[5] In light of this clear interpretation, the Court rejects GE Plaintiffs' argument that the Request was "not limited to incidents involving juveniles, in complete disregard of [Defendants'] representations to the Court." (Madison Decl., Ex. F, at 7; see also Opp'n at 5.) The Court never understood the Requests to relate only to juveniles, as is evidenced by a plain reading of the transcript.

[6] Thus, the Court rejects GE Plaintiffs' interpretation that the meet and confer offer was a "threshold action," that Defendants were to take before serving any discovery Request. (Opp'n at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Finally, GE Plaintiffs claim that Defendants' interpretation of the Order is "particularly egregious because it arose in response to an oral, on-the-fly request that was not yet served, much less responded to," and the Court did not have the opportunity to hear Plaintiffs' objections. (Opp'n at 1.) This is particularly true, according to GE Plaintiffs, because Defendants stated that they would raise any dispute with Judge Andler "in the first instance." (Id.) Further, The Court's minutes from the status conference "do not reflect any discovery orders, which is to be expected because all discovery disputes are supposed to be directed to Judge Andler." (Id. at 5 (citing Dkt. No. 421, 812).) Thus, GE Plaintiffs claim that the Order was a "colloquy," and not a "'specific and definite' court order." (Id. at 10–11.)

However, the Court finds that its Order, although oral, was unambiguous and binding. See Dreith v. Nu Image, Inc., 648 F.3d 779, 787 (9th Cir. 2011) (internal quotations and citation omitted) ("Sanctions may be imposed even for violation of a court's oral order, as long as a party has unequivocal notice that a court has asked that certain documents be produced."). Further, the Court provided GE Plaintiffs with ample time to respond before making its Order. (April 11, 2025 Hr'g Tr., 33:13–36:20.) Had GE Plaintiffs wished to raise additional objections after the Status Conference, they should have sought reconsideration of this Court's Order. (See Mot. at 1 (claiming that GE Plaintiffs "did not file a motion for reconsideration, application for certification of interlocutory appeal, or motion for protective order withdrawing, modifying or limiting the . . . Order.").) Finally, although Defendants stated that they would "turn in the first instance to Judge Andler," regarding any motion practice on the requested discovery, (April 11, 2025 Hr'g Tr., 31:10–14), the Court exercises its discretion to hear the present motion because the Court, and not Judge Andler, issued this Order. Thus, the Court's Order was definite, unambiguous, and binding on the parties.

The Court now asks whether, based on clear and convincing evidence, GE Plaintiffs: (1) violated the Court's Order, (2) beyond substantial compliance, and (3) not based on a good faith and reasonable interpretation of the Order. Taggart, 587 U.S. at 561–62.

1. *GE Plaintiffs Violated This Court's Order Beyond Substantial Compliance*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

As explained above, this Court clearly ordered GE Plaintiffs to produce the underlying police reports related to the Subject Vehicle thefts. Thus, GE Plaintiffs refusal to produce any documents, including non-confidential adult records, is a clear violation of this Order beyond substantial compliance.

Defendants claim that, during the May 30, 2025 meet and confer, GE Plaintiffs "agreed that HMA and KA were authorized to seek discovery, but argued that the Order to proceed with discovery did not mean they had a corresponding obligation to produce documents in response." (Mot. at 13.)[7] However, the Court clearly stated that Defendants were entitled to the underlying police reports and offender names. (April 11, 2025 Hr'g Tr., 31:1–9.) Thus, the Court logically finds that, because it held that Defendants were entitled to this information, GE Plaintiffs were under an obligation to produce the requested information. GE Plaintiffs' refusal to "take any reasonable steps" within its power, such as producing even limited or redacted police reports or a privilege log, amounts to non-compliance. See Reno Air Racing Ass'n., Inc., 452 F.3d at 1130.

