KELLER ROHRBACK L.L.P.
Gretchen Freeman Cappio (*pro hac vice*)
gcappio@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
Phone: (206) 623-1900
Fax:     (206) 623-3384

*Chair of the Governmental
Entities Committee*

QUINN  EMANUEL  URQUHART  &
SULLIVAN, LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys   for   Defendants   Hyundai
Motor America and Kia America, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>GOVERNMENTAL ENTITIES TRACK | Case No. 8:22-ML-3052-JVS-(KESx)<br><br>The Honorable James V. Selna<br><br>**GOVERNMENTAL ENTITIES TRACK JOINT PROPOSED AGENDA FOR SEPTEMBER 3, 2025 STATUS CONFERENCE**<br><br>Hearing Date:  September 3, 2025<br>Hearing Time:  9:00 a.m.<br>Department:  10C |

In advance of the September 3, 2025 status conference before the Court, Governmental Entity ("GE") Plaintiffs and Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") submit the following proposed joint agenda:

# I.      BELLWETHER NOMINEES AND OBJECTIONS THERETO

GE Plaintiffs' Position:

On August 25, 2025, GE Plaintiffs and Defendants exchanged two potential bellwether plaintiffs per side for each trial date.

GE Plaintiffs nominated two plaintiffs for both trials:

- Metropolitan Government of Nashville and Davidson County, TN
- Rochester, NY

Defendants nominated three plaintiffs for the two trials as follows:

- Madison, WI and Anne Arundel County, MD (First Trial)
- Madison, WI and Green Bay, WI (Second Trial)

The Court set September 2, 2025, at 5pm PT, as the date for GE Plaintiffs and Defendants to jointly submit to the Court their respective positions regarding the other side's nominees. Dkt. 1001 at 5. Consistent with the Court's Phase II Case Management Order ("CMO") at Dkt. 1001, each side's submission will be no longer than 5 pages. *Id.* Below, Defendants attempt to circumvent that limit by making inappropriate and incorrect arguments about the suitability of Rochester, NY. GE Plaintiffs will address those in their September 2 submission, as directed by the Court.

HMA and KA's Position:

The Court previously ordered that there will be two bellwether trials in the GE Track and instructed the Parties to exchange two potential bellwether plaintiffs per side for each trial date. *See, e.g.*, Dkt. 1001 at 5. On August 25, the Parties exchanged their proposed bellwether plaintiffs.

HMA and KA nominated three GE Plaintiffs for the two trials as follows:

- Madison, WI and Anne Arundel County, MD (First Trial)
- Madison, WI and Green Bay, WI (Second Trial)

GE Plaintiffs nominated two GE Plaintiffs for both trials:

- Metropolitan Government of Nashville and Davidson County, TN
- Rochester, NY

During the Parties' June 27 in-person conference, however, the Court ordered that a number of GE Plaintiffs were not eligible for initial bellwether trials given the pending certification of law and uncertainty as to the timing of its resolution. That was an indisputable reference to the Ninth Circuit's request for certification to the New York Court of Appeals, which affects the seven GE Plaintiffs from New York State. The Court reaffirmed this ruling at the August 7 status conference. *See* Dkt. 994-1 at 21:18–25.

The Parties' objections to each side's nominations are due by September 2 at 5 p.m. (Pacific). Dkt. 1001 at 5.

## II. PHASE 2 CASE MANAGEMENT ORDER

### A. Fine-Tuning

GE Plaintiffs' Position:

GE Plaintiffs appreciate the guidance from the Court in the CMO. The Court indicated it is willing to "consider suggestions for fine tuning" it, but will not hear "reargument or reconsideration." Dkt. 1001 at 7. In contravention of the Court's Order, Defendants argue below, again, that they should be permitted to take discovery of all GE Plaintiffs.

The CMO instructs the parties to proceed with selecting two GE Bellwether Plaintiffs and otherwise stays discovery as to all non-bellwethers. *Id.* at 7. Lifting the stay as to non-bellwethers would defeat the purpose of selecting bellwethers and violate Rule 1.

