UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motion to Dismiss the Superseding Consolidated Ohio Governmental Entities Complaint [948]**

Before the Court is Defendants Hyundai Motor America ("HMA") and Kia America, Inc.'s ("KA") (collectively, "Defendants") Motion to Dismiss the superseding consolidated complaint of Cincinnati, Cleveland, Colombus, Lorain, and Parma, Ohio Governmental Entity Plaintiffs ("Ohio GE Plaintiffs" or "Plaintiffs"). (Mot., Dkt. No. 948.) Ohio GE Plaintiffs oppose the motion. (Opp'n, Dkt. No. 979.) Defendants replied. (Reply, Dkt. No. 1005.)

For the following reasons, the Court **GRANTS** the motion to dismiss Plaintiffs' negligence claims and the statutory public nuisance claims brought by Cincinnati and Lorain.

I. **BACKGROUND**

The parties are familiar with the facts of this multidistrict litigation ("MDL"), so the Court recites them here only as necessary to resolve this Motion. (See Governmental Entity ("GE") Plaintiffs Order, Dkt. No. 270.) The Ohio GE Plaintiffs allege that "[f]or all model years between 2011 and 2022," Defendants "designed, manufactured, and distributed [certain] automobile models without engine immobilizers or other reasonable anti-theft technology." (Superseding Consolidated GE Complaint ("Superseding CGEC"), Dkt. No. 912 ¶ 2.) The Plaintiffs allege that online videos spread the ease of which thieves could steal Defendants' vehicles, resulting in "a dangerous increase of thefts" that " has significantly impacted law enforcement operations and emergency services." (Id. ¶ 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

On December 13, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring related actions from fourteen District Courts to this Court for consolidation and pretrial coordination. (Dkt. No. 1.) Shortly after the MDL was established, the JPML conditionally transferred related cases filed by the cities of Seattle, Washington, and Columbus, Ohio, alleging public nuisance caused by the Theft Prone Defect. Additional actions on behalf of the cities of Cincinnati, Ohio, Cleveland, Ohio, Buffalo, New York, and Madison, Wisconsin, among others, were also filed. (See JPML Dkt. Nos. 142, 154, 159.)

On July 28, 2023, the GE Plaintiffs filed their Consolidated GE Complaint ("CGEC"). (CGEC, Dkt. No. 175.) The CGEC alleged claims by Columbus, Cleveland, Cincinnati, and Parma, Ohio for common law public nuisance, (id. ¶¶ 302-325), common law qualified public nuisance, (id. ¶¶ 326–47), and negligence (id. ¶¶ 348–72). The CGEC also alleged two additional statutory claims on behalf of Columbus, Ohio. (Id. ¶¶ 373–88.) Additionally, the City of Lorain, Ohio filed an amended complaint, which alleged causes of action for common law absolute public nuisance, common law qualified public nuisance, and negligence. (Lorain First Amended Complaint ("FAC"), Dkt. No. 406-1.)[1]

On November 17, 2023, this Court declined to dismiss the Ohio GE Plaintiffs' public nuisance claims pending the Ohio Supreme Court's decision on whether the Ohio Products Liability Act, Ohio Rev. Code § 2307.71 et seq, as amended in 2005 and 2007 ("OPLA"), abrogated common law public nuisance claims. (Order, Dkt. No. 270.) On January 29, 2023, the Court certified an interlocutory appeal on that Order with respect to the Ohio GE Plaintiffs' negligence claims. (Dkt. No. 298.) The pertinent question on appeal was "whether a tort duty to protect against third-party criminal conduct can be based solely on the foreseeability of harms—even in the absence of a special relationship" under Ohio law. (Id. at 7.) However, the Court declined to stay the proceedings pending appeal. (Id. at 8.)

The Ohio Supreme Court recently decided the OPLA abrogation issue in In re National Prescription Opiate Litigation, 2024 WL 5049302 (Ohio Dec. 10, 2024). In

---

[1] Lorain made substantively the same factual allegations in its FAC as the GE Plaintiffs did in their Complaint. (Compare FAC, with CGEC.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

light of this decision, the parties stipulated to dismiss with prejudice the Ohio GE Plaintiffs' common law public nuisance claims. (Joint Stip., Dkt. No. 841.) On April 21, 2025, Defendants moved for judgment on the pleadings as to the Ohio GE Plaintiffs' negligence claims, (CGEC ¶¶ 348–372; FAC ¶¶ 157–181), under the same theory of OPLA abrogation. (Motion for Judgement on the Pleadings ("MJP"), Dkt. No. 823, at 8.) The Court granted the motion but gave leave for Ohio GE Plaintiffs to amend their pleadings "to avoid OPLA abrogation by alleging harm specific to the Ohio GE Plaintiffs, and not the general public." (Order Regarding Defendants' MJP ("MJP Order"), Dkt. No. 881, at 10.)

