**CALLAHAN & BLAINE, PC**
Edward Susolik (SBN 151081)
ES@callahan-law.com
John D. Van Ackeren (SBN 240739)
jvanackeren@callahan-law.com
James M. Sabovich (SBN 218488)
jsabovich@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Tel.: (714) 241-4444 / Fax: (714) 241-4445

**JENNER & BLOCK LLP**
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Jenna L. Conwisar (SBN 341521)
JConwisar@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Tel.: (213) 239-5100 / Fax: (213) 239-5199

**JENNER & BLOCK LLP**
Peter J. Brennan (pro hac vice)
PBrennan@jenner.com
Michael T. Brody (pro hac vice)
MBrody@jenner.com
353 North Clark Street
Chicago, IL 60654-3456
Tel.: (312) 222-9350 / Fax: (312) 527-0484

Attorneys for Defendants

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, | CASE NO.  8:22-ML-03052-JVS(KESx) |
| | Judge:        Hon. James V. Selna |
| This document relates to: | **DEFENDANTS' LIMITED OBJECTION TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING APEX DEPOSITIONS** |
| ALL SUBROGATION CASES, | |
| | Complaint Filed:    December 22, 2022 |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  BACKGROUND ............................................................................................ 2

III. THE COURT SHOULD HOLD THE LATOUF DEPOSITION IN ABEYANCE UNTIL AFTER HIS SUBORDINATE IS DEPOSED .............. 5

  A. The Apex R&R Erred By Rejecting The Apex Test That District Courts, Including This One, Have Widely Followed ............................. 8

  B. The Apex R&R Erred By Allowing The Latouf Deposition Before Stutz Was Deposed ........................................................................ 9

IV.  CONCLUSION .......................................................................................... 11

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

DEFENDANTS' LIMITED OBJECTION TO THE SPECIAL MASTER'S REPORT
AND RECOMMENDATION REGARDING APEX DEPOSITIONS

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alves v. Riverside Cnty.*,
No. 5:19-CV-02083-JGB-SHK, 2021 WL 3598728 (C.D. Cal. Apr. 9, 2021)..............................................................................................6, 7

*Apple Inc. v. Samsung Elecs. Co., Ltd*,
282 F.R.D. 259 (N.D. Cal. 2012) ...............................................................5

*Bangkok Broad. & T.V., Co. v. IPTV Corp.*,
*No.* CV0903803SJOSSX, 2010 WL 11507310 (C.D. Cal. Apr. 22, 2010)..............................................................................................................11

*In re Bank of Am. California Unemployment Benefits Litig.*,
No. 21MD2992-GPC(MSB), 2025 WL 2617075 (S.D. Cal. Sept. 10, 2025)................................................................................................................8

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
2007 WL 205067 (N.D. Cal. Jan. 25, 2007) ...............................................6

*Doe v. Uber Techs., Inc.*,
No. 19-CV-03310-JSC, 2022 WL 562740 (N.D. Cal. Feb. 24, 2022)..............11

*In re Kia Hyundai Vehicle Theft Litig.*,
648 F. Supp. 3d 1374 (U.S. Jud. Pan. Mult. Lit. 2022).........................................3

*Estate of Levingston v. County of Kern*,
320 F.R.D. 520 (E.D. Cal. 2017)................................................................5

*Masimo Corp. v. Apple Inc.*,
No. SACV2000048JVSJDEX, 2022 WL 18285003 (C.D. Cal. Nov. 16, 2022).................................................................................................*passim*

*In Re Mosaic LLM Litig.*,
No. 24-CV-01451-CRB (LJC), 2025 WL 1768001 (N.D. Cal. June 26, 2025)................................................................................................................9

*River City Testing v. Cohen*,
2021 WL 4805443 (C.D. Cal. July 8, 2021) ...............................................9

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

DEFENDANTS' LIMITED OBJECTION TO THE SPECIAL MASTER'S REPORT
AND RECOMMENDATION REGARDING APEX DEPOSITIONS

*In re Uber Techs., Inc., Passenger Sexual Assault Litig.*,
No. 23-MD-03084-CRB (LJC), 2025 WL 896412 (N.D. Cal. Mar. 24, 2025) .............................................................................................8

