**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 151081)
KSpelman@jenner.com
Alice S. Kim (SBN 317479)
AKim@jenner.com
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Jenna L. Conwisar (SBN 341521)
JConwisar@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Tel.: (213) 239-5100 / Fax: (213) 239-5199

**JENNER & BLOCK LLP**
Peter J. Brennan (pro hac vice)
PBrennan@jenner.com
Michael T. Brody (pro hac vice)
MBrody@jenner.com
353 North Clark Street
Chicago, IL 60654-3456
Tel.: (312) 222-9350 / Fax: (312) 527-0484

**CALLAHAN & BLAINE, PC**
Edward Susolik (SBN 151081)
ES@callahan-law.com
John D. Van Ackeren (SBN 240739)
jvanackeren@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Tel.: (714) 241-4444 / Fax: (714) 241-4445

Attorneys for Defendants

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, | CASE NO.  8:22-ML-03052-JVS(KESx) |
| | Judge:    Hon. James V. Selna |
| This document relates to: | **DECLARATION OF ERIC SAUCK IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| ALL SUBROGATION CASES, | Complaint Filed:   December 22, 2022 |

Kia America, Inc.

## DECLARATION OF ERIC SAUCK

I, Eric Sauck, declare the following to be true and correct:

1. I am the Director of Safety Evaluation & Regulatory Compliance for Kia America ("KA"), Kia North America Safety Office division ("Safety Office"). I make this declaration in support of Defendants' Motion for a Protective Order. If called on to, I would and could competently testify to the same.

2. I have held the position of Director of Safety Evaluation & Regulatory Compliance for KA since January 2024. Before that, I held the title of National Manager for Safety Evaluation & Assessment for several years, also within the Safety Office.

3. I am in charge of the Safety Office's Safety Evaluation & Compliance department. In that function, I am responsible for the Safety Office's evaluation and investigation of potential safety issues.

4. The Safety Office division has approximately 40 employees (37 current employees with three positions currently open). That division is led by Juseog "Jurassic" Park ("Park"), and I function as Park's "lieutenant" in that I lead the Safety Office's evaluation and investigation of potential safety issues.

5. I work closely with Park, typically interacting with him multiple times per day. Consequently, I am aware of all of his activities as the head of the Safety Office and am involved with or have knowledge of all significant meetings or communications involving him. Even where I am not included on an email or letter to or from Park, it would typically be forwarded to me or I would otherwise be informed of it by Park.

6. Consequently, I am and was fully capable of providing competent testimony on any topic concerning the safety issues that Park could also address. Stated differently, there is no subject of evaluating and investigating potential safety issues where Park has unique first-hand knowledge that I lack. For example, the Safety Office has frequent meetings, communications, or interactions with the National

CALLAHAN & BLAINE, PC
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 1 -

Highway Traffic Safety Administration ("NHTSA"). There are no such interactions involving Park that I would not be aware of or be directly involved in. I was prepared at both my individual deposition and in my deposition as the 30(b)(6) representative for KA to provide testimony on such interactions.

7. My understanding is that Plaintiffs' claim in this litigation concerns the lack of immobilizers on certain Kia vehicles for certain years. As I explained in both my individual and the 30(b)(6), immobilizers are not safety equipment and the inclusion or lack of immobilizer is not a safety issue. Consequently, the Safety Office has limited involvement with immobilizers. That said, I am generally aware of all such involvement and was prepared to testify to them. For example, the Safety Office did interact with NHTSA on this issue, and I am aware of those interactions. Based on my experience and position in the Safety Office, there is no topic or subject involving immobilizers where Park would be able to provide unique testimony that would not duplicate testimony that I could provide.

I declare the following to be true and correct under penalty of perjury of the laws of the United States and California. Executed August 20, 2025, in Irvine, California.

_____

Eric Sauck

Kia America, Inc.