KELLER ROHRBACK L.L.P.
Gretchen Freeman Cappio (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

*This document relates to:*

CERTAIN OHIO GOVERNMENTAL ENTITY CASES

Case No. 8:22-ML-3052-JVS-(KESx)

The Honorable James V. Selna

**OHIO GOVERNMENTAL ENTITY PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

Hearing Date: December 15, 2025
Hearing Time: 1:30 p.m.

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. THE CHALLENGED ORDINANCES ARE NOT APPLIED RETROACTIVELY WHEN APPLIED TO AN ONGOING NUISANCE ........ 7

B. THE CREATION OF A CAUSE OF ACTION IS NOT A NEW RIGHT ........ 9

III. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angel Jet Servs., L.L.C. v. Raytheon Health Benefits Plan*, No. 2:10-CV-01385-PHX, 2011 WL 744917 (D. Ariz. Feb. 25, 2011) .......... 2

*Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989) .......... 6

*State ex rel. Beacon J. Publ'g Co. v. Ohio Dept. of Health*, 553 N.E.2d 1345 (Ohio S. Ct. 1990) .......... 8

*State ex rel. Brown v. Georgeoff*, 562 F. Supp. 1300 (N.D. Ohio 1983) .......... 9

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) .......... 2, 3

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .......... 1

*Flory v. Cripps*, 9 N.E.2d 500 (Ohio S. Ct. 1937) .......... 8

*Foman v. Davis*, 371 U.S. 178 (1962) .......... 1, 2

*Ghaster Props., Inc. v. Preston*, 200 N.E.2d 328 (Ohio S. Ct. 1964) .......... 8

*Gilpin v. Williams*, 1874 WL 67 (Ohio S. Ct. December Term, 1874) .......... 11

*Hutto v. Finney*, 437 U.S. 678 (1978) .......... 7

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994) .......... 7

*Mahone v. Pierce Cnty.*, No. C10-5847 RBL/KLS, 2011 WL 2009740 (W.D. Wash. May 23, 2011) .......... 2

*N. Ohio Sign Contractors Ass'n v. City of Lakewood*,
513 N.E.2d 324 (Ohio 1987).......7, 8

*Neev v. Alcon Lab'ys, Inc.*,
No. SACV1500336JVSJCGX, 2016 WL 11756844 (C.D. Cal. Feb. 26, 2016).......2

*Norfolk S. Ry. Co. v. Bogle*,
875 N.E.2d 919 (Ohio S. Ct. 2007).......10

*People v. ConAgra Grocery Prods. Co.*,
17 Cal. App. 5th 51 (2017).......7

*Queenside Hills Realty Co., Inc. v. Saxl*,
328 U.S. 80 (1946).......8

*Rairden v. Holden*,
1864 WL 26 (Ohio S. Ct. December Term, 1864).......11

*Sherwin-Williams Co. v. Certain Underwriters at Lloyd's London*,
260 N.E.3d 380 (Ohio S. Ct. 2024).......7

*Smith v. New York Cent. R. Co.*,
170 N.E. 637 (Ohio S. Ct. 1930).......11

*Sobie v. Bd. of Zoning Appeals*,
Cuyahoga App. No. 43245, 1981 WL 4570 (Oct. 22, 1981).......8

*Templeton v. Kraner*,
1874 WL 10 (Ohio S. Ct. December Term, 1874).......11

*United States v. N.E. Pharm. & Chem. Co.*,
810 F.2d 726 (8th Cir. 1986).......7

*Van Fossen v. Babcock & Wilcox Co.*,
522 N.E.2d 489 (1988).......9

*Weeks v. Bayer*,
246 F.3d 1231 (9th Cir. 2001).......6

**Statutes**

Ohio Product Liability Act ("OPLA").......1, 6, 10

**Rules**

F.R.C.P. 12(b)(6) .......... 1

F.R.C.P. 15 .......... 1, 2, 12

L.R. 11-6.1 .......... 14

**Constitutional Provisions**

Ohio Const. art II, § 28 .......... 9

## I. INTRODUCTION

The instant Motion is the result of new developments in Cleveland, Cincinnati, and Lorain's municipal codes. After the Consolidated Governmental Entity Complaint ("CGEC") was filed, those municipalities passed local ordinances authorizing the Cities to bring ordinance-based public nuisance claims to recoup the full costs of abatement from defendants who create nuisances in those jurisdictions. The ordinances in question are not retroactive, as they address the abatement and allocation of costs of abatement for ongoing or future nuisances and are remedial and procedural in nature.

