UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | December 8, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Ohio Governmental Entity Plaintiffs' Motion for Leave to File Amended Complaint [1106]**

Before the Court is Governmental Entity Plaintiffs Cleveland, Cincinnati, and Lorain's ("Ohio GE Plaintiffs" or "Plaintiffs") motion for leave to file an amended complaint. (Mot., Dkt. No. 1106.) Defendants Hyundai Motor America ("HMA") and Kia America, Inc.'s ("KA") (collectively, "Defendants") oppose the motion. (Opp'n, Dkt. No. 1133.) Plaintiffs replied. (Reply, Dkt. No. 1150.)

For the following reasons, the Court **GRANTS** Ohio GE Plaintiffs' motion for leave to file an amended complaint.

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the December 15, 2025, hearing.

## I. BACKGROUND

The parties are familiar with the facts of this multidistrict litigation ("MDL"), so the Court recites them here only as necessary to resolve this Motion. (See Governmental Entity ("GE") Plaintiffs Order, Dkt. No. 270.) The Ohio GE Plaintiffs allege that "[f]or all model years between 2011 and 2022," Defendants "designed, manufactured, and distributed [certain] automobile models without engine immobilizers or other reasonable anti-theft technology." (Superseding Consolidated GE Complaint ("Superseding CGEC"), Dkt. No. 912, ¶ 2.) The Plaintiffs allege that online videos spread the ease of which thieves could steal Defendants' vehicles, resulting in "a dangerous increase of thefts" that " has significantly impacted law enforcement operations and emergency

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | December 8, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

services." (Id. ¶ 3.)

On December 13, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring related actions from fourteen District Courts to this Court for consolidation and pretrial coordination. (Dkt. No. 1.) Shortly after the MDL was established, the JPML conditionally transferred related cases filed by the cities of Seattle, Washington, and Columbus, Ohio, alleging public nuisance caused by the Theft Prone Defect. Additional actions on behalf of the cities of Cincinnati, Ohio, Cleveland, Ohio, Buffalo, New York, and Madison, Wisconsin, among others, were also filed. (See JPML Dkt. Nos. 142, 154, 159.)

On July 28, 2023, the GE Plaintiffs filed their Consolidated GE Complaint ("CGEC"). (CGEC, Dkt. No. 175.) The CGEC alleged claims by Columbus, Cleveland, Cincinnati, and Parma, Ohio for common law public nuisance, (id. ¶¶ 302–325), common law qualified public nuisance, (id. ¶¶ 326–47), and negligence (id. ¶¶ 348–72). The CGEC also alleged two additional statutory claims on behalf of Columbus, Ohio. (Id. ¶¶ 373–88.) Additionally, the City of Lorain, Ohio filed an amended complaint, which alleged causes of action for common law absolute public nuisance, common law qualified public nuisance, and negligence. (Lorain First Amended Complaint ("FAC"), Dkt. No. 406-1.)[1]

On December 10, 2024, the Ohio Supreme Court decided a case related to the abrogation of common law public nuisance claims under the Ohio Products Liability Act, Ohio Rev. Code § 2307.71 et seq, as amended in 2005 and 2007 ("OPLA"). See In re National Prescription Opiate Litigation, 2024 WL 5049302 (Ohio Dec. 10, 2024). In light of this decision, the parties stipulated to dismiss with prejudice the Ohio GE Plaintiffs' common law public nuisance claims. (Joint Stip., Dkt. No. 841.) On April 21, 2025, Defendants moved for judgment on the pleadings as to the Ohio GE Plaintiffs' negligence claims, (CGEC ¶¶ 348–372; FAC ¶¶ 157–181), under the same theory of OPLA abrogation. (Motion for Judgment on the Pleadings ("MJP"), Dkt. No. 823, at 8.) The Court granted the motion but gave leave for Ohio GE Plaintiffs to amend their pleadings. (Order ("MJP Order"), Dkt. No. 881, at 10.)

---

[1] Lorain made substantively the same factual allegations in its FAC as the GE Plaintiffs did in their Complaint. (Compare FAC, with CGEC.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | December 8, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

Ohio GE Plaintiffs then filed their Superseding CGEC on July 1, 2025, which attempted to correct the deficiencies in their negligence claims and added two new statutory public nuisance claims asserted by plaintiffs Cincinnati and Lorain. (Superseding CGEC.) The Court again rejected Ohio GE Plaintiffs' negligence claims as being abrogated under OPLA. (Order ("MTD Order"), Dkt. No. 1128, at 7.) The Court also declined to consider the new statutory claims by Cincinnati and Lorain because they exceeded the scope of the Court's leave to amend. (Id. at 9.)

Ohio GE Plaintiffs now move to amend their Superseding CGEC to include the same ordinance-based public nuisance claims from Cincinnati, Lorain, as well as a similar claim from Cleveland. (Mot. at 1.) The relevant ordinances[2] were passed in April (Lorain), June (Cincinnati), and August (Cleveland) of 2025. (Id. at 2.) The only remaining Ohio GE Plaintiff, Columbus, had previously brought a similar ordinance-based claim in the original CGEC, which the Court declined to dismiss. (See Order, Dkt. 270, at 17.)

