KELLER ROHRBACK L.L.P.
Gretchen Freeman Cappio (*pro hac vice*)
gcappio@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
Phone: (206) 623-1900
Fax:    (206) 623-3384

*Chair of the Governmental
Entities Committee*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendants Hyundai
Motor America and Kia America, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>GOVERNMENTAL ENTITIES TRACK | Case No. 8:22-ML-3052-JVS-(KESx)<br><br>The Honorable James V. Selna<br><br>**GOVERNMENTAL ENTITIES TRACK JOINT PROPOSED AGENDA FOR DECEMBER 15, 2025, STATUS CONFERENCE**<br><br>Hearing Date:  December 15, 2025<br>Hearing Time:  3:00 p.m.<br>Department:  10C |

In advance of the November 3, 2025 status conference before the Court, Governmental Entity ("GE") Plaintiffs and Defendants Hyundai Motor America ("HMA") and Kia America, Inc. ("KA") submit the following proposed joint agenda:

# I. DISCOVERY

## A. Phase 2 Fact Discovery (Parties)

GE Plaintiffs' Position:

***Discovery from HMA and KA:*** Throughout Phase II discovery, Defendants have been unable to answer basic questions central to the issues in this case, including why engine immobilizers were omitted from certain vehicles; why they switched to using a plastic material to protect the steering column for certain vehicles; who made those decisions; and what analysis, if any, was done upon learning thefts of their vehicles were surging.

Between October 17 and November 21, 2025, Defendants served responses and objections to GE Plaintiffs' various Phase II discovery requests, many of which remain deficient to this date. GE Plaintiffs outlined the deficiencies consistent with Local Rule 37-1 in written correspondence sent on November 20 and 25, 2025. The Parties also met and conferred on November 25, but they have yet to resolve any of the outstanding deficiencies, despite certain offers of compromise that GE Plaintiffs made in correspondence sent on November 26, 2025. Defendants' deficient responses include (1) boilerplate objections combined with a refusal to produce documents or adequately respond; (2) refusal to produce additional responsive documents; (3) failure to amend following the Parties' meet and confer; and (4) improper narrowing of the requests as written. Accordingly, GE Plaintiffs filed a motion to compel further responses on December 1, 2025. A briefing schedule has been set, and the motion is due to be heard before Judge Andler on January 5, 2026. GE Plaintiffs remain hopeful that certain deficiencies can be resolved prior to the hearing, but await further updates from Defendants. Currently, though, Defendants' responses, and the discovery produced to date, fail to answer central issues in this litigation—including the final

decision-making process as it relates to the inclusion or omission of Anti-Theft Technology.

Prior to the close of Phase II fact discovery on November 21, 2025, *see* Dkt. 1034 at 2, GE and Subrogation Plaintiffs worked with Defendants to coordinate all twenty fact witness depositions of HMA and KA, as well as the Rule 30(b)(6) depositions of HMA and KA. On October 31, 2025, HMA served their responses and objections to the Rule 30(b)(6) deposition topics that were served by GE Plaintiffs back in August 2025; KA served their responses and objections on November 6, 2025. Defendants never moved for a protective order and HMA's Rule 30(b)(6) deposition took place on November 5 and 6, 2025; KA's took place on November 11 and 14, 2025.

Even though Defendants had not produced, and still have not produced, all documents responsive to GE Plaintiffs' Phase II written discovery requests, given the November 21, 2025 cutoff for Phase II discovery, GE Plaintiffs had no choice but to conduct depositions of HMA and KA's various fact witnesses and Rule 30(b)(6) designees. Because certain of Defendants' Rule 30(b)(6) designees testified that they did not know the answers to some basic questions, did not review certain documents, did not speak with anyone knowledgeable, and did not adequately prepare to testify on the subjects for which they were designated, the GE and Subrogation Plaintiffs moved to compel certain further 30(b)(6) deposition testimony. That motion is before Judge Andler, due to be heard the week of January 5, 2026, and GE Plaintiffs reserve all rights to seek leave of the Court to note additional depositions or re-open depositions if needed based on Defendants' ill preparedness.

***Discovery from the City of Madison:*** Between being selected as a bellwether by the Court on September 15, 2025, and the October 17, 2025, deadline for substantial completion of production, *see* Dkt. 1034 at 2, Madison collected, reviewed, and produced over 85,000 documents, beginning its rolling production on October 1, 2025, and substantially completing its production in approximately four

weeks. Prior to the close of Phase II fact discovery, Madison worked tirelessly to prepare all ten of the fact witnesses identified by Defendants and presented them for deposition. Collectively, those witnesses provided Defendants with nearly 48 hours of testimony.

