# EXHIBIT M

[*Submitting Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IN RE: KIA HYUNDAI VEHICLE
THEFT MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

*This document relates to*:

    *City of Madison v. Hyundai
    Motor America and Kia America,
    Inc.*, No. 8:23-cv-00555 (C.D.
    Cal.)

No. 8:22-ML-3052-JVS(KESx)

The Honorable James V. Selna

**GOVERNMENTAL ENTITY
BELLWETHER PLAINTIFF CITY
OF MADISON'S ANSWERS AND
OBJECTIONS TO DEFENDANTS
KIA AMERICA, INC. AND
HYUNDAI MOTOR AMERICA'S
FIRST SET OF REQUESTS FOR
ADMISSIONS**

PROPOUNDING PARTIES:    Defendants HYUNDAI MOTOR AMERICA, INC.
and KIA AMERICA, INC.

RESPONDING PARTY:    Plaintiff CITY OF MADISON

SET NO.:    ONE (1) of Phase II of Fact Discovery

Pursuant to Federal Rules of Civil Procedure 26 and 36, Governmental Entity Plaintiff City of Madison ("Plaintiff") hereby provides these Answers and Objections to Defendants Hyundai Motor America's and Kia America's First Set of Requests for Admission under Phase II of fact discovery (the **"Request"** or **"Requests"**).

## CONTINUING OBJECTIONS

The following objections apply to each Request. To the extent that certain specific objections are cited in response to an individual Request, those specific objections are provided because they are applicable to that specific Request and are not a waiver of the objections applicable to information falling within the scope of such Request.

1. Plaintiff objects to each Request to the extent it is overly broad, vague, unduly burdensome, seeks information that is not relevant to any party's claim or defense, not reasonably limited in time or scope, seeks to impose obligations or otherwise requires actions beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, or any applicable court order.

2. These Responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

3. Plaintiff has not yet received adequate or substantially complete discovery from Defendants. Moreover, Plaintiff has not completed its investigation of the facts relating to this action. Accordingly, these Responses are necessarily limited in nature, and Plaintiff expressly reserves the right to supplement its Responses.

4. Plaintiff objects to each Request to the extent it seeks information more appropriately obtained through other methods of discovery.

5. Plaintiff objects to each Request to the extent it seeks information that is protected from disclosure by any relevant privilege or protection, including without

limitation, the work product doctrine, attorney-client privilege, information gathered or prepared in anticipation of litigation, settlement materials, the public interest privilege, law enforcement privilege, public official privilege, deliberative process privilege, and/or by any other privilege or immunity from disclosure, including arrest and other juvenile records protected from disclosure by federal, state, or local law (collectively, **"Privileged Information"**). In responding to each Request, Plaintiff will not provide Privileged Information. Any statement to the effect that Plaintiff will provide information in response to a Request means that the response shall be limited to information that does not fall within the scope of Privileged Information. To the extent that any such Privileged Information is inadvertently disclosed in response to these Requests, the production of such information shall not constitute a waiver of Plaintiff's rights to assert the applicability of any such privilege or immunity, including as provided for by the Court's case management and protective orders and orders regarding the production of police reports, *see* Dkt. 88, 786, 1003, 1034, any amendments thereto, and Federal Rule of Evidence 502(b). Moreover, any order holding that disclosure in connection with this litigation shall not operate to waive any privilege or protection is controlling and applies with equal force in any other federal or state proceeding.

6.    Whenever in the Responses Plaintiff uses the phrase "subject to and without waiving the foregoing objections," Plaintiff is responding to the Request as narrowed by the Continuing Objections and objections specifically referenced in its response to each Request without waiver of any objection.

7.    Plaintiff objects to each Request to the extent it implies the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.

8.    Plaintiff objects to each Request to the extent it seeks information that is not within Plaintiff's possession, custody, or control, or purports to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff. Plaintiff's

-3-

Case No. 8:22-ML-3052-JVS(KESx)
CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II REQUESTS FOR ADMISSION

Responses may reference information provided by other parties in this litigation. Plaintiff's reference to such Information is not intended to signify that Plaintiff maintains possession, custody, or control of any Documents containing that Information.

9.    Plaintiff objects to each Request to the extent it seeks disclosure of information protected by any confidentiality obligation owed to a third party. Plaintiff will not disclose or produce such information absent notice to and, if required, consent of the third party or entry of a court order compelling production.

10.    Plaintiff reserves the right to supplement, revise, correct, or clarify its Responses and Objections in the event that additional information becomes available.

11.    Plaintiff objects to each Request to the extent it includes multiple subparts. Plaintiff further objects to each Request on the grounds that it is individually and collectively overly broad and unduly burdensome and seeks discovery that is not relevant to any party's claims or defenses and not proportional to the needs of the case.

