# EXHIBIT O

[*Submitting Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IN RE: KIA HYUNDAI VEHICLE
THEFT MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

*This document relates to:*

Governmental Entities Track

No. 8:22-ML-03052-JVS-KES

The Honorable James V. Selna

**GOVERNMENTAL ENTITY
PLAINTIFF CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO
DEFENDANTS'
INTERROGATORIES**

PROPOUNDING PARTY:     Defendants HYUNDAI MOTOR AMERICA, INC. and

KIA AMERICA, INC.

RESPONDING PARTY:     Plaintiff CITY OF MADISON

SET NO.:     ONE (1)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Governmental Entity Plaintiff City of Madison hereby provides these responses and objections to Defendants Hyundai Motor America's and Kia America's First Set of Requests for Interrogatories (the "**Interrogatories**" or "**Interrogatory**").

## CONTINUING OBJECTIONS

The following objections apply to each Request. To the extent that certain specific objections are cited in response to an individual Request, those specific objections are provided because they are applicable to that specific Request and are not a waiver of the objections applicable to information falling within the scope of such Request.

1.     Plaintiff objects to each Request to the extent it is overly broad, vague, unduly burdensome, seeks information that is not relevant to any party's claim or defense, or seeks to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, or the local rules.

2.     These responses are made solely for the purpose of and in relation to this Action. Each answer is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

3.     No admission of any nature is to be implied or inferred in these responses. The fact that any of the Requests herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Requests, or that such answer constitutes evidence of any fact thus set forth or assumed.

4.     Plaintiff has not yet received adequate or substantially complete discovery from Defendants. Moreover, Plaintiff has not completed its investigation of the facts relating to this Action. Further, the Court has currently limited discovery in this Action to a narrow set of structural and foundational topics. *See* Dkt. No. 370 § II. Accordingly, these responses are necessarily limited in nature, and Plaintiff expressly reserves the right to supplement its responses.

5.     Plaintiff objects to each Interrogatory to the extent it seeks information

1

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

more appropriately obtained through other methods of discovery.

6.    Plaintiff objects to each Interrogatory to the extent it seeks information that is protected from disclosure by any relevant privilege or protection, including without limitation, the work product doctrine, attorney-client privilege, information gathered or prepared in anticipation of litigation, settlement materials, the public interest privilege, law enforcement privilege, public official privilege, deliberative process privilege, and/or by any other privilege or immunity from disclosure, including arrest and other juvenile records protected from disclosure by federal, state, or local law (collectively, "**Privileged Information**"). In responding to each Interrogatory, Plaintiff will not provide Privileged Information. Any statement to the effect that Plaintiff will provide information in response to an Interrogatory means that the response shall be limited to information that does not fall within the scope of Privileged Information. To the extent that any such Privileged Information is inadvertently disclosed in response to these Interrogatories, the production of such information shall not constitute a waiver of Plaintiff's rights to assert the applicability of any such privilege or immunity, including as provided for by Order No. 8: Protective Order, Dkt. No. 88, any amendment thereto, and Federal Rule of Evidence 502(b). Moreover, any order holding that disclosure in connection with this litigation shall not operate to waive any privilege or protection is controlling and applies with equal force in any other federal or state proceeding.

7.    Whenever in the responses Plaintiff uses the phrase "subject to and without waiving the foregoing objections," Plaintiff is responding to the Interrogatory as narrowed by the Continuing Objections and objections specifically referenced in its response to each Interrogatory without waiver of any objection.

8.    Any response stating that Plaintiff will produce Information shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

9.    Plaintiff objects to each Interrogatory to the extent it implies the existence of facts or circumstances that do not or did not exist, and to the extent that it states or

2

assumes legal conclusions. In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

10.    Plaintiff objects to each Interrogatory to the extent it seeks information that is not within Plaintiff's possession, custody, or control, seeks Information that do not already exist, or purports to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff. Plaintiff's responses may reference Documents and/or information provided by other parties in this litigation. Plaintiff's reference to such Documents is not intended to signify that Plaintiff maintains possession, custody, or control of these Documents.

11.    Plaintiff objects to each Interrogatory to the extent it seeks disclosure of information protected by any confidentiality obligation owed to a third party. Plaintiff will not disclose or produce such information absent notice to and, if required, consent of the third party or entry of a court order compelling production.

12.    Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections in the event that additional information becomes available.

13.    Plaintiff objects to each Interrogatory to the extent it includes multiple subparts. Plaintiff further objects to each Interrogatory on the grounds that it is individually and collectively overly broad and unduly burdensome and seeks discovery that is not relevant to any party's claims or defenses and not proportional to the needs of the case. To the extent that Plaintiff agrees to respond to these Interrogatories, Plaintiff is agreeing to produce only the information it identifies in its Response that is responsive, does not include Privileged Information, and only to the extent such information can be located after a search reasonably likely to identify reasonably accessible Information.

14.    Plaintiff objects to each Interrogatory to the extent it contains terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

15.    Plaintiff objects to each Interrogatory that purports to require that Plaintiff provide discovery with regard to "any," "each," "every," "all," or similar all-encompassing wording, on the grounds that such Interrogatories are overly broad,

unduly burdensome, seek discovery that is not relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceedings. To the extent Plaintiff agrees to respond to an Interrogatory including such language, Plaintiff will produce non-privileged, responsive Information sufficient to explain a particular issue or topics and, in some instance, produce exemplars or samples of certain information.

