# EXHIBIT R

1  [*Submitting Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | No. 8:22-ML-3052-JVS(KESx) |
| | The Honorable James V. Selna |
| *This document relates to*: | **GOVERNMENTAL ENTITY BELLWETHER PLAINTIFF CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS KIA AMERICA, INC. AND HYUNDAI MOTOR AMERICA'S FIRST SET OF INTERROGATORIES DIRECTED TO GE PLAINTIFF CITY OF MADISON UNDER PHASE 2 OF FACT DISCOVERY** |
| *City of Madison v. Hyundai Motor America and Kia America, Inc.*, No. 8:23-cv-00555 (C.D. Cal.) | |

PROPOUNDING PARTIES:    Defendants HYUNDAI MOTOR AMERICA, INC. and KIA AMERICA, INC.

RESPONDING PARTY:    Plaintiff CITY OF MADISON

SET NO.:    ONE (1) of Phase II of Fact Discovery

Pursuant to Federal Rules of Civil Procedure 26 and 34, Governmental Entity Plaintiff City of Madison ("Plaintiff") hereby provides these Answers and Objections to Defendants Hyundai Motor America's and Kia America's First Set of Interrogatories under Phase II of fact discovery (the **"Interrogatory"** or **"Interrogatories"**). Plaintiff is willing to meet and confer regarding alleged deficiencies raised by Defendants concerning these Answers and Objections.

## CONTINUING OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1.      Plaintiff objects to each Interrogatory to the extent it is overly broad, vague, unduly burdensome, seeks information that is not relevant to any party's claim or defense, not reasonably limited in time or scope, seeks to impose obligations or otherwise requires actions beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, or any applicable court order.

2.      These Responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections, which would require the exclusion at trial of any statement contained or document provided herein. Plaintiff reserves all such objections and the grounds for those objections.

3.      No admission of any nature whatsoever is to be implied or inferred in these Responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

4.      Plaintiff has not yet received adequate or substantially complete discovery from Defendants. Moreover, Plaintiff has not completed its investigation of the facts relating to this action. Accordingly, these Responses are necessarily limited in nature, and Plaintiff expressly reserves the right to supplement its Responses.

5.      Plaintiff objects to each Interrogatory to the extent it purports to require Plaintiff to search for and produce documents that are publicly available, are already in the possession, custody, or control of Defendants, or are equally obtainable from third parties or from some source other than Plaintiff that is more convenient, less burdensome, or less expensive. Plaintiff will provide documents only to the extent such documents are in the possession, custody, or control of Plaintiff and not publicly available or otherwise already in the possession, custody, or control of Defendants.

6.      Plaintiff objects to each Interrogatory to the extent it seeks information more appropriately obtained through other methods of discovery.

7.      Plaintiff objects to each Interrogatory to the extent it seeks information that is protected from disclosure by any relevant privilege or protection, including without limitation, the work product doctrine, attorney-client privilege, information gathered or prepared in anticipation of litigation, settlement materials, the public interest privilege, law enforcement privilege, public official privilege, deliberative process privilege, and/or by any other privilege or immunity from disclosure, including arrest and other juvenile records protected from disclosure by federal, state, or local law (collectively, **"Privileged Information"**). To the extent that any such Privileged Information is disclosed in response to these Interrogatories, the production of such information shall not constitute a waiver of Plaintiff's rights to assert the applicability of any such privilege or immunity, including as provided for by the Court's case management and protective orders and orders regarding the production of police reports, *see* Dkt. 88, 786, 932, 1003, 1034, any amendments thereto, and Federal Rule of Evidence 502(b). Moreover, any order holding that disclosure in connection with this litigation shall not operate to waive any privilege

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

or protection is controlling and applies with equal force in any other federal or state proceeding.

8.    Whenever in the Responses Plaintiff uses the phrase "subject to and without waiving the foregoing objections," Plaintiff is responding to the Interrogatory as narrowed by the Continuing Objections and objections specifically referenced in its response to each Interrogatory without waiver of any objection.

9.    Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

10.    Plaintiff objects to each Interrogatory to the extent it implies the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In providing these Responses and Objections, Plaintiff does not admit the factual or legal premise of any Interrogatory.

11.    Plaintiff objects to each Interrogatory to the extent it seeks information that is not within Plaintiff's possession, custody, or control, seeks documents that do not already exist, or purports to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff. Plaintiff's Answers may reference documents and/or information provided by other parties in this litigation. Plaintiff's reference to such documents is not intended to signify that Plaintiff maintains possession, custody, or control of these documents.

12.    Plaintiff objects to each Interrogatory to the extent it seeks disclosure of information protected by any confidentiality obligation owed to a third party. Plaintiff will not disclose or produce such information in violation of any laws that require notification, consent, or a court order.

13.    Plaintiff reserves the right to supplement, revise, correct, or clarify its Responses and Objections as additional information becomes available.

14.    Plaintiff objects to each Interrogatory to the extent it includes multiple subparts. Plaintiff further objects to each Interrogatory on the grounds that it is

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

individually and collectively overly broad and unduly burdensome and seeks discovery that is not relevant to any party's claims or defenses and not proportional to the needs of the case. To the extent that Plaintiff agrees to respond to these Interrogatories, Plaintiff is agreeing to produce only the information it identifies in its Response that is responsive, does not include Privileged Information, and only to the extent such documents can be located after a search reasonably likely to identify reasonably accessible documents.

15.    Plaintiff objects to each Interrogatory to the extent it contains terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

16.    Plaintiff objects to each Interrogatory that purports to require that Plaintiff provide discovery with regard to "any," "each," "every," "all," or similar all-encompassing wording, on the grounds that such Interrogatories are overly broad, unduly burdensome, seek discovery that is not relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceedings. To the extent Plaintiff agrees to respond to a Interrogatory including such language, Plaintiff will produce non-privileged, responsive documents sufficient to explain a particular issue or topics and, in some instances, produce exemplars or samples of certain documents.

17.    Plaintiff objects to each Interrogatory to the extent it seeks information requiring scientific, technical, or other specialized knowledge such that it is appropriately the subject of expert testimony, and/or to the extent it asks for or may be interpreted to encompass work performed by or information received from experts retained by Plaintiff in conjunction with this action ("**Expert Opinion"**). Plaintiff will make appropriate disclosures in accordance with the applicable rules and orders.

