**JENNER & BLOCK LLP**
Sati Harutyunyan (SBN 313138)
SHarutyunyan@jenner.com
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Effiong Dampha (SBN 323554)
EDampha@jenner.com
Jenna L. Conwisar (SBN 341521)
JConwisar@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:    +1 213 239 5100
Facsimile:    +1 213 239 5199

**JENNER & BLOCK LLP**
Peter J. Brennan (*pro hac vice*)
PBrennan@jenner.com
Andrianna D. Kastanek (*pro hac vice*)
AKastanek@jenner.com
353 North Clark Street
Chicago, IL  60654-3456
Telephone:    +1 312 222 9350
Facsimile:    +1 312 527 0484

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ml-3052-JVS (KESx) **DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| *This document relates to:* ALL SUBROGATION CASES | Judge:   The Honorable James V. Selna Ctrm:    10C, 10th Floor Date:    May 4, 2026 Time:    3:00 PM |

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on May 4, 2026 at 3:00PM, or as soon thereafter as the Court is available, Defendant Hyundai Motor America ("HMA") will appear before the Honorable James V. Selna in Courtroom 10C of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana CA 92701-4516, and will, and hereby does, move this Court for an order to exclude evidence and argument related to Kia automobiles and documents originating from Kia; evidence and argument related to downstream harms resulting from auto thefts, such as personal injuries, death, public nuisance, or emotional harm; evidence and argument related to other litigation and HMA and investigations into HMA; and evidence and argument related to standards and regulations in non-U.S. jurisdictions.

HMA's Motion in Limine No. 1 ("Motion") is made following the conference of counsel pursuant to Local Rule 7-3 which took place on March 23, 2026.

This Motion is based on this Notice of Motion and Motion as well as the accompanying Memorandum of Points and Authorities, the Declaration of Peter J. Brennan, all of the records in this case, and such further evidence or argument that may be allowed by the Court at or before the hearing on this Motion.

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

Dated:  March 30, 2026          Respectfully Submitted,


                                By:  */s/ Peter J. Brennan*
                                     Sati Harutyunyan
                                     Madeline P. Skitzki
                                     Effiong Dampha
                                     Jenna L. Conwisar
                                     JENNER & BLOCK LLP
                                     515 South Flower Street, Suite 3300
                                     Los Angeles, CA  90071-2246
                                     Telephone:  +1 213 239 5100
                                     Facsimile:   +1 213 239 5199
                                     SHarutyunyan@jenner.com
                                     MSkitzki@jenner.com
                                     EDampha@jenner.com
                                     JConwisar@jenner.com

                                     Peter J. Brennan (*pro hac vice*)
                                     Andrianna D. Kastanek (*pro hac vice*)
                                     JENNER & BLOCK LLP
                                     353 North Clark Street
                                     Chicago, IL  60654-3456
                                     Telephone:  +1 312 222 9350
                                     Facsimile:   +1 312 527 0484s
                                     PBrennan@jenner.com
                                     AKastanek@jenner.com

                                     Edward Susolik
                                     John D. Van Ackeren
                                     CALLAHAN & BLAINE
                                     3 Hutton Centre Drive, Ninth Floor
                                     Santa Ana, CA  92707
                                     Telephone:  +1 714 862 1081
                                     Facsimile:   +1 714 241 4445
                                     ES@callahan-law.com
                                     JVanAckeren@callahan-law.com

                                     *Attorneys for Defendants*

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 1

LEGAL STANDARD ................................................................................................. 2

ARGUMENT .............................................................................................................. 2

I.    Evidence and Argument Related to Kia Should Be Excluded as Irrelevant and Inadmissible ................................................................... 2

II.   Evidence and Argument Related to Allegations of Physical Injury, Public Nuisance, or Emotional Harms Should Be Excluded as Irrelevant and Unfairly Prejudicial ....................................................... 5

III.  Evidence and Argument on Other Related Litigation, Investigations, and Settlements Should Be Excluded as Irrelevant, Unfairly Prejudicial, and Prohibited by Federal Rule of Evidence 408 ............................................................................................. 6

