ELLIOTT R. FELDMAN
MEGAN R. PEITZKE (SBN 230375)
JULIE A. LINE
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2071
Facsimile: (215) 701-2282
EFeldman@cozen.com
TIMOTHY E. CARY (SBN 093608)
DANIEL HOGAN
THOMAS PAOLINI
W. DIANE WAYLAND (SBN 197802)
LAW OFFICES OF ROBERT A.
STUTMAN, P.C.
391 N. Main Street, Suite 108
Corona, California 92879
Telephone: (951) 387-4700
Facsimile: (951) 963-1298
CaryT@Stutmanlaw.com

WILLIAM J. HOFFMANN
ADAM M. ROMNEY (SBN 261974)
SUSAN M. BENSON (SBN 146837)
**GROTEFELD HOFFMANN LLP**
15303 Ventura Blvd., Bldg, C, Suite 1505
Sherman Oaks, CA 91403
Telephone: (747) 233-7150
Facsimile: (747) 233-7143
Bhoffmann@ghlaw-llp.com

STEPHANIE H. NG (SBN 309389)
CHRISTINE FORSLINE (SBN 333451)
**BERGER KAHN, A Law Corporation**
1 Park Plaza, Suite 340
Irvine, California 92614
Telephone: (949) 474-1880
Facsimile: (949) 313-5029
CForsline@bergerkahn.com

***Attorneys for Subrogation Insurance
Plaintiffs***

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES, PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 8:22-ML-03052-JVS-(KESx) |
| | The Honorable James V. Selna |
| | **SUBROGATION PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO RULE 702 MOTION TO EXCLUDE EXPERT TESTIMONY OF ALLEN ADAMSON** |
| This document relates to: | **Date: April 28, 2026** |
| ALL SUBROGATION CASES | **Time: 4:00 p.m.** |
| | **Location: Courtroom 10C** |

Subrogation Plaintiffs, by and through the undersigned counsel, hereby submit their Reply in Support of their Rule 702 Motion to Exclude Expert Testimony of Allen Adamson ("Motion").

## I.      INTRODUCTION

Adamson's purported "Scope of Analysis" for his opinions in this case includes a discussion of "standard marketing practices" for complex products, how consumers generally process information, and other vague and overly broad, irrelevant topics that will not assist the jury in deciding any issue in this case.  [**Ex. B,** Report, Section 1.4, p. 3][1]  Cognizant that those generalized issues are not relevant, Defendants, in their opposition to the Motion, have pivoted.  They now seek to cast Adamson's opinions as being much narrower:

> Adamson does not opine that consumers were indifferent to vehicle security. His opinion is narrower and more precise: consumer demand for immobilizers was not strong enough at the time these vehicles were designed, marketed, and sold to cause any automotive marketer to treat immobilizer presence as a feature that was important to consumers.

[Dkt. No. 1796-6, pp. 8-9]

Nevertheless, even the newly focused opinions are unreliable and should be excluded.  Moreover, Adamson's criticism of a survey performed by Subrogation Plaintiffs' human factors expert, William Vigilante, is ridiculous because Adamson is not a human factors expert and he does not even know the purpose of the study.

---

[1] The exhibits cited herein are attached to the Declaration of W. Diane Wayland in support of the underlying the underlying motion, Dkt No. 1556-1.

## II.    <u>ARGUMENT</u>

## A.    **Adamson's Recently Narrowed Opinions Are Unreliable.**

First, Adamson seeks to testify that no consumer demand, or "market signal," existed for immobilizers during the relevant time period, thus Defendants were justified and in line with industry standards when they chose not to include immobilizers in their Vehicles.  [**Ex. B**, Report, Section 1.2, p. 3] Setting aside the fact that Adamson never spoke with any automobile manufacturer about consumer demand or "market signals" or reviewed any studies, his opinion in this regard is unreliable because it is contradicted by the facts of this case.  Simply put, the vast majority of automobile manufacturers did include immobilizers in their vehicles during the relevant timeframe. [**Ex. A**, Dep., 65:5-22; *see also* Dkt. No. 1797-2, Decl. Feldman, at Ex. 13 (Shon Exhibit 20), Ex. 72 (Davis Repot p. 12, Fig. 2), and Ex. 73 (HLDI Report, Dec. 2021)] Consequently, the limited data upon which Adamson seeks to rely undercuts the bases for his consumer demand or "market signal" opinion. Under the circumstances, Adamson has no factual or logical support for his consumer demand or "market signal" opinions and they should be excluded.  [**Id.**]

Next, Adamson claims that HMA complied with industry standards by failing to advise consumers that its Vehicles lacked immobilizers.  In support of this opinion, Adamson again seeks to rely upon the conduct of other manufacturers who did, in fact, include immobilizers in their vehicles. [**Ex. A,** Dep., 93:11-94:8; **Ex. B**, Report, pp. 19-22] For this opinion, Adamson is again comparing apples to oranges.  Of

course other vehicle manufacturers, who included immobilizers in their vehicles, did not advise consumers that their vehicles lacked immobilizers. In short, the data upon which Adamson seeks to rely is not only unreliable but again undercuts his opinion.

