**JENNER & BLOCK LLP**
Sati Harutyunyan (SBN 313138)
SHarutyunyan@jenner.com
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Effiong Dampha (SBN 323554)
EDampha@jenner.com
Jenna L. Conwisar (SBN 341521)
JConwisar@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

**JENNER & BLOCK LLP**
Peter J. Brennan (*pro hac vice*)
PBrennan@jenner.com
Andrianna D. Kastanek (*pro hac vice*)
AKastanek@jenner.com
353 North Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION - SANTA ANA**

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 8:22-ml-3052-JVS (KESx) |
| | **DEFENDANT HYUNDAI MOTOR AMERICA'S RESPONSE TO SUBROGATION PLAINTIFF STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT** |
| | [REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL] |
| *This document relates to:* ALL SUBROGATION CASES | Judge: The Honorable James V. Selna<br>Ctrm: 10C, 10th Floor<br>Date: April 28, 2026<br>Time: 4:00 p.m. PDT |

Defendant Hyundai Motor America ("HMA") hereby submits this Response to Subrogation Plaintiff State Automobile Mutual Insurance Company's ("State Auto") Statement of Genuine Disputes of Material Fact, Dkt. 1797-1 ("SGD").[1]

**RESPONSE TO STATE AUTO'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. St. Anthony's c/o Key Point Health Services ("Key Point") is a [redacted]<br><br>Declaration of Peter J. Brennan ("Brennan Decl."), Ex. 8 (Wolkowicz Dep. at 13:5–7). | 1. Undisputed. |
| 1. HMA's Response: Not applicable. | |
| 2. [redacted]<br><br>Brennan Decl., Ex. 17 (SA082232); *id*., Ex. 8 (Wolkowicz Dep. at 37:9–11). | 2. Undisputed. |
| 2. HMA's Response: Not applicable. | |
| 3. Enterprise is a fleet management, car rental, and leasing company.<br><br>Brennan Decl., Ex. 7 (R. Williams Dep. at 10:18–23). | 3. Undisputed. |
| 3. HMA's Response: Not applicable. | |
| 4. Enterprise has no relationship to Hyundai Motor America ("HMA").<br><br>Declaration of James Nah ¶ 4. | 4. Undisputed. |

[1] Although "Subrogation Plaintiffs" purport to have filed this document, the only plaintiff relevant to the bellwether is State Auto.

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| 4. HMA's Response: Not applicable. | |
| 5. [redacted]<br><br>Brennan Decl., Ex. 5 (B. Ramirez Dep. at 40:18–20). | 5. There is a genuine dispute necessary to be litigated regarding [redacted]<br><br>[redacted] Declaration of Elliott R. Feldman ("Feldman Dec.", Ex. 7 (HMA-22-ML-3052-SUBRO-98608-98611). [redacted] (Ramirez Dep. at 71:16), [redacted] (Ramirez Dep at 76:20) [redacted] (Ramirez Dep at 82:4). Feldman Decl., Ex 1.<br><br>[redacted] Feldman Decl., Ex. 1, (Ramirez Dep. at 29:18); *Id*., Ex. 2 (Ramirez Exhibit 4.)<br><br>For its all new 2011 Hyundai Elantra, HMA offered an option to purchase a proximity key and immobilizer only for its single, most expensive trim package called "Limited A/T Prem GLS". The base model and the other five upgraded trim package models did not have the option to purchase a proximity key and immobilizer. Feldman Decl., Ex. 3 (2011 Hyundai Elantra Brochure).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 4, (Tjoa Dep. at 45:7-12; *Id.*, Ex. 5 (Tjoa Exhibit 16 aka KA-22-ML-SUBRO-00087689); *Id.*, Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611); *Id.*, Ex. 7 (HMA-22-ML-3052-SUBRO-67761-67774).<br><br>[redacted] Feldman Decl., Ex. 9 (HMA-SUBRO-282613-615); *Id.*, Ex. 15 (HMA-SUBRO-67913); *Id.*, Ex. 10 (HMA-SUBRO-100682-684).<br><br>[redacted] Feldman Decl., Ex. 12 (Gammon Exhibit 30); *Id.*, Ex. 12 (Gammon Dep. 25:19 - 27:8). [redacted] *Id.*, Ex. 12 (Gammon |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Dep. at 24:6-9, 27: 5-16).<br><br>[redacted] Feldman Dec., Ex. 12 (Gammon Dep 22:15-27:16).<br><br>[redacted] Feldman Dec., Ex. 13 (Shon Exhibit 6 aka HMA-22-ML-3052-SUBRO-00067924). [redacted] Feldman Decl., Ex. 14 (HMA-22-ML-3052-SUBRO-67919-923), Ex. 83 (Latouf Exhibit 11); *Id*., Ex. 13 (Latouf Exhibit 10, aka Shon Exhibit 6); *Id*., Ex. 15 (HMA-22-ML-3052-SUBRO-67913); *Id*., Ex. 16 (Defendants' Updated Spreadsheet); *Id*., Ex. 17 (Plaintiffs' Version of Defendants' Updated Spreadsheet). |

5. HMA's Response: State Auto's response to SUF 5 does not create a genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (a "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"); *Nat'l Ass'n of Optometrists & Opticians v. Harris,* 682 F.3d 1144, 1147 (9th Cir. 2012) ("[O]nly

