ELLIOTT R. FELDMAN
MEGAN R. PEITZKE (SBN 230375)
JULIE A. LINE
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2071
Facsimile: (215) 701-2282
*EFeldman@cozen.com*

WILLIAM J. HOFFMANN
ADAM M. ROMNEY (SBN 261974)
SUSAN M. BENSON (SBN 146837)
**GROTEFELD HOFFMANN LLP**
15303 Ventura Blvd., Bldg. C, Ste. 1505
Sherman Oaks, CA 91403
Telephone: (747) 233-7150
Facsimile: (747) 233-7143
*bhoffmann@ghlaw-llp.com*

TIMOTHY E. CARY (SBN 093608)
DANIEL HOGAN
THOMAS PAOLINI
W. DIANE WAYLAND (SBN197802)
**LAW OFFICES OF ROBERT A. STUTMAN, P.C.**
391 N. Main Street, Suite 108
Corona, California 92879
Telephone: (951) 387-4700
Facsimile: (951) 963-1298
*CaryT@Stutmanlaw.com*

CHRISTINE FORSLINE (SBN 333451)
STEPHANIE NG (SBN 309389)
**BERGER KAHN, A Law Corporation**
25910 Acero, Suite 242
Mission Viejo, CA 92691
Telephone: (949) 474-1880
Facsimile: (949) 313-5029
*cforsline@bergerkahn.com*

*Attorneys for Subrogation Insurance Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

In re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES, PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This document relates to:

ALL SUBROGATION CASES

Case No.: 8:22-ML-03052-JVS-(KESx)

The Honorable James V. Selna

**SUBROGATION PLAINTIFFS' REPLY IN SUPPORT OF SUBROGATION PLAINTIFFS' RULE 702 MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER J. BONANTI**

[redacted]

**Date: April 28, 2026**
**Time: 4:00 p.m.**
**Location: Courtroom 10C**

# I. INTRODUCTION

State Auto and Subrogation Plaintiffs, by and through undersigned counsel, hereby file this reply in support of Subrogation Plaintiffs' Rule 702 Motion to Exclude Expert Testimony of Christopher J. Bonanti. As explained below, as the trial date looms and discovery has closed, Defendants are attempting to use Bonanti's testimony to offer a conclusion on [redacted] The fact that [redacted] is at issue in the Subrogation Plaintiffs' complaint is the crucial factor that distinguishes the Subrogation Plaintiffs' claims from the Government Entities litigation. Subrogation Plaintiffs urge that no expert witness should be allowed to opine as to the issues of [redacted], as that bears upon the ultimate issues of liability.

As Defendants themselves observed in their brief opposing the Government Entities' motion to exclude Bonanti, "when the plaintiff's theory of liability is that the defendant violated a specific statute or regulation, an expert who opines that the defendant did or did not comply effectively tells the jury what verdict to reach on the ultimate question." Dkt. 1761 at 7:12-16. That is exactly what Defendants are attempting to do with [redacted], as well as bootstrapping in an otherwise inadmissible letter from a temporary administrator of enforcement from NHTSA into evidence. [redacted] in an effort to get the June 5, 2023, letter from Cem Hatipoglu in front of the jury.

In attempting to explain away Bonanti's [redacted], Defendants argue that [redacted]. Within the span of an 18-page brief, Defendants oscillate between touting Bonanti's insider insights and stressing the public nature of his knowledge sources. For any and all of the reasons stated below, this Court should disallow Bonanti's testimony in the instant case, where [redacted]

[redacted] remains at issue. No witness should be able to usurp the jury's function to decide the ultimate question as to whether the Defendants failed to honor their duties to the public.

## ARGUMENT

### A. **Compliance with [redacted] is Contested, So the Concerns About Bonanti's Testimony Dismissed In the Governmental Entities Track Are Relevant Here And Warrant Exclusion of Bonanti's Testimony As Improper Conclusions of Law.**