Next, the Court asks whether GE Plaintiffs had valid grounds for non-compliance.

    a.    <u>GE Plaintiffs Do Not Have Valid Grounds For Non-Compliance</u>

GE Plaintiffs claim that they had valid grounds for non-compliance because: (1) Defendants' Request was procedurally improper, and (2) the requested information was not relevant or proportional, and was privileged. The Court addresses each of these arguments in turn.

        i.    *Defendants Request for Documents was Procedurally Proper*

            (1)    <u>Phase I Discovery Limitations</u>

The GE Plaintiffs claim that the Request was "procedurally improper" because the Defendants had already exhausted their twenty-five requests authorized in Phase I, and

---

[7] GE Plaintiffs make a similar argument in their opposition: "The Court did not issue a ruling on objections that had not yet been made in response to newly authorized written discovery requests that had not been served. Nor did the Court make a ruling on any confidentiality or privilege assertions—instead, directing Defendants to a different forum to challenge those." (Opp'n at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

the Court has yet to adopt a Phase II discovery plan authorizing additional discovery. (Madison Decl., Ex. F, at 2, 6.) Thus, GE Plaintiffs argue that they "reasonably understood that they were waiting for the Court's direction to enter a CMO setting the parameters for Phase II before engaging in detailed discovery . . ." (Opp'n at 1–2.) GE Plaintiff Saint Louis, Missouri additionally objected to the Request on the ground that this discovery Request does not fall within Phase II, which authorizes discovery of bellwether claims, because Saint Louis does not waive its Lexecon[8] rights and, thus, will not be part of a bellwether trail. (Madison Decl., Ex. G, at 1–2.)

However, the Court clearly stated in its Order that discovery was no longer "cabined" by Phase I. (April 11, 2025 Hr'g Tr., 31:1–3.) The Court even re-emphasized this point: "I've just said Phase I is done. Everything is open." (Id. at 34:18–22.) Further, the Court ordered that the discovery Request on the five GE Plaintiffs "go forward" "just so we're not just standing there." (Id. at 35:23–36:1.) With regard to Saint Louis, Missouri, the Court also did not state that discovery had entered Phase II, and did not limit its Order to potential bellwether plaintiffs. In fact, the Court stated that the parties should "go forward with the five cases," and that it would "revisit that issue when we . . . renew this further discussion of the bellwethers." (Id. at 35:25–36:3.) Finally, in response to this discussion, GE Plaintiffs agreed that it "makes a lot of sense to do five plaintiffs . . ." (Id. at 36:6–7.) Consequently, this Court has already held that Defendants' discovery Request was procedurally proper.

(2) Judge Andler's Role

Second, GE Plaintiffs claim that, because this is a "routine discovery dispute," the issue must first be taken up with Judge Andler. (Opp'n at 12–13.) Thus, GE Plaintiffs argue that, because "there remains an overarching issue as to the scope of the discovery obligations at issue—not to mention an ongoing offer to confer, and to produce a reasonable subset of the requested discovery—it is premature to skip ahead to civil contempt proceedings." (Id. at 13–14.) According to Plaintiffs, this is especially true given that Judge Andler "already sustained GE Plaintiffs' objections to producing this

---

[8] Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

type of information" in her R&R. (Id. 3–4, 12; see R&R, Dkt. No. 780-1.)[9] In relation to Defendants' Request for "'police reports and investigative files,' for 'each and every Theft and Attempted Theft,'" Judge Andler stated that "GE Defendants continue to seek a granular level of detail that is not in alignment with a CMO designed for foundational and structural discovery in Phase I." (R&R, at 9–10). Further, GE Plaintiffs claim that, although Defendants objected to the R&R, (Objection, Dkt. No. 788), the Court has yet to rule on the R&R. (Opp'n at 4.)