The parties appear to agree that the table of proposed bellwether deadlines in the CMO, *id.* at 6, should be modified slightly to clarify that the substantial completion of "*document production*" shall be completed by October 17, 2025, consistent with the deadlines the Court set in Section 5 ("Substantial completion of

document production shall occur no later than October 17, 2025"). GE Plaintiffs will submit a separate filing on August 29, 2025, with proposed revisions to ensure consistency in the CMO's terms.

HMA and KA's Position:

On August 14, the Court entered an updated Case Management Order ("CMO") for the GE Track that governs Phase 2 of fact discovery, expert discovery, bellwethers, and the MDL schedule. Dkt. 1001. The Court instructed the Parties to file any suggestions for fine-tuning the CMO by August 29 (*id.* at 7), which the Parties will do.

In their position statement, GE Plaintiffs incorrectly and improperly argue that acknowledging that the Court said it will likely unstay outstanding discovery is somehow in contravention of the CMO—even though the CMO plainly contemplates a "further order of the Court" that would do just that. Dkt. 1001 at 2. HMA and KA are prepared to address any of GE Plaintiffs' arguments about the CMO at the status conference.

**B.    Status of GE Plaintiffs' Written Discovery and Depositions of HMA/KA**

GE Plaintiffs' Position:

***Outstanding Phase 1 Discovery*** – Following the Court's ruling adopting the Special Master's R&R dated March 13, 2025, Dkt. 975, GE Plaintiffs requested that Defendants confirm that they have or will soon supplement their deficient responses to certain of GE Plaintiffs' **Phase I** Interrogatories and Requests for Production ("RFPs"). *See* Ex. A. Defendants indicated that they had supplemented their productions to all Interrogatories and RFPs with the important exceptions of Phase I RFPs 17 and 21, but that such productions were "forthcoming" and the production for RFPs from Phase I would be completed by the end of August. *Id.*. Given that depositions are being scheduled for September and October 2025, GE Plaintiffs reiterate the need for Defendants to supplement their productions, as ordered, from

Phase I **immediately**, and reserve all rights based on the forthcoming productions and depositions they have had to take without this information.

*Phase II Requests* – Following the entry of the Phase II CMO, GE Plaintiffs promptly served their first set of Phase II RFPs and Interrogatories on Defendants on August 18 and August 19, 2025, respectively. Defendants' responses and objections to each are due 60 days from service, consistent with the stipulations entered in this case.

*Depositions* – GE Plaintiffs continue to coordinate with the Subrogation Track on depositions. Additionally, all parties to the litigation filed a proposed order regarding coordination of discovery and deposition protocol that is still pending the Court's review. Dkt. 973. On August 15, 2025, consistent with the Court's Order at Dkt. 984, GE and Subrogation Plaintiffs provided Defendants with a list of ten HMA fact witnesses, and ten KA fact witnesses previously noticed or to be noticed for deposition. Ex. B. GE and Subrogation Plaintiffs did so despite their pending review of the thousands of documents Defendants recently produced, and despite the fact that Defendants have not yet responded to GE Plaintiffs' Phase II written discovery requests. *Id.* GE Plaintiffs reserve all rights to note additional depositions and re-open depositions based on those productions.

To date, four of the ten HMA fact witness depositions, and five of the ten KA fact witnesses have occurred. Defendants asserted that the apex doctrine shields one HMA witness (Brian Latouf) and one KA witness (Jurassic Park) from being deposed. Briefing related to Defendants' motion for protective order on those two witnesses will be complete by September 3, 2025, and oral argument before Judge Andler is scheduled for September 8, 2025.

Defendants stated that HMA witness Cole Stutz is available for deposition on October 1, 2025. GE and Subrogation Plaintiffs requested a new date for the deposition to accommodate the Yom Kippur holiday, and Defendants offered November 4, 2025. Mr. Stutz was first noticed for a deposition on May 15, 2025,

before Defendants unilaterally cancelled it. Although the newly offered date is set to occur before the close of fact discovery in the GE track, discovery in the Subrogation track remains set to close on October 17, 2025. Dkt. 885. Accordingly, GE Plaintiffs request that Defendants strive to find a date in September or earlier in October where Mr. Stutz is available.