Ohio GE Plaintiffs then filed their Superseding CGEC on July 1, 2025. (Superseding CGEC.) Defendants now move to dismiss portions of Ohio GE Plaintiffs' Superseding CGEC, challenging the Plaintiffs' common law negligence claims and two new statutory public nuisance claims asserted by plaintiffs Cincinnati and Lorain. (Mot. at 1–2.)

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). Courts also "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

1.  *Ohio GE Plaintiffs' Common Law Negligence Claims*

    a.  Are the Ohio GE Plaintiffs' Negligence Claims Abrogated by OPLA?

    Defendants move to dismiss the common law negligence claims as amended by the Ohio GE Plaintiffs after the Court originally found them to be abrogated under OPLA. (Mot. at 1; MJP Order at 9–10.) The Court discussed OPLA abrogation in detail in its previous order, but reiterates the relevant concepts here. (See MJP Order at 4–6.)

    OPLA specifically abrogates "all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B); see Nat'l Prescription Opiate, 2024 WL 5049302, at *6. In its December 10, 2024 decision, the Ohio Supreme Court held that "[t]he plain language of the OPLA abrogates product-liability claims, including product-related public-nuisance claims seeking equitable relief." Nat'l Prescription Opiate, 2024 WL 5049302, at *7. While the Nat'l Prescription Opiate court only considered whether OPLA abrogated public nuisance claims, it also examined the legislative history of the 2005 Amendment to OPLA, which considered OPLA's application to negligent design claims. Id. at *2. The court found that the Ohio General Assembly intended "to abrogate all common law product liability causes of action." Id. (quoting Am.Sub.S.B. No. 80, Section 3, 150 Ohio Laws, 7915, 8031).

    In light of the Ohio Supreme Court's decision, the Court held that OPLA abrogated Plaintiffs' common law negligence claims under the second of two definitions of products liability provided by OPLA. (MJP Order at 9–10.) Under this definition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

"'[p]roduct liability claim' also includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public." Ohio Rev. Code § 2307.71(A)(13). The Court found that Plaintiffs' previous negligence claims fell under this definition because they contained "allegations that the design, manufacturing, and distribution of these vehicles unreasonabl[y] interfered with the general public's right to safety." (MJP Order at 9–10.) Nonetheless, the Court gave Plaintiffs leave to amend "to avoid OPLA abrogation by alleging harm specific to the Ohio GE Plaintiffs, and not the general public." (Id. at 10.)

Defendants argue that Plaintiffs have again failed to bring their negligence claims outside the reach of OPLA abrogation under its second definition of product liability.[2] (Mot. at 12.) In opposition, Plaintiffs first argue that OPLA's second definition of product liability does not apply to common law negligence claims under certain canons of statutory construction. (Opp'n at 9–11.) As described above, the Court previously decided that OPLA can abrogate common law negligence claims and declines to reconsider this issue. (MJP Order at 6, 9–10.)

Second, Plaintiffs argue that they have alleged harm to themselves as governmental entities that is distinct from interference with the public's right to safety. (Opp'n at 11.) Specifically, Plaintiffs allege they have suffered economic loss in the form of

> expending, diverting, and increasing resources to deter thefts of Susceptible Vehicles; responding to and investigating thefts of Susceptible Vehicles and crimes committed with such vehicles; retrieving, inventorying, and impounding stolen Susceptible Vehicles; assisting with the prosecution of individuals charged with stealing Susceptible Vehicles and/or using such vehicles to commit crimes;

---

[2] Defendants also argue that Plaintiffs' negligence claims fail under the first definition of product liability under OPLA. (Mot. at 11.) Defendants claim that Plaintiffs may not disclaim compensatory damages for the property damage alleged in the Superseding CGEC to avoid OPLA abrogation. (Id. at 11–12.) Because the Court finds that the negligence claims are abrogated under the second definition, it declines to address this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

and providing emergency services within the jurisdictions of the Ohio GE Plaintiffs.