*United States v. CBS, Inc.*,
666 F.3d 364 (9th Cir. 1982) .............................................................................6

**Rules**

Fed. R. Civ. P. 26(c)(1) ....................................................................................5

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- iii -

## I.    **INTRODUCTION**

Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") (together, "Defendants") respectfully file their limited objection to the September 12, 2025 Report & Recommendation Re Defendants' Motion for Protective Order Re Apex Depositions (the "Apex R&R").  Defendants had sought a protective order to guard two high-level executives, Jurassic Park ("Park") and Brian Latouf ("Latouf"), from unwarranted depositions, or limit such depositions, based on the apex doctrine.  As this Court has observed, "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 18285003, at *2 (C.D. Cal. Nov. 16, 2022). Park and Latouf fit clearly within the doctrine to address such abuse: both are high-level executives, and discovery from them is unnecessary.  They lack "unique first-hand, non-repetitive knowledge of the facts at issue in the case," and Plaintiffs have not exhausted other means because in each instance, their "lieutenant" has been or will be deposed.

The Apex R&R denied the motion for a protective order in part but granted the alternative request to limit the depositions, allowing three (hours) for each and restricting the topics. *See* Apex R&R at 11.  This was error.  While no deposition should have been allowed as to Park either, Defendants are not challenging that ruling and bring this objection only as to Latouf.  First, the Apex R&R applied the incorrect legal standard, effectively rejecting the apex analysis that the vast majority of district courts have applied, and instead defaulted to a general prejudice analysis. Second, as to Latouf, the Special Master erred because Latouf's "second-in-charge" – Cole Stutz ("Stutz") – has not yet been deposed.  In so doing, the Special Master incorrectly rejected Stutz's sworn declaration in which he averred that "there is no subject involving the Safety Department where Latouf has unique first-hand

- 1 -

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

knowledge relating to thefts of non-immobilizer equipped vehicles that I lack." Stutz Decl., ¶4. Because Stutz declared that he could address any relevant matter that Latouf could, Plaintiffs cannot, by definition, establish exhaustion as required by the apex doctrine. Rather, the appropriate remedy is for the deposition of Stutz to go forward, and Plaintiffs can move for leave to depose Latouf in the unlikely event that Stutz is unable to address discoverable matters uniquely within Latouf's knowledge.

Accordingly, the objection to the Apex R&R should be sustained and the deposition of Latouf prohibited unless Plaintiffs demonstrate that Stutz is unable to provide information that Latouf could.

## II.    BACKGROUND

The subrogation track of this case involves the subrogation claims of hundreds of insurance companies from various states on behalf of their insureds whose Hyundai and Kia vehicles were allegedly stolen, damaged, or vandalized as a result of an alleged "defect" due to the lack of engine immobilizers in certain vehicles.

The driving issues in this case were already identified when it was centralized by the United States Judicial Panel on Multidistrict Litigation:

> We find that centralization of these actions in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs in all actions purchased or leased Kia and Hyundai branded vehicles that they allege are defective because the cars lack engine immobilizer technology, which prevents them from being started unless a code is transmitted from a unique smart key. The vehicles at issue include 2011-2022 Kia vehicles and 2015-2022 Hyundai vehicles that were equipped with traditional 'insert-and-turn' steel key ignition systems. Plaintiffs argue that vehicles that

- 2 -

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

lack immobilizer technology are particularly susceptible to being

stolen. ***All actions can be expected to share factual questions***

***surrounding the marketing, sale and manufacture of these***

***vehicles and defendants' knowledge of the alleged defect.***

*In re Kia Hyundai Vehicle Theft Litig.*, 648 F. Supp. 3d 1374, 1375 (U.S. Jud. Pan.
Mult. Lit. 2022) (emphasis added).