The GE Plaintiffs' power to pass these ordinances is not in question, as it is both constitutionally enshrined in Ohio and encompassed under Ohio's broad adoption of home-rule. GE Plaintiffs promptly moved to amend to include these newly-authorized claims, and GE Defendants do not dispute the timeliness of the motion, the absence of bad faith, or the absence of legal prejudice that adding those claims would have – three of the factors for consideration under *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants do not argue that these claims are abrogated under Ohio Product Liability Act ("OPLA"). Indeed, the Columbus ordinance claim will proceed regardless of the outcome of this motion. Instead, Defendants' Opposition rests entirely on alleged futility. *See* Opp'n, Dkt. No. 1133.

GE Defendants seek to impose a presumption against the viability of the claims that Cleveland, Columbus, and Lorain seek leave to add, turning "futility" into a higher bar than the plausibility standard under Federal Rule of Civil Procedure12(b)(6). This turns on its head the Ninth Circuit's clear policy in favor of trying claims on their merits. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The proper standard for futility, in the context of a Rule 15 Motion to add new claims that a plaintiff could not have originally pled, is one of extreme lenience. If there is any question about the validity of the proposed claims, a party should be

afforded an opportunity to test its claim on the merits. *See Mahone v. Pierce Cnty.*, No. C10-5847 RBL/KLS, 2011 WL 2009740, at *2 (W.D. Wash. May 23, 2011). As this Court has recognized, "[g]iven this high standard, courts rarely deny motions to amend on this basis." *Neev v. Alcon Lab'ys, Inc.*, No. SACV1500336JVSJCGX, 2016 WL 11756844, at *3 (C.D. Cal. Feb. 26, 2016) (citation omitted).

Defendants' opposition seeks to shift the burden of *disproving* their affirmative defense onto GE Plaintiffs, and to force GE Plaintiffs to do so under the strictures of a reply. This is improper and unnecessary. The Ohio Plaintiffs' claims are stayed until further order of this Court. There is ample time for a proper motion for judgment on the pleadings, should Defendants wish to file one. GE Plaintiffs would, of course, oppose such a motion in the normal course, as the ordinance-based claims are neither abrogated nor retrospective in nature. But regardless, the three Amending Plaintiffs' claims should be adjudicated on their merits, as Defendants' own papers demonstrate that there is a set of facts under which those claims would be properly pled – the scenario where the Hyundai Kia theft crisis is ongoing. Sadly, that factual scenario is reality for all three Amending Plaintiffs, as all three alleged that thefts of Hyundais and Kias remain markedly elevated as compared to the pre-crisis norms. *See, e.g.*, Dkt. 1106-1 (Proposed Further Amended Complaint) ¶¶ 83, 89 (Cincinnati); 94, 196 (Lorain); 81, 177 (Cleveland).

## II. ARGUMENT

Of the four *Foman* factors, Defendants do not dispute timeliness, the absence of legal prejudice, and the absence of bad faith. *See* Opp'n. Instead, Defendants' Opposition rests entirely on futility, a factor which they have the burden to carry. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). That is a heavy burden, as a proposed amendment under Rule 15 is futile "*only* if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Angel Jet Servs., L.L.C. v. Raytheon Health Benefits*

*Plan*, No. 2:10-CV-01385-PHX, 2011 WL 744917, at *3 (D. Ariz. Feb. 25, 2011) (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

One line in Defendants' Opposition above all shows that they have failed to carry their burden. Defendants assert that the Hyundai Kia theft crisis in Ohio is over, and that there "are no ongoing public nuisances to abate." *See* Opp'n at 11. This is false. *See* Gussin Declaration ¶¶ 2-7 and Exhibits 1-5 thereto; *also* Andrew P. Collins, *Hyundais and Kias Are Harder To Steal Now but Theft Crisis Isn't Over*, The Drive (Aug. 8, 2025 12:43 PM EDT), *https://www.thedrive.com/news/hyundais-and-kias-are-harder-to-steal-now-but-theft-crisis-isnt-over*. But more importantly for the purposes of the instant Motion, it shows that there is a contested issue of fact under which the claims would be valid and sufficient. Those are the facts as pled and experienced by the residents of the Amending Plaintiffs. *See DCD Programs, Ltd.*, 833 F.2d at 188 (Where the facts alleged in a proposed amended complaint, accepted as true, give rise to a colorable claim, district court abused discretion in denying leave to amend on futility). Thefts remain more than double the pre-crisis norm in all three jurisdictions. *See* Proposed Further Amended Complaint ¶¶ 83, 89 (Cincinnati), 94, 196 (Lorain), 176, 177 (Cleveland).