## II. LEGAL STANDARD

A party may amend its complaint within twenty-one days of service, or within twenty-one days of service of a responsive pleading or a motion brought under Federal Rules of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The

---

[2] Cincinnati, Ohio, Mun. Code, §§ 1501-27, 1601-99 (2025); Lorain, Ohio, Ordinances ch. 560 (2025); Cleveland, Ohio, Ordinances, §§ 203.05, 203.11 (2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | December 8, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

### III. DISCUSSION

Defendants do not argue—and the Court does not find—any undue delay or bad faith on the part of Plaintiffs, nor any prejudice to Defendants if leave to amend were granted. (See Opp'n.) Instead, Defendants rely on futility of amendment to oppose Plaintiffs' motion. (Id. at 10–11); Foman. 371 U.S. at 182. They argue that there is no ongoing nuisance to abate and these new ordinances may not be applied retroactively to past conduct. (Id.)³

A.   *Futility of Amendment*

A proposed amendment is futile under Rule 15 "only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009). "Given this high standard, courts rarely deny motions to amend on this basis." Pilavskaya v. Henderson, 2012 WL 3279517, at *5 (C.D. Cal. Aug. 9, 2012).

Under Ohio law, a law may not be applied retroactively unless it is (1) expressly intended to apply retroactively and (2) remedial in nature, not substantive. State v. Gloff, 155 N.E.3d 42, 45 (Ohio Ct. App. 2020). Otherwise, the law "may only apply to cases which arise subsequent to its enactment." Kiser v. Coleman, 503 N.E.2d 753, 756 (Ohio 1986). Ohio GE Plaintiffs argue that the enforcement of these public nuisance ordinances is not retroactive but rather prospective to address the ongoing public nuisance of elevated vehicle thefts caused by Defendants' actions. (Mot. at 7.)

---

³ Defendants also note that Plaintiffs failed to meet and confer prior to filing the Motion. (Mot. at 9.) The Court admonishes Plaintiffs to comply with Local Rule 7-3 moving forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | December 8, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

Cincinnati, Lorain, and Cleveland each allege in their proposed third amended complaint ("TAC") that thefts of the subject vehicles remain elevated from their pre-peak levels. (Proposed Further Amended Complaint ("Proposed TAC"), Dkt. No. 1106-1, ¶¶ 81, 83, 89, 94, 177, 196; see Reply at 5–6.)

    These elevated number of thefts contradict Defendants' claim that there are "no ongoing public nuisances." (Opp'n at 13.) Even if thefts are "nowhere near" their initial peaks, (Opp'n at 11), continued elevated theft may still constitute a public nuisance requiring abatement. In Ohio, a public nuisance is defined as "an unreasonable interference with a right common to the general public." Cincinnati v. Beretta U.S.A. Corp., 768 N.E.2d 1136, 1142 (Ohio 2002). The Court recognized the cities' claims as equivalent to public nuisance when it found that Ohio GE Plaintiffs essentially alleged an "unreasonable interference" with the public's right to safety when it sought to recoup expenses related to responding to and deterring vehicle theft. (MTD Order at 7.)

    Nonetheless, Defendants argue that any claims based on thefts after passage of the ordinances would still be retroactively applied to past conduct. (Opp'n at 14.) To be sure, any claims brought under the new ordinance would be traced back to Defendants' prior omission of engine immobilizers that it remedied in late 2021. (Opp'n at 14.) However, the parties appear to agree that the Supreme Court in Landgraf held that prospective relief such as abatement is not retroactive, even when based on past conduct. (See Opp'n at 14); Landgraf v. USI Film Prods., 511 U.S. 244, 273 (1994) ("When the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive."). Here, Plaintiffs can properly seek abatement of ongoing vehicle thefts related to Defendants' past conduct.[4]

    Finally, Defendants assert that the relevant ordinances may not actually relate to public nuisance and instead create "substantive new legal regimes." (Opp'n at 17.) However, this determination is unnecessary to decide whether Ohio GE Plaintiffs may seek prospective relief under the ordinances. See Gloff, 155 N.E.3d at 45 (applying the substantive versus remedial test when determining whether a law may be applied retroactively).

---

    [4] While Defendants argue that other types of relief sought by Plaintiffs may be improperly retroactive, (Opp'n at 14), the Court declines to decide these issues at this early stage so long as amendment is not futile as to some form of relief. See Miller, 845 F.2d at 214.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-ml-03052-JVS-KES | Date | December 8, 2025 |
| Title | In re: Kia Hyundai Vehicle Theft Litigation | | |

The Court finds that Ohio GE Plaintiffs have alleged facts sufficient to state a claim for at least prospective relief related to ongoing vehicle thefts occurring after enactment of the relevant ordinances. Amendment would thus not be "an exercise in futility." Steckman, 143 F.3d at 1298.

Accordingly, the Court GRANTS the motion for leave to amend and reserves judgment on all other issues.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for leave to amend Ohio GE Plaintiffs' complaint.

**IT IS SO ORDERED.**

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the December 15, 2025, hearing.