On November 3, 2025, and following weeks of requests from Madison, Defendants finally served their Rule 30(b)(6) notice. At GE Plaintiffs' request, the Parties met and conferred. But Defendants refused to narrow the scope of any of the noticed deposition topics. Given the impasse and the time sensitivity of needing to prepare testimony, GE Plaintiffs sought a protective order. On December 1, 2025, the Discovery Special Master issued a Report and Recommendation addressing GE Plaintiffs' underlying concerns regarding Defendants' deposition notice and stating that "Rule 30(b)(6) witnesses are not required to provide expert testimony," "must testify about information known or reasonably available to the organization," and that "seeking legal conclusions should not form the basis for 30(b)(6) deposition topics." Dkt. 1168-1 at 6 (cleaned up). That R&R has been lodged with the Court. *See* Dkt. 1168. The Parties stipulated and the Court granted an extension of the Phase II fact discovery cutoff with respect to the Rule 30(b)(6) deposition of Madison. Dkt. 1141 at 2. That deposition is scheduled to take place on December 18, 2025.

Following a meet and confer where defense counsel declined to cite or discuss specific requests and instead conferred about "thematic things," on December 1, 2025, Defendants filed a motion to compel regarding Madison's written discovery responses. Also on December 1, 2025, Madison filed a motion to compel further written discovery from Defendants HMA and KA. Those motions are before Judge Andler and are not yet fully briefed. Judge Andler has, however, approved the Parties' proposed briefing schedule and set an omnibus hearing for January 5, 2026, regarding all of the Partes' motions to compel.

To be clear, Madison seeks to hold Defendants liable for the threat to public safety in its jurisdiction that stems from the cumulative effect of Defendants' failure

to equip their vehicles with reasonable anti-theft technology. Consistent with the Court's Order, Madison's experts will submit reports this Friday, December 12, 2025, that describe and quantify the scope of Defendants' liability and can testify why the anecdotal review of police reports is not appropriate. Nonetheless, Madison has provided the police reports and tens of thousands of other documents Defendants requested.

HMA and KA's Position:

***Madison's Written Discovery Responses and Document Productions*** — On November 21, with limited exceptions and subject to motions to compel, fact discovery from Madison was substantially completed. Throughout Phase 1 and Phase 2 of fact discovery, HMA and KA have repeatedly sought basic information solely in the possession of Madison concerning the specific crimes (mainly the thefts of Subject Vehicles and "related crimes") for which Plaintiffs claim HMA and KA are allegedly liable. After nearly three years of litigation and with just four months remaining before the commencement of trial, Madison has still failed to provide crucial information forming the basis of the claims against which HMA and KA must defend.

While, by the November 21 cut-off date, Madison produced nearly 86,000 documents and served responses to 20 interrogatories and 20 requests for admission, this discovery still does *not* answer with specificity the following core questions: What are the specific thefts or attempted thefts, and the *modus operandi*, of those offenses for which Madison seeks to hold HMA and KA liable? Is it for only Subject Vehicles stolen via a particular method? All Hyundai and Kia brand vehicles? Vehicles of other makes? And, similarly, what are the specific "related crimes" for which Madison seeks to hold HMA and KA liable? For instance, is it all non-automobile theft offenses that share the case number of a theft of a Hyundai or Kia? Those that happened after stealing the car? Are there others not linked to the case number and, if so, what are they? Indeed, Madison objected to a number of the interrogatories and RFPs on these and other core issues on the meritless basis that

they called for legal conclusions or expert testimony – thus leaving HMA and KA in the dark about the key elements of Madison's claims.  Madison is in sole possession of this discovery.

Because of these continued deficiencies, on December 1, HMA and KA filed a motion to compel Madison's outstanding Phase 2 discovery.  *See* Dkt. 1137 (extending deadline for the filing of motions to compel to December 1).  The Parties have agreed to, and Judge Andler has approved, the following briefing and hearing schedule on this as well as two other pending Phase 2 discovery motions to compel: the opposition is due on <u>December 16, 2025</u>, the reply is due on <u>December 23, 2025</u>, and an omnibus hearing on all motions is scheduled for <u>January 5, 2026</u>.