12.    Plaintiff objects to each Request to the extent it contains terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

13.    Plaintiff objects to each Request that purports to require that Plaintiff provide responses with regard to "any," "each," "every," "all," or similar all-encompassing wording, on the grounds that such Requests are overly broad, unduly burdensome, seek discovery that is not relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceedings. To the extent Plaintiff agrees to respond to an Request including such language, Plaintiff will provide a general, categorical Response, rather than a response as to the component events, individuals, or occurrences.

14.    Plaintiff objects to each Request to the extent it seeks information requiring scientific, technical, or other specialized knowledge such that it is

appropriately the subject of expert testimony, and/or to the extent it asks for or may be interpreted to encompass work performed by or information received from experts retained by Plaintiff in conjunction with this action ("**Expert Opinion**"). Plaintiff will make appropriate disclosures in accordance with the applicable rules and orders.

15.    Plaintiff objects to each Request on the grounds that discovery is ongoing, and Defendants or third parties possess information that Plaintiff may use to support its claims or that is responsive to these Requests. Plaintiff's Responses are based upon information that has been collected and reviewed to date for the purpose of responding to these Requests. Plaintiff reserves the right to amend and supplement these Responses as discovery and this litigation proceed.

16.    Plaintiff objects to each Request as irrelevant, vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is not limited to a time period that is relevant to the claims and defenses in this action. Unless otherwise stated in response to a specific Request, Plaintiff will limit its response to the time period: 2020–the present.

17.    Plaintiff objects to each Request as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks individual-level information concerning natural persons or documents or data that could be used to identify natural persons. This action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm the Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide the identity of or information concerning natural persons would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this action. Accordingly, Plaintiff will construe any such Request as seeking information in an aggregated, deidentified form.

**CONTINUING OBJECTIONS TO INSTRUCTIONS**

1.     Plaintiff objects to Instructions 1 through 5 to the extent they purport to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Central District of California, or the Court's applicable orders.

**CONTINUING OBJECTIONS TO DEFINITIONS**

1.     Plaintiff objects to Defendants' definition of "Communication," as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

2.     Plaintiff objects to Defendants' definition of "Cleared" to the extent that Incident Based Reporting, as utilized by Plaintiff, creates ambiguity as to when an incident is considered "Cleared."  In responding to these Requests, Plaintiff shall consider an incident "Cleared" for the purpose of these Responses based on the Madison Police Department's Annual Reports from 2019 to the present, subject to the following explanatory caveats based upon the Uniform Crime Reporting incident-based reporting:

a.     Incidents can only be cleared by arrest or by exceptional means. If an incident is cleared by arrest, the first arrest on an incident will "clear" all offenses on the incident, regardless of the number of arrestees.

b.     The clearance date for an incident cleared by arrest is based upon the date of arrest. Accordingly, if an incident is reported in 2019 and cleared by arrest in 2020, that clearance will be reflected in the 2020 clearance numbers and clearance rate.

c.     The clearance date for an incident cleared by exceptional means is based upon the date the incident is exceptionally cleared. Accordingly, if an incident

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II REQUESTS FOR ADMISSION

is reported in 2019 and cleared by exceptional means in 2020, that clearance will be reflected in the 2020 clearance numbers and clearance rate.

3.　Plaintiff objects to Defendants' definition of "Document" and "Documents" to the extent it is inconsistent with the Federal Rules of Civil Procedure.

4.　Plaintiff objects to Defendants' definition of "Kia Boyz (or Boys) Method" as vague, ambiguous, overbroad, unduly burdensome and disproportionate to the needs of the case.

5.　Plaintiff objects to Defendants' definition of "Prosecute[d]," "Prosecuting," and "Prosecution" as vague, ambiguous, overbroad, and disproportionate to the needs of the case. Plaintiff construes such terms as that they are used in common parlance.

6.　Plaintiff objects to Defendants' definition of "Referral for Prosecution" as vague and ambiguous. Plaintiff construes the term "Referral for Prosecution" as that term is used in common parlance.

7.　Plaintiff objects to Defendants definition of "Related Crime" as vague, ambiguous, overly broad, and disproportionate to the needs of the case. Plaintiff will construe the term "Related Crime" as "crimes other than Theft or Attempted Theft, committed within Plaintiffs' Jurisdiction, from 2020 to the present, which reflect a shared incident or case number of a Theft or Attempted Theft."