16.     Plaintiff objects to each Interrogatory to the extent it seeks information requiring scientific, technical, or other specialized knowledge such that it is appropriately the subject of expert testimony, and/or to the extent they ask for or may be interpreted to encompass work performed by or information received from experts retained by Plaintiff in conjunction with this Action ("**Expert Opinion**"). Plaintiff will make appropriate disclosures in accordance with the applicable rules and orders.

17.     Plaintiff objects to each Interrogatory on the grounds that discovery is ongoing, and Defendants or third parties possess information that Plaintiff may use to support its claims or that are responsive to these Interrogatories. Plaintiff's Responses are based upon information that has been collected and reviewed to date for the purpose of responding to these Interrogatories. Plaintiff reserves the right to amend and supplement these Responses as discovery and this litigation proceed.

18.     Plaintiff objects to each Interrogatory as irrelevant, vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is not limited to a time period that is relevant to the claims and defenses in this Action. Unless otherwise stated in response to a specific Interrogatory, Plaintiff will limit its response to the time period: 2020-the present.

19.     Plaintiff objects to each Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks individual-level information concerning natural persons or information or data that could be used to identify natural persons. Defendant misapprehends the nature of the Action; this is not a mass tort action. This Action was brought by Plaintiff, a governmental

4

entity, for public nuisance and negligence and seeks relief for the harm the Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide the identity of, or individual-level information concerning natural persons would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action. Accordingly, Plaintiff will construe any such Interrogatory as seeking information in an aggregated, deidentified form.

## CONTINUING OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to Defendants' definition of "Budget" as vague, ambiguous, and overbroad. As drafted, the second clause "and which reflect or may reflect Your available and/or anticipated revenue, Expenditures, and liabilities, for a specific period of time" limits the first clause, which Interrogatories an "amount." No "amount" could reflect that varied and contingent information. Further, foundational discovery is limited to "annual budgets." Accordingly, Plaintiff will interpret "Budget" to mean the final, approved budget for Plaintiff's fiscal year, as those terms are commonly understood by local governments.

2.     Plaintiff objects to Defendants' definitions of "Refer for Prosecution," "Referred for Prosecution," and "Referral for Prosecution" as vague and ambiguous. Plaintiff construes the term "Refer for Prosecution," and conjugations thereof, as that term is used in common parlance.

3.     Plaintiff objects to Defendants' definition of "Communication," as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

4.     Plaintiff objects to Defendants' definition of "Concern" and "Concerning" as vague, ambiguous, confusing, overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff will interpret the terms to mean "discussing or referring to."

5.     Plaintiff objects to Defendants' definition of "Document" and "Documents"

5

to the extent it is inconsistent with the Federal Rules of Civil Procedure.

6.    Plaintiff objects to Defendants' definition of "Expenditure" as vague, ambiguous, and overbroad. Further, foundational fiscovery is limited to "annual budgets and expenditures." Accordingly, Plaintiff will interpret "Expenditure" to mean the final, annual expenditures for Plaintiff's fiscal year, as those terms are commonly understood by local governments.

7.    Plaintiff objects to Defendants' definition of "Include," "Includes," and "Including" as overly broad and unduly burdensome. When used in connection with an Interrogatory, Plaintiff will interpret those terms to mean "such as."

8.    Plaintiff objects to Defendants' definition of "Kia Boyz' Method," as vague, ambiguous, and argumentative. Defendants' definition is also premised on a misunderstanding of Plaintiff's claims. Plaintiff's claims stem from Defendants' conduct, not a particular method of vehicle theft.

9.    Plaintiff objects to Defendants' definition of "Law Enforcement," as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff will interpret the phrase to refer to its Police Department.

10.    Plaintiff objects to Defendants' definition of "Plaintiff," "You," and "Your," as vague, ambiguous, irrelevant, overly broad, and disproportionate to the needs of the case to the extent it would require Plaintiff to respond to these Interrogatories for any entity of which it exercises any control, formal or informal.

## <u>CONTINUING OBJECTIONS TO INSTRUCTIONS</u>

1.    Plaintiff objects to Instructions 1 through 7 to the extent they purport to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, the local rules, or the Court's applicable orders.

2.    Plaintiff objects to the Continuing Obligation that Defendants purport to impose. The Court has limited Phase I discovery, pursuant to which these Interrogatories have been produced. A Continuing Obligation extending after the close of Phase I discovery is inconsistent with the Judge's Order, and would impose an overbroad and

6

disproportionate burden, requiring supplementation whenever a Hyundai or Kia Theft or Attempted Theft occurs within Plaintiff's Jurisdiction.

## NON-WAIVER

1.    Plaintiff's responses are made without Plaintiff waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.    If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of the objections stated herein, such production is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.    Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each and every Theft and Attempted Theft You contend resulted in harm for which Defendant(s) are liable, identify:

>    a. the make, model, model year, trim, and VIN of the vehicle involved;

>    b. the date of the Theft and Attempted Theft;

>    c. any case, investigation, incident, or crime report number, or other identifying number, associated with the incident;

>    d. whether the incident involved a theft or an attempted theft; and

>    e. the manner or method of Theft and Attempted Theft (*e.g.,* carjacking, keys left in car, Kia Boyz' Method).