18.    Plaintiff objects to each Interrogatory on the grounds that discovery is ongoing, and Defendants or third parties possess information that Plaintiff may use to support its claims or that is responsive to these Interrogatories. Plaintiff's Responses

are based upon information that has been collected and reviewed to date for the purpose of responding to these Interrogatories. Plaintiff reserves the right to amend and supplement these Responses as discovery and this litigation proceed.

19.    Plaintiff objects to each Interrogatory as irrelevant, vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is not limited to a time period that is relevant to the claims and defenses in this action. Unless otherwise stated in response to a specific Interrogatory, Plaintiff will limit its response to the time period: 2020–the present.

20.    Plaintiff objects to each Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks individual-level documents concerning natural persons or documents or data that could be used to identify natural persons. This action was brought by Plaintiff, a governmental entity, for public nuisance and negligence and seeks relief for the harm the Plaintiff suffered and continues to suffer as a result of Defendants' conduct. Requiring Plaintiff to provide the identity of, or individual-level documents concerning natural persons would be overly broad, unduly burdensome, and disproportionate to the needs of the case when considered in relation to the probative value of such information to the claims and defenses in this action.

## CONTINUING OBJECTIONS TO INSTRUCTIONS

1.    Plaintiff objects to Instructions 1 through 5 to the extent they purport to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Central District of California, or the Court's applicable orders.

## CONTINUING OBJECTIONS TO DEFINITIONS

1.    Plaintiff objects to Defendants' definition of "Communication," as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

2.    Plaintiff objects to Defendants' definition of "Document" and "Documents" to the extent it is inconsistent with the Federal Rules of Civil Procedure.

3.    Plaintiff objects to Defendants' definition of "Expenditure" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the definition to the extent it conflates amounts agreed or allocated for a purpose with amounts actually expended. Plaintiff will interpret "Expenditure" to mean the actual expenditures for Plaintiff's fiscal year, as those terms are commonly understood by local governments.

4.    Plaintiff objects to Defendants' definition of "Hard-Copy Document" to the extent that it is inconsistent with the Federal Rules of Civil Procedure.

5.    Plaintiff objects to Defendants' definition of "Kia Boyz (or Boys) Method" as vague, ambiguous, overbroad, unduly burdensome and disproportionate to the needs of the case.

6.    Plaintiff objects to Defendants' definition of "Prosecute[d]," "Prosecuting," and "Prosecution" as overly broad, and disproportionate to the needs of the case. Plaintiff further objects to the definition because what constitutes the "initiation of legal proceedings" and "the equivalent thereof" is vague and ambiguous. Plaintiff further objects to the definition to the extent it concerns documents and information not within its possession, custody, or control. Plaintiff construes such terms as that they are used in common parlance.

7.    Plaintiff objects to Defendants' definition of "Referral for Prosecution" as vague and ambiguous. Plaintiff construes the term "Referral for Prosecution" as that term is used in common parlance in the City of Madison and in accordance with the procedures used by the Madison Police Department to transmit case file(s) to prosecuting entities.

8.     Plaintiff objects to Defendants definition of "Related Crime" as vague, ambiguous, overly broad, and disproportionate to the needs of the case. Plaintiff further objects to the definition as premature to the extent it calls for a legal conclusion or Expert Opinions regarding the relief Plaintiff seeks. Plaintiff will construe the term "Related Crime" as "crimes other than Theft or Attempted Theft, committed within Plaintiff's Jurisdiction, from 2020 to the present, which reflect a shared incident or case number of a Theft or Attempted Theft."

9.     Plaintiff objects to Defendants' definition of "Theft" and "Attempted Theft" as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff will interpret the phrase to mean theft, attempted theft, and/or unauthorized possession or use of a motor vehicle, as those crimes are codified in Plaintiff's jurisdiction.

10.     Plaintiff objects to Defendants' definitions of "Person," "You," and "Your" as vague, ambiguous, irrelevant, overly broad, and disproportionate to the needs of the case to the extent it would require Plaintiff to respond to these Interrogatories for any entity of which it exercises any control, formal or informal.

11.     Plaintiff objects to Defendants' definition of "including" as overly broad and unduly burdensome. When used in connection with an Interrogatory, Plaintiff will interpret those terms to mean "such as."

12.     Plaintiff's Responses are made without Plaintiff waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its Responses in any subsequent stage or proceeding in this action or any other action.

13.     If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of the objections stated herein, such production is not intended to be, nor is it deemed to be, a waiver of the obligations with respect to such information produced or withheld.

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

14.    Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Explain with specificity the meaning of each of the following terms, and any variation thereof, used in Your Operative Complaint: (i) "adequate anti-theft devices"; (ii) "equivalent anti-theft device" or "equivalent technology"; (iii) "standard anti-theft devices" or "standard anti-theft technology"; (iv) "basic, common technology"; and (v) "common anti-theft technology."

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is compound and contains multiple distinct subparts, such that it constitutes numerous separate interrogatories requiring separate responses. The Court limited Defendants to 20 interrogatories in Phase II. *See* Dkt. No. 1034 at 2. This Interrogatory constitutes five separate interrogatories, for each of the five terms it seeks an explanation of.

Plaintiff further objects on the grounds that it calls for expert analysis or opinions, as discovery is ongoing and expert discovery has not yet been completed. Plaintiff states that it will make appropriate expert disclosures in accordance with the Federal Rules of Civil Procedure, local rules, and applicable Court orders.

Subject to and without waiving the foregoing objections, Plaintiff states that, while it is a municipality and lacks the specialized technical knowledge of a car manufacturer, adequate anti-theft systems and technology prevent the unauthorized activation of a vehicle by inhibiting an essential component of a vehicle's operation (such as the ignition, fuel injector, or CPU) without the presence of an authenticator (such as a unique code entered into a dual-factor authenticated mobile phone app, an

RFID chip embedded in a key fob, or a manually entered unique sequence of buttons or keys), which cannot be circumvented within a few minutes using household tools and skills. Plaintiff construes the other words as they are commonly defined in the Merriam-Webster Dictionary.

Plaintiff reserves the right to supplement or amend this response based on additional information, including expert discovery.