IV.   Reference to Standards and Regulations from Outside the United States Should Be Excluded ................................................................... 8

CONCLUSION .......................................................................................................... 10

i

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1625 Riviera Homeowners Ass'n v. Uponor, Inc.*,
___ F. Supp. 3d ___, No. 25-7176, 2026 WL 776964
(N.D. Cal. Mar. 19, 2026) ..................................................................................... 3

*Benestad v. Johnson & Johnson*,
No. 20-60496, 2022 WL 5241013 (S.D. Fla. Mar. 29, 2022) ........................... 10

*Breneman v. Kennecott Corp.*,
799 F.2d 470 (9th Cir. 1986). ............................................................................. 4

*Costco Wholesale Corp. v. AU Optronics Corp.*,
No. 13-1207, 2014 WL 4674390 (W.D. Wash. Sep. 17, 2014) ........................... 8

*Crawford v. City of Bakersfield*,
944 F.3d 1070 (9th Cir. 2019) ............................................................................. 3

*Deviner v. Electrolux Motor, A.B.*,
844 F.2d 769 (11th Cir. 1988) ........................................................................... 10

*DiMare v. RealtyTrac, Inc.*,
714 F. Supp. 2d 199 (D. Mass. 2010) .................................................................. 4

*Est. of Kamren Nettles v. L.A. Cnty. Sheriff's Dep't*,
No. 24-5756, 2025 WL 4055991 (C.D. Cal. Dec. 12, 2025) ............................... 7

*Hudspeth v. Comm'r*,
914 F.2d 1207 (9th Cir. 1990) ............................................................................. 7

*Hurt v. Coyne Cylinder Co.*,
956 F.2d 1319 (6th Cir. 1992) ........................................................................... 10

*In re Baycol Prods. Litig.*,
532 F. Supp. 2d 1029 (D. Minn. 2007) .............................................................. 10

*In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant
Prods. Liab. Litig.*,
No. 17-2775, 2023 WL 6794318 (D. Md. Oct. 12, 2023) .................................... 9

*In re Viagra Prods. Liab. Litig.*,
658 F. Supp. 2d 950 (D. Minn. 2009) .................................................................. 9

*Locricchio v. Legal Servs. Corp.*,
833 F.2d 1352 (9th Cir. 1987) ............................................................................. 6

*Lyondell Chem. Co. v. Occidental Chem. Corp.*,
608 F.3d 284 (5th Cir. 2010) ............................................................................... 7

*Mata v. Manpower Inc.*,
No. 14-3787, 2016 WL 948997 (N.D. Cal. Mar. 14, 2016) ................................ 4

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS,
OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

*Pac. Select Fund v. Bank of N.Y. Mellon*,
  No. 10-198, 2012 WL 12886495 (C.D. Cal. July 2, 2012) ................................... 8

*Quintero v. Ford Motor Co. (In re Ford Motor Co. DPS6 Powershift
  Transmission Prods. Liab. Litig.)*,
  No. 18-1912, 2019 WL 7185548 (C.D. Cal. Dec. 9, 2019) ............................... 8

*Rausch v. Allstate Ins. Co.*,
  882 A.2d 801 (Md. 2005) ...................................................................................... 5

*Sherry v. Massey-Ferguson, Inc.*,
  No. 96-76, 1997 WL 480893 (W.D. Mich. June 5, 1997) ................................. 10

*Unicolors, Inc. v. Urb. Outfitters, Inc.*,
  No. 14-1029, 2015 WL 12758841 (C.D. Cal. Feb. 23, 2015),
  *aff'd*, 686 F. App'x 422 (9th Cir. 2017) (per curiam) ........................................... 8

*United States v. Chang*,
  207 F.3d 1169 (9th Cir. 2000) .............................................................................. 4

*United States v. Contra Costa Cnty. Water Dist.*,
  678 F.2d 90 (9th Cir. 1982) .................................................................................. 7