Both of these opinions – (a) that no consumer demand existed for immobilizers, even though all other manufacturers were providing immobilizers, and (b) that Defendants followed industry norms by not discussing a lack of immobilizers, even though Defendants' Vehicles were the only vehicles that actually lacked immobilizers – are factually unsupported, illogical and confusing. The opinions are thus unreliable and should be excluded pursuant to Fed. R. Evid. 702.

**B.      Adamson Cannot Properly Critique William Vilgilante's Work.**

Next, Adamson should not be permitted to criticize a survey that: a) he did not understand; or b) was conducted by an expert in a completely different field. With respect to his understanding of Mr. Vigilante's survey, Mr. Adamson expressly testified that he did not know or understand its purpose: "I'm speculating. I don't know." [**Ex. A**, Dep., 74: 24-25, 75: 2-3] Similarly, when asked if he even understood Mr. Vigilante's area of expertise, he testified, "I would have to look it up, product design, product safety. He is not a marketer researcher." [Id., 76:12-16]

Adamson is correct – Dr. Vigilante is not a marketer. He is a human factors expert, and he had different goals and objectives with respect to his work on this case than Adamson. [**Ex. B,** Report, p. 25] The survey Adamson complains about was not prepared for any marketing-related purpose. Instead, it was conducted as part of

4

Dr. Vigilante's human factors research in this case to determine what consumers understood about vehicle safety.  On this issue, Adamson testified that he is "aware" that surveys may be used as part of a failure mode engineering analysis to get an understanding as to what people understand about the safety of a product; however, he is <u>not</u> an expert in that area.  Adamson admitted that he only reviewed Dr. Vigilante's "research in light of looking at the data as it was related to the request of [his] expert opinion in this area <u>from a marketing and communication point of view</u>." [**Ex. A,** Dep. 77:14-22]  In short, Adamson did not understand the purpose of Mr. Vigilante's survey and viewed Dr. Vigilante's work out of context.  Therefore, his critique of Dr. Vigilante's opinions would do nothing more than confuse and mislead the jury. [**Id.,** 74:13-78:9]

## III.    <u>CONCLUSION</u>

Defendants' efforts to narrow Adamson's opinions into topics that would be useful to a jury in this case are misguided, because at best, Adamson's opinions are unsupported, confusing and unreliable.  Likewise, Adamson has no qualifications or basis to interpret or testify regarding Dr. Vigilante's human factors survey.  Subrogation Plaintiffs thus respectfully request that Adamson be precluded from testifying at trial.

DATED: April 10, 2026                    COZEN O'CONNOR

By: */s/ Megan Peitzke*
_____

5

Elliott R. Feldman
Megan R. Peitzke
Julie A. Line

DATED: April 10, 2026            GROTEFELD HOFFMANN LLP

                                 By: */s/ William J. Hoffmann*
                                 William J. Hoffmann
                                 Adam Romney
                                 Susan Benson

DATED: April 10, 2026            LAW OFFICES OF ROBERT A. STUTMAN, P.C.

                                 By: */s/ Daniel Hogan*
                                 Daniel Hogan
                                 Timothy E. Cary
                                 Thomas Paolini
                                 W. Diane Wayland

DATED: April 10, 2026            BERGER KAHN, A Law Corporation

                                 By: */s/ Stephanie Ng*
                                 Christine Forsline
                                 Stephanie Ng

                                 *Attorneys for Subrogation Insurance Plaintiffs*

6

**CERTIFICATE OF SERVICE**

I certify that on April 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: */s/ Hal J. Kleinman*
Hal J. Kleinman

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Subrogation Plaintiffs certifies that this brief contains 962 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 10, 2026                    COZEN O'CONNOR

                                         By: */s/ Megan Peitzke*
                                         Elliott R. Feldman
                                         Megan R. Peitzke
                                         Julie A. Line

DATED: April 10, 2026                    GROTEFELD HOFFMANN LLP

                                         By: */s/ William J. Hoffmann*
                                         William J. Hoffmann
                                         Adam Romney
                                         Susan Benson

DATED: April 10, 2026                    LAW OFFICES OF ROBERT A. STUTMAN, P.C.

                                         By: */s/ Daniel Hogan*
                                         Daniel Hogan
                                         Timothy E. Cary
                                         Thomas Paolini
                                         W. Diane Wayland

DATED: April 10, 2026                    BERGER KAHN, A Law Corporation

                                         By: */s/ Stephanie Ng*
                                         Christine Forsline
                                         Stephanie Ng

                                         *Attorneys for Subrogation Insurance Plaintiffs*

8