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
| --- | --- |
| disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment.").<br><br>State Auto's response merely discusses [redacted], neither of which contradict the fact that the [redacted].<br><br>Further, State Auto's response that "[redacted]" and "[redacted]" confirms that [redacted]. Indeed, State Auto's expert, K.R. Davis, agreed that the Elantra is an "entry-level vehicle" and confirmed cost is "particularly sensitive" with what Davis referred to as "throw-away" vehicles, which "sometimes people refer to … as entry-level vehicles." Declaration of Jenna L. Conwisar ("Conwisar Decl."), Ex. 2 (Davis Dep. 122:10–22). State Auto's expert, Richard Stern, similarly stated that the Hyundai Elantra is "certainly" in the category of entry-level vehicles. *Id.*, Ex. 3 (Stern Dep. 162:16–19).<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 6. The SE trim package was the lowest content option offered on the 2019 Hyundai Elantra.<br><br>Declaration of Ricky Lao ("Lao Decl."), Ex. A (HMA-22-ML-3052-SUBRO-00050368) at -369, 379–81. | 6. There is a genuine dispute necessary to be litigated. Defendant HMA's Owner Manual for the Vehicle purposefully attempts to confuse St. Anthony's and Enterprise by stating: "Immobilizer system (if equipped). The immobilizer system protects your vehicle from theft. If an improperly coded key (or other device) is used, the engine's fuel system is disabled." Thus, Defendant HMA affirmatively misrepresented to St. Anthony's and Enterprise the fact that the Vehicle was not equipped with an anti-theft immobilizer by Defendant HMA. Feldman Decl., Ex. 18 (Vehicle |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Owner's Manual).<br><br>The brochure for HMA's 2019 Hyundai Elantra identifies, as a "popular feature" and as an "interior feature" that the proximity key with push button start does not come as standard equipment for the Elantra SE. The brochure affirmatively misrepresents St. Anthony's and Enterprise that an immobilizer also is not included as standard equipment, and contains further misrepresentations in identifying the pertinent equipment simply as a push button start, as opposed to identifying an immobilizer as part of the optional equipment. Feldman Decl., Ex. 19 (2019 Hyundai Elantra Brochure).<br><br>The brochure for HMA's 2019 Hyundai Elantra misrepresents to St. Anthony's and Enterprise the Vehicle's safety features with respect to the absence of an immobilizer for the Elantra SE. Feldman Decl., Ex. 19 (2019 Hyundai Elantra Brochure). |
| 6. HMA's Response: State Auto's response to SUF 6 does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. Whether the 2019 Elantra vehicle brochure or owner's manual identifies an immobilizer as a product feature does not bear on whether the SE trim package was the lowest content option offered on the 2019 Hyundai Elantra. | |
| 7. The Vehicle was originally purchased by Enterprise for $14,392.07.<br><br>Brennan Decl., Ex. 16 (EFM_000019) at - 019; *id*., Ex. 7 (R. Williams Dep. at | 7. Undisputed. |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| 29:6–15). | |
| 7. HMA's Response: Not applicable. | |
| 8. [redacted]<br><br>Brennan Decl., Ex. 17 (SA082262); *id.*, Ex. 8 (Wolkowicz Dep. at 77:19–78:1). | 8. There is a genuine dispute necessary to be litigated. Under the commercial policy, the Vehicle could be used for "personal use or business use." Feldman Decl., Ex. 47 (State Auto Policy). [redacted] Wolkowicz Dep., at 84:l-12 – 85:l-12.<br><br>HMA and KA admit that insurance is something that a car owner pays for out of her or his own pocket to protect their investment in the vehicle. Feldman Decl., Ex. 20 (Silvestri Dep. at 161:12-15). Insurance doesn't prevent thefts. *Id.*, Ex. 20 (Silvestri Dep. at 161:9-11). HMA and KA still have to provide their cars with required anti-theft protection regardless of whether it is insured at the owner's expense, or not. *Id.*, Ex. 20 (Silvestri Dep. at 161:16-21). |
| 8. HMA's Response: State Auto's response to SUF 8 does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response confirms that the Vehicle was insured under a commercial automobile policy. The evidence State Auto cites disputes the scope of the commercial automobile policy, which is not at issue in SUF 8.<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 9. [redacted] | 9. Undisputed. |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| [redacted]<br><br>Brennan Decl., Ex. 8 (Wolkowicz Dep. at 60:19–61:1). | |
| 9. HMA's Response: Not applicable. | |
| 10. [redacted]<br><br>Brennan Decl., Ex. 8 (Wolkowicz Dep. at 67:5–69:21, 59:22–25, 60:6–10, 61:13–19, 110:4–6, 112:14–24). | 10. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:15-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608- |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Ex. 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Ex. 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>The Hyundai VIN Sheet for the Vehicle does not identify the presence or absence of any theft deterrent or theft prevention equipment. Feldman Decl., Ex. 23 (VIN Sheet).<br><br>[redacted] Feldman Decl., Ex. 12 (Gammon Dep. at 14:18 – 15:8).<br><br>It is noteworthy that for the 2006 Hyundai Azera the HMA brochure specifically identified an "anti-theft system with engine immobilizer" as standard Safety equipment. Feldman Decl., Ex. 24 (2006 Hyundai Azera brochure). On the other hand, for the subject Vehicle, the HMA brochure for the 2019 Elantra did not identify any anti-theft equipment, and further did |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | not use the word immobilizer, or identify any Anti-theft system, as being standard,, instead simply referencing an optional "remote keyless entry system with alarm." Feldman Decl., Ex. 19 (2019 Hyundai Elantra brochure). |
| 10. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for St. Anthony's c/o Key Point Health Services ("Key Point"), and her testimony is binding on State Auto. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1103 (9th Cir. 2018). State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted]." | |
| 11. [redacted]<br><br>Brennan Decl., Ex. 17 (SA081774). | 11. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 25 (Lillo Report at 45).<br><br>[redacted] Feldman Decl., Ex. 29 (HMA-22-ML-3052-SUBRO-00277081); *Id.*, Ex. 27 (Park Dep. at 59:1-7); *Id.*, Ex. 28 (Silvestri Dep. at |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 52:6-10).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 85:18-21; 96:2-3; *Id*., Ex. 25 (Lillo Report at p. 43). |
| 11. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response regarding the particular method of theft employed to steal the Vehicle or the use of the Vehicle at the time of the theft does not dispute that [redacted].<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 12. [redacted]<br><br>Brennan Decl., Ex. 8 (Wolkowicz Dep. at 90:24–91:6). | 12. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 8 (Vu Ex. 27 aka HMA-22-ML-3052-SUBRO-00071832)..<br><br>[redacted] Feldman Decl., Ex. 8 (Vu Ex. 27 aka HMA-22-ML-3052-SUBRO-00071832).; *Id.*, Ex. 21 (Wolkowicz Dep. at 60:11, and 112:5). |
| 12. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's responses regarding HMA's statements and actions and other testimony provided by Key Point's Rule 30(b)(6) designee do not contradict that when asked whether Key Point believes HMA is responsible for the Vehicle's theft, Key Point's Rule 30(b)(6) designee responded, [redacted] | |
| 13. [redacted]<br><br>Brennan Decl., Ex. 17 (SA081774). | 13. Undisputed. |
| 13. HMA's Response: Not applicable. | |
| 14. [redacted] | 14. Undisputed. |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| Brennan Decl., Ex. 17 (SA081774) at -81958–59. | |
| 14. HMA's Response: Not applicable. | |
| 15. Key Point did not claim any personal injury associated with the Vehicle's theft.<br><br>Brennan Decl., Ex. 4 (State Auto Supplemental Response to Defendants' Interrogatory No. 14). | 15. Undisputed. |
| 15. HMA's Response: Not applicable. | |
| 16. State Auto made no payments for personal injury associated with the Vehicle's theft.<br><br>Brennan Decl., Ex. 4 (State Auto Supplemental Response to Defendants' Interrogatory No. 14). | 16. Undisputed. |
| 16. HMA's Response: Not applicable. | |
| 17. In response to an interrogatory asking it to "state the basis for each type of damages it seeks to recover," whether for "personal injury, damage to the vehicle itself, or damage to property within the vehicle," State Auto stated that it was "seek[ing] to recover damages for total loss of vehicle."<br><br>Brennan Decl., Ex. 4 (State Auto Supplemental Response to Defendants' Interrogatory No. 14). | 17. Undisputed. |
| 17. HMA's Response: Not applicable. | |
| 18. [redacted] | 18. Undisputed. |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| [redacted]<br><br>Brennan Decl., Ex. 17 (SA081983); id., Ex. 6 (T. Covert Dep. at 75:14–20). | |
| 18. HMA's Response: Not applicable. | |
| 19. [redacted]<br><br>Brennan Decl., Ex. 17 (SA081774) at -81780, -82980–82. | 19. Undisputed. |
| 19. HMA's Response: Not applicable. | |
| 20. State Auto filed a lawsuit in this District on March 10, 2023.<br><br>Class Action Complaint for Damages and Injunctive Relief, *State Automobile Mutual Insurance Company v. Hyundai Motor America*, No. 8:23-cv-00443 (C.D. Cal. March 10, 2023), Dkt. No. 1. | 20. Undisputed. |
| 20. HMA's Response: Not applicable. | |
| 21. On November 4, 2025, at an Informal Discovery Conference before the Discovery Special Master, State Auto's counsel stated Defendants are "correct" that Federal Motor Vehicle Safety Standard 114 ("FMVSS 114") "doesn't mandate immobilizers" and that "NHTSA has left it to the discretion of auto manufacturers to determine how best to comply with 114."<br><br>Brennan Decl., Ex. 12 (11/4/2025 Tr. at 42:45.205–45:10.905) | 21. There is a genuine dispute necessary to be litigated. Federal Motor Vehicle Safety Standard 114 requires each vehicle to have a starting system which, whenever the key is removed from the starting system, prevents: (a) the normal activation of the vehicle's engine or motor; and (b) either steering, or forward self-mobility, of the vehicle, or both. Feldman Decl., Ex. 26 (Lillo Dep. Ex. 10 aka HMA-GE-00012438).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Sauck Dep. at 59:17-60:8. [redacted] Feldman Decl., Ex. 30 (Stewart Dep. 36:1-6).<br><br>[redacted] Feldman Decl., Ex. 30 (Stewart 30(b)6) Dep., 10/16/25, at 26:4-8).<br><br>[redacted] Feldman Decl., Ex. 31 (Bonanti Subro. Dep. at 123:4-5); *Id.*, Ex. 49 (Stern Dep. at 133:14-21).<br><br>[redacted] Feldman Decl., Ex. 32 (HMA-22-ML-3052-SUBRO 52459-63); *Id.*, Ex. 33 (HMA-22-ML-3052-SUBRO 55140-55143), *Id.*, Ex. 34 (HMA-22-ML-3052-SUBRO 55147); *Id.*, Ex. 35 (KA-22-ML-3052-SUBRO 93809); *Id.*, Ex. 36 (KA-22-ML-3052-SUBRO 100246); *Id.*, Ex. 37 (HMA-22-ML-3052-SUBRO- 97962), *Id.*, Ex. 38 (HMA-22-ML-3052-SUBRO- 55759 with attached |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | AD Spec Operation Plan Proposal 2012.08.31).<br><br>[redacted] Feldman Decl., Ex. 39 (Fabian Dep. at 85:9-18). [redacted] Feldman Decl., Ex. 40 (Hedrick Dep. at 91:3-4); *Id.*, Ex. 12 (Gammon Dep. at 6:9-12). [redacted] *Id.*, Ex. 40 (Hedrick Dep. at 95:14-20); *Id.*, Ex. 12 (Gammon Dep. at 21:9-12). [redacted] *Id.*, Ex. 40 (Hedrick Dep. at 94:8-16); *Id.*, Ex. 12 (Gammon Dep. at 6:9-12).<br><br>[redacted] Feldman Decl., Ex. 41 (HMA-22-ML-3052-SUBRO-00052965).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 42 (HMA-22-ML-3052-SUBRO-65006-65010).<br><br>[redacted] Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] Feldman Decl., Ex. 44 (2020-2021 Multiple Models – Vehicle Thefts Chart—HMA-22-ML-3052-SUBRO-00104045).<br><br>[redacted] Feldman Decl., Ex. 1 (Ramirez Dep. 149:4-14)<br><br>[redacted] Feldman Decl., Ex. 26 (Lillo Dep. 25:12-16).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 48:5-6; 74:25-75:4).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 107:5-9); *Id.*, Ex. 44 (2020-2021 Multiple Models – Vehicle Thefts Chart—HMA-22-ML-3052-SUBRO-00104045)<br><br>[redacted] Feldman Decl., Ex. 46 (Sauck Dep. at 59:17-60:8). [redacted] Feldman Decl., Ex. 30 (Stewart Dep. 36:1-6). |

21. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's legal arguments about the intent and purpose of FMVSS 114 are not factual disputes and are insufficient to create a genuine dispute of material fact. *See Kalman v. Royal Garden Apartments, Inc.*, No. 08–3600, 2009 WL 10673264, at *1, n.1 (C.D. Cal. Feb. 17, 2009). State Auto's response regarding HMA's purported knowledge and statements regarding FMVSS 114 and certain anti-theft equipment do not contradict that on November 4, 2025, at an Informal Discovery Conference before the Discovery Special Master, State Auto's counsel stated Defendants are "correct" that FMVSS 114 "doesn't mandate immobilizers" and that "NHTSA has left it to the discretion of auto manufacturers to determine how best to comply with 114."

Finally, the bellwether case covers State Auto's claim on behalf of Key Point

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 22. In a June 5, 2023 responding to a petition by 18 state Attorneys General seeking a mandatory recall, the National Highway Traffic Safety Administration ("NHTSA") stated: "NHTSA has not determined that this issue constitutes either a safety defect or noncompliance requiring a recall under the National Traffic and Motor Vehicle Safety Act."<br><br>Brennan Decl., Ex. 13 (NHTSA June 5, 2023 Letter). | 22. There is a genuine dispute necessary to be litigated.<br><br>It is not accurate to say the letter of June 5, 2023, is a statement of NHTSA. The letter was drafted by Cem Hatipoglu, a temporary administrator for NHTSA, who is not legally authorized to issue regulatory interpretations on behalf of the agency. Dkt 1722, Dkt. 1723 (MIL to Exclude Hatipoglu Letter).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 72:7-13).<br><br>[redacted] Feldman Decl., Ex. 51 (Apelian Dep. at 45:11-24). [redacted] *Id.*, Ex. 12 (Gammon Dep. at 21:5-12). |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id.*, Ex. 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id.*, Ex. 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id.*, Ex. 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 (HATCI-22-ML-3052-00000751-764). *Id*., Ex. 54, (HMA-22-ML-3052-SUBRO-00066708-09); *Id*., Ex. 55 (HMA-22-ML-3052-SUBRO-00066711); *Id*., Ex. 13 (HMA-22-ML-3052-SUBRO-00067101-102 a/k/a Shon Exhibit 10). |

22. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response regarding parts-marking exemption petitions and HMA's feature selection process does not contradict the contents of the June 5, 2023 NHTSA letter.

State Auto's response that "[i]t is not accurate to say the letter of June 5, 2023, is a statement of NHTSA" because it was drafted by Cem Hatipoglu, rather than NHTSA's Chief Counsel, is verifiably false. To begin, the June 5, 2023 letter is certified as a "letter from NHTSA" by the Department of Transportation. Dkt. 1554-15 at 2. As State Auto concedes, "NHTSA's Office of Chief Counsel was consulted about the June 5, 2023, letter" and "proposed edits of Hatipoglu's letter were discussed with the Chief Counsel's office throughout the month of May 2023, as NHTSA asserts attorney-client privilege for some of those communications." Dkt. 1722 at 5 (citing Dkt. 1115). The letter is also nearly identical to another letter drafted by NHTSA's Chief Counsel, as Defendants will explain in a forthcoming opposition to State Auto's motion in limine. But even without the Chief Counsel's approval, the Hatipoglu letter alone still warrants *Auer* deference, as will be further set forth in the forthcoming opposition. *See Kisor v. Wilkie*, 588 U.S. 558, 577 (2019) ("[*Auer* deference's] requirement of 'authoritative' action must recognize a reality of bureaucratic life: Not everything the agency does comes from, or is even in the name of, the Secretary or his chief advisers."); *Johnson v. BOKF Nat'l Assn.*, 15 F.4th 356, 364 (5th Cir. 2021) (holding that a letter drafted by the First Senior Deputy Comptroller was entitled to *Auer* deference). And, in any event, the letter's interpretation would still be entitled to *Skidmore* deference. *See, e.g.*, *League of California Cities v. Fed. Commun. Comm'n*, 118 F.4th 995, 1013 (9th Cir. 2024).

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| State Auto's statement that Hyundai vehicles contain "absolutely no theft deterrent systems or equipment" is untrue. The 2019 Hyundai Elantra relevant to State Auto's bellwether contained numerous anti-theft features. *See, e.g.*, Conwisar Decl., Ex. 4 (Stewart Dep. 28:3–8) ([redacted]); *id.*, Ex. 5 (Lao Dep. 51:7–12) ([redacted]); Dkt. 1797-21 (2019 Elantra Brochure) at -50381 (2019 Elantra SE contained an alarm).<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 23. In a June 5, 2023 letter to 18 state Attorneys General seeking a mandatory recall, NHTSA stated that "FMVSS No. 114 . . . does not require an engine immobilizer."<br><br>Brennan Decl., Ex. 13 (NHTSA June 5, 2023 Letter). | 23. There is a genuine dispute necessary to be litigated.<br><br>It is not accurate to say the letter of June 5, 2023, is a statement of NHTSA. The letter was drafted by Cem Hatipoglu, a temporary administrator for NHTSA, who is not legally authorized to issue regulatory interpretations on behalf of the agency. Dkt 1722, Dkt. 1723 (MIL to Exclude Hatipoglu Letter).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | [redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 (HATCI-22-ML-3052-00000751-764).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 61:9; 72:7-13). [redacted] Feldman Decl., Ex. 51 (Apelian Dep. at 45:11-24); *Id*., Ex. 56 (Matt Dep. 28:16-19).<br><br>[redacted] Feldman Decl., Ex. 51 (Apelian Dep. at 45); *Id*., Ex. 56 (Matt Dep. at 28:16-19).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 (HATCI- |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | 22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 ((HATCI-22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 ((HATCI-22-ML-3052-00000751); *Id*., Ex. 54, (HMA-22-ML-3052-SUBRO-00066708-09); *Id*., Ex. 55 (HMA-22-ML-3052-SUBRO-00066711); *Id*., Ex. 13 (HMA-22-ML-3052-SUBRO-00067101-102 aka Shon Exhibit 10). |

23. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response regarding parts-marking exemption petitions and HMA's feature selection process does not contradict the contents of the June 5, 2023 NHTSA letter.