Bonanti's expert opinions should be excluded because – notwithstanding protests to the contrary – they are designed to serve as definitive interpretations of [redacted], which is a question of law. Defendants' own arguments make this clear. In their opposition to the Subrogation Plaintiffs' *Daubert* motion, Defendants struggle to avoid what they could readily admit in the Government Entities track – Bonanti is the witness through whom Defendants intend to introduce [redacted], issues which are hotly contested in the Subrogation track. However, at various points in their brief, Defendants acknowledge that Bonanti is unabashedly interpreting the regulation and testifying about compliance: "Bonanti's opinions explain *what the regulatory framework requires and does not require,* NHTSA's process, *and what NHTSA has actually found* – testimony that informs the jury's evaluation of defect and causation rather than resolving it." Dkt. 1796-7 at 10:4-7 (emphasis supplied); Bonanti "explains how FMVSS 114 was developed, what it was designed to address, *what it requires of manufacturers*, and *what NHTSA has determined."* Dkt. 1796-7 at 11:6-8 (emphasis supplied); Bonanti "describes *what NHTSA actually determined and why."* Dkt. 1796-7 at 14:6-7. Bonanti should not be allowed to [redacted] or testify as to [redacted].

It is difficult to envision testimony that is more conclusory on matters of law than that which Defendants are proffering from Bonanti. The arguments that allowed

admission of Bonanti's testimony in the Government Entities track vividly illustrate the grounds for his exclusion in the Subrogation track. In the Government Entities track briefing, Defendants made clear that [redacted] introduction of the conclusions in the June 5, 2023, letter from Cem Hapitoglu (a letter which Subrogation Plaintiffs have urged is inadmissible hearsay, a claim not made in the Government Entities track). Defendants reasoned that "NHTSA's specific determination that vehicles were compliant, that no defect existed, and that no recall was warranted is direct, specific evidence of the reasonableness of Defendants' conduct – not peripheral background." Dkt. 1761 at 6:8-10. Indeed, Defendants acknowledged that purported evidence of NHTSA's "specific determination" is not mere "helpful context" – "*it is the substance of HMA's and KA's defense*." (Dkt. 1761 at 6:13-14) (emphasis supplied). Defendants themselves have described Bonanti as "[a]n expert who explains what NHTSA required, what NHTSA found when it evaluated these exact vehicles, and why NHTSA deliberately chose not to mandate immobilizers is equipping the jury to perform its function, not usurping it." Dkt. 1761 at 7:22-25. These arguments are untenable where, as here, they are rooted in inadmissible evidence and compliance with [redacted] remains a contested issue. Given these critical distinctions and overt admissions, this Court's ruling in the Government Entities track is not dispositive of the Subrogation Plaintiffs' arguments for exclusion of Bonanti's testimony in the instant case.

Bonanti is planning to testify [redacted], [redacted]. This is distinguishable from the testimony allowed by the Ninth Circuit in *Hangerter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (an expert witness' references to statutory provisions "none of which were directly at issue in the case" was not improper instruction as to the law), upon which Defendants rely. As Defendants candidly acknowledged in the parallel

Government Entities track, far from being ancillary - the claim that NHTSA purportedly found compliance in non-immobilizer equipped vehicles "is the substance of HMA's and KA's defense." (Dkt. 1761 at 6:14-16). Bonanti himself acknowledged that – [redacted]. (Bonanti Subro Dep. at 103:11-104:19) (Entire transcript is attached as Exhibit 2 to Sealed Declaration of Julie A. Line in Support of Subrogation Plaintiffs' Rule 702 Motion to Exclude Testimony of Christopher J. Bonanti). Defendants should not be permitted to use Bonanti as a Trojan horse to admit purported evidence of [redacted] and not otherwise admissible.

**B. There was no [redacted] of the Allegations at Issue in This Case.**

It is undisputed that [redacted]. (Deposition of Scott Stewart – 2/19/25 at 45:11- 46:8, attached as Exhibit 1 to Julie A. Line Declaration in Support of Reply filed 4/10/26). Bonanti's deposition testimony makes clear that he has no special insight to offer the [redacted]. Bonanti admitted in his deposition that [redacted]. (Bonanti Subro Dep. at 71:18-20). However, Bonanti also admitted that [redacted]. (Bonanti Subro Dep. at 80:7-81:25,

Bonanti Ex. 66). Bonanti confirmed that [redacted]. (Bonanti Subro Dep. at 295:3-11). Defendants' interpretation of Bonanti's testimony [redacted], (Bonanti Subro Dep. at 140:17:25). To the extent Bonanti is allowed to testify, Subrogation Plaintiffs ask that Bonanti's testimony be limited to his expertise concerning Sections 541 and 543, and his work on harmonizing regulations with Canada, as those are areas in which he worked directly and has personal knowledge.