However, because the present motion relates to an alleged violation of this Court's Order, and not a "routine discovery dispute," this Court is properly situated to address the motion. (See Reply, at 2.) Given this Court's unambiguous Order, there is no issue as to the scope of discovery obligations. Further, the Court specifically referenced the R&R, and Defendants' objections to the R&R in its Order. (April 11, 2025 Hr'g Tr., 27:6–15 (referencing the Order at docket number 780-1 and the Objections at docket number 788).) Because the Court held that Phase I was closed, (id. at 27:6–8), Judge Andler's stated limitations regarding Phase I no longer apply. Additionally, the Court agrees with Defendants' contention that the April 11, 2025 Order "was not made contingent on any such rulings." (Reply, at 2.) Thus, because this Court already heard and rejected the five GE Plaintiffs' objections to producing the police reports, (see id. (citing April 11, 2025 Hr'g Tr., 34:1–37:5)), Defendants' Request for Production was procedurally proper.

    ii. *GE Plaintiffs' Relevance, Proportionality, and Privilege Arguments*

Additionally, GE Plaintiffs argue that the information that Defendants' seek is irrelevant, confidential and privileged, unduly burdensome to provide, and overly broad. (Madison Decl., Ex. F, at 2–3.)

---

[9] GE Plaintiffs also argue that Defendants knew that such a motion would likely have been fatal in front of Judge Andler because "she sustained GE Plaintiffs' objection to producing this information." (Opp'n at 14.) Thus, "Defendants want this Court to take a fresh look at this dispute, without the benefit of the fulsome record developed before Judge Andler over many weeks . . ." (Id.) However, this presumes that the Court did not read and fully consider Judge Andler's R&R prior to the April 11, 2025 Status Conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

First, GE Plaintiffs claim that the identity of the individuals who stole the vehicles are irrelevant and that providing such information is disproportionate to the needs of the case. (Id. at 2.) However, this Court clearly rejected this argument and specifically held that Defendants were "entitled to" this information. (April 11, 2025 Hr'g Tr., at 31:1–9.)

Second, GE Plaintiffs claim that, because "police records are sensitive documents subject to state-law limitations on disclosure," Defendants were required to test these limitations before the state courts before requesting such information. (Opp'n at 16.) Further, GE Plaintiffs provide the Court with the relevant confidentiality laws in each of the five states. (See id. at 16–19.)[10] For example, Plaintiffs claim that "[t]he Indiana Code restricts law enforcement agencies from disclosing criminal history information," and, in Indiana, the disclosure of juvenile criminal history is prohibited. (Id. at 16.) Further, "police reports are generally not discoverable, and are subject to work-product privilege protections, to be evaluated on a case-by-case basis." (Id.) Plaintiffs also claim that many of the states' laws would require burdensome individual determinations of privilege and confidentiality, as well as redactions, before the disclosure of any records. (See id. at 17.) For example, GE Plaintiffs claim that, under N.Y. C.P.L.R. 160.50, GE Plaintiffs and the Buffalo Police Department would need to examine the disposition of each charge to determine if the records are sealed, and individually redact records when needed. (Id. at 17–18.)[11] GE Plaintiffs claim that a similar issue exists under Washington law, where disclosure would require an investigation into the disposition and review of each case. (Id. at 18.)

---

[10] As the Court's disposition of this motion does not turn on the individual laws of each state, the Court provides only a cursory overview of the parties' arguments regarding these various state laws below.

[11] However, Defendants claim that "nothing in any of the state statutes Buffalo relies on require the redaction of records, which would be particularly unnecessary here where the documents would be designated confidential and subject to a protective order." (Reply, at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

However, the requirement that Defendants apply to state courts to lift confidentiality restrictions only related to juvenile records and not adult police reports.[12] (April 11, 2025 Hr'g Tr., 32:3–6.) Additionally, the Court agrees with Defendants that the GE Plaintiffs' privilege and confidentiality concerns do not "justify complete non-compliance with the Court's Order." (See Reply, at 3.) For example, there are at least some police records, such as reports that have no personal offender or suspect information, or reports related to closed investigations, which are likely not confidential or privileged under any states' laws. (See id. at 4, 7.) Further, in regard to Saint Louis, Missouri, GE Plaintiffs only focus on the confidentiality of juvenile records and do not provide an explanation as to why police reports for adult offenders cannot be disclosed under Missouri law. (See Opp'n at 17; id. at 7.) Finally, GE Plaintiffs have failed to address why certain police reports would require redactions if the reports are designated as confidential and subject to the protective order in this litigation. (See Opp'n, generally; id. at 9.) This is particularly true where GE Plaintiffs have failed to supply a privilege log. (See id. at 3.)