Defendants have yet to provide the availability of any of the four remaining HMA witnesses (Scott Stewart; Craig Dawkins; John Gramata; and Sean Lee). For the four KA depositions not yet taken or subject to motion practice, Defendants have confirmed dates for Ji Hoon Han and Michael Wilde but have not yet provided the availability of Marijo Prodanic or Margaret Kishore.

HMA and KA's Position:

***Written Discovery* —** The CMO provides that "GE Plaintiffs, collectively, may together serve on each Defendant one set of coordinated written discovery, including up to 20 requests for production of documents, 20 interrogatories, and 20 requests for admission." Dkt. 1001 at 2. GE Plaintiffs also get the benefit of discovery obtained in the Subrogation Track (for example, documents produced by HMA and KA in response to the **218** requests for production served, to date, on HMA and the **220** requests for production served, to date, on KA) and the San Diego state court action.

On August 18, GE Plaintiffs served 18 requests for production of documents on HMA and 17 requests for production of documents on KA. Pursuant to Federal Rule of Civil Procedure 34 and the Parties' joint stipulations, HMA and KA's written responses and objections to these requests are due by October 17. *See* Dkts. 223 ¶ 17; 292 ¶ 18; 849 ¶ 18 (providing that "Defendants HMA and KA shall have an additional 30 days to serve objections and/or responses to any and all written discovery propounded by [GE Plaintiffs] in addition to the time provided by the Federal Rules of Civil Procedure for such objections and responses"). Under the CMO, HMA and KA's document productions must also be substantially complete by October 17. Dkt. 1001 at 5.

On August 19, GE Plaintiffs served 12 interrogatories on HMA and KA. Pursuant to Federal Rule of Civil Procedure 33 and the stipulations discussed previously, HMA and KA's responses and objections to these interrogatories are due by October 20.

With respect to GE Plaintiffs' Phase 1 discovery requests, HMA and KA have supplemented their responses and/or completed their document productions for all interrogatories and/or requests for production except two requests (Request for Production Nos. 17 and 21). Dkt. 975. On August 6, the Court entered an order affirming Judge Andler's report and recommendation regarding HMA and KA's responses to a number of discovery requests served by GE Plaintiffs, including Request for Production Nos. 17 and 21. HMA and KA have already produced documents responsive to Request for Production No. 21 in the Subrogation Track, which have been shared with GE Plaintiffs. HMA and KA intend to produce the remaining subset of documents responsive to Request for Production No. 21 by the end of August. HMA and KA have also already produced documents responsive to Request for Production No. 17 and intend to provide a supplemental production in short order.

***Depositions* —** The CMO provides that GE Plaintiffs and Subrogation Plaintiffs, collectively, may take one Rule 30(b)(6) deposition of HMA, one Rule 30(b)(6) deposition of KA, 10 depositions of fact witnesses currently employed by HMA, and 10 depositions of fact witnesses currently employed by KA. *See* Dkt. 1001 at 3. Depositions of HMA or KA employees taken in the Subrogation Track before the entry of the CMO count toward the deposition limit. *Id.*

Since mid-April, GE and Subrogation Plaintiffs have deposed five KA fact witnesses and four HMA fact witnesses and, as of the date of this filing, depositions of two additional KA fact witnesses have been scheduled for mid-September and a deposition of one additional HMA fact witness has been scheduled for November (for a total of 12 HMA and KA witnesses deposed or scheduled for deposition to date).

That includes the deposition of Cole Stutz, who was removed from Plaintiffs' deposition list on July 5, and then later re-added. Mr. Stutz's deposition was previously scheduled for October 1, the same day that Plaintiffs are seeking to set the next status conference. However, counsel for Plaintiffs later requested to reschedule the deposition due to the Yom Kippur holiday, to which HMA and KA agreed. HMA and KA later notified Plaintiffs that the next available date for Mr. Stutz was November 3, before the close of fact discovery. Plaintiffs did not respond or issue an amended deposition notice.