(Superseding CGEC ¶ 116)

According to Plaintiffs, "[t]he public does not have a right to enjoy, individually and collectively, funds that a tortfeasor caused their local government to expend." (Opp'n at 12.) As such, Plaintiffs argue that the cost of responding to vehicle thefts was incurred by Plaintiffs in their proprietary capacity as municipal corporations. (Id.) Plaintiffs equate this harm to the cost of extermination services after the intentional release of crickets into a government building not open to the public, or the increased cost of tires as a direct purchaser due to a price-fixing scheme. (Id. at 13.)

While the Court recognizes that a city may be capable of suffering harm to its individual or private interests, the question remains whether the interest *here* is sufficiently distinct from the public's right to safety to avoid OPLA abrogation. On the one hand, cleaning up a building closed to the public or paying higher prices for tires on government vehicles likely do not unreasonably interfere "with a right common to the general public," Ohio Rev. Code § 2307.71(A)(13), because these costs at most indirectly hinder a government's ability to protect the rights of its citizens. However, these scenarios are distinguishable from the alleged harm here, which directly interferes with the provision of public safety services as a result of Defendants' alleged conduct. (See Superseding CGEC ¶ 116.) Unlike the cricket extermination or tire price hypotheticals, in which the city incurred costs in connection to its own property, here, the purpose of the resources, services, investigation, and prosecution described in the Superseding CGEC were to protect the public's right to safety from vehicle theft, not to protect the cities' own property. (Id.) In particular, the allegation of the "diversion" of resources to deter vehicle thefts, (id.), suggests that at least part of the harm to Plaintiffs was their diminished capacity to ensure the public's right to safety via law enforcement and emergency services.

Neither party cites authority directly distinguishing a harm to a city in its proprietary capacity versus a right common to the general public under OPLA. However, the court in City of Cleveland v. Ameriquest Mortgage Securities, Inc. applied an identical standard—whether the city alleged an "unreasonable interference with a right common to the general public"—to determine whether the city's public nuisance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

claim related to home-lending was preempted by Ohio Rev. Code § 1.63. 621 F. Supp. 2d 513, 519–20 (N.D. Ohio 2009), *aff'd*, 615 F.3d 496 (6th Cir. 2010) (quoting Brown v. Scioto County Bd. of Comm'rs, 622 N.E.2d 1153 (Ohio 1993)). In concluding that the city did allege impairment of a public right, and was thus preempted, the Ameriquest court noted that the damages alleged by the city in the form of municipal expenditures related to police and fire protection were incurred "to protect the public . . . , not for some private reason unrelated to the public interest." Id. at 520.

Here, Ohio GE Plaintiffs similarly allege municipal expenses related to their response to and deterrence of vehicle theft that were incurred to "protect the public." Like the city in Ameriquest, Plaintiffs' interest in preserving law enforcement and emergency services resources is simply too bound up with the general public's right to safety to be considered a separate interest. Plaintiffs continue to allege what amounts to "unreasonable interference with a right common to the general public," Ohio Rev. Code § 2307.71(A)(13), by claiming damage in the form of municipal expenses that were incurred solely for the protection of the public's right to safety. The Court thus finds that Plaintiffs' common law negligence claims are abrogated under OPLA's second definition of product liability and fails to state claims for which relief can be granted.[3] The Court therefore **GRANTS** Defendants' motion to dismiss Plaintiffs' first cause of action, without leave to amend.

Dismissal without leave to amend is appropriate here because Plaintiffs failed to cure a specific deficiency for which they were granted leave to amend. Ford v. Hyundai Motor America, 709 F. Supp. 3d 1067, 1078 (C.D. Cal. 2024).

2.  *Cincinnati and Lorain's New Statutory Public Nuisance Claims*

    a.  Scope of Leave Granted

Under Rule 15, parties may amend pleadings only with written consent from the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Occasionally, district courts consider new claims submitted in an amended complaint when the prior order of

---

[3] Because the Court dismisses Plaintiffs' negligence claims, it need not address the remaining argument of judicial estoppel related to this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:22-ml-03052-JVS-KES                                   Date    September 3, 2025