Incredibly, before a single deposition was taken, Plaintiffs served deposition
notices for apex witnesses. Specifically, on November 7, 2024, the Subrogation
Plaintiffs served deposition notices setting depositions for high-level executives for
early April 2025. Sabovich Decl., Exh. A (Nov. 7, 2024 deposition notice).

Defendants attempted in good faith to meet and confer with Plaintiffs
regarding their attempts to notice apex depositions. On March 6, 2025, Defendants
sent Plaintiffs a detailed meet and confer letter protesting the noticing of apex
depositions and directing Plaintiffs to "a very recent decision from Judge Selna in
this regard. *See Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022
WL 18285003, at *2 (C.D. Cal. Nov. 16, 2022) ('*Masimo*')." Sabovich Decl., Exh.
B (March 6, 2025 letter). They pointed out that "[i]t is apparent from that case that
the Court will require a substantial showing from Plaintiffs, which they cannot
possibly meet." *Id.* at 2.

On April 21, 2025, Plaintiffs again reiterated their "intention to depose a
number of witnesses whom you contend are shielded by the so-called apex doctrine,
including Brian Latouf . . . and Jurassic Park." Sabovich Decl., Exh. C (4.21.25
email). Defendants had previously advised that "[w]e will also not be producing
Brian Latouf, who is president and global chief safety and quality officer for
Hyundai Motor Group and shielded by the apex doctrine. Similarly, we do not think
a deposition of KA's chief safety officer, Jurassic Park is appropriate. We also do
not think it will be necessary, as his knowledge is entirely duplicative of Eric Sauck,
KA's director of safety evaluation and regulatory compliance, whom we will be

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 3 -

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

producing."  Defendants again attempted to meet and confer, asking for "a substantive response to our March 6, 2025 letter and let us know when you would be available for meet and confer on this issue?"  *Id*. Exh. D (4.22.25 email).  They explained, "we need to know if (1) plaintiffs are claiming that these witnesses have unique first-hand, non-repetitive knowledge of facts at issue in the case that plaintiffs cannot obtain from other sources, and (2) if so, what is the basis for that claim for each of the apex witnesses."  *Id*.

This culminated in a meet and confer on August 11, 2025.  Defendants again reiterated that the two witnesses subject to active deposition requests, Park and Latouf, were apex deponents as both were C-Suite executives.  Further, Latouf subsequently changed positions and is now a global executive with non-party Hyundai Motor Group.  In both instances, there were other witnesses with equivalent knowledge who had been, or would be, deposed.

Latouf previously held the same position as Park for HMA as a Chief Safety Officer.  Sabovich Decl., Exh. L (Simmons Dep.) at 174:9-20.  He was the "top guy" in the HMA safety office during that time.  *Id.*  In January 2024, he was promoted to President and Global Chief Safety and Quality Officer for non-party Hyundai Motor Group.  Sabovich Decl., Exh. M (Press Release).  His role as Chief Safety Officer for HMA has since been assumed by Stutz.  Stutz was previously the Executive Director of Safety for HMA.  He essentially worked as Latouf's "lieutenant."  Stutz Decl., ¶¶ 2-3.  Given that he worked closely with Latouf, there are no significant documents, meetings, or the like that Latouf would be involved in that Stutz would have knowledge regarding.  *Id.*, ¶¶ 4-5.  Stutz would be able to provide detailed testimony for documents, meetings, and conferences involving Latouf, such that Latouf's testimony would be duplicative.  *Id.*, ¶ 5.  Further, as with KA, HMA has already provided a 30(b)(6) deposition on safety in Phase One.

Following briefing by the parties, on September 12, 2025, the Special Master entered the Apex R&R, which denied in part and granted in part the motion.

- 4 -

Specifically, it held that:

> The Motion is **DENIED** to the extent that Subrogation Plaintiffs seek a protective order preventing the depositions of J.S. 'Jurassic' Park and Brian Latouf *in toto*. The Motion is GRANTED as to the request for reasonable time and scope limitations. Subrogation Plaintiffs may depose J.S. 'Jurassic' Park and Brian Latouf for no more than three hours each. The scope of the deposition shall be limited to: (1) Defendants' decisions to omit engine immobilizers or other reasonable anti-theft technology from Hyundai and Kia vehicles; (2) Defendants' decision not to treat the risk of vehicle theft as a safety issue; and (3) Defendants' actions in response to the nationwide theft wave.