In Cleveland, thefts of Hyundais and Kias averaged approximately 25 per month prior to the theft wave. The most recent months have been 3 to 6 times that baseline. *See* Gussin Decl. ¶ 2.




Tragically, in addition to the thefts themselves, there has been further reporting of fatal accidents in 2025 involving stolen Subject Vehicles. One such incident was the crash on March 12, 2025, of a stolen 2014 Hyundai Elantra, which took the lives of four teenagers, including two 14-year-old-girls. *See* Maya Morita, et al., *4 teens die in high-speed crash involving stolen car, police say*, ABC News 5 Cleveland (Mar. 12, 2025, last updated Mar. 14, 2025 at 5:42 AM), [https://www.news5cleveland.com/news/local-news/cleveland-metro/4-dead-after-car-slams-into-tree-in-cleveland](https://www.news5cleveland.com/news/local-news/cleveland-metro/4-dead-after-car-slams-into-tree-in-cleveland); *also* Gussin Decl. ¶ 7, Ex. 3.



In Cincinnati, Hyundai and Kia thefts totaled approximately 10 per month prior to the crisis. While thefts have declined from their absolute peak in the summer of 2023, they remain four times the pre-crisis norm. *See* Gussin Decl. ¶ 2.




The continued crisis has been reported upon, including the frequent use of stolen Subject Vehicles to commit other violent crimes, such as robbing gun stores. *See* Allie Hennard, et al., *3 of 4 juveniles involved in gun store robbery 'admit' to crimes*, Fox 19 Now (Mar. 4, 2025, 9:35 AM PST), [https://www.fox19.com/2025/03/04/3-4-juveniles-involved-gun-store-robbery-admit-crimes/](https://www.fox19.com/2025/03/04/3-4-juveniles-involved-gun-store-robbery-admit-crimes/); *also* Gussin Decl. ¶ 8, Ex. 4.



Likewise, in Lorain, the pre-crisis baseline was approximately 5–10 combined Hyundai and Kia thefts in a year. In July of 2025, the month the Lorain ordinance was passed, there were 30. *See* Gussin Decl. ¶ 2.




The persistent and apparently worsening nature of this crisis in Lorain has led to local news reporting on how Kia and Hyundai thefts "continue to plague local police." *See* Carissa Woytach, *Kia, Hyundai thefts continue to plague local police*, The Chronical-Telegram (Sept. 2, 2025, 1:00 AM), https://chroniclet.com/news/441878/kia-hyundai-thefts-continue-to-plague-local-police-video/; Gussin Decl. ¶¶ 5, Ex. 1. The Hyundai Kia nuisance is ongoing in all of the Amending Plaintiffs' jurisdictions.

Defendants cite to inapposite cases, including one where a party seeks to buttress a claim that has been dismissed on the merits with additional allegations which could have been brought earlier. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend same claim due to deficient pleadings already granted). In another, the issue before the Court was "not leave to amend, as Weeks did not seek to amend his complaint prior to the entry of judgment."

*Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Here, a proper Rule 15 motion relating to claims that have *never* been tested on their merits is being challenged, after this Court found that even the allegations in the since-dismissed negligence claims so clearly established a claim for public nuisance that OPLA abrogation attached.

### A. The Challenged Ordinances Are Not Applied Retroactively When Applied to an Ongoing Nuisance

The application of these local ordinances, regarding the abatement of an ongoing nuisance, is prospective. This is black letter law, from both the Ohio Supreme Court and the United States Supreme Court. *See N. Ohio Sign Contractors Ass'n v. City of Lakewood*, 513 N.E.2d 324 (Ohio 1987); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 273 (1994).

In *Landgraf*, the United States Supreme Court held that "When the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive." *Id.* This makes sense – otherwise, a newly incorporated township or municipality would be powerless to enact laws to address existing nuisances, or existing abandoned property which later becomes a nuisance due to disrepair. That is why courts have found that laws addressing the remediation of nuisances are necessarily intended to apply to past conduct. *See United States v. N.E. Pharm. & Chem. Co.*, 810 F.2d 726, 733 (8th Cir. 1986).

Defendants attempt to distinguish *Landgraf* by characterizing some of the relief Plaintiffs seek as non-prospective, specifically referencing abatement costs and attorney's fees. *See* Opp'n at 20. Defendants provide no legal authority for the proposition that abatement costs already incurred addressing a nuisance, or the attorney's fees incurred in order to vindicate a claim against a tortfeasor, are anything other than prospective. This lacuna may be because the line between prospective and retroactive costs is neither rigid nor day and night. *See Hutto v. Finney*, 437 U.S. 678, 690 (1978).