***Depositions of Madison Witnesses*** – By the November 21 fact discovery cut-off, HMA and KA deposed a total of ten fact witnesses from Madison (the allotted number under the Phase 2 CMO).  Dkt. 1034.  Nine of these ten depositions were taken between November 3 (the date of the last status conference) and November 19. The only remaining party deposition is the Rule 30(b)(6) deposition of Madison, which is scheduled for December 18.  *See* Dkt. 1141 (extending cut-off for this deposition to December 19).

On December 1, following an expedited briefing and hearing schedule, Judge Andler issued a Report and Recommendation regarding Madison's motion for a protective order relating to 19 of the 25 topics in HMA and KA's Rule 30(b)(6) notice of deposition to Madison ("Notice").  Dkt. 1168-1 (R&R) & 1168-2 (notice of errata). In her R&R, Judge Andler (1) denied Madison's motion as to eight topics in the Notice, including those seeking testimony regarding the thefts and related crimes at the core of Madison's claims; (2) granted in part and denied in part Madison's motion as to another eight topics, the effect of which is that Madison must still prepare and present a witness on each but pursuant to narrower terms (which Madison itself proposed); and (3) granted the motion as to three topics.  On December 5, Madison lodged the R&R with the Court (Dkt. 1168), and any objections are due on or before

1    December 19.

2        ***HMA and KA's Written Discovery Responses and Document Productions*** —

3    Between November 3 and 21, HMA and KA served responses and objections to

4    Madison's second set of RFPs, second set of interrogatories, and first set of RFAs

5    and, on November 21, produced documents responsive to RFPs.  By the end of Phase

6    2 discovery, Madison has thus received directly from HMA and KA in the GE Track,

7    or has access to productions that HMA and KA have made in the Subrogation Track

8    (where there are no limits on the number of RFPs served upon HMA and KA), over

9    100,000 documents.

10        On December 1, the GE Plaintiffs filed a motion to compel Phase 2 written

11    discovery from HMA and KA.  As noted earlier, Judge Andler has approved a briefing

12    and hearing schedule pursuant to which arguments on the motion will be heard on

13    January 5, 2026.

14        ***Depositions of HMA and KA Witnesses*** — Between November 3 and

15    November 21, GE and Subrogation Plaintiffs deposed three fact witnesses from HMA

16    and one fact witness from KA (two of whom were Apex witnesses Jurassic Park and

17    Brian Latouf), as well as completed the Rule 30(b)(6) depositions of HMA and KA.

18    HMA and KA had five and three designees, respectively.

19        On December 1, the GE and Subrogation Plaintiffs filed a motion to compel

20    HMA and KA to provide testimony on Rule 30(b)(6) topics as noticed.  As with other

21    pending Phase 2 discovery motions to compel, the Parties in both the GE and

22    Subrogation Tracks agreed to, and Judge Andler has approved, a briefing and hearing

23    schedule pursuant to which arguments on this motion will be heard on January 5,

24    2026.

25        **B.    Phase 2 Fact Discovery (Non-Parties)**

26        GE Plaintiffs' Position:

27        ***Discovery on Defendants' foreign parent companies:*** Pursuant to the

28    stipulations of the parties, on April 23, 2025, GE Plaintiffs served subpoenas

containing amended Rule 30(b)(6) deposition notices and requests for documents on HMC and KC. On September 9, 2025, the Discovery Special Master issued a Report and Recommendation regarding HMC and KC's objections to GE Plaintiffs' subpoenas. Judge Andler made clear that HMC and KC were on notice of both [their] testimonial and documentary obligations." Dkt. 1095 at 11. On October 6, 2025, the Court issued an order adopting in full the Special Master's report. *See* Dkt. 1095. The depositions of HMC and KC took place on October 27, 29, and 31, 2025. During the depositions, thousands of pages of documents were produced to GE Plaintiffs for the first time, many of which were in Korean and did not include translation. GE Plaintiffs understand that HMC and KC did not conduct a reasonable search for documents GE Plaintiffs requested but for which HMC and KC asserted objections that have since been overruled. GE Plaintiffs repeatedly met and conferred with counsel for HMC and KC on this issue, but they have taken the position that both the Special Master's ruling and the Court's ruling provided merely tentative guidance.