8.　Plaintiff objects to Defendants definition of "Sworn" as ambiguous, in that it has different meanings within the City of Madison's various Annual Reports from 2020 to the present. In its Responses, Plaintiff will interpret the term to mean "sworn" or "commissioned" staff as those terms are used in Madison Police Department's Annual Report's Diversity Report for a given year. *See, e.g.*, HKThefts_Madison_00030532 at 572 (referring to "commissioned" employees); HKThefts_Madison_00030573 at 604 (referring to "sworn" employees).

9.      Plaintiff objects to Defendants' definition of "Theft" and "Attempted Theft" as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff will interpret the phrase to mean theft, attempted theft, and/or unauthorized possession or use of a motor vehicle, as those crimes are codified in Plaintiff's jurisdiction, and reflected in the data produced at Bates number HKThefts_Madison_00391483.

10.     Plaintiff objects to Defendants' definitions of "Person," "You," and "Your" as vague, ambiguous, irrelevant, overly broad, and disproportionate to the needs of the case to the extent it would require Plaintiff to respond to these Requests for any entity of which it exercises any control, formal or informal.

11.     Plaintiff objects to Defendants' definition of "including" as overly broad and unduly burdensome. When used in connection with a Request, Plaintiff will interpret those terms to mean "such as."

## **NON-WAIVER**

1.      Plaintiff's Responses are made without Plaintiff waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its Responses in any subsequent stage or proceeding in this action or any other action.

2.      If Plaintiff, in response to any Request, inadvertently produces information that is or could be the subject of the objections stated herein, such production is not intended to be, nor is it deemed to be, a waiver of the obligations with respect to such information produced or withheld.

3.      Plaintiff's failure to object to a specific Request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

## REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that the number of Thefts in Your Jurisdiction in calendar year 2022 was lower than the number of such Thefts and Attempted Thefts in calendar year 2021.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it seeks information about unreported Thefts and Attempted Thefts, including Attempted Thefts of which the victim did not become aware.

Plaintiff objects to this Request as vague and ambiguous as to "thefts," in that it is unclear as to whether the "thefts" are those that are reported stolen within the Plaintiff's jurisdiction, those that are reported stolen elsewhere and recovered within the Plaintiff's jurisdiction, or both.

Plaintiff objects to this request as vague and ambiguous as to "in calendar year", as it is unclear whether the request is asking about when the theft occurred, when it was reported, or when the vehicle was recovered.

Plaintiff further objects to this Request as vague and ambiguous, in that "attempted thefts" could encompass incidents coded as criminal damage to property.

Plaintiff further objects to this Request on the grounds that it misleadingly compares "Thefts" in one calendar year to "Thefts and Attempted Thefts" in a different calendar year.

Subject to and without waiving the foregoing objections, Plaintiff states that the number of Thefts and Attempted Thefts in Madison, Wisconsin reported during calendar year 2021 exceeded the number of Thefts in Madison Wisconsin reported during calendar year 2022, and on that basis **ADMITS** this request.

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II REQUESTS FOR ADMISSION

**REQUEST NO. 2:**

Admit that the number of Thefts in Your Jurisdiction in calendar year 2023 was lower than the number of such Thefts and Attempted Thefts in calendar year 2022.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it seeks information about unreported Thefts and Attempted Thefts, including Attempted Thefts of which the victim did not become aware.

Plaintiff objects to this Request as vague and ambiguous as to "thefts," in that it is unclear as to whether the "thefts" are those that are reported stolen within the Plaintiff's jurisdiction, those that are reported stolen elsewhere and recovered within the Plaintiff's jurisdiction, or both.

Plaintiff objects to this request as vague and ambiguous as to "in calendar year", as it is unclear whether the request is asking about when the theft occurred, when it was reported, or when the vehicle was recovered.

Plaintiff further objects to this Request as vague and ambiguous, in that "attempted thefts" could encompass incidents coded as criminal damage to property.

Plaintiff further objects to this Request on the grounds that it misleadingly compares "Thefts" in one calendar year to "Thefts and Attempted Thefts" in a different calendar year.

Subject to and without waiving the foregoing objections, Plaintiff states that the number of Thefts and Attempted Thefts in Madison, Wisconsin reported during calendar year 2022 exceeded the number of Thefts in Madison Wisconsin reported during calendar year 2023, and on that basis **ADMITS** this request.

**REQUEST NO. 3:**

Admit that the number of Thefts in Your Jurisdiction in calendar year 2024 was lower than the number of such Thefts and Attempted Thefts in calendar year 2023.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it seeks information about unreported Thefts and Attempted Thefts, including Attempted Thefts of which the victim did not become aware.