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one interrogatory alone has five subparts, some of which have sub-sub-parts (e.g. "make, model year, trim, and VIN of the vehicle involved.") Even assuming that the *12* discrete questions related to a specific theft do not, themselves, constitute separate Interrogatories, the answers to those 12 questions for a given Theft or Attempted Theft are not "logically or factually subsumed within" or "necessarily related" to any other "Theft or Attempted Theft." Thus, this Interrogatory, as written, constitutes at least hundreds, if not thousands of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, particularly at this stage of the litigation, because it seeks detailed information relating to "each and every Theft and Attempted Theft," which would require, among other things, the review of thousands—if not tens or hundreds—of thousands—of hours of footage from body and surveillance cameras, footage and photographs received from private individuals or taken by law enforcement, call logs, voicemails of Plaintiff's employees, recordings of 911 calls, without regard to the probative value of the information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery by seeking information at a level of granularity that is not consistent with "foundational discovery."

Plaintiff objects on the grounds that this Interrogatory is duplicative of information sought through the Plaintiff Fact Sheet Question 35.

Plaintiff objects to the Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks granular,

8

individual-level data. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide individual-level data would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action, particularly at this stage of the litigation.

Plaintiff objects to this Interrogatory as improperly seeking information and/or communications protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Plaintiff does not contend that Defendant is liable for any incident pre-dating 2020.

Subject to and without waiving the foregoing objections, Plaintiff states it has already or will produce Documents responsive to this Interrogatory, and that Plaintiff will produce structured data, to the extent available, for each Theft or Attempted Theft within Plaintiffs' Jurisdiction, from 2011 to the present, reflecting: (a) the incident or identifying number; (b) the crime reported; (c) the make, model year, trim, and VIN's of vehicles involved; (d) when the incident occurred; (e) where the incident occurred; (f) whether an arrest was made; and (g) whether the incident was referred for prosecution, in response to Defendants' Request for Production No. 1.

**INTERROGATORY NO. 2:**

For each Theft and Attempted Theft identified in response to Interrogatory 1, provide with specificity a description of how the alleged Theft and Attempted Theft resulted in the harm for which You contend Defendant(s) are liable.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one Interrogatory alone seeks a narrative response related to the circumstances of every Theft or Attempted Theft. The narrative response related to a specific theft incident is not "logically or factually subsumed within" or "necessarily related". Thus, this Interrogatory, as written, constitutes hundreds, if not thousands of interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery, seeking granular, individual-event-level narratives for each and every theft and attempted theft. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide a narrative response for each and every theft, or attempted theft, would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action. Accordingly, Plaintiff will provide a single Response to this Interrogatory.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may inform the response to this Interrogatory.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun, for any GE Plaintiff. For the foregoing reasons, Plaintiff will not provide a response to this Interrogatory as written.

**INTERROGATORY NO. 3:**

For each Theft and Attempted Theft identified in response to Interrogatory 1:

a. Identify each and every person (including, but not limited to, full name, aliases and monikers, age, date of birth, NCIC number, address, telephone number(s), occupation, and any other identifying information) identified by any person as having committed or being suspected of committing, or who was a subject or target of any investigation of, the Theft and Attempted Theft; and

b. Identify each such person who committed, who was suspected of committing, and/or who was the subject or target of any investigation of the Theft and Attempted Theft.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one Interrogatory alone seeks information related to individual Thefts or Attempted Thefts. The information related to a specific theft is not "logically or factually subsumed within" or "necessarily related" to the information related to different specific theft. Thus, this Interrogatory, as written, constitutes hundreds, if not thousands, of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because it would require, for

example, the review of thousands—if not tens or hundreds of thousands—of documents, many of which are sealed and subject to the law enforcement privilege, without regard to the probative value of the information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery, seeking individual-event-level information, including PII of individuals "suspected" but not charged with any crime.

Plaintiff objects to the Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks granular, individual-level information concerning natural persons. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide the identity of, or individual-level documents concerning natural persons would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory to the extent that it seeks materials containing information that Plaintiff has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law. *See* Wis. Stat. §§ 19.31-39, 48.33, 48.38(5)(d), 48.38(5m)(d), 48.78(2), 48.293(2), 48.396(1), 48.396(2)(a), 48.396(3)(b)2., 346.73, 801.19-21 905.02, 905.09, 905.10, 938.33, 938.38(5)(d), 938.38(5m)(d), 938.78, 938.293(2), 938.396(1), 938.396(1)(c)(6), 938.396(2), 938.396(2m)(b)2., 938.396(3), 950.095.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may be necessary to respond to this Interrogatory.

12

Plaintiff objects to this Interrogatory as improperly seeking information and/or communications protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Subject to and without waiving the foregoing objections, Plaintiff states the structured data produced in response to Defendants' Request for Production No. 1 will reflect, to the extent lawfully permitted without a Court Order, the identity of non-juvenile individuals arrested for a Theft or Attempted Theft.

**INTERROGATORY NO. 4:**

For each Theft and Attempted Theft identified in Your response to Interrogatory 1, identify any and all Related Crimes, including:

    a. the specific Related Crime(s);

    b. any case, investigation, incident, or crime report number, or other identifying number, associated with the Related Crime(s);

    c. the specific Theft and Attempted Theft identified in response to Interrogatory 1 to which the Related Crime is connected or associated;

    d. the date of the Related Crime(s); and

    e. the manner in which the vehicle was used in connection with or associated with the Related Crime(s).