**INTERROGATORY NO. 2:**

Identify and describe with specificity the technology, hardware, equipment, software, system, instrument, mechanism, or otherwise, or combination thereof, that You contend falls within each of the following categories: (i) "adequate anti-theft devices"; (ii) "equivalent anti-theft device" or "equivalent technology"; (iii) "standard anti-theft devices" or "standard anti-theft technology"; (iv) "basic, common technology"; and (v) "common anti-theft technology."

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case because the "categories" listed are not tethered or otherwise limited to the claims and defenses in this action and could be subject to numerous possible interpretations.

Plaintiff further objects on the grounds that it is compound and contains multiple distinct subparts regarding multiple categories of technology, hardware, equipment, software, systems, instruments, mechanisms, or combinations thereof. The Court limited Defendants to 20 interrogatories in Phase II. *See* Dkt. No. 1034 at 2. Because this Interrogatory calls for multiple answers for each of the various terms identified by Defendants, this Interrogatory constitutes multiple separate interrogatories.

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

1    Plaintiff further objects on the grounds that it calls for expert analysis or
2    opinions, as discovery is ongoing and expert discovery has not yet been completed.
3    Plaintiff states that it will make appropriate expert disclosures in accordance with the
4    Federal Rules of Civil Procedure, local rules, and applicable Court orders.

5    Subject to and without waiving the foregoing objections, and based on
6    information presently available, Plaintiff, while it is a municipality and lacks the
7    specialized technical knowledge of a car manufacturer, refers to anti-theft
8    technologies generally recognized in the automotive industry to prevent vehicle theft,
9    including but not limited to electronic engine immobilizers, remote battery kill
10   switches, transponder key systems, alarm systems, transmission locks, gear shift
11   locks, steering column locks, and similar mechanisms. *See also* Dkt. 270 (Order
12   Regarding Motion to Dismiss) at 10 ("Theft is the very foreseeable conduct that *anti-*
13   *theft* devices specifically protect against.") (emphasis in original). Plaintiff construes
14   the other words as they are commonly defined in the Merriam-Webster Dictionary.
15   Plaintiff reserves the right to supplement or amend its answer based on additional
16   information, including expert discovery.

17   **INTERROGATORY NO. 3:**

18   For each and every Theft or Attempted Theft in Your Jurisdiction that
19   involved the Kia Boyz Method, or any equivalent method whereby the window of a
20   vehicle is shattered or broken, the steering column covering is removed, and a USB
21   drive or other tool is used to turn the ignition to steal an automobile vehicle, (i)
22   identify the case number, incident number, crime number, or other identifying
23   number associated with the incident; (ii) describe with specificity whether any
24   Person(s) was/were arrested for the incident; (iii) describe with specificity whether
25   any Person(s) was/were Referred for Prosecution for the incident; and (iv) describe
26   with specificity whether any Person(s) was/were Prosecuted for the incident.

27   //

28   //

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the term "any equivalent method" as being vague and ambiguous, as that term is undefined and subject to numerous possible interpretations.

Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks a vast array of highly granular information regarding specific incidents, individuals, and actions, including those taken by entities outside Plaintiff's jurisdiction or not under Plaintiff's control.

Plaintiff objects to this Interrogatory on the grounds that it is compound and contains multiple distinct subparts, such that it constitutes numerous separate interrogatories requiring separate responses. The Court limited Defendants to 20 interrogatories in Phase II. *See* Dkt. No. 1034 at 2. Because it seeks highly granular incident-based information regarding investigations (some of which may be ongoing), identification numbers, arrests, referrals for prosecution, and prosecutions for vehicle thefts and attempted thefts, this Interrogatory calls for hundreds—if not thousands—of individual answers, one for each of the numerous categories identified by Defendants for "each and every" theft or attempted theft.

Plaintiff further objects to the extent this Interrogatory concerns documents and information that are not within Plaintiff's possession, custody, or control, are already in the possession, custody, or control of Defendants, or are equally obtainable from third parties or from some source other than Plaintiff that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Plaintiff states that it does not have authority to prosecute thefts and attempted thefts of vehicles. Plaintiff further states that it has produced or will produce structured data, police reports, witness statements, arrest reports, and other supporting attachments from its law

enforcement records management system (LERMS) concerning incidents that have occurred since 2020 involving stolen Hyundai and Kia vehicles, that can be located in its possession, custody, or control following a reasonable search. In accordance with Federal Rule of Civil Procedure 33(d), information responsive to this interrogatory can be ascertained from said documents, to the extent reasonably available to Plaintiff.  Plaintiff reserves the right to supplement or amend it answer based on additional information, including expert discovery.

**INTERROGATORY NO. 4:**

For each and every Related Crime in Your Jurisdiction, (i) identify the case number, investigation number, incident number, crime number, or other identifying number, associated with the incident; (ii) describe with specificity whether the Related Crime took place before, during, simultaneous to, in parallel with, or after the Theft or Attempted Theft with which it is associated; (iii) describe with specificity whether any Person(s) was/were arrested for the incident; (iv) describe with specificity whether any Person(s) was/were Referred for Prosecution for the incident; and (v) describe with specificity whether any Person(s) was/were Prosecuted for the incident.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case because it would require the manual review of hundreds—if not thousands—of documents, including documents that are not in Plaintiff's possession, custody, or control.

Plaintiff further objects on the grounds that it is compound and contains multiple distinct subparts, such that it constitutes numerous separate interrogatories requiring separate responses. The Court limited Defendants to 20 interrogatories in Phase II. *See* Dkt. No. 1034 at 2. Because it seeks highly granular incident-based information regarding identification numbers, timing, arrests, referrals for

1  prosecution, and prosecutions for crimes, this Interrogatory calls for hundreds—if not
2  thousands—of individual answers, one for each of the numerous categories identified
3  by Defendants for "each and every" crime.

4        Plaintiff further objects to the extent this Interrogatory concerns documents and
5  information that are not within Plaintiff's possession, custody, or control, are already
6  in the possession, custody, or control of Defendants, or are equally obtainable from
7  third parties or from some source other than Plaintiff that is more convenient, less
8  burdensome, or less expensive.