*Zucchella v. Olympusat, Inc.*,
  No. 19-7335, 2023 WL 2633947 (C.D. Cal. Jan. 10, 2023) ............................... 7

**Court Rules**

Fed. R. Evid. 401 ................................................................................................. 2, 3

Fed. R. Evid. 401(b) ................................................................................................ 3

Fed. R. Evid. 402 ................................................................................................. 2, 9

Fed. R. Evid. 403 ................................................................................. 2, 6, 7, 8, 9, 10

Fed. R. Evid. 408 ............................................................................................ 6, 7, 8

Fed. R. Evid. 408(a) ............................................................................................... 7

Fed. R. Evid. 408(a)(1) .......................................................................................... 7

Fed. R. Evid. 801(d)(2)(A) ................................................................................... 4

Fed. R. Evid. 801(d)(2)(D) ................................................................................... 4

## **INTRODUCTION**

This bellwether trial is about the theft of a single Hyundai automobile in Maryland. To prevail, Plaintiff State Auto Mutual Insurance Company ("State Auto") must establish that (1) Defendant Hyundai Motor America ("HMA") is liable for claims under theories of tort, warranty, and consumer protection associated with the theft of a vehicle leased by its insured, St. Anthony's c/o Key Point Health Services ("Key Point"); and (2) State Auto is entitled to recover for the payment it made to Key Point under principles of equitable subrogation.

That is the whole of this proceeding: one automobile, one theft, one insurer, one insured. To the extent State Auto intends to broaden this trial beyond this limited scope—to import evidence about thefts of *Kia* vehicles; to present testimony about alleged downstream harms from thefts of Hyundai vehicles that are neither fairly attributable to HMA's conduct nor related to any element of any asserted claim; to invite the jury to render judgment in light of other pending litigation or past settlements; or to discuss the content of standards or regulations from foreign jurisdictions that have no applicability to the U.S. sale of the vehicle at issue—none of that evidence is relevant or admissible in this bellwether. And all of it carries substantial risk of unfair prejudice and confusion of the issues. The Court should exclude it.

## **BACKGROUND**

The master complaint in this multidistrict litigation ("MDL") alleges that certain Hyundai and Kia vehicles were vulnerable to theft because they were not equipped with engine immobilizers. Dkt. 283 ¶¶ 1, 28, 25, 37, 303, 309. This alleged defect purportedly rendered these vehicles susceptible to the so-called "Kia Boyz" method of theft, which was popularized on social media. *Id.* ¶ 307.

This bellwether trial addresses State Auto's claims on behalf of Key Point, and only those claims, against HMA. HMA is the sole defendant, and State Auto's claims arise from the theft of a single Hyundai vehicle. After the vehicle was stolen,

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

Key Point filed a claim for the vehicle's value, and in connection with that claim, State Auto paid for the loss of the vehicle. Key Point did not claim any personal injury associated with the theft, and State Auto made no payments associated with personal injury. Dkt. 1554-6 [Interrog. Responses], at 2. No Kia vehicles were involved in the incident related to the subject claim.

## LEGAL STANDARD

Federal Rule of Evidence 402 precludes the admission of irrelevant evidence. Under Federal Rule of Evidence 401, evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action. Federal Rule of Evidence 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

## ARGUMENT

HMA asks the Court to exclude evidence and argument that would improperly broaden the scope of this bellwether trial. First, the Court should exclude evidence relating to Kia entities and Kia automobiles, as the claims at issue are solely about a Hyundai vehicle. Second, the Court should exclude evidence about the downstream harms arising from theft of automobiles—such as personal injury or emotional harms—because State Auto did not make payments related to any such injuries, and Key Point did not allege any such injuries, arising from the theft of the vehicle at issue. Third, the Court should exclude evidence or argument of related lawsuits or investigations about the design of Hyundai automobiles. Fourth, the Court should exclude reference to vehicle regulations and standards from outside the United States.