State Auto's response that "[i]t is not accurate to say the letter of June 5, 2023, is a

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| statement of NHTSA" because it was drafted by Cem Hatipoglu, rather than NHTSA's Chief Counsel, is verifiably false. To begin, the June 5, 2023 letter is certified as a "letter from NHTSA" by the Department of Transportation. Dkt. 1554-15 at 2. As State Auto concedes, "NHTSA's Office of Chief Counsel was consulted about the June 5, 2023, letter" and "proposed edits of Hatipoglu's letter were discussed with the Chief Counsel's office throughout the month of May 2023, as NHTSA asserts attorney-client privilege for some of those communications." Dkt. 1722 at 5 (citing Dkt. 1115). The letter is also nearly identical to another letter drafted by NHTSA's Chief Counsel, as Defendants will explain in a forthcoming opposition to State Auto's motion in limine. But even without the Chief Counsel's approval, the Hatipoglu letter alone still warrants *Auer* deference, as will be further set forth in the forthcoming opposition. *See Kisor v. Wilkie*, 588 U.S. 558, 577 (2019) ("[*Auer* deference's] requirement of 'authoritative' action must recognize a reality of bureaucratic life: Not everything the agency does comes from, or is even in the name of, the Secretary or his chief advisers."); *Johnson v. BOKF Nat'l Assn.*, 15 F.4th 356, 364 (5th Cir. 2021) (holding that a letter drafted by the First Senior Deputy Comptroller was entitled to *Auer* deference). And, in any event, the letter's interpretation would still be entitled to *Skidmore* deference. *See, e.g.*, *League of California Cities v. Fed. Commun. Comm'n*, 118 F.4th 995, 1013 (9th Cir. 2024).<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 24. In a June 5, 2023 letter, NHTSA stated "the [FMVSS 114] test procedure . . . does not contemplate actions taken by criminal actors to break open or remove part of the steering column and take out the ignition lock to start a vehicle."<br><br>Brennan Decl., Ex. 13 (NHTSA June 5, 2023 Letter). | 24. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 50 (Latouf Dep at 72:7-13).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 51 (Apelian Dep. at 45:11-24)..<br><br>[redacted] Feldman Decl., Ex. 28 (Silvesti Exhibit 12).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id.*, Ex. 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 54 (HMA-22-ML-3052-SUBRO-00066708-09); *Id.*, Ex. 55 (HMA-22-ML-3052-SUBRO-00066711); *Id.*, Ex. 13 (HMA-22-ML-3052-SUBRO-00067101-102 aka Shon Exhibit 10). |
| 24. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response regarding parts-marking exemption petitions and HMA's feature selection process does not contradict the contents of the June 5, 2023 NHTSA letter.<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 25. [redacted] | 25. Undisputed. |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| [redacted] Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 35:10–18, 99:7–11). | |
| 25. HMA's Response: Not applicable. | |
| 26. The Vehicle was involved in a minor collision but caused no physical injury. Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 91:11–21, 92:17–93:6, 94:2–95:5); *id.*, Ex. 17 (SA081774) at -2801–03. | 26. There is a genuine dispute necessary to be litigated. The testimony relied upon by HMA does not state what HMA has alleged. The testimony is that "unknown suspects during the process of stealing Unit #1 struck Unit #2 (parked/unoccupied) while leaving the scene." Feldman Decl., Ex. 21 (Wolkowicz Dep. at 93:11-19). |
| 26. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's cited evidence does not contradict that the Vehicle was involved in a minor collision but caused no physical injury. State Auto's response indicating that the struck vehicle was parked and unoccupied confirms the collision was minor. | |
| 27. State Auto's expert William J. Vigilante testified that he could not identify "what percentage of vehicles that are stolen are involved in collisions," or "what percentage of Hyundais and Kias… stolen since 2021 were involved in collisions." Brennan Decl., Ex. 9 (W. Vigilante Dep. at 196:13–197:19). | 27. There is a genuine dispute necessary to be litigated. Dr. Vigilante testified: "I don't recall a specific number, but I did see that referenced in either one of the expert reports or in one of the research articles that I came upon. But certainly, there was a significant number of injuries and deaths associated with stolen Hyundais and Kias." Feldman Decl., Ex. 57 |

<table>
<tr><th>HMA's Uncontroverted Facts and Supporting Evidence</th><th>State Auto's Response to Cited Fact and Supporting Evidence</th></tr>
<tr><td></td><td>(Vigilante Dep. at 197:13); Id., Ex. 58 (Federal Highway Administration FMVSS 114 Final Rule dated April 27, 1968); Id., Ex. 59 (Rust Exhibits 42, 43, 44, 48, 49); Id., Ex. 84 (KA-22-ML-3052-SUBRO 65475-65489); Id., Ex. 60 (KA-Subro 22-ML-3052-SUBRO 204982-205044); Id., Ex. 48 (WKBW 10/27/22 news article).<br><br>[redacted] Feldman Decl., Ex. 27 (Park Dep. at 28:19-25).</td></tr>
<tr><td colspan="2">27. HMA's Response: State Auto's response does not create a genuine dispute of material fact. See Anderson, 477 U.S. at 248; Nat'l Ass'n of Optometrists & Opticians, 682 F.3d at 1147. State Auto's response confirms that Dr. Vigilante did not "recall a specific number" for the percentage of stolen vehicles involved in collisions.<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. See Dkt. 1728 (MIL No. 1) at 2–4.</td></tr>
<tr><td>28. State Auto's expert William J. Vigilante testified that "a stolen vehicle does not necessarily result in a collision."<br><br>Brennan Decl., Ex. 9 (W. Vigilante Dep. at 191:17–20).</td><td>28. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 45 Medhekar Dep. at 21:17-19. Dr. Vigilante testified that: "the crash risk is increased for stolen vehicles." Id., Ex. 57 (Vigilante Dep. at 191:20). Id., Ex. 48 (WKBW 10/27/22 news article).</td></tr>
<tr><td colspan="2">28. HMA's Response: State Auto's response does not create a genuine dispute of</td></tr>
</table>

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response does not contradict that State Auto's expert William J. Vigilante testified that "a stolen vehicle does not necessarily result in a collision."<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 29. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 37:5–8, 58:20–24, 101:9–10). | 29. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 58:25). [redacted] *Id.*, Ex. 21 (Wolkowicz Dep. 59:12). [redacted] *Id.*, Ex. 21 (Wolkowicz Dep.at. 85:12-21). |
| 29. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response does not contradict that [redacted] | |
| 30. In response to an interrogatory request to "[i]dentify print advertisements, brochures, internet materials, and any other written documentation … relied upon" in deciding to purchase or lease the Vehicle, State Auto responded that Key Point "generally relied on Defendant Hyundai's Commercials, various print | 30. There is a genuine dispute necessary to be litigated. Beth [redacted]<br><br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18). |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| advertisements, as well as promotional material provided to the insured through Enterprise Rent- A-Car."<br><br>Brennan Decl., Ex. 4 (State Auto's Supplemental Response to Interrogatory No. 12). | [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59: 19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071 832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22- |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 12 (Gammon Dep. at 14:18 – 15:8). |
| 30. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. State Auto's response is wholly irrelevant to SUF 30, which details what State Auto responded in response to an interrogatory to "[i]dentify print advertisements, brochures, internet materials, and any other written documentation" Key Point "'relied upon' in deciding to purchase or lease the Vehicle." None of the testimony or documents State Auto cite contradict the statements that it provided in its verified Interrogatory response. Instead, State Auto's response includes unrelated legal and factual arguments and does not identify any print advertisements, brochures, internet materials, or any other written documentation Key Point allegedly relied upon in deciding to purchase or lease the Vehicle. In any event, State Auto cannot in the SGD add information that it did not provide in its interrogatory response. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). | |
| 31. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 67:5–69:21, 75:10–77:1). | 31. There is a genuine dispute necessary to be litigated. [redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21). |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:14-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |
| 31. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted] | |

<table>
<tr><th>HMA's Uncontroverted Facts and Supporting Evidence</th><th>State Auto's Response to Cited Fact and Supporting Evidence</th></tr>
<tr><td colspan="2">[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. Snapp, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. Id. Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. Bd. of Trs. of Leland Stanford Junior Univ., 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted]"</td></tr>
<tr><td>32. State Auto did not produce any documents in response to a request for "[a]ll packaging, print advertisements, brochures, internet materials, or any other DOCUMENTS relating to the VEHICLES that each INSURED read, saw, or viewed in any manner at any time prior to purchasing his or her VEHICLE."<br><br>Brennan Decl. ¶ 2; id., Ex. 2 (State Auto's 2/21/25 Supplemental Response to Defendants' RFP No. 29).</td><td>32. There is a genuine dispute necessary to be litigated. [redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5.<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15<br><br>[redacted]</td></tr>
</table>