Bonanti then also admits that [redacted]. (Bonanti Subro Dep. at 90:3-15) He further admitted that [redacted]. (Bonanti Subro Dep. at 89:3-21). It is self-evident that any theft of a vehicle is a criminal act; so what Bonanti is saying [redacted]. Consequently, he should not be permitted to testify about its relevance to this vehicle theft.

### C. <u>Bonanti's Failure to Seek A Part 9 Waiver and Defendants' Failure to Subpoena NHTSA should Preclude Bonanti's Testimony</u> [redacted]:

To the extent Bonanti relies upon [redacted]. On one hand, Bonanti testified that, [redacted]." (Bonanti

Subro Dep. 311:1-14). Bonanti said [redacted] (Bonanti Subro Dep. at 311:10-312:2). In contrast, although Defendants rely heavily upon the June 5, 2023, letter from Cem Hatipoglu, they apparently seek to introduce it into evidence [redacted]. Bonanti is purporting to offer an opinion as to [redacted]. Defendants also face a dilemma as to whether Bonanti's testimony derives from [redacted].

Defendants cite cases involving former employees who were subpoenaed to testify, where the agency has been placed on notice via subpoena. *See Koopman v. U.S. Dept. of Transp.,* 335 F. Supp. 3d 556 (S.D.N.Y. 2018) (conflict between subpoena power and federal agency's ability to withhold information and restrict former employee's testimony, discussing possible application of Rule 45). Subrogation Plaintiffs are the only party to have actually subpoenaed NHTSA, and the dispute as to NHTSA's withholding of documents pursuant to the subpoena remains pending before this Court (Dkt. 905-1; Dkt. 1297).

NHTSA has withheld documents surrounding the June 5, 2023, Hatipoglu letter on grounds of attorney-client and deliberative process privilege. Because no waiver was sought, it does not appear from the record that NHTSA has been consulted about the fact that Defendants are using the letter of June 5, 2023, as evidence of a definitive agency interpretation in this litigation. Bonanti stated [redacted] (Bonanti Dep. at 114:14 – 115:14), and [redacted]. (Bonanti Dep. at 58:10-59:18; 100:20-103:13; 115:15-19) Dr. Hatipoglu's testimony has not been

subpoenaed. It is improper to proffer Bonanti [redacted]. Bonanti's testimony, to the extent it is allowed at all, should be strictly limited to providing his "personal opinions" and not [redacted]. *See Sherwood v. BNSF Railway*, 2019 WL 943548 at *3 (D. Idaho February 25, 2019) (allowing testimony of former Federal Railroad Agency employee "regarding his personal opinions, so long he does not purport to announce official FRA policy, reveal privileged information, or otherwise undermine the governmental interests the *Touhy* regulations serve to protect.")

## II. CONCLUSION

For any and all of the above reasons, as well as those stated in Subrogation Plaintiffs' initial Motion (Dkt. 1701), Subrogation Plaintiffs ask this Court to preclude Christopher Bonanti's testimony under Rule 702. To the extent testimony is allowed, Subrogation Plaintiffs respectfully request this Court to limit Bonanti's testimony to his personal opinions, prohibit Bonanti from testifying [redacted].

DATED: April 10, 2026

COZEN O'CONNOR

By: */s/ Julie A. Line*
Elliott R. Feldman
Megan R. Peitzke
Julie A. Line

DATED: April 10, 2026

GROTEFELD HOFFMANN LLP

By: */s/ William J. Hoffmann*
William J. Hoffmann
Adam Romney
Susan Benson

DATED: April 10, 2026

LAW OFFICES OF ROBERT A. STUTMAN, P.C.

By: */s/ Daniel Hogan*
Daniel Hogan
Timothy E. Cary
Thomas Paolini
W. Diane Wayland

DATED: April 10, 2026

BERGER KAHN, A Law Corporation

By: */s/ Stephanie Ng*
Christine Forsline
Stephanie Ng

*Attorneys for Subrogation Insurance Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Subrogation Plaintiffs Reply In Support of Subrogation Plaintiffs' Rule 702 Motion to Exclude Expert Testimony of Christopher J. Bonanti certifies that this brief contains 2,159 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 10, 2026 COZEN O'CONNOR

By: */s/ Julie A. Line*
Julie A. Line