Finally, GE Plaintiffs claim that Defendants' Request is overly broad and unduly burdensome. In particular, GE Plaintiffs state: "Defendants now attempt to distort the Court's colloquy into a ruling compelling production of every document even tangentially related to tens of thousands of incidents . . ." (Opp'n at 11.) According to GE Plaintiffs, the Request seeks "'any and all documents' concerning almost 50,000 incidents,'" which could include "audio recordings from 911 calls, logs regarding the dispatch of officers to an incident or computer-aided dispatch system ('CAD') reports, police incident reports ('police reports'), supplemental vehicle recovery reports, case reports, investigatory notes, witness interviews, victim interviews, media reports, physical evidence, crime scene photos, evidence logs, surveillance footage, and body camera footage." (Id. at 7.) Further, GE Plaintiffs claim that there is no way to automate the collection of these materials, and that none of these documents are "stored in a single repository." (Id. at 7, 19.) Additionally, these documents must be individually reviewed

---

[12] The Court notes that GE Plaintiffs only raised the issue of juvenile confidentiality before the Court during the April 11, 2025 Status Conference, and not confidentiality related to all police reports. (April 11, 2025 Hr'g Tr., 33:14–36:19; see Reply, at 3 n.1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

for confidential and privileged information. (Id. at 8–9, 15, 20.) Thus, GE Plaintiffs claim that this "resource-intensive" endeavor would take years to complete. (Id. at 20.)

In response, Defendants state that GE Plaintiffs "inflate the reasonable scope" of the Request. (Reply, at 16.) In particular, the Request targets "police reports and records, arrest reports and records, crime reports and records, investigative reports and records and interview reports and records," and not "911 recordings, dispatch system logs, and physical evidence" as GE Plaintiffs claim. (Id.) Further, because these police reports are supposedly critical to HMA and KA's defense, the need for these documents outweighs any burden. (Id. at 13–14.) Finally, Defendants claim that GE Plaintiffs should have been aware of the need to produce law enforcement records at the outset of this case. (Id. at 14.) Thus, because the discovery Request was foreseeable, and because the five GE Plaintiffs "are major cities with considerable resources," GE Plaintiffs cannot now claim that they are unprepared and unable to respond. (Id. at 15.) Finally, Defendants argue that, although the requested police reports "'can' or 'may' contain privileged or protected information requiring review[,] . . . [this] is not probative evidence of undue burden or of good faith steps to assess the actual burden of complying with the Court's Order." (Id. at 16–17.)

The Court agrees with Defendants. First, the scope of the Request is more limited than GE Plaintiffs claim. Second, the Court already determined that this information was important, and that Defendants are "entitled to" it. (April 11, 2025 Hr'g Tr., 31:1.) Third, this Court limited the discovery Request to five cities to ensure that the burden did not outweigh the need for the evidence. (See Mot. at 15.) In fact, GE Plaintiffs agreed that "[f]or a small subset, it is workable" and that it "makes a lot of sense to do five plaintiffs." (April 11, 2025 Hr'g Tr., 35:10, 36:6–8.) Thus, the Court finds that GE Plaintiffs' burden of producing police reports and records does not excuse their refusal to produce any information and their failure to attempt to substantially comply with the Court's Order.