On August 7, the Court ordered Plaintiffs to provide their final list of requested fact witnesses by August 15 (Dkt. 984), which Plaintiffs then did. Two of the witnesses on the list (Jurassic Park and Brian Latouf) are Apex witnesses and the subject of HMA and KA's motion for protective order; the hearing for that motion is set for September 8.

On August 21, GE Plaintiffs and Subrogation Plaintiffs jointly served Rule 30(b)(6) deposition notices on HMA and KA, unilaterally setting the dates as October 22 (for HMA) and October 29 (for KA). HMA and KA objected to Plaintiffs' unilateral scheduling of the depositions and offered to meet and confer to identify mutually agreeable dates.

On August 26, GE Plaintiffs and Subrogation Plaintiffs jointly served a deposition subpoena on Ali Shahabi. Mr. Shahabi first appeared on Subrogation Plaintiffs' deposition list in March 2025. At the time, Mr. Shahabi was living in Canada, and counsel for Subrogation Defendants informed Plaintiffs that he was living out of the country and thus they would not be representing him. Mr. Shahabi has since returned to Irvine, California and, in response to Plaintiffs' deposition subpoena, agreed to have counsel for HMA and KA represent him. Accordingly, Plaintiffs' deposition of Mr. Shahabi would exceed the Defendant Deposition Limit set forth in the Parties' proposed order regarding the coordination of discovery and the deposition protocol. Dkt. 973 at ECF pp. 2–3. HMA and KA have asked Plaintiffs

whether they will proceed with the deposition of Mr. Shahabi and, if so, which previously identified HMA witness will be removed from Plaintiffs' August 15 list in order to comply with the deposition limit.

### C.   HMA and KA's Written Discovery and Depositions of GE Plaintiffs

GE Plaintiffs' Position:

The Court has delineated the scope of Phase II discovery for GE Plaintiff Bellwethers. Dkt. 1011. The bellwethers—once selected—will respond to any of Defendants' discovery requests consistent with that Order in due course. As the Court made clear, "All discovery of non-bellwether GE Plaintiffs is stayed and any deadlines to respond to pending discovery requests or notices are tolled until further order of the Court." Dkt. 1001 at 2.

***Written Requests*** – Defendants suggest below that the Court should lift the stay as the bellwethers ***and non-bellwethers***. Again, this far exceeds the "fine tuning" permitted by the Court. Defendants instead urge "reargument or reconsideration." Dkt. 1001 at 7. This is contrary to the purpose of selecting bellwethers and the Court's stated intent. *See, e.g.*, Jan. 23, 2025, Status Conf. Tr. at 52:9-14 ("One of the functions of concluding Phase I in identifying bellwethers in some fashion is we cut off the discovery as to all the other plaintiff entities, and we do all the discovery resources that are comp [sic] to the claims of those parties, and we just put aside the individual claims of others not in the bellwether group."); *also* Feb. 28, 2024, Status Conf. Tr. at 13:14-17 (where the Court noted that it "would plan to stay the Phase II discovery, if you will, as to all of the cases other than the bellwethers"). Lifting the stay now—weeks after the Court issued it—would be incongruent with the Rule 1 and unnecessarily usurp the Parties' and the Court's resources.

Additionally, Defendants contend below that once discovery is unstayed, GE Plaintiffs will have a limited time to respond to requests Defendants served without authorization on July 31 and August 5, 2025. But those requests were served in violation of the Court's Order limiting them to seek police reports from five (5)

1  jurisdictions and before the entry of the Phase II CMO, Dkt. 1001, delineating the
2  scope of Phase II discovery.