Title    In re: Kia Hyundai Vehicle Theft Litigation

dismissal granted leave to amend without limitation.  See, e.g., Topadzhikyan v. Glendale Police Dept., No. CV 10–387, 2010 WL 2740163, at *3 n.1 (C.D. Cal. July 8, 2010) (declining to strike new claims where Court granted leave to amend without limitation); Gilmore v. Union Pac. R. Co., No. 09–cv–02180, 2010 WL 2089346, at *4 (E.D. Cal. May 21, 2010) (holding that a plaintiff was not required to seek leave to add new claims because the court granted leave to amend without limitation).  When granting leave to amend deficiencies in specific claims, courts dismiss or strike new claims alleged for the first time in the amended pleading.  See, e.g., Kennedy v. Full Tilt Poker, No. CV 09–07964, 2010 WL 3984749, at *1 (C.D. Cal. Oct. 12, 2010) (stating that the court previously struck the amended complaint because plaintiffs failed to seek leave to add new claims); DeLeon v. Wells Fargo Bank, N.A., 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (holding that new claims should be stricken or dismissed when leave is granted only to cure deficiencies in existing claims).

Defendants move to dismiss the claims brought by the cities of Cincinnati and Lorain under the second cause of action for statutory public nuisance as exceeding the scope of leave to amend.[4]  (Mot. at 17.)  Leave to amend was granted in the Court's June 10, 2025, order granting the Defendants' motion for judgement on the pleadings.  (MJP Order at 10.)  Neither statutory claim was included in the original CGEC or Lorain's FAC because both ordinances were passed in 2025, after these complaints were filed.  See Cincinnati, Ohio, Mun. Code, §§ 1501-27, 1601-99 (2025); Lorain, Ohio, Ordinances ch. 560 (2025); (CGEC); (FAC).

In response, Plaintiffs argue that the Court's MJP Order did not limit the scope of their leave to amend, but rather "describ[ed] one way in which the negligence claims could be clarified through amendment." (Opp'n at 15.)  Plaintiffs cite language in the Court's MJP Order that found that "further amendment would not be futile" and argue that the Court's language specifically related to OPLA abrogation was merely an example provided to refute Defendants' argument on the futility of amendment.  (Id. at 15–16.)  Alternatively, Plaintiffs claim that this Court should freely grant leave to amend because there is an absence of undue delay, bad faith, dilatory purpose, or prejudice.  (Id.

---

[4] Defendants also argue that Cincinnati and Lorain's statutes cannot be applied retroactively. (Mot. at 17-21.)  However, because the Court finds that these statutory claims exceed the scope of authorized amendment, it need not reach this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

at 17–18); see Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiffs misinterpret the Court's MJP Order—the Court did limit its leave to amend. After granting Defendants' MJP on the issue of common law negligence claims, the Court gave leave for Plaintiffs to amend their pleadings "to avoid OPLA abrogation by alleging harm specific to the Ohio GE Plaintiffs, and not the general public." (MJP Order at 10.) This language was a substantive limitation on the leave to amend to specifically address the deficiencies in Plaintiff's complaint that led to a finding of abrogation of their common law negligence claim under OPLA and the grant of judgement on the pleadings. Additionally, the Court's finding that further amendment would not be futile was specific to the common law negligence claim, which was necessary for the Court to grant leave to amend. See Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an *exercise in futility*." (emphasis added) (internal citations omitted)).

Because the Court did not grant leave to amend regarding any other claims, its intent to limit amendment to the common law negligence claim was clear. (MJP Order at 10.) However, Plaintiffs' Superseding CGEC brings entirely new claims of statutory public nuisance against Defendants. (Superseding CGEC ¶¶ 255–84.) Even if Plaintiffs could prove that there was no undue delay or prejudice, Plaintiffs did not ask the Court for leave to include these additional claims. Thus, because the statutory public nuisance claims from Cincinnati and Lorain exceed the scope of the leave to amend that this Court previously granted, the Court **GRANTS** the motion to dismiss these claims, without prejudice.

Defendants request that dismissal be with prejudice, but make no argument as to why Plaintiffs should not be allowed to try to bring these claims through a proper motion. (Mot. at 17.) Should Plaintiffs wish to preserve this claim, they may file a formal motion for leave to amend pursuant to the Court's procedures.[5]

---

[5] Because Defendants have not had the opportunity to fully respond to whether this Court should grant leave to amend under Rule 15, the Court declines to construe Plaintiffs' opposition as a motion for leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | September 3, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss Plaintiffs' negligence claims and the statutory public nuisance claims brought by Cincinnati and Lorain.

**IT IS SO ORDERED.**