Apex R&R at 11.

## III.   THE COURT SHOULD HOLD THE LATOUF DEPOSITION IN ABEYANCE UNTIL AFTER HIS SUBORDINATE IS DEPOSED

While Defendants appreciate the Special Master's prompt attention to this matter, they must nonetheless point out that her R&R errs with respect to Latouf: the apex doctrine requires the witness to have "unique first-hand, non-repetitive knowledge" and that the party seeking the deposition not be able to obtain the information from other sources. Those requirements cannot be satisfied here. Defendants have made Stutz available as a non-apex witness and provided a sworn declaration in which he avers that he has the same relevant knowledge as Latouf, and Plaintiffs have yet to depose him.

Under Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, forbidding a deposition or limiting its scope. Fed. R. Civ. P. 26(c)(1); *Estate of Levingston v. County of Kern*, 320 F.R.D. 520, 524 (E.D. Cal. 2017); *Apple Inc. v.*

- 5 -

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

*Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 262 (N.D. Cal. 2012).  Moreover, "the Ninth Circuit determined [F.R.C.P. 26(c)] provides the Court with 'extensive control' over the discovery process, and 'authoriz[es] courts to make any order which justice requires to protect the parties.'"  *United States v. CBS, Inc.*, 666 F.3d 364, 369 (9th Cir. 1982).

The technique of plaintiffs targeting corporate executives as a means of harassment and litigation pressure has been universally recognized as a concern in modern litigation.  "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."  *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (citation omitted).  "A district court has broad discretion to determine whether, on the totality of the record, a party seeking a protective order has met its burden of showing good cause to block an apex deposition."  *Alves v. Riverside Cnty.*, No. 5:19-CV-02083-JGB-SHK, 2021 WL 3598728, at *4 (C.D. Cal. Apr. 9, 2021).

This Court addressed the apex issue in *Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 18285003, at *2 (C.D. Cal. Nov. 16, 2022), which the Apex R&R does not address.  In *Masimo*, this Court overruled Apple's objections to a Special Master order that allowed a three-hour deposition of CEO Tim Cook, limited to three topics.  *Id.* at *2-3.  But it did so only after a showing of exhaustion.

The general rule, which this Court quoted, is that "to curtail such abuse" from an apex deposition, "[i]n determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods."  *Id.* at 2 quoting *Apple Inc. v. Samsung Elecs. Co.,* 282 F.R.D. 259, 263 (N.D. Cal. 2012), and *Alves v. Riverside*

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 6 -

*Cnty.*, No. 5:19-CV-02083-JGB-SHK, 2021 WL 3598728, at *4 (C.D. Cal. Apr. 9, 2021).

This Court then required the party that noticed the deposition to demonstrate those factors for each topic and required a high degree of specificity. For each, Masimo was able to tie the CEO to the topic in a unique way and rule out other sources of the information. For example, for one of the topics, Masimo had an email between Cook and another witness demonstrating a conversation conveying "unique first-hand and non-repetitive knowledge." *Id.* at *3. Because the other witness had "stated that he could not remember [redacted] … Cook appears to be the only other potential source of such information about this conversation." *Id.* For each different topic, Masimo was able to demonstrate that it had deposed others regarding conversations, but they either claimed a lack of memory or were uninvolved. *Id.* ("Cook appears to be the only other potential source of health-related strategies with which he was personally involved and which relate to the alleged trade secrets in this case."). That, in turn, supported a finding that "Plaintiffs have also exhausted less intrusive discovery methods such as obtaining documentary discovery from Cook and deposing other witnesses who could be expected to have the requested percipient information," and justified the apex deposition.