This is especially true in the case of public nuisance claims. *See e.g.*, *People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51 (2017); *Sherwin-Williams Co. v. Certain Underwriters at Lloyd's London*, 260 N.E.3d 380, 384 (Ohio S. Ct. 2024) (Ohio Supreme Court holding that California court's abatement fund to redress ongoing lead-paint nuisance was not retrospective damages, for purposes of insurance).

Under Ohio law, "attorney fees are in the nature of costs" and "statutes relating to costs are remedial." *State ex rel. Beacon J. Publ'g Co. v. Ohio Dept. of Health*, 553 N.E.2d 1345 (Ohio S. Ct. 1990) (holding that statute authorizing attorney fees to litigants successfully suing to obtain public information did not violate constitutional provision against retroactive legislation); *see also Flory v. Cripps*, 9 N.E.2d 500, 504 (Ohio S. Ct. 1937) (amended statute allowing for payment of reasonable attorney fees in connection with sale of realty, subsequent to execution of mortgage, did not result in impairment of contract; "[t]his is a remedial provision and the statute in force at the time of the rendition of the judgment is controlling").

Likewise, if past conduct has materialized into a nuisance, local governments may pass ordinances to address the costs of abatement for that past conduct, as a remedial and prospective exercise of police power. *See Queenside Hills Realty Co., Inc. v. Saxl*, 328 U.S. 80, 83 (1946) (state can properly require owner of existing structures to install sprinkler systems); *see also Ghaster Props., Inc. v. Preston*, 200 N.E.2d 328 (Ohio S. Ct. 1964) (state can properly exercise its police power to prohibit existing roadside billboards); *Sobie v. Bd. of Zoning Appeals*, Cuyahoga App. No. 43245, 1981 WL 4570 (Oct. 22, 1981) (city can require heavier gauge electrical wiring for existing structures).

This is because the municipal police power under which the Amending Plaintiffs enacted their ordinances includes the authority to regulate preexisting objects and conduct that has become a public nuisance. *See City of Lakewood*, 513 N.E.2d at 328. In *Lakewood*, the City passed an ordinance regulating billboards and

declaring nonconforming signs nuisances, subject to abatement. Defendants attempt to distinguish *Lakewood* because there was both pre-existing conduct (erecting the sign) and continuing ownership of the sign. *See* Opp'n at 22. Yet, *Lakewood* did not turn on this at all – and regardless of whether the sign had been abandoned or not, the city still could have declared it a nuisance without running afoul of retroactivity, despite its erection years prior.

Finally, Defendants point to *Brown* for a distinction between cases where the defendant maintained ownership of the nuisance property (real or chattel) in question after the enactment of the new legislation, and those where the defendant had transferred ownership prior to enactment. *See* Opp'n at 21. However, *Brown* turned on a distinction between strict liability regimes and nuisance regimes, with the court concluding that the CERCLA issue at bar was closer to strict liability than nuisance. *State ex rel. Brown v. Georgeoff*, 562 F. Supp. 1300, 1304 (N.D. Ohio 1983). Here, the tort corollary is clearly nuisance, and thus "the failure to correct the nuisance is a present, not an antecedent act, and imposition of liability in this situation is not retroactive." *Id.*

**B. The Creation of a Cause of Action Is Not a New Right**

When a statute is merely remedial, as opposed to substantive, the constitutional restraints on retrospective application are lifted. *Van Fossen v. Babcock & Wilcox Co.*, 522 N.E.2d 489 (1988). Indeed, ever since the adoption of the Ohio State Constitution, it has been understood that "[a] statute purely remedial in its operation on pre-existing rights, obligations, duties and interests, is not within the mischiefs against which [Section 28, Article II] * * * was intended to guard, and is not, therefore, within a just construction of its terms." *Id.* at 496.

Remedial laws are those affecting the remedy provided, or the procedure for securing a remedy for an existing right or breach of a duty. *Id.* That perfectly describes the ordinances in question – they substitute new or more appropriate remedies and vehicles for the enforcement of existing rights and duties.

Defendants argue that the ordinances in question are substantive, and thus improper even if abatement regimes can be applied to past conduct. In doing so, Defendants assume the creation of a cause of action confers a new right.[1] It does not. Laws which provide the machinery for carrying on a suit, such as the creation of a cause of action, are procedural, where laws which provide the rights and duties that give rise to the cause of action are substantive. *See Norfolk S. Ry. Co. v. Bogle*, 875 N.E.2d 919 (Ohio S. Ct. 2007).