*Other non-parties:* In addition to extending the cutoff with respect to the Rule 30(b)(6) deposition of Madison, the Parties stipulated to, and the Court granted an extension of the Phase 2 fact discovery with respect to the deposition the Dane County District Attorney's Office, the Dane County Sheriff's Office, and Dane County Deputy District Attorney Andrew Miller. *See* Dkts. 1137, 1141. Those depositions took place or are scheduled to take place on December 9, 10, and 12. The Parties other third-party depositions and written discovery were completed by the November 21, 2025, cutoff.

The Court's Phase II Case Management Order permitted Defendants collectively, "up to five subpoenas for documents on third parties related to each bellwether case." Dkt. 1034 at 4. Defendants served six ((1) Assistant District Attorney Andrew Miller; (2) Canvas; (3) Innocean; (4) Dane County; (5) Dane County District Attorney's Office; and (6) the Dane County Sheriff's Office). After GE Plaintiffs raised the issue of Defendants' violation with the Court's

order, Defendants agreed to withdraw the subpoena they served on Dane County Assistant District Attorney Andrew Miller. On December 9, 2025, Defendants re-produced to GE Plaintiffs documents apparently produced by Canvas Worldwide, LLC.

On December 10, 2025, GE Plaintiffs asked if Defendants had received any other productions from third parties and, if so, that Defendants produce them immediately, and going forward, as soon as any productions are received. Defendants informed GE Plaintiffs for the first time that they also received productions from Innocean and Dane County, but would produce them to GE Plaintiffs **only after Defendants processed them**. GE Plaintiffs require the same access as Defendants to any third party evidence produced in this MDL and demand that they be produced immediately. The parties need guidance from the Court on this issue. GE Plaintiffs reserve the right to seek further relief after they have reviewed the documents, including to re-open depositions and supplement fact and expert discovery.

<u>HMA and KA's Position:</u>

As permitted under the Phase 2 CMO, HMA and KA have served subpoenas for documents on five third parties relating to the Madison bellwether case: (1) Dane County, Wisconsin; (2) Dane County, Wisconsin Sheriff's Office; (3) Dane County, Wisconsin District Attorney's Office; (4) Canvas Worldwide, LLC; and (5) Innocean USA. HMA and KA have also served subpoenas for depositions on four third parties: (1) Dane County, Wisconsin; (2) Dane County, Wisconsin Sheriff's Office; (3) Dane County, Wisconsin District Attorney's Office; and (4) Dane County, Wisconsin Deputy District Attorney Andrew Miller. Depositions of these third parties, with notice to Madison, have taken place or are scheduled to take place as follows: December 9 (Dane County Sheriff's Office); December 10 (Dane County); and December 12 (Dane County District Attorney's Office and Deputy District Attorney Andrew Miller).

In order to facilitate the production of certain law enforcement records by Dane

County and the Dane County Sheriff's Office (together, "Dane County Non-Parties"), on December 5, HMA, KA and the Dane County Non-Parties entered into a proposed stipulated protective order (Dkt. 1158), which the Court entered that day (Dkt. 1170). On December 5, the Court also entered an order further amending its order regarding the production of "Police Reports" (as defined in the order), which sets forth procedures regarding the disclosure of such records to the above-referenced non-parties from Dane County.  Dkt. 1167.

### C.    Expert Discovery

GE Plaintiffs' Position:

Madison has been working with its experts in anticipation of the December 12, 2025, deadline for the Parties' opening expert reports and will serve its experts' reports on that date.

HMA and KA's Position:

In accordance with the Phase 2 CMO, on December 12, HMA and KA will serve opening expert reports upon GE Plaintiffs.

## II.    GE PLAINTIFFS' FORTHCOMING MOTION FOR LEAVE TO AMEND TO ADD HMC AND KC AS DEFENDANTS

GE Plaintiffs' Position:

Given what GE Plaintiffs have learned through the course of discovery—*including through documents and testimony recently provided by Defendants' foreign parents*—it has become clear that the time has come add them as named defendants in this litigation. GE Plaintiffs intend to file a motion for leave to amend in short order. Consistent with L.R. 7-3, GE Plaintiffs have sought to meet and confer with Defendants about the motion. But Defendants have stonewalled, stating that their earliest availability is over a week later.