Plaintiff objects to this Request as vague and ambiguous as to "thefts," in that it is unclear as to whether the "thefts" are those that are reported stolen within the Plaintiff's jurisdiction, those that are reported stolen elsewhere and recovered within the Plaintiff's jurisdiction, or both.

Plaintiff objects to this request as vague and ambiguous as to "in calendar year", as it is unclear whether the request is asking about when the theft occurred, when it was reported, or when the vehicle was recovered.

Plaintiff further objects to this Request as vague and ambiguous, in that "attempted thefts" could encompass incidents coded as criminal damage to property.

Plaintiff further objects to this Request on the grounds that it misleadingly compares "Thefts" in one calendar year to "Thefts and Attempted Thefts" in a different calendar year.

Subject to and without waiving the foregoing objections, Plaintiff states that the number of Thefts and Attempted Thefts in Madison, Wisconsin reported during calendar year 2023 exceeded the number of Thefts in Madison, Wisconsin reported during calendar year 2024, and on that basis **ADMITS** this request.

**REQUEST NO. 4:**

Admit that the number of Thefts of Hyundai and Kia brand vehicles in Your Jurisdiction in calendar year 2023 was lower than the number of such Thefts and Attempted Thefts in calendar year 2022.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it seeks information about unreported Thefts and Attempted Thefts, including Attempted Thefts of which the victim did not become aware.

Plaintiff further objects to this Request on the grounds that it misleadingly compares "Thefts" in one calendar year to "Thefts and Attempted Thefts" in a different calendar year.

Plaintiff objects to this Request as vague and ambiguous, in that "attempted thefts" could encompass incidents coded as criminal damage to property.

Plaintiff objects to this Request as vague and ambiguous as to "thefts," in that it is unclear as to whether the "thefts" are those that are reported stolen within the Plaintiff's jurisdiction, those that are reported stolen elsewhere and recovered within the Plaintiff's jurisdiction, or both.

Plaintiff objects to this request as vague and ambiguous as to "in calendar year", as it is unclear whether the request is asking about when the theft occurred, when it was reported, or when the vehicle was recovered.

Subject to and without waiving the foregoing objections, Plaintiff states that the number of Thefts and Attempted Thefts of Hyundai and Kia brand vehicles in Madison, Wisconsin reported during calendar year 2022 exceeded the number of Thefts in Madison, Wisconsin reported during calendar year 2023, and on that basis **ADMITS** this request.

**REQUEST NO. 5:**

Admit that the number of Thefts of Hyundai and Kia brand vehicles in Your Jurisdiction in calendar year 2024 was lower than the number of such Thefts and Attempted Thefts in calendar year 2023.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it seeks information about unreported Thefts and Attempted Thefts, including Attempted Thefts of which the victim did not become aware.

Plaintiff further objects to this Request on the grounds that it misleadingly compares "Thefts" in one calendar year to "Thefts and Attempted Thefts" in a different calendar year.

Plaintiff objects to this Request as vague and ambiguous as to "thefts," in that it is unclear as to whether the "thefts" are those that are reported stolen within the Plaintiff's jurisdiction, those that are reported stolen elsewhere and recovered within the Plaintiff's jurisdiction, or both.

Plaintiff objects to this request as vague and ambiguous as to "in calendar year", as it is unclear whether the request is asking about when the theft occurred, when it was reported, or when the vehicle was recovered.

Plaintiff further objects to this Request as vague and ambiguous, in that "attempted thefts" could encompass incidents coded as criminal damage to property.

Subject to and without waiving the foregoing objections, Plaintiff states that the number of Thefts and Attempted Thefts of Hyundai and Kia brand vehicles in Madison, Wisconsin reported during calendar year 2023 exceeded the number of Thefts in Madison, Wisconsin reported during calendar year 2024, and on that basis, Plaintiff **ADMITS** this request.

**REQUEST NO. 6:**

Admit that Thefts in Your Jurisdiction, as a percentage of all crimes in Your Jurisdiction, was lower in calendar year 2022 as compared to calendar year 2021.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it seeks information about unreported Thefts and Attempted Thefts, including Attempted Thefts of which the victim did not become aware. Plaintiff objects to this Request on the grounds that it seeks information about unreported crimes, including crimes of which the victim did not become aware. The majority of crimes that occur in the United States of America go unreported.

Plaintiff objects to this Request as vague and ambiguous, as the term "crimes" is not defined. The answer to the Request could depend upon whether "crimes" includes traffic infractions, citations, civil enforcement actions, misdemeanors, and dependency adjudications; and whether the term refers to the number of reported incidents, the number of offenses (of which there could be multiple in a single incident), the most serious offense reported in an incident, or some other method of tabulating crimes.