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one interrogatory alone has five subparts, some of which have sub-sub-parts. Even assuming that the discrete questions related to a specific theft do not, themselves, constitute separate Interrogatories, the answers to those questions for a given Theft or Attempted Theft are not "logically or factually subsumed within" or "necessarily related"

to any other "Theft or Attempted Theft." Thus, this Interrogatory, as written, constitutes hundreds, if not thousands, of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, particularly at this stage of the litigation, because it seeks detailed information relating to each and every "Other Crime," which would require, among other things, the review of thousands—if not tens or hundreds of thousands—of hours of footage from body and surveillance cameras, footage and photographs received from private individuals or taken by law enforcement, call logs, voicemails of Plaintiff's employees, recordings of 911 calls, without regard to the probative value of the Information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery by seeking information at a level of granularity that is not consistent with foundational discovery."

Plaintiff objects on the grounds that this Interrogatory is duplicative of information sought through the Plaintiff Fact Sheet Question 36.

Plaintiff objects to the Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks granular, individual-level data. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide individual-level data would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action, particularly at this stage of the litigation.

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

Plaintiff objects to this Interrogatory as improperly seeking information and/or communications protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because the Interrogatory is not limited in scope to a time period relevant to the claims in this Action. This Interrogatory seeks data related to Other Crimes that "You contend resulted in harm for which Defendants are liable". This calls for a causal analysis, which is premature at this stage of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff states it has already produced Documents responsive to this Interrogatory, and that Plaintiff will produce structured data, to the extent available, for each Other Crime within Plaintiffs' Jurisdiction, from 2011 to the present, reflecting: (a) the incident or identifying number; (b) the crime reported; (c) the make, model year, trim, and VIN's of vehicles involved, (d) when the incident occurred; (e) where the incident occurred; (f) whether an arrest was made; and (g) whether the incident was referred for prosecution, in response to Defendants' Request for Production No. 2.

## INTERROGATORY NO. 5:

For each Related Crime identified in response to Interrogatory 4, state whether You allege it resulted in harm for which You contend Defendant(s) are liable, and, if so, provide with specificity a description as to how and why.

## RESPONSE:

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one Interrogatory alone seeks a narrative response related to the circumstances of

every Related Crime. The narrative response related to a specific Related Crime is not "logically or factually subsumed within" or "necessarily related" with a different Related Crime. Thus, this Interrogatory, as written, constitutes hundreds, if not thousands, of interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery, seeking granular, individual-event-level narratives for each and every Related Crime. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide a narrative response for each and every theft, or attempted theft, would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action. Accordingly, Plaintiff will provide a single Response to this Interrogatory.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because the Interrogatory is not limited in scope to a time period relevant to the claims in this Action. This Interrogatory seeks information related to Related Crimes that "You contend resulted in harm for which Defendants are liable", dating back to 2011. This calls for a causal analysis, which is premature at this stage of the litigation. However, Plaintiff does not contend that Defendant is liable for any incident pre-dating 2020. Thus, for the purposes of responding

16

to this Interrogatory, Plaintiff limits the relevant time period to January 1, 2020 to the present.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun, for any GE Plaintiff. For the foregoing reasons, Plaintiff will not provide a response to this Interrogatory as written.

## INTERROGATORY NO. 6:

For each Related Crime identified in response to Interrogatory 4:

a. State the identity of each and every person (including but not limited to full name, aliases and monikers, age, date of birth, NCIC number, address, telephone number(s), occupation, and any other identifying information) who was identified by any person as having committed or being suspected of committing, or who was a subject or target of any investigation of, the Related Crime (and specify which Related Crime(s)); and

b. State the identity of each person who committed, who was suspected of committing, and/or who was the subject or target of any investigation of or relating to the Related Crime (and specify which Related Crime(s)).

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one Interrogatory alone seeks information related to individual Related Crimes

17

Thefts. The information related to a specific theft is not "logically or factually subsumed within" or "necessarily related" to the information related to different specific theft. Thus, this Interrogatory, as written, constitutes hundreds, if not thousands, of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because it would require, for example, the review of thousands—if not tens or hundreds of thousands—of documents, many of which are sealed and subject to the law enforcement privilege, without regard to the probative value of the information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery, seeking individual-event-level information, including PII of individuals "suspected" but not charged with any crime.

Plaintiff objects to the Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks granular, individual-level information concerning natural persons. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide the identity of, or individual-level information concerning natural persons would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory to the extent that it seeks materials containing information that Plaintiff has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law. *See* Wis. Stat. §§ 19.31-39, 48.33, 48.38(5)(d), 48.38(5m)(d), 48.78(2), 48.293(2), 48.396(1), 48.396(2)(a), 48.396(3)(b)2, 346.73, 801.19-21 905.02, 905.09,

905.10, 938.33, 938.38(5)(d), 938.38(5m)(d), 938.78, 938.293(2), 938.396(1), 938.396(1)(c)(6), 938.396(2), 938.396(2m)(b)2., 938.396(3), 950.095.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may be necessary to respond to this Interrogatory.

Plaintiff objects to this Interrogatory as improperly seeking information and/or communications protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Subject to and without waiving the foregoing objections, Plaintiff states the structured data produced in response to Defendants' Request for Production No. 2 will reflect, to the extent lawfully permitted without a Court Order, the identity of non-juvenile individuals arrested for a Related Crime.