9        Subject to and without waiving the foregoing objections, Plaintiff states that it
10 does not have authority to prosecute thefts and attempted thefts of vehicles and related
11 crimes. Plaintiff further states that it has produced or will produce structured data,
12 police reports, witness statements, arrest reports, and other supporting attachments
13 from its law enforcement records management system (LERMS) concerning incidents
14 that have occurred since 2020 involving stolen Hyundai and Kia vehicles, that can be
15 located in its possession, custody, or control following a reasonable search. In
16 accordance with Federal Rule of Civil Procedure 33(d), information responsive to this
17 interrogatory can be ascertained from said documents, to the extent reasonably
18 available to Plaintiff. Plaintiff reserves the right to supplement or amend its answer
19 based on additional information, including expert discovery.

20 **INTERROGATORY NO. 5:**

21        For each and every Prosecution of a Theft or Attempted Theft in Your
22 Jurisdiction that involved the Kia Boyz Method, or any equivalent method whereby
23 the window of a vehicle is shattered or broken, the steering column covering is
24 removed, and a USB drive or other tool is used to turn the ignition to steal an
25 automobile vehicle, describe with specificity the original charge(s) and the outcome
26 of the Prosecution, including any charge dismissal(s), the disposition terms of any
27 plea agreement, any sentencing recommendation by the Prosecuting agency, and any
28 other case disposition information.

1  **ANSWER:**

2      Plaintiff incorporates by reference the Continuing Objections, including the

3  Continuing Objections to Definitions and Instructions, set forth above.

4      Plaintiff objects to the term "any equivalent method" as being vague and

5  ambiguous.

6      Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad,

7  unduly burdensome, and disproportionate to the needs of the case because it seeks

8  highly granular information concerning "each and every Prosecution" for multiple

9  crimes and would require manual review of hundreds—if not thousands—of

10  documents, including documents that are not in Plaintiff's possession, custody, or

11  control.

12      Plaintiff further objects on the grounds that it is compound and contains

13  multiple distinct subparts, such that it constitutes numerous separate interrogatories

14  requiring separate responses. The Court limited Defendants to 20 interrogatories in

15  Phase II. *See* Dkt. No. 1034 at 2. Because it seeks highly granular incident-based

16  information regarding investigations (some of which may be ongoing), identification

17  numbers, arrests, referrals for prosecution, and prosecutions for vehicle thefts and

18  attempted thefts, this Interrogatory constitutes numerous separate interrogatories and

19  calls for hundreds—if not thousands—of individual answers, one for each of the

20  various categories of information identified by Defendants for "each and every" theft

21  or attempted theft.

22      Plaintiff further objects to the extent this Interrogatory concerns documents and

23  information that are not within Plaintiff's possession, custody, or control, are already

24  in the possession, custody, or control of Defendants, or are equally obtainable from

25  third parties or from some source other than Plaintiff that is more convenient, less

26  burdensome, or less expensive.

27      Subject to and without waiving the foregoing objections, Plaintiff states that it

28  does not have authority to prosecute vehicle thefts or attempted thefts. Plaintiff further

states that it has produced or will produce structured data, police reports, witness statements, arrest reports, and other supporting attachments from its law enforcement records management system (LERMS) concerning incidents that have occurred since 2020 involving stolen Hyundai and Kia vehicles, that can be located in its possession, custody, or control following a reasonable search. In accordance with Federal Rule of Civil Procedure 33(d), information responsive to this interrogatory can be ascertained from said documents, to the extent reasonably available to Plaintiff. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

**INTERROGATORY NO. 6:**

For each and every Prosecution of a Related Crime in Your Jurisdiction, describe with specificity the original charge(s) and the outcome of the Prosecution, including any charge dismissal(s), the disposition terms of any plea agreement, any sentencing recommendation by the Prosecuting agency, and any other case disposition information.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the term "any other case disposition information" as being vague and ambiguous, as it is undefined and subject to multiple possible interpretations.

Plaintiff objects to this Interrogatory on the grounds that it is vague, overbroad, and seeks information at a level of granularity that is unduly burdensome and disproportionate to the needs of the case because it would require the review of hundreds—if not thousands—of documents, including documents that are not within Plaintiff's possession, custody, or control.

Plaintiff further objects on the grounds that it is compound and contains multiple distinct subparts, such that it constitutes numerous separate interrogatories

1  requiring separate responses. The Court limited Defendants to 20 interrogatories in
2  Phase II. *See* Dkt. No. 1034 at 2. Because it seeks highly granular prosecution
3  information regarding individual incidents, this Interrogatory constitutes multiple
4  separate interrogatories and calls for hundreds—if not thousands—of individual
5  answers, one for each of the various categories of information identified by
6  Defendants for "each and every" prosecution.

7      Plaintiff further objects to the extent this Interrogatory concerns documents and
8  information that are not within Plaintiff's possession, custody, or control, are already
9  in the possession, custody, or control of Defendants, or are equally obtainable from
10  third parties or from some source other than Plaintiff that is more convenient, less
11  burdensome, or less expensive

12      Subject to and without waiving the foregoing objections, Plaintiff states that it
13  does not have authority to prosecute thefts and attempted thefts of vehicles and related
14  crimes. Plaintiff further states that it has produced or will produce structured data,
15  police reports, witness statements, arrest reports, and other supporting attachments
16  from its law enforcement records management system (LERMS) concerning incidents
17  that have occurred since 2020 involving stolen Hyundai and Kia vehicles, that can be
18  located in its possession, custody, or control following a reasonable search. In
19  accordance with Federal Rule of Civil Procedure 33(d), information responsive to this
20  interrogatory can be ascertained from said documents, to the extent reasonably
21  available to Plaintiff. Plaintiff reserves the right to supplement or amend its answer
22  based on additional information, including expert discovery.

23  **INTERROGATORY NO. 7:**

24      Identify each and every in-person or virtual meeting, videoconference, telephone
25  conference, or other Communication between You and any federal, state, or local
26  regulatory or government agency (or any department, division, unit, or bureau thereof)
27  regarding the Defendants, the Thefts and Attempted Thefts of Hyundai or Kia brand
28  vehicles, and/or Related Crimes.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory as irrelevant because "each and every" individual "in-person or virtual meeting, videoconference, telephone conference, or other Communication" with other governmental or regulatory agencies has no bearing on the claims and defenses in this action.