**I.  Evidence and Argument Related to Kia Should Be Excluded as Irrelevant and Inadmissible.**

This trial concerns the theft of a single Hyundai vehicle. The jury will assess

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

State Auto's claims in relation to that one vehicle. Accordingly, evidence related to Kia entities, the design of Kia automobiles, the theft of Kia automobiles, and Kia entity communications related to any of those topics are inadmissible.

There can be no dispute that HMA is a separate entity from the Kia entities—Kia America ("KA") and its foreign parent Kia Corporation ("KC"). *See generally* Dkt. 312-1 ¶¶ 12–20; Dkt. 312-2 ¶¶ 12–19. That fact has two evidentiary implications.

First, evidence about the Kia entities' conduct and knowledge is irrelevant and therefore inadmissible. Under Federal Rule of Evidence 401, evidence is relevant only if is probative of some fact that is "of consequence in determining the action." Fed. R. Evid. 401(b). And "[d]eciding whether a fact is 'of consequence in determining the action' generally requires considering the substantive issues the case presents." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) (quoting Fed. R. Evid. 401(b)). The Kia entities are nonparties in this bellwether trial, and as distinct entities, their conduct or knowledge cannot be imputed to HMA. *See 1625 Riviera Homeowners Ass'n v. Uponor, Inc.*, ___ F. Supp. 3d ___, No. 25-7176, 2026 WL 776964, at *7 (N.D. Cal. Mar. 19, 2026) (explaining that "no authority supports" imputing knowledge from one entity to a separate entity in the absence of an agency relationship). Accordingly, Kia America's conduct and knowledge have no bearing on any "substantive issues" in this trial. *Crawford*, 944 F.3d at 1077.

Specifically, what the Kia entities allegedly knew about vulnerabilities of vehicles to theft and any design choices they made are not probative of what HMA knew, shed no light on the reasonableness of HMA's decisionmaking, and have nothing to do with the design of the specific Hyundai vehicle at issue in this trial. All that is at issue here is what HMA knew, and when; allowing State Auto to establish what HMA should have known through evidence of KA's or KC's separate experiences would be to hold HMA accountable for constructive knowledge it had

no obligation to possess and which the law does not impute to it. Accordingly, all evidence and argument about the Kia entities' conduct and knowledge should be excluded as irrelevant.

Second, to the extent State Auto intends to introduce KA or KC internal documents or communications that it can show are somehow relevant to the claims against HMA, those documents and communications would be hearsay as introduced against HMA. Under Federal Rule of Evidence 801(d)(2)(A), an opposing party's *own* statement is not hearsay when offered against it. But KA's and KC's statements are not HMA's own statements. Likewise, Rule 801(d)(2)(D), which permits statements of a party's agents to be admitted against it, is inapplicable because KA and KC were not HMA's agents. *See United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir. 2000) ("Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's [agency or] employment." (alteration in original) (quoting *Breneman v. Kennecott Corp.*, 799 F.2d 470 (9th Cir. 1986))).

To the extent State Auto responds that HMA and KA and KC are affiliated corporate entities, that fact has no bearing on the admissibility of KA's and KC's statements against HMA in the absence of any actual agency relationship. *See DiMare v. RealtyTrac, Inc.*, 714 F. Supp. 2d 199, 207 (D. Mass. 2010) ("Affiliation, without more, does not make a person an agent of a party to a lawsuit for purposes of [Rule] 801(d)(2)(D)."); *see also Mata v. Manpower Inc.*, No. 14-3787, 2016 WL 948997, at *11 (N.D. Cal. Mar. 14, 2016) (rejecting argument that "shared management" permits ignoring formal distinction between "sibling corporation[s]"). Statements made by KA or KC employees may be admissible against those respective entities in proceedings where those entities are parties, but they are not admissible here.