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |
| 32. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. State Auto's response regarding Key Point's purported assumptions and HMA's purported statements and determinations has no relevance to and does not contradict that State Auto did not produce any documents in response to a request for "[a]ll packaging, print advertisements, brochures, internet materials, or any other DOCUMENTS relating to the VEHICLES that each INSURED read, saw, or viewed in any manner at any time prior to purchasing his or her VEHICLE." | |
| 33. Key Point did not produce any documents in response to a request for "[a]ll packaging, print advertisements, brochures, internet materials, or any other DOCUMENTS relating to the VEHICLE that YOU read, saw, or viewed in any manner at any time prior | 33. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
| --- | --- |
| to YOUR lease of the VEHICLE."<br><br>Brennan Decl. ¶ 4; *id*., Ex. 1 (Key Point Subpoena at RFP No. 14); *id*., Ex. 8 (B. Wolkowicz. Dep. at 15:21–16:3, 32:16–33:17, 67:5–69:21, 75:10–77:1). | Dep. 59:17-18).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |
| 33. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. State Auto's response regarding Key Point's purported assumptions and HMA's purported statements and determinations has no relevance to and does not contradict that Key Point did not produce any documents in response to a request for "[a]ll packaging, print advertisements, brochures, internet materials, or any other DOCUMENTS relating to the VEHICLE that YOU read, saw, or viewed in any manner at any time prior to YOUR lease of the VEHICLE." | |
| 34. Key Point's Rule 30(b)(6) designee [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 61:21–64:21). | 34. There is a genuine dispute necessary to be litigated. [redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59: 19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60: 1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |
| 34. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.,* 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "Key Point's Rule 30(b)(6) designee [redacted]" | |
| 35. Key Point's Rule 30(b)(6) designee | 35. There is a genuine dispute |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 61:13–19). | necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA- |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | 22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |
| 35. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.,* 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "Key Point's Rule 30(b)(6) designee [redacted]" | |
| 36. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 59:22–25). | 36. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59: 17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59: 19-21).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60: 1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |

36. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.*, 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted] That Key Point's Rule 30(b)(6) designee separately testified [redacted] does not contradict SUF 36. Dkt. 1627-4 at 60:4–5. Indeed, Key Point's Rule 30(b)(6) designee was specifically asked whether [redacted] to which she responded, [redacted] *Id*. at 60:6–10; SUF 37. | |
| 37. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 60:6–10). | 37. There is a genuine dispute necessary to be litigated. [redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |
| 37. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.,* 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no | |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted] That Key Point's Rule 30(b)(6) designee separately testified [redacted] does not contradict SUF 37. Dkt. 1627-4 at 60:4–5. | |
| 38. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 61:6–10). | 38. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17:-18).<br><br>[redacted] Dep. at 59:19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |
| 38. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.,* 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted]" | |
| 39. In response to an interrogatory request to "[i]dentify with specificity the information YOU claim should have been disclosed by Defendants," State | 39. There is a genuine dispute necessary to be litigated. [redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| Auto responded: "a. The Vehicles could have been but were not equipped with immobilizers that would prevent a would-be thief from driving the vehicle without keys. Examples include, but are not limited to:<br><br>1. All Hyundai and Kia models sold in Canada were equipped with immobilizers – including the same model years and models sold in the U.S. without immobilizers. 2. Some Hyundai and Kia class models were equipped with the feature as an option within a trim package. 3. Defendants' internal product planning documents produced in response to Subrogation Plaintiffs' discovery requests identify the models/trim levels with immobilizers as options (or without).<br><br>b. The Vehicles were not equipped with any effective anti-theft features that prevent the normal activation of the engines without a key as set forth in the following documents: 1. Kia Boyz Tic Toc [*sic*] video and other social media posts starting in 2020 that demonstrate the ease at which certain Hyundai and Kia models can be stolen without specialized knowledge or training. 2. Defendants' communications with City of Milwaukee government and law enforcement officials, as well as other municipalities. 3. News media stories about Hyundai-Kia thefts. 4. Defendants' 2021 steering wheel lock campaign. 5. Defendants July 2021 announcement that immobilizers would be standard on all MY 2022 models. 6. | [redacted] Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted]<br>Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] Feldman Decl., Ex. 10 (HMA-22-ML-3052-SUBRO-00100682-684).<br><br>[redacted] Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| HLDI reports on Hyundai and Kia theft and vandalism losses (Dec. 2021, Sept. 2022, Dec. 2023) 7. Kia Hyundai Vehicle Theft Marketing, Sales practices, and Products Liability Litigation Case No. 8:22-ML-3052-JVS (KESx), U.S. District Court, Central District of California. 8. Defendants' February 14, 2023 announcements launching service campaigns to add additional anti-theft measures to affected vehicles. 9. Municipal lawsuits 10. 2023 NCIB Hot Wheels Report 11. City theft data 12. April 2023 letter from Attorneys General<br><br>c. The Vehicles should but do not contain starting systems that prevent forward<br><br>self-mobility of the Vehicles when the thief does not have a key;<br><br>d. The Vehicles, lacking immobilizers or comparable anti-theft protection, can be started in a matter of seconds, driven, steered, or otherwise operated without a key;<br><br>e. The Vehicle's anti-theft protection does not comply with automotive industry standards in the United States as it relates to anti-theft protection;<br><br>f. Thieves can easily bypass the Vehicles' ignition lock."<br><br>Brennan Decl., Ex. 3 (Subrogation Plaintiffs' Amended Response to Defendants' Interrogatory No. 13). | Feldman Decl., Ex. 43 (Lillo Exhibits 14, 15, 16, and 20); *Id.*, Ex. 22 (Vu Dep. at 89:2).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Dep. at 149:7 -13); *Id.*, Ex. 22 (Vu Dep. Exhibit 4).<br><br>[redacted] Feldman Decl., Ex.61 (HMA-22-ML-3052-SUBRO-381261); *Id.*, Ex. 62 (KA-SUBRO-22-ML-3052-208243).<br><br>[redacted] Feldman Decl., Ex. 43 (Lillo Exhibits 14, 15, 16, and 20).<br><br>[redacted] Feldman Decl., Exs. 63 and 64 (take rate summaries with the underlying documents).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
| --- | --- |
| | [redacted]<br>Feldman Decl., Ex. 43 (Lillo Exhibits 14, 15, 16, and 20). *Id.*, Ex. 21 (Wolkowicz Dep. at 101:16 - 102-4); *Id.*, Ex. 65 (Williams Dep. at 78:15 - 79:3, 86:7-17).<br><br>[redacted] Feldman Decl., Ex. 13 (Shon Exhibit 10 aka HMA-22-ML-3052-SUBRO-00067101-102); *Id.*, Ex. 52 (HATCI-22-ML-3052-00000789-805).<br><br>[redacted] Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 13 (Shon Exhibit 10 aka HMA-22-ML-3052-SUBRO-00067101-102).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 52:20-25).<br><br>[redacted] Feldman Decl., Ex. 9 (HMA-22-ML-3052-SUBRO-282613-615); *Id.*, Ex. 15 (HMA-22-ML-3052-SUBRO-67913); *Id.*, Ex. 10 (HMA-22-ML-3052-SUBRO-00100682-684).<br><br>[redacted] Feldman Decl., Ex. 13 (Shon Exhibit 25).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | [redacted] Feldman Decl., Ex. 14 (HMA-22-ML-3052-SUBRO-67919-923); *Id.*, Ex. 13 (Latouf Exhibit 10, aka Shon Exhibit 6); *Id.*, Ex. 15 (HMA-22-ML-3052-SUBRO-67913). [redacted] *Id.*, Ex. 4 (Tjoa Dep. at 54:12-16).<br><br>[redacted] Feldman Decl., Ex. 66 (Willard Exhibit 42); *Id.*, Ex. 15 (HMA-22-ML-3052-SUBRO-67913-915).<br><br>[redacted] Feldman Decl., Ex. 1 (Ramirez Dep. at 31:3-5).<br><br>[redacted] Feldman Decl., Ex. 1 (Ramirez Dep. at 66:22-23; 70:25; 71-5; |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 143-146).<br><br>[redacted] Feldman Decl., Ex. 1 (Ramirez Dep. at 138:10-23, 151:1-6); *Id.*, Ex. 2 (Ramirez Exhibit 3).<br><br>[redacted] Feldman Decl., Ex. 1 (Ramirez Dep. at 71:23-24).<br><br>[redacted] Feldman Decl., Ex. 1 (Ramirez Dep. at 85:15); *Id.*, Ex. 2 (Ramirez Exhibit 3).<br><br>[redacted] Feldman Decl., Ex. 67 (HMA's Responses to Plaintiffs' Interrogatories, Set One, Interrogatory No. 9); *Id.*, Ex. 68 (KA's Responses to Plaintiffs' Interrogatories, Set One, Interrogatory No. 10). [redacted] *Id.*, Ex. 4 (Tjoa Dep. at 64:18-65:2).<br><br>[redacted] Feldman Decl., Ex. 69 (HMA-22-ML-3052-SUBRO-00069675). |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 26 (Lillo Dep. at 25:12-16).<br><br>[redacted] Feldman Decl., Ex. 13 (Shon Exhibit 25).<br><br>[redacted] Decl., Ex. 70 (Shon Dep. at 146:5-18); *Id.*, Ex. 13 (Shon Exhibit 9); *Id.*, Ex. 50 |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | (Latouf Dep. at 63:6-12 ("immobilizer comes with smart key")). [redacted] Lao Dep. at 33:11-17. [redacted] *Id.*, Ex. 16 (Defendants' Updated Spreadsheet; *Id.*, Ex. 17 (Plaintiffs' Version of Updated Spreadsheet); *Id.*, Ex. 71 (Lao Dep. at 47:7-21).<br><br>[redacted] Feldman Decl., Ex. 13 (Shon Exhibit 20).<br><br>[redacted] Feldman Decl., Ex. 72 (Davis Report, pg. 12, Figure 2); *Id.*, Ex. 73 (HLDI Report, December, 2021).<br><br>[redacted] Feldman Decl., Ex. 74 (Price Exhibit 3).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | [redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 9:15-18, and 65:20-23).<br><br>For model year vehicles ranging from 2011 thru 2021, inclusive, the standard of care for a company selling cars in the U.S. was to provide a metal ignition cylinder to make it very difficult to access the cylinder and break it apart for purposes of stealing a vehicle. Feldman Decl., Ex. 72 (Davis Report, p. 42, Figure 24).<br><br>[redacted] Feldman Decl., Ex. 43 (Lillo Exhibit 31).<br><br>[redacted] Feldman Decl., Ex. 72 (Davis Report, pg. 55); *Id*., Ex. 75 (Davis Dep. at 135:4-18); *Id*., Ex. 29 (HMA-22-ML-3052-SUBRO-00277081). Dawkins Dep. at 10, [redacted] Feldman Decl., Ex. 76 (Dawkins Dep. at 185:3-9).<br><br>[redacted] Feldman Decl., Ex. 72 (Davis Report, p. 64, |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Figure 30).<br><br>[redacted] Feldman Decl., Ex. 27 (Park Dep. at 57:18-23); *Id.*, Ex. 77 (Shahabi Dep., 159:20 –160:2).<br><br>[redacted] Feldman Decl., Ex. 29 (HMA-22-ML-3052-SUBRO-00277081); [redacted] *Id.*, Ex. 29 (HMA-22-ML-3052-SUBRO-00277081); *Id.*, Ex. 80 (Quality Information Report for stolen Hyundai vehicles--HMA-22-ML-SUBRO-0277080); *Id.*, Ex. 76 (Dawkins Dep. at 196:9-197:7).<br><br>[redacted] Feldman Decl., Ex. 78 (De La Rosa Exhibit 2); *Id.*, Ex. 74 (Price Exhibit 3). [redacted] *Id.*, Ex. 79 (Stutz Dep. at 167:12-15).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted]<br><br>Feldman Decl., Ex. 8 (Vu Dep., 83:13-85:12).<br><br>[redacted] Feldman Decl., Ex. 74 (Price Exhibit 3).<br><br>There are numerous ways in which Defendants HMA and KA could have equipped their vehicles with effective theft deterrent equipment, including:<br><br>[redacted] Feldman Decl., Ex. 28 (Steven Center email aka Silvestri Ex. 19). [redacted] Feldman Decl., Ex. 20 (Silvestri Dep. at 52:6-10).<br><br>Utilizing the key-in-switch electrical circuit as an engine disabling feature which would prevent the vehicle from being started without the steel key having been inserted in the cylinder. Feldman Decl., Ex. 72 (Davis Report, p. 59).<br><br>Equipping their vehicles with standard alarm systems with glass break sensors |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | which would activate an engine-disabling function; Feldman Decl., Ex. 72 (Davis Report, pgs. 60-62).<br><br>[redacted] Feldman Decl., Ex. 28 (Steven Center email aka Silvestri Ex. 19).<br><br>[redacted] Feldman Decl., Ex. 13 (Shon Exhibit 17); *Id.*, Ex. 43 (Lillo Exhibit 31). [redacted] *Id.*, Ex. 56 (Matt Dep. at 18:20 - 19:6.<br><br>[redacted] Feldman Decl., Ex. 81 (Park Exhibit 16).<br><br>John Krafcik, CEO of HMA, in 2013, stated in Automotive News as follows: "Our philosophy is: Safety isn't optional." Feldman Decl., Ex. 82 (Automotive News, May 18, 2005).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 1 (Ramirez Dep. at 29:18, 71:18-24; 96:17).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 55:20-22).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 65:20-22); *Id.*, Ex. 72 (Davis Report at pgs. 62-63).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 26:17).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 30:10).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 51:8).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 53:7-9).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 60:10-15); *Id.*, Ex. 14 (HMA-22-ML-3052-SUBRO-00067919-00067923).<br><br>[redacted] Feldman Decl., Ex. 66 (Willard Exhibit 42); *Id.*, Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 65:24-25).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 9:10 – 10: 2).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | [redacted]<br><br>Feldman Decl., Ex. 45 (Medhekar Dep. at 23:11-19).<br><br>[redacted] Feldman Decl., Ex. 50 (Latouf Dep. at 73:11-15) . [redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 24:8-25:10). [redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 28:5-14).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 17:20-24).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 18:2-12). |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
| --- | --- |
| | [redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 46:12 – 49:2).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 39:15-25).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 46:20-25).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 47:6-11).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 46:20-25).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 48:23- |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 49:2).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 73:22-74:24).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 75:7-11).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 93:13-23).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 107:5-9); *Id.*, Ex. 44 (2020-2021 Multiple Models – Vehicle Thefts Chart--HMA-22-ML-3052-SUBRO-00104045).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | [redacted] Feldman Decl., Ex. 4 (Tjoa Dep. at 108:1-14).<br><br>[redacted] Feldman Decl., Ex. 66 (Willard Exhibit 42).<br><br>[redacted] HMA-22-ML-3052-SUBRO-69658; HMA-22-ML-3052-SUBRO-69656. [redacted] Feldman Decl., Ex. 4 (Tjoa Dep. 42:2-11).<br><br>[redacted] Feldman Decl., Ex. 28 (Silvestri Exhibit 12).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Feldman Decl., Ex. 45 (Medhekar Dep. at 9:5-10:2).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 23:16-19).<br><br>[redacted]<br>Feldman Decl., Ex. 45 (Medhekar Dep. at 149:16-151:14).<br><br>[redacted] Feldman Decl., Ex. 79 (Stutz Dep. at 169: 4-7).<br><br>[redacted] Feldman Decl., Ex. 79 (Stutz Dep. at 169:8-17).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 79 (Stutz Dep. at 171:2-17). |
| 39. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. State Auto's response is unrelated to SUF 39, which details what State Auto responded in response to an interrogatory to "[i]dentify with specificity the information YOU claim should have been disclosed by Defendant." None of the testimony or documents State Auto cites contradicts the statements that it provided in its verified Interrogatory response. Instead, State Auto's response includes unrelated legal and factual arguments and does not identify any information State Auto believes HMA should have disclosed prior to the sale or lease of the Vehicle. In any event, State Auto cannot in the SGD add information that it did not provide in its interrogatory response. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 40. State Auto's experts have testified that all vehicles, including those with immobilizers, can be stolen.<br><br>Brennan Decl., Ex. 11 (R. Stern Dep. At 157:11-16, 158:2-22); *id*., Ex. 10 (K. Davis Dep. at 316:21-25). | 40. There is a genuine dispute necessary to be litigated.<br><br>[redacted] Feldman Decl., Ex. 25 (Lillo Report at pg. 45).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 29 (HMA-22-ML-3052-SUBRO-00277081).<br><br>[redacted] Feldman Decl., Ex. 25 (Lillo Report at pg. 43).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:4-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:14-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832). |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832); *Id.*, Ex. 21 (Wolkowicz Dep. at 60:11, 112:5); *Id.*, Ex. 58 (Federal Highway Administration FMVSS 114 Final Rule dated April 27, 1968); *Id.*, Ex. 59 (Rust Exhibits 42, 43, 44, 48, 49); *Id.*, Ex. 84 (KA 22-ML-3052-SUBRO 00065475-65489); *Id.*, Ex. 60 (KA 22-ML-3052-SUBRO 204982-205044); *Id.*, Ex. 45 (Medhekar Dep. at 36:20-37:2). |