2.      *GE Plaintiffs Did Not Violate the Order in Good Faith*

GE Plaintiffs claim that this is a "complicated MDL," and that they "cannot be held in contempt for responding to, objecting to, and meeting and conferring in good faith

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

about broad discovery requests that are the subject of a general instruction from the Court but no written discovery order." (Opp'n at 2.) Further, GE Plaintiffs emphasize their compromise offer: a limited production of five incidents per each of the five GE Plaintiffs, with an accompanying privilege log.[13] (Id. at 15.)

The Court is not convinced that GE Plaintiffs violated its Order in good faith. First, as explained above, the Order was clear and unambiguous, and authorized relevant and proportional discovery. Second, the Court already considered and overruled GE Plaintiffs' objections to the discovery at the April 11, 2025 Status Conference. (See April 11, 2025 Hr'g Tr., 33:14–36:19.) Thus, GE Plaintiffs did not have grounds to raise additional blanket objections to Defendants' discovery Request. Finally, GE Plaintiffs' "compromise offer" undermines the intent of this Court's Order and would severely limit Defendants' ability to gain the information it is clearly entitled to. This Court already limited discovery to five GE Plaintiffs as a compromise to "narrow the focus of the request," and "get some of that information out there." (Id. at 35:23–36:5.) The Court further held that narrowing to five GE Plaintiffs would help the parties "see where [they] think [the data] leads," and "see how much of a burden it is to produce it." (Id. at 38:3–6.) Limiting discovery to just five cases for each of the five cities would severely undermine the goal of this discovery—to assist Defendants in developing their defenses regarding repeat offenders and alternate causes of theft. (See Reply, at 18; Id. at 27:20–30:25.) Consequently, this offer was not made in good faith.

The Court finds that the five GE Plaintiffs shall be held in contempt for their refusal to follow this Court's April 11, 2025 Order.

3.   *Sanctions*

Finally, as explained above, this Court's Order was sufficiently clear and definitive, and GE Plaintiffs have not provided a valid reason for non-compliance. Thus, the Court has discretion to impose sanctions. Gen. Signal Corp., 787 F.2d at 1379.

---

[13] Defendants argue that, although GE Plaintiffs now offer to produce privilege logs for each of the five GE Plaintiffs, they did not offer this compromise during meet and confer. (Reply, at 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-ml-03052-JVS(KESx) | Date | July 14, 2025 |
|---|---|---|---|
| Title | In Re: Kia Hyundai Vehicle Theft Litigation | | |

Because the five GE Plaintiffs have supposedly "shown they will not comply with the Court's Order," Defendants ask the Court to impose coercive sanctions of $2,500 for each day that GE Plaintiffs fail to comply. (Mot. at 16.) Additionally, Defendants request that the Court order the five GE Plaintiffs to reimburse Defendants for their fees and costs incurred in bringing this motion. (Id.) GE Defendants shall file an application within ten days.

The Court agrees that GE Plaintiffs have no "substantial justification" for failing to comply with this Court's Order, (Mot. at 17); thus, GE Plaintiffs are ordered to reimburse Defendants for the fees and costs that they incurred in bringing this motion. Further, beginning Monday July 28, 2025, so long as the GE plaintiffs are still in contempt, the Court imposes a sanction payable to the Court of $500 per day payable within seven days of the end of the that week. Each Monday thereafter, the sanction increases by $500 per day with the same payment provisions.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court holds the five GE Plaintiffs in contempt for their refusal to follow this Court's April 11, 2025 Order, and awards sanctions against the GE Plaintiffs in the amount of Defendants' fees and costs incurred in bringing this motion.

Beginning Monday July 28, 2025, so long as the GE plaintiffs are still in contempt, the Court imposes a sanction payable to the Court of $500 per day payable within seven days of the end of the that week. Each Monday thereafter, the sanction rises by $500 per day with the same payment provisions. The Court retains jurisdiction to adjust the sanctions prospectively or retrospectively depending on the degree of compliance or non-compliance.

The Court is issuing a separate order this date dealing with implementation of production.

**IT IS SO ORDERED.**