3      Defendants' own representations to this Court reinforce that conclusion. For
4  example, on June 12, 2025, Defendants represented to the Court their understanding
5  that "Phase 2 fact discovery [is] *not yet open*." Dkt. No. 879 at 3, 4. In the parties Joint
6  Agenda for the June 9, 2025, status conference, Defendants also told the Court that
7  "Phase II discovery of GE Plaintiffs *has not yet begun*" Dkt. No. 856 at 8 (emphasis
8  added). GE Plaintiffs respectfully request that the Court clarify that the response
9  deadline for Defendants' premature Phase II discovery requests be 30 days from the
10 date any stay is lifted.

11     ***Depositions*** – GE Plaintiffs have advised Defendants that until the bellwether
12 plaintiffs are identified, GE Plaintiffs are not able to confirm dates of depositions for
13 the bellwether plaintiffs, much less for the employees of the bellwether GE Plaintiffs
14 that Defendants may wish to depose as fact witnesses but have not yet been identified.
15 Once the bellwether plaintiffs are selected—which GE Plaintiffs anticipate will be
16 very shortly after the Court has reviewed the parties' submissions on September 2,
17 2025—GE Plaintiffs will work coordinate with Defendants to identify and confirm
18 mutually agreeable dates for the bellwether depositions and meet and confer about the
19 topics of the Rule 30(b)(6) depositions.

20     Additionally, the CMO omits "bellwethers" from the language authorizing
21 depositions of GE Plaintiffs. Dkt. 1001 at 3 ("HMA and KA, collectively, may take
22 one Federal Rule of Civil Procedure 30(b)(6) deposition of each GE Plaintiff" and
23 "up to 10 depositions of fact witnesses currently employed by each GE Plaintiff.").
24 This appear to be an inadvertent omission that is inconsistent with the stay of
25 discovery as to non-bellwethers and would mean Defendants could take up to 308
26 depositions, while GE Plaintiffs would be limited to 22. GE Plaintiffs suggest
27 clarifying the limits in the CMO apply to depositions of bellwether GE Plaintiffs in
28 their proposed finetuning of the CMO.

      <u>HMA and KA's Position</u>:

      ***Written Discovery*** — The CMO provides that "Defendants, collectively, may together serve on each bellwether Plaintiff one set of coordinated, written discovery, including up to 20 requests for production of documents, 20 interrogatories, and 20 requests for admission." Dkt. 1001 at 2. The CMO further provides that "[a]ll discovery from non-bellwether Plaintiffs is stayed and the time for responding to any outstanding discovery has been tolled until further order of the Court." *Id.*

      Prior to the entry of the CMO on August 14, HMA and KA had served on GE Plaintiffs their first set of requests for production of documents (under Phase 2 of fact discovery) on July 31 and August 5. GE Plaintiffs point to filings from June 9 and 12 to argue that these requests were "served without authorization" because Phase 2 of fact discovery was purportedly not yet open when the requests were served, but the Court opened Phase 2 of fact discovery on June 13 during the Parties' in-person conference that the Court also attended. Further, the Court has stated that it is likely going to lift the stay on this outstanding discovery once bellwether plaintiffs are chosen. Dkt. 944-1 at 28:12–29:17. Once the time for responding to HMA and KA's requests is untolled, GE Plaintiffs will have 16 days or 21 days to respond, depending on when they were served. GE Plaintiffs characterize these statements of fact as argument relating to the CMO, but, as noted, the CMO plainly contemplates a "further order of the Court" that would untoll the time for responding to HMA and KA's outstanding discovery. Dkt. 1001 at 2.

      ***Depositions*** — The CMO provides that "HMA and KA, collectively, may take one Federal Rule of Civil Procedure 30(b)(6) deposition of each GE Plaintiff" and "up to 10 depositions of fact witnesses currently employed by each GE Plaintiff." Dkt. 1001 at 3.[1] Notwithstanding the discovery stay, in an effort to ease scheduling

---

[1] In their position statement, GE Plaintiffs acknowledge that "the CMO omits 'bellwethers' from the language authorizing depositions of GE Plaintiffs" and ask for

burdens and ensure compliance with the fact discovery cutoff date, on August 15, HMA and KA requested that the Parties meet and confer to schedule potential dates for the depositions of the bellwether plaintiffs. While the bellwethers have not yet been chosen, HMA and KA believe that, at a minimum, counsel for the Parties can, and should, begin discussions on anticipated timing for depositions. GE Plaintiffs, however, declined to engage in such discussions and deferred them until only after the selection of bellwethers.