As is evident from *Masimo*, there must be a substantial and specific showing before allowing an apex deposition. There, the CEO was personally involved in meetings and conversations that were at issue in the litigation. He personally met with Masimo employees who were allegedly wrongfully recruited to steal trade secrets. *Id.* He was "the only other source of percipient knowledge concerning their two-person meeting." *Id.* Even then, this Court only allowed a limited deposition after it was shown that the other participants had been deposed and information gaps still existed. *Id.* ("Given these gaps, Cook appears to be the only other potential source of health-related strategies with which he was personally involved and which relate to the alleged trade secrets in this case.").

- 7 -

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

### A.   The Apex R&R Erred By Rejecting The Apex Test That District Courts, Including This One, Have Widely Followed

The Apex R&R does not discuss *Masimo* or other significant district court decisions that address the apex doctrine.  Instead, it states that although "some district courts have applied the apex deposition doctrine in addressing whether senior executives may be deposed, the Ninth Circuit has not expressly endorsed that doctrine."  Apex R&R at 4.  And then, citing 1970s-era cases that predate the adoption of the apex doctrine, the Apex R&R stated that "the Ninth Circuit has considered depositions of high-level executives within the framework of Rule 26(c) protective orders," with the traditional prejudice requirements.  *Id.* at 5-6.

Thereafter, the Apex R&R stated, "Defendants offered neither evidence nor argument identifying any specific prejudice or harm that would result from the depositions of Mr. Latouf and Mr. Park proceeding.  This omission weighs against the issuance of a protective order."  *Id.* at 6-7.

This was error because the apex analysis does not require or even consider a separate prejudice assessment.  As a case in point, the word "prejudice" does not even appear in this Court's *Masimo* decision.

The Apex R&R is correct that the Ninth Circuit has not directly addressed the apex doctrine.  *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2025 WL 896412, at *1 (N.D. Cal. Mar. 24, 2025) ("As far as this Court is aware, the Ninth Circuit has used the words 'apex doctrine' exactly once, in a footnote making clear that a decision barring a deposition of cabinet secretary was not based on that doctrine.").  But it is nonetheless a well-accepted and widely followed doctrine that has in modern times been almost universally followed in assessing the propriety of deposing high-level executives.  A Westlaw search of cases in the Ninth Circuit for terms describing a portion of that test ("unique first-hand, non-repetitive knowledge") returns 157 cases, some as recent as this month.  *In re Bank of Am. California Unemployment Benefits Litig.*, No.

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 8 -

21MD2992-GPC(MSB), 2025 WL 2617075, at *3 (S.D. Cal. Sept. 10, 2025) ("Because the Court's ruling that the record need only be sufficient to create an inference that the apex deponent has 'unique first-hand, non-repetitive knowledge' is supported by case law, BANA has not shown the Court committed clear error."); *see also In Re Mosaic LLM Litig.*, No. 24-CV-01451-CRB (LJC), 2025 WL 1768001, at *1 (N.D. Cal. June 26, 2025) ("The Court accordingly considers the appropriate apex principles—namely, the executive's access to relevant information, such information's uniqueness, and burden of production—in this decision."). Finally, to the extent the Apex R&R rests on the supposed inadequacy of the Stutz Declaration based on Latouf's role as a decision maker, this is at odds with Central District precedent finding that a non-apex witness can testify about the official decisions made by the final decision maker at a company, even including as to the apex executive's personal  "state of mind." *River City Testing v. Cohen*, 2021 WL 4805443, at *3 (C.D. Cal. July 8, 2021).

Here, Defendants respectfully followed the apex doctrine described by this Court in *Masimo* and a great many other cases.  It was error for the Apex R&R to depart from that doctrine, disregard the Stutz Declaration, and impose a prejudice requirement that those cases do not impose.