The ordinances create no rights or duties. Instead, they provide the mechanism for the municipalities to enforce the existing duty not to contribute to or maintain a public nuisance, and remedial provisions related to that pre-existing duty. That is precisely what the 2007 amendment to OPLA did, establishing an OPLA claim, and marking it as the cause of action for asserting common law public nuisance claims related to products.

Defendants argue that the ordinances are something other than public nuisance ordinances, ignoring the plain language of the laws in question which expressly reference conduct that is "detrimental to the public health, safety, and welfare or well-being of the surrounding area" – in other words, a public nuisance. Opp'n. at 18-19. Defendants quibble with the ordinance's use of "any person," conflating that term to mean "a single person," and then sparring with a straw man where a claim is brought for conduct that only interferes with just one resident. *Id.* at 20. That is not the case at bar, and is of no moment to this as-applied challenge, where all of the Proposed Amending Plaintiffs allege substantial interferences with public safety writ large, constituting a public nuisance.

---

[1] If that were the case, and Defendants' argument regarding the retroactivity of nuisance regimes were accepted, then the application of OPLA's second definition of a public nuisance would be retroactive, as applied to the opioid distributors and manufacturers for any conduct prior to its passage.

The irony is extreme. Defendants successfully moved to dismiss the Amending Plaintiffs' negligence claims as OPLA abrogated. Defendants then argued that the allegations established an interference with a right common to the public and were tantamount to claims for common law public nuisance. *See* Mot. for to Dismiss, Dkt. 948. Now, having succeeding in getting the Court to dismiss those negligence claims, they allege that the ordinance-based public nuisance claims *resting on the same allegations* somehow are so materially distinct from the common law public nuisance that they constitute a brand new legal duty or right. *See* Opp'n at 14.

Finally, Defendants argue that the newly passed ordinances are substantive in that they create new remedial provisions. *See* Opp'n at 16. Yet those provisions are quintessentially remedial, and not substantive for the purpose of retroactivity analysis. *See e.g., Rairden v. Holden*, 1864 WL 26 (Ohio S. Ct. December Term, 1864); *Templeton v. Kraner*, 1874 WL 10 (Ohio S. Ct. December Term, 1874); *Gilpin v. Williams*, 1874 WL 67 (Ohio S. Ct. December Term, 1874); *Smith v. New York Cent. R. Co.*, 170 N.E. 637, 638 (Ohio S. Ct. 1930). What's more, any remedies over and above those applicable for common law nuisance claims have been disclaimed for the periods prior to the relevant ordinance's enactments because the Amending Plaintiffs disclaim in the motion and in the proposed amended brief any costs, fees, or trebling of damages prior to the enactment of their respective ordinances. *See* Mot. at 1, Proposed Amended Compl. ¶¶ 230, 245.

What the Amending Plaintiffs seek, and what the Ordinances authorize, is a vehicle to enforce the ever-present duty not to create or maintain a public nuisance, and additional remedial provisions applicable to ongoing nuisances that post-date the enactment.

Defendants' request, that GE Plaintiffs be prohibited from *any* recovery related to events that pre-date the ordinances' passage goes too far, and demonstrates why remedial regimes related to the abatement of ongoing nuisances are not retroactive in application. Regardless, the alternative request demonstrates that the instant Motion

should be granted, and the Parties should be left to litigate the lines between traditional remedies for public nuisance, the additional remedial provisions under each ordinance, and what constitutes "relief predating the new ordinances." *See* Opp'n at 22.

## III. CONCLUSION

Cleveland, Cincinnati, and Lorain's governing bodies have passed local laws authorizing those municipalities to bring claims to redress and abate ongoing nuisances in those communities. Defendants' false factual claim that there are no ongoing theft crises to abate demonstrates that any challenge to the application of these ordinances should be on the merits and cannot be resolved under a Rule 15 futility analysis. Adjudicating these claims on the merits will create no delay or prejudice, as the Amending Plaintiffs' claims are stayed during the pendency of the bellwether process. Accordingly, the Motion should be granted, particularly where Defendants do not even contest the timeliness of the Motion nor the absence of bad faith or legal prejudice.

DATED this 1st Day of December 2025.

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By */s/ Gretchen Freeman Cappio*

Gretchen Freeman Cappio (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs certifies that this brief contains 3,122 words, which complies with the word limit of L.R. 11-6.1

KELLER ROHRBACK L.L.P.

By */s/ Gretchen Freeman Cappio*

Gretchen Freeman Cappio (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

**CERTIFICATE OF SERVICE**

I certify that on December 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

KELLER ROHRBACK L.L.P.

By *<u>/s/ Gretchen Freeman Cappio</u>*
Gretchen Freeman Cappio (*pro hac vice*)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*