HMA and KA's Position:

This Court dismissed Hyundai Motor Company ("HMC") and Kia Corporation ("KC" and, together with HMC, "Parent Companies") from the Subrogation Track

PROPOSED AGENDA FOR DECEMBER 15, 2025, STATUS CONFERENCE

due to a lack of personal jurisdiction, a decision which is currently pending appeal. Dkt. 312. In the GE Track, pursuant to joint stipulations, GE Plaintiffs that named the Parent Companies as defendants agreed to dismiss them from their respective actions in exchange for voluntary document productions from HMC and KC as well as a Rule 30(b)(6) deposition each of HMC and KC. *See, e.g.*, Dkt. 223, 290, 292, 418, 420, 1044, 1051. In September and October 2025, the Parent Companies collectively produced close to 3,400 documents totaling over 36,000 pages (including, among other things, supplier contracts, technical drawings, and email correspondence) and, on October 27, 29 and 31, GE Plaintiffs deposed four Rule 30(b)(6) designees in Seoul, South Korea.

On December 8, GE Plaintiffs provided written notice of their intention to move for leave to amend their complaints to add the Parent Companies. The Parties are in the process of scheduling a meet and confer about this motion.

## III.  HMA AND KA'S RESPONSES TO BIRMINGHAM'S AMENDED COMPLAINT

On October 8, HMA and KA filed a motion to dismiss the complaint of Birmingham, Alabama on the grounds that the complaint was federally preempted under Federal Motor Vehicle Safety Standard 114 and barred by Alabama's statute of limitations. Dkt. 1099. Birmingham's opposition was due on November 5, and the hearing on the motion was scheduled for December 15. Dkt. 1107.

On October 29, Birmingham filed a First Amended Complaint ("FAC") on its case-specific docket (Case No. 8:25-CV-01532, Dkt. 22) and not on the MDL docket. On November 26, the Court denied the motion to dismiss as moot and vacated the December 15 hearing. Dkt. 1143. On December 4, counsel for Birmingham electronically served the FAC on HMA and KA through counsel. HMA, KA and Birmingham have been in discussions regarding a stipulated briefing and hearing schedule relating to HMA and KA's response to the FAC, which otherwise is due on December 18.

## IV.    HMA AND KA'S ANSWERS TO SHELBY COUNTY'S COMPLAINT

Shelby County filed its complaint on August 28, 2025. On October 27, 2025, counsel for HMA and KA requested, and on October 30 Shelby County agreed to, a thirty-day extension for HMA and KA to respond.  *See* Dkts. 1118, 1127.   On December 1, 2025, HMA and KA filed their Answers to Shelby County's complaint. *See* Dkts. 1151, 1152.

## V.    MEDIATION

The Parties' new mediation date with Judge Morrow is January 14, 2026.

## VI.    SAN DIEGO STATE COURT ACTION

On October 7, 2025, counsel for the People of San Diego, HMA, and KA met and conferred regarding the schedule for the San Diego action.  The San Diego parties agreed to postpone the trial date until at least June 2026 and that the related statutory deadlines (including the summary judgment deadline) would move accordingly.

On October 17, HMA and KA served their responses and objections to San Diego's first set of requests for production of documents and tangible things. On October 20, HMA and KA served their responses and objections to San Diego's first set of form interrogatories and first set of special interrogatories. The parties to the San Diego action are in communication regarding a draft coordination order.

## VII.   SCHEDULING NEXT STATUS CONFERENCE

The Parties will be prepared to discuss scheduling at the status conference.

///

///

///

///

///

1  DATED this 10th day of December 2025.

2  Respectfully submitted,

3

4  By  /s/ Gretchen Freeman Cappio          By  /s/ Steven G. Madison

5      KELLER ROHRBACK L.L.P.                  QUINN EMANUEL URQUHART
        Gretchen Freeman Cappio                 & SULLIVAN, LLP
6      (*pro hac vice*)                        Steven G. Madison (SBN: 101006)
7      1201 Third Avenue, Suite 3400           stevemadison@quinnemanuel.com
        Seattle, WA 98101-3052                  Justin C. Griffin (SBN: 234675)
8      Phone: (206) 623-1900                    justingriffin@quinnemanuel.com
        Fax: (206) 623-3384                     865 S. Figueroa Street, 10th Floor
9      gcappio@kellerrohrback.com               Los Angeles, California 90017-2543
10                                              Telephone:  (213) 443 3000
        *Chair of the Governmental Entities*   Facsimile:   (213) 443 3100
11     *Committee*

12                                              *Attorneys for Defendants Hyundai*
13                                              *Motor America and Kia America,*
                                                *Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on this 10th day of December, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Gretchen Freeman Cappio*
GRETCHEN FREEMAN CAPPIO