Plaintiff is unable to answer the Request as written, but responds that in its annual report for 2022, the Madison Police Department identified 27,268 Offenses Known to Police in that calendar year, of which 732 were Motor Vehicle Theft, as compared to 25,188 Offenses Known to Police in 2021, of which 834 were Motor Vehicle Thefts. *See* HKThefts_Madison_00030605 at 628. As noted in the 2022 report, "The crime labels provided in these tables are set and defined by the UCR program," summarize additional sub-categories into the larger definition, and do not include some offenses, such as "shots fired" calls for service. *Id.* On that basis, Plaintiff **ADMITS** this request.

**REQUEST NO. 7:**

Admit that Thefts in Your Jurisdiction, as a percentage of all crimes in Your Jurisdiction, was lower in calendar year 2023 as compared to calendar year 2022.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it seeks information about unreported Thefts and Attempted Thefts, including Attempted Thefts of which the victim did not become aware. Plaintiff objects to this Request on the grounds that it seeks information about unreported crimes, including crimes of which the victim did not become aware. The majority of crimes that occur in the United States of America go unreported.

Plaintiff objects to this Request as vague and ambiguous, as the term "crimes" is not defined. The answer to the Request could depend upon whether "crimes" includes traffic infractions, citations, civil enforcement actions, misdemeanors, and dependency adjudications; and whether the term refers to the number of reported incidents, the number of offenses (of which there could be multiple in a single incident), the most serious offense reported in an incident, or some other method of tabulating crimes.

Plaintiff is unable to answer the Request as written, but responds that in its annual report for 2023, the Madison Police Department identified 29,050 Offenses Known to Police in that calendar year, of which 603 were Motor Vehicle Theft, as compared to 27,268 Offenses Known to Police in 2022, of which 732 were Motor Vehicle Thefts. *See* HKThefts_Madison_00030651 at 688. As noted in the 2022 report, "The crime labels provided in these tables are set and defined by the UCR program," summarize additional sub-categories into the larger definition, and do not include some offenses, such as "shots fired" calls for service. *Id.* On that basis, Plaintiff **ADMITS** this request.

1  **REQUEST NO. 8:**

2      Admit that Thefts in Your Jurisdiction, as a percentage of all crimes in Your

3  Jurisdiction, was lower in calendar year 2024 as compared to calendar year 2023.

4  **ANSWER:**

5      Plaintiff incorporates by reference the Continuing Objections, including the

6  Continuing Objections to Definitions and Instructions, set forth above.

7      Plaintiff objects to this Request on the grounds that it seeks information about

8  unreported Thefts and Attempted Thefts, including Attempted Thefts of which the

9  victim did not become aware. Plaintiff objects to this Request on the grounds that it

10  seeks information about unreported crimes, including crimes of which the victim did

11  not become aware. The majority of crimes that occur in the United States of America

12  go unreported.

13      Plaintiff objects to this Request as vague and ambiguous, as the term "crimes"

14  is not defined. The answer to the Request could depend upon whether "crimes"

15  includes traffic infractions, citations, civil enforcement actions, misdemeanors, and

16  dependency adjudications; and whether the term refers to the number of reported

17  incidents, the number of offenses (of which there could be multiple in a single

18  incident), the most serious offense reported in an incident, or some other method of

19  tabulating crimes.

20      Plaintiff is unable to answer the Request as written, but responds that in its

21  annual report for 2024, the Madison Police Department identified 26,893 Offenses

22  Known to Police in that calendar year, of which 379 were Motor Vehicle Theft, as

23  compared to 29,050 Offenses Known to Police in 2023, of which 603 were Motor

24  Vehicle Thefts. *See* HKThefts_Madison_00030704 at 725. As noted in the 2022

25  report, "The crime labels provided in these tables are set and defined by the UCR

26  program," summarize additional sub-categories into the larger definition, and do not

27  include some offenses, such as "shots fired" calls for service. *Id.* On that basis,

28  Plaintiff **ADMITS** this request.

**REQUEST NO. 9:**

Admit that the number of sworn staff employed by the Madison Police Department was lower in calendar year 2021 as compared to calendar year 2020.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objections to the term "sworn staff" as vague and ambiguous as related to calendar year 2020, as the Madison Police Department's Diversity Report for 2020 distinguished between "Commissioned" and "Non-Commissioned" employees, and did not use the term "sworn."

Plaintiff further objects to term "sworn staff employed" as vague and ambiguous, in the event that staff members were promoted into or out of "sworn staff" positions, or did not occupy that role for the entirety of calendar year.