**INTERROGATORY NO. 7:**

Describe with specificity the public nuisance that You allege exists in Your Jurisdiction, including how residents of Your Jurisdiction were allegedly harmed by Defendants' conduct.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

Full merits discovery has not even begun, for any GE Plaintiff. For the foregoing reasons, Plaintiff will not provide a response to this Interrogatory as written.

**INTERROGATORY NO. 8:**

Identify the date on which the public nuisance You allege in Your Operative Complaint began.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not provide a response to this Interrogatory as written.

**INTERROGATORY NO. 9:**

For each Theft and Attempted Theft and Related Crime identified in response to Interrogatories 1 and 4, state whether any arrest was made, the date of any such arrest(s), the identity of each and every individual arrested (*e.g.,* name, address, date of birth), and any case number or other identifying number associated with the incident.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one interrogatory alone has four subparts, some of which have sub-sub-parts. Even assuming that the discrete questions related to a specific crime do not themselves, constitute separate Interrogatories, the answers to those questions for a given crime are not necessarily "logically or factually subsumed within" or "necessarily related" to any other crime. Thus, this Interrogatory, as written, constitutes hundreds, if not thousands, of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, particularly at this stage of the litigation, because it seeks detailed information relating to each and every Theft, Attempted Theft, and Related Crime, which would require, among other things, the review of thousands, without regard to the probative value of the information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery by seeking information at a level of granularity that is not consistent with foundational discovery.

Plaintiff objects on the grounds that this Interrogatory is duplicative of information sought through Defendants' Requests for Production Nos. 1 and 2.

Plaintiff objects to the Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks granular, individual-level data. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and

21

continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide individual-level data would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action, particularly at this stage of the litigation.

Plaintiff objects to this Interrogatory as improperly seeking information and/or communications protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Plaintiff objects to this Interrogatory to the extent that it seeks materials containing information that Plaintiff has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law. *See* Wis. Stat. §§ 19.31-39, 48.33, 48.38(5)(d), 48.38(5m)(d), 48.78(2), 48.293(2), 48.396(1), 48.396(2)(a), 48.396(3)(b)2., 346.73, 801.19-21 905.02, 905.09, 905.10, 938.33, 938.38(5)(d), 938.38(5m)(d), 938.78, 938.293(2), 938.396(1), 938.396(1)(c)(6), 938.396(2), 938.396(2m)(b)2., 938.396(3), 950.095.

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because the Interrogatory is not limited in scope to a time period relevant to the claims in this Action. This Interrogatory seeks data related to crimes that "You contend resulted in harm for which Defendants are liable." This calls for a causal analysis, which is premature at this stage of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff will produce structured data, to the extent available and permissible without a Court Order, for each Theft, Attempted Theft, and Other Crime within Plaintiffs' Jurisdiction, from 2011 to the present, reflecting: (a) the incident or identifying number; (b) whether an arrest was made; and (c) the name of the individual arrested, in response to Defendants' Requests for Production Nos. 1 and 2.

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

## INTERROGATORY NO. 10:

For each Theft and Attempted Theft and Related Crime identified in response to Interrogatories 1 and 4, state whether there was a Referral for Prosecution, and if so, provide the date(s) of the Referral for Prosecution(s), the identity of the individual(s) Referred for Prosecution (*e.g.,* name, address, date of birth), the referring department/agency, the Prosecuting agency to whom the Referral for Prosecution was made, and any case number or other identifying number associated with the incident.

## ANSWER:

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one interrogatory alone has four subparts, some of which have sub-sub-parts. Even assuming that the discrete questions related to a specific crime do not themselves, constitute separate Interrogatories, the answers to those questions for a given crime are not necessarily "logically or factually subsumed within" or "necessarily related" to any other crime. Thus, this Interrogatory, as written, constitutes hundreds, if not thousands, of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, particularly at this stage of the litigation, because it seeks detailed information relating to each and every Theft, Attempted Theft, and Related Crime, which would require, among other things, the review of thousands, without regard to the probative value of the information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes

23

beyond the scope of foundational discovery by seeking information at a level of granularity that is not consistent with foundational discovery.

Plaintiff objects on the grounds that this Interrogatory is duplicative of information sought through Defendants' Requests for Production Nos. 1 and 2.

Plaintiff objects to the Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks granular, individual-level data. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide individual-level data would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action, particularly at this stage of the litigation.

Plaintiff objects to this Interrogatory as improperly seeking information and/or communications protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Plaintiff objects to this Interrogatory to the extent that it seeks materials containing information that Plaintiff has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law. *See* Wis. Stat. §§ 19.31-39, 48.33, 48.38(5)(d), 48.38(5m)(d), 48.78(2), 48.293(2), 48.396(1), 48.396(2)(a), 48.396(3)(b)2., 346.73, 801.19-21 905.02, 905.09, 905.10, 938.33, 938.38(5)(d), 938.38(5m)(d), 938.78, 938.293(2), 938.396(1), 938.396(1)(c)(6), 938.396(2), 938.396(2m)(b)2., 938.396(3), 950.095.