Plaintiff further objects on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because, as it is drafted, this Interrogatory seeks every communication—including via email, telephone, and radio—between Plaintiff's Police Department and other neighboring law enforcement agencies, such as Dane County, concerning Defendants, thefts and attempted thefts of Hyundai and Kia vehicles, and related crimes.

Plaintiff further objects on the ground that it is compound, such that it constitutes numerous separate interrogatories requiring separate responses. The Court limited Defendants to 20 interrogatories in Phase II. *See* Dkt. No. 1034 at 2. Because it seeks highly granular information regarding individual meetings and communications regarding multiple distinct topics with a wide range of regulatory or governmental agencies, this Interrogatory constitutes numerous separate interrogatories.

Subject to and without waiving the foregoing objections, Plaintiff states that it has produced or will produce structured data, police reports, witness statements, arrest reports, and other supporting attachments from its law enforcement records management system (LERMS) concerning incidents that have occurred since 2020 involving stolen Hyundai and Kia vehicles that Plaintiff transmitted to another government agency and will produce communications and minutes from meetings with Dane County, including the Stolen Auto Group, the Opportunity Youth Coalition, Sun Prairie Police Department, and other local law enforcement entities

concerning stolen Hyundai and Kia vehicles, that can be located in its possession, custody, or control following a reasonable search. In accordance with Federal Rule of Civil Procedure 33(d), information responsive to this interrogatory can be ascertained from said documents, to the extent reasonably available to Plaintiff. Plaintiff reserves the right to supplement or amend its answer based on additional information.

**INTERROGATORY NO. 8:**

Identify all Persons, groups, or organizations that work on Your behalf to influence federal or state legislation and public policy, or otherwise serve as legislative advocates on Your behalf before any federal or state government (or any agency, department, division, unit, or bureau thereof).

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the phrases "work on Your behalf," "influence federal or state legislation and public policy," and "legislative advocates" as vague and ambiguous, as they are undefined and subject to multiple possible interpretations.

Plaintiff objects to this Interrogatory as irrelevant because who may advocate on behalf of Plaintiff has no bearing on the claims and defenses in this action.

Plaintiff further objects on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not tied to federal or state legislation germane to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that since 2020 it has contracted with the following lobbyists: Jen Covino, Jim Steineke, Peter Welch, and Nick Zavos. Plaintiff reserves the right to supplement or amend its answer based on additional information, including further expert discovery.

//

//

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

**INTERROGATORY NO. 9:**

Identify each and every request that You have made to any website, social media company, or the similar (including but not limited to Facebook, Instagram, Snapchat, TikTok, Twitch, YouTube, and X (f/k/a Twitter)) seeking the removal of any content (including but not limited to videos and writings) depicting, promoting, describing, illustrating, displaying, or otherwise referring to the Kia Boyz Method, the Thefts or Attempted Thefts of Hyundai or Kia brand vehicles, or any post-Theft activities (including but not limited to joyriding in a stolen Hyundai or Kia).

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff further objects on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "each and every request . . . made to any website, social media company or similar," without regard to the probative value any such request to the claims and defenses in this action. Plaintiff objects to terms "the similar" and "post-Theft activities" as vague and ambiguous.

Plaintiff further objects on the ground that the Interrogatory is compound and contains multiple distinct subparts, such that it constitutes numerous separate interrogatories requiring separate responses. The Court limited Defendants to 20 interrogatories in Phase II. See Dkt. No. 1034 at 2. Because it seeks information regarding multiple distinct topics (i.e., Kia Boyz Method, the Thefts or Attempted Thefts of Hyundai or Kia brand vehicles, or any post-Theft activities) across "websites, social media companies, or the similar," this Interrogatory constitutes numerous separate interrogatories.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that it has produced or will produce police reports, witness statements, arrest reports, and other supporting attachments,

including any communications with social media companies, from its law enforcement records management system (LERMS) and crime analyses concerning incidents that have occurred since 2020 involving stolen Hyundai and Kia vehicles, that can be located in its possession, custody, or control following a reasonable search. In accordance with Federal Rule of Civil Procedure 33(d), any communications Plaintiff had with social media companies or websites concerning such incidents can be ascertained from said documents, to the extent reasonably available to Plaintiff. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

**INTERROGATORY NO. 10:**

Identify the date on which the public nuisance that You allege in Your Operative Complaint began.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the Interrogatory as premature because the scope of the public nuisance and the date it began are the subject of ongoing discovery and the factual record is not yet complete.

Plaintiff further objects on the grounds that it calls for expert analysis or opinions, as discovery is ongoing and expert discovery has not yet been completed. Plaintiff states that it will make appropriate expert disclosures in accordance with the Federal Rules of Civil Procedure, local rules, and applicable Court orders.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that it is not seeking damages it incurred before January 1, 2020, attributable to the alleged public nuisance. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

//

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

**INTERROGATORY NO. 11:**

Describe with specificity the public nuisance that You allege exists in Your Jurisdiction, including how residents of Your Jurisdiction were allegedly harmed by Defendants' conduct.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff further objects on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because "with specificity" is vague and ambiguous as to the level of detail required and may exceed the level of detail reasonably necessary to resolve the claims and defenses at issue in this case.

Plaintiff further objects on the grounds that it calls for expert analysis or opinions, as discovery is ongoing and expert discovery has not yet been completed. Plaintiff states that it will make appropriate expert disclosures in accordance with the Federal Rules of Civil Procedure, local rules, and applicable Court orders.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that the alleged public nuisance consists of increased vehicle thefts and attempted thefts of Hyundai and Kia vehicles, which Plaintiff contends have and will continue to result in increased crime, threats to public safety, and the diversion of municipal resources. This vehicular crime wave has had a significant impact on law enforcement operations, and emergency services. Defendants' conduct created, contributed to, and maintained a public nuisance that substantially interferes with rights common to the general public. Defendants know, or have reason to know, that its conduct has a significant effect upon public rights and endangers the safety of the general public. Regardless, Defendants' conduct has and will continue to result in increased crime, endanger and harm the public, undermine law enforcement efforts to deter vehicle theft, and has otherwise diverted scarce

1   municipal resources. *See also, e.g.*, Dkt. 175 (Consolidated Governmental Entities

2   Complaint) at Sections IV, V, VI.D, VII. The specific extent of the harms allegedly

3   caused by Defendants is the subject of ongoing investigation and expert analysis.