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

## II.   **Evidence and Argument Related to Allegations of Physical Injury, Public Nuisance, or Emotional Harms Should Be Excluded as Irrelevant and Unfairly Prejudicial.**

Plaintiffs have suggested in their expert reports and otherwise that they may reference personal injuries or deaths, public nuisance, or emotional harm associated with the theft of Hyundai vehicles. *See, e.g.*, Dkt. 84 ¶¶ 46, 1401; Dkt. 175 ¶ 266; Dkt. 1558-12 [Vigilante Rpt.], at 53. But State Auto does not allege any such harms in this bellwether case. Additionally, State Auto as a subrogation plaintiff standing in the shoes of its insured, Key Point, can recover only what Key Point could have recovered in this proceeding, which is limited to the economic losses. *See Rausch v. Allstate Ins. Co.*, 882 A.2d 801, 807 (Md. 2005).

State Auto should therefore be precluded from introducing (a) evidence concerning any personal injuries, deaths, or physical harm caused by thefts of Hyundai (or other) vehicles not at issue in this bellwether; (b) evidence that vehicles stolen using the "Kia Boyz" theft method were subsequently involved in hit-and-run accidents, assaults, carjackings, or other violent crimes; (c) evidence bearing on emotional distress, fear, or psychological harm experienced by vehicle owners or community members as a result of automobile thefts; or (d) public-nuisance theories or community-wide harm narratives, including those related to costs to municipal governments, strains on policing resources, or impacts on neighborhood safety. State Auto has proffered no theory under which it would be entitled to recover for those harms, so they are irrelevant in this proceeding, where State Auto is the sole plaintiff. Indeed, even if it were true—and no evidence suggests it is—that the Hyundai vehicle at issue, after its theft, subsequently injured someone or was used to commit some crime, that would have nothing to do with State Auto, which did not pay out any claims relating to those harms.

Additionally, even if State Auto could articulate some strained theory of relevance (which it cannot), this type of evidence—particularly with respect to

violent crimes committed with stolen vehicles—would be among the most emotionally inflammatory evidence that could be placed before a jury. Its introduction would carry an enormous and unacceptable risk of prejudicing the jury, and it therefore should be excluded under Rule 403. After all, this suit has nothing to do with these types of injuries: it is a subrogation lawsuit in which an insurer seeks recovery for property loss alone. *See Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1360 (9th Cir. 1987) (district court correctly excluded "inflammatory evidence" that "had little to do with the . . . premise of the lawsuit").

**III.   Evidence and Argument on Other Related Litigation, Investigations, and Settlements Should Be Excluded as Irrelevant, Unfairly Prejudicial, and Prohibited by Federal Rule of Evidence 408.**

State Auto should also be precluded from introducing evidence related to other litigation against, or investigations into, HMA. In particular, State Auto should not be able to introduce evidence or argument mentioning the fact that some of these other suits or investigations have led to settlements.

As the Court is aware, this bellwether trial will resolve just one claim of many arising from allegations about the design of Hyundai vehicles. The MDL consolidating these suits involves claims by consumers, by governmental entities, and by insurers (like State Auto), all seeking recovery on different theories. The claims by the consumer-track plaintiffs have now been settled, *see* Dkt. 629, while others remain pending. There are many related proceedings outside of this MDL as well: state-court suits, arbitrations, and state-attorney-general investigations. State Auto will surely have the temptation to introduce evidence or argument about the existence of these other suits, investigations, or settlements—they could create a powerful impression in the jury's mind that there is universal fury against HMA and that where there is so much smoke, there must be fire. And evidence or argument relating to settlements is particularly dangerous, as the jury could easily reach the incorrect conclusion that HMA's decision to enter into settlements is an admission

of wrongdoing. This Court should rule now that State Auto may not introduce evidence or argument related to any of these other proceedings.