| 40. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. State Auto's response [redacted] do not contradict the fact that State Auto's experts have testified that all vehicles, including those with immobilizers, can be stolen.<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 41. The VIN plate on the Vehicle states: "[t]his vehicle conforms to all applicable U.S.A. federal motor vehicle safety, bumper, and theft prevention standards in effect on the date of manufacture shown above.<br><br>Lao Decl. ¶ 5 | 41. Undisputed. |
| 41. HMA's Response: Not applicable. | |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| 42. In response to a document request for "[e]very written warranty that YOU are claiming Defendants breached," State Auto "refer[red]" Defendants to the "warranty on the VIN plates" and unspecified "warranties referenced in Plaintiff's discovery responses, including supplemental responses," and "warranties alleged in Plaintiff's Amended Consolidated Complaint."<br><br>Brennan Decl., Ex. 2 (State Auto's 2/21/25 Supplemental Response to Defendants' RFP No. 31). | 42. There is a genuine dispute necessary to be litigated. The Vehicle was sold by Defendant HMA with [redacted]. Feldman Decl., Ex. 23 (VIN Sheet).<br><br>The VIN plate for the Vehicle states as follows: THIS VEHICLE CONFORMS TO ALL APPLICABLE U.S.A. FEDERAL MOTOR VEHICLE SAFETY, BUMPER AND THEFT PREVENTION STANDARDS IN EFFECT ON THE DATE OF MANUFACTURE. Complaint, Paragraph 271. HMA warrants that all of its vehicles comply with the Federal Motor Vehicle Safety Standards. Feldman Decl., Ex. 50 (Latouf Dep. at 57:14-25).<br><br>[redacted]<br>Feldman Decl., Ex. 43 (TSB Lillo Exhibits14, 15, 16, and 20).<br><br>[redacted] Feldman Decl., Ex. 20 (Silvestri Dep., 32:11-16). [redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 20 (Silvestri Dep. at 154:9-16).<br><br>[redacted] Feldman Decl., Ex. 43 (TSB Lillo Exhibits 14, 15, 16, and 20); *Id.*, Exs. 63, 64 (take rate summaries with the underlying documents).<br><br>[redacted] Feldman Decl., Ex. 43 (TSB Lillo Exhibits 14, 15, 16, and 20).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 12 (Gammon Dep. at 14:18 – 15:8).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:14-15).<br><br>[redacted] Feldman Decl., Ex. 65 (Williams Dep. at 34:9-12).<br><br>Enterprise also relied upon HMA's advertisements. ." Feldman Decl., Ex. 65 (Williams Dep. at 51:2-9).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611). |
| 42. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. State Auto's response regarding HMA's purported statements and actions has no relevance to and does not contradict that in response to a document request for "[e]very written warranty that YOU are claiming Defendants breached," State Auto "refer[red]" Defendants to the "warranty on the VIN plates" and unspecified "warranties referenced in Plaintiff's discovery responses, including supplemental responses," and "warranties alleged in Plaintiff's Amended Consolidated Complaint."<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 43. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 61:21–64:21). | 43. There is a genuine dispute necessary to be litigated. [redacted]<br><br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br><br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>Ryan Williams of Enterprise Fleet Management explained that "the expectation was . . . that it had a sufficient and adequate security system that was comparable to other vehicles in that class at that time." Feldman Decl., Ex. 65 (Williams Dep. at 34:9-12).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 22 Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>The Hyundai VIN Sheet for the Vehicle does not identify the presence or absence of any theft deterrent or theft prevention equipment. Feldman Decl., Ex. 23 (VIN Sheet). |
| 43. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.*, 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted]" | |
| 44. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 111:7–20). | 44. There is a genuine dispute necessary to be litigated.<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21). |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
| --- | --- |
| | [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>The Hyundai VIN Sheet for the Vehicle does not identify the presence or absence of any theft deterrent or theft |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
| --- | --- |
| | prevention equipment. Feldman Decl., Ex. 23 (VIN Sheet). |
| 44. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.*, 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted]" | |
| 45. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 111:4–6). | 45. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>[redacted] Feldman Decl., Ex. 22 (Vu Exhibit 27 aka HMA-22-ML-3052-SUBRO-00071832).<br><br>The Hyundai VIN Sheet for the Vehicle does not identify the presence or absence of any theft deterrent or theft prevention equipment. Feldman Decl., Ex. 23 (VIN Sheet). |
| 45. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State | |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.*, 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony or documents State Auto cites contradicts that "[redacted]" | |
| 46. State Auto provided no documents in response to the request to produce "[a]ll DOCUMENTS YOU allege constitute notice of each INSURED's warranty claims."<br><br>Brennan Decl. ¶ 3; *id.*, Ex. 2 (State Auto's 2/21/25 Supplemental Response to Defendants' RFP No. 32). | 46. There is a genuine dispute necessary to be litigated. The Vehicle was sold by Defendant HMA with [redacted]. Feldman Decl., Ex. 23 (VIN Sheet).<br><br>The VIN plate for the Vehicle states as follows: THIS VEHICLE CONFORMS TO ALL APPLICABLE U.S.A. FEDERAL MOTOR VEHICLE SAFETY, BUMPER AND THEFT PREVENTION STANDARDS IN EFFECT ON THE DATE OF MANUFACTURE. Subrogation Plaintiffs' Amended Consolidated Complaint, Paragraph 271 (Dkt. 283).<br><br>[redacted]<br>Feldman Decl., Ex. 43 (TSB Lillo Exhibits14, 15, 16, and 20).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 61 (HMA-22-ML-3052-SUBRO-381261); Feldman Decl., Ex. 62 (KA-22-ML-3052-SUBRO-208243).<br><br>[redacted] Feldman Decl., Ex. 43 (TSB Lillo Exhibits 14, 15, 16, and 20).<br><br>[redacted] Feldman Decl., Ex. 43 (TSB Lillo Exhibits 14, 15, 16, and 20).<br><br>[redacted] Feldman Decl., Ex. 39 (Fabian Dep. at 84:21-25). |
| 46. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. State Auto's responses to SUF 46 are irrelevant to and do not contradict that State Auto provided no documents in response to the request to produce "[a]ll DOCUMENTS YOU allege constitute notice of each INSURED's warranty claims."<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence | |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 47. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 61:2–5). | 47. There is a genuine dispute necessary to be litigated. Notice was provided by counsel by letters dated March 9, 2023. Feldman Decl., Ex. 85 (notice letter). |
| 47. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. The letter State Auto cites (which was sent by counsel before Key Point's Vehicle was stolen and does not mention Key Point's claim) does not contradict that "[redacted]" | |
| 48. In a March 9, 2023 email, a NHTSA employee stated that the Kia Boyz theft method "does not use normal activation to start the vehicles."<br><br>Brennan Decl., Ex. 14 (NHTSA-230830-007-323 Partial Response VIII) at -324. | 48. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 29 (HMA-22-ML-3052-SUBRO-00277081).<br><br>Federal Motor Vehicle Safety Standard 114 requires each vehicle to have a starting system which, whenever the key is removed from the starting system, prevents: (a) the normal activation of the vehicle's engine or motor; and (b) either steering, or forward self-mobility, of the vehicle, or both. Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438). |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 215:1-8). (.)<br><br>[redacted] Feldman Decl., Ex. 32 (HMA -22-ML-3052-Subro 52459-63); *Id.*, Ex 33 (HMA-22-ML-3052 -Subro- 55140-55143 attaching Ex 34 (HMA -22-ML-3052-Subro- 55147)); *Id.*, Ex 35 (KA-22-ML-3052-Subro 93809); *Id.*, Ex 36 (KA--22-ML-3052-Subro 100246); *Id.*, Ex 37 (HMA--22-ML-3052 -Subro 97962); *Id.*, Ex 38 (HMA -22-ML-3052-Subro-55759 with attached AD Spec Operation Plan Proposal 2012.08.31).<br><br>[redacted] Feldman Decl., Ex. 41 (HMA-22-ML-3052-SUBRO-00052965).<br><br>[redacted] Feldman Decl., Ex. 42 (HMA-22-ML-3052-SUBRO-65006-65010).<br><br>[redacted] Feldman |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] Feldman Decl., Ex. 44 (2020-2021 Multiple Models – Vehicle Thefts Chart—HMA-22-ML-3052-SUBRO-00104045).<br><br>[redacted] Feldman Decl., Ex. 1 (Ramirez Dep. at 149:4-14).<br><br>[redacted] Feldman Decl., Ex. 26 (Lillo Dep. at 25:12-16).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 48:23-49:2).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 107:5-9); *Id.*, Ex 44 (2020-2021 Multiple Models – Vehicle Thefts Chart—HMA-22-ML-3052-SUBRO-00104045).<br><br>[redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| | [redacted] Feldman Decl., Ex. 75 (Davis Dep. at 277:4 – 278:2). |
| 48. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. None of the cited testimony or documents contradict the contents of the March 9, 2023 email.<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 49. When State Auto's expert K.R. Davis was asked whether he was "able to determine that the Hyundais and Kias ... comply" with FMVSS 114, Davis testified that "[t]he key in the ignition does make the doorbell ding with the door open, and that is what is written in 114."<br><br>Brennan Decl., Ex. 10 (K. Davis Dep. at 281:12–19). | 49. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 50 (Latouf Dep at 72:7-13).<br><br>[redacted] Feldman Decl., Ex. 51 (Apelian Dep. at 45:17-19).<br><br>[redacted] Feldman Decl., Ex. 52 |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | (HATCI-22-ML-3052-00000789-805)); *Id.*, Ex 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id.*, Ex 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id.*, Ex 53 (HATCI-22-ML-3052-00000751).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 52 (HATCI-22-ML-3052-00000789-805); *Id*., Ex. 53 (HATCI-22-ML-3052-00000751); *Id*., Ex. 54, (HMA-22-ML-3052-SUBRO-00066708-09); *Id*., Ex. 55 (HMA-22-ML-3052-SUBRO-00066711); *Id*., Ex. 13 (HMA-22-ML-3052-SUBRO-00067101-102 aka Shon Exhibit 10).<br><br>There is no competent evidence in any admissible form that the subject Vehicle ever was tested to determine its compliance with FMDSS 114. Feldman Decl., Ex. 75 (Davis Dep. at 277:4 – 278:2).<br><br>[redacted] Feldman Decl., Ex. 45 (Medhekar Dep. 149:16-151:14).<br><br>Federal Motor Vehicle Safety Standard 114 requires each vehicle to have a starting system which, whenever the key is removed from the starting system, prevents: (a) the normal activation of the vehicle's engine or motor; and (b) either steering, or forward self-mobility, of the vehicle, or both. Feldman Decl., Ex. 43 (Lillo Exhibit 10 aka HMA-GE-00012438).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 45 (Medhekar Dep. at 215:1-8). |
| 49. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. None of the cited evidence or documents contradict that when State Auto's expert K.R. Davis was asked whether he was "able to determine that the Hyundais and Kias ... comply" with FMVSS 114, Davis testified that "[t]he key in the ignition does make the doorbell ding with the door open, and that is what is written in 114."<br><br>Finally, the bellwether case covers State Auto's claim on behalf of Key Point involving a 2019 Hyundai Elantra. To the extent State Auto relies on evidence regarding Kia employees or vehicles or any Hyundai vehicles other than the 2019 Elantra, such evidence is irrelevant and cannot create a genuine dispute of material fact. *See* Dkt. 1728 (MIL No. 1) at 2–4. | |
| 50. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 60:4–5). | 50. There is a genuine dispute necessary to be litigated.<br><br>[redacted] Feldman Decl., Ex. 25 (Lillo Report at 45).<br><br>[redacted]<br>Feldman Decl., Ex. 29 (HMA-22-ML-3052-SUBRO-00277081).<br><br>[redacted] |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | [redacted] Feldman Decl., Ex. 25 (Lillo Report at pg. 43). |
| 50. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. None of the testimony or documents State Auto cites contradicts that "[redacted].'" | |
| 51. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 64:23–65:3). | 51. There is a genuine dispute necessary to be litigated. [redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:1-5).<br><br>[redacted] Feldman Decl., Ex. 21 (Wolkowicz Dep. at 60:11-15).<br><br>[redacted] Feldman Decl., Ex. 6 (HMA-22-ML-3052-SUBRO-98608-98611).<br><br>The Hyundai VIN Sheet for the Vehicle does not identify the presence or absence of any theft deterrent or theft prevention equipment. Feldman Decl., Ex. 23 (VIN Sheet).<br><br>Defendant HMA's Owner Manual for |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| | the Vehicle purposefully attempts to confuse St. Anthony's and Enterprise by stating: "Immobilizer system (if equipped) the immobilizer system protects your vehicle from theft. If an improperly coded key (or other device) is used, the engine's fuel system is disabled." Thus, Defendant HMA affirmatively misrepresented to St. Anthony's and Enterprise the fact that the Vehicle was not equipped with an anti-theft immobilizer by Defendant HMA. Feldman Decl., Ex. 18 (Vehicle Owner's Manual).<br><br>The brochure for HMA's 2019 Hyundai Elantra identifies, as a "popular feature" and as a "interior feature" that the proximity key with push button start does not come as standard equipment for the Elantra SE. The brochure affirmatively misrepresents to the purchaser that an immobilizer also is not included as standard equipment, and contains further misrepresentations in identifying the pertinent equipment simply as a push button start, as opposed to identifying an immobilizer as part of the optional equipment. Feldman Decl., Ex. 19. (2019 Hyundai Elantra Brochure)<br><br>The brochure for HMA's 2019 Hyundai Elantra misrepresents the safety features provided in not identifying an immobilizer as a safety feature which is not provided with the Elantra SE. Feldman Decl., Ex. 19 (2019 Hyundai Elantra Brochure) |