### III. GE PLAINTIFFS' PRODUCTION OF POLICE REPORTS

<u>GE Plaintiffs' Position</u>:

On August 12, 2025, GE Plaintiff the City of Indianapolis re-produced the Police Reports associated with each of the 5,527 unique highlighted incidents in Defendants' requests that Indianapolis had previously produced on July 28, 2025. Those Police Reports had already been produced as a single documents for the reasons explained in the Declaration of Deputy Chief Kevin Wethington. *See* Dkt. 954-4. After Defendants raised concerns with that format, and the Court directed the parties to "have some discussions and cure the problem," Ex. C (August 7, 2025, Status Conf. Tr.) at 10:14–15, Keller Rohrback was able to split in automated fashion the single document previously containing Indianapolis's Police Reports into 5,527 separate documents—one document for each of the 5,527 unique highlighted incidents in Defendants' requests to Indianapolis. *See* Dkt. 997.

On August 13, 2025, consistent with this Court's Order re: Production of Police Reports, Dkt. No. 932, GE Plaintiffs Louisville/Jefferson County Metropolitan Government and the Metropolitan Government of Nashville and Davidson County timely produced to Defendants the "Police Reports," as that phrase is defined by the Court's Order, associated the 12,499 unique highlighted incidents identified in

---

this to be changed. As noted, HMA and KA are prepared to discuss any of GE Plaintiffs' arguments about the CMO at the status conference.

Defendants' Second Sets of Requests for Production propounded on those cities. *See* Dkt. No. 997 (Notice of Compliance with Production Order). Those productions totaled more than 71,000 pages. Their timely production was only possible due to the Court's July 28, 2024, Implementing Order. *See* Dkt. 954.

<u>HMA and KA's Position</u>:

On July 28, three GE Plaintiffs (Buffalo, NY; Indianapolis, IN; and Milwaukee, WI) produced police reports pursuant to the Court's April 11 and July 14 orders. *See* Dkts. 931, 932. Indianapolis produced thousands of reports in a single PDF file and was ordered by the Court to cure its deficient production. Dkt. 944-1 at 10:2–15. On August 12, Indianapolis re-produced all of its reports as individual files—as they should have done on July 28.

On August 13, two other GE Plaintiffs (Louisville/Jefferson County Metro Government, KY and Metropolitan Government of Nashville and Davidson County, TN) also produced police reports.

At the August 7 status conference, HMA and KA expressed that they needed to be able to share police reports with e-discovery vendors, in-house counsel, and consulting experts. *Id.* at 8:10–20. On August 14, the Court entered an order regarding the disclosure of police reports. Dkt. 1003. In accordance with this order, HMA and KA provided GE Plaintiffs with notice of intent to disclose the police reports with consulting experts and have since done so following the expiration of the five-day notification period given the absence of objection by GE Plaintiffs.

The Court's disclosure order has significantly improved HMA and KA's ability to process and analyze the thousands of police reports that the aforementioned five GE Plaintiffs produced in late July and mid-August. HMA and KA appreciate the Court's attention to this matter.

## IV.    STATUS OF PARENT COMPANY DISCOVERY

<u>GE Plaintiffs' Position</u>:

GE Plaintiffs served their subpoenas containing amended Rule 30(b)(6)

deposition notices and, separately, requests for documents on Defendants' foreign parents, HMC and KC, on April 23, 2025. HMC and KC each served their responses and objections to the Subpoenas June 23, 2025. HMC and KC indicated that they were unavailable for the originally noticed dates in July 2025 and GE Plaintiffs consented to moving the dates to late September 2025 on the condition that responsive documents are produced sufficiently in advance of the deposition dates. The Court's latest CMO affirms that HMC and KC must substantially complete their production of documents (in their native form) at least 30 days before the scheduled depositions. Dkt. 1001 at 4. Consistent with the CMO, HMC and KC should have produced documents on August 25, 2025, but they did not.