**B.**     **The Apex R&R Erred By Allowing The Latouf Deposition Before Stutz Was Deposed**

The Apex R&R effectively ignored the apex doctrine structure followed in *Masimo* where a high-level executive deposition was proper only after the plaintiffs "exhausted less intrusive discovery methods such as . . . deposing other witnesses who could be expected to have the requested percipient information."  The evidence was that Cole Stutz worked closely with Latouf and would be able to address the same topics he could.  Stutz explained that "[w]hile working as the Executive Director of Safety at HMA, I was essentially second in charge to my then boss, Brian Latouf ("Latouf"), in the HMA Safety Department" who was at the time

- 9 -

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

HMA's Chief Safety Officer. Stutz Decl., ¶ 3. He "worked closely with [Latouf], typically interacting with him multiple times per day" and so "was aware of all of his activities as the head of the Safety Department and was involved with or have knowledge of all significant meetings or communications involving him." *Id.*, ¶ 4. Based on this, he confirmed that he could address the same issues Latouf could. *Id.*, ¶ 5 ("I am and was fully capable of providing competent testimony on any topic concerning the Safety Department that Latouf could also address. Stated differently, there is no subject involving the Safety Department where Latouf has unique first-hand knowledge that I lack. Based on my experience and position in the HMA Safety Department, there is no topic or subject involving immobilizers where Latouf would be able to provide unique testimony that would not duplicate testimony that I could provide.").

The Apex R&R dismissed Stutz's sworn statement that he would be able to address the same issues as Latouf, stating, "[t]he Special Master was not persuaded that the parties needed to wait to confirm a deposition of Mr. Stutz, take the deposition of Mr. Stutz, and identify gaps from his testimony before proceeding with the deposition of Mr. Latouf." Apex R&R at 10. But abiding by the apex deposition jurisprudence is not optional and the tests set out therein cannot be satisfied when there is a different witness with the same knowledge. Defendants are not making a generalized claim that the information can be obtained elsewhere. Plaintiffs seek to depose the former Chief Safety Officer of HMA and Defendants are making available the current Chief Safety Officer who worked under him. And they have put forward evidence that he has knowledge on topics that Latouf does. Given this, it is simply not possible—at least at this juncture—to establish that Latouf has "unique first-hand, non-repetitive knowledge of the facts at issue in the case" and that "the party seeking the deposition has exhausted other less intrusive discovery methods" under these circumstances.

DEFENDANTS' LIMITED OBJECTION TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING APEX DEPOSITIONS

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

The Apex R&R notes that there were scheduling issues with Mr. Stutz's deposition and a conflict with a religious holiday. Apex R&R at 3. Thus, given the approaching discovery cut-off of October 17, 2025, Plaintiffs have argued that there would not be time to depose Stutz and then assess whether deposing Latouf is necessary given the testimony. But if Plaintiffs can demonstrate the necessity of taking Mr. Latouf's deposition, they should be able to establish good cause for taking the deposition after the discovery cut-off. *See e.g.*, *Doe v. Uber Techs., Inc.*, No. 19-CV-03310-JSC, 2022 WL 562740, at *2 (N.D. Cal. Feb. 24, 2022) (allowing deposition after discovery cutoff upon a showing of good cause); *Bangkok Broad. & T.V., Co. v. IPTV Corp., No.* CV0903803SJOSSX, 2010 WL 11507310, at *1 (C.D. Cal. Apr. 22, 2010) ("this Court finds that Defendants have demonstrated good cause to take this deposition after the discovery cut-off date, as Plaintiff's resistance to the deposition and the Motion for a Protective Order hindered Defendants' ability to complete the deposition before the discovery cut-off date.").

Thus, the objection to the Apex R&R should be sustained and the deposition of Latouf prohibited unless Plaintiffs demonstrate that Stutz is unable to provide information that Latouf could.

## IV.   CONCLUSION

For the foregoing reasons, the objection to the Apex R&R should be sustained and the deposition of Latouf prohibited unless Plaintiffs demonstrate that Stutz is unable to provide information that Latouf could.

Dated:  September 26, 2025          **CALLAHAN & BLAINE, PC**

By:  */s/ James M. Sabovich*
Edward Susolik
John D. Van Ackeren
James M. Sabovich
Attorneys for Defendants
HYUNDAI MOTOR AMERICA and
KIA AMERICA, INC.

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 11 -