Subject to and without waiving these objections, and based on information presently available, Plaintiff states that in 2021 the Madison Police Department employed 488 Sworn employees, and 29 "Protective Sworn and Non" civilian-employees, as compared to 503 commissioned employees in 2020. *Compare* HKThefts_Madison_00030532 at 572 *with* HKThefts_Madison_00030573 at 604. On that basis, Plaintiff **ADMITS** the Request.

**REQUEST NO. 10:**

Admit that the number of sworn staff employed by the Madison Police Department was lower in calendar year 2022 as compared to calendar year 2020.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objections to the term "sworn staff" as vague and ambiguous as related to calendar year 2020, as the Madison Police Department's Diversity Report for 2020

distinguished between "Commissioned" and "Non-Commissioned" employees, and did not use the term "sworn."

Plaintiff further objects to term "sworn staff employed" as vague and ambiguous, in the event that staff members were promoted into or out of "sworn staff" positions, or did not occupy that role for the entirety of calendar year.

Subject to and without waiving these objections, and based on information presently available, Plaintiff states that in 2022 the Madison Police Department employed 495 Sworn employees, and 27 "Protective Sworn and Non" civilian-employees, as compared to 503 commissioned employees in 2020. *Compare* HKThefts_Madison_000390054 at 100 *with* HKThefts_Madison_00030532 at 573.

**REQUEST NO. 11:**

Admit that more than 50% of known offenders of Thefts and Attempted Thefts in Your Jurisdiction in calendar year 2020 were aged 24 and younger.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request as vague and ambiguous as to the term "known" to the extent the Request does not specify the entity or individual with said knowledge.

Plaintiff objects to this Request as vague and ambiguous as to the term "offenders," to the extent it seeks information beyond arrestees.

Plaintiff objects to this Request as vague and ambiguous as to the term "were aged 24 and younger," as it is unclear whether the individuals age is to be determined at the time of a given incident, the time of Madison becoming aware of the individuals' identity, at the time of adjudication, or at some other time.

Subject to and without waiving the foregoing objections, and based on information presently available, including the data contained within the spreadsheet produced at Bates number HKThefts_Madison_0039148, Plaintiff **ADMITS** the request.

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II REQUESTS FOR ADMISSION

**REQUEST NO. 12:**

Admit that more than 50% of known offenders of Thefts and Attempted Thefts in Your Jurisdiction in calendar year 2021 were aged 24 and younger.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request as vague and ambiguous as to the term "known" to the extent the Request does not specify the entity or individual with said knowledge.

Plaintiff objects to this Request as vague and ambiguous as to the term "offenders," to the extent it seeks information beyond arrestees.

Plaintiff objects to this Request as vague and ambiguous as to the term "were aged 24 and younger," as it is unclear whether the individuals age is to be determined at the time of a given incident, the time of Madison becoming aware of the individuals' identity, at the time of adjudication, or at some other time.

Subject to and without waiving the foregoing objections, and based on information presently available, including the data contained within the spreadsheet produced at Bates number HKThefts_Madison_0039148, Plaintiff **ADMITS** the request.

**REQUEST NO. 13:**

Admit that, in each of calendar years 2019, 2020, 2021 and 2022, the Madison Police Department's Clearance Rate for Thefts and Attempted Thefts – measured as the number of such offenses that are Cleared divided by the total number of such recorded offenses – was lower than 20 percent.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request as compound, as the clearance rate for the four calendar years in question are interdependent issues contained within one request. If

this single Request were treated as four separate Requests, Defendants would exceed the limit of 20 Requests set in the operative Case Management Order. Plaintiff's response to this Request is to the single proposition that there was a consecutive four-year period, beginning in 2019 and ending in 2022, in which the annual Clearance Rate for Thefts and Attempted Thefts – measured as the number of such offenses that are Cleared divided by the total number of such recorded offenses – was lower than 20 percent.

Plaintiff objects to this Request as vague and ambiguous as to the relevant time period. Cases may be cleared months or years after they are reported, and thus the "clearance rate" for incidents reported in 2021 as measured at the end of calendar year 2021 differs from the "clearance rate" for those same incidents measured presently. For the purpose of this response, Plaintiff responds based upon the data contained within the Madison Polie Department Annual Reports for 2019 to 2022, produced at HKThefts_Madison_00030497, HKThefts_Madison_00030532, HKThefts_Madison _00030573, and HKThefts_Madison_00030605. Those reports detail clearance rates, based on the UCR program labels and criteria, for Motor Vehicle Theft, as that crime category is used for the purposes of UCR reporting.

Subject to and without waiving these objections, and based on information presently available, Plaintiff **ADMITS** the Request.