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because the Interrogatory is not limited in scope to a time period relevant to the claims in this Action. This Interrogatory seeks data related to crimes that "You contend resulted in harm for which Defendants are liable". This calls for a causal analysis, which is premature at this stage of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff will produce structured data, to the extent available and permissible without a Court Order, for each Theft, Attempted Theft, and Other Crime within Plaintiffs' Jurisdiction, from 2011 to the present, reflecting: (a) the incident or identifying number; and (b) whether a referral for prosecution was made, in response to Defendants' Requests for Production Nos. 1 and 2.

## INTERROGATORY NO. 11:

For each arrest and Referral for Prosecution identified in response to Interrogatories 9 and 10, state whether a conviction was obtained, including the date of the conviction, the count(s) of conviction, all terms and conditions of any plea agreement, diversion agreement, or non-prosecution agreement, any sentence imposed, the Prosecuting agency, and any case number or other identifying information.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one interrogatory alone has four subparts, some of which have sub-sub-parts. Even assuming that the discrete questions related to a specific crime do not themselves, constitute separate Interrogatories, the answers to those questions for a given crime are not necessarily "logically or factually subsumed within" or "necessarily related" to any other crime. Thus, this Interrogatory, as written, constitutes hundreds, if not thousands, of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, particularly at this stage of the litigation, because it seeks detailed information relating to each and every Theft, Attempted Theft, and Related Crime, which would require, among other things, the review of thousands, without regard to the probative value of the information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery by seeking information at a level of granularity that is not consistent with foundational discovery. Further, the prosecution data required to answer this question is not within the possession, custody, or control of Plaintiff.

Plaintiff objects on the grounds that this Interrogatory is duplicative of information sought through Defendants' Requests for Production Nos. 1 and 2.

Plaintiff objects to the Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks granular, individual-level data. This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide individual-level data would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this Action, particularly at this stage of the litigation.

Plaintiff objects to this Interrogatory as improperly seeking information and/or communications protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Plaintiff objects to this Interrogatory to the extent that it seeks materials containing information that Plaintiff has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law. *See* Wis. Stat. §§ 19.31-39, 48.33, 48.38(5)(d), 48.38(5m)(d), 48.78(2), 48.293(2), 48.396(1), 48.396(2)(a), 48.396(3)(b)2., 346.73, 801.19-21 905.02, 905.09, 905.10, 938.33, 938.38(5)(d), 938.38(5m)(d), 938.78, 938.293(2), 938.396(1), 938.396(1)(c)(6), 938.396(2), 938.396(2m)(b)2., 938.396(3), 950.095.

26

Full merits discovery has not even begun, for any GE Plaintiff. For the foregoing reasons, Plaintiff will not provide a response to this Interrogatory as written. Plaintiff is willing to meet and confer if Defendants can appropriately narrow the Interrogatory to information within the scope of structural and foundational discovery, authorized in Phase I, pursuant to Dkt. No. 370.

**INTERROGATORY NO. 12:**

For each of the following terms, and any variation thereof, used in Your Operative Complaint, explain with specificity the meaning of:

      a. "other reasonable anti-theft technology;"

      b. "other equivalent anti-theft technology;"

      c. "basic anti-theft technology;" and

      d. "standard anti-theft technology."

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because it would require, for example, the review of individual activities, programs, and actions, many of which are ongoing, without regard to the probative value of the Information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory seeks information related to anti-theft technologies, which is not among the authorized topics of foundational or structural discovery Defendants may seek at this stage. *See* Dkt. No. 370 § II(B)(2)(b).

      CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information.

Plaintiff objects to the extent that Defendant, as an automotive manufacturer, is in a better position to secure information related to the efficacy of anti-theft technology for automobiles and industry standards regarding the same.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written. Plaintiff is willing to meet and confer if Defendants can appropriately narrow the Interrogatory to relevant, responsive, proportionate, and non-privileged information within the scope of Phase I discovery authorized in Dkt. No. 370.

## INTERROGATORY NO. 13:

For each of the following terms, and any variation thereof, used in Your Operative Complaint, identify and describe with specificity the specific technology, hardware, equipment, software, system, instrument, mechanism, or otherwise, or combination thereof, that You contend falls within each of the following categories:

    a. "other reasonable anti-theft technology;"

    b. "other equivalent anti-theft technology;"

    c. "basic anti-theft technology;" and

    d. "standard anti-theft technology."

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because it would require, for example, the review of individual activities, programs, and actions, many of which are ongoing, without regard to the probative value of the Information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory seeks information related to anti-theft technologies, which is not among the authorized topics of foundational or structural discovery Defendants may seek at this stage. *See* Dkt. No. 370 § II(B)(2)(b).

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information.

Plaintiff objects to the extent that Defendant, as an automotive manufacturer, is in a better position to secure information related to the efficacy of anti-theft technology for automobiles and industry standards regarding the same.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written. Plaintiff is willing to meet and confer if Defendants can appropriately narrow the Interrogatory to relevant, responsive, proportionate, and non-privileged information within the scope of Phase I discovery authorized in Dkt. No. 370.

**INTERROGATORY NO. 14:**

As to each Defendant, identify the date(s) on which You contend You first suffered harm as a result of that Defendant's alleged conduct, and describe the specific harm You suffered.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent* Techs. Sec. Litig., 108 F.R.D. 328, 336 (N.D. Cal. 1985). Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

**INTERROGATORY NO. 15:**

If You contend that Defendants had a legal duty with respect to the claims alleged in Your Operative Complaint, describe such duty with specificity and when such duty arose.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

**INTERROGATORY NO. 16:**

Identify and describe with specificity each of Your efforts to mitigate, remediate, abate, or otherwise address Your alleged injuries, including Your analysis, if any, of the efficacy of those efforts.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory seeks information related to Plaintiff's actions to abate the nuisance that Defendants caused, which is not among the authorized topics of foundational or structural discovery. *See* Dkt. No. 370 § II(B)(2)(b).