4   Plaintiff reserves the right to supplement or amend its answer based on additional

5   information, including expert discovery and analysis.

6   **INTERROGATORY NO. 12:**

7   Identify all Persons, companies, groups, organizations, and governmental

8   entities that contributed to the public nuisance in Your Jurisdiction, as alleged in

9   Your Operative Complaint, and describe with specificity their contribution to the

10  alleged nuisance.

11  **ANSWER:**

12  Plaintiff incorporates by reference the Continuing Objections, including the

13  Continuing Objections to Definitions and Instructions, set forth above.

14  Plaintiff objects to the Interrogatory as premature because who contributed to

15  the public nuisance, their acts and omissions, the facts, circumstances, and locations

16  of the acts and omissions, the dates of the acts and omissions, and how those acts and

17  omissions contributed to the public nuisance are the subject of ongoing discovery and

18  the factual record is not yet complete.

19  Plaintiff further objects on the grounds that it is vague, ambiguous, overbroad,

20  unduly burdensome, and disproportionate to the needs of the case because the term

21  "contributed" may be open to interpretation and lacks any specificity as to the type or

22  extent of contribution required.

23  Plaintiff further objects on the grounds that it is a contention interrogatory that

24  improperly calls for legal conclusions.

25  Plaintiff further objects on the grounds that it calls for expert analysis or

26  opinions, as discovery is ongoing and expert discovery has not yet been completed.

27  Plaintiff states that it will make appropriate expert disclosures in accordance with the

28  Federal Rules of Civil Procedure, local rules, and applicable Court orders.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that Defendants were involved in the decisions to design, distribute, market, and sell millions of vehicles in the United States market without reasonable anti-theft technology. Plaintiff further states that such decisions directly, proximately, and foreseeably caused the dangerous and costly increase in thefts and attempted thefts of Hyundai and Kia vehicles in Plaintiff's community and has and will continue to result in increased crime, threats to public safety, and the diversion of municipal resources. *See also, e.g.*, Dkt. 175 at Sections I, III.E, IV.C. Additionally, Plaintiff states that Defendants have maintained the public nuisance by refusing to recall these vehicles and failing to take steps other steps sufficient to abate the nuisance.

Plaintiff reserves the right to supplement or amend its answer based on additional information and fact and expert discovery, including information concerning the role of any parent or affiliated entities.

**INTERROGATORY NO. 13:**

As to each Defendant, identify the date(s) on which You first suffered harm as a result of that Defendant's alleged conduct, and describe the specific harm that You suffered.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects on the ground that the Interrogatory is compound and contains multiple distinct subparts, such that it constitutes numerous separate interrogatories requiring separate responses. The Court limited Defendants to 20 interrogatories in Phase II. *See* Dkt. No. 1034 at 2. Because it seeks for (1) each Defendant (2) the date(s) Plaintiff first suffered harm *and* (3) a description of the specific harm suffered, this Interrogatory constitutes numerous separate interrogatories.

1    Plaintiff objects to the Interrogatory as premature because the scope of the

2   public nuisance and the date it began are the subject of ongoing discovery and the

3   factual record is not yet complete.

4    Plaintiff further objects on the grounds that it calls for expert analysis or

5   opinions, as discovery is ongoing and expert discovery has not yet been completed.

6   Plaintiff states that it will make appropriate expert disclosures in accordance with the

7   Federal Rules of Civil Procedure, local rules, and applicable Court orders.

8    Subject to and without waiving the foregoing objections, and based on

9   information presently available, Plaintiff states that it is not seeking damages it

10  incurred before January 1, 2020, that it attributes to Defendants based on the

11  allegations in its operative complaint. Plaintiff further states that Defendants' conduct

12  has led to an increase in thefts and attempted thefts of vehicles in its community,

13  which have also led to an increase in crime more broadly. That crime has imperiled

14  public safety in Plaintiff's jurisdiction and forced Plaintiff to expend and divert

15  resources to respond to and investigate those crimes; arrest, detain, and assist with the

16  prosecution of offenders; and efforts to deter and prevent said crimes. *See also, e.g.*,

17  Dkt. 175 §§ IV, V, VI.B, VII.A.

18   Plaintiff reserves the right to supplement or amend its answer based on

19  additional information and fact and expert discovery, including information

20  concerning the role of any parent or affiliated entities.

21  **INTERROGATORY NO. 14:**

22   Describe with specificity each of the method(s), mode(s), or manner(s) of theft

23  used in connection with the Thefts or Attempted Thefts of Hyundai and Kia brand

24  vehicles that resulted in harm to You.

25  **ANSWER:**

26   Plaintiff incorporates by reference the Continuing Objections, including the

27  Continuing Objections to Definitions and Instructions, set forth above.

28

Case No. 8:22-ML-3052-JVS(KESx)
CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

1    Plaintiff objects to the terms "method(s), mode(s), or manner(s) of theft" and
2  "harm to You" as vague and ambiguous, as they are undefined and subject to multiple
3  possible interpretations.

4    Plaintiff further objects on the grounds that it is vague, ambiguous, overbroad,
5  unduly burdensome, and disproportionate to the needs of the case because it does not
6  specify the name of the "harm" and calls for a level of detail that may exceed what is
7  reasonably necessary to resolve the claims and defenses at issue in this case.

8    Plaintiff further objects on the grounds that it is premature because the harm to
9  Plaintiff and the thefts it resulted from are the subject of ongoing discovery and the
10  factual record is not yet complete.

11    Plaintiff further objects on the grounds that it calls for expert analysis or
12  opinions, as discovery is ongoing and expert discovery has not yet been completed.
13  Plaintiff states that it will make appropriate expert disclosures in accordance with the
14  Federal Rules of Civil Procedure, local rules, and applicable Court orders.