For starters, evidence related to settlements of other claims or potential claims against HMA is inadmissible under Federal Rule of Evidence 408, which bars admission of evidence that a party "compromise[d]" a claim in order to "prove or disprove the validity or amount of [the] claim." Fed. R. Evid. 408(a)(1); *see Est. of Kamren Nettles v. L.A. Cnty. Sheriff's Dep't*, No. 24-5756, 2025 WL 4055991, at *2 (C.D. Cal. Dec. 12, 2025) ("A settlement may not be introduced to prove the validity of a disputed claim."). While it is true that State Auto itself was not involved in these settlements, that makes no difference, as Rule 408 also "applies in situations where the party seeking to introduce evidence of a settlement was not a party to the original settlement." *Zucchella v. Olympusat, Inc.*, No. 19-7335, 2023 WL 2633947, at *11 (C.D. Cal. Jan. 10, 2023); *see, e.g.*, *Hudspeth v. Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990) ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."). State Auto's claim, like any of the settled claims it might conceivably want to bring up at trial, arises out of the same basic nucleus of facts: that certain Hyundai vehicles' design rendered them overly susceptible to theft. *See Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 297–98 (5th Cir. 2010) (explaining that courts broadly interpret the term "claim" in Rule 408(a) to encompass settled claims related to the one at issue at trial); *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) (Rule 408 prohibited settlement evidence in action with different party arising out of related facts).

Even setting aside Rule 408's prohibition related to settlements, the very *existence* of other, related litigation or investigations is inadmissible under Rule 403. Courts consistently recognize that the existence of these other proceedings bears little relevance to the legal issues that must be decided in the case at hand, and the introduction of such evidence carries a significant risk of distracting, confusing, and

prejudicing the jury. *See, e.g.*, *Quintero v. Ford Motor Co. (In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.)*, No. 18-1912, 2019 WL 7185548, at *3 (C.D. Cal. Dec. 9, 2019) (finding that introducing evidence of other, related litigation against defendant "invites a trial-within-a trial, and would likely cause confusion and waste time—concerns that run afoul of [Rule] 403"); *Unicolors, Inc. v. Urb. Outfitters, Inc.*, No. 14-1029, 2015 WL 12758841, at *6 (C.D. Cal. Feb. 23, 2015) ("[E]vidence concerning other lawsuits involving Defendants is prejudicial and would cause delay and waste time pursuant to FRE 403."), *aff'd*, 686 F. App'x 422 (9th Cir. 2017) (per curiam); *Costco Wholesale Corp. v. AU Optronics Corp.*, No. 13-1207, 2014 WL 4674390, at *7 (W.D. Wash. Sep. 17, 2014) ("No party may refer to other civil matters, including . . . actions brought by various states' attorneys general, and class actions stemming from the multidistrict litigation to which this case once belonged."); *see also, e.g.*, *Pac. Select Fund v. Bank of N.Y. Mellon*, No. 10-198, 2012 WL 12886495, at *7 (C.D. Cal. July 2, 2012) ("Other lawsuits involving Defendants are irrelevant to this case."). Thus, evidence related to other litigation against, or investigations into, HMA should be excluded under both Rule 408 and Rule 403.

## IV.     Reference to Standards and Regulations from Outside the United States Should Be Excluded.

It is undisputed as a factual matter that the vehicle at issue in this bellwether trial was sold in the United States. It is, accordingly, undisputed as a legal matter that HMA had no obligation to comply with any standards or regulations promulgated by any foreign organizations or government entities. To the extent the vehicle at issue failed to comply with any such standards or regulations, that is not alleged to be a basis for liability here.

Nonetheless, State Auto may wish to introduce evidence and present argument related to standards and regulations from outside the United States, arguing that the vehicle at issue's incompatibility with these standards or regulations is probative of

its deficient design. State Auto should be prohibited from doing so under both Rule 402 and Rule 403.

First, foreign standards and regulations are irrelevant to any issue in this trial. Compliance with such standards and regulations is neither an element of any of State Auto's claims nor related to any of HMA's defenses. And these standards and regulations have no bearing on either what is reasonable or required of automobile manufacturers in the United States. *See, e.g.*, *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prods. Liab. Litig.*, No. 17-2775, 2023 WL 6794318, at *12 (D. Md. Oct. 12, 2023) ("Any conclusion that [defendant] had a duty to extend its compliance with foreign regulations or business decisions to the United States is not relevant, may confuse the jury, and should not be admitted."); *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 965 (D. Minn. 2009) ("[A]ny discussion of foreign regulatory actions is irrelevant to the current litigation and should therefore be excluded."). That a foreign regulation, for instance, requires a particular element in an automobile's design does not show that the absence of the element is unreasonable; it simply suggests that the promulgator of the regulation made a determination, for some reason, to require that element. To impose liability on the basis of that foreign regulator's determination would be to illicitly import foreign law into our own.