| HMA's Uncontroverted Facts and Supporting Evidence | State Auto's Response to Cited Fact and Supporting Evidence |
|---|---|
| 51. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. None of the testimony or documents State Auto cites contradicts that [redacted] | |
| 52. [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 37:12–15). | 52. There is a genuine dispute necessary to be litigated. [redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21). |
| 52. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians*, 682 F.3d at 1147. As an initial matter, whether [redacted] is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.*, 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).<br><br>None of the testimony State Auto cites contradicts that [redacted] | |
| 53. [redacted] | 53. There is a genuine dispute necessary to be litigated. [redacted] |

| **HMA's Uncontroverted Facts and Supporting Evidence** | **State Auto's Response to Cited Fact and Supporting Evidence** |
|---|---|
| [redacted]<br><br>Brennan Decl., Ex. 8 (B. Wolkowicz Dep. at 37:22–25, 39:11–20). | [redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:17-18).<br><br>[redacted]<br>Feldman Decl., Ex. 21 (Wolkowicz Dep. at 59:19-21). |

53. HMA's Response: State Auto's response does not create a genuine dispute of material fact. *See Anderson*, 477 U.S. at 248; *Nat'l Ass'n of Optometrists & Opticians,* 682 F.3d at 1147. As an initial matter, whether "[redacted]" is irrelevant because she testified as the Rule 30(b)(6) corporate designee for Key Point, and her testimony is binding on State Auto. *Snapp*, 889 F.3d at 1103. State Auto "cannot present a theory of the facts that differs from that articulated by" its Rule 30(b)(6) witnesses. *Id.* Moreover, Wolkowicz need not have personal knowledge to testify as a corporate designee. *Bd. of Trs. of Leland Stanford Junior Univ.*, 253 F.R.D. at 526 (stating that "personal knowledge of the designated subject matter by the selected deponent is of no consequence" (citation and quotation omitted)).

None of the testimony or documents State Auto cites contradicts that "[redacted]"

Dated: April 10, 2026

Respectfully Submitted,

By: */s/ Peter J. Brennan*

Sati Harutyunyan
Madeline P. Skitzki
Effiong Dampha
Jenna L. Conwisar
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199
SHarutyunyan@jenner.com
MSkitzki@jenner.com
EDampha@jenner.com
JConwisar@jenner.com

Peter J. Brennan (*pro hac vice*)
Andrianna D. Kastanek (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484s
PBrennan@jenner.com
AKastanek@jenner.com

Edward Susolik
John D. Van Ackeren
CALLAHAN & BLAINE
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Telephone: +1 714 862 1081
Facsimile: +1 714 241 4445
ES@callahan-law.com
JVanAckeren@callahan-law.com

*Attorneys for Defendants*