Instead, following the entry of the CMO, and after making it clear that they would not meet the production deadline ordered by the Court, HMC and KC attempted to once again reschedule the September depositions for dates in late October in order to meet the court-ordered deadline of document production. GE Plaintiffs reluctantly agreed to reschedule the depositions, so long as HMC and KC (1) begin a rolling production of documents on September 8, 2025 (the earliest date they indicated they could produce documents), and (2) comply with the Court's order requiring substantial completion of the documents in their native language 30 days in advance of the depositions. Counsel for HMC and KC agreed to these terms and the depositions are now scheduled for October 27, 29, and 31, 2025. The parties will still need the Special Master's assistance in determining issues like the length and translation protocol for the depositions, as well as how to reach her if needed given the time zone differences involved.

Separately, the parties filed a joint submission to Judge Andler regarding HMC's and KC's responses and objections to the subpoenas. Judge Andler heard oral argument on August 21, 2025, and GE Plaintiffs maintain that Judge Andler should exercise her authority to rule on the objections promptly. GE Plaintiffs anticipate that a Report and Recommendation is forthcoming.

PROPOSED AGENDA FOR SEPTEMBER 3, 2025 STATUS CONFERENCE

<u>HMA and KA's Position</u>:

On September 20, 2024, GE Plaintiffs served and HMC and KC, through counsel, accepted service of one subpoena on HMC and one subpoena on KC in connection with the Rule 30(b)(6) depositions of HMC and KC, as provided in the stipulations the Parties entered into. The Rule 30(b)(6) depositions were taken off calendar and, on April 23, 2025, GE Plaintiffs served amended notices for the Rule 30(b)(6) depositions of HMC and KC and set the deposition dates for July 22 and 24, 2025, respectively. The notice for the deposition of KC was untimely and, in any event, neither HMC nor KC were available for GE Plaintiffs' unilaterally scheduled dates.

On August 21, 2025, GE Plaintiffs attempted to serve amended subpoenas that set deposition dates for September 22, 24, and 26, but these amended subpoenas were deficient under the stipulations because (i) HMC and KC already accepted service of a subpoena, so any new subpoenas must be served through the Hague Evidence Convention; and (ii) even if additional subpoenas were allowed under the stipulations, GE Plaintiffs are required to provide HMC and KC 90 days' notice. Further, if the amended subpoenas were accepted, HMC and KC would have only had two days to substantially complete their document productions.

On August 24, counsel for HMC and KC responded to GE Plaintiffs with a counterproposal on both deposition scheduling and the deadline for productions and, on August 27, the Parties agreed to the following: (i) GE Plaintiffs will serve amended notices for the newly agreed-upon deposition dates of October 27, 29, and 31, which HMC and KC will accept; and (2) HMC and KC will begin a rolling production of documents starting on September 8 and substantially complete these productions 30 days before each deposition.

Separately, on August 15, GE Plaintiffs, HMA, and KA submitted a joint letter brief to Judge Andler regarding HMC and KC's responses and objections to GE Plaintiffs' requests for production of documents. Judge Andler heard the dispute on

August 21.  Judge Andler has not yet issued a report and recommendation.

**V.    MEDIATION**

The Parties have been in communication with Judge Morrow regarding the timing of a mediation and, in accordance with Judge Morrow's guidance, are engaged in efforts to meet and confer about such timing.

**VI.   SAN DIEGO STATE COURT ACTION**

<u>GE Plaintiffs' Position</u>:

The deadline for motions for summary judgment remains December 19, 2025. All motions and discovery in the action brought by San Diego on behalf of the People of California must be completed by March 13, 2026. The People served discovery requests on Defendants on August 1, 2025.