**REQUEST NO. 14:**

Admit that the Madison Police Department's Clearance Rate for Thefts and Attempted Thefts – measured as the number of such offenses that are Cleared divided by the total number of such recorded offenses – in calendar year 2023 was higher than that for calendar year 2022.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II REQUESTS FOR ADMISSION

1    Plaintiff objects to this Request as vague and ambiguous as to the relevant time
2  period. Cases may be cleared months or years after they are reported, and thus the
3  "clearance rate" for incidents reported in 2022 as measured at the end of calendar year
4  2022 differs from the "clearance rate" for those same incidents measured presently.
5  For the purpose of this response, Plaintiff responds based upon the data contained
6  within the Madison Police Department's Annual Reports for 2022 and 2023 produced
7  at HKThefts_Madison_00030605 and HKThefts_Madison_00030651. Those reports
8  detail clearance rates, based on the UCR program labels and criteria, for Motor
9  Vehicle Theft, as that crime category is used for the purposes of UCR reporting.

10    Subject to and without waiving these objections, and based on information
11  presently available, Plaintiff **ADMITS** the Request.

12  **REQUEST NO. 15:**

13    Admit that the Madison Police Department's Clearance Rate for Thefts and
14  Attempted Thefts – measured as the number of such offenses that are "cleared"
15  divided by the total number of such recorded offenses – in calendar year 2024 was
16  higher than that for calendar year 2022.

17  **ANSWER:**

18    Plaintiff incorporates by reference the Continuing Objections, including the
19  Continuing Objections to Definitions and Instructions, set forth above.

20    Plaintiff objects to this Request as vague and ambiguous as to the relevant time
21  period. Cases may be cleared months or years after they are reported, and thus the
22  "clearance rate" for incidents reported in 2022 as measured at the end of calendar year
23  2022 differs from the "clearance rate" for those same incidents measured presently.
24  For the purpose of this response, Plaintiff responds based upon the data contained
25  within the Madison Police Department's Annual Reports for 2022 and 2023 produced
26  at HKThefts_Madison_00030605 and HKThefts_Madison_00030704. Those reports
27  detail clearance rates, based on the UCR program labels and criteria, for Motor
28  Vehicle Theft, as that crime category is used for the purposes of UCR reporting.

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II REQUESTS FOR ADMISSION

1    Subject to and without waiving these objections, and based on information
2    presently available, Plaintiff **ADMITS** the Request.

3    **REQUEST NO. 16:**

4    Admit that vehicles equipped immobilizers can be stolen without possessing
5    the vehicle owner's key(s).

6    **ANSWER:**

7    Plaintiff incorporates by reference the Continuing Objections, including the
8    Continuing Objections to Definitions and Instructions, set forth above.

9    Plaintiff objects to this Request as vague and ambiguous as to the term
10   "immobilizers," as there are multiple types of immobilizers. In answering this
11   Request, Plaintiff construes "immobilizer" to mean a proximity-based engine
12   immobilizer.

13   Plaintiff objects to this Request as vague and ambiguous as to the term "vehicle
14   owner's keys," as the term "key" encompasses both physical keys and digital
15   validation.

16   Plaintiff objects to this request as calling for expert testimony. Expert discovery
17   is ongoing, and Plaintiff will make appropriate disclosures, including as relates to
18   technical experts regarding automotive design, in accordance with the applicable rules
19   and orders.

20   Plaintiff objects to this Request as unintelligible as drafted and accordingly
21   **DENIES** the request, with the qualification that vehicles equipped **with**
22   immobilizers can be stolen without physically possessing the vehicle owner's
23   key(s).

24   **REQUEST NO. 17:**

25   Admit that You never contacted any website, social media platform, social
26   media company, or similar (including but not limited to Facebook, Instagram,
27   Snapchat, TikTok, Twitch, YouTube, and X (f/k/a Twitter)) to demand or request
28   the removal of any content (including but not limited to videos and written posts)

depicting, promoting, describing, illustrating, displaying, or otherwise referring to the Theft or Attempted Theft of a Hyundai or Kia brand vehicle, including but not limited to "how-to . . . steal Susceptible Vehicles," as alleged at paragraph 84 of the Operative Complaint, or any post-Theft activities (such as, but not limited to, joyriding in a stolen Hyundai or Kia).

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request as vague and ambiguous, as it relates to the undefined terms "website," "displaying," "illustrating," "promoting," "depicting," and "otherwise referring."

Plaintiff objects to this Request as compound, in that it is asking for information about Plaintiff's communications with relation to multiple different types of entities. Requests for Admission "may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements." *U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citing *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992)). Here, where Defendant is limited to twenty Requests, if Plaintiff construes this question as separate Requests for each type of entity, Defendants will have exceeded the limit.