Plaintiff objects to this Interrogatory to the extent that it seeks information that Plaintiff has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as improperly seeking information protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Plaintiff objects to this Interrogatory as improperly seeking information protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

CITY OF MADISON'S
                                                     ANSWERS AND OBJECTIONS TO DEFENDANTS'
                                                                         INTERROGATORIES

. Plaintiff is willing to meet and confer if Defendants can appropriately narrow the Interrogatory to relevant, responsive, proportionate, and non-privileged information within the scope of Phase I discovery authorized in Dkt. No. 370.

**INTERROGATORY NO. 17:**

For each of Your efforts identified in Your response to Interrogatory 16, identify and describe each Expenditure You made in each such effort, including the amount of each such Expenditure, the source(s) of funding, the recipient of the Expenditure, the date the Expenditure was made, and the intended purpose of the Expenditure.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as exceeding the scope of authorized discovery, due to its compound nature. Defendant is limited to 25 interrogatories. *See* Dkt. No. 370. This one Interrogatory alone has five subparts, some of which have sub-sub-parts. Even assuming that the discrete questions related to a specific crime do not themselves, constitute separate Interrogatories, the answers to those questions for a given expenditure are not necessarily "logically or factually subsumed within" or "necessarily related" to any other expenditure. Thus, this Interrogatory, as written, constitutes hundreds, if not thousands of Interrogatories, well exceeding the limited and narrow discovery authorized in Phase I of discovery.

Plaintiff objects to the Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because it would require, for example, the review of thousands—if not tens or hundreds of thousands—of documents from criminal matters, many of which are sealed or ongoing, without regard to the probative value of the information to the claims and defenses in this Action.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase

33

to certain structural and foundational information. Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery, seeking individual-event-level information.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. Defendants are entitled to Interrogatory, at this stage, "GE Plaintiffs' **annual budgets and spending** since 2011, including but not limited to the budgets and actual expenditures for law enforcement and prosecutorial organizations." Dkt. No. 370. This Interrogatory goes beyond the scope of foundational discovery, seeking detailed information about individual expenditures, rather than the annual budgets themselves.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as improperly seeking information protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written. Plaintiff is willing to meet and confer if Defendants can appropriately narrow the Interrogatory to relevant, responsive, proportionate, and non-privileged information within the scope of Phase I discovery authorized in Dkt. No. 370.

**INTERROGATORY NO. 18:**

Identify all third parties with whom You have shared costs, or to whom You have otherwise directed or paid funds or appropriations, that You seek to recover in this Action, and any agreement, contract, or other basis for such cost sharing or similar payment, funding, or appropriations.

**ANSWER:**

34

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory seeks information related to third parties, which is not among the authorized topics of foundational or structural discovery Defendants may seek at this stage. *See* Dkt. No. 370 § II(B)(2)(b).

Plaintiff objects to this Interrogatory to the extent that it seeks materials containing information that Plaintiff has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as improperly seeking information protected by the law enforcement privilege and/or protected under applicable state laws governing the disclosure of police records.

Plaintiff objects to this Interrogatory as improperly seeking information protected by the attorney-client privilege and/or work-product doctrine.

For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written. Plaintiff is willing to meet and confer if Defendants can appropriately narrow the Interrogatory to relevant, responsive, proportionate, and non-privileged information within the scope of Phase I discovery authorized in Dkt. No. 370.

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

**INTERROGATORY NO. 19:**

Describe with particularity the specific circumstances in Your Jurisdiction that You contend support Your allegation that the alleged nuisance has not yet been abated.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory seeks information related to abatement, which is not among the authorized topics of foundational or structural discovery Defendants may seek at this stage. *See* Dkt. No. 370 § II(B)(2)(b).

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply additional information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as improperly seeking information protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985). Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

**INTERROGATORY NO. 20:**

For each month during the Relevant Period, and separately for each theft and attempted theft, identify the number of Thefts and Attempted Thefts in Your Jurisdiction, broken down by vehicle make, model, model year, and trim.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects on the grounds that this Interrogatory is duplicative of information sought through the Plaintiff Fact Sheet Question 35, Interrogatory 1, and Defendants' Request for Production No. 1.

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case because the Interrogatory is not limited in scope to a time period relevant to the claims in this Action. This Interrogatory seeks data related to Thefts and Attempted Thefts from 2011 to the present. However, Plaintiff does not contend that Defendant is liable for any incident pre-dating 2020.

Subject to and without waiving the foregoing objections, Plaintiff states it has already produced Documents responsive to this Interrogatory, and that Plaintiff will produce structured data, to the extent available, for each Theft or Attempted Theft within Plaintiffs' Jurisdiction, from 2011 to the present, reflecting: (a) the incident or identifying number; (b) the crime reported; (c) the make, model year, trim, and VIN's of vehicles involved; (d) when the incident occurred; (e) where the incident occurred; (f) whether an arrest was made; and (g) whether the incident was referred for prosecution, if available, in response to Defendants' Request for Production No. 1.