15    Subject to and without waiving the foregoing objections, and based on
16  information presently available, the harms for which recovery is sought arise from the
17  Defendants' vehicles' vulnerability to theft, rather than being limited to the
18  "method(s), mode(s), or manner(s) of theft" as specified in the Interrogatory.  Plaintiff
19  further states that it will make appropriate expert disclosures in accordance with the
20  Federal Rules of Civil Procedure, local rules, and applicable Court orders. Plaintiff
21  further states that it has produced or will produce structured data, police reports,
22  witness statements, arrest reports, and other supporting attachments from its law
23  enforcement records management system (LERMS) and crime analyses concerning
24  incidents that have occurred since 2020 involving stolen Hyundai and Kia vehicles,
25  that can be located in its possession, custody, or control following a reasonable search.
26  In accordance with Federal Rule of Civil Procedure 33(d), information responsive to
27  this interrogatory can be ascertained from said documents, to the extent reasonably

28

Case No. 8:22-ML-3052-JVS(KESx)
CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

available to Plaintiff. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

**INTERROGATORY NO. 15:**

Describe with specificity each of Your efforts to mitigate, remediate, abate, or otherwise address Your alleged injuries, including Your analysis, if any, of the efficacy of those efforts.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff further objects on the grounds that it is a contention interrogatory that improperly calls for factual and legal conclusions, for example, regarding mitigation, remediation, and abatement.

Plaintiff further objects on the grounds that it calls for expert analysis or opinions, as discovery is ongoing and expert discovery has not yet been completed. Plaintiff states that it will make appropriate expert disclosures in accordance with the Federal Rules of Civil Procedure, local rules, and applicable Court orders.

Plaintiff further objects to the extent that it calls for information that is protected by the deliberative process privilege, law enforcement privilege, the attorney-client privilege, or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that it has undertaken a multi-faceted effort to stem the tide of thefts and attempted thefts of Hyundai and Kia vehicles and to mitigate the harm Plaintiff has suffered as a result, including expending and diverting resources to respond to and investigate thefts; arresting and detaining offenders; patrolling specific areas to deter thefts, attempted thefts, and related crimes; developing strategic and tactical plans to reduce the number of thefts, attempted thefts, and related crimes; conduct analyses to diagnose, evaluate, investigate, respond, and address said crimes, including hot spots, suspects, and their social media;

providing trainings regarding vehicle thefts; engaging with community stakeholders to educate them about the susceptibility of these vehicles; distributing wheel locks; partnering with Dane County, the Opportunity Youth Coalition, the Stolen Auto Group, Sun Prairie, and other law enforcement agencies to share information and conduct operations to deter, prevent, and investigate stolen vehicles; and partnering with community members to provide wraparound services to decrease the number of youths who re-offend. Without limiting the foregoing, Plaintiff states that it has produced or will produce documents from which additional details regarding Plaintiff's efforts can be ascertained, in accordance  with Federal Rule of Civil Procedure 33(d), including police reports, witness statements, arrest reports, and other supporting attachments from its law enforcement records management system (LERMS), concerning incidents that have occurred since 2020 involving stolen Hyundai and Kia vehicles; a analyses of said crimes intended to diagnose, evaluate, investigate, respond, or otherwise address them, including analyses of hot spots, suspects, and their social media; strategic and operational plans including strategic plans in the summer of 2021 and 2022; policies and changes thereto aimed addressing such crime; Police Department trainings regarding stolen vehicles; presentations and minutes from meetings with community stakeholders and other law enforcement agencies including Dane County Stolen Auto Group; public awareness campaigns (e.g., National Night Out); grants, expenditures, and other budgetary documents concerning Plaintiff's efforts to address the harm resulting from Defendants' conduct (e.g., wheel locks, spike strip purchase), including initiatives aimed at reducing the number of juvenile offenses in its jurisdiction. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

**INTERROGATORY NO. 16:**

Describe with particularity the specific circumstances in Your Jurisdiction that support Your allegation that the alleged nuisance has not yet been abated.

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to the terms "specific circumstances," "support Your allegation," and "not yet been abated" as vague and ambiguous, as they are undefined and subject to multiple possible interpretations.

Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it calls for a level of detail that may exceed what is reasonably necessary to resolve the claims and defenses at issue in this case.

Plaintiff further objects on the grounds that it is a contention interrogatory that improperly calls for factual and legal conclusions, for example, regarding abatement. Plaintiff further objects on the grounds that it prematurely seeks the factual and legal basis for Plaintiff's claims prior to the completion of discovery.

Plaintiff further objects on the grounds that it calls for expert analysis or opinions, as discovery is ongoing and expert discovery has not yet been completed. Plaintiff states that it will make appropriate expert disclosures in accordance with the Federal Rules of Civil Procedure, local rules, and applicable Court orders.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that thefts, attempted thefts, and related crimes stemming from Defendants' conduct have not been abated as reflected, in part, by the most recent available crime data and police reports through September 30, 2025, that Plaintiff has or will produce. Plaintiff further states that the public nuisance as alleged in Plaintiff's operative complaint, *see* Dkt. 175 at Section VII.A, requires the abatement of not only stolen Hyundais and Kias and the crimes committed with them but also the increased threats to public safety and additional crimes that occurred as a result of Defendants' conduct, *see also* Dkt. 175 ¶¶ 73–75. Plaintiff further states it has produced or will produce structured data, police reports,

witness statements, arrest reports, and other supporting attachments from its law enforcement records management system (LERMS) concerning incidents that have occurred since 2020 involving stolen Hyundai and Kia vehicles, along with analyses of crime in Plaintiff's jurisdiction that can be located in its possession, custody, or control following a reasonable search. In accordance with Federal Rule of Civil Procedure 33(d), information responsive to this interrogatory can be ascertained from said documents, to the extent reasonably available to Plaintiff. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

**INTERROGATORY NO. 17:**

If You contend that Defendants had a legal duty with respect to the claims alleged in Your Operative Complaint, describe such duty with specificity and when such duty arose.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects on the grounds that it is a contention interrogatory that improperly calls for factual and legal conclusions, including conclusions regarding the existence, nature, and timing of any alleged legal duty owed by Defendants.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff refers to the allegations regarding Defendants' duties as set forth in its operative complaint, including: the duty of reasonable care in the design and manufacture of their vehicles; the duty of reasonable care to prevent foreseeable harm caused by the products Defendants manufactured, sold, or distributed; the general duty to prevent foreseeable harm; a general duty of reasonable care; and the duty not to contribute to or maintain a public nuisance. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

**INTERROGATORY NO. 18:**

Identify with specificity (i) the "baseline" level of crime in Your Jurisdiction at which point You contend, as claimed during oral argument before the Ninth Circuit on April 9, 2025, that You cannot recover costs from a third party tortfeasor under the principle of the municipal cost recovery rule; and (ii) the level of crime above this "baseline" level that You contend, as claimed during the April 9 oral argument, would trigger Your ability to recover costs from such a third party.

**ANSWER:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and Instructions, set forth above.

Plaintiff objects to this Interrogatory on the grounds that it vague and ambiguous because it does not define what "crime" it is referring to and "level of crime," is undefined and subject to multiple possible interpretations.

Plaintiff further objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not tethered to the claims and defenses in this action, but rather a vague hypothetical.

Plaintiff further objects on the grounds that this Interrogatory misconstrues the colloquy on which it purports to rely.

Plaintiff further objects on the grounds that it is a contention interrogatory that improperly calls for factual and legal conclusions, including legal conclusions regarding the application of the municipal cost recovery rule and the circumstances under which cost recovery from a third-party tortfeasor would be permitted, which are issues of law reserved for the Court.

Plaintiff further objects on the ground that this Interrogatory is compound and contains distinct subparts, such that it constitutes numerous separate interrogatories requiring separate responses. The Court limited Defendants to 20 interrogatories in Phase II. *See* Dkt. No. 1034 at 2. Because it seeks highly granular factual information

1   and expert analysis regarding the nature and extent of the harms suffered by Plaintiff,

2   this Interrogatory constitutes numerous separate interrogatories.

3          Plaintiff further objects on the grounds that it calls for expert analysis or

4   opinions, as discovery is ongoing and expert discovery has not yet been completed.

5   Plaintiff states that it will make appropriate expert disclosures in accordance with the

6   Federal Rules of Civil Procedure, local rules, and applicable Court orders.

7          Subject to and without waiving the foregoing objections, and based on

8   information presently available, Plaintiff states that no court has yet ruled in this

9   litigation on exactly how the municipal cost recovery rule applies here, including the

10  Ninth Circuit's ruling on Defendants' interlocutory appeal. *See* Dkt. 900. Plaintiff

11  further states any damages it seeks to recover and the bases therefor will be the subject

12  of expert discovery. Plaintiff states that it will make appropriate expert disclosures in

13  accordance with the Federal Rules of Civil Procedure, local rules, and applicable

14  Court orders. Plaintiff reserves the right to supplement or amend its answer based on

15  additional information, including expert discovery.

16  **INTERROGATORY NO. 19:**

17         Describe with specificity each remedy that You seek in this Action (whether

18  categorized by You as damages, abatement, or otherwise), including the basis for the

19  remedy, any calculation of any monetary amounts (whether legal or equitable), the

20  basis for the monetary amounts (including any analysis or computation of the amount

21  of such abatement plan, cost, damage, Expenditure, harm, or loss), and the specifics

22  of any declaratory or injunctive relief.

23  **ANSWER:**

24         Plaintiff incorporates by reference the Continuing Objections, including the

25  Continuing Objections to Definitions and Instructions, set forth above.

26         Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous,

27  overbroad, unduly burdensome, and disproportionate to the needs of the case because

28  it purports to require Plaintiff to provide comprehensive information concerning,

among other things, remedies, monetary calculations, and expert analyses, and a level of detail that may exceed that which is reasonably necessary to resolve the claims and defenses at issue in this case.

Plaintiff further objects on the grounds that it is a contention interrogatory that improperly calls for factual and legal conclusions, including legal conclusions regarding damages and remedies which are not proper subjects for contention interrogatories at this stage.

Plaintiff further objects on the grounds that it calls for expert analysis or opinions, as discovery is ongoing and expert discovery has not yet been completed. Plaintiff states that it will make appropriate expert disclosures in accordance with the Federal Rules of Civil Procedure, local rules, and applicable Court orders.

Subject to and without waiving the foregoing objections, and based on information presently available, Plaintiff states that it seeks relief including actual and compensatory damages; punitive damages; pre- and post-judgment interest; requiring Defendants to abate the public nuisance; enjoining Defendants from engaging in further actions causing or contributing the such public nuisance; reasonable attorneys' fees and costs; and any other and further relief that the Court deems just and proper under the circumstances. *See* Dkt. 175 at 144–45. Plaintiff further states that the calculation and basis for any monetary amounts, abatement plans, costs, damages, expenditures, harm, or loss are or will be the subject of expert analysis. Plaintiff states that it will make appropriate expert disclosures in accordance with the Federal Rules of Civil Procedure, local rules, and applicable Court orders. *See* Dkt. 1034. Plaintiff reserves the right to supplement or amend its answer based on additional information, including expert discovery.

1 | Dated this 15th day of October, 2025.

2 | Respectfully submitted,

3 | By /s/ Gretchen Freeman Cappio

4 | Gretchen Freeman Cappio (*pro hac vice*)
KELLER ROHRBACK L.L.P.

5 | 1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052

6 | Phone: (206) 623-1900
Fax: (206) 623-3384

7 | gcappio@kellerrohrback.com

8 |

9 | *Chair of the Governmental Entities*
*Committee and Counsel for the City of*

10 | *Madison*

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES

**VERIFICATION**

I, _____, declare:

I am authorized to make this verification on behalf of the City of Madison, Wisconsin. The foregoing Answers and Objections to Defendants Hyundai Motor America's and Kia America's First Set of Interrogatories under Phase II of fact discovery (the "Responses") represent a corporate response based on my reasonable investigation and information, in whole or in part, assembled by other employees, counsel, and/or representatives. Because the Responses constitute a corporate response, they are not all necessarily within my personal knowledge or within the personal knowledge of any single individual. I have relied on legal counsel for the objections set forth above and for the form of the Responses. Subject to these limitations, the matters stated in these Responses are true and correct to the best of my knowledge, information, and belief. The City of Madison reserves the right in the event that new, additional, or different information is discovered to revise or supplement the Responses as needed.

I declare under penalty of perjury that the foregoing is true and correct.

_____

CITY OF MADISON'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
PHASE II INTERROGATORIES