Even if foreign standards and regulations had some slight relevance, they should still be excluded under Rule 403. For the reasons just given, they have minimal probative value—that the issuer of a standard in a foreign jurisdiction made a particular determination may simply be indicative that it wanted anti-theft mechanisms to go above and beyond what is reasonable. And the introduction of foreign standards and regulations would be needlessly distracting to the jury, leading to time-consuming tangents about the meaning of foreign regulations and the content of foreign standards, not only diverting the jury's attention from the core issues in dispute but confusing the jury as to the source of applicable law.

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

Indeed, courts routinely exclude evidence about foreign regulatory requirements in products-liability cases. *See, e.g.*, *Benestad v. Johnson & Johnson*, No. 20-60496, 2022 WL 5241013, at *5 (S.D. Fla. Mar. 29, 2022) ("[T]he introduction evidence of foreign regulatory issues would fail the Rule 403 balancing test."); *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) ("[A]llowing the admission of evidence of foreign regulatory actions, in a case that is governed by domestic law, would likely cause jury confusion."); *Sherry v. Massey-Ferguson, Inc.*, No. 96-76, 1997 WL 480893, at *2 (W.D. Mich. June 5, 1997) ("[E]vidence of European legal standards and requirements . . . will unnecessarily confuse the jury . . . ."); *see also Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1327 (6th Cir. 1992) (affirming exclusion of "foreign legal standards" concerning device safety); *Deviner v. Electrolux Motor, A.B.*, 844 F.2d 769, 773 (11th Cir. 1988) ("The District Court's desire to avoid confusing the jury with Swedish law and statistics cannot rightly be described as abuse of discretion, when the issues arising under [domestic] law and the technical questions of fact regarding the logging business and the operation of chain saws are sufficient to keep the minds of the jurors alert to the problems confronting them in the case at bar."). Likewise here, State Auto should be precluded from introducing any evidence or argument concerning standards or regulations of any jurisdiction outside the United States.

## CONCLUSION

For the foregoing reasons, HMA respectfully requests that the Court grant this Motion in Limine and enter an order precluding State Auto from introducing any evidence, argument, or testimony at trial regarding Kia automobiles or documents originating from the Kia entities; regarding personal injuries, public nuisance, emotional harms, and other downstream harms arising from automobile thefts other than the economic harm at issue in this trial; regarding related litigation against or investigations into HMA arising from concerns with thefts of Hyundai vehicles; and regarding regulations and standards from jurisdictions outside the United States.

Dated:  March 30, 2026

Respectfully Submitted,

By: */s/ Peter J. Brennan*
Sati Harutyunyan
Madeline P. Skitzki
Effiong Dampha
Jenna L. Conwisar
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199
SHarutyunyan@jenner.com
MSkitzki@jenner.com
EDampha@jenner.com
JConwisar@jenner.com

Peter J. Brennan (*pro hac vice*)
Andrianna D. Kastanek (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:  +1 312 222 9350
Facsimile:   +1 312 527 0484s
PBrennan@jenner.com
AKastanek@jenner.com

Edward Susolik
John D. Van Ackeren
CALLAHAN & BLAINE
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA  92707
Telephone:  +1 714 862 1081
Facsimile:   +1 714 241 4445
ES@callahan-law.com
JVanAckeren@callahan-law.com

*Attorneys for Defendants*

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Hyundai Motor America, certifies that this brief contains 3,364 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 30, 2026

*/s/ Peter J. Brennan*
Peter J. Brennan

HMA'S MIL NO. 1 TO EXCLUDE IRRELEVANT EVIDENCE RELATED TO KIA, DOWNSTREAM HARMS, OTHER LITIGATION AND INVESTIGATIONS, AND FOREIGN REGULATIONS AND STANDARDS