GE Plaintiffs in this action remain willing to coordinate their discovery efforts—to the extent it is practicable to do so—with the parallel action brought on behalf of the People of California. The parties have been in communication regarding negotiating a coordination order and GE Plaintiffs anticipate the parties will reach an agreement on such an order.

<u>HMA and KA's Position</u>:

On August 1, the City of San Diego—who is represented by Keller Rohrback (who is also counsel for most GE Plaintiffs) and Kazerouni Law Group—served on HMA and KA interrogatories and requests for production of documents.  San Diego's interrogatories and requests for production largely overlap with the discovery GE Plaintiffs served on August 18 and 19, which reflects San Diego's commitment to reasonably coordinate discovery between the state court action and the MDL.  HMA and KA requested that the deadlines for their responses and objections be extended to match the deadlines for the Phase 2 discovery requests in the MDL, and San Diego granted the request.

The San Diego trial date is currently set for April 10, 2026, which coincides with timing for the first bellwether trial.  *See* Dkt. 1001 at 6–7.  A courtroom clerk

1  has said that Judge Mark Cumba (who is presiding over the San Diego action) will

2  coordinate with the parties to determine a workable trial date.

## VII.  CERTIFIED QUESTION TO THE NEW YORK COURT OF APPEALS

4        On June 20, the Ninth Circuit certified to the New York Court of Appeals the

5  question whether "the Manufacturers owe the New York Municipalities a duty to

6  exercise reasonable care in the design, manufacture, and distribution of their

7  vehicles."  Dkt. 901.  In a June 30 filing, the Ninth Circuit confirmed that the New

8  York Court of Appeals received the certification materials.  Case No. 24-2350 (9th

9  Cir.), Dkt. 70.1.  The New York Court of Appeals has not yet acted on the

10 certification.

## VIII. HMA AND KA'S APPLICATION FOR ATTORNEYS' FEES ON CONTEMPT RULING

13       <u>GE Plaintiffs' Position</u>:

14       Defendants still have not made a sufficient showing to justify the award of fees

15 related to their motion to show case. The Court recently observed that there were

16 "some holes in the showing that was made" and that Defendants needed to

17 "supplement your showing for fees" with something that was the "equivalence of a

18 lodestar." Ex. C (Aug. 7, 2025 Hr'g Tr., Dkt. 990, 17:20–23, 18:3–4). However,

19 Defendants' deficient reply failed to remedy these shortcomings, and the Court rightly

20 denied Defendants' motion for attorneys' fees. Dkt. 1004. Since the Court's ruling,

21 Defendants have not submitted any evidence, let alone basic lodestar information, to

22 justify their request for fees.

23       <u>HMA and KA's Position</u>:

24       When the Court found GE Plaintiffs in contempt for their failure to follow the

25 Court's April 11 order regarding the production of police reports for five GE

26 Plaintiffs, it ordered GE Plaintiffs to "reimburse Defendants for their fees and costs

27 incurred in bringing" their motion for an order to show cause.  Dkt. 931 at 17.

28

Pursuant to the Court's instructions, on July 24, HMA and KA filed an application for attorneys' fees.  Dkt. 950.  On July 29, GE Plaintiffs filed an opposition to the application.  Dkt 955.  On August 13, HMA and KA filed a reply in support of their application for attorneys' fees.  Dkt. 1000.

On August 15, the Court denied HMA and KA's application without prejudice because the application papers did not provide "the hours that each attorney spent on each task."  Dkt. 1004 at 2.  HMA and KA are preparing an amended application with this information.

## IX.    SCHEDULING NEXT STATUS CONFERENCE

The parties will be prepared to discuss scheduling at the status conference.

DATED this 29th day of August 2025

Respectfully submitted,

KELLER ROHRBACK L.L.P.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Gretchen Freeman Cappio*
Gretchen Freeman Cappio (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

By */s/ Steven G. Madison*
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendants Hyundai Motor America and Kia America, Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

 I certify that on August 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


            */s/ Gretchen Freeman Cappio*
            Gretchen Freeman Cappio