Plaintiff objects to this Request as overbroad, overly burdensome, and not proportionate to the needs of the litigation. The City of Madison is a large governmental body with thousands of employees. Plaintiff can neither confirm nor deny whether any employee contacted "any website," at any time from 2020 to the present, to request the removal of content as described in the Request.

Subject to the above objections, Plaintiff responds that it **ADMITS** that the Madison Police Department did not request any social media company remove content that solely depicts how to steal a Hyundai or Kia brand vehicle between 2020 to the present.

**REQUEST NO. 18:**

Admit that between 2022 and 2023 You asked HMA for steering wheel locks and HMA provided them at no cost to You.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Request as compound. Plaintiff further objects to the Request as vague, as it relates to "cost." The physical space utilized to house the wheel locks that Plaintiff distributed to residents, and the officer and staff time spent requesting, inventorying, and distributing said wheel locks, are "costs" borne by the Madison Police Department.

Subject to the foregoing objections, Plaintiff **ADMITS** that the Madison Police Department requested steering wheel locks from HMA as part of its efforts to reduce the number of Hyundais and Kias that were being stolen in its community. In response to that request, HMA provided the Madison Police Department with a limited number of steering wheel locks that the Police Department bore the costs to store and distribute to residents. HMA did not charge the Madison Police Department for the procurement of the steering wheel locks.

**REQUEST NO. 19:**

Admit that between 2020 and 2024 the Madison Police Department did not hire any sworn staff for the sole purpose of responding to or engaging in activities related to Thefts or Attempted Thefts of Hyundai or Kia vehicles.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Request as  vague as to "engaging in activities related to."

1    Plaintiff further objects to the Request as compound, in that it seeks information

2  about whether staff were hired for multiple purposes, in any of multiple years, as it

3  relates to multiple brands of vehicles.

4    Plaintiff objects to the Request as ambiguous because "sworn" has different

5  meanings within the City of Madison's various Annual Reports from 2020 to the

6  present. In its Responses, Plaintiff interprets the term to mean "commissioned" or

7  "sworn" staff as those terms are used in Madison Police Department's Annual

8  Report's Diversity Report for a given year. *See, e.g.*, HKThefts_Madison_00030532

9  at 572 (referring to "commissioned" employees); HKThefts_Madison_00030573 at

10  604 (referring to "sworn" employees).

11    Subject to the foregoing objections, Plaintiff does not hire any sworn staff for

12  the sole purpose of responding to or engaging in specific incidents, and on that basis

13  **ADMITS** the Request.

14  **REQUEST NO. 20:**

15    Admit that the Madison Police Department investigated 112 serious and/or fatal

16  car crashes in 2021 and 97 serious and/or fatal car crashes in 2022.

17  **ANSWER:**

18    Plaintiff incorporates by reference the Continuing Objections, including the

19  Continuing Objections to Definitions and Instructions, set forth above.

20    Plaintiff further objects to the Request as compound and vague as to "serious

21  and/or fatal". Requests for Admission "may not contain compound, conjunctive, or

22  disjunctive (e.g., "and/or") statements." *U.S. ex rel. Englund v. Los Angeles Cty.*, 235

23  F.R.D. 675, 684 (E.D. Cal. 2006) (citing *Herrera v. Scully*, 143 F.R.D. 545, 549

24  (S.D.N.Y. 1992)). Here, where Defendant is limited to twenty Requests, if Plaintiff

25  construes this question as two separate Requests, Defendants will have exceeded the

26  limit.

27    Subject to and the foregoing objections, Plaintiff responds that Plaintiff

28  investigated 6,824 hazardous traffic violations in 2021, and 899 traffic crashes with

1  injuries or fatalities. Plaintiff investigated 7,335 hazardous traffic violations in 2022,

2  and 859 traffic crashes with injuries or fatalities. On that basis, Plaintiff **DENIES**

3  the Request. *Compare* HKThefts_Madison_00089113 at 143 *with*

4  HKThefts_Madison_00039054 at 087.

5

6  Dated this 20th day of November, 2025.

7                                                        Respectfully submitted,

8

9                                          By */s/ Gretchen Freeman Cappio*
                                              Gretchen Freeman Cappio (*pro hac vice*)
10                                            KELLER ROHRBACK L.L.P.
                                              1201 Third Avenue, Suite 3400
11                                            Seattle, WA 98101-3052
                                              Phone: (206) 623-1900
12                                            Fax: (206) 623-3384
                                              gcappio@kellerrohrback.com
13

14                                            *Chair of the Governmental Entities*
                                              *Committee*
15

16

17

18

19

20

21

22

23

24

25

26

27

28