**INTERROGATORY NO. 21:**

Describe with specificity each remedy You seek in this Action, including the basis for the remedy, any calculation of any monetary amounts (whether legal or equitable), and the specifics of any declaratory or injunctive relief.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory calls for damages and remedy analysis, which is outside the scope of authorized discovery at this stage. Defendants are entitled to request, at this stage, "GE Plaintiffs' **annual budgets and spending** since 2011, including but not limited to the budgets and actual expenditures for law enforcement and prosecutorial organizations." Dkt. No.370. This Interrogatory goes beyond the scope of foundational discovery.

Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial, and further discovery, legal research and analysis, including expert testimony, may supply information responsive to this Interrogatory.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written. Plaintiff is willing to meet and confer if Defendants can appropriately narrow the Interrogatory to relevant, responsive, proportionate, and non-privileged information within the scope of Phase I discovery authorized in Dkt. No. 370.

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

1    **INTERROGATORY NO. 22:**

2        "For each month during the Relevant Period, identify by manufacturer, model, and

3    model year each Theft and Attempted Theft of motor vehicles of other manufacturers that

4    occurred in or via the Kia Boyz' Method in Your Jurisdiction

5    **ANSWER:**

6        Plaintiff incorporates by reference the Continuing Objections, including the

7    Continuing Objections to Definitions and Instructions, set forth above.

8        Plaintiff objects to the Interrogatory as overly broad, unduly burdensome,

9    irrelevant, and disproportionate to the needs of the case because it would require, for

10   example, the review of thousands—if not tens or hundreds of thousands—of documents

11   related to criminal investigations, prosecutions, and diversionary programs, including

12   ongoing and active investigations and prosecutions, without regard to the probative value

13   of the information to the claims and defenses in this Action.

14       Plaintiff objects to the Interrogatory as vague. The Interrogatory, as written seeks

15   information related to the Theft or Attempted Theft of motor vehicles belonging to "other

16   manufacturers" that occurred in Plaintiff's Jurisdiction. Plaintiff does not know what

17   vehicles belonged to "other manufacturers," or what "other manufactures" includes – for

18   instance, would a widget manufacturer constitute an "other manufacturer"? Plaintiff

19   interprets this Interrogatory to ask about Thefts or Attempted Thefts of vehicles

20   manufactured by auto-manufacturers other than Defendants.

21       Plaintiff objects to this Interrogatory on the grounds that it seeks premature expert

22   discovery. Plaintiff has neither completed discovery nor Plaintiff's preparation for trial,

23   and further discovery, legal research and analysis, including expert testimony, may supply

24   additional information responsive to this Interrogatory.

25       Plaintiff objects to this Interrogatory as improperly seeking information and/or

26   communications protected by the law enforcement privilege and/or protected under

27   applicable state laws governing the disclosure of police records.

28

NO. 8:22-ML-03052-JVS-KES

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985). Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

**INTERROGATORY NO. 23:**

For each month during the Relevant Period, identify by manufacturer, model, and model year each Theft and Attempted Theft of a motor vehicle lacking an immobilizer in Your Jurisdiction during the Relevant Period.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory as duplicative of information sought in Interrogatory 1, Defendants' Request for Production No. 1, and provided in the Fact Sheet.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This Interrogatory calls for information about anti-theft technology utilized in vehicles, other than those manufactured by Hyundai and Kia, which is outside the scope of authorized discovery at this stage.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985). Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

## INTERROGATORY NO. 24:

"Identify all persons, companies, groups, organizations, and governmental entities who You contend contributed to a public nuisance in Your Jurisdiction, as alleged in Your Operative Complaint, and describe with specificity their contribution to the alleged nuisance."

## ANSWER:

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Request on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370. This interrogatory seeks information related to the identity of potential contributing entities, which is not within the scope of discovery authorized in Dkt. No. 370.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985).

Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

**INTERROGATORY NO. 25:**

To the extent Your Operative Complaint asserts claims that are founded upon allegations that Defendants engaged in misrepresentations or omissions, identify with specificity the date, source, and contents of each such alleged misrepresentation or omission.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery permitted in Phase I. The Court has narrowly cabined discovery in this phase to certain structural and foundational information. Dkt. No. 370.

This Action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Plaintiff does not bring a claim for fraud or deceptive trade practices. For the foregoing reasons, Plaintiff will not produce a written response to this Interrogatory.

Plaintiff objects to this Interrogatory as premature in that is a contention interrogatory. Contention interrogatories are disfavored at early stages in the discovery process. It is generally accepted that parties should not be required to answer a contention interrogatory until late in the pretrial period, and that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period." *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985). Full merits discovery has not even begun. For the foregoing reasons, Plaintiff will not produce any response to this Interrogatory as written.

Dated this 8TH day of November, 2024.

Respectfully submitted,

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By */s/ Gretchen Freeman Cappio*
 Gretchen Freeman Cappio (*pro hac vice*)
 KELLER ROHRBACK L.L.P.
 1201 Third Avenue, Suite 3400
 Seattle, WA 98101
 Phone: (206) 623-1900
 Fax: (206) 623-3384
 gcappio@kellerrohrback.com

*Chair of the Governmental Entities Committee*

4857-3620-7607, v. 2

NO. 8:22-ML-03052-JVS-KES

CITY OF MADISON'S
ANSWERS AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES